IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG.PHILIPS LCD CO., LTD.,<br><br>      Plaintiff,<br><br>  v.<br><br>TATUNG COMPANY;<br>TATUNG COMPANY OF AMERICA, INC.;<br>CHUNGHWA PICTURE TUBES, LTD.;<br>AND VIEWSONIC CORPORATION,<br><br>      Defendants. | Civil Action No. _____<br><br>DEMAND FOR TRIAL BY JURY |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff LG.Philips LCD Co., Ltd. ("LPL") for its Complaint against Defendants Tatung Company; Tatung Company of America, Inc.; Chunghwa Picture Tubes, Ltd.; and ViewSonic Corporation (collectively the "Defendants") for preliminary and permanent injunctive and declaratory relief and for damages, including treble or multiple damages, for patent infringement, states and alleges as follows:

## NATURE OF THE ACTION

1.  LPL is the owner of United States Patent No. 6,738,121 ("the '121 Patent") and United States Patent No. 5,019,002 ("the '002 Patent") (collectively the "Patents-in-Suit"). This is a civil action for the infringement of the Patents-in-Suit, including the willful infringement of the Patents-in-Suit by Defendants.

2. The technology at issue involves the design and manufacture of Liquid Crystal Display modules ("LCDs"), which are a type of flat panel display that are incorporated into at least LCD portable computers, LCD computer monitors and LCD televisions.

## THE PARTIES

3. Plaintiff LPL is a corporation organized under the laws of the Republic of Korea, having a place of business located in Seoul, Korea.

4. Defendant Tatung Company ("Tatung") is a Taiwanese corporation, having a place of business at 22 Chungshan N Rd. Section 3, Taipei, Taiwan.

5. Defendant Tatung Company of America, Inc. ("Tatung America") is a subsidiary of Tatung. Tatung America is a California corporation, having a place of business at 2850 El Presidio Street, Long Beach, California 90810. Tatung America markets and sells Tatung's products throughout the United States.

6. Defendant Chunghwa Picture Tubes, Ltd. ("CPT") is a subsidiary and/or affiliate of Tatung. CPT is a Taiwanese corporation, having a place of business at No. 1127, Ho-ping Road, Tanan, Pahte, Taoyuan, Taiwan.

7. Defendant ViewSonic Corporation ("ViewSonic") is a Delaware Corporation, having a place of business at 381 Brea Canyon Road, Walnut, California 91789.

## JURISDICTION AND VENUE

8. This action is based upon and arises under the Patent Laws of the United States, 35 U.S.C. § 100 *et seq.*, and in particular §§ 271, 281, 283, 284 and 285, and is intended to redress infringement of the Patents-in-Suit owned by LPL.

587662v1

9. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

10. Defendants have transacted and continue to transact business in the United States and in this judicial district by: using or causing to be used; making; importing or causing to be imported; offering to sell or causing to be offered for sale; and/or selling or causing to be sold directly, through intermediaries and/or as an intermediary, a variety of products that infringe the Patents-in-Suit to customers in the United States, including customers in this judicial district, and Defendants will continue to do so unless enjoined by this Court.

11. This Court has personal jurisdiction over Tatung and CPT, and venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 (b) and (c) and (d), and 28 U.S.C. § 1400(b), in that these Defendants are committing and are causing acts of patent infringement within the United States and within this judicial district, including the infringing acts alleged herein, both directly, through one or more intermediaries, and as an intermediary, and in that these Defendants have caused and cause injury and damages in this judicial district by acts or omissions outside of this judicial district, including but not limited to utilization of their own distribution channels established in the United States and Tatung America's distribution channels in the United States, as set forth below, to ship a variety of products that infringe the Patents-in-Suit into the United States and into this judicial district while deriving substantial revenue from services or things used or consumed within this judicial district, and will continue to do so unless enjoined by this Court.

12. This Court has personal jurisdiction over Tatung America and venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 (b) and (c), and 28 U.S.C. § 1400(b), in that Tatung America is committing acts of patent infringement within the United States and within

587662v1

this judicial district, including the infringing acts alleged herein, both directly, through one or more intermediaries, and as an intermediary. Tatung America regularly imports large quantities of Tatung LCD products into the United States for distribution throughout the United States, including in this judicial district. Tatung America is intimately involved in the distribution of infringing LCD products and is acutely aware that its products are sold throughout the United States, including in Delaware. Tatung's and Tatung America's established distribution networks consist of numerous national distributors and resellers, and Tatung and Tatung America distribute to national retailers that have stores located in Delaware. By shipping into, offering to sell in, using, or selling products that infringe the Patents-in-Suit in this judicial district, or by inducing or causing those acts to occur, Tatung America has transacted and transacts business and performs works and services in this judicial district, has contracted and contracts to supply services and things in this judicial district, has caused and causes injury and damages in this judicial district by acts and omissions in this judicial district, and has caused and causes injury and damages in this judicial district by acts or omissions outside of this judicial district while deriving substantial revenue from services or things used or consumed within this judicial district, and will continue to do so unless enjoined by this Court.

       13.    This Court has personal jurisdiction over ViewSonic, and venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 (b) and (c), and 28 U.S.C. § 1400(b), in that ViewSonic is incorporated and therefore resides in Delaware for purposes of establishing venue in this district, in that ViewSonic has been doing business in Delaware, including the infringing acts alleged herein, both directly, through one or more intermediaries, and/or as an intermediary, and will continue to do so unless enjoined by this Court.

587662v1

## THE PATENTS-IN-SUIT

14. On May 18, 2004, the '121 Patent, entitled "Tape Carrier Package with Dummy Bending Part and Liquid Crystal Display Employing the Same," was duly and legally issued, listing LPL as assignee. A copy of the '121 Patent is attached as Exhibit A.

15. On May 28, 1991, the '002 Patent, entitled "Method of Manufacturing Flat Panel Backplanes including Electrostatic Discharge Prevention and Displays Made Thereby," was duly and legally issued, listing LPL as assignee. A copy of the '002 Patent is attached as Exhibit B.

16. LPL owns the Patents-in-Suit and possesses the right to sue and to recover for infringement of the Patents-in-Suit.

17. Defendants have been and are infringing, contributorily infringing and/or actively inducing infringement of the Patents-in-Suit because they at least use, cause to be used, make, import, cause to be imported, offer for sale, cause to be offered for sale, sell, and/or cause to be sold in this judicial district and elsewhere in the United States products that infringe the Patents-in-Suit.

## FACTUAL BACKGROUND

18. LPL has invested substantial time and money in designing, developing, manufacturing and producing LCD products that incorporate the patented LCD technology.

19. LPL derives substantial benefits from the exploitation of its patented technology in the United States and abroad. LPL's interests, including, but not limited to, these benefits have been and continue to be harmed by the Defendants' infringement of the Patents-in-Suit.

20. The Defendants at least use, cause to be used, make, import, cause to be imported, offer for sale, cause to be offered for sale, sell, and/or cause to be sold in the United States and in

this judicial district LCDs and/or LCD products and other electronic devices that are encompassed by and/or made by the methods claimed in the Patents-in-Suit.

21.  The Defendants have actively induced and continue to actively induce the infringement of the Patents-in-Suit in the United States and in this judicial district. Defendants have engaged in active inducement by, *inter alia*, publishing and releasing engineering specifications in English for their infringing monitors and/or televisions; providing technical assistance to their resellers and customers in the United States; and marketing and distributing their infringing monitors and/or televisions through established distribution channels with knowledge of their intended sale and use in the United States, including in this judicial district.

## COUNT I
### (PATENT INFRINGEMENT BY DEFENDANTS TATUNG, TATUNG AMERICA, CPT, AND VIEWSONIC OF THE '121 PATENT)

22.  The allegations in the foregoing paragraphs of this Complaint are incorporated by reference herein as if restated and set forth in full.

23.  Defendants have infringed, actively induced and/or contributed to the infringement of the '121 Patent by making, using, causing to be used, offering to sell, causing to be offered for sale, selling, causing to be sold, importing, and/or causing to be imported products that infringe one or more claims of the '121 Patent in this judicial district and elsewhere in the United States. Such infringing products include at least the product identified as a Tatung monitor L17AMTN offered for sale and sold by at least Best Buy to a customer in Delaware; and include at least the product identified as a ViewSonic monitor ES710 offered for sale and sold by at least CompUSA to a customer in Delaware; as well as products that infringe the '121 Patent that are not yet identified.

587662v1

24. The infringing products that are made, used, caused to be used, sold, caused to be sold, offered for sale, caused to be offered for sale, imported, and/or caused to be imported by Defendants meet each and every limitation of at least one claim of the '121 Patent, either literally or equivalently.

25. LPL has been and will continue to be injured by Defendants' past and continuing infringement of the '121 Patent and is without adequate remedy at law.

26. Defendants have, upon information and belief, infringed and are infringing the '121 Patent with knowledge of LPL's patent rights and without a reasonable basis for believing their conduct is lawful. Defendants' infringement has been and continues to be willful and deliberate, and will continue unless enjoined by this Court, making this an exceptional case and entitling LPL to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

**COUNT II**
**(PATENT INFRINGEMENT BY DEFENDANTS TATUNG, TATUNG AMERICA, CPT, AND VIEWSONIC OF THE '002 PATENT)**

27. The allegations in the foregoing paragraphs of this Complaint are incorporated by reference herein as if restated and set forth in full.

28. Defendants have infringed, actively induced and/or contributed to the infringement of the '002 Patent by making, using, causing to be used, offering to sell, causing to be offered for sale, selling, causing to be sold, importing, and/or causing to be imported products that are made by a method that infringe one or more claims of the '002 Patent in this judicial district and elsewhere in the United States. Such infringing products include at least the product identified as a Tatung monitor L17AMTN offered for sale and sold by at least Best Buy to a

customer in Delaware; and include at least the product identified as a ViewSonic monitor ES710 offered for sale and sold by at least CompUSA to a customer in Delaware; as well as products that infringe the '121 Patent that are not yet identified.

29. The products made by the infringing method that are used, caused to be used, sold, caused to be sold, offered for sale, caused to be offered for sale, imported, and/or caused to be imported by Defendants meet each and every limitation of at least one claim of the '002 Patent, either literally or equivalently.

30. LPL has been and will continue to be injured by Defendants' past and continuing infringement of the '002 Patent and is without adequate remedy at law.

31. Defendants have, upon information and belief, infringed and are infringing the '002 Patent with knowledge of LPL's patent rights and without a reasonable basis for believing their conduct is lawful. Defendants' infringement has been and continues to be willful and deliberate, and will continue unless enjoined by this Court, making this an exceptional case and entitling LPL to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff LPL prays for judgment as follows:

A. That Tatung, Tatung America, CPT, and ViewSonic have infringed the Patents-in-Suit;

B. That Tatung's, Tatung America's, CPT's, and ViewSonic's infringement of the Patents-in-Suit has been willful.

587662v1

C. That Tatung, Tatung America, CPT, and ViewSonic and their parents, subsidiaries, affiliates, successors, predecessors, assigns, and the officers, directors, agents, servants and employees of each of the foregoing, and those persons acting in concert or participation with any of them, are preliminarily and permanently enjoined and restrained from continued infringement, including but not limited to using, making, importing, offering for sale and/or selling products that infringe, and from contributory infringement and from inducing the infringement of, the Patents-in-Suit, prior to the expiration of the Patents-in-Suit, including any extensions;

D. That Tatung, Tatung America, CPT, and ViewSonic and their parents, subsidiaries, affiliates, successors, predecessors, assigns, and the officers, directors, agents, servants and employees of each of the foregoing, and those persons acting in concert or participation with any of them deliver to LPL all products that infringe, or induce or contribute to the infringement of the Patents-in-Suit for destruction at LPL's option;

E. That LPL be awarded monetary relief adequate to compensate LPL for Tatung's, Tatung America's, CPT's, and ViewSonic's acts of infringement of the Patents-in-Suit within the United States prior to the expiration of the Patents-in-Suit, including any extensions;

F. That any monetary relief awarded to LPL regarding the infringement of the Patents-in-Suit by Defendants be trebled due to the willful nature of Tatung's, Tatung America's, CPT's, and ViewSonic's infringement of the Patents-in-Suit;

G. That any monetary relief awarded to LPL be awarded with prejudgment interest;

H. That this is an exceptional case and that LPL be awarded the attorneys' fees, costs and expenses that it incurs prosecuting this action; and

587662v1

I. That LPL be awarded such other and further relief as this Court deems just and proper.

### JURY DEMAND

Plaintiff demands a trial by jury of any and all issues triable of right by a jury.

THE BAYARD FIRM

/s/ Richard D. Kirk
Richard D. Kirk (Bar I.D. 922)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899
(302) 429-4208
rkirk@bayardfirm.com
Attorneys for Plaintiff LG.Philips LCD Co., Ltd.

OF COUNSEL:

Gaspare J. Bono
Matthew T. Bailey
Andrew J. Park
Adrian Mollo
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, D.C. 20006
(202) 496-7500

May 13, 2005

587662v1