IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG. PHILIPS LCD CO., LTD., ) | |
| ) | |
| Plaintiff, ) | C. A. No. 05-292 (JJF) |
| ) | |
| v. ) | **DEMAND FOR JURY TRIAL** |
| ) | |
| TATUNG COMPANY; ) | |
| TATUNG COMPANY OF AMERICA, INC.; ) | |
| CHUNGHWA PICTURE TUBES, LTD.; ) | |
| AND VIEWSONIC CORPORATION, ) | |
| ) | |
| Defendants. | |

### ANSWER AND COUNTERCLAIM ON BEHALF OF
### DEFENDANTS TATUNG COMPANY AND TATUNG COMPANY OF AMERICA

Defendants TATUNG COMPANY and TATUNG COMPANY OF AMERICA ("collectively "Tatung") hereby answers plaintiff LG. PHILIPS LCD CO., LTD.'s ("Plaintiff") Complaint For Patent Infringement ("Complaint") and counterclaims as follows:

### NATURE OF ACTION

1. Tatung admits that this is civil action, which alleges infringement of U.S. Patent No. 6,738,121 ("the '121 patent") and U.S. Patent No. 5,019,002 ("the '002 patent") (collectively "the Patents-in-Suit"). Tatung further admits that on its face, the '121 patent lists LG. Philips LCD Co., Ltd., as the assignee. Tatung lacks knowledge or information sufficient to form a belief as to truth of the remaining allegations in paragraph 1, and therefore denies the same.

2. Tatung admits that the Patents-in-Suit generally relate to the design and manufacture of Liquid Crystal Display modules that are used in some LCD monitors used in computer applications and in some LCD televisions. Tatung denies the remaining allegations of paragraph 2.

## THE PARTIES

3. Upon information and belief, Tatung admits that Plaintiff LG. Philips LCD Co., Ltd. is a corporation organized under the laws of the Republic of Korea, having a place of business located in Seoul, Korea.

4. Tatung admits that defendant Tatung Company is a Taiwanese Corporation, having a place of business at 22 Chungsham N. Rd. Section 3, Taipei, Taiwan.

5. Tatung admits that defendant Tatung Company of America is a California Corporation having a place of business at 2850 El Presidio Street, Long Beach, California 90810 and is a subsidiary of Tatung Company.

6. Tatung lacks information sufficient to form a belief as to the allegations of paragraph 6 and therefore denies the same..

7. Tatung lacks information sufficient to form a belief as to the allegations of paragraph 7 and therefore denies the same.

## JURISDICTION AND VENUE

8. Tatung admits that this action arises under the patent laws of the United States and that Plaintiff alleges an action for patent infringement. Tatung lacks sufficient information to form a belief as to the truth of the remainder of the allegations contained in paragraph 8 of the Complaint and therefore denies the same.

9. Tatung admits that this Court has jurisdiction over the subject matter of Plaintiff's infringement counts pursuant to 28 U.S.C. §§ 1331 and 1338(a).

10. Tatung denies the allegations of paragraph 10 as they are directed towards Tatung. For the remaining allegations contained in paragraph 10 of the Complaint that are directed towards defendants other than Tatung, Tatung lacks information sufficient to form a belief as to the truth of those allegations, and therefore denies them.

11. Tatung admits that this Court has personal jurisdiction over Tatung Company for purposes of this action and that venue is proper in this district. For any allegations in paragraph 11 that are directed to defendants other than Tatung, Tatung lacks information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

12. Tatung admits for purposes of this action that this Court has personal jurisdiction over Tatung America and that venue is proper in this district. Tatung denies the remaining allegations of paragraph 12 as they are directed to Tatung.

13. Tatung lacks information sufficient to form a belief as to the truth of the allegations in paragraph 13 and therefore deny the same.

### THE PATENTS-IN-SUIT

14. Tatung admits that the '121 patent, attached as Exhibit A to the Complaint, is entitled "Tape Carrier Package with Dummy Bending Part and Liquid Crystal Display Employing the Same," and lists May 18, 2004 as the issue date. Tatung also admits that on its face the '121 patent lists LG. Philips LCD Co., Ltd. as the assignee. Tatung lacks information sufficient to form a belief as to truth of the remaining allegations in paragraph 14, and therefore denies those allegations.

15. Tatung admits that the '002 patent, is entitled "Method of Manufacturing Flat Panel Backplanes Including Electrostatic Discharge Prevention and Displays Made

Thereby," and lists May 28, 1991 as the issue date. Tatung denies that the '002 patent, attached as Exhibit B to the Complaint, lists Plaintiff as the assignee. Further, Tatung lacks information sufficient to form a belief as to truth of the remaining allegations in paragraph 15, and therefore denies those allegations.

16. Tatung lacks information sufficient to form a belief as to truth of the allegations in paragraph 16 and therefore denies the same.

17. Tatung denies the allegations of paragraph 17 as they are directed to Tatung. For each and every allegation contained in paragraph 17 of the Complaint that are directed towards defendants other than Tatung, Tatung lacks information sufficient to form a belief as to the truth of the those allegations, and therefore denies them.

## FACTUAL BACKGROUND

18. Tatung lacks information sufficient to form a belief as to truth of the allegations in paragraph 18 and therefore denies the same.

19. Tatung denies that it infringes the Patents-in-Suit. Tatung lacks information sufficient to form a belief as to the truth of remaining allegations of paragraph 19 and therefore denies the same.

20. Tatung denies the allegations contained in paragraph 20 of the Complaint as they are directed to Tatung. For each and every allegation contained in paragraph 20 of the Complaint that is directed towards defendants other than Tatung, Tatung lacks information sufficient to form a belief as to the truth of those allegations, and therefore denies them.

21. Tatung denies the allegations of paragraph 21 as they are directed to Tatung. For each and every allegation contained in paragraph 21 of the Complaint that

are directed towards defendants other than Tatung, Tatung lacks information sufficient to form a belief as to the truth of the those allegations, and therefore denies them.

## COUNT I

### (PATENT INFRINGEMENT BY DEFENDANTS TATUNG, TATUNG AMERICA, CHUNGHWA PICTURE TUBES LTD., AND VIEWSONIC OF THE '121 PATENT)

22.     Responding to paragraph 22 of the Complaint, Tatung incorporates by reference its responses to paragraphs 1-21 above as though fully set forth herein.

23.     Tatung denies the allegations of paragraph 23 as they are directed to Tatung. For any allegations contained in paragraph 23 of the Complaint that are directed towards defendants other than Tatung, Tatung lacks information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

24.     Tatung denies the allegations of paragraph 24 as they are directed to Tatung. For each and every allegation contained in paragraph 24 of the Complaint that are directed towards defendants other than Tatung, Tatung lacks information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

25.     Tatung denies the allegations of paragraph 25 as they are directed to Tatung. Tatung lacks information sufficient to form a belief as to the truth of the allegations of paragraph 25 of the Complaint that are directed to defendants other than Tatung and therefore denies them.

26.     Tatung denies the allegations of paragraph 26 as they are directed to Tatung. For each and every allegation contained in paragraph 26 of the Complaint that are directed towards defendants other than Tatung, Tatung lacks information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

RLF1-2917980-1

## COUNT II

### (PATENT INFRINGEMENT BY DEFENDANTS TATUNG, TATUNG AMERICA, CHUNGHWA PICTURE TUBES, LTD., AND VIEWSONIC OF THE '002 PATENT)

27. Responding to paragraph 27 of the Complaint, Tatung incorporates by reference its responses to paragraphs 1-26 above as though fully set forth herein.

28. Tatung denies the allegations of paragraph 28 as they are directed to Tatung. For each and every allegation contained in paragraph 28 of the Complaint that are directed towards defendants other than Tatung, Tatung lacks information sufficient to form a belief as to the truth of those allegations, and therefore denies them.

29. Tatung denies the allegations of paragraph 29 as they are directed to Tatung. For each and every allegation contained in paragraph 29 of the Complaint that are directed towards defendants other than Tatung, Tatung lacks information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

30. Tatung denies the allegations of paragraph 30 as they are directed to Tatung. Tatung lacks information sufficient to form a belief as to the truth of the allegations of paragraph 30 of the Complaint that are directed to defendants other than Tatung and therefore denies them.

31. Tatung denies the allegations of paragraph 31 as they are directed to Tatung. For each and every allegation contained in paragraph 31 of the Complaint that are directed towards defendants other than Tatung, Tatung lacks information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

RLF1-2917980-1

## PRAYER FOR RELIEF

Tatung denies that Plaintiff is entitled to the requested relief identified in items (A)-(I) of its Prayer for Relief or any other relief.

## AFFIRMATIVE DEFENSES

In further response to the Complaint, Defendants, Tatung hereby asserts the following:

## FIRST AFFIRMATIVE DEFENSE

### (Non-infringement)

32. Upon information and belief, Tatung does not make, use, offer to sell, or sell products that infringe any valid and/or enforceable claim of the '121 patent either directly, indirectly, contributorily, or otherwise, and cannot have induced others to infringe any valid and/or enforceable claim of '121 patent.

33. Upon information and belief, Tatung does not make, use, offer to sell, or sell products that infringe any valid and/or enforceable claim of the '002 patent either directly, indirectly, contributorily, or otherwise, and cannot have induced others to infringe any valid and/or enforceable claim of the '002 patent.

## SECOND AFFIRMATIVE DEFENSE

### (Invalidity under 35 U.S.C. §§ 101, 102, 103 and 112)

34. Upon information and belief, the '121 patent is invalid for failure to comply with one or more conditions for patentability set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112. Tatung reserves the right to amend this defense further, as additional information is developed through discovery or otherwise.

35. Upon information and belief, the '002 patent is invalid for failure to comply with one or more conditions for patentability set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112. Tatung reserves the right to amend this defense further, as additional information is developed through discovery or otherwise.

### THIRD AFFIRMATIVE DEFENSE
#### (Statute of Limitations)

36. Plaintiff's claim for damages, if any, against Tatung is statutorily limited by 35 U.S.C. § 286 and/or § 287.

### FOURTH AFFIRMATIVE DEFENSE
#### (Patent Exhaustion)

37. Plaintiff's claims for damages, if any, are limited by license and exhaustion.

### FIFTH AFFIRMATIVE DEFENSE
#### (Waiver/Estoppel/Laches)

38. Upon information and belief, Plaintiff's claims are barred by the equitable doctrines of waiver, estoppel and/or laches.

### SIXTH AFFIRMATIVE DEFENSE

39. With discovery still ongoing, Tatung has yet to complete its investigation. Therefore, Tatung reserves the right to assert any other defenses that discovery may reveal.

### COUNTERCLAIMS

For its Counterclaims against Plaintiff, Tatung alleges as follows:

**Parties**

40.  Counterclaimant TATUNG COMPANY is a Taiwanese Corporation having a principle place of business located at 22, Chungshan N. Road, Section 3, Taipei, Taiwan, 104, R.O.C.

41.  Counterclaimant TATUNG COMPANY OF AMERICA is a corporation organized under the laws of the State of California with a principle place of business at 2850 El Presidio Street, Long Beach, California 90810.

42.  Based on Plaintiff's allegations in the Complaint, Counterclaim defendant LG PHILIPS LCD CO., LTD. ("Plaintiff") is a corporation duly organized under the laws of the Republic of Korea, having a principle place of business located in Seoul, Korea.

**JURISDICTION AND VENUE**

43.  The Counterclaims include claims for declaratory judgment of patent non-infringement and patent invalidity, under the Patent Laws of the United States, 35 U.S.C. § 100 *et seq.*, concerning actions related to patents. This Court has subject matter jurisdiction of these Counterclaims under 28 U.S.C. §§ 2201, 2202, 1331 and 1338.

44.  Venue is proper in this Court under 28 U.S.C. § 1391(c) and § 1400(b) and by virtue of Plaintiff having brought this action.

45.  There is an actual justifiable case or controversy between Tatung and Plaintiff in this district as evidenced by the paragraphs above, regarding the invalidity and non-infringement of the Patents-In-Suit asserted against Tatung in this lawsuit.

## COUNT I

## DECLARATORY JUDGMENT OF INVALIDITY OF THE '121 PATENT

46. Tatung incorporates by reference paragraphs 1 through 39 into this Count as though fully set forth herein.

47. U.S. Patent No. 6,738,121 ("the '121 patent") is entitled "Tape Carrier Package with Dummy Bending Part and Liquid Crystal Display Employing Same," and states on its face that it issued on May 18, 2004. Based on the Plaintiff's allegations in the Complaint, Plaintiff purports to be the owner of the '121 patent.

48. Plaintiff has sued Tatung in the present action, alleging infringement of the '121 patent.

49. Based on paragraph 34 above, which is specifically incorporated by reference into this paragraph, the '121 patent is invalid.

50. Tatung requests declaratory judgment that the '121 patent is invalid for failure to comply with one or more of the provisions of 35 U.S.C. §§ 101, 102, 103 and/or 112.

## COUNT II

## DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '121 PATENT

51. Tatung incorporates by reference paragraphs 1 through 39 into this Count as though fully set forth herein.

RLF1-2917980-1

52. Based on paragraphs 22-26 above, which is specifically incorporated by reference into this paragraph, Tatung does not infringe, literally or under the doctrine of equivalents, any valid, enforceable claim of the '121 patent.

53. Tatung requests declaratory judgment that the '121 patent is not infringed by Tatung.

## COUNT III

## DECLARATORY JUDGMENT OF INVALIDITY OF THE '002 PATENT

54. Tatung incorporates by reference paragraphs 1 through 39 into this Count as though fully set forth herein.

55. U.S. Patent No. 5,019,002 ("the '002 patent") is entitled "Method of Manufacturing Flat Panel Backplane Including Electrostatic Discharge Prevention and Displays Made Thereby," and states on its face that it issued May 28, 1991. Based on Plaintiff's allegations in the Complaint, Plaintiff purports to be the owner of the '002 patent.

56. Plaintiff has sued Tatung in the present action, alleging infringement of the '002 patent.

57. Based on paragraph 35 above, which is specifically incorporated by reference into this Paragraph, the '002 patent is invalid.

58. Tatung requests declaratory judgment that the '002 patent is invalid for failure to comply with one or more provisions of the Patent Laws, 35 U.S.C. §§ 101, 102, 103 and/or 112.

RLF1-2917980-1

## COUNT IV

### DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '002 PATENT

59. Tatung incorporates by reference paragraphs 1 through 39 into this Count as though fully set forth herein.

60. Based on paragraphs 27-31 above, which is specifically incorporated by reference into this paragraph, Tatung does not infringe, either literally or under the doctrine of equivalents, any valid, enforceable claim of the '002 patent.

61. Tatung requests declaratory judgment that the '002 patent is not infringed by Tatung.

### EXCEPTIONAL CASE

62. This is an exceptional case under 35 U.S.C. §285 and, as such, CPT is entitled to its attorneys' fees and costs incurred in connection with this action.

### RESERVATIONS OF COUNTERCLAIMS

63. Tatung reserves the right to assert any other counterclaims that discovery may reveal.

### DEMAND FOR A JURY TRIAL

64. Pursuant to Federal Rule of Civil Procedure 28, Tatung demands a trial by jury as to all fact issues in this lawsuit.

### PRAYER FOR RELIEF

WHEREFORE, Tatung respectfully prays for the following relief:

RLF1-2917980-1

(a) that this Court deny any and all relief requested by Plaintiff in its Complaint and any relief whatsoever, and that the Complaint against Tatung be dismissed with prejudice.

(b) that judgment be entered in favor of Tatung declaring that Tatung has not infringed any claim of the '121 patent either literally or under the doctrine of equivalents.

(c) that judgment be entered in favor of Tatung declaring that Tatung has not infringed any claim of the '002 patent either literally or under the doctrine of equivalents.

(d) that this Court declare the '121 patent invalid.

(e) that this Court declare the '002 patent invalid.

(f) that this case be declared an exceptional case under 35 U.S.C. § 285; and that costs of this action and fees be awarded to Tatung.

(g) that this Court grant Tatung any such other and further relief as this Court may deem just and proper.

_____
Robert W. Whetzel (#2288)
whetzel@rlf.com
Matthew W. King (#4566)
king@rlf.com
Richards, Layton & Finger
One Rodney Square, P.O. Box 551
Wilmington, DE 19899
(302) 651-7700
Attorneys for Defendants/Counterclaimants
Tatung Company and Tatung Company of America

OF COUNSEL:
Christine A. Dudzik
Thomas W. Jenkins
Howrey LLP
321 North Clark Street, Suite 3400
Chicago, Illinois 60610
(312) 595-1239

Teresa M. Corbin
Glenn W. Rhodes
Howrey LLP
525 Market Street, Suite 3600
San Francisco, CA 94105
(415) 848-4900

Dated: September 2, 2005

RLF1-2917980-1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 2, 2005, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing, and hand delivered to the following:

> Richard D. Kirk
> Morris James Hitchens & Williams LLP
> 222 Delaware Avenue, Suite 900
> Wilmington, DE 19899

I hereby certify that on September 2, 2005, I sent the foregoing document by Federal Express, next business day delivery, to the following non-registered participants:

> Gaspare J. Bono
> Matthew T. Bailey
> Andrew J. Park
> Adrian Mollo
> McKenna Long & Aldridge LLP
> 1900 K Street, NW
> Washington, DC 20006

/s/ Alyssa M. Schwartz
Alyssa M. Schwartz (#4351)
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

RLF1-2917974-1