IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG.PHILIPS LCD CO., LTD., <br><br> Plaintiff/Counterclaim Defendant, <br><br> v. <br><br> TATUNG COMPANY; <br> TATUNG COMPANY OF AMERICA, INC.; <br> CHUNGHWA PICTURE TUBES, LTD.; <br> AND VIEWSONIC CORPORATION, <br><br> Defendants/Counterclaim Plaintiffs. | Civil Action No. 05-292 (JJF) |

**PLAINTIFF'S REPLY TO THE COUNTERCLAIMS OF
TATUNG COMPANY AND TATUNG COMPANY OF AMERICA**

Plaintiff LG.Philips LCD Co., Ltd. ("LPL") hereby files its Reply to the Counterclaims of Defendants Tatung Company and Tatung Company of America (collectively "Tatung") in the above titled action. Except to the extent expressly and specifically admitted herein, LPL denies each and every allegation contained in the Counterclaims.

**RESPONSE TO NUMBERED ALLEGATIONS**

The numbered allegations of Tatung's Counterclaims commence with paragraph number 40. Accordingly, LPL's Reply also begins with paragraph number 40.

40. Admitted.

41. Admitted.

42. Admitted.

43. With respect to the first sentence of paragraph 43, LPL acknowledges that the Counterclaims purport to state a cause of action for declaratory judgment of patent non-infringement and patent invalidity under the Patent Laws of the United States, 35 U.S.C. § 100 *et seq.* LPL admits that portion of the second sentence as it pertains to 28 U.S.C. § 1331, admits that portion of the second sentence as it pertains to 28 U.S.C. § 1338 but only in regard to subpart (a) and denies the remaining subparts of § 1338, and denies the portion of the second sentence as it pertains to 28 U.S.C. §§ 2201 and 2202.

44. Admitted.

45. LPL admits that there is an actual justifiable case or controversy between LPL and Tatung in this district with regard to the Patents-in-Suit, but denies the remaining portion of the allegation.

## COUNT I

46. Paragraph 46 incorporates by reference paragraphs 1 through 39, which constitute Tatung's Answer to LPL's Complaint as well as Tatung's affirmative defenses thereto; accordingly, no answer is required of LPL. Notwithstanding the foregoing, LPL incorporates by reference its allegations made in paragraphs 1-31 of the Complaint as if restated and fully set forth herein.

47. LPL admits that United States Patent No. 6,738,121 ("the '121 Patent") is entitled "Tape Carrier Package with Dummy Bending Part and Liquid Crystal Display Employing the Same." LPL further admits that the '121 Patent was duly and legally issued on May 18, 2004, listing LPL as assignee. LPL further admits that it is the owner of the '121 Patent.

48. Admitted.

49. Denied.

50. LPL denies that Tatung is entitled to the relief sought in this Court.

## COUNT II

51. Paragraph 51 incorporates by reference paragraphs 1 through 39, which constitute Tatung's Answer to LPL's Complaint as well as Tatung's affirmative defenses thereto; accordingly, no answer is required of LPL. Notwithstanding the foregoing, LPL incorporates by reference its allegations made in paragraphs 1-31 of the Complaint as if restated and fully set forth herein.

52. Denied.

53. LPL denies that Tatung is entitled to the relief sought in this Court.

## COUNT III

54. Paragraph 54 incorporates by reference paragraphs 1 through 39, which constitute Tatung's Answer to LPL's Complaint as well as Tatung's affirmative defenses thereto; accordingly, no answer is required of LPL. Notwithstanding the foregoing, LPL incorporates by reference its allegations made in paragraphs 1-31 of the Complaint as if restated and fully set forth herein.

55. LPL admits that United States Patent No. 5,019,002 ("the '002 Patent") is entitled "Method of Manufacturing Flat Panel Backplanes including Electrostatic Discharge Prevention and Displays Made Thereby." LPL further admits that the '002 Patent was duly and legally issued on May 28, 1991, listing LPL as assignee. LPL further admits that it is the owner of the '002 Patent.

56. Admitted.

57. Denied.

58. LPL denies that Tatung is entitled to the relief sought in this Court.

## COUNT IV

59. Paragraph 59 incorporates by reference paragraphs 1 through 39, which constitute Tatung's Answer to LPL's Complaint as well as Tatung's affirmative defenses thereto; accordingly, no answer is required of LPL. Notwithstanding the foregoing, LPL incorporates by reference its allegations made in paragraphs 1-31 of the Complaint as if restated and fully set forth herein.

60. Denied.

61. LPL denies that Tatung is entitled to the relief sought in this Court.

## EXCEPTIONAL CASE

62. LPL denies that Tatung's allegations in its Counterclaims constitute an exceptional case, and denies that Tatung and/or CPT are entitled to its attorney's fees and costs.

## RESERVATION OF COUNTERCLAIMS

63. LPL acknowledges that paragraph 63 purports to reserve Tatung's right to assert any other counterclaims that discovery may reveal. LPL otherwise denies the remaining allegations contained in paragraph 63 of the Counterclaims.

## DEMAND FOR A JURY TRIAL

64. LPL acknowledges that paragraph 64 purports to demand a trial by jury as to all fact issues in this lawsuit. LPL otherwise denies the remaining allegations contained in paragraph 64 of the Counterclaims.

## TATUNG'S PRAYER FOR RELIEF

LPL denies that Tatung is entitled to any of the relief requested in its Prayer for Relief.

## AFFIRMATIVE DEFENSES

As and for its Affirmative Defenses, LPL states as follows:

1. As a first Affirmative Defense to the Counterclaims, LPL alleges that Tatung has failed to state a claim upon which the Court could grant a judgment declaring the '121 Patent invalid.

2. As a second Affirmative Defense to the Counterclaims, LPL alleges that Tatung has failed to state a claim upon which the Court could grant a judgment declaring that the '121 Patent is not infringed by Tatung.

3. As a third Affirmative Defense to the Counterclaims, LPL alleges that Tatung has failed to state a claim upon which the Court could grant a judgment declaring the '002 Patent invalid.

4. As a fourth Affirmative Defense to the Counterclaims, LPL alleges that Tatung has failed to state a claim upon which the Court could grant a judgment declaring that the '002 Patent is not infringed by Tatung.

5. As a fifth Affirmative Defense to the Counterclaims, LPL alleges that Tatung has waived its right to seek a declaration of unenforceability.

6. LPL specifically reserves the right to supplement its affirmative defenses.

WHEREFORE, LG.Philips LCD Co., Ltd. respectfully requests that the Court enter judgment in its favor, and against Tatung Company and Tatung Company of America, with respect to each and every defense and counterclaim asserted by Tatung Company and Tatung Company of America, and that the Court further award LG.Philips LCD Co., Ltd. all of its attorneys' fees, costs, and expenses.

September 22, 2005

THE BAYARD FIRM

/s/ Richard D. Kirk
Richard D. Kirk (#922)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899-5130
(302) 655-5000
Counsel for Plaintiff
LG.Philips LCD Co., Ltd.

OF COUNSEL:
Daniel G. Jarcho
Matthew T. Bailey
Lora A. Brzezynski
Cass W. Christenson
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006
(202) 496-7500

602358v1

# CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on September 22, 2005, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Robert W. Whetzel, Esq.
Matthew W. King, Esq.
Alyssa M. Schwartz, Esq.
Richards, Layton & Finger
One Rodney Sqare
P.O. Box 551
Wilmington, DE 19899

The undersigned counsel further certifies that copies of the foregoing document were sent by hand to the above counsel and by email and first class mail to the following non-registered participants:

| | |
|---|---|
| Christine A. Dudzik, Esq. | Teresa M. Corbin, Esq. |
| Thomas W. Jenkins, Esq. | Glenn W. Rhodes, Esq. |
| Howrey LLP | Howrey LLP |
| 321 North Clark Street | 525 Market Street |
| Suite 3400 | Suite 3600 |
| Chicago, IL  60610 | San Francisco, CA  94105 |

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk

602380v1