## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LG. PHILIPS LCD CO., LTD., | ) | |
| | ) | |
| Plaintiff, | ) | C. A. No. 05-292 (JJF) |
| | ) | |
| v. | ) | **DEMAND FOR JURY TRIAL** |
| | ) | |
| TATUNG COMPANY; | ) | |
| TATUNG COMPANY OF AMERICA, INC.; | ) | |
| CHUNGHWA PICTURE TUBES, LTD.; | ) | |
| AND VIEWSONIC CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION FOR AN EXTENSION OF TIME

Defendants Tatung Company, Tatung Company of America, Inc., Chunghwa Picture Tubes, Ltd. and Viewsonic Corporation ("Defendants"), hereby move this Court pursuant to Federal Rule of Civil Procedure 6(b), for an order extending the time for service and filing of Defendants' answering brief in response to plaintiff, L.G. Philips LCD Co., Ltd.'s ("Plaintiff") motion for preliminary injunction until January 17, 2005. On November 5, 2005, Defendants contacted opposing counsel seeking an agreement for an extension of time to respond. Although that request was initially granted, counsel for Plaintiff has now informed Defendants that it will not agree to any extension to respond to the Motion beyond November 18 and will object to any discovery sought by Defendants. In support of the motion, Defendants state:

1.    On May 13, 2005, Plaintiff filed its complaint in the above captioned matter (the "Complaint").

2.    On November 1, 2005, after having taken no action in connection with this litigation for nearly six months, and without prior notification to the Defendants, Plaintiff filed a preliminary injunction motion (the "Motion"), accompanied by two lengthy declarations

declaring that it is in imminent need of an injunction. Under the Local Rules, Defendants'
response to the motion is due November 15, 2005.

3.    For background purposes, this Court should be aware that the parties in this
lawsuit have a long and tumultuous relationship with each other. They have litigated in
numerous courts around the Country, including a lawsuit in Delaware and are currently in
litigation in numerous other district courts regarding the same products that are subject to this
Motion. The Court should also be aware that the timing of the preliminary injunction motion
here is suspect, as Defendants' brief in response would be due the same day the parties are
required to file numerous summary judgment briefs in the Central District of California
regarding many of the same products accused of infringement here. The mere fact that Plaintiff
was willing to wait for over 6-months after filing its Complaint in this case, in order to
strategically file their Motion, shows that there is no imminent need for this injunction and that
Plaintiff would not be irreparably harmed if the injunction were not granted.

4.    If forced to comply with this deadline, Defendants would be faced with
substantial hardship and prejudice. Plaintiff's motion seeks an injunction based on a patent in an
extremely crowded technological area relating to Liquid Crystal Displays ("LCDs"). The
specific patent at issue in the current Motion deals with a type of tape carrier package that is used
to connect certain components in a liquid crystal display panel for computers. The patent
infringement and invalidity issues involved in this case are complex. In support of its motion for
preliminary injunction, Plaintiff filed a 33-page memorandum as well as two lengthy
declarations. The first declaration, by Mr. William K. Bohannon, is effectively an expert report
on infringement. The second declaration, by Mr. Jong Hwan Kim, attempts to foretell the
irreparable harm to Plaintiff's goodwill and reputation that would allegedly result if Plaintiff's

motion were denied. To respond to Plaintiff's motion, Defendants are entitled to cross-examine these witnesses and take discovery into the numerous issues raised by Plaintiff in its Motion, including its assertion of irreparable harm to its goodwill and reputation.

5.    Additionally, Defendants request an appropriate amount of time to respond to Plaintiff's Motion to establish that Plaintiff is not likely to succeed on the merits because the asserted patent is invalid under 35 U.S.C. §102(b). Defendants are aware of an invalidating act that occurred more than a year prior to the filing date of the asserted patent. Defendants are currently developing this invalidity defense. However, because the prior act originated in Taiwan and took place several years ago, it will take additional time to obtain all of the documentation and have it translated into English and obtain any necessary supporting declarations to effectively present this section 102(b) defense in the response to Plaintiff's Motion.

6.    Moreover, because the asserted patent is in an overly crowded technological area and does not represent a significant advance in this industry, it is highly likely that prior art exists that either anticipates or renders obvious the claims of the patent under 35 U.S.C. §102 and/or 103. Defendants are currently conducting an extensive prior art search. However, because much of the relevant technology originates from China and Japan, the publications and prior art patents are written in Mandarin or Japanese and must be translated into English before Defendants' counsel can analyze them. The process of review is underway.

7.    These challenges are compounded by the fact that Defendants, Chunghwa Picture Tubes, Ltd. and Tatung Company are located in Taiwan, which is 14 hours ahead of Central Standard Time in Chicago, which is the location of Defendants' litigation counsel for this matter. Further, Defendants' primary employees relevant to the claims and defenses in this litigation

speak and read only Mandarin. Due to this, all communications between counsel and Defendants, including all relevant documents related to infringement and invalidity, need to be translated from Mandarin to English and vice versa. Therefore, Defendants' counsel must overcome both a time barrier and a language barrier in order to communicate with Defendants.

8.    Accordingly, on November 7, 2005, Defendants requested an agreement from Plaintiff for an extension of time to respond to the Motion for Preliminary Injunction. Plaintiffs counsel stated that they would not agree to any discovery related to the Preliminary Injunction Motion and would not agree to any extension of time beyond November 18, 2005 (a mere three day extension under the Delaware local rules).

9.    Federal Rule of Civil Procedure 6(b) ("Rule 6(b)") provides, in part, "[w]hen by these Rules or by a notice given thereunder or by order of Court an act is required or allowed to be done at or within a specified time, the Court for cause shown may, at any time in its discretion (1) with or without motion or notice, order the period enlarged if request therefore is made before the expiration of the period originally prescribed or as extended by a previous order..."

10.    In light of the fact that Plaintiff waited nearly six months after filing the Complaint to serve this motion, and nearly a year after the patent issued to file the lawsuit, it would not be prejudiced by an extension of two months so that Defendants can prepare and take the necessary discovery, search and obtain the documents relevant to its non-infringement and invalidity defenses and obtain declarations in support of its defenses to Plaintiff's Motion. Defendants' request for an additional two months is not intended to delay the proceedings, but is rather an attempt to obtain the time necessary to properly prepare its response. Defendants will be extremely prejudiced is an extension of time is not granted.

WHEREFORE, the Defendants respectfully request that the Court enter an order pursuant to Rule 6(b) to extend the time in which Defendants may file and serve its answering brief in response to Plaintiff's motion for preliminary injunction until January 17, 2005.

OF COUNSEL:

Christine A. Dudzik
Thomas W. Jenkins
Howrey LLP
321 North Clark Street, Suite 3400
Chicago, Illinois 60610
(312) 595-1239

Teresa M. Corbin
Glenn W. Rhodes
Howrey LLP
525 Market Street, Suite 3600
San Francisco, CA  94105
415.848.4900

Dated: November 8, 2005

Robert W. Whetzel (#2288)
whetzel@rlf.com
Matthew W. King (#4566)
king@rlf.com
Richards, Layton & Finger
One Rodney Square, P.O. Box 551
Wilmington, DE  19899
(302) 651-7700
Attorneys for Defendants/Counterclaimants
Chunghwa Picture Tubes, Ltd.; Tatung
Company; Tatung Company of America,
Inc.; and Viewsonic Corporation.

## **Rule 7.1.1 Certification**

Counsel for Tatung Company, Tatung Company of America, Inc., Chunghwa Picture Tubes, Ltd. and Viewsonic Corporation has consulted with counsel for plaintiff pursuant to Delaware Local Rule 7.1.1 and understands that plaintiff will not consent to the relief sought by this motion.

Matthew W. King (#4566)
king@rlf.com

Dated: November 8, 2005

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG. PHILIPS LCD CO., LTD., | ) |
| | ) |
| Plaintiff, | ) C. A. No. 05-292 (JJF) |
| | ) |
| v. | ) **DEMAND FOR JURY TRIAL** |
| | ) |
| TATUNG COMPANY; | ) |
| TATUNG COMPANY OF AMERICA, INC.; | ) |
| CHUNGHWA PICTURE TUBES, LTD.; | ) |
| AND VIEWSONIC CORPORATION, | ) |
| | ) |
| Defendants. | ) |

## <u>ORDER</u>

The Court, upon considering defendants Tatung Company, Tatung Company of America, Inc., Chunghwa Picture Tubes, Ltd. and Viewsonic Corporation's ("Defendants") Motion to for an Extension of Time, finds that the relief sought by Defendants should be granted. Accordingly,

**IT IS SO ORDERED** that the Motion for an Extension of Time is granted and Defendants shall have until January 17 to file its answer in response to plaintiff's motion for preliminary injunction.

Signed on this _____ day of _____, 2005 by Joseph J. Farnan, Jr., United States District Judge.

_____
JOSEPH J. FARNAN, JR.
UNITED STATES DISTRICT JUDGE

RLF1-2943223-1

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 8, 2005, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing, and hand delivered to the following:

> Richard D. Kirk
> The Bayard Firm
> 222 Delaware Avenue, Suite 900
> P.O. Box 25130
> Wilmington, DE 19899

I hereby certify that on November 8, 2005, I sent the foregoing document by Federal Express, next business day delivery, to the following non-registered participants:

> Gaspare J. Bono
> Matthew T. Bailey
> Andrew J. Park
> Adrian Mollo
> McKenna Long & Aldridge LLP
> 1900 K Street, NW
> Washington, DC 20006

Matthew W. King (#4566)
king@rlf.com
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

RLF1-2917974-1