IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG.PHILIPS LCD CO., LTD., <br><br> Plaintiff/Counterclaim Defendant, <br><br> v. <br><br> TATUNG COMPANY OF AMERICA, INC.; CHUNGHWA PICTURE TUBES, LTD.; AND VIEWSONIC CORPORATION, <br><br> Defendants/Counterclaim Plaintiffs. | Civil Action No. 05-292 (JJF) |

**PLAINTIFF LG.PHILIPS LCD CO. LTD.'S
ANSWERING BRIEF IN OPPOSITION TO
DEFENDANTS' MOTION FOR AN EXTENSION OF TIME
AND STATEMENT OF ISSUES TO BE ADDRESSED**

THE BAYARD FIRM
Richard D. Kirk (#922)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899-5130
rkirk@bayardfirm.com
(302) 429-4208

Counsel for Plaintiff
LG.PHILIPS LCD CO., LTD.

OF COUNSEL:
Gaspare J. Bono
Matthew T. Bailey
Andrew J. Park
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006
(202) 496-7500 (Telephone)
(202) 496-7756 (Facsimile)

November 14, 2005

608622v1

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ..................................................................................................... ii

STATEMENT OF ISSUES TO BE ADDRESSED ..................................................................... 1

I.  NATURE AND STAGE OF THE PROCEEDINGS ....................................................... 2

II. LPL NEEDS PROMPT INJUNCTIVE RELIEF ............................................................. 4

III. DEFENDANTS' REQUEST IS DESIGNED TO DELAY UNREASONABLY THESE PROCEEDINGS ............................................................. 4

IV. DEFENDANTS' MOTION LACKS GOOD CAUSE FOR UNDEFINED, EXPEDITED DISCOVERY ............................................................................................. 6

    A.  Defendants Seek Broad, Undefined Discovery ................................................... 6

    B.  Defendants Fail to Define Any Issue for Which Discovery is Needed ............... 7

V.  EXPEDITED DISCOVERY WOULD UNFAIRLY BURDEN LPL .............................. 8

VI. DEFENDANTS' TRANSLATION AND TIME ZONE EXCUSES DO NOT JUSTIFY AN EXTENSION OF TIME ................................................................. 9

CONCLUSION .............................................................................................................................. 12

# TABLE OF AUTHORITIES

Page

Cases

*BAE Aircraft Controls, Inc. v. Eclipse Aviation Corp.*,
   224 F.R.D. 581 (D. Del. 2004) .................................................................................. 6

*Jack Guttman, Inc. v. Kopykake Enters., Inc.*,
   302 F.3d 1352 (Fed. Cir. 2002) ................................................................................ 10

*Purdue Pharma L.P. v. Boehringer Ingelheim GmbH*,
   237 F.3d 1359 (Fed. Cir. 2001) ................................................................................ 10

Rules

Fed. R. Civ. P. 4(d)(2)(F) ................................................................................................ 2

Fed. R. Civ. P. 4(d)(3) ..................................................................................................... 2

Fed. R. Civ. P. 26(d) ....................................................................................................... 6

Fed. R. Civ. P. 26(f) ................................................................................................... 4, 6

## STATEMENT OF ISSUES TO BE ADDRESSED

Plaintiff LG.Philips LCD Co., Ltd. ("LPL") opposes the extension of time and broad, undefined discovery requested by Defendants Tatung Co. ("Tatung"), Tatung Company of America, Inc. ("Tatung America"), Chunghwa Picture Tubes, Ltd. ("CPT"), and ViewSonic Corporation ("ViewSonic") (collectively the "Defendants"). This Statement sets forth LPL's position regarding the issues raised by Defendants' request for expedited discovery and a two-month extension. Specifically, LPL addresses the following issues:

1. Whether LPL is entitled to prompt resolution of its preliminary injunction motion to avoid further irreparable harm.

2. Whether Defendants' request is designed to delay unreasonably resolution of LPL's preliminary injunction motion.

3. Whether Defendants' motion fails to show good cause for premature and expedited discovery and should be denied, because:

   a. Defendants fail to define the scope of intended discovery, but have indicated that it will include multiple depositions and extensive document production; and

   b. Defendants do not even specify issues for discovery, referring only generally to "numerous issues raised by Plaintiff . . .including its assertion of irreparable harm to its good will and reputation."

4. Whether forcing LPL to participate in undefined expedited discovery would impose an undue burden on LPL; and

608622v1

1

5. Whether Defendants' motion fails to show good cause for a lengthy extension of time, especially since Defendants have known LPL's allegations since May and the information to oppose LPL's motion is in Defendants' possession.

Below, LPL sets forth its position on these issues and requests that the Court deny in all respects the Defendants' motion for extension of time and expedited discovery.

I. **NATURE AND STAGE OF THE PROCEEDINGS**

LPL filed its complaint on May 13, 2005. (D.I. 1.) To avoid a service of process dispute and expedite the case, LPL agreed to extend the time for Defendants to respond to LPL's complaint for ninety (90) days, to September 2, 2005. (D.I. 9.) This ninety (90)-day period was provided, at CPT's request, because this time period corresponds with the Federal Rule that foreign defendants are entitled to at least a sixty (60) day period to consider waiving service of process and, if service is waived, a foreign defendant has at least ninety (90) days to serve an answer to the complaint. *See* Fed. R. Civ. P. 4(d)(2)(F) & Fed. R. Civ. P. 4(d)(3). In exchange for this extension, Tatung and CPT agreed not to contest service of process or contend that service should be through letters rogatory directed to Taiwan (a notoriously slow process that would take much longer than 90 days), as Tatung recently argued in another case in this Court (C. A. No. 04-343 (JJF)).[1] LPL granted this extension, therefore, to move the case forward on a more expedited basis.

---

[1] In Civil Action No. 04-343 (JJF), Defendant Tatung had argued that LPL improperly served process under the long-arm statute and that LPL should serve process through letters rogatory. Tatung and Tatung America also forced months of jurisdictional discovery, which they hotly contested before finally conceding unequivocally as to service, process, and venue and personal jurisdiction in Delaware.

LPL promptly filed its preliminary injunction motion papers on November 1, once Defendants filed answers and counterclaims, which did not contest personal jurisdiction.[2] (D.I. 21, 22, 23, 24.) LPL did not file its motion for preliminary injunction until after Defendants had answered the complaint because LPL was concerned that filing a preliminary injunction motion earlier would prompt Defendants to contest personal jurisdiction. Defendants have a history of contesting personal jurisdiction. Indeed, Tatung and Tatung America recently contested personal jurisdiction in Civil Action No. 04-343 (JJF) and refused to respond to LPL's preliminary injunction motion in that case. Thus, LPL has acted to place this case on a faster track than if LPL had filed its motion before Defendants' answers were filed.

On November 8, 2005, Defendants filed a motion for an extension of time to file their opposition papers to January 15, 2006. (D.I. 25.) LPL has agreed to an extension of time for Defendants' preliminary injunction opposition brief (first to November 18, and subsequently to one week after the hearing on Defendants' motion for extension of time), but could not agree to a two-month extension and undefined discovery.[3] On November 9, 2005, the Court issued its order scheduling a November 16 conference on Defendants'

---

[2] See D.I. 16 (Answer and Counterclaim on Behalf of Defendant ViewSonic Corporation); D.I. 12 (Answer and Counterclaim on Behalf of Defendant Chunghwa Picture Tubes, Ltd.); D.I. 14 (Answer and Counterclaim on Behalf of Defendants Tatung Company and Tatung Company of America). LPL has replied to these counterclaims. (D.I. 18, 19, 20.)

[3] Defendants' motion is incorrect to the extent that it suggests that counsel ever agreed to any other extension of time, and to the extent that it suggests that LPL refused an extension beyond November 18. LPL has agreed to an extension of time to and including November 23, one week after the hearing.

motion and instructing each side to file a statement of issues and positions. The parties have not yet scheduled a Rule 26(f) conference.[4]

## II. LPL NEEDS PROMPT INJUNCTIVE RELIEF

LPL needs an injunction because the Defendants' ongoing infringement of its patent is harming LPL in irreparable ways. *See* D.I. 22 at 22-28. The Defendants' accused products clearly infringe LPL's patent. Irreparable harm to LPL is presumed and actual. Prompt relief is thus necessary to protect LPL from ongoing, irreparable harm. By its very nature, LPL's motion calls for expedited relief and should proceed on an expedited basis.

Granting discovery at this stage is unnecessary, would result in months of delay, and would undermine LPL's patent rights and the benefit of injunctive relief. The delay sought by Defendants is further compounded by their request for undefined discovery and the many impending end-of-year Holidays. Under these circumstances, granting discovery and a corresponding extension of time would unfairly postpone briefing on LPL's motion well into 2006.

## III. DEFENDANTS' REQUEST IS DESIGNED TO DELAY UNREASONABLY THESE PROCEEDINGS

Defendants – particularly Tatung and CPT – now seek to do in this case what they have done in other cases: delay resolution on the merits of LPL's claims for as long as possible. LPL has uncovered a pattern involving Defendants' infringement of numerous

---

[4] On November 7 the Court instructed counsel to confer regarding a Rule 16 Scheduling Order to establish parameters and deadlines for pretrial proceedings, including discovery. A proposed Scheduling Order is due November 21. (D.I. 27.)

LPL patents, resulting in pending infringement cases in California and Delaware filed by LPL. Repeatedly, Tatung and CPT have engaged in delay tactics in these cases.[5]

Seeking to delay for months their opposition to LPL's motion, Defendants overstate the complexity of the issues. LPL's preliminary injunction motion involves only <u>one</u> patent and focuses on a <u>single</u> Tatung product (the L17AMTN monitor) and a <u>single</u> ViewSonic product (the VE710S monitor). Further, all of the Defendants have a business relationship and are defending together using the same counsel. ViewSonic and Tatung America (a subsidiary of Tatung) are based in California and sell infringing monitors in the U.S. Defendant Tatung manufactures at least some of these infringing monitors. Defendant CPT, another Tatung subsidiary, supplies infringing LCD products used to manufacture infringing ViewSonic and Tatung monitors.[6] Defendants obviously know their own products and can easily brief the infringement and other relevant issues.

Notably, moreover, Defendants acknowledge that other pending cases involve some of the same parties and products. *See* D.I. 25 at 2. Defendants' familiarity with these products based on other recent or pending cases further enables the Defendants to

---

[5] As just two of many examples:

(1) after more than a year of litigation (including discovery) in the California case, Tatung and CPT finally argued that, through a series of mergers and agreements, they own all rights to several of LPL's patents-in-suit – forcing protracted additional arbitration and litigation concerning ownership, inventorship, and other issues; and

(2) Tatung and Tatung America recently fought personal jurisdiction and service of process in Delaware, forcing LPL to conduct substantial jurisdictional discovery, which the Tatung Defendants stubbornly resisted, forcing extensive and expensive motion practice; the Tatung Defendants ultimately conceded jurisdiction and service, and a special master has recommended sanctions against them.

[6] CPT manufactures LCD modules for use in LCD computer monitors and other products. As explained in LPL's Memorandum in Support of its Motion for Preliminary Injunction, the accused ViewSonic and Tatung monitors both have LCD modules manufactured by CPT, and these products infringe LPL's patent, as reflected in an expert declaration. *See* D.I. 22 at 7-21; D.I. 23.

respond to LPL's motion. Because LPL's motion focuses on Defendants' own products, products that the Defendants developed, sell, and have addressed in other cases, Defendants can respond to LPL's motion without delay or discovery.

### IV. DEFENDANTS' MOTION LACKS GOOD CAUSE FOR UNDEFINED, EXPEDITED DISCOVERY

Although captioned as a motion for extension of time, Defendants' motion actually seeks broad, expedited discovery. Indeed, the Defendants seek premature, undefined discovery on "numerous issues." D.I. 25 at 3. Fatally, however, Defendants fail to establish specifically what discovery they need or why they need it.

#### A. Defendants Seek Broad, Undefined Discovery

The Court should deny the Defendants' motion not only because discovery is unnecessary to brief LPL's motion, but also because such discovery is premature and undefined. Generally, "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Fed. R. Civ. P. 26(d). Typically, therefore, "courts will not permit discovery from any source before the parties have conferred, unless the parties agree to or the court authorized expedited discovery." *BAE Aircraft Controls, Inc. v. Eclipse Aviation Corp.*, 224 F.R.D. 581, 587 (D. Del. 2004). Courts especially deny premature discovery when, as here, discovery is overly broad. *See id.* The Defendants fail to suggest the contours of discovery, and thus fail to satisfy their burden to articulate limited discovery requests that are both narrowly tailored and necessary. This Court should reject Defendants' attempt to embark on undefined, expedited discovery.

### B. Defendants Fail to Define Any Issue for Which Discovery is Needed

Defendants not only fail to set forth the specific methods and scope of discovery sought, they do not even state the issues on which they purportedly lack information. Defendants refer generally to discovery regarding LPL's irreparable harm argument. *See* D.I. 25 at 3 ("To respond to Plaintiff's motion, Defendants are entitled to cross-examine these witnesses and take discovery into the numerous issues raised by Plaintiff in its Motion, including its assertion of irreparable harm to its goodwill and reputation."). Defendants do not need discovery, however, on the subject of irreparable harm. LPL's arguments concerning goodwill and reputation are premised on LPL's global leadership in the LCD market, and resulting reputation as an industry innovator. LPL's status as a global leader in the field of LCD technology is well-known to Defendants. But, if Defendants want more information about LPL's industry stature and track record, such information is readily available in industry publications and public information accessible to the Defendants.

The weight this Court gives to LPL's reputation and goodwill (and the corresponding evidence) hinges on generally accepted facts for which discovery is unnecessary. The Defendants contend, for example, that LPL's showing of irreparable harm is countered by delay between filing suit and filing LPL's preliminary injunction motion. Defendants' argument lacks merit but, in any event, can be fully briefed without any discovery.[7] Similarly, there is no need to ask LPL's witnesses about the information

---

[7] If the Court determines that discovery is appropriate, LPL reserves the right to request discovery from Defendants (for example, depositions of Defendants' declarants and discovery concerning any hardships alleged by Defendants and the extent of their infringing sales and conduct).

or analysis referenced in their declarations, which Defendants can counter with their own declarations. Accordingly, there is no showing of good cause for discovery from LPL.

## V. EXPEDITED DISCOVERY WOULD UNFAIRLY BURDEN LPL

The Defendants do not need expedited discovery, yet seek to force LPL to incur delay, burden, and expense in attempting to meet an unrealistic discovery schedule. Defendants' discovery plan would collide with the Holiday season and family schedules and commitments. LPL should not be forced to engage in undefined, broad discovery, which in light of the Holiday season would require more than two months to complete, and would thus delay substantially the Court's resolution of LPL's motion.

Requiring LPL to provide discovery that has not even been served is unfair to LPL and inevitably would result in further delay beyond the Defendants' proposed two-month period. Defendants' counsel, for example, has indicated an intention to depose multiple, unidentified witnesses. The Defendants may intend to depose the two witnesses who signed declarations supporting LPL's motion, Mr. Bohannon, an expert witness who frequently travels abroad, and Mr. Kim, an LPL employee in Korea. Logistical difficulties are likely to arise concerning these and any other international depositions.

The Defendants' proposal is, therefore, unworkable. Even if Defendants' planned discovery requests or notices already had been served, the parties could not prepare for depositions, complete depositions, and conduct any other discovery arising before and after depositions, in time for Defendants to prepare and file opposition papers by January 15. To provide discovery within the Defendants' compressed time frame, moreover, LPL would have to incur substantial expense (such as paying an expert witness to prepare for and attend a deposition, and traveling to Korea with attorneys and supporting personnel from the U.S.). Further, LPL would face the document and witness translation problems,

and the intercontinental time difference issue, that Defendants argue are so formidable. LPL should not be forced to submit to this burdensome and unnecessary discovery.

## VI. DEFENDANTS' TRANSLATION AND TIME ZONE EXCUSES DO NOT JUSTIFY AN EXTENSION OF TIME

The Defendants' other excuses for seeking an extension – the time difference between Chicago and Taiwan and the need to translate an unspecified number of documents – fall well short of justifying delay. *See* D.I. 25 at 3-4. For at least six months, the Defendants have had notice of LPL's allegations in this case as asserted in the complaint. During that time, the Defendants have responded to the complaint and asserted their own counterclaims. Further, Defendants should have prepared to defend against LPL's claims. Defendants thus can and should respond promptly to LPL's preliminary injunction motion.[8]

The Defendants already have proceeded with "an extensive prior art search." D.I. 25 at 3 ("The process of review is underway."). Defendants' prior art investigations enable them to contest the validity of the patent. *See id.* Indeed, the Defendants' motion acknowledges that the Defendants have identified an alleged "invalidating act that occurred more than a year prior to the filing date of the asserted patent." *Id.* Defendants do not suggest that they need time to retain an expert, and presumably have an expert witness in this case. With respect to infringement, Defendants' information and

---

[8] Curiously, Defendants refer to the need to "file numerous summary judgment briefs in the Central District of California regarding many of the same products accused of infringement here." D.I. 25 at 2. The Defendants' motion for extension lists three sets of attorneys that apparently represent the Defendants in this case: two attorneys at Howrey in Chicago; two attorneys at Howrey in San Francisco; and two local attorneys at Richards, Layton & Finger. Presumably, at least some of Defendants' six (6) counsel in this case are available to work on Defendants' opposition to LPL's motion. Nor is there any showing that all counsel in this case will participate in the California case, or that other counsel are not available to assist in the California case.

knowledge concerning their own products is far superior to LPL's state of knowledge regarding Defendants' products.

What the Defendants really appear to seek is akin to full merits discovery and briefing regarding validity and prior art, which is premature and would result in unjustified delay. The Court does not need to resolve conclusively any validity or other issues for purposes of LPL's motion. Instead, the Court need only decide promptly whether LPL is <u>likely</u> to prevail, which is the appropriate standard for entry of a preliminary injunction. Accordingly, "motions for a preliminary injunction may come for decision before significant discovery has occurred," and the Federal Circuit is "mindful that all findings of fact and conclusions of law at the preliminary injunction stage are subject to change upon the ultimate trial on the merits." *Jack Guttman, Inc. v. Kopykake Enters., Inc.*, 302 F.3d 1352, 1361 (Fed. Cir. 2002) (quoting *Purdue Pharma L.P. v. Boehringer Ingelheim GmbH*, 237 F.3d 1359, 1363 (Fed. Cir. 2001)).

Defendants' reference to a fourteen (14) hour time difference between Chicago and Taiwan is equally unavailing. *See* D.I. 25 at 3. This issue does not even potentially apply to Defendants ViewSonic and Tatung America (a subsidiary of defendant Tatung), which are located in California and represented by the same counsel as Tatung and CPT. Presumably, the Defendants will jointly file a single set of opposition papers. Tatung and CPT, moreover, necessarily are able to communicate with their counsel, or they would have been unable to file their motion for extension within five business days after LPL filed its preliminary injunction motion (as well as previously preparing answers, defenses, and counterclaims to LPL's claims). Defendants thus cannot show that the time difference between Chicago and Taiwan is material to the briefing deadline.

608622v1

10

Similarly, the need for some translation is not shown to be an insurmountable obstacle to briefing LPL's motion.  **First**, ViewSonic and Tatung America are U.S. corporations for which no translation is required.  **Second**, Defendants fail to show the number or volume of documents, or to quantify in any way the extent to which documents need to be translated.  *See* D.I. 25 at 3.  If necessary, the Defendants can hire the services of translators to assist them, as is common in patent litigation involving foreign parties.  **Third**, Defendants do not (and presumably cannot) contend that CPT and Tatung are unable to communicate with their attorneys.

Tatung and CPT argue vaguely that unidentified "primary employees relevant to the claims and defenses in this litigation" speak and read only Mandarin.  D.I. 25 at 3-4.  But, Defendants do not contend that they are unable to communicate with counsel (directly or through an intermediary).  Nor do Defendants state that no English-speaking witnesses have knowledge of the facts relevant to the preliminary injunction motion.  Nor do Defendants contend that no employees relevant to the claims and defenses are available to help prepare any opposition papers.  Rather, Defendants cryptically contend that the "primary employees" who are "relevant" to "claims and defenses" do not speak English.  Without any showing that these "primary employees" are essential to the briefing <u>and</u> cannot communicate with counsel for many weeks, Defendants fail to show good cause and the Court should deny Defendants' motion for an extension of time.

## CONCLUSION

For the foregoing reasons, this Court should deny Defendants' Motion for An Extension of Time, including Defendants' request for expedited discovery.

November 14, 2005

THE BAYARD FIRM

/s/ Richard D. Kirk (rk0922)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899-5130
(302) 655-5000
rkirk@bayardfirm.com

Counsel for Plaintiff
LG.PHILIPS LCD CO., LTD.

OF COUNSEL:

Gaspare J. Bono
Matthew T. Bailey
Andrew J. Park
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, D.C. 20006
(202) 496-7500

# CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on November 14, 2005, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Robert W. Whetzel, Esq.
Matthew W. King, Esq.
Richards, Layton & Finger
One Rodney Sqare
P.O. Box 551
Wilmington, DE 19899

The undersigned counsel further certifies that copies of the foregoing document were sent by hand to the above counsel and by email and first class mail to the following non-registered participants:

| | |
|---|---|
| Christine A. Dudzik, Esq.<br>Thomas W. Jenkins, Esq.<br>Howrey LLP<br>321 North Clark Street<br>Suite 3400<br>Chicago, IL  60610 | Teresa M. Corbin, Esq.<br>Glenn W. Rhodes, Esq.<br>Howrey LLP<br>525 Market Street<br>Suite 3600<br>San Francisco, CA  94105 |

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk