# RICHARDS, LAYTON & FINGER

A PROFESSIONAL ASSOCIATION
ONE RODNEY SQUARE
920 NORTH KING STREET
WILMINGTON, DELAWARE 19801
(302) 651-7700
FAX (302) 651-7701
WWW.RLF.COM

ROBERT W WHETZEL
DIRECTOR

DIRECT DIAL NUMBER
302-651-7634
WHETZEL@RLF COM

November 14, 2005

**VIA ELECTRONIC MAIL**
The Honorable Joseph J. Farnan, Jr.
United States District Court
District of Delaware
844 King Street
Wilmington, DE  19801

> Re:   L.G. Philips LCD Co. Ltd. v. Tatung Company et. al.
>       Civil Action No. 05-292 (JJF)

Dear Judge Farnan:

This submission is on behalf of the Defendants in accordance with the Court's order of November 9, 2005 requesting a statement of issues related to the scheduling of Plaintiff's Motion for Preliminary Injunction (the "Motion").

*SUMMARY*

Defendants respectfully submit that this is a routine patent infringement case, and there is little or no reason to consider expedited relief. Plaintiffs' suggestion that the Motion be presented without discovery, and on the briefing schedule contemplated by the Local Rules, is fundamentally unfair and highly prejudicial to Defendants. Plaintiff's own delay in bringing the Motion belies the claims of urgency raised in the Motion. At a minimum, if expedited proceedings are to be entertained, the Court should allow *at least* a sixty day period for discovery of facts relevant to the Motion.

*BACKGROUND*

This Court should be aware that the parties in this lawsuit have a long and tumultuous relationship with each other. They are currently involved in numerous lawsuits around the country, including a lawsuit in Delaware, regarding many of the same computer products that are subject to the Motion.

If forced to comply with the current deadline, Defendants would be faced with substantial hardship and prejudice. Plaintiff's Motion seeks an injunction based on a patent in an extremely crowded technological area relating to Liquid Crystal Displays ("LCDs"). The specific patent at

The Honorable Joseph J. Farnan, Jr.
November 14, 2005
Page 2

issue in the Motion deals with a type of tape carrier package that is used to connect certain components in a liquid crystal display panel for computers. The infringement and invalidity issues involved in this case are complex. In support of the Motion, Plaintiff filed a 33-page memorandum as well as two lengthy declarations. The first declaration, by Mr. William K. Bohannon, is effectively an expert report on infringement. The second declaration, by Mr. Jong Hwan Kim, attempts to foretell the irreparable harm to Plaintiff's goodwill and reputation that would allegedly result if Plaintiff's Motion were denied.

### *DEFENDANTS ARE ENTITLED TO CONDUCT DISCOVERY INTO THE ISSUES RAISED IN THE MOTION*

To respond to the Motion, Defendants are entitled to cross-examine these witnesses and take discovery into the numerous issues raised by Plaintiff in its Motion, including its assertion of irreparable harm to its goodwill and reputation. Defendants have already served discovery requests on Plaintiff, as well as Notices of Depositions for the two declarants.

Additionally, Defendants request an appropriate amount of time to respond to the Motion to establish that Plaintiff is not likely to succeed on the merits because the asserted patent is invalid, including under 35 U.S.C. §102(b). Defendants are aware of an invalidating act that occurred more than a year prior to the filing date of the asserted patent. Defendants are currently developing this invalidity defense. However, because the prior act originated in Taiwan and took place several years ago, it will take additional time to obtain all of the documentation and have it translated into English and obtain any necessary supporting declarations to effectively present this section 102(b) defense in the response to the Motion.

Moreover, because the asserted patent is in an overly crowded technological area and does not represent a significant advance in this industry, it is highly likely that prior art exists that either anticipates or renders obvious the claims of the patent under 35 U.S.C. §102 and/or 103. Defendants are currently conducting an extensive prior art search. However, because much of the relevant technology originates from China and Japan, the publications and prior art patents are written in Mandarin or Japanese and must be translated into English before Defendants' counsel can analyze them. The process of review is underway.

### *DEFENDANTS' COUNSEL IS FACED WITH BOTH A TIME BARRIER AND LANGUAGE BARRIER WHEN COMMUNICATING WITH DEFENDANTS*

These challenges are compounded by the fact that Defendants, Chunghwa Picture Tubes, Ltd. and Tatung Company are located in Taiwan, which is 14 hours ahead of Central Standard Time in Chicago, which is the location of Defendants' litigation counsel for this matter. Further, Defendants' primary employees relevant to the claims and defenses in this litigation speak and read only Mandarin. Due to this, all communications between counsel and Defendants, including all relevant documents related to infringement and invalidity, need to be translated from Mandarin to English and vice versa. Therefore, Defendants' counsel must overcome both a time barrier and a language barrier in order to communicate with Defendants.

The Honorable Joseph J. Farnan, Jr.
November 14, 2005
Page 3

### THE TWO SPECIFIC PRODUCTS TARGETED BY PLAINTIFF'S MOTION MAY NO LONGER BE SOLD IN THE UNITED STATES

Furthermore, the preliminary injunction may be moot, negating any claim of irreparable harm to Plaintiff. Plaintiff's preliminary injunction motion seeks relief with respect to 2 specific products. Although Defendants do not believe their panels infringe any valid claims of Plaintiff's patent, Counsel for Defendants has recently been informed that these two products may no longer be sold in the United States or incorporate the allegedly infringing tape carrier package. Defendants require time to investigate this issue and prepare the necessary declarations and evidence to substantiate these facts.

Taking into account these tremendous burdens, and in light of the fact that Plaintiff waited nearly six months after filing the complaint to serve this motion, and nearly a year after the patent issued to file the lawsuit, Defendants' request for a reasonable discovery and briefing schedule should be granted.

Respectfully submitted,

Robert W. Whetzel

cc:  Christine A. Dudzik, Esq. (via telecopy)
     Richard D. Kirk, Esq. (via hand delivery)
     Gaspare J. Bono, Esq. (via federal express)

RLF1-2945595-1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 14, 2005, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing, and hand delivered to the following:

>Richard D. Kirk
>The Bayard Firm
>222 Delaware Avenue, Suite 900
>P.O. Box 25130
>Wilmington, DE 19899

I hereby certify that on November 14, 2005, I sent the foregoing document by Federal Express, next business day delivery, to the following non-registered participants:

>Gaspare J. Bono
>Matthew T. Bailey
>Andrew J. Park
>Adrian Mollo
>McKenna Long & Aldridge LLP
>1900 K Street, NW
>Washington, DC 20006

/s/ Matthew W. King
Matthew W. King (#4566)
king@rlf.com
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

RLF1-2917974-1