IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

LG.PHILIPS LCD CO., LTD.,

Plaintiff/Counterclaim Defendant,

v.

TATUNG COMPANY;
TATUNG COMPANY OF AMERICA, INC.;
CHUNGHWA PICTURE TUBES, LTD.;
AND VIEWSONIC CORPORATION,

Defendants/Counterclaim Plaintiffs.

Civil Action No. 05-292 (JJF)

## CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

IT IS HEREBY STIPULATED by Plaintiff/Counterclaim Defendant, LG.PHILIPS LCD CO., LTD. and by Defendants/Counterclaim Plaintiffs CHUNGHWA PICTURE TUBES, LTD., TATUNG CO. OF AMERICA, INC., TATUNG COMPANY, and VIEWSONIC CORPORATION on the other hand, through their respective counsel of record, that the following Confidentiality Stipulation and Protective Order ("Order") shall govern the handling of any document, information or other things exchanged by the parties or, pursuant to paragraph 16, received from third parties, in connection with all phases of the above captioned action leading up to trial, including, but not limited to, the filing of any pleadings, answering any discovery requests, taking depositions, filing motions, and preparing transcripts and exhibits. This Order does not govern proceedings during trial, nor does it prohibit any party from seeking a separate protective order to govern trial proceedings; however, this Order shall govern all testimony taken at a pretrial hearing or other judicial proceeding.

1.      The parties, and any third party whose confidential information is sought through discovery by a party to the captioned action, shall make a designation of CONFIDENTIAL with

1

regard to any document or other discovery material it produces or provides, or any testimony it gives in the above captioned action, that purportedly contains, reflects, or otherwise discloses a trade secret or other confidential research, development, commercial, technical, business, financial, personnel, or customer information. Moreover, the parties, and any third party whose confidential information is sought through discovery by a party to the captioned action, shall make a designation of CONFIDENTIAL ATTORNEYS ONLY with regard to any document or other discovery or other discovery material containing confidential information that the disclosing party or disclosing third party in good faith considers to constitute or to contain technical, research, development, cost, pricing or other financial information, or information that could lead to the discovery of such information or other information of any kind, which the disclosing party or disclosing third party believes in good faith to be highly-sensitive or highly confidential. The following information shall not be designated CONFIDENTIAL or CONFIDENTIAL ATTORNEYS ONLY: any information that at the time of its disclosure in this action is part of the public domain or public knowledge by reason of prior publication or otherwise; and any information that after its disclosure in this action has become part of the public domain or public knowledge by reason of prior publication or otherwise through no act, omission or fault of the receiving party

      (a)    Each party and all persons bound by the terms of this Order shall use any information or document governed by this Order only in connection with the prosecution or defense of the above captioned action, except by consent of all of the parties or order of the Court. With respect to information or documents produced by third parties, such information or documents will be used only in connection with the prosecution or defense of the above captioned action, except by consent of all of the parties and the third party that produced such

information or documents, or order of the Court. CONFIDENTIAL and/or CONFIDENTIAL ATTORNEYS ONLY information and/or documents may be disclosed or released only to those persons entitled to receive such information and/or documents under this Order.

(b) Documents will be treated in accordance with their designation under this Order. However, failure of a party to designate material CONFIDENTIAL or CONFIDENTIAL ATTORNEYS ONLY shall not be deemed or construed to constitute an admission that such material is not confidential or proprietary. If a party discovers that it has inadvertently failed to properly designate material as CONFIDENTIAL or CONFIDENTIAL ATTORNEYS ONLY, such party may promptly designate the material as CONFIDENTIAL or CONFIDENTIAL ATTORNEYS ONLY as applicable. Disclosure of such confidential information to persons not authorized to receive that information prior to receipt of the confidentiality designation shall not be deemed a violation of this Order. However, in the event the document has been distributed in a manner inconsistent with the designation, a receiving party will take reasonable steps to retrieve all copies of the CONFIDENTIAL or CONFIDENTIAL ATTORNEYS ONLY documents that are inconsistently designated, or notes or extracts thereof. In the event distribution has occurred to a person not under the control of a receiving party, the receiving party shall make a request in writing for return of the document and for an undertaking of confidentiality. In the event the request is not promptly agreed to in writing, or in the event there is no response, or in the event that the receiving party deems the making of the request to be a useless act, the receiving party shall promptly notify the disclosing party of the distribution and all pertinent facts concerning it, including the identity of the person or entity not under the control of the receiving party.

(c)  If a disclosing party inadvertently discloses information that is privileged or otherwise immune from discovery, the disclosing party shall promptly upon discovery of the disclosure so advise the receiving party in writing, provide the receiving party with satisfactory proof that the disclosure was inadvertent, and request that the item or items of information be returned, and if that request is properly made and supported, no party to the above captioned action shall thereafter assert that the disclosure waived any privilege or immunity. It is further agreed that the receiving party will return or destroy the inadvertently produced item or items of information, and all copies and derivations, within five (5) days of the earliest of (a) discovery by the receiving party of the inadvertent nature of the production, or (b) the receiving party receiving a written request for the return or destruction of the information.

(d)  Should any documents, testimony, or information designated as CONFIDENTIAL or CONFIDENTIAL ATTORNEYS ONLY be disclosed, through inadvertence by the receiving party, to any person or party not authorized under this Order, then the receiving party shall use commercially reasonable efforts to (i) promptly retrieve the disclosed documents, testimony, or information from such unauthorized person or party; (ii) bind such person or party to the terms of this Order; (iii) promptly inform such person or party of all the provisions of this Order; (iv) request such person or party to sign the "ACKNOWLEDGEMENT" in the form attached hereto; (v) identify such person or party immediately to the disclosing party that designated the documents, testimony, or information as CONFIDENTIAL or CONFIDENTIAL ATTORNEYS ONLY; and (vi) identify the CONFIDENTIAL or CONFIDENTIAL ATTORNEYS ONLY documents, testimony, or information immediately to the disclosing party that designated the documents, testimony, or information as CONFIDENTIAL or CONFIDENTIAL ATTORNEYS ONLY. The executed

"ACKNOWLEDGEMENT" shall promptly be served upon the party that designated the documents, testimony, or information as CONFIDENTIAL or CONFIDENTIAL ATTORNEYS ONLY. Nothing in this paragraph shall limit the right of the party that designated the documents, testimony, or information as CONFIDENTIAL or CONFIDENTIAL ATTORNEYS ONLY to seek any appropriate sanction or remedy against the party that intentionally disclosed the documents, testimony, or information to a person or party not authorized under this Order.

(e) It is understood that counsel for a party may give advice and opinions to his or her client based on his or her evaluation of information designated CONFIDENTIAL and CONFIDENTIAL ATTORNEYS ONLY received by the party, provided that such rendering of advice and opinions shall not reveal the content of information to which the recipient is not otherwise entitled, and also shall not reveal or disclose competitively useful information, such as, without limitation, financial information; sales information; pricing data; strategic business plans; research and development projects; circuit implementations; process flows; yield and cost information; marketing plans, forecasts and strategies; testing information; and customer-specific information, except by prior written agreement with counsel for the producing party.

2. Information designated as CONFIDENTIAL may be disclosed only to the following persons:

(a) outside attorneys representing any party in the above captioned action, and any paralegal, law clerk, or other employees working under the direct supervision of such attorneys, provided, however, that no person who is a party or a director, officer, managing agent or other employee of a party may be retained as a paralegal, stenographic or clerical employee within the meaning of this paragraph;

(b) (i) experts, including consultants and investigators, retained by any party or counsel to any party to assist in the above captioned action or to testify at trial in that action, but only to the extent necessary to perform such work, and provided that such experts shall not be past or present employees of a party and that paragraphs 2(b)(ii) and (iii) are complied with;

(ii) For each expert to whom any party desires to disclose CONFIDENTIAL and/or CONFIDENTIAL ATTORNEYS ONLY information and/or documents, such party must first identify in writing to the attorneys for the producing party the following information: the expert's full name; professional address; educational background; general areas of expertise; all present employment and consultancies; all prior employment and consultancies within the last four years; all present or prior relationships between the expert and the receiving party, its subsidiaries, its affiliates, or other related entities; and a list of all cases in which the expert or consultant has testified at a deposition or in court within the last four years. An expert's disclosure of confidential employment and consultancies may be designated as CONFIDENTIAL ATTORNEYS ONLY.

(iii) Counsel for the producing party shall have ten (10) business days from receipt of such Paragraph 2(b)(ii) notice to object to disclosure of such CONFIDENTIAL and/or CONFIDENTIAL ATTORNEYS ONLY information and/or documents to such expert. Any and all such objections must be made in writing with all such grounds stated with specificity. The parties shall attempt to resolve such objections informally. In the event of such an objection, no disclosure of CONFIDENTIAL and/or CONFIDENTIAL ATTORNEYS ONLY documents, testimony or information shall be made to such persons for a period of five (5) court days following the date the objection is received to permit the objecting party to move, pursuant

to Para. 4 of the Joint Rule 16 Scheduling Order entered by the Court on December 21, 2005, for an order that disclosure not be made to such expert or consultant or that the disclosure be made only upon certain conditions. Provided that the Paragraph 2(b)(ii) notice is fully responsive to all of the requirements set forth in that same paragraph, the moving party shall have the burden of establishing that good cause exists for such an order, and shall seek to have the matter heard at the earliest possible date. If no motion is noticed within five (5) court days following receipt of the objection, CONFIDENTIAL and/or CONFIDENTIAL ATTORNEYS ONLY documents, testimony, and information may be disclosed to such experts or consultants for the purposes of and upon the conditions stated in this Protective Order. If such motion is made, there shall be no disclosure to such expert or consultant until the Court has ruled upon the motion, and then only in accordance with the ruling so made. The filing and pendency of such motion shall not limit, delay, or defer any disclosure of the CONFIDENTIAL and/or CONFIDENTIAL ATTORNEYS ONLY documents, testimony and information to persons as to whom no such objection has been made, nor shall it delay or defer any other pending discovery unless the motion and the inability to disclose such documents, testimony, and information bear directly on the non-objecting party's ability to conduct such discovery. The right of a party to object shall be waived if no objection is received by the party disclosing the expert or consultant within ten (10) business days of receipt of said disclosure except to the extent that the non-designating party later discovers that the original disclosure of a particular expert was in error or otherwise not fully responsive to Paragraph 2(b)(ii) above.

    (c)  personnel of third party vendors, whose regular business is providing litigation support services, engaged by a party or by counsel for a party to assist counsel in (i) the coding, imaging or other management of documents produced in discovery in the above

captioned action or of associated databases; (ii) the preparation of demonstrative exhibits or other visual aids for presentation at a hearing or trial; (iii) jury research and analysis, including mock jurors; (iv) translation; or (v) outside photocopying or scanning services, provided that such personnel of third party vendors shall not be employees of a party or otherwise working for or on behalf of a party in connection with that party's business;

        (d)    any party, including directors, officers, managing agents and other employees assisting with the preparation of this case for trial; and

        (e)    the Court and its personnel and court reporters and videographers.

3.    Information designated as CONFIDENTIAL ATTORNEYS ONLY may be disclosed only to the following persons:

        (a)    outside attorneys representing any party in the above captioned action, and any paralegal, law clerk, or other employees working under the direct supervision of such attorneys, provided, however, that no person who is a party or a director, officer, managing agent or other employee of a party may be retained as a paralegal, stenographic or clerical employee within the meaning of this paragraph;

        (b)    experts, including consultants and investigators, retained by any party or counsel to any party to assist in the above captioned action or to testify at trial in that action, but only to the extent necessary to perform such work, and provided that such experts shall not be present or past employees of a party and that paragraphs 2(b)(ii) and (iii) are complied with;

        (c)    personnel of third party vendors, whose regular business is providing litigation support services, engaged by a party or by counsel for a party to assist counsel in (i) the coding, imaging or other management of documents produced in discovery in the above captioned action or of associated databases; (ii) in the preparation of demonstrative exhibits or

8

other visual aids for presentation at a hearing or trial; (iii) jury research and analysis; (iv) translation; or (v) outside photocopying or scanning services, provided that such personnel of third party vendors shall not be employees of a party or otherwise working for or on behalf of a party in connection with that party's business; and

    (d)  the Court and its personnel and court reporters and videographers.

  4. The persons described in paragraphs 2(b), 2(d), 3(a), 3(b), or 3(c), and mock jurors under paragraph 2(c), shall be allowed access to the CONFIDENTIAL or CONFIDENTIAL ATTORNEYS ONLY material, as appropriate, only after they have read this Order and signed a copy of the attached "ACKNOWLEDGEMENT." As limited exceptions to the foregoing, the persons identified in paragraph 3(c) need not sign Acknowledgements if they are employed by a vendor who has signed an Acknowledgement that governs their receipt and use of the CONFIDENTIAL or CONFIDENTIAL ATTORNEYS ONLY information, and paralegals, law clerks, and other employees identified in paragraph 3(a) need not sign Acknowledgements if they are supervised by an attorney who has signed an Acknowledgement. The undersigned counsel shall forward copies of all executed ACKNOWLEDGEMENTS to the all other parties, and shall also maintain a list, available for inspection by the Court, of persons to whom CONFIDENTIAL or CONFIDENTIAL ATTORNEYS ONLY material is disclosed. The persons receiving CONFIDENTIAL or CONFIDENTIAL ATTORNEYS ONLY material are enjoined from disclosing it to any other person, except as permitted by this Order, and are further enjoined from using such material for any purpose other than the prosecution or defense of the above captioned action.

  5. The persons receiving CONFIDENTIAL ATTORNEYS ONLY material under Paragraphs 3(a), 3(b), and 3(c) shall not be substantively involved in drafting, filing, or

prosecuting any patent applications (including any continuations, continuations-in-part, or divisions thereof and/or any reissue or reexamination applications), selecting or identifying the subject matter of any patent claims, or preparing or drafting of any patent claims, or providing instruction, direction or advice regarding these prosecution activities, where the application or claims are directed to (a) the manufacture and/or structure of thin film transistors and/or associated wiring structures (for liquid crystal display devices) of the type disclosed in the patents-in-suit in *LG Philips LCD Co., Ltd. v. Tatung Co of America, et al*, Consolidated Cases CV 02-6775 CBM (JTLx), CV 03-2866 CBM (JTLx), CV 03-2884 CBM (JTLx), CV 03-2885 CBM (JTLx), CV 03-2886 CBM (JTLx) (C.D. Cal.), (b) tape carrier packages in liquid crystal display devices, or (c) products or methods directed to protecting against electrostatic discharge in the thin film transistor substrate of liquid crystal display devices, until one (1) year after the conclusion of their participation in the above captioned action. These restrictions do not apply, however, to providing general legal advice on procedural aspects of patent prosecution.

6. The persons under Paragraphs 3(b) and 3(c) receiving CONFIDENTIAL ATTORNEYS ONLY material shall be precluded from consulting or working for any party to the above captioned action as a participant in any competitive decision-making processes, including without limitation, in the areas of sales and marketing, product pricing, strategic planning, research and development, product development, or manufacturing of products related to the subject matter of the patents-in-suit. This competitive decision-making preclusion shall be effective from the time the CONFIDENTIAL or CONFIDENTIAL ATTORNEYS ONLY information is received and shall last for a period of one (1) year after the conclusion of their participation in the above captioned action.

7. Each individual who receives any CONFIDENTIAL or CONFIDENTIAL ATTORNEYS ONLY material agrees to subject himself or herself to the jurisdiction of this Court for the purpose of any proceedings relating to performance under, compliance with, or violation of this Order.

8. The recipient of any CONFIDENTIAL or CONFIDENTIAL ATTORNEYS ONLY material shall maintain such information in a secure and safe area accessible only to persons eligible to review such CONFIDENTIAL or CONFIDENTIAL ATTORNEYS ONLY material.

9. If a party discloses CONFIDENTIAL and/or CONFIDENTIAL ATTORNEYS ONLY information and/or documents in another document, at a deposition, or at a hearing, such party shall designate, and treat, at least such portion of such other document or resulting transcript as CONFIDENTIAL and/or CONFIDENTIAL ATTORNEYS ONLY as applicable. Parties, third parties agreeing to be bound by this Order, and their counsel shall designate CONFIDENTIAL or CONFIDENTIAL ATTORNEYS ONLY material as follows:

(a) In the case of documents that are produced as part of discovery or are responsive to any discovery request, which includes, but is not limited to, responses to interrogatories, document production requests, and requests for admission and any attachments or exhibits to any of the foregoing documents referenced in this provision, such documents shall be stamped or otherwise labeled: CONFIDENTIAL or CONFIDENTIAL ATTORNEYS ONLY.

(b) In the case of depositions, counsel may designate portions of the transcript (including exhibits) as CONFIDENTIAL or CONFIDENTIAL ATTORNEYS ONLY during the deposition by making a statement to that effect on the record. Alternatively, within twenty (20)

calendar days after receipt of any written deposition transcript, counsel for a party or third party whose CONFIDENTIAL or CONFIDENTIAL ATTORNEYS ONLY material was disclosed during the deposition may so designate the appropriate pages of the transcript (including exhibits) and serve notice of the designation on opposing counsel. For twenty (20) calendar days after receipt of any written deposition transcript, the deposition transcript, including exhibits, shall be deemed CONFIDENTIAL ATTORNEYS ONLY.

10. During any deposition taken in the above captioned action at which CONFIDENTIAL or CONFIDENTIAL ATTORNEYS ONLY information and/or documents are disclosed or discussed, any party may exclude from attendance at the deposition during such disclosure or discussion any person other than the deponent, counsel for the deponent (as long as that counsel is otherwise authorized under the terms of this protective order to have access to the CONFIDENTIAL or CONFIDENTIAL ATTORNEYS ONLY information and/or documents), court reporter, videographer, and persons to whom the information and/or documents may be disclosed under Paragraphs 2 and 3.

11. A party or third party shall not be obligated to challenge the propriety of a CONFIDENTIAL or CONFIDENTIAL ATTORNEYS ONLY designation at the time made, and failure to do so shall not preclude a subsequent challenge. If at any time any party disagrees with a designation of CONFIDENTIAL or CONFIDENTIAL ATTORNEYS ONLY, that party shall provide written notice of its disagreement to the producing party or third party, including its basis for disagreeing with the designation. The disclosing party shall then have a reasonable period, not exceeding fourteen (14) days, from the date of receipt of such notice to: (a) advise the receiving party whether the disclosing party maintains its designation; and (b) if so, provide its basis for the particular designation. The parties or third parties shall first try to resolve the

12

CONFIDENTIALITY STIPULATION
AND PROTECTIVE ORDER

dispute on an informal basis. If the dispute cannot be informally resolved, the party or third party challenging the designation may, after advising the disclosing party, request appropriate relief from the Court.

12. All applications and motions to the Court in which a party submits CONFIDENTIAL or CONFIDENTIAL ATTORNEYS ONLY material shall be filed under seal and shall be made available only to the Court and to persons authorized by the terms of this Protective Order. The party filing any paper which reflects, contains or includes any CONFIDENTIAL or CONFIDENTIAL ATTORNEYS ONLY information subject to this Protective Order shall file such paper in a sealed envelope, or other appropriately sealed container, which indicates the title of the action, the party filing the materials, the nature of the materials filed, the appropriate legend (see paragraph 1(a) above), and a statement substantially in the following form:

> This envelope contains documents subject to a Protective Order of the Court. It should be opened only by the Court. Its contents should not be disclosed, revealed or made public except by Order of the Court or written agreement of the parties.

13. In the event that any CONFIDENTIAL or CONFIDENTIAL ATTORNEYS ONLY material is used in any pretrial proceeding in connection with the above captioned action, it shall not lose its CONFIDENTIAL or CONFIDENTIAL ATTORNEYS ONLY status through such use, and the parties shall take all steps reasonably required to protect its confidentiality during such use. Disclosure and use of CONFIDENTIAL and CONFIDENTIAL ATTORNEYS ONLY material at trial and in subsequent proceedings shall be governed by the terms of an order to be entered by the Court.

14. Nothing in this Order shall preclude a party or its attorneys from:

(a) showing a document designated as CONFIDENTIAL or CONFIDENTIAL ATTORNEYS ONLY to an individual identified by the document or by sworn testimony as having been previously prepared, received, or reviewed by that individual;

(b) showing a document produced in discovery by an opposing party to a current or former director, officer, managing agent or employee of the producing party or of any related entities of the producing party during the questioning of such person in a deposition, hearing, or trial in the above captioned action; or

(c) disclosing or using for any purpose any information or documents from the party's own files which the party itself has designated as CONFIDENTIAL or CONFIDENTIAL ATTORNEYS ONLY.

15. Counsel for a party producing documents may mask ("redact") material deemed exempt from discovery because it is protected from disclosure under the attorney-client privilege or work product doctrine. Any and all documents from which material is redacted shall identify in all redacted areas that a redaction has occurred. In addition, the reason for any and all such redactions shall be stated either on the documents themselves or on a log to be provided within thirty (30) days after the production of the documents. Sufficient information regarding the masked material must be provided to the other party to enable it to evaluate the legitimacy of the asserted privilege or immunity. The parties reserve the right to pursue categories for redaction in addition to those identified above, by either consent of the parties or order of the Court, to be addressed on a case-by case basis. All disputes arising out of a party's objection to another party's redaction of material under this paragraph shall be resolved pursuant to Fed. R. Civ. P. 37, Local Rule 7.1.1, and the Joint Rule 16 Scheduling Order entered by the Court.

16. Third parties may produce documents and/or other things and may disclose information pursuant to the terms of this Order. Such third parties shall be entitled to the remedies and relief provided by this Order.

17. Any court reporter or videographer who records testimony in the above captioned action at a deposition shall be provided with a copy of this Protective Order by the party noticing the deposition. That party shall advise the court reporter or videographer, before any testimony is taken, that all confidentially designated documents, information, or testimony is and shall remain confidential and shall not be disclosed except as provided in this Protective Order. The noticing party shall further advise the court reporter and videographer that copies of all transcripts, reporting notes, and all other records of any such testimony must be treated in accordance with this Protective Order, delivered to attorneys of record, or filed under seal with the Court.

18. In the event any person or receiving party having possession, custody, or control of any document, testimony, or information produced in the above captioned action and designated as CONFIDENTIAL or CONFIDENTIAL ATTORNEYS ONLY by a disclosing party receives a subpoena or other process or order to produce such information, such subpoenaed person or entity shall notify by mail the attorneys of record of the disclosing party claiming such confidential treatment of the document sought by such subpoena or other process or order, shall furnish those attorneys with a copy of said subpoena or other process or order, and shall cooperate with respect to any reasonable procedure sought to be pursued by the party whose interest may be affected. The disclosing party asserting the confidential treatment shall have the burden of defending against such subpoena, process or order. The person or party receiving the subpoena or other process, or order shall be entitled to comply with it except to the

extent the disclosing party asserting the confidential treatment is successful in obtaining an order modifying or quashing it.

19. If the discovery process calls for the production of information that a party does not wish to produce because the party believes its disclosure would breach an express or implied agreement with a non-party to maintain such information in confidence, the disclosing party shall give written notice to the non-party that its information is subject to discovery in the above captioned action, and shall provide the non-party with a copy of this Protective Order. When such written notice is given to the non-party, the disclosing party will advise the potential receiving party that such notice has been given. The non-party shall have fourteen (14) days from receipt of the written notice in which to seek relief from the Court, if the non-party so desires. If the fourteen (14) days elapse without relief being sought from the Court, the requested information shall be produced in accordance with the terms of this Protective Order.

20. Unless otherwise agreed to by the parties or by order of the Court, within sixty (60) days of the final resolution of all of the above captioned action and of any and all appeals of such action, all CONFIDENTIAL and CONFIDENTIAL ATTORNEYS ONLY material, and all copies thereof, shall be (1) upon request, returned to the party that produced it, or (2) destroyed. Notwithstanding the foregoing, counsel of record for the parties shall be permitted to retain a file copy of materials created during the course of the above captioned action, or made part of the record, or which have been filed under seal with the Clerk of the Court, including but not limited to any motion, brief, affidavit, expert report, discovery response, and/or memoranda which contains CONFIDENTIAL or CONFIDENTIAL ATTORNEYS ONLY material within the document or as an exhibit thereto, and a copy of all depositions, including exhibits, and deposition evaluations. Such file copies must be maintained under the conditions of

CONFIDENTIAL or CONFIDENTIAL ATTORNEYS ONLY documents as provided in this Order. Counsel of record for the parties shall certify in writing that they have complied with this paragraph.

21. This Order is not intended to address discovery objections to produce, answer, or respond on the grounds of attorney-client privilege or work product immunity, or to preclude either party from seeking further relief or protective orders from the Court as may be appropriate under the Federal Rules of Civil Procedure.

22. Except as specifically provided herein, the terms, conditions, and limitations of this Order shall survive the termination of the above captioned action.

23. This Order is without prejudice to the right of any party or third party to seek relief from the Court, upon good cause shown, from any of the provisions hereof.

(signature blocks on following page)

| | |
|---|---|
| MCKENNA LONG & ALDRIDGE LLP | HOWREY LLP |
| */s/ Gaspare J. Bono* | |
| Gaspare J. Bono | Christine A. Dudzik |
| Cass W. Christenson | Thomas W. Jenkins |
| 1900 K Street, NW | 321 North Clark Street |
| Washington, DC 20006 | Suite 3400 |
| (202) 496-7500 | Chicago, IL 60610 |
| | (312) 595-1239 |
| | |
| | Teresa M. Corbin |
| | Glenn W. Rhodes |
| | HOWREY LLP |
| | 525 Market Street, Suite 3600 |
| | San Francisco, CA 94105 |
| | (415) 848-4900 |
| THE BAYARD FIRM | RICHARDS, LAYTON & FINGER, P.A. |
| */s/ Richard D. Kirk* | |
| Richard D. Kirk (#0922) | Robert W. Whetzel (#2288) |
| 222 Delaware Avenue, Suite 900 | whetzel@rlf.com |
| P.O. Box 25130 | Matthew W. King (#4566) |
| Wilmington, DE 19899-5130 | king@rlf.com |
| rkirk@bayardfirm.com | One Rodney Sqare |
| (302) 655-5000 | P.O. Box 551 |
| | Wilmington, DE 19899 |
| | (302) 651-7700 |
| *Attorneys for plaintiff* | *Attorneys for defendants* |
| *LG PHILIPS LCD CO., LTD* | *CHUNGHWA PICTURE TUBES, LTD., TATUNG COMPANY OF AMERICA, TATUNG COMPANY, and VIEWSONIC CORPORATION* |

IT IS SO ORDERED.

Dated: _____    _____
U.S. District Court Judge

CONFIDENTIALITY STIPULATION
AND PROTECTIVE ORDER

| MCKENNA LONG & ALDRIDGE LLP | HOWREY LLP |
|---|---|
| | *Christine A. Dudzik* (signature)<br>Christine A. Dudzik<br>Thomas W. Jenkins<br>321 North Clark Street<br>Suite 3400<br>Chicago, IL 60610<br>(312) 595-1239 |
| Gaspare J. Bono<br>Cass W. Christenson<br>1900 K Street, NW<br>Washington, DC 20006<br>(202) 496-7500 | |
| | Teresa M. Corbin<br>Glenn W. Rhodes<br>HOWREY LLP<br>525 Market Street, Suite 3600<br>San Francisco, CA 94105<br>(415) 848-4900 |
| THE BAYARD FIRM | RICHARDS, LAYTON & FINGER, P.A. |
| | *Robert W. Whetzel* (signature) |
| Richard D. Kirk (#0922)<br>222 Delaware Avenue, Suite 900<br>P.O. Box 25130<br>Wilmington, DE 19899-5130<br>rkirk@bayardfirm.com<br>(302) 655-5000 | Robert W. Whetzel (#2288)<br>whetzel@rlf.com<br>Matthew W. King (#4566)<br>king@rlf.com<br>One Rodney Sqare<br>P.O. Box 551<br>Wilmington, DE 19899<br>(302) 651-7700 |
| *Attorneys for plaintiff*<br>*LG PHILIPS LCD CO., LTD.* | *Attorneys for defendants*<br>*CHUNGHWA PICTURE TUBES, LTD.,*<br>*TATUNG COMPANY OF AMERICA,*<br>*TATUNG COMPANY, and VIEWSONIC*<br>*CORPORATION* |

IT IS SO ORDERED.

Dated:_____     _____
                                  U.S. District Court Judge

18

## ACKNOWLEDGEMENT

I, _____, declare:

    1.    I reside at _____ [Street Address]

_____ [City, State, Zip code].

    2.    I am employed by _____ [Employer] located at

_____ [Street Address]

_____ [City, State, Zip code] as

_____ [Position or Title].

    3.    I have read and understand the provisions of the Confidentiality Stipulation and Protective Order ("Protective Order") entered in the U.S. District Court for the District of Delaware ("the Court") with respect to the non-disclosure of CONFIDENTIAL and CONFIDENTIAL ATTORNEYS ONLY information and/or documents, and I agree to abide by and be bound by its terms. Specifically, and without limitation upon such terms, I agree not to use or disclose any confidential information made available to me other than in accordance with the Protective Order.

    4.    I hereby submit to the jurisdiction of the Court for the limited purpose of enforcing the Protective Order, and this Acknowledgement, by contempt proceedings or other appropriate judicial remedies.

    5.    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Acknowledgement was executed this _____ day of _____, 200__.

                                    By:_____