## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG.PHILIPS LCD CO., LTD.,<br><br>Plaintiff/Counterclaim Defendant,<br><br>v.<br><br>TATUNG COMPANY;<br>TATUNG COMPANY OF AMERICA, INC.;<br>CHUNGHWA PICTURE TUBES, LTD.;<br>AND VIEWSONIC CORPORATION,<br><br>Defendants/Counterclaim Plaintiffs. | Civil Action No. 05-292 (JJF) |

## STIPULATION AND ORDER REGARDING USE OF DISCOVERY OBTAINED IN OTHER PROCEEDINGS

**WHEREAS** LG.Philips LCD Co., Ltd. ("LPL") filed a complaint on May 13, 2005 and a motion for preliminary injunction on November 1, 2005 in the above captioned case, Civil Action No. 05-292 (JJF), in the United States District Court for the District of Delaware, alleging infringement of United States Patent Nos. 6,738,121 ("the '121 Patent") and 5,019,002 ("the '002 Patent");

**WHEREAS** Tatung Company, Tatung Company of America, Inc., Chunghwa Picture Tubes Ltd., and ViewSonic Corporation (collectively "Defendants") filed on November 8, 2005, a Motion for Extension of Time to File and Serve Defendants' Answering Brief In Response to Plaintiff's Motion for Preliminary Injunction;

**WHEREAS** on Thursday, December 8, 2005, LPL withdrew its motion for preliminary injunction, Defendants withdrew their motion for extension, and this Court set an expedited discovery schedule and scheduled trial of LPL's complaint and Defendants' counterclaims for July 17, 2006;

**WHEREAS** LPL and the Defendants are parties to arbitration proceedings in New York, specifically *CPT v. LG Parties*, Case No. 50 T 133 00379 04, and litigation proceedings in the Central District of California and in this District, which are respectively captioned *LG.Philips LCD Co., Ltd. v. Tatung Co. of America, et al.*, Consolidated Cases CV 02-6775 CBM (JTLx), CV 03-2866 CBM (JTLx), CV 03-2884 CBM (JTLx), CV 03-2885 CBM (JTLx), CV 03-2886 CBM (JTLx) (C.D. Cal.), *Chunghwa Picture Tubes v. LG Electronics, Inc. and LG.Philips LCD Co., Ltd.,* Case No. CV05-0189 CBM (JTLx) (C.D. Cal.), and *LG.Philips LCD Co., Ltd. v. Tatung Co., et al.*, Case No. CV04-343 (JJF) (D. Del.) (hereinafter the "other pending cases");

**WHEREAS** extensive discovery has already been sought and provided in the California cases (regarding, *inter alia*, design information, sales data, and product specifications for Defendants' LCD products), and the Protective Order in those California cases (a copy of which is attached as *Exhibit A*) provides in pertinent part that "Each party and all persons bound by the terms of this Order shall use any information or document governed by this Order only in connection with the prosecution or defense of the above captioned action, . . . except **by consent of all of the parties** or order of the Court" (*Exhibit A* at Para. 1(a) (emphasis added));

**WHEREAS** similarly extensive discovery has also been sought and is in the process of being produced in *LG.Philips LCD Co., Ltd. v. Tatung Co., et al.*, Case No. CV04-343 (JJF) (D. Del.), and the Protective Order entered in that case (a copy of which is attached as *Exhibit B*) provides in pertinent part that "Each party and all persons bound by the terms of this Protective Order shall use any information or document governed by this Protective Order only in connection with the prosecution or defense of this action and

for no other purpose, except *by consent of the parties* or order of the Court" (*Exhibit B* at

Para. 3.1 (emphasis added));**WHEREAS** the parties agree, in order to promote efficiency

and a timely resolution of this case, and in accordance with the terms and conditions of a

CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER to be agreed upon

by the parties and entered by this Court, that the discovery produced in the other pending

cases may be used in this case; now therefore,

      **IT IS HEREBY STIPULATED AND AGREED**, subject to the approval and

order of the Court:

      1.    All discovery produced or provided in the other pending cases may be

used in this case, Civil Action No. 05-292 (JJF);

      2.    All discovery produced or provided in this case that was not previously

produced or provided in the other pending cases shall only be used in connection with the

prosecution or defense of the above captioned case, except by consent of all of the parties

or order of the Court;

      3.    The discovery from the other pending cases will be governed by a

CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER to be entered in

this case that will provide the same confidential treatment as is afforded by the Protective

Order entered in the other pending cases, and any discovery designated as "Confidential"

or "Confidential Attorneys Only" in the other pending cases will be treated as

"Confidential" or "Confidential Attorneys Only" in this case;

      4.    Where the designation of documents as "Confidential" or "Confidential

Attorneys Only" from the other pending cases is inconsistent with the definitions as set

forth in the CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER in this

case, the parties shall make a good faith effort to meet and confer to adjust the

designations and may challenge "Confidential" or "Confidential Attorneys Only"

designations from the other pending cases according to the CONFIDENTIALITY

STIPULATION AND PROTECTIVE ORDER of this case.

THE BAYARD FIRM

Richard D. Kirk (#0922)
rkirk@bayardfirm.com
222 Delaware Avenue, Suite 900
Wilmington, DE  19899-5130
(302) 655-5000
*Attorneys for Plaintiff*
*LG.Philips LCD Co., Ltd.*

RICHARDS, LAYTON & FINGER

Robert W. Whetzel (#2288)
whetzel@rlf.com
One Rodney Square, P.O. Box 551
Wilmington, DE 19899
(302) 651-7700
*Attorneys for Defendants Tatung*
*Co., Tatung Company of*
*America, Inc., Chunghwa Picture*
*Tubes, Ltd., and ViewSonic Corp.*

Date:  January 23, 2006

Date:  January 23, 2006

SO ORDERED this ____ day of _____, 2006.

_____
United States District Judge