IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG. PHILIPS LCD CO., LTD., ) | |
| ) | |
| Plaintiff, ) | C. A. No. 05-292 (JJF) |
| ) | |
| v. ) | **DEMAND FOR JURY TRIAL** |
| ) | |
| TATUNG COMPANY; ) | |
| TATUNG COMPANY OF AMERICA, INC.; ) | |
| CHUNGHWA PICTURE TUBES, LTD.; ) | |
| AND VIEWSONIC CORPORATION, ) | |
| ) | |
| Defendants. | |

### NOTICE OF SUBPOENA

TO:  Richard D. Kirk            Gaspare J. Bono
     The Bayard Firm            Matthew T. Bailey
     222 Delaware Avenue, Suite 900   Andrew J. Park
     P.O. Box 25130             Adrian Mollo
     Wilmington, DE 19899       McKenna Long & Aldridge LLP
                                1900 K Street, NW
                                Washington, DC 2000

PLEASE TAKE NOTICE that on January 24, 2006, the attached subpoena was served on

Greg Zafiris, 8100 SW Nyberg Road, Tualatin, OR 97062.

/s/ Robert W. Whetzel

Robert W. Whetzel (#2288)
Of Counsel:                           whetzel@rlf.com
                                      Matthew W. King (#4566)
Christine A. Dudzik                   king@rlf.com
Thomas W. Jenkins                     Richards, Layton & Finger
Howrey LLP                            One Rodney Square, P.O. Box 551
321 North Clark Street, Suite 3400    Wilmington, DE 19899
Chicago, Illinois 60610               (302) 651-7700
(312) 595-1239                        Attorneys for Defendants/Counterclaimants
                                      Tatung Company, Tatung Company of
                                      America, Chunghwa Picture Tubes, Ltd, and
Dated: January 25, 2006               Viewsonic Corporation

RLF1-2973706-1

AO 88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
## UNITED STATES DISTRICT COURT

DISTRICT OF **Oregon**

LG. Philips LCD Co., Ltd.

V.

Tatung Company, Tatung Company of America, Inc., Chunghwa Picture Tubes, Ltd. and ViewSonic Corporation

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER: 05-292 (JJF)
District of Delaware

TO: Greg Zafiris
Pixelworks
8100 SW Nyberg Road, Tualatin, OR 97062

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): **See Exhibit A**

| PLACE Pixelworks<br>8100 SW Nyberg Road, Tualatin, OR 97062 | DATE AND TIME<br>February 3, 2006 |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)       DATE

Salmaan Quader, Attorney for Defendants      [signature]       1/20/2006

ISSUING OFFICER'S NAME ADDRESS AND PHONE NUMBER
Howrey LLP
321 N. Clark Street, Suite 3400, Chicago, IL 60610

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

† If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# EXHIBIT A

TO THE SUBPOENA FOR PRODUCTION, INSPECTION AND COPYING OF BOOKS, DOCUMENTS, ELECTRONIC DATA, AND OTHER TANGIBLE THINGS IN THE POSSESSION, CUSTODY OR CONTROL OF PIXELWORKS, INC.

DOCUMENTS AND OTHER TANGIBLE THINGS TO BE PRODUCED FOR INSPECTION AND COPYING

**DEFINITIONS and INSTRUCTIONS:**

1. "Documents" includes, but is not limited to, the following materials: any and all papers, documents, correspondence, letters, manuals, computer disks, data, photographs, videos, surveys, drawings, films, schematics, computer generated information, handwritten or typewritten notes, charts, graphs, publications, diagrams, journals, calendars, diaries, logs, log books, messages, reports, or any other papers or writings or communications or summaries thereof.

**DOCUMENTS**

1. All documents related to the transaction between Chunghwa Picture Tubes (CPT) and Paneltronix (aka Panstera) reflected in CPT Invoice No. K00224.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 25, 2006, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing, and hand delivered to the following:

> Richard D. Kirk
> The Bayard Firm
> 222 Delaware Avenue, Suite 900
> P.O. Box 25130
> Wilmington, DE 19899

I hereby certify that on January 25, 2006, I sent the foregoing document by Federal Express, next business day delivery, to the following non-registered participants:

> Gaspare J. Bono
> Matthew T. Bailey
> Andrew J. Park
> Adrian Mollo
> McKenna Long & Aldridge LLP
> 1900 K Street, NW
> Washington, DC 20006

/s/ Matthew W. King
Matthew W. King (#4566)
king@rlf.com
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

RLF1-2917974-1