THE BAYARD FIRM
A T T O R N E Y S

222 DELAWARE AVENUE, SUITE 900
P.O. BOX 25130
WILMINGTON, DE 19899
ZIP CODE FOR DELIVERIES: 19801

MERITAS LAW FIRMS WORLDWIDE
www.bayardfirm.com
302-655-5000
(FAX) 302-658-6395
WRITER'S DIRECT ACCESS

(302) 429-4208
rkirk@bayardfirm.com

FILED ELECTRONICALLY

February 7, 2006

The Honorable Joseph J. Farnan, Jr.
United States District Court
844 North King Street
Wilmington, DE 19801

    RE:    *LG.Philips LCD Co., Ltd. v. Tatung Company of Amercia, et al.*
              C.A. No. 05-292-JJF

Dear Judge Farnan:

      In advance of tomorrow's discovery conference, Plaintiff LG.Philips LCD Co., Ltd. ("LPL") respectfully submits this letter to update the Court on the status of this case, including discovery.

**Brief Background and Progress of the Case**

      LPL brought this action for patent infringement against Defendants Tatung Company ("Tatung"), Tatung Company of America, Inc. ("Tatung America"), Chunghwa Picture Tubes, Ltd. ("CPT"), and ViewSonic Corporation ("ViewSonic") (collectively, "Defendants"). LPL contends that Defendants have infringed two patents owned by LPL, U.S. Patent No. 6,738,121 ("the '121 Patent") and U.S. Patent No. 5,019,002 ("the '002 Patent") (collectively, the "Patents-in-Suit"). The Patents-in-Suit relate to the design and manufacture of liquid crystal display ("LCD") modules used in flat panel display products such as LCD computer monitors and LCD televisions.

      This case is proceeding on an expedited schedule. Trial will begin on July 17, 2006, and the parties remain in discussions regarding whether to have a bench or jury trial. The parties have served and responded to multiple sets of document requests and interrogatories. Additionally, the parties have noticed Rule 30(b)(6) and fact witness depositions, which will begin later this month.

      Regarding the *Markman* hearing set for March 6, 2006, the parties have reached agreement on a schedule for the exchange of claim terms, definitions, and briefs in advance of the hearing. The parties will present their proposal to the Court for approval.

609392v1

THE BAYARD FIRM

The Honorable Joseph J. Farnan, Jr.
February 7, 2006
Page 2

**Discovery Issues Resolved by the Parties**

Counsel have met and conferred by phone several times to discuss discovery and case management issues. The parties have reached agreement in several areas and agreed to take other issues under consideration. As a result of counsel's cooperation, for example, the parties have achieved the following:

- submitting a joint protective order and proposed scheduling order;
- agreeing that voluminous discovery exchanged in a pending case in California can be used in this case;
- promptly responding to numerous interrogatories and document requests without extensions of time;
- identifying designees for Rule 30(b)(6) topics and any need for interpreters;
- exchanging proposed deposition dates and working to negotiate a schedule that meets the March 17 fact deposition deadline;
- agreeing to bring 30(b)(6) witnesses to the U.S. for depositions (plaintiff in Washington, D.C. and defendants in Los Angeles);
- attempting to make fact witnesses within each party's control available for deposition in the U.S.;
- agreeing to produce documents to each other received in response to third party subpoenas;
- agreeing on a proposed process and schedule for *Markman* briefing that meets the March 1 briefing deadline;
- agreeing to defer expert discovery until after fact discovery; and
- attempting to identify appropriate representative products and patent claims for trial.

**Representative Products and Claims**

At the Scheduling Conference on December 8, 2005, the Court indicated that the parties should work to identify representative products and claims for trial. Shortly thereafter, LPL requested product information and samples from Defendants as a necessary first step toward achieving that goal. Regarding the '121 Patent, Defendants have stated that they will provide a listing of all modules by size and application; identify which modules contain Tape Carrier Packages; and identify which type of Tape Carrier Package is used in which module.

Defendants recently produced documents which we are told include, in Chinese, some of the information requested regarding the modules and Tape Carrier Packages relevant to the '121 Patent. However, the listing with information has not yet been provided by Defendants as to products and Tape Carrier Packages.

609392v1

THE BAYARD FIRM

The Honorable Joseph J. Farnan, Jr.
February 7, 2006
Page 3

In addition, Defendants have not yet produced information to identify representative products regarding the '002 Patent. Defendants' counsel has indicated that further information, as well as physical product samples, will be produced. To identify representative products and claims, LPL needs and has requested, at a minimum, the following information:

- physical product samples to assess which products may be representative;

- a list, in English, of which LCD modules and products use which types of Tape Carrier Packages (the '121 Patent relates to a Tape Carrier Package);

- a list, in English, of which LCD modules and products are manufactured using electrostatic discharge ("ESD") guard rings (the '002 Patent relates to ESD guard rings); and

- product information, including, for example, information on the manufacturing process for the motherglass used to make LCD panels (this relates to the '002 Patent).

When LPL receives this information, LPL will work with Defendants to determine representative products and claims.

**Discovery Issues for the Court to Address**

A.    **Document Requests and Production**

Both sides have made initial document productions, with additional documents to be produced. LPL has produced some documents, but other documents that may be responsive to some of Defendants' requests have not yet been produced as they are in foreign languages and need to be reviewed by personnel fluent in the relevant language to determine whether they are responsive, non-privileged, and should be produced. This process is time consuming. LPL has worked diligently, including weekends, and will continue to do so to produce responsive, non-privileged documents on a rolling basis as quickly as possible. LPL will be able to produce additional documents no later than Friday, February 10, and will continue to produce documents as they are obtained from the client and reviewed.

With respect to Defendants' document production, LPL recently received Defendants' documents, and the documents are being reviewed. This review process is time consuming and cumbersome because many of the produced documents are in a foreign language. This makes it difficult to determine what information has been provided by Defendants, and what information has not. Defendants have also indicated that they will not produce certain requested documents. The parties have had several discussions regarding document objections, and Defendants have taken some objections under consideration. For example, LPL believes it is entitled to, and that Defendants should be required to produce, documents reflecting Defendants' methodology or basis

609392v1

THE BAYARD FIRM

The Honorable Joseph J. Farnan, Jr.
February 7, 2006
Page 4

used, during the relevant time period, to negotiate or calculate royalty rates for patents or subject matter comparable to the Patents-in-Suit. *See* Defendant CPT's Responses to Plaintiff's First Set of Requests for Production of Documents and Things at Request & Response No. 51 (Ex. 1).[1] These matters may need to be discussed with the Court.

**B.    Interrogatories and Answers**

Defendants have requested that LPL answer interrogatories related to which specific claims LPL contends are infringed, and how Defendants' products infringe these claims. LPL is awaiting Defendants' product information and samples so that LPL can identify the appropriate set of products and claims for trial. After LPL receives the necessary information, LPL will be able to supplement its interrogatory answers.

In addition, Defendants informed us that, rather than providing Rule 30(b)(6) witnesses to testify regarding the basis for Defendants' contentions on patent infringement, validity, enforceability, and prior art, Defendants have instead elected to provide interrogatory answers on these topics. Defendants also suggest these topics should be the subject of expert depositions. LPL agrees with Defendants' position that this information should initially be provided pursuant to interrogatories, and then should be the subject of expert depositions, so long as this applies equally to all parties. LPL agrees to supplement its interrogatory answers to provide its position on these subjects so as to streamline the deposition process, as we understand Defendants are proposing.

**C.    Rule 30(b)(6) Depositions**

Defendants have initially indicated that no witness will be designated on several topics noticed for deposition by LPL under Rule 30(b)(6). For example, LPL seeks testimony regarding: (a) Defendants' conduct after learning of the Patents-in-Suit, regarding their duty of due care (*see* Defendant CPT's Objections to Plaintiff's Notice of Rule 30(b)(6) Deposition at Topic & Objection Nos. 10, 11 (Ex. 2)[2]); (b) Defendants' agreements and relationships with customers and brands that purchase, sell, distribute, or import Defendants' relevant products (*see id.* at Topic & Objection Nos. 16, 21); and (c) Defendants' compliance with U.S. laws and regulations applicable to the design, manufacture, importation, and sale of Defendants' relevant products (*see id.* at Topic & Objection No. 29). Defendants have also informed us that they are reconsidering some of the topics to which they initially objected. We may need to discuss with the Court the scope of the topics that will be addressed by Defendants' Rule 30(b)(6) designees.

---

[1] LPL's document requests propounded to each of the four Defendants, and Defendants' responses, are substantially the same. For the Court's convenience, LPL refers to CPT's discovery responses and objections, although LPL seeks corresponding discovery from all Defendants. For example, document request no. 44 to CPT corresponds to request no. 48 to Tatung, Tatung America, and ViewSonic.

[2] With respect to Topics 10 and 11, Defendants have agreed to designate a witness, but only "to testify regarding CPT's first awareness of the Patents-in-Suit." LPL does not agree with the limitation Defendants apparently have placed on this topic, and seeks testimony on the topic as framed by LPL.

609392v1

THE BAYARD FIRM

The Honorable Joseph J. Farnan, Jr.
February 7, 2006
Page 5

                Respectfully submitted,

                /s/ Richard D. Kirk (rk0922)

RDK/slh
cc:    Clerk of the Court (by hand)
        All counsel as shown on the attached certificate