# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LG. PHILIPS LCD CO., LTD., | ) | |
| | ) | |
| Plaintiff, | ) | C. A. No. 05-292 (JJF) |
| | ) | |
| v. | ) | |
| | ) | |
| TATUNG COMPANY; | ) | |
| TATUNG COMPANY OF AMERICA, INC.; | ) | |
| CHUNGHWA PICTURE TUBES, LTD.; | ) | |
| AND VIEWSONIC CORPORATION, | ) | |
| | ) | |
| Defendants. | | |

**DEFENDANT CHUNGHWA PICTURE TUBES, LTD. RESPONSES TO PLAINTIFF'S
FIRST SET OF REQUESTS FOR PRODUCTIONOF DOCUMENTS AND THINGS**

Defendant, Chunghwa Picture Tubes, Ltd. ("CPT"), by its attorneys responds to Plaintiff

LG. Philips LCD Co., Ltd.'s requests for production of documents as follows:

**PRELIMINARY STATEMENT**

1.      CPT makes the objections and responses herein (collectively "Responses") based

solely on its current knowledge, understanding, and belief as to the facts and the information

available to it as of the date of the Responses.  Additional discovery and investigation may lead

to additions to, changes in, or modifications of these Responses.  CPT reserves the right to

produce subsequently discovered information and to introduce such subsequently discovered

information at the time of any hearing or trial in this action.

2.      By agreeing to produce any relevant and non-privileged categories of documents

or things in its possession, custody, or control, CPT represents not that any such documents or

things actually exist, but that it will make a diligent search and reasonable inquiry to ascertain whether such documents exist and are producible.

3.    By producing documents or things responsive to a Request, CPT does not admit to their authenticity, relevance, or admissibility at trial or any other proceedings in this case. CPT provides such documents without prejudice to its right to object to the introduction of such documents at trial or any other proceeding in this case.

4.    CPT does not waive any objection made in these Responses, nor any claim of privilege, whether expressly asserted or not, by providing any information or identifying any document or thing in response to the Requests. Any inadvertent disclosure of information or inadvertent identification or production of any document shall not constitute waiver of any applicable privilege as to the document identified or produced by CPT.

5.    Any documents made available for inspection and copying in connection with these Responses will be produced at a mutually agreeable time and place or, if no such agreement can be reached, at Howrey LLP, 321 N. Clark Street, Suite 3400, Chicago, IL 60610. Unless otherwise agreed, CPT objects to providing copies of any such documents without prior arrangements being made to reimburse CPT for any copying expenses that may be incurred.

6.    CPT incorporates by reference the following General Objections and Objections to Definitions and Instructions within each of the individual Objections and Responses to these Requests. All Responses to the Requests are made subject to each and without waiving any of such objections. CPT's specific Objections for any Request are not intended to preclude, override, or withdraw any of the General Objections to that Request.

2

## GENERAL OBJECTIONS

1.      CPT objects to the Requests to the extent they impose any requirement or discovery obligation other than or beyond that set forth in the Federal Rules of Civil Procedure, the Rules of Court of the District of Delaware, or other applicable law.

2.      CPT objects to the Requests to the extent that they seek documents, things, and information that are prohibited from disclosure by third party confidentiality agreements. To the extent CPT does provide such documents, things, and information, the production will only be made pursuant to the applicable provisions and procedures set forth in the protective order entered in this case.

3.      CPT objects to the Requests to the extent that they seek documents, things, and information that are not relevant to a claim or defense of any party, or to the subject matter of this litigation, and not reasonably calculated to lead to the discovery of admissible evidence.

4.      CPT objects to the Requests to the extent that they are overly broad, unduly burdensome, oppressive, and/or duplicative.

5.      CPT objects to the Requests to the extent that they call for the production of documents or information that are not within the possession, custody, or control of CPT.

6.      CPT objects to the Requests to the extent that they call for information protected against discovery under: (i) the attorney-client privilege; (ii) the work-product doctrine, (iii) the constitutional right to privacy, or (iv) any other privilege.

7.      CPT objects to each Request to the extent they seek discovery of information or documents already within the possession, custody, or control of Plaintiff and/or Plaintiff's

counsel, or that are available from public or other sources no more costly and no less conveniently than from CPT.

      8.     CPT objects to each Request on the grounds that it is overly broad and unduly burdensome to the extent that it seeks information on CPT products not made, used, offered for sale, or sold within the United States, or imported into the United States by CPT.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

      1.     CPT objects to Plaintiff's "Definitions" and "Instructions" to the extent that they seek to impose upon CPT obligations greater than or different from those imposed by the Federal Rules and Local Rules. CPT will respond to these Requests in accordance with the Federal Rules of Civil Procedure, the Rules of Court of the District of Delaware, and/or other applicable law.

      2.     CPT objects to Plaintiff's Definition of the terms "CPT," "You," and "Your" to the extent that they include any person or entity that may not have possession, custody, or control of the documents and information that Plaintiff seeks.

      3.     CPT objects to Plaintiff's instruction which requires it to identify and state the basis of its claim of attorney-client privilege and/or work product immunity in its answer. CPT will provide a privilege log at an agreed upon time which will set forth the requested information.

      4.     CPT objects to Plaintiff's definitions of "LCD display module," "LCD display panel" and "LCD display product" as being overly broad and unduly burdensome to the extent it covers modules, panels or products not incorporating a LCD panel made by CPT.

4

**REQUEST NO. 1:**

All documents that you relied upon, identified, and/or agreed to produce in answering Plaintiff's First Set of Interrogatories to you.

**RESPONSE TO REQUEST NO. 1:**

Subject to its Preliminary Statement and General Objections, CPT will produce relevant, non-privileged documents responsive to the request.

**REQUEST NO. 2:**

One sample of each type of LCD display panel made or sold by or for you since May 13, 1999.

**RESPONSE TO REQUEST NO. 2:**

CPT objects to this request as being overly broad and unduly burdensome to the extent it covers products not containing a CPT LCD panel. Subject to the foregoing objection and its Preliminary Statement and General Objections, CPT will produce representative samples of LCD display panels made or sold since May 13, 1999.

**REQUEST NO. 3:**

One sample of each type of LCD display module made or sold by or for you since May 13, 1999.

**RESPONSE TO REQUEST NO. 3:**

CPT objects to this request as being overly broad and unduly burdensome to the extent it covers products not containing a CPT LCD panel. Subject to the foregoing objection and its

5

Preliminary Statement and General Objections, CPT will produce representative samples of LCD

display panels made or sold since May 13, 1999.

**REQUEST NO. 4:**

Documents sufficient to identify each type of LCD display product that has used LCD
display panels or LCD display modules made by, supplied by, or purchased from you, including
documents showing the quantity and part numbers of LCD display panels and LCD display
modules used in each type of LCD display product, since May 13, 1999.

**RESPONSE TO REQUEST NO. 4:**

Subject to its General Objections, CPT has or will produce representative, non-privileged

documents responsive to this request.

**REQUEST NO. 5:**

All documents concerning any contention by you regarding whether or not you are
infringing the Patents-in-Suit, whether directly, under the doctrine of equivalents, or otherwise.

**RESPONSE TO REQUEST NO. 5:**

CPT objects to this request to the extent that it seeks information and documents

protected by the attorney-client privilege and/or work product immunity.    Subject to the

foregoing and its Preliminary Statement and General Objections, CPT will produce relevant,

non-privileged documents responsive to this request.

**REQUEST NO. 6:**

All documents concerning any contention by you regarding the validity or enforceability of
the Patents-in-Suit, including, for example, all documents supporting any contention concerning an
on-sale bar under 35 U.S.C. § 102.

6

**RESPONSE TO REQUEST NO. 6:**

CPT objects to this request to the extent that it seeks information and documents protected by the attorney-client privilege and/or work product immunity.    Subject to the foregoing and its Preliminary Statement and General Objections, CPT will produce relevant, non-privileged documents responsive to this request.

**REQUEST NO. 7:**

Documents sufficient to determine the quantity, price, and part number of every type of LCD display module made, sold, and offered for sale by or for you that includes a tape carrier package, for each month since January 1, 2001.

**RESPONSE TO REQUEST NO. 7:**

CPT objects to this request as being overly broad and unduly burdensome to the extent it requests monthly sales information.    Subject to its Preliminary Statement and General Objections, CPT will produce representative relevant, non-privileged documents responsive to the request showing quarterly or yearly sales information concerning LCD display products using CPT LCD display modules.

**REQUEST NO. 8:**

All documents relating to the making, assembly, production, testing, inspection, and/or qualification of LCD display modules and/or LCD display panels made, bought, or sold by or for you since May 13, 1999, including, but not limited to, documents regarding optical, mechanical, and electrical testing and inspection.

**RESPONSE TO REQUEST NO. 8:**

CPT objects to this request as being overly broad and unduly burdensome and seeks information that is not relevant to the issues in this case, nor reasonably calculated to lead to discovery of admissible evidence. CPT also objects to this request in that the term "qualification" is vague and ambiguous. Subject to its Preliminary Statement and General Objections, CPT has or will produce relevant, non-privileged documents responsive to the request concerning LCD display products using CPT LCD display modules.

**REQUEST NO. 9:**

All documents related to the design, development, and/or use of guard rings, protection rings, shorting bars or busses, and/or and other structure to maintain an equal voltage potential concerning thin film transistors in LCD display panels.

**RESPONSE TO REQUEST NO. 9:**

Subject to its Preliminary Statement and General Objections, CPT will produce relevant, non-privileged documents responsive to the request to the extent that they exist.

**REQUEST NO. 10:**

All documents concerning the scribing, cutting, or marking (including but not limited to marking of orientation marks for alignment) of the substrates concerning LCD display modules and LCD display panels made by or for you since May 13, 1999.

**RESPONSE TO REQUEST NO. 10:**

Subject to its Preliminary Statement and General Objections, CPT will produce relevant, non-privileged documents responsive to the request to the extent that they exist.

**REQUEST NO. 11:**

Documents sufficient to identify the existence and location of all points, lines, and other markings related to the cutting of substrates used in LCD display modules and LCD display panels made by or for you since May 13, 1999, including, for example, documents regarding all alignment points and lines, all marking points and lines, all scribe lines, and all cutting lines.

**RESPONSE TO REQUEST NO. 11:**

Subject to its Preliminary Statement and General Objections, CPT will produce relevant,

non-privileged documents responsive to the request to the extent they exist.

**REQUEST NO. 12:**

All documents concerning the removal, disabling, or severing of guard rings, protection rings, shorting bars or busses, and/or any other device or structure to maintain an equal voltage potential concerning thin film transistors in LCD display panels made by or for you since May 13, 1999.

**RESPONSE TO REQUEST NO. 12:**

Subject to its Preliminary Statement and General Objections, CPT will produce relevant,

non-privileged documents responsive to the request to the extent they exist.

**REQUEST NO. 13:**

All documents related to preventing or avoiding defective pixels in LCD display panels, including, but not limited to, defects related to electrostatic discharge ("ESD"), since 1999.

**RESPONSE TO REQUEST NO. 13:**

CPT objects to this request as being overly broad and unduly burdensome and seeks

information not relevant to issues in this case, nor reasonably calculated to the discovery of

admissible evidence.  Subject to its Preliminary Statement and General Objections, CPT will

9

produce relevant, non-privileged documents responsive to the request showing whether the ESD

guard rings provide protection from ESD between row and column activation lines during

manufacture or thereafter to the extent such documents exist.


**REQUEST NO. 14:**

Documents sufficient to determine the specifications related to assembly of each LCD display module made by or for you since May 13, 1999, including, for example, specifications regarding the substrates and electrical connections to any substrate.

**RESPONSE TO REQUEST NO. 14:**

Subject to its Preliminary Statement and General Objections, CPT will produce relevant,

non-privileged documents responsive to the request to the extent they exist.


**REQUEST NO. 15:**

All documents concerning tape carrier packages made, used, or purchased by or for you since January 1, 2001.

**RESPONSE TO REQUEST NO. 15:**

Subject to its Preliminary Statement and General Objections, CPT will produce relevant,

non-privileged documents responsive to the request to the extent they exist.


**REQUEST NO. 16:**

All documents concerning the assembly and production of LCD display panels made by or for you since May 13, 1999.

**RESPONSE TO REQUEST NO. 16:**

CPT objects to this request in that it is overly broad and seeks documents not relevant to

the issues in this litigation or not reasonably calculated to lead to the discovery of admissible

10

evidence. Subject to its Preliminary Statement and General Objections, CPT will produce representative relevant, non-privileged documents responsive to the request concerning LCD display products using CPT LCD display modules.

**REQUEST NO. 17:**

All documents concerning the assembly and production of LCD display modules made by or for you since May 13, 1999.

**RESPONSE TO REQUEST NO. 17:**

CPT objects to this request in that it is overly broad and seeks documents not relevant to the issues in this litigation or not reasonably calculated to lead to the discovery of admissible evidence. Subject to its Preliminary Statement and General Objections, CPT will produce representative relevant, non-privileged documents responsive to the request.

**REQUEST NO. 18:**

All engineering drawings concerning LCD display modules made by or for you since May 13, 1999.

**RESPONSE TO REQUEST NO. 18:**

CPT objects to this request in that it is overly broad and seeks documents not relevant to the issues in this litigation or not reasonably calculated to lead to the discovery of admissible evidence. Subject to its Preliminary Statement and General Objections, CPT will produce representative relevant, non-privileged documents responsive to the request.

**REQUEST NO. 19:**

Documents sufficient to determine the procedures and specifications that you have used to cut individual LCD display panels from an uncut sheet of LCD display panels, since May 13, 1999.

**RESPONSE TO REQUEST NO. 19:**

CPT objects to this request in that it is overly broad and seeks documents not relevant to the issues in this litigation or not reasonably calculated to lead to the discovery of admissible evidence. Subject to its Preliminary Statement and General Objections, CPT will produce representative relevant, non-privileged documents responsive to the request.

**REQUEST NO. 20:**

All documents reflecting assembly procedures for LCD display panels, including, but not limited to, all process flow diagrams, regarding LCD display panels made by or for you since May 13, 1999.

**RESPONSE TO REQUEST NO. 20:**

CPT objects to this request in that it is overly broad and seeks documents not relevant to the issues in this litigation or not reasonably calculated to lead to the discovery of admissible evidence. Subject to its Preliminary Statement and General Objections, CPT will produce representative relevant, non-privileged documents responsive to the request.

**REQUEST NO. 21:**

All documents reflecting assembly procedures for LCD display modules, including, but not limited to, all process flow diagrams, regarding LCD display modules made by or for you since May 13, 1999.

**RESPONSE TO REQUEST NO. 21:**

CPT objects to this request in that it is overly broad and seeks documents not relevant to the issues in this litigation or not reasonably calculated to lead to the discovery of admissible evidence. Subject to its Preliminary Statement and General Objections, CPT will produce representative relevant, non-privileged documents responsive to the request.

**REQUEST NO. 22:**

All technical specifications, including specification sheets and manuals, corresponding to each type of LCD display module made by or for you since May 13, 1999.

**RESPONSE TO REQUEST NO. 22:**

CPT objects to this request in that it is overly broad and seeks documents not relevant to the issues in this litigation or not reasonably calculated to lead to the discovery of admissible evidence. This request is also objected to the extent it seeks confidential and/or proprietary information of third parties. Subject to the foregoing and its Preliminary Statement and General Objections, CPT has or will produce representative relevant, non-privileged documents responsive to this request.

**REQUEST NO. 23:**

All technical specifications, including specification sheets and manuals, corresponding to each type of LCD display panel made by or for you since May 13, 1999.

**RESPONSE TO REQUEST NO. 23:**

CPT objects to this request in that it is overly broad and seeks documents not relevant to the issues in this litigation or not reasonably calculated to lead to the discovery of admissible

13

evidence. This request is also objected to the extent it seeks confidential and/or proprietary information of third parties. Subject to the foregoing and its Preliminary Statement and General Objections, CPT has or will produce representative relevant, non-privileged documents responsive to this request.

**REQUEST NO. 24:**

All orders, invoices, bills of sale, and bills of lading since May 13, 1999, concerning the purchase or sale of LCD display modules and LCD display panels made by or for you.

**RESPONSE TO REQUEST NO. 24:**

CPT objects to this request in that it is overly broad and seeks documents not relevant to the issues in this litigation or not reasonably calculated to lead to the discovery of admissible evidence. This request is also objected to the extent it seeks confidential and/or proprietary information of third parties. Subject to the foregoing and its Preliminary Statement and General Objections, CPT has or will produce representative relevant, non-privileged documents responsive to this request.

**REQUEST NO. 25:**

Documents sufficient to determine the per unit price paid to you, by part number, concerning each type of LCD display module and each type of LCD display panel made by or for you since May 13, 1999.

**RESPONSE TO REQUEST NO. 25:**

CPT objects to this request in that it is overly broad and seeks documents not relevant to the issues in this litigation or not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing and its Preliminary Statement and General Objections, CPT

14

has or will produce representative relevant, non-privileged documents responsive to this request from which the requested information can be obtained.

## REQUEST NO. 26:

Documents sufficient to determine the per unit gross profit, net profit, and profit margin, by part number, concerning each type of LCD display module and LCD display made by or for you since May 13, 1999.

## RESPONSE TO REQUEST NO. 26:

CPT objects to this request in that it is overly broad and seeks documents not relevant to the issues in this litigation or not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing and its Preliminary Statement and General Objections, CPT has or will produce representative relevant, non-privileged documents concerning LCD display products from which the requested information can be obtained.

## REQUEST NO. 27:

Documents sufficient to identify each customer, distributor, reseller, and/or retailer authorized to import, distribute, and/or sell in the U.S. any LCD display modules and LCD display panels made by or for you since May 13, 1999.

## RESPONSE TO REQUEST NO. 27:

CPT objects to this request in that it is overly broad and seeks documents not relevant to the issues in this litigation or not reasonably calculated to lead to the discovery of admissible evidence. This request is also objected to the extent it seeks confidential and/or proprietary information of third parties. Subject to the foregoing and its Preliminary Statement and General Objections, CPT has or will produce relevant, non-privileged documents responsive to this request.

**REQUEST NO. 28:**

For each type of LCD display module and LCD display panel made or sold by or for you since May 13, 1999, documents sufficient to identify each person in the U.S. to whom you sold or shipped each LCD display module and LCD display panel, and the quantity and price of each type of LCD display module and LCD display panel sold and shipped to each person, by part number, for each month since May 13, 1999.

**RESPONSE TO REQUEST NO. 28:**

CPT objects to this request as being overly broad and unduly burdensome to the extent it requests monthly sales information. CPT objects to this request in that it is overly broad and unduly burdensome and seeks documents not relevant to the issues in this litigation or not reasonably calculated to lead to the discovery of admissible evidence. This request is also objected to the extent it seeks confidential and/or proprietary information of third parties. Subject to the foregoing and its Preliminary Statement and General Objections, CPT has or will produce relevant, non-privileged documents responsive to this request.

**REQUEST NO. 29:**

For each type of LCD display module and LCD display panel made or sold by or for you since May 13, 1999, documents sufficient to identify each person that imported, received, purchased, distributed, sold and/or offered for sale in or to the U.S. each type of LCD display module and LCD display panel, and the quantity and part number of LCD display modules and LCD display panels imported, received, purchased, distributed, and sold to each person for each month since May 13, 1999.

**RESPONSE TO REQUEST NO. 29:**

CPT objects to this request as being overly broad and unduly burdensome to the extent it requests monthly sales information. CPT objects to this request in that it is overly broad and unduly burdensome and seeks documents not relevant to the issues in this litigation or not

16

reasonably calculated to lead to the discovery of admissible evidence. This request is also objected to the extent it seeks confidential and/or proprietary information of third parties. Subject to the foregoing and its Preliminary Statement and General Objections, CPT has or will produce relevant, non-privileged documents responsive to this request.

**REQUEST NO. 30:**

All contracts and related documents reflecting, since May 13, 1999, each order from and sale to U.S. customers of any types of LCD display modules and LCD display panels made by or for you since May 13, 1999.

**RESPONSE TO REQUEST NO. 30:**

CPT objects to this request in that it is overly broad and unduly burdensome and seeks documents not relevant to the issues in this litigation or not reasonably calculated to lead to the discovery of admissible evidence. This request is also objected to the extent it seeks confidential and/or proprietary information of third parties. Subject to the foregoing and its Preliminary Statement and General Objections, CPT has or will produce representative relevant, non-privileged documents responsive to this request.

**REQUEST NO. 31:**

All documents concerning communications between you and any customer, distributor, reseller, or retailer since May 13, 1999, regarding uniformity of brightness along one or more edges of any LCD display panels or any LCD display modules made or sold, by or for you, since May 13, 1999.

**RESPONSE TO REQUEST NO. 31:**

CPT objects to this request in that it is overly broad and seeks documents not relevant to the issues in this litigation or not reasonably calculated to lead to the discovery of admissible evidence. This request is also objected to the extent it seeks confidential and/or proprietary information of third parties. Subject to the foregoing and its Preliminary Statement and General Objections, CPT will produce all non-privileged documents responsive to the request to the extent they exist.

**REQUEST NO. 32:**

All documents concerning communications between you and any customer, distributor, reseller, or retailer since May 13, 1999, regarding electrostatic discharge ("ESD"), including, for example, documents related to protecting against or avoiding ESD.

**RESPONSE TO REQUEST NO. 32:**

CPT objects to this request in that it is overly broad and seeks documents not relevant to the issues in this litigation or not reasonably calculated to lead to the discovery of admissible evidence. This request is also objected to the extent it seeks confidential and/or proprietary information of third parties. Subject to the foregoing and its Preliminary Statement and General Objections, CPT will produce relevant, non-privileged documents responsive to this request to the extent they exist.

18

**REQUEST NO. 33:**

All documents (for example, but not limited to, correspondence, agreements, and contracts) concerning any and all efforts by you, since the time that you first learned about either of the Patents-in-Suit, to avoid infringing the Patent-in-Suit.

**RESPONSE TO REQUEST NO. 33:**

CPT objects to this request in that it seeks information and documents protected by the attorney-client privilege and/or work product immunity and also seeks information generated after the filing of this lawsuit. Subject to the foregoing and its Preliminary Statement and General Objections, upon information and belief, no such documents exist.

**REQUEST NO. 34:**

All documents concerning all attempts by or for you to design around the Patents-in-Suit.

**RESPONSE TO REQUEST NO. 34:**

Subject to its Preliminary Statement and its Preliminary Statement and General Objections, upon information and belief, no such documents exist.

**REQUEST NO. 35:**

All documents concerning when and how you first learned of the Patents-in-Suit.

**RESPONSE TO REQUEST NO. 35:**

Subject to its Preliminary Statement and General Objections, CPT will produce relevant, non-privileged documents responsive to the request.

19

**REQUEST NO. 36:**

All correspondence concerning the Patents-in-Suit or any counterpart thereof, including, without limitation, internal memoranda and correspondence between you and your officers, agents, consultants, subcontractors, and/or employees.

**RESPONSE TO REQUEST NO. 36:**

CPT objects to this request in that it seeks information and documents protected by the attorney-client privilege and/or work product immunity. Subject to the foregoing and its Preliminary Statement and General Objections, CPT will produce relevant, non-privileged documents responsive to this request.

**REQUEST NO. 37:**

All documents concerning or reflecting your interpretation of any claims of the Patents-in-Suit, including, for example, all documents that support your claim interpretation(s) or that you deem relevant for purposes of interpreting any claims of the Patents-in-Suit.

**RESPONSE TO REQUEST NO. 37:**

CPT objects to this request in that it seeks information and documents protected by the attorney-client privilege and/or work product immunity. Subject to the foregoing and its Preliminary Statement and General Objections, CPT will produce relevant, non-privileged documents responsive to this request.

**REQUEST NO. 38:**

All documents concerning any opinion of counsel regarding the Patents-in-Suit, including, for example, all opinions, draft opinions, notes, analysis, and communications regarding each opinion, and all documents considered for the purposes of each opinion.

20

**RESPONSE TO REQUEST NO. 38:**

CPT objects to this request in that it seeks information and documents protected by the attorney-client privilege and/or work product immunity. Subject to the foregoing and its Preliminary Statement and General Objections, CPT will produce relevant, non-privileged documents responsive to this request.

**REQUEST NO. 39:**

All documents under which you or your customer(s) is or are indemnified in whole or in part against infringement of the Patents-in-Suit, whether or not the documents mention the Patents-in-Suit, including, but not limited to, any documents constituting or incorporating any indemnification agreements or provisions to which you are a party or a third-party beneficiary.

**RESPONSE TO REQUEST NO. 39:**

CPT objects to this request as being overly broad and and seeks documents not relevant to the issues in this litigation or not reasonably calculated to lead to the discovery of admissible evidence. Subject to its Preliminary Statement and General Objections, CPT has or will produce relevant, non-privileged documents responsive to the request regarding the subject matter related to the patents-in-suit.

**REQUEST NO. 40:**

All documents reflecting or establishing projections, forecasts, and/or goals since May 13, 1999, regarding manufacturing and/or sales (in units and U.S./New Taiwan dollars) for LCD display modules and LCD display panels made by or for you.

21

**RESPONSE TO REQUEST NO. 40:**

CPT objects to this request in that it is overly broad and seeks documents not relevant to the issues in this litigation or not reasonably calculated to lead to the discovery of admissible evidence. This request is also objected to the extent it seeks confidential and/or proprietary information of third parties. Subject to the foregoing and its Preliminary Statement and General Objections, CPT has or will produce representative relevant, non-privileged documents responsive to this request.

**REQUEST NO. 41:**

All documents reflecting the advertising, marketing, promotion of, and/or offer to sell in or to the United States since May 13, 1999, any types of LCD display modules and LCD display panels made by or for you since May 13, 1999, including, without limitation, brochures, marketing plans, sales literature, advertisements, and product descriptions and specifications.

**RESPONSE TO REQUEST NO. 41:**

CPT objects to this request in that it is overly broad and unduly burdensome and seeks documents not relevant to the issues in this litigation or not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing and its Preliminary Statement and General Objections, CPT has or will produce representative relevant, non-privileged documents responsive to this request.

**REQUEST NO. 42:**

Documents sufficient to identify your employees, units, and divisions responsible for making, advertising, marketing and selling LCD display modules and LCD display panels since May 13, 1999.

22

**RESPONSE TO REQUEST NO. 42:**

Subject to its Preliminary Statement and General Objections, CPT has or will produce representative relevant, non-privileged documents responsive to the request from which the requested information can be obtained.

**REQUEST NO. 43:**

Organizational charts, for example showing CPT's units, divisions, departments, subsidiaries, affiliates, locations, and personnel, since May 13, 1999.

**RESPONSE TO REQUEST NO. 43:**

Subject to its Preliminary Statement and General Objections, CPT has or will produce relevant, non-privileged documents responsive to the request.

**REQUEST NO. 44:**

All patents and patent applications, whether filed or not, in which you have or have had any interest, related to the subject matter claimed or disclosed in the Patents-in-Suit.

**RESPONSE TO REQUEST NO. 44:**

CPT objects to this request as being not relevant to any issues in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. CPT further objects to this request in that it seeks information and documents protected by the attorney-client privilege and/or work product immunity. Subject to the foregoing and its Preliminary Statement and General Objections, no documents will be produced.

23

**REQUEST NO. 45:**

All documents concerning the factual basis for your contention that any product, publication, patent, or other document or thing qualifies as prior art under the laws of the United States.

**RESPONSE TO REQUEST NO. 45:**

CPT objects to this request in that it seeks information and documents protected by the attorney-client privilege and/or work product immunity. Subject to the foregoing and its Preliminary Statement and General Objections, CPT has or will produce relevant, non-privileged documents.

**REQUEST NO. 46:**

All documents concerning design, assembly, and production (for example, but not limited to, service manuals, design drawings, schematic drawings, assembly drawings, specifications, and photographs) regarding any product, publication, patent, or other document or thing that you contend qualifies as prior art.

**RESPONSE TO REQUEST NO. 46:**

CPT objects to this request in that it seeks information and documents protected by the attorney-client privilege and/or work product immunity. Subject to the foregoing and its Preliminary Statement and General Objections, CPT has or will produce relevant, non-privileged documents to the extent they exist.

**REQUEST NO. 47:**

Documents sufficient to determine the brand name, model number, quantity, and price of every LCD display module or LCD display panel that you manufactured since May 13, 1999.

24

**RESPONSE TO REQUEST NO. 47:**

CPT objects to this request in that it is overly broad and seeks documents not relevant to the issues in this litigation or not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing and its Preliminary Statement and General Objections, CPT has or will produce representative relevant, non-privileged documents responsive to this request.

**REQUEST NO. 48:**

For each shipment or sale of LCD display modules and LCD display panels by or for you since May 13, 1999, documents sufficient to identify the persons involved and to determine the date, quantity of products, brand name, model number, price, payee, and terms and location of payment and delivery.

**RESPONSE TO REQUEST NO. 48:**

CPT objects to this request in that it is overly broad and seeks documents not relevant to the issues in this litigation or not reasonably calculated to lead to the discovery of admissible evidence. This request is also objected to the extent it seeks confidential and/or proprietary information of third parties. Subject to the foregoing and its Preliminary Statement and General Objections, CPT has or will produce representative relevant, non-privileged documents responsive to this request.

**REQUEST NO. 49:**

All agreements concerning licensing, royalties, and technology transfers that you have entered into related to the subject matter claimed or disclosed in the Patents-in-Suit, including, for example, design, assembly, or production of LCD display modules or LCD display panels.

**RESPONSE TO REQUEST NO. 49:**

Subject to its Preliminary Statement and General Objections, CPT will produce relevant, non-privileged documents responsive to the request to the extent they exist.

**REQUEST NO. 50:**

All documents reflecting any policies, practices, or relevant factors that you have regularly used when negotiating potential license agreements since May 13, 1999.

**RESPONSE TO REQUEST NO. 50:**

CPT objects to this request in that it seeks information and documents protected by the attorney-client privilege and/or work product immunity. CPT also objects to this request as being vague and ambiguous and overly broad in that it seeks information not related to any issues in this litigation. Subject to the foregoing and its Preliminary Statement and General Objections, CPT will produce relevant, non-privileged documents related to the subject matter claimed in the patents-in-suit to the extent they exist.

**REQUEST NO. 51:**

All documents reflecting the methodology or basis that you have used since May 13, 1999, to negotiate or calculate the rate and/or amount of royalty regarding any patents comparable to the patents-in-suit and/or any subject matter comparable to the subject matter claimed or disclosed in the Patents-in-Suit.

**RESPONSE TO REQUEST NO. 51:**

CPT objects to this request in that it seeks information and documents protected by the attorney-client privilege and/or work product immunity. This request is also objected to as being

vague and ambiguous as to the term "compared to." Subject to the foregoing and its Preliminary

Statement and General Objections, no documents will be produced.

**REQUEST NO. 52:**

All documents relevant to the conception and/or reduction to practice of any invention related to any alleged prior art relied on by you in this case (including, for example, any product).

**RESPONSE TO REQUEST NO. 52:**

CPT objects to this request as being vague and ambiguous as to the terms "any invention

related to" any alleged prior art.  CPT further objects to this request in that it seeks information

and documents protected by the attorney-client privilege and/or work product immunity.  Subject

to the foregoing and its Preliminary Statement and General Objections, CPT will produce

relevant, non-privileged documents to the extent any exist.

**REQUEST NO. 53:**

Documents sufficient to determine the placement, purpose, and function of all parts and elements (including, for example, inner and outer guard rings) related to electrostatic discharge protection when making LCD display modules or LCD display panels, since May 13, 1999.

**RESPONSE TO REQUEST NO. 53:**

CPT objects to this request as being overly broad and unduly burdensome and seeks

documents not relevant to the issues in this litigation or reasonably calculated to lead to the

discovery of admissible evidence.  This request is also objected to as being vague and ambiguous

as to the meaning of placement, purpose and function of all parts and elements and not

understood.  Subject to the foregoing General and Specific Objections, CPT will produce

representative documents describing its design, development and testing of LCD panels having

inner and outer ESD guard rings.

27

**REQUEST NO. 54:**

Documents sufficient to determine the placement, purpose, and function of all parts and elements (including, for example, bending parts) related to the degree or uniformity of brightness regarding LCD display modules or LCD display panels, since May 13, 1999.

**RESPONSE TO REQUEST NO. 54:**

CPT objects to this request as being overly broad and unduly burdensome and seeks documents not relevant to the issues in this litigation or reasonably calculated to lead to the discovery of admissible evidence. This request is also objected to as being vague and ambiguous as to the meaning of placement, purpose and function of all parts and elements and not understood. Subject to the foregoing General and Specific Objections, CPT will produce representative documents describing its design, development and testing of LCD panels having a tape carrier package.

**REQUEST NO. 55:**

All documents reflecting any communication between you and others, including, for example, customers, distributors, or suppliers, regarding any benefits and advantages concerning any LCD display modules or LCD display panels made or sold, by or for you, since May 13, 1999.

**RESPONSE TO REQUEST NO. 55:**

CPT objects to this request in that it is overly broad and seeks documents not relevant to the issues in this litigation or not reasonably calculated to lead to the discovery of admissible evidence. This request is also objected to the extent it seeks confidential and/or proprietary information of third parties. Subject to the foregoing and its Preliminary Statement and General Objections, CPT will produce relevant, non-privileged documents concerning LCD display products as it relates to the patents-in-suit to the extent such documents exist.

**REQUEST NO. 56:**

All documents concerning any investigations) or analysis undertaken by you or on your behalf regarding the validity of the Patents-in-Suit, including, for example, documents reflecting the date(s), scope, purpose, results, and persons with relevant knowledge.

**RESPONSE TO REQUEST NO. 56:**

CPT objects to this request in that it seeks information and documents protected by the attorney-client privilege and/or work product immunity. Subject to the foregoing and its Preliminary Statement and General Objections, CPT will produce relevant, non-privileged documents to the extent they exist.

**REQUEST NO. 57:**

All documents concerning any investigation(s) or analysis undertaken by you or on your behalf regarding possible infringement of the Patents-in-Suit, including, for example, documents reflecting the date(s), scope, purpose, results, and persons with relevant knowledge.

**RESPONSE TO REQUEST NO. 57:**

CPT objects to this request in that it seeks information and documents protected by the attorney-client privilege and/or work product immunity. Subject to the foregoing and its Preliminary Statement and General Objections, CPT will produce relevant, non-privileged documents to the extent they exist.

**REQUEST NO. 58:**

All reports that reference any types of LCD display modules or LCD display panels made or sold, by or for you, since May 13, 1999, including, for example, inventory reports and sales reports, since May 13, 1999.

**RESPONSE TO REQUEST NO. 58:**

CPT objects to this request in that it is overly broad and seeks documents not relevant to the issues in this litigation or not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing and its Preliminary Statement and General Objections, CPT has or will produce representative relevant, non-privileged documents responsive to this request.

**REQUEST NO. 59:**

For each prior art reference or item on which you rely, all documents concerning how the alleged prior art reference or item qualifies as prior art under every section of Title 35 of the United States Code on which you rely, including, for example, documents reflecting: the first date, by whom, and how the alleged prior art was known or used in the U.S., patented or described in a printed publication in any country, and/or conceived and reduced to practice; the making, knowledge, use, or sale of the prior art; the authors and title of each patent, patent application, and article/publication; the date that each reference was issued, filed, or published; the number of each patent and patent application; and/or the country(ies) where each reference was issued, filed, or published.

**RESPONSE TO REQUEST NO. 59:**

CPT objects to this request in that it seeks information and documents protected by the attorney-client privilege and/or work product immunity. Subject to the foregoing and its Preliminary Statement and General Objections, CPT will produce relevant, non-privileged documents responsive to this request from which such information can be obtained.

**REQUEST NO. 60:**

All documents and products that you contend qualify as prior art, including, but not limited to, patents, patent applications, and printed publications.

**RESPONSE TO REQUEST NO. 60:**

CPT objects to this request in that it seeks information and documents protected by the attorney-client privilege and/or work product immunity. Subject to the foregoing and its Preliminary Statement and General Objections, CPT will produce relevant, non-privileged documents responsive to this request.

**REQUEST NO. 61:**

All documents and products on which you rely to support any contention that any claims of the Patents-in-Suit are invalid.

**RESPONSE TO REQUEST NO. 61:**

CPT objects to this request in that it seeks information and documents protected by the attorney-client privilege and/or work product immunity. Subject to the foregoing and its Preliminary Statement and General Objections, CPT will produce relevant, non-privileged documents responsive to this request.

**REQUEST NO. 62:**

All documents that you submitted to, filed with, and/or received from any U.S. government agency or employee concerning the possible or actual importation, distribution, use, and/or sale in or to the U.S. of LCD display modules or LCD display panels since May 13, 1999.

**RESPONSE TO REQUEST NO. 62:**

CPT objects to this request in that it is overly broad and unduly burdensome and seeks documents not relevant to the issues in this litigation or not reasonably calculated to lead to the

31

discovery of admissible evidence. Subject to the foregoing Preliminary Statement and General

Objections, no documents will be produced.

**REQUEST NO. 63:**

Documents sufficient to determine whether each type and model of LCD display module
and LCD display panel made by or for you since May 13, 1999, could be lawfully imported, sold,
and/or used in the U.S., including, for example, documents reflecting any U.S. regulatory
approval and/or compliance.

**RESPONSE TO REQUEST NO. 63:**

CPT objects to this request in that it is overly broad and seeks documents not relevant to

the issues in this litigation or not reasonably calculated to lead to the discovery of admissible

evidence. Subject to the foregoing and its Preliminary Statement and General Objections, no

documents will be produced.

**REQUEST NO. 64:**

All correspondence and documents reflecting communications between or among Tatung
Co., Tatung Company of America, Inc., Chunghwa Picture Tubes, Ltd. and/or ViewSonic Corp.
regarding any LCD display products, LCD display modules, or LCD display panels imported,
sold, and/or marketed in or to the U. S. since May 13, 1999.

**RESPONSE TO REQUEST NO. 64:**

CPT objects to this request in that it seeks information and documents protected by the

attorney-client privilege and/or work product immunity. CPT objects to this request in that it is

overly broad and seeks documents not relevant to the issues in this litigation or not reasonably

calculated to lead to the discovery of admissible evidence. Subject to the foregoing and its

Preliminary Statement and General Objections, CPT has or will produce relevant, non-privileged

documents regarding the subject matter of the patents-in-suit.

32

**REQUEST NO. 65:**

All contracts with any U.S. customer, distributor, reseller, and/or retailer that has ordered, purchased, distributed, and/or sold LCD display products with LCD display modules or LCD display panels made by or for you since May 13, 1999, including, for example, all supply agreements.

**RESPONSE TO REQUEST NO. 65:**

CPT objects to this request in that it is overly broad and seeks documents not relevant to the issues in this litigation or not reasonably calculated to lead to the discovery of admissible evidence. This request is also objected to the extent it seeks confidential and/or proprietary information of third parties. Subject to the foregoing and its Preliminary Statement and General Objections, CPT has or will produce representative relevant, non-privileged documents responsive to this request.

**REQUEST NO. 66:**

All documents concerning the use, making, importation, sale, and offer to sell, in or to the United States, since May 13, 1999, of LCD display modules or LCD display panels made or sold by or for you.

**RESPONSE TO REQUEST NO. 66:**

CPT objects to this request in that it is overly broad and seeks documents not relevant to the issues in this litigation or not reasonably calculated to lead to the discovery of admissible evidence. This request is also objected to the extent it seeks confidential and/or proprietary information of third parties. Subject to the foregoing and its Preliminary Statement and General Objections, CPT has or will produce representative relevant, non-privileged documents responsive to this request sufficient to show U.S. sales.

33

**REQUEST NO. 67:**

All documents concerning the use, making, importation, sale, and offer to sell, in or to the United States, since May 13, 1999, of LCD display products incorporating LCD display modules or LCD display panels made or sold by or for you.

**RESPONSE TO REQUEST NO. 67:**

CPT objects to this request in that it is overly broad and seeks documents not relevant to the issues in this litigation or not reasonably calculated to lead to the discovery of admissible evidence. This request is also objected to the extent it seeks confidential and/or proprietary information of third parties. Subject to the foregoing and its Preliminary Statement and General Objections, CPT has or will produce representative relevant, non-privileged documents responsive to this request sufficient to show U.S. sales.

**REQUEST NO. 68:**

All documents reflecting transactions since May 13, 1999 with any U.S. customer, distributor, reseller, and/or retailer concerning LCD display products with LCD display modules or LCD display panels made by or for you, including, for example, all invoices, purchase orders, worksheets, and documents reflecting debit, credit or payment information.

**RESPONSE TO REQUEST NO. 68:**

CPT objects to this request in that it is overly broad and seeks documents not relevant to the issues in this litigation or not reasonably calculated to lead to the discovery of admissible evidence. This request is also objected to the extent it seeks confidential and/or proprietary information of third parties. Subject to the foregoing and its Preliminary Statement and General Objections, CPT has or will produce representative relevant, non-privileged documents

responsive to this request sufficient to show sales of LCD display products in the U.S. using CPT

LCD display modules that are in CPT's possession, custody or control.

**REQUEST NO. 69:**

> Documents sufficient to identify each person that has purchased LCD display panels and LCD display modules made or sold by or for you since May 13, 1999.

**RESPONSE TO REQUEST NO. 69:**

CPT objects to this request in that it is overly broad and seeks documents not relevant to

the issues in this litigation or not reasonably calculated to lead to the discovery of admissible

evidence. This request is also objected to the extent it seeks confidential and/or proprietary

information of third parties. Subject to the foregoing and its Preliminary Statement and General

Objections, CPT has or will produce representative relevant, non-privileged documents

concerning the distribution and sale of LCD display products.

**REQUEST NO. 70:**

> For any prior art references you contend render any claim of the Patents-in-Suit obvious, all documents reflecting any suggestion, motivation, or teaching to combine any aspects or elements of any alleged prior art.

**RESPONSE TO REQUEST NO. 70:**

CPT objects to this request to the extent it seeks documents protected by the attorney-

client privilege and/or work product immunity. Subject to its Preliminary Statement and General

Objections, CPT will produce relevant, non-privileged documents responsive to the request to the

extent they exist.

**REQUEST NO. 71:**

All documents reflecting any exercise of due care by you to avoid infringing the Patents-in-Suit.

**RESPONSE TO REQUEST NO. 71:**

CPT objects to this request in that it is overly broad and seeks documents not relevant to the issues in this litigation or not reasonably calculated to lead to the discovery of admissible evidence. This request is also objected to as being vague and ambiguous as to the terms "exercise of due care." Subject to its Preliminary Statement and General Objections, upon information and belief, no responsive documents are believed to exist.

**REQUEST NO. 72:**

All of your annual reports since May 13, 1999, or, if you have no such annual reports, any similar periodic report or document describing and/or summarizing your periodic business operations and financial status.

**RESPONSE TO REQUEST NO. 72:**

Subject to its Preliminary Statement and General Objections, CPT has or will produce relevant, non-privileged documents responsive to the request.

**REQUEST NO. 73:**

Documents sufficient to determine your size and financial condition since May 13, 1999.

**RESPONSE TO REQUEST NO. 73:**

Subject to its Preliminary Statement and General Objections, CPT has or will produce relevant, non-privileged documents responsive to the request.

**REQUEST NO. 74:**

All document retention and/or destruction policies in effect since May 13, 1999.

**RESPONSE TO REQUEST NO. 74:**

Subject to its Preliminary Statement and General Objections, CPT has or will produce representative relevant, non-privileged documents responsive to the request.

**REQUEST NO. 75:**

All documents reflecting any transfer of assets, liabilities, contracts, rights, and/or interests concerning any LCD display panels and LCD display modules since May 13, 1999.

**RESPONSE TO REQUEST NO. 75:**

CPT objects to this request in that it is overly broad and seeks documents not relevant to the issues in this litigation or not reasonably calculated to lead to the discovery of admissible evidence. Subject to its Preliminary Statement and General Objections, CPT has or will produce relevant, non-privileged documents responsive to the request.

**REQUEST NO. 76:**

All documents reflecting communications between or among defendants in this case, to the extent such communications relate to this case or any issues in this case, including, but not limited to, any joint defense agreements or related documents.

**RESPONSE TO REQUEST NO. 76:**

CPT objects to this request in that it seeks information and documents protected by the attorney-client privilege and/or work product immunity. Subject to the foregoing and its

37

Preliminary Statement and General Objections, CPT has or will produce relevant, non-privileged documents to the extent they exist.

## REQUEST NO. 77:

All documents identified, referred to, or relied upon in your Rule 26 Initial Disclosures.

## RESPONSE TO REQUEST NO. 77:

Subject to its Preliminary Statement and General Objections, CPT has or will produce relevant, non-privileged documents responsive to the request.

## REQUEST NO. 78:

All documents regarding or supporting your First Affirmative Defense (Non-Infringement).

## RESPONSE TO REQUEST NO. 78:

Subject to its Preliminary Statement and General Objections, CPT has or will produce relevant, non-privileged documents responsive to the request.

## REQUEST NO. 79:

All documents regarding or supporting your Second Affirmative Defense (Invalidity under 35 U.S.C. §§ 101, 102, 103, and/or 112).

## RESPONSE TO REQUEST NO. 79:

Subject to its Preliminary Statement and General Objections, CPT has or will produce relevant, non-privileged documents responsive to the request.

**REQUEST NO. 80:**

All documents regarding or supporting your Third Affirmative Defense (Statute of Limitations).

**RESPONSE TO REQUEST NO. 80:**

Subject to its Preliminary Statement and General Objections, CPT has or will produce relevant, non-privileged documents responsive to the request.

**REQUEST NO. 81:**

All documents regarding or supporting your Fourth Affirmative Defense (Patent Exhaustion).

**RESPONSE TO REQUEST NO. 81:**

Subject to its Preliminary Statement and General Objections, CPT has or will produce relevant, non-privileged documents responsive to the request.

**REQUEST NO. 82:**

All documents regarding or supporting your Fifth Affirmative Defense (Waiver/Estoppe/Laches).

**RESPONSE TO REQUEST NO. 82:**

Subject to its Preliminary Statement and General Objections, CPT has or will produce relevant, non-privileged documents responsive to the request.

**REQUEST NO. 83:**

All documents concerning any expert who may testify for you in this case and/or whose work forms a basis, in whole or in part, for any opinion of an expert expected to testify for you in

this case, including, for example, each expert's reports and draft reports for this case and other cases within the past four years, all your correspondence with such experts, all files of such experts maintained for this case, all documents provided to or created by such experts for purposes of this case, all documents considered by such experts regarding this case, all publications of the expert concerning any issues or subject matter related to the issues or subject matter in this case, and all documents reflecting time expended, services rendered, and compensation or reimbursement of same for such experts regarding this case.

**RESPONSE TO REQUEST NO. 83:**

CPT objects to this request as calling for documents or information protected by the attorney client-privilege and/or work product immunity. CPT further objects to this request as being premature in that expert reports are not due until March 31, 2006. Subject to its Preliminary Statement and General Objections, no documents will be produced at this time.

Respectfully submitted,

_Christine A. Dudzik_

Dated: January 12, 2006

Christine A. Dudzik
Thomas W. Jenkins
Howrey LLP
321 North Clark Street, Suite 3400
Chicago, Illinois 60610
(312) 595-1239

Teresa M. Corbin
Glenn W. Rhodes
Howrey LLP
525 Market Street, Suite 3600
San Francisco, CA 94105
415.848.4900

Attorneys for Defendants/Counterclaimants
Chunghwa Picture Tubes, Ltd.; Tatung
Company; Tatung Company of America,
Inc.; and Viewsonic Corporation.

LOCAL COUNSEL:

Robert W. Whetzel (#2288)
whetzel@rlf.com
Matthew W. King (#4566)
king@rlf.com
Richards, Layton & Finger
One Rodney Square, P.O. Box 551
Wilmington, DE  19899
(302) 651-7700

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that on January 12, 2006 copies of the foregoing document were served via email and U.S. first class mail to the following:

Richard D. Kirk
The Bayard Firm
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899-5130
Facsimile: (302) 658-6395

Gaspare J. Bono
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006
Facsimile: (202) 496-7756

Christine A. Dudzik