# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG. PHILIPS LCD CO., LTD., | ) |
| Plaintiff, | ) C. A. No. 05-292 (JJF) |
| v. | ) |
| TATUNG COMPANY;<br>TATUNG COMPANY OF AMERICA, INC.;<br>CHUNGHWA PICTURE TUBES, LTD.;<br>AND VIEWSONIC CORPORATION, | ) |
| Defendants. | ) |

**DEFENDANT CHUNGHWA PICTURE TUBES, LTD.'S
OBJECTIONS TO PLAINTIFF'S NOTICE OF RULE 30(b)(6) DEPOSITION**

**GENERAL OBJECTIONS**

1. CPT objects to the time and location of the deposition noticed in Plaintiff's Notice of Rule 30(b)(6) deposition of Chunghwa Picture Tubes, Ltd. CPT will work with Plaintiff to schedule a mutually agreeable time and place for the deposition of its witnesses.

2. CPT objects to the deposition topics to the extent that certain Topics seek information that is protected from disclosure by the attorney-client privilege, the work product doctrine, or by any other applicable privilege or discovery immunity.

**SPECIFIC OBJECTIONS AND RESPONSES**

**Topic No. 1:**

Each type of LCD display module made, used, sold, and/or offered for sale, by or for you, each month since May 13, 1999.

**Objection and Response:**

CPT objects to this topic as overly broad and unduly burdensome. CPT further objects to this topic because it is vague and ambiguous and does not describe with reasonable particularity the matters on which examination is requested. Without further clarification of the topic requested, CPT is unable to provide a witness to testify regarding Topic No. 1.

**Topic No. 2:**

Each type of LCD display panel made, used, sold, and/or offered for sale, by or for you, each month since May 13, 1999.

**Objection and Response:**

CPT objects to this topic as overly broad and unduly burdensome. CPT further objects to this topic because it is vague and ambiguous and does not describe with reasonable particularity the matters on which examination is requested. CPT will provide a witness to testify regarding the different types of LCD display panels made, used and/or sold since May 13, 1999.

**Topic No. 3:**

The quantity and price (including suggested resale and retail prices) of each type of LCD display module and LCD display panel made, used, sold, and/or offered for sale, by or for you, each month since May 13, 1999.

**Objection and Response:**

CPT objects to this topic as overly broad and unduly burdensome. CPT further objects to this topic because it is vague and ambiguous and does not describe with reasonable particularity the matters on which examination is requested.

Subject to and without waiving any of the foregoing general and specific objections, CPT will designate one or more witnesses to testify regarding the quarterly sales of LCD display panels since May 1999.

### Topic No. 4:

The design, development, making, assembly, production, testing, inspection, and/or qualification of LCD display modules and LCD display panels made, bought, or sold, by or for you since May 13, 1999, including but not limited to optical, mechanical, and electrical testing and inspection.

### Objection and Response:

CPT objects to this topic as overly broad and unduly burdensome. CPT further objects to this topic because it is vague and ambiguous and does not describe with reasonable particularity the matters on which examination is requested.

Subject to and without waiving any of the foregoing general and specific objections, CPT will designate one or more witnesses to testify regarding the design, development and testing of it its Tape Carrier Packages and ESD guard rings since May 1999.

### Topic No. 5:

All documents associated with the conception, design, and development of your LCD display modules and LCD display panels, including, for example, design or engineering documentation.

### Objection and Response:

CPT objects to this topic as overly broad and unduly burdensome. CPT objects to this Topic as duplicative of Topic No. 4. CPT further objects to this topic because it is vague and ambiguous and does not describe with reasonable particularity the matters on which examination is requested.

Subject to and without waiving any of the foregoing general and specific objections, CPT will designate one or more witnesses to testify regarding the conception, design and development of its Tape Carrier Packages and ESD guard rings since May 1999.

**Topic No. 6:**

All specifications relating to your LCD display modules and LCD display panels, including, but not limited to, all specifications related to tape carrier packages and all specifications related to circuits and/or structures concerning electrostatic discharge protection of thin film transistors of LCD panels.

**Objection and Response:**

CPT objects to this topic as overly broad and unduly burdensome to the extent it seeks "all specifications relating to LCD display modules." CPT further objects to this topic because it is vague and ambiguous and does not describe with reasonable particularity the matters on which examination is requested.

Subject to and without waiving any of the foregoing general and specific objections, CPT will designate one or more witnesses to testify regarding the specifications related to its Tape Carrier Packages and ESD guard rings since May 1999.

**Topic No. 7:**

Your contentions regarding whether or not you are infringing the Patents-in-Suit, whether directly, under the doctrine of equivalents, or otherwise.

**Objection and Response:**

CPT objects to this topic as overly broad and unduly burdensome. CPT further objects to this topic because it is vague and ambiguous and does not describe with reasonable particularity the matters on which examination is requested. CPT further objects to this topic to the extent it seeks testimony that is protected by the attorney client privilege or work product immunity. CPT further objects to this topic to the extent it seeks legal conclusions and/or expert opinions from fact witnesses. CPT further objects to this topic as premature.

4

**Topic No. 8:**

Your contentions regarding the validity and/or enforceability of the Patents-in-Suit, including, for example, your contentions regarding "an invalidating act that occurred more than a year prior to the filing date of the asserted patent."

**Objection and Response:**

CPT objects to this topic as overly broad and unduly burdensome. CPT further objects to this topic because it is vague and ambiguous and does not describe with reasonable particularity the matters on which examination is requested. CPT further objects to this topic to the extent it seeks testimony that is protected by the attorney client privilege or work product immunity. CPT further objects to this topic to the extent it seeks legal conclusions and/or expert opinions from fact witnesses. CPT further objects to this topic as premature.

**Topic No. 9:**

All prior art that you contend is relevant to the Patents-in-Suit, including, for example, any prior art that you contend invalidates the Patents-in-Suit, individually or collectively.

**Objection and Response:**

CPT objects to this topic as overly broad and unduly burdensome. CPT further objects to this topic because it is vague and ambiguous and does not describe with reasonable particularity the matters on which examination is requested. CPT further objects to this topic to the extent it seeks testimony that is protected by the attorney client privilege or work product immunity. CPT further objects to this topic to the extent it seeks legal conclusions and/or expert opinions from fact witnesses. CPT further objects to this topic as premature.

**Topic No. 10:**

The date that you first became aware of the Patents-in-Suit and the circumstances surrounding your first knowledge of the Patents-in-Suit, including, but not limited to, the date of your first actual notice of the Patent-in-Suit, the form of such notice, the source of such notice, identification of the person employed by you who first learned of the Patents-in-Suit and from what source, explaining the manner in which that person learned of the Patents-in-Suit, and

identifying all documents that reflect when and how you learned of the Patents-in-Suit, any discussions internal to you regarding the Patents-in-Suit, communications with third parties (including vendors, customers, or others) regarding the Patents-in-Suit, actions you took upon becoming aware of the Patents-in-Suit, including, without limitation, product modification(s), design-around efforts, conducting non-infringement and/or invalidity investigation(s), and/or seeking advice of counsel.

**Objection and Response:**

CPT objects to this topic as overly broad and unduly burdensome. CPT further objects to this topic because it is vague and ambiguous and does not describe with reasonable particularity the matters on which examination is requested. CPT further objects to this topic to the extent it seeks testimony that is protected by the attorney client privilege or work product immunity.

Subject to and without waiving any of the foregoing general and specific objections, CPT will designate one or more witnesses to testify regarding CPT's first awareness of the Patents-in-Suit.

**Topic No. 11:**

Your efforts to avoid infringing the Patents-in-Suit since the time that you first learned of the Patents-in-Suit, including, but not limited to all attempts, by or for you, to design around the Patents-in-Suit.

**Objection and Response:**

CPT objects to this topic as overly broad and unduly burdensome. CPT further objects to this topic because it is vague and ambiguous and does not describe with reasonable particularity the matters on which examination is requested. CPT further objects to this topic to the extent it seeks testimony that is protected by the attorney client privilege or work product immunity.

Subject to and without waiving any of the foregoing general and specific objections, CPT will designate one or more witnesses to testify regarding CPT's first awareness of the Patents-in-Suit.

**Topic No. 12:**

The efforts you took to gather and search for information and documents responsive to the Interrogatories and Requests for Production of Documents and Things, propounded to you by Plaintiff, including the locations for responsive information and documents, the persons interviewed regarding the responsiveness of such information and documents, and the manner in which you searched for electronic information, documents or records.

**Objection and Response:**

CPT objects to this topic as overly broad and unduly burdensome. CPT further objects to this topic because it is vague and ambiguous and does not describe with reasonable particularity the matters on which examination is requested. CPT further objects to this topic to the extent it seeks testimony that is protected by the attorney client privilege or work product immunity.

Subject to and without waiving any of the foregoing general and specific objections, CPT will designate one or more witnesses to testify regarding CPT's efforts to respond to Plaintiff's Interrogatories and Requests for Documents.

**Topic No. 13:**

The information and documents referenced in your answers to Interrogatories propounded to you by Plaintiff.

**Objection and Response:**

CPT objects to this topic as overly broad and unduly burdensome. CPT further objects to this topic because it is vague and ambiguous and does not describe with reasonable particularity the matters on which examination is requested. CPT further objects to this topic to the extent it seeks testimony that is protected by the attorney client privilege or work product immunity. Without further clarification of the topic requested, CPT is unable to provide a witness to testify regarding Topic No. 13.

**Topic No. 14:**

The types and categories of documents that you receive, create, generate, or maintain concerning the manufacture, importation, purchase, distribution, sale, offer for sale, receipt, or advertisement of your LCD display modules and LCD display panels.

**Objection and Response:**

CPT objects to this topic as overly broad and unduly burdensome. CPT further objects to this topic because it is vague and ambiguous and does not describe with reasonable particularity the matters on which examination is requested. Without further clarification of the topic requested, CPT is unable to provide a witness to testify regarding Topic No. 14.

**Topic No. 15:**

Your worldwide sales or shipments of LCD display modules and LCD display panels to any persons, including the amount of revenue and profit you have derived from your LCD display modules and LCD display panels and sales or shipments to the United States.

**Objection and Response:**

CPT objects to this topic as overly broad and unduly burdensome. CPT further objects to this topic because it is vague and ambiguous and does not describe with reasonable particularity the matters on which examination is requested. CPT further objects to this topic to the extent it seeks testimony that is protected by the attorney client privilege or work product immunity.

Subject to and without waiving any of the foregoing general and specific objections, CPT will designate one or more witnesses to testify regarding worldwide sales of LCD display modules and LCD display panels since May 1999.

**Topic No. 16:**

The relationship between or among you and all entities that distribute, supply, market, import, purchase, and/or sell LCD display modules and LCD display panels manufactured, distributed, or sold, by or for you, the identity of all such entities, any contracts, agreements, or contractual or business arrangements between you and such entities, and the quantity and value of LCD display modules and LCD display panels involved.

8

**Objection and Response:**

CPT objects to this topic as overly broad and unduly burdensome. CPT further objects to this topic because it is vague and ambiguous and does not describe with reasonable particularity the matters on which examination is requested. CPT specifically objects to the term "relationship" as vague and ambiguous. CPT further objects to this topic to the extent it seeks a witness to testify regarding "all entities that distribute, supply, market, import, purchase, and/or sell LCD display modules and LCD display panels manufactured, distributed, or sold by or for you." Without further clarification of the topic requested, CPT is unable to provide a witness to testify regarding Topic No. 16.

**Topic No. 17:**

All distributors, suppliers, marketers, importers/exporters, purchasers, sellers, and channels or networks through which you have, directly or indirectly, distributed, supplied, marketed, shipped, imported, exported, transferred, purchased, and/or sold LCD display modules and/or LCD display modules, including such distribution, supply, marketing, importing/exporting, purchasing, selling in the United States.

**Objection and Response:**

CPT objects to this topic as overly broad and unduly burdensome. CPT further objects to this topic because it is vague and ambiguous and does not describe with reasonable particularity the matters on which examination is requested.

Subject to and without waiving any of the foregoing general and specific objections, CPT will designate one or more witnesses to testify regarding worldwide sales of LCD display modules and LCD display panels.

**Topic No. 18:**

Your organizational structure, including but not limited to all persons involved in the research, design, manufacture, marketing, distribution, importation, exportation, purchase, and sale of your LCD display modules and LCD display panels, and each person's respective role

9

and place in the chain of distribution of any consumer goods or devices containing or relating to such LCD display modules and LCD display panels.

**Objection and Response:**

CPT objects to this topic as overly broad and unduly burdensome. CPT further objects to this topic because it is vague and ambiguous and does not describe with reasonable particularity the matters on which examination is requested. CPT specifically objects to this topic to the extent it seeks to obtain testimony regarding "all persons involved in the research, design, manufacture, marketing, distribution, importation, exportation, purchase, and sale of your LCD display modules and LCD display panels." CPT further objects to this topic to the extent it seeks to obtain testimony regarding "each person's respective role and place in the chain of distribution of any consumer goods or devices containing or relating to such LCD display modules and LCD display panels." Without further clarification of the topic requested, CPT is unable to provide a witness to testify regarding Topic No. 18.

**Topic No. 19:**

Your forecasts or projections of sales, revenues from, and profitability of your LCD display modules and LCD display panels and your actual sales, revenues from, and profitability of your LCD display modules and LCD display panels, since May 13, 1999.

**Objection and Response:**

CPT objects to this topic as overly broad and unduly burdensome. CPT further objects to this topic because it is vague and ambiguous and does not describe with reasonable particularity the matters on which examination is requested. CPT further objects to this topic as duplicative of Topic No. 15.

Subject to and without waiving any of the foregoing general and specific objections, CPT will designate one or more witnesses to testify regarding projected sales and profits of LCD display modules and LCD display panels.

10

**Topic No. 20:**

All efforts you have taken to sell or distribute your LCD display modules and LCD display panels, and all efforts you have taken to promote, market, and/or advertise your LCD display modules, LCD display panels, and your company, including any parents, subsidiaries, and affiliates.

**Objection and Response:**

CPT objects to this topic as overly broad and unduly burdensome. CPT further objects to this topic because it is vague and ambiguous and does not describe with reasonable particularity the matters on which examination is requested.

Subject to and without waiving any of the foregoing general and specific objections, CPT will designate one or more witnesses to testify regarding CPT's efforts to market and promote its LCD display modules and LCD display panels.

**Topic No. 21:**

Meetings, communications, agreements, and contractual and business relationships, that relate to the importation, manufacture, distribution, promotion, marketing, advertising, purchases, or sales of any of your LCD display modules and LCD display panels.

**Objection and Response:**

CPT objects to this topic as overly broad and unduly burdensome. CPT further objects to this topic because it is vague and ambiguous and does not describe with reasonable particularity the matters on which examination is requested. This topic appears to seek testimony on all "meetings, communications, agreements, and contractual and business relationships, that relate to the importation, manufacture, distribution, promotion, marketing, advertising, purchases, or sales of any of [CPT's] LCD display modules and LCD display panels." As drafted, this topic would encompass nearly every communication made by CPT, relating to its LCD display panels. Therefore, without further clarification, CPT is unable to designate a witness to testify on Topic No. 21.

**Topic No. 22:**

Communications and/or participation in DisplaySearch and/or the Standard Panels Working Group that relate to the importation, manufacture, distribution, marketing, advertising, purchase, or sale of any of your LCD display modules and LCD display panels.

**Objection and Response:**

CPT objects to this topic as overly broad and unduly burdensome. CPT further objects to this topic because it is vague and ambiguous and does not describe with reasonable particularity the matters on which examination is requested. CPT further objects to this topic as vague and ambiguous with respect to the phrase "communications ... in Display Search and/or Standard Panels Working Group"

Subject to and without waiving any of the foregoing general and specific objections, CPT will designate a witness, if one exists, that can testify regarding its participation, if any, in DisplaySearch and/or Standard Panels Working Group.

**Topic No. 23:**

All licenses, royalties, and/or technology transfer agreements that pertain to LCD display modules and/or LCD display panels to which you are a party, assignor, assignee, or beneficiary, as well as any policies, practices, or relevant factors you have used when negotiating potential license agreements.

**Objection and Response:**

CPT objects to this topic as overly broad and unduly burdensome. CPT further objects to this topic because it is vague and ambiguous and does not describe with reasonable particularity the matters on which examination is requested. CPT specifically objects to the phrase "practices, or relevant factors" as vague and ambiguous. CPT further objects to this topic to the extent it seeks testimony that is protected by the attorney client privilege or work product immunity.

Subject to and without waiving any of the foregoing general and specific objections, CPT will designate a witness that can testify regarding licenses pertaining to its LCD display modules and LCD display panels.

**Topic No. 24:**

All contracts and related documents reflecting each order from and sale to United States customers of any types of LCD display modules and LCD display panels made, sold, or offered for sale, by or for you, since May 13, 1999.

**Objection and Response:**

CPT objects to this topic to the extent it seeks testimony on "each order from and sale to United States customers …since May 13,, 1999," as overly broad and unduly burdensome. CPT further objects to this topic because it is vague and ambiguous and does not describe with reasonable particularity the matters on which examination is requested. CPT specifically objects to the phrase "related documents" as vague and ambiguous. CPT further objects to this topic as duplicative of at least Topic Nos. 15 and 19.

Subject to and without waiving any of the foregoing general and specific objections, CPT will designate a witness that can testify regarding worldwide sales of its LCD display modules and LCD display panels since May 1999.

**Topic No. 25:**

All reports and data compilations showing actual monthly sales, by or for you, concerning each type of LCD display module and LCD display panel made, sold, or offered for sale, by or for you, since May 13, 1999.

**Objection and Response:**

CPT objects to this topic to the extent it seeks testimony on "all reports and data compilations" as overly broad and unduly burdensome. CPT further objects to this topic because it is vague and ambiguous and does not describe with reasonable particularity the matters on

which examination is requested. CPT specifically objects to the phrase "reports and data compilations" as vague and ambiguous. CPT further objects to this topic as duplicative of at least Topic Nos. 15, 19 and 24.

Subject to and without waiving any of the foregoing general and specific objections, CPT will designate a witness that can testify regarding worldwide sales of its LCD display modules and LCD display panels since May 1999.

**Topic No. 26:**

For all types of LCD display modules and LCD display panels made, sold, or offered for sale, by or for you, since May 13, 1999, documents sufficient to determine the quantity of each type of LCD display module and LCD display panel that you made, manufactured, shipped, and/or sold each month, and the amount of revenue generated each month for all such shipments and sales since May 13, 1999, including, for example, the per unit gross profit, net profit, and profit margin on each unit sold or transferred.

**Objection and Response:**

CPT objects to this topic as overly broad and unduly burdensome. CPT further objects to this topic because it is vague and ambiguous and does not describe with reasonable particularity the matters on which examination is requested. CPT further objects to this topic as duplicative of at least Topic Nos. 15, 19, 24 and 25.

Subject to and without waiving any of the foregoing general and specific objections, CPT will designate a witness that can testify regarding revenue and profit from sales of its LCD display modules and LCD display panels since May 1999.

**Topic No. 27:**

For all types of LCD display modules and LCD display panels made, sold, or offered for sale, by or for you, since May 13, 1999, documents sufficient to determine the quantity of each type of LCD display module and LCD display panel imported into the United States each month, by or for you, and the amount of revenue generated each month for all such importations since May 13, 1999, including, for example, the per unit gross profit, net profit, and profit margin on each unit sold or transferred.

14

**Objection and Response:**

CPT objects to this topic as overly broad and unduly burdensome. CPT further objects to this topic because it is vague and ambiguous and does not describe with reasonable particularity the matters on which examination is requested. CPT further objects to this topic as duplicative of at least Topic Nos. 15, 19, 24, 25 and 26.

Subject to and without waiving any of the foregoing general and specific objections, CPT will designate a witness that can testify regarding revenue and profit from sales of its LCD display modules and LCD display panels since May 1999.

**Topic No. 28:**

All documents reflecting the advertising, marketing, promotion of, and/or offer to sell in the United States since May 13, 1999, any types of LCD display modules and LCD display panels made, sold, or offered for sale, by or for you, since May 13, 1999, including, without limitation, brochures, marketing plans, sales literature, advertisements, and product descriptions and specifications.

**Objection and Response:**

CPT objects to this topic to the extent it seeks testimony on "all documents reflecting the advertising, marketing, promotion of and/or offer to sell ...LCD display modules and LCD Display panels" as overly broad and unduly burdensome. CPT further objects to this topic because it is vague and ambiguous and does not describe with reasonable particularity the matters on which examination is requested. CPT further objects to this topic as duplicative of at least Topic No. 20.

Subject to and without waiving any of the foregoing general and specific objections, CPT will designate one or more witnesses to testify regarding CPT's efforts to market and promote its LCD display modules and LCD display panels.

15

**Topic No. 29:**

Whether each type of LCD display module and LCD display panel made, sold, or offered for sale, by or for you, since May 13, 1999, could be lawfully imported and/or sold in the United States since May 13, 1999, including, for example, documents reflecting any United States regulatory approval and/or compliance.

**Objection and Response:**

CPT objects to this topic as overly broad and unduly burdensome. CPT further objects to this topic because it is vague and ambiguous and does not describe with reasonable particularity the matters on which examination is requested. CPT further objects to this topic to the extent it seeks testimony that is protected by the attorney client privilege or work product immunity. CPT further objects to this topic to the extent it seeks legal conclusions. Without further clarification of the topic requested, CPT is unable to provide a witness to testify regarding Topic No. 29.

Respectfully submitted,

Dated: January 13, 2006

Christine A. Dudzik
Thomas W. Jenkins
Howrey LLP
321 North Clark Street, Suite 3400
Chicago, Illinois 60610
(312) 595-1239

Teresa M. Corbin
Glenn W. Rhodes
Howrey LLP
525 Market Street, Suite 3600
San Francisco, CA 94105
415.848.4900

Attorneys for Defendants/Counterclaimants Chunghwa Picture Tubes, Ltd.; Tatung Company; Tatung Company of America, Inc.; and Viewsonic Corporation.

16

LOCAL COUNSEL:

Robert W. Whetzel (#2288)
whetzel@rlf.com
Matthew W. King (#4566)
king@rlf.com
Richards, Layton & Finger
One Rodney Square, P.O. Box 551
Wilmington, DE 19899
(302) 651-7700

CERTIFICATE OF SERVICE

The undersigned counsel certifies that on January 13, 2006 copies of the foregoing document were served via email and U.S. first class mail to the following:

Richard D. Kirk
The Bayard Firm
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899-5130
Facsimile: (302) 658-6395

Gaspare J. Bono
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006
Facsimile: (202) 496-7756

_____
Christine A. Dudzik