# THE BAYARD FIRM
A T T O R N E Y S

222 DELAWARE AVENUE, SUITE 900
P.O. BOX 25130
WILMINGTON, DE 19899
ZIP CODE FOR DELIVERIES: 19801

MERITAS LAW FIRMS WORLDWIDE

www.bayardfirm.com
302-655-5000
(FAX) 302-658-6395
WRITER'S DIRECT ACCESS

(302) 429-4208
rkirk@bayardfirm.com

FILED ELECTRONICALLY

February 21, 2006

The Honorable Joseph J. Farnan, Jr.
United States District Court
844 North King Street
Wilmington, DE 19801

RE: *LG.Philips LCD Co., Ltd. v. Tatung Company of America, c et al.*
*C.A. No. 05-292-JJF*

Dear Judge Farnan:

    I write on behalf of Plaintiff LG.Philips LCD Co., Ltd. ("LPL"), in response to Mr. Whetzel's February 17, 2006 letter requesting the Court to extend the February 21, 2006 deadline to produce all documents in this case. At the February 8 discovery hearing, the Court made absolutely clear that "the date is February 21st, a Tuesday, by five o'clock, Wilmington, Delaware time when everything has to be produced," and that the February 21 deadline specifically includes third party documents. (Ex. A, Feb. 8, 2006 Transcript at 15.)

    LPL opposes the Defendants' request to establish a new document discovery deadline for third parties. As the Court emphasized at the hearing, the July 17, 2006 trial date is firm and will not change. (Ex. A, Transcript at 4.) Therefore, the case is proceeding under an expedited schedule. The Defendants agreed to this expedited schedule, including the deadline for document discovery. At the February 8 hearing, the Court established the document production deadline of February 21, 2006. Further, Defendants' counsel confirmed that the February 21 deadline applies to <u>all</u> document discovery, <u>including</u> third party documents:[1]

---

[1] Indeed, as recently as February 15, 2006, Defendants' counsel, Ms. Gabler, confirmed in an e-mail to Plaintiff's counsel that "February 21 is the document production cut-off date."

608796v1

THE BAYARD FIRM

The Honorable Joseph J. Farnan, Jr.
February 21, 2006
Page 2

**MS. GABLER:** Your Honor, can we ask for another question?

**THE COURT:** Sure.

**MS. GABLER:** There are some third-party subpoenas that have been issued and those productions are pending and for the ones we issued, we're pretty optimistic we are going to get those documents by the end of February and will produce them.  Is that February 21st date going to be considered the drop dead as applied to third parties, also?

**THE COURT:** All the documents in this case, all the documents in the case are going to be here by February 21st or they're not in the case.

**MS. GABLER:** Okay.

**THE COURT:** You know, as lawyers, that whole third-party subpoena thing is a real problem for judges to manage.  So I have decided over the last year to just make it part of document production.  If you don't get it, you don't get it.  Cases are finite pieces of litigation for parties and they [sic] ought to be cutoff dates.  I mean, I'm sure if we allowed discovery for ten years, there is something out there that we would be able to find.

**MS. GABLER:** No problem, I just wanted to make sure that we were clear.

**THE COURT:** We are all clear.  Any document that's in this case is the 21st.

**MS. GABLER:** Okay.

**THE COURT:** Nothing will be in this case after that.  So with all that notice and warning and all the understanding no matter how prejudicial, how beneficial, they just won't be in the case.  Everybody should be fully alert.

(Ex. A, Feb. 8, 2006 Transcript at 20-21) (emphasis added).

608796v1

THE BAYARD FIRM

The Honorable Joseph J. Farnan, Jr.
February 21, 2006
Page 3

     The Court could not have been more clear that all documents, including third party documents, are due on February 21, 2006. Yet, Defendants waited until February 15 and 16 to issue two new subpoenas just a few days before the deadline.[2] These new subpoenas are directed to CPT's own customers and seek documents related to transactions with CPT.[3] Accordingly, CPT could and should have served these subpoenas earlier, and there is no reason for the Court to modify its clear ruling.

     For the foregoing reasons, LPL respectfully requests that the Court deny Defendants' request to extend the February 21 document discovery deadline.

Respectfully submitted,

/s/ Richard D. Kirk (rk0922)

RDK/slh
Exhibits
cc:    Clerk of the Court (courtesy copy by hand)
       All counsel as shown on the attached certificate

---

[2] Defendants issued a subpoena to Quanta Computers USA, Inc. on February 15, 2006 and issued a subpoena to Hewlett-Packard Company on February 16, 2006.

[3] Defendants were keenly aware of the need to substantiate prior sales at the first scheduling conference in this matter on December 8, 2005 (Ex. B. Dec. 8 Transcript at p. 14, lines 11-19). Had Defendants acted promptly, they would have had two and a half months to obtain the third-party documents they are seeking.

608796v1