IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG. PHILIPS LCD CO., LTD., ) | |
| ) | |
| Plaintiff, ) | C.A. No. 05-292 (JJF) |
| ) | |
| v. ) | |
| ) | |
| TATUNG COMPANY; ) | |
| TATUNG COMPANY OF AMERICA, INC.; ) | |
| CHUNGHWA PICTURE TUBES, LTD.; ) | |
| AND VIEWSONIC CORPORATION, ) | |
| ) | |
| Defendants. ) | |

**MOTION FOR ORDER BARRING DISCLOSURE OF CPT'S CONFIDENTIAL AND CONFIDENTIAL ATTORNEYS ONLY INFORMATION TO MR. SCOTT HOLMBERG, LPL'S RETAINED CONSULTANT AND THE NAMED INVENTOR OF ONE OF THE PATENTS-IN-SUIT**

Of Counsel:

Christine A. Dudzik
Thomas W. Jenkins
Howrey LLP
321 North Clark Street, Suite 3400
Chicago, Illinois 60610
(312) 595-1239

Julie S. Gabler
Howrey LLP
550 South Hope Street, Suite 1100
Los Angeles, CA 90071
(213) 892-1800

Glenn W. Rhodes
J. James Li
Qin Shi
Howrey LLP
525 Market Street, Suite 3600
San Francisco, California 94105
(415) 848-4900

Date: March 10, 2006

Robert W. Whetzel (#2288)
whetzel@rlf.com
Steven J. Fineman (#4025)
fineman@rlf.com
Matthew W. King (#4566)
king@rlf.com
Richards, Layton & Finger
One Rodney Square, P.O. Box 551
Wilmington, DE 19899
(302) 651-7700

Attorneys for Defendants/Counterclaimants
Chunghwa Picture Tubes, Ltd.; Tatung
Company; Tatung Company of America,
Inc.; and Viewsonic Corporation

RLF1-2990520-1

Pursuant to Paragraph 2b(iii) of the Stipulated Protective Order (D.I. 77, Ex. D, the "Order") entered January 24, 2006 in the instant action, Defendants Chunghwa Picture Tubes Ltd., ViewSonic Corporation, Tatung Company of America, and Tatung Company (collectively, "CPT") hereby move this Court to bar LPL from disclosing Confidential and Confidential Attorneys Only ("CAO") information produced by CPT to LPL's consultant (who is also the named inventor of the U.S. Patent No. 5,019,002 asserted in this case), Mr. Holmberg.

On February 23, 2006, counsel for CPT received a letter from Plaintiff's counsel, Mr. Gaspare Bono (Ex. B, the "Bono Letter"), in which he identified Mr. Scott Holmberg as a consulting expert for Plaintiff, and gave a Paragraph 2(b)(ii) notice that he intended to disclose CPT's CAO information to Mr. Holmberg. On March 3, 2006, within ten (10) business days after the date of the Bono letter, counsel for CPT wrote to Mr. Bono objecting to such disclosure pursuant to Paragraph 2b(iii) of the Order. Ex. C, the "Shi letter." Thereafter, counsel for the parties met and conferred regarding CPT's objection, but were unable to resolve the dispute informally.

## I. FACTS

Mr. Holmberg is the sole inventor of U.S. Patent No. 5,019,002 ("the '002 patent"), one of the two patents-in-suit. The '002 patent is directed to methods for protecting flat panel displays—particularly Liquid Crystal Displays (LCDs), including active matrix LCDs ("AMLCDs")—against electrostatic discharge (ESD). The second patent-in-suit, U.S. Patent No. 6,738,121 ("the '121 patent"), also is directed to an aspect of flat panel display technology.

According to Mr. Holmberg's Curriculum Vitae (Ex. B, Enclosures to the Bono Letter, "Holmberg CV"), he is currently the President and CEO of a California-based company, LightSmith, Inc. and is actively engaged in the business and technical consulting in flat panel displays including, *inter alia*, the areas of AMLCDs, Field Emission Display and Transmissive MicroDisplays (Ex. B, Holmberg CV, Professional Experience). Thus, according to Mr. Holmberg's CV, his current professional pursuits, and those of the company he owns, are in the very subject area of the two

patents Plaintiff is asserting against CPT. As Plaintiff is well aware, CPT is in the business of manufacturing AMLCDs. A survey of only a few of Mr. Holmberg's activities listed in his CV evidences his ongoing competitive undertakings in the area of CPT's principal business. *See* Exs. A and B.[1] Mr. Holmberg's CV clearly establishes that he has been and continues to be active in the semiconductor and display industries, with a particular focus on the design, development, and production of AMLCDs.

Furthermore, Mr. Holmberg is a prolific inventor in the area of semiconductors and displays, holding twenty-one (21) patents issued to his name, all in the AMLCD area, and one patent application pending. *See* Ex. B, Holmberg CV.

## II.  ARGUMENT

### A.  *Mr. Holmberg Should Be Denied Access to CPT's CAO Because He is a Direct Competitor*

Under Delaware law, CPT satisfies its burden to show good cause why the information it designated as confidential should maintain its designation by showing "disclosure of the information would work a 'clearly defined and serious injury.'" *International Business Machines, Corp. v. Comdisco, Inc.*, 1992 Del. Super. LEXIS 171, at *3 (Del. Super. Ct. Apr. 3, 1992) (quoting *Procter & Gamble Co. v. Nabisco Brands, Inc.*, 111 F.R.D. 326, 329 (D. Del. 1986).[2] A sufficient showing of competitive disadvantage satisfies a party's burden of demonstrating good cause why confidentiality should be maintained. *International Business Machines*, 1992 Del. Super. LEXIS 171, at *3 (citing *Zenith Radio Corp. v. Matsushita Electric Industrial Co.*, 529 F. Supp. 866, 890 (E.D. Pa. 1981)).

---

[1] Exhibit A reflects certain activities described on Mr. Holmberg's CV, particularly the entries concerning his work with LightSmith, Image Quest Technologies, Advanced Display Technologists and Alphasil, all of which involved AMLCDs, like those manufactured by CPT and various processes involved in the manufacture of AMLCDs, that illustrate the need for the relief sought herein. A copy of Mr. Holmberg CV's is attached hereto in its entirety as Exhibit B behind the Bono letter.

[2] Unreported opinions are attached hereto as Exhibit E.

The Delaware courts recognize that "[d]isclosure to a competitor is presumed more harmful than disclosure to a non-competitor." *Cash Today of Tex.*, 2002 D. Del. LEXIS 20694, at *7 (D. Del. Oct. 23, 2002). As discussed above, Mr. Holmberg's CV evidences that he is, in fact, a competitor of CPT based on this more than 20 years of active involvement in the design, development, and production of AMLCDs, CPT's core business. As the President and CEO of LightSmith, he is poised to remain engaged in this field.

Disclosure of CPT's CAO information to Mr. Holmberg, including information such as (i) Mask files for CPT's AMLCD products including the integrated circuit chips incorporated therein (which are maintained by CPT as trade secrets); (ii) Technical whitepapers, product specifications and operating manuals; (iii) CPT's financial data, sales and revenue figures; (iv) CPT's Customer information; (v) Information about CPT's partnerships and alliances; and (vi) CPT's Competitive market analysis and business strategic planning reports and its technical, business, financial and/or other proprietary information, "would work a clearly defined and serious injury" to CPT. *International Business Machines*, 1992 Del. Super. LEXIS 171, at *3 (internal quotations omitted).

Where, as here, a party "has a valid and legitimate concern over protection of its confidential and proprietary information and scientific know-how," it satisfies its burden to show good cause why confidentiality should be preserved pursuant to a protective order. *ID Biomedical Corp. v. TM Technologies, Inc.*, 1994 LEXIS 124, at *9-10 (Del. Ch. July 20, 1994). Here, the facts present an even more compelling case against disclosure than those in *ID Biomedical* because (1) Mr. Holmberg is an actual and direct competitor of CPT, not just a potential competitor; (2) Mr. Holmberg is <u>not</u> a party to the litigation and thus has a less compelling need for access to the information; and (3) the disclosure sought here is broader, and thus more injurious to CPT. Accordingly, the Court should exercise its "sound discretion" in aggressively enforcing the Order in this case, to bar Mr. Holmberg from accessing information produced by CPT designated as CAO, as the Order expressly requires (*See infra*), and information designated as Confidential. *Mann v. Oppenheimer & Co.*, 517 A.2d

1056, 1061 (Del. 1986) ("Application of the discovery rules is subject to the exercise of this Court's sound discretion.").

**B.    *The Order Expressly Prohibits Disclosure of CAO Information to Mr. Holmberg***

Under Paragraph 5 of the Order, access to CAO information by individuals involved in the patent prosecution relating to LCD TFTs and to the protection of LCDs against ESD is expressly prohibited. As discussed above, Mr. Holmberg has over twenty patents issued to his name and one application pending, all in the technology areas relating to the subject matters of the patents-in-suit. As a prolific inventor he is surely involved in "selecting or identifying the subject matter of [] patent claims, . . . [and] providing instruction, direction or advice regarding [the] prosecution activities." Ex. D, Order ¶ 5. Mr. Holmberg's participation in these prosecution-related activities alone should disqualify him from accessing CPT's CAO information. *Id.* Mr. Holmberg should be barred at least from accessing information produced by CPT and designated as CAO.

**C.    *Mr. Holmberg's Access to CPT's CAO Will Prejudice His Fact Testimony***

As the named inventor on the '002 patent, Mr. Holmberg is a key fact witness in the instant action. Mr. Holmberg's fact witness testimony has not yet been preserved (in fact, LPL's counsel had previously suggested that Mr. Holmberg might be too ill to sit for a deposition). Allowing such a key fact witness, particularly one engaged in competition with CPT, access to CPT's Confidential and CAO information is unduly prejudicial to CPT as it is likely both to affect his as-yet-unpreserved fact witness testimony and to confuse and mislead the jury. For the reasons discussed *supra* in Section II.A., allowing Mr. Holmberg to have access to CPT's confidential technical, business, financial, and other proprietary information would exacerbate this likelihood of prejudice and confusion.

WHEREFORE, CPT respectfully requests that the Court issue an order barring disclosure of CPT's Confidential and CAO information protected under the Stipulated Protective Order to Mr. Holmberg.

Of Counsel:

Christine A. Dudzik
Thomas W. Jenkins
Howrey LLP
321 North Clark Street, Suite 3400
Chicago, Illinois 60610
(312) 595-1239

Julie S. Gabler
Howrey LLP
550 South Hope Street, Suite 1100
Los Angeles, CA 90071
(213) 892-1800

Glenn W. Rhodes
J. James Li
Qin Shi
Howrey LLP
525 Market Street, Suite 3600
San Francisco, California 94105
(415) 848-4900

March 10, 2006

/s/ 
Robert W. Whetzel (#2288)
whetzel@rlf.com
Steven J. Fineman (#4025)
fineman@rlf.com
Matthew W. King (#4566)
king@rlf.com
Richards, Layton & Finger
One Rodney Square, P.O. Box 551
Wilmington, DE 19899
(302) 651-7700

Attorneys for Defendants/Counterclaimants
Chunghwa Picture Tubes, Ltd.; Tatung
Company; Tatung Company of America,
Inc.; and Viewsonic Corporation

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I hereby certify that on March 10, 2006, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing, and hand delivered to the following:

Richard D. Kirk
The Bayard Firm
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DC 19899

I hereby certify that on March 10, 2006, I sent the foregoing document by electronic mail, to the following non-registered participants:

Gaspare J. Bono
Cass Christenson
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006

Steven J. Fineman (#4025)
fineman@rlf.com
Richards, Layton & Finger
One Rodney Square, P.O. Box 551
Wilmington, DE 19899
(302) 651-7700

RLF1-2990520-1