# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG.PHILIPS LCD CO., LTD.,<br><br>Plaintiff/Counterclaim Defendant,<br><br>v.<br><br>TATUNG COMPANY;<br>TATUNG COMPANY OF AMERICA, INC.;<br>CHUNGHWA PICTURE TUBES, LTD.;<br>AND VIEWSONIC CORPORATION,<br><br>Defendants/Counterclaim Plaintiffs. | Civil Action No. 05-292 (JJF) |

**PLAINTIFF LG.PHILIPS LCD CO., LTD'S
INITIAL DISCLOSURES PURSUANT TO RULE 26(a)(1)**

Plaintiff LG.Philips LCD Co., Ltd. ("LPL"), by its undersigned counsel, makes the following initial disclosures, pursuant to Fed. R. Civ. P. 26(a)(1) and Local Rule 16.2. LPL makes these Initial Disclosures based on information now reasonably available to it, and reserves the right to supplement these disclosures if necessary.

A.   **PERSONS WITH KNOWLEDGE**

At this time, LPL believes the following individuals are likely to have discoverable information that LPL may use to support its claims. The following list is limited to those persons that LPL is specifically aware of at the present time. In addition, employees and former employees of each of the Defendants, and third parties, may have knowledge supporting LPL's claims, the specific nature and identity of which is not yet known to LPL, but which may relate to at least the design, assembly, production, function, use, sale and marketing of Defendants' products and components thereof. The undersigned counsel listed below represents or expects to represent all of the listed witnesses for the purposes of LPL's claims against the Defendants.

Defendants' counsel should direct any communication to the following witnesses through the undersigned counsel.

    Dr. Scott H. Holmberg
    LightSmith, Inc.
    Knowledgeable regarding subjects including the conception and reduction to practice of United States Patent No. 5,019,002

    Sai Chang Yun
    LG.Philips LCD Co., Ltd.
    Republic of Korea
    Knowledge regarding subjects including the conception and reduction to practice of United States Patent No. 6,738,121

    William Bohannon
    Expert on Infringement and Validity

In addition, the following persons are likely to have discoverable information that LPL may use to support its claims:

    Chunghwa Picture Tubes, Ltd. employees and representatives

    Tatung Co. employees and representatives

    Tatung Company of America, Inc. employees and representatives

    ViewSonic Corp. employees and representatives

    Defendants' affiliates, distributors, suppliers, and/or customers (including, for example, retailers that sell or have sold infringing products)

LPL may also identify additional experts, to be disclosed at the appropriate time.

**B.    DESCRIPTION OF DOCUMENTS**

At this time, LPL believes that the following categories of documents and things in possession of LPL or its retained counsel may be used to support LPL's claims and defenses. In making these Initial Disclosures, LPL does not waive applicable privileges or protections from disclosure, including the attorney-client privilege or work product doctrine, nor the right to designate confidential materials for appropriate protection under the Court's Local Rules and any

future protective order entered in this case. To the extent these documents are designated as confidential (or were previously designated as confidential under the temporary protective order entered in this case), such documents will be produced only as consistent with and subject to such designations and applicable protections.

- United States Patent No. 6,738,121 ("the '121 Patent"), entitled "Tape Carrier Package With Dummy Bending Part And Liquid Crystal Display Employing The Same," issued on May 18, 2004;

- United States Patent No. 5,019,002 ("the '002 Patent"), entitled "Method of Manufacturing Flat Panel Backplanes Including Electrostatic Discharge Prevention And Displays Made Thereby," issued on May 28, 1991;

- The prosecution history files of the United States Patent and Trademark Office for the '121 and '002 Patents (the "Patents in Suit");

- The references cited in the prosecution history files of the United States Patent and Trademark Office for the Patents in Suit;

- Technical documents and specifications published by Defendants;

- Documents and information regarding identification and/or manufacturing of infringing products made, imported, sold, and/or offered for sale by Defendants, directly or indirectly;

- Documents related to the marketing, offering for sale, and selling of infringing products, directly or indirectly; and/or

- Correspondence between LPL and Defendants regarding the Patents in Suit.

- Documents exchanged and obtained in discovery in the consolidated cases LG.Philips LCD Co., Ltd. v. Tatung Co. of America, et al., Case Nos. CV 02-6775 CBM (JTLx), CV 03-2866 CBM (JTLx), CV 03-2884 CBM (JTLx), CV 03-2885 CBM (JTLx), CV 03-2886 CBM (JTLx) (C.D. Cal.).

The preceding categories of documents and things are available for inspection and copying at the law offices of McKenna Long & Aldridge LLP, 1900 K Street, N.W., Washington, D.C. 20006 during regular business hours, upon reasonable advance notice and subject to agreement of counsel.

### C.     COMPUTATION OF DAMAGES

LPL has experienced, and continues to suffer, economic and irreparable harm as a result of Defendants' individual and collective infringement of the Patents in Suit. Pursuant to 35 U.S.C. § 282, on November 1, 2005, LPL filed a motion for preliminary injunction, seeking injunctive relief from Defendants' continued infringement.

Pursuant to 35 U.S.C. § 284, LPL is seeking damages for Defendants' infringement of the Patents in Suit, in the amount equal to, at a minimum, a reasonable royalty, together with pre- and post-judgment interest and costs as fixed by the Court. LPL will also seek increased damages and attorneys' fees, as appropriate, because by continuing to use, make, offer for sale, and sell infringing devices, Defendants are engaged in willful and deliberate infringement which justifies increased damages and which may qualify this as an exceptional case supporting recovery of attorney's fees pursuant to 35 U.S.C. § 285.

Any computation of damages, including a reasonable royalty, lost profits or other additional sums, is dependent in part on discovery and disclosures to be received from Defendants. LPL cannot provide a complete calculation of damages at this time. LPL reserves the right to modify its damages theories and calculations or to seek damages under different theories as appropriate in view of information to be discovered in this case and in view of anticipated expert opinions on the subject of damages.

### D.     INSURANCE AGREEMENTS

LPL is aware of no insurance agreements pertinent to this litigation.

LPL expressly reserves the right to supplement these initial disclosures.

December 16, 2005								THE BAYARD FIRM

								/s/ Richard D. Kirk (rk0922)
								222 Delaware Avenue, Suite 900
								P.O. Box 25130
								Wilmington, DE  19899-5130
								(302) 429-4208

								*Counsel for Plaintiff*
								*LG.PHILIPS LCD CO., LTD.*

OF COUNSEL:
Gaspare J. Bono
Cass W. Christenson
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006
(202) 496-7500

611624v1

5