IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG.PHILIPS LCD CO., LTD., <br><br>          Plaintiff/Counterclaim Defendant, <br><br> v. <br><br> TATUNG COMPANY; <br> TATUNG COMPANY OF AMERICA, INC.; <br> CHUNGHWA PICTURE TUBES, LTD.; <br> AND VIEWSONIC CORPORATION, <br><br>          Defendants/Counterclaim Plaintiffs. | Civil Action No. 05-292 (JJF) |

**PLAINTIFF'S ANSWERING MEMORANDUM IN OPPOSITION TO
DEFENDANTS' MOTION FOR ORDER BARRING DISCLOSURE
OF CPT'S "CONFIDENTIAL" AND "CONFIDENTIAL ATTORNEYS ONLY"
INFORMATION TO MR. SCOTT HOLMBERG**

THE BAYARD FIRM
Richard D. Kirk (#922)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899-5130
(302) 655-5000

Counsel for Plaintiff
LG.PHILIPS LCD CO., LTD.

OF COUNSEL:
Gaspare J. Bono
Matthew T. Bailey
Cass W. Christenson
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006
(202) 496-7500

March 17, 2006

Plaintiff LG.Philips LCD Co., Ltd. ("LPL") opposes the Motion filed by Defendants[1] for Order Barring Disclosure of CPT's Confidential and Confidential Attorneys Only Information to Mr. Scott Holmberg (the "Motion"). LPL alleges that Defendants infringe U.S. Patent Nos. 5,019,002 ("the '002 Patent") and 6,738,121 ("the '121 Patent") (the "Patents-in-Suit").

## I.      FACTUAL BACKGROUND

Mr. Holmberg is the inventor of the '002 Patent and is qualified and knowledgeable concerning the complex technical matters regarding this technology. Holmberg Decl. dated Mar. 15, 2006, Ex. A, at ¶¶ 3-4. He has never been an employee of LPL or any other party. *See id.* ¶ 10. Mr. Holmberg also has not worked with any of the parties related to any competitive decision making. *See id.* ¶ 12. Since 1997, Mr. Holmberg's work has not related to CPT's core products, amorphous silicon-based AMLCD products. *See id.* ¶ 15. Currently, Mr. Holmberg is not pursuing any specific areas of research and is not involved in prosecuting any patents relating to the subject matter of the Patents-in-Suit. *See id.* ¶¶ 11, 18. Previously, from 1998-2005, his research was focused on inventions in areas unrelated to the technology at issue. *See id.* ¶ 17.

Since December 2005, Mr. Holmberg has assisted counsel for LPL as a consulting expert for this case. *See id.* ¶ 5. Defendants' counsel also attempted to utilize Mr. Holmberg as an expert for this case. *See id.* ¶ 7. Because of his knowledge and expertise, Mr. Holmberg is an invaluable resource to assist LPL's counsel to understand complex technical matters. For example, Mr. Holmberg can explain and discuss with LPL's counsel manufacturing methods and issues relevant to the technology and claims of the '002 Patent.

---

[1] The Defendants are Chunghwa Picture Tubes Ltd. ("CPT"), ViewSonic Corporation ("ViewSonic"), Tatung Company ("Tatung"), and Tatung Company of America, Inc. ("Tatung America") (collectively, "Defendants").

The parties negotiated and jointly submitted a Confidentiality Stipulation and Protective Order that the Court adopted (the "Protective Order"). D.I. 76. The Protective Order allows information to be designated as "confidential" or "confidential attorneys only" and such information can be disclosed to experts, "including consultants and investigators, retained by any party or counsel . . . to assist . . . or to testify at trial," "provided that such experts shall not be past or present employees of a party" and advance notice is provided to opposing counsel. Protective Order, D.I. 76 at ¶¶ 2(b) & 3(b). Mr. Holmberg has reviewed the Protective Order and agrees to be bound by its provisions. *See* Ex. A, ¶¶ 8-9. Defendants "have the burden of establishing that good cause exists" to bar or limit disclosure. D.I. 76 at ¶ 2(b)(iii).

## II. ARGUMENT

### A. Defendants Fail To Carry Their Burden To Justify Barring Disclosure

This Court should deny Defendants' motion, which is based on generalized, unfounded assumptions of harm.[2] *See, e.g., Medtronic Ave., Inc. v. Advanced Cardiovascular Sys., Inc.*, Nos. 98-0080-SLR, et al., 2004 WL 115594, at *3 (D. Del. Jan.13, 2004); *Enzo Life Sciences, Inc. v. Digene Corp.*, No. Civ.A. 02-212-JJF, 2003 WL 21402512, at *6 (D. Del. June 10, 2003) ("The Court concludes that Digene has not met its burden of proof with regard to this issue and also concludes that the Stipulated Protective Order is sufficient at this time."); *Procter & Gamble Co. v. Nabisco Brands, Inc.*, 111 F.R.D. 326, 331 (D. Del. 1986) ("Keebler has failed to show 'good cause' that disclosure of the documents will be to its competitive disadvantage."). Defendants must demonstrate that disclosure would inflict "a clearly defined, specific and serious injury." *AFP Advanced Food Prods. LLC v. Snyder's of Hanover Mfg.*, No. Civ.A. 05-

---

[2] LPL's counsel previously discussed Defendants' position in an attempt to obtain clarification and understand the basis for their objections, without success. *See* Ex. B (March 10, 2006 letter from Christenson to Shi).

3006, 2006 WL 47374, at *1 (E.D. Pa. Jan. 6, 2006) (quoting *Shingara v. Skiles*, 420 F.3d 301, 306 (3d Cir. 2005)); *see also* Protective Order at ¶ 2(b)(iii) (requiring Defendants to object "in writing with all such grounds stated with specificity."). CPT fails to show any harm, let alone specific or defined harm, which is its burden.

      **B.**    <u>**Mr. Holmberg Is Not A Competitive Threat to Defendants**</u>

The Court should reject CPT's first argument, which is that Mr. Holmberg is a "direct competitor." *See* D.I. 140 at 3. Defendants incorrectly label Mr. Holmberg a "competitor" based on his "years of active involvement" in the "semiconductor and display industries" and the "design, development, and production of AMLCDs," and his former status as a "prolific inventor" with 21 prior patents and one pending patent application. *Id.* at 2-3. CPT also incorrectly and without basis assumes that LPL would disclose to Mr. Holmberg confidential <u>business</u> and <u>financial</u> information. *See id.* at 3. Only information relevant to technical issues would be disclosed to Mr. Holmberg, not CPT's general business and financial documents.

In reality, Mr. Holmberg is elderly and no longer pursuing specific avenues of research. Mr. Holmberg is not a competitor of CPT and does not work for or compete with any of the parties or any LCD manufacturers in any relevant areas. His work does not relate to CPT's technology or to the subject matter identified as relevant in the Protective Order. *See* Ex. A, ¶¶ 11, 17. Mr. Holmberg is not an attorney and is not involved in any patent prosecution activities related to any of the three specific subjects set forth in Paragraph 5 of the Protective Order. *See id.* ¶ 11. Paragraph 5 of the Protective Order thus does not apply to Mr. Holmberg and Mr. Holmberg is not a competitive threat to CPT or Defendants.

CPT does not provide any credible "reason to question" Mr. Holmberg's veracity in agreeing to be bound by the terms of the Protective Order. *Telular Corp. v. VOX2, Inc.*, No. 00C6144, 2001 WL 641188, at *2 (N.D. Ill. June 4, 2001). Further, CPT's reasoning -- that Mr.

620548v1

3

Holmberg's past inventions and years of expertise should disqualify him from acting as an expert -- is flawed. CPT's position would mean that "a litigant could successfully object to any active industry consultant in any high technology litigation, thereby giving it the power of veto over its adversary's choice of experts." *Advanced Semiconductor Materials Am., Inc. v. Applied Materials Inc.*, 43 U.S.P.Q.2d 1381, 1384 (N.D. Cal. 1996). If CPT could object to disclosure based on the fact that a witness is active and knowledgeable regarding any LCD technology, it would seriously prejudice LPL's ability to use any technical experts in this case.

The Court also should reject CPT's second argument, which is that the Protective Order prohibits disclosure. *See* D.I. 140 at 4. The Protective Order authorizes disclosure of all confidential information to third-party experts such as Mr. Holmberg. The Defendants' position would inflict on LPL "a monumental task in locating a well-qualified expert" because CPT could argue that almost any potential expert would be unable to "compartmentalize the knowledge he will gain" as LPL's expert. *Promega Corp. v. Applera Corp.*, No. 01-C-244-C, 2002 WL 32359938, at *8 (W.D. Wis. June 7, 2002).

Finally, the Court should reject CPT's third argument, which is that disclosure to Mr. Holmberg would somehow likely "affect his as-yet-unpreserved fact witness testimony" and "confuse and mislead the jury." *See* D.I. 140 at 4. This argument is conclusory, at best. In any event, Mr. Holmberg's possible trial testimony as a fact witness – even assuming such future testimony would occur – has no bearing on whether he can review discovery under the Protective Order as an expert.

WHEREFORE, for all of the foregoing reasons, LPL respectfully requests that the Court deny Defendants' Motion for Order Barring Disclosure (D.I. 140).

620548v1

4

March 17, 2006

                        THE BAYARD FIRM

                        /s/ Richard D. Kirk (rk0922)
                        222 Delaware Avenue, Suite 900
                        P.O. Box 25130
                        Wilmington, DE  19899-5130
                        (302) 655-5000

                        Counsel for Plaintiff
                        LG.PHILIPS LCD CO., LTD.

OF COUNSEL:
Gaspare J. Bono
Matthew T. Bailey
Cass W. Christenson
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006
(202) 496-7500

620548v1

5

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG.PHILIPS LCD CO., LTD.,<br><br>    Plaintiff/Counterclaim Defendant,<br><br>v.<br><br>TATUNG COMPANY;<br>TATUNG COMPANY OF AMERICA, INC.;<br>CHUNGHWA PICTURE TUBES, LTD.;<br>AND VIEWSONIC CORPORATION,<br><br>    Defendants/Counterclaim<br>    Plaintiffs. | Civil Action No. 05-292 (JJF) |

### DECLARATION OF SCOTT H. HOLMBERG

I, Scott Holmberg, declare under penalty of perjury as follows:

1. I have personal knowledge of the facts stated in this declaration, and if called upon as a witness, I could competently testify to the facts stated herein.

2. I am 62 years of age, and I am a resident of the state of California, residing at 3106 Las Palmas Avenue, Escondido, CA 92025.

3. I received a Bachelor of Science in the field of Electrical Engineering from Wayne State University, and I have over thirty (30) years of engineering and management experience in the semiconductor and electronic display industry, including the design and development of one of the world's first fully functional Active Matrix Liquid Crystal Displays ("AMLCD") in 1982.

4. I am the inventor of U.S. Patent No. 5,019,002 ("the '002 Patent"), entitled "Method of Manufacturing Flat Panel Backplanes Including Electrostatic Discharge Prevention and Displays Made Thereby," which relates to methods to protect the circuit elements of liquid crystal display panels ("LCD panels") from damage caused by electrostatic discharge that is accidentally fed into the active matrix.

5. Since December 2005, I have been assisting counsel for LG.Philips LCD Co., Ltd. ("LPL") as an expert consultant, and I have agreed to assist, advise, and consult with LPL's counsel regarding the '002 Patent, including regarding technical issues related to the invention and claims in the '002 Patent.

6. This is the second time I have acted as an expert consultant. The previous instance, in connection with *LG.Philips Co., Ltd. v. NEC Corporation, et al.*, C.A. No. 99-726 (RRM), also involved the '002 Patent.

7. An attorney from the law firm of Howrey LLP contacted me in December 2005 and asked whether I would serve as Defendants' consultant in this case. As I had already been retained by LPL, I declined Howrey's invitation.

8. I have reviewed and agreed to be bound by the terms and provisions of the "CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER" entered by this Court on January 24, 2006. Attached as <u>Exhibit 1</u> to this Declaration is a copy of my "Acknowledgement," which I signed on February 21, 2006.

9. As required by Section 1(a) of the Protective Order, I agree not to use any information that I receive in this case, which is subject to and governed by the Protective Order, except in connection with my work on this case.

10. I am not presently, nor have I ever been, an employee of any party to this case.

11. I am neither a patent agent nor a patent attorney, and I am not presently substantively involved in, and do not anticipate being substantively involved in, drafting, filing, or prosecuting any patent applications, selecting or identifying the subject matter of any patent claims, or preparing or drafting any patent claims, or providing instruction, direction, or advice regarding these prosecution related activities, where the application or claims are directed to (a) the manufacture and/or structure of thin film transistors and/or associated wiring structures (for liquid crystal display devices) of the type disclosed in the patents-in-suit in *LG.Philips LCD Co., Ltd. v. Tatung Co. of America, et al.*, Consolidated Cases CV 02-6775 CBM (JTLx), CV 03-2866 CBM (JTLx), CV 03-2884 CBM (JTLx), CV 03-2885 CBM (JTLx), CV 03-2886 CBM (JTLx) (C.D. Cal.), (b) tape carrier packages in liquid crystal display devices, or (c) products or methods directed to protecting against electrostatic discharge in the thin film transistor substrate of liquid crystal display devices.

12. I have never consulted or worked for any of the parties to this case in any competitive decision-making process.

13. Since 1998, I have been the President, Chief Executive Officer, sole shareholder, and one of the two employees of LightSmith, Inc.

14. I do not consider myself to be a competitor of the Defendants.

15. Throughout the industry, virtually all AMLCD panels used in LCD computer monitors and LCD televisions are amorphous silicon based. Likewise, it is my understanding that Defendants' AMLCD display products, including its AMLCD panels used in LCD computer monitors and LCD televisions, are amorphous silicon based. Since 1997, I have not participated in designing, manufacturing, advertising, promoting, or selling amorphous silicon based AMLCD display products.

16. Although I have been involved in the semiconductor and LCD industries for many years, I have not since 1997 worked for or provided business related consulting services to any company that manufactures or distributes amorphous silicon based AMLCD display products, including LPL.

17. From 1998 through 2005, my research was focused on inventing and seeking patent protection for both (a) methods of fabricating polycrystalline silicon ("polysilicon") circuits on plastic substrates and (b) equipment to dry etch ITO films. Neither of these areas of research involve either tape carrier packages or inventions to prevent electrostatic discharge in amorphous silicon based AMLCD display products.

18. I am not currently pursuing any specific areas of research. Instead, I am presently focused on business concerns involving my past inventions

4

(specifically the aforementioned work in the areas of fabricating polysilicon circuits on plastic substrates and equipment to dry etch ITO films) and providing consulting services regarding the validity and infringement of my patents.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on March 15, 2006 at Escondido, CA.

*/s/ Scott H. Holmberg*
Scott H. Holmberg

# Exhibit 1

## ACKNOWLEDGEMENT

I, __SCOTT H. HOLMBERG__, declare:

1. I reside at __3106 LAS PALMAS AVE.__ [Street Address] __ESCONDIDO, CA 92025__ [City, State, Zip code].

2. I am employed by __LIGHTSMITH, INC.__ [Employer] located at __3106 LAS PALMAS AVE.__ [Street Address] __ESCONDIDO, CA 92025__ [City, State, Zip code] as __PRESIDENT__ [Position or Title].

3. I have read and understand the provisions of the Confidentiality Stipulation and Protective Order ("Protective Order") entered in the U.S. District Court for the District of Delaware ("the Court") with respect to the non-disclosure of CONFIDENTIAL and CONFIDENTIAL ATTORNEYS ONLY information and/or documents, and I agree to abide by and be bound by its terms. Specifically, and without limitation upon such terms, I agree not to use or disclose any confidential information made available to me other than in accordance with the Protective Order.

4. I hereby submit to the jurisdiction of the Court for the limited purpose of enforcing the Protective Order, and this Acknowledgement, by contempt proceedings or other appropriate judicial remedies.

5. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Acknowledgement was executed this __21st__ day of __FEBRUARY__, 200__6__.

By: _[signature] Scott N. Holmberg_

# EXHIBIT B

| | McKenna Long & Aldridge LLP<br>Attorneys at Law | |
|---|---|---|
| Atlanta | | San Diego |
| Denver | | San Francisco |
| Los Angeles | 1900 K Street, NW • Washington, DC 20006<br>202.496.7500 • Fax: 202.496.7756 | Washington, DC |
| Philadelphia | www.mckennalong.com | Brussels |

CASS W. CHRISTENSON
(202) 496-7218

EMAIL ADDRESS
cchristenson@mckennalong.com

March 10, 2006

<u>Via Email (*shiq@howrey.com*) and Facsimile (650-798-3600)</u>

Qin Shi, Ph.D.
Howrey LLP
1950 University Avenue, 4th Floor
East Palo Alto, CA 94303

  Re: *LG.Philips LCD Co., Ltd. v. Tatung Co., et al.*, Civ. No. 05-292-JJF

Dear Dr. Shi:

  I am writing regarding your March 3, 2006 letter objecting to the disclosure of Confidential or Confidential Attorneys Only information to Scott Holmberg.

  As we explained in Wednesday's meet and confer, we do not understand why Mr. Holmberg should be disqualified from receiving protected information under the Protective Order. Although we were willing to discuss and hopefully resolve the Defendants' concerns, you were unable to provide any of the information LPL would need to understand and discuss your objection. For example, you could not identify any specific areas in which Mr. Holmberg might pose a competitive threat, and you were unable to identify any specific sensitive documents that Defendants believe would present a risk if disclosed to Mr. Holmberg. You were also unable to explain in what context Mr. Holmberg might pose a competitive threat to Defendants Tatung Company, Tatung Company of America, or ViewSonic Corporation. Rather, you referred us to your March 3, 2006 letter for guidance, but that letter simply states general objections, without the specifics necessary to understand, address, and resolve Defendants' objection.

  In your letter, for example, objected on the grounds that Mr. Holmberg's work as a consulting expert "would cause confusion in the jury, and thereby prejudice Defendants." As we explained in our meet and confer, however, Mr. Holmberg is designated as a consulting expert. We do not anticipate using Mr. Holmberg as a testifying expert at trial.

DC:50397950.1

Qin Shi, Ph.D.
March 10, 2006
Page 2

    The Defendants' position appears to disqualify any person with wide-ranging technical experience, and who may be involved in developing new LCD technologies, as a competitive threat barred under the Protective Order from receiving confidential information. This position is contrary to reason. It is precisely this type of person who is best suited to serve as an expert. Furthermore, the Protective Order clearly contemplates that such a person might serve as an expert. As Mr. Holmberg is not a past or present employee of LPL, and because he has agreed to be bound by the restrictions of the Protective Order (which were previously negotiated and agreed upon by the parties), Mr. Holmberg is entitled serve as a consulting expert.

    I hope you will reconsider your position.

Sincerely,

Cass W. Christenson

cc:    Gaspare J. Bono
       Christine Dudzik
       Julie Gabler
       Matthew W. King
       J. James Li
       David P. Owen

DC:50397950.1

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on March 17, 2006, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Robert W. Whetzel, Esq.
Matthew W. King, Esq.
Richards, Layton & Finger
One Rodney Sqare
P.O. Box 551
Wilmington, DE 19899

The undersigned counsel further certifies that copies of the foregoing document were sent by email and hand to the above counsel and by email and first class mail to the following non-registered participants:

Christine A. Dudzik, Esq.
Thomas W. Jenkins, Esq.
Howrey LLP
321 North Clark Street
Suite 3400
Chicago, IL  60610

Teresa M. Corbin, Esq.
Glenn W. Rhodes, Esq.
Howrey LLP
525 Market Street
Suite 3600
San Francisco, CA  94105

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk

602380v1