IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG. PHILIPS LCD CO., LTD., ) | |
| ) | |
| Plaintiff, ) | C. A. No. 05-292 (JJF) |
| ) | |
| v. ) | **DEMAND FOR JURY TRIAL** |
| ) | |
| TATUNG COMPANY; ) | |
| TATUNG COMPANY OF AMERICA, INC.; ) | |
| CHUNGHWA PICTURE TUBES, LTD.; ) | |
| AND VIEWSONIC CORPORATION, ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS CHUNGHWA PICTURE TUBES, LTD., TATUNG COMPANY, TATUNG COMPANY OF AMERICA, INC. AND VIEWSONIC CORPORATION'S MOTION TO STRIKE PLAINTIFF L.G. PHILIPS LCD CO., LTD'S RESPONSE BRIEF IN SUPPORT OF ITS PROPOSED CLAIM CONSTRUCTIONS AND THE ACCOMPANYING DECLARATIONS OF SCOTT H. HOLMBERG AND WILLIAM K. BOHANNON

Pursuant to District of Delaware Local Rule 7.1.3(c)(2), Defendants Tatung Company, Tatung Company of America, Inc. Chunghwa Picture Tubes, Ltd. and Viewsonic Corporation (collectively "CPT") move to strike Plaintiff L.G. Philips LCD Co., Ltd.'s ("LPL") Response Brief in Support of Its Proposed Claim Constructions ("Response Brief") and the accompanying Declarations of Scott H. Holmberg and William K. Bohannon, and preclude LPL from relying on the arguments raised for the first time in those documents at the *Markman* Hearing.

Pursuant to the Court's Scheduling Order, the parties agreed to file simultaneous opening briefs and simultaneous reply briefs, due March 8 and March 15, 2006, respectively. LPL's opening brief contained little support for most of its proposed claim constructions, relying instead mainly upon conclusory assertions. LPL unfairly reserved the support for its proposed constructions for its reply brief, ignoring the Local Rules' twenty-page limit and submitting a

thirty-two page reply accompanied by two expert declarations. By raising its support for its proposed constructions for the first time in its reply, LPL has violated D. Del. LR 7.1.3(c)(2), and in doing so has impermissibly "sandbagged" CPT.

## SUMMARY OF ARGUMENT

LPL violated Local Rule 7.1.3(c)(2) by making new arguments in its reply brief that should have been made in its opening brief. There is no justification for LPL's failure to include support for its proposed constructions in its opening brief or include the two expert declarations with its opening brief. Nor is there any justification for LPL's failure to adhere to the twenty-page limit for reply briefs set forth in Local Rule 7.1.3(a)(D). Thus, CPT respectfully requests that the Court strike LPL's Response Brief and the two accompanying expert declarations and preclude LPL from relying on its Response Brief and the accompanying declarations at the *Markman* Hearing.

## STATEMENT OF FACTS

On February 8, 2006, the Court set a March 15, 2006 deadline for completing claim construction briefing and directed the parties to agree upon a briefing schedule in accordance with this deadline. On February 10, 2006, Julie Gabler, counsel for CPT, sent an e-mail to Gaspare Bono, counsel for LPL, proposing a Markman schedule (Ex. A). In the e-mail, Ms. Gabler proposed March 8, 2006 for the simultaneous exchange of opening briefs and March 15, 2006 for the simultaneous exchange of reply briefs. Mr. Bono agreed to the proposal (Ex. A). Accordingly, the parties filed their opening briefs on March 8. LPL included little or no support for its proposed constructions, nor did it attach any expert declarations to the brief. In contrast, CPT filed a brief thoroughly supported by the intrinsic record as well as two expert declarations providing even further support for its positions.

On March 15, 2006, CPT responded to the arguments set forth in LPL's opening brief in a twenty-page reply brief, in compliance with Local Rule 7.1.3(a)(D), which limits reply briefs to twenty pages. LPL, however, filed a thirty-three page brief, raising arguments and issues it should have raised in its opening. For example, in its opening brief, LPL failed to provide definitions for such terms as "resistance," "scribe lines," "corner pad" and "pickup pad." Then, in its reply, LPL included the definitions, as it should have done in its opening brief, along with two expert declarations in support.

## ARGUMENT

Instead of filing a full and fair opening brief, LPL reserved most of the support for its proposed constructions and its two expert declarations for its reply brief. Such tactics are expressly prohibited by Local Rule 7.1.3(c)(2), which provides that "[t]he party filing the opening brief shall not reserve material for the reply brief which should have been included in a full and fair opening brief." The purpose of the Local Rule is to prevent "impermissible sandbagging." *Rockwell Tech., LLC v. Spectra-Physics Lasers, Inc.*, No. 00-589, 2002 WL 531555 at *3 (D. Del. March 26, 2002) (attached hereto as Exhibit B); s*ee also Jordan v. Bellinger*, 2000 U.S. Dist. LEXIS 19233, at *8 (D. Del. April 28, 2000) (attached hereto as Exhibit C) (refusing to allow a movant to use a reply brief to "present material that should have been argued previously").

## CONCLUSION

For the foregoing reasons, LPL's Response Brief in Support of Its Proposed Claim Constructions and the attached Declarations of Scott H. Holmberg and William K. Bohannon should be stricken, and LPL should be precluded from relying on its Response Brief and the accompanying declarations at the *Markman* Hearing.

RLF1-2992911-1

/s/ Robert W. Whetzel
Robert W. Whetzel (#2288)
whetzel@rlf.com
Matthew W. King (#4566)
king@rlf.com
Richards, Layton & Finger
One Rodney Square, P.O. Box 551
Wilmington, DE 19899
(302) 651-7700
Attorney for Defendants/Counterclaimants
Tatung Company, Tatung Company of
America, Chunghwa Picture Tubes, Ltd. and
ViewSonic Corporation

Of Counsel:

Christine A. Dudzik
Thomas W. Jenkins
Howrey LLP
321 North Clark Street, Suite 3400
Chicago, Illinois 60610

Julie S. Gabler
Howrey LLP
550 South Hope Street, Suite 1100
Los Angeles, CA 90071

Glenn W. Rhodes
J. James Li
Qin Shi
Howrey LLP
525 Market Street, Suite 3600
San Francisco, California 94105

Dated: March 17, 2006

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 17, 2006, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing, and hand delivered to the following:

>Richard D. Kirk
>The Bayard Firm
>222 Delaware Avenue, Suite 900
>P.O. Box 25130
>Wilmington, DE 19899

I hereby certify that on March 17, 2006, I sent the foregoing document by Federal Express, next business day delivery, to the following non-registered participants:

>Gaspare J. Bono
>Matthew T. Bailey
>Andrew J. Park
>Adrian Mollo
>McKenna Long & Aldridge LLP
>1900 K Street, NW
>Washington, DC 20006

/s/ Matthew W. King
Matthew W. King (#4566)
king@rlf.com
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

RLF1-2917974-1