EXHIBIT 9

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG. PHILIPS LCD CO., LTD., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TATUNG COMPANY, ) <br> TATUNG COMPANY OF AMERICA, INC., ) <br> CHUNGHWA PICTURE TUBES, LTD., ) <br> AND VIEWSONIC CORPORATION, ) <br> ) <br> Defendants. ) <br> ) <br> ) <br> ) <br> ) <br> ) | C.A. No. 05-292 (JJF) <br><br> **DEMAND FOR JURY TRIAL** |

**OBJECTIONS OF DEFENDANTS AND COUNTERCLAIMANTS,
CHUNGHWA PICTURE TUBES, LTD., TATUNG COMPANY, TATUNG
COMPANY OF AMERICA, INC. AND VIEWSONIC CORPORATION,
TO LG. PHILIPS LCD CO., LTD.'S FEBRUARY 28, 2006 DEFICIENCY LETTER**

Defendants and Counterclaimants, Chunghwa Picture Tubes, Ltd., Tatung Company, Tatung Company of America, Inc. and ViewSonic Corporation (collectively, "CPT"), hereby provide their Objections to LG. Philips LCD Co., Ltd.'s ("LPL's") February 28, 2006 Deficiency Letter ("LPL's Letter") as Ordered by this Court on March 1, 2007. These objections are filed in conjunction with, and in some instances in lieu of, further production of documents and things by CPT in the eleven bullet-point categories set forth in LPL's Letter.

As requested by this Court on March 1, CPT has used the eleven bullet points in LPL's Letter as the headings under which it states its objections.

RLF1-2992882-1

I.   **AN INDEX FOR THE MASK WORK FILES RELATED TO ESD RINGS THAT HAVE BEEN PRODUCED, INDICATING WHICH FILE(S) RELATE(S) TO WHICH PRODUCT(S)**

As CPT has informed LPL on numerous occasions, no such index exists at CPT. Federal Rule of Civil Procedure 34 ("Rule 34") does not require a party to create documents in order to respond to a discovery request. If such documents were created, they would be work product and would not be subject to production in any event. LPL elected not to serve an interrogatory seeking this information. LPL cannot now convert a Rule 34 Request for Documents and Things into a Federal Rule of Civil Procedure 33 ("Rule 33") Interrogatory.

LPL has served Federal Rule of Civil Procedure 30(b)(6) topics related to mask files and will be allowed to pursue these issues in deposition, within the prescribed time limits. LPL also has the benefit of the days and days of testimony on mask files provided by CPT witnesses in the California action.

II.   **IDENTIFICATION OF EACH LAYER OF MASK WORKS SO THAT WE CAN DETERMINE WHICH FILE GOES WITH EACH LAYER AND WHAT EACH LAYER REPRESENTS**

The information sought by LPL has already been provided. The mask files themselves are color coded by layer, making them inherently self-identified by layer.

Apart from the mask files themselves, and as CPT has previously informed LPL, CPT does not maintain a separate document or documents identifying the layers in the mask files. Rule 34 does not require a party to create documents in order to respond to a discovery request. If such documents were created, they would be work product and would not be subject to production in any event. LPL elected not to serve an interrogatory seeking this information. LPL cannot now convert a Rule 34 Request for Documents and Things into a Rule 33 Interrogatory.

2

### III. DOCUMENTS DETAILING THE STEPS OF PRODUCTION FOR MOTHER GLASS SHEETS

CPT has produced the documents in its possession, custody or control that are responsive to this category of requests. Specifically, CPT produced 2527 pages of operational specifications (CPT-D 19296-19731, CPT-D 25021-27111). These documents disclose all of the production steps for mother glass sheets. In fact, these documents are so detailed that they include instructions concerning every minute step of the process from cleaning and preparing the glass, to the type of gloves to wear during various steps of the processes, to the types of cleaning tools to use all the way through polishing the edge of the glass.

### IV. DOCUMENTS CONCERNING SCRIBING, CUTTING OR MARKING OF SUBSTRATES

As discussed in category III above, CPT produced 2527 pages of operational specifications (CPT-D 19296-19731, CPT-D 25021-27111). These documents disclose all of the production steps for mother glass sheets, including the "scribing, cutting or marking of substrates."

### V. DETAILED MECHANICAL DRAWINGS OF THE MOTHER GLASS

Other than the mask files that CPT already has produced to LPL in this case and in the California action, CPT does not have any documents responsive to this category. Mask files are THE mechanical drawings of the mother glass, showing each layer in the process. CPT has produced mask files for at least the following products: CLAA018QCA01, CLAA018QQA02, CLAA022QA01, CLAA040WQA01, CLAA055WA01, CLAA070VA01, CLAA070WA01, CLAA070WA01N, CLAA070WA03, CLAA070WA03, CLAA070WB01, CLAA070WQA01, CLAA080WA01, CLAA090VA01, CLAA090VA01, CLAA090WA01, CLAA090WA01, CLAA090WAB01, CLAA121WA01, CLAA121WA01A, CLAA130VA01, CLAA130VA02, CLAA140WA01, CLAA140WA01A, CLAA141PB01, CLAA141XB01, CLAA141XB02, CLAA141XB02A, CLAA141XC01, CLAA141XC01H, CLAA141XF01, CLAA141XD01, CLAA141XD03, CLAA141XD05, CLAA141XD06, CLAA141XD12, CLAA141XD13,

3

CLAA150PA01, CLAA150PB01, CLAA150PB03, CLAA150PB03A, CLAA150XA03, CLAA150XA03B, CLAA150XA03E, CLAA150XA04, CLAA150XA05, CLAA150XA05T, CLAA150XA14, CLAA150XC01, CLAA150XC14, CLAA150XC15, CLAA150XE01, CLAA150XE01F, CLAA150XG01, CLAA150XG01A, CLAA150XG01F, CLAA150XG02, CLAA150XG02F, CLAA150XG02T2, CLAA150XG03, CLAA150XG04, CLAA150XG06, CLAA150XG07, CLAA150XG08, CLAA150XG08A, CLAA150XG08Q, CLAA150XG09, CLAA150XG09F, CLAA150XG09T, CLAA150XG12, CLAA150XH01, CLAA150XH01A, CLAA150XH01G, CLAA150XH02, CLAA150XH03, CLAA150XH05, CLAA150XP01, CLAA150XP01F, CLAA150XP01S, CLAA150XP01T, CLAA150XP01V, CLAA150XP02, CLAA150XP02A, CLAA150XP03, CLAA150XP03F, CLAA154WA01, CLAA154WA01A, CLAA154WA02, CLAA154WA02A, CLAA154WA03, CLAA154WA03A, CLAA154WA04, CLAA154WA05, CLAA154WA05A, CLAA154WB04, CLAA170EA07Q, CLAA170ES01, CLAA171WA01, CLAA170EA02, CLAA170EA02Q, CLAA170EA03, CLAA170EA03Q, CLAA170EA05, CLAA170EA07, CLAA170EA07F, CLAA170EA07G, CLAA170EA07Q, CLAA170EA07V, CLAA170EA08, CLAA170EA08Q, CLAA170EA09, CLAA170EA19, CLAA181EA01, CLAA181XA01, CLAA181XA01F, CLAA181XA02, CLAA190EA01, CLAA190EA03, CLAA190EA03H, CLAA190EA03V, CLAA190EA05, CLAA201VA02, CLAA201VA02B, CLAA201VA03, CLAA201WA01, CLAA201WA03, CLAA260WA01, CLAA300WA11, CLAA320WA01, CLAA320WA01, CLAA320WA01, CLAA320WA01C, CLAA320WA01, CLAA320WA01C, CLAA370WA01, CLAA370WA01, CLAA370WA02.

### VI. DOCUMENTS SUFFICIENT TO DETERMINE THE PLACEMENT OF INNER AND OUTER GUARD RINGS AND THE CUTTING OF OUTER GUARD RINGS FROM THE MOTHER GLASS

CPT has produced mask files showing the placement of inner and outer guard rings. CPT also has produced operational specifications (CPT-D 19296-19731, CPT-D 25021-27111) that disclose the cutting of the outer rings from the mother glass. CPT also has produced 51 pieces of mother glass and 39 sample modules. CPT believes that these documents and samples are more

4

than "sufficient to determine the placement of inner and outer guard rings and the cutting of outer guard rings from the mother glass," and thus that its burden has been satisfied.

## VII. DOCUMENTS RELATED TO ASSEMBLY SPECIFICATIONS OF LCD DISPLAY MODULES

After the March 1 hearing, CPT sought clarification from LPL regarding what documents LPL believed were included within this category and which documents requests LPL based this category on. LPL responded by saying that, based on LPL's definition of "LCD display modules" as "the module including an LCD display panel, a backlight unit, driver ICs, and any related components," this category "can include all documents that specify how to assemble the module from its constituent sub-assemblies. Some examples of sub-assemblies of LCD Display Modules include LCD display panels, backlight units, TCPs (embodying driver ICs), and any related components." CPT disagrees that sub-assemblies of backlights and other parts not at issue in this litigation are relevant, and thus has not produced such documents. LPL's category # 11 (below) already calls for TCP specifications and, as stated in that section, those documents have been produced.

CPT also has produced thousands of pages of assembly specifications for LCD modules at both the module and array levels. *See, e.g.,* CPT269666-80, CPT276991-021, CPT277100-111, CPT277127-54, CPT277112-26, CPT267306-19, CPT268903-32, CPT087500-15, CPT261701-16, CPT087410-26, CPT100571-84, CPT188348-77, CPT268878-902, CPT076146-58, CPT084109-21, CPT134256-71, CPT012212-36, CPT128993-14, CPT011602-16, CPT128873-920, CPT061818-33, CPT061781-96, CPT061701-20, CPT075430-51, CPT012494-21, CPT128968-92, CPT075494-511, CPT128832-51, CPT128921-43, CPT012328-50, CPT128944-67, CPT012634-57, CPT012658-73, CPT128798-812, CPT128813-31, CPT128852-72, CPT012613-33, CPT014812-28, CPT128224-44, CPT012029-49, CPT128199-223, CPT012190-211, CPT128179-98, CPT012308-27, CPT128155-78, CPT128078-96, CPT128097-114, CPT012589-612, CPT269428-45, CPT128115-35, CPT131310-20, CPT128136-54, CPT062578-600, CPT082644-66, CPT083155-66,

5

CPT198949-60, CPT083129-54, CPT269034-53, CPT 258801-15, CPT128013-33, CPT012149-69, CPT127986-8012, CPT012467-93, CPT083206-21, CPT083167-82, CPT083032-63, CPT082949-65, CPT083612-31, CPT261583-602, CPT083474-89, CPT076282-97, CPT083361-77, CPT261768-85, CPT083291-307, CPT042773-88, CPT261786-801, CPT012170-89, CPT128035-56, CPT012567-88, CPT075475-93, CPT045636-55, CPT045677-95, CPT045617-35, CPT012129-48, CPT045582-616, CPT045656-76, CPT083986-99, CPT042914-29, CPT083804-20, CPT261823-39, CPT010636-54, CPT061870-85, CPT268933-59, CPT128606-24, CPT128268-89, 128681-99, CPT075533-52, CPT128526-45, CPT128761-78, CPT128740-60, CPT126336-53, CPT075557-77, CPT126354-73, CPT126393-410, CPT12490-506, CPT126470-89, CPT126430-49, CPT126547-66, CPT128245-65, CPT126567-85, CPT126374-92, CPT075708-30, CPT128355-75, CPT128779-97, CPT128420-40, CPT128399-418, CPT128441-61, CPT128332-54, CPT075345-65, CPT128378-98, CPT128310-31, CPT075908-29, CPT075452-72, CPT128462-81, CPT128502-25, CPT061834-49, CPT010657-72, CPT075325-41, CPT061853-68, CPT061801-17, CPT075512-32, CPT075578-97, CPT061739-55, CPT075930-47, CPT039371-93, CPT075731-51, CPT075846-67, CPT01636, 010645-46, CPT061870-80, CPT128588-605, CPT128546-65, CPT075347-65, CPT128380-98, CPT128661-80, CPT075868-87, CPT075826-45, CPT126527-46, CPT126297-315, CPT126278-96, CPT128644-60, CPT128566-87, CPT126316-35, CPT128290-309, CPT061756-73, CPT061721-38, CPT128482-501, CPT128720-39, CPT 128700-19, CPT128700-19, CPT 128626-43, CPT075888-907, CPT126507-26, CPT126450-69, CPT075688-707, CPT126587-606, CPT075800-25, CPT093615-40, CPT269682-98, CPT044792-817, CPT044773-91, CPT093596-614, CPT255229-233, CPT255528-532, CPT269699-717, CPT043627-38, CPT043757-69, CPT043737-49, CPT043690-701, CPT075778-89, CPT075667-79, CPT075410-22, CPTC43669-81, CPT043650-61, CPT043582-94, CPT043561-73, CPT043520-32, CPT075644-59, CPT0437137-29, CPT043539-50, CPT043609-20, CPT094219-30, CPT045396-407, CPT012376-87, CPT094169-80, CPT094190-201, CPT045367-78, CPT094099-110, CPT094147-58, CPT094123-37,

CPT012445-58, CPT045303-14, CPT045324-35, CPT045346-57, CPT045276-87, CPT045256-67, CPT094079-90, CPT094044-56, CPT094067-73, CPT045244-50, CPT045221-33, CPT093940-50, CPT045117-27, CPT094024-35, CPT094002-14, CPT120770-82, CPT0451799-91, CPT093982-92, CPT045159-69, CPT093962-72, CPT045139-49, CPT012548-58, CPT093919-29, CPT045105-06, CPT261666-77, CPT012288-300, CPT012416-18, CPT044842-62, CPT093665-85, CPT044928-59, CPT012522-45, CPT093897-917, CPT012050-70, CPT045074-94, CPT012113-28, CPT093827-44, CPT093808-26, CPT045004-21, CPT012095-112, CPT012395-414, CPT012260-82, CPT044985-97, CPT093868-96, CPT012237-59, CPT045045-73, CPT093783-806, CPT044960-83, CPT093845-67, CPT012071-93, CPT012419-42, CPT045022-44, CPT044905-24, CPT044884-904, CPT093686-706, CPT093707-27, CPT044863-83, CPT010214-226, CPT076172-184, CPT010295-309, CPT010227-230, CPT255552-556, CPT255114-115, CPT010280-294, CPT081147-162, CPT010235-250, CPT081115-131, CPT255467-468, CPT044818-39, CPT012352-63, CPT093642-53, CPT087378-394, CPT009341-361, CPT042853-872, CPT261860-880, CPT075754-75, CPT044705-26, CPT093529-49, CPT044682-704, CPT093505-27, CPT093573-95, CPT042805-818, CPT261881-895, CPT044750-72, CPT093550-72, CPT044727-49, CPT081964-979, CPT081939-952, CPT081765-781, CPT081730-746, CPT081687-703, CPT010029-036, CPT009994-013, CPT042894-913, CPT261913-932, CPT076346-360, CPT269111-29, CPT269054-73, CPT269074-93, CPT268851-877, CPT268836-46, CPT269327-344, CPT269094-106, CPT268960-74, CPT011024-039, CPT076235-250, CPT010822-838, CPT042930-945, CPT261717-734, CPT261683-700, CPT269718-31, CPT2694406-59, CPT269345-371, CPT268988-014, CPT269130-47, CPT076267-81, CPT076298-313, CPT261382-400, CPT261970-87, CPT076298-313, CPT261950-69, CPT042985-3003, CPT269158-175, CPT269176-193, CPT261988-2004, CPT262027-44, CPT262045-61, CPT076298-313, CPT042946-67, CPT262005-26, CPT269194-09, CPT261735-50, CPT269215-29, CPT269236-54, CPT269465-81, CPT269261-76, CPT269737-49, CPT075366-86, CPT045478-98, CPT075620-40,

CPT075600-19, CPT045499-519, CPT045541-60, CPT045434-54, CPT 045455-77, CPT045520-540, CPT075387-407, CPT045415-433, CPT120791-809, CPT269492-518, CPT026932-39, CPT269282-305, CPT269399-423, CPT269306-326, CPT269519-550, CPT259234-48, CPT259922-32, CPT260625-36, CPT259933-45, CPT260603-13, CPT259249-59, CPT260614-24, CPT259911-21, CPT260592-602, CPT259830-40, CPT258767-800, CPT259442-64, CPT260777-99, CPT021472-81, CPT258801-30, CPT083145-66, CPT011928-46, CPT259944-62, CPT260253-71, CPT011913-27, CPT083956-70, CPT259413-28, CPT259754-64, CPT260293-303, CPT021462-71, CPT259889-910, CPT260999-1020, CPT259526-47, CPT259765-86, CPT260304-25, CPT260392-413, CPT009149-62, CPT260638-57, CPT011762-80, CPT011947-65, CPT259486-504, CPT260272-90, CPT011700-20, CPT011966-86, CPT259505-25, CPT011660-78, CPT011987-2005, CPT259573-91, CPT260739-57, CPT259592-620, CPT260680-99, CPT259661-84, CPT260800-23, CPT259706-12, CPT260847-53, CPT259998-260016, CPT260758-76, CPT259984-97, CPT260725-38, 259963-78, CPT260326-41, CPT081907-18, CPT259841-56, CPT259868, CPT260342-58, CPT260370, CPT258690-703, CPT259869-88, CPT261070-89, CPT259621-33, CPT260658-79, CPT081907-918, CPT075238-62, CPT258631-43, CPT259685-705, CPT260371-91, CPT258737-49, CPT258831-45, CPT075178-200, CPT259389-412, CPT259787-809, CPT260414-36, CPT075304-24, CPT259465-85, CPT260437-58, CPT259548-72, CPT260700-24, CPT259638-60, CPT260824-46, CPT258644-57, CPT258658-71, CPT276052-62, CPT258721-36, CPT074724-36, CPT258672-89, CPT258704-20, CPT259742-51, CPT260243-52, CPT261021-30, CPT261031-40, CPT261041-60, CPT259716-32, CPT258602-30, CPT260918, CPT258750-764, CPT267257-293, CPT075202-13, CPT-D 20908 - 21033, CPT-D 05908 – 05930, 19505 – 19519, 26708 – 26722, CPT-D 08753– 08765, CPT-D 23333–23599, 26623–26625, CPT-D 08586–08600, 24299–24368, CPT-D 08380-08421, 08446-08451, 24457-24515, 24703-24720, CPT-D 09906–09920, CPT-D 09888–09905, CPT-D 09974-10029, 10625, 19315–19320, CPT-D 09773–09801, CPT-D 09668-09704, CPT-D 09853–09867.

8

RLF1-2992882-1

Additionally, CPT's operational specifications (CPT-D 19296-19731, CPT-D 25021-27111) also describe assembly specifications for LCD display modules. Finally, CPT produced additional documents related to assembly. *See, e.g.,* CPT-D 028760-028832.

CPT believes its production of documents more than satisfies its burden in this category.

### VIII. MECHANICAL DRAWINGS FOR VARIOUS LAYERS OF ANY TCP

CPT does not manufacture TCPs. CPT purchases TCPs from third party suppliers. CPT's TCP suppliers do not provide CPT with "mechanical drawings for the various layers" of the TCPs they sell to CPT. As such, CPT does not have any documents in its possession, custody or control response to this category of documents.

### IX. DOCUMENTS SUFFICIENT TO DETERMINE THE CUTTING PROCEDURES AND SPECIFICATION FOR CUTTING INDIVIDUAL PANELS FROM A MOTHER PANEL

As discussed above, CPT already has produced 2527 pages of operational specifications. *See* CPT-D 19296-19731, CPT-D 25021-27111. These documents disclose all of the production steps for mother glass sheets, including any "cutting procedures and specifications for cutting individual panels from a mother panel."

### X. OPERATIONAL SPECIFICATIONS REGARDING CUTTING AND PROCESSING OF THE MOTHER GLASS

As discussed above, CPT already has produced 2527 pages of operational specifications. *See* CPT-D 19296-19731, CPT-D 25021-27111. The operational specifications produced include those "regarding cutting and processing of the mother glass." CPT has produced all operational specifications concerning LCD products in its possession, custody or control; there is nothing to compel.

### XI. DOCUMENTS AND SPECIFICATIONS RELATED TO TCPS

As discussed above in response to category #8, CPT does not manufacture TCPs. CPT purchases TCPs from third party suppliers. CPT's TCP suppliers do not provide CPT with their

9

internal documents concerning the design or manufacture of the TCPs they sell to CPT. As such, CPT only has limited documentation concerning TCPs. CPT has produced all specifications related to TCPs in its possession, custody or control response to this category of documents. There are no other documents in CPT's possession, custody or control response to this category of documents.

                                                   */s/ Robert W. Whetzel*
Robert W. Whetzel (#2288)
whetzel@rlf.com
Matthew W. King (#4566)
king@rlf.com
Richards, Layton & Finger
One Rodney Square, P.O. Box 551
Wilmington, DE 19899
(302) 651-7700

Attorneys for Defendants/Counterclaimants
Chunghwa Picture Tubes, Ltd.; Tatung Company; Tatung Company of America, Inc.; and Viewsonic Corporation.

OF COUNSEL:

Christine A. Dudzik
Thomas W. Jenkins
Howrey LLP
321 N. Clark Street, Suite 3400
Chicago, Illinois 60610

Julie S. Gabler
Howrey LLP
550 South Hope Street, Suitei 1100
Los Angeles, California 90071

Teresa M. Corbin
Glenn W. Rhodes
Howrey LLP
525 Market Street, Suite 3600
San Francisco, CA 94105

Dated: March 17, 2006

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 17, 2006, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing, and hand delivered to the following:

> Richard D. Kirk
> The Bayard Firm
> 222 Delaware Avenue, Suite 900
> P.O. Box 25130
> Wilmington, DE 19899

I hereby certify that on March 17, 2006, I sent the foregoing document by Federal Express, next business day delivery, to the following non-registered participants:

> Gaspare J. Bono
> Matthew T. Bailey
> Andrew J. Park
> Adrian Mollo
> McKenna Long & Aldridge LLP
> 1900 K Street, NW
> Washington, DC 20006

Matthew W. King (#4566)
king@rlf.com
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

RLF1-2917974-1

# EXHIBIT 10

03-07-06   08:43pm   From-HOWREY, LLP                                                T-148   P.002/004   F-507

# HOWREY LLP

550 South Hope Street
Suite 1100
Los Angeles, CA 90071-2627
www.howrey.com

Julie S. Gabler
Partner
T 213.892.1852
F 213.892.2300
gablerj@howrey.com

March 7, 2006

**Via Facsimile**

Cass W. Christenson, Esq.
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006

   Re: *LG. Philips LCD Co., Ltd. v. Tatung Company et al.*
     *Civil Action No. 05-292 (JJF)*

Dear Mr. Christenson:

  I write in response to your letter of today's date concerning the categories of documents LPL intended consider supplementing by March 17. Your letter is inconsistent with the Court's March 1 ruling is several respects. Further, to the extent your letter was intended to place any limits on or in any way alter the Court's order, CPT does not agree with your limitations and characterizations and does not waive its right to seek a contempt holding and sanctions against LPL.

  The Court clearly ordered LPL to produce documents relevant to commercial success by March 17 or risk severe sanctions at the contempt hearings. *See* March 1 hearing transcript at 4:3-16. Your letter does not address this category of documents. If LPL does not produce all previously withheld documents going to the commercial success issue, CPT will seek sanctions at the upcoming contempt proceedings.

  Second, we want to make clear what documents are included within category No. 9 in your letter. Category No. 9 should include at least the following five sub-categories of documents and things:

  (1) Documents evidencing LPL's first offer for sale, sale, public use printed publications and/or other first public disclosure in the United States of the LB121S1-A2 module and any other LPL modules using TCP model number TB5657486B (a.k.a. TMC57486BTB56) made by Texas Instruments, or any other TCP embodying any claim of the '121 patent. CPT believes that the LPL modules that could be included within this request are at least the LB121S1, LB121S1-A2, LB121S1-A2(S), LB163H1-A1, LC064N1, LCA4VE02A, LCA4VE02A(S), LCB3SE11A(S), LM151X1, LM151X1-B2GW, LM151X1-D2MN, LM151X1-D2MN(S), LM151X2, LM151X2(S), LM151X3-A2, LM181E1, LM181E1-B2MN, LM181E1-B2MN(S), LM181E1-C2MN, LM181E1-C2MN(S), LM181E3, LM181E3-A2, LM181E3-A2(S), LM220W1-A2MN, LM220W1-A2MN(S), LP064V1, LP104S2, LP104S2(S),

03-07-06   09:44pm   From-HOWREY, LLP                            T-148   P.003/004   F-507

# HOWREY

Cass W. Christenson, Esq.
March 7, 2006
Page 2

LP104S2-B1AD, LP104S3, LP104V2, LP104V2(S), LP104V2-W, LP104V2-W(S), LP121S1, LP121S2, LP121S2-A2, LP121S3, LP121S3-A, LP121S3-A(S), LP121S4, LP121SA, LP121SA-A2QT, LP121SA-A2QT(S), LP121SB, LP121SL, LP121SP, LP121SP-B1PC, LP121SQ, LP121XQ, LP133X1, LP133X2, LP133X2(S), LP133X2-A, LP133X2-A(S), LP133X2-B, LP133X2-B(S), LP133X3, LP133X3(S), LP133X4, LP133X4(S), LP133X4-D1PC, LP133X4-D1PC(S), LP133X4-D1PC, LP133X4-P1, LP133X4-P2, LP133X5, LP133X5-A2|B, LP133X6-A2|B(S), LP133X6, LP133X7, LP133X7-A2, LP133X7-A2(S), LP133X7-B2DL, LP133X7-B2DL(S), LP141X2, LP141X2(S), LP141X3, LP141X3(S), LP141X3-A, LP141X4, LP141X4(S), LP141X4-B1CQ, LP141X4-C1NC, LP141X5, LP141X5-A, LP141X5-B1NC, LP141X5-B1NC(S), LP141X6, LP141X6-A11B, LP141XA, LP141XA-A1, LP141XA-A1(S), LP150X1, LP150X1(S), LP157E1-A2TS and LP157E1-A2TS(S);

(2)   All correspondence between LPL and Texas Instruments concerning TCP model number TB5657486B (a.k.a. TMC57486BTB56);

(3)   Product two samples of the LB121S1-A2 module and any other LPL modules incorporating Texas Instruments TCPs TB5557486B (a.k.a. TMC57486BTB55) and TB5657486B (a.k.a. TMC57486BTB56) [*i.e.*, two LB121S1-A2 modules that incorporate the Texas Instruments' TCP TB5657486B (a.k.a. TMC57486BTB56) and two LB121S1-A2 modules that incorporate the Texas Instruments' TCP TB5557486B (a.k.a. TMC57486BTB55) plus two samples of any additional LPL modules incorporating either of those above-identified Texas Instruments TCPs];

(4)   All sales documents, including but not limited to transaction level documents such as invoices and shipping documents, evidencing pre-March 23, 2000 sales of LPL modules incorporating TCPs, including but not limited to the LB121S1, LB121S1-A2, LB121S1-A2(S), LB163H1-A1, LC064N1, LCA4VE02A, LCA4VE02A(S), LCB3SE11A(S), LM151X1, LM151X1-B2GW, LM151X1-D2MN, LM151X1-D2MN(S), LM151X2, LM151X2(S), LM151X3-A2, LM181E1, LM181E1-B2MN, LM181E1-B2MN(S), LM181E1-C2MN, LM181E1-C2MN(S), LM181E3, LM181E3-A2, LM181E3-A2(S), LM220W1-A2MN, LM220W1-A2MN(S), LP064V1, LP104S2, LP104S2(S), LP104S2-B1AD, LP104S3, LP104V2, LP104V2(S), LP104V2-W, LP104V2-W(S), LP121S1, LP121S2, LP121S2-A2, LP121S3, LP121S3-A, LP121S3-A(S), LP121S4, LP121SA, LP121SA-A2QT, LP121SA-A2QT(S), LP121SB, LP121SL, LP121SP, LP121SP-B1PC, LP121SQ, LP121XQ, LP133X1, LP133X2, LP133X2(S), LP133X2-A, LP133X2-A(S), LP133X2-B, LP133X2-B(S), LP133X3, LP133X3(S), LP133X4, LP133X4(S), LP133X4-D1PC, LP133X4-D1PC(S), LP133X4-D1PC, LP133X4-P1, LP133X4-P2, LP133X5, LP133X5-A2|B, LP133X6-A2|B(S), LP133X6, LP133X7, LP133X7-A2, LP133X7-A2(S), LP133X7-B2DL, LP133X7-B2DL(S), LP141X2, LP141X2(S), LP141X3, LP141X3(S), LP141X3-A, LP141X4, LP141X4(S), LP141X4-B1CQ, LP141X4-C1NC, LP141X5, LP141X5-A, LP141X5-B1NC, LP141X5-B1NC(S), LP141X6, LP141X6-A11B, LP141XA, LP141XA-A1, LP141XA-A1(S), LP150X1, LP150X1(S), LP157E1-A2TS and LP157E1-A2TS(S); and

# HOWREY

Cass W. Christenson, Esq.
March 7, 2006
Page 3

    (5)    Product samples for all modules incorporating TCPs that were offered for sale, sold, used publicly, disclosed in printed publications and/or otherwise first publicly disclosed prior to March 23, 2000.

Very truly yours,

Julie S. Gabler

DM_US\8121239.v1

EXHIBIT 11

| | **McKenna Long** | |
|---|---|---|
| Atlanta | **& Aldridge** LLP | San Diego |
| Denver | Attorneys at Law | San Francisco |
| Los Angeles | 1900 K Street, NW • Washington, DC 20006 | Washington, DC |
| | 202.496.7500 • Fax: 202.496.7756 | |
| Philadelphia | www.mckennalong.com | Brussels |

CASS W. CHRISTENSON
(202) 496-7218

EMAIL ADDRESS
cchristenson@mckennalong.com

March 9, 2006

VIA E-MAIL AND FACSIMILE

Julie S. Gabler, Esq.
Howrey LLP
550 South Hope St., Suite 1100
Los Angeles, CA 90071

    Re:    L.G.Philips LCD Co., Ltd. v. Tatung Co., et al. (C.A. No. 05-292 JJF)

Dear Julie:

    I write to respond to your March 7, 2006 letter that we received yesterday regarding LPL's supplemental document production.

    Preliminarily, we disagree that my March 7 letter confirming LPL's good faith compliance efforts is inconsistent with the Court's rulings in any way, as you suggest without explanation. The purpose of your letter appears to be to threaten "to seek a contempt holding and sanctions against LPL" regardless of LPL's compliance. My March 7 letter lists all (nine) types of documents that Defendants identified in Section II ("Technical and Patent Documents") of their February 28 letter as alleged areas of deficiencies in LPL's document production. Although we obviously dispute Defendants' assertions in their February 28 letter, we nonetheless intend to address all of the discovery that Defendants identified for supplementation.

    In your March 7 letter, you purport to reserve the right to seek additional and unspecified documents. To the extent that Defendants believe additional documents should be produced, however, we can only understand and respond to the issues identified by you for consideration. Your letter identifies two areas of discovery, commercial success and on-sale bar discovery.

    You threaten sanctions if LPL does not produce unspecified "documents going to the commercial success issue." Because "commercial success" was referenced in Section I ("Damages Related Documents") of Defendants' February 28 letter, I did not refer to this category in my prior letter. Nonetheless, LPL is agreeable to producing documents responsive to this category. LPL already has produced many such responsive documents in this case, including sales summaries, profit information, financial statements, annual reports, articles, industry data and Display Search reports. LPL also has produced many similar documents in the

Julie Gabler
March 9, 2006
Page 2

California case. Further, we will produce other available information on this issue by the March 17 deadline.

The other area addressed in your letter is category no. 9 in my March 7 letter, which relates to public use and on-sale bar issues. As stated in my letter, LPL will supplement its production on this issue to provide documents that Defendants requested in their February 28 letter to the Court. Defendants cannot, however, attempt to recast their discovery requests or make new discovery demands long after the deadline for doing so.

Your March 7 letter, however, unfairly attempts to do just that -- you expand the scope of discovery sought from LPL and introduce entirely new discovery issues. For the first time, for example, Defendants are requesting (in paragraphs (3) and (5) of your letter) multiple samples of numerous LPL modules, including modules sold before March 23, 2000 and incorporating any tape carrier packages. Defendants have never previously raised requests for samples in any document requests, letters, meet and confer discussions, or communications with the Court before or during any discovery hearings. Further, the Court made clear at the March 1 hearing that new requests for production are untimely and not proper. This last-minute demand for new discovery -- asserted only nine days before the supplemental production deadline -- appears calculated to prejudice LPL and manufacture disputed issues for the contempt hearing. It is unfair for Defendants to propound new requests for production in the form of paragraphs (3) and (5) of your March 7 letter.

With respect to paragraphs (1), (2), and (4) of your letter, we are continuing to investigate whether any additional discoverable information or documents are available.

Very truly yours,

Cass W. Christenson

cc: Christine A. Dudzik, Esq.
    Matthew King, Esq.
    Richard D. Kirk, Esq.