**King, Matthew W.**

| | |
|---|---|
| From: | King, Matthew W. |
| Sent: | Wednesday, April 05, 2006 3:19 PM |
| To: | 'jjf_civil@ded.uscourts.gov' |
| Cc: | 'gbono@mckennalong.com'; 'cchristenson@mckennalong.com'; 'rkirk@bayardfirm.com'; Whetzel, Robert W.; Christine Dudzik; Glenn Rhodes; Helen Dutton; James Li; Judy MacGregor; Julie Gabler; Salmaan Quader; Steve Yovits; Terry Corbin |

Your Honor:

    I write on behalf of Defendants Chunghwa Picture Tubes, Ltd., Tatung Company, Tatung Company of America, Inc., and Viewsonic Corporation (collectively "CPT"). Pursuant to Paragraph 4(c) of the Joint Rule 16 Scheduling Order (D.I. 62) and Section 2(b)(iii) of the Protective Order (D.I. 76), CPT has the duty to inform the Court via email that the parties' dispute, on the issue of whether Mr. Scott Holmberg should be allowed to access CPT's confidential information, is ready for decision.

    On February 23, 2006, CPT received a letter from Plaintiff LG Philips LCD Co., Ltd. ("LPL") that identified Mr. Holmberg as a consulting expert for LPL. On March 3, CPT officially objected to Mr. Holmberg's access to CPT's confidential information. On March 10, pursuant to Section 2(b)(iii) of the Protective Order, CPT filed its Motion for Order Barring Disclosure of CPT's Confidential and Confidential Attorney Only Information to Mr. Scott Holmberg ("the Motion"), LPL's retained consultant and the named inventor of one of the patents-in-suit. On March 17, LPL filed its opposition to the motion.

    The Protective Order requires the moving party to inform this Court that the issue is ready for decision. Accordingly, CPT respectfully requests that this Court render its decision on CPT's motion to bar Mr. Holmberg's access to CPT's confidential information based on the following grounds as stated in the Motion:

    (1) Mr. Holmberg is the CEO of a company engaged in the active matrix LCD display business. LPL's attempt to distinguish Mr. Holmberg's business on the particular silicon used (i.e., amorphous vs. polysilicon) is unavailing.

    (2) Mr. Holmberg is not merely an expert consultant doing business in the LCD industry, as LPL incorrectly states in its Opposition, but he is the owner and operator of a business entity that directly competes with CPT in the active matrix LCD industry. Mr. Holmberg will not be able to separate CPT's confidential business and technical information from his own knowledge in his daily decision making for his company.

    (3) Mr. Holmberg is a prolific patent generator in the active matrix LCD area. LPL has already asserted one of his patents, the '002 patent, against CPT in this case. Mr. Holmberg will not be able to compartmentalize CPT's confidential information in his daily inventive activities involving the active matrix LCD technology.

    Therefore, CPT respectfully requests that this Court grant the Motion and prohibit Mr. Holmberg from accessing CPT's confidential information.

Respectfully submitted,

/s/ Matthew W. King (#4566)

**Matthew W. King**
E-mail: king@rlf.com
Direct Dial: (302) 651-7881
Direct Fax: (302) 778-7881
**Richards, Layton & Finger, P. A.**
One Rodney Square
920 N. King Street
Wilmington, DE 19801
Firm Phone: (302) 651-7700
Firm Fax: (302) 651-7701
www.rlf.com