# THE BAYARD FIRM
### A T T O R N E Y S

222 DELAWARE AVENUE, SUITE 900
P.O. BOX 25130
WILMINGTON, DE 19899
ZIP CODE FOR DELIVERIES: 19801

MERITAS LAW FIRMS WORLDWIDE
www.bayardfirm.com
302-655-5000
(FAX) 302-658-6395
WRITER'S DIRECT ACCESS

(302) 429-4208
rkirk@bayardfirm.com

ELECTRONICALLY FILED

May 5, 2006

The Honorable Joseph J. Farnan, Jr.
United States District Court
844 North King Street
Wilmington, DE 19801

    RE:    *LG.Philips LCD Co., Ltd. v. Tatung Company of Amercia, et al.*
             C.A. No. 05-292-JJF

Dear Judge Farnan:

        Plaintiff LG.Philips LCD Co., Ltd. ("LPL") respectfully submits this letter in opposition to Defendants' request to preclude LPL from taking previously agreed-upon depositions in this case.[1] Months ago, after extensive negotiations, the parties <u>agreed</u> that depositions would include up to thirty-five (35) hours of Rule 30(b)(6) testimony per party and up to four (4) individual witness depositions per party. *See* Joint Rule 16 Scheduling Order, jointly submitted to the Court on December 7, 2005 (D.I. 36); *see also* signed Order (D.I. 62). Now, just days away from the start of depositions, Defendants unfairly seek to limit LPL to only five (5) hours of 30(b)(6) testimony (an 86% reduction) and one individual witness (a 75% reduction) for Tatung, Tatung America, and ViewSonic. Defendants also attempt to reduce CPT's 30(b)(6) testimony to only twenty (20) hours. Defendants' unfair request should be denied.

        Defendants' proposed limitations would make it nearly impossible for LPL to obtain critical evidence. During meet and confer discussions on numerous document issues, Defendants' counsel repeatedly have taken the position that LPL's only recourse to get information about various issues and documents is to ask witnesses at depositions. In addition, Defendants previously designated multiple 30(b)(6) representatives for each Defendant. *See, e.g.*, Feb. 7, 2006 e-mail (designating multiple Rule 30(b)(6) witnesses each for Defendant) (Ex. 1). CPT designated four representatives (including one for the

---

[1] "Defendants" in this case are Tatung Company ("Tatung"), Tatung Company of America, Inc. ("Tatung America"), Chunghwa Picture Tubes, Ltd. ("CPT"), and ViewSonic Corporation ("ViewSonic").

624579v1

THE BAYARD FIRM

The Honorable Joseph J. Farnan, Jr.
May 5, 2006
Page 2

'121 patent, now moot) and Tatung, Tatung America, and ViewSonic each designated three witnesses. To compound matters, all or virtually all of the Defendants' witnesses will require translators. *See* Ex. 1. Under these circumstances, the agreed-upon thirty-five (35) hour limit for Rule 30(b)(6) depositions was conservative from the start. CPT, for example, has identified three Rule 30(b)(6) designees unrelated to the '121 patent, all of which require translation. Factoring in the delay caused by translating each question and answer, this could result in LPL having less than one full day of testimony per witness under the current limitation of thirty-five (35) hours.

Similarly, LPL needs the ability to depose up to four individual witnesses per Defendant. Defendants may call numerous witnesses at trial as identified in their initial disclosures on issues unrelated to the '121 patent: CPT (4 individuals), Tatung (6 individuals), Tatung America (4 individuals), and ViewSonic (9 individuals). And, Defendants are preparing to amend their disclosures and thus may plan to identify additional witnesses.

Defendants' counsel first raised this new proposal in a May 4 teleconference, and Defendants' counsel was unable to identify or limit the number of trial witnesses for any Defendant so that LPL could attempt to narrow the depositions. Defendants' proposal would deprive LPL of the opportunity to depose potential trial witnesses in advance, contrary to the rules of discovery. In short, granting the relief sought by Defendants would put LPL at a clear disadvantage.

Further, Defendants' are not, as their letter suggests, merely responding to LPL's withdrawal of the '121 Patent claims on May 1. Rather, Defendants requested curtailing LPL's deposition discovery at the April 25, 2006 hearing – *before* there was any suggestion that the '121 Patent claims might be withdrawn. At the April 25 discovery hearing, Defendants' counsel asked the Court, for example, to limit LPL to only two individual depositions and ten (10) hours of Rule 30(b)(6) testimony for Tatung, Tatung America, and ViewSonic. Defendants' counsel attempted to justify this proposal because discovery from Tatung, Tatung America, and ViewSonic "concern[s] issues that go to damages, what's coming into the U.S., things like that . . . ," rather than manufacturing and technical issues. Apr. 25, 2006 Tr. at 19 (Ex. 2). So, limiting discovery was already on Defendants' mind before the '121 Patent was withdrawn from the case.

LPL's subsequent withdrawal of the '121 Patent from this case, moreover, does not support any limitations on depositions. As Defendants' counsel noted at the April 25 hearing, LPL needs depositions from Tatung, Tatung America, and ViewSonic primarily to obtain damages-related discovery, not for technical issues or the '121 patent.[2] Apr. 25, 2006 Tr. at 19 (Ex. 3). These defendants know critical information concerning the

---

[2] Whereas CPT manufactures infringing modules on which LPL needs technical discovery, the other three defendants manufacture, import, offer to sell, and/or sell LCD products that use infringing CPT modules. Tatung, Tatung America, and ViewSonic purportedly have limited knowledge concerning the CPT modules used in their products.

624804v1

THE BAYARD FIRM

The Honorable Joseph J. Farnan, Jr.
May 5, 2006
Page 3

products using infringing modules and the importation, distribution, and sale of such infringing products in the United States. Accordingly, withdrawal of the '121 patent has no appreciable impact on the scope of discovery from Tatung, Tatung America, and ViewSonic as agreed to in the Joint Scheduling Order. Because the accused products likely all infringe the '002 Patent, LPL still needs from Tatung, Tatung America, and ViewSonic the same scope of discovery (for example, discovery regarding the amount of a reasonable royalty and inducement of infringement).

Regarding CPT, LPL still needs critical technical discovery regarding the full range of CPT's modules. Again, the accused modules likely all infringe the '002 Patent, and LPL also needs critical discovery from CPT related to damages, inducement, and other issues. At the April 25 discovery hearing, Defendants' counsel proposed *increasing* the 30(b)(6) deposition time for LPL and CPT, stating that "CPT is willing to make its own witnesses available for forty hours of depositions . . . ." Apr. 25, 2006 Tr. at 19 (Ex. 3). Now, purportedly based on the withdrawal of the '121 patent, CPT wants to limit its deposition to twenty (20) hours total. Yet, CPT has identified four Rule 30(b)(6) designees, only one of which was designated on the '121 patent issues. (Ex. 1). In addition, like the other Defendants, CPT has identified multiple witnesses in its Initial Disclosures regarding issues unrelated to the '121 patent. Considering the importance of CPT's evidence (CPT is the sole source of most technical discovery in this case), the multiple issues that need to be addressed at CPT's depositions, the fact that CPT is relying on numerous 30(b)(6) and fact witnesses, and the substantial obstacle of language translation, LPL needs the agreed-upon depositions and hours to prepare for trial.

Accordingly, LPL respectfully requests that the Court deny Defendants the relief sought in Defendants' May 4 letter. Defendants never challenged or objected to the Scheduling Order prior to the recent April 25 hearing. Allowing Defendants now, at the last minute, to drastically limit LPL's ability to obtain discovery – discovery that Defendants expressly agreed to – would violate the parties' agreement and would be fundamentally unfair to LPL.

Respectfully submitted,

Richard D. Kirk (#0922)

Exhibits
cc:   Clerk of the Court
      All counsel as shown on attached certificate

624579v1

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on May 5, 2006, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Robert W. Whetzel, Esq.
Matthew W. King, Esq.
Richards, Layton & Finger
One Rodney Sqare
P.O. Box 551
Wilmington, DE 19899

The undersigned counsel further certifies that copies of the foregoing document were sent on May 5, 2006 by email and by hand to the above counsel and by email and first class mail to the following non-registered participants:

| | |
|---|---|
| Christine A. Dudzik, Esq. | Teresa M. Corbin, Esq. |
| Thomas W. Jenkins, Esq. | Glenn W. Rhodes, Esq. |
| Howrey LLP | Julie Gabler, Esq. |
| 321 North Clark Street | Howrey LLP |
| Suite 3400 | 525 Market Street |
| Chicago, IL 60610 | Suite 3600 |
| | San Francisco, CA 94105 |

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk

602380v1