# RICHARDS, LAYTON & FINGER

A PROFESSIONAL ASSOCIATION
ONE RODNEY SQUARE
920 NORTH KING STREET
WILMINGTON, DELAWARE 19801
(302) 651-7700
FAX (302) 651-7701
WWW.RLF.COM

MATTHEW W. KING

DIRECT DIAL NUMBER
302-651-7881
KING@RLF.COM

May 8, 2006

**VIA ELECTRONIC FILING**
The Honorable Joseph J. Farnan, Jr.
United States District Court
District of Delaware
844 King Street
Wilmington, DE  19801

Re:  **L.G. Philips LCD Co. Ltd. v. Tatung Company et. al., C.A. No. 05-292 (JJF)**

Dear Judge Farnan:

This letter responds to LPL's letter of May 5, 2006, which opposes defendants' proposed reduction of the number of hours of deposition to be allowed in this case (as stated in defendants' May 4, 2006 letter to the Court). Defendants' proposal is based on LPL's recent withdrawal of its allegations that Defendants infringe the '121 patent as well as LPL's counsels' previous statements to the Court concerning the limited nature of the discovery sought from the customer defendants (Tatung, Tatung of America and ViewSonic) even before it withdrew its '121 claim. This later basis for reducing the number of individual depositions as well as the number of hours of Rule 30(b)(6) deposition of the customer defendants was raised with the Court at the April 25 hearing.

First, defendants request is timely because this Court stayed deposition discovery at the February 8 hearing pending resolution of all document discovery disputes. The Court had not yet reopened deposition discovery at the April 25 hearing, but the commencement of depositions was necessarily on the near horizon given the July 17 trial date. Defendants' request was, if anything, premature in light of LPL's election six days later to withdraw its '121 claim, thereby cutting in half the issues in the case.[1]

---

[1] Of note, however, is LPL's withdrawal of its '121 patent infringement claims. The withdrawal is apparently without prejudice, leaving Defendants at considerable risk that LPL will simply file a separate case in this or a different forum against Defendants and their customers. This is not the result that Defendants believed the Court intended by allowing LPL the option of dropping the '121 patent or providing Defendants with discovery directed to the on-sale bar issue. Defendants have a declaratory judgment action in this case directed to the '121 patent. Defendants are requesting that LPL stipulate to a dismissal of the '121 patent with prejudice in hopes of resolving the issue. Otherwise, Defendants would like to maintain their declaratory judgment action directed to the invalidity
(Continued)

RLF1-3011610-1

LPL's opposition to Defendants' proposal is simply LPL's latest attempt to inflict unnecessary drain of time, money and resources on Defendants. At the April 25, 2006 hearing, the Court directed LPL to consider withdrawing its '121 patent infringement allegations against Defendants in light of evidence proving that LPL knew the patent was not valid. April 25, 2006 Hearing Transcript at 70-71. In the face of irrefutable evidence that LPL began selling the embodiment of the '121 patent before the critical date, LPL's counsel was willing to say only that LPL was not certain the patent was invalid. April 25, 2006 Hearing Transcript at 41. The result of LPL's willful attempt to enforce its invalid patent was untold interruption of Defendants' businesses as well as the needless expense of hundreds of thousands of dollars. Thus, LPL's strategy has been successful. Now, LPL wants to continue to harass Defendants by engaging in the same expansive discovery as it would have if it were still attempting to knowingly enforce its invalid patent. This defeats the purpose of the Court's instruction that LPL consider withdrawing the '121 patent allegations in the first place.

The '121 patent is out of the case, and thus, half the issues are out of the case. Merely reducing the number of hours of Rule 30(b)(6) depositions LPL may take of CPT from 35 to 20, while still allowing LPL to depose four individual CPT witnesses, is still overly generous. Furthermore, limiting deposition testimony of the customer defendants to five hours of Rule 30(b)(6) testimony and one individual each provides more than enough time for LPL to get the damages-related information it needs on just one, rather than two patents.

LPL's reference to a prior agreement it had with CPT regarding the number of hours of deposition testimony to be permitted in the case is inappropriate. Any prior agreements CPT made with LPL were based on the inclusion of the '121 patent in the case. Additionally, LPL's counsel admitted at the February 8 hearing that LPL only sought "some product information [and] some sales information" and "minimal technical information" from Viewsonic and Tatung. February 8, 2006 Hearing Transcript at 11. Furthermore, such agreements were made without the benefit of knowing that LPL was knowingly asserting an invalid patent for the sole purpose of harassing defendants.

LPL contends that despite all the changed circumstances and its own admissions that the discovery sought from the customer defendants is very limited, it should be allowed to take the originally agreed-to number of hours or Rule 30(b)(6) testimony and individual party depositions. To support this argument, LPL now claims that the parties made the previous agreement with the intent that every witness who would be offered at trial would be offered for deposition. <u>This is false.</u> The parties never discussed the idea that every trial witness would be included within the deposition limits previously agreed to, nor would such an agreement have been realistic at that early stage of the case, nor for that matter would it have been reasonable given the deposition limitations imposed. The falsity of LPL's position is demonstrated by the

---

of the '121 patent, and to do so within the time limits necessary to advance the case to trial on July 17th. If so, Defendants would propose additional deposition discovery on the on-sale bar issue.

The Honorable Joseph J. Farnan, Jr.
May 8, 2006
Page 3

parties' initial disclosures, exchanged before the agreement was made, listing more than four witnesses per party that had relevant information. *See* LPL's May 5 letter at page 2, paragraph 2. CPT never agreed that it would call at trial only those witnesses offered as Rule 30(b)(6) witnesses or the 4 people LPL chose to depose in their individual capacity. All parties have always been at risk in this and every other case, that someone will call a witness at trial that the opposing party did not elect to depose.

While it is true that the defendants originally offered three to four Rule 30(b)(6) witnesses each back in early February, more recently (and prior to LPL's May 5 letter to the Court) defendants expressly informed LPL that their Rule 30(b)(6) witness offerings will change. These changes are only appropriate in light of the reduced number of Rule 30(b)(6) topics at issue and the smaller scope of many of the remaining topics in light of the withdrawal of the '121 patent claims.

The deposition limitations proposed by defendants in their May 4 letter are appropriate give the reduction in the number of issues to be tried in this case. Defendants respectfully request the Court order the requested limitations so that the parties may proceed with their deposition discovery and trial preparation.

             Respectfully,

             Matthew W. King

cc: Christine A. Dudzik, Esq. (via e-mail)
   Julie S. Gabler (via e-mail)
   Richard D. Kirk, Esq. (via e-mail)
   Gaspare J. Bono, Esq. (via e-mail)

RLF1-3011610-1

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 8, 2006, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing, and hand delivered to the following:

Richard D. Kirk
The Bayard Firm
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899

I hereby certify that on May 8, 2006, I sent the foregoing document by Electronic Mail, to the following non-registered participants:

Gaspare J. Bono
Matthew T. Bailey
Andrew J. Park
Adrian Mollo
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006

Matthew W. King (#4566)
king@rlf.com
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899