# THE BAYARD FIRM
A   T   T   O   R   N   E   Y   S

222 DELAWARE AVENUE, SUITE 900
P.O. BOX 25130
WILMINGTON, DE 19899
ZIP CODE FOR DELIVERIES 19801

̅̅̅ MERITAS LAW FIRMS WORLDWIDE

www.bayardfirm.com

302-655-5000
(FAX) 302-658-6395

WRITER'S DIRECT ACCESS

(302) 429-4208
rkirk@bayardfirm.com

FILED ELECTRONICALLY
ORIGINAL BY HAND

May 10, 2006

The Honorable Joseph J. Farnan, Jr.
United States District Court
844 North King Street
Wilmington, DE  19801

      RE:    *LG.Philips LCD Co., Ltd. v. Tatung Company of Amercia, et al.*
              C.A. No. 05-292-JJF

Dear Judge Farnan:

      Plaintiff LG.Philips LCD Co., Ltd. ("LPL") writes in response to Defendants'
May 5, 2006 letter to the Court.  In their May 5 letter, Defendants request that discovery
from another proceeding between the parties, namely *Chunghwa Picture Tubes, Ltd. v.
LG.Philips LCD Co., Ltd., et al.*, C.A. No. 05-0189 CBM (JTLx) (hereinafter "the '810
case"), be admitted in this case.  Specifically, Defendants asked for permission to use
"All Financial Data discovery, discovery responses, testimony, documents and things
produced or provided in the '810 case, including any such discovery provided by
Hewlett-Packard Company, . . . ."  Defendants' request seeks to expand the parties'
existing stipulation regarding discovery from other proceedings, such as the '810 case.
The parties had previously agreed that production made by the parties in any of three
other cases may be used as evidence in this case.  Defendants' new request was never
discussed with LPL's counsel and is overly broad, contrary to this Court's discovery
deadlines, and should be denied.

      CPT's request is best understood and addressed within the confines of the
agreement already reached by the parties, and the Orders already entered by this Court,
regarding the use of discovery from other cases.  On January 23, 2006, this Court entered
a "Stipulation and Order Regarding Discovery Obtained in Other Proceedings" (the
"Stipulation").  This Stipulation, which was the product of extensive discussions between
the parties, provides that discovery produced *by the parties* in three other pending cases
may be used as evidence in this case.  Those cases are the '810 case, the Consolidated

THE BAYARD FIRM

The Honorable Joseph J. Farnan, Jr.
May 10, 2006
Page 2

Cases in California,[1] and another case before this Court,[2] all of which involve different patents (collectively hereinafter "the other proceedings").

In addition, this Court has entered a series of Orders setting the fact discovery deadlines. Under the Joint Rule 16 Scheduling Order, document production was to be completed by February 3, 2006. At a hearing on February 8, 2006, Your Honor extended the fact discovery deadline to February 21 for all discovery and documents, period. The Court had rejected Defendants' prior attempts to circumvent this deadline by seeking and producing documents after the deadline.

The Stipulation thus already provides that discovery by parties in the '810 case (including any "Financial Data discovery, discovery responses, testimony, documents and things produced or provided" by the parties) may be used in this case, subject to the discovery deadlines in this case. Specifically, party discovery in the '810 case produced before the February 21 discovery cutoff in this case can be used in this case. With respect to any subsequent discovery, however, the period for discovery has closed. It would be unfair and prejudicial to inject here unlimited and ongoing discovery from the '810 case, especially since the parties are on the eve of commencing depositions in this case. LPL objects to Defendants' latest attempt to circumvent the document deadline in this case.

Further, LPL objects to Defendants' attempt to expand what discovery they can use from the '810 case. Defendants not only seek permission to use discovery from the '810 case produced *after* the close of discovery in this case, but also seek permission to use *third party discovery* produced in the '810 case, even though it is too late for Defendants to seek such third party discovery in this case.[3] As noted above, Defendants seek permission to use "All Financial Data discovery, discovery responses, testimony, documents and things produced or provided in the '810 case, including any such discovery provided by Hewlett-Packard Company, . . . ." Discovery has just begun, however, in the '810 case, and LPL and CPT have yet to exchange any "Financial Data discovery." With respect to "testimony" from the '810 case, the first deposition in the '810 case isn't scheduled until May 25, 2006, and it will involve prosecution counsel on

---

[1] *LG.Philips LCD Co., Ltd. v. Tatung Co. of America, et al.*, Consolidated Cases CV 02-6775 CBM (JTLx), CV 03-2866 CBM (JTLx), CV 03-2884 CBM (JTLx), CV 03-2885 CBM (JTLx), CV 03-2886 CBM (JTLx) (C.D. Cal.).

[2] *LG.Philips LCD Co., Ltd. v. Tatung Co., et al.*, Case No. CV04-343 (JJF) (D. Del.).

[3] The Stipulation does not allow the use of third party production from the other proceedings, from either before *or* after the close of discovery, hence Defendants request. The Protective Orders in each of the other proceedings provide that information governed by those Orders may only be used in connection with the prosecution or defense of that case, except by "consent of all parties to the case or order of the Court." Neither Hewlett Packard nor any other third party have consented to the use of their production in this proceeding. Neither has Judge Marshall (for the Consolidated Cases and the '810 case) or Your Honor (for the Rearmount case) issued Orders allowing use of third party materials in this case.

THE BAYARD FIRM

The Honorable Joseph J. Farnan, Jr.
May 10, 2006
Page 3

an entirely unrelated patent. With respect to "any such discovery provided by Hewlett-Packard Company," it is our understanding that CPT has yet to issue a third party subpoena to Hewlett Packard in the '810 case. The foregoing demonstrates that, although not clear from the face of Defendants' letter, the Defendants are asking this Court permission to use '810 case production made *after* the close of discovery in this case. Accordingly, for the reasons set forth below, LPL asks that the Court decline Defendants' requests.

As provided in the Stipulation, "the parties agree[d], in order to promote efficiency and a timely resolution of this case, . . . that the discovery produced in the other pending cases may be used in this case." Defendants' request, however, would have the opposite effect. Rather than promoting efficiency and a timely resolution of this case, it will significantly delay and hamper the preparation for depositions (which begin in one week), the preparation of expert reports (which are due in three weeks), and will unnecessarily hamper the preparation of pretrial submissions.

LPL further objects to Defendants' request for an Order providing that persons receiving confidential information from the '810 case be barred from substantive involvement in patent prosecution related to side-mounting of LCD panels. Defendants' request is not, as they claim, "consistent with the Protective Orders previously entered in this case, as well as the other pending cases between the parties." It is true that the Protective Order in this case, as well as in the California and Rearmount cases, have limitations on prosecution related activity. In the Protective Order entered in the '810 case, however, there is no such restriction.[4] Furthermore, Paragraph 3 of the Stipulation provides that "[t]he discovery from the other pending cases will be governed by a CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER to be entered in this case that will provide the same confidential treatment as is afforded by the Protective Order in the other pending cases . . . ." As there are no restrictions on prosecution related activities in the '810 case Protective Order, and the parties have agreed to extend the same protections in this case as are afforded in the case where the documents originated, there is no basis for Defendants to now seek greater restrictions. The parties in the '810 case have provided appropriate protection in the Protective Order in that case and there is no basis for Defendants to ask this Court to modify that stipulation.

Respectfully submitted,

/s/ Richard D. Kirk (rk0922)

RDK/slh
cc:    Clerk of the Court (by hand)
       All counsel as shown on the attached certificate

---

[4] *See* April 26, 2006 Confidentiality Stipulation and Protective Order entered in the '810 case, a copy of which is attached as Exhibit A.

# EXHIBIT A

1  Teresa M. Corbin (SBN 132360)
2  Glenn W. Rhodes (SBN 177869)
   Robert F. Kramer (SBN 181706)
3  Lorrel A. Birnschein (SBN 205833)
   HOWREY LLP
4  525 Market Street, Suite 3600
5  San Francisco, CA 94105-2708
   Telephone: (415) 848-4900
6  Facsimile: (415) 848-4999
7
   Christopher A. Mathews (SBN 144021)
8  Brian S. Kim (SBN 186523)
9  HOWREY LLP
   550 South Hope Street, Suite 1100
10 Los Angeles, California 990071-2627
   Telephone: (213) 892-1800
11 Facsimile: (213) 892-2300
12
   Attorneys for Plaintiff
13 CHUNGHWA PICTURE TUBES, LTD.

FILED
CLERK, U.S. DISTRICT COURT

APR 2 6 2006

CENTRAL DISTRICT OF CALIFORNA
BY                     DEPUTY

Priority
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 16 CHUNGHWA PICTURE TUBES, LTD., | Case No. CV-05-0189 CBM (JTLx) |
| 17 | [Related to Case Nos. CV-02-6775, CV-03-2866 CBM, CV-03-2884 CBM, CV-03-2885 CBM and CV-03-2886 CBM] |
| 18 Plaintiff, | |
| 19 v. | **CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER** |
| 20 LG ELECTRONICS INC. and LG. | |
| 21 PHILIPS LCD CO., LTD., | |
| 22 | |
| 23 Defendants. | Hon. Consuelo B. Marshall |
| 24 | |

25
26
27
28

LOGGED
CLERK, U.S. DISTRICT COURT
MAR 2 3 2006
CENTRAL DISTRICT OF CALIFORNIA
BY                     DEPUTY

DOCKETED ON CM

APR 26 2006

BY                     006

43

1      IT IS HEREBY STIPULATED by Plaintiff, CHUNGHWA PICTURE TUBES,

2 LTD. and by Defendants, LG ELECTRONICS INC. and LG.PHILIPS LCD CO., LTD.,

3 through their respective counsel of record, that the following Confidentiality Stipulation

4 and Protective Order ("Order") shall govern the handling of any document, information

5 or other things exchanged by the parties or, pursuant to paragraph 16, received from

6 third parties, in connection with all phases of the above captioned action leading up to

7 trial, including, but not limited to, the filing of any pleadings, answering any discovery

8 requests, taking depositions, filing motions, and preparing transcripts and exhibits. This

9 Order does not govern proceedings during trial, nor does it prohibit any party from

10 seeking a separate protective order to govern trial proceedings; however, this Order

11 shall govern all testimony taken at a pretrial hearing or other judicial proceeding.

12     1.     The parties, and any third party whose confidential information is sought

13 through discovery by a party to the captioned action, shall make a designation of

14 CONFIDENTIAL or CONFIDENTIAL ATTORNEYS ONLY with regard to any

15 document or other discovery material it produces or provides, or any testimony it gives

16 in the above captioned action, that purportedly contains, reflects, or otherwise discloses

17 a trade secret or other confidential research, development, commercial, technical,

18 business, financial, personnel, or customer information.

19     (a)     Each party and all persons bound by the terms of this Order shall use

20 any information or document governed by this Order only in connection with the

21 prosecution or defense of the above captioned action, except by consent of all of the

22 parties or order of the Court.  With respect to information or documents produced by

23 third parties, such information or documents will be used only in connection with the

24 prosecution or defense of the above captioned action, except by consent of all of the

25 parties and the third party that produced such information or documents, or order of the

26 Court.  CONFIDENTIAL and/or CONFIDENTIAL ATTORNEYS ONLY information

27 and/or documents may be disclosed or released only to those persons entitled to receive

28 such information and/or documents under this Order.

HOWREY LLP

- 1 -

DM-8322342

1          (b)    Documents will be treated in accordance with their designation
2   under this Order. However, failure of a party to designate material CONFIDENTIAL or
3   CONFIDENTIAL ATTORNEYS ONLY shall not be deemed or construed to constitute
4   an admission that such material is not confidential or proprietary. If a party discovers
5   that it has inadvertently failed to properly designate material as CONFIDENTIAL or
6   CONFIDENTIAL ATTORNEYS ONLY, such party may promptly designate the
7   material as CONFIDENTIAL or CONFIDENTIAL ATTORNEYS ONLY as
8   applicable. Disclosure of such confidential information to persons not authorized to
9   receive that information prior to receipt of the confidentiality designation shall not be
10  deemed a violation of this Order. However, in the event the document has been
11  distributed in a manner inconsistent with the designation, a receiving party will take
12  reasonable steps to retrieve all copies of the CONFIDENTIAL or CONFIDENTIAL
13  ATTORNEYS ONLY documents that are inconsistently designated, or notes or extracts
14  thereof. In the event distribution has occurred to a person not under the control of a
15  receiving party, the receiving party shall make a request in writing for return of the
16  document and for an undertaking of confidentiality. In the event the request is not
17  promptly agreed to in writing, or in the event there is no response, or in the event that
18  the receiving party deems the making of the request to be a useless act, the receiving
19  party shall promptly notify the disclosing party of the distribution and all pertinent facts
20  concerning it, including the identity of the person or entity not under the control of the
21  receiving party.

22         (c)    If a disclosing party inadvertently discloses information that is
23  privileged or otherwise immune from discovery, the disclosing party shall promptly
24  upon discovery of the disclosure so advise the receiving party in writing, provide the
25  receiving party with satisfactory proof that the disclosure was inadvertent, and request
26  that the item or items of information be returned, and if that request is properly made
27  and supported, no party to the above captioned action shall thereafter assert that the
28  disclosure waived any privilege or immunity. It is further agreed that the receiving

HOWREY LLP

-2-

DM-8322342

1 party will return or destroy the inadvertently produced item or items of information, and
2 all copies and derivations, within five (5) days of the earliest of (a) discovery by the
3 receiving party of the inadvertent nature of the production, or (b) the receiving party
4 receiving a written request for the return or destruction of the information.

5         (d)    Should any documents, testimony, or information designated as
6 CONFIDENTIAL or CONFIDENTIAL ATTORNEYS ONLY be disclosed, through
7 inadvertence by the receiving party, to any person or party not authorized under this
8 Order, then the receiving party shall use commercially reasonable efforts to (i) promptly
9 retrieve the disclosed documents, testimony, or information from such unauthorized
10 person or party; (ii) bind such person or party to the terms of this Order; (iii) promptly
11 inform such person or party of all the provisions of this Order; (iv) request such person
12 or party to sign the "ACKNOWLEDGEMENT" in the form attached hereto; (v) identify
13 such person or party immediately to the disclosing party that designated the documents,
14 testimony, or information as CONFIDENTIAL or CONFIDENTIAL ATTORNEYS
15 ONLY; and (vi) identify the CONFIDENTIAL or CONFIDENTIAL ATTORNEYS
16 ONLY documents, testimony, or information immediately to the disclosing party that
17 designated the documents, testimony, or information as CONFIDENTIAL or
18 CONFIDENTIAL ATTORNEYS ONLY.  The executed "ACKNOWLEDGEMENT"
19 shall promptly be served upon the party that designated the documents, testimony, or
20 information as CONFIDENTIAL or CONFIDENTIAL ATTORNEYS ONLY. Nothing
21 in this paragraph shall limit the right of the party that designated the documents,
22 testimony, or information as CONFIDENTIAL or CONFIDENTIAL ATTORNEYS
23 ONLY to seek any appropriate sanction or remedy against the party that intentionally
24 disclosed the documents, testimony, or information to a person or party not authorized
25 under this Order.

26         (e)    It is understood that counsel for a party may give advice and
27 opinions to his or her client based on his or her evaluation of information designated
28 CONFIDENTIAL and CONFIDENTIAL ATTORNEYS ONLY received by the party,

HOWREY LLP

-3-

DM-8322342

1    provided that such rendering of advice and opinions shall not reveal the content of
2    information to which the recipient is not otherwise entitled, and also shall not reveal or
3    disclose competitively useful information, such as, without limitation, financial
4    information; sales information; pricing data; strategic business plans; research and
5    development projects; circuit implementations; process flows; yield and cost
6    information; marketing plans, forecasts and strategies; testing information; and
7    customer-specific information, except by prior written agreement with counsel for the
8    producing party.

9         2.    Information designated as CONFIDENTIAL may be disclosed only to the
10    following persons:

11         (a)    outside attorneys representing any party in the above captioned
12    action, and any paralegal, law clerk, or other employees working under the direct
13    supervision of such attorneys, provided, however, that no person who is a party or a
14    director, officer, managing agent or other employee of a party may be retained as a
15    paralegal, stenographic or clerical employee within the meaning of this paragraph;

16         (b)   (i)    experts, including consultants and investigators, retained by
17    any party or counsel to any party to assist in the above captioned action or to testify at
18    trial in that action, but only to the extent necessary to perform such work, and provided
19    that such experts shall not be past or present employees of a party and that paragraphs
20    2(b)(ii) and (iii) are complied with;

21         (ii)    For each expert to whom any party desires to disclose
22    CONFIDENTIAL and/or CONFIDENTIAL ATTORNEYS ONLY information and/or
23    documents, such party must first identify in writing to the attorneys for the producing
24    party the following information:  the expert's full name; professional address;
25    educational background; general areas of expertise; all present employment and
26    consultancies; all prior employment and consultancies within the last four years; all
27    present or prior relationships between the expert and the receiving party, its subsidiaries,
28    its affiliates, or other related entities; and a list of all cases in which the expert or

HOWREY LLP

DM-8322342

-4-

1  consultant has testified at a deposition or in court within the last four years. An expert's

2  disclosure of confidential employment and consultancies may be designated as

3  CONFIDENTIAL ATTORNEYS ONLY.

4                    (iii)   Counsel for the producing party shall have ten (10) business

5  days from receipt of such Paragraph 2(b)(ii) notice to object to disclosure of such

6  CONFIDENTIAL and/or CONFIDENTIAL ATTORNEYS ONLY information and/or

7  documents to such expert. Any and all such objections must be made in writing with all

8  such grounds stated with specificity.  The parties shall attempt to resolve such

9  objections informally.   In the event of such an objection, no disclosure of

10  CONFIDENTIAL and/or CONFIDENTIAL ATTORNEYS ONLY documents,

11  testimony or information shall be made to such persons for a period of five (5) court

12  days following the date the objection is received to permit the objecting party to move,

13  by noticed motion or by ex parte application, for an order that disclosure not be made to

14  such expert or consultant or that the disclosure be made only upon certain conditions.

15  Provided that the Paragraph 2(b)(ii) notice is fully responsive to all of the requirements

16  set forth in that same paragraph, the moving party shall have the burden of establishing

17  that good cause exists for such an order, and shall seek to have the matter heard at the

18  earliest possible date.  If no motion is noticed within five (5) court days following

19  receipt of the objection, CONFIDENTIAL and/or CONFIDENTIAL ATTORNEYS

20  ONLY documents, testimony, and information may be disclosed to such experts or

21  consultants for the purposes of and upon the conditions stated in this Protective Order.

22  If such motion is made, there shall be no disclosure to such expert or consultant until the

23  Court has ruled upon the motion, and then only in accordance with the ruling so made.

24  The filing and pendency of such motion shall not limit, delay, or defer any disclosure of

25  the CONFIDENTIAL and/or CONFIDENTIAL ATTORNEYS ONLY documents,

26  testimony and information to persons as to whom no such objection has been made, nor

27  shall it delay or defer any other pending discovery unless the motion and the inability to

28  disclose such documents, testimony, and information bear directly on the non-objecting

HOWREY LLP

-5-

DM-8322342

1  party's ability to conduct such discovery. The right of a party to object shall be waived
2  if no objection is received by the party disclosing the expert or consultant within ten
3  (10) business days of receipt of said disclosure except to the extent that the non-
4  designating party later discovers that the original disclosure of a particular expert was in
5  error or otherwise not fully responsive to Paragraph 2(b)(ii) above.

6      (c) personnel of third party vendors, whose regular business is providing
7  litigation support services, engaged by a party or by counsel for a party to assist counsel
8  in (i) the coding, imaging or other management of documents produced in discovery in
9  the above captioned action or of associated databases; (ii) the preparation of
10 demonstrative exhibits or other visual aids for presentation at a hearing or trial; (iii) jury
11 research and analysis, including mock jurors; (iv) translation; or (v) outside
12 photocopying or scanning services, provided that such personnel of third party vendors
13 shall not be employees of a party or otherwise working for or on behalf of a party in
14 connection with that party's business;

15     (d) any party, including directors, officers, managing agents and other
16 employees assisting with the preparation of this case for trial; and

17     (e) the Court and its personnel and court reporters and videographers.

18   3. Any CONFIDENTIAL material that a party or third party believes in good
19 faith to be highly sensitive or highly confidential and should not be disclosed to
20 another party or parties, or to directors, officers, managing agents or other employees
21 of such other party or parties, may be designated CONFIDENTIAL ATTORNEYS
22 ONLY.

23   4. Information designated as CONFIDENTIAL ATTORNEYS ONLY may
24 be disclosed only to the following persons:

25     (a) outside attorneys representing any party in the above captioned
26 action, and any paralegal, law clerk, or other employees working under the direct
27 supervision of such attorneys, provided, however, that no person who is a party or a
28

HOWREY LLP

-6-

DM-8322342

1  director, officer, managing agent or other employee of a party may be retained as a

2  paralegal, stenographic or clerical employee within the meaning of this paragraph;

3          (b)    experts, including consultants and investigators, retained by any

4  party or counsel to any party to assist in the above captioned action or to testify at trial

5  in that action, but only to the extent necessary to perform such work, and provided that

6  such experts shall not be  present or past employees of a party and that paragraphs

7  2(b)(ii) and (iii) are complied with;

8          (c)    personnel of third party vendors, whose regular business is providing

9  litigation support services, engaged by a party or by counsel for a party to assist counsel

10  in (i) the coding, imaging or other management of documents produced in discovery in

11  the above captioned action or of associated databases; (ii) in the preparation of

12  demonstrative exhibits or other visual aids for presentation at a hearing or trial; (iii) jury

13  research and analysis; (iv) translation; or (v) outside photocopying or scanning services,

14  provided that such personnel of third party vendors shall not be employees of a party or

15  otherwise working for or on behalf of a party in connection with that party's business;

16  and

17          (d)    the Court and its personnel and court reporters and videographers.

18      5.    The persons described in paragraphs 2(b), 2(d), 4(b), or 4(c), and mock

19  jurors under paragraph 2(c), shall be allowed access to the CONFIDENTIAL or

20  CONFIDENTIAL ATTORNEYS ONLY material, as appropriate, only after they have

21  read this Order and signed a copy of the attached "ACKNOWLEDGEMENT."  As

22  limited exceptions to the foregoing, the persons identified in paragraph 4(c) need not

23  sign Acknowledgements if they are employed by a vendor who has signed an

24  Acknowledgement that governs their receipt and use of the CONFIDENTIAL or

25  CONFIDENTIAL ATTORNEYS ONLY information, and paralegals, law clerks, and

26  other employees identified in paragraph 4(a) need not sign Acknowledgements if they

27  are supervised by an attorney who has signed an Acknowledgement.  The undersigned

28  counsel shall forward copies of all executed ACKNOWLEDGEMENTS to the all other

HOWREY LLP

-7-

DM-8322342

parties, and shall also maintain a list, available for inspection by the Court, of persons to whom CONFIDENTIAL or CONFIDENTIAL ATTORNEYS ONLY material is disclosed. The persons receiving CONFIDENTIAL or CONFIDENTIAL ATTORNEYS ONLY material are enjoined from disclosing it to any other person, except as permitted by this Order, and are further enjoined from using such material for any purpose other than the prosecution or defense of the above captioned action.

6. The persons under Paragraphs 4(b) and 4(c) receiving CONFIDENTIAL ATTORNEYS ONLY material shall be precluded from consulting or working for any party to the above captioned action as a participant in any competitive decision-making processes, including without limitation, in the areas of sales and marketing, product pricing, strategic planning, research and development, product development, or manufacturing of products related to the subject matter of the patents-in-suit. This competitive decision-making preclusion shall be effective from the time the CONFIDENTIAL or CONFIDENTIAL ATTORNEYS ONLY information is received and shall last for a period of one (1) year after the conclusion of their participation in the above captioned action.

7. Each individual who receives any CONFIDENTIAL or CONFIDENTIAL ATTORNEYS ONLY material agrees to subject himself or herself to the jurisdiction of this Court for the purpose of any proceedings relating to performance under, compliance with, or violation of this Order.

8. The recipient of any CONFIDENTIAL or CONFIDENTIAL ATTORNEYS ONLY material shall maintain such information in a secure and safe area accessible only to persons eligible to review such CONFIDENTIAL or CONFIDENTIAL ATTORNEYS ONLY material.

9. If a party discloses CONFIDENTIAL and/or CONFIDENTIAL ATTORNEYS ONLY information and/or documents in another document, at a deposition, or at a hearing, such party shall designate, and treat, at least such portion of such other document or resulting transcript as CONFIDENTIAL and/or

1  CONFIDENTIAL ATTORNEYS ONLY as applicable.  Parties, third parties agreeing

2  to be bound by this Order, and their counsel shall designate CONFIDENTIAL or

3  CONFIDENTIAL ATTORNEYS ONLY material as follows:

4          (a)     In the case of documents that are produced as part of discovery or

5  are responsive to any discovery request, which includes, but is not limited to, responses

6  to interrogatories, document production requests, and requests for admission and any

7  attachments or exhibits to any of the foregoing documents referenced in this provision,

8  such documents shall be stamped or otherwise labeled:    CONFIDENTIAL or

9  CONFIDENTIAL ATTORNEYS ONLY.

10         (b)     In the case of depositions, counsel may designate portions of the

11 transcript (including exhibits) as CONFIDENTIAL or CONFIDENTIAL ATTORNEYS

12 ONLY during the deposition by making a statement to that effect on the record.

13 Alternatively, within thirty (30) calendar days after receipt of any written deposition

14 transcript, counsel for a party or third party whose CONFIDENTIAL or

15 CONFIDENTIAL ATTORNEYS ONLY material was disclosed during the deposition

16 may so designate the appropriate pages of the transcript (including exhibits) and serve

17 notice of the designation on opposing counsel.  For thirty (30) calendar days after

18 receipt of any written deposition transcript, the deposition transcript, including exhibits,

19 shall be deemed CONFIDENTIAL ATTORNEYS ONLY.  Where the entire deposition,

20 as opposed to discreet portions of the deposition testimony, is designated

21 CONFIDENTIAL or CONFIDENTIAL ATTORNEYS ONLY on the record at the

22 deposition, counsel shall confirm in writing within thirty (30) days after the receipt of

23 the deposition transcript those portions of the transcript that are CONFIDENTIAL or

24 CONFIDENTIAL ATTORNEYS ONLY.

25         10.    During any deposition taken in the above captioned action at which

26 CONFIDENTIAL or CONFIDENTIAL ATTORNEYS ONLY information and/or

27 documents are disclosed or discussed, any party may exclude from attendance at the

28 deposition during such disclosure or discussion any person other than the deponent,

HOWREY LLP

-9-

DM-8322342

1   counsel for the deponent (as long as that counsel is otherwise authorized under the
2   terms of this protective order to have access to the CONFIDENTIAL or
3   CONFIDENTIAL ATTORNEYS ONLY information and/or documents), court
4   reporter, videographer, and persons to whom the information and/or documents may be
5   disclosed under Paragraphs 2 and 3.

6       11.   A party or third party shall not be obligated to challenge the propriety of a
7   CONFIDENTIAL or CONFIDENTIAL ATTORNEYS ONLY designation at the time
8   made, and failure to do so shall not preclude a subsequent challenge. If at any time any
9   party disagrees with a designation of CONFIDENTIAL or CONFIDENTIAL
10  ATTORNEYS ONLY, that party shall provide written notice of its disagreement to the
11  producing party or third party, including its basis for disagreeing with the designation.
12  The disclosing party shall then have a reasonable period, not exceeding fourteen (14)
13  days, from the date of receipt of such notice to:  (a) advise the receiving party whether
14  the disclosing party maintains its designation; and (b) if so, provide its basis for the
15  particular designation.  The parties or third parties shall first try to resolve the dispute
16  on an informal basis.  If the dispute cannot be informally resolved, the party or third
17  party challenging the designation may, after advising the disclosing party, request
18  appropriate relief from the Court.

19      12.   All applications and motions to the Court in which a party submits
20  CONFIDENTIAL or CONFIDENTIAL ATTORNEYS ONLY material shall comply
21  with Local Rule 79-5.1.

22      13.   In the event that any party seeks to use CONFIDENTIAL or
23  CONFIDENTIAL ATTORNEYS ONLY material in any pretrial motion or supporting
24  motion papers or opposition to a motion or related motion papers or during a pre-trial
25  hearing in connection with the above captioned action, that party shall notify the
26  designating party or third party of such intended use no less than three (3) business
27  days in advance of such intended use.  Use of CONFIDENTIAL or CONFIDENTIAL
28  ATTORNEYS ONLY material in any pretrial proceeding shall not result in loss of its

HOWREY LLP

-10-

DM-8322342

1  CONFIDENTIAL or CONFIDENTIAL ATTORNEYS ONLY status through such use,
2  and the parties shall take all steps reasonably required to protect its confidentiality
3  during such use. Such efforts include, but are not limited to, undertaking to disclose
4  the least amount of designated content as is reasonably necessary for the pretrial
5  proceeding, and may include redacting or excerpting portions of designated discovery
6  material as appropriate. Disclosure and use of CONFIDENTIAL and
7  CONFIDENTIAL ATTORNEYS ONLY material at trial and in subsequent
8  proceedings shall be governed by the terms of an order to be entered by the Court.

9       14.   Nothing in this Order shall preclude a party or its attorneys from:

10      (a)   showing a document designated as CONFIDENTIAL or
11  CONFIDENTIAL ATTORNEYS ONLY to an individual identified by the document or
12  by sworn testimony as having been previously prepared, received, or reviewed by that
13  individual;

14      (b)   showing a document produced in discovery by an opposing party to
15  a current or former director, officer, managing agent or employee of the producing party
16  or of any related entities of the producing party during the questioning of such person in
17  a deposition, hearing, or trial in the above captioned action; or

18      (c)   disclosing or using for any purpose any information or documents
19  from the party's own files which the party itself has designated as CONFIDENTIAL or
20  CONFIDENTIAL ATTORNEYS ONLY.

21      15.   Counsel for a party producing documents may mask ("redact") material
22  deemed exempt from discovery because it is protected from disclosure under the
23  attorney-client privilege or work product doctrine. Any and all documents from which
24  material is redacted shall identify in all redacted areas that a redaction has occurred. In
25  addition, the reason for any and all such redactions shall be stated either on the
26  documents themselves or on a log to be provided within thirty (30) days after the
27  production of the documents. Sufficient information regarding the masked material
28  must be provided to the other party to enable it to evaluate the legitimacy of the

HOWREY LLP

-11-

DM-8322342

1   asserted privilege or immunity, and such redactions shall be included on the redacting

2   party's privilege log. The parties reserve the right to pursue categories for redaction in

3   addition to those identified above, by either consent of the parties or order of the Court,

4   to be addressed on a case-by case basis. All disputes arising out of a party's objection

5   to another party's redaction of material under this paragraph shall be resolved pursuant

6   to Fed. R. Civ. P. 37, Local Rule 37-1 through 37-4.

7       3.    Third parties may produce documents and/or other things and may

8   disclose information pursuant to the terms of this Order. Such third parties shall be

9   entitled to the remedies and relief provided by this Order.

10      4.    Any court reporter or videographer who records testimony in the above

11  captioned action at a deposition shall be provided with a copy of this Protective Order

12  by the party noticing the deposition. That party shall advise the court reporter or

13  videographer, before any testimony is taken, that all confidentially designated

14  documents, information, or testimony is and shall remain confidential and shall not be

15  disclosed except as provided in this Protective Order. The noticing party shall further

16  advise the court reporter and videographer that copies of all transcripts, reporting notes,

17  and all other records of any such testimony must be treated in accordance with this

18  Protective Order, delivered to attorneys of record, or filed under seal with the Court.

19      5.    In the event any person or receiving party having possession, custody, or

20  control of any document, testimony, or information produced in the above captioned

21  action and designated as CONFIDENTIAL or CONFIDENTIAL ATTORNEYS

22  ONLY by a disclosing party receives a subpoena or other process or order to produce

23  such information, such subpoenaed person or entity shall notify by mail the attorneys

24  of record of the disclosing party claiming such confidential treatment of the document

25  sought by such subpoena or other process or order, shall furnish those attorneys with a

26  copy of said subpoena or other process or order, and shall cooperate with respect to any

27  reasonable procedure sought to be pursued by the party whose interest may be affected.

28  The disclosing party asserting the confidential treatment shall have the burden of

HOWREY LLP

-12-

DM-8322342

1   defending against such subpoena, process or order. The person or party receiving the
2   subpoena or other process, or order shall be entitled to comply with it except to the
3   extent the disclosing party asserting the confidential treatment is successful in
4   obtaining an order modifying or quashing it.

5       6.   If the discovery process calls for the production of information that a party
6   does not wish to produce because the party believes its disclosure would breach an
7   express or implied agreement with a non-party to maintain such information in
8   confidence, the disclosing party shall give written notice to the non-party that its
9   information is subject to discovery in the above captioned action, and shall provide the
10  non-party with a copy of this Protective Order. When such written notice is given to
11  the non-party, the disclosing party will advise the potential receiving party that such
12  notice has been given. The non-party shall have fourteen (14) days from receipt of the
13  written notice in which to seek relief from the Court, if the non-party so desires. If the
14  fourteen (14) days elapse without relief being sought from the Court, the requested
15  information shall be produced in accordance with the terms of this Protective Order.

16      7.   Unless otherwise agreed to by the parties or by order of the Court, within
17  sixty (60) days of the final resolution of all of the above captioned action and of any
18  and all appeals of such action, all CONFIDENTIAL and CONFIDENTIAL
19  ATTORNEYS ONLY material, and all copies thereof, shall be (1) upon request,
20  returned to the party that produced it, or (2) destroyed. Notwithstanding the foregoing,
21  counsel of record for the parties shall be permitted to retain a file copy of materials
22  created during the course of the above captioned action, or made part of the record, or
23  which have been filed under seal with the Clerk of the Court, including but not limited
24  to any motion, brief, affidavit, expert report, discovery response, and/or memoranda
25  which contains CONFIDENTIAL or CONFIDENTIAL ATTORNEYS ONLY material
26  within the document or as an exhibit thereto, and a copy of all depositions, including
27  exhibits, and deposition evaluations. Such file copies must be maintained under the
28  conditions of CONFIDENTIAL or CONFIDENTIAL ATTORNEYS ONLY

HOWREY LLP

-13-

DM-8322342

1    documents as provided in this Order. Counsel of record for the parties shall certify in

2    writing that they have complied with this paragraph.

3       8.     This Order is not intended to address discovery objections to produce,

4    answer, or respond on the grounds of attorney-client privilege or work product

5    immunity, or to preclude either party from seeking further relief or protective orders

6    from the Court as may be appropriate under the Federal Rules of Civil Procedure.

7       9.     Except as specifically provided herein, the terms, conditions, and

8    limitations of this Order shall survive the termination of the above captioned action.

9       10.    This Order is without prejudice to the right of any party or third party to

10    seek relief from the Court, upon good cause shown, from any of the provisions hereof.

11                    (signature blocks on following page)

16    IT IS SO ORDERED

17    Dated ___4/24/06___

18    _____

     United States District Judge

HOWREY LLP

-14-

DM-8322342

1  Dated: March 20, 2006

2

3  HOWREY LLP                          MORGAN, LEWIS & BOCKIUS LLP

4

5  Teresa M. Corbin (SBN 132360)       Andrea Sheridan Ordin
6  Glenn W. Rhodes (SBN 177869)        David L. Schrader
7  Robert F. Kramer (SBN 181706)       MORGAN, LEWIS & BOCKIUS LLP
   Lorrel A. Birnschein (SBN 205833)   300 South Grand Avenue, Twenty-
8  HOWREY LLP                          Second Floor
9  525 Market Street, Suite 3600       Los Angeles, California 90071-3132
   San Francisco, CA 94105-2708        Tel: (213) 612-2500
10 Tel: (415) 848-4900                 Fax: (213) 612-2501
11 Fax: (415) 848-4999

12 Christopher A. Mathews (SBN 144021) Kell M. Damsgaard
13 Brian S. Kim (SBN 186523)           Ann A. Byun
   HOWREY LLP                          MORGAN LEWIS & BOCKIUS LLP
14 550 South Hope Street, Suite 1100   1701 Market Street
15 Los Angeles, California 990071-2627 Philadelphia, PA 19103
   Tel: (213) 892-1800                 Tel: (215) 963-5000
16 Fax: (213) 892-2300                 Fax: (215) 963-5299

17                                     Anthony C. Roth
                                       Nathan W. McCutcheon
18                                     Mary Jane Boswell
19                                     David Morris
                                       MORGAN, LEWIS & BOCKIUS LLP
20                                     1111 Pennsylvania Avenue, N.W.
21                                     Washington, D.C. 20004
                                       Tel: (202) 739-3000
22                                     Fax: (202) 739-3001

23 IT IS SO ORDERED.

24

25

26 Dated:_____    _____
27                                     U.S. District Court Judge

28

HOWREY LLP

                                       -15-

DM-8322342

SCANNED

# <u>ACKNOWLEDGEMENT</u>

I, _____, declare:

    1.   I reside at _____ [Street Address]

              _____ [City, State, Zip Code].

    2.   I am employed at _____ [Employer]

          located at _____ [Street Address]

              _____ [City, State, Zip Code]

          as _____ [Position or Title].

    3.   I have read and understand the provisions of the Amended Confidentiality Stipulation and Protective Order ("Protective Order") entered in the U.S. District Court for the Central District of California ("the Court") with respect to the non-disclosure of CONFIDENTIAL and CONFIDENTIAL ATTORNEYS ONLY information and/or documents, and I agree to abide by and be bound by its terms. Specifically, and without limitation upon such terms, I agree not to use or disclose any confidential information made available to me other than in accordance with the Protective Order.

    4.   I hereby submit to the jurisdiction of the Court for the limited purpose of enforcing the Protective Order, and this Acknowledgement, by contempt proceedings or other appropriate judicial remedies.

    5.   I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Acknowledgement was executed this _____ day of _____, 200__.

                          By: _____

HOWREY LLP

DM-8322342

# PROOF OF SERVICE

STATE OF CALIFORNIA )
)  ss.:
COUNTY OF SAN FRANCISCO )

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action. My business address is 525 Market Street, Suite 3600, San Francisco, California 94105.

On March 20, 2006, I served on the interested parties in said action the within:

## CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

by placing a true copy thereof in a sealed envelope(s) addressed as stated below.

Andrea Sheridan Ordin
David L. Schrader
MORGAN, LEWIS & BOCKIUS LLP
300 South Grand Avenue, Twenty-Second Floor
Los Angeles, California 90071-3132
Tel: (213) 612-2500
Fax: (213) 612-2501

Kell M. Damsgaard
Ann A. Byun
MORGAN LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Tel: (215) 963-5000
Fax: (215) 963-5299

Anthony C. Roth
Nathan W. McCutcheon
Mary Jane Boswell
David Morris
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Tel: (202) 739-3000
Fax: (202) 739-3001

[X]  (U.S. MAIL and ELECTRONIC MAIL) I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 20, 2006 at San Francisco, California.

Jessika Fabian
(Type or print name)

(Signature)

HOWREY LLP

DM-8322342

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on May 10, 2006, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Robert W. Whetzel, Esq.
Matthew W. King, Esq.
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

The undersigned counsel further certifies that copies of the foregoing document were sent on May 10, 2006 by email and by hand to the above counsel and by email and first class mail to the following non-registered participants:

Christine A. Dudzik, Esq.
Thomas W. Jenkins, Esq.
Howrey LLP
321 North Clark Street
Suite 3400
Chicago, IL 60610

Teresa M. Corbin, Esq.
Glenn W. Rhodes, Esq.
Julie Gabler, Esq.
Howrey LLP
525 Market Street
Suite 3600
San Francisco, CA 94105

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk

602380v1