# RICHARDS, LAYTON & FINGER

A PROFESSIONAL ASSOCIATION
ONE RODNEY SQUARE
920 NORTH KING STREET
WILMINGTON, DELAWARE 19801
(302) 651-7700
FAX (302) 651-7701
WWW.RLF.COM

ROBERT W WHETZEL
DIRECTOR

DIRECT DIAL NUMBER
302-651-7634
WHETZEL@RLF.COM

May 15, 2006

**VIA ELECTRONIC FILING**
The Honorable Joseph J. Farnan, Jr.
United States District Court
District of Delaware
844 King Street
Wilmington, DE 19801

      Re:    <u>L.G. Philips LCD Co. Ltd. v. Tatung Company et. al., C.A. No. 05-292 (JJF)</u>

Dear Judge Farnan:

      LPL's theme in this case thus far is that defendants (hereinafter "CPT") are simply seeking to delay the proceedings and to avoid trial. At the hearing before Your Honor on April 25th, CPT expressed its concern that it was being prejudiced in this case, not by the merits, but by the fast-track procedure the Court has imposed on the parties combined with the gamesmanship being engaged in by LPL to circumvent discovery and to inhibit CPT's ability to defend itself. LPL's withdrawal of the '121 patent infringement claims, <u>without prejudice</u>, is simply another example of how CPT is being prejudiced through LPL's sharp practices. LPL's insincere gesture of "dropping" the '121 patent infringement claims from this case has cost CPT more than the twelve valuable days of discovery offered to CPT by the Court, and has done nothing to resolve the dispute between the parties as to the '121 patent. Curiously, LPL's gesture, if allowed to stand, will permit LPL to delay the '121 case and to avoid a July 17th trial date on that patent, to the prejudice of the defendants.

      LPL has made it clear that it has retained its rights to sue CPT for patent infringement as to its past and current products based on the '121 patent in this or a different forum and at any time. When Your Honor gave LPL the option of "dropping" the '121 patent from this case, or permitting CPT discovery between May 1st and May 12th on the on-sale bar evidence, CPT was not anticipating that LPL would simply take this as an opportunity to deprive CPT of discovery as to the '121 patent's invalidity until a later date or a separate suit. Moreover, it was clear to CPT that if CPT was permitted discovery as to the on-sale bar evidence, the discovery provided would not impact the July 17th trial date. Therefore, any claim by LPL that CPT would use the discovery to delay the trial simply makes no sense.

The Honorable Joseph J. Farnan, Jr.
May 15, 2006
Page 2

After learning that LPL was withdrawing the '121 patent without prejudice, CPT approached LPL and requested LPL to stipulate to a dismissal with prejudice as to all past and current products of CPT. CPT took this step because LPL's withdrawal without prejudice made it clear that a case or controversy still existed between the parties as to the '121 patent. A stipulated dismissal with prejudice would remove the existence of a case or controversy and give finality to the present controversy between LPL and CPT with respect to the '121 patent. May 8, 2006 Letter from Glenn W. Rhodes to Gaspare J. Bono (hereinafter "CPT's May 8th Letter")(Attached hereto as Exhibit A).

As Your Honor will recall, on November 1, 2005 LPL moved for a preliminary injunction in this case based on the '121 patent, claiming irreparable harm from CPT's alleged infringement. LPL has now dropped its infringement claim from this case based on the '121 patent, while stating that "LPL does not concede anything by withdrawing its claims under the '121 patent. LPL believes that it has stated a meritorious claim for patent infringement of its '121 patent. Moreover, LPL believes, on the basis of everything that is known to date, that defendants could not successfully prove an invalidating on-sale bar for the '121 patent by clear and convincing evidence." Letter of May 1, 2006 to The Honorable Judge Joseph J. Farnan, Jr. from Mr. Richard D. Kirk (hereinafter "LPL's May 1st Letter")(Attached hereto as Exhibit B).

A case or controversy still exists based on LPL's clear statements that it believes the '121 patent is valid and infringed by CPT. *See, e.g., Fina Research v. Baroid Limited*, 141 F.3d 1479, 1484 (Fed. Cir. 1998)(declaratory judgment claim should not be dismissed where patentee declined to promise not to bring suit because reasonable apprehension continues to exist). CPT still has a Declaratory Judgment action in this case directed to the '121 patent. LPL has taken the position that "[s]ince there are no longer claims of infringement under the '121 patent in the case, any affirmative defenses related to that patent are moot. Discovery related to any of those affirmative defenses is also moot." Letter of May 11, 2006 From Gaspare J. Bono to Glenn W. Rhodes (hereinafter, "LPL's May 11th Letter")(Attached hereto as Exhibit C).

The issue of the '121 patent has **not** been resolved between the parties in that LPL has not entered into a formal covenant not to sue CPT on the '121 patent. To the contrary, LPL has expressly asserted its right to bring suit against CPT again on this same patent and has refused CPT's request to withdraw the '121 patent with prejudice. See Exhibit C, LPL's May 11th Letter. A controversy therefore still exists. *See, Fina Research*, 141 F.3d at 1484; *Biacore, AB v. Thermo Bioanalysis Corp.*, 79 F.Supp.2d 422, 455 (D. Del. 1999)("the absence of a formal covenant not to sue or a willingness to accept a judgment of noninfringement creates a reasonable apprehension of suit"). LPL has artfully worked a delay of both discovery and trial as to the '121 patent while arguing that "the discovery preparatory to and ensuing battle over the on-sale bar for the '121 patent would be a time consuming distraction from LPL's real objective, which is getting to trial in July on defendants' infringing products. LPL is concerned that CPT would use the discovery process outlined by the court as to the on-sale bar issue in an effort to attempt (again) to postpone the trial. Therefore, the withdrawal of Count I is a practical decision that in no way should be construed as a concession by LPL." Exhibit B, LPL's May 1st Letter.

LPL elected to sue CPT on the '121 patent, brought a preliminary injunction motion against CPT based on the '121 patent, claiming that LPL was being irreparably harmed by CPT's infringement of the '121 patent, and now has dropped its infringement claims based on the '121 patent, without prejudice, to avoid a "time consuming distraction." At the very least, any statements from LPL regarding its "real objective' are suspect given its now clearly baseless claim of irreparable harm in connection with its preliminary injunction motion based on the '121 patent. LPL's notion that it can sue on a patent, make baseless accusations of irreparable harm in order to disrupt CPT's business and business relationships, then whimsically drop the patent without prejudice to delay discovery and an adjudication of invalidity of the '121 patent is unreasonable and prejudicial to the defendants in this action. CPT's business has been adversely affected by LPL's specious allegations of infringement of a patent it well knows is invalid. CPT is entitled to resolve the cloud over its business created by LPL's baseless allegations. LPL provides no explanation as to why it is important to proceed to trial on the '002 patent, but not the '121 patent originally at the root of the present urgency. LPL's attempt to engage in piecemeal litigation as to active disputes between the parties is unwarranted and prejudicial to the defendants.

A case or controversy still exists between the parties as to the '121 patent. CPT has a valid and active Declaratory Judgment action directed to the '121 patent and desires to resolve the dispute as to the '121 patent in this proceeding and proceed to the Federal Circuit as soon as is fairly and justly possible in this action.

The procedure being implemented in this case was at least in part related to the '121 patent and the urgency LPL asserted as a basis for bringing a preliminary injunction motion in November 2005. LPL has now abandoned the urgency associated with the '121 patent. Although completing this case in a timely and efficient manner is a highly desirable goal, maintaining a trial date should not be a goal in and of itself where a defendant is not given a full and fair opportunity to prepare its defense. While CPT desires to resolve this case as soon as possible, it cannot realistically complete the discovery that CPT would have been entitled to had LPL not created this intolerable situation by withholding documents, then withdrawing its '121 patent without prejudice. CPT should not be burdened with this discovery obstacle. CPT sought third-party discovery early on relating to third-party sales of panels prior to the '121 patent's critical date. But as to pre-critical date sales of LPL's own panel, LPL withheld those documents, many of which are Korean-language documents, that showed pre-critical date sales until February 17th, and then February 21st, knowing it would be impossible for CPT to seek third-party discovery on those sales. LPL then produced additional documents on March 17th that pertained to LPL's own on-sale bar activities.

CPT is renewing its request that it be provided its discovery as to the on-sale bar issues raised by CPT at the April 25th hearing. Although it is not CPT's intent to obtain a delay in the current schedule leading to trial on July 17th, the reality instructs that maintaining the July 17 trial date is now an unrealistic goal if CPT is to be given a fair opportunity to defend itself against both LPL's allegations and its gamesmanship. Had LPL not mislead CPT as to its intention to simply drop the '121 patent from this case without resolving the dispute between the

The Honorable Joseph J. Farnan, Jr.
May 15, 2006
Page 4

parties over this patent, CPT could have conducted discovery on the on-sale bar issues between May 1st and May 12th. The purpose of the follow-up hearing set for May 17th was to be in part to determine what additional discovery would be needed. By adopting a tiered approach to discovery on the on-sale bar issues, the Court was recognizing that CPT might need additional discovery and could at least give CPT a shot at obtaining the discovery it would need to maintain a defense. However, CPT has been denied third-party discovery directed to the '121 patent's invalidity, and is now at least three-weeks behind on discovery that it could have pursued that is directed to the '121 patent's on-sale bar issues. Considering that LPL's counsel stated at the April 25th hearing that he had inquired of his client regarding the date of sale of the LPL TCP product at issue and that his client could not say one way or the other, it must be considered that discovery relating to the on-sale bar issue will lie with third-parties such as LPL America or Texas Instruments (Japan).[1] For foreign-based third-parties, obtaining information that CPT is entitled to in preparing its defense may take months. CPT requests a trial date based on giving CPT the ability to complete the discovery necessary to assert a defense. Again, LPL's decision to drop the '121 patent underscores the fact that LPL's sense of urgency over this patent has dissipated. CPT should be entitled to resolve the entirety of the dispute between the parties raised by LPL's accusations in this case in one proceeding. No interests are served by delaying the resolution of the dispute as to the '121 patent until a later time and perhaps a different forum. CPT is prepared to move forward on all of the issues, but fairly and with the discovery to which it is entitled.

In addition to seeking additional discovery, CPT will seek Your Honor's immediate leave to amend its counterclaims to include two additional claims directly related to the evidence surrounding LPL's pre-critical date sales of its own '121 TCP products. CPT will seek immediate leave from Your Honor to amend its counterclaim to include a count for inequitable conduct in the procurement of the '121 patent, along with discovery on this issue. CPT also will seek leave to amend to assert a *Walker Process* antitrust counterclaim based on the fraudulent procurement of the '121 patent. All disputes between the parties concerning the '121 patent should be resolved in a single proceeding.

---

[1] Mr. Bono: That's correct, Your Honor, I have investigated this and I have spoken with the client about this issue, and they are unable to say whether the particular TCP which contains the invention was contained in the modules sold prior to March 23, that were sold in the U.S. I have quizzed them repeatedly and they don't have documentation either in their manufacturing facilities or anywhere else which would say that the module number sold here contained the particular TCP, that contained the invention as opposed to that contained in the TCP prior to the invention. *I have asked them repeatedly.* April 25, 2006 Hearing Transcript p 41:8-22 (Emphasis added)

RLF1-3014076-1

The Honorable Joseph J. Farnan, Jr.
May 15, 2006
Page 5

                                      Respectfully submitted,

                                      */s/ Robert W. Whetzel* (by MWK 4566)

                                      Robert W. Whetzel

cc:    Glenn W. Rhodes
        Christine A. Dudzik, Esq. (via e-mail)
        Julie S. Gabler (via e-mail)
        Richard D. Kirk, Esq. (via e-mail)
        Gaspare J. Bono, Esq. (via e-mail)

RLF1-3014076-1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 15, 2006, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing, and hand delivered to the following:

> Richard D. Kirk
> The Bayard Firm
> 222 Delaware Avenue, Suite 900
> P.O. Box 25130
> Wilmington, DE  19899

I hereby certify that on May 15, 2006, I sent the foregoing document by Electronic Mail, to the following non-registered participants:

> Gaspare J. Bono
> Matthew T. Bailey
> Andrew J. Park
> Adrian Mollo
> McKenna Long & Aldridge LLP
> 1900 K Street, NW
> Washington, DC  20006

> Matthew W. King (#4566)
> king@rlf.com
> Richards, Layton & Finger
> One Rodney Square
> P.O. Box 551
> Wilmington, DE  19899

RLF1-2917974-1