# EXHIBIT A

Case 1:05-cv-00292-JJF    Document 195-2    Filed 05/15/2006    Page 1 of 3

# HOWREY

550 South Hope Street
Suite 1100
Los Angeles, CA 90071-2627
T 213 892 1800
F 213 892 2300
www.howrey.com

May 8, 2006

VIA FACSIMILE

Gaspare J. Bono, Esq.
McKenna Long & Aldrige LLP
1900 K Street, NW
Washington, DC 20006

Re:   LG Philips LCD Co Ltd v Tatung Co of America et al CA No.
      05-292-JJF

Dear Mr. Bono:

This is in reference to your letter to Judge Farnan of 1 May 2006.

I understand from your letter that LPL has elected to withdraw its claims of patent infringement in this case with respect to U.S. Patent No. 6,738,121 (the "'121 patent"). In your letter, you indicate that "LPL does not concede anything by withdrawing its claims under the '121 patent. LPL believes that it has stated a meritorious claim for patent infringement of its '121 patent. Moreover, LPL believes, on the basis of everything that is known to date, that defendants could not successfully prove an invalidating on-sale bar for the '121 patent by clear and convincing evidence."

This is not a satisfactory resolution to the '121 patent issue, and I do not believe this is what the court intended when it gave LPL the option of dropping the '121 patent or allowing CPT to take additional discovery on the on-sale bar issue. We request that LPL enter into a stipulated dismissal of the '121 patent with prejudice as to all past and current CPT TFT LCD module products. As expressed in your letter, LPL is retaining its rights to pursue an infringement suit against CPT as to its past and current TFT LCD module products in a different forum and/or different time.

LPL filed this action on 13 May 2005 and then moved for a preliminary injunction against CPT on 1 November 2005 based on the '121 patent, claiming irreparable harm. We are now in the curious position of LPL withdrawing its infringement claim under the '121 patent without prejudice in order to pursue its claims under the '002 patent because "LPL is concerned that CPT would use the discovery process outlined by the court as to the on-sale bar issue in an effort to attempt (again) to postpone the trial." We take from this withdrawal that the urgency that was attached to the '121 patent last November has now dissipated.

Since LPL is withdrawing its infringement claims without prejudice, CPT will proceed with its declaratory judgment action with respect to invalidity of the '121 patent. The evidence

# HOWREY

Gaspare J. Bono, Esq.
May 8, 2006
Page 2

uncovered thus far shows that the '121 patent is both invalid for violation of the on-sale bar and unenforceable for fraud by LPL in the procurement of the '121 patent from the U.S. Patent & Trademark Office.

As to LPL's fear that CPT is seeking to delay the trial date, CPT has no intention of seeking a delay in the trial date unless such a delay is necessary to remedy prejudice caused by LPL. As you know, the Court was willing to provide twelve days in May (May 1st to the 12th) to pursue discovery relating to the on-sale bar issue, without delaying the July 17th trial date. LPL's position that it was dropping the '121 patent infringement claims to prevent a continuance of the July 17th trial date seems somewhat contradictory. We have now lost that valuable time. If LPL cannot agree to a dismissal of the '121 patent with prejudice, we will raise the issue with the Court at the May 17th hearing. We would like to avoid this and hope we can work together to reach a resolution that lays the '121 patent infringement issue to rest with respect to all of CPT's past and current TFT LCD modules. If not, we will make a request to the Court for immediate discovery relating to the on-sale bar issue. We also will be seeking immediate leave to amend the counterclaim to add a claim for inequitable conduct in the procurement of the '121 patent. We will request the Court to grant discovery on these issues between May 17th and June 17th (one month before trial).

Please let me know as soon as possible if LPL with agree to a dismissal of the '121 patent infringement claims with prejudice.

Very truly yours,

*Glenn W. Rhodes*

Glenn W. Rhodes

cc: Matthew King (via email)
Julie Gabler (via email)

DM_US\8313477.v1