# EXHIBIT C

| | **McKenna Long** | |
|---|---|---|
| Atlanta | **& Aldridge** LLP | San Diego |
| Denver | Attorneys at Law | San Francisco |
| Los Angeles | 1900 K Street, NW • Washington, DC 20006 | Washington, DC |
| | 202.496.7500 • Fax: 202.496.7756 | |
| Philadelphia | www.mckennalong.com | Brussels |

GASPARE J. BONO  
(202) 496-7211

EMAIL ADDRESS  
gbono@mckennalong.com

May 11, 2006

**BY E-MAIL**

Glenn W. Rhodes, Esq.
Howrey LLP
550 South Hope Street, #1100
Los Angeles, CA 90071-2627

Re:   *LG Philips LCD Co., Ltd v. Tatung Co. of America et al.*; CA No. 05-292-JJF

Dear Glenn:

I write in response to your letter of May 8, 2006 regarding LPL's withdrawal of its claims under the '121 patent. We disagree with much of your letter, and specifically we do not agree to your demand that LPL stipulate to a dismissal with prejudice of its claims under the '121 patent.

After correctly reciting what LPL has done (i.e., withdrew its claims under the '121 patent), you say you do not believe that is what Judge Farnan intended at the hearing on April 25. We think it is precisely what Judge Farnan intended.

At the hearing, the Judge said this:

The first issue that we're going to deal with presented by the parties is the '121 patent. And I'm going to order that counsel for the plaintiff make a determination whether or not they want to pursue infringement claims under that patent by Monday, May 1. **You can drop the patent from the case.**

Transcript, April 25, 2006, at 70:22 through 71:4 (emphasis added).

In withdrawing the claims of infringement under the '121 patent from the case, LPL did nothing more and nothing less than "drop the patent from the case." Withdrawal of those claims is not tantamount to dismissing them under Rule 41, and certainly not tantamount to dismissing them with prejudice. Rather, withdrawing the claims is the functional equivalent of amending the complaint under Rule 15. We believe that Judge Farnan's statement on April 25 was effective authorization for LPL to amend the complaint. We think Judge Farnan's intentions in this regard are crystal clear.

Glenn W. Rhodes
May 11, 2006
Page 2

      Since there are no longer claims of infringement under the '121 patent in the case, any affirmative defenses related to that patent are moot. Discovery related to any of those affirmative defenses is also moot. That was the whole point of the choice Judge Farnan presented to LPL -- pursue claims under the '121 patent with some additional discovery related to defenses, or drop claims under the '121 patent and eliminate that discovery. He surely did not intend to force LPL to drop its claims under the '121 patent but then also face additional discovery related thereto.

      We believe that any attempt by defendants to inject claims as to the validity and enforceability of the '121 patent into the case at this time would not be well received by the Court. We have real doubts as to whether any court would now find a case or controversy with respect to those issues. We have no doubt, however, that Judge Farnan will not allow defendants to pursue, in this case headed for a trial in two months, a validity claim where there is no corresponding infringement claim or an enforceability claim where no enforceability defense has yet been pleaded.

Sincerely,

Gaspare J. Bono

GJB:ea
cc:    Matthew W. King, Esq. (by e-mail)
       Julie S. Gabler, Esq. (by e-mail)
       Richard D. Kirk, Esq. (by e-mail)