IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

LG. PHILIPS LCD CO. LTD,  :
       Plaintiff,  :
       v.  :  Civil Action No. 05-292-JJF
TATUNG COMPANY, TATUNG COMPANY  :
OF AMERICA, INC., CHUNGWHA  :
PICTURE TUBES LTD., and  :
VIEWSONIC CORP.,  :
       Defendants.  :

## MEMORANDUM ORDER

The Court has received a letter from Defendants dated May 15, 2006. The letter raises issues that Defendants contend need to be addressed prior to the trial scheduled to commence on July 17, 2006. The letter also asserts claims of prejudice incurred by Defendants due to the conduct of Plaintiff and the fast-track procedure "imposed" on the parties by the Court. Defendants describe Plaintiff's litigation conduct as gamesmanship[1] designed to circumvent discovery and inhibit Defendants' ability to defend itself.

Defendants further claim, at page three of their letter, that:

> At the very least, any statements from LPL regarding its "real objective" are suspect given its now clearly

---

[1] Gamesmanship can be defined as "the use of ethically dubious methods to gain an objective." The Court understands that Defendants' use of the word in its letter was in such a context.

baseless claim of irreparable harm in connection with its preliminary injunction motion based on the '121 patent. LPL's notion that it can sue on a patent, make baseless accusations of irreparable harm in order to disrupt CPT's business and business relationships, then whimsically drop the patent without prejudice to delay discovery and an adjudication of invalidity of the '121 patent is unreasonable and prejudicial to the defendants in this action. CPT's business has been adversely affected by LPL's specious allegations of infringement of a patent it well knows is invalid.

The schedule in this case was set by the express preference of the parties, not imposed on the parties by the Court. Substantial judicial resources have been expended by the Court to maintain the parties' schedule. The Court finds that no undue prejudice will be incurred by either party by proceeding to trial in July on the '002 patent issues. The issues Defendants contend exist regarding the '121 patent will be addressed after the July trial on a schedule set by the Court.

No further applications concerning the '121 patent shall be made without leave of the Court.

So Ordered.

May 16, 2006
DATE

UNITED STATES DISTRICT JUDGE