# THE BAYARD FIRM
A T T O R N E Y S

222 DELAWARE AVENUE, SUITE 900
P.O. BOX 25130
WILMINGTON, DE 19899
ZIP CODE FOR DELIVERIES: 19801

MERITAS LAW FIRMS WORLDWIDE

www.bayardfirm.com
302-655-5000
(FAX) 302-658-6395
WRITER'S DIRECT ACCESS

(302) 429-4208
rkirk@bayardfirm.com

May 31, 2006

The Honorable Joseph J. Farnan, Jr.
United States District Court
844 North King Street
Wilmington, DE 19801

RE: <u>LG.Philips LCD Co., Ltd. v. Tatung Company of Amercia, et al.
C.A. No. 05-292-JJF</u>

Dear Judge Farnan:

I write on behalf of plaintiff LG.Philips LCD Co., Ltd. ("LPL"). I have Mr. Whetzel's May 30, 2006 letter to the Court (D.I. 200). Mr. Whetzel's letter notes that LPL did not include Rule 7.1.1 certifications with its Motion to Compel Deposition Testimony and for Sanctions filed May 25, 2006 (D.I. 198) and its Second Motion to Compel Deposition Testimony and for Sanctions filed May 26, 2006 (D.I. 199). I have today filed Rule 7.1.1 certifications with respect to each of those motions. (I am enclosing courtesy copies with this letter.)

Defendants, evidently, would like LPL to withdraw its motions and negotiate with defendants for the relief requested in the motions. LPL, on the other hand is interested in preparing this matter for trial commencing on July 17. There is not sufficient time, in the first place, for defense counsel's improper deposition behavior, as outlined in the motions and in the exhibits attached thereto, or secondarily for "negotiations" with defense counsel designed to gain compliance with proper deposition behavior.

The parties are on a fast track to trial; they need to wrap up their depositions. LPL's counsel is well familiar with this Court's expectations regarding (a) the preparedness of corporate deponents under Fed. R. Civ. P. 30(b)(6); (b) the proper lodging of objections during depositions; and (c) the need to refrain from consultation with deponents during depositions. LPL's counsel repeatedly pointed those matters out to defense counsel during the depositions in California last week and defense counsel refused to acknowledge the admonitions. LPL has thus already negotiated with defense counsel. Further negotiations would appear pointless, especially given the expedited nature of the discovery track.

626769v1

THE BAYARD FIRM

The Honorable Joseph J. Farnan, Jr.
May 31, 2006
Page 2

      If defendants believe their deposition behavior was acceptable, they should promptly respond to LPL's motions.

      Respectfully submitted,

*[signature]*

Richard D. Kirk (#0922)

:rdk
enclosures
cc:   Clerk of the Court
       All counsel as shown on attached certificate

626769v1

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on May 31, 2006, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Robert W. Whetzel, Esq.
Matthew W. King, Esq.
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

The undersigned counsel further certifies that copies of the foregoing document were sent on May 31, 2006 by email and by hand to the above counsel and by email and first class mail to the following non-registered participants:

Christine A. Dudzik, Esq.
Thomas W. Jenkins, Esq.
Howrey LLP
321 North Clark Street
Suite 3400
Chicago, IL  60610

Teresa M. Corbin, Esq.
Glenn W. Rhodes, Esq.
Julie Gabler, Esq.
Howrey LLP
525 Market Street
Suite 3600
San Francisco, CA  94105

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk

602380v1