IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG. PHILIPS LCD CO., LTD., ) | |
| ) | |
| Plaintiff, ) | C.A. No. 05-292 (JJF) |
| ) | |
| v. ) | **DEMAND FOR JURY TRIAL** |
| ) | |
| TATUNG COMPANY; ) | |
| TATUNG COMPANY OF AMERICA, INC.; ) | |
| CHUNGHWA PICTURE TUBES, LTD.; ) | **REDACTED - PUBLIC VERSION** |
| AND VIEWSONIC CORPORATION, ) | |
| ) | |
| Defendants. ) | |

## RESPONSE TO PLAINTIFF'S MOTION TO COMPEL DEPOSITION TESTIMONY AND FOR SANCTIONS

OF COUNSEL:
Christine A. Dudzik
Thomas W. Jenkins
Howrey LLP
321 North Clark Street, Suite 3400
Chicago, Illinois 60610
(312) 595-1239

Teresa M. Corbin
Glenn W. Rhodes
Howrey LLP
525 Market Street, Suite 3600
San Francisco, CA 94105
(415) 848-4900

Dated: June 2, 2006

Robert W. Whetzel (#2288)
whetzel@rlf.com
Matthew W. King (#4566)
king@rlf.com
Richards, Layton & Finger
One Rodney Square, P.O. Box 551
Wilmington, DE 19899
(302) 651-7700
Attorneys for Defendants/Counterclaimants Tatung Company, Tatung Company of America, Chunghwa Picture Tubes, Ltd, and Viewsonic Corporation

RLF1-3021059-1

I.  **INTRODUCTION**

Plaintiff's motion, filed without the benefit of a meaningful meet and confer process, is long on generalities and short on identification of any specific substantive deposition questions that were not answered. The disputes LPL presents could have been resolved if LPL had responded to defendants request to meet and confer. Although the deposition record is not perfect, much of the difficulties arose due to significant language and cultural differences - the deponents are native speakers of Chinese with little or no understanding of English. In this context, miscommunication is difficult to avoid, and all counsel must be vigilant to ensure a fair and accurate deposition record.

REDACTED

Yet now, in spite of its tactics and blatant refusal to meet and confer to resolve the misunderstandings that have resulted, LPL claims that it is defendants who have somehow engaged in improper conduct. If plaintiff identifies substantive areas of examination that were not fully answered, defendants are willing to consider supplemental deposition testimony.

A.  **Plaintiff's Complaints of Delay Ring Hollow.**

Plaintiff's assertion that defendants have delayed deposition practice is ironic. To date, Plaintiff has yet to provide a single witness for deposition. In fact, after repeated requests, Plaintiff's have refused to provide the deposition of the inventor of the '002 patent before the initial expert report and only one day before the rebuttal reports are due. By the time Defendants commence their first deposition, Plaintiff will have taken nearly eighty hours of deposition.

Defendants have exerted great efforts to provide witnesses as promptly as possible. Depositions on the '121 patent were scheduled to commence prior to depositions on the '002 patent, and the parties were not able to schedule depositions relating to the '002 patent until

1

Plaintiff made its determination to withdraw the '121 patent. As soon as Plaintiff made this decision, Defendants confirmed witness schedules, obtained visas and plane tickets for deponents traveling from Taiwan and prepared and presented the witnesses for deposition in the United States in just over two weeks - notwithstanding the fact that almost none of the witnesses can speak or read English. A two week turn-around time under these circumstances is commendable, not a basis for criticism.

### B. LPL Complains about Defendants' Instructions Not to Answer Questions That Were Answered When Those Questions Were Later Rephrased

Plaintiff claims that Defendants' instructions not to answer are prejudicing its ability to conduct discovery, but this allegation is without basis because <u>the questions were answered when they were rephrased in an appropriate manner.</u>

In support of its argument,

REDACTED

. Plaintiff discovered the precise information it sought and the attorney-client privilege was preserved. Plaintiff's ability to conduct discovery has not been affected.

**C.     Defendants Were Justified In Giving Instructions Not To Answer.**

Defendants raised privilege objections and instructed witnesses not to answer certain questions relating to deposition preparation – but this was the same instruction given by Plaintiff's counsel to its witnesses in related litigation.

REDACTED

The questions asked in the Wang deposition (Motion, Exhibit 2 at 10--11) are of a similar nature, and an instruction not to answer was given accordingly. Plaintiff cannot be heard to complain that Defendants are not blocking examination while at the same time instructing their own witnesses not to answer similar questions.

LPL also complains about an instruction to a 30(b)(6) witness not to answer a line of questions that was outside the scope of the deposition notice.

REDACTED

; *Hoechst Celanese Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA.*, 623 A. 2d 1099, 1113 (Del. Super. 1991) ( "if the Rule 30(b)(6) examination exceeds the topics outlined in the notice of deposition, the party producing the witness may seek a protective order.").

**D.     Defendants will not seek to waive privilege in this case**

Plaintiff also complains that CPT's 30(b)(6) witness was instructed not to answer questions seeking privileged information about CPT's analysis of the '002 patent, but there is

3

RLF1-3021059-1

nothing improper about this instruction. It is axiomatic that counsel can instruct a witness not to answer questions that would reveal privileged communications. Defendants do not intend to waive privilege to support their arguments in this case.

### E. Defendants' Witnesses Were Not Coached.

REDACTED

to the question). The objection was not intended to coach the witness, and indeed, it had no effect on the response. Plaintiff's citation to pages 18-20 of the Wang deposition is similarly ineffective.

REDACTED

There is simply no evidence of coaching.

## II. CONCLUSION.

For the foregoing reasons, Defendants respectfully request that the Court deny the Motion. Defendants are aware of and will abide by the appropriate rules for deposition conduct, and will provide supplemental testimony to the extent plaintiff identifies area where substantive questions were not answered. Defendants should not, however, be precluded from protecting witnesses from aggressive and sometimes inappropriate examination of LPL counsel.

REDACTED

OF COUNSEL:
Christine A. Dudzik
Thomas W. Jenkins
Howrey LLP
321 North Clark Street, Suite 3400
Chicago, Illinois 60610
(312) 595-1239

Teresa M. Corbin
Glenn W. Rhodes
Howrey LLP
525 Market Street, Suite 3600
San Francisco, CA 94105
(415) 848-4900

Dated: June 2, 2006

/s/ Robert W. Whetzel
Robert W. Whetzel (#2288)
whetzel@rlf.com
Matthew W. King (#4566)
king@rlf.com
Richards, Layton & Finger
One Rodney Square, P.O. Box 551
Wilmington, DE 19899
(302) 651-7700
Attorneys for Defendants/Counterclaimants
Tatung Company, Tatung Company of
America, Chunghwa Picture Tubes, Ltd, and
Viewsonic Corporation

# EXHIBIT A

# REDACTED

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 2, 2006, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing, and hand delivered to the following:

> Richard D. Kirk
> The Bayard Firm
> 222 Delaware Avenue, Suite 900
> P.O. Box 25130
> Wilmington, DE 19899

I hereby certify that on June 2, 2006, I sent the foregoing document by Electronic Mail, to the following non-registered participants:

> Gaspare J. Bono
> Matthew T. Bailey
> Andrew J. Park
> Adrian Mollo
> McKenna Long & Aldridge LLP
> 1900 K Street, NW
> Washington, DC 20006

/s/ Matthew W. King
Matthew W. King (#4566)
king@rlf.com
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

RLF1-2917974-1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 9, 2006, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing, and hand delivered to the following:

> Richard D. Kirk
> The Bayard Firm
> 222 Delaware Avenue, Suite 900
> P.O. Box 25130
> Wilmington, DE 19899

I hereby certify that on June 9, 2006, I sent the foregoing document by Electronic Mail, to the following non-registered participants:

> Gaspare J. Bono
> Matthew T. Bailey
> Andrew J. Park
> Adrian Mollo
> McKenna Long & Aldridge LLP
> 1900 K Street, NW
> Washington, DC 20006

Matthew W. King (#4566)
king@rlf.com
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

RLF1-2917974-1