# EXHIBIT A

# **HOWREY**LLP

321 North Clark Street
Suite 3400
Chicago, IL 60610
www.howrey.com

**Christine A. Dudzik**
Partner
T 312 595 2254
F 312 595 2250
dudzikc@howrey.com
File 01450 0012

May 31, 2006

Gaspare J. Bono
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006

> Re:  *LG.Philips LCD Co. v. Tatung Co. et al., C.V. No. 05-292-JJF*

Dear Gap:

This is in response to your May 31, 2006 letter regarding CPT's 30(b)(6) depositions. We disagree with your characterizations regarding whether CPT's witnesses were prepared to testify on noticed topics 4-6. Those topics were objected to as being exceedingly broad and you were asked several times to clarify the topics so that we could adequately prepare a witness. See, Yovits May 10, 2206 letter to Christenson. LPL did not comply with that request. Nevertheless, in the spirit of cooperation, we are prepared to offer another witness on topics 1-5 listed in your letter and reasonably related topics as soon as next week, even though LPL has already exceeded the number of hours of CPT 30(b)(6) allotted for by the court. We will identify the witness and confirm a date as soon as possible once we have confirmation from the client. However, because this issue overlaps the issues raised in your Second Motion to Compel, we request again that you withdraw that motion immediately.

With respect to your claim that CPT has not complied with the spirit and letter of the court's order of May 1, 2006, we firmly disagree and take exception to your allegations. You have had CPT's list for weeks and have never lodged an objection that it was incomplete. That list is extremely detailed and identifies CPT products and guard rings as the court ordered. CPT has produced all the information you need to obtain the new information you now request for the first time. Additionally, you are certainly entitled to ask these questions at CPT depositions, which you have not sought to do. However, in order to avoid any further disputes on this subject matter, CPT will amend it disclosure and identify the location of the guard rings. That amended disclosure is not easily done and CPT will provide that information as soon as possible.

Sincerely,

*Christine A. Dudzik*

Christine A. Dudzik

CAD:cd

AMSTERDAM  BRUSSELS  CHICAGO  EAST PALO ALTO  HOUSTON  IRVINE  LONDON
LOS ANGELES  NORTHERN VIRGINIA  PARIS  SALT LAKE CITY  SAN FRANCISCO  TAIPEI  WASHINGTON, DC

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| LG. PHILIPS LCD CO., LTD., | ) | |
| | ) | |
| Plaintiff, | ) | C. A. No. 05-292 (JJF) |
| | ) | |
| v. | ) | |
| | ) | |
| TATUNG COMPANY; | ) | |
| TATUNG COMPANY OF AMERICA, INC.; | ) | |
| CHUNGHWA PICTURE TUBES, LTD.; | ) | |
| AND VIEWSONIC CORPORATION, | ) | |
| | | |
| Defendants. | | |

**DEFENDANT CHUNGHWA PICTURE TUBES, LTD.'S**
**OBJECTIONS TO PLAINTIFF'S NOTICE OF RULE 30(b)(6) DEPOSITION**

**GENERAL OBJECTIONS**

1.    CPT objects to the time and location of the deposition noticed in Plaintiff's Notice of Rule 30(b)(6) deposition of Chunghwa Picture Tubes, Ltd. CPT will work with Plaintiff to schedule a mutually agreeable time and place for the deposition of its witnesses.

2.    CPT objects to the deposition topics to the extent that certain Topics seek information that is protected from disclosure by the attorney-client privilege, the work product doctrine, or by any other applicable privilege or discovery immunity.

**SPECIFIC OBJECTIONS AND RESPONSES**

**Topic No. 1:**

Each type of LCD display module made, used, sold, and/or offered for sale, by or for you, each month since May 13, 1999.

**Objection and Response:**

CPT objects to this topic as overly broad and unduly burdensome. CPT further objects to this topic because it is vague and ambiguous and does not describe with reasonable particularity the matters on which examination is requested. Without further clarification of the topic requested, CPT is unable to provide a witness to testify regarding Topic No. 1.

**Topic No. 2:**

Each type of LCD display panel made, used, sold, and/or offered for sale, by or for you, each month since May 13, 1999.

**Objection and Response:**

CPT objects to this topic as overly broad and unduly burdensome. CPT further objects to this topic because it is vague and ambiguous and does not describe with reasonable particularity the matters on which examination is requested. CPT will provide a witness to testify regarding the different types of LCD display panels made, used and/or sold since May 13, 1999.

**Topic No. 3:**

The quantity and price (including suggested resale and retail prices) of each type of LCD display module and LCD display panel made, used, sold, and/or offered for sale, by or for you, each month since May 13, 1999.

**Objection and Response:**

CPT objects to this topic as overly broad and unduly burdensome. CPT further objects to this topic because it is vague and ambiguous and does not describe with reasonable particularity the matters on which examination is requested.

Subject to and without waiving any of the foregoing general and specific objections, CPT will designate one or more witnesses to testify regarding the quarterly sales of LCD display panels since May 1999

2

**Topic No. 4:**

The design, development, making, assembly, production, testing, inspection, and/or qualification of LCD display modules and LCD display panels made, bought, or sold, by or for you since May 13, 1999, including but not limited to optical, mechanical, and electrical testing and inspection.

**Objection and Response:**

CPT objects to this topic as overly broad and unduly burdensome. CPT further objects to

this topic because it is vague and ambiguous and does not describe with reasonable particularity

the matters on which examination is requested.

Subject to and without waiving any of the foregoing general and specific objections, CPT

will designate one or more witnesses to testify regarding the design, development and testing of

it its Tape Carrier Packages and ESD guard rings since May 1999.

**Topic No. 5:**

All documents associated with the conception, design, and development of your LCD display modules and LCD display panels, including, for example, design or engineering documentation.

**Objection and Response:**

CPT objects to this topic as overly broad and unduly burdensome. CPT objects to this

Topic as duplicative of Topic No. 4. CPT further objects to this topic because it is vague and

ambiguous and does not describe with reasonable particularity the matters on which examination

is requested.

Subject to and without waiving any of the foregoing general and specific objections, CPT

will designate one or more witnesses to testify regarding the conception, design and development

of its Tape Carrier Packages and ESD guard rings since May 1999.

3

## Topic No. 6:

All specifications relating to your LCD display modules and LCD display panels, including, but not limited to, all specifications related to tape carrier packages and all specifications related to circuits and/or structures concerning electrostatic discharge protection of thin film transistors of LCD panels.

## Objection and Response:

CPT objects to this topic as overly broad and unduly burdensome to the extent it seeks "all specifications relating to LCD display modules." CPT further objects to this topic because it is vague and ambiguous and does not describe with reasonable particularity the matters on which examination is requested.

Subject to and without waiving any of the foregoing general and specific objections, CPT will designate one or more witnesses to testify regarding the specifications related to its Tape Carrier Packages and ESD guard rings since May 1999.

## Topic No. 7:

Your contentions regarding whether or not you are infringing the Patents-in-Suit, whether directly, under the doctrine of equivalents, or otherwise.

## Objection and Response:

CPT objects to this topic as overly broad and unduly burdensome. CPT further objects to this topic because it is vague and ambiguous and does not describe with reasonable particularity the matters on which examination is requested. CPT further objects to this topic to the extent it seeks testimony that is protected by the attorney client privilege or work product immunity. CPT further objects to this topic to the extent it seeks legal conclusions and/or expert opinions from fact witnesses. CPT further objects to this topic as premature.

4

**Topic No. 8:**

Your contentions regarding the validity and/or enforceability of the Patents-in-Suit, including, for example, your contentions regarding "an invalidating act that occurred more than a year prior to the filing date of the asserted patent."

**Objection and Response:**

CPT objects to this topic as overly broad and unduly burdensome. CPT further objects to

this topic because it is vague and ambiguous and does not describe with reasonable particularity

the matters on which examination is requested. CPT further objects to this topic to the extent it

seeks testimony that is protected by the attorney client privilege or work product immunity. CPT

further objects to this topic to the extent it seeks legal conclusions and/or expert opinions from

fact witnesses. CPT further objects to this topic as premature.

**Topic No. 9:**

All prior art that you contend is relevant to the Patents-in-Suit, including, for example, any prior art that you contend invalidates the Patents-in-Suit, individually or collectively.

**Objection and Response:**

CPT objects to this topic as overly broad and unduly burdensome. CPT further objects to

this topic because it is vague and ambiguous and does not describe with reasonable particularity

the matters on which examination is requested. CPT further objects to this topic to the extent it

seeks testimony that is protected by the attorney client privilege or work product immunity. CPT

further objects to this topic to the extent it seeks legal conclusions and/or expert opinions from

fact witnesses. CPT further objects to this topic as premature.

**Topic No. 10:**

The date that you first became aware of the Patents-in-Suit and the circumstances surrounding your first knowledge of the Patents-in-Suit, including, but not limited to, the date of your first actual notice of the Patent-in-Suit, the form of such notice, the source of such notice, identification of the person employed by you who first learned of the Patents-in-Suit and from what source, explaining the manner in which that person learned of the Patents-in-Suit, and

identifying all documents that reflect when and how you learned of the Patents-in-Suit, any discussions internal to you regarding the Patents-in-Suit, communications with third parties (including vendors, customers, or others) regarding the Patents-in-Suit, actions you took upon becoming aware of the Patents-in-Suit, including, without limitation, product modification(s), design-around efforts, conducting non-infringement and/or invalidity investigation(s), and/or seeking advice of counsel.

**Objection and Response:**

CPT objects to this topic as overly broad and unduly burdensome. CPT further objects to this topic because it is vague and ambiguous and does not describe with reasonable particularity the matters on which examination is requested. CPT further objects to this topic to the extent it seeks testimony that is protected by the attorney client privilege or work product immunity.

Subject to and without waiving any of the foregoing general and specific objections, CPT will designate one or more witnesses to testify regarding CPT's first awareness of the Patents-in-Suit.

**Topic No. 11:**

Your efforts to avoid infringing the Patents-in-Suit since the time that you first learned of the Patents-in-Suit, including, but not limited to all attempts, by or for you, to design around the Patents-in-Suit

**Objection and Response:**

CPT objects to this topic as overly broad and unduly burdensome. CPT further objects to this topic because it is vague and ambiguous and does not describe with reasonable particularity the matters on which examination is requested. CPT further objects to this topic to the extent it seeks testimony that is protected by the attorney client privilege or work product immunity.

Subject to and without waiving any of the foregoing general and specific objections, CPT will designate one or more witnesses to testify regarding CPT's first awareness of the Patents-in-Suit.

6

**Topic No. 12:**

The efforts you took to gather and search for information and documents responsive to the Interrogatories and Requests for Production of Documents and Things, propounded to you by Plaintiff, including the locations for responsive information and documents, the persons interviewed regarding the responsiveness of such information and documents, and the manner in which you searched for electronic information, documents or records.

**Objection and Response:**

CPT objects to this topic as overly broad and unduly burdensome. CPT further objects to

this topic because it is vague and ambiguous and does not describe with reasonable particularity

the matters on which examination is requested. CPT further objects to this topic to the extent it

seeks testimony that is protected by the attorney client privilege or work product immunity.

Subject to and without waiving any of the foregoing general and specific objections, CPT

will designate one or more witnesses to testify regarding CPT's efforts to respond to Plaintiff's

Interrogatories and Requests for Documents.

**Topic No. 13:**

The information and documents referenced in your answers to Interrogatories propounded to you by Plaintiff.

**Objection and Response:**

CPT objects to this topic as overly broad and unduly burdensome. CPT further objects to

this topic because it is vague and ambiguous and does not describe with reasonable particularity

the matters on which examination is requested. CPT further objects to this topic to the extent it

seeks testimony that is protected by the attorney client privilege or work product immunity.

Without further clarification of the topic requested, CPT is unable to provide a witness to testify

regarding Topic No. 13.

7

**Topic No. 14:**

The types and categories of documents that you receive, create, generate, or maintain concerning the manufacture, importation, purchase, distribution, sale, offer for sale, receipt, or advertisement of your LCD display modules and LCD display panels.

**Objection and Response:**

CPT objects to this topic as overly broad and unduly burdensome. CPT further objects to this topic because it is vague and ambiguous and does not describe with reasonable particularity the matters on which examination is requested. Without further clarification of the topic requested, CPT is unable to provide a witness to testify regarding Topic No. 14.

**Topic No. 15:**

Your worldwide sales or shipments of LCD display modules and LCD display panels to any persons, including the amount of revenue and profit you have derived from your LCD display modules and LCD display panels and sales or shipments to the United States.

**Objection and Response:**

CPT objects to this topic as overly broad and unduly burdensome. CPT further objects to this topic because it is vague and ambiguous and does not describe with reasonable particularity the matters on which examination is requested. CPT further objects to this topic to the extent it seeks testimony that is protected by the attorney client privilege or work product immunity.

Subject to and without waiving any of the foregoing general and specific objections, CPT will designate one or more witnesses to testify regarding worldwide sales of LCD display modules and LCD display panels since May 1999.

**Topic No. 16:**

The relationship between or among you and all entities that distribute, supply, market, import, purchase, and/or sell LCD display modules and LCD display panels manufactured, distributed, or sold, by or for you, the identity of all such entities, any contracts, agreements, or contractual or business arrangements between you and such entities, and the quantity and value of LCD display modules and LCD display panels involved.

8

**Objection and Response:**

CPT objects to this topic as overly broad and unduly burdensome. CPT further objects to this topic because it is vague and ambiguous and does not describe with reasonable particularity the matters on which examination is requested. CPT specifically objects to the term "relationship" as vague and ambiguous. CPT further objects to this topic to the extent it seeks a witness to testify regarding "all entities that distribute, supply, market, import, purchase, and/or sell LCD display modules and LCD display panels manufactured, distributed, or sold by or for you." Without further clarification of the topic requested, CPT is unable to provide a witness to testify regarding Topic No. 16.

**Topic No. 17:**

All distributors, suppliers, marketers, importers/exporters, purchasers, sellers, and channels or networks through which you have, directly or indirectly, distributed, supplied, marketed, shipped, imported, exported, transferred, purchased, and/or sold LCD display modules and/or LCD display modules, including such distribution, supply, marketing, importing/exporting, purchasing, selling in the United States.

**Objection and Response:**

CPT objects to this topic as overly broad and unduly burdensome. CPT further objects to this topic because it is vague and ambiguous and does not describe with reasonable particularity the matters on which examination is requested.

Subject to and without waiving any of the foregoing general and specific objections, CPT will designate one or more witnesses to testify regarding worldwide sales of LCD display modules and LCD display panels.

**Topic No. 18:**

Your organizational structure, including but not limited to all persons involved in the research, design, manufacture, marketing, distribution, importation, exportation, purchase, and sale of your LCD display modules and LCD display panels, and each person's respective role

9

and place in the chain of distribution of any consumer goods or devices containing or relating to such LCD display modules and LCD display panels.

**Objection and Response:**

CPT objects to this topic as overly broad and unduly burdensome. CPT further objects to this topic because it is vague and ambiguous and does not describe with reasonable particularity the matters on which examination is requested. CPT specifically objects to this topic to the extent it seeks to obtain testimony regarding "all persons involved in the research, design, manufacture, marketing, distribution, importation, exportation, purchase, and sale of your LCD display modules and LCD display panels." CPT further objects to this topic to the extent it seeks to obtain testimony regarding "each person's respective role and place in the chain of distribution of any consumer goods or devices containing or relating to such LCD display modules and LCD display panels." Without further clarification of the topic requested, CPT is unable to provide a witness to testify regarding Topic No. 18.

**Topic No. 19:**

Your forecasts or projections of sales, revenues from, and profitability of your LCD display modules and LCD display panels and your actual sales, revenues from, and profitability of your LCD display modules and LCD display panels, since May 13, 1999.

**Objection and Response:**

CPT objects to this topic as overly broad and unduly burdensome. CPT further objects to this topic because it is vague and ambiguous and does not describe with reasonable particularity the matters on which examination is requested. CPT further objects to this topic as duplicative of Topic No. 15.

Subject to and without waiving any of the foregoing general and specific objections, CPT will designate one or more witnesses to testify regarding projected sales and profits of LCD display modules and LCD display panels.

**Topic No. 20:**

All efforts you have taken to sell or distribute your LCD display modules and LCD display panels, and all efforts you have taken to promote, market, and/or advertise your LCD display modules, LCD display panels, and your company, including any parents, subsidiaries, and affiliates.

**Objection and Response:**

CPT objects to this topic as overly broad and unduly burdensome. CPT further objects to this topic because it is vague and ambiguous and does not describe with reasonable particularity the matters on which examination is requested.

Subject to and without waiving any of the foregoing general and specific objections, CPT will designate one or more witnesses to testify regarding CPT's efforts to market and promote its LCD display modules and LCD display panels.

**Topic No. 21:**

Meetings, communications, agreements, and contractual and business relationships, that relate to the importation, manufacture, distribution, promotion, marketing, advertising, purchases, or sales of any of your LCD display modules and LCD display panels.

**Objection and Response:**

CPT objects to this topic as overly broad and unduly burdensome. CPT further objects to this topic because it is vague and ambiguous and does not describe with reasonable particularity the matters on which examination is requested. This topic appears to seek testimony on all "meetings, communications, agreements, and contractual and business relationships, that relate to the importation, manufacture, distribution, promotion, marketing, advertising, purchases, or sales of any of [CPT's] LCD display modules and LCD display panels." As drafted, this topic would encompass nearly every communication made by CPT, relating to its LCD display panels. Therefore, without further clarification, CPT is unable to designate a witness to testify on Topic No. 21.

11

**Topic No. 22:**

Communications and/or participation in DisplaySearch and/or the Standard Panels Working Group that relate to the importation, manufacture, distribution, marketing, advertising, purchase, or sale of any of your LCD display modules and LCD display panels.

**Objection and Response:**

CPT objects to this topic as overly broad and unduly burdensome. CPT further objects to this topic because it is vague and ambiguous and does not describe with reasonable particularity the matters on which examination is requested. CPT further objects to this topic as vague and ambiguous with respect to the phrase "communications ... in Display Search and/or Standard Panels Working Group"

Subject to and without waiving any of the foregoing general and specific objections, CPT will designate a witness, if one exists, that can testify regarding its participation, if any, in DisplaySearch and/or Standard Panels Working Group.

**Topic No. 23:**

All licenses, royalties, and/or technology transfer agreements that pertain to LCD display modules and/or LCD display panels to which you are a party, assignor, assignee, or beneficiary, as well as any policies, practices, or relevant factors you have used when negotiating potential license agreements.

**Objection and Response:**

CPT objects to this topic as overly broad and unduly burdensome. CPT further objects to this topic because it is vague and ambiguous and does not describe with reasonable particularity the matters on which examination is requested. CPT specifically objects to the phrase "practices, or relevant factors" as vague and ambiguous. CPT further objects to this topic to the extent it seeks testimony that is protected by the attorney client privilege or work product immunity.

12

Subject to and without waiving any of the foregoing general and specific objections, CPT will designate a witness that can testify regarding licenses pertaining to its LCD display modules and LCD display panels.

**Topic No. 24:**

All contracts and related documents reflecting each order from and sale to United States customers of any types of LCD display modules and LCD display panels made, sold, or offered for sale, by or for you, since May 13, 1999.

**Objection and Response:**

CPT objects to this topic to the extent it seeks testimony on "each order from and sale to United States customers ...since May 13,, 1999," as overly broad and unduly burdensome. CPT further objects to this topic because it is vague and ambiguous and does not describe with reasonable particularity the matters on which examination is requested. CPT specifically objects to the phrase "related documents" as vague and ambiguous. CPT further objects to this topic as duplicative of at least Topic Nos. 15 and 19.

Subject to and without waiving any of the foregoing general and specific objections, CPT will designate a witness that can testify regarding worldwide sales of its LCD display modules and LCD display panels since May 1999.

**Topic No. 25:**

All reports and data compilations showing actual monthly sales, by or for you, concerning each type of LCD display module and LCD display panel made, sold, or offered for sale, by or for you, since May 13, 1999.

**Objection and Response:**

CPT objects to this topic to the extent it seeks testimony on "all reports and data compilations" as overly broad and unduly burdensome. CPT further objects to this topic because it is vague and ambiguous and does not describe with reasonable particularity the matters on

13

which examination is requested. CPT specifically objects to the phrase "reports and data compilations" as vague and ambiguous. CPT further objects to this topic as duplicative of at least Topic Nos. 15, 19 and 24.

Subject to and without waiving any of the foregoing general and specific objections, CPT will designate a witness that can testify regarding worldwide sales of its LCD display modules and LCD display panels since May 1999.

**Topic No. 26:**

For all types of LCD display modules and LCD display panels made, sold, or offered for sale, by or for you, since May 13, 1999, documents sufficient to determine the quantity of each type of LCD display module and LCD display panel that you made, manufactured, shipped, and/or sold each month, and the amount of revenue generated each month for all such shipments and sales since May 13, 1999, including, for example, the per unit gross profit, net profit, and profit margin on each unit sold or transferred.

**Objection and Response:**

CPT objects to this topic as overly broad and unduly burdensome. CPT further objects to this topic because it is vague and ambiguous and does not describe with reasonable particularity the matters on which examination is requested. CPT further objects to this topic as duplicative of at least Topic Nos. 15, 19, 24 and 25.

Subject to and without waiving any of the foregoing general and specific objections, CPT will designate a witness that can testify regarding revenue and profit from sales of its LCD display modules and LCD display panels since May 1999.

**Topic No. 27:**

For all types of LCD display modules and LCD display panels made, sold, or offered for sale, by or for you, since May 13, 1999, documents sufficient to determine the quantity of each type of LCD display module and LCD display panel imported into the United States each month, by or for you, and the amount of revenue generated each month for all such importations since May 13, 1999, including, for example, the per unit gross profit, net profit, and profit margin on each unit sold or transferred.

14

**Objection and Response:**

CPT objects to this topic as overly broad and unduly burdensome. CPT further objects to this topic because it is vague and ambiguous and does not describe with reasonable particularity the matters on which examination is requested. CPT further objects to this topic as duplicative of at least Topic Nos. 15, 19, 24, 25 and 26.

Subject to and without waiving any of the foregoing general and specific objections, CPT will designate a witness that can testify regarding revenue and profit from sales of its LCD display modules and LCD display panels since May 1999.

**Topic No. 28:**

All documents reflecting the advertising, marketing, promotion of, and/or offer to sell in the United States since May 13, 1999, any types of LCD display modules and LCD display panels made, sold, or offered for sale, by or for you, since May 13, 1999, including, without limitation, brochures, marketing plans, sales literature, advertisements, and product descriptions and specifications.

**Objection and Response:**

CPT objects to this topic to the extent it seeks testimony on "all documents reflecting the advertising, marketing, promotion of and/or offer to sell ...LCD display modules and LCD Display panels" as overly broad and unduly burdensome. CPT further objects to this topic because it is vague and ambiguous and does not describe with reasonable particularity the matters on which examination is requested. CPT further objects to this topic as duplicative of at least Topic No. 20.

Subject to and without waiving any of the foregoing general and specific objections, CPT will designate one or more witnesses to testify regarding CPT's efforts to market and promote its LCD display modules and LCD display panels.

**Topic No. 29:**

Whether each type of LCD display module and LCD display panel made, sold, or offered for sale, by or for you, since May 13, 1999, could be lawfully imported and/or sold in the United States since May 13, 1999, including, for example, documents reflecting any United States regulatory approval and/or compliance.

**Objection and Response:**

CPT objects to this topic as overly broad and unduly burdensome. CPT further objects to this topic because it is vague and ambiguous and does not describe with reasonable particularity the matters on which examination is requested. CPT further objects to this topic to the extent it seeks testimony that is protected by the attorney client privilege or work product immunity. CPT further objects to this topic to the extent it seeks legal conclusions. Without further clarification of the topic requested, CPT is unable to provide a witness to testify regarding Topic No. 29.

Respectfully submitted,

Dated: January 13, 2006

Christine A. Dudzik
Thomas W. Jenkins
Howrey LLP
321 North Clark Street, Suite 3400
Chicago, Illinois 60610
(312) 595-1239

Teresa M. Corbin
Glenn W. Rhodes
Howrey LLP
525 Market Street, Suite 3600
San Francisco, CA 94105
415.848.4900

Attorneys for Defendants/Counterclaimants
Chunghwa Picture Tubes, Ltd.; Tatung
Company; Tatung Company of America,
Inc.; and Viewsonic Corporation.

16

LOCAL COUNSEL:

Robert W. Whetzel (#2288)
whetzel@rlf.com
Matthew W. King (#4566)
king@rlf.com
Richards, Layton & Finger
One Rodney Square, P.O. Box 551
Wilmington, DE  19899
(302) 651-7700

17

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that on January 13, 2006 copies of the foregoing document were served via email and U.S. first class mail to the following:

Richard D. Kirk
The Bayard Firm
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899-5130
Facsimile: (302) 658-6395

Gaspare J. Bono
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006
Facsimile: (202) 496-7756

Christine A. Dudzik

18

# EXHIBIT C

Atlanta

Denver

Los Angeles

Philadelphia

# McKenna Long
# &Aldridge_LLP
### Attorneys at Law

1900 K Street, NW • Washington, DC 20006
202.496.7500 • Fax: 202.496.7756
www.mckennalong.com

San Diego

San Francisco

Washington, DC

Brussels

CASS W. CHRISTENSON
(202) 496-7218

EMAIL ADDRESS
cchristenson@mckennalong.com

May 8, 2006

**BY E-MAIL**

Julie S. Gabler, Esq.
Howrey LLP
525 Market Street, #3600
San Francisco, CA 94105-2708

Steven Yovits, Esq.
Howrey LLP
321 North Clark Street, #3400
Chicago, IL 60610

> Re:    *LG Philips LCD Co., Ltd. v. Tatung Co., et al*; CA No. 05-292 (JJF)

Dear Julie and Steve:

Last week, we discussed clarifying deposition topics and issues concerning the parties' pending Rule 30(b)(6) deposition notices, with the goal of focusing and narrowing the depositions and avoiding unnecessary disputes. As agreed, I write to provide clarification concerning the topics in plaintiff's Rule 30(b)(6) deposition notices. We look forward to receiving further clarification concerning the topics in Defendants' Rule 30(b)(6) deposition notices, including to reflect LPL's withdrawal of claims concerning the '121 patent.

## Clarification Regarding Withdrawal of Claims Concerning the '121 Patent

Because LPL has withdrawn its claims regarding the '121 patent, LPL does not seek testimony from Defendants concerning the '121 patent.

## Clarification Regarding Topics 1-3

Topics 1-3 relate to identifying all of the products that each defendant made, imported to the U.S., used, offered for sale, and sold since May 1999. For example, LPL need to identify all CPT modules and to confirm which LCD products have used which CPT modules, as well as how many of each product were made, imported, and sold, both in total and specifically related to the U.S., on a product-by-product basis. As another example, LPL needs product pricing information for each product.

Julie S. Gabler, Esq.
Steven Yovits, Esq.
May 8, 2006
Page 2

## Clarification Regarding Technical Topics and Issues

LPL needs testimony for Topics 4-6 to CPT and Topics 5-7 to Tatung, Tatung America and ViewSonic, and LPL intends to explore these topics fully at the depositions. These topics, which include design, development, making, and production, will necessarily address all relevant issues, for example:

- correlating LCD modules (e.g., by product designations such as CLAA170EA07) to: (i) mask design documents (e.g., electronic files with .str extensions such as F170EC3.str); and (ii) all specifications and procedures for removing the ESD guard ring;

- the identification, function and operation of structures (e.g., guard ring components, marks used at least in part for alignment) depicted in CPT's documents including the .str electronic files;

- the function, operation, and physical characteristics of an overall ESD guard ring structure and of each component or material layer therein (e.g., for a given structure such as a TFT and layers comprising the TFT, this topic relates to (i) the function or purpose of the structure or component, (ii) the operation or performance parameters such as threshold voltage or voltage versus current levels, and (iii) physical characteristics such as resistivity or layer thickness;

- functional and performance considerations or tradeoffs leading to the selection of an ESD guard ring design including components within that design;

- specifications and procedures for a given LCD module related to (i) manufacturing ESD guard rings, (ii) removing an ESD guard ring including identification of structures removed, and (iii) assembly of the LCD module including front and back planes.

- authentication and discussion of relevant documents and things, including as produced by defendants.

## Clarification Regarding Infringement and Validity Topics

The parties previously agreed that depositions will not address contentions of parties concerning infringement, validity, and enforceability. Instead, for these contentions, the parties agreed to exchange discovery in the form of interrogatory answers. Accordingly, LPL does not intend to seek contention testimony and will not pursue topics 7-8 (CPT deposition) and topics 8-9 (Tatung, Tatung America, ViewSonic depositions) on these issues. LPL does, however, intend to pursue topic 9 (CPT) and topic 10 (Tatung, Tatung America, ViewSonic) to identify all prior art that Defendants deem relevant, without addressing specific contentions concerning alleged prior art.

## Clarification Regarding Sales, Damages, and Related Topics

Julie S. Gabler, Esq.
Steven Yovits, Esq.
May 8, 2006
Page 3

     LPL intends to pursue each of these topics fully at the depositions, as these topics are defined, including CPT topics 14-17 and 19-29, and Tatung, Tatung America, and ViewSonic topics 15-18 and 20-30. LPL needs to know, for example, the total products sold by each Defendant since May 1999, and to which customers, as well as corresponding revenue, cost, and profitability / gross margin information, on a product-by-product basis (by module for CPT, and by products incorporating CPT modules for all other defendants). Further, LPL needs information regarding licensing agreements and practices, as well as royalty rates and payments concerning such agreements. As another example, and in no way limiting the existing topics, LPL needs to know all facts related to the importation, offer, and sale of products in or to the U.S., and the U.S. market for defendants' products, such as facts since 1999 concerning:

- attendance at U.S. trade or industry shows, meetings and/or conferences (including, for example, trips by CPT personnel to or from the U.S.);

- surveys or other information concerning the U.S. market for any of defendants' products, including consumer preferences regarding LCD products

- product design, service, and/or support regarding defendants' products sold or marketed in the U.S., including, for example, on-site design, development, or other support in the U.S.;

- promotion, demonstration, advertising, and marketing regarding Defendants' products sold or marketed in the U.S.;

- product-related shipments and/or business travel to the U.S.;

- offices, divisions, branches, partners, affiliates, locations, representatives, agents, and/or employees in or responsible for the U.S. market, customers, and/or brands;

- U.S. regulatory approval for Defendants' products;

- contracts, negotiations, meetings, and/or transactions with or regarding U.S. brands, customers, and/or products;

- which brands use which OEMs to make products using CPT modules, for which brands and products, and in what quantity;

- relationship-building and promotion with U.S. brands / companies, and/or their OEMs;

- how CPT products are ordered and purchased, including by brands, customers, and OEMs;

- who at CPT is responsible for sales of modules used in LCD products sold in or to the U.S.;

Julie S. Gabler, Esq.
Steven Yovits, Esq.
May 8, 2006
Page 4

- the identity of each defendant's customers and accounts, product sales to each customer / account, and management of those customers / accounts;

- defendants' accounting methods and methodologies, including their database(s) and report(s) concerning sales, revenue, and cost information; and

- authentication and discussion of relevant documents, including as produced by defendants

## Other Deposition Topics

LPL's also needs deposition discovery regarding Defendants' duty of due care and knowledge of the '002 Patent  (See CPT topics 10-11; Tatung, Tatung America, ViewSonic topics 11-12); Defendants' efforts in responding, and responses, to LPL's discovery requests (See CPT topics 12-13; Tatung, Tatung America, ViewSonic topics 13-14); and the corporate and organizational structure regarding each defendant so that LPL can identify relevant offices, business units, employees, etc. and understand their corresponding relationship and hierarchy (See CPT topics 18; Tatung, Tatung America, ViewSonic topic 19).

We look forward to your cooperation regarding these topics and the depositions.

Very truly yours,

Cass W. Christenson

CWC:ea
cc:    Christine A. Dudzik, Esq.
       Matthew W. King, Esq.
       Richard D. Kirk, Esq.
       Gaspare J. Bono, Esq.

# EXHIBIT D

# HOWREY LLP

321 North Clark Street
Suite 3400
Chicago, IL 60610
www.howrey.com

STEVEN YOVITS
DIRECT DIAL: 312.846.5630
FAX: 312.893.2187
EMAIL: YOVITSS@HOWREY.COM

May 8, 2006

Cass W. Christenson, Esq.
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006

Re:    _LG Philips LCD Co., Ltd. V. Tatung Co., et al._ (C.A. No. 05-292 JJF)

Dear Cass:

We are in receipt of your May 8, 2006 letter regarding Rule 30(b)(6) deposition topics. This letter is not at all what I had in mind when we agreed to exchange focused lists of 30(b)(6) topics. Instead of focusing in and making things clearer, your letter actually adds to the existing topics list and makes it more confusing. It is not at all helpful.

The amended notice of deposition I sent you today is what I had in mind. It presents a very short, clear, all-inclusive list of topics without cross-referencing other documents or "piling on" long, laborious lists of information sought. It is a manageable and understandable list with a few discrete topics. That is what I need from you. Please produce a similar <u>simplified, focused and narrowed</u> list of topics by tomorrow morning at the latest.

Very truly yours,

Steven Yovits

AMSTERDAM  BRUSSELS  CHICAGO  EAST PALO ALTO  HOUSTON  IRVINE  LONDON
LOS ANGELES  NORTHERN VIRGINIA  PARIS  SALT LAKE CITY  SAN FRANCISCO  TAIPEI  WASHINGTON, DC

DM_US\8332243 v1

# EXHIBIT E

# HOWREY LLP

321 North Clark Street
Suite 3400
Chicago, IL 60610
www.howrey.com

**STEVEN YOVITS**
DIRECT DIAL: 312.846.5630
FAX: 312.893.2187
EMAIL: YOVITSS@HOWREY.COM

May 15, 2006

Cass W. Christenson, Esq.
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006

Re:    *LG Philips LCD Co., Ltd. V. Tatung Co., et al.* (C.A. No. 05-292 JJF)

Dear Cass:

This responds to your letters of May 11 and May 12, 2006.

## 1. **Trial witness list**

Your request for a trial witness list from defendants is premature. Pursuant to the Local Rules, trial witness lists are exchanged as part of the proposed pretrial order immediately prior to trial. Defendants do not yet know, nor will they know for some time, who will testify at trial. Every case has limits on the number of depositions to be taken, but witness lists are rarely if ever exchanged during the discovery period.

Your refusal to specify the individual witnesses you want to depose has introduced delay that we cannot afford. As you know, obtaining visas and other complications make arranging travel from Taiwan difficult. We cannot, as you suggest "make sure that [all] potential witnesses are available to be deposed soon." There must be a reasonable lead time to arrange travel, and every day that you refuse to specify which individuals you want to depose impedes our ability to provide witnesses to you within the time limits set by the Court.

On a related note, given the difficulty of arranging travel from Taiwan and the extremely tight schedule in this case, we cannot agree to have an open schedule in which you decide whether to depose individual witnesses after reviewing their 30(b)(6) testimony. The time to designate individual witnesses is already long past. If there is to be any hope of providing individual witnesses for deposition within the time frame set by the Court, you must specify whom you wish to depose immediately. Your refusal to do so has already jeopardized our ability to provide witnesses to you.

Cass W. Christenson, Esq.
May 15, 2006
Page 2

### 2. Mr. Kuan and Mr. He

As you requested, we will make Mr. Kuan available for deposition on May 25 and 26. Furthermore, as you requested, we will make Mr. He available for deposition on May 23, 24 and 25.

### 3. Tsai Chen-Chou and Zhang Ming-Xuan

Dropping Tsai Chen-Chou and Zhang Ming-Xuan from the initial disclosures was an inadvertent typographical error.

### 4. Tatung depositions

We will let you know when Yang San-chi, Liu Tsyr-huey and Yang Hsi-ling are available for deposition as soon as we can.

### 5. Tatung USA

Mr. Lee is available for deposition on June 20. Please let me know as soon as possible if that will not work for you.

We will let you know when Mr. Tsou is available for deposition as soon as we can.

### 6. Your jury summons

Most jurisdictions will allow the recipient of a jury summons to defer jury service if the date specified by the summons imposes a hardship. Given the fact that you have several days of personal commitments that fall right in the middle of our tight schedule, I urge you to seek deferral of your jury service date. If you cannot defer your jury service, in a firm the size of McKenna, you should be able to find at least one person who can take your place for the depositions.

### 7. Job titles and positions of individuals in the supplemental initial disclosures

Even though you have not confirmed your intention to provide defendants with similar information, in the spirit of cooperation and in response to your inquiry, defendants provide the following information regarding job titles and positions of the individuals identified in the supplemental initial disclosures:

> Zhu, Hong-ren
> Director
> IT Design General Division
> RD Center

Cass W. Christenson, Esq.
May 15, 2006
Page 3

TFT Business Unit

He, Chien-Kuo
Director
Panel Design Division
IT Design General Division
RD Center
TFT Business Unit

Shen, Hui-zhong
Senior Manager
Array Design Department
Panel Design Division
IT Design General Division
RD Center
TFT Business Unit

Liu, Wen-Xiong
Senior Engineer
Array Design Department
Panel Design Division
IT Design General Division
RD Center
TFT Business Unit

Liu, Mong-qi
Senior Manager
Array Design Department
Panel Design Division
Taoyuan Design General Division
RD Center
TFT Business Unit

Yang, Shih-Zong
Assistant Vice President
RD Center
TFT Business Unit

Chen, Guang-Lang
Vice President
RD Center
TFT Business Unit

Cass W. Christenson, Esq.
May 15, 2006
Page 4

Jhong, Siang-Guei
Vice President
CRT Business Unit

Kuan, Chien-Ming
Senior Manager,
Strategy & Marketing Division

Pei-chen Chang
Manager
Legal Department
Legal & Intellectual Property Division

Defendants also provide the following information regarding the Chinese names of the witnesses on defendants' proposed deposition schedules:

Mike Lee's Chinese name is Lee Pin-Far;
Oliver Shih's Chinese name is Shih Yi-Kuang;
Mr. Hu's full name is Hu Hang-Hui (no English name);
Pat Chang's Chinese name is Chang Po-Hsiung;
Alan Shih's Chinese name is Shih Cheng-Chen; and
Sally Wang's full name (English and Chinese) is Sally Chung Wang.

Please provide information on the job titles and positions of all the individuals identified in LPL's supplemental initial disclosures.

## 8. Deposition topics

I note that you continue to refuse to provide an understandable and reasonable list of 30(b)(6) deposition topics. You leave us no choice but to attempt to prepare our witnesses on a vague, overbroad and unduly burdensome topic list. We will do the best we can, but all parties would be better served if you would provide a narrowed, focused and comprehensible list. Your refusal to provide a reasonable topic list will seriously limit your ability to complain that defendants' witnesses are not adequately prepared.

We do not understand your objections to the topics on our amended notice of deposition. Regarding topic no. 2, implementations of the patent-in-suit are absolutely relevant to this case. The topic is not overly broad, and defendants are entitled to this information. Regarding topic no. 17, defendants are entitled to know whether LPL is aware of noninfringing alternatives to the patent-in-suit. Regarding topic no. 20, I believe you may be misinterpreting the gist of the topic. For clarity, defendants restate the topic as follows: "All intra-company or external communications that mention the '002 patent that involve the sale of patented products and the

Cass W. Christenson, Esq.
May 15, 2006
Page 5

marketing of patented products." Please let us know whether you still have any objection to the topic.

And finally, regarding topic no. 5, despite document requests and interrogatories concerning LPL's litigation against NEC, LPL has failed to produce documents or provide any information whatsoever regarding its litigation against NEC. Interrogatory No. 7 of Defendants' First Set of Interrogatories states: "Identify any past or present lawsuits concerning any of the patents-in-suit and any threats or notices of infringement concerning any of the patents-in-suit made to any third party." In LPL's Objections and Answers to Defendants' First Set of Interrogatories, LPL failed to identify the NEC litigation. Furthermore, several document requests, including Request nos. 2 and 4 of Defendants' First Set of Document Requests, cover documents relating to the NEC litigation. In LPL's Objections and Responses to Defendants' First Set of Document Requests, LPL committed to producing non-privileged documents responsive to the requests; however, LPL has produced no such documents. LPL must immediately produce the documents relating to the NEC litigation and provide a witness to testify on the topic.

9. Scott Holmberg

We are still waiting for your response regarding whether Scott Holmberg will be available for deposition on May 26. Time is growing extremely short, and we must have this information immediately.

Very truly yours,

Steven Yovits

# EXHIBIT F

Atlanta

Denver

Los Angeles

Philadelphia

# McKenna Long
## &Aldridge LLP
### Attorneys at Law

1900 K Street, NW • Washington, DC 20006
202.496.7500 • Fax: 202.496.7756
www.mckennalong.com

San Diego

San Francisco

Washington, DC

Brussels

GASPARE J BONO
(202) 496-7211

EMAIL ADDRESS
gbono@mckennalong com

June 5, 2006

**BY E-MAIL**

Steven Yovits, Esq.
Howrey LLP
321 North Clark Street, Suite 3400
Chicago, IL 60610

     Re:    *LG.Philips LCD Co., Ltd v. Tatung Co, et al*; CA No. 05-292 (JJF)

Dear Steve:

I am writing to confirm the 30(b)(6) deposition of LPL that is scheduled for this week.

The deposition of LPL's designee Jong Hwan Kim, will be taken tomorrow, June 6, commencing at 9:00 a.m. at Howrey's Washington, D.C. office. Mr. Kim is designated to testify on Topics 7, 10, 11, 12, 14 and 15 of Defendants' Amended Notice of Rule 30(b)(6) Deposition of Plaintiff.

The deposition of LPL's designee, YoungWoo Cho, will take place on Friday, June 9, commencing at 9:00 a.m. at Howrey's Washington, D.C. office. Mr. Cho is designated to testify on Topics 1, 3, 4, 6, 8, 9, 13, 16, 18, 19 and 21

Please note that the designated topics for these witnesses have been slightly modified from the letter dated May 9 sent to you by Cass Christenson.

Pursuant to Plaintiff's Objections to Defendants' Amended Notice of Rule 30(b)(6) Deposition, and as explained in Cass's May 9 letter, LPL has objected to Topics 2, 5, 17 and 20, and is not able to designate a witness to testify on these topics.

Furthermore, LPL's designees as to the topics listed in this letter will testify subject to the objections set forth in Plaintiff's Objections to Defendants' Amended Notice of Rule 30(b)(6) Deposition.

Steven Yovits, Esq.
June 5, 2006
Page 2

  We have previously informed you that a translator will be needed for both of these depositions.

        Very truly yours,

        Gaspare J. Bono

GJB:ea
cc: (by e-mail)
  Julie S. Gabler, Esq.
  Christine A. Dudzik, Esq.
  Matthew W. King, Esq.
  Richard D. Kirk, Esq.
  Gaspare J. Bono, Esq.