IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG.PHILIPS LCD CO., LTD., <br><br> Plaintiff/Counterclaim Defendant, <br><br> v. <br><br> TATUNG COMPANY; <br> TATUNG COMPANY OF AMERICA, INC.; <br> CHUNGHWA PICTURE TUBES, LTD.; <br> AND VIEWSONIC CORPORATION, <br><br> Defendants/Counterclaim Plaintiffs. | Civil Action No. 05-292 (JJF) <br><br> **REDACTED- PUBLIC VERSION** |

### PLAINTIFF'S MOTION TO COMPEL DEPOSITION TESTIMONY AND FOR SANCTIONS

                                                             THE BAYARD FIRM
                                                             Richard D. Kirk (rk0922)
                                                             222 Delaware Avenue, Suite 900
                                                             P.O. Box 25130
                                                             Wilmington, DE  19899-5130
                                                             (302) 655-5000
                                                             rkirk@bayardfirm.com
                                                             Counsel for plaintiff,
                                                             LG.PHILIPS LCD CO., LTD.

OF COUNSEL:
Gaspare J. Bono
Matthew T. Bailey
Cass W. Christenson
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006
(202) 496-7500

June 12, 2006

626506v1

Plaintiff LG.Philips LCD Co., Ltd. ("LPL"), pursuant to the Discovery Dispute procedures in the Scheduling Order, hereby moves for an expedited order compelling deposition testimony obstructed by Defendants' counsel due to improper instructions not to answer questions, and improper speaking objections during depositions. LPL also seeks sanctions.

I. **LPL'S URGENT NEED TO COMPLETE DEPOSITIONS**

This patent infringement case is on an expedited schedule and trial will commence in less than two months, on July 17, 2006. To prepare for trial and complete expert witness discovery, LPL must depose each of the four (4) Defendants' Rule 30(b)(6) designees and fact witnesses as soon as possible. Defendants would not agree to produce any deposition witness until May 18. Since May 18, LPL has been taking non-stop depositions of Defendants' witnesses, including double-tracking depositions to compensate for Defendants' refusal to begin earlier. LPL's ability to complete these depositions is severely hampered by ongoing improper deposition conduct by Defendants' counsel.

II. **DEFENDANTS' COUNSEL ARE OBSTRUCTING DEPOSITIONS WITH IMPROPER INSTRUCTIONS AND COACHING**

Since May 18, LPL has been deposing Rule 30(b)(6) designees from CPT and ViewSonic. At each deposition, Defendants' counsel have interfered by asserting baseless instructions not to answer questions and coaching witness testimony. The law is clear that instructions not to answer at a deposition are generally improper and contrary to the rules of discovery. *See, e.g., Ralston Purina Co. v. McFarland*, 550 F.2d 967, 973-74 (4th Cir. 1977); *Plaisted v. Geisinger Med. Ctr.*, 210 F.R.D. 527, 534 (M.D. Pa. 2002). An attorney defending the deposition cannot properly "act as an intermediary, interpreting questions, deciding which questions the witness should answer." *Id.* (citation omitted); *see also* Fed. R. Civ. P. 30 (d)(1) (instruction allowed "only when necessary to preserve a privilege, to enforce a limitation

directed by the court, or to present a motion under Rule 30(d) (4)"). Thus, courts regularly impose sanctions for improper instructions not to answer and speaking objections. *See, e.g., Resolution Trust Corp. v. Dabney*, 73 F.3d 262, 267-68 (10th Cir. 1995); *McDonough v. Keniston*, 188 F.R.D. 22, 25 (D.N.H. 1998).

### A.  Examples of Improper Instructions Not to Answer

Repeatedly, Defendants' counsel have interfered in LPL's depositions. Because of the page limit for discovery motions, LPL cannot highlight each example of improper conduct. Significantly, however, Defendants have instructed witnesses not to answer questions as basic as



Indeed, Ms. Chang's May 23 deposition alone included more than twenty (20) instructions not to answer. *See* Chang Dep., Ex. 1 at 4 (listing instructions); *see also* Wang Dep., Ex. 2 at 6 (same); Wang Dep., Ex. 3 at 200 (same).

The misconduct by Defendants' counsel is prejudicing LPL by preventing LPL from obtaining information that it needs. For example, Defendants' counsel have prevented testimony regarding whether Defendants failed to exercise due care upon learning of the '002 Patent:



REDACTED

Further, Defendants reserve their right to assert advice of counsel as a defense to willfulness, while at the same time preventing witnesses from testifying on anything related to what Defendants did after learning of the '002 Patent. *See, e.g.*, Chang Dep., Ex. 1 at 105-06; *see also* Wang Dep., Ex. 3 at 269-71 (same). In order to prove willfulness, LPL must know what Defendants did upon learning of the '002 patent, but Defendants have blocked that discovery. As this Court has recognized, Defendants' position prejudices LPL and precludes Defendants from asserting advice of counsel at trial. *See, e.g., Mobil Oil Corp. v. Amoco Chem. Corp.*, 779 F. Supp. 1429, 1485 n.43 (D. Del. 1991), *aff'd* 980 F.2d 742 (Fed.Cir. 1992). Defendants should be compelled to provide the discovery that has been blocked at depositions.

B.  **Examples of Improper Coaching**

Defendants' counsel also repeatedly have made improper speaking objections to coach witness testimony, suggesting answers that witnesses have adopted. For example:



Such objections are improper and should not be permitted. *See, e.g., McDonough*, 188 F.R.D. at 24; *O'Brien v. Amtrak*, 163 F.R.D. 232, 235-36 (E.D. Pa. 1995).

### III. <u>CONCLUSION</u>

Accordingly, for all the foregoing reasons, LPL respectfully requests that the Court order the following: (1) Defendants be ordered to produce all of the witnesses above, in Washington, D.C., to answer questions on the obstructed topics, (2) Defendants' counsel be ordered to cease making instructions not to answer at the depositions; (3) Defendants' counsel be ordered to cease coaching deposition witnesses; and (4) Defendants' counsel be ordered to state only "Objection as to form" when making any objection to questions at depositions. Further, LPL requests an order that during the continued depositions LPL may also question witnesses on issues for which the Rule 30(b)(6) witnesses were unprepared, and to question witnesses regarding documents and information that LPL is still waiting for Defendants to produce. The Court should also grant sanctions against Defendants and their counsel, including the attorneys' fees and costs incurred in bringing this motion and the attorneys' fees and costs incurred to redepose those witnesses and continue their depositions in Washington, D.C. or elsewhere in the U.S. as directed by the Court.

THE BAYARD FIRM

/s/ Richard D. Kirk (RK0922)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899-5130
(302) 655-5000
rkirk@bayardfirm.com
Counsel for Plaintiff
LG.PHILIPS LCD CO., LTD.

OF COUNSEL:
Gaspare J. Bono
Matthew T. Bailey
Cass W. Christenson
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006
(202) 496-7500

626506v1

5

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on June 12, 2006, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Robert W. Whetzel, Esq.
Matthew W. King, Esq.
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

The undersigned counsel further certifies that copies of the foregoing document were sent on June 12, 2006 by email and by hand to the above counsel and by email and first class mail to the following non-registered participants:

| | |
|---|---|
| Christine A. Dudzik, Esq. | Teresa M. Corbin, Esq. |
| Thomas W. Jenkins, Esq. | Glenn W. Rhodes, Esq. |
| Howrey LLP | Julie Gabler, Esq. |
| 321 North Clark Street | Howrey LLP |
| Suite 3400 | 525 Market Street |
| Chicago, IL 60610 | Suite 3600 |
| | San Francisco, CA 94105 |

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk

602380v1