# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

LG.PHILIPS LCD CO., LTD.,

           Plaintiff/Counterclaim Defendant,

    v.

TATUNG COMPANY;
TATUNG COMPANY OF AMERICA, INC.;
CHUNGHWA PICTURE TUBES, LTD.;
AND VIEWSONIC CORPORATION,

          Defendants/Counterclaim Plaintiffs.

Civil Action No. 05-292 (JJF)

**REDACTED-PUBLIC VERSION**

## PLAINTIFF'S SECOND MOTION TO COMPEL
## DEPOSITION TESTIMONY AND FOR SANCTIONS

THE BAYARD FIRM
Richard D. Kirk (rk0922)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899-5130
(302) 655-5000

Counsel for Plaintiff
LG.PHILIPS LCD CO., LTD.

OF COUNSEL:
Gaspare J. Bono
Matthew T. Bailey
Cass W. Christenson
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006
(202) 496-7500

June 12, 2006

Plaintiff LG Philips LCD Co., Ltd. ("LPL"), pursuant to the Discovery Dispute procedures in the Scheduling Order, hereby moves for a second expedited order compelling deposition testimony, testimony that has so far been obstructed by Defendants' production of witnesses unprepared for Rule 30(b)(6) depositions and by off-the-record conferences by counsel for Defendant Chunghwa Picture Tubes, Ltd. ("CPT").  LPL also seeks sanctions.

## I.    LPL'S URGENT NEED TO COMPLETE DEPOSITIONS

As set forth in Plaintiff's Expedited Motion to Compel Testimony and for Sanctions, filed May 25, 2006 (D.I. 198),[1] this case is on an expedited schedule, with trial to begin on July 17, 2006.  LPL's ability to complete depositions of the four (4) Defendants' Rule 30(b)(6) designees is severely hampered by ongoing improper deposition conduct by Defendants' counsel.

## II.    DEFENDANTS ARE OBSTRUCTING DEPOSITIONS BY PRODUCING UNPREPARED WITNESSES FOR THEIR RULE 30(B)(6) DEPOSITIONS

Rule 30(b)(6) "places the burden of identifying responsive witnesses for a corporation on the corporation." *Black Horse Lane Assoc. v. Dow Chemical Corp.* 228 F.3d 275, 303 (3d Cir. 2000) (quoting and agreeing with *Resolution Trust Corp. v. Southern Union Co.*, 985 F.2d 196, 197 (5th Cir. 1993)).  Moreover, this Court has made clear that a Rule 30(b)(6) deponent "has a 'duty of being knowledgeable on the subject matter identified as the area of inquiry.'" *Jurimex Kommerz Transit G.M.B.H. v. Case Corp.*, No. Civ. A. 00-083, 2005 WL 440621, at *3 (D. Del. Feb. 18, 2005) (Farnan, J.) (quoting *Alexander v. Fed. Bureau of Investigation*, 186 F.R.D. 148,

---

[1] Although this second motion to compel speaks to issues that are different than those raised in the first motion, LPL notes that Defendants have continued to engage in the misconduct addressed in the first motion, including improper instructions not to answer and coaching objections. *See, e.g.*, Kuan Dep., Ex. 1 at 8-10, 23-24.  In addition, during Mr. Kuan Chien Ming's deposition, CPT's counsel conferred with the check interpreter, prompting the check interpreter to interject; CPT's counsel then instructed the check interpreter not to disclose to LPL's counsel what had been discussed on grounds of attorney-client privilege. *Id.* at 93-95.

151 (D.D.C. 1999)). The rule, then, "undoubtedly is frustrated . . . [when] a corporate party produces a witness who is unable and/or unwilling to provide the necessary factual information on the entity's behalf." *Black Horse*, 228 F.3d at 304. Significantly, "when a witness is designated by a corporate party to speak on its behalf pursuant to Rule 30(b)(6), *[p]roducing an unprepared witness is tantamount to a failure to appear that is sanctionable under Rule 37(d)*." *Id.* (internal quotations omitted) (emphasis added).

In direct contravention of the mandates of Rule 30(b)(6), Defendants' designees have been so unprepared to testify on behalf of their respective corporations that they frequently either provide wholly unresponsive answers or refuse to answer at all.



REDACTED

Thus, Defendants' production of unprepared 30(b)(6) witnesses is severely hindering LPL's ability to obtain the discovery that it needs and to which it is entitled and is tantamount to a failure to appear. Accordingly, sanctions are appropriate. *See Black Horse*, 228 F.3d at 304.

## III.  DEFENDANT CPT'S COUNSEL IS OBSTRUCTING DEPOSITIONS BY IMPROPERLY CONFERENCING WITH CPT'S RULE 30(B)(6) WITNESS

CPT's counsel have further obstructed LPL's ability to obtain discovery by engaging in impermissible conferences with CPT's witnesses. It is axiomatic that "[c]ounsel for a witness may not consult with that witness about the subject matter of his or her testimony while that witness is under examination by an opposing party." *Tuerkes-Beckers, Inc. v. New Castle Assoc.*, 158 F.R.D. 573, 575 (D. Del. 1993); *see also Honeywell Int'l, Inc. v. Universal Avionics Sys. Corp.*, 289 F. Supp. 2d 493, 489 n.30 (D. Del. 2003) (quoting Tuerkes-Beckers with approval); *Hall v. Clifton Precision*, 150 F.R.D. 525, 528-29 (E.D. Pa. 1993) (denouncing counsel-witness conferences taking place off-the-record while the witness is still under oath). Indeed, such coaching is improper as to "deposition testimony [both] already given [and] anticipated." *Honeywell Int'l*, 289 F. Supp. 2d at 489 n.30 (quoting *Deutschman v. Beneficial Corp.*, C.A. No. 860595 at 3, MMS (D. Del. Feb. 20, 1990) (Westlaw and Lexis citations not available)). Where counsel has engaged in such impermissible conduct, the opposing party is "entitled to inquire into the topic areas that the deponent discussed with his attorney." *In re ML-Lee Acquis. Fund II*, 848 F. Supp. 527, 567 (D. Del. 1994); *see also* Hall, 150 F.R.D. at 529 n.7 (expressing view that "such conferences . . . are not covered by the attorney-client privilege[] . . . [and] are fair game for inquiry by the deposing attorney . . .").



REDACTED

REDACTED

instructions continued despite being informed that his conduct was improper and that the discussion was not privileged. *Id.*

REDACTED

As LPL is entitled to this information, CPT should be compelled to provide discovery on this issue.[3] *See In re ML-Lee*, 848 F. Supp. at 567; *Hall*, 150 F.R.D. at 529 n.7.

## IV.    CONCLUSION

For all the foregoing reasons, LPL respectfully requests this Court to: (1) order Defendants to produce prepared 30(b)(6) witnesses in Washington, D.C., to answer questions on the obstructed topics; (2) order counsel and witnesses for CPT to cease engaging in off-the-record conferences while the witnesses are still under oath; (3) find that off-the-record conferences between CPT counsel and CPT witnesses are not privileged; and (4) order CPT to produce Mr. He and Mr. Kuan for further deposition so that LPL can question them regarding the substance of all off-the-record conferences that took place while they were under oath. The Court should also grant sanctions against Defendants and their counsel, including the attorneys' fees and costs incurred in bringing this motion and the attorneys' fees and costs incurred to redepose those witnesses and continue their depositions in Washington, D.C. or elsewhere in the United States as directed by the Court.

---

[3] Additionally, the substance of these off-the-record conferences is directly relevant to LPL's first motion to compel regarding witness coaching.

THE BAYARD FIRM

/s/ Richard D. Kirk (rk0922)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE  19899-5130
(302) 655-5000

Counsel for Plaintiff
LG.PHILIPS LCD CO., LTD.

OF COUNSEL:
Gaspare J. Bono
Matthew T. Bailey
Cass W. Christenson
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006
(202) 496-7500

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on June 12, 2006, he electronically filed

the foregoing document with the Clerk of the Court using CM/ECF, which will send

automatic notification of the filing to the following:

Robert W. Whetzel, Esq.
Matthew W. King, Esq.
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899


The undersigned counsel further certifies that copies of the foregoing document

were sent on June 12, 2006 by email and by hand to the above counsel and by email and

first class mail to the following non-registered participants:

Christine A. Dudzik, Esq.
Thomas W. Jenkins, Esq.
Howrey LLP
321 North Clark Street
Suite 3400
Chicago, IL 60610

Teresa M. Corbin, Esq.
Glenn W. Rhodes, Esq.
Julie Gabler, Esq.
Howrey LLP
525 Market Street
Suite 3600
San Francisco, CA 94105


/s/ Richard D. Kirk (rk0922)
Richard D. Kirk

602380v1