# UNREPORTED CASES

Westlaw.

Page 1

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2005 WL 440621 (D.Del.)
(Cite as: 2005 WL 440621 (D.Del.))

Motions, Pleadings and Filings

Only the Westlaw citation is currently available.

United States District Court,
D. Delaware.
JURIMEX KOMMERZ TRANSIT G.M.B.H.;
Jurimex Kommerz Transit Agrar; and Arge IPC-Jurimex, Plaintiffs,
v.
CASE CORPORATION, Defendant.
No. Civ.A. 00-083 JJF.

Feb. 18, 2005.

Thomas C. Grimm, of Morris, Nichols, Arsht & Tunnell, Wilmington, Delaware, Daniel J. Kornstein, Daniel A. Cohen, and Lana Choi, of Kornstein Veisz Wexler & Pollard, LLP, New York, New York, for Plaintiff, of counsel.

David C. McBride, John W. Shaw, and Dawn M. Jones, of Young, Conaway, Stargatt & Taylor, LLP, Wilmington, Delaware, William E. Deitrick, and Michelle V. Dohra, of Mayer, Brown, Rowe & Maw, Chicago, Illinois, for Defendant, of counsel.

MEMORANDUM OPINION

FARNAN, J.

*1 Presently before me is the Motion To Compel Deposition Testimony (D.I.92) filed by Plaintiffs Jurimex Kommerz Transit G.M.B.H, Jurimex Kommerz Transit Agrar, and Arge IPC-Jurimex (collectively, "Jurimex").

Defendant Case Corporation ("Case") contends that there is also a pending issue of *forum non conveniens*. However, in its papers, Case continues to refer to D.I. 13 for this issue. D.I. 13 was Defendant's original Motion To Dismiss, which I granted. The Third Circuit affirmed the decision. Thus, there is no formal motion to dismiss pending at this time.

For the reasons discussed, Jurimex's Motion To Compel Deposition Testimony (D.I.92) will be granted in part and denied in part.

BACKGROUND
Plaintiff Jurimex Kommerz Transit G.M.B.H is incorporated in and has its principal place of business in Austria. It is a commodities and machinery broker that specializes in brokering deals between business concerns in Eastern Europe and those in Western Europe and the United States.

Plaintiff Jurimex Kommerz Transit Agrar is incorporated and has its principal place of business in Austria. It is a corporation established by Jurimex Kommerz Transit G.M.B.H for the purpose of entering into a partnership with a company called IP Consult.

Plaintiff Arge IPC-Jurimex is a partnership formed under the laws of Austria for the purpose of representing Defendant Case, a U.S.-based manufacturer of agricultural machinery, in connection with the sale of combines to Agro Industrial Corporation Golden Grain, Ltd. ("Golden Grain"), a company in Kazakhstan.

Defendant Case is a Delaware corporation with its principal place of business in Racine, Wisconsin.

On February 9, 2000, Jurimex filed a Complaint (D.I.1) alleging nine claims against Case for breach of a contract. Jurimex contends that Case cut Jurimex out of the transaction with Golden Grain, wrongfully depriving Jurimex of no less than $43 million in commissions and lost profits.

On April 14, 2000, Case filed a Motion To Dismiss (D.I.13). I heard oral argument on the motion on May 30, 2000.

On August 21, 2000, Case moved for a protective order, which I granted after a teleconference on September 13, 2000. I stated that I would leave any discovery motions pending while I decided Case's Motion To Dismiss.

On July 23, 2001, I issued an Order (D.I.44) granting Case's Motion To Dismiss and the case was closed. In the associated Memorandum Opinion (D.I.43), I dismissed the complaint pursuant to Rule 12(b)(7) and Rule 19. I held that Case's subsidiaries are necessary parties under Rule 19(a) because Jurimex's interactions were almost entirely with Case's subsidiaries, and not with the Case defendant.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                Page 2
Not Reported in F.Supp.2d, 2005 WL 440621 (D.Del.)
**(Cite as: 2005 WL 440621 (D.Del.))**

Further, I held that joining the Case subsidiaries would eliminate the basis of the Court's diversity jurisdiction and warrant dismissal of the action under Rule 12(b)(1). I did not address Defendant's *forum non conveniens* arguments.

I subsequently denied as futile a Motion To File An Amended Complaint (D.I.46) filed by Jurimex. Jurimex sought to add language proving agency within the context of a parent-subsidiary relationship on the part of Case.

*2 On March 26, 2002, Jurimex appealed these decisions to grant Case's Motion To Dismiss and to deny Jurimex's Motion To File An Amended Complaint. On June 14, 2002, Jurimex commenced an action in state court in Racine, Wisconsin, during the pendency of the Third Circuit appeal, in order to toll any applicable statute of limitations. The Wisconsin court has stayed that action pending a final determination of this Delaware action.

The Third Circuit reversed the denial of Jurimex's Motion To File An Amended Complaint, citing *E.I. DuPont De Nemours and Co. v. Rhone Roulenc Fiber and Resin Intermediates*, 269 F.3d 187, 198 (3d Cir.2001). That case holds that "[o]ne corporation whose shares are owned by a second corporation does not, by that fact alone, become the agent of the second company." Further, the Third Circuit held that discovery is necessary when an agency relationship is alleged. The Third Circuit affirmed my granting of the Motion To Dismiss, stating it was doing so because agency was never pled (D.I. 57 at 3). The Third Circuit made no mention of Case's *forum non conveniens* issue.

On remand, I allowed Juminex to file its Amended Complaint (D.I.46). The Amended Complaint asserts claims against Case as joint tortfeasor by virtue of its agency relationship with its subsidiaries, Case France, Case Europe, and Case Neustadt for (1) breach of contract and implied covenant of good faith and fair dealing; (2) breach of implied contract; (3) promissory estoppel; (4) quasi-contract/unjust enrichment/restitution; (5) tortious interference; (6) unfair competition and misappropriation; and (7) prima facie tort.

On June 23, 2004, I entered an Order (D.I.93) granting Jurimex's Motion To Compel Production Of Documents And Responses To Interrogatories (D.I.75). The Order compelled production of documents and information concerning agreements negotiated on Case's behalf by its European subsidiaries.

In the same Order (D.I.93), I granted Defendant's Motion To Compel Answers To Requests To Admit and limited interrogatories to 50 for each side and requests for admission to 50 for each side. Further, I ordered that discovery be limited in scope to Plaintiff's allegation of a principal-agency relationship between Case and its subsidiaries concerning the Golden Grain transaction.

On August 5, 2004, I heard Oral Argument with regard to Jurimex's Motion To Compel Deposition Testimony (D.I.92). The parties filed supplemental documents supporting their positions (D.I.106, 107).

PARTIES' CONTENTIONS
By its motion, Jurimex moves to compel Case to produce for deposition a Fed R. Civ. P. 30(b)(6) corporate designee and two individual witnesses, Patrice Loiseleur and Gerard Chiffert. The topics in the Rule 30(b)(6) deposition notice addressed to Case concern (1) the Golden Grain" deal (topics 1-5, 7, 9, 10); (2) related business dealings between Case and Jurimex or Golden Grain (topics 1, 3-5); (3) the authority of Case's subsidiaries' employees to act for Case (topics 6-8, 10); and (4) Case's prior discovery responses (topic 9). Jurimex contends that Case refuses to designate a witness for any noticed topic. Jurimex further contends that Patrice Loiseleur and Gerard Chiffert are executives of the subsidiaries who have firsthand knowledge of the events at issue.

*3 In response, Case contends that Jurimex's deposition notice seeks to improperly circumvent my prior ruling that Case's subsidiaries are indispensable parties. Case further contends that Jurimex's deposition notices improperly presume the existence of a principal-agent relationship between Case and its subsidiaries. Specifically, Case contends that it is now in the untenable position of producing witnesses from non-parties to this lawsuit (i.e. the subsidiaries). Case further contends that Jurimex cannot serve deposition notices on it for specific individuals who are not officers, directors, or managing agents of Case Corp.

DISCUSSION
The Federal Rules of Civil Procedure allow for a broad scope of discovery that is not limited to admissible evidence, but evidence that is reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1). Rule 30(b)(6) provides that after receiving a notice of deposition, the corporation should "designate one or more

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                              Page 3
Not Reported in F.Supp.2d, 2005 WL 440621 (D.Del.)
**(Cite as: 2005 WL 440621 (D.Del.))**

officers, directors, or managing agents, or other persons who consent to testify on its behalf." Fed.R.Civ.P. 30(b)(6). Additionally, the deponent has a "duty of being knowledgeable on the subject matter identified as the area of inquiry." *Alexander v. Fed. Bureau of Investigation,* 186 F.R.D. 148, 151 (D.D.C.1999).

In this case, on appeal, the Third Circuit cited *E.I. DuPont de Nemours and Co. v. Rhone Roulence Fiver and Resin Intermediates,* 269 F.3d 187, 198 (3d Cir.2001) for the proposition that, under Delaware law, proof of agency within the context of a parent-subsidiary relationship requires that the plaintiff "demonstrate that the agent was acting on behalf of the principal and that the cause of action arises out of that relationship." Further, the Third Circuit cited its decision in *Canavan v. Beneficial Finance Corp.,* 553 F.2d 860 (3d Cir.1977), for the proposition that "discovery is necessary when an agency relationship is alleged, thereby implicitly allowing allegations of agency to survive a facial attack." The Third Circuit did not discuss the *forum non conveniens* issue that Case contends is at issue.

Thus, I conclude that Case must produce for deposition one or more corporate witnesses that satisfy the requirements of Federal Rule of Civil Procedure 30(b)(6) by being prepared to testify with knowledge of the subsidiaries and Case's relationship with them.

With regard to compelling the depositions of Mssrs. Loiseleur and Chiffert, I will deny this part of the motion with leave to renew after Jurimex deposes Case's designated 30(b)(6) witnesses.

CONCLUSION
For the reasons discussed, I conclude that Case has not satisfied its burden under Rule 30(b)(6). Accordingly, the Motion To Compel Deposition Testimony (D.I.92) filed by Jurimex will be granted to the extent that Case must produce for deposition one or more corporate witnesses that satisfy the requirements of Federal Rule of Civil Procedure 30(b)(6). Further, the Motion To Compel Deposition Testimony (D.I.92) will be denied with leave to renew with regard to compelling the depositions of Mssrs. Loiseleur and Chiffert.

*4 An appropriate Order will be entered.

ORDER
At Wilmington, this 18th day of February 2005, for the reasons set forth in the Memorandum Opinion issued this date,

IT IS HEREBY ORDERED that the Motion To Compel Deposition Testimony (D.I.92) filed by Jurimex is *GRANTED* with regard to compelling for deposition one or more corporate witnesses that satisfy the requirements of Federal Rule of Civil Procedure 30(b)(6). The Motion To Compel Deposition Testimony (D.I.92) is *DENIED* with leave to renew with regard to compelling the depositions of Mssrs. Loiseleur and Chiffert.

Not Reported in F.Supp.2d, 2005 WL 440621 (D.Del.)

**Motions, Pleadings and Filings** (Back to top)

• 2005 WL 3666748 (Trial Motion, Memorandum and Affidavit) Plaintiffs' Brief in Opposition to Defendant's Summary Judgment Motion (Oct. 28, 2005)

• 2005 WL 2867858 (Trial Motion, Memorandum and Affidavit) Defendant Case Corporation's Brief in Support of its Motion for Summary Judgment and Motion to Dismiss Based upon the Doctrine of Forum Non Convendens (Sep. 29, 2005)

• 1:00CV00083 (Docket) (Feb. 09, 2000)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.