IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG.PHILIPS LCD CO., LTD., | ) |
|       Plaintiff, | ) <br> ) <br> ) |
| v. | ) C.A. No. 05-292 (JJF) <br> ) |
| TATUNG COMPANY; <br> TATUNG COMPANY OF AMERICA, INC.; <br> CHUNGHWA PICTURE TUBES, LTD.; <br> AND <br> VIEWSONIC CORP., | ) <br> ) <br> ) <br> ) <br> ) <br> ) |
|       Defendants. | ) <br> ) |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT ON DAMAGES UNDER 35 U.S.C. § 287**

OF COUNSEL:
Christine A. Dudzik
Thomas W. Jenkins
HOWREY LLP
321 North Clark Street, Suite 3400
Chicago, Illinois 60610
(312) 595-1239

Teresa M. Corbin
Glenn W. Rhodes
HOWREY LLP
525 Market Street, Suite 3600
San Francisco, CA 94105
(415) 848.4900

Dated: June 13, 2006

Robert W. Whetzel (#2288)
whetzel@rlf.com
Matthew W. King (#4566)
king@rlf.com
RICHARDS, LAYTON & FINGER
One Rodney Square, P.O. Box 551
Wilmington, DE 19899
(302) 651-7700

Attorneys for Defendants/Counterclaimants
Chunghwa Picture Tubes, Ltd.; Tatung
Company; Tatung Company of America, Inc.;
and Viewsonic Corporation

RLF1-3025758-1

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................ ii

INTRODUCTION ................................................................................................................ 1

BACKGROUND FACTS ..................................................................................................... 1

BACKGROUND LEGAL PRINCIPLES ............................................................................. 2

ARGUMENT ........................................................................................................................ 3

I. THERE IS NO FACTUAL DISPUTE THAT LPL FAILED TO PROVIDE CONSTRUCTIVE NOTICE OF PATENT INFRINGEMENT TO DEFENDANTS. ................................................................................................ 5

II. THERE IS NO FACTUAL DISPUTE THAT LPL DID NOT PROVIDE ACTUAL NOTICE OF INFRINGEMENT UNTIL THE FILING OF THIS LAWSUIT ......... 7

    A. LPL's February 2002 correspondence to CPT does not constitute actual notice of infringement of the '002 patent. ........................................................... 8

    B. It is Undisputed That Defendants Tatung, Tatung USA and ViewSonic Did Not Receive Actual Notice of Infringement of the '002 Patent Until The Filing of This Lawsuit. ..................................................................... 10

CONCLUSION .................................................................................................................. 11

# TABLE OF AUTHORITIES

## CASES

*Am. Med. Sys. Inc. v. Med. Eng'g Corp.*,
 6 F.3d 1523 (Fed. Cir. 1993)..................................................................................4, 5, 6

*Amsted Indus. Inc. v. Buckeye Steel Castings Co.*,
 24 F.3d 178 (Fed. Cir. 1994)....................................................................................7, 8, 9

*Anderson v. Liberty Lobby, Inc.*,
 477 U.S. 242 (1986)..........................................................................................................3

*Chimie v. PPG Indus., Inc.*,
 402 F.3d 1371 (Fed. Cir. 2005).......................................................................................3

*Gart v. Logitech, Inc.*,
 254 F.3d 1334 (Fed. Cir. 2001)..................................................................................4, 7, 8

*Honeywell Int'l Inc. v. Hamilton Sundstrand Corp.*,
 2001 WL 66345 (D. Del. Jan. 4, 2001).........................................................................5, 7

*Kay Berry, Inc. v. Taylor Gifts, Inc.*,
 421 F.3d 199 (3d Cir. 2005).............................................................................................3

*Maguire v. Hughes Aircraft Corp.*,
 912 F.2d 67 (3d Cir. 1990)...............................................................................................3

*Maxwell v. J. Baker, Inc.*,
 86 F.3d 1098 (Fed. Cir. 1996)..........................................................................................4

*Mosel Vitelic Corp. v. Micron Tech., Inc.*,
 2000 WL 1728351 (D. Del. Feb. 25, 2000)..................................................................5, 6

*Nike, Inc. v. Wal-Mart Stores, Inc.*,
 138 F.3d 1437 (Fed. Cir. 1998)........................................................................................5

*Northwestern Mut. Life Ins. Co. v. Babayan*,
 430 F.3d 121 (3d Cir. 2005).............................................................................................3

*P.N. v. Clementon Bd. of Educ.*,
 442 F.3d 848 (3d Cir. 2006).............................................................................................3

*Philips Electronics North America Corp. v. Contec Corp.*,
 312 F. Supp. 2d 649 (D. Del. 2004)..........................................................................4, 5, 6, 8

*SRI Int'l, Inc. v. Advanced Tech. Lab., Inc.*,
   27 F.3d 1462 (Fed. Cir. 1997).................................................................................4

*Slagle v. County of Clarion*,
   435 F.3d 262 (3d Cir. 2006)................................................................................2, 3

*Soverain Software LLC v. Amazon.com, Inc.*,
   383 F. Supp. 2d 904 (E.D. Tex. 2005)................................................................4, 7

## STATUTES

35 U.S.C. § 287................................................................................................................2

35 U.S.C. § 287(a) ................................................................................................1, 3, 4, 6

Fed.R.Civ.P. 56(b) ...........................................................................................................1

Under 35 U.S.C. § 287(a) ................................................................................................1

## INTRODUCTION

Pursuant to Fed.R.Civ.P. 56(b), Defendants Tatung Company ("Tatung"); Tatung Company of America Inc. ("Tatung USA"), Chunghwa Picture Tubes, Ltd. ("CPT"), and ViewSonic Corporation ("ViewSonic"), collectively "Defendants," hereby move this Court for summary judgment limiting Plaintiff's, LG. Philips LCD Co., Ltd. ("LPL") claim for damages to those accruing after the filing of this lawsuit. Under 35 U.S.C. § 287(a), a patentee, here, LPL, may recover damages only for acts of infringement that occurred after the patentee provided constructive or actual notice of infringement. Accordingly, this motion should be granted because there are no genuine issues with respect to the material facts underlying the issue of notice, and the issue of when alleged damages begin to accrue resolves into a pure question of law. Thus, this Court should enter partial summary judgment in Defendant's favor, limiting LPL's claim of damages to May 13, 2005, the filing date of this action.

## BACKGROUND FACTS

On May 13, 2005, LPL filed this Complaint alleging that Defendants infringed the '002 patent and U.S. Patent No. 6,738,121 ("the '121 patent"). On May 1, 2006, LPL withdrew its charge of infringement of the '121 patent after Defendants discovered evidence that this patent was invalid under the on-sale bar and only the '002 patent remains in dispute. Prior to the filing of this Complaint, LPL had not given notice to any of the Defendants that it believed any of their LCD products infringed the '002 patent.

LPL did not give Tatung, Tatung USA or ViewSonic notice of infringement of the '002 patent until it filed the present lawsuit. Indeed, LPL admits that it was not even aware of potential '002 patent infringement issues regarding Tatung, Tatung USA and ViewSonic until much later, stating it was aware "no earlier than mid-2004" for Tatung and Tatung USA and "no

earlier than April 2005" for ViewSonic. (See, Ex. 3, Plaintiff's Response to Defendants First and Second Sets of Interrogatories, No. 4). All three Defendants have stated that their first notice of infringement regarding the '002 patent and their accused LCD products was when this lawsuit was filed. (See, Ex. 4-6, Defendants Supplemental Responses to Plaintiff's Amended First Set of Interrogatories, No. 1).

LPL has admitted in its answers to Defendant's Interrogatories, that it does not mark any of its products with the '002 patent as required under 35 U.S.C. § 287. (See, Ex. 3, Plaintiff's Supplemental Responses to Defendant's First and Second Sets of Interrogatories, No. 15).

Although there were some communications between the parties prior to the filing of this action, those communications did not identify the '002 patent and did not accuse any specific product of infringement. On February 8, 2002 letter, LPL offered CPT "[a] portfolio of patents" for licensing, including the '002 patent as one of eight patents in that offer. (See, Ex. 1). That letter makes no accusations of infringement, and identifies no CPT product. Moreover, it is not disputed that LPL had not offered Tatung, Tatung USA or ViewSonic the same licensing opportunity as CPT in 2002, or otherwise. On February 27, 2002, LPL sent CPT another letter requesting a meeting to discuss an "issue of patent infringement with CPT," however, this letter makes no specific reference to any patent, or any specific CPT product, merely referring back to its February 8th offer to license. (See Ex. 2). No other contact was made by LPL to CPT regarding the '002 patent until LPL filed the current litigation over 3 years later on May 13, 2005.

## BACKGROUND LEGAL PRINCIPLES

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file" show that there are no genuine issues of material fact and

2

that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Slagle v. County of Clarion*, 435 F.3d 262, 264-65 (3d Cir. 2006); *Northwestern Mut. Life Ins. Co. v. Babayan*, 430 F.3d 121, 128 (3d Cir. 2005); *Chimie v. PPG Indus., Inc.*, 402 F.3d 1371, 1376 (Fed. Cir. 2005). On a motion for summary judgment, the Court "must view the underlying facts and all reasonable inferences therefrom in the light most favorable to the party opposing the motion." *P.N. v. Clementon Bd. of Educ.*, 442 F.3d 848, 852 (3d Cir. 2006); *Kay Berry, Inc. v. Taylor Gifts, Inc.*, 421 F.3d 199, 203 (3d Cir. 2005). Where a trial is unnecessary because no reasonable jury could resolve an issue in favor of the non-moving party, summary judgment should be granted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). The party opposing summary judgment, however, may not rest on mere allegations but must set forth specific facts showing that a genuine issue of material fact exists. *Maguire v. Hughes Aircraft Corp.*, 912 F.2d 67, 72 (3d Cir. 1990). The mere existence of some alleged factual dispute between the parties does not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of material fact. *Anderson*, 477 U.S. at 247-48.

## ARGUMENT

Defendants are entitled to summary judgment limiting LPL's claim for damages allegedly occurring prior to the filing of this lawsuit based on the notice provision of 35 U.S.C. § 287(a). This statute provides in relevant part:

> Patentees, and persons making or selling any patented article for or under them, may give notice to the public that the same is patented ... by fixing thereon the word "patent" .... <u>In the event of failure so to mark, no damages shall be recovered by the patentee in any action for infringement, except on proof that the infringer was notified of the infringement and continued to infringe thereafter, in which event damages may be recovered only for infringement occurring after such notice.</u> Filing of an action for infringement shall constitute such notice.

3

35 U.S.C. § 287(a) (emphasis added). Thus, "[w]hen a patented article has been produced by a patentee or its licensee, the amount of damages the patentee can recover in an infringement suit is statutorily limited to those acts of infringement that occurred after the patentee gave the alleged infringer 'notice of infringement.'" *Gart v. Logitech, Inc.*, 254 F.3d 1334, 1335 (Fed. Cir. 2001); 35 U.S.C. § 287(a). *See Philips Electronics North America Corp. v. Contec Corp.*, 312 F. Supp. 2d 649, 652 (D. Del. 2004).

Interpretations of this statute have defined two methods by which a patentee may give notice of infringement: **constructive** notice, through marking of the article with a patent number, or through **actual** notice. *Gart*, 254 F.3d at 1335. A party "is entitled to damages from the time when it either began marking its products in compliance with section 287(a) or when it actually notified [the infringer] of its infringement, whichever is earlier." *Soverain Software LLC v. Amazon.com, Inc.*, 383 F. Supp. 2d 904, 907-908 (E.D. Tex. 2005) (quoting *Am. Med. Sys. Inc. v. Med. Eng'g Corp.*, 6 F.3d 1523, 1537 (Fed. Cir. 1993)). "[A]bsent marking, damages may be recovered only after actual notice is given." *SRI Int'l, Inc. v. Advanced Tech. Lab., Inc.*, 127 F.3d 1462, 1469 (Fed. Cir. 1997); 35 U.S.C. § 287(a).

It is the patentee's burden to prove that it provided the requisite "notice." *Maxwell v. J. Baker, Inc.*, 86 F.3d 1098, 1111 (Fed. Cir. 1996). This LPL cannot do. As set out below, LPL admits that it gave no constructive notice of infringement to any Defendant and there can be no dispute that its February 2002 letters to CPT do not constitute actual notice of infringement of the '002 patent.

4

I. **THERE IS NO FACTUAL DISPUTE THAT LPL FAILED TO PROVIDE CONSTRUCTIVE NOTICE OF PATENT INFRINGEMENT TO DEFENDANTS.**

There is no factual dispute that LPL failed to provide constructive notice of patent infringement because it failed to mark any of its products with the '002 patent. To establish constructive notice of patent infringement, a patentee must show "that substantially all of the [patented articles] being distributed were marked, and that once marking was begun, the marking was substantially consistent and continuous." *Nike, Inc. v. Wal-Mart Stores, Inc.*, 138 F.3d 1437, 1446 (Fed. Cir. 1998); see also *Honeywell Int'l Inc. v. Hamilton Sundstrand Corp.*, 2001 WL 66345 *3 (D. Del. Jan. 4, 2001) ("A patentee must mark his patent number on products practicing the patent in order to collect damages arising from infringement."). Thus, without constructive notice, LPL cannot recover damages for alleged infringement preceding the filing of this lawsuit, unless actual notice is given.

By its own admission, LPL did not mark its products incorporating the '002 patent, thereby conceding that it did not provide constructive notice of patent infringement to Defendants. (Ex. 3, Response No. 15) As such, LPL's infringement claims can only rely on a theory of actual notice in order to avail itself of damages prior to the filing date of this action.

Although LPL alleges infringement of the '002 patent's method claims, rather than its product claims, that does not lessen LPL's obligation to mark its products pursuant to section 287(a).[1] While the notice provisions of section 287(a) may not apply where the patent is directed to a process or method, "[t]he reason ... is that, ordinarily, where the patent claims are directed to only a method or process there is nothing to mark." *Am. Med. Sys., Inc. v. Med.*

---

[1] LPL has only asserted certain claims of the '002 patent. These claims are directed to the method of making an LCD product. LPL has not asserted any of the product claims against the Defendants. (Ex. 7).

5

*Eng'g Corp.*, 6 F.3d 1523, 1538 (Fed. Cir. 1993). "Where the patent contains both apparatus and method claims, however, to the extent that there is a tangible item to mark by which notice of the asserted method claims can be given," that reason is no longer relevant. *Id.*; *Philips Elec.* 312 F. Supp. 2d at 651-52, and *Mosel Vitelic Corp. v. Micron Tech., Inc.*, 2000 WL 1728351 *2 (D. Del. Feb. 25, 2000). These cases involved patents that contained both apparatus and method claims, but the patentees alleged infringement of only the method claims. *Philips Elec.*, 312 F. Supp. 2d at 651; *Mosel Vitelic*, 2000 WL 1728351 at *1. This Court rejected arguments that section 287(a) does not apply because the patentees only asserted infringement of their method claims when the patents contained both apparatus and method claims. *Philips*, 312 F. Supp. 2d at 651 (holding that plaintiff's patent covered "tangible items which were capable of being marked" and thus plaintiff was obligated to mark its product if it wanted to "avail itself of the constructive notice provisions of 35 U.S.C. § 287(a) with respect to the asserted method claims of [the patent]"); *Mosel Vitelic*, 2000 WL 1728351 at *2 ("The *American Medical Systems* court made clear, regardless of whether a plaintiff is asserting method claims, apparatus claims, or both, that party must properly mark its products in order to obtain the benefits of the constructive notice provisions set forth in Section 287.") (citing *Am. Med.*, 6 F.3d at 1538-39). "The only time that the notice provisions ... do not come into play is when the patent is directed to *only* a method or process." *Mosel Vitelic*, 2000 WL 1728351 at *2. Where a patent contains a method and apparatus claim as well as a tangible element, a patentee has the opportunity, and thus obligation, to mark pursuant to section 287(a).

In this case, the '002 patent covers claims for both a process and an apparatus, namely a "method of manufacturing flat panel backplanes including electrostatic discharge prevention <u>and</u> displays made thereby." (Ex. 7, (emphasis added).) Indeed, the patent includes descriptions of

6

and claims directed towards the "active matrix backplane[s]" for which LPL claimed exclusive property rights.

Because the '002 patent has an apparatus claim and its products covered by the '002 patent are tangible, i.e. covers the backplane, it is capable of being marked. *See Honeywell Int'l.*, 2001 WL 66345 at *3 ("Only where there is no device to mark are patentees excused from the marking statute's requirements"). LPL's failure to mark its products precludes its ability to recover damages under its method claims prior to Defendant's receipt of actual notice - - namely the filing date of this lawsuit.

## II. THERE IS NO FACTUAL DISPUTE THAT LPL DID NOT PROVIDE ACTUAL NOTICE OF INFRINGEMENT UNTIL THE FILING OF THIS LAWSUIT

LPL first put Defendants on actual notice of its infringement claims on May 13, 2005, when it filed the complaint in this action. Until then, no act of LPL satisfied the notice requirement of section 287(a) in order to claim damages for any earlier period. Actual notice is given "when the patentee affirmatively communicates to the alleged infringer a *specific charge of infringement* by a *specified accused product* or device." *Soverain*, 383 F. Supp. 2d at 908 (citing *Gart v. Logitech, Inc.*, 254 F.3d 1334, 1345 (Fed. Cir. 2001). (emphasis added). It is irrelevant "whether the defendant knew of the patent or knew of his own infringement." *Amsted Indus. Inc. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 187 (Fed. Cir. 1994). The focus of this inquiry is on the affirmative actions of the patentee, not the knowledge or understanding of the alleged infringer. *Id.* As shown below, LPL cannot show actual notice prior to the filing of this lawsuit.

7

### A. LPL's February 2002 correspondence to CPT does not constitute actual notice of infringement of the '002 patent.

The contents of LPL's February 8 and 27, 2002 letters are not disputed. Neither of the two letters LPL sent to CPT in February 2002 satisfies the requirements for actual notice of infringement. In fact, the letter of February 8, 2002, more closely resembles a sales pitch for licensing its technology than an attempt to notify CPT of patent infringement. (Ex. 1). For example, it begins by promoting LPL's "investment[s]" and "accomplishments" in LCD products, then identifies some "examples" from its technology "portfolio," that are "available for license" and finally proposes a meeting to discuss applications of this technology to unspecified CPT products. It makes no demands in the letter, references no specific CPT products, and does not even mention the word "infringement." Even if such benign language could be construed as an assertion of LPL's patent rights, this letter still fails as a "specific charge of infringement for a specific accused product or device." The level of specificity necessary to constitute actual notice of infringement is found in *Gart*, where the letter contained a "clear inference" of patent infringement, thus satisfying the notice provision of section '287.

In an identical situation, this Court has found that the offer of a possible license agreement pertaining to specific patents cannot constitute actual notice of infringement because it was not an affirmative act on the part of the Plaintiff informing the Defendants of infringement. *Philips*, 312 F. Supp. at 652-3 (granting defendants motion for partial summary judgment limiting plaintiffs' damages to those that accrued after plaintiff filed suit). Similarly the Court in *Philips* also found that a subsequent request for a meeting to discuss the patents did not constitute an actual charge of infringement for a specific accused product or device. *Id*. *See also, Amsted*, 24 F.3d at 187.

8

Similarly ineffective, LPL's letter of February 27, 2002 to CPT is merely a follow up to the February 8 letter, accomplishing no more than the original letter in terms of actual notice. (Ex. 2) It, too, makes no demands, asserts no specific rights, and states no coherent claims of patent infringement to any specified CPT products. Although the letter refers to "unauthorized use" of LPL's technology, it does not identify any infringing products or acts by CPT. As such, this letter also fails, as a matter of law, to satisfy the actual notice requirement under section 287(a).

Both letters are similar to the ineffective notice found in *Amsted*. In that case, the patentee had written the alleged infringer about the patent at issue, asked the alleged infringer to refrain from offering parts that infringed on or contributed to infringement of the patent, and advised that the patentee would continue to enforce its patent rights. *Amsted*, 24 F.3d at 186. The letter did not explicitly charge the defendant with infringement of the patent at issue.[2] *Id.* To answer the question of whether this letter sufficed as notice under section 287, the court emphasized that notice under the statute requires not only advising the defendants of the existence of its patent, but also of their infringement of the patent. *Id.* at 187. Finding the letter to be "merely informational" and, to that extent, only about the plaintiff's ownership of the patent, the court held as a matter of law that it was insufficient to provide actual notice under section 287 to the defendant. *Id.* Like the letter deemed insufficient in *Amsted*, LPL's February 8, 2002 letter is similarly ineffective and fails as a matter of law to constitute actual notice.

LPL's subsequent February 27 letter to CPT adds no specificity to the February 8th letter and wholly mischaracterizes the content of that letter, stating:

---

[2] A second letter, which the parties agreed served as proper notice under section 287, was not at issue. *Amsted*, 24 F.3d at 186.

9

RLF1-3025758-1

> On February 8, we wrote you and asked for a meeting to discuss the unauthorized use of technology owned by [LG.Philips] by [CPT]. In that letter, we asked for a meeting to discuss this issue of patent infringement with CPT. CPT has not responded to our letter.

(Ex. 2). The February 8th letter, however, indisputably lacked any assertion of unauthorized use, much less patent infringement, creating an irreconcilable disconnect between the two letters. (Ex. 1).

The February 27th letter continues with other similarly vague references, which only further obfuscates LPL's message. Far from clear, however, is the "issue" that LPL purportedly seeks to resolve. If LPL is referring to the "issue" of allegedly unauthorized use by CPT in the preceding paragraph of the letter, no act, product, or patent, or even technology, has been identified to give CPT actual notice of any infringement. If instead LPL is referring to the "issue" raised in its February 8 letter, that letter plainly contains no accusation or indication, whatsoever, of infringement or of any act or product that constitutes infringement on LPL's patents.

Because LPL did not give actual notice of patent infringement to CPT until the filing of this lawsuit on May 13, 2005, it is statutorily precluded from recovering damages, if any, from CPT's alleged infringement of the '002 patent prior to that date. Accordingly, CPT is entitled to summary judgment limiting LPL's claims for damages for any time period preceding the filing of this lawsuit.

    **B.    It is Undisputed That Defendants Tatung, Tatung USA and ViewSonic Did Not Receive Actual Notice of Infringement of the '002 Patent Until The Filing of This Lawsuit.**

Wholly aside from the issue of whether CPT had actual notice of infringement of the '002 patent in LPL's February 2002 correspondence, there can be no dispute that neither Tatung, Tatung USA nor ViewSonic were recipients of LPL's letters to CPT. Nor can there be any

10

dispute that LPL ever sent any notice of infringement of the '002 patent to them prior to the filing of this lawsuit. As stated above, LPL was not even aware of any possibility of infringement regarding these three defendants until around mid-2004 or April, 2005. (Ex. 3, No. 4). Under these circumstances, as a matter of law, LPL cannot claim damages from either Tatung, Tatung USA or ViewSonic for infringement of the '002 patent prior to May 15, 2005, the filing of this lawsuit. Thus, entry of judgment on this issue with respect to at least these three Defendants is warranted as a matter of law.

## CONCLUSION

There is no genuine issue regarding any fact material to Defendant's claim that LPL did not givegiven notice – constructive or actual – of Defendant's alleged infringement until the filing of this lawsuit on May 13, 2005. Accordingly, as a matter of law, the Court should grant Defendant's motion for partial summary judgment, limiting LPL's claims for damages to alleged infringement that occurred after May 13, 2005.

In the alternative, because neither Tatung, Tatung USA or ViewSonic was a recipient of LPL's February 2002 letters, as a matter of law, the Court should grant Defendant's motion limiting damages with respect to at least these three Defendants to those alleged to have accrued after May 13, 2005.

|  |  |
|---|---|
| OF COUNSEL:<br>Christine A. Dudzik<br>Thomas W. Jenkins<br>HOWREY LLP<br>321 North Clark Street, Suite 3400<br>Chicago, Illinois 60610<br>(312) 595-1239<br><br>Teresa M. Corbin<br>Glenn W. Rhodes<br>HOWREY LLP<br>525 Market Street, Suite 3600<br>San Francisco, CA 94105<br>(415) 848.4900<br><br>Dated: June 13, 2006 | */s/ Robert W. Whetzel*<br>Robert W. Whetzel (#2288)<br>whetzel@rlf.com<br>Matthew W. King (#4566)<br>king@rlf.com<br>RICHARDS, LAYTON & FINGER<br>One Rodney Square, P.O. Box 551<br>Wilmington, DE 19899<br>(302) 651-7700<br><br>Attorneys for Defendants/Counterclaimants<br>Chunghwa Picture Tubes, Ltd.; Tatung<br>Company; Tatung Company of America, Inc.;<br>and Viewsonic Corporation |

12

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 13, 2006, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, which will send notification of such filing to, and also hand delivered same to:

>Richard D. Kirk
>Morris James Hitchens & Williams LLP
>222 Delaware Avenue, Suite 900
>Wilmington, DE  19899

I HEREBY CERTIFY that on June 13, 2006, I sent the foregoing document by Electronic Mail to the following non-registered participants:

>Gaspare J. Bono
>Matthew T. Bailey
>Andrew J. Park
>Adrian Mollo
>McKenna Long & Aldrige LLP
>1900 K Street, NW
>Washington, DC  20006

*[signature]*
Matthew W. King (#4566)
king@rlf.com
Richards, Layton & Finger
One Rodney Square
PO Box 551
Wilington, DE  19899