IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG. PHILIPS LCD CO., LTD., ) | |
| ) | |
| Plaintiff, ) | C. A. No. 05-292 (JJF) |
| ) | |
| v. ) | **DEMAND FOR JURY TRIAL** |
| ) | |
| TATUNG COMPANY; ) | |
| TATUNG COMPANY OF AMERICA, INC.; ) | |
| CHUNGHWA PICTURE TUBES, LTD.; ) | |
| AND VIEWSONIC CORPORATION, ) | |
| ) | |
| Defendants. | |

## NOTICE OF LODGING OF E-MAIL COMMUNICATION

PLEASE TAKE NOTICE that Defendants Chunghwa Picture Tubes, Ltd., Tatung Company, Tatung Company of America, Inc., and Viewsonic Corporation hereby lodge a copy of an e-mail communication from Robert W. Whetzel, Esquire, to the Honorable Joseph J. Farnan, Jr. dated June 19, 2006, a copy of which is attached hereto.

Robert W. Whetzel (#2288)
whetzel@rlf.com
Matthew W. King (#4566)
king@rlf.com
Richards, Layton & Finger
One Rodney Square, P.O. Box 551
Wilmington, DE 19899
(302) 651-7700
Attorneys for Defendants/Counterclaimants
Tatung Company, Tatung Company of
America, Chunghwa Picture Tubes, Ltd, and
Viewsonic Corporation

OF COUNSEL:
Christine A. Dudzik
Thomas W. Jenkins
Howrey LLP
321 North Clark Street, Suite 3400
Chicago, Illinois 60610
(312) 595-1239

Teresa M. Corbin
Glenn W. Rhodes
Howrey LLP
525 Market Street, Suite 3600
San Francisco, CA 94105
(415) 848-4900

Dated: June 19, 2006

RLF1-3027932-1

**King, Matthew W.**

| | |
|---|---|
| **From:** | Whetzel, Robert W. |
| **Sent:** | Monday, June 19, 2006 3:36 PM |
| **To:** | 'jjf_civil@ded.uscourts.gov' |
| **Cc:** | 'Bono, Gaspare'; 'Dick Kirk'; 'Corbin, Terry'; 'Gabler, Julie'; 'Rhodes, Glenn'; Fineman, Steven; King, Matthew W. |
| **Subject:** | L.G Philips v Tatung America, et al, C.A. No. 05-292 JJF - Emergency Matter |

Dear Judge Farnan:

    I write on behalf of Defendants Chunghwa Picture Tubes, Ltd., Tatung Company, Tatung Company of America, Inc. and Viewsonic Corporation (collectively "CPT"), seeking emergency leave pursuant to Federal Rule of Civil Procedure 30(d) to continue the deposition of Mr. Scott Holmberg, the sole inventor of the '002 patent in suit and a critical witness in this action, for an additional seven hours. Trial is scheduled in this action for July 17, which is 28 days from today and therefore it is urgent that CPT receive leave promptly to complete the deposition of the inventor of the patent in suit.

    Defendants submit that an additional seven hours to complete the inventor's deposition is critical and warranted here given, as explained below: (1) he testified during his seven hour deposition on June 15 that he will not be available to testify at trial, (2) he is a critical fact witness in this case, (3) this critical fact witness is within the control of and being paid as a consultant on an hourly basis by plaintiff L.G. Phillips LCD Co., Ltd. ("LPL"), (4) he has diabetes and certain other health issues that caused him to wander and respond slowly in his answers to CPT counsel's questions, (5) CPT counsel was not able to complete Mr. Holmberg's deposition on June 15, and (6) counsel for LPL has refused requests to continue the deposition of Mr. Holmberg.

    Federal Rule 30(d) provides: "Unless otherwise authorized by the court or stipulated by the parties, a deposition is limited to one day of seven hours. The court must allow additional time consistent with Rule 26(b)(2) if needed for a fair examination of the deponent or if the deponent or another person, or other circumstance, impedes or delays the examination." Mr. Holmberg lives in San Diego, California, and he is the sole inventor of the '002 patent that LPL is accusing CPT of infringing in this action. Mr. Holmberg, as the inventor of the '002 patent, is a critical fact witness in this case. CPT took Mr. Holmberg's deposition for seven hours in San Diego, California, on June 15, 2006. Significantly, Mr. Holmberg testified that he does not plan to testify at trial in this action in Delaware, thus a deposition is the only opportunity that CPT will have to examine this critical witness. (Holmberg Dep. Trans. at 194.) Moreover, Mr. Holmberg is within LPL's control (LPL made Mr. Holmberg available pursuant to a notice of deposition - no subpoena was required) and there is no undue burden on Mr. Holmberg by having to give an additional day of deposition testimony. Earlier in the case, LPL attempted to designate Mr. Holmberg as a consulting expert and to disclose CPT confidential information to him, but the Court ordered that LPL could not do so (See D.I. 173); so LPL used him as a paid testifying fact witness instead. Mr. Holmberg testified that he is a paid consultant working for plaintiff LPL in this action at an hourly rate of $350/hr, and that he spent 14 hours during the two days prior to the June 15 deposition preparing and reviewing documents with LPL's counsel. (Holmberg Dep. Trans. at 8-10 and 190-192.)

    Counsel representing Mr. Holmberg and LPL at the deposition on June 15 advised CPT counsel during a break that Mr. Holmberg has diabetes and that his blood sugar was fluctuating absent frequent breaks and requested breaks as necessary to avoid causing any injury to the witness, which CPT counsel of course complied with throughout the deposition. Mr. Holmberg's health issues caused him to wander significantly and respond very slowly in his answers to CPT counsel's direct questions, which

significantly delayed the deposition.

CPT counsel attempted to move through the deposition on June 15 quickly and efficiently, but was unable to complete Mr. Holmberg's deposition within seven hours. CPT counsel requested, during an afternoon break in the deposition, to stay overnight in San Diego and continue Mr. Holmberg's deposition for an additional seven hours the next day, June 16, or any day that is convenient for the witness. LPL counsel refused to permit any additional deposition of this witness absent an order from the Court. (Holmberg Dep. Trans. at 208.)

CPT respectfully requests that the Court order LPL to make Mr. Holmberg available within the next 5 business days for an additional seven hours to complete his deposition. CPT further requests that the Court order LPL to bear the travel costs for CPT counsel to travel to San Diego for a continuation of this deposition that should have occurred on June 16, 2006.

We are available at the convenience of the Court, in person or by telephone, should Your Honor have any questions concerning this application.


Respectfully submitted,

Robert W. Whetzel
Richards, Layton & Finger
P.O. Box 551
Wilmington, DE 19899
(302) 651-7634 (Direct)
(302) 651-7701 (Fax)

6/19/2006

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 19, 2006, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing, and hand delivered to the following:

> Richard D. Kirk
> The Bayard Firm
> 222 Delaware Avenue, Suite 900
> P.O. Box 25130
> Wilmington, DE 19899

I hereby certify that on June 19, 2006, I sent the foregoing document by Electronic Mail, to the following non-registered participants:

> Gaspare J. Bono
> Matthew T. Bailey
> Andrew J. Park
> Adrian Mollo
> McKenna Long & Aldridge LLP
> 1900 K Street, NW
> Washington, DC 20006

> Matthew W. King (#4566)
> king@rlf.com
> Richards, Layton & Finger
> One Rodney Square
> P.O. Box 551
> Wilmington, DE 19899

RLF1-2917974-1