IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| L.G. PHILIPS LCD CO., LTD., | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 05-292 (JJF) |
| v. | ) |
| | ) **DEMAND FOR JURY TRIAL** |
| TATUNG COMPANY; | ) |
| TATUNG COMPANY OF AMERICA, INC.; | ) |
| CHUNGHWA PICTURE TUBES, LTD.; | ) **REDACTED - PUBLIC VERSION** |
| AND VIEWSONIC CORPORATION, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' MOTION TO ENLARGE TIME TO FILE
MOTION FOR SUMMARY JUDGMENT**

OF COUNSEL:
Christine A. Dudzik
Thomas W. Jenkins
Howrey LLP
321 North Clark Street, Suite 3400
Chicago, Illinois 60610
(312) 595-1239

Teresa M. Corbin
Glenn W. Rhodes
Howrey LLP
525 Market Street, Suite 3600
San Francisco, CA 94105
(415) 848-4900

Dated: June 14, 2006
Redacted: June 21, 2006

Robert W. Whetzel (#2288)
whetzel@rlf.com
Steven J. Fineman (#4025)
fineman@rlf.com
Matthew W. King (#4566)
king@rlf.com
Richards, Layton & Finger
One Rodney Square, P.O. Box 551
Wilmington, DE 19899
(302) 651-7700
Attorneys for Defendants/Counterclaimants Tatung Company, Tatung Company of America, Chunghwa Picture Tubes, Ltd, and Viewsonic Corporation

I.  **INTRODUCTION.**

On June 13, 2006, Defendants moved for summary judgment on a narrow and straightforward issue -- whether Plaintiff may advance a claim for damages that accrued prior to the filing of the complaint in this action. Defendants' motion for summary judgment was filed less than two weeks after Plaintiff provided its damages expert report seeking pre-filing damages. Plaintiff had failed to respond to a specific discovery request directed to this issue (and has not supplemented that request to date). Discovery related to damages were stayed for a period of time pre-dating the deadline for filing case dispositive motions, and Defendants have moved the Court prior to the expiration of the court-ordered deadline. For these reasons, Defendants respectfully suggest that a short extension of the deadline to file this case dispositive motion is warranted.

Granting the present motion will not prejudice Plaintiff in any manner. Whether Plaintiff may present evidence on damages accruing prior to the filing of suit is a question that should be adjudicated before trial vis-à-vis a motion for summary judgment, or through a motion *in limine*. The Court will be able to streamline trial by making a determination as to whether Plaintiff's damages, if any, are limited to those that accrrued after the filing of the complaint. Defendants have already served their opening brief, and Defendants' motion for summary judgment will be fully briefed on or before July 5, 2006. In the interests of efficiency, and to avoid jury confusion, the relevant period for damages should be presented to the Court before trial.

A.  **Defendants' Motion For Summary Judgment Is Based On Plaintiff's Overly Broad Claim For Damages**

Defendants have only filed one motion for summary judgment. This motion addresses a narrow issue -- whether Plaintiff may advance a claim for damages that accrued prior to the filing of the complaint in this action. As a result of Plaintiff's failure to respond fully and fairly

1

to Defendants' interrogatory directed to this issue, and the amendment of the discovery deadlines, Plaintiff's damages contentions were not set forth until June 2, 2006. Defendants presented the issue to the Court immediately thereafter.

Indeed, Defendants had attempted to ascertain Plaintiff's damages contentions as early as January 2006.

REDACTED

20).[2] Defendants did not receive any further information on this issue until June 2, 2006.

On June 2, 2006 Plaintiff served Defendants with The Report of Cobb & Associates, Ltd. (the "Report"). In this Report, Plaintiff claims damages that substantially pre-date the filing of the complaint. For the reasons set forth in Defendants' opening brief in support of its motion for summary judgment, Plaintiff is not entitled (assuming liability) to damages for sales that pre-dated the filing of the complaint. Plaintiff did not assert a specific claim for such damages until its expert Report was served on June 2, 2006. Defendants moved for summary judgment less than two weeks later.

---

REDACTED Given these circumstances, Plaintiff's position that Defendants should have filed their motion for summary judgment on or before May 24, 2006 is without merit. See D.I. 222 at 1.

[2] Plaintiff similarly did not disclose its damages contentions in its initial disclosures. (Exhibit B). Moreover, Plaintiff amended its initial disclosures on May 9, 2006 and did not disclose its damages contentions at that time.

2

RLF1-3026103-2

Pursuant to Rule 6 of the Federal Rules of Civil Procedure, the Court may enlarge a period of time set by order of the Court for cause if the application is made prior to the expiration of the time period sought to be enlarged. Fed. R. Civ. P. 6. Here, Plaintiff has moved timely to enlarge the time period for filing a case dispositive motion, and the events described above undeniably satisfy the cause standard set forth in Rule 6.

### B. The Subject Matter Of Defendants' Motion For Summary Judgment Should Be Adjudicated Before Trial.

Regardless of whether the Court enlarges the time to file this case dispositive motion, the issue presented by the motion will be raised prior to trial in any event.[3] Specifically, Defendants will move to preclude the introduction of any evidence relating to alleged damages for the period pre-dating the complaint for the exact reasons set forth in Defendants' motion for summary judgment. Defendants suggest that it would be a complete waste of the Court and parties' resources to litigate a moot point. If Plaintiff is not entitled to damages for the period of time pre-dating the filing of the complaint, there is no need to waste the Court and jury's time hearing such testimony. By allowing briefing to continue on the present schedule, the Court will be afforded additional time to consider the issue raised in the motion for summary judgment than it would if Defendants raised it in a motion *in limine*.

### II. CONCLUSION.

For the foregoing reasons, Defendants respectfully request that the Court extend the deadline to file motions for summary judgment through and including June 14, 2006, and order briefing on such motions to be completed pursuant to Delaware District Court Local Rule 7.1.2.

---

[3] To the extent the Court does not resolve this issue through summary judgment or a motion *in limine*, it would be presented to the Court as a motion for judgment as a matter of law during trial.

OF COUNSEL:
Christine A. Dudzik
Thomas W. Jenkins
Howrey LLP
321 North Clark Street, Suite 3400
Chicago, Illinois 60610
(312) 595-1239

Teresa M. Corbin
Glenn W. Rhodes
Howrey LLP
525 Market Street, Suite 3600
San Francisco, CA 94105
(415) 848-4900

Dated: June 14, 2006

/s/ [signature]
Robert W. Whetzel (#2288)
whetzel@rlf.com
Steven J. Fineman (#4025)
fineman@rlf.com
Matthew W. King (#4566)
king@rlf.com
Richards, Layton & Finger
One Rodney Square, P.O. Box 551
Wilmington, DE 19899
(302) 651-7700
Attorneys for Defendants/Counterclaimants
Tatung Company, Tatung Company of
America, Chunghwa Picture Tubes, Ltd, and
Viewsonic Corporation

## CERTIFICATION PURSUANT TO
## DISTRICT OF DELAWARE LOCAL RULE 7.1.1

Counsel for Defendants has made reasonable efforts to consult with counsel for Plaintiff pursuant to District of Delaware Local Rule 7.1.1 concerning the subject matter of the attached motion and no agreement was reached.

_____
Steven J. Fineman (#4025)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 14, 2006, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing, and hand delivered to the following:

>Richard D. Kirk
>The Bayard Firm
>222 Delaware Avenue, Suite 900
>P.O. Box 25130
>Wilmington, DE 19899

I hereby certify that on June 14, 2006, I sent the foregoing document by Electronic Mail, to the following non-registered participants:

>Gaspare J. Bono
>Matthew T. Bailey
>Andrew J. Park
>Adrian Mollo
>McKenna Long & Aldridge LLP
>1900 K Street, NW
>Washington, DC 20006

>Matthew W. King (#4566)
>king@rlf.com
>Richards, Layton & Finger
>One Rodney Square
>P.O. Box 551
>Wilmington, DE 19899

RLF1-2917974-1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 21, 2006, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing, and hand delivered to the following:

> Richard D. Kirk
> The Bayard Firm
> 222 Delaware Avenue, Suite 900
> P.O. Box 25130
> Wilmington, DE 19899

I hereby certify that on June 21, 2006, I sent the foregoing document by Electronic Mail, to the following non-registered participants:

> Gaspare J. Bono
> Matthew T. Bailey
> Andrew J. Park
> Adrian Mollo
> McKenna Long & Aldridge LLP
> 1900 K Street, NW
> Washington, DC 20006

> Matthew W. King (#4566)
> king@rlf.com
> Richards, Layton & Finger
> One Rodney Square
> P.O. Box 551
> Wilmington, DE 19899

RLF1-2917974-1