IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG.PHILIPS LCD CO., LTD., <br><br> Plaintiff/Counterclaim Defendant, <br><br> v. <br><br> TATUNG COMPANY; <br> TATUNG COMPANY OF AMERICA, INC.; <br> CHUNGHWA PICTURE TUBES, LTD.; <br> AND VIEWSONIC CORPORATION, <br><br> Defendants/Counterclaim Plaintiffs. | Civil Action No. 05-292 (JJF) |

**PLAINTIFF LG.PHILIPS LCD CO., LTD.'S OPPOSITION TO DEFENDANTS' MOTION TO ENLARGE TIME TO FILE MOTION FOR SUMMARY JUDGMENT**

Plaintiff LG.Philips LCD Co., Ltd. ("LPL") hereby opposes Defendants' Motion to Enlarge Time to File Motion for Summary Judgment (D.I. 223)(the "Motion to Enlarge"), as follows:

(1) <u>The Motion to Enlarge Is Not Timely</u>. Citing Fed.R. Civ. P. 6(b)(1), Defendants assert that they filed the Motion to Enlarge within the time limit they seek to enlarge. They did not. Paragraph 6 of the Joint Rule 16 Scheduling Order dated December 21, 2005 (D.I. 62) requires that "(d)ispositive motion briefing shall be **completed** no later than June 14, 2006." Obviously, the Scheduling Order contemplated an earlier deadline for **filing** dispositive motions. Filing the Motion to Enlarge on the last day for **briefing** on dispositive motions was not within the time limit for **filing** dispositive motions themselves.

The proper test for Defendants is thus not set forth in Fed.R.Civ.P. 6(b)(1) but rather in Fed.R.Civ.P. 6(b)(2), which requires a showing of excusable neglect. Defendants Motion to Enlarge shows that Defendants had reason to know LPL's views on when damages accrue at

628330v1

least by June 2, 2006.[1] They have not shown excusable neglect for missing the filing deadline for dispositive motions.

(2) <u>Defendants' Motion for Summary Judgment Is Subject to LPLs Motion to Strike</u>. Defendants filed their Motion for Partial Summary Judgment on Damages Under 35 U.S.C. §287 (D.I. 219)(the "Summary Judgment Motion") on June 13, 2006, the day before briefing was required to be completed on dispositive motions. LPL filed a motion to strike (D.I. 222) as untimely the Summary Judgment Motion the next day, before Defendants filed the Motion to Enlarge. LPL submits that the Court should determine LPL's motion to strike without regard to Defendants' untimely Motion to Enlarge.

(3) <u>The Motion to Enlarge Is Futile</u>. Defendants filed a motion for summary judgment on an intensely factual issue, namely whether LPL gave constructive notice of its patent to the Defendants prior to the filing of this lawsuit. Defendants admit that there was prior correspondence between LPL and Defendants relevant to this issue. Defendants contend in the Summary Judgment Motion that the prior correspondence does not amount to sufficient notice of the patent; LPL will contend that it does. That difference is a classic "genuine issue of material fact."

If the Court were to require LPL to respond to Defendants' untimely Motion for Summary Judgment, LPL would submit a Counter Statement, pursuant to the Court's standard form of order regarding summary judgment, setting forth those genuine issues of material fact.

Rather than waste the Court's time reviewing that Counter Statement and determining that a dispute of material fact exists, LPL submits that the Court may simply deny Defendants'

---

[1] LPL contends that Defendants knew much earlier than that, and that if they had wanted to file a timely summary judgment motion they could have, but they surely could have filed a request to extend the summary judgment filing deadline before the expiration of the time for summary judgment briefing.

Motion to Enlarge, and grant LPL's motion to strike Defendants' Motion for Summary Judgment (D.I. 222).

June 21, 2006                          THE BAYARD FIRM

                                       /s/ Richard D. Kirk (RK0922)
                                       222 Delaware Avenue, Suite 900
                                       P.O. Box 25130
                                       Wilmington, DE 19899-5130
                                       (302) 655-5000
                                       rkirk@bayardfirm.com
                                       Counsel for Plaintiff
                                       LG.PHILIPS LCD CO., LTD.

OF COUNSEL:
Gaspare J. Bono
Matthew T. Bailey
Cass W. Christenson
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006
(202) 496-7500

628330v1

2

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on June 21, 2006, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Robert W. Whetzel, Esq.
Matthew W. King, Esq.
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

The undersigned counsel further certifies that copies of the foregoing document were sent on June 21, 2006 by email and by hand to the above counsel and by email and first class mail to the following non-registered participants:

| | |
|---|---|
| Christine A. Dudzik, Esq. | Teresa M. Corbin, Esq. |
| Thomas W. Jenkins, Esq. | Glenn W. Rhodes, Esq. |
| Howrey LLP | Julie Gabler, Esq. |
| 321 North Clark Street | Howrey LLP |
| Suite 3400 | 525 Market Street |
| Chicago, IL 60610 | Suite 3600 |
| | San Francisco, CA 94105 |

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk

602380v1