# THE BAYARD FIRM
A  T  T  O  R  N  E  Y  S

222 DELAWARE AVENUE, SUITE 900
P.O. BOX 25130
WILMINGTON, DE 19899
ZIP CODE FOR DELIVERIES 19801

MERITAS LAW FIRMS WORLDWIDE
www.bayardfirm.com
302-655-5000
(FAX) 302-658-6395
WRITER'S DIRECT ACCESS

(302) 429-4208
rkirk@bayardfirm.com

FILED ELECTRONICALLY
ORIGINAL BY HAND

June 22, 2006

The Honorable Joseph J. Farnan, Jr.
United States District Court
844 North King Street
Wilmington, DE  19801

      RE:    *LG.Philips LCD Co., Ltd. v. Tatung Company of Amercia, et al.*
              <u>C.A. No. 05-292-JJF</u>

Dear Judge Farnan:

      On behalf of plaintiff LG.Philips LCD Co., Ltd, ("LPL"), I write in response to the request of defendants' Chunghwa Picture Tubes, Ltd., Tatung Company, Tatung Company of America, Inc. and ViewSonic Corp. (collectively "CPT") seeking emergency leave to continue the deposition of Mr. Scott Holmberg (D.I. 226). Defendants' request should be denied because (a) Mr. Holmberg already provided a full seven hours of deposition testimony as agreed by the parties and provided in the Joint Scheduling Order (D.I. 62); (b) CPT neglected to provide a statement that showed a reasonable effort was made to reach agreement regarding need for additional time in accordance with Local Rule 7.1.1; and (c) CPT wholly failed to show, under Federal Rule 30(d), good cause for any extension of time.

      In accordance with the parties' previous agreement and the Joint Scheduling Order, each fact deposition has been limited to a single day of seven hours. The Joint Scheduling Order's limitation of seven hours was the product of the express agreement of the parties (and is consistent with the default provisions of the Federal Rules). Following the Joint Scheduling Order, CPT has consistently sought to limit depositions taken by LPL. For example, last month, CPT requested that the Joint Scheduling order be modified to restrict LPL's depositions of parties Tatung Company, Tatung Company of America, Inc. and ViewSonic to only one witness per party with each deposition not to exceed five hours. (See D.I. 186) Similarly, earlier this month, CPT's counsel argued that even translated depositions were limited to a single day of seven hours under the parties' agreement. June 6, 2006 deposition of Chen Chao Tsai, p. 9, lines 7-20 (attached as Exhibit A).

628432v1

THE BAYARD FIRM

The Honorable Joseph J. Farnan, Jr.
June 22, 2006
Page 2

The Joint Scheduling Order and the agreements of the parties should apply equally to all. Consistent with the Joint Scheduling Order, CPT was permitted a full day for Mr. Holmberg's deposition. After a technical court reporter related equipment delay, Mr. Holmberg's deposition began at 9:20 a.m. and continued until 7:15 p.m. Including intermittent breaks, CPT had a full seven hours of unimpeded time for deposition testimony. In fact, CPT acknowledged in its request for additional time that it had already taken a full seven hours for Mr. Holmberg's deposition. CPT should not now be permitted to ignore its previous agreement simply because counsel did not focus or prioritize questioning.

CPT's counsel also failed to provide a statement "showing that the attorney making the motion has made a reasonable effort to reach agreement with the opposing attorneys on the matters set forth in the motion" as required by Local Rule 7.1.1.[1] Prior to its present request, CPT's counsel merely stated at the deposition that it needed additional time because it received nine pages of production from Honeywell on June 13, 2006. First, these nine pages of production – which included four pages of handwritten notes, three pages from a redacted letter, and two pages of drawings – do not justify any additional deposition time. CPT had adequate time to review the documents and question Mr. Holmberg about them, and did so at the deposition. Not only is the limited production insufficient justification for additional deposition time, CPT's counsel did not attempt to provide, other than the limited explanation at the deposition, what additional discovery was required or why it was necessary.

Beyond failing to make a reasonable attempt to reach agreement with LPL, CPT did not provide in its present request any good cause to justify an extension of time under Federal Rule 30(d). As stated in the Advisory Committee Notes: "The party seeking a court order to extend the examination, or otherwise alter the limitations, is expected to show good cause to justify such an order." While Federal Rule 30(d) allows additional time "if needed for a fair examination of the deponent or if the deponent or another person, or other circumstances, impedes or delays the examination," CPT failed to show any good cause. CPT already had more than sufficient deposition time for a fair examination of Mr. Holmberg, and has utterly failed to show any evidence that the deposition was impeded or delayed in any way. Although CPT lists six supposed "facts" supporting its request, only one could possibly support its argument, and that one is totally misguided.

---

[1] CPT previously has taken the position that deposition conferences are not sufficient under Rule 7.1.1. ("Contrary to your repeated assertions, lawyer colloquy at depositions is not a proper meet and confer under the Local Rules. See DeWitt v. Penn-Del Directory Corp., 912 F. Supp. 707, 712-13 (D. Del. 1996)")(June 6, 2006 letter from CPT attorney Steven Yovits). The demand for additional time made at the deposition itself was inadequate as a reasonable justification for extending the deposition and was inconsistent with CPT's position that "lawyer colloquy at depositions" does not satisfy Local Rule 7.1.1.

THE BAYARD FIRM

The Honorable Joseph J. Farnan, Jr.
June 22, 2006
Page 3

Whether or not Mr Holmberg is: (i) available to testify at trial, (ii) the inventor, or (iii) a consultant retained by LPL is irrelevant to needing additional deposition time. CPT had the opportunity to focus and prioritize its deposition. CPT's counsel failed to do so, and the last supposed "facts" CPT relied on reflect this. Beyond these distractions, CPT implied that the deposition was somehow impeded as a result of the deponent's health. This assertion is misplaced. If anything "caused him to wander" it was counsel's tortured questions. (LPL invites the Court to examine, for instance, the June 15, 2006 deposition of Scott H. Holmberg, page 176 line 2 through page 178 line 19, attached as Exhibit B).

It is evident that Mr. Holmberg attempted to respond to counsel, notwithstanding the often confused questions. Similarly, the asserted slow responses were the direct result of CPT's counsel's request that Mr. Holmberg interpret handwritten notes and annotations on drawings that he testified were not his and that he had difficulty reading.

Mr. Holmberg's health did not prevent him from fully testifying for seven hours of deposition. The reason LPL's counsel informed CPT's counsel of Mr. Holmberg's diabetes was because CPT's counsel repeatedly ignored requests for breaks – sometimes delaying an additional half-an-hour before allowing the witness to take a break. CPT's counsel was informed that stress, such as that caused by a deposition, affects Mr. Holmberg's blood sugar. Counsel was further informed that as a result, he needed to monitor the level so that breaks requested approximately once per hour should not be further ignored. Nevertheless, taking into account the breaks that were taken, the deposition continued until 7:15 p.m. so that CPT's counsel would have the full seven hours of testimony to which she was entitled under the parties' agreement and the court's scheduling order.

For the foregoing reasons, CPT's request for additional deposition time of Mr. Holmberg should be denied.

Respectfully submitted,

*/s/ Richard D. Kirk*
Richard D. Kirk (#0922)

:rdk
cc:   Clerk of the Court
      All counsel as shown on attached certificate

628432v1

# EXHIBIT A

Page 1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

LG.PHILIPS LCD CO., LTD.,         )
                                  )
         Plaintiff,               )
                                  )
    v.                            ) C.A. No. 05-292 (JJF)
                                  )
TATUNG COMPANY; TATUNG            )
COMPANY OF AMERICA, INC.;         )
CHUNGHWA PICTURE TUBES,           )
LTD.; and VIEWSONIC               )
CORPORATION,                      )
                                  )
         Defendants.              )
_____)

CONFIDENTIAL - ATTORNEYS EYES ONLY

DEPOSITION OF CHEN CHAO TSAI

TUESDAY, JUNE 6, 2006

9:10 A.M.

Reported By:

Lindsay Pinkham, CSR 3716, RPR, CRP, CRR

---

DIGITAL EVIDENCE GROUP

1111 16th Street, NW Suite 410

Washington, DC  20036

(202) 232-0646

6/6/2006          L.G. Phillips LCD v. Tatung Co. of America et al    Chen Chao Tsai
                        Confidential-Attorneys Eyes Only

Page 9

1    question.

2           MR. CHRISTENSON:  Please read back the

3    question.

4           (Record read as follows:

5           "Q    So you can read English?")

6           THE WITNESS:  Some of it.

7       Q    BY MR. CHRISTENSON:  In order to testify today,

8    do you need to have my questions translated for you from

9    English into Mandarin?

10      A    Yes, I would need that.

11      Q    All right.  We will attempt to complete your

12   deposition today with the translation, but we reserve

13   the right to seek additional time for your deposition

14   because of the translation if we're not able to complete

15   it today.

16          MS. FAN:  Cass, that's counter to the agreement

17   that we reached.  You're aware that John Tsai has

18   requested a translator for this deposition.  He's gone

19   to great lengths to accommodate your request for this

20   deposition, and you did not ask for more than one day.

21          MR. CHRISTENSON:  We'll do the best we can.

22      Q    Mr. Tsai, do you work at Chunghwa Picture

23   Tubes, Ltd.?

24      A    Yes.

25      Q    And if I use the term "CPT," will you

EXHIBIT B

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG. PHILIPS, LCD CO., LTD., | ) |
| Plaintiff, | ) |
| -vs- | ) C.A. No. 05-292(JJF) |
| TATUNG COMPANY, | ) |
| COMPANY OF AMERICA, INC.; | ) |
| CHUNGHWA PICTURE TUBES, LTD., | ) |
| AND VIEWSONIC CORPORATION, | ) |
| Defendants. | ) |
| | ) |

CONFIDENTIAL

DIGITAL VIDEO DEPOSITION OF SCOTT H. HOLMBERG

JUNE 15, 2006

Reported by: Rosalie A. Kramm, CSR #5469, CRR

---

DIGITAL EVIDENCE GROUP

1111 16th Street, NW Suite 410

Washington, DC  20036

(202) 232-0646

1            MR. GOODWYN: Objection to form.
2            THE WITNESS: Can you say that again? It
3    sounded backwards to me.
4    BY MS. CORBIN:
5        Q.   Did it? So I'm talking about the situation
6    where you have an electrostatic discharge that is big
7    enough to switch the diode on.
8            As the current passes through the diode, the
9    voltage is actually decreasing, right? And as the
10   voltage is decreasing, the resistance of the diode is
11   increasing.
12       A.   That doesn't make any sense to me. I -- I -- I
13   don't understand. Are you talking below threshold? Are
14   you talking about high voltage breakdown?
15       Q.   I'm talking about the point where you have a
16   current to switch the diode on, and it's in the on
17   state. As the current passes through that diode, the
18   voltage will be decreasing, and in relationship to that
19   decrease, the resistance of the diode will be increasing
20   in proportion.
21       A.   That sounds reverse to what I'm -- that doesn't
22   make any -- either I don't understand it or it doesn't
23   make sense to me.
24       Q.   Well, what about it doesn't make sense to you?
25       A.   That the resistance increases with increased

Page 177

1   current.
2       Q.   No, that's not what I'm saying.
3            I'm saying that the current is decreasing as
4   it's passing through the diode, correct?
5       A.   I still don't understand.  What are you
6   applying to it?  Are you applying a current?  Are you
7   applying a voltage?  What are you -- what's the circuit?
8   I don't understand.
9       Q.   Well, say it's a voltage.  If a voltage is
10  passing through the diode, and the voltage is high
11  enough that it has switched on the diode --
12      A.   You're applying a voltage.
13      Q.   Right.  Wouldn't that be the case, when there
14  was an electrostatic discharge, a voltage would be
15  applied to the diode, and if it was high enough, it
16  would switch that diode on?
17      A.   It would depend on what polarity it is.
18      Q.   What do you mean by that?
19      A.   Is ESD negative or is ESD positive?
20      Q.   Okay.  Well, use the example where the ESD is
21  positive.
22      A.   Okay.  In which direction is the diode in?  I
23  don't -- I -- you know, I'm kind of confused here about
24  what the circuit is.
25      Q.   Maybe we need to shorten this up.  You did --

6/15/2006   L.G. Phillips LCD v. Tatung Co. of America et al   Scott Holmberg
Confidential

Page 178

1  you do agree that for switching elements, such as
2  diodes, that their resistance is not independent of
3  current.
4         MR. GOODWYN: Objection. Vague.
5         THE WITNESS: There -- yeah. Their resistance
6  is -- how can I put it? The resistance, primarily if
7  you look at the voltage applied across it, depending on
8  how you put it in the circuit, they're going to become
9  less resistive with more voltage. That's kind of what
10 you said the opposite of.
11 BY MS. CORBIN:
12     Q.   Right. But, likewise, as the voltage drops,
13 the resistance will increase.
14     A.   In the forward direction?
15     Q.   Yes.
16     A.   As the voltage -- as the voltage drops,
17 resistance increases.
18     Q.   That is correct, right? Is that correct?
19     A.   Yes.
20     Q.   Yes. When did you first become aware that LPL
21 or LPE had acquired your '002 patent rights?
22          Let me strike that.
23          When did you become aware that LPL or LGE had
24 acquired rights in the '002 patent?
25     A.   It was 1998, I think, was the first time I --

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on June 22, 2006, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Robert W. Whetzel, Esq.
Matthew W. King, Esq.
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

The undersigned counsel further certifies that copies of the foregoing document were sent on June 22, 2006 by email and by hand to the above counsel and by email and first class mail to the following non-registered participants:

Christine A. Dudzik, Esq.
Thomas W. Jenkins, Esq.
Howrey LLP
321 North Clark Street
Suite 3400
Chicago, IL 60610

Teresa M. Corbin, Esq.
Glenn W. Rhodes, Esq.
Julie Gabler, Esq.
Howrey LLP
525 Market Street
Suite 3600
San Francisco, CA 94105

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk

602380v1