IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG. PHILIPS LCD CO., LTD., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 05-292 (JJF) |
| | ) |
| TATUNG COMPANY; | ) **DEMAND FOR JURY TRIAL** |
| TATUNG COMPANY OF AMERICA, INC.; | ) |
| CHUNGHWA PICTURE TUBES, LTD.; | ) |
| AND VIEWSONIC CORPORATION, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' MOTION TO COMPEL LG. PHILIPS LCD CO., LTD. TO PRODUCE
A WITNESS TO TESTIFY ON CERTAIN DESIGNATED TOPICS**

OF COUNSEL:
Christine A. Dudzik
Thomas W. Jenkins
Howrey LLP
321 North Clark Street, Suite 3400
Chicago, IL 60610
(312) 595-1239

Teresa M. Corbin
Glenn W. Rhodes
Howrey LLP
525 Market Street, Suite 3600
San Francisco, CA 94105
(415) 848-4900

Dated: June 23, 2006

Robert W. Whetzel (#2288)
whetzel@rlf.com
Steven J. Fineman (#4025)
fineman@rlf.com
Matthew W. King (#4566)
king@rlf.com
Richards, Layton & Finger
One Rodney Square, P.O. Box 551
Wilmington, DE 19899
(302) 651-7700
Attorneys for Defendants/Counterclaimants Tatung Company, Tatung Company of America, Chunghwa Picture Tubes, Ltd, and Viewsonic Corporation

RLF1-3029374-2

Defendants Tatung Company, Tatung Company of America, Inc., Chungwa Picture Tubes, Ltd. and Viewsonic Corp. (collectively, "Defendants") hereby move pursuant to the discovery dispute procedure set forth in paragraph 4(a) of the scheduling order for an order compelling Plaintiff LG.Philips LCD Co., Ltd. ("LPL" or "Plaintiff") to designate witnesses for topic nos. 2, 5 and 17 of Defendants' Amended Notice of Deposition of Plaintiff Under FRCP 30(b)(6). Generally, these topics address the implementation of the '002 patent (no. 2), LPL's prior litigation with NEC regarding the '002 patent (no. 5) and non-infringing alternatives to the '002 patent or the lack thereof (no. 17). In support of their motion, Defendants state as follows:

## PROCEDURAL BACKGROUND

In order to focus and streamline Rule 30(b)(6) depositions in light of information learned during discovery, Defendants served an Amended Notice of Deposition of Plaintiff under FRCP 30(b)(6) on May 8, 2006. (Exhibit A). Plaintiff responded by letter of May 9, 2006 that topic nos. 2, 5, 17, and 20 require substantial preparation that could not be accomplished within the current case schedule. (Exhibit B). On June 5, 2006, LPL served similar Objections to Defendants' Amended Notice of Rule 30(6)(6) Deposition, again refusing to provide a witness to testify regarding topics 2, 5, 17 and 20. (Exhibit C).

In this motion, Defendants request that the Court compel LPL to provide witnesses to testify regarding topic nos. 2, 5 and 17. Defendants are not asking the Court to compel testimony on topic 20, which has been adequately covered during other depositions. Specifically, the topics at issue are the following:

- Deposition Topic 2, which seeks testimony regarding "[a]ll forms of implementations of the '002 patent in LPL's products."

- Deposition Topic 5, which seeks testimony regarding "LPL's litigations [regarding the '002 patent] against NEC in the United States District Court,

District of Delaware (Case No. 1:99-cv-00726-RRM) and in the Northern District of California (Case No. 3:98-cv-03624-MMC) ("the NEC cases")."

- Deposition Topic 17, which seeks testimony regarding "[t]he non-infringing alternatives to the '002 patent or the lack of non-infringing alternatives."

Defendants have refused to produce a witness, and have refused to meet and confer regarding this issue. (*See* 7.1.1 Certification attached hereto).

## ARGUMENT

### A. Pursuant To FRCP Rules 30 And 37, LPL Must Designate An Individual Or Individuals For The Topics At Issue Regardless Of Its Objections.

LPL's refusal to designate a witness for topics for a 30(b)(6) deposition ignores LPL's obligations under FRCP Rules 30 and 37(d) to designate a deponent. When a party has been served with a Rule 30(b)(6) notice of deposition that describes the subjects for deposition with reasonable particularity, the noticed party must timely designate a witness or witnesses to testify. *See Black Horse Lane Assoc. v. Dow Chemical Corp.*, 228 F.3d 275, 303 (3d Cir. 2000) (holding that Rule 30(b)(6) "places the burden of identifying responsive witnesses for a corporation on the corporation.") (quoting *Resolution Trust Corp. v. Southern Union Co.*, 985 F.2d 196, 197 (5th Cir. 1993)).

Failure to designate a deponent is improper under the Federal Rule of Civil Procedure 37(d), and "may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has a pending motion for a protective order as provided by Rule 26(c)." Fed. R. Civ. P. 37(d). Notwithstanding its objections, LPL is obligated to designate an individual pursuant to Rule 37(d). In any event, LPL's objections are not valid.

### B. LPL's Objections To The Topics Are Unfounded

LPL objected to Defendants' request to designate witnesses for topics 2, 5 and 17 because these topics "would require scheduling additional witnesses and/or substantial additional

2

preparation that is not feasible under our existing schedule." (Ex. B). LPL also refused to designate an individual because "these topics appear to lack relevance and raise legal issues beyond the scope of Rule 30(b)(6)." (*Id.*). These objections are improper and unfounded.

First, LPL's argument that it cannot comply with Defendants' request within the existing schedule is unfounded. Plaintiff asserted infringement claims of its '002 patent at the outset of this litigation. It should come as no surprise that in Defendant's 30(b)(6) deposition notice, Defendants wish to depose LPL regarding such basic topics relating to the patent.

Second, LPL's objections as to relevance have no merit. Relevance in discovery is defined broadly. "The Federal Rules of Civil Procedure allow for a broad scope of discovery that is not limited to admissible evidence, but evidence that is reasonably calculated to lead to the discovery of admissible evidence." *Jurimex Kommerz Transit G.M.B.H. v. Case Corp.*, No. Civ. A. 00-083 JJF, 2005 WL 440621 at *3 (D. Del. Feb. 18, 2005) (citing Fed. R. Civ. P. 26(b)(1)).

Topics 2, 5 and 17 are highly relevant. Topic 2, which seeks "[a]ll forms of implementations of the '002 patent in LPL's products, including, without limitation, the engineering designs and specifications," is highly relevant to the damages analysis and easily falls within the wide net of relevancy as construed by the courts. *See Micro Chemical, Inc. v. Lextron, Inc.*, 318 F.3d 1119, 1124 (Fed. Cir. 2003).

Topic 5, which seeks testimony regarding prior LPL litigation regarding the '002 patent, is highly relevant to the claims at issue, as it seeks information regarding whether the '002 patent is valid or infringed, which are of course the core issues in this case. Furthermore, Defendants are entitled to know what positions LPL took in its prior litigation and whether LPL has changed its positions for this case. *See SanDisk Corp. v. Memorex Prods., Inc.* 415 F.3d 1278, 1290-91 (Fed. Cir. 2005).

3

And finally, topic 17 seeks testimony regarding non-infringing alternatives, which is highly relevant to damages. *See, e.g., Cordis Corp. v. Boston Scientific Corp.*, No. Civ. A. 97-550, 2006 WL 760717 at *2 (D. Del. Mar. 27, 2006).

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that Plaintiff be compelled to designate an individual or individuals to testify on its behalf on Topics 2, 5 and 17 of Defendants' Amended Notice of Deposition of Plaintiff Under FRCP 30(b)(6).

OF COUNSEL:
Christine A. Dudzik
Thomas W. Jenkins
Howrey LLP
321 North Clark Street, Suite 3400
Chicago, IL 60610
(312) 595-1239

Teresa M. Corbin
Glenn W. Rhodes
Howrey LLP
525 Market Street, Suite 3600
San Francisco, CA 94105
(415) 848-4900

Dated: June 23, 2006

Robert W. Whetzel (#2288)
whetzel@rlf.com
Steven J. Fineman (#4025)
fineman@rlf.com
Matthew W. King (#4566)
king@rlf.com
Richards, Layton & Finger
One Rodney Square, P.O. Box 551
Wilmington, DE 19899
(302) 651-7700
Attorneys for Defendants/Counterclaimants Tatung Company, Tatung Company of America, Chunghwa Picture Tubes, Ltd, and Viewsonic Corporation

## CERTIFICATION PURSUANT TO
## DISTRICT OF DELAWARE LOCAL RULE 7.1.1

Defendants requested that LPL meet and confer to resolve the subject of the attached motion in an e-mail dated June 5, 2006. LPL ignored this request, and during a call with LPL on June 13, 2006 to resolve other discovery issues, LPL refused to provide a date when it would be willing to meet and confer regarding the deposition topics. Then, on June 16, 2006, Defendants sent an e-mail to LPL stating that LPL had not cooperated with Defendants' attempts to meet and confer and that Defendants had discharged their Rule 7.1.1 obligation. Immediately upon receipt of this e-mail, counsel for LPL sent a letter to counsel for Defendants, stating that there had been a misunderstanding and that LPL had been expecting a letter explaining Defendants' position. As a result, Defendants sent a letter to LPL on June 18, 2006 stating their position and once again renewing their offer to meet and confer. Defendants' June 18 letter stated that Defendants needed to confer some time on June 19. LPL once again ignored Defendants' request. On June 23, 2006, Plaintiff stated that it is opposed to the relief sought in the attached motion.

Steven J. Fineman (#4025)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 23, 2006, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing, and hand delivered to the following:

> Richard D. Kirk
> The Bayard Firm
> 222 Delaware Avenue, Suite 900
> P.O. Box 25130
> Wilmington, DE 19899

I hereby certify that on June 23, 2006, I sent the foregoing document by Electronic Mail, to the following non-registered participants:

> Gaspare J. Bono
> Matthew T. Bailey
> Andrew J. Park
> Adrian Mollo
> McKenna Long & Aldridge LLP
> 1900 K Street, NW
> Washington, DC 20006

> Matthew W. King (#4566)
> king@rlf.com
> Richards, Layton & Finger
> One Rodney Square
> P.O. Box 551
> Wilmington, DE 19899

RLF1-2917974-1