# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LG. PHILIPS LCD CO., LTD., | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 05-292 (JJF) |
| | ) | |
| v. | ) | |
| | ) | |
| TATUNG COMPANY; | ) | |
| TATUNG COMPANY OF AMERICA, INC.; | ) | |
| CHUNGHWA PICTURE TUBES, LTD.; | ) | |
| AND VIEWSONIC CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' AMENDED NOTICE OF DEPOSITION OF
PLAINTIFF UNDER FRCP 30(b)(6)**

DM_US\8343544 v1

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendants Chunghwa Picture Tubes, Ltd., Tatung Company, Tatung Company of America, Inc., and Viewsonic Corporation (collectively "CPT") will take the deposition upon oral examination of Plaintiff LG Philips LCD Co., Ltd. ("LPL") on the topics set forth in Attachment A.

The deposition will take place at the following address:
Howrey LLP
550 S. Hope St.
Suite 1100
Los Angeles, CA 90071

The deposition will commence on May 15, 2006, at 9:00 a.m., or at such other time as mutually agreed upon. The deposition will be conducted before a Notary Public or some other officer authorized to administer an oath. Testimony will be recorded by stenographic and/or videographic (audio and visual) means. Testimony may also be recorded by real-time transcription means (e.g., Livenote).

Dated: May 8, 2006

**Howrey LLP**

By: _____
Steven Yovits
Howrey LLP
Attorneys for Defendants/Counterclaimants
Chunghwa Picture Tubes, Ltd.; Tatung
Company; Tatung Company of America,
Inc.; and Viewsonic Corporation.

Robert W. Whetzel (#2288)
whetzel@rlf.com
Matthew W. King (#4566)
king@rlf.com
Richards, Layton & Finger
One Rodney Square, P.O. Box 551
Wilmington, DE 19899
(302) 651-7700

Christine A. Dudzik
Steven Yovits
Howrey LLP
321 North Clark Street, Suite 3400
Chicago, Illinois 60610
(312) 595-1239

Julie S. Gabler
Howrey LLP
550 South Hope Street, Suite 1100
Los Angeles, CA 90071
(213) 892-1800

Glenn W. Rhodes
J. James Li
Howrey LLP
525 Market Street, Suite 3600
San Francisco, California 94105
(415) 848-4900

## Attachment A

## Deposition Topics

1. All events and documents evidencing or in any way relating to the conception and reduction to practice of U.S. Pat. 5,019,002 ("the '002 patent"), including but not limited to investigations or due diligence analyses by LPL regarding the conception and reduction to practice of the '002 patent.

2. All forms of implementations of the '002 patent in LPL's products, including, without limitation, the engineering designs and specifications for the embodiments of "the outer electrostatic discharge guard ring," "inner electrostatic discharge guard ring," "resistance," "interconnecting," "switching element," "pickup pad," and "corner pad," as those terms are used by the '002 patent.

3. The engineering and commercial values of the implementation of the '002 patent by LPL's products, including but not limited to, any engineering or manufacturing advantages, cost savings, quality improvement, and/or sales enhancement of LPL products provided by the technologies claimed by the '002 patent.

4. LPL's purchase of the '002 patent from Honeywell, Inc., including, but not limited to, issues regarding when, how, and why LPL made the purchase, people who participated in the negotiation and due diligence for the purchase on behalf of LPL, and the contractual terms for the purchase, including but not limited to the amount paid for the patent.

5. LPL's litigations against NEC in the United States District Court, District of Delaware (Case No. 1:99-cv-00726-RRM) and in the Northern District of California (Case No. 3:98-cv-03624-MMC) ("the NEC cases"). The topic

includes, but is not limited to, the asserted claims of the '002 patent in the NEC cases, NEC's invalidity claims against the '002 patent, NEC's and LPL's expert reports regarding invalidity and infringement, and the terms of the settlement between LPL and NEC.

6. The construction and derivation of LPL's financial data.

7. The relationship between LPL and its related entities (including but not limited to LG. Philips America, Inc.).

8. Identification of the LPL modules that practice the '002 patent.

9. The bases for LPL's contentions that it has been harmed and has suffered damages.

10. All information about the licenses LPL has successfully or unsuccessfully negotiated or offered for any patent portfolios including the '002 patent.

11. The market for products practicing or embodying the '002 patent including those manufactured or sold by LPL or any other entity.

12. All valuations ever conducted of the '002 patent.

13. The profits (net and gross) associated with LPL's products practicing the '002 patent as opposed to ones not practicing the '002 patent.

14. The commercial relationship between LPL and any or all of CPT, Tatung, Tatung USA, and Viewsonic.

15. LPL's licensing policy and its historical licensing policy.

16. The fiscal contribution of the patented invention to the accused products and to any of LPL's products that embody the invention.

17. The non-infringing alternatives to the '002 patent or the lack of non-infringing alternatives.

18. The costs of developing or procuring the '002 patent.

19. The financial, business, and marketing documents kept by LPL and the process of producing financial, business and marketing documents.

20. All communications involving the sale, marketing, or business involving the 002 patent.

21. All notice letters or warnings that LPL ever sent out to any other entities or individuals regarding the '002 patent.

## CERTIFICATE OF SERVICE

I, Steven Yovits, an attorney, hereby certify that I have served a copy of

the foregoing **DEFENDANTS' AMENDED NOTICE OF DEPOSITION OF**

**PALINTIFF UNDER FRCP 30(b)(6)** on the following individual by electronic mail on

May 8, 2006:

> Cass W. Christenson, Esq.
> McKenna Long & Aldridge LLP
> 1900 K Street, N.W.
> Washington, D.C. 20006

Steven Yovits

# EXHIBIT B

# McKenna Long
# & Aldridge LLP
### Attorneys at Law

Atlanta

Denver

Los Angeles

Philadelphia

1900 K Street, NW • Washington, DC 20006
202.496.7500 • Fax: 202.496.7756
www.mckennalong.com

San Diego

San Francisco

Washington, DC

Brussels

CASS W. CHRISTENSON
(202) 496-7218

EMAIL ADDRESS
cchristenson@mckennalong.com

May 9, 2006

**BY E-MAIL**

Steven Yovits, Esq.
Howrey LLP
321 North Clark Street, Suite 3400
Chicago, IL 60610

Re:    *LG Philips LCD Co., Ltd. v Tatung Co., et al* ; CA No. 05-292 (JJF)

Dear Steve:

I write to respond to Defendants' Amended Notice of Deposition of Plaintiff Under FRCP 30(b)(6), which we received by email on May 8 (the "Amended Notice"). Last week, Julie Gabler and you suggested that we should exchange clarifications of topics to focus the issues and avoid disputes at depositions because, as Julie mentioned specifically, LPL's withdrawal of its '121 patent claims narrows the scope of the depositions. Defendants served their Rule 30(b)(6) deposition notice of LPL, with ten (10) topics, on January 18, 2006. Defendants served a Supplemental Notice of Rule 30(b)(6) Deposition, with Topics 11-13, on January 30, 2006, and another Supplemental Notice, with the same Topics, on February 3, 2006. Like several other issues in Defendants' original Rule 30(b)(6) topics, topics 11-13 relate to the '121 patent issues and are now moot. On February 10, 2006, Defendants served a Second Supplemental Notice of Rule 30(b)(6) Deposition, with Topic 14.

As agreed, yesterday I sent to you a letter providing clarification to facilitate the depositions. Defendants' Amended Notice, in contrast, purports to require depositions to begin on May 15 in California on twenty-one (21) newly drafted Rule 30(b)(6) topics. The inclusion of new topics was a surprise, as no one at your firm ever suggested any intention of adding new topics prior to serving the Amended Notice on May 8. In addition, these topics are very broad and, in some cases, are vague and ambiguous. LPL particularly objects to topics 2, 5, 17 and 20. New topics 2, 5, 17, and 20 would require scheduling additional witnesses and/or substantial additional preparation that is not feasible under our existing schedule. In addition, these topics appear to lack relevance and raise legal issues beyond the scope of Rule 30(b)(6). Further, while many topics are overly broad and ambiguous, these topics are so broad and vague as to be improper. While reserving LPL's objections to the remaining topics, however, Youngwoo Cho (topics 1, 3, 4, 8, 16, 18, 21) and Jong Hwan Kim (topics 6 (concerning LPL's sales summaries), 7, 9, 10, 11, 12, 13, 14, 15, 19) will be provided for deposition as to available information

Julie S. Gabler, Esq.
Steven Yovits, Esq.
May 9, 2006
Page 2

regarding these topics.  Please identify immediately Defendants' 30(b)(6) designees, including full names (English and Chinese) and topic designations.

Today we would need to make any necessary arrangements for support personnel, translation, travel, etc., so that we can begin with CPT's and LPL's depositions next week.  Last week, I asked whether you would consider switching the previously agreed deposition locations (LPL in Washington and Defendants in California), so that LPL's witnesses would be deposed in California and Defendants' witnesses would be deposed at our Washington, D.C. office.  As your Amended Notice now calls for LPL's witnesses to appear in California, we understand that you have agreed to our proposal to switch locations and Defendants' depositions will be at our Washington offices.  If this is incorrect then please inform us immediately (and we will, of course, be producing LPL's witnesses in Washington as agreed previously) so that we can attempt to avoid substantial costs and expenses for which we may need to seek recovery from Defendants.  Your immediate cooperation and response is appreciated.

Very truly yours,

Cass W. Christenson

CWC:ea
cc:    Julie S. Gabler, Esq.
       Christine A. Dudzik, Esq.
       Matthew W. King, Esq.
       Richard D. Kirk, Esq.
       Gaspare J. Bono, Esq.

# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

LG.PHILIPS LCD CO., LTD.,

    Plaintiff,

        v.

TATUNG COMPANY;
TATUNG COMPANY OF AMERICA, INC.;
CHUNGHWA PICTURE TUBES, LTD.;
AND VIEWSONIC CORPORATION,

    Defendants.

Civil Action No. 05-292 (JJF)

## PLAINTIFF'S OBJECTIONS TO DEFENDANTS' AMENDED NOTICE OF RULE 30(b)(6) DEPOSITION

    Plaintiff LG.Philips LCD Co., Ltd. ("LPL"), by its undersigned counsel, hereby objects to the Amended Notice of Rule 30(b)(6) Deposition dated May 8, 2006 (the "Notice") served by Defendants Tatung Company, Tatung Company of America, Inc., Chunghwa Picture Tubes, Ltd., and ViewSonic Corporation (collectively, "Defendants").

### GENERAL OBJECTIONS

    These General Objections apply to each of the Topics identified in Defendants' Notice and are hereby incorporated into each of LPL's Specific Objections and Responses set forth below.

    1.    LPL objects to the date and location of the deposition in the Notice. LPL has confirmed mutually agreeable dates for the deposition of LPL's witnesses in Washington, D.C.

    2.    LPL objects to the length and scope of the deposition to the extent inconsistent with the time and scope limits set forth in the Court's Scheduling Order, the Federal Rules of Civil Procedure, and/or the Local Rules of the Court.

627045v1

3.    LPL objects to the Topics in the Notice to the extent certain Topics may seek information protected by the attorney-client privilege, work product doctrine, or any other applicable protection from discovery.

4.    LPL objects to the Topics in the Notice to the extent they do not describe with reasonable particularity the matters on which examination is requested.

5.    LPL objects to the Topics in the Notice to the extent they are vague, ambiguous, overly broad, or unduly burdensome.

6.    LPL objects to the Topics in the Notice to the extent they seek information not relevant to the claims and defenses in this case and/or are not reasonably calculated to lead to the discovery of admissible evidence.

7.    LPL objects to the Topics in the Notice to the extent they seek discovery of trade secrets or other confidential research, development, or commercial information.  LPL will only produce such information in accordance with the Protective Order entered in this action.  To the extent any Topic entails the disclosure or production of confidential information of third parties that is in LPL's possession, LPL will attempt to obtain the consent of such third party prior to disclosure or production.  If LPL cannot obtain such consent, LPL will not disclose or produce the information.

8.    LPL objects to the lack of Definitions in the Notice, and, to the extent applicable, LPL reincorporates and reasserts herein any and all Objections to Defendants' Definitions that LPL has asserted in LPL's objections and responses to Defendants' definitions in previous Deposition Notices, Document Requests, and Interrogatories in this case.

9.    LPL objects to the extent that Defendants seek discovery related to the '121

patent, which is no longer the subject of LPL's claims in this case, and is no longer a proper

subject for discovery.

10.    LPL notes that it is responding to the Notice based solely on its current

knowledge, understanding, and belief as to the facts and information available to it as of the

undersigned date. Additional investigation, discovery from Defendants, and/or experts upon

which LPL may rely may produce additional, relevant information. Accordingly, LPL reserves

the right to amend or supplement its Objections.

## SPECIFIC OBJECTIONS AND RESPONSES

### Topic No. 1:

All events and documents evidencing or in any way relating to the conception and
reduction to practice of U.S. Pat. 5,019,002 ("the '002 patent"), including but not limited to
investigations or due diligence analyses by LPL regarding the conception and reduction to
practice of the '002 patent.

### Objection and Response:

LPL objects to this Topic as vague, overly broad, unduly burdensome, and does not

describe with reasonable particularity the matters on which examination is requested. For

example, it is unclear what might be deemed every "event" and "document" "in any way relating

to" conception and reduction to practice. LPL further objects to this Topic to the extent it seeks

information protected by the attorney-client privilege or work product doctrine. Subject to

LPL's General and Specific Objections, LPL will provide a witness to testify on this Topic.

### Topic No. 2:

All forms of implementations of the '002 patent in LPL's products, including, without
limitation, the engineering designs and specifications for the embodiments of "the outer

electrostatic discharge guard ring," "inner electrostatic discharge guard ring, "resistance," "interconnecting," "switching element," "pickup pad," and "corner pad," as those terms are used by the '002 patent.

**Objection and Response:**

LPL objects to this Topic as beyond the scope of permissible discovery and not reasonably calculated to lead to the discovery of admissible evidence, including because LPL's products are not at issue. LPL also objects to this Topic because it is vague, overly broad, unduly burdensome, and does not describe with reasonable particularity the matters on which examination is requested. For example, it is unclear what is meant by "all forms of implementations" and the Topic uses terms for which the meanings are in dispute and the subject of *Markman* briefing. LPL further objects to this Topic to the extent it seeks information protected by the attorney-client privilege or work product doctrine. For the foregoing reasons, and as stated in counsel's May 9, 2006 letter, LPL is not able to designate a witness to testify on this Topic.

**Topic No. 3:**

The engineering and commercial values of the implementation of the '002 patent by LPL's products, including but not limited to, any engineering or manufacturing advantages, cost savings, quality improvement, and/or sales enhancement of LPL products provided by the technologies claimed by the '002 patent.

**Objection and Response:**

LPL objects to this Topic because it is vague, overly broad, unduly burdensome, and does not describe with reasonable particularity the matters on which examination is requested. For example, it is unclear what is meant by "engineering and commercial values of the implementation." LPL further objects to this Topic to the extent it seeks information protected

by the attorney-client privilege or work product doctrine. Subject to LPL's General and Specific

Objections, LPL will provide a witness to testify on this Topic.

## Topic No. 4:

LPL's purchase of the '002 patent from Honeywell, Inc., including, but not limited to, issues regarding when, how, and why LPL made the purchase, people who participated in the negotiation and due diligence for the purchase on behalf of LPL, and the contractual terms for the purchase, including but not limited to the amount paid for the patent.

### Objection and Response:

LPL objects to this Topic because it is vague, overly broad, unduly burdensome, and does

not describe with reasonable particularity the matters on which examination is requested. For

example, it is unclear what information is sought regarding unspecified "contractual terms" other

than payment amount. LPL further objects to this Topic to the extent it seeks information

protected by the attorney-client privilege or work product doctrine. Subject to LPL's General

and Specific Objections, LPL will provide a witness to testify on this Topic.

## Topic No. 5:

LPL's litigations against NEC in the United States District Court, District of Delaware (Case No. 1:99-cv-00726-RRM) and in the Northern District of California (Case No. 3:98-cv-03624-MMC) ("the NEC cases"). The topic includes, but is not limited to, the asserted claims of the '002 patent in the NEC cases, NEC's invalidity claims against the '002 patent, NEC's and LPL's expert reports regarding invalidity and infringement, and the terms of the settlement between LPL and NEC.

### Objection and Response:

LPL objects to this Topic as beyond the scope of permissible discovery and not

reasonably calculated to lead to the discovery of admissible evidence. LPL further objects to this

Topic because it is vague, overly broad, unduly burdensome, and does not describe with

reasonable particularity the matters on which examination is requested. For example, it is unclear what information is sought regarding these "litigations", which are prior proceedings unrelated to this case and outside of the scope of discovery in this case. LPL further objects to this Topic to the extent it seeks information protected by the attorney-client privilege or work product doctrine. For the foregoing reasons, and as stated in counsel's May 9, 2006 letter, LPL is not able to designate a witness to testify on this Topic.

## Topic No. 6:

The construction and derivation of LPL's financial data.

### Objection and Response:

LPL objects to this Topic because it is vague, overly broad, unduly burdensome, and does not describe with reasonable particularity the matters on which examination is requested. For example, it is unclear what is meant by "construction and derivation" and it is unclear which "financial data" is the subject of this Topic. LPL further objects to this Topic to the extent it seeks information protected by the attorney-client privilege or work product doctrine. Subject to LPL's General and Specific Objections, LPL will provide a witness to testify on this Topic.

## Topic No. 7:

The relationship between LPL and its related entities (including but not limited to LG Philips America, Inc.).

### Objection and Response:

LPL objects to this Topic because it is vague, overly broad, unduly burdensome, and does not describe with reasonable particularity the matters on which examination is requested. For example, it is unclear what is meant by "related entities" or what information is sought

627045v1

6

concerning LPL's "relationship" with such "entities." LPL further objects to this Topic to the extent it seeks information relevant to the '121 patent, which is no longer part of this case. LPL also objects to the extent that this topic seeks information protected by the attorney-client privilege or work product doctrine. Subject to LPL's General and Specific Objections, LPL will provide a witness to testify on this Topic.

**Topic No. 8:**

Identification of the LPL modules that practice the '002 patent.

**Objection and Response:**

LPL objects to this Topic because it is vague, overly broad, unduly burdensome, and does not describe with reasonable particularity the matters on which examination is requested. For example, it is unclear what is meant by "practice the '002 patent" or whether this Topic related to any or all apparatus and/or method claims. LPL further objects to this Topic to the extent it seeks information protected by the attorney-client privilege or work product doctrine. Subject to LPL's General and Specific Objections, LPL will provide a witness to testify on this Topic.

**Topic No. 9:**

The bases for LPL's contentions that it has been harmed and has suffered damages.

**Objection and Response:**

LPL objects to this Topic because it is vague, overly broad, unduly burdensome, and does not describe with reasonable particularity the matters on which examination is requested. For example, it is unclear to which "bases" or "contentions" this Topic relates, other than the damages referenced in Mr. Cobb's expert report, which is the subject of expert discovery. LPL

further objects to this Topic to the extent it seeks information protected by the attorney-client

privilege or work product doctrine. Subject to LPL's General and Specific Objections, LPL will

provide a witness to testify on this Topic.

**Topic No. 10:**

All information about the licenses LPL has successfully or unsuccessfully negotiated or
offered for any patent portfolios including the '002 patent.

**Objection and Response:**

LPL objects to this Topic because it is vague, overly broad, unduly burdensome, and does

not describe with reasonable particularity the matters on which examination is requested. For

example, it is unclear what "information" is sought and what is meant by "successfully or

unsuccessfully negotiated". LPL further objects to this Topic to the extent it seeks information

protected by the attorney-client privilege or work product doctrine. Subject to LPL's General

and Specific Objections, LPL will provide a witness to testify on this Topic.

**Topic No. 11:**

The market for products practicing or embodying the '002 patent including those
manufactured or sold by LPL or any other entity.

**Objection and Response:**

LPL objects to this Topic because it is vague, overly broad, unduly burdensome, and does

not describe with reasonable particularity the matters on which examination is requested. For

example, it is unclear what is meant by the "market" or what is meant by "practicing or

embodying the '002 patent" (including whether this is intended to refer to any or all method

and/or apparatus claims in the patent). LPL further objects to this Topic to the extent it seeks

information protected by the attorney-client privilege or work product doctrine. Subject to LPL's General and Specific Objections, LPL will provide a witness to testify on this Topic.

**Topic No. 12:**

All valuations ever conducted of the '002 patent.

**Objection and Response:**

LPL objects to this Topic because it is vague, overly broad, unduly burdensome, and does not describe with reasonable particularity the matters on which examination is requested. For example, it is unclear what is meant by "valuations" of the '002 patent. LPL further objects to this Topic to the extent it seeks information protected by the attorney-client privilege or work product doctrine. Subject to LPL's General and Specific Objections, LPL will provide a witness to testify on this Topic.

**Topic No. 13:**

The profits (net and gross) associated with LPL's products practicing the '002 patent as opposed to ones not practicing the '002 patent.

**Objection and Response:**

LPL objects to this Topic because it is vague, overly broad, unduly burdensome, and does not describe with reasonable particularity the matters on which examination is requested. For example, it is unclear what is meant by "products practicing the '002 patent" or whether this is intended to relate to any or all method or apparatus claims in the patent. LPL further objects to this Topic to the extent it seeks information protected by the attorney-client privilege or work product doctrine. Subject to LPL's General and Specific Objections, LPL will provide a witness to testify on this Topic.

627045\1

**Topic No. 14:**

The commercial relationship between LPL and any or all of CPT, Tatung, Tatung USA, and ViewSonic.

**Objection and Response:**

LPL objects to this Topic because it is vague, overly broad, unduly burdensome, and does not describe with reasonable particularity the matters on which examination is requested. For example, it is unclear what is meant by "commercial relationship" between LPL and each Defendant. LPL further objects to this Topic to the extent it seeks information protected by the attorney-client privilege or work product doctrine. Subject to LPL's General and Specific Objections, LPL will provide a witness to testify on this Topic.

**Topic No. 15:**

LPL's licensing policy and its historical licensing policy.

**Objection and Response:**

LPL objects to this Topic because it is vague, overly broad, unduly burdensome, and does not describe with reasonable particularity the matters on which examination is requested. For example, it is unclear what is meant by "licensing policy" or "historical licensing policy" at LPL. LPL further objects to this Topic to the extent it seeks information protected by the attorney-client privilege or work product doctrine. Subject to LPL's General and Specific Objections, LPL will provide a witness to testify on this Topic.

**Topic No. 16:**

The fiscal contribution of the patented invention to the accused products and to any of LPL's products that embody the invention.

**Objection and Response:**

LPL objects to this Topic because it is vague, overly broad, unduly burdensome, and does not describe with reasonable particularity the matters on which examination is requested. For example, it is unclear what is meant by "fiscal contribution of the patented invention" and the Topic does not sufficiently identify which products are included within this Topic. LPL further objects to this Topic to the extent it seeks information protected by the attorney-client privilege or work product doctrine. Subject to LPL's General and Specific Objections, LPL will provide a witness to testify on this Topic.

**Topic No. 17:**

The non-infringing alternatives to the '002 patent or the lack of non-infringing alternatives.

**Objection and Response:**

LPL objects to this Topic as beyond the scope of permissible discovery and not reasonably calculated to lead to the discovery of admissible evidence. LPL further objects to this Topic because it is vague, overly broad, unduly burdensome, and does not describe with reasonable particularity the matters on which examination is requested. For example, it is unclear whether this Topic is intended to address specific alternatives, or what information is sought concerning any or all "non-infringing alternatives." LPL further objects to this Topic to the extent it seeks information protected by the attorney-client privilege or work product

doctrine. For the foregoing reasons, and as stated in counsel's May 9, 2006 letter, LPL is not able to designate a witness to testify on this Topic.

**Topic No. 18:**

The costs of developing or procuring the '002 patent.

**Objection and Response:**

LPL objects to this Topic because it is vague, overly broad, unduly burdensome, and does not describe with reasonable particularity the matters on which examination is requested. For example, it is unclear what is meant by "costs of developing or procuring" the patent. LPL purchased the '002 Patent, and certain "costs" are unknown to LPL. LPL also objects to this Topic as it appears to seek information that is not reasonably calculated to lead to admissible evidence, insofar as such "costs" are not relevant to any claim or defense. LPL further objects to this Topic to the extent it seeks information protected by the attorney-client privilege or work product doctrine. Subject to LPL's General and Specific Objections, LPL will provide a witness to testify on this Topic.

**Topic No. 19:**

The financial, business, and marketing documents kept by LPL and the process of producing financial, business and marketing documents.

**Objection and Response:**

LPL objects to this Topic because it is vague, overly broad, unduly burdensome, and does not describe with reasonable particularity the matters on which examination is requested. For example, it is unclear what specific "financial, business, and marketing documents" are intended to be addressed in this Topic. LPL further objects to this Topic to the extent it seeks information

protected by the attorney-client privilege or work product doctrine. Subject to LPL's General and Specific Objections, LPL will provide a witness to testify on this Topic.

### Topic No. 20:

All communications involving the sale, marketing, or business involving the '002 patent.

### Objection and Response:

LPL objects to this Topic as beyond the scope of permissible discovery and not reasonably calculated to lead to the discovery of admissible evidence. LPL further objects to this Topic because it is vague, overly broad, unduly burdensome, and does not describe with reasonable particularity the matters on which examination is requested. For example, the reference to "sale, marketing, or business involving the '002 patent" is unintelligible; LPL does not transact sales, marketing, or business of the '002 patent. Accordingly, communications related to such "sale, marketing, or business" are non-existent and cannot be the subject of testimony by LPL. LPL further objects to this Topic to the extent it seeks information protected by the attorney-client privilege or work product doctrine. For the foregoing reasons, and as stated in counsel's May 9, 2006 letter, LPL is not able to designate a witness to testify on this Topic.

### Topic No. 21:

All notice letters or warnings that LPL ever sent out to any other entities or individuals regarding the '002 patent.

**Objection and Response:**

LPL objects to this Topic because it is vague, overly broad, unduly burdensome, and does not describe with reasonable particularity the matters on which examination is requested. For example, it is unclear what specific "notice letters or warnings" are intended to be addressed in this Topic, nor can LPL determine what information is sought concerning any such "notice letters or warnings". LPL further objects to this Topic to the extent it seeks information protected by the attorney-client privilege or work product doctrine. Subject to LPL's General and Specific Objections, LPL will provide a witness to testify on this Topic.

June 5, 2006                              THE BAYARD FIRM


                                          /s/ Richard D. Kirk (rk0922)
                                          222 Delaware Avenue, Suite 900
                                          P.O. Box 25130
                                          Wilmington, DE 19899-2306
                                          (302) 655-5000
                                          rkirk@bayardfirm.com

                                          Attorney For Plaintiff
                                          LG.PHILIPS LCD CO., LTD.


OF COUNSEL:

Gaspare J. Bono
Matthew T. Bailey
Cass W. Christenson
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006
(202) 496-7500