## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| **LG.PHILIPS LCD CO., LTD.,** | ) Civil Action No. 05-292 (JJF) |
| **Plaintiff,** | ) |
| v. | ) **REDACTED - PUBLIC VERSION** |
| **TATUNG COMPANY;** | ) |
| **TATUNG COMPANY OF AMERICA, INC.;** | ) |
| **CHUNGHWA PICTURE TUBES, LTD.;** | ) |
| **AND VIEWSONIC CORPORATION,** | ) |
| **Defendants.** | ) |

## DEFENDANTS' MOTION *IN LIMINE* (No. 2) TO EXCLUDE ARGUMENT AND EVIDENCE RELATING TO DEFENDANTS' OPINIONS OF COUNSEL

Defendants, Chunghwa Picture Tubes, Ltd., Tatung Company, Tatung Company of America and ViewSonic Corporation (collectively, "CPT") respectfully move *in limine* to preclude plaintiff LG Philips LCD Co., Ltd. ("LPL") from introducing evidence or argument at trial relating to CPT's privileged opinions of counsel regarding the patent-in-suit. LPL seeks to draw an adverse inference that the advice CPT received was unfavorable based on CPT's decision not to waive the attorney-client privilege and work product immunity. This is clearly improper under the Federal Circuit's decision in *Knorr-Bremse v. Dana Corp.*, 383 F.3d 1337 (Fed. Cir. 2004). Therefore, CPT respectfully requests that LPL be precluded from introducing this evidence because it is irrelevant and prejudicial. *See* Fed. R. Evid. 402 and 403.

### ARGUMENT

CPT obtained a number of opinions of counsel relating to, among other things, its non-infringement of the patent-in-suit. As is its right, CPT did not produce the opinions to LPL.

CPT did not waive the attorney-client privilege and work product immunity protecting these documents. CPT now seeks to preclude LPL from making any attempt at trial to use CPT's assertion of privilege to draw an adverse inference that the opinions were unfavorable. Any such attempt by LPL is improper under the case law and Rules of Evidence and would be so prejudicial as to cause CPT to seek a new trial because, as recognized by at least one Court, a cautionary instruction to the jury is unlikely to alleviate the prejudice caused by raising this issue with the jury.

### A.      It Is Improper to Use CPT's Assertion of Privilege to Suggest an Adverse Opinion.

Under the recent decision of *Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corp.*, 383 F.3d 1337 (Fed. Cir. 2004), LPL's attempt to draw an adverse inference based on CPT's assertion of the attorney-client privilege and work product immunity is improper. In *Knorr-Bremse*, the Federal Circuit overruled contrary precedent and held that "no adverse inference that an opinion of counsel was or would have been unfavorable flows from an alleged infringer's failure to obtain or produce an exculpatory opinion of counsel." 383 F.3d at 1341.

Prior to *Knorr-Bremse*, an alleged infringer accused of willful infringement faced a dilemma. To rebut the allegation of willfulness, the accused infringer could demonstrate its good faith by producing and relying on an opinion of counsel. However, such reliance resulted in a broad subject matter waiver. On the other hand, the accused infringer could choose to maintain the attorney-client privilege over its opinions of counsel but case law held that the patentee was entitled to an inference that the opinions were unfavorable. *See Fromson v. Western Litho Plate & Supply Co.*, 853 F.2d 1568, 1572-73 (Fed. Cir. 1988). Thus, the accused infringer was forced to either waive privilege or face an adverse inference.

In recognition of the unfairness placed upon accused infringers based solely upon a bare

2

allegation of willfulness, the Federal Circuit, *en banc*, addressed this problem in *Knorr-Bremse*. The first question asked and answered by the court was whether it is appropriate for the trier of fact to draw an adverse inference with respect to willful infringement when the attorney-client privilege or work-product privilege is invoked by an accused infringer. *Knorr-Bremse*, 383 F.3d at 1344. The court held that it is ***not*** proper to draw any adverse inference. *Id*; *IMX, Inc. v. Lendingtree, LLC,* 2006 U.S. Dist. LEXIS 284, *4 (D. Del. Jan. 6, 2006) (applying *Knorr-Bremse* to preclude plaintiff from "seeking to draw an adverse inference or suggesting any adverse evidentiary presumption as to the nature of an opinion on infringement"). Under *Knorr-Bremse*, any argument or evidence relating to CPT's opinions or its assertion of the attorney-client privilege is clearly improper and should be excluded.

### B.    LPL Cannot End-Run Around *Knorr-Bremse* to Cause Prejudice to CPT.

Any evidence CPT has sought an opinion of counsel may cause the fact-finder to speculate that CPT did not waive its privilege because the opinion was adverse. This would result in the very weakening of the attorney-client privilege that *Knorr-Bremse* aimed to protect. LPL should not be permitted to introduce any such evidence.

Recently, the Eastern District of California in *McKesson Information Solutions, Inc. v. Bridge Medical, Inc.*, 2006 U.S. Dist. LEXIS 20929 (E.D. Cal. Apr. 19, 2006) granted a motion *in limine* precluding **any reference or evidence to opinion of counsel in all respects**. There, the court reasoned:

> [A]ny possible inference that the jury could draw from knowing that [defendant] received an opinion of counsel but refuses to reveal it under a claim of privilege would run directly afoul of the rationale of *Knorr*, which emphasized the sanctity of the attorney-client relationship.
>
> Were the court to permit such evidence, even with a cautionary instruction imposing *Knorr's* limitations (of no adverse inference),

> the jury would nevertheless be left to speculate as to why
> [defendant] would not reveal its counsel's opinion. It is
> inescapable that the jury would likely conclude that [defendant]
> received an unfavorable opinion, otherwise [defendant] would
> reveal it. This is precisely the negative inference *Knorr* prohibits.

*Id.* at *6-*7. *McKesson* is directly on point here, and correctly applies the Federal Circuit's mandate in *Knorr-Bremse*. The Court should thus preclude any reference or evidence relating to CPT's opinion of counsel.[1]

In addition, the evidence should be excluded because it is highly prejudicial under F.R.E. 403. The inference that LPL seeks to draw based on CPT's assertion of the attorney-client privilege – *i.e.,* that CPT could not obtain assurances of non-infringement and was thus knowingly infringing the patent-in-suit – is simply false. If LPL were permitted to make such an unsupported argument at trial, CPT would be unable to defend itself without revealing the very advice it is seeking to protect. Given the high level of prejudice to CPT – and the fact that such evidence is clearly irrelevant under *Knorr-Bremse* – such evidence should be excluded.

## CONCLUSION

For the foregoing reasons, CPT respectfully requests that this Court order LPL and its counsel not to refer to or mention during opening statement, or otherwise in the presence of the fact-finder, and from introducing evidence at trial related to CPT's privileged opinion of counsel concerning the patent-in-suit. The Court also should order LPL to inform its witnesses of these instructions and direct it not to make reference to opinions of counsel in any respect.

---

[1] For these reasons, LPL should also be prohibited from making any reference to the general possibility that a party may seek an opinion of counsel or suggesting to the fact-finder that a party has a duty to do so. Such references have no relevance to any issue in this case and could only mislead the fact-finder by incorrectly implying that CPT has not sought an opinion of counsel.

4

Of Counsel:

Christine A. Dudzik
Thomas W. Jenkins
Howrey LLP
321 North Clark Street, Suite 3400
Chicago, Illinois 60610
(312) 595-1239

Julie S. Gabler
Howrey LLP
550 South Hope Street, Suite 1100
Los Angeles, California 90071
(213) 892-1800

Glenn W. Rhodes
J. James Li
Qin Shi
Howrey LLP
525 Market Street, Suite 3600
San Francisco, California 94105
(415) 848-4900

Dated: June 19, 2006

Robert W. Whetzel (#2288)
whetzel@rlf.com
Matthew W. King (#4566)
king@rlf.com
Richards, Layton & Finger
One Rodney Square, P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700
Attorneys for Defendants/Counterclaimants
Tatung Company, Tatung Company of
America, Chunghwa Picture Tubes, Ltd. and
ViewSonic Corporation

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 19, 2006, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing, and hand delivered to the following:

> Richard D. Kirk
> The Bayard Firm
> 222 Delaware Avenue, Suite 900
> P.O. Box 25130
> Wilmington, DE 19899

I hereby certify that on June 19, 2006, I sent the foregoing document by Electronic Mail, to the following non-registered participants:

> Gaspare J. Bono
> Matthew T. Bailey
> Andrew J. Park
> Adrian Mollo
> McKenna Long & Aldridge LLP
> 1900 K Street, NW
> Washington, DC 20006

> Robert W. Whetzel (#2288)
> whetzel@rlf.com
> Richards, Layton & Finger
> One Rodney Square
> P.O. Box 551
> Wilmington, DE 19899

RLF1-2917974-1

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 26, 2006, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing, and hand delivered to the following:

> Richard D. Kirk
> The Bayard Firm
> 222 Delaware Avenue, Suite 900
> P.O. Box 25130
> Wilmington, DE 19899

I hereby certify that on June 26, 2006, I sent the foregoing document by Electronic Mail, to the following non-registered participants:

> Gaspare J. Bono
> Matthew T. Bailey
> Andrew J. Park
> Adrian Mollo
> McKenna Long & Aldridge LLP
> 1900 K Street, NW
> Washington, DC 20006

> Matthew W. King (#4566)
> king@rlf.com
> Richards, Layton & Finger
> One Rodney Square
> P.O. Box 551
> Wilmington, DE 19899