IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG.PHILIPS LCD CO., LTD.,<br><br>Plaintiff,<br><br>v.<br><br>TATUNG COMPANY;<br>TATUNG COMPANY OF AMERICA, INC.;<br>CHUNGHWA PICTURE TUBES, LTD.;<br>AND VIEWSONIC CORPORATION,<br><br>Defendants. | ) Civil Action No. 05-292 (JJF)<br>)<br>)<br>) REDACTED - PUBLIC VERSION<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' MOTION *IN LIMINE* (No. 4) PRECLUDING LPL FROM SOLICITING OR OFFERING ANY TESTIMONY, EVIDENCE, OR ARGUMENT RELATING TO THE RELATIVE VALUE OF ANY PATENT, INCLUDING THE '002 PATENT, IN THE PATENT PACKAGE SOLD BY HONEYWELL TO LPL**

Any reference to the relative value of the '002 patent, or to any of the other seven patents sold by Honeywell to LPL, should be excluded pursuant to Federal Rules of Evidence 402 and 403 because there is no relevant, factual evidence on this point, and any reference would be prejudicial to defendants, confuse the issues, and mislead the jury.[1]

On June 6, 2006, LPL produced Mr. Jong Hwan Kim as the person most knowledgeable with respect to "all valuations ever conducted of the '002 patent." (Exhibit A [Plaintiff's Amended Notice of Deposition], Exhibit B [June 5, 2006 letter from Bono to Yovits identifying Kim's topics]).

---

[1] For additional reasons, expert testimony on this topic may also be inadmissible. Defendants intend to address the exclusion of expert testimony in a later motion.

REDACTED

REDACTED

2

RLF1-3027895-1

# REDACTED

Because LPL has only obtained revenue from its license to NEC, and because the NEC license is for a large portfolio of patents, LPL has no basis to determine the individual value of licensing the '002 patent to NEC or any other entity. Moreover, LPL has failed to produce any documentation of Honeywell's sale of the Honeywell Package to LPL.

Based on Mr. Kim's testimony, and LPL's failure to produce Honeywell sales documentation:

- LPL has no basis to claim an individual value of the '002 patent;

- LPL has no basis to assign any value to any of the other patents in the Honeywell Package;

- LPL has no basis to characterize the '002 patent as the most highly valued patent in the Honeywell Package; and

- LPL has no basis to evaluate the standalone revenue generated by the '002 patent.

Consequently, there is no competent evidence in the record with respect to the value of the '002 patent, and any reference to the specific value of the '002 patent, or to the relative value of the other seven patents in the Honeywell Package, would unfairly prejudice defendants because LPL has testified that there is *no basis* for such valuation. Moreover, any specific valuation of any of the patents in the Honeywell Package, including the '002 patent, would confuse the issues and mislead the jury because it would *directly contradict* the testimony of the person most knowledgeable about LPL's valuation of the '002 patent.

Due to the lack of competent, relevant evidence, and the dangers of unfair prejudice, confusion of the issues and misleading the jury, defendants respectfully move *in limine* to preclude LPL from introducing evidence or argument at trial relating to the relative value of any of the patents in the Honeywell Package, including the '002 patent.

Of Counsel:

Christine A. Dudzik
Thomas W. Jenkins
Howrey LLP
321 North Clark Street, Suite 3400
Chicago, Illinois 60610
(312) 595-1239

Julie S. Gabler
Howrey LLP
550 South Hope Street, Suite 1100
Los Angeles, California 90071
(213) 892-1800

Glenn W. Rhodes
J. James Li
Qin Shi
Howrey LLP
525 Market Street, Suite 3600
San Francisco, California 94105
(415) 848-4900

Dated: June 19, 2006

/s/ Robert W. Whetzel
Robert W. Whetzel (#2288)
whetzel@rlf.com
Matthew W. King (#4566)
king@rlf.com
Richards, Layton & Finger
One Rodney Square, P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700
Attorneys for Defendants/Counterclaimants
Tatung Company, Tatung Company of America, Chunghwa Picture Tubes, Ltd. and ViewSonic Corporation

4

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 19, 2006, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing, and hand delivered to the following:

> Richard D. Kirk
> The Bayard Firm
> 222 Delaware Avenue, Suite 900
> P.O. Box 25130
> Wilmington, DE 19899

I hereby certify that on June 19, 2006, I sent the foregoing document by Electronic Mail, to the following non-registered participants:

> Gaspare J. Bono
> Matthew T. Bailey
> Andrew J. Park
> Adrian Mollo
> McKenna Long & Aldridge LLP
> 1900 K Street, NW
> Washington, DC 20006

Robert W. Whetzel (#2288)
whetzel@rlf.com
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

RLF1-2917974-1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 26, 2006, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing, and hand delivered to the following:

>   Richard D. Kirk
>   The Bayard Firm
>   222 Delaware Avenue, Suite 900
>   P.O. Box 25130
>   Wilmington, DE 19899

I hereby certify that on June 26, 2006, I sent the foregoing document by Electronic Mail, to the following non-registered participants:

>   Gaspare J. Bono
>   Matthew T. Bailey
>   Andrew J. Park
>   Adrian Mollo
>   McKenna Long & Aldridge LLP
>   1900 K Street, NW
>   Washington, DC 20006

/s/ Matthew W. King
Matthew W. King (#4566)
king@rlf.com
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

RLF1-2917974-1