IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG.PHILIPS LCD CO., LTD., | ) Civil Action No. 05-292 (JJF) |
| Plaintiff, | ) |
| | ) REDACTED - PUBLIC VERSION |
| v. | ) |
| TATUNG COMPANY;<br>TATUNG COMPANY OF AMERICA, INC.;<br>CHUNGHWA PICTURE TUBES, LTD.;<br>AND VIEWSONIC CORPORATION, | ) |
| Defendants. | ) |

**DEFENDANTS' MOTION *IN LIMINE* (No. 6) TO PRECLUDE LPL FROM USING ANY DOCUMENT IN ITS FAVOR AT TRIAL THAT IT PRODUCED AFTER THE FEBRUARY 21 DOCUMENT PRODUCTION CUT-OFF**

Any document produced by LG.Philips LCD Co., Ltd. ("LPL") after the Court's February 21, 2006 discovery cut-off that is helpful to LPL should be excluded from trial. At the February 8, 2006 hearing, the Court ruled that only documents produced by the cut-off date of February 21 are considered "in this case" and that documents produced after February 21 are "not in the case . . . We are all clear [that] [a]ny document that's in this case is the 21st [and] [n]othing will be in this case after that. So with all that notice and warning and all the understanding no matter how prejudicial, how beneficial, they just won't be in the case." (Ex. A, Tr. of Feb. 8 Hearing at 20-21).

Notwithstanding this Court's Order, LPL produced several documents helpful to it after the February 21 deadline, including LPLII 103171-103192 on June 5, 2006 (Ex. B) and HON-D 158-160 on June 13, 2006. (Ex. C). LPLII 103171-103192 is a patent license agreement between LPL and Semiconductor Energy Laboratory Co., Ltd. that LPL may seek to use as a basis for a

more favorable royalty calculation in the present case. This agreement was executed on December 14, 2005, more than two months before the cut-off. Allowing its use at trial with production so close to trial, as LPL attempts to do, would unfairly prejudice CPT because it has not had a fair opportunity to conduct necessary discovery.

HON-D 158-160 comprises documents relating to conception and reduction to practice of the invention disclosed in the '002 patent. LPL seeks to use these late-produced documents to establish a date of invention earlier than the July 12, 1988 filing date of the '002 patent. On June 13, 2006, more than three months after the production deadline, and approximately one month before trial, LPL produced a set of documents that purported to show a conception and reduction to practice date for the '002 patent that is earlier than the filing date. These belatedly produced documents should be excluded.

LPL has no excuse whatsoever for producing the Honeywell documents at the eleventh hour. CPT requested documents related to conception and reduction to practice of the '002 patent early in the case. (Ex. D, Defendants' First Set of Document Requests No. 14). These documents were not produced. These same documents were also the subject of CPT's deficiency letter to the court dated February 28, 2006. (Ex. E, pp. 9-12). These documents were included in the Court's order of March 2, 2006 granting all of CPT's requests. (Ex. F). LPL agreed to produce these documents to the extent they existed. (Ex. G, LPL March 7, 2006 letter). Again, LPL failed to produce these documents.

Incredibly, LPL knew of the presence of these documents when Honeywell listed the documents as Item No. 3 on its privilege log pursuant to CPT's subpoena of Honeywell. (*See* Ex. H, Item No. 3, ["[l]etter summarizing meeting between patent counsel and inventor on May 5 and 6, 1998 and reflecting attorney's advice."]. LPL was also aware of privilege log items 1-2,

also included in the belated Honeywell production by LPL. Knowing its burden of proof on the issue of conception and reduction to practice, LPL did not attempt to obtain the documents until after CPT's expert, Dr. Webster Howard, had already rendered his expert report on the invalidity of the '002 patent. LPL produced the documents at issue in the evening of June 13, 2006, one day before the deposition of Scott Holmberg, the inventor of the '002 patent, contending that these documents came from Honeywell.[1] LPL either did not pursue the evidence diligently or it intended all along to ambush CPT before the trial. In either case, LPL should not be allowed to use the newly produced documents at trial.

Rule 37(c) of the Federal Rules of Civil Procedure also mandates exclusion of the newly produced documents. Fed. R. Civ. P. 37(c) ("A party that without substantial justification fails to disclose information is not, unless such failure is harmless, permitted to use as evidence at a trial ... any witness or information not so disclosed"). This late production, if allowed into evidence, would severely prejudice CPT. CPT would have been deprived of any reasonable opportunity of conducting discovery on the documents. Had it had the documents early in the case, CPT would have deposed the author of the documents, the lawyer who prosecuted the '002 patent. CPT would have also requested that Honeywell surrender all of the privileged documents related to the newly produced documents, so that Honeywell could not hide behind its selective waiver of privilege. CPT would be substantially harmed if LPL is allowed to use the documents at trial. Allowing late production of these documents unfairly prejudices CPT and is in direct violation of

---

[1] Of added concern is the fact that these documents were under subpoena by CPT and they should have been produced by Honeywell, not LPL. Either way, it appears that all of the documents identified in Honeywell's Privilege log as being withheld on the ground of attorney client privilege should also be produced, because LPL has just waived Honeywell's privilege by producing them in this case now.

3

the Court's February 8th directive that all documents must be produced by February 21st or suffer the consequences.

Thus, pursuant to the Court's ruling and Federal Rule of Evidence 403, Defendants respectfully move *in limine* to preclude LPL from introducing at trial documents produced after the February 21, 2006 deadline.

_____
Robert W. Whetzel (#2288)
whetzel@rlf.com
Matthew W. King (#4566)
king@rlf.com
Richards, Layton & Finger
One Rodney Square, P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700
Attorneys for Defendants/Counterclaimants
Tatung Company, Tatung Company of
America, Chunghwa Picture Tubes, Ltd. and
ViewSonic Corporation

Of Counsel:

Christine A. Dudzik
Thomas W. Jenkins
Howrey LLP
321 North Clark Street, Suite 3400
Chicago, Illinois 60610
(312) 595-1239

Julie S. Gabler
Howrey LLP
550 South Hope Street, Suite 1100
Los Angeles, California 90071
(213) 892-1800

Glenn W. Rhodes
J. James Li
Qin Shi
Howrey LLP
525 Market Street, Suite 3600
San Francisco, California 94105
(415) 848-4900

Dated: June 19, 2006

4

RLF1-3028006-1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 19, 2006, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing, and hand delivered to the following:

> Richard D. Kirk
> The Bayard Firm
> 222 Delaware Avenue, Suite 900
> P.O. Box 25130
> Wilmington, DE 19899

I hereby certify that on June 19, 2006, I sent the foregoing document by Electronic Mail, to the following non-registered participants:

> Gaspare J. Bono
> Matthew T. Bailey
> Andrew J. Park
> Adrian Mollo
> McKenna Long & Aldridge LLP
> 1900 K Street, NW
> Washington, DC 20006

> Robert W. Whetzel (#2288)
> whetzel@rlf.com
> Richards, Layton & Finger
> One Rodney Square
> P.O. Box 551
> Wilmington, DE 19899

RLF1-2917974-1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 26, 2006, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing, and hand delivered to the following:

>Richard D. Kirk
>The Bayard Firm
>222 Delaware Avenue, Suite 900
>P.O. Box 25130
>Wilmington, DE 19899

I hereby certify that on June 26, 2006, I sent the foregoing document by Electronic Mail, to the following non-registered participants:

>Gaspare J. Bono
>Matthew T. Bailey
>Andrew J. Park
>Adrian Mollo
>McKenna Long & Aldridge LLP
>1900 K Street, NW
>Washington, DC 20006

Matthew W. King (#4566)
king@rlf.com
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899