# EXHIBIT A

1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

LG. PHILIPS LCD CO. LTD.,                    :
                                             :
        Plaintiff,                           :
                                             : Civil Action
                                             : No. 05-292
v.                                           :
TATUNG COMPANY, TATUNG COMPANY OF :
AMERICA, INC., CHUNGHWA PICTURE  :
TUBES LTD., and VIEWSONIC        :
CORPORATION,                                 :
                                             :
        Defendants.                          :
- - - - - - - - - - - - - - - - - - -


                Wednesday, February 8, 2006
                12:30 p.m.
                Courtroom 4B

                844 King Street
                Wilmington, Delaware

BEFORE:  THE HONORABLE JOSEPH J. FARNAN, JR.
         United States District Court Judge


APPEARANCES:



                THE BAYARD FIRM
                BY:  RICHARD D. KIRK, ESQ.

                     -and-

                McKENNA LONG & ALDRIDGE
                BY:  GASPARE J. BONO, ESQ.
                BY:  CASS W. CHRISTENSON, ESQ.


                     Counsel for the Plaintiff

2

APPEARANCES CONTINUED:


            RICHARDS, LAYTON & FINGER
            BY:  MATTHEW W. KING, ESQ.

               -and-

            HOWREY, LLP
            BY:  JULIE S. GABLER, ESQ.
            BY:  J. JAMES LI, ESQ.

               Counsel for the Defendant

1      MS. GABLER:  Your Honor, can we

2   ask for another question?

3            THE COURT:  Sure.

4            MS. GABLER:  There are some

5   third-party subpoenas that have been issued and

6   those productions are pending and for the ones

7   we issued, we're pretty optimistic we are going

8   to get those documents in by the end of February

9   and will produce them.  Is that February 21st

10  date going to be considered the drop dead as

11  applied to third parties, also?

12           THE COURT:  All the documents in

13  this case, all the documents in the case are

14  going to be here by February 21st or they're not

15  in the case.

16           MS. GABLER:  Okay.

17           THE COURT:  You know, as lawyers,

18  that whole third-party subpoena thing is a real

19  problem for judges to manage.  So I have decided

20  over the last year to just make it part of

21  document production.  If you don't get it, you

22  don't get it.  Cases are finite pieces of

23  litigation for parties and they ought to be

24  cutoff dates.  I mean, I'm sure if we allowed

21

1   discovery for ten years, there is something out

2   there that we would be able to find.

3                  MS. GABLER:  No problem, I just

4   wanted to make sure that we were clear.

5                  THE COURT:  We are all clear.  Any

6   document that's in this case is the 21st.

7                  MS. GABLER:  Okay.

8                  THE COURT:  Nothing will be in

9   this case after that.  So with all that notice

10  and warning and all the understanding no matter

11  how prejudicial, how beneficial, they just won't

12  be in the case.  Everybody should be fully

13  alert.

14                 Now, so when I looked at that, I

15  said if we don't have document production, these

16  other matters, and a lot of what was in issue

17  had to do with that, the deposition matters I'm

18  just not going to take up yet.  I'm just not

19  going to address them because I'm not through

20  the other part.

21                 There are the interrogatories and

22  answers issue.  One of the disputes is are

23  interrogatories okay, I guess in the first

24  instance over a 30(b)(6) response.  You know,

# EXHIBIT B

# REDACTED

# EXHIBIT C

# REDACTED

**EXHIBIT D**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

LG.PHILIPS LCD CO., LTD.,

Plaintiff,

v.

TATUNG COMPANY;
TATUNG COMPANY OF AMERICA, INC.;
CHUNGHWA PICTURE TUBES, LTD.;
AND VIEWSONIC CORPORATION,

Defendants.

Civil Action No. 05-292 (JJF)

## PLAINTIFF LG.PHILIPS LCD CO., LTD'S OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST SET OF DOCUMENT REQUESTS

Plaintiff LG.Philips LCD Co., Ltd. ("LPL"), by counsel and pursuant to Fed. R.

Civ. P. 34, responds as follows to Defendants Tatung Company ("Tatung"), Tatung

Company of America, Inc. ("Tatung America"), Chunghwa Picture Tubes, Ltd. ("CPT"),

and ViewSonic Corporation ("ViewSonic") (collectively referred to herein as

"Defendants") First Set of Document Requests.

### PRELIMINARY STATEMENT

1.      LPL makes the objections and responses herein (collectively "Responses")

based solely on its current knowledge, understanding, and belief as to the facts and the

information available to it as of the date of the Responses.  Additional discovery and

investigation may lead to additions to, changes in, or modifications of these Responses.

LPL reserves the right to produce subsequently discovered information and to introduce

such subsequently discovered information at the time of any hearing or trial in this action.

614568v1

2.    By agreeing to produce any relevant and non-privileged categories of documents or things in its possession, custody, or control, LPL represents not that any such documents or things actually exist, but that it will make a diligent search and reasonable inquiry to ascertain whether such documents exist and are producible.

3.    By producing documents or things responsive to a Request, LPL does not admit to their authenticity, relevance, or admissibility at trial or any other proceedings in this case. LPL provides such documents without prejudice to its right to object to the introduction of such documents at trial or any other proceeding in this case.

4.    LPL does not waive any objection made in these Responses, nor any claim of privilege, whether expressly asserted or not, by providing any information or identifying any document or thing in response to the Requests. Any inadvertent disclosure of information or inadvertent identification or production of any document shall not constitute waiver of any applicable privilege as to the document identified or produced by LPL.

5.    Any documents made available for inspection and copying in connection with these Responses will be produced at a mutually agreeable time and place or, if no such agreement can be reached, at McKenna Long & Aldridge LLP, 1900 K Street, NW, Washington, DC 20006. Unless otherwise agreed, LPL objects to providing copies of any such documents without prior arrangements being made to reimburse LPL for any copying expenses that may be incurred.

6.    LPL incorporates by reference the following General Objections within each of the individual Objections and Responses to these Requests. All Responses to the Requests are made subject to each and without waiving any of such objections. LPL's

614568v1

2

specific Objections for any Request are not intended to preclude, override, or withdraw any of the General Objections to that Request.

## GENERAL OBJECTIONS

These general objections apply to each Request and thus, for convenience, are not repeated after each Request, but rather are set forth herein and are hereby incorporated into each response. By responding to any particular Request with the phrase "Subject to and without waiving these objections," we are incorporating by reference not only the specific objections but also these general objections.

1.    LPL objects to each Request to the extent it seeks documents subject to the attorney-client privilege, work product doctrine, and other applicable privileges or immunities from discovery. LPL does not by these responses waive any claim of privilege or work product.

2.    LPL objects to each Request to the extent it seeks discovery of documents containing trade secrets or other confidential research, development or commercial information and will only produce such documents in accordance with an appropriate Protective Order entered in this action. However, to the extent that any Request calls for the production of confidential documents of third parties that are in Plaintiff's possession, Plaintiff shall attempt to obtain the consent of such third party prior to production. If Plaintiff cannot obtain such consent, Plaintiff will not produce the documents.

3.    LPL objects to these Requests to the extent that they request documents that are: a) not in the Plaintiff's possession; b) already in Defendants' possession; c) in

the public domain; or d) more easily obtainable from other sources by the exercise of ordinary due diligence as required by any applicable rule, as unduly burdensome, oppressive, and designed to harass.

4.    LPL objects to these Requests as unduly burdensome, oppressive, and designed to harass to the extent that they request documents in the possession of others, as such documents are beyond the scope of LPL's "custody and control."

5.    LPL objects to these Requests to the extent that they request documents not related specifically to the patents-in-suit, not relevant to the claims and defenses in this case, and/or not reasonably calculated to lead to the discovery of admissible evidence.

6.    LPL objects to these Requests to the extent that they lack any appropriate limitation as to time frame and/or geographic scope, making such Requests overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

7.    LPL objects to these Requests to the extent that they request documents other than those that are in its possession, custody or control as such Requests are beyond the requirements of the Federal Rules of Civil Procedure.

8.    LPL objects to Defendants' "Definitions and Instructions" to the extent that they purport to impose obligations not required under the Federal Rules of Civil Procedure.

9.    LPL objects to the Defendants' "Definitions and Instructions" to the extent of conflicting definitions.  LPL will respond using the definitions in paragraph A

of the Definitions and Instructions in Defendants' First Set of Document Requests, subject to LPL's objections regarding same.

10. LPL objects to instruction E as vague and ambiguous, including, for example, with respect to the term "any of your agents or representatives."

11. LPL objects to instructions C-F to the extent that they impose unreasonable burdens not required by the Federal Rules of Civil Procedure. LPL will respond to these Requests pursuant to applicable Rules of the Federal Rules of Civil Procedure.

## DOCUMENT REQUESTS

### REQUEST NO. 1:

All documents and things relating or referring to or discussing the Defendants or Defendant's accused products.

### OBJECTIONS AND RESPONSE

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain or in possession of the Defendants. LPL further objects to this Request because it is overly broad and unduly burdensome, including, for example, because the Request lacks any limitation in scope, context, or time frame. Subject to and without waiving these objections, LPL will produce non-privileged, relevant documents that are responsive to the Request, to the extent such documents exist.

REQUEST NO. 13:

All engineering notebooks, laboratory notebooks, records, disclosures, logs, and files relating to any of the inventions claimed in the patents-in-suit, its foreign counterparts, or related family patent rights, which were generated or maintained by or at the direction of any of the inventors to each patent, its foreign counterparts, or related family patent rights; or into which any of these inventors made any entries.

**OBJECTIONS AND RESPONSE**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request as vague and ambiguous including, for example, with respect to the term "related family patent rights." Subject to and without waiving these objections, LPL will produce non-privileged, relevant documents that are responsive to the Request, to the extent such documents exist.

REQUEST NO. 14:

All documents and things relating to, referring to, supporting, or discussing the conception, first written description (including in executable or compilable code), reduction to practice, and diligence in the reduction to practice of any of the inventions claimed in the asserted claims of the patents-in-suit.

**OBJECTIONS AND RESPONSE**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL also objects to this Request as overly broad and unduly burdensome. LPL also objects to this Request as vague and

ambiguous, including, for example, with respect to the terms "executable or compilable code." LPL further objects to this Request to the extent it is duplicative of other Requests, such as No. 13. Subject to and without waiving these objections, LPL will produce non-privileged, relevant documents that are responsive to the Request, to the extent such documents exist.

### REQUEST NO. 15:

All documents and things relating, referring or describing any tests, experiments, reports, data or other evaluations conducted by LPL or others regarding determining the brightness difference generated between an area where the Tape Carrier Package ("TCP") is adhered onto the LCD panel and an area where the TCP is not adhered onto the LCD panel, including but not limited to the tests disclosed in Table 1 of the '121 patent.

### OBJECTIONS AND RESPONSE

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is overly broad and unduly burdensome. LPL also objects to this Request as vague and ambiguous, including, for example, with respect to the terms "other evaluations" and "LPL or others." Subject to and without waiving these objections, LPL will produce non-privileged, relevant documents that are responsive to the Request, to the extent such documents exist.

614568v1

15

documents that "relate to any opinion expressed by William K. Bohannon." Subject to and without waiving these objections, LPL will produce non-privileged, relevant documents that are responsive to the Request, to the extent such documents exist.

### REQUEST NO. 64:

All documents and things referred to, relied upon, confirm or refute Plaintiff's answers to Defendant's First Set of Interrogatories served herewith.

**OBJECTIONS AND RESPONSE**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL also objects to this Request as overly broad, vague and ambiguous in seeking unspecified documents for all Interrogatory answers. Subject to and without waiving these objections, LPL will produce non-privileged, relevant documents that are responsive to the Request, to the extent such documents exist.

January 17, 2006

THE BAYARD FIRM

Richard D. Kirk (#922)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899-2306
(302) 655-5000
Attorneys For Plaintiff
LG.PHILIPS LCD CO., LTD.

614568v1

47

OF COUNSEL:
Gaspare J. Bono
Matthew T. Bailey
Cass W. Christenson
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006
(202) 496-7500