IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG.PHILIPS LCD CO., LTD., ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No. 05-292 (JJF) |
| v. ) | |
| ) | Hon. Joseph J. Farnan, Jr. |
| TATUNG COMPANY; ) | |
| TATUNG COMPANY OF AMERICA, INC.; ) | |
| CHUNGHWA PICTURE TUBES, LTD.; AND ) | |
| VIEWSONIC CORP., ) | |
| ) | |
| Defendants. ) | |

## NOTICE OF SERVICE OF SUBPOENA

TO:  Richard D. Kirk                          Gaspare J. Bono
     The Bayard Firm                          Matthew T. Bailey
     222 Delaware Avenue, Suite 900           Andrew J. Park
     P.O. Box 25130                           Adrian Mollo
     Wilmington, DE 19899                     McKenna Long & Aldridge LLP
                                              1900 K Street, NW
                                              Washington, DC 20006

PLEASE TAKE NOTICE that pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendant Chunghwa Picture Tubes, Ltd. will seek the production of documents from non-party Leydig, Voit & Mayer, Ltd. ("Leydig") on Thursday, July 6, 2006 at 9:00 a.m. at Howrey LLP, 321 North Clark Street, Suite 3400, Chicago, Illinois 60610. Leydig will hereby be required to produce for inspection and copying all documents set forth in Exhibit A to the attached subpoena.

Further, PLEASE TAKE NOTICE that pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendant Chunghwa Picture Tubes, Ltd. will take the deposition by oral examination of non-party Leydig, Voit & Mayer, Ltd. on Friday, July 7, 2006 at 9:00 a.m. at Howrey LLP, 321 North Clark Street, Suite 3400, Chicago, Illinois 60610. The deposition will be taken before a Notary Public or court reporter, duly authorized to administer oaths and transcribe the testimony of the deponent. The deposition will be videotaped and will continue

from day to day until completed or adjourned by the Court or stipulated by the parties. The subjects covered in the deposition will include the subjects listed on Exhibit A attached to the subpoena.

OF COUNSEL:
Christine A. Dudzik
Thomas W. Jenkins
HOWREY LLP
321 North Clark Street, Suite 3400
Chicago, Illinois 60610
(312) 595-1239

Teresa M. Corbin
Glenn W. Rhodes
HOWREY LLP
525 Market Street, Suite 3600
San Francisco, CA 94105
(415) 848-4900

Dated: June 26, 2006

/s/ Robert W. Whetzel
Robert W. Whetzel (#2288)
whetzel@rlf.com
Matthew W. King (#4566)
king@rlf.com
Richards, Layton & Finger
One Rodney Square, P.O. Box 551
Wilmington, DE 19899
(302) 651-7700
Attorneys for Defendants/Counterclaimants
Chunghwa Picture Tubes, Ltd.; Tatung Company; Tatung Company of America, Inc.; and Viewsonic Corporation

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

| Northern | DISTRICT OF | Illinois |

| LG. Philips LCD Co., Ltd. | **SUBPOENA IN A CIVIL CASE** |
| V. | |
| Tatung Company, Tatung Company of America, Inc., Chunghwa Picture Tubes, Ltd., and ViewSonic Corp. | Case Number:[1] 05-292 (JJF)(D. Del) |

TO: Leydig, Voit & Mayer, Ltd.
Two Prudential Plaza
Suite 4900
Chicago, Illinois 60601-6780

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| | |
| | DATE AND TIME |
| | |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION  321 North Clark Street Suite 3400, Chicago, Illinois 60610 | DATE AND TIME  7/7/2006 9:00 am |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Exhibit A

| PLACE  321 North Clark Street Suite 3400, Chicago, Illinois 60610 | DATE AND TIME  7/7/2006 9:00 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)  *[signature]* Attorney for Defendant | DATE  6/26/06 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Salmaan Quader, Attorney for Defendants, Howrey LLP, 321 N. Clark St., Suite 3400, Chicago, IL 60610

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE | PLACE |
|---|---|
| SERVED | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.

# EXHIBIT A

## EXHIBIT A

TO THE SUBPOENA FOR PRODUCTION, INSPECTION AND COPYING OF BOOKS, DOCUMENTS, ELECTRONIC DATA, AND OTHER TANGIBLE THINGS IN THE POSSESSION, CUSTODY OR CONTROL OF LEYDIG, VOIT & MAYER, LTD.

DOCUMETNS AND OTHER TANGIBLE THINGS TO BE PRODUCED FOR INSPECTION AND COPYING

### DEFINITIONS

1. "Alphasil" means Alphasil Inc. as well as its predecessors and successors in interest, subsidiaries, corporate parents, affiliates, assigns, joint venturers, partners, and all their present and former officers, directors, employees, partners, consultants, representatives, agents, and Persons acting or purporting to act on their behalf.

2. "Honeywell" means Honeywell International Inc. as well as its predecessors and successors in interest, subsidiaries, corporate parents, affiliates, assigns, joint venturers, partners, and all their present and former officers, directors, employees, partners, consultants, representatives, agents, and Persons acting or purporting to act on their behalf.

3. "The '002 patent" refers to U.S. Patent No. 5,019,002.

4. "You," and "Your," refers to Leydig, Voit & Mayer, Ltd., and Persons acting or purporting to act on your behalf.

5. "Documents" includes, but is not limited to, the following materials: any and all papers, documents, correspondence, letters, manuals, computer disks, data, photographs, videos, surveys, drawings, films, schematics, computer generated information, handwritten or typewritten notes, charts, graphs, publications, diagrams,

journals, calendars, diaries, logs, log books, messages, reports, or any other papers or writings or communications or summaries thereof.

## INSTRUCTIONS

1. See Rule 45 of the Federal Rules of Civil Procedure.

2. This subpoena calls for you to produce all documents that are described below that are known or available to you.

3. All documents that respond, in whole or in part, to any portion of this subpoena are to be produced in their entirety, without abbreviation or redaction, including all attachments or other matters affixed thereto. To the extent that these documents are maintained in both hard copy and magnetic media form, provide both forms.

4. All documents shall be produced either in the order and in the manner that they are kept in the usual course of business or shall be organized and labeled to correspond with categories of this subpoena. Whenever a document or group of documents is removed from a file folder, binder, file drawer, file box, notebook, or other container, a copy of the label or other means of identification of such cover or other container shall be attached to the document.

5. If any document requested has existed, but has been lost, destroyed, or is no longer within your possession, custody, or control, identify those documents and describe the document, its author(s), the recipient(s), or addressee(s), the subject matter, and content. Further, if the document has been destroyed, state with particularity the date and circumstance surrounding the reasons for its destruction, and identify the last known

custodian of the document and each person or individual who has knowledge of the loss or destruction of any such document.

6. With respect to any documents otherwise responsive to this subpoena that, based on a claim of privilege or work product, you withhold or refuse to divulge: (a) state the name of the claim of privilege and the holder of the privilege; (b) state all facts relied upon in support of the privilege; (c) furnish a description of all documents withheld pursuant to the claim of privilege (i.e., the title, subject matter, date, author and person(s) for whom it was prepared, to whom it was sent or who otherwise received or saw the document or were aware of the substance of its contents); (d) identify all persons having knowledge of any facts relating to the claim of privilege. If the claim of privilege applies to only a portion of the document, produce all portions of the document to which the claim of privilege odes not apply.

7. All duplicate or copies of documents are to be provided to the extent they have any handwriting, additions, including any highlighting or underlining, or deletions of any kind difference from the original document being produced.

8. If subsequent to the date you produce documents responsive to this subpoena you discovery or receive additional documents that are responsive to the requests herein, promptly produce all such additional documents to the full extent required by the Federal Rules of Civil Procedure and the Local Rules of this District Court.

9. The following rules of construction apply to all discovery requests:

    (a) Number. The use of the singular form of any word includes the plural and vice versa.

10. You shall testify concerning the matters set forth below.

## DOCUMENTS

1. All documents relating or referring to the preparation, filing and prosecution of the patent application that issued as U.S. Patent No. 5,019,002 ("the '002 patent").

2. All invoices and billing records relating or referring to the preparation, filing and prosecution of the patent application that issued as the '002 patent.

3. All documents and things relating to any of the deposition topics listed below.

4. All documents relating or referring to communications, written or verbal, concerning the patent application that issued as the '002 patent, including communications had in connection with the preparation, filing and prosecution of the '002 patent application with any employees or representatives of Honeywell or Alphasil, including Mr. Richard Flask and/or Mr. Scott Holmberg.

5. All documents relating or referring to conception, subsequent development, diligence towards the reduction to practice, and the reduction to practice of all alleged invention(s) described and claimed in the '002 patent, including successful or unsuccessful efforts to conceive or reduce to practice all alleged invention(s) described and claimed in the '002 patent.

6. All documents relating or referring to research and development leading to the conception and/or reduction to practice of the subject matter disclosed and claimed in the '002 patent.

7. All documents relating or referring to any search or investigation for prior art, including all patents and publications, conducted in connection with preparation, filing and prosecution of the patent application that issued as the '002 patent.

8. A privilege log for any documents or things that are responsive to any of these requests but have not been produced.

9. All documents and things relating or referring to Your document control, retention, or destruction policies, including any electronic mail, electronic mail backup or electronic mail deletion policy from 1998 to the present.

## DEPOSITION TOPICS

1. The topics identified above in the requests for production of documents and things.

2. The preparation, filing and prosecution of the patent application that issued as the '002 patent.

3. Your document control, retention, or destruction policies from 1997 to the present, including your maintenance and custody of the documents identified in this notice of deposition and subpoena in the ordinary course of business.

4. Your representation of Mr. Richard Holmberg or Alphasil or any of its employees or personnel in connection with preparation or filing of any patent application, including without limitation the patent application that issued as the '002 patent, and any prior art searches conducted by you or anyone acting on your or the inventor's behalf.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 26, 2006, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, which will send notification of such filing to, and also hand delivered same to:

> Richard D. Kirk
> Morris James Hitchens & Williams LLP
> 222 Delaware Avenue, Suite 900
> Wilmington, DE 19899

I HEREBY CERTIFY that on June 26, 2006, I sent the foregoing document by Electronic Mail to the following non-registered participants:

> Gaspare J. Bono
> Matthew T. Bailey
> Andrew J. Park
> Adrian Mollo
> McKenna Long & Aldrige LLP
> 1900 K Street, NW
> Washington, DC 20006

Matthew W. King (#4566)
king@rlf.com
Richards, Layton & Finger
One Rodney Square
PO Box 551
Wilington, DE 19899