## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG.PHILIPS LCD CO., LTD., | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 05-292 (JJF) |
| v. | ) |
| | ) Hon. Joseph J. Farnan, Jr. |
| TATUNG COMPANY; | ) |
| TATUNG COMPANY OF AMERICA, INC.; | ) |
| CHUNGHWA PICTURE TUBES, LTD.; AND | ) |
| VIEWSONIC CORP., | ) |
| | ) |
| Defendants. | ) |

### NOTICE OF SERVICE OF SUBPOENA

TO:    Richard D. Kirk                        Gaspare J. Bono
        The Bayard Firm                    Matthew T. Bailey
        222 Delaware Avenue, Suite 900      Andrew J. Park
        P.O. Box 25130                     Adrian Mollo
        Wilmington, DE  19899           McKenna Long & Aldridge LLP
                                           1900 K Street, NW
                                         Washington, DC  20006

PLEASE TAKE NOTICE that pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendant Chunghwa Picture Tubes, Ltd. will take the deposition by oral examination of non-party Kalluri Sarma on Friday, July 7, 2006 at 9:00 a.m. at the Hilton Phoenix East/Mesa, 1011 West Holmes Avenue, Mesa, Arizona 85210-4923. The deposition will be taken before a Notary Public or court reporter, duly authorized to administer oaths and transcribe the testimony of the deponent. The deposition will be videotaped and will continue from day to day until completed or adjourned by the Court or stipulated by the parties. The subjects covered in the deposition will include the subjects listed on Exhibit A attached to the subpoena.

RLF1-3031072-1

OF COUNSEL:
Christine A. Dudzik
Thomas W. Jenkins
HOWREY LLP
321 North Clark Street, Suite 3400
Chicago, Illinois 60610
(312) 595-1239

Teresa M. Corbin
Glenn W. Rhodes
HOWREY LLP
525 Market Street, Suite 3600
San Francisco, CA 94105
(415) 848-4900

Dated: June 26, 2006

Robert W. Whetzel (#2288)
whetzel@rlf.com
Matthew W. King (#4566)
king@rlf.com
Richards, Layton & Finger
One Rodney Square, P.O. Box 551
Wilmington, DE 19899
(302) 651-7700
Attorneys for Defendants/Counterclaimants
Chunghwa Picture Tubes, Ltd.; Tatung
Company; Tatung Company of America, Inc.;
and Viewsonic Corporation

2

RLF1-3031072-1

AO88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF _____ Arizona _____

LG. Philips LCD Co., Ltd.

V.

Tatung Company, Tatung Company of America, Inc.,
Chunghwa Picture Tubes, Ltd., and ViewSonic Corp.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  05-292 (JJF)(D. Del)

TO:  Kalluri Sarma
2352 S. Los Altos
Mesa, AZ 85202

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  |  |
|  | DATE AND TIME |
|  |  |

☑  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION  Hilton Phoenix East / Mesa 1011 West Holmes Ave., Mesa, Arizona 85210-4923 | DATE AND TIME 7/7/2006 9:00 am |
| --- | --- |

☐  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
| --- | --- |
|  |  |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)  ATTORNEY FOR DEFENDANTS | DATE 6/26/06 |
| --- | --- |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Salmaan Quader, Attorney for Defendants, Howrey LLP, 321 N. Clark St., Suite 3400, Chicago, IL 60610

(See Rule 45, Federal Rules of Civil Procedure Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c)  PROTECTION OF PERSONS SUBJECT TO SUBPOENAS

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena  The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee

(2)  (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service. serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises  If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce. move at any time for an order to compel the production  Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded

(3)  (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)  fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule. such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies. or
(iv) subjects a person to undue burden

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research. development. or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated. the court may order appearance or production only upon specified conditions

(d)  DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials. the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications. or things not produced that is sufficient to enable the mmmdemanding party to contest the claim

# EXHIBIT A

## EXHIBIT A

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendant Chunghwa Picture Tubes, Ltd., will take the deposition upon oral examination of Kalluri Sarma at the Hilton Phoenix East/Mesa, 1011 West Holmes Avenue, Mesa, Arizona 85210-4923 at 9:00 a.m. on July 7, 2006, and continuing from day to day thereafter until completed. The deposition will be recorded stenographically and by video and is being taken for the purposes of discovery, for use at trial, and for such other purposes as permitted under the Federal Rules of Civil Procedure.

## DEFINITIONS

1.    "Honeywell" means Honeywell International Inc. as well as its predecessors and successors in interest, subsidiaries, corporate parents, affiliates, assigns, joint venturers, partners, and all their present and former officers, directors, employees, partners, consultants, representatives, agents, and Persons acting or purporting to act on their behalf.

2.    "Alphasil" means Alphasil Inc. as well as its predecessors and successors in interest, subsidiaries, corporate parents, affiliates, assigns, joint venturers, partners, and all their present and former officers, directors, employees, partners, consultants, representatives, agents, and Persons acting or purporting to act on their behalf.

3.    "LCD" means liquid crystal display.

4.    "The '002 patent" refers to U.S. Patent No. 5,019,002.

5.    Person. The term "person" is defined as any natural person or any business, legal or governmental entity or association.

6.     "You," and "Your," refers to Kalluri Sarma, and Persons acting or purporting to act on your behalf.

## INSTRUCTIONS

1.     See Rule 45 of the Federal Rules of Civil Procedure.

2.     The following rules of construction apply to all discovery requests:

(a)     And/Or. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

(b)     Number. The use of the singular form of any word includes the plural and vice versa.

3.     You shall testify concerning the matters set forth below.

## DEPOSITION TOPICS

1.     Your work at Honeywell related to LCD technology and active matrix substrates including, but not limited to, design, development, manufacturing, testing and production.

2.     Testing or analysis of any Alphasil substrates, including without limitation testing of Alphasil active matrix substrates for electrostatic discharge ("ESD") damage sensitivity, including any such testing performed in or about April 1988.

3.     Preparation of any reports or Honeywell inter-office memoranda or other documentation referring or relating to such testing or analysis, and/or meetings, discussions or communications with any employees or representatives of Honeywell or any employees or representatives of Alphasil, including Mr. Richard Flasck or Mr. Scott

Holmberg, or with any other person, including any attorneys for any of these companies or persons, concerning, referring or relating to any such testing or analysis.

4.    The structure, components and processes used to fabricate any of Alphasil's substrates or arrays, including active matrix substrates, and any reports, memoranda or other documentation referring or relating to such substrates and any meetings, telephone conversations, discussions or other communications about such substrates, including with any employees or representatives of Honeywell or any employees or representatives of Alphasil, including Mr. Richard Flasck or Mr. Scott Holmberg or with any other person, including any attorneys for any of these companies or persons.

5.    Alphasil's research and development work and/or commercialization or efforts to commercialize any products and any business or product development plans of Alphasil, and the percentage yield of any of Alphasil's manufacturing processes for fabricating substrates, including active matrix substrates, and the cause of any yield results, deficiencies, problems and the relative yield obtained or lost due to ESD or other potential causes or factors.

6.    Your, Honeywell's and Sperry Corp.'s business relationship with Alphasil, including without limitation (a) Honeywell's investment in, funding and/or loan(s) made to Alphasil and agreements relating thereto and any collateral, property or assets pledged by Alphasil as security for any such transactions, including without limitation the '002 patent"; (b) the facts and circumstances surrounding Honeywell's or Sperry's decision to withdraw funding or financial support for and/or to foreclose on

collateral pledged by Alphasil; and (c) the facts and circumstances surrounding the acquisition of patent rights to the '002 patent by Honeywell from Alphasil.

7.    Your or Honeywell's valuation of the '002 patent, including without limitation (a) on or about the time that Honeywell received ownership rights in the '002 patent, and (b) on or about the time that Honeywell assigned ownership of the '002 patent to LG Electronics Inc.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 26, 2006, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, which will send notification of such filing to, and also hand delivered same to:

> Richard D. Kirk
> Morris James Hitchens & Williams LLP
> 222 Delaware Avenue, Suite 900
> Wilmington, DE 19899

I HEREBY CERTIFY that on June 26, 2006, I sent the foregoing document by Electronic Mail to the following non-registered participants:

> Gaspare J. Bono
> Matthew T. Bailey
> Andrew J. Park
> Adrian Mollo
> McKenna Long & Aldrige LLP
> 1900 K Street, NW
> Washington, DC 20006

_____
Matthew W. King (#4566)
king@rlf.com
Richards, Layton & Finger
One Rodney Square
PO Box 551
Wilington, DE 19899