**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| LG.PHILIPS LCD CO., LTD., | ) |
| | ) |
|       Plaintiff, | ) |
| | )   C.A. No. 05-292 (JJF) |
|     v. | ) |
| | )   Hon. Joseph J. Farnan, Jr. |
| TATUNG COMPANY; | ) |
| TATUNG COMPANY OF AMERICA, INC.; | ) |
| CHUNGHWA PICTURE TUBES, LTD.; AND | )   **REDACTED - PUBLIC VERSION** |
| VIEWSONIC CORP., | ) |
| | ) |
|       Defendants. | ) |

## NOTICE OF SERVICE OF SUBPOENA

OF COUNSEL:
Christine A. Dudzik
Thomas W. Jenkins
HOWREY LLP
321 North Clark Street, Suite 3400
Chicago, Illinois 60610
(312) 595-1239

Teresa M. Corbin
Glenn W. Rhodes
HOWREY LLP
525 Market Street, Suite 3600
San Francisco, CA 94105
(415) 848-4900

Dated: June 26, 2006

Robert W. Whetzel (#2288)
whetzel@rlf.com
Matthew W. King (#4566)
king@rlf.com
Richards, Layton & Finger
One Rodney Square, P.O. Box 551
Wilmington, DE 19899
(302) 651-7700
Attorneys for Defendants/Counterclaimants
Chunghwa Picture Tubes, Ltd.; Tatung
Company; Tatung Company of America, Inc.;
and Viewsonic Corporation

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LG.PHILIPS LCD CO., LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 05-292 (JJF) |
| v. | ) | |
| | ) | Hon. Joseph J. Farnan, Jr. |
| TATUNG COMPANY; | ) | |
| TATUNG COMPANY OF AMERICA, INC.; | ) | |
| CHUNGHWA PICTURE TUBES, LTD.; AND | ) | |
| VIEWSONIC CORP., | ) | |
| | ) | |
| Defendants. | ) | |

### NOTICE OF SERVICE OF SUBPOENA

TO:    Richard D. Kirk                               Gaspare J. Bono
        The Bayard Firm                          Matthew T. Bailey
        222 Delaware Avenue, Suite 900         Andrew J. Park
        P.O. Box 25130                            Adrian Mollo
        Wilmington, DE 19899                   McKenna Long & Aldridge LLP
                                                     1900 K Street, NW
                                                      Washington, DC 20006

       PLEASE TAKE NOTICE that pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendant Chunghwa Picture Tubes, Ltd. will seek the production of documents from non-party John Zele on Thursday, July 6, 2006 at 9:00 a.m. at Howrey LLP, 1299 Pennsylvania Avenue, N.W., Washington, DC 20004. Mr. Zele will hereby be required to produce for inspection and copying all documents set forth in Exhibit A to the attached subpoena.

       Further, PLEASE TAKE NOTICE that pursuant to Rules 30 and 45 of the Federal Rules of Civil Procedure, Defendant Chunghwa Picture Tubes, Ltd. will take the deposition by oral examination of non-party John Zele on Thursday, July 6, 2006 at 9:00 a.m. at Howrey LLP, 1299 Pennsylvania Avenue, N.W., Washington, DC 20004. The deposition will be taken before a Notary Public or court reporter, duly authorized to administer oaths and transcribe the testimony of the deponent. The deposition will be videotaped and will continue from day to day until

completed or adjourned by the Court or stipulated by the parties. The subjects to be covered in the deposition will include the subjects listed on Exhibit A attached to the subpoena.


Robert W. Whetzel (#2288)
whetzel@rlf.com
Matthew W. King (#4566)
king@rlf.com
Richards, Layton & Finger
One Rodney Square, P.O. Box 551
Wilmington, DE 19899
(302) 651-7700
Attorneys for Defendants/Counterclaimants
Chunghwa Picture Tubes, Ltd.; Tatung
Company; Tatung Company of America, Inc.;
and Viewsonic Corporation

OF COUNSEL:
Christine A. Dudzik
Thomas W. Jenkins
HOWREY LLP
321 North Clark Street, Suite 3400
Chicago, Illinois 60610
(312) 595-1239

Teresa M. Corbin
Glenn W. Rhodes
HOWREY LLP
525 Market Street, Suite 3600
San Francisco, CA 94105
(415) 848-4900

Dated: June 26, 2006

2

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court

### DISTRICT OF COLUMBIA

LC PHILIPS LCD CO., LTD.

**SUBPOENA IN A CIVIL CASE**

### V.

TATUNG COMPANY; TATUNG COMPANY OF AMERICA,
INC., CHUNGHWA PICTURE TUBES, LTD., AND
VIEWSONIC CORP.

CASE NUMBER:1  C.A. No. 05-292
(JJF) (D. Del.)

John Zele, Morgan Lewis, 1111 Pennsylvania Ave. NW, Washington, DC  20004

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| 1299 Pennsylvania Ave. NW, Washington, DC  20004 | 7/6/06  9:00 am |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): See attached Exhibit A

| PLACE 1299 Pennsylvania Ave. NW, Washington, DC  20004 | DATE AND TIME 7/6/06 9:00 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)  Attorney for Defendant  Chunghwa Picture Tubes, Ltd | DATE June 23, 2006 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER
Salmaan Quader, Howrey LLP, 321 N. Clark St., Suite 3400, Chicago, IL  60610
312-595-1239        (See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

1 If action is pending in district other than district of issuance, state district under case number

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

_____
Date

_____
Signature of Server

_____
Address of Server

RULE 45, Federal Rules of Civil Procedure, Part C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)   A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)   (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition hearing or trial.

(B)   Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may. within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded

(3)   (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies or

(vi) subjects a person to undue burden

(B)   If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an un-retained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that Cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1)   A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)   when information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim

# EXHIBIT A

EXHIBIT A

Pursuant to Rules 30 and 45 of the Federal Rules of Civil Procedure, Defendant Chunghwa Picture Tubes, Ltd. ("CPT") hereby serves this subpoena for documents and things. To the extent that any documents and things requested by Defendant are confidential and proprietary, they are covered by the protective order entered in this case.

DEFINITIONS AND INSTRUCTIONS

1.    "Documents" includes, but is not limited to, the following materials: any and all papers, documents, correspondence, letters, manuals, computer disks, data, photographs, videos, surveys, drawings, films, schematics, computer generated information, handwritten or typewritten notes, charts, graphs, publications, diagrams, journals, calendars, diaries, logs, log books, messages, reports, or any other papers or writings or communications or summaries thereof.

2.    This subpoena calls for you to produce all documents that are described below that are known or available to you.

3.    All documents that respond, in whole or in part, to any portion of this subpoena are to be produced in their entirety, without abbreviation or redaction, including all attachments or other matters affixed thereto. To the extent that these documents are maintained in both hard copy and magnetic media form, provide both forms.

4.    All documents shall be produced either in the order and in the manner that they are kept in the usual course of business or shall be organized and labeled to correspond with categories of this subpoena. Whenever a document or group of documents is removed from a file folder, binder, file drawer, file box, notebook, or other

container, a copy of the label or other means of identification of such cover or other container shall be attached to the document.

5. If any document requested has existed, but has been lost, destroyed, or is no longer within your possession, custody, or control, identify those documents and describe the document, its author(s), the recipient(s), or addressee(s), the subject matter, and content. Further, if the document has been destroyed, state with particularity the date and circumstance surrounding the reasons for its destruction, and identify the last known custodian of the document and each person or individual who has knowledge of the loss or destruction of any such document.

6. With respect to any documents otherwise responsive to this subpoena that, based on a claim of privilege or work product, you withhold or refuse to divulge: (a) state the name of the claim of privilege and the holder of the privilege; (b) state all facts relied upon in support of the privilege; (c) furnish a description of all documents withheld pursuant to the claim of privilege (i.e., the title, subject matter, date, author and person(s) for whom it was prepared, to whom it was sent or who otherwise received or saw the document or were aware of the substance of its contents); (d) identify all persons having knowledge of any facts relating to the claim of privilege. If the claim of privilege applies to only a portion of the document, produce all portions of the document to which the claim of privilege odes not apply.

7. All duplicate or copies of documents are to be provided to the extent they have any handwriting, additions, including any highlighting or underlining, or deletions of any kind difference from the original document being produced.

8.    If subsequent to the date you produce documents responsive to this subpoena you discovery or receive additional documents that are responsive to the requests herein, promptly produce all such additional documents to the full extent required by the Federal Rules of Civil Procedure and the Local Rules of this District Court.

### DOCUMENTS AND THINGS TO BE PRODUCED

1.    All documents and things referring or relating to any and all meetings in year 2002 attended by representatives of LG.Philips LCD Co., Ltd. ("LPL") and CPT, including without limitation meetings concerning, referring or relating to potential licensing of LPL patents, including United States Patent 5,019,002 ("'002 patent") and/or whether CPT or any of its customers allegedly infringe, directly or indirectly, any LPL patents, including the '002 patent.

### DEPOSITION TOPICS

1.    Any meetings in 2002 attended by representatives of and/or attorneys for LPL and CPT, including without limitation meetings concerning, referring or relating to potential licensing of LPL patents, including the '002 patent, and/or whether CPT or any of its customers allegedly infringe, directly or indirectly, any LPL patents, including the '002 patent.

2.    Any communications in 2002 between or among representatives of and/or attorneys for LPL and representatives of or attorneys for CPT, including without limitation communications concerning, referring or relating to licensing of LPL patents, including the '002 patent and/or whether CPT or its customers allegedly infringe, directly or indirectly, any LPL patents, including the '002 patent.

-3-

3.    Your attendance at any meetings or participation or knowledge of communications concerning the topics identified in Topics 1 and 2 above.

4.    Conversations and communications, written or verbal, that you have had with Mr. Scott Holmberg concerning the '002 patent and topics related to the '002 patent, including in connection with events or occurrences relating to or arising from your letter sent to Mr. Holmberg dated December 16, 1997, a copy of which is attached as Exhibit 1.

5.    LG Electronics, LPL and/or their respective attorneys' retention and/or engagement of Mr. Scott Holmberg as a consultant in connection with the '002 patent and topics related to the '002 patent.

-4-

# EXHIBIT I

# REDACTED

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 26, 2006, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, which will send notification of such filing to, and also hand delivered same to:

> Richard D. Kirk
> Morris James Hitchens & Williams LLP
> 222 Delaware Avenue, Suite 900
> Wilmington, DE 19899

I HEREBY CERTIFY that on June 26, 2006, I sent the foregoing document by Electronic Mail to the following non-registered participants:

> Gaspare J. Bono
> Matthew T. Bailey
> Andrew J. Park
> Adrian Mollo
> McKenna Long & Aldrige LLP
> 1900 K Street, NW
> Washington, DC 20006

> Matthew W. King (#4566)
> king@rlf.com
> Richards, Layton & Finger
> One Rodney Square
> PO Box 551
> Wilington, DE 19899

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 30, 2006, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing, and hand delivered to the following:

> Richard D. Kirk
> The Bayard Firm
> 222 Delaware Avenue, Suite 900
> P.O. Box 25130
> Wilmington, DE 19899

I hereby certify that on June 30, 2006, I sent the foregoing document by Electronic Mail, to the following non-registered participants:

> Gaspare J. Bono
> Matthew T. Bailey
> Andrew J. Park
> Adrian Mollo
> McKenna Long & Aldridge LLP
> 1900 K Street, NW
> Washington, DC 20006

> Matthew W. King (#4566)
> king@rlf.com
> Richards, Layton & Finger
> One Rodney Square
> P.O. Box 551
> Wilmington, DE 19899

RLF1-2917974-1