IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG.PHILIPS LCD CO., LTD., <br><br> Plaintiff/Counterclaim Defendant, <br><br> v. <br><br> TATUNG COMPANY; <br> TATUNG COMPANY OF AMERICA, INC.; <br> CHUNGHWA PICTURE TUBES, LTD.; <br> AND VIEWSONIC CORPORATION, <br><br> Defendants/Counterclaim Plaintiffs. | Civil Action No. 05-292 (JJF) |

**MOTION FOR ORDER BARRING DISCLOSURE OF LPL'S CONFIDENTIAL INFORMATION TO DR. NISHA MODY AND CAPANALYSIS**

Plaintiff LG.Philips LCD Co. Ltd. ("LPL") hereby moves for an order barring Defendants Chunghwa Picture Tubes, ViewSonic Corporation, Tatung Company of America, and Tatung Company (the "Defendants") from any further disclosures of LPL's confidential information to their undisclosed expert consultant Dr. Nisha Mody and her consulting firm, The CapAnalysis Group, LLC ("CapAnalysis"). (Protective Order, D.I. 76, at ¶ 2(b)(iii).) LPL further requests an order that Dr. Mody and CapAnalysis cease all work on this case and that Defendants comply with Paragraph 1(d) of the Protective Order, which governs the retrieval of confidential information. (D.I. 76 at ¶ 1(d).) This motion is made pursuant to the discovery dispute procedures provided at Paragraph 4(a) of the Scheduling Order. (D.I. 62, at ¶ 4.)

**I.   FACTS**

On June 6, 2006, Defendants deposed Mr. Jong Hwan Kim, one of LPL's 30(b)(6) witnesses. Mr. Kim was designated to testify on sensitive issues including LPL's licensing practices and commercial relationships. In light of the sensitive nature of the testimony, LPL

designated the transcript as CONFIDENTIAL ATTORNEYS ONLY. (Ex. 1, deposition transcript of Jong Hwan Kim, at 196.)

Attending the deposition on behalf of Defendants were Suzanne Drennon, Esq. and Dr. Nisha Mody, Senior Vice President of CapAnalysis. (Ex. 1 at 7-11.) Near the end of the morning session, counsel for LPL asked Ms. Drennon to confirm whether Dr. Mody had signed an Acknowledgement. After learning that she had not, and that Dr. Mody was a consultant with CapAnalysis, counsel for the parties agreed that Dr. Mody should be excused from the remainder of the deposition.[1] (Ex. 1 at 79:7-12.)

LPL has since learned the following regarding Dr. Mody and CapAnalysis. CapAnalysis provides expert consulting services in patent infringement, patent misuse, and trade secret cases. (Ex. 2, pages from CapAnalysis web-site). Dr. Mody is the Senior Vice President of CapAnalysis, and she specializes in intellectual property, "valu[ing] patent portfolios [and] manag[ing] numerous cases dealing with patent infringement, patent misuse, trade secrets and commercial success." (Ex. 2.) Dr. Mody and her colleagues at CapAnalysis have been given access to LPL's confidential discovery. (Ex. 3, numbered copies of the correspondence regarding this dispute, at 4, 25.) CapAnalysis has been assisting Howrey, counsel for Defendants, in its preparation of this case. (Ex. 3 at 4, 25.) The Defendants did not disclose Dr. Mody or her firm pursuant to Paragraph 2(b)(ii) or obtain Acknowledgements from CapAnalysis analysts before giving them LPL's confidential information. (Ex. 1 at 72-79; Ex. 3 at 4, 25.)

---

[1] Ms. Drennon initially responded that "[Dr. Mody] has signed the protective order for this case" and offered to confirm the same after lunch. (Ex. 1 at 72:17 through 74:5.) Following lunch, however, Ms. Drennon provided LPL's counsel with Dr. Mody's Acknowledgement, which she admittedly signed for the first time during lunch. (Ex. 1 at 71:7-13.) Furthermore, although Dr. Mody had introduced herself at the outset of the deposition as "Nisha Mody from Howrey" (Ex. 1 at 7:20), Dr. Mody signed her Acknowledgement as "Sr. V.P. - CapAnalysis" (Ex. 4, a copy of Dr. Mody's June 6 Acknowledgment).

The Defendants will not retrieve LPL's confidential information from CapAnalysis or order CapAnalysis to cease work on this case.[2] (Ex. 3 at 25.)

## II. ARGUMENT

Pursuant to the ¶ 2(b)(ii) of the Protective Order, a party may disclose another party's confidential information to "experts, including consultants and investigators, retained by any party or counsel to any party to assist in the above captioned action," but only so long as the receiving party first discloses the expert.[3] (D.I. 76 at ¶ 2(b)(ii).)

Dr. Mody and CapAnalysis qualify as expert consultants under the Protective Order. CapAnalysis offers expert consultation in the areas of reasonable royalties, future damages, patent portfolio valuations, as well as technology transfer and license agreements. (Ex. 2.) Dr. Mody specializes in valuing and providing litigation support regarding intellectual property. (Ex. 2.) Dr. Mody and her associates have also provided "expert consulting services" for a number of different firms on a variety of matters, including patent infringement actions. (Ex. 3 at 17-18.)

Defendants claim that neither Dr. Mody nor CapAnalysis need be disclosed as expert consultants because CapAnalysis is owned by Howrey. Defendants' argument is unpersuasive. The pertinent question is whether Dr. Mody is serving in the capacity of an expert or consultant. Her professional background and qualifications indicate that she is, and a law firm should not be

---

[2] On June 8, 2006, Defendants indicated that they had "asked Dr. Mody to refrain from working with any LPL confidential information" until they had "an opportunity to fully respond" to LPL's concerns. (Ex. 3 at 16.) As such, LPL originally hoped this matter could be resolved informally. Since then, however, Defendants have been adamant that Dr. Mody is not an expert and CapAnalysis will continue to work on this case. (Ex. 3 at 25.)

[3] Such disclosure must include, *inter alia*, the expert's prior employment and consultancies within the last four years, all present or prior relationships between the consultant and the receiving party, and a list of all cases in which the consultant has testified within the last four years. (D.I. 76 at ¶ 2(b)(ii).) That disclosure is then followed by separate review and meet and confer periods, all before any of the disclosing party's confidential information is disclosed to the prospective consultant. (D.I. 76 at ¶ 2(b)(iii).)

able to circumvent the Protective Order provisions by simply hiring its experts. Furthermore, rather than curing Defendants' breach, Howrey's ownership of CapAnalysis actually makes matters worse. For example, Howrey is counsel for Chi Mei Optoelectronics ("CMO"), another LCD manufacturer, in an unrelated matter. Does CapAnalysis provide comparable consulting services for CMO, or perhaps for other Howrey clients in the LCD industry? Such services would directly threaten LPL's highly sensitive financial and licensing information.

Despite these facts, the best representation Defendants can offer is that "*[a]side from working on cases for Howrey attorneys*, to her knowledge, Dr. Mody has not consulted for LPL's competitors or for any company in the LCD industry" and "she has not worked for the defendants or their affiliates." (Ex. 3 at 17-18) (emphasis added). This "disclosure" is unmistakably inadequate.

Due to Defendants' inadequate disclosure, LPL is unaware of the extent to which Dr. Mody and CapAnalysis serve as expert consultants for members of the LCD industry. LPL is extremely concerned that highly sensitive financial and licensing data is being disclosed, without any protections, to experts who may consult for its competitors. Defendants' failure to comply with Paragraph 2(b)(ii) leaves LPL no choice but to assume that CapAnalysis does in fact consult with competitors and that Defendants have seriously violated the Protective Order.

### III. CONCLUSION

The deficiencies of Defendants' disclosure should not distract from a critical fact-- the Defendants have disclosed LPL's information to Dr. Mody and CapAnalysis without complying with Paragraph 2(b). This is a violation of the Protective Order. LPL asks that this Court issue an order barring any further work by Dr. Mody and CapAnalysis on this case. Furthermore, LPL asks that this Court order Defendants to comply with Paragraph 1(d) of the Protective Order and retrieve all of LPL's confidential that they improperly disclosed to Dr. Mody and CapAnalysis.

                THE BAYARD FIRM

                /s/ Richard D. Kirk (rk0922)
                222 Delaware Avenue, Suite 900
                P.O. Box 25130
                Wilmington, DE 19899-5130
                (302) 655-5000
                rkirk@bayardfirm.com
                Counsel for Plaintiff
                LG.PHILIPS LCD CO., LTD.

OF COUNSEL:
Gaspare J. Bono
Matthew T. Bailey
Cass W. Christenson
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006
(202) 496-7500

629193v1

5