# Exhibit 3

# McKenna Long
# &Aldridge LLP
### Attorneys at Law

Atlanta

Denver

Los Angeles

Philadelphia

San Diego

San Francisco

Washington, DC

Brussels

1900 K Street, NW • Washington, DC 20006
202.496.7500 • Fax: 202.496.7756
www.mckennalong.com

GASPARE J. BONO
(202) 496-7211

EMAIL ADDRESS
gbono@mckennalong.com

June 7, 2006

BY E-MAIL

Christine A. Dudzik, Esq.
Howrey LLP
321 North Clark Street
Suite 3400
Chicago, IL 60610

Re:    *LG.Philips LCD Co. v. Tatung Co. of America, et al.*, C.A. No. 05-292-JJF

Dear Christine:

I am writing to express LPL's significant concern regarding the Defendants' disclosure of LPL's confidential information to a consulting firm named The CapAnalysis Group, LLC ("CapAnalysis"). Until LPL's concerns on this matter are fully resolved, LPL asks that Defendants retrieve all LPL confidential information from CapAnalysis and instruct CapAnalysis to stop any and all work in connection with this lawsuit.

The deposition of LPL's 30(b)(6) witness took place yesterday in Washington, D.C. Attending the deposition on behalf of Defendants were Ms. Suzanne Drennon of Howrey and Dr. Nisha Mody of CapAnalysis. I am concurrently sending you the reporter's rough draft of that deposition, but following is an overview of the key events.

At the outset of the deposition, Dr. Mody introduced herself simply as "Nisha Mody, Howrey." (Page 1, line 21.) I only later learned that Dr. Mody works for CapAnalysis. Near the end of the deposition's morning session, however, I asked Ms. Drennon to confirm, for the record, whether Dr. Mody had signed an Acknowledgement. (Page 69, lines 9 through 21.) Ms. Drennon responded that "[s]he [Dr. Mody] has signed the protective order in this case" and offered to confirm the same over lunch. (Page 70, lines 6 through 13.) Following lunch, Ms. Drennon provided me with signed Acknowledgements on behalf of both herself and Dr. Mody, which she acknowledged had been signed over lunch. (Page 71, lines 7 through 13.) Dr. Mody signed her Acknowledgement as the "Sr. V.P. - CapAnalysis." At that point, in light of LPL's concerns, Ms. Drennon agreed that Dr. Mody should not be present for the remainder of the deposition.

001

Christine A. Dudzik, Esq.
June 7, 2006
Page 2

As I explained at the deposition, I am not concerned by Ms. Drennon's failure to sign an Acknowledgement before the deposition. She is an attorney with Howrey, and we accept her agreement, albeit after the fact, to abide by the terms of the Protective Order. (Page 71, lines 17 through 22.) I am extremely concerned, however, at Howrey's disclosure of LPL's confidential information to CapAnalysis, an intellectual property and financial analysis consulting firm, without first disclosing CapAnalysis to LPL.

It is clear that CapAnalysis qualifies as an expert under the Protective Order. According to its web-site (www.capanalysis.com), CapAnalysis "provides economic, financial, regulatory, environmental, and litigation consulting services." As evidenced by its web page addressing intellectual property, CapAnalysis also provides expert consultation in the areas of evaluating intellectual property, assessing reasonable royalties, future damages, and lost or reduced profits, as well as consultation regarding technology transfer and license agreements. It is unclear whether CapAnalysis provides any of these services to other members of the LCD industry, including LPL's competitors.

Pursuant to the Protective Order, however, a party may disclose another party's confidential information to "experts, including consultants and investigators, retained by any party or counsel to any party to assist in the above captioned action," but only so long as the receiving party first discloses the expert. Such disclosure must include, *inter alia*, the consultant's present employment and consultancies, her prior employment and consultancies within the last four years, all present or prior relationships between the consultant and the receiving party, and a list of all cases in which the consultant has testified at a deposition or in court within the last four years. Protective Order at Para. 2(b)(ii). That disclosure is then followed by separate review and meet and confer periods, all before any of the disclosing party's confidential information is disclosed to the prospective consultant.

In light of the foregoing, LPL insists that Defendants immediately provide a Paragraph 2(b)(ii) disclosure for CapAnalysis. CapAnalysis clearly provides intellectual property litigation and licensing counseling to clients other than Howrey, and LPL must have the foregoing information to determine to what extent its proprietary financial and licensing information has been compromised through its disclosure to CapAnalysis. A principal objective of protective orders is to guard against the disclosure of confidential business information, and LPL is extremely concerned that its highly sensitive financial and licensing data is being disclosed, without any protections, to experts that may consult for its competitors. LPL views Defendants' disclosure of LPL's information to CapAnalysis to be a very serious issue, and we ask for your cooperation in promptly addressing these concerns.

LPL must also insist that CapAnalysis be instructed in the interim to perform no further work in this matter. I made this request to Ms. Drennon at the deposition, but she informed me that she was not authorized to respond to my request. (Page 75, lines 9 through 21.) I restate and renew my request now.

Christine A. Dudzik, Esq.
June 7, 2006
Page 3

Finally, pursuant to Paragraph 1(d) of the Protective Order, I request that Howrey promptly retrieve any and all of LPL's confidential information disclosed to CapAnalysis, inform those persons at CapAnalysis who received LPL's confidential information of all of the provisions of the Protective Order, obtain and send to me signed Acknowledgements from those persons, and identify what of LPL's confidential documents, testimony, or other information was disclosed to CapAnalysis.

Please immediately confirm that Defendants have complied with the foregoing requests and provide the disclosure for CapAnalysis required by Paragraph 2(b)(ii) of the Protective Order so that LPL may evaluate whether to exercise its option to object to Defendants' disclosure of LPL's confidential information to CapAnalysis.

Thank you for your expected cooperation.

Sincerely,

Gaspare J. Bono

cc:    Cass W. Christenson
       Julie S. Gabler
       Steven Yovits
       Richard D. Kirk
       Matthew King

# HOWREY LLP

321 N. Clark St., Suite 3400
Chicago, Illinois 60610
www.howrey.com

CHRISTINE A. DUDZIK
TELEPHONE: 312-595-2254
FAX 312-595-2250
EMAIL: DUDZIKC@HOWREY.COM

June 7, 2006

Gaspare J. Bono, Esq.
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006

Re:    _LG Philips LCD Co., Ltd. V. Tatung Co., et al. (C.A. No. 05-292 JJF)_

Dear Gap:

This is in response to your June 7, 2006 letter demanding Dr. Mody and CapAnalysis, LLC refrain from working on this case until a ¶ 2(b) (ii) disclosure is provided. Your demand is not justified.

Dr. Mody is and has been an employee of Howrey, LLP since August 2004. She has been working on this case under the direct supervision of myself and other partners on the case including Ms. Corbin, Ms. Gabler and Mr. Rhodes. CapAnalysis, LLC is a wholly-owned affiliate of Howrey, LLP. Furthermore, Dr. Mody's pay checks are issued by Howrey, LLP, and all of her benefits, including 401K, pension, and health insurance are Howrey, LLP benefits. Thus, she qualifies as an employee under ¶ 2(a) of the Protective Order and is not required to submit information pursuant to ¶ 2(b). Under these circumstances, we do not believe your requests are justified. We trust that this additional information resolves the matter with respect to Dr. Mody and CapAnalysis.

An additional related matter concerns the expert "Report of Cobb & Associates, LTD," which appears to be an expert report written by a firm instead of an individual. Indeed, the first paragraph of the report states the following, "Cobb & Associates, Ltd. has been retained by McKenna Long & Aldridge LLP to assist in the representation of LG.Philips LCD Co., Ltd. related to the above matter. Arthur H. Cobb and Lorna J. Beukelman have had primary responsibility for this engagement. Arthur H. Cobb is expected to render expert testimony related to this matter." In addition to this opening paragraph, the report is clearly not written by Mr. Cobb himself because the term "we" is used throughout the report to express Cobb & Associates' opinions and analyses.

While we did receive Mr. Cobb's signed protective order pursuant to ¶ 2(b)(i), (ii), and (iii), we have not received a signed protective order from Ms. Beukelman or any of the other employees who have written or done analysis for the "Report of Cobb & Associates, Ltd."

AMSTERDAM  BRUSSELS  CHICAGO  EAST PALO ALTO  HOUSTON  IRVINE  LONDON
LOS ANGELES  NORTHERN VIRGINIA  PARIS  SALT LAKE CITY  SAN FRANCISCO  TAIPEI  WASHINGTON, DC

Gap Bono, Esq.
June 7, 2006
Page 2

Because Ms. Beukelman, unlike Dr. Mody, clearly is an expert for the same reasons as Mr. Cobb, she and others involved with the preparation of the Cobb & Associates expert report should have provided a ¶ 2(b) disclosure ten days prior to receiving defendants' confidential information. The fact that these individuals had access to defendants' confidential information without making the appropriate disclosures is viewed as a violation of the Protective Order. Please provide such disclosures immediately.

As you will recall, Howrey disclosed all of the CRAI employees working under Mr. Wagner's direction and at your request, disclosed Dr. Werner's CV and allowed you extra time to object because you felt Dr. Werner was a "consulting expert" even though we disagreed with this characterization. (See email from Ms. Dutton to Mr. Mollo dated April 28, 2006 and Mr. Mollo's letter to Ms. Dutton April 27, 2006) Although Dr. Werner has no intention to render any opinions in this case, and is working under the direct supervision of Mr. Wager, we worked with the McKenna group to provide assurance that the protective order was not being violated. We expect that McKenna will provide us with the same assurance.

In light of fact that Ms. Beukelman has served as an expert for LPL and co-authored LPL's expert report, we request dates when Ms. Beukelman can be deposed as an expert.

Very truly yours,

Christine A. Dudzik

cc:    Cass W. Christenson
       Richard D. Kirk
       Matthew King

Atlanta

Denver

Los Angeles

Philadelphia

# McKenna Long
## & Aldridge LLP
### Attorneys at Law

1900 K Street, NW • Washington, DC 20006
202.496.7500 • Fax: 202.496.7756
www.mckennalong.com

San Diego

San Francisco

Washington, DC

Brussels

EMAIL ADDRESS
gbono@mckennalong.com

GASPARE J. BONO
(202) 496-7211

June 8, 2006

BY E-MAIL

Christine A. Dudzik, Esq.
Howrey LLP
321 North Clark Street
Suite 3400
Chicago, IL 60610

Re: *LG.Philips LCD Co. v. Tatung Co. of America, et al.*, C.A. No. 05-292-JJF

Dear Christine:

For the reasons outlined below, your letter does not resolve LPL's concerns regarding Dr. Mody and her access to LPL's confidential information. I repeat my request for a stand-still agreement, halting any work by CapAnalysis on his matter until LPL's concerns have been resolved.

Your representations that CapAnalysis is owned by Howrey, and that Dr. Mody is paid by Howrey, are immaterial. The clear intent of the Protective Order requires a full disclosure of any expert's or consultant's present and past work and affiliations, so as to allow the disclosing party to fully evaluate whether the expert's clientele and areas of work pose a competitive threat. The Protective Order contains no exception for experts or consultants who may be paid by a law firm. Consequently, the length and breadth of Dr. Mody's heretofore undisclosed work on this case, and the fact that she may be paid by Howrey (as the owner of her firm, CapAnalysis), is irrelevant.

The pertinent question is whether Dr. Mody is serving in the capacity of an expert or consultant, and her professional background and qualifications indicate that she is. According to CapAnalysis's web-site, Dr. Mody specializes in intellectual property and has valued patent portfolios and managed numerous patent infringement cases. Consequently, LPL needs a full Paragraph 2(b)(ii) disclosure in order to ascertain whether the disclosure of LPL's confidential information to Dr. Mody poses a competitive threat. Has Dr. Mody consulted for LPL's competitors in the LCD industry? Has she previously worked for the Defendants or their affiliates? For whom has she worked or provided consulting services in the past four years? Furthermore, what other members of CapAnalysis have had access to LPL's confidential information? Has Howrey submitted Acknowledgements from those persons? LPL cannot

Christine A. Dudzik, Esq.
June 8, 2006
Page 2

resolve its objections without these answers and Paragraph 2(b)(ii) disclosures for Dr. Mody and any other as of yet undisclosed CapAnalysis consultants working with LPL's confidential information. Your reluctance to cooperate to resolve this matter is very troubling and only heightens my concern that there has been a significant breach of the Protective Order.

Please let me know immediately whether you plan to accede to the requests from my July 7 letter. If you will not so agree, I will consider LPL's meet and confer obligations to have been satisfied and I will ask the Court for an Order (i) barring CapAnalysis from performing any further work on this matter, (ii) instructing Defendants to retrieve all LPL confidential information from CapAnalysis staff, (iii) striking all portions of Mr. Wagner's report or any of his opinions which relief upon or used in any way the work of CapAnalysis, (iv) requiring all CapAnalysis staff who received LPL's confidential information to sign Acknowledgements, and (v) awarding LPL its attorneys' fees, costs, and expenses in seeking this relief.

With respect to the expert report of Arthur Cobb and the involvement of Ms. Lorna Beukelman, your concerns are unfounded. Your protest disregards our firms' agreement that "Paragraph 2(b) of the Protective Order applies only to principal experts and not their staff (for example, analysts and associates)." (See letter of May 3, 2006 from Mr. Mollo to Ms. Dutton.) Pursuant to this Agreement, MLA withdrew its objections to Dr. Adam Werner. More importantly, pursuant this Agreement, we forwarded Ms. Beukelman's signed Acknowledgement to your attention on May 19, 2006. (See attached letter of May 19, 2006 from Adrian Mollo to Christine Dudzik, Thomas Jenkins, Robert Whetzel, and Matthew King.) Consequently, Ms. Beukelman has been properly disclosed, and your complaints and demands are baseless. Your protests that Mr. Cobb's report appears to have been drafted by a firm are likewise baseless. It was certainly within the contemplation of our mutual agreement that the experts, including Mr. Wagner and Mr. Cobb, would have the assistance of their supporting analysts and associates.

Please let me know immediately how you plan to proceed.

Sincerely,

Gaspare J. Bono

cc:    Cass W. Christenson
       Julie S. Gabler
       Steven Yovits
       Richard D. Kirk
       Matthew King

<table>
<tr><td>Atlanta</td><td rowspan="5">McKenna Long<br>& Aldridge<sub>LLP</sub><br>Attorneys at Law<br><br>1900 K Street, NW • Washington, DC 20006<br>202.496.7500 • Fax 202.496.7756<br>www.mckennalong.com</td><td>San Diego</td></tr>
<tr><td>Denver</td><td>San Francisco</td></tr>
<tr><td>Los Angeles</td><td>Washington, DC</td></tr>
<tr><td>Philadelphia</td><td>Brussels</td></tr>
</table>

ADRIAN P.J. MOLLO
(202) 496-7441

EMAIL ADDRESS
amollo@mckennalong.com

May 3, 2006

BY E-MAIL

Helen E. Dutton, Esq.
Howrey LLP
525 Market Street
Suite 3600
San Francisco, CA 94105-2708

Re:     _L.G. Philips LCD Co., Ltd. v. Tatung Co., et al._ (C.A. No. 05-292 JJF)

Dear Helen:

Based upon our discussions concerning acceptance of an expert's representation regarding the scope of his or her present and prior consultancies (specifically, that those consultancies involve neither the parties to this case nor the relevant display technologies) in lieu of requiring disclosure of consultancies that are confidential or too numerous to list, and in light of Mr. Wagner's representation that, with the exception of assisting Tatung in the related California cases, "he has not consulted with any other of the parties in this matter nor have any of his consultancies involved display technologies," LPL withdraws its objections to CPT's disclosure of Mr. Wagner.

I am also writing to confirm our agreement that Paragraph 2(b) of the Protective Order applies only to principal experts and not their staff (for example, analysts and associates). Consequently, while supporting analysts and associates must provide signed Acknowledgements before receiving another party's CONFIDENTIAL or CONFIDENTIAL ATTORNEYS ONLY information, such persons need not be disclosed as provided in Paragraph 2(b)(ii) of the Protective Order.

Helen E. Dutton, Esquire
May 3, 2006
Page 2

I believe these agreements resolve the outstanding expert disclosure issues, and I greatly appreciate your cooperation this past week in informally resolving LPL's concerns.

Very truly yours,

*Adrian P.J. Mollo*

Adrian P.J. Mollo

cc:    Cass W. Christenson, Esq.
       Matthew W. King, Esq.
       Richard D. Kirk, Esq.

## Mollo, Adrian

| | |
|---|---|
| From: | Mollo, Adrian |
| Sent: | Friday, May 19, 2006 11:59 AM |
| To: | 'DudzikC@howrey.com'; 'King, Matthew W.'; 'Jenkins, Thomas'; 'whetzel@rlf.com'; 'Doi, Elsa' |
| Cc: | Bono, Gaspare; 'Dick Kirk'; Christenson, Cass |
| Subject: | LG.Philips LCD Co., Ltd. v. Tatung Co. et al. (C.A. 05-292 JJF) -- Acknowledgements |

Attachments:     5-19-06 letter for Acknowledgements.PDF

Dear Counsel:

Attached please find my letter of today's date (May 19, 2006) forwarding copies of signed Acknowledgements, pursuant to Paragraph 4 of the Protective Order.

Respectfully yours,

Adrian Mollo, Esq.
McKenna Long & Aldridge LLP
Washington, D.C. 20006
(202) 496-7441 direct
amollo@mckennalong.com



5-19-06 letter for
Acknowledge...

1

010

# McKenna Long
# &Aldridge LLP
Attorneys at Law

Atlanta

Denver

Los Angeles

Philadelphia

1900 K Street, NW • Washington, DC 20006
202.496.7500 • Fax: 202.496.7756
www.mckennalong.com

San Diego

San Francisco

Washington, DC

Brussels

ADRIAN P.J. MOLLO
(202) 496-7441

EMAIL ADDRESS
amollo@mckennalong.com

May 19, 2006

BY E-MAIL

Christine A. Dudzik, Esq.
Thomas W. Jenkins, Esq.
321 North Clark Street, Suite 3400
Chicago, IL 60610

Robert W. Whetzel, Esq.
Matthew W. King, Esq.
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

Re:    *LG.Philips LCD Co. v. Tatung Co. of America, et al.*, C.A. No. 05-292-JJF

Dear Counsel:

Pursuant to ¶ 4 of the Stipulated Protective Order, attached please find copies of executed Acknowledgements for the following persons:

Lorna Buekelman
Sean Kiley
Shelly Orr Priebe
Jie Wang

Please don't hesitate to contact me if you have any questions.

Sincerely,

Adrian P.J. Mollo

Adrian P.J. Mollo

APM:mrs
Enclosures
cc  Cass W. Christenson, Esq.
     Gaspare J. Bono, Esq.

DC 50410703 1

011

05-18-'06 10:05  FROM-COBB & ASSOCIATES    6123375458    T-583  P02/02  U-628

## ACKNOWLEDGEMENT

I, _Lorna J. Beukelman_, declare:

1.    I reside at _7564 Zanzibar Lane North_ [Street Address]
_Maple Grove, Minnesota    55311_ [City, State, Zip code].

2.    I am employed by _Cobb & Associates, Ltd._ [Employer] located at
_3710 IDS Center, 80 S. 8th Street_ [Street Address]
_Minneapolis, MN 55402_ [City, State, Zip code] as
_Associate_ [Position or Title].

3.    I have read and understand the provisions of the Confidentiality Stipulation and Protective Order ("Protective Order") entered in the U.S. District Court for the District of Delaware ("the Court") with respect to the non-disclosure of CONFIDENTIAL and CONFIDENTIAL ATTORNEYS ONLY information and/or documents, and I agree to abide by and be bound by its terms. Specifically, and without limitation upon such terms, I agree not to use or disclose any confidential information made available to me other than in accordance with the Protective Order.

4.    I hereby submit to the jurisdiction of the Court for the limited purpose of enforcing the Protective Order, and this Acknowledgement, by contempt proceedings or other appropriate judicial remedies.

5.    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Acknowledgement was executed this _16th_ day of _May_, 2006

By _Lorna J. Beukelman_

19

012

## ACKNOWLEDGEMENT

1.  I, _SEAN KILEY_, declare:

    1    I reside at _3279 C SuTTeN PLACE, NW_ [Street Address]
    _WASHINGTON, DC  20016_ [City, State, Zip code]

    2.    I am employed by _COMPEX LITIGATION Support_ [Employer] located at
    _1099 14th STREET, NW  SuiTE 700 C_ [Street Address]
    _WASHINGTON, DC  20005_ [City, State, Zip code] as
    _REGIONAL VICE PRESIDENT_ [Position or Title]

    3    I have read and understand the provisions of the Confidentiality Stipulation and
    Protective Order ("Protective Order") entered in the U S District Court for the District of
    Delaware ("the Court") with respect to the non-disclosure of CONFIDENTIAL and
    CONFIDENTIAL ATTORNEYS ONLY information and/or documents, and I agree to abide by
    and be bound by its terms. Specifically, and without limitation upon such terms. I agree not to
    use or disclose any confidential information made available to me other than in accordance with
    the Protective Order

    4    I hereby submit to the jurisdiction of the Court for the limited purpose of
    enforcing the Protective Order, and this Acknowledgement, by contempt proceedings or other
    appropriate judicial remedies

    5    I declare under penalty of perjury under the laws of the United States of America
    that the foregoing is true and correct and that this Acknowledgement was executed this _12_
    day of _MAY_, 200 6

                                                By _____

19

013

<u>ACKNOWLEDGEMENT</u>

I, _____Shelly Orr Priebe_____, declare.

    1    I reside at _13005 On the Lake Road, Austin, TX 78732_ [Street Address]

_____ [City, State, Zip code]

    2.    I am employed by _McElroy Translation Company___ [Employer] located at

_____910 West Avenue, Austin, TX  78701_____ [Street Address]

_____ [City, State, Zip code] as

___General Manager_____ [Position or Title]

    3    I have read and understand the provisions of the Confidentiality Stipulation and
Protective Order ("Protective Order") entered in the U.S District Court for the District of
Delaware ("the Court") with respect to the non-disclosure of CONFIDENTIAL and
CONFIDENTIAL ATTORNEYS ONLY information and/or documents, and I agree to abide by
and be bound by its terms Specifically, and without limitation upon such terms, I agree not to
use or disclose any confidential information made available to me other than in accordance with
the Protective Order

    4    I hereby submit to the jurisdiction of the Court for the limited purpose of
enforcing the Protective Order, and this Acknowledgement, by contempt proceedings or other
appropriate judicial remedies

    5.    I declare under penalty of perjury under the laws of the United States of America
that the foregoing is true and correct and that this Acknowledgement was executed this _9th_
day of ___May_____, 200 6

By: _____

Shelly Orr Priebe
General Manager

19

## ACKNOWLEDGEMENT

I, ___Jie  Wang_____, declare:

    1    I reside at ___930 M  St.  NW_____ [Street Address]

___Washington    DC    2000|___ [City, State, Zip code].

    2.    I am employed by ___Special    Counsel___ [Employer] located at

___1920 L  St. NW    Suite  550_____ [Street Address]

___Washington    DC    20036___ [City, State, Zip code] as

___a  translator_____ [Position or Title]

    3    I have read and understand the provisions of the Confidentiality Stipulation and Protective Order ("Protective Order") entered in the U.S. District Court for the District of Delaware ("the Court") with respect to the non-disclosure of CONFIDENTIAL and CONFIDENTIAL ATTORNEYS ONLY information and/or documents, and I agree to abide by and be bound by its terms Specifically, and without limitation upon such terms, I agree not to use or disclose any confidential information made available to me other than in accordance with the Protective Order

    4    I hereby submit to the jurisdiction of the Court for the limited purpose of enforcing the Protective Order, and this Acknowledgement, by contempt proceedings or other appropriate judicial remedies

    5    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Acknowledgement was executed this _1st_

day of _May_____, 2006

By: _____

19

## Mollo, Adrian

**From:**    Dudzik, Christine [DudzikC@howrey.com]
**Sent:**    Thursday, June 08, 2006 7:34 PM
**To:**      Bono, Gaspare
**Cc:**      Gabler, Julie; Christenson, Cass; King@RLF.com; rkirk@bayardfirm.com; Mollo, Adrian; Yovits, Steven
**Subject:** Re: Letter re expert disclosure

Dear Gap
I am in receipt of your letter regarding Dr. Mody and will respond in full to the points raised in your letter tomorrow. I have asked Dr. Mody to refrain from working with any LPL confidential information until we have had an opportunity to fully respond to your letter. This, however, should not be construed as any concession on our part or a waiver of our position that she is an employee of Howery and not a consultant or expert for this case.

Regards,
Christine

Christine A. Dudzik
HOWREY LLP


-----Original Message-----
From: Bono, Gaspare
To: Dudzik, Christine
CC: Gabler, Julie; Christenson, Cass; King@RLF.com; Dick Kirk; Mollo, Adrian; Yovits, Steven
Sent: Thu Jun 08 15:46:07 2006
Subject: Letter re expert disclosure

Christine: Please see attached letter re expert disclosure. Best
Regards, Gap


<<dudzi001.PDF>>

CONFIDENTIALITY NOTICE:
This e-mail and any attachments contain information from the law firm of McKenna Long & Aldridge LLP, and are intended solely for the use of the named recipient or recipients. This e-mail may contain privileged attorney/client communications or work product. Any dissemination of this e-mail by anyone other than an intended recipient is strictly prohibited. If you are not a named recipient, you are prohibited from any further viewing of the e-mail or any attachments or from making any use of the e-mail or attachments. If you believe you have received this e-mail in error, notify the sender immediately and permanently delete the e-mail, any attachments, and all copies thereof from any drives or storage media and destroy any printouts of the e-mail or attachments.


---------------------------------------------------------------------------------------------
This email and any attachments contain information from the law firm of Howrey LLP, which may be confidential and/
The information is intended to be for the use of the individual or entity named on this email.
If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this em
If you receive this email in error, please notify us by reply email immediately so that we can arrange for the retrieval of

016

# HOWREY LLP

321 North Clark Street
Suite 3400
Chicago, IL 60610
www.howrey.com

CHRISTINE DUDZIK
TELEPHONE: 312-595-2254
FAX 312-595-2250
EMAIL: DUDZIKC@HOWREY.COM

June 9, 2006

**Via E-Mail**

Gaspare J. Bono, Esq.
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006

Re:    _LG Philips LCD Co., Ltd. V. Tatung Co., et al._ (C.A. No. 05-292 JJF)

Dear Gap:

I write to respond to your letter of June 8, 2006. Dr. Mody is an economist that is a full-time employee of Howrey, LLP. She clearly falls into the category in 2(a) of the protective order as an employee "working under the direct supervision of such attorneys...."

> 2       Information designated as CONFIDENTIAL may be disclosed only to the
> following persons:
>
>         (a)       outside attorneys representing any party in the above captioned action, and
> any paralegal, law clerk, or other employees working under the direct supervision of such
> attorneys, provided, however, that no person who is a party or a director, officer, managing agent
> or other employee of a party may be retained as a paralegal, stenographic or clerical employee
> within the meaning of this paragraph:

Although we strongly disagree with your suggestion that Dr. Mody is serving in the capacity of an expert or consultant on this case, in order to expedite a resolution to this issue we have addressed the concerns you outlined in your letter.

Almost all of Dr. Mody's work is for attorneys at Howrey, LLP. Aside from working on cases for Howrey attorneys, to her knowledge, Dr. Mody has not consulted for LPL's competitors or for any company in the LCD industry. Aside from working on cases for Howrey attorneys, she has not worked for the defendants or their affiliates. Dr. Mody has provided expert consulting services in the past fours years to the following law firms: Public Counsel,

AMSTERDAM  BRUSSELS  CHICAGO  EAST PALO ALTO  HOUSTON  IRVINE  LONDON
LOS ANGELES  NORTHERN VIRGINIA  PARIS  SALT LAKE CITY  SAN FRANCISCO  TAIPEI  WASHINGTON, DC

017

Gaspare J. Bono, Esq.
June 9, 2006
Page 2

Watson Rounds, and Akin Gump Strauss Hauer & Felds. The work on these cases involved the following subjects, respectively: Unfair Business Practices claim involving car loans to minorities, Unfair Business Practices claim involving selling spoiled meat at a grocery store, patent infringement involving electronic bingo gaming machines, and patent infringement involving wireless LAN technology. She has consulted on two cases in the past four years, for Affymetrix (regarding a bio-scanner patent) and for a non-public company involving a medical device.

The other CapAnalysis staff working on this case have not been involved in non-Howrey engagements with the exception of Mr. Marc Scoppettone and Ms. Jennifer Radcliffe, who have helped Dr. Mody in some of the outside engagements listed above.

Finally, it is important to note that before coming to Howrey, LLP, Dr. Mody went through a rigorous conflict check process with Howrey, LLP. All of Dr. Mody's outside consulting cases have been subject to Howrey's conflict check process and have been approved by Howrey, LLP.

This letter has addressed each one of your questions and hopefully ameliorates your concerns.

With regard to your communication regarding Ms. Lorna Beukelman. Ms. Beukelman is clearly acting as an expert in the "Report of Cobb & Associates, Ltd." The protective order clearly states:

> (ii)    For each expert to whom any party desires to disclose CONFIDENTIAL and/or CONFIDENTIAL ATTORNEYS ONLY information and/or documents, such party must first identify in writing to the attorneys for the producing party the following information: the expert's full name; professional address; educational background; general areas of expertise; all present employment and consultancies; all prior employment and consultancies within the last four years; all present or prior relationships between the expert and the receiving party, its subsidiaries, its affiliates, or other related entities; and a list of all cases in which the expert or consultant has testified at a deposition or in court within the last four years. An expert's disclosure of confidential employment and consultancies may be designated as CONFIDENTIAL ATTORNEYS ONLY.

Gaspare J. Bono, Esq.
June 9, 2006
Page 3

Your failure to provide her CV, prior testifying experience, and consultancies pursuant to paragraphs 2(b)(ii) and 2(b)(iii) of the protective order is in clear violation of the rules. Please explain. Also, we intend to take Ms. Beukelman's deposition as well as Mr. Cobb's deposition, given the prominence of both names in the report.

Very truly yours,

Christine Dudzik / 15f

Christine Dudzik

Atlanta

Denver

Los Angeles

Philadelphia

# McKenna Long
# &Aldridge LLP
### Attorneys at Law

1900 K Street, NW • Washington, DC 20006
202.496.7500 • Fax: 202.496.7756
www.mckennalong.com

San Diego

San Francisco

Washington, DC

Brussels

GASPARE J. BONO
(202) 496-7211

EMAIL ADDRESS
gbono@mckennalong.com

June 12, 2006

BY E-MAIL

Christine A. Dudzik, Esq.
Howrey LLP
321 North Clark Street
Suite 3400
Chicago, IL  60610

Re:    *LG.Philips LCD Co. v. Tatung Co. of America, et al.*, C.A. No. 05-292-JJF

Dear Christine:

I am writing in response to your letter of June 9. First, with respect to your disclosure for Dr. Mody and CapAnalysis, I will provide you with LPL's objections regarding the disclosure, if any, within ten (10) business days. *See* Protective Order, Para. 2(b)(iii). In the interim, LPL expects that Dr. Mody and CapAnalysis will continue to refrain from working on any aspects of this case that involve or relate to LPL's confidential information.

Second, with respect to Ms. Lorna Beukelman, you again disregard the record on this matter. Your damages expert Mr. Wagner is being assisted in this matter by six of his colleagues, including Dr. Adam Werner. LPL objected to Mr. Wagner's initial expert disclosure on a number of grounds, including that a Paragraph 2(b)(ii) disclosure was not provided for Dr. Werner. As I am sure you are aware, Dr. Werner has acted as a principal damages expert in securities and intellectual property cases, and his areas of expertise include valuations, rebuttal of damages calculations, patent litigation, and intellectual property.

Nevertheless, in the interests of resolving rather than creating disputes, we accepted your firm's proposal that Paragraph 2(b) disclosures are required of the testifying expert and not of an expert's supporting analysts and associates. Instead, the supporting analysts and associates must provide signed Acknowledgements. Although you may not have been aware of the fact, on May 19 we sent you Lorna Beukelman's Acknowledgement, which on its face noted that she is an Associate at Cobb & Associates. (With respect to your unwarranted demand for Ms. Beukelman's *c.v.* and prior testifying experience, you will find the same attached to Mr. Cobb's June 2, 2006 expert report.) Consequently, the record demonstrates that LPL has fully satisfied its obligations of disclosure under the Protective Order. Howrey should not ignore this agreement as part of an effort to distract from Defendants' improper disclosures to CapAnalysis.

Christine A. Dudzik, Esq.
June 12, 2006
Page 2

      Finally, I recommend that you reconsider your request for the deposition of an expert's supporting associate. Much as Mr. Wagner has the assistance of his six staff members (including Dr. Werner, a "Principal" at CRA, International), Mr. Cobb had the assistance of Ms. Beukelman, an Associate at Cobb & Associates. This is entirely within accepted practice, as well as the contemplation of our mutual agreement on this matter. Consequently, your request, which is without precedent or basis and would unnecessarily complicate the expert deposition process, is respectfully declined.

                          Sincerely,

                          Gaspare J. Bono

cc:    Cass W. Christenson
       Julie S. Gabler
       Steven Yovits
       Richard D. Kirk
       Matthew King

# McKenna Long
# &Aldridge<sub>LLP</sub>
### Attorneys at Law

Atlanta

Denver

Los Angeles

Philadelphia

1900 K Street, NW • Washington, DC 20006
202.496.7500 • Fax: 202.496.7756
www.mckennalong.com

San Diego

San Francisco

Washington, DC

Brussels

GASPARE J. BONO
(202) 496-7211

EMAIL ADDRESS
gbono@mckennalong.com

June 23, 2006

**BY E-MAIL**

Christine A. Dudzik, Esq.
Howrey LLP
321 North Clark Street
Suite 3400
Chicago, IL  60610

Re:    *LG.Philips LCD Co. v. Tatung Co. of America, et al.*, C.A. No. 05-292-JJF

Dear Christine:

I am writing in response to your letter of June 9, 2006. Due to the significant issues left unresolved by your June 9 disclosure, LPL cannot ascertain the degree of competitive threat posed by CapAnalysis's and Dr. Nisha Mody's access to LPL's confidential information. Consequently, LPL objects to the Defendants' proposed continued use of CapAnalysis and Dr. Mody as expert consultants in this case. In order to resolve this impasse, please provide a complete Paragraph 2(b)(ii) disclosure for Dr. Mody as well as acknowledgements and c.v.'s from all CapAnalysis associates and analysts who have had access to LPL's confidential information.

Dr. Mody and her associates at CapAnalysis are expert consultants. Their employment status with Howrey LLP is irrelevant, and your attempt to shoe horn them into the exception provided at Paragraph 2(a) of the Protective Order, which is intended for paralegals, legal secretaries, and law clerks, simply does not work. In fact, your letter acknowledges that Dr. Mody and her associates are expert consultants. Within the past 4 years, they have acted as independent expert consultants for a number of different firms on a variety of matters, including with respect to patent infringement actions. As such, Defendants are obligated to provide a Paragraph 2(b)(ii) disclosure for all of their work within the past four years.

Despite this fact, your June 9 disclosure attempts to avoid disclosing the complete nature of the work performed by Dr. Mody and her associates. You state in your letter that "Aside from working on cases for Howrey attorneys, to her knowledge, Dr. Mody has not consulted for LPL's competitors or for any company in the LCD industry," and that "she has not worked for the defendants or their affiliates." This leaves unanswered, however, the extent to which Dr. Mody has served as an expert consultant for the defendants or their affiliates in connection with Howrey matters. Likewise, has Dr. Mody provided expert consulting services for members of

DC 50418404.1

022

Christine A. Dudzik, Esq.
June 23, 2006
Page 2

the LCD industry (including LCD manufacturers, OEMs, and distributors) in connection with Howrey matters? Your letter also fails to address whether Dr. Mody's associates at CapAnalysis have worked for the defendants, their affiliates, or other members of the LCD industry. Consequently, your disclosure is incomplete. Without knowing for whom Dr. Mody and her associates at CapAnalysis have worked, and on what types of projects, LPL cannot adequately evaluate the potential competitive threat posed by Howrey's improper disclosure of LPL's confidential information.

Please immediately provide a full Paragraph 2(b)(ii) disclosure for Dr. Mody and her colleagues at CapAnalysis.[1]  The disclosure should identify:  "the expert's full name; professional address; educational background; general areas of expertise; all present employment and consultancies; all prior employment and consultancies within the last four years; all present or prior relationships between the expert and the receiving party, its subsidiaries, its affiliates, or other related entities; and a list of all cases in which the expert or consultant has testified at a deposition or in court within the last four years." Protective Order at Para. 2(b)(ii).

I was also surprised to learn from your letter that there are "other CapAnalysis staff working on this case." This is unacceptable. In my June 7 letter I requested that, pursuant to Paragraph 1(d) of the Protective Order, Howrey retrieve any and all of LPL's confidential information disclosed to CapAnalysis, inform those persons at CapAnalysis who received LPL's confidential information of all of the provisions of the Protective Order, obtain and send to me signed Acknowledgements from those persons, and identify what of LPL's confidential documents, testimony, or other information was disclosed to CapAnalysis. Were these actions taken?   Are CapAnalysis analysts continuing to work on this case, without providing Acknowledgements and without qualifying under the Protective Order? I have yet to receive any signed acknowledgements in response to my request.

We have previously agreed that analysts and associates may assist an expert consultant who has already been qualified under the Protective Order without being disclosed pursuant to Paragraph 2(b)(ii). If the expert consultant has yet to be qualified under the Protective Order, however, Paragraph 2(b)(ii) disclosures must be provided for each analyst and associate before those persons are given access to LPL's confidential information. To proceed otherwise would read a gaping hole into the protections provided by the Protective Order. Please immediately confirm that all of the steps requested in my June 7 letter have been taken, and please immediately provide Acknowledgements for all CapAnalysis personnel who have been working on this case. While I am attempting to resolve these issues informally, LPL reserves all of its rights to request appropriate relief and sanctions from the Court in connection with Defendants' continued mishandling of LPL's confidential information.

---

[1]    I do not understand the relevance of Dr. Mody's qualification under Howrey's conflicts process. The issue is whether Dr. Mody has performed consulting services that are in conflict with LPL's competitive interests.

DC:50418404.1

Christine A. Dudzik, Esq.
June 23, 2006
Page 3

     I look forward to receiving your response.

                                     Sincerely,

                                     Gaspare J. Bono

cc:    (by e-mail)
       Julie S. Gabler
       Steven Yovits
       Richard D. Kirk
       Matthew King
       Cass W. Christenson

06-26-06   08:22   From-HOWREY, LLP          2138922301          T-475   P.001/002   F-316

# HOWREY LLP

550 South Hope Street
Suite 1100
Los Angeles, CA 90071-2627
www.howrey.com

Julie S. Gabler
Partner
T 213.892.1852
F 213.892.2300
gablerj@howrey.com

June 26, 2006

Via Facsimile (202) 496-7756

Gaspare J. Bono, Esq.
McKenna Long & Aldrige LLP
1900 K Street, NW
Washington, DC 20006

Re:     *LG. Philips LCD Co., Ltd. v. Tatung Company, et al.*
        U.S.D.C., District of Delaware Civil Action No. 05-292

Dear Gaspare:

I am writing in response to your June 23, 2006 letter to Christine Dudzik regarding Howrey's use of Dr. Nisha Mody and CapAnalysis. As you know, since you were a Howrey partner at one time, CapAnalysis employees are employees of Howrey. CapAnalysis employees do not serve as experts on Howrey matters and your objections to our use of Dr. Mody and people working with Dr. Mody are totally unfounded and inappropriate. Dr. Mody is not acting as an expert or "principal expert" nor are any of the other people at CapAnalysis working on this case.

In your June 8, 2006 letter, you note that "Paragraph 2(b) of the Protective Order applies only to principal experts and not their staff (for example, analysts and associates)." You have also argued that one of your named experts, Ms. Lorna Beukelman, was properly disclosed when you sent her signed protective order without her CV or relevant case experience. Thus, according to your current position as asserted in your June 23 letter, you have not properly disclosed her under Paragraph 2(b), and we suspect, have not disclosed some number of other Cobb & Associates staff who also assisted with the report.

Your gamesmanship has gone on long enough. Now is the time for the parties and their attorneys to ready their cases for trial, not try to create inconsistently applied red herring issues. McKenna's expert disclosure conduct is actually problematic. Howrey's is not and your attempts to recast it as something else are to no avail.

Very truly yours,

*Julie Gabler / 1st*

Julie S. Gabler

cc:     Bob Whetzel, Esq.
        Matt King, Esq.
        Christine Dudzik, Esq.
        Richard Kirk, Esq.
        Cass Christenson, Esq.

DM_US\8360070.v1

Atlanta

Denver

Los Angeles

Philadelphia

# McKenna Long
# &Aldridge LLP
### Attorneys at Law

1900 K Street, NW • Washington, DC 20006
202.496.7500 • Fax: 202.496.7756
www.mckennalong.com

San Diego

San Francisco

Washington, DC

Brussels

GASPARE J. BONO
(202) 496-7211

EMAIL ADDRESS
jbono@mckennalong.com

June 27, 2006

VIA E-MAIL

Julie S. Gabler, Esq.
Howrey LLP
550 South Hope St., Suite 1100
Los Angeles, CA 90071

Re:     LG.Philips LCD Co., Ltd. v. Tatung Co., et al. (C.A. No. 05-292 JJF)

Dear Julie:

I am writing with respect to Howrey's use of CapAnalysis and Dr. Nisha Mody as expert consultants in this matter.

Let me summarize for you Defendants' disclosure, or lack thereof, for Dr. Mody and CapAnalysis. The Defendants will not represent whether Dr. Mody has worked for the defendants and their affiliates in connection with Howrey matters. The Defendants will not represent whether Dr. Mody has worked for other members of the LCD industry, including LCD manufacturers, OEMs, and distributors, in connection with Howrey matters. The Defendants are unwilling to make the same representations on behalf of Marc Scoppettone, Jennifer Radcliffe, and any other heretofore undisclosed CapAnalysis analysts working on this matter. The Defendants are unwilling to disclose Dr. Mody's present employment and consultancies, her employment and consultancies within the last four years, her present and prior relationships with the Defendants, their subsidiaries, affiliates, and other related entities, or a list of all cases in which the expert or consultant has testified at a deposition or in court within the last four years.

The fact that Defendants refuse to provide this information, even if by representation, is very troubling. If Dr. Mody were not working on sensitive licensing or litigation matters on behalf of the Defendants, I expect this matter would have been resolved a long time ago. It is my understanding that Howrey is counsel for one or more of LPL's competitors in the LCD industry, including for Chi Mei Optoelectronics in CMO's lawsuit with Semiconductor Energy Laboratories. Does Dr. Mody or her CapAnalysis colleagues work on this CMO matter? You state in your letter that this issue is not problematic and is simply gamesmanship. You could not be further from the truth.

026

Julie Gabler
June 27, 2006
Page 2

Despite LPL's repeatedly stated concerns, the Defendants have not complied with LPL's request to retrieve any and all of LPL's confidential information disclosed to CapAnalysis. Protective Order, Paragraphs 1(b) and 1(d). LPL has repeatedly requested that Defendants inform those persons at CapAnalysis who received LPL's confidential information of all of the provisions of the Protective Order. Protective Order, Paragraph 1(d). The Defendants have repeatedly ignored this request. LPL has repeatedly requested signed Acknowledgements from all CapAnalysis analysts who have worked with LPL's confidential information. Protective Order, Paragraphs 1(d) and 4. The Defendants have similarly ignored this request. LPL has requested that Defendants identify what of its confidential documents, testimony, or other information was disclosed to CapAnalysis. Protective Order, Paragraphs 1(b) and 1(d). Despite LPL's repeated requests, no such disclosure has been made.

This is a very serious matter. LPL cannot ascertain whether Dr. Nisha Mody, an expert in the area of patent and damages valuation, is consulting on matters that may jeopardize LPL's confidential information. The Defendants refuse to provide even general representations to address LPL's concern. Your firm steadfastly refuses to provide Acknowledgements from persons working with LPL's information or retrieve that information pending negotiation of this dispute. Please inform me promptly of whether the Defendants and Howrey intend to provide the information and Acknowledgements and take all of the steps requested in my June 23 letter to Christine Dudzik.

Very truly yours,

Gaspare J. Bono

cc:    Christine A. Dudzik, Esq.
       Matthew King, Esq.
       Richard D. Kirk, Esq.

027