UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG.PHILIPS LCD CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> TATUNG COMPANY; TATUNG COMPANY OF AMERICA, INC.; CHUNGHWA PICTURE TUBES, LTD.; AND VIEWSONIC CORPORATION, <br><br> Defendants. | Civil Action No. 05-292 (JJF) |

## JOINT PROPOSED PRELIMINARY AND GENERAL JURY INSTRUCTIONS

Pursuant to D. Del. LR 51.1(a), plaintiff LG.Philips LCD Co. Ltd. and defendants

Tatung Co., Tatung Co. of America, Inc., Chunghwa Picture Tubes, Ltd., and ViewSonic

Corp., submit the following proposed preliminary and general jury instructions.

THE BAYARD FIRM

/s/ Richard D. Kirk (rk0922)
rkirk@bayardfirm.com
222 Delaware Avenue, Suite 900
Wilmington, DE 19899-5130
(302) 655-5000
Attorneys for Plaintiff
LG.Philips LCD Co., Ltd.

OF COUNSEL:
Gaspare J. Bono
Matthew T. Bailey
Cass W. Christenson
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006
(202) 496-7500

RICHARDS, LAYTON & FINGER, P.A.

Robert W. Whetzel (rw2288)
whetzel@rlf.com
One Rodney Square, P.O. Box 551
Wilmington, DE 19899
(302) 651-7700
Attorneys for Defendants
Tatung Co., Tatung Co. of America, Inc.,
Chunghwa Picture Tubes, Ltd., and
ViewSonic Corp.

OF COUNSEL:
Christine A. Dudzik, Esq.
Thomas W. Jenkins, Esq.
Howrey LLP
321 North Clark Street
Suite 3400
Chicago, IL 60610

Teresa M. Corbin, Esq.
Glenn W. Rhodes, Esq.
Julie Gabler, Esq.
Howrey LLP
525 Market Street
Suite 3600
San Francisco, CA  94105

July 4, 2006

TABLE OF CONTENTS FOR PRELIMINARY
INSTRUCTIONS

Page

1.   INTRODUCTION ........................................................................................... 1

2.   CONSTITUTIONAL BASIS FOR PATENT GRANT.................................... 2

3.   EXCLUSIONARY RIGHT AND TERM OF A PATENT .............................. 3

4.   THE PARTS OF A PATENT ........................................................................ 4

5.   SUMMARY OF THE PATENT ISSUES ....................................................... 6

     5.1   LPL'S PROPOSED INSTRUCTION ON "SUMMARY OF THE
           PATENT ISSUES" ............................................................................... 6

     5.2   DEFENDANTS' PROPOSED INSTRUCTION ON "SUMMARY
           OF THE PATENT ISSUES" ................................................................ 9

6.   CONDUCT OF THE JURY ......................................................................... 12

7.   LPL's PROPOSED GLOSSARY ................................................................ 14

8.   DEFENDANTS' PROPOSED GLOSSARY ................................................. 15

# PRELIMINARY INSTRUCTIONS

## 1.    INTRODUCTION

Members of the jury:

Now that you have been sworn, I have the following preliminary instructions for guidance on your role as jurors in this case.

### The Parties

This case is an action for patent infringement arising under the Patent Laws of the United States. The parties are LG.Philips LCD Co., Ltd., the Plaintiff, and Chunghwa Picture Tubes, Ltd., Tatung Company, Tatung Company of America, and ViewSonic Corporation as the Defendants.

Plaintiff is the owner of United States Patent No. 5,019,002. This patent may be referred to by the lawyers and witnesses in this case as the '002 Patent or as the Patent-in-Suit.

Plaintiff LPL contends Defendants use, import, sell, and offer to sell liquid crystal display products (or "LCD products") that infringe the '002 Patent. Non-infringement and invalidity are defenses to a charge of infringement. In this action, the Defendants deny infringement of the '002 Patent and contend the Patent-in-Suit is invalid.


### Source

Uniform Jury Instructions for Patent Cases In The United States District Court For The District Of Delaware (1993).

## 2.    **CONSTITUTIONAL BASIS FOR PATENT GRANT**

The United States Constitution, Article I, Section 8, grants the Congress of the

United States the power to enact laws "to promote the progress of science and useful arts,

by securing for limited times to authors and inventors the exclusive right to their

respective writings and discoveries."

Source

Uniform Jury Instructions for Patent Cases In The United States District Court For The
District Of Delaware (1993).

**3.**    **EXCLUSIONARY RIGHT AND TERM OF A PATENT**

Whenever a patent is issued by the United States Patent and Trademark Office, the Patent Laws give the patent owner, here LG.Philips LCD Co., Ltd., the right to exclude others from making, using, offering to sell, selling and importing the invention throughout the United States for a specific period of time, usually around 20 years from the date the patent application was filed with the Patent and Trademark Office.

Source

Uniform Jury Instructions for Patent Cases In The United States District Court For The District Of Delaware (1993).

4.    **THE PARTS OF A PATENT**

I will next briefly describe the parts of a patent and some of the procedures followed by those attempting to obtain patents. Many of the terms used by me in this description are contained in a "Glossary of Patent Terms" which will be given to you along with a copy of these preliminary instructions. Feel free to refer to this Glossary throughout the trial.

For an invention to be patentable, it must be new, useful, and, at the time the invention was made, must not have been obvious to a person having ordinary skill in the art to which the subject matter pertains.

Under the Patent Laws, the Patent and Trademark Office examines patent applications and issues patents. A person applying for a patent must include a number of matters in his or her application, including the following: (1) a detailed description of the invention in terms sufficiently full, clear, concise and exact to enable any person skilled in the art to which the invention pertains to be able to make and use the invention; and (2) a disclosure of the best mode of carrying out the invention known to the inventor at the time of filing.

The application includes a written description of the invention called a "specification" and may include drawings that illustrate the invention. The specification concludes with one or more claims that particularly and distinctly define the subject matter that the inventor regards as his or her invention. When a patent application is received at the Patent and Trademark Office, it is assigned to an examiner, who examines the application, including the claims, to ascertain whether the application complies with the requirements of the U.S. Patent Laws. The examiner reviews files of prior work of others in the form of voluminous files of patents and publications. This type of material is

4

called "prior art." Documents found in the search of prior area are called "references." In conducting the search of prior art, the examiner notes in writing on the file the classes or subclasses of art searched. The compilation of the papers concerning the proceedings before the Patent Office is called the "prosecution history" or "file wrapper."

If, after reviewing the prior art maintained at the U.S. Patent and Trademark Office, the examiner concludes that the claims presented by the applicant patentably define the applicant's claimed invention over the most relevant known prior art, the application is granted as a U.S. Patent.

A patent gives its owner the right to exclude others from making, using, offering to sell, selling or importing the patented invention. A person who, without the patentee's authority uses a process that is covered by one or more claims of a valid patent, infringes that patent.

I will give you detailed instructions on the law at the end of the case. But in order to help you follow the evidence, I will give you a brief summary of the issues.

Source

Uniform Jury Instructions for Patent Cases In The United States District Court For The District Of Delaware (1993).

5.    **SUMMARY OF THE PATENT ISSUES**

The Parties could not agree upon the language for the instruction regarding "SUMMARY OF PATENT ISSUES." Following are each of LPL's and Defendants' respective forms of this jury instruction.

**5.1    LPL'S PROPOSED INSTRUCTION ON "SUMMARY OF THE PATENT ISSUES"**

In this case, you must decide several things according to the instructions that I shall give you at the end of the trial. Those instructions will repeat the summary I will give to you know, and will provide more detail. In essence, you must decide:

Duty of Jury

It will be your duty to find what the facts are from the evidence as presented at the trial. You, and you alone, are the judges of the facts. You will have to apply those facts to the law as I will instruct you at the close of the evidence. You must follow that law whether you agree with it or not.

You are the judges of the facts. I will decide which rules of law apply to this case.

Nothing I say or do during the course of the trial is intended to indicate what your verdict should be.

Evidence

The evidence from which you will find the facts will consist of the testimony of witnesses, and documents and other things admitted into evidence. In addition, the evidence may include certain facts as agreed to by the parties or as I instruct you.

Certain things are not evidence.

1.    Statements, arguments, and questions by lawyers are not evidence.

6

2.    Objections to questions are not evidence. Lawyers have an obligation to their clients to make an objection when they believe testimony or exhibits being offered into evidence are not admissible under the rules of evidence. You should not be influenced by a lawyer's objection or by my ruling on the objection. If I sustain or uphold the objection, and find the matter is not admissible, you should ignore the question or document. If I overrule an objection and allow the matter in evidence, you should treat the testimony or document like any evidence. If I instruct you during the trial that some item of evidence is admitted for a limited purpose, you must follow that instruction and consider that evidence for that purpose only. If this does occur during the trial I will try to clarify this for you at that time.

3.    Anything you see or hear outside the Courtroom is not evidence and must be disregarded. You are to decide this case solely on the evidence presented here in the Courtroom.

In judging the facts, it will be up to you to decide which witnesses to believe, which witnesses not to believe, and how much of any witness's testimony to accept or reject.

Burden of Proof

This is a civil case. LPL has the burden of proving infringement and damages by what is called a preponderance of the evidence. That means LPL has to produce evidence which, when considered in the light of all the facts, leads you to believe that what LPL claims is more likely true than not. To put it differently, if you were to put LPL's and the Defendants' evidence on the opposite sides of a scale, the evidence supporting LPL's

claims would have to make the scales tip somewhat on its side.  If LPL fails to meet this burden, your verdict must be for Defendants.

In this case, Defendants are urging that the '002 Patent is invalid.  A patent, however, is presumed to be valid.  Accordingly, Defendants have the burden of proving that the patent-in-suit is invalid by clear and convincing evidence.  Clear and convincing evidence is evidence that produces an abiding conviction that the truth of a factual contention is highly probable.  Proof by clear and convincing evidence is evidence that produces an abiding conviction that the truth of a factual contention is highly probable.  Proof by clear and convincing evidence is thus a higher burden then proof by a preponderance of the evidence.

Those of you who are familiar with criminal cases will have heard the term "proof beyond a reasonable doubt."  That burden does not apply in a civil case and you should, therefore, put it out of your mind in considering whether or not LPL has met its burden of proof by a preponderance of the evidence in this case.

Source

Uniform Jury Instructions for Patent Cases In The United States District Court For The District Of Delaware (1993).

**5.2    DEFENDANTS' PROPOSED INSTRUCTION ON "SUMMARY OF THE PATENT ISSUES"**

In this case, you must decide several things according to the instructions that I shall give you at the end of the trial.  Those instructions will repeat the summary I will give to you know, and will provide more detail.  In essence, you must decide:

Duty of Jury

It will be your duty to find what the facts are from the evidence as presented at the trial.  You, and you alone, are the judges of the facts.  You will have to apply those facts to the law as I will instruct you at the close of the evidence.  You must follow that law whether you agree with it or not.

You are the judges of the facts.  I will decide which rules of law apply to this case.

Nothing I say or do during the course of the trial is intended to indicate what your verdict should be.

Evidence

The evidence from which you will find the facts will consist of the testimony of witnesses, and documents and other things admitted into evidence.  In addition, the evidence may include certain facts as agreed to by the parties or as I instruct you.

Certain things are not evidence.

1.    Statements, arguments, and questions by lawyers are not evidence.

2.    Objections to questions are not evidence.  Lawyers have an obligation to their clients to make an objection when they believe testimony or exhibits being offered into evidence are not admissible under the rules of evidence.  You should not be influenced by a lawyer's  objection or by my ruling on the objection.  If I sustain or

9

uphold the objection, and find the matter is not admissible, you should ignore the question or document. If I overrule an objection and allow the matter in evidence, you should treat the testimony or document like any evidence. If I instruct you during the trial that some item of evidence is admitted for a limited purpose, you must follow that instruction and consider that evidence for that purpose only. If this does occur during the trial I will try to clarify this for you at that time.

3.      Anything you see or hear outside the Courtroom is not evidence and must be disregarded. You are to decide this case solely on the evidence presented here in the Courtroom.

In judging the facts, it will be up to you to decide which witnesses to believe, which witnesses not to believe, and how much of any witness's testimony to accept or reject.

Burden of Proof

This is a civil case. LPL has the burden of proving infringement and damages by what is called a preponderance of the evidence. That means LPL has to produce evidence which, when considered in the light of all the facts, leads you to believe that what LPL claims is more likely true than not. If LPL fails to meet this burden, your verdict must be for Defendants.

In this case, Defendants are urging that the '002 Patent is invalid. A patent, however, is presumed to be valid. Accordingly, Defendants have the burden of proving that the patent-in-suit is invalid by clear and convincing evidence. Clear and convincing evidence is evidence that the contention is highly probable. Proof by clear and convincing evidence is evidence that produces an abiding conviction that the truth of a

10

factual contention is highly probable.  Proof by clear and convincing evidence is thus a higher burden then proof by a preponderance of the evidence.

Those of you who are familiar with criminal cases will have heard the term "proof beyond a reasonable doubt."  That burden does not apply in a civil case and you should, therefore, put it out of your mind in considering whether or not LPL has met its burden of proof by a preponderance of the evidence in this case.


<u>Source</u>

Uniform Jury Instructions for Patent Cases In The United States District Court For The District Of Delaware (1993).

6.    **CONDUCT OF THE JURY**

Now, a few words about your conduct as jurors.

First, during the trial and until you have heard all of the evidence and retired to the jury room to deliberate, you are not to discuss the case with anyone, not even among yourselves. If anyone should try to talk to you about the case, bring it to my attention promptly.

Second, do not read or listen to anything touching on this case that is not admitted into evidence. By that I mean, if there may be a newspaper article or radio or television report relating to this case, do not read the article or watch or listen to the report.  In addition, do not try to do any independent research or investigation on your own on matters relating to the case.

Finally, do not reach any conclusion as to the claims until all of the evidence is in. Keep an open mind until you start your deliberations at the end of the case.

If you wish, you may take notes. My Courtroom deputy will arrange for pens, pencils and paper.  If you do take notes, leave them in the jury room when you leave at night.  And remember that they are for your own personal use--they are not to be given or read to anyone else.  Would anyone like a pad of paper and pen?

Course of the Trial

The trial will now begin.  First, each side may make an opening statement.  An opening statement is neither evidence nor argument. It is an outline of what that party intends to prove, and is presented to help you follow the evidence as it is offered.

After the opening statements, LPL will present its witnesses, and the Defendants may cross-examine them.  Then the Defendants will present their witnesses, and LPL may cross-examine them.

After all of the evidence is presented, the attorneys will make their closing arguments to summarize and interpret the evidence for you, and I will give you instructions on the law and describe for you the matters you must resolve.

You will then retire to the jury room to deliberate on your verdict.

At the end of this trial and before you begin your deliberations, I will read and give you a copy of written instructions on the law.

Source

Uniform Jury Instructions for Patent Cases In The United States District Court For The District Of Delaware (1993).

# GLOSSARY OF PATENT TERMS

As the Parties could not agree upon the language for the "Glossary of Patent Terms," each side herein proposes its own proposed form of the Glossary.

## LPL'S PROPOSED
## GLOSSARY OF PATENT TERMS

| | |
|---|---|
| Assignment | Transfer of ownership rights in a patent or patent application from one person or company to another. |
| Claims | That part of a patent which defines the metes and bounds of the invention. These are found at the end of the patent specification in the form of numbered paragraphs. |
| Disclosure of description | That part of the patent specification which explains how the invention works and usually includes a drawing. |
| File wrapper | The written record of proceedings in the Patent Office including the original patent application and subsequent communications between the Patent Office and applicant. |
| Patent Application | The initial papers filed in the United States Patent and Trademark Office (Patent Office or PTO) by an applicant. These typically include a specification, drawings and the oath (Declaration) of applicant. |
| Patent Examiners | Personnel employed by the Patent Office having expertise in various technical areas who review (examine) patent applications to determine whether the claims of a patent application are patentable and the disclosure adequately describes the invention. |
| Prior art | Any information which is used to describe public, technical knowledge prior to the invention by applicant or more than a year prior to his application. |
| References | Any item of prior art (publication or patent) used to determine patentability. |
| Specification | That part of the patent application or patent which describes the invention and concludes with one or more claims. |

## DEFENDANTS' PROPOSED
## GLOSSARY OF PATENT TERMS

Assignment        Transfer of ownership rights in a patent or patent application from one person or company to another.

Claims        That part of a patent which defines the metes and bounds of the invention. These are found at the end of the patent specification in the form of numbered paragraphs.

Disclosure of description        That part of the patent specification which explains how the invention works and usually includes a drawing.

File wrapper        The written record of proceedings in the Patent Office including the original patent application and subsequent communications between the Patent Office and applicant.

Patent Application        The initial papers filed in the United States Patent and Trademark Office (Patent Office or PTO) by an applicant. These typically include a specification, drawings and the oath (Declaration) of applicant.

Patent Examiners        Personnel employed by the Patent Office having expertise in various technical areas who review (examine) patent applications to determine whether the claims of a patent application are patentable and the disclosure adequately describes the invention.

Prior art        Any documentation or public use or knowledge of the invention prior to the invention of the patent.

References        Any item of prior art (publication or patent) used to determine patentability.

Specification    That part of the patent application or patent which describes the invention and concludes with one or more claims.

15

TABLE OF CONTENTS FOR GENERAL
INSTRUCTIONS

Page

1.    INTRODUCTION ................................................................................ 1

    1.1    JURORS' DUTIES................................................................... 2

        1.1.1    LPL'S PROPOSED INSTRUCTION ON "JURORS'
                 DUTIES"...................................................................... 2

        1.1.2    DEFENDANTS' PROPOSED INSTRUCTION ON
                 "JURORS' DUTIES" ..................................................... 3

    1.2    BURDENS OF PROOF ........................................................... 4

        1.2.1    LPL'S PROPOSED INSTRUCTION ON "BURDENS OF
                 PROOF"........................................................................ 4

        1.2.2    DEFENDANTS' PROPOSED INSTRUCTION ON
                 "BURDENS OF PROOF" ............................................... 6

    1.3    EVIDENCE DEFINED ............................................................ 8

    1.4    CONSIDERATION OF EVIDENCE ....................................... 9

    1.5    DIRECT AND CIRCUMSTANTIAL EVIDENCE .................. 10

    1.6    CREDIBILITY OF WITNESSES .......................................... 11

    1.7    NUMBER OF WITNESSES .................................................. 12

    1.8    EXPERT WITNESSES ......................................................... 13

    1.9    STIPULATED FACTS........................................................... 14

2.    THE PARTIES AND THEIR CONTENTIONS ................................... 15

    2.1    THE PARTIES...................................................................... 15

    2.2    LPL'S CONTENTIONS ......................................................... 16

    2.3    DEFENDANT'S CONTENTIONS........................................... 17

    2.4    SUMMARY OF THE ISSUES ............................................... 18

        2.4.1    LPL'S PROPOSED INSTRUCTION ON "SUMMARY
                 OF THE ISSUES"........................................................ 18

        2.4.2    DEFENDANTS' PROPOSED INSTRUCTION ON
                 "SUMMARY OF THE ISSUES" .................................... 20

3.    INFRINGEMENT............................................................................... 22

    3.1    CLAIM INFRINGEMENT...................................................... 22

      3.1.1  LPL'S PROPOSED INSTRUCTION ON "CLAIM INFRINGEMENT" ................................................................ 22

      3.1.2  DEFENDANTS' PROPOSED INSTRUCTION ON "CLAIM INFRINGEMENT" ............................................. 23

3.2    CONSTRUCTION OF CLAIMS ........................................ 24

3.3    DEPENDENT AND INDEPENDENT CLAIMS ............................. 25

      3.3.1  LPL'S PROPOSED INSTRUCTION ON "DEPENDENT AND INDEPENDENT CLAIMS" .......................................... 25

      3.3.2  DEFENDANTS' PROPOSED INSTRUCTION ON "DEPENDENT AND INDEPENDENT CLAIMS" .............................. 26

3.4    PATENT INFRINGEMENT -- GENERALLY ................................ 28

      3.4.1  LPL'S PROPOSED INSTRUCTION ON "PATENT INFRINGEMENT -- GENERALLY" ...................................... 28

      3.4.2  DEFENDANTS' PROPOSED INSTRUCTION ON "PATENT INFRINGEMENT -- GENERALLY" .................................. 30

3.5    DIRECT INFRINGEMENT -- KNOWLEDGE OF PATENT OR INTENT TO INFRINGE IS IMMATERIAL ............................... 31

      3.5.1  LPL'S PROPOSED INSTRUCTION ON "DIRECT INFRINGEMENT -- KNOWLEDGE OF PATENT OR INTENT TO INFRINGE IS IMMATERIAL" ....................... 31

      3.5.2  DEFENDANTS' PROPOSED INSTRUCTION ON "DIRECT INFRINGEMENT -- KNOWLEDGE OF PATENT OR INTENT TO INFRINGE IS IMMATERIAL" ................................................. 33

3.6    INDUCING PATENT INFRINGEMENT ................................... 34

      3.6.1  LPL'S PROPOSED INSTRUCTION ON "INDUCING PATENT INFRINGEMENT" ................................... 34

      3.6.2  DEFENDANTS' PROPOSED INSTRUCTION ON "INDUCING PATENT INFRINGEMENT" ........................... 37

3.7    LITERAL INFRINGEMENT ............................................ 38

3.8    DOCTRINE OF EQUIVALENTS ........................................ 39

      3.8.1  LPL'S PROPOSED INSTRUCTION ON "DOCTRINE OF EQUIVALENTS" ................................................. 39

      3.8.2  DEFENDANTS' PROPOSED INSTRUCTION ON "DOCTRINE OF EQUIVALENTS" ..................................... 41

3.9    SITUATIONS WHERE RESORT TO DOCTRINE OF EQUIVALENTS  IS NOT PERMITTED ............................... 43

| | | 3.9.1 | LPL'S PROPOSED INSTRUCTION ON "SITUATIONS WHERE RESORT TO DOCTRINE OF EQUIVALENTS IS NOT PERMITTED".......................................................... 43 |
|---|---|---|---|
| | | 3.9.2 | DEFENDANTS' PROPOSED INSTRUCTION ON "SITUATIONS WHERE RESORT TO DOCTRINE OF EQUIVALENTS  IS NOT PERMITTED"................................. 45 |
| | 3.10 | | OPEN ENDED OR "COMPRISING" CLAIMS............................ 46 |
| | | 3.10.1 | LPL'S PROPOSED INSTRUCTION ON "OPEN ENDED OR 'COMPRISING' CLAIMS"............................................. 46 |
| | | 3.10.2 | DEFENDANTS' PROPOSED INSTRUCTION ON "OPEN ENDED OR 'COMPRISING' CLAIMS".................... 48 |
| | 3.11 | | WILLFUL INFRINGEMENT .................................................. 49 |
| | | 3.11.1 | LPL'S PROPOSED INSTRUCTION ON "WILLFUL INFRINGEMENT"................................................................ 49 |
| | | 3.11.2 | DEFENDANTS' PROPOSED INSTRUCTION ON "WILLFUL INFRINGEMENT" ............................................ 51 |
| 4. | | | VALIDITY DEFENSES  -- LPL's Proposed Instructions ............................ 53 |
| | 4.1 | | PRESUMPTION OF VALIDITY.................................................... 53 |
| | 4.2 | | ANTICIPATION ......................................................................... 55 |
| | 4.3 | | OBVIOUSNESS .......................................................................... 56 |
| | | 4.3.1 | SCOPE AND CONTENT OF THE PRIOR ART .................... 58 |
| | | 4.3.2 | DIFFERENCES OVER THE PRIOR ART............................ 59 |
| | | 4.3.3 | LEVEL OF ORDINARY SKILL ........................................ 60 |
| | | 4.3.4 | OBJECTIVE CRITERIA CONCERNING OBVIOUSNESS .................................................................. 61 |
| | | 4.3.5 | MOTIVATION TO COMBINE ............................................. 63 |
| | | 4.3.6 | OBVIOUSNESS - HINDSIGHT ........................................... 64 |
| | | 4.3.7 | TEACHING AWAY OF PRIOR ART.................................... 65 |
| | | 4.3.8 | OBVIOUS TO TRY ............................................................ 66 |
| | | 4.3.9 | INDEPENDENT INVENTION BY OTHERS......................... 67 |
| 5. | | | VALIDITY DEFENSES  -- Defendants' Proposed Instructions...................... 68 |
| | 5.1 | | INVALIDITY – BURDEN OF PROOF............................................. 68 |
| | 5.2 | | WRITTEN DESCRIPTION REQUIREMENT.................................. 69 |
| | 5.3 | | ENABLEMENT ......................................................................... 70 |
| | 5.4 | | ANTICIPATION ......................................................................... 72 |

| | | | |
|---|---|---|---|
| | 5.5 | OBVIOUSNESS | 73 |
| | | 5.5.1 SCOPE AND CONTENT OF THE PRIOR ART | 75 |
| | | 5.5.2 DIFFERENCES OVER THE PRIOR ART | 76 |
| | | 5.5.3 LEVEL OF ORDINARY SKILL IN THE FIELD | 77 |
| | | 5.5.4 ADDITIONAL CONSIDERATIONS | 78 |
| | | 5.5.5 MOTIVATION TO SELECT AND COMBINE PRIOR ART | 81 |
| 6. | | DAMAGES -- LPL's Proposed Instructions | 82 |
| | 6.1 | COMPENSATORY DAMAGES IN GENERAL | 82 |
| | 6.2 | FORESEEABILITY | 83 |
| | 6.3 | REASONABLE CERTAINTY | 84 |
| | 6.4 | ENTIRE MARKET VALUE RULE | 85 |
| | 6.5 | REASONABLE ROYALTY AS A MEASURE OF DAMAGES | 86 |
| | 6.6 | FACTORS FOR DETERMINING REASONABLE ROYALTY | 88 |
| | 6.7 | COST SAVINGS AS A BASIS FOR REASONABLE ROYALTY | 90 |
| | 6.8 | INTEREST | 91 |
| | 6.9 | CLOSING STATEMENT - DAMAGES | 92 |
| | 6.10 | CURATIVE INSTRUCTION | 93 |
| 7. | | DAMAGES -- Defendants' Proposed Instructions | 94 |
| | 7.1 | DAMAGES - GENERALLY | 94 |
| | 7.2 | DATE DAMAGES BEGIN | 95 |
| | 7.3 | REASONABLE ROYALTY | 97 |
| | 7.4 | REASONABLE ROYALTY – DEFINITION | 98 |
| | 7.5 | Reasonable Royalty -- Relevant Factors | 99 |
| | 7.6 | EXCEPTIONAL CASE | 101 |
| 8. | | DELIBERATION AND VERDICT | 102 |
| | 8.1 | INTRODUCTION | 102 |
| | 8.2 | UNANIMOUS VERDICT | 103 |
| | 8.3 | DUTY TO DELIBERATE | 105 |
| | 8.4 | COURT HAS NO OPINION | 106 |

## GENERAL INSTRUCTIONS

### 1.    INTRODUCTION

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

I will start by explaining your duties and the general rules that apply in every civil case.

Then I will explain some rules that you must use in evaluating particular testimony and evidence.

Then I will explain the positions of the parties and the law you will apply in this case.

And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.  You will have a written copy of these instructions with you in the jury room for your reference during your deliberations. You will also have a verdict form, which will list the interrogatories, or questions, that you must answer to decide this case.

Please listen very carefully to everything I say.

Source

Uniform Jury Instructions for Patent Cases In The United States District Court For The District Of Delaware (1993).

1

## 1.1    JURORS' DUTIES

The Parties could not agree upon the language for the instruction regarding "JUROR'S DUTIES." Following are each of LPL's and Defendants' respective forms of this jury instruction.

### 1.1.1    LPL'S PROPOSED INSTRUCTION ON "JURORS' DUTIES"

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if, by a preponderance of the evidence, the defendants are liable. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

Source

Uniform Jury Instructions for Patent Cases In The United States District Court For The District Of Delaware (1993).

### 1.1.2   DEFENDANTS' PROPOSED INSTRUCTION ON "JURORS' DUTIES"

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if, by a preponderance of the evidence, the defendants are liable for infringement or by clear and convincing evidence, the patent is invalid. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

Source

Uniform Jury Instructions for Patent Cases In The United States District Court For The District Of Delaware (1993).

## 1.2    BURDENS OF PROOF

The Parties could not agree upon the language for the instruction regarding "JUROR'S DUTIES." Following are each of LPL's and Defendants' respective forms of this jury instruction.

### 1.2.1    LPL'S PROPOSED INSTRUCTION ON "BURDENS OF PROOF"

This is a civil case in which the Plaintiff LG.Philips LCD Co. (which I will refer to as "LPL"), is seeking damages from 4 Defendants, companies named Chunghwa Picture Tubes, Ltd. (which I will refer to as "CPT"), Tatung Company (which I will refer to as "Tatung"), Tatung Company of America, Inc. (which I will refer to as "Tatung America"), and ViewSonic Corporation (which I will refer to as "ViewSonic") for patent infringement.

LPL has the burden of proving patent infringement by what is called a preponderance of the evidence. That means LPL has to produce evidence which, when considered in light of all of the facts, leads you to believe that what LPL claims is more likely true than not. To put it differently, if you were to put LPL's and the Defendant's evidence on the opposite sides of a scale, the evidence supporting LPL's claims would have to make the scales tip somewhat on its side.

LPL also contends that the Defendants' infringement of its patent was willful. To prove that their infringement was willful, LPL must come forward with clear and convincing evidence that the Defendants willfully infringed. Clear and convincing evidence is evidence that produces an abiding conviction that the truth of a factual contention is highly probable. Proof by clear and convincing evidence is thus a higher burden than proof by a preponderance of the evidence.

In this case, the Defendants CPT, Tatung, Tatung America, and ViewSonic are urging that LPL's patent is invalid. A patent, however, is presumed to be valid. Accordingly, the Defendants have the burden of proving that the Patent-In-Suit is invalid by clear and convincing

4

evidence. As I just mentioned, clear and convincing evidence is evidence that produces an abiding conviction that the truth of a factual contention is highly probable. Proof by clear and convincing evidence is thus a higher burden than proof by a preponderance of the evidence.

Those of you who are familiar with criminal cases will have heard the term "proof beyond a reasonable doubt." That burden does not apply in a civil case and you should, therefore, put it out of your mind in considering whether or not LPL or Defendants have met their burden of proof.

Source

Uniform Jury Instructions for Patent Cases In The United States District Court For The District Of Delaware (1993).

1.2.2   DEFENDANTS' PROPOSED INSTRUCTION ON "BURDENS OF PROOF"

This is a civil case in which the Plaintiff LG.Philips LCD Co. (which I will refer to as "LPL"), is seeking damages from 4 Defendants, companies named Chunghwa Picture Tubes, Ltd. (which I will refer to as "CPT"), Tatung Company (which I will refer to as "Tatung"), Tatung Company of America, Inc. (which I will refer to as "Tatung America"), and ViewSonic Corporation (which I will refer to as "ViewSonic") for patent infringement.

LPL has the burden of proving patent infringement by what is called a preponderance of the evidence. That means LPL has to produce evidence which, when considered in light of all of the facts, leads you to believe that what LPL claims is more likely true than not.

LPL also contends that the Defendants' infringement of its patent was willful. To prove that their infringement was willful, LPL must come forward with clear and convincing evidence that the Defendants willfully infringed. Clear and convincing evidence is evidence that produces an abiding conviction that the truth of a factual contention is highly probable. Proof by clear and convincing evidence is thus a higher burden than proof by a preponderance of the evidence.

In this case, the Defendants CPT, Tatung, Tatung America, and ViewSonic are urging that LPL's patent is invalid. A patent, however, is presumed to be valid. Accordingly, the Defendants have the burden of proving that the Patent-In-Suit is invalid by clear and convincing evidence. Clear and convincing evidence is evidence showing that it is highly probable that the claims are invalid. Proof by clear and convincing evidence is thus a higher burden than proof by a preponderance of the evidence.

Those of you who are familiar with criminal cases will have heard the term "proof beyond a reasonable doubt." That burden does not apply in a civil case and you should,

6

therefore, put it out of your mind in considering whether or not LPL or Defendants have met

their burden of proof.

Source

Uniform Jury Instructions for Patent Cases In The United States District Court For The District
Of Delaware (1993).

### 1.3    EVIDENCE DEFINED

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, the stipulations that the lawyers agreed to, and the facts that I have judicially noticed.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. Any of my comments and questions are not evidence.

During the trial I may have not let you hear the answers to some of the questions that the lawyers asked. I also may have ruled that you could not see some of the exhibits that the lawyers wanted you to see. And sometimes I may have ordered you to disregard things that you saw or heard, or I may have struck things from the record. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

Source

Uniform Jury Instructions for Patent Cases In The United States District Court For The District Of Delaware (1993).

**1.4    CONSIDERATION OF EVIDENCE**

You should use your common sense in weighing the evidence.  Consider it in light of

your everyday experience with people and events, and give it whatever weight you believe it

deserves.  If your experience tells you that certain evidence reasonably leads to a conclusion, you

are free to reach that conclusion.

Source

Uniform Jury Instructions for Patent Cases In The United States District Court For The District
Of Delaware (1993).

### 1.5    DIRECT AND CIRCUMSTANTIAL EVIDENCE

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, nor does it say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

Source

Uniform Jury Instructions for Patent Cases In The United States District Court For The District Of Delaware (1993).

### 1.6    CREDIBILITY OF WITNESSES

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely about some important fact, or, whether there was evidence that at some other time the witness said [or did] something, [or failed to say or do something] that was different from the testimony he gave at the trial.

You should remember that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth. People may tend to forget some things or remember other things inaccurately. If a witness has made a misstatement, you must consider whether it was simply an innocent lapse of memory or an intentional falsehood, and that may depend upon whether it concerns an important fact or an unimportant detail.

Source

Uniform Jury Instructions for Patent Cases In The United States District Court For The District Of Delaware (1993).

### 1.7    NUMBER OF WITNESSES

One more point about the witnesses.  Sometimes jurors wonder if the number of witnesses who testified makes any difference.

Do not make any decisions based only on the number of witnesses who testified.  What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.  Concentrate on that, not the numbers.

Source

Uniform Jury Instructions for Patent Cases In The United States District Court For The District Of Delaware (1993).

**1.8    EXPERT WITNESSES**

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field - he is called an expert witness - is permitted to state his opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely upon it.

Source

Uniform Jury Instructions for Patent Cases In The United States District Court For The District Of Delaware (1993).

**1.9    STIPULATED FACTS**

LPL, CPT, Tatung, Tatung America, and ViewSonic have stipulated – that is, they have agreed – that certain facts are as counsel have read into the record. You should, therefore, treat those facts as having been proved.

2.   **THE PARTIES AND THEIR CONTENTIONS**

### 2.1   THE PARTIES

Plaintiff LG.Philips LCD Co., Ltd. is a Korean company with its principal place of business in Korea.

Defendant Chunghwa Picture Tubes, Ltd. is a Taiwanese corporation with its principal place of business in Taiwan. Defendant Tatung Company is a Taiwanese corporation with its principal place of business in Taiwan. Defendant Tatung Company of America is a California corporation with its principal place of business in California. Defendant ViewSonic Corporation is a California corporation with its principal place of business in California.

LPL owns U.S. Letters Patent 5,019,002, entitled "Method of Manufacturing Flat Panel Backplanes including Electrostatic Discharge Prevention and Displays Made Thereby," which I will refer to as the '002 Patent or as the Patent-In-Suit.

## 2.2    LPL'S CONTENTIONS

LPL contends that liquid crystal display modules, or "LCD Modules," manufactured by CPT were made using the techniques and process claimed in LPL's '002 Patent.

LPL further contends that CPT then sells these infringing LCD Modules to Defendants Tatung, Tatung America, and ViewSonic for use in the LCD monitors and televisions that those Defendants then use, sell, offer for sale throughout, and import into the United States.  As such, LPL contends that CPT, Tatung, Tatung America, and ViewSonic infringe the '002 Patent by using, selling, importing, and offering to sell these infringing LCD products throughout the United States.

LPL further contends that CPT, Tatung, Tatung America, and ViewSonic have actively induced third parties to infringe the '002 Patent, by actively and knowingly aiding and abetting those third parties to use, sell, import, and offer for sale these infringing LCD products throughout the United States.

LPL also contends that CPT, Tatung, Tatung America, and ViewSonic were aware of the '002 Patent, and its relevance to their activities, but did not exercise due care and investigate whether their activities infringe any valid claim of the '002 Patent.  As such, LPL contends that each Defendant's infringement of the '002 Patent was willful.

LPL seeks from you, the jury, i) an award of damages in the form of a reasonable royalty, and ii) a declaration that each Defendant's infringement of the '002 Patent was willful.

## 2.3    DEFENDANT'S CONTENTIONS

CPT, Tatung, Tatung America and ViewSonic (collectively the "Defendants") contend that they do not infringe the '002 Patent. The Defendants further contend that there can be no infringement because the '002 Patent is invalid. The Defendants also contend that LPL has failed to show the use, offer to sell or sale within the US, or importation into the US of all of the products for which LPL is claiming damages. The Defendants also contend that LPL has failed to establish the amount of a reasonable royalty. The Defendants also contend that there was no willful infringement. If liability were to be found, the Defendants contend that the amount of any payment should be less than that requested by LPL. Defendants also contend that LPL did not fulfill its obligation of notifying defendants of the patent until it filed suit in May 2005, and thus, there can be no damages collected for sales made before that.

**2.4    SUMMARY OF THE ISSUES**

The Parties could not agree upon the language for the instruction regarding "SUMMARY OF THE ISSUES." Following are each of LPL's and Defendants' respective forms of this jury instruction.

### 2.4.1    LPL'S PROPOSED INSTRUCTION ON "SUMMARY OF THE ISSUES"

LPL must demonstrate by a preponderance of the evidence that CPT's LCD Modules were made using a process claimed in the '002 Patent.

There are 57 CPT LCD Modules that LPL alleges infringe the '002 Patent, and these 57 LCD Modules can be sorted into 3 categories of CPT LCD Modules, specifically those modules that contain inner guard rings, those that contain outer guard rings, and those that contain both inner and outer guard rings.

The first issue for you, the jury, is to determine whether each Defendant has infringed the '002 Patent, either or both directly or indirectly by actively inducing another to infringe.

CPT, Tatung, Tatung America, and ViewSonic are liable for direct infringement of the '002 Patent if LPL proved by a preponderance of the evidence that they used, sold, offered for sale, or imported in or to the United States any infringing LCD modules or any LCD display product (*e.g.*, any LCD computer monitor or LCD television) that contains an infringing LCD module. An LCD module is an infringing module if it is manufactured using a process protected by one or more claims in the '002 Patent.

Defendants are also liable if they actively induced infringement of the '002 Patent. CPT, Tatung, Tatung America, and ViewSonic are liable for actively inducing infringement of the '002 Patent if LPL proved by a preponderance of the evidence that they actively induced any of their customers or any other company to use, sell, import, or offer for sale infringing products in

the Unites States, including completed LCD display products, *e.g.*, laptop computers, LCD computer monitors, or LCD televisions that contain an infringing LCD module.

If you decide that any or all of the Defendants directly infringe or actively induce infringement of one or more of the valid claims of the '002 Patent, you must also decide the following:

If you decide one or more of the Defendants have infringed the '002 Patent, you must decide whether the Defendants have established by clear and convincing evidence that each infringed claim of the '002 Patent is invalid.

Whether LPL has established by clear and convincing evidence that CPT's, Tatung's, Tatung America's, and ViewSonic's infringement of the '002 Patent was willful; and

What amount of damages LPL has proven by a preponderance of the evidence.

2.4.2    DEFENDANTS' PROPOSED INSTRUCTION ON "SUMMARY OF THE ISSUES"

LPL must demonstrate by a preponderance of the evidence that CPT's LCD Modules were made using a process claimed in the '002 patent.

There are certain CPT LCD Modules that LPL alleges infringe the '002 patent, and these modules can be sorted into 3 categories: those with inner guard rings, those with outer guard rings, and those with both. I will refer to these modules as the "accused products."

The first issue for you, the jury, is to determine whether LPL has proven by a preponderance of the evidence that these accused products were manufactured using a process that meets every limitation as set out in the claims.

If you decide one or more of them were, which means those products infringe the '002 patent, you must decide whether the Defendants have established by clear and convincing evidence that the '002 patent is invalid. Invalidity is a defense to patent infringement. There can be no liability for infringement of an invalid patent because a finding of invalidity bars the patent owner from exercising the right to exclude the public from practicing the invention.

If you decide that the accused products infringe the '002 Patent, and that the '002 Patent is not invalid, you must also decide the following:

Whether CPT, Tatung, Tatung America, and ViewSonic are liable for direct infringement of the '002 Patent, by using, selling, importing into, or offering for sale, throughout the United States, the accused LCD products, whether those accused products are sold separately or as part of a completed LCD display product (*e.g.*, LCD monitor, television);

Whether CPT, Tatung, Tatung America, and ViewSonic have actively induced their customers to use, sell, import, or offer for sale accused products in the Unites States, whether the

accused products are sold separately or as part of a completed LCD display product (*e.g.*, LCD monitor, television);

Whether LPL has established by clear and convincing evidence that CPT's, Tatung's, Tatung America's, and ViewSonic's infringement of the '002 Patent was willful; and

What amount of damages LPL has proven by a preponderance of the evidence.

3.    **INFRINGEMENT**

    **3.1    CLAIM INFRINGEMENT**

    The Parties could not agree upon the language for the instruction regarding "CLAIM INFRINGEMENT." Following are each of LPL's and Defendants' respective forms of this jury instruction.

    3.1.1    LPL'S PROPOSED INSTRUCTION ON "CLAIM INFRINGEMENT"

    Before you can decide whether an accused product or process infringes LPL's patent, you will have to understand the patent "claims." The patent claims are the numbered paragraphs at the end of the patent. The patent claims involved here are claims 1 through 9 and 12 through 18, beginning at column 8, line 65 of the patent which is Joint Exhibit 1 in evidence. The claims are "word pictures" intended to define, in words, the boundaries of the invention described and illustrated in the patent. Only the claims of the patent can be infringed. Neither the specification, which is the written description of the invention, nor the drawings of a patent can be infringed. Each of the claims must be considered individually, and to show patent infringement, LPL need only establish that one claim has been infringed.

Source

Uniform Jury Instructions for Patent Cases In The United States District Court For The District Of Delaware (1993).

### 3.1.2   DEFENDANTS' PROPOSED INSTRUCTION ON "CLAIM INFRINGEMENT"

Before you can decide whether an accused product or process infringes LPL's patent, you will have to understand the patent "claims." The patent claims are the numbered paragraphs at the end of the patent. The patent claims involved here are claims 1 through 9 and 12 through 18, beginning at column 8, line 65 of the patent which is Joint Exhibit 1 in evidence. The claims are "word pictures" intended to define, in words, the boundaries of the invention described and illustrated in the patent. Only the claims of the patent can be infringed. Neither the specification, which is the written description of the invention, nor the drawings of a patent can be infringed. Each of the claims must be considered individually, and to show patent infringement, LPL need only establish that one claim has been infringed. You must only find that defendants infringe a given claim if you find that an accused product infringes each and every element of the claim. If the accused product lacks even a single element of the claim, the claim is not infringed.

Source

Uniform Jury Instructions for Patent Cases In The United States District Court For The District Of Delaware (1993); *Zoltek Corp. v. U.S.*, 442 F.3d 1345, 1359 (Fed. Cir. 2006).

### 3.2    CONSTRUCTION OF CLAIMS

It is often difficult to describe an invention in scientifically precise terms. For that reason, the Patent Law allows the inventor to use his own terms in describing his invention. Thus, the meaning of a claim can be construed in connection with the patent specification, the patent's prosecution history, and prior art to determine what the claims cover. You should consider the drawings and specifications to determine what the inventor intended to cover by the claims of the patent.

In addition, the parties have asked the Court to define specific terms used in the Patent-in-Suit. It is my job as judge to provide to you the meaning of any claim language that must be interpreted. You must accept the following meanings I give you and use them when you decide whether any claim of the patent has been infringed and whether any claim is invalid. I will now tell you the meanings of the following words and groups of words from the patent claims.


[READ STIPULATIONS AND COURT'S CLAIM CONSTRUCTIONS]


You should give the rest of the words in the claims their ordinary meaning in the context of the patent specification and prosecution history.

Source

Uniform Jury Instructions for Patent Cases In The United States District Court For The District Of Delaware (1993); AIPLA Model Patent Jury Instructions (2005) (citing *Phillips v. AWH Corp.*, 415 F.3d 1303 (Fed. Cir. 2005); *Markman v. Westview Instruments, Inc.,* 52 F.3d 967 (Fed. Cir. 1995) (en banc).

### 3.3    DEPENDENT AND INDEPENDENT CLAIMS

The Parties could not agree upon the language for the instruction regarding "DEPENDENT AND INDEPENDENT CLAIMS." Following are each of LPL's and Defendants' respective forms of this jury instruction.

#### 3.3.1    LPL'S PROPOSED INSTRUCTION ON "DEPENDENT AND INDEPENDENT CLAIMS"

There are two different types of claims in the patent. The first type is called an independent claim. An independent claim does not refer to any other claim of the patent. An independent claim is read separately to determine its scope.

On the other hand, a dependent claim refers to at least one other claim in the patent and thus incorporates whatever that other claim says. Accordingly, to determine what a dependent claim covers, you must read both the dependent claim and the claim or claims to which it refers.

For example, Claim 1 is an independent claim. You know this because this claim mentions no other claim. Accordingly, the words of this claim are read by themselves in order to determine what the claim covers.

Claim 17, on the other hand, is a dependent claim. Accordingly, the words of Claims 10 and 17 must be read together in order to determine what the dependent claim, claim 17, covers.

Some claims of the Patent In Suit are broader than other claims. You are not to imply the limitations or words of the narrower or dependent claim into a broad or independent claim if the broader claim does not include the same limitations.


Source

Uniform Jury Instructions for Patent Cases In The United States District Court For The District Of Delaware (1993) (citing 35 U.S.C. § 112; *Fromson v. Advance Offset Plate, Inc.*, 720 F.2d 1565, 219 U.S.P.Q. 1137 (Fed. Cir. 1983)).

### 3.3.2   DEFENDANTS' PROPOSED INSTRUCTION ON "DEPENDENT AND INDEPENDENT CLAIMS"

There are two different types of claims in the patent. The first type is called an independent claim. An independent claim does not refer to any other claim of the patent. An independent claim is read separately to determine its scope.

On the other hand, a dependent claim refers to at least one other claim in the patent and thus incorporates whatever that other claim says. Accordingly, to determine what a dependent claim covers, you must read both the dependent claim and the claim or claims to which it refers.

For example, Claim 1 is an independent claim. You know this because this claim mentions no other claim. Accordingly, the words of this claim are read by themselves in order to determine what the claim covers.

Claim 17, on the other hand, is a dependent claim. Accordingly, the words of Claims 10 and 17 must be read together in order to determine what the dependent claim, claim 17, covers. Thus, you must only find that defendants infringe claim 17 if you find that an accused product infringes each and every element of claim 17 and claim 10. If the accused product lacks even a single element of either claim 10 or claim 17, claim 17 is not infringed.

Some claims of the Patent In Suit are broader than other claims. You are not to imply the limitations or words of the narrower or dependent claim into a broad or independent claim if the broader claim does not include the same limitations. A word in one claim should be interpreted the same way when used in another claim.

Source

Uniform Jury Instructions for Patent Cases In The United States District Court For The District Of Delaware (1993) (citing 35 U.S.C. § 112; *Fromson v. Advance Offset Plate, Inc.*, 720 F.2d

1565, 219 U.S.P.Q. 1137 (Fed. Cir. 1983)); *Markman v. Westview Instruments, Inc.* 52 F.3d 967, 1000 (Fed. Cir. 1995); *ACTV, Inc. v. Walt Disney Co.*, 346 F.3d 1082, 1088 (Fed. Cir. 2003).

### 3.4    PATENT INFRINGEMENT -- GENERALLY

The Parties could not agree upon the language for the instruction regarding "PATENT INFRINGEMENT -- GENERALLY." Following are each of LPL's and Defendants' respective forms of this jury instruction.

#### 3.4.1    LPL'S PROPOSED INSTRUCTION ON "PATENT INFRINGEMENT -- GENERALLY"

A patent owner may enforce its right to exclude others from making, using, selling, offering to sell, or importing the patented invention (or a product made using the patented process) by filing a lawsuit for patent infringement. Here, LPL, the patent owner, has sued CPT, Tatung, Tatung America, and ViewSonic, the accused infringers, and has alleged that their LCD products infringe one or more claims of LPL's U.S. Patent No. 5,019,002.

Patent Law provides that any person or business entity which makes, uses, or sells in or imports into the United States without the patent owner's permission, any product, apparatus or method legally protected by at least one claim of a patent within the United States before the patent expires, infringes the patent.

There are three ways to infringe a patent. One may: (1) directly infringe a patent; (2) induce others to infringe a patent, in which case the inducer is liable for infringement as well as the direct infringer; or (3) contribute to the infringement of a patent by another by supplying a component specially designed for the patented invention, in which case both the direct infringer and the contributory infringer would be liable for patent infringement. Next I will explain the first two types of infringement (namely direct infringement and induced infringement) more completely, as they are the two types at issue in this patent infringement lawsuit.


Source

28

Uniform Jury Instructions for Patent Cases In The United States District Court For The District Of Delaware (1993) (citing 35 U.S.C. §§ 281, 271).