### 3.4.2   DEFENDANTS' PROPOSED INSTRUCTION ON "PATENT INFRINGEMENT -- GENERALLY"

A patent owner may enforce its right to exclude others from making, using, selling, offering to sell, or importing the patented invention (or a product made using the patented process) by filing a lawsuit for patent infringement.  Here, LPL, the patent owner, has sued CPT, Tatung, Tatung America, and ViewSonic, the accused infringers, and has alleged that their LCD products infringe one or more claims of LPL's U.S. Patent No. 5,019,002.  Defendants deny that they have infringed the patent and assert that the patent is invalid.

Patent Law provides that any person or business entity which makes, uses, or sells in or imports into the United States without the patent owner's permission, any product, apparatus or method legally protected by at least one claim of a patent within the United States before the patent expires, infringes the patent.

Infringement may be direct or by inducement.  Next, I will explain both types of infringement.


Source

Uniform Jury Instructions for Patent Cases In The United States District Court For The District Of Delaware (1993) (citing 35 U.S.C. §§ 281, 271).

**3.5    DIRECT INFRINGEMENT -- KNOWLEDGE OF PATENT OR INTENT TO INFRINGE IS IMMATERIAL**

The Parties could not agree upon the language for the instruction regarding "DIRECT INFRINGEMENT -- KNOWLEDGE OF PATENT OR INTENT TO INFRINGE IS IMMATERIAL." Following are each of LPL's and Defendants' respective forms of this jury instruction.

3.5.1    LPL'S PROPOSED INSTRUCTION ON "DIRECT INFRINGEMENT -- KNOWLEDGE OF PATENT OR INTENT TO INFRINGE IS IMMATERIAL"

CPT, Tatung, Tatung America, and ViewSonic would be liable for directly infringing LPL's patent if you find that LPL has proven by a preponderance of the evidence that they have made, used, sold, offered for sale, or imported into the United States any LCD Module or LCD Product (e.g., a laptop computer, LCD monitor, or LCD television) made using the process defined in at least one claim of the '002 Patent. 35 U.S.C. §§ 271(a), 271(g).

As CPT manufactures allegedly infringing LCD Modules overseas, LPL must also demonstrate by a preponderance of the evidence that the LCD Module is not materially changed by a subsequent process and the product is not a trivial and nonessential component of another product. 35 U.S.C. § 271(g).

If you find that even one infringing Module or LCD Product was made, used, sold, offered for sale, or imported in the United States, then you have found direct infringement. *See e.g. Catalina Lighting, Inc. v. Lamps Plus, Inc.*, 295 F.3d 1277, 1291 (Fed. Cir. 2002).

A "sale" is a contract to buy and sell property. 35 U.S.C. § 271(a); *In re Caveney*, 761 F.2d 671, 226 U.S.P.Q. 1 (Fed. Cir. 1985); *MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1377 (Fed. Cir. 2005); *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1571 (Fed. Cir. 1994).

An "offer to sell" means that one party states the terms of a sale and all that is left is for the other party to accept. *Rotec Indus. v. Mitsubishi*, 215 F.3d 1246, 1257 (Fed. Cir. 2000); *MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1377 (Fed. Cir. 2005); Restatement (Second) of Contracts § 24 (1979). An offer can take any form and it is up to you to decide whether an offer to sell occurred. *3D Sys., Inc., v. Aarotech Labs., Inc.*, 160 F.3d 1373, 1379 (Fed. Cir. 1998).

An "import" is a product made in a foreign country and brought into the United States. *See* Donald S. Chisum, *Patents*, §16.05[3] (2006). Direct infringement occurs when an entity imports an infringing product. 35 U.S.C. §271(a) (2000).

A person may directly infringe a patent without knowledge that what he is doing is an infringement of the patent. He may also infringe even though in good faith he believes that what he is doing is not an infringement of any patent.

Source

Uniform Jury Instructions for Patent Cases In The United States District Court For The District Of Delaware (1993) (citing *Kewanee Oil Co. v. Bicron Corp.*, 416 U.S. 470, 478 (1974); *Filmways Pictures, Inc. v. Marks Polarized Corp.*, 552 F. Supp. 863, 868, 220 U.S.P.Q. 870 (S.D.N.Y. 1982)); 35 U.S.C. §§ 271(a) and (g).

3.5.2 <u>DEFENDANTS' PROPOSED INSTRUCTION ON "DIRECT INFRINGEMENT -- KNOWLEDGE OF PATENT OR INTENT TO INFRINGE IS IMMATERIAL"</u>

CPT, Tatung, Tatung America, and ViewSonic would be liable for directly infringing

LPL's patent if you find that LPL has proven by a preponderance of the evidence that they have

made, used, sold, offered for sale, or imported a product made by the patented process, defined

in at least one claim of LPL's patent. 35 U.S.C. § 271(a). If you find that even one sale, offer to

sell or import of an infringing product occurred in the United States, then you have found direct

infringement. *See e.g. Catalina Lighting, Inc. v. Lamps Plus, Inc.*, 295 F.3d 1277, 1291 (Fed.

Cir. 2002).


<u>Source</u>

Uniform Jury Instructions for Patent Cases In The United States District Court For The District Of Delaware (1993) (citing *Kewanee Oil Co. v. Bicron Corp.*, 416 U.S. 470, 478 (1974); *Filmways Pictures, Inc. v. Marks Polarized Corp.*, 552 F. Supp. 863, 868, 220 U.S.P.Q. 870 (S.D.N.Y. 1982)).

**3.6    INDUCING PATENT INFRINGEMENT**

The Parties could not agree upon the language for the instruction regarding "INDUCING PATENT INFRINGEMENT." Following are each of LPL's and Defendants' respective forms of this jury instruction.

3.6.1    LPL'S PROPOSED INSTRUCTION ON "INDUCING PATENT INFRINGEMENT"

LPL claims that CPT, Tatung, Tatung America, and ViewSonic each actively induced another to infringe the '002 Patent. To show induced infringement, LPL must prove by direct or circumstantial evidence that that any defendant actively and knowingly aided and abetted direct infringement.

A patent owner has the right to enjoin direct infringers and entities who take active steps to encourage direct infringement by another. Holders of a patented process or method must often rely on claims of indirect infringement to protect their rights. Laws prohibiting indirect infringement protect these patent holders from foreign companies that manufacture a product overseas using the patented process and then actively encourage its U.S. affiliates and business partners to sell those products in the United States.

It is not necessary to show that CPT, Tatung, Tatung America, or ViewSonic directly infringed as long as you find that someone has directly infringed. If there is no direct infringement by anyone, there can be no induced infringement. However, proof of inducing infringement and the underlying direct infringement by persons allegedly induced to infringe may be based on circumstantial evidence you have heard in this case, rather than direct evidence of infringement. *Moleculon Research Corp. v. CBS, Inc.*, 793 F.2d 1261, 1272, 229 U.S.P.Q. 805 (Fed. Cir. 1986), *cert. denied*, 479 U.S. 1030 (1987).

Evidence of active inducement may include any action by which one purposefully causes, or urges, or encourages, or aids another to infringe a patent. *See Tegal Corp. v. Tokyo Electron Co.*, 248 F.3d 1376, 1378-79 (Fed. Cir. 2001). Conduct relevant to inducement may include, for example, selling or supplying infringing products for resale, e-mails or other communications to promote the infringing products, and providing customer support for infringing products. *See MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1377 (Fed. Cir. 2005); *Crystal Semiconductor Corp. v. Tritech Microelectronic, Inc.*, 246 F.3d 1336, 1351 (Fed. Cir. 2001); *Translogic Tech, Inc. v. Hitachi Ltd.*, 404 F. Supp.2d 1250, 1252-53 (D. Del. 2005); *02 Micro Int'l Ltd. v. Sumida Corp.*, 2006 WL 981987, *2 (E.D. Tex. April 12, 2006). A defendant is liable for inducing anyone to infringe, whether or not the direct infringer is a direct customer of the defendant. *See 02 Micro Int'l Ltd. v. Sumida Corp.*, 2006 WL 981987, *2 (E.D. Tex. April 12, 2006).

Thus, to prove that Defendants induced infringement of the '002 Patent, Plaintiff must prove by a preponderance of the evidence the following three things through direct or circumstantial evidence:

1.    Each Defendant actively encouraged or instructed another person to use, sell, import, or offer for sale in or to the United States an LCD Module or an LCD Product (*e.g.*, a laptop computer, an LCD monitor, or an LCD television) with an LCD Module, that you, the jury, finds infringes the '002 Patent claims;

2.    The other person did use, sell, import, or offer for sale in or to the United States or an infringing LCD Module or an LCD Product (*e.g.*, a laptop computer, an LCD monitor, or an LCD television) containing an infringing LCD Module; and

35

3.    Defendants had actual or constructive knowledge of the '002 Patent.

If you find that each of these three things exists, then you have found induced patent

infringement.


Source

Uniform Jury Instructions for Patent Cases In The United States District Court For The District Of Delaware (1993) (citations incorporated above); AIPLA Model Patent Jury Instructions (2005) (citations omitted); Draft Uniform Jury Instructions For Patent Cases In The United States District Court For The District Of Delaware (2003); *see also* 35 U.S.C. § 271(g); *MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1377 (Fed. Cir. 2005); *Crystal Semiconductor Corp. v. Tritech Microelectronic, Inc.*, 246 F.3d 1336, 1351 (Fed. Cir. 2001); *Translogic Tech, Inc. v. Hitachi Ltd.*, 404 F. Supp.2d 1250, 1252-53 (D. Del. 2005); *02 Micro Int'l Ltd. v. Sumida Corp.*, 2006 WL 981987, *2 (E.D. Tex. April 12, 2006).

### 3.6.2   DEFENDANTS' PROPOSED INSTRUCTION ON "INDUCING PATENT INFRINGEMENT"

LPL asserts that Defendants have actively induced others to infringe the patent. To show induced infringement, LPL must prove that it is more likely than not that someone has directly infringed the patent and that defendants actively and knowingly aided and abetted that direct infringement. LPL must show that Defendants actually intended to cause the acts that constitute direct infringement and that Defendants knew or should have known that their actions would induce actual infringement. It is not necessary to show that Defendants have directly infringed as long as you find that someone has directly infringed. If there is no direct infringement by anyone, Defendants have not induced infringement. If Defendants provided instructions and directions to perform the infringing act through labels, advertising, or other sales methods or by supplying the components used in an infringing product or method with the knowledge and intent that their customers would use the components to make, use, or sell the patented invention, this may be evidence of inducement to infringe.

Source:

AIPLA Model Instructions, Version 1.1, February 2006

### 3.7    LITERAL INFRINGEMENT

There are two ways in which a patent claim may be directly infringed.  First, a claim may be literally infringed.  Second, a claim may be infringed under what is called the "doctrine of equivalents," which I will address shortly.  *Envirotech Corp. v. Al George, Inc.*, 730 F.2d 753, 759, 221 U.S.P.Q. 473 (Fed. Cir. 1984).

For one of the accused products to literally infringe any one of LPL's patent claims, the subject matter of the patent claim must be found in that accused product.  In other words, LPL's patent claim(s) is literally infringed if the accused product was manufactured using each method step in LPL's patent claim or includes each and every component in LPL's patent claim.  If CPT's LCD Module omits any single step or component recited in LPL's patent claim, CPT's LCD Module does not literally infringe that claim.  *Amstar Corp. v. Envirotech Corp.*, 730 F.2d 1476, 1484, 221 U.S.P.Q. 649 (Fed. Cir.) *cert. denied*, 469 U.S. 924 (1984); *Mannesmann Demag Corp. v. Engineered Metal Products Co.*, 793 F.2d 1279, 230 U.S.P.Q. 45, 46 (Fed. Cir. 1986).  You must determine literal infringement with respect to each patent claim individually.

Remember, the question is whether the accused product infringes any claim of LPL's patent, and not whether the accused product is similar or even identical to a product made by LPL.  Accordingly, you must be certain to compare each of the accused products, and the process used to manufacture those accused products, with the claims they are alleged to infringe and not with any product made by LPL.  *Martin v. Barber*, 755 F.2d 1564, 1567, 225 U.S.P.Q. 233 (Fed. Cir. 1985).

Source

Uniform Jury Instructions for Patent Cases In The United States District Court For The District Of Delaware (1993).

**3.8    DOCTRINE OF EQUIVALENTS**

The Parties could not agree upon the language for the instruction regarding "DOCTRINE OF EQUIVALENTS." Following are each of LPL's and Defendants' respective forms of this jury instruction.

### 3.8.1    LPL'S PROPOSED INSTRUCTION ON "DOCTRINE OF EQUIVALENTS"

If you do not find literal infringement you may consider infringement under the "doctrine of equivalents." I have referred to the "doctrine of equivalents" before. Now it is time to explain this term. You may find that one of the accused products infringes claim 1, even if not all of the components or method steps of the claim are present in that CPT LCD Module. You may find infringement in such circumstances if the accused product, or the process used to make the accused product, are equivalent to that claimed in at least one of LPL's patent claims. This is called the doctrine of equivalents. *Graver Tank & Mfg. Co. v. Linde Air Products Co.*, 339 U.S. 605, 607 610, *reh'g denied*, 340 U.S. 845 (1950).

Application of the doctrine of equivalents is the exception, however, not the rule. Patent claims must be clear enough so that the public has fair notice of what was patented. Notice permits other parties to avoid actions which infringe the patent and to design around the patent. On the other hand, LPL should not be deprived of the benefits of its patent by competitors who appropriate the essence of an invention while barely avoiding the literal language of the patent claims. *London v. Carson Pirie Scott & Co.*, 946 F.2d 1534, 1538, 20 U.S.P.Q.2d 1456, 1458 (Fed. Cir. 1991).

The test to determine equivalence under the doctrine of equivalence is whether the methods used by CPT to manufacture LCD Modules perform substantially the same function in substantially the same way to produce substantially the same result compared to the method steps

39

claimed in the '002 Patent. *Graver Tank*, 339 U.S. at 608; *Moeller v. Ionetics, Inc.*, 794 F.2d 653, 229 U.S.P.Q. 992, 995 (Fed. Cir. 1986).

It is not a requirement under doctrine of equivalence infringement that those of ordinary skill in the art knew of the equivalent when the patent application was filed or when the patent issued. The question of whether the Defendant's product or the means used to produce it are equivalent to that defined in LPL's claims is to be determined as of the time of the alleged infringement. *Atlas Powder Co. v. E. I. DuPont de Nemours & Co.*, 750 F.2d 1569, 1581, 224 U.S.P.Q. 409 (Fed. Cir. 1984).

<u>Source</u>

Uniform Jury Instructions for Patent Cases In The United States District Court For The District Of Delaware (1993).

3.8.2   DEFENDANTS' PROPOSED INSTRUCTION ON "DOCTRINE OF EQUIVALENTS"

If you do not find literal infringement you may consider infringement under the "doctrine of equivalents." You may find infringement in such circumstances if the accused product, or the methods used to make the accused product, are equivalent to each element or method step claimed in the claim. LPL has the burden of proving by a preponderance of the evidence that the accused product or method contains the equivalent of each element or method step of the claim. AIPLA Model Instructions, Version 1.1, February 2006.

Application of the doctrine of equivalents is the exception, however, not the rule. Patent claims must be clear enough so that the public has fair notice of what was patented. Notice permits other parties to avoid actions which infringe the patent and to design around the patent. On the other hand, LPL should not be deprived of the benefits of its patent by competitors who appropriate the essence of an invention while barely avoiding the literal language of the patent claims. *London v. Carson Pirie Scott & Co.*, 946 F.2d 1534, 1538, 20 U.S.P.Q.2d 1456, 1458 (Fed. Cir. 1991).

The test to determine equivalence under the doctrine of equivalence is whether CPT's LCD Module or the methods used to manufacture that product perform substantially the same function in substantially the same way to produce substantially the same result compared to the product or method steps claimed in the '002 Patent. *Graver Tank*, 339 U.S. at 608; *Moeller v. Ionetics, Inc.*, 794 F.2d 653, 229 U.S.P.Q. 992, 995 (Fed. Cir. 1986). Under the doctrine of equivalents, an accused device infringes only if it possesses all the limitations of the claim either literally or equivalently. The doctrine of equivalents must be applied on an element by element basis and cannot be used to broaden an element to the point where it is effectively eliminated in its entirety. To satisfy a claim limitation under the doctrine of equivalents, the differences

41

between the accused device and the claim limitation must be insubstantial. The general test is whether the accused device performs substantially the same function in substantially the same way to achieve substantially the same result. Thus, if you find that an accused product obtains the same result as the claim, but does not do it in the same way with the same function, there can be no infringement under the doctrine of equivalents. The doctrine of equivalents is not a license to ignore structural and functional elements of the claim, on which the public is entitled to rely in avoiding infringement. *Advanced Medical Optics, Inc. v. Alcon Inc.*, 361 F.Supp.2d 404, 409 (D. Del. 2005); *Zoltek Corp. v. U.S.*, 442 F.3d 1345, 1359 (Fed. Cir. 2006); *Athletic Alternatives, Inc. v. Prince Mfg., Inc.*, 73 F.3d 1573, 1582 (Fed. Cir. 1996); *Dolly, Inc. v. Spalding & Evenflo Companies, Inc.*, 16 F.3d 394, 400 (Fed. Cir. 1994).

It is not a requirement under doctrine of equivalence infringement that those of ordinary skill in the art knew of the equivalent when the patent application was filed or when the patent issued. The question of whether the Defendant's product or the means used to produce it are equivalent to that defined in LPL's claims is to be determined as of the time of the alleged infringement. *Atlas Powder Co. v. E. I. DuPont de Nemours & Co.*, 750 F.2d 1569, 1581, 224 U.S.P.Q. 409 (Fed. Cir. 1984).


Source

Uniform Jury Instructions for Patent Cases In The United States District Court For The District Of Delaware (1993).

**3.9    SITUATIONS WHERE RESORT TO DOCTRINE OF EQUIVALENTS IS NOT PERMITTED**

The Parties could not agree upon the language for the instruction regarding

"SITUATIONS WHERE RESORT TO DOCTRINE OF EQUIVALENTS IS NOT

PERMITTED." Following are each of LPL's and Defendants' respective forms of this jury

instruction.

### 3.9.1    LPL'S PROPOSED INSTRUCTION ON "SITUATIONS WHERE RESORT TO DOCTRINE OF EQUIVALENTS IS NOT PERMITTED"

There are two situations wherein resort to the doctrine of equivalents to find infringement

is not permitted. First, resort to the doctrine of equivalents to find infringement is not permitted

if you find that the defendant is merely practicing what was in the prior art prior to the patented

invention or that which would have been obvious in light of what was in the prior art. This is

because a patent owner should not obtain, under the doctrine of equivalents, coverage which he

could not have lawfully obtained from the Patent Office. Accordingly, to find infringement

under the doctrine of equivalents you must find that the patent owner has proven that he could

have obtained from the Patent Office a hypothetical patent claim, similar to claim ___, but broad

enough to literally cover the accused product or method used to manufacture that product.

*Wilson Sporting Goods v. David Geoffrey & Assocs.*, 904 F.2d 677, 685, 14 U.S.P.Q.2d 1942,

1948 9 (Fed. Cir.), cert. denied, 111 S. Ct. 537 (1990).

Second, resort to the doctrine of equivalents to find infringement is not permitted if you

find that the patent owner is trying to recapture that which he gave up in the Patent Office to

distinguish the invention from what was in the public domain prior to his invention. In other

words, if the inventor, when he was in the process of obtaining his patent, limited it in some way

in order to argue that it was different from what was in the public domain, then he is not now

free to assert a broader view of his invention by broadening the claims through the doctrine of equivalents in an effort to recapture that which he surrendered.

Sometimes patent claims, however, are amended, not to avoid what was in the public domain, but to clarify indefinite or ambiguous terms. If you find that an amendment was made to clarify a claim for that sort of reason and not in an effort to avoid what was in the public domain, the doctrine of equivalents can still be applied. *Hughes Aircraft Co. v. United States*, 717 F.2d 1351, 1362-63, 219 U.S.P.Q. 473 (Fed. Cir. 1983); *Bayer Aktiengesellschaft v. Duphar International Research B.V.*, 738 F.2d 1237, 1243, 222 U.S.P.Q. 649 (Fed. Cir. 1984); *Moeller v. Ionetics*, 794 F.2d 653, 229 U.S.P.Q. 992, 996 (Fed. Cir. 1986); *Mannesmann Demag Corp. v. Engineered Metal Products Co.*, 793 F.2d 1279, 230 U.S.P.Q. 45, 48 (Fed. Cir. 1986); *Graham v. John Deere Co.*, 383 U.S. 1, 33- 34, 148 U.S.P.Q. 459 (1966); *McGill, Inc. v. John Zink Co.*, 736 F.2d 666, 673 (Fed. Cir.), *cert. denied*, 469 U.S. 1037 (1984); *Kinzenbaw v. Deere & Co.*, 741 F.2d 383, 389, 222 U.S.P.Q. 929 (Fed. Cir. 1984), *cert. denied*, 470 U.S. 1004 (1985); *Coleco Industries, Inc. v. ITC*, 573 F.2d 1247, 197 U.S.P.Q. 472 (C.C.P.A. 1978); *Caterpillar Tractor Co. v. Berco, S.p.A.*, 714 F.2d 1110, 1115, 219 U.S.P.Q. 185 (Fed. Cir. 1983).

Source

Uniform Jury Instructions for Patent Cases In The United States District Court For The District Of Delaware (1993).

### 3.9.2  DEFENDANTS' PROPOSED INSTRUCTION ON "SITUATIONS WHERE RESORT TO DOCTRINE OF EQUIVALENTS IS NOT PERMITTED"

There are two situations wherein resort to the doctrine of equivalents to find infringement is not permitted.  First, resort to the doctrine of equivalents to find infringement is not permitted if you find that the defendant is merely practicing what was in the prior art prior to the patented invention or that which would have been obvious in light of what was in the prior art.  This is because a patent owner should not obtain, under the doctrine of equivalents, coverage which he could not have lawfully obtained from the Patent Office.  Accordingly, to find infringement under the doctrine of equivalents you must find that the patent owner has proven that he could have obtained from the Patent Office a hypothetical patent claim, similar to claim ___, but broad enough to literally cover the accused product or method used to manufacture that product. *Wilson Sporting Goods v. David Geoffrey & Assocs.*, 904 F.2d 677, 685, 14 U.S.P.Q.2d 1942, 1948 9 (Fed. Cir.), cert. denied, 111 S. Ct. 537 (1990).

Second, resort to the doctrine of equivalents to find infringement is not permitted if you find that the patent owner is trying to recapture that which he gave up in the Patent Office to distinguish the invention from what was in the public domain prior to his invention.  In other words, if the inventor, when he was in the process of obtaining his patent, limited it in some way in order to argue that it was different from what was in the public domain, then he is not now free to assert a broader view of his invention by broadening the claims through the doctrine of equivalents in an effort to recapture that which he surrendered.

Source

Uniform Jury Instructions for Patent Cases In The United States District Court For The District Of Delaware (1993).

### 3.10    OPEN ENDED OR "COMPRISING" CLAIMS

The Parties could not agree upon the language for the instruction regarding "OPEN ENDED OR 'COMPRISING' CLAIMS." Following are each of LPL's and Defendants' respective forms of this jury instruction.

#### 3.10.1 LPL'S PROPOSED INSTRUCTION ON "OPEN ENDED OR 'COMPRISING' CLAIMS"

The preamble to claims 1 through 9 uses the transitional phrase "A method of manufacturing active matrix display backplanes and displays therefrom, comprising: . . . ."

"Comprising" is interpreted the same as "including" or "containing." In patent claims, comprising means that the claims are open-ended. As such, the claim is not limited to only what is in the claim. Based on this explanation, if you find that one of the CPT's LCD Modules, or the means of manufacturing those LCD Modules, include all of the components or method steps in any of LPL's patent claims, the fact that it may also include an additional components or method steps is irrelevant. The presence of additional components or method steps in the accused product or method of manufacture does not mean that the product or means of manufacture does not infringe a patent claim. *A.B. Dick Co. v. Burroughs Corp.*, 713 F.2d 700, 703, 218 U.S.P.Q. 965 (Fed. Cir. 1983), *cert. denied*, 464 U.S. 1042 (1984); *Mannesmann Demag Corp. v. Engineered Metal Products Co.*, 793 F.2d 1279, 230 U.S.P.Q. 45, 47 (Fed. Cir. 1986); *Moleculon Research Corp. v. CBS, Inc.*, 793 F.2d 1261, 1271, 229 U.S.P.Q. 805, 812 (Fed. Cir. 1986), *cert. denied*, 479 U.S. 1030 (1987).

For example, a claim to a table comprising the three elements of a tabletop, legs and glue would be infringed by a table with those elements and additional parts, such as wheels on the table's legs.

Source

Uniform Jury Instructions for Patent Cases In The United States District Court For The District Of Delaware (1993); Draft Uniform Jury Instructions For Patent Cases In The United States District Court For The District Of Delaware (2003).

3.10.2 DEFENDANTS' PROPOSED INSTRUCTION ON "OPEN ENDED OR 'COMPRISING' CLAIMS"

The preamble to claims 1 through 9 uses the transitional phrase "A method of manufacturing active matrix display backplanes and displays therefrom, comprising: . . . ."

"Comprising" is interpreted the same as "including" or "containing." In patent claims, comprising means that the claims are open-ended. As such, the claim is not limited to only what is in the claim. Based on this explanation, if you find that one of the CPT's LCD Modules, or the means of manufacturing those LCD Modules, include all of the components or method steps in any of LPL's patent claims, the fact that it may also include an additional components or method steps is irrelevant. The presence of additional components or method steps in the accused product or method of manufacture does not mean that the product or means of manufacture does not infringe a patent claim. *A.B. Dick Co. v. Burroughs Corp.*, 713 F.2d 700, 703, 218 U.S.P.Q. 965 (Fed. Cir. 1983), *cert. denied*, 464 U.S. 1042 (1984); *Mannesmann Demag Corp. v. Engineered Metal Products Co.*, 793 F.2d 1279, 230 U.S.P.Q. 45, 47 (Fed. Cir. 1986); *Moleculon Research Corp. v. CBS, Inc.*, 793 F.2d 1261, 1271, 229 U.S.P.Q. 805, 812 (Fed. Cir. 1986), *cert. denied*, 479 U.S. 1030 (1987).

Source

Uniform Jury Instructions for Patent Cases In The United States District Court For The District Of Delaware (1993); Draft Uniform Jury Instructions For Patent Cases In The United States District Court For The District Of Delaware (2003).

### 3.11    WILLFUL INFRINGEMENT

The Parties could not agree upon the language for the instruction regarding "WILLFUL INFRINGEMENT." Following are each of LPL's and Defendants' respective forms of this jury instruction.

#### 3.11.1  LPL'S PROPOSED INSTRUCTION ON "WILLFUL INFRINGEMENT"

When a person becomes aware that a patent may have relevance to their activities, that person has a duty to exercise due care and investigate whether their activities infringe any valid claim of the patent. If that person does not do so and infringes the patent claims, then the infringement is willful. In general, willful infringement is established where plaintiff has proven two things: first, that defendant was aware of plaintiff's patent; and second, that defendant had no reasonable good faith basis for concluding that he did not infringe plaintiff's patent.

Willfulness is analyzed in light of the totality of the circumstances and may include contributions of several factors, including:

1. awhether the infringer deliberately copied the ideas or design of another;

2. whether the infringer, when the infringer knew of the patent holder's patent protection, investigated the issue by seeking legal advice and formed a good faith belief that the patent was invalid or was not infringed;

3. the infringer's behavior as a party to the litigation;

4. the defendant's size and financial condition;

5. closeness of the case;

6. duration of the infringer's misconduct;

7.  remedial action taken by the defendant;

8. the infringer's motivation for harm; and

9. whether the defendant attempted to conceal his misconduct.

49

To establish willful infringement, LPL must prove two things with respect to the '002 Patent by clear and convincing evidence. First, that CPT, Tatung, Tatung America, or ViewSonic was aware of the '002 Patent. Second, being aware of the '002 Patent, the Defendant (or the Defendants) proceeded with the infringing activities without having a reasonable good faith belief that the '002 Patent was invalid or that the patent was not infringed.

To determine whether CPT, Tatung, Tatung America, or ViewSonic acted with a reasonable good faith belief or whether CPT, Tatung, Tatung America, or ViewSonic willfully infringed the '002 Patent, you may consider when CPT, Tatung, Tatung America, and ViewSonic first became aware of the '002 Patent.

Keep in mind that a determination by you that CPT, Tatung, Tatung America, or ViewSonic has infringed a patent does not automatically mean that the infringement was willful. As I have explained, the infringement is not willful if the infringing Defendant had a good faith belief that they did not infringe or that the patent was invalid, and if their belief was reasonable under all the circumstances.

Source

*Knorr-Bremse Systeme Fuer Nutzfahrzeuge Gmbh v. Dana Corporation*, 383 F.3d 1337 (Fed. Cir. 2004); *Electro Medical Sys., S.A. v. Cooper Life Sciences, Inc.*, 34 F.3d 1048, 1056 (Fed. Cir. 1994); *Read Corp. v. Portec, Inc.*, 970 F.2d 816, 827 (Fed. Cir. 1992); *Gustafson, Inc. v. Intersystems Indus. Prods., Inc.*, 897 F.2d 508, 510 (Fed. Cir. 1990); *Rolls-Royce Ltd. v. GTE Valeron Corp.*, 800 F.2d 1101, 1110 (Fed. Cir. 1986); *Underwater Devices, Inc. v. Morrison Knudsen Co.*, 717 F.2d 1380, 1389-1390, 219 U.S.P.Q. 569 (Fed. Cir. 1983); *Shiley, Inc. v. Bentley Laboratories, Inc.*, 794 F.2d 1561, 230 U.S.P.Q. 112 (Fed. Cir. 1986); *Radio Steel & Mfg. Co. v. MTD Products, Inc.*, 788 F.2d 1554, 1559, 229 U.S.P.Q. 431 (Fed. Cir. 1986); *State Industries, Inc. v. A. O. Smith Corp.*, 751 F.2d 1226, 1235-36, 224 U.S.P.Q. 418 (Fed. Cir. 1985); *King Instrument Corp. v. Otari Corp.*, 767 F.2d 853, 867, 226 U.S.P.Q. 402 (Fed. Cir. 1985), *cert. denied*, 475 U.S. 1016; *Rosemount, Inc. v. Beckman Instruments, Inc.*, 727 F.2d 1540,1548,221 U.S.P.Q. 1 (Fed. Cir. 1984); *Central Soya Co. v. Geo. A. Hormel & Co.*, 723 F.2d 1573, 1576-77, 220 U.S.P.Q. 490 (Fed. Cir. 1983).

### 3.11.2  DEFENDANTS' PROPOSED INSTRUCTION ON "WILLFUL INFRINGEMENT"

If you find on the basis of the evidence and the law as I have explained it that defendants' products infringe at least one of plaintiff's patent claims, you must further decide whether or not plaintiff has proven by clear and convincing evidence that defendants' infringement was willful. Willful infringement is established where plaintiff has proven two things: first, that defendants were aware of plaintiff's patent; and second, that defendants had no reasonable good faith basis for concluding that they did not infringe plaintiff's patent or that the patent was invalid. For example, if you find plaintiff has proven that defendants knew about the patent and did not exercise due care to determine whether or not they are infringing a valid patent, you may find that defendants' infringement was willful.

You are instructed that where a potential infringer has actual notice of another's patent rights, he has an affirmative duty of due care not to infringe a valid and enforceable patent. *Lucent Technologies, Inc. v. Newbridge Networks Corp.*, 168 F.Supp.2d 269, 274 (D. Del. 2001). "Actual notice requires the affirmative communication of a specific charge of infringement by a specific accused product or device." *Amsted Indus. Inc. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 187 (Fed. Cir. 1994). For example, letters sent by patent owners to companies notifying the companies of ownership of a patent and generally advising the companies not to infringe does not constitute actual notice. *Id.* Actual notice is found where a patent owner sends a letter to a company specifically charging the company of patent infringement and specifying an infringing device. *Id.*

A factor in determining whether plaintiff has proven defendants willfully infringed plaintiff's patent is your assessment of whether or not defendant copied plaintiff's product or method. If defendants, as competitors of plaintiff, tried to match plaintiff's product with a

functionally competitive product but did not set out to copy it, even if patent infringement is

ultimately found, you should not consider defendants to have copied plaintiff's product or

method.

<u>Source</u>:

Uniform Jury Instructions for Patent Cases In The United States District Court For The District Of Delaware (1993); *Lucent Technologies, Inc. v. Newbridge Networks Corp.*, 168 F.Supp.2d 269, 274 (D. Del. 2001); *Amsted Indus. Inc. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 187 (Fed. Cir. 1994).

4.    **VALIDITY DEFENSES -- LPL's Proposed Instructions**

The Parties could not agree upon the language for instructions regarding validity. Following in this Section 4 are LPL's proposed instructions regarding validity, and Defendants' proposed instructions on validity follow in Section 5.

### 4.1    PRESUMPTION OF VALIDITY

The granting of a patent by the Patent Office carries with it the presumption that the patent is valid.  From issuance of the patent, it is presumed that its subject matter is new, useful and constitutes an advance that was not obvious to one of ordinary skill in the art at the time the invention was made.  The law presumes, in the absence of clear and convincing evidence to the contrary, that the Patent Office acted correctly in issuing the patent.  Nevertheless, once the validity of a patent has been put in issue, it is the responsibility of the jury to review what the Patent Office has done consistent with these instructions on the law.

This presumption of validity puts the burden of proving invalidity on Defendants CPT, Tatung, Tatung America, and ViewSonic.  While this presumption can be rebutted, the burden is on Defendant to do so.  This burden requires that Defendant prove by clear and convincing evidence that in this case each of the asserted claims is invalid.  Clear and convincing evidence is evidence that produces an abiding conviction that the truth of the factual contention is highly probable.   Proof by clear and convincing evidence is a higher burden than proof by a preponderance of the evidence.

Each of the asserted claims is presumed valid independently of the validity of each other claim.

Source

35 U.S.C. §282; *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1427 (Fed.Cir. 1988); Draft Uniform Jury Instructions For Patent Cases In The United States District Court For the District Of Delaware (2003).

### 4.2   ANTICIPATION

In order to prove anticipation of an invention under 35 U.S.C. § 102, it is necessary that all the elements of an invention, as expressed in the claims of the Patent In Suit, be found in a single prior art reference. *Kalman v. Kimberly-Clark Corp.*, 713 F.2d 760, 771 (Fed. Cir. 1983), *cert. denied.*, 465 U.S. 1026 (1984); *Lundy Electronic & Systems, Inc. v. Optical Recognition Systems, Inc.*, 362 F. Supp. 130 (E.D. Va. 1973) *aff'd*, 493 F.2d 1222 (4th Cir. 1974); *Van Corp. Mfg., Inc. v. Townsley Industrial Plastics, Inc.*, 494 F.2d 16 (5th Cir. 1972); *Illinois Tool Works, Inc. v. Sweetheart Plastics, Inc.*, 436 F.2d 1180 (7th Cir.), *cert. dismissed*, 403 U.S. 942 (1971).

There cannot be an accidental or unrecognized anticipation. A prior duplication of the claimed invention that was accidental, or unrecognized, unappreciated and incidental to some other purpose is not an invalidating anticipation. *In re Felton*, 484 F.2d 495 (C.C.P.A. 1973); *In re Marshall*, 578 F.2d 301 (C.C.P.A. 1978); *North Carolina v. Chas. Pfizer & Co.*, 384 F. Supp. 265 (E.D.N.C. 1974); *aff'd*, 537 F.2d 67 (4th Cir.), *cert. denied*, 429 U.S. 870 (1976); *Tilghman v. Proctor*, 102 U.S. 707 (1881); *U.S. v. Pfizer, Inc.*, 498 F. Supp. 28 (E.D. Pa. 1980); *In re Yale*, 434 F.2d 666 (C.C.P.A. 1970).


Source

Uniform Jury Instructions for Patent Cases In The United States District Court For The District Of Delaware (1993).

### 4.3    OBVIOUSNESS

In order to be patentable an invention must not be obvious to a person of ordinary skill in the art at the time the invention was made. The issue is not whether the claimed invention would be obvious to you as a layman, to me as a judge, or to a genius in the art, but whether it would have been obvious to one of ordinary skill in the art at the time it was made. Defendants contend that all claims of the '002 Patent are invalid as obvious.

In determining obviousness or non-obviousness of the claimed subject matter of each of the patents in suit, the following steps should be taken by you:

1.    You should determine the scope and content of the prior art relied upon by the party alleging invalidity of the Patent In Suit;

2.    You should then identify the difference, if any, between each claim of the Patent In Suit and the prior art; and

3.    Determine the level of ordinary skill in the pertinent art at the time the invention of the Patent In Suit was made.

Against this background, you will then make your decision that the claimed subject matter would have been either obvious or unobvious to a person of ordinary skill in the pertinent art. You should also consider such objective considerations as commercial success, long felt but unresolved need, failure of others to solve the problem, acquiescence in the patent by others, and whether the same or similar inventions were made independently by others prior to or at about the same time as the invention of the Patent In Suit.

*Graham v. John Deere Co.*, 383 U.S. 1 (1966); *Orthopedic Equipment Company v. All Orthopedic Appliances, Inc.*, 707 F.2d 1376 (Fed. Cir. 1983); *Stratoflex, Inc. v. Aeroquip Corp.*, 713 F.2d 1530 (Fed. Cir. 1983); *Structural Rubber Products Co. v. Park Rubber Co.*, 749 F.2d 707 (Fed. Cir. 1984).

Source

Uniform Jury Instructions for Patent Cases In The United States District Court For The District Of Delaware (1993).

### 4.3.1   SCOPE AND CONTENT OF THE PRIOR ART

As I just instructed you, in arriving at your decision on the issue of whether or not the claimed invention is obvious to one of ordinary skill in the art, you must first determine the scope and content of the prior art. This means that you must determine what prior art is reasonably pertinent to the particular problem with which the inventor was faced. The prior art includes the following:

1.     Prior patents anywhere in the world that issued before the date of invention;

2.     Prior publications having a publication date before July 12, 1987;

3.     U.S. Patents that have a filing date prior to July 12, 1988;

4.     Anything in public use or on sale in the United States before July 12, 1988;

5.     Anything that was publicly known or used by others in this country before the date of invention of the Patent In Suit; and

6.     Anything that was made or built or any process that was used in this country by another person before the date of invention of the Patent In Suit, where the thing made or built or the process used was not abandoned, suppressed or concealed.


Source

Uniform Jury Instructions for Patent Cases In The United States District Court For The District Of Delaware (1993) (citing 35 U.S.C. §102; *Graham v. John Deere Co.*, 383 U.S. 1 (1966); *Lindemann Maschinenfabrik GmbH v. American Hoist & Derrick Co.*, 730 F.2d 1452 (Fed. Cir. 1984); *Stratoflex, Inc. v. Aeroquip Corp.*, 713 F.2d 1530 (Fed. Cir. 1983)).

## 4.3.2   DIFFERENCES OVER THE PRIOR ART

The next factor that you must consider is the differences, if any, between the prior art and the claimed invention.  Although it is proper for you to note any differences between the claimed invention and the prior art, it is improper to consider the invention as only the differences because the test is whether the claimed invention as a whole would have been obvious over all of the prior art.  Each claim must be considered in its entirety.  *Graham v. John Deere Co.*, 383 U.S. 1 (1966); *Stratoflex, Inc. v. Aeroquip Corp.*, 713 F.2d 1530 (Fed. Cir. 1983); *Medtronic, Inc. v. Cardiac Pacemakers, Inc.*, 721 F.2d 1563 (Fed. Cir. 1983).

<u>Source</u>

Uniform Jury Instructions for Patent Cases In The United States District Court For The District Of Delaware (1993).