5.    **Issues for the Court**:

a)    If Defendants are found liable for damages, what is the amount of

pre-judgment interest, if any, to which LPL is entitled?  LPL asserts that it is entitled to pre-

judgment interest pursuant to 35 U.S.C. § 284 to compensate LPL for Defendants' infringement.

Pre-judgment interest is ordinarily awarded in patent infringement cases to fully compensate

patent owners for losses resulting from infringement. *See General Motors Corp., v. Devex*

*Corp.*, 461 U.S., 648, 655-57 (1983); *see also Tristrata Technology, Inc. v. Mary Kay, Inc.*, 423

F. Supp.2d 456, 471 (D. Del. 2006).  The purpose of awarding prejudgment interest is to ensure

that the patent owner is placed in as good a position as he would have been in had the infringer

entered into a reasonable royalty agreement. *Id.*

b)    The amount of post-judgment interest to be awarded.  An award of

post-judgment interest is granted as a matter of right pursuant to 28 U.S.C. § 1961.

c)    If Defendants are found guilty of infringement, is LPL entitled to

an injunction against Defendants' continued infringement of the '002 Patent?  "The decision to

grant or deny permanent injunctive relief is an act of equitable discretion by the court." *eBay*

*Inc. v. Mercexchange, LLC*, 126 S. Ct. 1837, 1839-1840 (2006).  In order to obtain permanent

injunctive relief, a plaintiff must establish:  1) that it has suffered an irreparable injury; 2) that

remedies available at law, such as monetary damages, are inadequate to compensate for that

injury; 3) that, considering the balance of hardships between the plaintiff and defendant, a

remedy in equity is warranted; and (4) that the public interest would not be disserved by a

permanent injunction. *eBay,* 126 S. Ct. 1837, 1839; *see also Weinberger v. Romero-Barcelo*,

456 U.S. 305, 311-313 (1982); *Amoco Prod. Co. v. Gambell*, 480 U.S. 531, 542 (1987).  The

recent decision in *eBay* upholds the District Court's ability to grant an injunction in appropriate

circumstances after consideration of equitable principles. *eBay*, 126 S. Ct. 1837, 1839-1840

(stating that the Patent Act expressly provides for issuing permanent injunctions); *see also* 35

U.S.C. §§ 283, 154(a)(1).

                  d)       If Defendants are found liable for damages, what is the amount of

costs and expenses, including attorneys' fees, if any, to which LPL is entitled pursuant to 35

U.S.C. § 284? A court must find by clear and convincing evidence that a case is "exceptional"

and that the circumstances warrant awarding attorneys' fees. *Evident Corp. v. Church & Dwight*

*Co., Inc.*, 399 F.3d 1310, 1315 (Fed. Cir. 2005). If the Jury finds Defendants' infringement to be

willful, (a) will the Court exercise its discretion under 34 U.S.C. §285 to award enhanced

damages, and (b) if so, what will be the amount of those enhanced damages?

     **B.**     **Defendants' Issues of Law**

              1.       **Anticipation:** Anticipation is a question of fact. *Brown v. 3M, 265 F.3d*

1349, 1351 (Fed. Cir. 2001). Anticipation requires that the claimed invention must have been

known in the prior art such that each limitation contained in the claim is present in a single prior

art reference. *Karsten Mfg. Corp. v. Cleveland Golf Co.,* 242 F.3d 1376, 1383 (Fed. Cir. 2001).

A reference anticipates if it discloses each limitation of the claim, either expressly or inherently.

*EMI Group North America, Inc. v. Cypress Semiconductor Corp., 268* F.3d 1342 (Fed. Cir.

2001). If a limitation is asserted to be inherently present in a prior art reference, extrinsic

evidence may be relied on to show the inherent existence of the missing limitation in the

otherwise anticipatory reference. *Id.*

              2.       **Obviousness:** A patent claim that is not anticipated by the prior art may

nevertheless be obvious in view of the prior art. A patent claim is obvious if the subject matter

claimed, as a whole, would have been obvious to one of ordinary skill in the pertinent art at the

time the invention was made. *Merck & Co., Inc. v. Teva Pharm. USA, Inc., 395* F.3d 1364, 1372 (Fed. Cir. 2005). Obviousness is a question of law that depends on underlying factual inquiries. *Id.* The factual inquiries include determining: (1) the scope and content of the prior art; (2) the level of ordinary skill in the art; (3) the differences between the invention claimed and the prior art; and (4) objective indicia of nonobviousness, if any. *Id.* at 1372-3.

Obviousness may be based on a combination of prior art references. *Ruiz v. A.B. Chance Co.,* 357 F.3d 1270, 1276 (Fed. Cir. 2004). The law requires some teaching, suggestion, reason or motivation to combine prior art references. *Id.* However, the motivation or suggestion to combine references does not require an express statement as such. *Id.* The suggestion or motivation to combine may be provided by the prior art itself, the nature of the problem that the invention is attempting to solve, or by the knowledge of one of ordinary skill in the art. *Id.* at 1276-77. Obviousness may also be based on a single prior art reference. *See, e.g.*, *Sandt Technology, Ltd. v. Resco Metal and Plastics Corp.,* 264 F.3d 1344 (Fed. Cir. 2001).

3.    **Invalidity Under 35 U.S.C. § 112:** A patent must contain a written description of the invention. To meet the written description requirement, the disclosure must convey with reasonable clarity to those skilled in the art that the inventor was in possession of the invention. *Purdue Pharma Z.P. v. Faulding Inc., 230 F.3d* 1320, *1323* (Fed. Cir. 2000). Compliance with the written description inquiry is a question of fact that will vary according to the nature of the invention claimed. *Id.* The written description requirement is separate from the enablement requirement and is a broader inquiry than how to make or use an invention. *University of Rochester v. G.D. Searle & Co., Inc.* 358 F.3d 916, 920 (Fed. Cir. 2004). Possession alone is not always sufficient to satisfy the test; the requirement is not met if, despite a showing of possession, the specification does not adequately describe the invention. *Id.* at 926.

Drawings alone can satisfy the written description requirement if they "describe what is claimed and convey to those of skill in the art that the patentee actually invented what is claimed." *Cooper Cameron Corp. v. Kvaerner Oilfield Products, Inc. 291* F.3d 1317 (Fed. Cir. 2002). Reduction to practice is not sufficient to show that the written description requirement has been met. *Id.* at 1330.

Enablement is a question of law that includes underlying factual issues. *Durel Corp. v. Osram Sylvania* Inc., 256 F.3d 1298, 1307 (Fed. Cir. 2001). Enablement is determined from the standpoint of a person skilled in the relevant art at the time the patent application was filed. The written description of an invention must teach those in the art how to make and use the invention as broadly as it is claimed without undue experimentation. *Id.* at 1306.

      4.      **Reduction to Practice Date**: To remove a reference published prior to an application's filing date, the inventor must show an actual reduction to practice of the invention prior to the effective date of the reference, or conception of the invention prior to the effective date of the reference, coupled with due diligence from the date of conception to a subsequent reduction to practice or to the filing of the application. *See Mahurkar v. C.R. Bard, Inc.*, 79 F.3d 1572, 1578 (Fed. Cir. 1996).

      5.      **Notice/Commencement:** A failure to mark with the patent number subjects a patentee to the actual notice requirement of 35 U.S.C. § 287(a). *Amsted Indust. Corp. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 185 (Fed. Cir. 1994). Otherwise, a patent holder is precluded from recovering damages prior to the date of actual notice of the infringement. *Id.* "For purposes of section 287(a), notice must be of `the infringement,' not merely notice of the patent's existence or ownership. Actual notice requires the affirmative communication of a specific charge of infringement by a specific accused product or device." *Id.* at 187.

6.    **Infringement:** Infringement is a question of fact. All of the asserted claim's limitations must be found in the accused device to establish literal infringement. *Netword, LLC v. Centraal Corp.,* 242 F.3d 1347, 1353 (Fed. Cir. 2001). If an accused method does not literally infringe a patent claim, a claim may be infringed under the doctrine of equivalents if there is equivalence between the elements in the accused product and the claim limitations of the invention that were not literally infringed. *Zelinski v. Brunswick Corp.,* 185 F.3d 1311, 1316 (Fed. Cir. 1999). If an element is not present in the accused device as required by the claim, a corresponding element in the accused device can only be an equivalent if it performs substantially the same function, in substantially the same way to achieve substantially the same result. *Telemac Cellular Corp. v. Topp Telecom, Inc., 247* F.3d 1316 (Fed. Cir. 2001).

Nevertheless, under the "all elements rule" all of the claim elements, or an equivalent thereof, must be found in the accused method to establish infringement under the doctrine of equivalents. *Netword, 242* F.3d at 1354. The doctrine of equivalents is unavailable where its application would eliminate, or read limitations out of the claim. *See, e.g., Abbott Labs. v. Novopharm Ltd., 323 F.3d* 1324, 1331 (Fed. Cir. 2003); *Dolly, Inc. v. Spalding & Evenflo Cos.,* 16 F.3d 394, 398 (Fed. Cir. 1994); *Atlantic Network Services, Inc. v. Covad Communications Group, Inc.,* 262 F.3d 1258 (Fed. Cir. 2001); *Fin Control Systems Pty, Ltd. v. OAM, Inc.,* 265 F3d 1311 (Fed. Cir. 2001); *Durel Corp. v. Osram Sylvania Inc.,* 256 F.3d 1298, 1305 (Fed. Cir. 2001).

7.    **Inducement:** Inducement is a question of fact. There can be no inducement of infringement without direct infringement. *Epson Gas Systems, Inc. v. Bauer Compressors, Inc., 279* F.3d 1022, 1033 (Fed. Cir. 2002). "To be liable for infringement under 35 U.S.C. § 271, a party must make, use, offer to sell, or sell within the United States, or import

into the United States, the patented invention." *Shockley v. Arcan, Inc.,* 248 F.3d 1349, 1364 (Fed. Cir. 2001). Defendants "cannot be liable for infringement under § 271 nor be jointly liable" for activities conducted outside the United States. *Id.*

Furthermore, while a defendant may be liable under § 271 (g) if, without authority, it "imports into the United States or offers to sell, sells, or uses within the United States a product which is made by a process patented in the United States," a foreign defendant that manufactures a product using a patented process - even if it foresees that its products will be imported into the United States - cannot be liable for infringement if its activities are conducted outside the United States. *Pfizer Inc. v. Aceto, Corp.,* 853 F. Supp. 104, 105-106 (S.D.N.Y. 1994). "The terms `importation' and `import' of § 271 (g) `are to have their plain ordinary meaning of bringing goods into the United States from another country' and thus a defendant is not an "importer" within the meaning of § 271 (g) merely because its goods find their way into the United States. *Id.* at 106.

8.    **Willfulness:** Willful infringement is a question of fact. *Biotec Biologische Naturverpackungen GmbH & Co. KG v. Biocorp, Inc., 249* F.3d 1341, 1346 (Fed. Cir. *2001).* The determination of willfulness is based on a consideration of the totality of the circumstances. *Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corp., 383 F.3d* 1337, 1342-43 (Fed. Cir. 2004). A party may not infer willful infringement based on a lack of an exculpatory opinion of counsel. *Id.* at 1341 ("We now hold that no adverse inference that an opinion of counsel was or would have been unfavorable flows from an alleged infringer's failure to obtain or produce an exculpatory opinion of counsel. Precedent to the contrary is overruled.").

9.    **Damages:** "Royalties, like lost profits, are compensatory damages, not punitive." *Integra Life Sciences, Ltd. v. Merck KGaAm* 331 F.3d 860, 870 (Fed. Cir. 2003).

"Although an exercise in approximation, this analysis must be based on 'sound economic and factual predicates.'" *Id.* (citing, *Riles v. Shell Exploration & Prod. Co.,* 298 F.3d 1302, 1311 (Fed. Cir. 2002). A patent holder is not entitled to damages that are speculative or based on guesswork. *See, e.g., Unisplay, S.A. v. American Elec. Sign Co.,* 69 F.3d 512, 517 (Fed. Cir. 1995); *Shockley v. Arcan, Inc.,* 248 F.3d 1349, 1362 (Fed. Cir. 2001); *Dow Chem. Co. v. United States,* 226 F.3d 1334, 1348 (Fed. Cir. 2000).

A party whose activities take place completely outside of the United States cannot be held jointly liable for patent infringement. *Shockley v. Arcan, Inc.,* 248 F.3d 1349, 1364 (Fed. Cir. 2001).

10.    **Exceptional Case:** Whether a case is exceptional is a factual determination. *Evident Corp. v. Church & Dwight Co.,* 399 F.3d 1310, 1315 (Fed. Cir. 2005). Attorneys' fees may be awarded to a party in exceptional cases. *Id.* A two-step inquiry examines (1) whether clear and convincing evidence supports a finding that the case is exceptional, and (2) whether an award of attorneys' fees to the prevailing party is warranted. *Id.* A case may be held to be exceptional where a party brings and maintains an action in bad faith. *Eltech Systems Corp. v. Oxytech Systems, Inc., 903* F.2d 805, 810 (Fed. Cir. 1990).

11.    There can be no infringement under the doctrine of equivalents if the asserted scope of equivalency would encompass the prior art." *DeMarini Sports v. Worth, Inc.,* 239 F.3d 1314, 1332 (Fed. Cir. 2001); *Marquip, Inc. v. Fosber Am., Inc.,* 198 F.3d 1363, 1366 (Fed. Cir. 1999).

12.    **Issues for the Court:**

a)    **Indefiniteness:** Are any of the asserted claims indefinite? Indefiniteness is a matter of claim construction. *S3 Inc. v. NVIDIA Corp.,* 259 F.3d 1364, 1367

(Fed. Cir. 2001). Indefiniteness does not rely on underlying factual determinations. *Exxon Research & Eng. Co. v. U.S.,* 265 F.3d 1371, 1376 (Fed. Cir. 2001). The definiteness requirement addresses whether one of ordinary skill in the art would understand the claim's scope when read in light of the specification. *Union Pacific Resources Co. v. Chesapeake Energy Corp.,* 236 F.3d 684, 692 (Fed. Cir. 2001).

     b) **Exceptional Case**: If defendants are the prevailing parties, will the court exercise its discretion in awarding defendants their attorneys' fees and costs? A court may award the prevailing parties their attorneys' fees and costs if the defendants prove by clear and convincing evidence that the case is exceptional and that the circumstances warrant awarding attorneys' fees. *Evident Corp. v. Dwight & Church Co, Inc., 399* F.3d 1310, 1315 (Fed. Cir. 2005).

## VII. EXHIBIT LIST

  The exhibits that will be offered by LPL and Defendants' objections thereto are listed in Appendix 1A, and the exhibits that will be offered by Defendants and LPL's objections thereto are listed in Appendix 1B, each of which are attached.  To the extent any party plans to use at trial certified translations of foreign language documents, copies of those translations will be exchanged on Wednesday, July 12, 2006.  The parties will exchange pre-marked exhibits on CD or DVD in Adobe Acrobat (.pdf) format on Monday, July 10, 2006.

## VIII. WITNESSES AND DESIGNATION OF DEPOSITION TESTIMONY

  On Monday, July 3, the Parties exchanged deposition designations for all depositions that had taken place by or before Thursday, June 29.  On July 10, the Parties will exchange deposition counter-designations.  LPL's deposition designations made on July 3 are listed in Appendix 2A, and Defendants' deposition designations made on July 3 are listed in Appendix 2B, each of which are attached.

The Parties have been unable to reach agreement on when they will exchange deposition designations for the depositions taken on June 29, June 30, July 1, and July 3. It is LPL's position that designations for depositions held on June 29, 2006, were due to be exchanged on July 3, 2006. Further, LPL proposes that the Parties exchange deposition designations for depositions held on June 30, July 1, and July 3 by or before Friday, July 7, 2006.

Defendants propose that the Parties exchange deposition designations for the depositions held on June 29, June 30, July 1, and July 3 two days after the final deposition transcript for each becomes available. The Parties will confer further regarding this issue and will report to the Court during the pretrial conference on the status of their discussions.

Following are the lists of witnesses LPL and Defendants anticipate calling at trial.

**A.      Witnesses LPL Expects To Call To Testify at Trial**

      1.      **Expert Witnesses and Summation of Opinions**

            a)      **Dr. Elliott Schlam**
                  Elliott Schlam Associates
                  4 Mahoras Drive
                  Wayside, New Jersey 07712
                  732-493-3868

The subject matter of Dr. Schlam's testimony will be on the infringement by CPT's LCD modules of the asserted claims of the '002 Patent and will also include a response to any invalidity defenses raised by Defendants.

            b)      **Arthur H. Cobb**
                  3710 IDS Center
                  Minneapolis, Minnesota 55402
                  (612) 337-5454

The subject matter of Mr. Cobb's testimony will be on the subject of damages and will include a determination of a

reasonable royalty and will provide an economic analysis of the marketplace for the hypothetical negotiations.

2. **Non-Expert Witnesses**

a) **Mr. Joo-Sup Kim**
Senior Manager, Head of Intellectual Property Center
LG.Philips LCD Co., Ltd.
533 Hogae-dong, Dongan-gu
Anyang-shi
Gyongki-do 430-080 KOREA

b) **Mr. Jong Hwan Kim**
Senior Manager, Intellectual Property Team
LG.Philips LCD Co., Ltd.
533 Hogae-dong, Dongan-gu
Anyang-shi
Gyongki-do 430-080 KOREA

c) **Mr. Young-Woo Cho**
Manager, Intellectual Property Team
LG.Philips LCD Co., Ltd.
533 Hogae-dong, Dongan-gu
Anyang-shi
Gyongki-do 430-080 KOREA

d) **Mr. Ho Lee**
Senior Manager, Intellectual Property Center
LG Electronics Inc.
LG Twin Towers
20, Yeouido-dong
Yeongdeungpo-gu
Seoul 150-721 KOREA

LPL will also offer testimony at trial from depositions of several witnesses, including employees of Defendants, as indicated through LPL's deposition designations. LPL may also offer rebuttal witnesses.

**B.** **Witnesses Defendants May Call to Testify at Trial**

The following is a list of the witnesses that Defendants presently intend to call to testify either in person, or by deposition, at the trial together with their respective addresses

1.    **Expert Witnesses and Summation of Opinions**

    a)    **Dr. Webster Howard**
        4 Lee Lane
        Lagrangeville, NY 12540

The subject matter of Dr. Howard's testimony will be regarding issues of infringement and validity of the asserted claims of the '002 Patent.

    b)    **Michael J. Wagner**
        285 Hamilton Avenue, Suite 300
        Palo Alto, CA  94301-2200

The subject matter of Mr. Howard's testimony will be damages.

2.    **Non-expert Witnesses**

    a)    **Chiu Chuang-Yi**
        Chunghwa Picture Tubes Ltd.
        1127 Hopin Road
        Padeh City, Taoyuan
        Taiwan 334, R.O.C.

    b)    **Tsai Hsi-Wen**
        Chunghwa Picture Tubes Ltd.
        1127 Hopin Road
        Padeh City, Taoyuan
        Taiwan 334, R.O.C.

    c)    **Belle Chang**
        Chunghwa Picture Tubes Ltd.
        1127 Hopin Road
        Padeh City, Taoyuan
        Taiwan 334, R.O.C.

    d)    **Ming Hsuan Chang**
        Chunghwa Picture Tubes Ltd.
        1127 Hopin Road
        Padeh City, Taoyuan
        Taiwan 334, R.O.C.

    e)    **Pat Chang**

Tatung Company
22, Chungshan N. Rd., 3rd Sec.
Taipei, Taiwan, 104, R.O.C.

f)  **Yang San Chi**
Tatung Company
22, Chungshan N. Rd., 3rd Sec.
Taipei, Taiwan, 104, R.O.C.

g)  **Kunag Lang Chen**
Chunghwa Picture Tubes Ltd.
1127 Hopin Road
Padeh City, Taoyuan
Taiwan 334, R.O.C.

h)  **Young-Woo Cho**
Manager, Intellectual Property Team
LG.Philips LCD Co., Ltd.
533 Hogae-dong, Dongan-gu
Anyang-shi
Gyongki-do  430-080 KOREA

i)  **Hung Jen Chu**
**1127 Hopin Rd.**
**Padeh City**
**Taoyuan, Taiwan**

j)  **Dick Flasck**
RAF Electronics Corp.
10045 Nantucket Dr.,
San Ramon, CA 94583

k)  **Robert Frame**
3 John Pratt Circle
Westboro, MA 01581

l)  **Chien Kuo He**
Chunghwa Picture Tubes Ltd.
1127 Hopin Road
Padeh City, Taoyuan
Taiwan 334, R.O.C.

m)  **Scott Holmberg**
3106 Las Palmas Ave.
Escondido CA 92025

n)  **Honeywell 30(b)(6) witness**
Honeywell International Inc.
101 Columbia Rd.
Morristown, NJ 07962

o)  **Song Jung, Esq.**
1900 K Street, NW
Washington, DC 20006

p)  **Jong Hwan Kim**
Senior Manager, Intellectual Property Team
LG.Philips LCD Co., Ltd.
533 Hogae-dong, Dongan-gu
Anyang-shi
Gyongki-do  430-080 KOREA

q)  **Joo Sup Kim**
Senior Manager, Head of Intellectual Property Center
LG.Philips LCD Co., Ltd.
533 Hogae-dong, Dongan-gu
Anyang-shi
Gyongki-do  430-080 KOREA

r)  **Milton Kuan**
Chunghwa Picture Tubes Ltd.
1127 Hopin Road
Padeh City, Taoyuan
Taiwan 334, R.O.C.

s)  **Ho Lee**
Senior Manager, Intellectual Property Center
LG Electronics Inc.
LG Twin Towers
20, Yeouido-dong
Yeongdeungpo-gu
Seoul  150-721 KOREA

t)  **Mike Lee**
Tatung Company of America
2850 El Presidio Street
Long Beach, California 90810

u)  **Tse Rang (David) Lee**
ViewSonic International
Taipei, Taiwan

v)  **Vincent Liu**

Chunghwa Picture Tubes Ltd.
1127 Hopin Road
Padeh City, Taoyuan
Taiwan 334, R.O.C.

w) **James Morlan**
CFO
ViewSonic Corporation
381 Brea Canyon Road
Walnut, CA 91789

x) **Alan Cheng Chen Shih**
Tatung Company of America, Inc.
2850 El Presidio Street
Long Beach, CA 90810

y) **Oliver Shih**
Tatung Company
22, Chungshan N. Rd., 3rd Sec.
Taipei, Taiwan, 104, R.O.C.

z) **Robin Tsou**
Tatung Company of America, Inc.
2850 El Presidio Street
Long Beach, CA 90810

aa) **Bonnie Uphold, Esq.**
ViewSonic Corporation
381 Brea Canyon Road
Walnut, CA 91789

bb) **Jeff Volpe**
ViewSonic Corporation
381 Brea Canyon Road
Walnut, CA 91789

cc) **Sally Wang**
ViewSonic Corporation
381 Brea Canyon Road
Walnut, CA 91789

dd) **John T. Winburn**
BSH Home Appliances Corp.
5551 McFadden Ave.
Huntington Beach CA 92649

ee) **Hsi Ling Yang**

43

Tatung Company
22, Chungshan N. Rd., 3rd Sec.
Taipei, Taiwan, 104, R.O.C.

ff) **San Chi Yang**
Tatung Company
22, Chungshan N. Rd., 3rd Sec.
Taipei, Taiwan, 104, R.O.C.

gg) **Shih-Tsung Yang**
Chunghwa Picture Tubes Ltd.
1127 Hopin Road
Padeh City, Taoyuan
Taiwan 334, R.O.C.

hh) **John Zele, Esq.**
Morgan Lewis
1111 Pennsyvania Ave. N.W.
Washington, D.C. 20004

ii) **Jin Kwan Choi**
Suite 403
1594 Qwanyang-dong
Dongan-gu
Anyang City
Gyeonggi Province, South Korea

jj) **Michele B. Bovio**
Via Castellamonte 18
10010 Banchette, Italy

kk) **Wei-Dong Shen**
Top Victory Electronics (Taiwan) Co., Ltd.
10F, No. 230, Liacheng Rd.
Zhonghe City
Taipei County 23553, Taiwan, ROC

ll) **Edmund Yuh**
Envision Peripherals, Inc.
47490 Seabridge Drive
Fremont, CA 94538

mm) **Christina Tsou**
Jean Co., Ltd.
7F, No. 2, Rei Kuang Road
Nei Hu
Taipei, Taiwan, ROC

nn)    **Chang Ching-Yi**
Lite-On Technology Corp.
14F, 392, Ruey Kuang Road
Neihu
Taipei 114, Taiwan, R.O.C

oo)    **Chen Guang-Lang (Kuang-Lang)**
Chunghwa Picture Tubes Ltd.
1127 Hopin Road
Padeh City, Taoyuan
Taiwan 334, R.O.C.

pp)    **Ai-Jen Chen**
Chunghwa Picture Tubes Ltd.
1127 Hopin Rd.
Padeh City, Taoyuan
Taiwan 334, R.O.C.

qq)    **Ryan Chung**
Chunghwa Picture Tubes Ltd.
1127 Hopin Rd.
Padeh City, Taoyuan
Taiwan 334, R.O.C

rr)    **Yi Tsai Hsu**
Chunghwa Picture Tubes Ltd.
1127 Hopin Rd.
Padeh City, Taoyuan
Taiwan 334, R.O.C.

ss)    **James Kao**
Chunghwa Picture Tubes Ltd.
1127 Hopin Rd.
Padeh City, Taoyuan
Taiwan 334, R.O.C.

tt)    **Yu Fang Wang**
Chunghwa Picture Tubes Ltd.
1127 Hopin Rd.
Padeh City, Taoyuan
Taiwan 334, R.O.C.

uu)    **Bryan Lin**
Tatung Company
22, Chungshan N. Rd., 3rd Sec.
Taipei, Taiwan, 104, R.O.C.

vv)  **Andrew Sun**
Tatung Company
22, Chungshan N. Rd., 3rd Sec.
Taipei, Taiwan, 104, R.O.C.

ww)  **Erik Willey**
ViewSonic Corporation
381 Brea Canyon Road
Walnut, CA 91789

xx)  **Dae Hee Park**
LG.Philips LCD Co., Ltd.
KOREA

yy)  **Dong Sun Lee**
LG.Philips LCD Co., Ltd.
KOREA

zz)  **Sai-Chang Yun**
LG.Philips LCD Co., Ltd.
KOREA

aaa)  **Robert Caudillo**
ViewSonic Corporation
381 Brea Canyon Road
Walnut, CA 91789

bbb)  The witnesses on LPL's witness list

Defendants may also offer testimony at trial from depositions of additional witnesses, including employees of LPL or LGE or others, as indicated through Defendants' deposition designations.  Defendants may also offer rebuttal witnesses.

## IX.    BRIEF STATEMENT OF LPL'S CLAIMS

### A.    Overview of LPL's Contentions

LPL, the owner of the '002 Patent, contends that Defendants have directly infringed and actively induced infringement of the '002 Patent, both by directly importing, using, selling, and offering to sell infringing LCD modules in the United States, and by actively inducing others, such as Brands (including, for example, ViewSonic Corporation, Dell, HP, Compaq, IBM,

Gateway, and Apple) to import, use, sell, and offer to sell infringing LCD modules and LCD Display Products throughout the United States. LPL contends that the '002 Patent is valid and that Defendants have not rebutted the presumption of validity accorded the '002 Patent under 35 U.S.C. § 282.

CPT makes LCD modules using the methods claimed in the '002 Patent. CPT works directly with OEMS and Brands, such as Tatung Co. and ViewSonic Corporation, to develop LCD products using infringing modules. Further, CPT works directly with its customers such as Tatung Co. and ViewSonic Corporation to exploit the U.S. market for LCD products and to profit from importing, selling, and offering infringing products throughout the U.S.

The evidence at trial will show, by clear and convincing evidence, that CPT and the other Defendants have willfully infringed the '002 Patent, entitling LPL to enhanced damages. CPT knew of the '002 Patent beginning in February 8, 2002, when it received letters from LPL offering a license to the '002 Patent. CPT and the other Defendants have failed to act with due care, instead continuing their infringing conduct in willful disregard of LPL's patent rights. Further, Defendants have actively attempted to avoid liability by misconduct, including in discovery. LPL contends that the Defendants are liable for infringement of the '002 Patent pursuant to 35 U.S.C. § 271.

LPL contends that, as a result of Defendants' infringement, it is entitled to recover reasonable royalty damages and other relief as set forth below.

**B.    LPL's Requested Damages**

1.    **Compensatory Damages Includes at least a Reasonable Royalty**. LPL seeks compensatory damages, including, at a minimum, a reasonable royalty, adequate to compensate LPL for Defendants' unauthorized use of LPL's inventions, plus interest and costs as

fixed by the Court pursuant to 35 U.S.C. § 284. *See Georgia-Pacific Corp. v. US Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970).

2.      **Enhanced Damages**. LPL requests enhanced damages for willful infringement pursuant to 35 U.S.C. § 285.

3.      **Additional Compensatory Damages**. LPL seeks pre-judgment interest pursuant to *General Motors Corp. v. Devex Corp.*, 461 U.S. 648 (1963), and 35 U.S.C. § 284, and post-judgment interest pursuant to 28 U.S.C. § 1961.

4.      **Costs, Expenses and Reasonable Attorneys' Fees**. LPL seeks the award of costs and expenses, including reasonable attorneys' fees, pursuant to 35 U.S.C. § 284. The parties propose that these issues be addressed in post-trial submissions, if necessary, on a schedule set after conclusion of trial.

5.      **Other Relief**. LPL requests such other and further relief as this Court may deem just and proper.

## X.      BRIEF STATEMENT OF DEFENDANTS' CLAIMS AND DEFENSES

For their defenses and counterclaims, Defendants contend that the accused products do not infringe the `002 patent. Defendants will demonstrate that under the Court's construction of the asserted claims, the accused products lack at least one element of each and every asserted claim. Therefore, there can be no finding of direct infringement, infringement under the doctrine of equivalents, or inducement of infringement.

Furthermore, Defendants contend that the asserted claims of the `002 patent are invalid as anticipated and/or rendered obvious by the prior art. Accordingly, Defendants will show that each element of every asserted claim is found in the prior art. Defendants also contend that the asserted claims are invalid for failure to satisfy the Patent Statute's requirements for definiteness, enablement and written description.

48

Finally, Defendants contend that, even if liability were to be found, there can be no damages assessed for the period prior to the filing of the suit in May 2005, which is when Defendants first received legally sufficient notice of the `002 patent. Defendants further contend that, even if liability were to be found, there has been no willful infringement. And finally, Defendants seek the award of costs and expenses, including reasonable attorneys' fees.

## XI.    AMENDMENTS OF PLEADINGS

LPL and Defendants submit that neither party desires any amendment to the pleadings. As addressed in Part XIII.K below, the Defendants will seek to have the Court order LPL to drop its claims under Section 271(a), and LPL will oppose Defendants' request.

## XII.    ATTEMPTED RESOLUTION OF CONTROVERSY

LPL and Defendants certify that the possibility of settlement of this case was considered by persons with authority in a good faith effort to explore the resolution of this case by settlement.  No agreement has been reached.

## XIII.    LIMITATIONS, RESERVATIONS, AND OTHER MATTERS

### A.    Bifurcation

The parties do not believe that a bifurcated trial is necessary.  In the event the Jury finds in favor of LPL, the parties agree to address the availability and award of injunctive relief in post-hearing briefing and, upon request by any of the parties and at the Court's discretion, oral argument.

### B.    Outstanding Motions

1.    LPL has the following outstanding motions:

    a)    Motion for Protective Order Regarding Defendants' First Set of Requests for Admissions (D.I. 275)

  b)  Motion for Order Barring Disclosure of LPL's Confidential

Information to Dr. Nisha Mody and CapAnalysis (D.I. 274)

  c)  Motion to Compel Discovery Regarding CPT's Compliance with

U.S. Regulatory and Safety Requirements (D.I. 244)

  d)  Motion to Compel CPT to Provide Guard Ring Information as

Ordered on May 1, 2006 (D.I. 243)

  e)  Motion to Strike Defendant's Motion For Partial Summary

Judgment On Damages Under 35 U.S.C. Section 287 (D.I. 222)

  f)  Second Motion to Compel Deposition Testimony and for Sanctions

(D.I. 199)

  g)  Motion to Compel Deposition Testimony and for Sanctions (D.I.

198)

  LPL anticipates filing additional motions *in limine,* including one directed to the expert

report of Dr. Webster Howard and the testimony of Mr. Howard and one directed to the expert

report of Mr. Michael J. Wagner, the testimony of Mr. Wagner, and the document production

provided by Mr. Wagner.  LPL also anticipates filing an additional motion *in limine* directed to

Defendants' use of non-party discovery produced in other cases.

  The Parties agree that they are not precluded from filing other motions or seeking

additional relief beyond that sought by the motions enumerated above.

  2.  Defendants have the following outstanding motions *in limine*:

  a)  Precluding LPL from making reference to the terms "U.S. Brands"

or "U.S. Customers" (D.I. 227);

50

b)      Excluding argument and evidence relating to defendants' opinions of counsel (D.I. 228);

c)      Precluding LPL from soliciting or offering any testimony, evidence, or argument relating to any alleged customer relationship between ViewSonic Corporation and CPT (D.I. 229);

d)      Precluding LPL from soliciting or offering any testimony, evidence, or argument relating to the relative value of any patent, including the `002 patent, in the patent package sold by Honeywell to LPL (D.I. 230);

e)      Precluding LPL's reference to the word "DiKang" as resistance (D.I. 231);

f)      Precluding LPL from using any document in its favor at trial that was produced by anyone after the February 21 document production cut-off, including but not limited to HON-D 0158 - 0166 (D.I. 232); and

g)      Precluding LPL from soliciting or offering any testimony, evidence, or argument relating to any business relationship between CPT and any other Company (D.I. 233).

Defendants anticipate filing the following additional motions *in limine*: (1) a motion in limine directed to the expert report of Cobb & Associates and the testimony of Mr. Cobb; (2) a motion in limine directed to Dr. Schlam's report and the testimony of Dr. Schlam; (3) that specific notice is required for each CPT product to start the damages period running and to start any alleged willful infringement period; (4) that there can be no recovery for alleged infringing sales outside the U.S.; (5) that expert opinions offered at trial must have been included in expert reports; (6) that the Cobb report and testimony is precluded under the *Daubert* rule; (7) that Mr. Cobb may not opine regarding customers; (8) that meetings between LPL and CPT in 2002

should not be referenced; (9) that late-produced documents should be excluded; and (10) that the Schlam report and testimony is precluded under the *Daubert* rule.

The Parties agree that they are not precluded from filing other motions or seeking additional relief beyond that sought by the motions enumerated above or in sub-part 3 immediately below.

3.      Defendants have the following additional outstanding motions:

a)      Motion to Compel LG.Philips LCD Co., Ltd. To Produce A Witness To Testify On Certain Designated Topics (D.I. 245)

b)      Motion For Partial Summary Judgment On Damages Under 35 U.S.C. Section 287 (D.I. 219)

Defendants also anticipate filing the following motions for summary judgment and/or judgment as a matter of law: (1) That the term "pickup pad" is indefinite; (2) That claim 18 is indefinite because it is not possible to tell what claim it depends from; (3) That interpreting diodes to fall within the term "resistance" in the claims would be in impermissible expansion of the claims, even under the doctrine of equivalents; (4) an Opposition to the application to be admitted *pro hac vice* filed on behalf of Song K. Jung; and (5) If interconnecting includes connecting with semiconductors, then claim 1 and all other claims depending from it would be invalid for failure to meet the written description requirement of section 112.

**C.      Jury Voir Dire**

The Court will conduct voir dire. The Parties are filing separate proposed voir dire concurrent with the filing of this Joint Proposed Pretrial Order. In addition, Defendants seek to distribute a jury questionnaire.

**D.    Special Verdict Form**

The Parties are filing separate proposed special verdict form concurrent with the filing of this Joint Proposed Pretrial Order.

**E.    Supplementation of Pretrial Materials**

The Parties have been unable to reach agreement on when they will supplement the pretrial materials and the appropriate scope for supplementation. Following are each of LPL's and Defendants' proposals. The Parties will confer further regarding this issue and will report to the Court during the pretrial conference on the status of their discussions.

LPL proposes that supplementation of the pretrial materials be addressed as follows:

On Monday, July 10, the Parties will exchange such materials as may be needed to supplement the disclosures and designations made through this Joint Pretrial Order, but only as may be needed to address new issues or evidence first discovered through the expert reports or any depositions held after June 29, 2006 (including, if necessary, supplementation of the statement of the facts that are admitted and thus require no proof, the statement of the issues of fact remaining to the litigated, the statement of the issues of law remaining to be litigated and a citation of authorities to be relied upon, each party's brief statements of proof regarding their respective claims and defenses, the trial witness list, the trial exhibit list, and deposition designations). On July 12, the Parties will meet and confer regarding the supplemental exchanges, and by or before July 14, the Parties will file with the Court such amended pretrial submissions as may be necessary. The Parties will also, at that time, file with the Court their respective deposition designations and counter-designations.

Defendants propose that supplementation of the pretrial materials be addressed as follows:

On Monday, July 10, the Parties will exchange such materials as may be needed to supplement the disclosures and designations made through this Joint Pretrial Order, but only as may be needed to address new issues or evidence first discovered through the expert reports or expert or fact depositions (including, if necessary, supplementation of the statement of the facts that are admitted and thus require no proof, the statement of the issues of fact remaining to the litigated, the statement of the issues of law remaining to be litigated and a citation of authorities to be relied upon, each party's brief statements of proof regarding their respective claims and defenses, the trial witness list, the trial exhibit list, and deposition designations). On July 12, the Parties will meet and confer regarding the supplemental exchanges, and by or before July 14, the Parties will file with the Court such amended pretrial submissions as may be necessary. The Parties will also, at that time, file with the Court their respective deposition designations and counter-designations.

### F.    Exchange of Demonstratives

The parties will exchange demonstratives at least 48 hours before use.[3] For irregularly sized physical exhibits, the Parties will exchange 8 ½ x 11 copies of the exhibits. For video or animation, the Parties will exchange copies on DVD or CD, as may be most appropriate in light of the type and size of the exhibit or presentation.

### G.    Federal Judicial Center Introduction to the Patent System

The parties agree that the jury would benefit from being shown the Federal Judicial Center's video entitled "Introduction to the Patent System." The parties anticipate discussing and hope to reach agreement on the timing of showing this video before the pretrial conference.

---

[3] The Defendants have asked that LPL notify Defendants 48 hours before LPL rests its case in chief, so as to allow the Defendants to provide LPL with its demonstratives 48 hours before their first use, as required by this Part XIII.F. LPL is considering the Defendants' request.

## H.    Authentication of Discovery

The parties have agreed to consider entering into a stipulation regarding the authenticity of the discovery produced in this case. The parties will report to the Court during the pretrial conference on the status of their discussions.

## I.    Interpreters

The parties seek guidance from the Court regarding the number of interpreters that should be present and the procedure for agreeing on them.

Defendants will seek an order from the Court that interpreters from Mainland China (The People's Republic of China) may not be used, as Taiwanese Chinese differs significantly from Mainland Chinese, particularly with regard to technical terminology. There will be no witnesses in this case from Mainland China, and thus, inaccuracies in translation are likely to occur if interpreters from Mainland China are used.

LPL disagrees with Defendants proposal that translators should be selected based upon their place of origin rather than their individual qualifications. LPL has seen no evidence that the difference between Taiwanese Chinese and Mainland Chinese differs in any way that may be relevant to the trial of this case.

## J.    Reference to Patents Other Than The '002 Patent

LPL will seek an order to preclude Defendants from referring to the '121 Patent or any LPL patent not asserted in this case, except as prior art references asserted against the '002 Patent as cited in Defendants' Section 282 notice. Defendants contend that reference to the '121 patent and LPL patents not asserted in this case is proper and will oppose LPL's request.

### K.    LPL's Claims Under 35 U.S.C. § 271(a)

Defendants will seek to have the Court order LPL to drop its claims under Section 271(a), and LPL will oppose Defendants' request.

### L.    Request for Information Regarding Conduct of Trial.

The Defendants request clarification from the Court on the following issues pertaining to the conduct of the trial:

1.    The trial day schedule.  For example: What time will we begin and end each day?  Will there be time at the beginning of each day for evidentiary issues and other issues before the jury is brought in?

2.    Whether the Court will allow attorneys to make transition statements to the jury before each witness (for example, stating what the topic of testimony will be).

3.    Whether the Court will give instructions to the jury at the time deposition transcripts are read or played and at the time interrogatory responses are read (for example, explaining their status as evidence).

4.    When deposition video clips of Mr. Holmberg's testimony will be played and whether the deposition videos must be played all at once.

5.    How the Court will handle motions for judgment as a matter of law/motions for directed verdict after LPL's case-in-chief is finished.

### M.    Witnesses

Defendants request 24 hours' notice regarding witnesses to be called at trial.  LPL asks that Defendants be instructed to inform LPL regarding which of its 52 witnesses are likely to be called at trial, may be called at trial, and are unlikely to be called at trial.

56

N.    **Court Room Access**

The parties request access to the Court Room on the afternoon of Friday, July 14, to

facilitate the set-up of monitors and other equipment for the trial.

## XIV.  ORDER TO CONTROL COURSE OF ACTION

This order shall control the subsequent course of the action unless modified by the Court

to prevent manifest injustice.

| | |
|---|---|
| *For Plaintiff LG.Philips*<br>*LCD Co., Ltd.* | *For Defendants Tatung Co., Tatung Co. of*<br>*America, Inc., Chunghwa Picture Tubes, Ltd., and*<br>*ViewSonic Corp.* |
| THE BAYARD FIRM | RICHARDS, LAYTON & FINGER, P.A. |
| /s/ Richard D. Kirk (rk0922)<br>rkirk@bayardfirm.com<br>222 Delaware Avenue, Suite 900<br>Wilmington, DE  19899-5130<br>(302) 655-5000 | /s/ Robert W. Whetzel (2288)<br>Robert W. Whetzel<br>whetzel@rlf.com<br>Steven J. Fineman<br>fineman@rlf.com<br>One Rodney Square, P.O. Box 551<br>Wilmington, DE  19899<br>(302) 651-7700 |
| OF COUNSEL:<br>Gaspare J. Bono<br>Matthew T. Bailey<br>Cass W. Christenson<br>McKenna Long & Aldridge LLP<br>1900 K Street, N.W.<br>Washington, D.C. 20006<br>(202) 496-7500 | OF COUNSEL:<br>Christine A. Dudzik<br>Thomas W. Jenkins<br>Howrey LLP<br>321 North Clark Street<br>Suite 3400<br>Chicago, IL  60610 |
| | Teresa M. Corbin<br>Glenn W. Rhodes<br>Julie Gabler<br>Howrey LLP<br>525 Market Street<br>Suite 3600<br>San Francisco, CA  94105 |

DATED: _____

_____
UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on July 5, 2006, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Robert W. Whetzel, Esq.
Matthew W. King, Esq.
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

The undersigned counsel further certifies that copies of the foregoing document were sent on July 5, 2006 by email and by hand to the above counsel and by email and first class mail to the following non-registered participants:

Christine A. Dudzik, Esq.
Thomas W. Jenkins, Esq.
Howrey LLP
321 North Clark Street
Suite 3400
Chicago, IL 60610

Teresa M. Corbin, Esq.
Glenn W. Rhodes, Esq.
Julie Gabler, Esq.
Howrey LLP
525 Market Street
Suite 3600
San Francisco, CA 94105

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk

602380v1