UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG.PHILIPS LCD CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> TATUNG COMPANY; TATUNG COMPANY OF AMERICA, INC.; CHUNGHWA PICTURE TUBES, LTD.; AND VIEWSONIC CORPORATION, <br><br> Defendants. | Civil Action No. 05-292 (JJF) |

**PLAINTIFF'S PROPOSED VOIR DIRE TO JURY PANEL**

Pursuant to D. Del. LR 47.1(a), plaintiff LG.Philips LCD Co. Ltd. ("LPL") submits the following proposed voir dire questions.

July 4, 2006

OF COUNSEL:
Gaspare J. Bono
Matthew T. Bailey
Cass W. Christenson
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006
(202) 496-7500

THE BAYARD FIRM

/s/ Richard D. Kirk (rk0922)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899-5130
(302) 655-5000
rkirk@bayardfirm.com
Counsel for Plaintiff
LG.PHILIPS LCD CO., LTD.

## **VOIR DIRE TO JURY PANEL**

Good morning, ladies and gentlemen. I am Judge Farnan, and I will be presiding over the trial for which a jury is about to be drawn in the case captioned *LG.Philips LCD Co., Ltd. v. Tatung Company, Tatung Company of America Inc, Chunghwa Picture Tubes, Ltd., and ViewSonic Corporation.* Briefly stated, this case is a patent infringement action brought by the plaintiff LG.Philips LCD against the defendants Chunghwa Picture Tubes, Ltd., Tatung Company, Tatung Company of America Incorporated, and ViewSonic Corporation. For your information, counsel for parties may occasionally refer to plaintiff LG.Philips LCD Company as "LPL," and they may also refer to defendant Chunghwa Picture Tubes, Ltd. as "CPT."

In this case, LPL is asserting claims of patent infringement against Tatung Company, Tatung Company of America, CPT, and ViewSonic with regard to United States Patent No. 5,019,002, which is entitled "Method of Manufacturing Flat Panel Backplanes including Electrostatic Discharge Prevention and Displays Made Thereby." Very generally speaking, the patent relates to a way of protecting a liquid crystal display or "LCD" from electrostatic discharge or static electricity, during its manufacture.

The trial is expected to last one week, from July 17, 2006 through July 24, 2006, our trial days will run approximately from 9 a.m. to 4:30 p.m.

In light of this brief summary, I will ask the panel certain questions, the purpose of which is to: (1) enable the Court to determine whether or not any prospective juror should be excused for cause; and (2) enable counsel for the parties to exercise their individual judgment with respect to peremptory challenges, that is, challenges for which no reason need be given by counsel. If any of you answer any question "yes," please stand up and, upon being recognized by the Court, state your juror number. When I have concluded asking all of the questions, we

will call you to the bench individually to speak with you about your affirmative response or responses.

**HAVE CLERK ADMINISTER THE OATH TO THE PANEL**

1. You have been given a list of companies.

    (a) Is any member of the panel personally acquainted with any officer, director, or employee of any of these companies?

    (b) Do you or any member of your household now own, or have you or any such member ever owned, any stocks or bonds in any of the companies?

    (c) Have you, any family member, or anyone close to you had any dealings with, or relied financially in any way on, any of the companies?

    (d) Is any family member or anyone close to you employed at any of the companies?

2. You have been given a list of the attorneys and law firms.

    (a) Is any member of the panel related to, or personally acquainted with, any of these attorneys?

    (b) Have you ever been represented by any of these attorneys or other associates or members of the listed law firms?

    (c) Have you, any family member, or anyone close to you had any dealings with the attorneys or members of the listed law firms?

    (d) Is any family member or anyone close to you employed at any of these law firms?

3. You have been given a list of the individuals who might appear as witnesses. Is any member of the panel related to, or personally acquainted with, any of these individuals?

2

4. Does any member of the panel have any personal knowledge of this case, or have you read or heard it discussed, or have an opinion regarding it?

5. Has any member of the panel ever been a plaintiff or a defendant in a civil lawsuit?

6. Has any member of the panel ever served as a juror in an intellectual property infringement lawsuit, including patent infringement lawsuits, copyright infringement lawsuits, trademark infringement lawsuits, or trade secret misappropriation lawsuits?

7. Has any member of the panel ever been named as inventor in an issued U.S. Patent, applied for a U.S. Patent, or been the owner or licensee of a U.S. Patent?

8. You have been given a list of subject areas. Have you, a close friend, or a family member ever been employed, trained, or have any experience in these listed areas?

9. Have you, any member of your immediate family, or anyone close to you ever had any dealings with the United States Patent and Trademark Office?

10. Do you have any views about how easy or difficult it is to get a patent?

11. Does any member of the panel have personal opinions or beliefs that would prevent them from recognizing and protecting intellectual property, including patents?

12. Does any member of the panel have any disability or problem that would make it difficult or impossible for you to serve as a member of the jury in this case?

13. Does any member of the panel have any feelings either in favor of or against corporations that would effect your role as a juror ?

14. Does any member of the panel know of any other matter which you believe should be called to the Court's attention as having some bearing upon your qualifications or ability to sit

3

as a juror, or which you think may prevent you from rendering a fair and impartial verdict based solely upon the evidence and my instructions as to the law?

4

## COMPANIES

(a) LG.Philips LCD Co., Ltd.

(b) LG Electronic, Inc.

(c) Tatung Company

(d) Tatung Company of America Incorporated

(e) Chunghwa Picture Tubes, Ltd.

(f) ViewSonic Corporation

## ATTORNEYS

**McKenna Long & Aldridge LLP**

Gaspare J. Bono
Song K. Jung
Matthew T. Bailey
R. Tyler Goodwyn
Cass W. Christenson

**The Bayard Firm**

Richard D. Kirk
Ashley B. Stitzer

**Howrey LLP**

Christine A. Dudzik
Teresa M. Corbin
Julie S. Gabler
Glenn W. Rhodes
J. James Li
Steven Yovits
Thomas W. Jenkins

**Richards, Layton & Finger, P.A.**

Robert W. Whetzel
Matthew W. King
Steven J. Fineman

5

## WITNESSES

### Expert Witnesses

Arthur H. Cobb
Dr. Elliott Schlam
Webster E. Howard
Michael J. Wagner

### Non-Expert Witnesses

Joo-Sup Kim
Jong-Hwan Kim
Young-Woo (Jason) Cho
Ho Lee
[All witnesses to be called by Defendants at trial.]

## SUBJECT AREAS

(a)  electrical engineering

(b)  liquid crystal displays

(c)  law of patents

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on July 4, 2006, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Robert W. Whetzel, Esq.
Matthew W. King, Esq.
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

The undersigned counsel further certifies that copies of the foregoing document were sent on July 4, 2006 by email and by hand to the above counsel and by email and first class mail to the following non-registered participants:

| | |
|---|---|
| Christine A. Dudzik, Esq. | Teresa M. Corbin, Esq. |
| Thomas W. Jenkins, Esq. | Glenn W. Rhodes, Esq. |
| Howrey LLP | Julie Gabler, Esq. |
| 321 North Clark Street | Howrey LLP |
| Suite 3400 | 525 Market Street |
| Chicago, IL 60610 | Suite 3600 |
| | San Francisco, CA 94105 |

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk

602380v1