IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG. PHILIPS LCD CO., LTD., ) | |
| ) | |
| Plaintiff, ) | C.A. No. 05-292 (JJF) |
| ) | |
| v. ) | **DEMAND FOR JURY TRIAL** |
| ) | |
| TATUNG COMPANY; TATUNG ) | |
| COMPANY OF AMERICA, INC.; ) | |
| CHUNGHWA PICTURE TUBES, LTD.; ) | |
| AND VIEWSONIC CORPORATION, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER
REGARDING DEFENDANTS' FIRST SET OF REQUESTS FOR ADMISSION**

OF COUNSEL:
Teresa M. Corbin
Glenn W. Rhodes
Howrey LLP
525 Market Street, Suite 3600
San Francisco, California 94105
(415) 848-4900

Julie S. Gabler
Howrey LLP
550 South Hope Street, Suite 1100
Los Angeles, California 90071
(213) 892-1800

Dated: July 6, 2006

Robert W. Whetzel (#2288)
whetzel@rlf.com
Steven J. Fineman (#4025)
fineman@rlf.com
Matthew W. King (#4566)
king@rlf.com
Richards, Layton & Finger
One Rodney Square, P.O. Box 551
Wilmington, DE 19899
(302) 651-7700
Attorneys for Defendants/Counterclaimants Tatung Company, Tatung Company of America, Chunghwa Picture Tubes, Ltd, and Viewsonic Corporation

RLF1-3033826-1

I.  **INTRODUCTION**

On June 16, 2006, Defendants served their first set of requests for admission directed to Plaintiff. Even a cursory review of the requests reveals that Defendants have attempted to streamline certain issues in an effort to reduce the burden on the Court and the jury during trial. Specifically, Defendants seek to elicit Plaintiff's admission of many elementary facts.

Plaintiff alleges that Defendants' requests are untimely, are in violation of the Court's scheduling order and are substantively improper, however, Plaintiff offers very little in support of these allegations. Plaintiff asserts that the scheduling order provides that the requests for admission should have been served "long ago," but offers no citation for this proposition. Similarly, Plaintiff's claim that Defendants' requests are "substantively improper" is belied by the requests themselves. Plaintiff has offered no basis to grant its motion for a protective order.

A.  **Defendants' Requests For Admission Are Timely.**

Although Plaintiff alludes to the scheduling order as establishing a deadline for service of requests for admission, the scheduling order does not provide a cut-off for serving requests for admission. Indeed, while providing deadlines for "exchange and completion of contention interrogatories and document production," the scheduling order does not speak to requests for admission. (*See* D.I. 62). As a result, Defendants' requests for admission are not untimely under the scheduling order. Moreover, Plaintiff's argument that the "posture of this case" dictates that the requests for admission should have been served earlier is misguided and ignores the history of the case. Discovery deadlines were extended to allow the parties to complete discovery. It was necessary, appropriate and efficient, to wait until narrow, targeted requests for admission could be served.

Surprisingly, Plaintiff also argues that Defendants' requests are "superfluous" because the parties "are working to identify undisputed facts as part of the Joint Pretrial Order."

1

Plaintiff's Motion at 2-3. Defendants disagree. The Joint Proposed Pretrial Order was filed on July 5, 2006 and identifies only nine undisputed facts -- five of which relate to the place of incorporation of the parties. Defendants invite Plaintiff to identify some or all of the requested admissions that may be added to the Joint Proposed Pretrial Order as undisputed facts. If Plaintiff cannot, or will not make such a proffer, Plaintiff's argument is without basis.

### B.  Defendants Interpreted The Scheduling Order As Allowing Fifty Requests Per Party.

Section 3(c) of the Scheduling Order provides that "each side" is entitled to serve a maximum of fifty requests for admission. Defendants interpreted Section 3(c) to permit each of the four defendants to serve 50 requests.[1] While Defendants believe that responses to these requests will streamline trial, if the Court concludes that Defendants are limited to a total of fifty requests for admission, Defendants request that Plaintiff be ordered to respond to the following requests:  1, 2, 8, 9, 11, 19, 21, 22, 23, 24, 26, 28, 29, 31, 32, 39, 41, 43, 44, 47, 51, 53, 63, 67, 71, 77, 86, 87, 92, 99, 104, 105, 107, 110, 111, 115, 118, 122, 123, 125, 126, 129, 132, 148, 150, 152, 166, 176, 181, 197.

### C.  Defendants' Requests for Admission Are Proper Under Federal Rule of Civil Procedure 36.

Plaintiff's claim that the requests for admission are "substantively improper" does not withstand scrutiny. The Court need look no further than request for admission no. 1 to conclude that Plaintiff's allegation is without any merit. *See* Plaintiff's Motion, Ex. 1 ("Admit that LPL does not mark any of its products with the '002 patent."). There is nothing substantively

---

[1] This interpretation is reasonable given that the parties were allotted a number of depositions per party, not per side.

improper with Defendants' requests, and there is no reason for Plaintiff to waste judicial and party resources on matters that should be admitted.

Similarly, Plaintiff's specific allegation that "[t]he overwhelming majority of Defendants' Requests seek legal conclusions" is mistaken and demonstrates a misapprehension of the scope of Rule 36. Federal Rule of Civil Procedure 36(a) provides in relevant part that "[a] party may serve upon any other party a written request for the admission . . . that relate to statements or opinions of fact or the application of law to fact." Here, the specific requests that Plaintiff alleges call for legal conclusions are perfect examples of the proper use of Rule 36(a). *See* Plaintiff's Motion at 4. For example, Defendants request that Plaintiff admit that "the Kawamura reference discloses a method of manufacturing active matrix displays" and that the "Kawamura reference discloses an active matrix array substrate." Plaintiff's Motion, Ex. 1 (Nos. 20 and 21). These requests are well within the scope of Rule 36. Plaintiff has failed to demonstrate that any of Defendants' requests for admission are improper.

## II. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's motion and order Plaintiff to admit or deny the requests for admission.

| | |
|---|---|
| OF COUNSEL: | *[signature]* |
| | Robert W. Whetzel (#2288) |
| Teresa M. Corbin | whetzel@rlf.com |
| Glenn W. Rhodes | Steven J. Fineman (#4025) |
| Howrey LLP | fineman@rlf.com |
| 525 Market Street, Suite 3600 | Matthew W. King (#4566) |
| San Francisco, California 94105 | king@rlf.com |
| (415) 848-4900 | Richards, Layton & Finger |
| | One Rodney Square, P.O. Box 551 |
| Julie S. Gabler | Wilmington, DE 19899 |
| Howrey LLP | (302) 651-7700 |
| 550 South Hope Street, Suite 1100 | Attorneys for Defendants/Counterclaimants Tatung Company, Tatung Company of America, Chunghwa Picture Tubes, Ltd, and Viewsonic Corporation |
| Los Angeles, California 90071 | |
| (213) 892-1800 | |

Dated: July 6, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 6, 2006, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing, and hand delivered to the following:

>Richard D. Kirk
>The Bayard Firm
>222 Delaware Avenue, Suite 900
>P.O. Box 25130
>Wilmington, DE 19899

I hereby certify that on July 6, 2006, I sent the foregoing document by Electronic Mail, to the following non-registered participants:

>Gaspare J. Bono
>Matthew T. Bailey
>Andrew J. Park
>Adrian Mollo
>McKenna Long & Aldridge LLP
>1900 K Street, NW
>Washington, DC 20006

Steven J. Fineman (#4025)
fineman@rlf.com
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

RLF1-3033826-1