IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG. PHILIPS LCD CO., LTD., ) | |
| ) | |
| Plaintiff, ) | C. A. No. 05-292 (JJF) |
| ) | |
| v. ) | |
| ) | |
| TATUNG COMPANY; ) | DEMAND FOR JURY TRIAL |
| TATUNG COMPANY OF AMERICA, INC.; ) | |
| CHUNGHWA PICTURE TUBES, LTD.; ) | |
| AND VIEWSONIC CORPORATION, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION
FOR PARTIAL SUMMARY JUDGMENT FOR INVALIDITY
OF CLAIM 18 UNDER 35 U.S.C. § 112 SECOND PARAGRAPH**

OF COUNSEL:

Teresa M. Corbin
Glenn W. Rhodes
Howrey LLP
525 Market Street, Suite 3600
San Francisco, California 94105
(415) 848-4900

Julie S. Gabler
Howrey LLP
550 South Hope Street, Suite 1100
Los Angeles, California 90071
(213) 892-1800

Robert W. Whetzel (#2288)
whetzel@rlf.com
Steven J. Fineman (#4025)
fineman@rlf.com
Matthew W. King (#4566)
king@rlf.com
Richards, Layton & Finger
One Rodney Square, P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700
Attorneys for
Defendants/Counterclaimants Tatung
Company, Tatung Company of America,
Chunghwa Picture Tubes, Ltd. and
ViewSonic Corporation

Dated: July 6, 2006

## TABLE OF CONTENTS

I.   BACKGROUND FACTS ................................................................................................ 1

II.   BACKGROUND LEGAL PRINCIPLES .................................................................... 2

III.   CLAIM 18 IS INDEFINITE PURSUANT TO 35 U.S.C. § 112, SECOND PARAGRAPH AND CPT IS ENTITLED TO SUMMARY JUDGMENT OF INVALIDITY AS A MATTER OF LAW .................................................................. 3

   1.   The Definiteness Requirement Of 35 U.S.C. § 112, ¶ 2 Mandates That Claims Have A Clear And Definite Meaning When Construed In Light Of The Specification .................................................................................................. 3

   2.   Claim 18 Is Indefinite And Cannot Be Corrected By This Court To Depend From Claim 12 Instead Of Claim 10 Because The Intrinsic Record Does Not Support Such Correction ........................................................................ 4

IV.   CONCLUSION ............................................................................................................. 7

## TABLE OF AUTHORITIES
### CASES

*Amgen, Inc. V. Chugai Pharm. Co.*,
   927 F.2d 1200 (Fed. Cir. 1991) .................................................................. 4

*Anderson V. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986) ..................................................................................... 3

*Chimie V. PPG Indus., Inc.*,
   402 F.3d 1371 (Fed. Cir. 2005) .................................................................. 2

*Exxon Research & Eng'g Co. v. U.S.*,
   265 F.3d 1371, 1375 (Fed. Cir. 2001) ....................................................... 6

*Honeywell International, Inc.*,
   341 F.3d 1332 (Fed. Cir. 2003) ............................................................. 4, 6

*Kay Berry, Inc. V. Taylor Gifts, Inc.*,
   421 F.3d 199 (3d Cir. 2005) ................................................................. 2, 3

*Maguiere V. Hughes Aircraft Corp.*,
   912 F.2d 67 (3d Cir. 1990) ........................................................................ 3

*Microstrategy Inc. V. Bus. Objects Americas*,
   410 F. Supp.2d 348 (D. Del. 2006) ........................................................... 5

*Miles Laboratories, Inc. V. Shandon, Inc.*,
   997 F.2d 870 (Fed. Cir. 1993) ............................................................. 3, 4

*Northwestern Mut. Life Ins. Co. V. Babayan*,
   530 F.3d 121 (3d Cir. 2005) ...................................................................... 2

*Novo Industries, L.P. V. Micro Molds Corp.*,
   350 F.3d 1348 (Fed. Cir. 2003) ............................................................. 5, 6

*Omega Eng'g Inc. V. Raytech Corp.*,
   334 F.3d 1314 (Fed. Cir. 2003) ................................................................ 6

*P.N. V. Clementon Bd. Of Educ.*,
   442 F.3d 848 (3d Cir. 2006) ...................................................................... 2

*Permutit Co. V. Graver Corp*,
   284 U.S. 52 (1931) ....................................................................................... 3

*Slagle V. County Of Clarion*,
   435 F.3d 262 (3d Cir. 2006) ...................................................................... 2

*Standard Oil Co. V. American Cyanamid Co.*,
   774 F.2d 448 (Fed. Cir. 1995) .................................................................. 4

## OTHER AUTHORITIES

35 U.S.C. § 112 .................................................................................................... *passim*

35 U.S.C. § 255 .................................................................................................... 1

Fed. R. Civ. P. 56(b) ............................................................................................ 1, 2

Pursuant to Fed.R.Civ.P. 56(b), Defendants Tatung Company; Tatung Company of America, Inc., Chunghwa Picture Tubes, Ltd., and ViewSonic Corporation, collectively "CPT," hereby moves this Court for summary judgment of invalidity of Claim 18 of Plaintiff LG.Philips LCD Co., Ltd.'s (LPL) U.S. Patent No. 5,019,002 (the '002 patent") under 35 U.S.C. § 112, second paragraph. Defendants respectfully request the Court to consider this motion at this juncture, as the need for the motion was not apparent until after CPT received the Court's claim construction order and opinion on the afternoon of June 13, 2006. The Court's deadline for fully briefing summary judgment motions was the very next day on June 14, 2006. This was insufficient time for CPT to analyze the issues presented and prepare an opening brief and motion by June 14, 2006. This issue was raised, but not resolved as part of briefing on Claim Construction. *See* Defendant's Opening Brief in Support of Their Proposed Claim Constructions filed on March 8, 2006, at 17-18. Accordingly, this motion is proper because § 112 is a question of law and there are no genuine issue of material fact in dispute.

## I.    BACKGROUND FACTS

Claim 18 is one of the claims being asserted as being infringed by CPT. Claim 18 recites the following:

> The method as defined in **claim 10** including forming a corner pad
> on at least one corner of the display and aligning scribe lines with
> said corner pad for removing *said outer guard ring and row and
> column intersections*. (Emphasis added).

This claim includes a limitation that incorporates scribe lines for removing "said outer guard ring and row and column intersections." There is no antecedent basis for "said outer guard ring and row and column intersections" found in claim 10. As can be readily seen, claim 10 of the '002 patent claims a method of manufacturing active matrix display backplanes and displays comprising the step of forming an *inner* electrostatic discharge ring. As presently drafted, there

is no dispute that claim 18 is indefinite because there is no antecedent basis for "said outer guard ring."

Although LPL now admits that claim 18 contains an error, neither LPL nor Honeywell, Inc., the original assignee of the patent, ever sought or obtained a certificate of correction pursuant to 35 U.S.C. § 255 from the United States Patent and Trademark Office.[1]

In 2005, LPL commenced this action against CPT, asserting infringement of claim 18 of the '002 patent knowing that this claim contained an error. LPL now contends that this is an obvious typographical error that can be corrected by this court at trial by changing the dependency of claim 18 from claim 10 to claim 12.

Because the intrinsic record suggests that this claim could easily be dependant from claims 13-16, instead of claim 12, claim 18 is indefinite. Thus, it cannot be corrected by this court and is indefinite under 35 U.S.C. § 112, second paragraph as a matter of law.

## II. BACKGROUND LEGAL PRINCIPLES

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file" show that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Slagle v. County of Clarion*, 435 F.3d 262, 264-65 (3d Cir. 2006); *Northwestern Mut. Life Ins. Co. v. Babayan*, 530 F.3d 121, 128 (3d Cir. 2005); *Chimie v. PPG Indus., Inc.*, 402 F.3d 1371, 1376 (Fed. Cir. 2005). On a motion for summary judgment, the Court "must view the underlying facts and all reasonable inferences therefrom in the light most favorable to the party opposing the motion." *P.N. v. Clementon Bd. Of Educ.*, 442 F.3d 848, 852 (3d Cir. 2006); *Kay Berry, Inc. v.*

---

[1] The original assignee carefully reviewed the patent after issuance as evidenced by the Request for Certificate of Correction under 35 U.S.C. § 254 filed on October 24, 1991, in which it set out multiple printing errors on the part of the Patent Office. This Certificate of Correction was signed by the Patent Office on February 23, 1993.

*Taylor Gifts, Inc.*, 421 F.3d 199, 203 (3d Cir. 2005). Where a trial is unnecessary because no reasonable jury could resolve an issue in favor of the non-moving party, summary judgment should be granted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49, (1986). The party opposing summary judgment, however, may not rest on mere allegations but must set forth specific facts showing that a genuine issue of material fact exists. *Maguiere v. Hughes Aircraft Corp.*, 912 F.2d 67, 72 (3d Cir. 1990). The mere existence of some alleged factual dispute between the parties do not defeat an otherwise properly supported motion for summary judgment; the requirement is that there are no genuine issue of material fact. *Anderson*, 477 U.S. at 247-48.

### III. CLAIM 18 IS INDEFINITE PURSUANT TO 35 U.S.C. § 112, SECOND PARAGRAPH AND CPT IS ENTITLED TO SUMMARY JUDGMENT OF INVALIDITY AS A MATTER OF LAW.

#### 1. The Definiteness Requirement Of 35 U.S.C. § 112, ¶ 2 Mandates That Claims Have A Clear And Definite Meaning When Construed In Light Of The Specification.

The definiteness requirement of 35 U.S.C. § 112, is set forth in the second paragraph which states:

> The specification shall conclude with one or more claims *particularly pointing out and distinctly claiming* the subject matter which the applicant regards as his invention. (Emphasis added).

35 U.S.C. § 112 ¶ 2. Compliance with the definiteness requirement of 35 U.S.C. § 112, ¶ 2 is a question of law. *Miles Laboratories, Inc. v. Shandon, Inc.*, 997 F.2d 870, 874 (Fed. Cir. 1993).

35 U.S.C. § 112 requires the patentee to "inform the public during the life of the patent of the limits of the monopoly asserted, so that it may be known which features may be safely used or manufactured without a license and which may not." *Permutit Co. v. Graver Corp*, 284 U.S. 52, 60 (1931) (footnote omitted). In order to comply with the definiteness requirement, the patent claims "must have a clear and definite meaning when construed in the light of the

complete patent document." *Standard Oil Co. v. American Cyanamid Co.*, 774 F.2d 448, 452 (Fed. Cir. 1995). The test for definiteness is "whether one skilled in the art would understand the bounds of the claim when read in light of the specification." *Miles Laboratories, Inc.*, 997 F.2d at 875. *Id.* When a claim contains a vague term or limitation that is not defined in the patent and is not meaningful to those of skill in the art, it is properly declared invalid. *Amgen, Inc. v. Chugai Pharm. Co.*, 927 F.2d 1200, 1218 (Fed. Cir. 1991); *Standard Oil v. American Cyanamid Co.*, 774 F.2d at 453. If the court determines that a claim is not "amenable to construction" then the claim is invalid as indefinite under 35 U.S.C. § 112, second paragraph. *Honeywell International, Inc.*, 341 F.3d 1332, 1338 (Fed. Cir. 2003).

    **2.    Claim 18 Is Indefinite And Cannot Be Corrected By This Court To Depend From Claim 12 Instead Of Claim 10 Because The Intrinsic Record Does Not Support Such Correction.**

Section 112, second paragraph requires a claim to particularly point out and distinctly claim the subject matter which the applicant regards as his invention. As a dependant claim, claim 18 *must* incorporate all the limitations of the claim from which it depends. Without knowing the exact claim from which claim 18 should have depended, it is not possible for the public to ascertain all the elements of that claim. Because there is no antecedent basis for the "outer guard ring" limitation in claim 10, claim 18 is indefinite as a matter of law. *Miles Laboratories*, 997 F.2d. at 874.

Here, LPL admits as much and claims that there is an error in the claim, and hence, admits that without correction, the claim is invalid. However, in order to save claim 18 from a holding of invalidity under 35 U.S.C. § 112, second paragraph, LPL contends that the claim can easily be corrected by this court by changing the dependency to claim 12 instead of claim 10 because it is an obvious typographical error. *See* Plaintiff LG.Philips LCD Co. Ltd.'s Response

Briefing in Support of its Proposed Claim Construction at pp. 19-20. When considering indefiniteness, a district court can only correct a patent "if (1) the correction is not subject to reasonable debate based on consideration of the claim language and the specification and (2) the prosecution history does not suggest a different interpretation of the claims." *Novo Industries, L.P. v. Micro Molds Corp.*, 350 F.3d 1348, 1355 (Fed.Cir. 2003). However, if the intrinsic evidence does not provide any reasonably clear guidance on what was actually intended, a drafting error cannot be corrected and the claim must be held indefinite. *Microstrategy Inc. v. Bus. Objects Americas*, 410 F. Supp. 2d 348, 360 (D. Del. 2006). In *Novo*, correction was not found to be appropriate because "the nature of the error [was] not apparent from the face of the patent." *Novo* at 1357. In that case, it was found that it would have been equally reasonable to delete a phrase entirely, or add a word that was missing, and the court therefore found that the claim was indefinite. *Id.* at 1357-58.

Here, like *Novo*, the present case does not permit correction by the district court because the nature of the error is not apparent from the nature of the patent specification, claims or file history. There are multiple claims in the '002 patent that also depend from claim 12, but also multiple claims that are mutually dependent from each other. For example, claims 16 and 15 depend from claim 14, while claim 14 depends from claim 13, which in turn depends from claim 12. All of these claims add additional limitations and all these claims depend from claim 12. One of ordinary skill in the art would not know from reading these other multiple dependant claims, whether claim 18 was intended to depend from claim 12, 13, 14, 15, or 16. As a result, one of ordinary skill would not be able to determine the scope of claim 18 when read in light of the specification.

Nothing in the prosecution history sheds any light on the genesis of this error or helps to correct this ambiguity. In fact, the intrinsic record is equally consistent with claim 18 depending from any one of claims 12, 13, 14, 15 or 16. This claim contained the same error in the original application. Thus, the intrinsic record does not compel correction of this claim to depend from claim 12 as LPL contends. Based on the patent, one of ordinary skill would not know what claim 18 should have depended on because there are many potential choices in the claims that contain the antecedent basis for "said outer guard ring." Under these circumstances, the district court would be required to guess as to what was intended by the inventor in order to make sense out of claim 18. This task would be beyond the court's authority. *Novo*, 350 F.3d at 1358.

Because there is nothing in the intrinsic record to rely upon, one skilled in the art would not know what claim 18 was intended to depend from to give antecedent basis to the claim term "said outer guard ring" or how the claim should be interrupted, thus, claim 18 is invalid for indefiniteness in its present form. *Honeywell International*, 341 F.3d at 1338; *Omega Eng'g Inc. v. Raytech Corp.*, 334 F.3d 1314, 1320-21 (Fed. Cir. 2003). Further, claim 18 is invalid for indefiniteness because it is "insolubly ambiguous" and not "amenable to construction." *Exxon Research & Eng'g Co. v. U.S.*, 265 F.3d 1371, 1375 (Fed. Cir. 2001); *Novo Industries*, 350 F.3d at 1358. Under these circumstances, the court cannot correct the claim in the manner suggested by LPL to save it from being declared invalid.

## IV. CONCLUSION

For the reasons set forth above, the Court should grant Defendants' motion for partial summary judgment of invalidity of claim 18 of the '002 patent under 35 U.S.C. § 112, second paragraph.

| | |
|---|---|
| OF COUNSEL:<br><br>Teresa M. Corbin<br>Glenn W. Rhodes<br>Howrey LLP<br>525 Market Street, Suite 3600<br>San Francisco, California 94105<br>(415) 848-4900<br><br>Julie S. Gabler<br>Howrey LLP<br>550 South Hope Street, Suite 1100<br>Los Angeles, California 90071<br>(213) 892-1800 | Robert W. Whetzel (#2288)<br>whetzel@rlf.com<br>Steven J. Fineman (#4025)<br>fineman@rlf.com<br>Matthew W. King (#4566)<br>king@rlf.com<br>Richards, Layton & Finger<br>One Rodney Square, P.O. Box 551<br>Wilmington, Delaware 19899<br>(302) 651-7700<br>Attorneys for Defendants/Counterclaimants<br>Tatung Company, Tatung Company of America, Chunghwa Picture Tubes, Ltd. and ViewSonic Corporation |

Dated: July 6, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 6, 2006, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing, and hand delivered to the following:

> Richard D. Kirk
> The Bayard Firm
> 222 Delaware Avenue, Suite 900
> P.O. Box 25130
> Wilmington, DE 19899

I hereby certify that on July 6, 2006, I sent the foregoing document by Electronic Mail, to the following non-registered participants:

> Gaspare J. Bono
> Matthew T. Bailey
> Andrew J. Park
> Adrian Mollo
> McKenna Long & Aldridge LLP
> 1900 K Street, NW
> Washington, DC 20006

Steven J. Fineman (#4025)
fineman@rlf.com
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899