IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG. PHILIPS LCD CO., LTD., ) | |
| ) | |
| Plaintiff, ) | C.A. No. 05-292 (JJF) |
| ) | |
| v. ) | **DEMAND FOR JURY TRIAL** |
| ) | |
| TATUNG COMPANY; ) | |
| TATUNG COMPANY OF AMERICA, INC.; ) | |
| CHUNGHWA PICTURE TUBES, LTD.; ) | |
| AND VIEWSONIC CORPORATION, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' MOTION IN LIMINE (No. 12) PRECLUDING LPL
FROM ANY REFERENCE TO CLAIM 18 OF THE '002 PATENT**

Defendants filed a motion for partial summary judgment for invalidity of claim 18 because it is indefinite under 35 U.S.C. § 112 Second Paragraph. There is no dispute that claim 18 improperly depends from claim 10. LPL assumes claim 18 depends from claim 12 and treats claim 18 accordingly it its papers. This is improper. Accordingly, Defendants move *in limine* for the exclusion of any reference to claim 18 of the '002 patent and also to any reference that claim 18 depends from claim 12 instead of claim 10 at trial. Such references should be excluded under Federal Rule of Evidence 403 as they would prejudice the Defendants, cause confusion, and mislead the jury.

Claim 18 is one of the claims being asserted by LPL as being infringed by CPT. Claim 18 recites the following:

The method as defined in **claim 10** including forming a corner pad on at least one corner of the display and aligning scribe lines with said corner pad for removing *said outer guard ring and row and column intersections.* (Emphasis added).

Claim 18 includes a limitation that incorporates scribe lines for removing "said outer guard ring and row and column intersections." There is no antecedent basis for "said outer guard ring" found in claim 10. As can be readily seen, claim 10 of the '002 patent claims a method of manufacturing active matrix display backplanes and displays comprising the step of forming an *inner* electrostatic discharge ring. As drafted, there is no dispute that claim 18 is indefinite because there is no antecedent basis for "said outer guard ring."

Although LPL now admits that claim 18 contains an error, neither LPL nor Honeywell, Inc., the original assignee of the patent, ever sought or obtained a certificate of correction pursuant to 35 U.S.C. § 255 from the United States Patent and Trademark Office.[1]

In 2005, LPL commenced this action against CPT, asserting infringement of claim 18 of the '002 patent knowing that claim 18 was incorrect and could not be infringed as written. LPL now contends that this is an obvious typographical error that can be corrected by this court at trial by changing the dependency of claim 18 from claim 10 to claim 12.

Because the intrinsic record suggests that this claim could easily be dependant from claims 13-16, instead of claim 12, claim 18 is, as a matter of law, indefinite. The public cannot know the proper scope of claim 18 and therefore there is no public notice that would inform the public whether a product infringes claim 18 or not - the pure essence of indefiniteness. It cannot be corrected by this court and is indefinite under 35 U.S.C. § 112, second paragraph as a matter of law.

---

[1] The original assignee carefully reviewed the patent after issuance as evidenced by the Request for Certificate of Correction under 35 U.S.C. § 254 filed on October 24, 1991, in which it set out multiple printing errors on the part of the patent office. This Certificate of Correction was issued by the Patent Office on February 23, 1993.

A.   **The Definiteness Requirement Of 35 U.S.C. § 112, ¶ 2 Mandates That Claims Have A Clear And Definite Meaning When Construed In Light Of The Specification.**

The definiteness requirement of 35 U.S.C. § 112, is set forth in the second paragraph which states:

> The specification shall conclude with one or more claims *particularly pointing out and distinctly claiming* the subject matter which the applicant regards as his invention. (Emphasis added).

35 U.S.C. § 112 ¶ 2. Compliance with the definiteness requirement of 35 U.S.C. § 112, ¶ 2 is a question of law. *Miles Laboratories, Inc. v. Shandon, Inc.*, 997 F.2d 870, 874 (Fed. Cir. 1993).

35 U.S.C. § 112 requires the patentee to "inform the public during the life of the patent of the limits of the monopoly asserted, so that it may be known which features may be safely used or manufactured without a license and which may not." *Permutit Co. v. Graver Corp.*, 284 U.S. 52, 60 (1931) (footnote omitted). In order to comply with the definiteness requirement, the patent claims must have "a clear and definite meaning when construed in the light of the complete patent document." *Standard Oil Co. v. American Cyanamid Co.*, 774 F.2d 448, 452 (Fed. Cir. 1995). The test for definiteness is "whether one skilled in the art would understand the bounds of the claim when read in light of the specification." *Miles Laboratories, Inc.*, 997 F.2d at 875. *Id.* When a claim contains a vague term or limitation that is not defined in the patent and is not meaningful to those of skill in the art, it is properly declared invalid. *Amgen, Inc. v. Chugai Pharm. Co.*, 927 F.2d 1200, 1218 (Fed. Cir. 1991); *Standard Oil v. American Cyanamid Co.*, 774 F.2d at 453. If the court determines that a claim is not "amenable to construction" then the claim is invalid as indefinite under 35 U.S.C. Section 112, Second Paragraph. *Honeywell International, Inc.*, 341 F.3d 1332, 1338 (Fed. Cir. 2003).

RLF1-3033883-1

## B. Claim 18 Is Indefinite And Cannot Be Corrected By The Court To Depend From Claim 12 Instead Of Claim 10 Because The Intrinsic Record Does Not Support Such Correction.

A claim must particularly point out and distinctly claim the subject matter which the applicant regards as his invention. 35 U.S.C. § 112 ¶ 2. As a dependant claim, claim 18 *must* incorporate all the limitations of the claim from which it depends. Without knowing the exact claim from which claim 18 should have depended, it is not possible for the public to ascertain all the elements of that claim. Because there is no antecedent basis for the "outer guard ring" limitation in claim 10, claim 18 is indefinite as a matter of law. *Miles Laboratories*, 997 F.2d 874.

Here, LPL admits as much and claims that there is an error in the claim, and hence, admits that without correction, the claim is invalid. However, in order to save claim 18 from a holding of invalidity under 35 U.S.C. § 112, Second Paragraph, LPL contends that the claim can easily be corrected by this court by changing the dependency to claim 12 instead of claim 10 because LPL asserts it is an obvious typographical error. *See* Plaintiff LG. Philips LCD Co., Ltd.'s Response Briefing in Support of its Proposed Claim Construction at pp. 19-20. But LPL is *guessing*. When considering indefiniteness, a district court can only correct a patent "if (1) the correction is not subject to reasonable debate based on consideration of the claim language and the specification and (2) the prosecution history does not suggest a different interpretation of the claims." *Novo Industries, L.P. v. Micro Molds Corp.*, 350 F.3d 1348, 1354 (Fed. Cir. 2003). However, if the intrinsic evidence does not provide any reasonably clear guidance on what was actually intended, a drafting error cannot be corrected and the claim must be held indefinite. *Microstrategy Inc. v. Bus. Objects Americas*, 410 F. Supp. 2d 348, 360 (D. Del. 2006). In *Novo*, correction was not found to be appropriate because "the nature of the error [was] not apparent from the face of the patent." *Novo* at 1357. In that case, it was found that it would have been

4

equally reasonable to delete a phrase entirely, or add a word that was missing, and the court therefore found that the claim could not be corrected and was indefinite. *Id.* at 1357-58. Guessing what the patentee intended is simply not permitted.

Here, like *Novo*, the present case does not permit correction by the district court because the nature of the error is not apparent from the nature of the patent specification, claims, or file history. There are multiple claims in the '002 patent that also depend from claim 12, but also multiple claims that are mutually dependent from each other. For example, claim 16 and 15 depend from claim 14, while claim 14 depends from claim 13, which in turn depends from claim 12. All of these claims add additional limitations and all of these claims depend from claim 12. One of ordinary skill in the art would not know from reading these other multiple dependent claims, whether claim 18 was intended to depend from claim 12, 13, 14, 15, or 16. As a result, one of ordinary skill would not be able to determine the scope of claim 18 when read in light of the specification without making a guess.

Nothing in the prosecution history sheds any light on the genesis of this error or helps to correct the ambiguity. In fact, the intrinsic record is equally consistent with claim 18 depending from any one of claim 12, 13, 14, 15, or 16. This claim contained the same error in the original application. Based on the patent, one of ordinary skill would not know what claim 18 should have depended from because there are many potential choices in the claims that contain the antecedent basis for "said outer guard ring." Under these circumstances, the district court would be required to guess as to what was intended by the inventor in order to make sense out of claim 18. This task would be beyond the court's authority. *Novo*, 350 F.3d at 1358.

Because there is nothing in the intrinsic record to rely upon, one skilled in the art would not know what claim 18 was intended to depend from to give antecedent basis to the claim term

"said outer guard ring" or how the claim should be interpreted, thus, claim 18 is invalid for indefiniteness in its present form. *Honeywell International,* 341 F.3d at 1338; *Omega Eng'g Inc. v. Raytech Corp.,* 334 F.3d 1314, 1320-21 (Fed. Cir. 2003). Further, claim 18 is invalid for indefiniteness because it is "insolubly ambiguous" and not "amenable to construction." *Exxon Research & Engineering Co. v. U.S.* 265 F.3d. 1371, 1375 (Fed. Cir. 2001); *Novo Industries,* 350 F.3d at 1358. Under these circumstances, the court cannot correct the claim in the manner suggested by LPL to save it from being declared invalid.

Allowing LPL to assert an invalid claim would prejudice the Defendants. Moreover, allowing the assertion of an unenforceable claim would cause confusion and mislead the jury. Accordingly, LPL should be precluded from any reference to claim 18 and also from any reference that claim 18 depends from claim 12 instead of claim 10 under Federal Rule of Evidence 403.

Of Counsel:
Teresa M. Corbin
Glenn W. Rhodes
Howrey LLP
525 Market Street, Suite 3600
San Francisco, CA 94105
(415) 848-4900

Julie S. Gabler
Howrey LLP
550 South Hope Street, Suite 1100
Los Angeles, CA 90071
(213) 892-1800

Dated: July 6, 2006

Robert W. Whetzel (#2288)
whetzel@rlf.com
Steven J. Fineman (#4025)
fineman@rlf.com
Matthew W. King (#4566)
king@rlf.com
Richards, Layton & Finger
One Rodney Square, P.O. Box 551
Wilmington, DE 19899
(302) 651-7700
Attorneys for Defendants/Counterclaimants
Tatung Company, Tatung Company of
America, Chunghwa Picture Tubes, Ltd. and
ViewSonic Corporation

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 6, 2006, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing, and hand delivered to the following:

> Richard D. Kirk
> The Bayard Firm
> 222 Delaware Avenue, Suite 900
> P.O. Box 25130
> Wilmington, DE 19899

I hereby certify that on July 6, 2006, I sent the foregoing document by Electronic Mail, to the following non-registered participants:

> Gaspare J. Bono
> Matthew T. Bailey
> Andrew J. Park
> Adrian Mollo
> McKenna Long & Aldridge LLP
> 1900 K Street, NW
> Washington, DC 20006

Steven J. Fineman (#4025)
fineman@rlf.com
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

RLF1-3033883-1