IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG. PHILIPS LCD CO., LTD., | ) |
| | ) |
| Plaintiff, | ) C.A. No. 05-292 (JJF) |
| | ) |
| v. | ) **DEMAND FOR JURY TRIAL** |
| | ) |
| TATUNG COMPANY; | ) |
| TATUNG COMPANY OF AMERICA, INC.; | ) **REDACTED - PUBLIC VERSION** |
| CHUNGHWA PICTURE TUBES, LTD.; | ) |
| AND VIEWSONIC CORPORATION, | ) |
| | ) |
| Defendants. | ) |

**RESPONSE TO PLAINTIFF'S MOTION TO
COMPEL CHUNGHWA PICTURE TUBES, LTD. TO PROVIDE
GUARD RING INFORMATION AS ORDERED ON MAY 1, 2006**

OF COUNSEL:
Christine A. Dudzik
Thomas W. Jenkins
Howrey LLP
321 North Clark Street, Suite 3400
Chicago, Illinois 60610
(312) 595-1239

Teresa M. Corbin
Glenn W. Rhodes
Howrey LLP
525 Market Street, Suite 3600
San Francisco, CA 94105
(415) 848-4900

Dated: June 30, 2006

Robert W. Whetzel (#2288)
whetzel@rlf.com
Steven J. Fineman (#4025)
fineman@rlf.com
Matthew W. King (#4566)
king@rlf.com
Richards, Layton & Finger
One Rodney Square, P.O. Box 551
Wilmington, DE 19899
(302) 651-7700
Attorneys for Defendants/Counterclaimants Tatung Company, Tatung Company of America, Chunghwa Picture Tubes, Ltd, and Viewsonic Corporation

I. **INTRODUCTION**

Trial in the present action is scheduled to commence in less than three weeks, yet rather than focus on trial preparation, Plaintiff has moved to compel Defendants to (i) comply with an order Defendants have already complied with, and (ii) produce information which Plaintiff already has in its possession. Plaintiff's motion is without merit and should be denied.

A. **Defendants Have Complied With The Court's May 1, 2006 Order.**

Plaintiff's motion is misleading. While Plaintiff purports to seek an order compelling Defendants to comply with the Court's May 1, 2006 Order (the "Order"), Plaintiff is really seeking broader and more burdensome relief. Specifically, Plaintiff is seeking to compel Defendants to identify "which modules use inner guard rings, which use outer guard rings, and which use both guard rings." D.I. 243 at 1. During the April 25 hearing, Plaintiff did not request this information[1], and the Court did not order (through the Order or otherwise) Defendants to provide this information.

In resolving Plaintiff's motion, the Court does not need to look any further than the Order subject of the present motion, and Defendant's disclosure of the information required by the Order. The Court ordered Defendants to provide plaintiff with "A list, in English, of which LCD modules and products are manufactured using electrostatic discharge guard rings" and "[a]n index regarding all of Defendants' mask works files that shows which files relate to which products." D.I. 182. (Attached at Ex. 1 to Plaintiff's Motion, D.I. 243). Pursuant to the Order, Defendants provided Plaintiff with a chart identifying specific CPT modules with the

---

[1] *See* April 25 Hearing Tr. at 56-57 ("[w]e would like a list of modules that are made using ESD guard rings .... [s]o the first item we need which is fundamental is to identify for us with this module, tell us which modules have the ESD card rings and which do not."). (Exhibit A).

1

corresponding CPT products and mask files, and expressly stated whether guard rings were used during manufacturing. (Attached as Ex. 2 to Plaintiff's Motion, D.I. 243). That is precisely the information that Plaintiff requested during the April 25, 2006 hearing, and the information that the Court ordered Defendants to identify.

Now, on the eve of trial, Plaintiff has moved the Court (under the guise of compelling compliance with the Order) to compel Defendants to undertake additional work to provide information Plaintiff has already discovered. The Court should deny this request.

### B. Plaintiff Already Possesses The Information It Now Seeks.

Though its motion, Plaintiff seeks to cause Defendants to undertake the burden of identifying which modules utilize inner rings, outer rings or both -- an undertaking already performed by Plaintiff's expert.[2] Exhibit 5 to the Expert Report of Dr. Schlam is a chart matching the CPT modules with the patent claims. (Exhibit B). Given that each claim specifies whether there is an inner, outer or both rings, Plaintiff already possesses the information it now seeks to compel. Thus, there is no need to burden Defendants with this belated and unnecessary task three weeks before trial.

## II. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's motion to compel.

---

[2] Plaintiff touts Defendants' May 31 offer to provide this information, however, Plaintiff fails to place this offer in context. Defendants only offered to perform this task based upon Plaintiff's representation that it was unable to perform such an analysis based upon the discovery that had been provided. Defendants disputed this claim and informed Plaintiff that all of the information necessary to undertake this analysis had been produced. Thereafter, Plaintiff disclosed the Expert Report of Dr. Schlam which confirms that Defendants were correct -- Plaintiff could (and did) perform this task itself.

OF COUNSEL:
Christine A. Dudzik
Thomas W. Jenkins
Howrey LLP
321 North Clark Street, Suite 3400
Chicago, Illinois 60610
(312) 595-1239

Teresa M. Corbin
Glenn W. Rhodes
Howrey LLP
525 Market Street, Suite 3600
San Francisco, CA 94105
(415) 848-4900

Dated: June 30, 2006

/s/ 
Robert W. Whetzel (#2288)
whetzel@rlf.com
Steven J. Fineman (#4025)
fineman@rlf.com
Matthew W. King (#4566)
king@rlf.com
Richards, Layton & Finger
One Rodney Square, P.O. Box 551
Wilmington, DE 19899
(302) 651-7700
Attorneys for Defendants/Counterclaimants
Tatung Company, Tatung Company of
America, Chunghwa Picture Tubes, Ltd, and
Viewsonic Corporation

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 30, 2006, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, which will send notification of such filing to, and also hand delivered same to:

>   Richard D. Kirk, Esquire
>   The Bayard Firm
>   222 Delaware Avenue, Suite 900
>   Wilmington, DE 19899

I HEREBY CERTIFY that on June 30, 2006, I sent the foregoing document by Electronic Mail to the following non-registered participants:

>   Gaspare J. Bono, Esquire
>   Matthew T. Bailey, Esquire
>   Andrew J. Park, Esquire
>   Adrian Mollo, Esquire
>   McKenna Long & Aldrige LLP
>   1900 K Street, NW
>   Washington, DC 20006

>   /s/ Steven J. Fineman
>   Steven J. Fineman (#4025)
>   fineman@rlf.com
>   Richards, Layton & Finger
>   One Rodney Square
>   PO Box 551
>   Wilmington, DE 19899

RLF1-3032207-1

# EXHIBIT A

REDACTED

# EXHIBIT B

REDACTED

Case 1:05-cv-00292-JJF   Document 315   Filed 07/10/2006   Page 7 of 9

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 30, 2006, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, which will send notification of such filing to, and also hand delivered same to:

>Richard D. Kirk, Esquire
>The Bayard Firm
>222 Delaware Avenue, Suite 900
>Wilmington, DE 19899

I HEREBY CERTIFY that on June 30, 2006, I sent the foregoing document by Electronic Mail to the following non-registered participants:

>Gaspare J. Bono, Esquire
>Matthew T. Bailey, Esquire
>Andrew J. Park, Esquire
>Adrian Mollo, Esquire
>McKenna Long & Aldrige LLP
>1900 K Street, NW
>Washington, DC 20006

Steven J. Fineman (#4025)
fineman@rlf.com
Richards, Layton & Finger
One Rodney Square
PO Box 551
Wilmington, DE 19899

RLF1-3032207-1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 10, 2006, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing, and hand delivered to the following:

> Richard D. Kirk
> The Bayard Firm
> 222 Delaware Avenue, Suite 900
> P.O. Box 25130
> Wilmington, DE 19899

I hereby certify that on July 10, 2006, I sent the foregoing document by Federal Express, to the following non-registered participants:

> Gaspare J. Bono
> Matthew T. Bailey
> Andrew J. Park
> Adrian Mollo
> McKenna Long & Aldridge LLP
> 1900 K Street, NW
> Washington, DC 20006

Matthew W. King (#4566)
king@rlf.com
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899