IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| |
|---|
| LG.PHILIPS LCD CO., LTD., |
|         Plaintiff/Counterclaim Defendant, |
| v. |
| TATUNG COMPANY; <br> TATUNG COMPANY OF AMERICA, INC.; <br> CHUNGHWA PICTURE TUBES, LTD.; <br> AND VIEWSONIC CORPORATION, |
|         Defendants/Counterclaim Plaintiffs. |

Civil Action No. 05-292 (JJF)

**PLAINTIFF'S MOTION *IN LIMINE* TO PRECLUDE EVIDENCE OR REFERENCES AT TRIAL REGARDING PATENTS NOT IN SUIT AND COLLATERAL LITIGATION**

THE BAYARD FIRM
Richard D. Kirk
Ashley B. Stitzer
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE  19899-5130
(302) 655-5000
rkirk@bayardfirm.com
Counsel for Plaintiff
LG.PHILIPS LCD CO., LTD.

OF COUNSEL:
Gaspare J. Bono
Matthew T. Bailey
Cass W. Christenson
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006
(202) 496-7500

July 10, 2006

As permitted by the Court at the pretrial conference held on July 7, 2006, plaintiff LG.Philips LCD Co., Ltd. ("LPL"), submits this Motion in Limine to preclude evidence or references at trial regarding any patents not in suit and any collateral litigation, which may otherwise be offered by Defendants Chunghwa Picture Tubes, Ltd. ("CPT"), Tatung Co. ("Tatung"), Tatung Company of America, Inc. ("Tatung America"), and ViewSonic Corp. ("ViewSonic"). Defendants acknowledged during the July 7 pretrial conference that they intend to offer evidence and argument to inject into this case disputed facts and issues related to patents not in suit and other cases.[1] For example, Defendants want to inject the withdrawn '121 Patent claims (even though the Court already ruled that trial will not include the '121 Patent) and prior litigation involving NEC, a third party, that ended in 2001 (even though the Court already denied Defendants' motion for a deposition on the NEC litigation). This evidence and evidence related to other patents is irrelevant to this case, would confuse the jury, and would prejudice LPL, changing this trial from a one-patent case to a multiple patent case at the eleventh hour.

The Court has made clear that the parties will have to make focused and efficient presentations on the many disputed issues regarding the '002 Patent. The Court will manage the trial by setting a time limit for each side, which will allow time only for the most significant evidence related to the '002 Patent to be presented. The Court's careful management of the case requires efficiency and prohibits Defendants from injecting numerous ancillary and irrelevant issues regarding other patents and cases into this case. LPL respectfully requests that the Court prohibit Defendants from introducing or referring to evidence or issues regarding other patents and litigation in the trial.

---

[1] The Court instructed LPL to file this motion by July 10, and Defendants to file an opposition by July 12 that includes a proffer of the specific evidence and witnesses involved, to which LPL can reply.

I. **DEFENDANTS SHOULD NOT BE PERMITTED TO INTRODUCE IRRELEVANT AND PREJUDICIAL EVIDENCE REGARDING OTHER PATENTS AND LITIGATION AT TRIAL**

LPL is asserting only one patent at trial, the '002 patent. Yet, Defendants now seek to introduce evidence at trial regarding numerous patents other than the '002 Patent, even though LPL is not asserting any other patents in this case. Defendants, for example, apparently intend to attack the '121 Patent during trial, even though LPL has withdrawn the '121 Patent from the case and this Court *expressly has ruled that the '121 patent is not part of the trial*. See D.I. Nos. 179, 180, 181, and 197. Defendants' exhibit list includes a variety of exhibits related to the '121 Patent. See Ex. 1, Defendants' Trial Exhibits (hereinafter "Defendants' Exhibit List") at DTX Nos. 420, 421, 422. None of these exhibits is relevant and this evidence should be excluded from the trial.

As authorized by the Court, LPL withdrew its claims related to the '121 Patent on May 1, 2006. See D.I. 179, 180. LPL disputes CPT's contentions regarding infringement and validity of the '121 Patent, but withdrew the '121 Patent claims to avoid protracted discovery that would have made it more difficult to proceed to trial and complete discovery in this case. This Court has already ruled that the '121 Patent issues are out of the case for now and all issues related to the '121 Patent will be deferred until after trial on the '002 Patent. See D.I. 197. Despite the Court's ruling, Defendants apparently seek to have the jury infer that LPL withdrew the '121 Patent because LPL lacked meritorious claims, and to have the jury should assume that the '002 claims lack merit. Such inferences would be improper and prejudicial. The Court should not permit Defendants to disregard the Court's prior ruling or to introduce at trial any evidence related to the '121 Patent. *See Read Corp. v. Portec, Inc.*, 748 F. Supp. 1078, 1101-02 (D. Del. 1990), *aff'd in part, rev'd in part, Read Corp. v. Portec, Inc.*, 970 F.2d 816 (Fed. Cir. 1992).

In *Read*, this Court excluded at trial evidence offered by a defendant regarding patents originally asserted by the plaintiff, but dropped from the case before trial. *See id.* at 1091. The Court reasoned that evidence concerning other patents previously asserted against the defendant was not relevant because each patent addressed different subject matter. *See id.* at 1102. As this Court expressly noted, whether the defendant infringed two other patents had no bearing on whether the defendant infringed the two patents in suit:

> Each of these patents addresses a subject matter distinct from the others. A party could willfully infringe one or two of these patents without infringing the others by accident or choice. Nor does the fact that two patents are not infringed by defendant have bearing on the question of whether defendant does infringe two other patents.

*Id.*

Further, Defendants seek to submit evidence related to patents never asserted in this case, but that are part of unrelated cases pending in the Central District of California, Consolidated Cases CV 02-6775 CBM (JTLx), CV 03-2866 CBM (JTLx), CV 03-2884 CBM (JTLx), CV 03-2885 CBM (JTLx), CV 03-2886 CBM (JTLx) (C.D. Cal.) (hereinafter the "California cases"). *See* Ex. 1, Defendants' Exhibit List at DTX Nos. 355 through 370 and DTX Nos. 376 through 493. The California cases include six (6) patents unrelated to the '002 Patent, all of which are in dispute and awaiting trial currently scheduled to begin in October 2006.[2] Defendants likewise seek to submit extraneous evidence related to a declaratory judgment action filed by LPL in the District of Massachusetts (*see* Ex. 1, Defendants' Exhibit List at DTX Nos. 371 through 373) and

---

[2] LPL and CPT dispute many fundamental issues concerning the patents in the California cases. As an example, CPT claimed during discovery that it had purchased the rights to some of the inventions in LPL's patents in the California cases. As a result, LPL was forced to arbitrate in New York issues concerning whether a third party had invented the relevant technology, resulting in findings in LPL's favor after contentious discovery and arbitration hearings and briefing.

a patent infringement action in the United Kingdom (*see* Ex. 1, Defendants' Exhibit List at DTX Nos. 374 and 933).

In addition to these various exhibits, the Defendants also have designated testimony that originates from these other proceedings and that likewise bears no relevance to the '002 Patent. *See* D.I. 279 at Appendix 2B, attached as Ex. 2. The same is true of witnesses designated in Defendants' witness list in the Joint Proposed Pretrial Order. *See* D.I. 279 at Part VIII.B. CPT has listed as witnesses for trial, for example, Robert Frame and Michele Bovio, who claim to be the inventors of one of LPL's inventions at issue in the California cases. These inventorship claims will be adjudicated in the Fall, through trial in the California cases. Despite the fact that their inventorship claims remain unresolved, and despite the fact that the inventorship dispute bears no relevance to the '002 Patent, Defendants seek to submit Mr. Frame's and Mr. Bovio's testimony (in person or by deposition) in the trial of this action. These types of issues should not be injected into this case now, on the eve of trial, to distract the jury. As with the '121 Patent issues, evidence and argument related to other patents should be excluded.

If Defendants attempt to prove or argue issues regarding infringement, validity, or other disputed issues concerning other patents and cases, LPL will have to respond to Defendants' assertions at trial. LPL would need to introduce evidence to refute any of Defendants' assertions, such as whether Defendants infringe LPL's other patents, and the validity of those infringed patent claims. Such evidence would necessarily confuse the jury, complicate the trial, and prejudice LPL.

Defendants also apparently intend to offer evidence related to prior litigation between LPL (or its corporate affiliate or predecessor, LGE) and NEC that was settled many years ago and is completely irrelevant to whether Defendants infringe the '002 patent. *See* Defendants'

Exhibit List at DTX Nos. 898 through 932 and DTX Nos. 948 through 957. The NEC litigation ended several years ago with a settlement in April 2001. The Defendants in this case were not parties to any of the NEC cases, nor would the NEC cases provide any relevant or proper evidence for this case. Indeed, this Court recently denied Defendants' motion seeking to compel LPL to produce a Rule 30(b)(6) deposition witness to testify regarding the prior NEC litigation. *See* D.I. 245 (Defendants' motion to compel); Pretrial Hearing Tr. at 10-11 ("Docket Item 245, that's a motion to compel. Denied."). The NEC litigation, and the settlement of that litigation, is completely separate from this case and should not be brought into this case to confuse the jury. *See Mendenhall v. Cedarapids, Inc.*, 5 F.3d 1557, 1575 (Fed. Cir. 1993) (affirming trial court's exclusion of evidence from prior litigation given the possibility of prejudice and jury confusion).

This trial is not the forum for Defendants to seek adjudication regarding all of the disputed issues concerning every patent in every prior or pending proceeding between the parties. The only asserted patent in this case is the '002 Patent. Evidence regarding other patents and litigation is irrelevant and would confuse and distract the jury, prejudicing LPL. *See Read Corp. v. Portec, Inc.*, 748 F. Supp. at 1101-02. The Court should, therefore, exclude any evidence or references at trial to any other patents or proceedings involving LPL or Defendants. *See id.; see also Applera Corp. v. MJ Research, Inc.*, 303 F. Supp. 2d 130, 135 (D. Conn. 2004); *ID Security Sys. Canada, Inc. v. Checkpoint Sys., Inc.*, 198 F. Supp. 2d 598, 627 (E.D. Pa. 2002).

In *ID Security Systems*, the plaintiff accused the defendant of market monopolization and wanted to offer evidence of the defendant's prior patent infringement cases. The court concluded that the evidence of prior patent enforcement was irrelevant and inadmissible, even though the cases involved antitrust issues. *ID Security Sys.*, 198 F. Supp. 2d at 627. Similarly, in *Applera*, the court precluded a defendant from "offering evidence or making arguments that

filing this patent infringement lawsuit, or making threats of similar litigation, violates the Sherman Act." 303 F. Supp. 2d at 135. In this case, Defendants have not even asserted antitrust issues and cannot point to any proper basis to offer evidence of prior cases and patent disputes.

Accordingly, this Court should grant this motion based on any one of several grounds, including that evidence regarding other patents and litigation: (1) is irrelevant; (2) would require adjudication and resolution of dozens of legal and factual issues for which LPL has not had fair notice or discovery; (3) would unnecessarily delay and complicate the trial and the time needed to complete the trial; (4) would confuse and mislead the jury; and (5) for all of the foregoing reasons, would substantially and unduly prejudice LPL. *See* Fed. R. Evid. 403.

## II. DEFENDANTS' EVIDENCE AND ARGUMENT REGARDING OTHER PATENTS AND CASES IS NOT RELEVANT TO WILLFUL INFRINGEMENT OR EXCEPTIONAL CASE ISSUES, WHICH RELATE TO THE '002 PATENT

At the pretrial conference, Defendants' counsel vaguely suggested that evidence of other patents and cases could be relevant to whether Defendants infringed willfully and whether this is an exceptional case.[3] Neither contention is correct. Whether Defendants are willfully infringing depends on several factors and circumstances, but not on collateral or ancillary patents or cases. The core issue concerning willfulness is whether Defendants acted with due care to avoid infringing the '002 Patent after they were aware of the patent. *See nCube Corp. v. Seachange Int'l, Inc.*, 436 F.3d 1317, 1324 (Fed. Cir. 2006) ("Actual notice of another's patent rights triggers an affirmative duty of due care to avoid infringement."). "Willful infringement in this case hinges on when the defendants had actual knowledge" of the '002 Patent "and their actions

---

[3] Defendants' counsel stated: "It's a complicated issue. . . . He talked about exceptional case. That's really only half the issue. The other half of the issue is willful infringement. . . . I don't know how we put on a defense to willful infringement if I can't talk about what has happened in the past between these two parties." *See* Pretrial Hearing Tr. at 92-93 (D.I. cite not yet available).

after that time." *Id.* Whether Defendants are also infringing other LPL patents has no bearing on whether Defendants exercised due care concerning the '002 patent. *See Read Corp. v. Portec, Inc.*, 748 F. Supp. at 1101-02.

Likewise, Defendants cannot offer evidence regarding other patents and cases to argue that this is an exceptional case. First, the exceptional case issue is for the court, not the jury, as Defendants contend.[4] Further, whether this is an exceptional case necessarily turns on the issues *regarding this case and the '002 Patent in suit*, not on Defendants' arguments regarding other patents and cases.

Indeed, if other cases are relevant, LPL would have significant additional evidence to introduce. Tatung, for example, was sanctioned severely by the Special Master in another patent case between the parties pending before this Court as a result of gross misconduct in jurisdictional discovery.[5] Whether this case is exceptional, however, depends on whether "there has been some *material inappropriate conduct related to the matter in litigation*, such as willful infringement, fraud or inequitable conduct in procuring the patent, misconduct during litigation, vexatious or unjustified litigation, conduct that violates Fed.R.Civ.P. 11, or like infractions." *Brooks Furniture Mfg., Inc. v. Dutailier Int'l, Inc.*, 393 F.3d 1378, 1381 (Fed. Cir. 2005) (emphasis added). Absent such misconduct, Defendants must show both that LPL brought this litigation "in subjective bad faith" and that "the litigation is objectively baseless." *Id.* Defendants have no evidence of any misconduct by LPL regarding prosecution or litigation of

---

[4] LPL objects, therefore, to references to exceptional case findings in Defendants' proposed jury instructions or verdict form.

[5] *See* Special Master's Report and Recommendations on Motion of LG.Philips LCD Co., Ltd. for Discovery Sanctions Against the Tatung Defendants, dated August 16, 2005, Case No. 04-343-JJF (D. Del.). Tatung has challenged the Special Master's rulings and this Court has not yet ruled.

the '002 Patent. Accordingly, Defendants have no exceptional case argument and cannot seek to manufacture an argument with unspecified evidence related to collateral matters.

In *Brooks Furniture*, the U.S. Court of Appeals for the Federal Circuit specifically deemed the plaintiff's assertion of patents against third parties as not relevant to the exceptional case issue. 393 F.3d at 1384. Among other exceptional case findings, the trial court had relied on the plaintiff's "conduct with respect to other competitors" and "the lawsuits it filed against them." *Id.* The Federal Circuit concluded that these factors did not support an exceptional case finding, because "[p]atent rights are useful only if they can legally exclude others from the patented subject matter." *Id.* ("That [plaintiff] is a larger company than [defendant], that it has sued others, and that it was unwilling to grant a license, are not indicative of bad faith."). LPL's assertion of patents against Defendants or NEC in other cases is, therefore, legally irrelevant in this case.

Not only is Defendants' collateral evidence irrelevant, but allowing Defendants to inject other patents and cases into this trial would severely prejudice LPL. Defendants have never set forth in their pleadings or anywhere else what additional issues or evidence they intend to raise at trial, and it is too late to do so now. LPL has not had a fair opportunity to conduct discovery on collateral issues, or to prepare for trial on collateral issues. LPL would not know, until after the fact, which specific collateral evidence or issues Defendants intended to introduce at trial, at which point LPL would not be able to provide relevant rebuttal evidence or witnesses. Introducing disputed issues regarding other patents and cases, at the eleventh hour, would be severely prejudicial to LPL in addition to confusing to the jury.

Further, even if the collateral issues had probative value (which they do not), and even if the collateral issues were not confusing and prejudicial (which they are), the limited trial time

requires focusing solely on the '002 Patent. To adjudicate other issues and patents is improper because those issues are pending in other cases before other courts. In any event, the issues would require much more time than the trial schedule will allow. The Court should reject Defendants attempt to expand this trial into a forum to resolve irrelevant disputes that should be resolved in other pending proceedings instead.

### III. CONCLUSION

Accordingly, for all the foregoing reasons, the Court should grant Plaintiff's Motion in Limine and preclude Defendants from introducing in evidence or referring at trial to any other patents or cases.

THE BAYARD FIRM

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk
Ashley B. Stitzer
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899-5130
(302) 655-5000
rkirk@bayardfirm.com
Counsel for Plaintiff
LG.PHILIPS LCD CO., LTD.

OF COUNSEL:
Gaspare J. Bono
Matthew T. Bailey
Cass W. Christenson
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006
(202) 496-7500

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on July 10, 2006, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Robert W. Whetzel, Esq.
Matthew W. King, Esq.
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

The undersigned counsel further certifies that copies of the foregoing document were sent on July 10, 2006 by email and by hand to the above counsel and by email and first class mail to the following non-registered participants:

Christine A. Dudzik, Esq.
Thomas W. Jenkins, Esq.
Howrey LLP
321 North Clark Street
Suite 3400
Chicago, IL 60610

Teresa M. Corbin, Esq.
Glenn W. Rhodes, Esq.
Julie Gabler, Esq.
Howrey LLP
525 Market Street
Suite 3600
San Francisco, CA 94105

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk

602380v1