# THE BAYARD FIRM
A T T O R N E Y S

222 DELAWARE AVENUE, SUITE 900
P O BOX 25130
WILMINGTON, DE 19899
ZIP CODE FOR DELIVERIES: 19801

MERITAS LAW FIRMS WORLDWIDE
www.bayardfirm.com
302-655-5000
(FAX) 302-658-6395
WRITER'S DIRECT ACCESS

ELECTRONICALLY FILED

(302) 429-4208
rkirk@bayardfirm.com

July 11, 2006

The Honorable Joseph J. Farnan, Jr.
United States District Court
844 North King Street
Wilmington, DE 19801

      RE:    *LG.Philips LCD Co., Ltd. v. Tatung Company of Amercia, et al.*
             <u>C.A. No. 05-292-JJF</u>

Dear Judge Farnan:

      I write on behalf of plaintiff LG.Philips LCD Co., Ltd. ("LPL") to respond to Mr. Whetzel's second July 10, 2006 letter requesting additional trial time.

      Defendants' second letter yesterday contends that each of the four defendants, CPT, Tatung, Tatung America, and ViewSonic, needs "a full and fair opportunity to be heard at trial" which could require "a greater time allotment to defendants" for trial than time allotted to LPL for trial. Defendants' position is inconsistent with the fact that Defendants **have identified only one witness each** for Tatung (Oliver Shih), Tatung America (Mike Lee), and ViewSonic (James Morlan). Defendants' other six (6) witnesses are all CPT witnesses. Defendants thus seek to expand the trial time primarily to call numerous CPT witnesses, not so that the other three defendants may be heard. Indeed, Defendants previously argued at the April 25 hearing that Defendants Tatung, Tatung America, and ViewSonic play a much less important role than CPT in this case:

> . . . **the issues concerning the defendants other than CPT are separate and more narrow.** CPT is the only manufacturer at issue in this case, and the patents at issue don't have anything to do with what happens after the manufacturing process, so **while there is discovery to be had from the three other defendants concerning issues that go to damages**, what's coming into the U.S., things like that, **we don't believe the amount of time necessary to explore those issues should be the same amount of time necessary to explore the much larger range of issues that impacts both CPT and LPL.**

Transcript of April 25, 2006 at 19 (emphasis added).

629691v1

THE BAYARD FIRM

The Honorable Joseph J. Farnan, Jr.
July 11, 2006
Page 2

      Based on this argument, Defendants asked the Court to reduce the time and number of depositions of each defendant other than CPT. See id. at 19-20. Subsequently, in their May 4 letter to the Court, Defendants asked for a further reduction of these defendants' depositions, proposing twenty hours of Rule 30(b)(6) testimony each for LPL and CPT, and only one individual deposition and five hours of Rule 30(b)(6) testimony each for Tatung, Tatung America, and ViewSonic. After emphasizing that Defendants Tatung, Tatung America, and ViewSonic pose lesser issues that warrant much less time to address, Defendants should not be heard to take inconsistent positions to gain an unfair advantage at trial by unnecessarily expanding the time for Defendants' case at the expense of LPL's case. LPL has the burden of proof on many issues.

      As stated in my letter yesterday, we respectfully request that the Court adhere to an efficient trial schedule of 5 to 7 trial days, with equal time for each side to present its case.

                              Respectfully submitted,

                              Richard D. Kirk (#0922)

:rdk
cc:    Clerk of the Court
       All counsel as shown on attached certificate

629691v1

*LG Philips LCD Co., LTD   v.*
*Tatung Company, et al.*

*Hearing*
*April 25, 2006*

*Hawkins Reporting Service*
*715 N King Street*
*Suite 3*
*Wilmington, DE  19801*
*(302) 658-6697*

Original File LGPHIL-1.TXT, 76 Pages
Min-U-Script® File ID: 0101360872

**Word Index included with this Min-U-Script®**

tremely essential to CPT's case. Again, at [8] this point we have evidence that over 15,000 [9] sales of modules, more than one module involved [10] in that patent, happened before the critical [11] date. More than 7,000 of those sales are sales [12] of a product that LPL itself manufactured. The [13] remaining 8,000 plus sales are sales of Sharp or [14] CPT panels. [15] Back when we first brought the [16] on-sale bar issue to Your Honor's attention back [17] in November and December of last year, the only [18] on-sale issues CPT was aware of at that point [19] was the on-sale issue involving its own panels. [20] Subsequent to that, and in terms of the LPL [21] documents, not until February 21st and then [22] again on March 17th did we even know that there [23] was third-party discovery to do in relation to [24] sales of LPL panels because they had

### Page 16

[1] systematically withheld that information.

[2] They held those documents, they [3] are Korean language documents evidencing those [4] sales until February 17th, and then February 21 [5] knowing at that point that it would have been [6] impossible for us to follow-up on third-party [7] discovery, and then produced a boat load of [8] other documents on this subject on March 17th, [9] again, almost a month after the point Your Honor [10] had said we could not issue another subpoena to [11] follow up on third-party discovery.

[12] Again, as Mr. Rhodes indicated, [13] while we are not in a situation where we're [14] looking to make excuses to delay the trial of [15] this matter, we should be afforded a consistent [16] opportunity to do the discovery necessary to [17] properly defendant ourselves that involves [18] third-party discovery and LPL has consistently [19] used a strategy of using fast track as both a [20] sword and a shield.

[21] They should not be allowed to [22] profit from this. They should not be allowed to [23] be in a situation where they have been able to [24] actively and purposefully defeat CPT's attempt

### Page 17

[1] to defend itself by knowingly withholding [2] documents that with evidence necessitate [3] third party discovery until a point where CPT [4] was prohibited from doing that discovery. [5] That's not justice, Your Honor. It puts us in a [6] situation here today, we are forced in addition [7] to asking Your Honor to resolve the pending [8] discovery matters, we're also in a situation [9] where we're going to ask Your Honor to remove [10] from the calendar the July 17th trial date and [11] come up with a trial date that will allow the [12] parties to do the discovery that they need to [13] do.

[14] This also includes resolving the [15] damages issue which Your Honor tabled on March [16] 1st at that hearing, put that on the side, [17] suggested that maybe we need a special master [18] for that, but no special master has been [19] appointed, so those issues continue to be [20] pending and need to be resolved.

[21] And then we would also like to [22] discuss with Your Honor some issues in terms of [23] depositions, in terms of number of hours for [24] 30(b)(6) depositions and timing of those

### Page 18

[1] depositions. I'm happy to hold those until [2] later in the hearing if Your Honor would like to [3] discuss those issues separately or I could [4] address them now.

[5] THE COURT: You can address them [6] now.

[7] MS. GABLER: Okay. In terms of [8] third party — I'm sorry, in terms of 30(b)(6) [9] and party depositions, both the personal [10] depositions of parties and then 30(b)(6), [11] originally Your Honor had indicated that we [12] would be allocated thirty hours of 30(b)(6) [13] testimony to be taken of each party.

[14] At the February 8th hearing, [15] Mr. Bono indicated that he wanted to proceed at [16] that point with the discovery against Tatung [17] America and Viewsonic telling the Court that the [18] issues there were really separate with those [19] parties, that they were really only sales [20] companies, that we were really looking only for [21] damage discovery from them and not really [22] technical discovery and, therefore, those [23] depositions maybe should be proceeding, not [24] waiting for the documents issues to be resolved.

### Page 19

[1] We agree with Mr. Bono that the [2] issues concerning the defendants other than CPT [3] are separate and more narrow. CPT is the only [4] manufacturer at issue in this case, and the [5] patents at issue don't have anything to do with [6] what happens after the manufacturing process, [7] so while there is discovery to be had from the [8] three other defendants concerning issues that [9] go to damages, what's coming into the U.S., [10] things like that, we don't believe that the [11] amount of time necessary to explore those [12] issues should be [13] explore the much larger range of issues that [14] impacts both CPT and LPL.

[15] So our proposal is simply this, [16] right now their thirty hours of deposition per [17] party, we believe that we need about forty hours [18] of deposition of LPL and CPT is willing to make [19] its own witnesses available for forty hours of [20] depositions as we believe the number of hours [21] of 30(b)(6) deposition to LPL and CPT should be [22] the same.

[23] However, as to the other three [24] defendants we believe that ten hours of

### Page 20

[1] deposition testimony should be sufficient as [2] that only goes to damages and importation [3] issues, not the broader range of issues and that [4] those depositions to allow thirty hours for each [5] of those other three defendants would simply be [6] harassment.

[7] In terms of the number of party [8] depositions, again, Your Honor allocated four [9] party depositions to be taken of each of the [10] four — of each of the five parties in addition [11] to the 30(b)(6) hours. Again, in that [12] situation, we would like to ask the Court to [13] change that order and allow six depositions of [14] LPL witnesses and six depositions of CPT [15] witnesses, but only to allow two depositions of [16] Viewsonic, Tatung and Tatung America.

[17] And, again, the justification for [18] this is the same, the issues are much narrower [19] as to the other three defendants, we're not [20] trying to have an advantage of CPT versus LPL, [21] but as to the other three defendants the issues [22] are much narrow, the discovery burden should [23] not be the same.

[24] In terms of the damages discovery,

### Page 21

[1] again, those issues were postponed on March 1, [2] Your Honor at that point had suggested a [3] magistrate to resolve those issues. We don't [4] know if Your Honor would like to continue with [5] that proposal or if you would like yourself to [6] take those issues up.

[7] Counsel have not had much success [8] or really any success in any meet and confers on [9] those issues as we have been largely taken up [10] trying to resolve the issues that were put [11] before the Court and continuing on March 1 in [12] terms of the Court's order at that time.

[13] So we would like at this point [14] either to be sent to a magistrate to resolve [15] those damages issues —

[16] THE COURT: We don't have any [17] magistrates, we only have one —

[18] MS. GABLER: Or a special master.

[19] THE COURT: We only have a special [20] master, we have a —

[21] MS. GABLER: A special master, we [22] would like to proceed before some-

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on July 11, 2006, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Robert W. Whetzel, Esq.
Matthew W. King, Esq.
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

The undersigned counsel further certifies that copies of the foregoing document were sent on July 11, 2006 by email and by hand to the above counsel and by email and first class mail to the following non-registered participants:

| | |
|---|---|
| Christine A. Dudzik, Esq. | Teresa M. Corbin, Esq. |
| Thomas W. Jenkins, Esq. | Glenn W. Rhodes, Esq. |
| Howrey LLP | Julie Gabler, Esq. |
| 321 North Clark Street | Howrey LLP |
| Suite 3400 | 525 Market Street |
| Chicago, IL 60610 | Suite 3600 |
| | San Francisco, CA 94105 |

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk

602380v1