# THE BAYARD FIRM
ATTORNEYS

222 DELAWARE AVENUE, SUITE 900
P.O. BOX 25130
WILMINGTON, DE 19899
Zip Code For Deliveries: 19801

MERITAS LAW FIRMS WORLDWIDE
www.bayardfirm.com
302-655-5000
(FAX) 302-658-6395
WRITER'S DIRECT ACCESS

ELECTRONICALLY FILED

(302) 429-4208
rkirk@bayardfirm.com

July 11, 2006

The Honorable Joseph J. Farnan, Jr.
United States District Court
844 North King Street
Wilmington, DE  19801

      RE:    *LG.Philips LCD Co., Ltd. v. Tatung Company of Amercia, et al.*
              C.A. No. 05-292-JJF

Dear Judge Farnan:

      I write on behalf of plaintiff LG.Philips LCD Co., Ltd ("LPL") to object to defendants' trial witnesses that defendants failed to identify in their initial and supplemental disclosures.  On July 6, 2006, after all depositions had been taken based on these disclosures, Defendants identified the following nine "will call" and "may call" witnesses:  Belle Chang; Milton Kuan; Oliver Shih; Mike Lee; James Morlan; Hong-Ren Chu; Chuang-Yi Chiu; Hsi-Wen Tsai; and Shih-Tsung Yang.  LPL objects to any trial testimony from the following undisclosed witnesses (hereafter, the "undisclosed witnesses") James Morlan, Chuang-Yi Chiu, Hsi-Wen Tsai, and Shih-TsungYang (and Hong-Ren Chu if that person is not Zhu Hong-Ren).[1]

      Because defendants prevented LPL from any fair opportunity to depose the undisclosed witnesses or prepare for their trial testimony, LPL respectfully requests that defendants not be permitted to call the undisclosed witnesses at trial.  Before depositions commenced on May 18, 2006, LPL's counsel repeatedly asked defendants to provide some indication of whether the various individuals identified in Defendants' Supplemental Initial Disclosures would or would not testify at trial. LPL explained that it needed some cooperation in order to identify appropriate witnesses for depositions specifically to avoid prejudice at trial.  LPL needed cooperation because after the parties stipulated that each party was subject to one 30(b)(6) deposition and up to four individual depositions, defendants served their supplemental disclosures identifying many new persons with knowledge who might be used to support defendants' case. (See, for

---

[1] In their July 10, 2006 letter to the Court asking for a three week trial, defendants state that they intend to call nine witnesses at trial, so presumably they intend to call all four of the undisclosed witnesses.

629684v1

THE BAYARD FIRM

The Honorable Joseph J. Farnan, Jr.
July 11, 2006
Page 2

comparison purposes, CPT's initial disclosures and supplemental disclosures, copies of which are submitted with this letter.) Defendants refused to provide any information concerning whether each individual was likely to testify at trial. LPL, therefore, did its best to identify witnesses and to complete depositions based on the information in defendants' disclosures. Now, defendants say they intend to call witnesses never disclosed to LPL until July 6, after depositions concluded. This is prejudicial and unfair.

LPL conducted depositions of fact witnesses between May 18 and June 23, 2006. One additional ViewSonic employee was unavailable the week of June 19-23 and was therefore deposed on June 30 (which, LPL learned at the deposition, was the witness' last day working for ViewSonic). Defendants did not identify the undisclosed witnesses (James Morlan, Chuang-Yi Chiu, Hsi-Wen Tsai, and Shih-TsungYang) in their December 16, 2005 Initial Disclosures (collected at Exhibit A) or their May 9, 2006 Supplemental Initial Disclosures (collected at Exhibit B). Chuang-Yi Chiu, Hsi-Wen Tsai, and Shih-TsungYang were never disclosed to LPL as persons who may have knowledge to support Defendants' claims or defenses in this case. ViewSonic did not identify James Morlan until June 26, without any agreement or even discussion with LPL about a further deposition.

The time for depositions has ended and LPL did not have fair notice of the undisclosed witnesses. LPL would be unfairly prejudiced if these witnesses were permitted to testify at trial. Accordingly, LPL respectfully requests that the Court prohibit James Morlan, Chuang-Yi Chiu, Hsi-Wen Tsai, and Shih-TsungYang (and Hong-Ren Chu if that person is not Zhu Hong-Ren) from testifying at trial.

LPL believes that the Court can rule on this issue without a formal motion *in limine* being filed and briefed. However, if the Court prefers a motion, LPL respectfully requests the Court to treat this letter as a request for leave to file a motion *in limine* on this subject.

Respectfully submitted,

Richard D. Kirk (#0922)

:rdk
cc:   Clerk of the Court
      All counsel as shown on attached certificate

629684v1

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on July 11, 2006, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Robert W. Whetzel, Esq.
Matthew W. King, Esq.
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

The undersigned counsel further certifies that copies of the foregoing document were sent on July 11, 2006 by email and by hand to the above counsel and by email and first class mail to the following non-registered participants:

| | |
|---|---|
| Christine A. Dudzik, Esq. | Teresa M. Corbin, Esq. |
| Thomas W. Jenkins, Esq. | Glenn W. Rhodes, Esq. |
| Howrey LLP | Julie Gabler, Esq. |
| 321 North Clark Street | Howrey LLP |
| Suite 3400 | 525 Market Street |
| Chicago, IL  60610 | Suite 3600 |
| | San Francisco, CA  94105 |

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk

602380v1