EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| LG. PHILIPS LCD CO., LTD.,<br><br>Plaintiff,<br><br>v.<br><br>TATUNG COMPANY,<br>TATUNG COMPANY OF AMERICA, INC.,<br>CHUNGHWA PICTURE TUBES, LTD.,<br>AND VIEWSONIC CORPORATION,<br><br>Defendants. | C.A. No. 05-292 (JJF)<br><br>**DEMAND FOR JURY TRIAL**<br><br>**INITIAL DISCLOSURES FOR<br>DEFENDANT TATUNG<br>COMPANY** |

Pursuant to Federal Rule of Civil Procedure 26(a)(1), defendant and counterclaimant Tatung Company ("Tatung") hereby provides its initial disclosure of information to plaintiff LG. Philips LCD Co., Ltd. ("LGL").

Tatung bases this initial disclosure on its current knowledge, understanding and belief as to the facts and information available as of the date of this initial disclosure. Tatung has not completed its investigation of the facts in this case. Additional discovery and investigation may require Tatung to supplement or modify this initial disclosure. Pursuant to Federal Rule of Civil Procedure 26(e), Tatung reserves the right to modify or supplement the information produced in this initial disclosure. Tatung further reserves the right to use and introduce such supplemental information or subsequently produced documents at the trial of this action.

## I.    INDIVIDUALS LIKELY TO HAVE DISCOVERABLE INFORMATION

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A), Tatung hereby discloses the individuals likely to have discoverable information that Tatung may use to support its claims or defenses. Tatung reserves the right to supplement the following list after further discovery and

investigation.  Tatung in no manner waives any privilege under state or federal law by disclosing any of the names below.

**A.      Information relating to the identity of Tatung LCD monitors or products accused in the complaint**

Shih Yi-kuang
Tatung Company
22, Chungshan N. Rd., 3rd Sec.
Taipei, Taiwan, 104, R.O.C.

**B.      Information relating to Tatung's specifications approved for use to manufacture Tatung LCD monitors or products incorporating CPT LCD displays or panels since 1999.**

Yang San-chi
Tatung Company
22, Chungshan N. Rd., 3rd Sec.
Taipei, Taiwan, 104, R.O.C.

Liu Tsyr-huey
Tatung Company
22, Chungshan N. Rd., 3rd Sec.
Taipei, Taiwan, 104, R.O.C.

Yang Hsi-ling
Tatung Company
22, Chungshan N. Rd., 3rd Sec.
Taipei, Taiwan, 104, R.O.C.

**C.      Information relating to Tatung's marketing of LCD monitors or products sold or imported into the United States since 1999.**

Shih Yi-kuang
Tatung Company
22, Chungshan N. Rd., 3rd Sec.
Taipei, Taiwan, 104, R.O.C.

**D.**   **Information relating to CPT's LCD technology and products accused in the complaint as it relates to the Tape Carrier Package used in Tatung's LCD products**

     1.   Yu Hong-dian
Chungwa Picture Tubes Ltd.
1127 Hopin Road
Padeh City, Taoyuan
Taiwan 334, R.O.C.

     2.   Zhu Wen-guo
Chungwa Picture Tubes Ltd.
1127 Hopin Road
Padeh City, Taoyuan
Taiwan 334, R.O.C.

**E.**   **Information relating to CPT's LCD technology and products accused in the complaint as it relates to Electrostatic Discharge ("ESD") guard rings used in Tatung's LCD products**

     1.   Zhu Hong-ren
Chungwa Picture Tubes Ltd.
1127 Hopin Road
Padeh City, Taoyuan
Taiwan 334, R.O.C.

     2.   Zhang Ming-Xuan
Chungwa Picture Tubes Ltd.
1127 Hopin Road
Padeh City, Taoyuan
Taiwan 334, R.O.C.

**F.**   **Employees and personnel of plaintiff, LG. Philips Co., Ltd.**

Employees and personnel of plaintiff will have discoverable information relating to LGL's patent infringement claims and defendant's counterclaims.

G. **Employees and personnel of defendant, Chunghwa Picture Tubes, Inc.**

Employees and personnel of defendant, Chunghwa Picture Tubes, Inc. will have discoverable information relating to LGL's patent infringement claims against Tatung and defendant's counterclaims.

H. **Employees and personnel of defendants Tatung Co. of America**

Upon information and belief, employees and personnel of defendants Tatung Co. of America will have discoverable information relating to the use, offer for sale, sale and/or importation of Tatung products incorporating CPT's LCD technology and products accused in the complaint.

I. **Employees and personnel of Quanta Computer, Inc.**

Employees and personnel of Quanta Computer, Inc., No. 188, Wen Hwa 2nd Rd., Kuei Shan Shien, Taiwan, R.O.C., may have discoverable information relating to Tatung LCD products accused in the complaint, LPL's patent infringement claims and defendant's counterclaims.

J. **Employees and personnel of other companies regarding products or components used in CPT LCD panels**

Employees and personnel of other as of yet unidentified Third Party/Suppliers may have discoverable information relating to the Driver Integrated Circuits and TCPs used in the LCD panels or products incorporated into Tatung LCD products accused in the complaint.

K. **Employees and personnel of other companies with prior art**

Employees and personnel of other, yet-to-be-identified companies with prior art may have discoverable information relating to the validity and enforceability of the patents-in-suit, LGL's patent infringement claims and Tatung's counterclaims.

L.    **The Patents In Suit**

The individual applicants named as inventors in the patents-in-suit, the attorneys and/or agents who prosecuted the patent-in-suit may have information concerning the patent-in-suit, the description of the alleged invention claimed therein, the prior art, the patent application, the alleged inventorship, validity, enforceability, and/or infringement thereof, corresponding foreign patents and patent applications, related U.S. and foreign proceedings, and other pertinent information.

Employees, officers, or directors (present and former) of LG. Philips LCD., Ltd. and Honeywell, Inc. may have information concerning the patents-in-suit, their validity, enforceability and infringement thereof, the prior art, prior conception of the subject matter claimed in the patents-in-suit, and other relevant information concerning the subject matter disclosed in the patents-in-suit.

II.    **DOCUMENTS, DATA COMPILATIONS AND TANGIBLE THINGS**

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(B), Tatung hereby describes the categories of documents, data compilations and/or tangible things that Tatung may use to support its claims or defenses that are in the possession, custody or control of Tatung. Tatung reserves the right to supplement the following disclosure after further discovery and investigation.

Moreover, Tatung does not waive any objection or any claim of privilege, whether expressly asserted or not, by producing any document. The inadvertent identification or production of a document shall not constitute a waiver of any attorney-client privilege or work product doctrine as to that document or any other document. Tatung expressly reserves the right to object to the introduction at trial or any other use of any privileged document that may be inadvertently produced.

1.    Documents concerning the manufacturing and/or product specifications for Tatung LCD products incorporating CPT LCD panels or modules accused in the complaint.

2.      Documents describing sales figures, costs and expenses for Tatung LCD products accused in the complaint.

3.      Documents concerning the marketing of Tatung LCD products accused in the complaint.

4.      Documents concerning prior art patents, publications or other prior uses of the technology described in the patents-in-suit.

5.      Documents concerning all Tatung Suppliers, distributors, and OEM agreements regarding Tatung LCD products accused in the complaint.

**III.      COMPUTATION OF DAMAGES INCURRED BY TATUNG**

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(C), Tatung seeks payment of costs, attorney's fees, and expenses incurred in connection with the defense of this litigation under 35 U.S.C. § 285.  All required documents necessary in computation of such costs, fees, and expenses are not available as of this date, but will be produced at the appropriate stage of this litigation, at which time Tatung will make available for inspection the documents or other evidentiary material, non-privileged or protected from disclosure, on which a computation of damages will be based.

**IV.      INSURANCE AGREEMENTS**

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(D), Tatung does not believe that it has any insurance agreement under which any person on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action.

Respectfully submitted,

Dated: December 16, 2005

Christine A. Dudzik
Thomas W. Jenkins
Howrey LLP
321 North Clark Street, Suite 3400
Chicago, Illinois 60610
(312) 595-1239

Teresa M. Corbin
Glenn W. Rhodes
Howrey LLP
525 Market Street, Suite 3600
San Francisco, CA 94105
415.848.4900

Attorneys for Defendants/Counterclaimants
Chunghwa Picture Tubes, Ltd.; Tatung
Company; Tatung Company of America,
Inc.; and Viewsonic Corporation.

LOCAL COUNSEL:

Robert W. Whetzel (#2288)
whetzel@rlf.com
Matthew W. King (#4566)
king@rlf.com
Richards, Layton & Finger
One Rodney Square, P.O. Box 551
Wilmington, DE 19899
(302) 651-7700

## CERTIFICATE OF SERVICE

I hereby certify that copies of the foregoing INITIAL DISCLOSURES OF

DEFENDANT TATUNG COMPANY were served via email and U.S. first class mail this 16th

day of December, 2005 upon each of the parties listed below:

Richard D. Kirk                      Gaspare J. Bono
The Bayard Firm                      McKenna Long & Aldridge LLP
222 Delaware Avenue, Suite 900       1900 K Street, N.W.
P.O. Box 25130                       Washington, D.C. 20006
Wilmington, DE 19899-5130            Facsimile: (202) 496-7756
Facsimile: (302) 658-6395

_Christine A. Dudzik_

Christine A. Dudzik

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG. PHILIPS LCD CO., LTD.,<br><br>Plaintiff,<br><br>v.<br><br>TATUNG COMPANY,<br>TATUNG COMPANY OF AMERICA, INC.,<br>CHUNGHWA PICTURE TUBES, LTD.,<br>AND VIEWSONIC CORPORATION,<br><br>Defendants. | C.A. No. 05-292 (JJF)<br><br>**DEMAND FOR JURY TRIAL**<br><br>**INITIAL DISCLOSURES FOR DEFENDANT TATUNG COMPANY OF AMERICA** |

Pursuant to Federal Rule of Civil Procedure 26(a)(1), defendant and counterclaimant Tatung Company of America ("Tatung USA") hereby provides its initial disclosure of information to plaintiff LG. Philips LCD Co., Ltd. ("LGL").

Tatung USA bases this initial disclosure on its current knowledge, understanding and belief as to the facts and information available as of the date of this initial disclosure. Tatung USA has not completed its investigation of the facts in this case. Additional discovery and investigation may require Tatung USA to supplement or modify this initial disclosure. Pursuant to Federal Rule of Civil Procedure 26(e), Tatung USA reserves the right to modify or supplement the information produced in this initial disclosure. Tatung USA further reserves the right to use and introduce such supplemental information or subsequently produced documents at the trial of this action.

## I.     INDIVIDUALS LIKELY TO HAVE DISCOVERABLE INFORMATION

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A), Tatung USA hereby discloses the individuals likely to have discoverable information that Tatung USA may use to support its

claims or defenses.  Tatung USA reserves the right to supplement the following list after further discovery and investigation.  Tatung USA in no manner waives any privilege under state or federal law by disclosing any of the names below.

**A.     Information Relating to Tatung USA LCD monitors or products accused in the complaint regarding the '121 and '002 patents.**

Mike Lee
Tatung Company of America
2850 El Presidio Street
Long Beach, California 90810

**B.     Information relating to CPT's LCD technology and products accused in the complaint as it relates to the Tape Carrier Package used in Tatung's USA LCD products**

1.     Yu Hong-dian
Chungwa Picture Tubes Ltd.
1127 Hopin Road
Padeh City, Taoyuan
Taiwan 334, R.O.C.

2.     Zhu Wen-guo
Chungwa Picture Tubes Ltd.
1127 Hopin Road
Padeh City, Taoyuan
Taiwan 334, R.O.C.

**C.     Information relating to CPT's LCD technology and products accused in the complaint as it relates to Electrostatic Discharge ("ESD") guard rings used in Tatung's USA LCD products**

1.     Zhu Hong-ren
Chungwa Picture Tubes Ltd.
1127 Hopin Road
Padeh City, Taoyuan
Taiwan 334, R.O.C.

2.     Zhang Ming-Xuan
Chungwa Picture Tubes Ltd.
1127 Hopin Road
Padeh City, Taoyuan
Taiwan 334, R.O.C.

**D.    Information relating to the sales, marketing, and/or distribution of Tatung's USA LCD products accused in the complaint**

　　　　　　1.    Robin Tsou
　　　　　　　　　Tatung Company of America, Inc.
　　　　　　　　　2850 El Presidio Street
　　　　　　　　　Long Beach, CA 90810

**E.    Employees and personnel of plaintiff, LG. Philips Co., Ltd.**

Employees and personnel of plaintiff will have discoverable information relating to LGL's patent infringement claims and defendant's counterclaims.

**F.    Employees and personnel of defendants Tatung Company**

Upon information and belief, employees and personnel of defendants Tatung Company will have discoverable information relating to the manufacture, use, offer for sale, sale and/or importation of Tatung USA products incorporating CPT's LCD technology and products accused in the complaint.

**G.    Employees and personnel of Quanta Computer, Inc.**

Employees and personnel of Quanta Computer, Inc., No. 188, Wen Hwa 2nd Rd., Kuei Shan Shien, Taiwan, R.O.C., may have discoverable information relating to Tatung USA LCD products accused in the complaint, LGL's patent infringement claims and defendant's counterclaims.

**H.    Employees and personnel of other companies regarding products or components used in LCD panels incorporated into products sold by Tatung USA**

Employees and personnel of other as of yet unidentified Third Party/Suppliers may have discoverable information relating to the Driver Integrated Circuits and TCPs used in LCD panels or products incorporated into Tatung USA LCD products accused in the complaint.

### I.    Employees and personnel of other companies with prior art

Employees and personnel of other, yet-to-be-identified companies with prior art may have discoverable information relating to the validity and enforceability of the patents-in-suit, LGL's patent infringement claims and Tatung USA's counterclaims.

### J.    Employees and personnel of CPT

Employees and personnel of CPT will have discoverable information relating to the LCD panels incorporated into Tatung products regarding the patents-in-suit and sold by Tatung USA.

### K.    The Patents In Suit

The individual applicants named as inventors in the patents-in-suit, the attorneys and/or agents who prosecuted the patent-in-suit may have information concerning the patent-in-suit, the description of the alleged invention claimed therein, the prior art, the patent application, the alleged inventorship, validity, enforceability, and/or infringement thereof, corresponding foreign patents and patent applications, related U.S. and foreign proceedings, and other pertinent information.

Employees, officers, or directors (present and former) of LG. Philips LCD., Ltd. and Honeywell, Inc. may have information concerning the patents-in-suit, their validity, enforceability and infringement thereof, the prior art, prior conception of the subject matter claimed in the patents-in-suit, and other relevant information concerning the subject matter disclosed in the patents-in-suit.

### II.    DOCUMENTS, DATA COMPILATIONS AND TANGIBLE THINGS

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(B), Tatung USA hereby describes the categories of documents, data compilations and/or tangible things that Tatung USA may use to support its claims or defenses that are in the possession, custody or control of Tatung USA.

Tatung USA reserves the right to supplement the following disclosure after further discovery and investigation.

Moreover, Tatung USA does not waive any objection or any claim of privilege, whether expressly asserted or not, by producing any document. The inadvertent identification or production of a document shall not constitute a waiver of any attorney-client privilege or work product doctrine as to that document or any other document. Tatung USA expressly reserves the right to object to the introduction at trial or any other use of any privileged document that may be inadvertently produced.

1.    Documents concerning the identification of Tatung USA LCD products incorporating CPT LCD panels or modules accused in the complaint.

2.    Documents describing sales figures, costs and expenses for Tatung USA LCD products accused in the complaint.

3.    Documents concerning the marketing of Tatung USA LCD products accused in the complaint.

4.    Documents concerning prior art patents, publications or other prior uses of the technology described in the patents-in-suit.

5.    Documents concerning Tatung USA customers and distributors regarding Tatung USA LCD products accused in the complaint.

### III.    COMPUTATION OF DAMAGES INCURRED BY TATUNG USA

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(C), Tatung USA seeks payment of costs, attorney's fees, and expenses incurred in connection with the defense of this litigation under 35 U.S.C. § 285. All required documents necessary in computation of such costs, fees, and expenses are not available as of this date, but will be produced at the appropriate stage of this litigation, at which time Tatung USA will make available for inspection the documents or other evidentiary material, non-privileged or protected from disclosure, on which a computation of damages will be based.

## IV.    INSURANCE AGREEMENTS

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(D), Tatung USA does not believe that they have any insurance agreement under which any person on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action.

Respectfully submitted,

Dated: December 16, 2005

*Christine A. Dudzik*

Christine A. Dudzik
Thomas W. Jenkins
Howrey LLP
321 North Clark Street, Suite 3400
Chicago, Illinois 60610
(312) 595-1239

Teresa M. Corbin
Glenn W. Rhodes
Howrey LLP
525 Market Street, Suite 3600
San Francisco, CA 94105
415.848.4900

Attorneys for Defendants/Counterclaimants
Chunghwa Picture Tubes, Ltd.; Tatung
Company; Tatung Company of America,
Inc.; and Viewsonic Corporation.

LOCAL COUNSEL:

Robert W. Whetzel (#2288)
whetzel@rlf.com
Matthew W. King (#4566)
king@rlf.com
Richards, Layton & Finger
One Rodney Square, P.O. Box 551
Wilmington, DE 19899
(302) 651-7700

## CERTIFICATE OF SERVICE

I hereby certify that copies of the foregoing INITIAL DISCLOSURES OF
DEFENDANT TATUNG COMPANY OF AMERICA were served via email and U.S. first class
mail this 16th day of December, 2005 upon each of the parties listed below:

Richard D. Kirk
The Bayard Firm
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899-5130
Facsimile: (302) 658-6395

Gaspare J. Bono
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006
Facsimile: (202) 496-7756

_Christine G Dudzik_
Christine A. Dudzik

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| LG. PHILIPS LCD CO., LTD., | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 05-292 (JJF) |
| | ) | |
| v. | ) | **DEMAND FOR JURY TRIAL** |
| | ) | |
| TATUNG COMPANY, | ) | **INITIAL DISCLOSURES FOR** |
| TATUNG COMPANY OF AMERICA, INC., | ) | **DEFENDANT CHUNGHWA** |
| CHUNGHWA PICTURE TUBES, LTD., | ) | **PICTURE TUBES, LTD.** |
| AND VIEWSONIC CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

Pursuant to Federal Rule of Civil Procedure 26(a)(1), defendant and counterclaimant Chunghwa Picture Tubes, Ltd. ("CPT") hereby provides its initial disclosure of information to plaintiff LG. Philips LCD Co., Ltd. ("LGL").

CPT bases this initial disclosure on its current knowledge, understanding and belief as to the facts and information available as of the date of this initial disclosure. CPT has not completed its investigation of the facts in this case. Additional discovery and investigation may require CPT to supplement or modify this initial disclosure. Pursuant to Federal Rule of Civil Procedure 26(e), CPT reserves the right to modify or supplement the information produced in this initial disclosure. CPT further reserves the right to use and introduce such supplemental information or subsequently produced documents at the trial of this action.

## I.      INDIVIDUALS LIKELY TO HAVE DISCOVERABLE INFORMATION

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A), CPT hereby discloses the individuals likely to have discoverable information that CPT may use to support its claims or defenses. CPT reserves the right to supplement the following list after further discovery and

investigation. CPT in no manner waives any privilege under state or federal law by disclosing any of the names below.

A.    **Information relating to CPT's LCD technology and products accused in the complaint as it relates to the Tape Carrier Package used in CPT LCD displays**

1.    Yu Hong-dian
       Chungwa Picture Tubes Ltd.
       1127 Hopin Road
       Padeh City, Taoyuan
       Taiwan 334, R.O.C.

2.    Zhu Wen-guo
       Chungwa Picture Tubes Ltd.
       1127 Hopin Road
       Padeh City, Taoyuan
       Taiwan 334, R.O.C.

B.    **Information relating to CPT's LCD technology and products accused in the complaint as it relates to Electrostatic Discharge ("ESD") guard rings used in CPT LCD displays**

1.    Zhu Hong-ren
       Chungwa Picture Tubes Ltd.
       1127 Hopin Road
       Padeh City, Taoyuan
       Taiwan 334, R.O.C.

2.    Zhang Ming-Xuan
       Chungwa Picture Tubes Ltd.
       1127 Hopin Road
       Padeh City, Taoyuan
       Taiwan 334, R.O.C.

3.    He Chien-Kuo
       Chungwa Picture Tubes Ltd.
       1127 Hopin Road
       Padeh City, Taoyuan
       Taiwan 334, R.O.C.

C.    **Information relating to the sales, marketing, and/or distribution of CPT's LCD products accused in the complaint**

> 1. Tsai Chen-Chou
>    Chungwa Picture Tubes Ltd.
>    1127 Hopin Road
>    Padeh City, Taoyuan
>    Taiwan 334, R.O.C.

**D.     Employees and personnel of plaintiff, LG. Philips Co., Ltd.**

Employees and personnel of plaintiff will have discoverable information relating to LGL's patent infringement claims and CPT's counterclaims.

**E.     Employees and personnel of defendants Tatung Co. of America and Tatung Company**

Employees and personnel of defendants Tatung Co. of America and Tatung Company will have discoverable information relating to the manufacture, use, offer for sale, sale and/or importation of their products incorporating CPT's LCD technology and products accused in the complaint.

**F.     Employees and personnel of Quanta Computer, Inc.**

Employees and personnel of Quanta Computer, Inc., No. 188, Wen Hwa 2nd Rd., Kuei Shan Hsiang, Tao Yuan Shien, Taiwan, R.O.C., may have discoverable information relating to CPT LCD panels or modules accused in the complaint, and LGL's patent infringement claims and defendant's counterclaims.

**G.     Employees and personnel of other companies supplying CPT with products or components used in CPT LCD panels**

Employees and personnel of the following may have discoverable information relating to the Driver Integrated Circuit and TCP used in CPT LCD panels or products accused in the complaint.

> 1. Magnachip Semiconductor, Ltd.
>    Agent: Lebro Industrial Co., Ltd.
>    11F-1, No. 185, Sung Chiang Rd., Taipei, Taiwan 104

- 4 -

2. Samsung Electronics Co., Ltd.
   Agent: Yosun Industrial Corp.
   9F, No. 489, Tiding Ave., Sec.2, Nei Hu, Taipei, Taiwan, R.O.C.

3. OSmart ASIC Technology, Inc.
   3F, No. 68, Chou-Tze St., Nei Hu District, Taipei 114, Taiwan, R.O.C.

4. Topro Technology, Inc.
   2F, No. 26, Lane 583, Ruiguang Rd., Neihu District, Taipei 114, Taiwan, R.O.C.

5. Himax Technologies, Inc.
   5F, No. 289, Sec. 2, Guangfu Road, Hsin-Chu, Taiwan 300, R.O.C.

6. Novatek Microelectronics Corp.
   2F, No. 13, Innovation Rd. I, Hsinchu Science Park, Hsinchu 300, Taiwan, R.O.C.

7. OKI Semiconductor Taiwan Inc.
   2F, No. 375, Sung-Chiang Road, Taipei, Taiwan

8. Myson Century, Inc.
   No. 2, Industry E. Rd. III, Science-Based Industrial Park, Hsinchu, Taiwan, R.O.C.

9. Eureka Microelectronics, Inc.
   6F, No. 12, Innovation Rd. I, Science-Based Industrial Park, Hsinchu, Taiwan, R.O.C.

10. Winbond Electronics Corp.
    No. 4, Creation Rd. 3, Science-Based Industrial Park, Hsinchu 300, Taiwan, R.O.C.

**H.      Employees and personnel of other companies with prior art**

Employees and personnel of other, yet-to-be-identified companies with prior art may have discoverable information relating to the validity and enforceability of the patents-in-suit, LGL's patent infringement claims and CPT's counterclaims.

**I.    Employees and personnel of Viewsonic Corporation**
381 Brea Canyon Road
Walnut, CA

Employees and personnel of Viewsonic Corporation may have discoverable information relating to the sales and marketing of Viewsonic products incorporating CPT LCD technology regarding the patents-in-suit in the United States.

**J.    The Patents In Suit**

The individual applicants named as inventors in the patents-in-suit, the attorneys and/or agents who prosecuted the patent-in-suit may have information concerning the patent-in-suit, the description of the alleged invention claimed therein, the prior art, the patent application, the alleged inventorship, validity, enforceability, and/or infringement thereof, corresponding foreign patents and patent applications, related U.S. and foreign proceedings, and other pertinent information.

Employees, officers, or directors (present and former) of LG. Philips LCD., Ltd. and Honeywell, Inc. may have information concerning the patents-in-suit, their validity, enforceability and infringement thereof, the prior art, prior conception of the subject matter claimed in the patents-in-suit, and other relevant information concerning the subject matter disclosed in the patents-in-suit.

**II.    DOCUMENTS, DATA COMPILATIONS AND TANGIBLE THINGS**

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(B), CPT hereby describes the categories of documents, data compilations and/or tangible things that CPT may use to support its claims or defenses that are in the possession, custody or control of CPT. CPT reserves the right to supplement the following disclosure after further discovery and investigation.

Moreover, CPT does not waive any objection or any claim of privilege, whether expressly asserted or not, by producing any document. The inadvertent identification or production of a document shall not constitute a waiver of any attorney-client privilege or work product doctrine as to that document or any other document. CPT expressly reserves the right to

object to the introduction at trial or any other use of any privileged document that may be inadvertently produced.

1.      Documents concerning the research, design, development and manufacturing of the CPT LCD panels or modules accused in the complaint.

2.      Documents concerning sales figures, costs, and expenses for CPT's LCD panels or modules accused in the complaint.

3.      Documents concerning the marketing of CPT LCD panels or modules accused in the complaint.

4.      Documents concerning CPT's customers and distributors of its LCD panels or modules accused in the complaint.

5.      Documents concerning CPT suppliers of parts used in its LCD panels or modules accused in the complaint.

6.      Documents concerning prior art patents, publications or other prior uses of the technology described in the patents-in-suit.

**III.      COMPUTATION OF DAMAGES INCURRED BY CPT**

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(C), CPT seeks payment of costs, attorney's fees, and expenses incurred in connection with the defense of this litigation under 35 U.S.C. § 285.  All required documents necessary in computation of such costs, fees, and expenses are not available as of this date, but will be produced at the appropriate stage of this litigation, at which time CPT will make available for inspection the documents or other evidentiary material, non-privileged or protected from disclosure, on which a computation of damages will be based.

**IV.      INSURANCE AGREEMENTS**

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(D), CPT is presently unaware of any insurance policy that would be applicable to this suit under which any person on an

insurance business may be liable to satisfy part or all of a judgment which may be entered in the action.

Respectfully submitted,

Dated: December 16, 2005

Christine A. Dudzik
Thomas W. Jenkins
Howrey LLP
321 North Clark Street, Suite 3400
Chicago, Illinois 60610
(312) 595-1239

Teresa M. Corbin
Glenn W. Rhodes
Howrey LLP
525 Market Street, Suite 3600
San Francisco, CA 94105
415.848.4900

Attorneys for Defendants/Counterclaimants
Chunghwa Picture Tubes, Ltd.; Tatung
Company; Tatung Company of America,
Inc.; and Viewsonic Corporation.

LOCAL COUNSEL:

Robert W. Whetzel (#2288)
whetzel@rlf.com
Matthew W. King (#4566)
king@rlf.com
Richards, Layton & Finger
One Rodney Square, P.O. Box 551
Wilmington, DE 19899
(302) 651-7700

# CERTIFICATE OF SERVICE

I hereby certify that copies of the foregoing INITIAL DISCLOSURES OF

DEFENDANT CHUNGHWA PICTURE TUBES, LTD. were served via email and U.S. first

class mail this 16th day of December, 2005 upon each of the parties listed below:

Richard D. Kirk
The Bayard Firm
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899-5130
Facsimile: (302) 658-6395

Gaspare J. Bono
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006
Facsimile: (202) 496-7756

*Christine A. Dudzik*

Christine A. Dudzik

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| LG. PHILIPS LCD CO., LTD.,<br><br>Plaintiff,<br><br>v.<br><br>TATUNG COMPANY,<br>TATUNG COMPANY OF AMERICA, INC.,<br>CHUNGHWA PICTURE TUBES, LTD.,<br>AND VIEWSONIC CORPORATION,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 05-292 (JJF)<br><br>**DEMAND FOR JURY TRIAL**<br><br>**INITIAL DISCLOSURES FOR<br>DEFENDANT VIEWSONIC<br>CORPORATION** |

Pursuant to Federal Rule of Civil Procedure 26(a)(1), defendant and counterclaimant ViewSonic Corporation ('ViewSonic') hereby provides its initial disclosure of information to plaintiff and counter-defendant LG. Philips LCD Co., Ltd. ('LGL').

ViewSonic bases this initial disclosure on its current knowledge, understanding and belief as to the facts and information available as of the date of this initial disclosure. ViewSonic has not completed its investigation of the facts in this case. Additional discovery and investigation may require ViewSonic to supplement or modify this initial disclosure. Pursuant to Federal Rule of Civil Procedure 26(e), ViewSonic reserves the right to modify or supplement the information produced in this initial disclosure. ViewSonic further reserves the right to use and introduce such supplemental information or subsequently produced documents at the trial of this action.

## I.    INDIVIDUALS LIKELY TO HAVE DISCOVERABLE INFORMATION

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A), ViewSonic hereby discloses the individuals likely to have discoverable information that ViewSonic may use to support its claims or defenses. ViewSonic reserves the right to supplement the following list after further

- 2 -

discovery and investigation. ViewSonic in no manner waives any privilege under state or federal

law by disclosing any of the names below.

**A.     Information relating to CPT's LCD technology and products accused in the complaint as it relates to the Tape Carrier Package used in ViewSonic LCD products**

    1.     Yu Hong-dian
        Chungwa Picture Tubes Ltd.
        1127 Hopin Road
        Padeh City, Taoyuan
        Taiwan 334, R.O.C.

    2.     Zhu Wen-guo
        Chungwa Picture Tubes Ltd.
        1127 Hopin Road
        Padeh City, Taoyuan
        Taiwan 334, R.O.C.

**B.     Information relating to CPT's LCD technology and products accused in the complaint as it relates to Electrostatic Discharge ("ESD") guard rings used in ViewSonic LCD products**

    1.     Zhu Hong-ren
        Chungwa Picture Tubes Ltd.
        1127 Hopin Road
        Padeh City, Taoyuan
        Taiwan 334, R.O.C.

    2.     Zhang Ming-Xuan
        Chungwa Picture Tubes Ltd.
        1127 Hopin Road
        Padeh City, Taoyuan
        Taiwan 334, R.O.C.

**C.     Information relating to the sales, marketing, and/or distribution of ViewSonic LCD products accused in the complaint**

    1.     Jeff Volpe
        ViewSonic Corporation
        381 Brea Canyon Road
        Walnut, CA 91789

2.      Sally Wang
ViewSonic Corporation
381 Brea Canyon Road
Walnut, CA 91789

**D.    Information relating to the identity and specifications approved for use to manufacture ViewSonic LCD monitors or products accused in the complaint**

1.      Mike Zapka
ViewSonic International
Taipei, Taiwan

2.      David Lee
ViewSonic International
Taipei, Taiwan

**E.    All OEM Agreements between ViewSonic and others regarding its LCD monitors incorporating CPT LCD panels since 1999.**

1.      Bonny Cheng
ViewSonic Corporation
381 Brea Canyon Road
Walnut, CA 91789

2.      Rose Yang
ViewSonic Corporation
381 Brea Canyon Road
Walnut, CA 91789

3.      Bonnie Uphold, Esq.
ViewSonic Corporation
381 Brea Canyon Road
Walnut, CA 91789

**F.    Employees and personnel of plaintiff, LG. Philips Co., Ltd.**

Employees and personnel of plaintiff will have discoverable information relating to LGL's patent infringement claims and defendant's counterclaims.

G.    **Employees and personnel of defendants Tatung Co. of America and Tatung Company**

Upon information and belief, employees and personnel of defendants Tatung Co. of America and Tatung Company will have discoverable information relating to the manufacture, use, offer for sale, sale and/or importation of their products incorporating CPT's LCD technology and products accused in the complaint.

H.    **Employees and personnel of ViewSonic's Original Equipment Manufactures for its LCD products incorporating CPT LCD panels**

Employees and personnel of the following may have discoverable information relating to ViewSonic LCD products accused in the complaint:

1.    Quanta Computer, Inc., now called Techview,
       No. 188, Wen Hwa 2nd Rd.
       Kuei Shan Shien, Taiwan, R.O.C.

2.    Amtran
       17F, No 268, Lien Chen Road,
       Chung Ho City, Taipei County
       Taiwan, 235 R.O.C.

3.    AOC
       8F, No. 738, Chung Cheng Rd.
       Chung Ho, Taipei, Taiwan

4.    Jean Company
       6F, 2, Rei Kuang Road
       Nei Hu, Taipei, Taiwan, R.O.C.

5.    Tatung Corporation
       22, Chungshan N. Rd., 3rd Sec.
       Taipei, Taiwan

Employees and personnel of other as of yet unidentified Third Party/Suppliers may have discoverable information relating to the Driver Integrated Circuits and TCPs used in CPT LCD panels or products incorporated into ViewSonic LCD products accused in the complaint.

- 5 -

### I.    Employees and personnel of other companies with prior art

Employees and personnel of other, yet-to-be-identified companies with prior art may have discoverable information relating to the validity and enforceability of the patents-in-suit, LGL's patent infringement claims and CPT's counterclaims.

### J.    Employees and personnel of CPT

Employees and personnel of CPT will have discoverable information relating to the LCD panels incorporated into ViewSonic products regarding the patents-in-suit.

The individual applicants named as inventors in the patents-in-suit, the attorneys and/or agents who prosecuted the patent-in-suit may have information concerning the patent-in-suit, the description of the alleged invention claimed therein, the prior art, the patent application, the alleged inventorship, validity, enforceability, and/or infringement thereof, corresponding foreign patents and patent applications, related U.S. and foreign proceedings, and other pertinent information.

Employees, officers, or directors (present and former) of LG. Philips LCD., Ltd. and Honeywell, Inc. may have information concerning the patents-in-suit, their validity, enforceability and infringement thereof, the prior art, prior conception of the subject matter claimed in the patents-in-suit, and other relevant information concerning the subject matter disclosed in the patents-in-suit.

### II.    DOCUMENTS, DATA COMPILATIONS AND TANGIBLE THINGS

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(B), ViewSonic hereby describes the categories of documents, data compilations and/or tangible things that ViewSonic may use to support its claims or defenses that are in the possession, custody or control of ViewSonic. ViewSonic reserves the right to supplement the following disclosure after further discovery and investigation.

Moreover, ViewSonic does not waive any objection or any claim of privilege, whether expressly asserted or not, by producing any document.  The inadvertent identification or

production of a document shall not constitute a waiver of any attorney-client privilege or work product doctrine as to that document or any other document. ViewSonic expressly reserves the right to object to the introduction at trial or any other use of any privileged document that may be inadvertently produced.

     1.     Documents concerning the manufacturing and/or product specifications for ViewSonic LCD products incorporating CPT LCD panels or modules accused in the complaint.

     2.     Documents describing sales figures, costs and expenses for ViewSonic LCD products accused in the complaint.

     3.     Documents concerning the marketing of ViewSonic LCD products accused in the complaint.

     4.     Documents concerning prior art patents, publications or other prior uses of the technology described in the patents-in-suit.

     5.     Documents concerning all ViewSonic Suppliers and OEM agreements regarding ViewSonic LCD products accused in the complaint.

## III.     COMPUTATION OF DAMAGES INCURRED BY VIEWSONIC

     Pursuant to Federal Rule of Civil Procedure 26(a)(1)(C), ViewSonic seeks payment of costs, attorney's fees, and expenses incurred in connection with the defense of this litigation under 35 U.S.C. § 285. All required documents necessary in computation of such costs, fees, and expenses are not available as of this date, but will be produced at the appropriate stage of this litigation, at which time ViewSonic will make available for inspection the documents or other evidentiary material, non-privileged or protected from disclosure, on which a computation of damages will be based.

## IV.     INSURANCE AGREEMENTS

     ViewSonic does not carry insurance for IP infringement claims. We rely solely upon the indemnity provisions in the OEM Agreements.

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(D), ViewSonic will make available for inspection and copying any insurance agreement under which any person on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment. This production shall commence after entry by the Court of a Protective Order in the case.

Respectfully submitted,

Dated: December 16, 2005

*Christine A. Dudzik*

Christine A. Dudzik
Thomas W. Jenkins
Howrey LLP
321 North Clark Street, Suite 3400
Chicago, Illinois 60610
(312) 595-1239

Teresa M. Corbin
Glenn W. Rhodes
Howrey LLP
525 Market Street, Suite 3600
San Francisco, CA 94105
415.848.4900

Attorneys for Defendants/Counterclaimants
Chunghwa Picture Tubes, Ltd.; Tatung
Company; Tatung Company of America,
Inc.; and ViewSonic Corporation.

LOCAL COUNSEL:
Robert W. Whetzel (#2288)
whetzel@rlf.com
Matthew W. King (#4566)
king@rlf.com
Richards, Layton & Finger
One Rodney Square, P.O. Box 551
Wilmington, DE 19899
(302) 651-7700

## CERTIFICATE OF SERVICE

I hereby certify that copies of the foregoing INITIAL DISCLOSURES OF DEFENDANT VIEWSONIC CORPORATION were served via email and U.S. first class mail this 16th day of December, 2005 upon each of the parties listed below:

Richard D. Kirk
The Bayard Firm
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899-5130
Facsimile: (302) 658-6395

Gaspare J. Bono
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006
Facsimile: (202) 496-7756

_____
Christine A. Dudzik