EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| LG. PHILIPS LCD CO., LTD., | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| TATUNG COMPANY, TATUNG COMPANY OF AMERICA, INC., CHUNGHWA PICTURE TUBES, LTD., AND VIEWSONIC CORPORATION, | ) ) ) ) ) ) |
| Defendants. |  |

C.A. No. 05-292 (JJF)

**DEMAND FOR JURY TRIAL**

**SUPPLEMENTAL INITIAL DISCLOSURES FOR DEFENDANT TATUNG COMPANY**

Pursuant to Federal Rule of Civil Procedure 26(a)(1), defendant and counterclaimant Tatung Company ("Tatung") hereby provides its supplemental initial disclosure of information to plaintiff LG. Philips LCD Co., Ltd. ("LGL").

Tatung bases this supplemental initial disclosure on its current knowledge, understanding and belief as to the facts and information available as of the date of this supplemental initial disclosure. Tatung has not completed its investigation of the facts in this case. Additional discovery and investigation may require Tatung to supplement or modify this supplemental initial disclosure. Pursuant to Federal Rule of Civil Procedure 26(e), Tatung reserves the right to modify or supplement the information produced in this supplemental initial disclosure. Tatung further reserves the right to use and introduce such supplemental information or subsequently produced documents at the trial of this action.

- 2 -

## I.  INDIVIDUALS LIKELY TO HAVE DISCOVERABLE INFORMATION

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A), Tatung hereby discloses the individuals likely to have discoverable information that Tatung may use to support its claims or defenses.  Tatung reserves the right to supplement the following list after further discovery and investigation.  Tatung in no manner waives any privilege under state or federal law by disclosing any of the names below.

**A.  Information relating to the identity of Tatung LCD monitors or products accused in the complaint**

Shih Yi-kuang
Tatung Company
22, Chungshan N. Rd., 3rd Sec.
Taipei, Taiwan, 104, R.O.C.

**B.  Information relating to Tatung's specifications approved for use to manufacture Tatung LCD monitors or products incorporating CPT LCD displays or panels since 1999.**

Yang San-chi
Tatung Company
22, Chungshan N. Rd., 3rd Sec.
Taipei, Taiwan, 104, R.O.C.

Liu Tsyr-huey
Tatung Company
22, Chungshan N. Rd., 3rd Sec.
Taipei, Taiwan, 104, R.O.C.

Yang Hsi-ling
Tatung Company
22, Chungshan N. Rd., 3rd Sec.
Taipei, Taiwan, 104, R.O.C.

**C.  Information relating to Tatung's marketing of LCD monitors or products sold or imported into the United States since 1999.**

Shih Yi-kuang
Tatung Company
22, Chungshan N. Rd., 3rd Sec.
Taipei, Taiwan, 104, R.O.C.

D.    **Information relating to CPT's LCD technology and products accused in the complaint as it relates to Electrostatic Discharge ("ESD") guard rings used in Tatung's LCD products**

1.    Zhu Hong-ren
Chunghwa Picture Tubes Ltd.
1127 Hopin Road
Padeh City, Taoyuan
Taiwan 334, R.O.C.

2.    He Chien-Kuo
Chunghwa Picture Tubes Ltd.
1127 Hopin Road
Padeh City, Taoyuan
Taiwan 334, R.O.C.

3.    Shen Hui-zhong
Chunghwa Picture Tubes Ltd.
1127 Hopin Road
Padeh City, Taoyuan
Taiwan 334, R.O.C.

4.    Liu Wen-Xiong
Chunghwa Picture Tubes Ltd.
1127 Hopin Road
Padeh City, Taoyuan
Taiwan 334, R.O.C.

5.    Liu Mong-qi
Chunghwa Picture Tubes Ltd.
1127 Hopin Road
Padeh City, Taoyuan
Taiwan 334, R.O.C.

6.    Chen Liang-Dao
Chunghwa Picture Tubes Ltd.
1127 Hopin Road
Padeh City, Taoyuan
Taiwan 334, R.O.C.

7.    Yang Shih-Zong
Chunghwa Picture Tubes Ltd.
1127 Hopin Road
Padeh City, Taoyuan

Taiwan 334, R.O.C.

8. Chen Guang-Lang
Chunghwa Picture Tubes Ltd.
1127 Hopin Road
Padeh City, Taoyuan
Taiwan 334, R.O.C.

9. Jhong Siang-Guei
Chunghwa Picture Tubes Ltd.
1127 Hopin Road
Padeh City, Taoyuan
Taiwan 334, R.O.C.

**E.    Inventors and employees and personnel of plaintiff, LG.
Philips Co., Ltd.**

Inventors of the patent-in-suit and employees and personnel of plaintiff will have
discoverable information relating to LGL's patent infringement claims and defendant's
counterclaims as well as damages.

**F.    Employees and personnel of defendant, Chunghwa Picture
Tubes, Inc.**

Employees and personnel of defendant, Chunghwa Picture Tubes, Inc. will have
discoverable information relating to LGL's patent infringement claims against Tatung and
defendant's counterclaims as well as damages.

**G.    Employees and personnel of defendants Tatung Co. of America**

Upon information and belief, employees and personnel of defendants Tatung Co.
of America will have discoverable information relating to the use, offer for sale, sale and/or
importation of Tatung products incorporating CPT's LCD technology and products accused in
the complaint.

**H.    Employees and personnel of Quanta Computer, Inc.**

Employees and personnel of Quanta Computer, Inc., No. 188, Wen Hwa 2nd Rd.,
Kuei Shan Shien, Taiwan, R.O.C., may have discoverable information relating to Tatung LCD

products accused in the complaint, LPL's patent infringement claims and defendant's counterclaims.

### I.    Employees and personnel of other companies with prior art

Employees and personnel of the following companies may have discoverable information relating to the validity and enforceability of the patent-in-suit, LGL's patent infringement claims and Tatung's counterclaims. Discovery is ongoing, and Tatung reserves the right to further supplement this list as additional parties with prior art become known to Tatung as a result of discovery.

1.    Honeywell International Inc.
      101 Columbia Rd.
      Morristown, NJ 07962
      (973) 455-2000

### J.    The Patents In Suit

The individual applicants named as inventors in the patent-in-suit, the attorneys and/or agents who prosecuted the patent-in-suit may have information concerning the patent-in-suit, the description of the alleged invention claimed therein, the prior art, the patent application, the alleged inventorship, validity, enforceability, and/or infringement thereof, corresponding foreign patents and patent applications, related U.S. and foreign proceedings, and other pertinent information.

Employees, officers, or directors (present and former) of LG. Philips LCD., Ltd. and Honeywell, Inc. may have information concerning the patent-in-suit, their validity, enforceability and infringement thereof, the prior art, prior conception of the subject matter claimed in the patent-in-suit, and other relevant information concerning the subject matter disclosed in the patent-in-suit as well as damages.

## II.    DOCUMENTS, DATA COMPILATIONS AND TANGIBLE THINGS

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(B), Tatung hereby describes the categories of documents, data compilations and/or tangible things that Tatung may use to support its claims or defenses that are in the possession, custody or control of Tatung. Tatung reserves the right to supplement the following disclosure after further discovery and investigation.

Moreover, Tatung does not waive any objection or any claim of privilege, whether expressly asserted or not, by producing any document. The inadvertent identification or production of a document shall not constitute a waiver of any attorney-client privilege or work product doctrine as to that document or any other document. Tatung expressly reserves the right to object to the introduction at trial or any other use of any privileged document that may be inadvertently produced.

1.    Documents concerning the manufacturing and/or product specifications for Tatung LCD products incorporating CPT LCD panels or modules accused in the complaint.

2.    Documents describing sales figures, costs and expenses for Tatung LCD products accused in the complaint.

3.    Documents concerning the marketing of Tatung LCD products accused in the complaint.

4.    Documents concerning prior art patents, publications or other prior uses of the technology described in the patent-in-suit.

5.    Documents concerning all Tatung Suppliers, distributors, and OEM agreements regarding Tatung LCD products accused in the complaint.

## III.    COMPUTATION OF DAMAGES INCURRED BY TATUNG

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(C), Tatung seeks payment of costs, attorney's fees, and expenses incurred in connection with the defense of this litigation under 35 U.S.C. § 285. All required documents necessary in computation of such costs, fees, and expenses are not available as of this date, but will be produced at the appropriate stage of this

litigation, at which time Tatung will make available for inspection the documents or other evidentiary material, non-privileged or protected from disclosure, on which a computation of damages will be based.

## IV.    INSURANCE AGREEMENTS

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(D), Tatung does not believe that it has any insurance agreement under which any person on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action.

Respectfully submitted,

Dated: May 9, 2006

Christine A. Dudzik
Steven Yovits
Thomas W. Jenkins
Howrey LLP
321 North Clark Street, Suite 3400
Chicago, Illinois 60610
(312) 595-1239

Teresa M. Corbin
Glenn W. Rhodes
Howrey LLP
525 Market Street, Suite 3600
San Francisco, CA  94105
415.848.4900

Attorneys for Defendants/Counterclaimants
Chunghwa Picture Tubes, Ltd.; Tatung
Company; Tatung Company of America,

- 8 -

Inc.; and Viewsonic Corporation.

LOCAL COUNSEL:

Robert W. Whetzel (#2288)
whetzel@rlf.com
Matthew W. King (#4566)
king@rlf.com
Richards, Layton & Finger
One Rodney Square, P.O. Box 551
Wilmington, DE  19899
(302) 651-7700

## CERTIFICATE OF SERVICE

I hereby certify that copies of the foregoing SUPPLEMENTAL INITIAL

DISCLOSURES OF DEFENDANT TATUNG COMPANY were served via email and U.S. first

class mail this 9th day of May, 6 upon each of the parties listed below:

Richard D. Kirk
The Bayard Firm
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899-5130
Facsimile: (302) 658-6395

Gaspare J. Bono
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006
Facsimile: (202) 496-7756

_____
Steven Yovits

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG. PHILIPS LCD CO., LTD., | ) ) ) ) C.A. No. 05-292 (JJF) |
| Plaintiff, | ) ) **DEMAND FOR JURY TRIAL** |
| v. | ) ) **SUPPLEMENTAL INITIAL** |
| TATUNG COMPANY, | ) **DISCLOSURES FOR** ) **DEFENDANT TATUNG** ) **COMPANY OF AMERICA** |
| TATUNG COMPANY OF AMERICA, INC., CHUNGHWA PICTURE TUBES, LTD., AND VIEWSONIC CORPORATION, | ) ) ) |
| Defendants. | |

Pursuant to Federal Rule of Civil Procedure 26(a)(1), defendant and counterclaimant Tatung Company of America ("Tatung USA") hereby provides its supplemental initial disclosure of information to plaintiff LG. Philips LCD Co., Ltd. ("LPL").

Tatung USA bases this supplemental initial disclosure on its current knowledge, understanding and belief as to the facts and information available as of the date of this supplemental initial disclosure. Tatung USA has not completed its investigation of the facts in this case. Additional discovery and investigation may require Tatung USA to supplement or modify this supplemental initial disclosure. Pursuant to Federal Rule of Civil Procedure 26(e), Tatung USA reserves the right to modify or supplement the information produced in this supplemental initial disclosure. Tatung USA further reserves the right to use and introduce such supplemental information or subsequently produced documents at the trial of this action.

## I.     INDIVIDUALS LIKELY TO HAVE DISCOVERABLE INFORMATION

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A), Tatung USA hereby discloses the individuals likely to have discoverable information that Tatung USA may use to support its

DM_US\8344144.v1

claims or defenses. Tatung USA reserves the right to supplement the following list after further discovery and investigation. Tatung USA in no manner waives any privilege under state or federal law by disclosing any of the names below.

    **A.**      **Information Relating to Tatung USA LCD monitors or products accused in the complaint regarding the '002 patent.**

> Mike Lee
> Tatung Company of America
> 2850 El Presidio Street
> Long Beach, California 90810

    **B.**      **Information relating to CPT's LCD technology and products accused in the complaint as it relates to Electrostatic Discharge ("ESD") guard rings used in Tatung's USA LCD products**

> 1.      Zhu Hong-ren
>    Chunghwa Picture Tubes Ltd.
>    1127 Hopin Road
>    Padeh City, Taoyuan
>    Taiwan 334, R.O.C.
>
> 2.      He Chien-Kuo
>    Chunghwa Picture Tubes Ltd.
>    1127 Hopin Road
>    Padeh City, Taoyuan
>    Taiwan 334, R.O.C.
>
> 3.      Shen Hui-zhong
>    Chunghwa Picture Tubes Ltd.
>    1127 Hopin Road
>    Padeh City, Taoyuan
>    Taiwan 334, R.O.C.
>
> 4.      Liu Wen-Xiong
>    Chunghwa Picture Tubes Ltd.
>    1127 Hopin Road
>    Padeh City, Taoyuan
>    Taiwan 334, R.O.C.
>
> 5.      Liu Mong-qi
>    Chunghwa Picture Tubes Ltd.
>    1127 Hopin Road

Padeh City, Taoyuan
Taiwan 334, R.O.C.

6.    Chen Liang-Dao
Chunghwa Picture Tubes Ltd.
1127 Hopin Road
Padeh City, Taoyuan
Taiwan 334, R.O.C.

7.    Yang Shih-Zong
Chunghwa Picture Tubes Ltd.
1127 Hopin Road
Padeh City, Taoyuan
Taiwan 334, R.O.C.

8.    Chen Guang-Lang
Chunghwa Picture Tubes Ltd.
1127 Hopin Road
Padeh City, Taoyuan
Taiwan 334, R.O.C.

9.    Jhong Siang-Guei
Chunghwa Picture Tubes Ltd.
1127 Hopin Road
Padeh City, Taoyuan
Taiwan 334, R.O.C.

**C.    Information relating to the sales, marketing, and/or distribution of Tatung's USA LCD products accused in the complaint**

1.    Robin Tsou
Tatung Company of America, Inc.
2850 El Presidio Street
Long Beach, CA 90810

**D.    Inventors and Employees and personnel of plaintiff, LG. Philips Co., Ltd.**

Inventors of the patent-in-suit and employees and personnel of plaintiff will have discoverable information relating to LPL's patent infringement claims and defendant's counterclaims as well as damages.

- 4 -

###### E.    Employees and personnel of defendants Tatung Company

Upon information and belief, employees and personnel of defendants Tatung Company will have discoverable information relating to the manufacture, use, offer for sale, sale and/or importation of Tatung USA products incorporating CPT's LCD technology and products accused in the complaint.

###### F.    Employees and personnel of Quanta Computer, Inc.

Employees and personnel of Quanta Computer, Inc., No. 188, Wen Hwa 2nd Rd., Kuei Shan Shien, Taiwan, R.O.C., may have discoverable information relating to Tatung USA LCD products accused in the complaint, LPL's patent infringement claims and defendant's counterclaims.

###### G.    Employees and personnel of other companies with prior art

Employees and personnel of the following companies may have discoverable information relating to the validity and enforceability of the patent-in-suit, LPL's patent infringement claims and Tatung USA's counterclaims.  Discovery is ongoing, and Tatung USA reserves the right to further supplement this list as additional parties with prior art become known Tatung USA as a result of discovery.

1.    Honeywell International Inc.
      101 Columbia Rd.
      Morristown, NJ 07962
      (973) 455-2000

###### H.    Employees and personnel of CPT

Employees and personnel of CPT will have discoverable information relating to the LCD panels incorporated into Tatung products regarding the patent-in-suit and sold by Tatung USA.

- 5 -

## I.    The Patents In Suit

The individual applicants named as inventors in the patent-in-suit, the attorneys and/or agents who prosecuted the patent-in-suit may have information concerning the patent-in-suit, the description of the alleged invention claimed therein, the prior art, the patent application, the alleged inventorship, validity, enforceability, and/or infringement thereof, corresponding foreign patents and patent applications, related U.S. and foreign proceedings, and other pertinent information.

Employees, officers, or directors (present and former) of LG. Philips LCD., Ltd. and Honeywell, Inc. may have information concerning the patent-in-suit, their validity, enforceability and infringement thereof, the prior art, prior conception of the subject matter claimed in the patent-in-suit, and other relevant information concerning the subject matter disclosed in the patent-in-suit as well as damages.

## II.    DOCUMENTS, DATA COMPILATIONS AND TANGIBLE THINGS

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(B), Tatung USA hereby describes the categories of documents, data compilations and/or tangible things that Tatung USA may use to support its claims or defenses that are in the possession, custody or control of Tatung USA. Tatung USA reserves the right to supplement the following disclosure after further discovery and investigation.

Moreover, Tatung USA does not waive any objection or any claim of privilege, whether expressly asserted or not, by producing any document.  The inadvertent identification or production of a document shall not constitute a waiver of any attorney-client privilege or work product doctrine as to that document or any other document.  Tatung USA expressly reserves the right to object to the introduction at trial or any other use of any privileged document that may be inadvertently produced.

1.    Documents concerning the identification of Tatung USA LCD products incorporating CPT LCD panels or modules accused in the complaint.

2.      Documents describing sales figures, costs and expenses for Tatung USA LCD products accused in the complaint.

3.      Documents concerning the marketing of Tatung USA LCD products accused in the complaint.

4.      Documents concerning prior art patents, publications or other prior uses of the technology described in the patent-in-suit.

5.      Documents concerning Tatung USA customers and distributors regarding Tatung USA LCD products accused in the complaint.

## III.      COMPUTATION OF DAMAGES INCURRED BY TATUNG USA

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(C), Tatung USA seeks payment of costs, attorney's fees, and expenses incurred in connection with the defense of this litigation under 35 U.S.C. § 285.  All required documents necessary in computation of such costs, fees, and expenses are not available as of this date, but will be produced at the appropriate stage of this litigation, at which time Tatung USA will make available for inspection the documents or other evidentiary material, non-privileged or protected from disclosure, on which a computation of damages will be based.

## IV.      INSURANCE AGREEMENTS

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(D), Tatung USA does not believe that they have any insurance agreement under which any person on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action.

Respectfully submitted,

Dated: May 9, 2006

_____
Christine A. Dudzik
Steven Yovits
Thomas W. Jenkins
Howrey LLP
321 North Clark Street, Suite 3400
Chicago, Illinois 60610
(312) 595-1239

Teresa M. Corbin
Glenn W. Rhodes
Howrey LLP
525 Market Street, Suite 3600
San Francisco, CA  94105
415.848.4900

Attorneys for Defendants/Counterclaimants
Chunghwa Picture Tubes, Ltd.; Tatung
Company; Tatung Company of America,
Inc.; and Viewsonic Corporation.

LOCAL COUNSEL:

Robert W. Whetzel (#2288)
whetzel@rlf.com
Matthew W. King (#4566)
king@rlf.com
Richards, Layton & Finger
One Rodney Square, P.O. Box 551
Wilmington, DE  19899
(302) 651-7700

DM_US\8344144.v1

## CERTIFICATE OF SERVICE

I hereby certify that copies of the foregoing SUPPLEMENTAL INITIAL

DISCLOSURES OF DEFENDANT TATUNG COMPANY OF AMERICA were served via

email and U.S. first class mail this 9th day of May, 20066 upon each of the parties listed below:

Richard D. Kirk
The Bayard Firm
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899-5130
Facsimile: (302) 658-6395

Cass W. Christenson
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006
Facsimile: (202) 496-7756

_____
Steven Yovits

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG. PHILIPS LCD CO., LTD., | ) |
| | ) C.A. No. 05-292 (JJF) |
| Plaintiff, | ) |
| | ) **DEMAND FOR JURY TRIAL** |
| v. | ) |
| | ) **SUPPLEMENTAL INITIAL** |
| TATUNG COMPANY, | ) **DISCLOSURES FOR** |
| TATUNG COMPANY OF AMERICA, INC., | ) **DEFENDANT CHUNGHWA** |
| CHUNGHWA PICTURE TUBES, LTD., | ) **PICTURE TUBES, LTD.** |
| AND VIEWSONIC CORPORATION, | ) |
| | ) |
| Defendants. | ) |

Pursuant to Federal Rule of Civil Procedure 26(a)(1), defendant and counterclaimant Chunghwa Picture Tubes, Ltd. ("CPT") hereby provides its Supplemental Initial Disclosures to plaintiff LG. Philips LCD Co., Ltd. ("LPL").

CPT bases these Supplemental Initial Disclosures on its current knowledge, understanding and belief as to the facts and information available as of the date of this disclosure. CPT has not completed its investigation of the facts in this case. Additional discovery and investigation may require CPT to further supplement or modify this disclosure. Pursuant to Federal Rule of Civil Procedure 26(e), CPT reserves the right to further modify or supplement the information produced in this disclosure. CPT further reserves the right to use and introduce such supplemental information or subsequently produced documents at the trial of this action.

## I.   INDIVIDUALS LIKELY TO HAVE DISCOVERABLE INFORMATION

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A), CPT hereby discloses the individuals likely to have discoverable information that CPT may use to support its claims or defenses. CPT reserves the right to supplement the following list after further discovery and

- 2 -

investigation. CPT in no manner waives any privilege under state or federal law by disclosing any of the names below.

**A.    Information relating to CPT's LCD technology and products accused in the complaint as it relates to Electrostatic Discharge ("ESD") guard rings used in CPT LCD displays**

1.    Zhu Hong-ren
Chunghwa Picture Tubes Ltd.
1127 Hopin Road
Padeh City, Taoyuan
Taiwan 334, R.O.C.

2.    He Chien-Kuo
Chunghwa Picture Tubes Ltd.
1127 Hopin Road
Padeh City, Taoyuan
Taiwan 334, R.O.C.

3.    Shen Hui-zhong
Chunghwa Picture Tubes Ltd.
1127 Hopin Road
Padeh City, Taoyuan
Taiwan 334, R.O.C.

4.    Liu Wen-Xiong
Chunghwa Picture Tubes Ltd.
1127 Hopin Road
Padeh City, Taoyuan
Taiwan 334, R.O.C.

5.    Liu Mong-qi
Chunghwa Picture Tubes Ltd.
1127 Hopin Road
Padeh City, Taoyuan
Taiwan 334, R.O.C.

6.    Chen Liang-Dao
Chunghwa Picture Tubes Ltd.
1127 Hopin Road
Padeh City, Taoyuan
Taiwan 334, R.O.C.

7.    Yang Shih-Zong
Chunghwa Picture Tubes Ltd.
1127 Hopin Road
Padeh City, Taoyuan

Taiwan 334, R.O.C.

8.  Chen Guang-Lang
    Chunghwa Picture Tubes Ltd.
    1127 Hopin Road
    Padeh City, Taoyuan
    Taiwan 334, R.O.C.

9.  Jhong Siang-Guei
    Chunghwa Picture Tubes Ltd.
    1127 Hopin Road
    Padeh City, Taoyuan
    Taiwan 334, R.O.C.


**B.    Information relating to the sales, marketing, and/or distribution of CPT's LCD products accused in the complaint**

Kuan Chien-Ming
Chunghwa Picture Tubes Ltd.
1127 Hopin Road
Padeh City, Taoyuan
Taiwan 334, R.O.C.


**C.    Information relating to CPT's first learning of the patent-in-suit and any action taken at that time**

Pei-chen Chang
Chunghwa Picture Tubes Ltd.
1127 Hopin Road
Padeh City, Taoyuan
Taiwan 334, R.O.C.


Hsiang-Kuei Chung
Chunghwa Picture Tubes Ltd.
1127 Hopin Road
Padeh City, Taoyuan
Taiwan 334, R.O.C.

### D.    Inventors and employees and personnel of plaintiff, LG. Philips Co., Ltd.

The inventors of the patent-in-suit and employees and personnel of plaintiff will have discoverable information relating to LPL's patent infringement claims and CPT's counterclaims as well as damages.

### E.    Employees and personnel of defendants Tatung Co. of America and Tatung Company

Employees and personnel of defendants Tatung Co. of America and Tatung Company will have discoverable information relating to the manufacture, use, offer for sale, sale and/or importation of their products incorporating CPT's LCD technology and products accused in the complaint.

### F.    Employees and personnel of Quanta Computer, Inc.

Employees and personnel of Quanta Computer, Inc., No. 188, Wen Hwa 2nd Rd., Kuei Shan Hsiang, Tao Yuan Shien, Taiwan, R.O.C., may have discoverable information relating to CPT LCD panels or modules accused in the complaint, and LPL's patent infringement claims and defendant's counterclaims.

### G.    Employees and personnel of other companies with prior art

Employees and personnel of the following companies may have discoverable information relating to the validity and enforceability of the patents-in-suit, LPL's patent infringement claims and CPT's counterclaims. Discovery is ongoing and CPT reserves the right to further supplement this list as additional parties with prior art become known to CPT as a result of discovery:

1. Honeywell International Inc.
   101 Columbia Road
   Morristown, NJ 07962
   (973) 455-2000

- 5 -

**H.    Employees and personnel of Viewsonic Corporation**
381 Brea Canyon Road
Walnut, CA

Employees and personnel of Viewsonic Corporation may have discoverable information relating to the sales and marketing of Viewsonic products incorporating CPT LCD technology regarding the patent-in-suit in the United States.

**I.    The Patent In Suit**

The inventor of the patent-in-suit and the attorneys and/or agents who prosecuted the patent-in-suit may have information concerning the patent-in-suit, the description of the alleged invention claimed therein, the prior art, the patent application, the alleged inventorship, validity, enforceability, and/or infringement thereof, corresponding foreign patents and patent applications, related U.S. and foreign proceedings, and other pertinent information.

Employees, officers, or directors (present and former) of LPL and Honeywell, Inc. may have information concerning the patent-in-suit, its validity, enforceability and infringement thereof, the prior art, prior conception of the subject matter claimed in the patent-in-suit, and other relevant information concerning the subject matter disclosed in the patent-in-suit as well as damages.

**II.    DOCUMENTS, DATA COMPILATIONS AND TANGIBLE THINGS**

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(B), CPT hereby describes the categories of documents, data compilations and/or tangible things that CPT may use to support its claims or defenses that are in the possession, custody or control of CPT. CPT reserves the right to supplement the following disclosure after further discovery and investigation.

Moreover, CPT does not waive any objection or any claim of privilege, whether expressly asserted or not, by producing any document. The inadvertent identification or production of a document shall not constitute a waiver of any attorney-client privilege or work product doctrine as to that document or any other document. CPT expressly reserves the right to

object to the introduction at trial or any other use of any privileged document that may be inadvertently produced.

1.      Documents concerning the research, design, development and manufacturing of the CPT LCD panels or modules accused in the complaint.

2.      Documents concerning sales figures, costs, and expenses for CPT's LCD panels or modules accused in the complaint.

3.      Documents concerning the marketing of CPT LCD panels or modules accused in the complaint.

4.      Documents concerning CPT's customers and distributors of its LCD panels or modules accused in the complaint.

5.      Documents concerning CPT suppliers of parts used in its LCD panels or modules accused in the complaint.

6.      Documents concerning prior art patents, publications or other prior uses of the technology described in the patent-in-suit.

7.      Documents concerning LCD panels or modules or components thereof that embody some or all of the elements of the claims of the patent-in-suit produced by LPL or LG Corp. (or its subsidiaries and affiliates, including, but not limited to LG Electronics).

**III.      COMPUTATION OF DAMAGES INCURRED BY CPT**

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(C), CPT seeks payment of costs, attorney's fees, and expenses (including consultant and expert fees as well as other expenses) incurred in connection with the defense of this litigation under 35 U.S.C. § 285.  All required documents necessary in computation of such costs, fees, and expenses are not available as of this date, but will be produced at the appropriate stage of this litigation, at which time CPT will make available for inspection the documents or other evidentiary material, non-privileged or protected from disclosure, on which a computation of damages will be based.

## IV.    INSURANCE AGREEMENTS

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(D), CPT is presently unaware of any insurance policy that would be applicable to this suit under which any person on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action.

Respectfully submitted,

Dated: May 9, 2006

Christine A. Dudzik
Thomas W. Jenkins
Steven Yovits
Howrey LLP
321 North Clark Street, Suite 3400
Chicago, Illinois 60610
(312) 595-1239

Teresa M. Corbin
Glenn W. Rhodes
Howrey LLP
525 Market Street, Suite 3600
San Francisco, CA  94105
415.848.4900

Attorneys for Defendants/Counterclaimants
Chunghwa Picture Tubes, Ltd.; Tatung
Company; Tatung Company of America,
Inc.; and Viewsonic Corporation.

LOCAL COUNSEL:

Robert W. Whetzel (#2288)
whetzel@rlf.com
Matthew W. King (#4566)
king@rlf.com
Richards, Layton & Finger
One Rodney Square, P.O. Box 551
Wilmington, DE  19899
(302) 651-7700

## CERTIFICATE OF SERVICE

I hereby certify that copies of the foregoing SUPPLEMENTAL INITIAL

DISCLOSURES OF DEFENDANT CHUNGHWA PICTURE TUBES, LTD. were served via

email and U.S. first class mail this 9th day of May, 2006 upon each of the parties listed below:

Richard D. Kirk
The Bayard Firm
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899-5130
Facsimile: (302) 658-6395

Cass W. Christenson
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006
Facsimile: (202) 496-7756

Steven Yovits

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| LG. PHILIPS LCD CO., LTD., | ) ) ) ) | C.A. No. 05-292 (JJF) |
| Plaintiff, | ) ) ) | **DEMAND FOR JURY TRIAL** |
| v. | ) ) ) | **SUPPLEMENTAL INITIAL DISCLOSURES FOR DEFENDANT VIEWSONIC** |
| TATUNG COMPANY, TATUNG COMPANY OF AMERICA, INC., CHUNGHWA PICTURE TUBES, LTD., AND VIEWSONIC CORPORATION, | ) ) ) ) ) | **CORPORATION** |
| Defendants. | | |

Pursuant to Federal Rule of Civil Procedure 26(a)(1), defendant and counterclaimant ViewSonic Corporation ("ViewSonic") hereby provides its supplemental initial disclosure of information to plaintiff and counter-defendant LG. Philips LCD Co., Ltd. ("LGL").

ViewSonic bases this supplemental initial disclosure on its current knowledge, understanding and belief as to the facts and information available as of the date of this supplemental initial disclosure. ViewSonic has not completed its investigation of the facts in this case. Additional discovery and investigation may require ViewSonic to supplement or modify this supplemental initial disclosure. Pursuant to Federal Rule of Civil Procedure 26(e), ViewSonic reserves the right to modify or supplement the information produced in this supplemental initial disclosure. ViewSonic further reserves the right to use and introduce such supplemental information or subsequently produced documents at the trial of this action.

## I.    INDIVIDUALS LIKELY TO HAVE DISCOVERABLE INFORMATION

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A), ViewSonic hereby discloses the individuals likely to have discoverable information that ViewSonic may use to support its claims

or defenses. ViewSonic reserves the right to supplement the following list after further

discovery and investigation. ViewSonic in no manner waives any privilege under state or federal

law by disclosing any of the names below.

**A.    Information relating to CPT's LCD technology and products accused in the complaint as it relates to Electrostatic Discharge ("ESD") guard rings used in ViewSonic LCD products**

1.    Zhu Hong-ren
      Chunghwa Picture Tubes Ltd.
      1127 Hopin Road
      Padeh City, Taoyuan
      Taiwan 334, R.O.C.

2.    He Chien-Kuo
      Chunghwa Picture Tubes Ltd.
      1127 Hopin Road
      Padeh City, Taoyuan
      Taiwan 334, R.O.C.

3.    Shen Hui-zhong
      Chunghwa Picture Tubes Ltd.
      1127 Hopin Road
      Padeh City, Taoyuan
      Taiwan 334, R.O.C.

4.    Liu Wen-Xiong
      Chunghwa Picture Tubes Ltd.
      1127 Hopin Road
      Padeh City, Taoyuan
      Taiwan 334, R.O.C.

5.    Liu Mong-qi
      Chunghwa Picture Tubes Ltd.
      1127 Hopin Road
      Padeh City, Taoyuan
      Taiwan 334, R.O.C.

6.    Chen Liang-Dao
      Chunghwa Picture Tubes Ltd.
      1127 Hopin Road
      Padeh City, Taoyuan
      Taiwan 334, R.O.C.

7.    Yang Shih-Zong

- 3 -

Chunghwa Picture Tubes Ltd.
1127 Hopin Road
Padeh City, Taoyuan
Taiwan 334, R.O.C.

8.    Chen Guang-Lang
Chunghwa Picture Tubes Ltd.
1127 Hopin Road
Padeh City, Taoyuan
Taiwan 334, R.O.C.

9.    Jhong Siang-Guei
Chunghwa Picture Tubes Ltd.
1127 Hopin Road
Padeh City, Taoyuan
Taiwan 334, R.O.C.

B.    **Information relating to the sales, marketing, and/or distribution of ViewSonic LCD products accused in the complaint**

1.    Jeff Volpe
ViewSonic Corporation
381 Brea Canyon Road
Walnut, CA 91789

2.    Sally Wang
ViewSonic Corporation
381 Brea Canyon Road
Walnut, CA 91789

C.    **Information relating to the identity and specifications approved for use to manufacture ViewSonic LCD monitors or products accused in the complaint**

1.    Mike Zapka
ViewSonic International
Taipei, Taiwan

2.    David Lee
ViewSonic International
Taipei, Taiwan

D.    **All OEM Agreements between ViewSonic and others regarding its LCD monitors incorporating CPT LCD panels since 1999.**

    1.    Bonny Cheng
        ViewSonic Corporation
        381 Brea Canyon Road
        Walnut, CA 91789

    2.    Rose Yang
        ViewSonic Corporation
        381 Brea Canyon Road
        Walnut, CA 91789

    3.    Bonnie Uphold, Esq.
        ViewSonic Corporation
        381 Brea Canyon Road
        Walnut, CA 91789

E.    **Inventors and employees and personnel of plaintiff, LG. Philips Co., Ltd.**

Inventors of the patent-in-suit and employees and personnel of plaintiff will have discoverable information relating to LGL's patent infringement claims and defendant's counterclaims as well as damages.

F.    **Employees and personnel of defendants Tatung Co. of America and Tatung Company**

Upon information and belief, employees and personnel of defendants Tatung Co. of America and Tatung Company will have discoverable information relating to the manufacture, use, offer for sale, sale and/or importation of their products incorporating CPT's LCD technology and products accused in the complaint.

G.    **Employees and personnel of ViewSonic's Original Equipment Manufactures for its LCD products incorporating CPT LCD panels**

Employees and personnel of the following may have discoverable information relating to ViewSonic LCD products accused in the complaint:

    1.    Quanta Computer, Inc., now called Techview,

- 5 -

No. 188, Wen Hwa 2nd Rd.
Kuei Shan Shien, Taiwan, R.O.C.

2.    Amtran
17F, No 268, Lien Chen Road,
Chung Ho City, Taipei County
Taiwan, 235 R.O.C.

3.    AOC
8F, No. 738, Chung Cheng Rd.
Chung Ho, Taipei, Taiwan

4.    Jean Company
6F, 2, Rei Kuang Road
Nei Hu, Taipei, Taiwan, R.O.C.

5.    Tatung Corporation
22, Chungshan N. Rd., 3rd Sec.
Taipei, Taiwan

**H.    Employees and personnel of other companies with prior art**

Employees and personnel of the following companies may have discoverable information relating to the validity and enforceability of the patent-in-suit, LGL's patent infringement claims and CPT's counterclaims.  Discovery is ongoing, and ViewSonic reserves the right to further supplement this list as additional parties with prior art become known to ViewSonic as a result of discovery.

1.    Honeywell International Inc.
101 Columbia Rd.
Morristown, NJ 07962
(973) 455-2000

**I.    Employees and personnel of CPT**

Employees and personnel of CPT will have discoverable information relating to the LCD panels incorporated into ViewSonic products regarding the patent-in-suit.

The individual applicants named as inventors in the patent-in-suit, the attorneys and/or agents who prosecuted the patent-in-suit may have information concerning the patent-in-suit, the description of the alleged invention claimed therein, the prior art, the patent application,

- 6 -

the alleged inventorship, validity, enforceability, and/or infringement thereof, corresponding
foreign patents and patent applications, related U.S. and foreign proceedings, and other pertinent
information.

       Employees, officers, or directors (present and former) of LG. Philips LCD., Ltd.
and Honeywell, Inc. may have information concerning the patent-in-suit, their validity,
enforceability and infringement thereof, the prior art, prior conception of the subject matter
claimed in the patent-in-suit, and other relevant information concerning the subject matter
disclosed in the patent-in-suit as well as damages.

## II.    DOCUMENTS, DATA COMPILATIONS AND TANGIBLE THINGS

       Pursuant to Federal Rule of Civil Procedure 26(a)(1)(B), ViewSonic hereby describes the
categories of documents, data compilations and/or tangible things that ViewSonic may use to
support its claims or defenses that are in the possession, custody or control of ViewSonic.
ViewSonic reserves the right to supplement the following disclosure after further discovery and
investigation.

       Moreover, ViewSonic does not waive any objection or any claim of privilege, whether
expressly asserted or not, by producing any document.  The inadvertent identification or
production of a document shall not constitute a waiver of any attorney-client privilege or work
product doctrine as to that document or any other document.  ViewSonic expressly reserves the
right to object to the introduction at trial or any other use of any privileged document that may be
inadvertently produced.

     1.    Documents concerning the manufacturing and/or product specifications for
ViewSonic LCD products incorporating CPT LCD panels or modules accused in the complaint.

     2.    Documents describing sales figures, costs and expenses for ViewSonic LCD
products accused in the complaint.

     3.    Documents concerning the marketing of ViewSonic LCD products accused in the
complaint.

- 7 -

4.    Documents concerning prior art patents, publications or other prior uses of the technology described in the patent-in-suit.

5.    Documents concerning all ViewSonic Suppliers and OEM agreements regarding ViewSonic LCD products accused in the complaint.

## III.    COMPUTATION OF DAMAGES INCURRED BY VIEWSONIC

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(C), ViewSonic seeks payment of costs, attorney's fees, and expenses incurred in connection with the defense of this litigation under 35 U.S.C. § 285. All required documents necessary in computation of such costs, fees, and expenses are not available as of this date, but will be produced at the appropriate stage of this litigation, at which time ViewSonic will make available for inspection the documents or other evidentiary material, non-privileged or protected from disclosure, on which a computation of damages will be based.

## IV.    INSURANCE AGREEMENTS

ViewSonic does not carry insurance for IP infringement claims. We rely solely upon the indemnity provisions in the OEM Agreements.

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(D), ViewSonic will make available for inspection and copying any insurance agreement under which any person on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment. This production shall commence after entry by the Court of a Protective Order in the case.

Respectfully submitted,

- 8 -

Dated: May 9, 2006

Christine A. Dudzik
Steven Yovits
Thomas W. Jenkins
Howrey LLP
321 North Clark Street, Suite 3400
Chicago, Illinois 60610
(312) 595-1239

Teresa M. Corbin
Glenn W. Rhodes
Howrey LLP
525 Market Street, Suite 3600
San Francisco, CA  94105
415.848.4900

Attorneys for Defendants/Counterclaimants
Chunghwa Picture Tubes, Ltd.; Tatung
Company; Tatung Company of America,
Inc.; and ViewSonic Corporation.

LOCAL COUNSEL:
Robert W. Whetzel (#2288)
whetzel@rlf.com
Matthew W. King (#4566)
king@rlf.com
Richards, Layton & Finger
One Rodney Square, P.O. Box 551
Wilmington, DE  19899
(302) 651-7700

## CERTIFICATE OF SERVICE

I hereby certify that copies of the foregoing SUPPLEMENTAL INITIAL

DISCLOSURES OF DEFENDANT VIEWSONIC CORPORATION were served via email and

U.S. first class mail this 9th day of May, 2006 upon each of the parties listed below:

Richard D. Kirk
The Bayard Firm
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899-5130
Facsimile: (302) 658-6395

Gaspare J. Bono
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006
Facsimile: (202) 496-7756

_____
Steven Yovits