IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG. PHILIPS LCD CO., LTD., | ) |
| Plaintiff, | ) ) ) |
| v. | ) C.A. No. 05-292 (JJF) ) |
| TATUNG COMPANY; TATUNG COMPANY OF AMERICA, INC.; CHUNGHWA PICTURE TUBES, LTD.; AND VIEWSONIC CORPORATION, | ) ) REDACTED - PUBLIC VERSION ) ) ) |
| Defendants. | ) ) |

**DEFENDANTS' MOTION IN LIMINE (NO. 8) TO PRECLUDE
LPL FROM ARGUING THAT IT IS ENTITLED TO DAMAGES
FOR SALES OUTSIDE OF THE UNITED STATES**

LPL should be precluded from arguing it is entitled to damages based upon products made, used and/or sold by CPT outside of the United States. LPL should only be allowed to argue that it is entitled to damages based on infringing sales in the United States. Any argument to the contrary defies the basic rule that acts taking place outside the United States are not acts of infringement under U.S. patent law. *See Deepsouth Packing Co. v. Laitram Corp.*, 406 U.S. 518, 527 (1972) ("The statute [35 U.S.C. § 271] makes it clear that it is not an infringement to make or use a patented product outside of the United States. Our patent system makes no claim to extraterritorial effect."); *Standard Havens Prods. v. Gencor Indus.*, 953 F.2d 1360 (Fed. Cir. 1992) (striking damages award based on acts that took place outside the United States).

*Enpat, Inc. v. Microsoft Corp.*, 6 F. Supp. 2d 537, 539-40 (E.D. Va. 1998), is particularly instructive on this issue:

> [W]e find that [the defendant] cannot be required to pay damages for foreign sales which do not violate United

States patent laws. Moreover, while we recognize that the determination of a reasonable royalty envisions a hypothetical license negotiation between the infringer and the patent owner, using the factors delineated in *Georgia-Pacific Corp. v. United States Plywood Corp.*, 318 F.Supp. 1116, 1119-20 (S.D.N.Y. 1970), none of those factors support a conclusion that [the defendant] would pay for the right to engage in foreign sales it already has a legal right to make. Accordingly, we conclude that [the defendant's] foreign sales may not be taken into account in any determination of a reasonable royalty.

LPL's experts, Cobb and Associates, commit a fundamental error in their report, assuming that the royalty base is all sales worldwide, and not just U.S. sales. (See Cobb Report at 23). Consequently, LPL should be precluded from making any reference to damages for sales outside of the United States because this issue is wholly unrelated to any issue that is properly before the Court or the jury. Fed. R. Evid. 402.

OF COUNSEL:
Christine A. Dudzik
Thomas W. Jenkins
Howrey LLP
321 North Clark Street, Suite 3400
Chicago, IL 60610
(312) 595-1239

Julie S. Gabler
Howrey LLP
550 South Hope Street, Suite 1100
Los Angeles, CA 90071
(213) 892-1800

Teresa M. Corbin
Glenn W. Rhodes
Howrey LLP
525 Market Street, Suite 3600
San Francisco, CA 94105
(415) 848-4900

Dated: July 5, 2006

Robert W. Whetzel (#2288)
whetzel@rlf.com
Steven J. Fineman (#4025)
fineman@rlf.com
Matthew W. King (#4566)
king@rlf.com
Richards, Layton & Finger
One Rodney Square, P.O. Box 551
Wilmington, DE 19899
(302) 651-7700
Attorneys for Defendants/Counterclaimants Tatung Company, Tatung Company of America, Chunghwa Picture Tubes, Ltd, and Viewsonic Corporation

RLF1-3033687-1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 5, 2006, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, which will send notification of such filing to, and also hand delivered same to:

>Richard D. Kirk, Esquire
>The Bayard Firm
>222 Delaware Avenue, Suite 900
>Wilmington, DE 19899

I HEREBY CERTIFY that on July 5, 2006, I sent the foregoing document by Electronic Mail to the following non-registered participants:

>Gaspare J. Bono, Esquire
>Matthew T. Bailey, Esquire
>Andrew J. Park, Esquire
>Adrian Mollo, Esquire
>McKenna Long & Aldrige LLP
>1900 K Street, NW
>Washington, DC 20006

>Steven J. Fineman (#4025)
>fineman@rlf.com
>Richards, Layton & Finger
>One Rodney Square
>PO Box 551
>Wilmington, DE 19899

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 11, 2006, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing, and hand delivered to the following:

> Richard D. Kirk
> The Bayard Firm
> 222 Delaware Avenue, Suite 900
> P.O. Box 25130
> Wilmington, DE 19899

I hereby certify that on July 11, 2006, I sent the foregoing document by Federal Express, to the following non-registered participants:

> Gaspare J. Bono
> Matthew T. Bailey
> Andrew J. Park
> Adrian Mollo
> McKenna Long & Aldridge LLP
> 1900 K Street, NW
> Washington, DC 20006

Matthew W. King (#4566)
king@rlf.com
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

RLF1-2917974-1