IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

LG. PHILIPS LCD CO., LTD., )
)
            Plaintiff, )            C.A. No. 05-292 (JJF)
)
    v. )
)
TATUNG COMPANY; )            REDACTED - PUBLIC VERSION
TATUNG COMPANY OF AMERICA, )
INC.; )
CHUNGHWA PICTURE TUBES, LTD.; )
AND VIEWSONIC CORPORATION, )
)
            Defendants. )

## DEFENDANTS' REPLY BRIEF REGARDING THEIR MOTION IN LIMINE (No. 5) TO PRECLUDE LPL'S REFERENCE TO THE WORD "DIKANG" AS RESISTANCE

The relevant issue regarding the Chinese word "DiKang" (抵抗) is whether the property and function of the structure called DiKang is covered by this Court's construction of "resistance." As this Court held in the claim construction order, "resistance" of the '002 patent does not have its ordinary meaning. Therefore, the fact that DiKang may be loosely translated into English as "resistance" by an ordinary translator has little probative value for any claims or defenses of the case. The potential prejudice and confusion to the jury, on the other hand, is extremely high if LPL is allowed to freely refer to DiKang as "resistance," because the jury may assume that just because DiKang may be translated to English as resistance, "DiKang" must be covered by the claim language "resistance." Thus, the danger of prejudice and confusion outweighs any inconsequential probative value of referring to DiKang as resistance, and LPL should be precluded from doing so. At the very minimum, LPL should be precluded from referring to DiKang as "resistance" when it examines CPT's witnesses because it is a near

certainty that the translation process will distort the testimony of the witness.

A.    **Referring to "DiKang" as "Resistance" Is Highly Prejudicial to CPT and Confusing to the Jury, While Such Practice Offers Little If Any Probative Value to the Issue of Infringement.**

The Chinese phrase "DiKang" is an ambiguous label that CPT used to refer to the switching element couplings between its guard rings and gate or source lines. It is indisputable that DiKang is subject to many possible interpretations, as CPT's witness repeatedly stated in his deposition (DiKang is transcribed as "di kang"):



Even LPL's interpreter agrees with the ambiguity of DiKang.

REDACTED

The fact is, the English word "resistance," if used to indicate electrical resistance, is translated into Chinese as "ZhuKang"(阻抗) instead of "DiKang." (抵抗)  Ex. B (English-Chinese Dictionary).  No Chinese engineers or Chinese engineering dictionaries would refer to the electrical term "resistance" as "DiKang."

REDACTED

Thus, DiKang is merely an ambiguous label that CPT uses to refer to all the couplings between guard rings and control lines, conveying a meaning of protection and isolation.  *Id*

Significantly, CPT uses the same phrase to indicate the couplings between the gate (or source) lines and the inner guard ring.  Because the issue of "resistance" is an issue of the outer guard ring only and has nothing to do with the inner guard ring, CPT's use of the phrase to refer to its inner guard ring couplings further indicates the phrase has no relevance to the infringement analysis.

More importantly, the infringement issue involving "resistance" is not about what word CPT chooses to label its couplings.  The issue here is whether the structure and function of the CPT couplings called DiKang fits the Court's construction of the term "resistance," i.e., whether it is "a circuit component that has a specified resistance to the flow of electric current and is used to minimize the current surge from electrostatic discharge."  Given the Court's construction of "resistance," the issue of whether "DiKang" means "resistance" has little, if any, relevance to the infringement analysis.  In fact, referring to DiKang as "resistance" directly interferes with the jury's task of deciding whether DiKang is covered by the claim construction of "resistance," because the claim construction itself also contains the word "resistance" (i.e., in the phrase "a specified resistance"), although the word is used in its ordinary meaning instead of the claim

3

meaning of "resistance." Thus, referring to "DiKang" as resistance has little, if any, probative value for any relevant issues in this case.

In contrast, the potential prejudice and confusion is very high if LPL is allowed to freely refer to "DiKang" as resistance. The jury could confuse the fact that "DiKang" in some instances can mean "resistance" with the ultimate issue of whether the structure and function of "DiKang" is covered under this Court's claim construction of "resistance." Thus, the requested preclusion of reference to "DiKang" as "resistance" comports to the letter and spirit of Rule 403 of the Federal Rules of Evidence.

**B.    LPL Should Not Be Allowed to Refer to "DiKang" as "Resistance" When It Examines CPT's Witnesses.**

Given the ambiguity of the word "DiKang," there is a near certainty that a false "admission" may be obtained through the translation process if LPL refers to DiKang as "resistance" during its examination of CPT's witness. For example, because of the translation process, an unfair record could be generated through the following way:

> Q (in English): When I say "resistance" here, I refer to the Chinese word "DiKang" in this design document. Does this CPT product contain a guard resistance?
>
> [Translator in Chinese: "… Does this CPT product contain a guard DiKang?"]
>
> [WITNESS in Chinese: Yes, this CPT product does contain a guard DiKang.)
>
> A. [Translator in English] Yes, this CPT product does contain a guard resistance.
>
> Q. [in English] This guard resistance consists of a pair of diodes?
>
> A: Yes.

This hypothetical examination would seemingly create a "record" that the witness agrees that guard resistance consists of a pair of diodes, while in reality there has never been such an agreement. The witness is discussing what "DiKang" includes, but the record shows what

4

"resistance" includes.   Thus, to allow LPL to conduct such examination will be unfairly

prejudicial to CPT.  In fact, during Mr. He's deposition, LPL attempted this exact tactic.

Therefore, if the Court allows LPL to argue that "DiKang" means "resistance," the Court

should preclude LPL from examining CPT's witnesses using the word "resistance" to refer to

"DiKang."  A fair way of conducting such examination is to acknowledge the dispute on the

meaning of the word "DiKang" in English and use "DiKang" in examinations so that there is no

ambiguity as to what the witnesses have agreed.

Of Counsel:                                   Robert W. Whetzel (#2288)
Julie S. Gabler                               whetzel@rlf.com
Howrey LLP                                    Matthew W. King (#4566)
550 South Hope Street, Suite 1100             king@rlf.com
Los Angeles, CA 90071                         Richards, Layton & Finger
(213) 892-1800                                One Rodney Square, P.O. Box 551
                                              Wilmington, DE 19899
Teresa M. Corbin                              (302) 651-7700
Glenn W. Rhodes                               Attorneys for Defendants/Counterclaimants
Howrey LLP                                    Tatung Company, Tatung Company of
525 Market Street, Suite 3600                 America, Chunghwa Picture Tubes, Ltd. and
San Francisco, CA 94105                       ViewSonic Corporation
(415) 848-4900

Dated:  July 5, 2006

5

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 5, 2006, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, which will send notification of such filing to, and also hand delivered same to:

> Richard D. Kirk, Esquire
> The Bayard Firm
> 222 Delaware Avenue, Suite 900
> Wilmington, DE  19899

I HEREBY CERTIFY that on July 5, 2006, I sent the foregoing document by Electronic Mail to the following non-registered participants:

> Gaspare J. Bono, Esquire
> Matthew T. Bailey, Esquire
> Andrew J. Park, Esquire
> Adrian Mollo, Esquire
> McKenna Long & Aldrige LLP
> 1900 K Street, NW
> Washington, DC  20006

> Steven J. Fineman (#4025)
> fineman@rlf.com
> Richards, Layton & Finger
> One Rodney Square
> PO Box 551
> Wilmington, DE  19899

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 11, 2006, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing, and hand delivered to the following:

> Richard D. Kirk
> The Bayard Firm
> 222 Delaware Avenue, Suite 900
> P.O. Box 25130
> Wilmington, DE 19899

I hereby certify that on July 11, 2006, I sent the foregoing document by Federal Express, to the following non-registered participants:

> Gaspare J. Bono
> Matthew T. Bailey
> Andrew J. Park
> Adrian Mollo
> McKenna Long & Aldridge LLP
> 1900 K Street, NW
> Washington, DC 20006

> Matthew W. King (#4566)
> king@rlf.com
> Richards, Layton & Finger
> One Rodney Square
> P.O. Box 551
> Wilmington, DE 19899