IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG. PHILIPS LCD CO., LTD., | ) |
| | ) |
| Plaintiff, | ) C. A. No. 05-292 (JJF) |
| | ) |
| v. | ) |
| | ) REDACTED - PUBLIC VERSION |
| TATUNG COMPANY; | ) |
| TATUNG COMPANY OF AMERICA, INC.; | ) |
| CHUNGHWA PICTURE TUBES, LTD.; | ) |
| AND VIEWSONIC CORPORATION, | ) |
| | |
| Defendants. | |

### DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* (NO. 1) PRECLUDING LPL FROM MAKING REFERENCE TO THE TERMS "U.S. BRANDS" OR "U.S. CUSTOMERS"

LPL's opposition to Defendants' Motion *In Limine* No. 1 to preclude argument or reference to the terms "U.S. brands" or "U.S. customers" in connection with certain global companies, such as HP, Dell Inc., IBM, Gateway and ViewSonic serves only to underscore the need for the requested order. LPL makes clear that it intends to distract the jury from the real issues in this case by unfairly characterizing these global companies as solely U.S. companies for the purpose of creating the false impression that sales from these companies occur only in the U.S. LPL fails to even address why use of these terms are probative of any issues in this case, or to CPT's liability for infringement.

Instead, LPL devotes much of its brief citing to various pieces of exhibits and deposition testimony of Defendants' witnesses in an attempt to bolster its argument that it should be entitled to freely use the terms "U.S. brands" or "U.S. customers" at trial as it pleases. That line of questioning and reference to these terms was objected to repeatedly by Defendants' counsel during the many depositions in this case. Yet LPL's counsel persisted on unfairly using these

terms. This is precisely the kind of conduct Defendants are seeking to prevent at trial. The labeling of global companies, such as HP, Dell, IBM, Gateway and ViewSonic is completely irrelevant to any issues at trial. The only certain result of this labeling is to divert and confuse the jury from the relevant issues in the case concerning whether CPT made allegedly infringing sales in the U.S.

## I. THE DANGER OF UNFAIR PREJUDICE SUBSTANTIALLY OUTWEIGHS ANY PROBATIVE VALUE

In its opposition, LPL makes clear its attempt to establish a direct U.S. presence of Defendant, CPT, by labeling certain companies as "U.S. brands" or "U.S. customers."[1] This is merely an attempt to influence the jury that CPT has "established, and actively promotes, close business relationships with "U.S. brands" and "U.S. customers." (LPL Ans. Br. at p. 6.) As it has done throughout the depositions of Defendants' witnesses, LPL will continue to mischaracterize the business relationships of CPT with U.S. companies and improperly refer to them as "U.S. brands" or "U.S. customers" as set out in Defendants' Opening Brief.

Even LPL's use of selective deposition testimony of Defendants' witnesses demonstrates the confusion generated by the use of these terms in this case.



---

[1] Additionally, HP, Dell, IBM and Gateway are not Defendants in this case and LPL cannot establish the evidentiary foundation related to their business relationships with CPT. To refer to them as "U.S. brands" or "U.S. customers" without the proper evidentiary foundation at trial, therefore, is improper.

In the same footnote, LPL argues that, if allowed to use these terms, CPT can make its own arguments to the jury that these companies are not "U.S. brands" but rather "global" brands. (LPL Ans. Br. at p. 5). This argument flies in the face of the intent of Defendants' motion *in limine* which is to preclude such jury confusion and prejudice before it occurs.

Moreover, contrary to LPL's assertion in its brief, Defendants are not seeking to preclude wholesale use of admissible evidence in this case related to CPT's activities in the U.S., but rather asks this Court to preclude LPL from adding a prejudicial, non-probative twist to the evidence it seeks to introduce at trial. The use of these terms in relationship to certain global companies during trial would promote an impermissible inference of the existence of U.S. sales by CPT. Any possible relevance for labeling companies such as HP, Dell, IBM, Gateway and ViewSonic in this manner is outweighed by the unfair prejudicial effect of such characterization.

Permitting interrogation of witnesses, arguments, or other offers of evidence, including demonstratives which label companies, such as HP, Dell, IBM, Gateway and ViewSonic as "U.S. brands" and "U.S. customers" would unfairly prejudice and mislead the jury, and should be precluded under Federal Rules of Evidence 402 and 403. Sustaining objections to such interrogation, argument or exhibits during trial would not cure such prejudice, but rather reinforce the prejudicial impact of such matters on the jury.

## II. CONCLUSION

For the foregoing reasons, and for the reasons set forth in Defendants' Motion *In Limine* No. 1 Precluding LPL from Making Reference to the Terms "U.S. brands" or "U.S. customers", Defendants motion should be granted.

*/s/ Robert W. Whetzel*
Robert W. Whetzel (#2288)
whetzel@rlf.com
Steven J. Fineman (#4025)
fineman@rlf.com
Matthew W. King (#4566)
king@rlf.com
Richards, Layton & Finger
One Rodney Square, P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700
Attorneys for Defendants/Counterclaimants
Tatung Company, Tatung Company of
America, Chunghwa Picture Tubes, Ltd. and
ViewSonic Corporation

Julie S. Gabler
Howrey LLP
550 South Hope Street, Suite 1100
Los Angeles, California 90071
(213) 892-1800

Teresa M. Corbin
Glenn W. Rhodes
Howrey LLP
525 Market Street, Suite 3600
San Francisco, California 94105
(415) 848-4900

Dated: July 5, 2006

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 5, 2006, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing, and hand delivered to the following:

>  Richard D. Kirk
>  The Bayard Firm
>  222 Delaware Avenue, Suite 900
>  P.O. Box 25130
>  Wilmington, DE 19899

I hereby certify that on July 5, 2006, I sent the foregoing document by Electronic Mail, to the following non-registered participants:

>  Gaspare J. Bono
>  Matthew T. Bailey
>  Andrew J. Park
>  Adrian Mollo
>  McKenna Long & Aldridge LLP
>  1900 K Street, NW
>  Washington, DC 20006

/s/ Matthew W. King
Matthew W. King (#4566)
king@rlf.com
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 11, 2006, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing, and hand delivered to the following:

> Richard D. Kirk
> The Bayard Firm
> 222 Delaware Avenue, Suite 900
> P.O. Box 25130
> Wilmington, DE 19899

I hereby certify that on July 11, 2006, I sent the foregoing document by Federal Express, to the following non-registered participants:

> Gaspare J. Bono
> Matthew T. Bailey
> Andrew J. Park
> Adrian Mollo
> McKenna Long & Aldridge LLP
> 1900 K Street, NW
> Washington, DC 20006

Matthew W. King (#4566)
king@rlf.com
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

RLF1-2917974-1