IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG. PHILIPS LCD CO., LTD., ) | |
| ) | |
| Plaintiff, ) | C.A. No. 05-292 (JJF) |
| ) | |
| v. ) | |
| ) | REDACTED - PUBLIC VERSION |
| TATUNG COMPANY; ) | |
| TATUNG COMPANY OF AMERICA, INC.; ) | |
| CHUNGHWA PICTURE TUBES, LTD.; ) | |
| AND VIEWSONIC CORPORATION, ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR ORDER BARRING DISCLOSURE OF LPL'S CONFIDENTIAL INFORMATION TO DR. NISHA MODY AND CAPANALYSIS

Defendants Chunghwa Picture Tubes, Viewsonic Corporation, Tatung Company of America, and Tatung Company ("the Defendants") hereby oppose Plaintiff L.G. Philips LCD Co., Ltd.'s ("Plaintiff") Motion for Order Barring Disclosure of LPL's Confidential Information to Dr. Nisha Mody and Howrey's "CapAnalysis" group.

In its motion, Plaintiff improperly characterizes the role that Dr. Nisha Mody – a Howrey employee and member of Howrey's CapAnalysis group – has played in the case. With no supporting evidence, Plaintiff's counsel contends that Dr. Mody has been acting as an "expert consultant" for Howrey. Plaintiff therefore claims that Dr. Mody is subject to certain disclosure obligations that attach to experts and that are described in the Protective Order entered in this action. Plaintiff's contentions, made on the eve of trial, are unsupportable and appear calculated simply to impact Defendants' trial preparation.

As explained below, neither Dr. Mody nor any member of Howrey's CapAnalysis group has acted as an expert or as a consultant in this matter. Moreover, because Dr.

RLF1-3033874-1

Mody and the remaining CapAnalysis personnel are Howrey employees (which Plaintiff does not contest), they fall under Paragraph 2(a) of the Protective Order and are immune from disclosure obligations. Plaintiff's motion should therefore be denied.

### I.     FACTS

The Protective Order entered in this case contains two provisions of relevance:

(i) Paragraph 2(a) allows for the disclosure of confidential information to "outside attorneys representing any party in the above captioned action, and any paralegal, law clerk *or other employees working under the direct supervision of such attorneys ...*" (emphasis added). Persons falling under Paragraph 2(a) are permitted access to confidential information without any obligation to disclose past or present employment.

(ii) Paragraph 2(b)(i) allows for the disclosure of confidential information to "experts, including consultants and investigators, *retained by any party or counsel to any party to assist in the above captioned action or to testify at trial ...*" (emphasis added) Persons falling under Paragraph 2(b)(i) must disclose their past and present employment history, as specified in Paragraphs 2(b)(ii) and (iii), prior to reviewing confidential information.

Dr. Nisha Mody has been employed as an economist in Howrey's "CapAnalysis" group for the past three years. Declaration of Nisha Mody, hereinafter "Mody Decl." ¶2 (Ex. A). Like the attorneys and employees in Howrey's other groups (*e.g.*, the Antitrust group or the Intellectual Property group), Dr. Mody is a full time employee of Howrey. *Id.* Dr. Mody's salary is paid directly by Howrey and she works in Howrey's San Francisco, California office. *Id.* She and the other members of Howrey's CapAnalysis group are subject to the same conflict-of-interest restrictions as other Howrey

2

professionals. At all times during this case, Dr. Mody has understood that she was subject to the confidentiality obligations set forth in the Protective Order. Mody Decl. ¶4.

In the present case, as a Howrey employee, Dr. Mody has worked under the direct supervision of Howrey attorneys in their preparation of this case for trial. Mody Decl. ¶3. She has not acted as an expert or consultant. She did not prepare any part of the expert report of Mr. Wagner (Defendants' expert). She did not prepare any of the materials that Mr. Wagner relied upon in forming his opinions. Mody Decl. ¶5. And she was not asked to render any opinions herself. Mody Decl. ¶6.

## II.     ARGUMENT

The Protective Order entered in this action distinguishes between "employees" working under the direct supervision of outside counsel and "experts" retained by outside counsel to assist in the action or to testify at trial.[1] Dr. Mody and the other CapAnalysis personnel identified in Plaintiff's motion undeniably qualify as Howrey employees under Paragraph 2(a) of the Protective Order. CapAnalysis is a wholly-owned subsidiary of Howrey. Its employees are paid by Howrey, utilize Howrey's physical plant, and work under the direct supervision of Howrey's attorneys. CapAnalysis personnel are subject to the same conflicts restrictions as the attorneys and employees in Howrey's other groups, and they are likewise subject to the confidentiality obligations set forth in the Protective Order entered in this action. Plaintiff does not – because it cannot – challenge the status of Dr. Mody and the other CapAnalysis personnel as Howrey employees.

---

[1] Plaintiff has mischaracterized the "employee" provision of Paragraph 2(a) as applying solely to "paralegals, legal secretaries and law clerks," yet has failed to justify its basis for so doing. (*See* Bono Letter to Dudzik, June 23, 2006, Ex. B).

3

Contrary to Plaintiff's contention, Dr. Mody and CapAnalysis are not "expert consultants" under Paragraph 2(b)(i) of the Protective Order. By its express terms, Paragraph 2(b) applies only to experts or consultants who are "retained" by any party or counsel "to assist" in this action. Dr. Mody and the other CapAnalysis personnel are not "experts" or "consultants" in this matter. They have not prepared any reports, offered any testimony, or prepared any opinions. Likewise, because they are Howrey's employees, Dr. Mody and the remaining CapAnalysis personnel were not "retained" by counsel to assist with this matter.

Plaintiff's suggestion that Dr. Mody's other work is relevant here is a red herring. Unlike <u>retained</u> experts or consultants, Dr. Mody's other work is subject to the same conflicts restrictions that apply to all Howrey employees. Accordingly, Plaintiff's confidential information is as safe in the hands of Dr. Mody as it is in the hands of Howrey's attorneys. Plaintiff should not be permitted, as a tactical maneuver, to establish a different standard for certain Howrey employees on the eve of trial.

### III.    CONCLUSION

Plaintiff's motion on the eve of trial is nothing more than a transparent attempt to impact Defendants' preparation for trial. Because Dr. Mody is undeniably a Howrey employee, Plaintiff's motion fails. Likewise, Plaintiff's suggestion that Dr. Mody is acting as an "expert consultant" retained for this matter is belied by the facts. Plaintiff's motion should therefore be denied.

| | |
|---|---|
| Of Counsel:<br>Teresa M. Corbin<br>Glenn W. Rhodes<br>Howrey LLP<br>525 Market Street, Suite 3600<br>San Francisco, CA 94105<br>(415) 848-4900<br><br>Julie S. Gabler<br>Howrey LLP<br>550 South Hope Street, Suite 1100<br>Los Angeles, CA 90071<br>(213) 892-1800<br><br>Dated: July 5, 2006 | */s/ Robert W. Whetzel*<br>Robert W. Whetzel (#2288)<br>whetzel@rlf.com<br>Steven J. Fineman (#4025)<br>fineman@rlf.com<br>Matthew W. King (#4566)<br>king@rlf.com<br>Richards, Layton & Finger<br>One Rodney Square, P.O. Box 551<br>Wilmington, DE 19899<br>(302) 651-7700<br>Attorneys for Defendants/Counterclaimants<br>Tatung Company, Tatung Company of America, Chunghwa Picture Tubes, Ltd. and ViewSonic Corporation |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 6, 2006, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing, and hand delivered to the following:

>Richard D. Kirk
>The Bayard Firm
>222 Delaware Avenue, Suite 900
>P.O. Box 25130
>Wilmington, DE 19899

I hereby certify that on July 6, 2006, I sent the foregoing document by Electronic Mail, to the following non-registered participants:

>Gaspare J. Bono
>Matthew T. Bailey
>Andrew J. Park
>Adrian Mollo
>McKenna Long & Aldridge LLP
>1900 K Street, NW
>Washington, DC 20006

Matthew W. King (#4566)
king@rlf.com
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

RLF1-2917974-1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 11, 2006, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing, and hand delivered to the following:

> Richard D. Kirk
> The Bayard Firm
> 222 Delaware Avenue, Suite 900
> P.O. Box 25130
> Wilmington, DE 19899

I hereby certify that on July 11, 2006, I sent the foregoing document by Federal Express, to the following non-registered participants:

> Gaspare J. Bono
> Matthew T. Bailey
> Andrew J. Park
> Adrian Mollo
> McKenna Long & Aldridge LLP
> 1900 K Street, NW
> Washington, DC 20006

*/s/ Matthew W. King*
Matthew W. King (#4566)
king@rlf.com
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899