# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DELAWARE

| | |
|---|---|
| J.G. PHILLIPS LCD CO., LTD., <br><br> Plaintiff, <br> Counterclaim Defendant, <br><br> v. <br><br> TATUNG COMPANY; <br> TATUNG COMPANY OF AMERICA, INC; <br> CHUNGHWA PICTURE TUBES, LTD,; <br> AND VIEWSONIC CORPORATION <br><br> Defendants, <br> Counterclaim Plaintiffs. | C. A. No. 05-292 (JJF) |

**DECLARATION OF DR. NISHA MODY IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR ORDER BARRING DISCLOSURE OF LPL'S CONFIDENTIAL INFORMATION TO DR. NISHA MODY AND CAPANALYSIS**

1. My name is Nisha Mody and I am an employee of Howrey LLP.

2. For almost three years, I have worked full-time as an economist in Howrey's CapAnalysis group.

3. In the present case, I have worked under the direct supervision of Howrey's attorneys, assisting with their preparation of the case for trial.

4. At all times, I have understood that my work in this case and my review of information was subject to the confidentiality restrictions set forth in the Protective Order.

5. I have not acted as an expert or consultant in this case. I have not prepared any reports, I have not provided any testimony, and I haven't been asked to form or to provide any opinions.

6. I did not draft any part of the report prepared by Mr. Wagner, Defendants' damages expert in this case. I did not prepare any of the materials that Mr. Wagner relied upon in forming his opinions.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 5 day of July, 2006 at Capitol Hilton, Washington DC

*/s/ Nisha Mody*
Nisha Mody

# EXHIBIT B

Atlanta

Denver

Los Angeles

Philadelphia

# McKenna Long
# & Aldridge LLP
Attorneys at Law

1900 K Street, NW • Washington, DC 20006
202.496.7500 • Fax: 202.496.7756
www.mckennalong.com

San Diego

San Francisco

Washington, DC

Brussels

GASPARE J. BONO
(202) 496-7211

EMAIL ADDRESS
gbono@mckennalong.com

June 23, 2006

BY E-MAIL

Christine A. Dudzik, Esq.
Howrey LLP
321 North Clark Street
Suite 3400
Chicago, IL 60610

Re: *LG.Philips LCD Co. v. Tatung Co. of America, et al.*, C.A. No. 05-292-JJF

Dear Christine:

I am writing in response to your letter of June 9, 2006. Due to the significant issues left unresolved by your June 9 disclosure, LPL cannot ascertain the degree of competitive threat posed by CapAnalysis's and Dr. Nisha Mody's access to LPL's confidential information. Consequently, LPL objects to the Defendants' proposed continued use of CapAnalysis and Dr. Mody as expert consultants in this case. In order to resolve this impasse, please provide a complete Paragraph 2(b)(ii) disclosure for Dr. Mody as well as acknowledgements and c.v.'s from all CapAnalysis associates and analysts who have had access to LPL's confidential information.

Dr. Mody and her associates at CapAnalysis are expert consultants. Their employment status with Howrey LLP is irrelevant, and your attempt to shoe horn them into the exception provided at Paragraph 2(a) of the Protective Order, which is intended for paralegals, legal secretaries, and law clerks, simply does not work. In fact, your letter acknowledges that Dr. Mody and her associates are expert consultants. Within the past 4 years, they have acted as independent expert consultants for a number of different firms on a variety of matters, including with respect to patent infringement actions. As such, Defendants are obligated to provide a Paragraph 2(b)(ii) disclosure for all of their work within the past four years.

Despite this fact, your June 9 disclosure attempts to avoid disclosing the complete nature of the work performed by Dr. Mody and her associates. You state in your letter that "Aside from working on cases for Howrey attorneys, to her knowledge, Dr. Mody has not consulted for LPL's competitors or for any company in the LCD industry," and that "she has not worked for the defendants or their affiliates." This leaves unanswered, however, the extent to which Dr. Mody has served as an expert consultant for the defendants or their affiliates in connection with Howrey matters. Likewise, has Dr. Mody provided expert consulting services for members of

DC:50418404.1

Christine A. Dudzik, Esq.
June 23, 2006
Page 2

the LCD industry (including LCD manufacturers, OEMs, and distributors) in connection with Howrey matters? Your letter also fails to address whether Dr. Mody's associates at CapAnalysis have worked for the defendants, their affiliates, or other members of the LCD industry. Consequently, your disclosure is incomplete. Without knowing for whom Dr. Mody and her associates at CapAnalysis have worked, and on what types of projects, LPL cannot adequately evaluate the potential competitive threat posed by Howrey's improper disclosure of LPL's confidential information.

Please immediately provide a full Paragraph 2(b)(ii) disclosure for Dr. Mody and her colleagues at CapAnalysis.[1] The disclosure should identify: "the expert's full name; professional address; educational background; general areas of expertise; all present employment and consultancies; all prior employment and consultancies within the last four years; all present or prior relationships between the expert and the receiving party, its subsidiaries, its affiliates, or other related entities; and a list of all cases in which the expert or consultant has testified at a deposition or in court within the last four years." Protective Order at Para. 2(b)(ii).

I was also surprised to learn from your letter that there are "other CapAnalysis staff working on this case." This is unacceptable. In my June 7 letter I requested that, pursuant to Paragraph 1(d) of the Protective Order, Howrey retrieve any and all of LPL's confidential information disclosed to CapAnalysis, inform those persons at CapAnalysis who received LPL's confidential information of all of the provisions of the Protective Order, obtain and send to me signed Acknowledgements from those persons, and identify what of LPL's confidential documents, testimony, or other information was disclosed to CapAnalysis. Were these actions taken? Are CapAnalysis analysts continuing to work on this case, without providing Acknowledgements and without qualifying under the Protective Order? I have yet to receive any signed acknowledgements in response to my request.

We have previously agreed that analysts and associates may assist an expert consultant who has already been qualified under the Protective Order without being disclosed pursuant to Paragraph 2(b)(ii). If the expert consultant has yet to be qualified under the Protective Order, however, Paragraph 2(b)(ii) disclosures must be provided for each analyst and associate before those persons are given access to LPL's confidential information. To proceed otherwise would read a gaping hole into the protections provided by the Protective Order. Please immediately confirm that all of the steps requested in my June 7 letter have been taken, and please immediately provide Acknowledgements for all CapAnalysis personnel who have been working on this case. While I am attempting to resolve these issues informally, LPL reserves all of its rights to request appropriate relief and sanctions from the Court in connection with Defendants' continued mishandling of LPL's confidential information.

---

[1] I do not understand the relevance of Dr. Mody's qualification under Howrey's conflicts process. The issue is whether Dr. Mody has performed consulting services that are in conflict with LPL's competitive interests.

Christine A. Dudzik, Esq.
June 23, 2006
Page 3

I look forward to receiving your response.

Sincerely,

Gaspare J. Bono

cc: (by e-mail)
Julie S. Gabler
Steven Yovits
Richard D. Kirk
Matthew King
Cass W. Christenson

DC:50418404.1