# RICHARDS, LAYTON & FINGER
A PROFESSIONAL ASSOCIATION
ONE RODNEY SQUARE
920 NORTH KING STREET
WILMINGTON, DELAWARE 19801
(302) 651-7700
FAX (302) 651-7701
WWW.RLF.COM

ROBERT W. WHETZEL
DIRECTOR

DIRECT DIAL NUMBER
302-651-7634
WHETZEL@RLF.COM

July 11, 2006

**VIA E-FILE AND HAND DELIVERY**

The Honorable Joseph J. Farnan, Jr.
United States District Court
District of Delaware
844 King Street
Wilmington, DE 19801

      Re:   *LG. Philips LCD Co., Ltd. v. Tatung Company et. al.,*
             C.A. No. 05-292 (JJF)

Dear Judge Farnan:

     I write on behalf of Tatung Company, Tatung Company of America, Inc., Chunghwa Picture Tubes, Ltd. and ViewSonic Corporation ("Defendants") in response to the July 11, 2006 letter from Richard D. Kirk, counsel for Plaintiff LG.Philips LCD Co., Ltd. ("LPL"). Mr. Kirk's letter objects to Defendants' intention to call at trial witnesses James Morlan, Chuang-Yi Chiu, Hsi-Wen Tsai, Shih-Tsung Yang and Hong-Ren Chu. The letter states that Defendants disclosed these witnesses too late.

     LPL's letter request appears to be in apparent contravention of the Court's directive that no additional motions *in limine* are to be filed, and is both untimely and lacking in merit.

     Contrary to LPL's assertion, Hong-Ren Chu and Shih-Tsung Yang are listed in the Supplemental Initial Disclosures for Defendant Chunghwa Picture Tubes, Ltd. ("the Supplemental Initial Disclosures"), which Defendants served on LPL on May 9, 2006. (Exhibit B to Mr. Kirk's letter) Some confusion might have developed because there are two different systems of transliteration of Chinese names into English. Accordingly, these names were spelled slightly differently in the Supplemental Initial Disclosures than they were spelled in the proposed pretrial order. Shih-Tsung Yang was listed in the Supplemental Initial Disclosures as Shih-Zong Yang, and Hong-Ren Chu was listed as Hong-Ren Zhu. LPL took Mr. Zhu's deposition on May 26, 2006. We regret any confusion these minor spelling differences may have caused.

     The remaining witnesses, James Morlan, Chuang-Yi Chiu and Hsi-Wen Tsai, were disclosed to LPL on June 26 and 27. Mr. Morlan was disclosed in the Second Supplemental Initial Disclosures for Defendant ViewSonic Corporation, which was served on LPL on June 26.

The Honorable Joseph J. Farnan, Jr.
July 11, 2006
Page 2

Mr. Chiu and Mr. Tsai were disclosed on the witness list served on LPL on June 27 as part of Defendants' witness list for inclusion in the proposed pretrial order. Even though depositions were still ongoing at that time -- in fact, one of the witnesses LPL intends to call at trial was not offered for deposition until July 3 -- LPL never requested the depositions of these individuals. Had LPL requested it, Defendants would have made them available immediately. LPL should not now be heard to complain of "prejudice" of its own making.

On July 6, 2006, LPL stated its intention to call Ho Lee as a trial witness. Mr. Lee was not disclosed to Defendants until June 5, 2006 in Plaintiff's Amended Initial Disclosures Pursuant to Rule 26(a)(1). (Exhibit A). Defendants promptly asked for Mr. Lee's deposition, but LPL did not make him available until July 3. Instead of complaining about Mr. Lee's late disclosure, as LPL now complains about Defendants' witnesses, Defendants immediately requested a deposition to ensure there would be no prejudice. Had LPL made any attempt to take similar steps when Mssrs. Morlan, Chiu and Tsai were disclosed, there would be no such "prejudice" of which they now complain. In fact, if LPL had requested the depositions of these individuals, it is more than likely that those depositions would have been completed before July 3, when LPL's trial witness was finally made available for deposition.

Defendant respectfully request that the Court deny Plaintiff's request to exclude certain witnesses from testifying at trial.

Respectfully,

Robert W. Whetzel

RWW/lll
Enclosure

cc:   Richard D. Kirk, Esquire w/ enclosure (By Electronic Filing and Hand Delivery)
      Gaspare J. Bono, Esquire w/ enclosure (By E-mail)

RLF1-3035980-1