# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG.PHILIPS LCD CO., LTD., <br><br> Plaintiff/Counterclaim Defendant, <br><br> v. <br><br> TATUNG COMPANY; <br> TATUNG COMPANY OF AMERICA, INC.; <br> CHUNGHWA PICTURE TUBES, LTD.; <br> AND VIEWSONIC CORPORATION, <br><br> Defendants/Counterclaim Plaintiffs. | Civil Action No. 05-292 (JJF) |

### PLAINTIFF'S AMENDED INITIAL DISCLOSURES PURSUANT TO RULE 26(a)(1)

Plaintiff LG.Philips LCD Co., Ltd. ("LPL"), by its undersigned counsel, makes the following amended initial disclosures, pursuant to Fed. R. Civ. P. 26(a)(1) and Local Rule 16.2. LPL makes these disclosures based on information now reasonably available to it, and reserves the right to supplement these disclosures if necessary.

#### A.   PERSONS WITH KNOWLEDGE

At this time, LPL believes the following individuals are likely to have discoverable information that LPL may use to support its claims.[1] The following list is limited to those persons that LPL is specifically aware of at the present time. In addition, employees and former employees of each of the Defendants, and third parties, may have knowledge supporting LPL's claims, the specific nature and identity of which is not yet known to LPL, but which may relate to at least the design, assembly, production, function, use, sale and marketing of Defendants'

---

[1] On May 1, 2006, LPL withdrew without prejudice its claims related to the '121 patent, mooting all claims, counterclaims, and defenses in this case concerning the '121 patent. (D.I. Nos. 179, 180.) Accordingly, these amended disclosures relate solely to LPL's claims concerning the '002 patent. LPL reserves its rights and remedies regarding the '121 patent, and reserves the right to make any necessary amendments to these disclosures.

627126v1

products and components thereof. The undersigned counsel listed below represents or expects to represent all of the listed witnesses for the purposes of LPL's claims against the Defendants. Defendants' counsel should direct any communication to the following witnesses through the undersigned counsel.

> Mr. Joo-Sup Kim
> Senior Manager, Head of Intellectual Property Center
> LPL
> Knowledgeable regarding subjects including LPL's business, the LCD industry, LPL's intellectual property, licensing, reasonable royalties, and damages issues.

> Mr. Young-Woo Cho
> Manager, Intellectual Property Team
> LPL
> Knowledgeable regarding subjects including the '002 patent, infringement, and validity.

> Mr. Jong Hwan Kim
> Senior Manager, Intellectual Property Team
> LPL
> Knowledgeable regarding subjects including the LPL's business, the LCD industry, LPL's intellectual property, licensing, reasonable royalties, and damages issues

> Mr. Ho Lee
> Senior Manager, Intellectual Property Center
> LG Electronics Inc.
> LG Twin Towers
> 20, Yeouido-dong
> Yeongdeungpo-gu
> Seoul 150-721 KOREA
> Knowledgeable regarding subjects including the LPL's business, the LCD industry, LPL's intellectual property, licensing, reasonable royalties, and damages issues

> Mr. Scott H. Holmberg
> LightSmith, Inc.
> 3106 Las Palmas Ave.
> Escondido, CA 92025
> Knowledgeable regarding subjects including the conception and reduction to practice of United States Patent No. 5,019,002

> Dr. Elliot Schlam (Expert Witness)
> Elliott Schlam Associates
> 4 Mahorns Drive
> Ocean, NJ 07712-3323

Knowledgeable regarding subjects including the '002 patent, infringement, and validity.

Arthur Cobb (Expert Witness)
4010 IDS Center
Minneapolis, MN 55402

Knowledgeable regarding subjects including damages and reasonable royalties for infringement.

In addition, the following persons are likely to have discoverable information that LPL may use to support its claims:

Chunghwa Picture Tubes, Ltd. employees and representatives

Tatung Co. employees and representatives

Tatung Company of America, Inc. employees and representatives

ViewSonic Corp. employees and representatives

Defendants' affiliates, distributors, suppliers, and/or customers (including, for example, retailers that sell or have sold infringing products)

## B. DESCRIPTION OF DOCUMENTS

At this time, LPL believes that the following categories of documents and things in possession of LPL or its retained counsel may be used to support LPL's claims and defenses. In making these Initial Disclosures, LPL does not waive applicable privileges or protections from disclosure, including the attorney-client privilege or work product doctrine, nor the right to designate confidential materials for appropriate protection under the protective order entered in this case. To the extent these documents are confidential, such documents are produced subject to the protective order.

- United States Patent No. 5,019,002 ("the '002 Patent"), entitled "Method of Manufacturing Flat Panel Backplanes Including Electrostatic Discharge Prevention And Displays Made Thereby," issued on May 28, 1991;

- The prosecution history files of the United States Patent and Trademark Office for the '002 Patent;

- The references cited in the prosecution history files of the United States Patent and Trademark Office for the '002 Patent;

- Technical documents and specifications published by Defendants;

- Documents and information regarding identification and/or manufacturing of infringing products made, imported, sold, and/or offered for sale by Defendants, directly or indirectly;

- Documents related to the marketing, offering for sale, and selling of infringing products, directly or indirectly;

- Correspondence between LPL and Defendants regarding the '002 Patent.

- Documents exchanged and obtained in discovery in this case or other cases for which the parties have stipulated that discovery in those cases may be used in this case (for example, the consolidated cases LG.Philips LCD Co., Ltd. v. Tatung Co. of America, et al., Case Nos. CV 02-6775 CBM (JTLx), CV 03-2866 CBM (JTLx), CV 03-2884 CBM (JTLx), CV 03-2885 CBM (JTLx), CV 03-2886 CBM (JTLx) (C.D. Cal.).)

- Mask work files and Motherglass samples

C.  **COMPUTATION OF DAMAGES**

LPL has experienced, and continues to suffer, economic and irreparable harm as a result of Defendants' individual and collective infringement of the '002 Patent.

Pursuant to 35 U.S.C. § 284, LPL is seeking damages for Defendants' infringement of the '002 Patent, in the amount equal to, at a minimum, a reasonable royalty, together with pre- and post-judgment interest and costs as fixed by the Court. *See also*, LPL's Supplemental Answers to Defendants' Interrogatories dated February 28, 2006. LPL will also seek increased damages and attorneys' fees, as appropriate, because by continuing to use, make, offer for sale, and sell infringing devices, Defendants are engaged in willful and deliberate infringement which justifies increased damages and which may qualify this as an exceptional case supporting recovery of attorney's fees pursuant to 35 U.S.C. § 285.

Any computation of damages, including a reasonable royalty, is dependent in part on discovery and disclosures to be received from Defendants. LPL cannot provide a complete calculation of damages at this time. LPL reserves the right to modify its damages theories and calculations or to seek damages under different theories as appropriate in view of information to be discovered in this case and in view of anticipated expert opinions on the subject of damages. LPL's damages analysis is further addressed in the expert report of Arthur Cobb, dated June 2, 2006, which LPL incorporates herein by reference.

### D.   INSURANCE AGREEMENTS

LPL is aware of no insurance agreements pertinent to this litigation.

LPL expressly reserves the right to supplement these initial disclosures.

June 5, 2006                                THE BAYARD FIRM

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk (#0922)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE  19899-5130
rkirk@bayardfirm.com
(302) 655-5000

*Counsel for Plaintiff*
*LG.PHILIPS LCD CO., LTD.*

OF COUNSEL:
Gaspare J. Bono
Cass W. Christenson
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006
(202) 496-7500

627126v1                                   5