IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG. PHILIPS LCD CO., LTD., ) | |
| ) | |
| Plaintiff, ) | C.A. No. 05-292 (JJF) |
| ) | |
| v. ) | |
| ) | REDACTED - PUBLIC VERSION |
| TATUNG COMPANY; ) | |
| TATUNG COMPANY OF AMERICA, INC.; ) | |
| CHUNGHWA PICTURE TUBES, LTD.; ) | |
| AND VIEWSONIC CORPORATION, ) | |
| ) | |
| Defendants. ) | |

REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION IN LIMINE NO. 7

I.  INTRODUCTION

The evidence identified in Defendant's Motion *in Limine* (No. 7) To Preclude LPL From Soliciting Or Offering Any Testimony, Evidence, Or Argument Relating To Any Business Relationship Between CPT And Any Other Company ("MIL No. 7") will only confuse the jury and prejudice Defendants, without any tendency to advance the resolution of the merits of this case. This evidence should be excluded.

Plaintiff LG.Philips LCD Co., Ltd.'s ("LPL") Opposition to MIL No. 7 ("Opposition") fails to address why evidence of common stock ownership, common parentage, or "sister company" status between CPT and any other entity is at all probative of any issue in this case. LPL contends that it can present evidence of active inducement. However, LPL does not explain the relevance of common stock ownership, common parentage, or "sister company" status between CPT and any other entity to LPL's active inducement claim. Indeed, it cannot. Controlling Federal Circuit law and well-established limited liability precedent provide that

evidence of corporate affiliation does not prove that a party is liable for the infringing acts of another.

LPL mainly directs its opposition at arguing for the inclusion of evidence of Defendants' business activities and arms-length transactions between the Defendants. LPL misses the point. Defendant's MIL No. 7 did not seek exclusion of this evidence.

## II. EVIDENCE OF COMMON STOCK OWNERSHIP, COMMON PARENTAGE, OR "SISTER COMPANY" STATUS IS NOT RELEVANT TO ANY ISSUE IN THIS CASE.

LPL suggests that the evidence that Defendants seek to exclude would prove its active inducement claim. Opposition at 6. The Federal Circuit has rejected this argument. *See Tegal Corp. v. Tokyo Electron Co.*, 248 F.3d 1376 (Fed. Cir. 2001) (holding that common ownership or parentage does not constitute either direct or circumstantial evidence of active inducement).

Inferences of collusion to infringe a patent cannot be made based on common ownership or parentage alone. An inducement defendant is not liable for the acts of its subsidiary or parent. *See Tegal*, 248 F.3d at 1378-80 (holding that without an affirmative act, a party cannot be held liable for the acts of an affiliate owned by the same parent company). Collusion is an impermissible inference to draw from common ownership or parentage.[1] *Id.* at 1380.

Similarly, the rules of limited liability do not permit an inference of collusion to infringe, without evidence of dominion and control and the perpetuation of fraud through use of the

---

[1] *See also Mercexchange, L.L.C. v. eBAY, Inc.*, 401 F.3d 1323, 1332-33 (Fed. Cir. 2005) (evidence that eBay invested $2 million in ReturnBay and had a seat on ReturnBay's Board of Directors "merely indicate[d] that there was a business relationship between the two companies."), rev'd on other grounds, 126 S. Ct. 1837 (2006).

corporate form.[2] *See Mobil Oil Corp. v. Linear Films, Inc.*, 718 F. Supp. 260, 266-67 (D. Del. 1989) (parent company liable for wholly owned subsidiary's infringing acts "only if its use of the corporate form would, if left unchecked, work as a fraud or something in the nature of fraud"). Under this standard, LPL needs to show that Tatung Company ("Tatung") was formed for the explicit purpose of infringing LPL's patent in order for common parentage or stock ownership to be relevant. *See id.* at 270. LPL has not made, nor offered support for, such an allegation.

Any reference to a "family relationship" is an even weaker affiliation. *See* MIL No. 7 at 2. Evidence of a "family relationship" between CPT and any other entity could not be used to impose inducement liability on CPT, so this evidence should be excluded.

LPL offers no reason why evidence of common ownership, common parentage, or "sister company" status, is relevant to its case. Its only responsive statement is, "CPT, for example, sometimes offers Tatung preferential pricing and supply for CPT modules." Opposition at 4. This statement does not allege fraud as required to disregard the corporate structure. *See Mobil Oil*, 718 F. Supp. at 267, 270. Because LPL offers no reason to place this highly prejudicial and misleading information before the jury, this evidence must be excluded.

Plaintiff's Opposition primarily contends that LPL can submit evidence of Defendants' marketing efforts, supply and distribution chain, communications with one another, and service and repair activities. Opposition at 6-8. Defendants do not seek to exclude this evidence but rather ask that the Court bar LPL from adding a prejudicial, non-probative layer to any evidence of the arms-length transactions between the Defendants.

---

[2] *See also A. Stucki Co. v. Worthington Indus. Inc.*, 849 F.2d 593 (Fed. Cir. 1988) (parent company not liable under 35 U.S.C. § 271(a) or (b) for subsidiary's acts absent a showing of parent's control or active inducement).

3

### III. ANY REFERENCES TO COMMON STOCK OWNERSHIP, COMMON PARENTAGE OR "SISTER COMPANY" STATUS WOULD BE PREJUDICIAL.

References to common ownership or parentage status would promote the impermissible inference of collusion between separate corporate entities and thus, would only mislead and confuse the jury about when liability for indirect infringement properly attaches. Further, these references would unfairly color the relevant acts of the Defendants. Permitting interrogation of witnesses, comments to jurors or prospective jurors, or offers of evidence concerning these matters would unfairly prejudice the jury, and sustaining objections to such questions, comments, or offers would not cure such prejudice, but rather reinforce the prejudicial impact of such matters on the jurors.

### IV. CONCLUSION

For the foregoing reasons, Defendant CPT respectfully moves *in limine* to preclude LPL from making any reference to a common ownership, parentage, or "sister company" status between CPT and any other entity.

| | |
|---|---|
| Of Counsel:<br>Christine A. Dudzik<br>Thomas W. Jenkins<br>Howrey LLP<br>321 North Clark Street, Suite 3400<br>Chicago, IL 60610<br>(312) 595-1239<br><br>Julie S. Gabler<br>Howrey LLP<br>550 South Hope Street, Suite 1100<br>Los Angeles, CA 90071<br>(213) 892-1800<br><br>Teresa M. Corbin<br>Glenn W. Rhodes<br>Howrey LLP<br>525 Market Street, Suite 3600<br>San Francisco, CA 94105<br>(415) 848-4900<br><br>Dated: July 5, 2006 | /s/ Robert W. Whetzel<br>Robert W. Whetzel (#2288)<br>whetzel@rlf.com<br>Steven J. Fineman (#4025)<br>fineman@rlf.com<br>Matthew W. King (#4566)<br>king@rlf.com<br>Richards, Layton & Finger<br>One Rodney Square, P.O. Box 551<br>Wilmington, DE 19899<br>(302) 651-7700<br>Attorneys for Defendants/Counterclaimants<br>Tatung Company, Tatung Company of<br>America, Chunghwa Picture Tubes, Ltd. and<br>ViewSonic Corporation |

5

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 6, 2006, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing, and hand delivered to the following:

>Richard D. Kirk
>The Bayard Firm
>222 Delaware Avenue, Suite 900
>P.O. Box 25130
>Wilmington, DE 19899

I hereby certify that on July 6, 2006, I sent the foregoing document by Electronic Mail, to the following non-registered participants:

>Gaspare J. Bono
>Matthew T. Bailey
>Andrew J. Park
>Adrian Mollo
>McKenna Long & Aldridge LLP
>1900 K Street, NW
>Washington, DC 20006

/s/ Matthew W. King
Matthew W. King (#4566)
king@rlf.com
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

RLF1-2917974-1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 12, 2006, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing, and hand delivered to the following:

>Richard D. Kirk
>The Bayard Firm
>222 Delaware Avenue, Suite 900
>P.O. Box 25130
>Wilmington, DE 19899

I hereby certify that on July 12, 2006, I sent the foregoing document by Federal Express, to the following non-registered participants:

>Gaspare J. Bono
>Matthew T. Bailey
>Andrew J. Park
>Adrian Mollo
>McKenna Long & Aldridge LLP
>1900 K Street, NW
>Washington, DC 20006

>/s/ Matthew W. King
>Matthew W. King (#4566)
>king@rlf.com
>Richards, Layton & Finger
>One Rodney Square
>P.O. Box 551
>Wilmington, DE 19899

RLF1-2917974-1