IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG.PHILIPS LCD CO., LTD., | ) |
| | ) |
| Plaintiff, | ) C. A. No. 05-292 (JJF) |
| | ) |
| v. | ) |
| | ) REDACTED - PUBLIC VERSION |
| TATUNG COMPANY; | ) |
| TATUNG COMPANY OF AMERICA, INC.; | ) |
| CHUNGHWA PICTURE TUBES, LTD.; | ) |
| AND VIEWSONIC CORPORATION, | ) |
| | |
| Defendants. | |

**MOTION IN LIMINE (No. 11) TO EXCLUDE ALL REFERENCE TO CPT'S COMPLIANCE WITH U.S. REGULATORY AND SAFETY REQUIREMENTS**

Pursuant to Federal Rules of Evidence 402 and 403, Defendants seek to preclude LPL from offering or eliciting any testimony or making any arguments concerning CPT's compliance with U.S. regulatory or safety requirements. Compliance with U.S. regulatory and safety requirements for a commodity product sold worldwide is not probative on the issue of whether the product was actually sold in the U.S. However, such evidence would confuse the jury and lead it to draw a conclusion on an improper and irrelevant basis.

**I.    CPT'S COMPLIANCE WITH U.S. REGULATORY AND SAFETY REQUIREMENTS IS IRRELEVANT**

CPT's compliance with U.S. regulatory and safety requirements is irrelevant to any disputed issue in this case. LPL seeks to prove that CPT infringes both directly and by inducement and seeks damages for U.S. sales. To prove liability for infringement, either direct or induced, LPL must prove that there has been at least one infringing sale in the U.S. *See* 35 U.S.C. 271(a); *MEMC Electronic Materials, Inc. v. Mitsubishi Materials*

*Silicon Corp.*, 420 F.3d 1369, 1378 & n.4 (Fed. Cir. 2005) (Section 271(a) infringement must be established to impose inducement liability). And to prove its alleged damages, LPL must show how many sales there have been in the U.S. *See Standard Havens,Prods. v. Gencor Indus.*, 953 F.2d 1360 (Fed. Cir. 1992). CPT's compliance with U.S. regulatory and safety requirements is irrelevant to any disputed issue of fact in either the liability or damages analysis.

First, CPT's compliance with U.S. requirements is irrelevant to the issue of liability for infringement, which requires LPL to prove, among other things, that there has been at least one infringing sale in the U.S. Here, CPT does not dispute that some of its products have been sold in the United States. In fact, CPT has produced evidence of approximately 2000 units that CPT sold directly to the United States since 1999. Because CPT does not dispute that it has made U.S. sales, evidence about compliance with U.S. regulatory and safety standards is not relevant to any disputed issue of fact in the infringement analysis.

Second, CPT's compliance with U.S. requirements is irrelevant to the damages analysis. The parties (and their retained experts) agree that LCD modules are commodity products. *See* Report of Cobb & Associates (Ex. A). *See generally* Expert Report of Michael J. Wagner (Ex. B). By definition, commodity products are designed for potential sale anywhere in the world. Thus, commodity products are generally designed to comply with all relevant regulatory and safety requirements worldwide. LCD modules are no exception. Compliance with regulatory or safety standards that would allow products to be sold (or incorporated into finished products to be sold) in the United States is not probative of whether any particular unit or number of units was actually made,

used, sold or offered for sale in the United States. Just because a product could be sold in a particular country does not mean it was actually sold there.

## II. CPT'S COMPLIANCE WITH U.S. REGULATORY AND SAFETY REQUIREMENTS IS PREJUDICIAL RATHER THAN PROBATIVE OF ANY ISSUE IN DISPUTE AND WOULD BE A WASTE OF JUDICIAL RESOURCES

LPL seeks to prejudice the jury into believing that evidence of CPT's compliance with U.S. regulatory and safety requirements suggests an intent by CPT to have all of its products (or a large portion of its products) sold in the United States. This inference is not proper and is highly prejudicial to CPT.

In order to neutralize this improper inference (and/or argument), CPT would have to offer testimony concerning other non-U.S. regulatory or safety requirements that it complies with and the reasons for its compliance with both U.S. and non-U.S. regulatory and safety requirements, including the demands of worldwide system brand owners communicated to CPT through OEMs. This testimony would necessitate calling many witnesses CPT would otherwise not need to call, including third parties.

Of Counsel:
Teresa M. Corbin
Glenn W. Rhodes
Howrey LLP
525 Market Street, Suite 3600
San Francisco, CA 94105
(415) 848-4900

Julie S. Gabler
Howrey LLP
550 South Hope Street, Suite 1100
Los Angeles, CA 90071
(213) 892-1800

Dated: July 5, 2006

Robert W. Whetzel (#2288)
whetzel@rlf.com
Steven J. Fineman (#4025)
fineman@rlf.com
Matthew W. King (#4566)
king@rlf.com
Richards, Layton & Finger
One Rodney Square, P.O. Box 551
Wilmington, DE 19899
(302) 651-7700
Attorneys for Defendants/Counterclaimants
Tatung Company, Tatung Company of America, Chunghwa Picture Tubes, Ltd. and ViewSonic Corporation

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 6, 2006, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing, and hand delivered to the following:

> Richard D. Kirk
> The Bayard Firm
> 222 Delaware Avenue, Suite 900
> P.O. Box 25130
> Wilmington, DE 19899

I hereby certify that on July 6, 2006, I sent the foregoing document by Electronic Mail, to the following non-registered participants:

> Gaspare J. Bono
> Matthew T. Bailey
> Andrew J. Park
> Adrian Mollo
> McKenna Long & Aldridge LLP
> 1900 K Street, NW
> Washington, DC 20006

Matthew W. King (#4566)
king@rlf.com
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

RLF1-2917974-1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 12, 2006, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing, and hand delivered to the following:

> Richard D. Kirk
> The Bayard Firm
> 222 Delaware Avenue, Suite 900
> P.O. Box 25130
> Wilmington, DE 19899

I hereby certify that on July 12, 2006, I sent the foregoing document by Federal Express, to the following non-registered participants:

> Gaspare J. Bono
> Matthew T. Bailey
> Andrew J. Park
> Adrian Mollo
> McKenna Long & Aldridge LLP
> 1900 K Street, NW
> Washington, DC 20006

> /s/ Matthew W. King
> Matthew W. King (#4566)
> king@rlf.com
> Richards, Layton & Finger
> One Rodney Square
> P.O. Box 551
> Wilmington, DE 19899

RLF1-2917974-1