## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

LG. PHILIPS LCD CO., LTD.,  )
)
      Plaintiff,  )  C.A. No. 05-292 (JJF)
)
      v.  )
)  **REDACTED - PUBLIC VERSION**
TATUNG COMPANY;  )
TATUNG COMPANY OF AMERICA, INC.;  )
CHUNGHWA PICTURE TUBES, LTD.;  )
AND VIEWSONIC CORPORATION,  )
)
      Defendants.  )

## REPLY TO PLAINTIFF'S OPPOSITION TO
## DEFENDANT'S MOTION *IN LIMINE* NO. 3

### I.    VIEWSONIC IS NOT CPT'S CUSTOMER

Defendant Viewsonic Corporation ("Viewsonic") is not Defendant Chunghwa Picture Tubes, Ltd.'s ("CPT") customer. Viewsonic purchases product from system integrators. System integrators purchase product from panel manufacturers such as CPT. Any reference to Viewsonic as a CPT customer must be excluded because it mischaracterizes the relationship between the parties.

In its opposition, Plaintiff LG Philips LCD Co., Ltd. ("LPL") attempts to establish a direct customer relationship between CPT and Viewsonic. *See* Plaintiff's Opposition to Defendants' Motion *In Limine* (No. 3) ("Opposition").

LPL contends that because Viewsonic buys products from Original Equipment Manufacturers (OEMs) who in turn buy components from CPT, then Viewsonic is CPT's customer. Plaintiff's Opposition at 4. This analysis contradicts the plain meaning of the word "customer." Customer means "one that purchases some commodity or service." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 559 (1993). *See Liberty Lincoln-Mercury, Inc., v. Ford Motor Co.*, 171 F.3d 818 (3d Cir. 1999) (in the absence of a statutory definition, it is reasonable to draw upon the ordinary meaning of a

word). Viewsonic is not CPT's customer. The record evidence clearly establishes that Viewsonic does not purchase modules from CPT. For instance, Pearlyn Bee San Lim testified:

REDACTED

The Federal Circuit rejected LPL's argument in *MEMC Elec. Materials, Inc v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1377 (Fed. Cir. 2005) (a direct transfer of title was necessary to establish a customer relationship between a foreign manufacturer and American buyer for the purpose of proving direct infringement under 35 U.S.C. § 271(a)). Although LPL argues that the distinction between a direct purchaser and a manufacturer further up the chain is only semantic, meaningful distinctions are made between customers, i.e., direct purchasers, and indirect purchasers throughout the law. *See MEMC, supra. See, e.g., Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977) (only direct purchasers have standing to sue for antitrust damages). For example, a car dealer who purchases a car from the manufacturer is not the muffler supplier's customer. Similarly, Viewsonic, who purchases its products from another manufacturer, is not its component maker's, i.e. CPT's, customer.

## II.    ANY REFERENCE TO VIEWSONIC AS CPT'S CUSTOMER WOULD BE PREJUDICIAL

Allowing LPL to refer to Viewsonic as CPT's customer, in spite of the record evidence and the plain meaning ascribed to a customer relationship, would unduly prejudice Defendants. A reference to Viewsonic as a customer of CPT would inaccurately color the jury's impression of the actual connection, if any, between these two parties and unfairly influence the jury's deliberations regarding liability. Permitting

2

interrogation of witnesses, comments to jurors or prospective jurors, or offers of evidence concerning these matters would unfairly prejudice the jury, and sustaining objections to such questions, comments, or offers would not cure such prejudice, but rather reinforce the prejudicial impact of such matters on the jurors.

## III.    **CONCLUSION**

For the foregoing reasons, Defendant CPT respectfully moves *in limine* to preclude LPL from making any reference to a customer relationship between CPT and Viewsonic.

Robert W. Whetzel (#2288)

Of Counsel:                         whetzel@rlf.com
Teresa M. Corbin                    Steven J. Fineman (#4025)
Glenn W. Rhodes                     fineman@rlf.com
Howrey LLP                          Matthew W. King (#4566)
525 Market Street, Suite 3600       king@rlf.com
San Francisco, CA  94105            Richards, Layton & Finger
(415) 848-4900                      One Rodney Square, P.O. Box 551
                                    Wilmington, DE  19899
Julie S. Gabler                     (302) 651-7700
Howrey LLP                          Attorneys for Defendants/Counterclaimants
550 South Hope Street, Suite 1100   Tatung Company, Tatung Company of
Los Angeles, CA  90071              America, Chunghwa Picture Tubes, Ltd. and
(213) 892-1800                      ViewSonic Corporation

Dated:  July 6, 2006

3

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 6, 2006, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing, and hand delivered to the following:

> Richard D. Kirk
> The Bayard Firm
> 222 Delaware Avenue, Suite 900
> P.O. Box 25130
> Wilmington, DE  19899

I hereby certify that on July 6, 2006, I sent the foregoing document by Electronic Mail, to the following non-registered participants:

> Gaspare J. Bono
> Matthew T. Bailey
> Andrew J. Park
> Adrian Mollo
> McKenna Long & Aldridge LLP
> 1900 K Street, NW
> Washington, DC  20006

> Matthew W. King (#4566)
> king@rlf.com
> Richards, Layton & Finger
> One Rodney Square
> P.O. Box 551
> Wilmington, DE  19899

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 12, 2006, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing, and hand delivered to the following:

> Richard D. Kirk
> The Bayard Firm
> 222 Delaware Avenue, Suite 900
> P.O. Box 25130
> Wilmington, DE 19899

I hereby certify that on July 12, 2006, I sent the foregoing document by Federal Express, to the following non-registered participants:

> Gaspare J. Bono
> Matthew T. Bailey
> Andrew J. Park
> Adrian Mollo
> McKenna Long & Aldridge LLP
> 1900 K Street, NW
> Washington, DC 20006

> Matthew W. King (#4566)
> king@rlf.com
> Richards, Layton & Finger
> One Rodney Square
> P.O. Box 551
> Wilmington, DE 19899