# Exhibit J

# REDACTED

# Exhibit K

# REDACTED

# Exhibit L

# HOWREY LLP

321 North Clark Street
Suite 3400
Chicago, IL 60610-4717
T 312 595 1239
F 312 595 2250
www.howrey.com

July 3, 2006

Direct Dial 312 846 5632

<u>BY FACSIMILE</u>

Matthew L. Woods, Esq.
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
LaSalle Avenue
Minneapolis, MN 55402

      **Re:**    *LG Philips LCD Co., Ltd. v. Tatung Co., et al.* **(C.A. No. 05-292 JJF)**

Dear Mr. Woods:

      Thank you for contacting me in response to the subpoenas that CPT served on your clients Honeywell International and Kalluri Sarma (collectively "Honeywell") on June 28, 2006 in connection with the above-referenced case. I understand from our June 30 conversation that Honeywell is in the early stages of responding to the subpoena and, as Mr. Brafman explained, Honeywell probably would not be able to make witnesses or documents available until the end of July or later. We are quickly approaching trial in mid-July in this action and it seems unlikely that Honeywell would be able to respond to our subpoena during the summer season by that time. Accordingly, this will confirm that CPT withdraws the subpoenas served on Honeywell and Mr. Sarma and that there is no need for your clients to take any further steps to produce witnesses or the documents requested therein.

      Thank you for your cooperation. If you have any questions, please do not hesitate to contact me.

                            Sincerely,

                            Salmaan T. Quader

cc:    David Brafman

AMSTERDAM  BRUSSELS  CHICAGO  HOUSTON  IRVINE  LONDON
LOS ANGELES  MENLO PARK  NORTHERN VIRGINIA  PARIS  SAN FRANCISCO  WASHINGTON, DC

# Exhibit M

# REDACTED

# Exhibit N

# McKenna Long
# &Aldridge LLP
### Attorneys at Law

Atlanta

Denver

Los Angeles

Philadelphia

San Diego

San Francisco

Washington, DC

Brussels

1900 K Street, NW • Washington, DC 20006
202.496.7500 • Fax: 202.496.7756
www.mckennalong.com

GASPARE J BONO
(202) 496-7211

EMAIL ADDRESS
gbono@mckennalong.com

June 5, 2006

**BY E-MAIL**

Steven Yovits, Esq.
Howrey LLP
321 North Clark Street, Suite 3400
Chicago, IL 60610

Re:    *LG Philips LCD Co., Ltd v. Tatung Co., et al*; CA No 05-292 (JJF)

Dear Steve:

I am writing to confirm the 30(b)(6) deposition of LPL that is scheduled for this week.

The deposition of LPL's designee Jong Hwan Kim, will be taken tomorrow, June 6, commencing at 9:00 a.m. at Howrey's Washington, D.C. office. Mr. Kim is designated to testify on Topics 7, 10, 11, 12, 14 and 15 of Defendants' Amended Notice of Rule 30(b)(6) Deposition of Plaintiff.

The deposition of LPL's designee, YoungWoo Cho, will take place on Friday, June 9, commencing at 9:00 a.m. at Howrey's Washington, D.C. office. Mr. Cho is designated to testify on Topics 1, 3, 4, 6, 8, 9, 13, 16, 18, 19 and 21.

Please note that the designated topics for these witnesses have been slightly modified from the letter dated May 9 sent to you by Cass Christenson.

Pursuant to Plaintiff's Objections to Defendants' Amended Notice of Rule 30(b)(6) Deposition, and as explained in Cass's May 9 letter, LPL has objected to Topics 2, 5, 17 and 20, and is not able to designate a witness to testify on these topics.

Furthermore, LPL's designees as to the topics listed in this letter will testify subject to the objections set forth in Plaintiff's Objections to Defendants' Amended Notice of Rule 30(b)(6) Deposition.

Steven Yovits, Esq.
June 5, 2006
Page 2

We have previously informed you that a translator will be needed for both of these depositions.

Very truly yours,

Gaspare J. Bono

GJB:ea
cc:    (by e-mail)
       Julie S. Gabler, Esq.
       Christine A. Dudzik, Esq.
       Matthew W. King, Esq.
       Richard D. Kirk, Esq.
       Gaspare J. Bono, Esq.

# Exhibit O

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LG. PHILIPS LCD CO., LTD., | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 05-292 (JJF) |
| | ) | |
| v. | ) | |
| | ) | |
| TATUNG COMPANY; | ) | |
| TATUNG COMPANY OF AMERICA, INC.; | ) | |
| CHUNGHWA PICTURE TUBES, LTD.; | ) | |
| AND VIEWSONIC CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' AMENDED NOTICE OF DEPOSITION OF
## PLAINTIFF UNDER FRCP 30(b)(6)

DM_US\8343544 v1

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendants Chunghwa Picture Tubes, Ltd., Tatung Company, Tatung Company of America, Inc , and Viewsonic Corporation (collectively "CPT") will take the deposition upon oral examination of Plaintiff LG Philips LCD Co., Ltd. ("LPL") on the topics set forth in Attachment A.

The deposition will take place at the following address:
Howrey LLP
550 S. Hope St.
Suite 1100
Los Angeles, CA 90071

The deposition will commence on May 15, 2006, at 9:00 a.m., or at such other time as mutually agreed upon. The deposition will be conducted before a Notary Public or some other officer authorized to administer an oath. Testimony will be recorded by stenographic and/or videographic (audio and visual) means. Testimony may also be recorded by real-time transcription means (e.g., Livenote).

Dated: May 8, 2006

**Howrey LLP**

By: _____
Steven Yovits
Howrey LLP
Attorneys for Defendants/Counterclaimants
Chunghwa Picture Tubes, Ltd.; Tatung
Company; Tatung Company of America,
Inc ; and Viewsonic Corporation.

Robert W. Whetzel (#2288)
whetzel@rlf.com
Matthew W. King (#4566)
king@rlf.com
Richards, Layton & Finger
One Rodney Square, P.O. Box 551
Wilmington, DE  19899
(302) 651-7700

Christine A. Dudzik
Steven Yovits
Howrey LLP
321 North Clark Street, Suite 3400
Chicago, Illinois 60610
(312) 595-1239


Julie S. Gabler
Howrey LLP
550 South Hope Street, Suite 1100
Los Angeles, CA 90071
(213) 892-1800

Glenn W. Rhodes
J. James Li
Howrey LLP
525 Market Street, Suite 3600
San Francisco, California  94105
(415) 848-4900

## Attachment A

### Deposition Topics

1. All events and documents evidencing or in any way relating to the conception and reduction to practice of U.S. Pat. 5,019,002 ("the '002 patent"), including but not limited to investigations or due diligence analyses by LPL regarding the conception and reduction to practice of the '002 patent.

2. All forms of implementations of the '002 patent in LPL's products, including, without limitation, the engineering designs and specifications for the embodiments of "the outer electrostatic discharge guard ring," "inner electrostatic discharge guard ring," "resistance," "interconnecting," "switching element," "pickup pad," and "corner pad," as those terms are used by the '002 patent.

3. The engineering and commercial values of the implementation of the '002 patent by LPL's products, including but not limited to, any engineering or manufacturing advantages, cost savings, quality improvement, and/or sales enhancement of LPL products provided by the technologies claimed by the '002 patent.

4. LPL's purchase of the '002 patent from Honeywell, Inc., including, but not limited to, issues regarding when, how, and why LPL made the purchase, people who participated in the negotiation and due diligence for the purchase on behalf of LPL, and the contractual terms for the purchase, including but not limited to the amount paid for the patent.

5. LPL's litigations against NEC in the United States District Court, District of Delaware (Case No. 1:99-cv-00726-RRM) and in the Northern District of California (Case No. 3:98-cv-03624-MMC) ("the NEC cases"). The topic

includes, but is not limited to, the asserted claims of the '002 patent in the NEC cases, NEC's invalidity claims against the '002 patent, NEC's and LPL's expert reports regarding invalidity and infringement, and the terms of the settlement between LPL and NEC.

6. The construction and derivation of LPL's financial data.

7. The relationship between LPL and its related entities (including but not limited to LG. Philips America, Inc.).

8. Identification of the LPL modules that practice the '002 patent.

9. The bases for LPL's contentions that it has been harmed and has suffered damages.

10. All information about the licenses LPL has successfully or unsuccessfully negotiated or offered for any patent portfolios including the '002 patent.

11. The market for products practicing or embodying the '002 patent including those manufactured or sold by LPL or any other entity.

12. All valuations ever conducted of the '002 patent.

13. The profits (net and gross) associated with LPL's products practicing the '002 patent as opposed to ones not practicing the '002 patent.

14. The commercial relationship between LPL and any or all of CPT, Tatung, Tatung USA, and Viewsonic.

15. LPL's licensing policy and its historical licensing policy.

16. The fiscal contribution of the patented invention to the accused products and to any of LPL's products that embody the invention.

17. The non-infringing alternatives to the '002 patent or the lack of non-infringing alternatives.

18. The costs of developing or procuring the '002 patent.

19. The financial, business, and marketing documents kept by LPL and the process of producing financial, business and marketing documents.

20. All communications involving the sale, marketing, or business involving the 002 patent.

21. All notice letters or warnings that LPL ever sent out to any other entities or individuals regarding the '002 patent.

## CERTIFICATE OF SERVICE

I, Steven Yovits, an attorney, hereby certify that I have served a copy of

the foregoing **DEFENDANTS' AMENDED NOTICE OF DEPOSITION OF**

**PALINTIFF UNDER FRCP 30(b)(6)** on the following individual by electronic mail on

May 8, 2006:

Cass W. Christenson, Esq.

McKenna Long & Aldridge LLP

1900 K Street, N.W.

Washington, D.C. 20006

Steven Yovits

# Exhibit P

# REDACTED

# Exhibit Q

# REDACTED