IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG. PHILIPS LCD CO., LTD., | ) |
| | ) |
| Plaintiff, | ) C. A. No. 05-292 (JJF) |
| | ) |
| v. | ) **DEMAND FOR JURY TRIAL** |
| | ) |
| TATUNG COMPANY; | ) |
| TATUNG COMPANY OF AMERICA, INC.; | ) |
| CHUNGHWA PICTURE TUBES, LTD.; | ) REDACTED - PUBLIC VERSION |
| AND VIEWSONIC CORPORATION, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF ITS MOTION
FOR PARTIAL SUMMARY JUDGMENT OF INVALIDITY
OF CLAIMS 3-6, 14-17, 21-24 AND 32-35 DUE TO INDEFINITENESS**

OF COUNSEL:

Teresa M. Corbin
Glenn W. Rhodes
Howrey LLP
525 Market Street, Suite 3600
San Francisco, California 94105
(415) 848-4900

Julie S. Gabler
Howrey LLP
550 South Hope Street, Suite 1100
Los Angeles, California 90071
(213) 892-1800

Dated: July 6, 2006

Robert W. Whetzel (#2288)
whetzel@rlf.com
Steven J. Fineman (#4025)
fineman@rlf.com
Matthew W. King (#4566)
king@rlf.com
Richards, Layton & Finger
One Rodney Square, P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700
Attorneys for Defendants/Counterclaimants
Tatung Company, Tatung Company of
America, Chunghwa Picture Tubes, Ltd. and
ViewSonic Corporation

# TABLE OF CONTENTS

INTRODUCTION ................................................................................................................. 2

LEGAL PRINCIPLES ......................................................................................................... 3

I.    STANDARD FOR SUMMARY JUDGMENT ..................................................... 3

II.    THE LAW OF INDEFINITESS ............................................................................ 4

ARGUMENT ......................................................................................................................... 5

III.    THE CLAIM TERM "PICKUP PAD" IS INDEFINITE UNDER 35 U.S.C. § 112, SECOND PARAGRAPH BECAUSE IT DOES NOT HAVE A CLEAR AND DEFINITE MEANING ........................................................................................ 5

CONCLUSION ...................................................................................................................... 8

# TABLE OF AUTHORITIES
## CASES

*Amgen, Inc. v. Chugai Pharm. Co.*,
  927 F.2d 1200 (Fed. Cir. 1991) .................................................................................. 3

*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242 (1986) ..................................................................................................... 3

*Chimie v. PPG Industrial, Inc.*,
  402 F.3d 1371 (Fed. Cir. 2005) .................................................................................. 2

*CCS Fitness, Inc. v. Brunswick Corp.*,
  288 F.3d 1359 (Fed. Cir. 2002) .................................................................................. 4

*Exxon Research & Engineering Co. v. United States*,
  265 F.3d 1371 (Fed. Cir. 2001) .................................................................................. 4

*Kay Berry, Inc. v. Taylor Gifts, Inc.*,
  421 F.3d 199 (3d Cir. 2005) ....................................................................................... 2

*Maguiere v. Hughes Aircraft Corp.*,
  912 F.2d 67 (3d Cir. 1990) ......................................................................................... 3

*Miles Laboratories, Inc. v. Shandon, Inc.*,
  997 F.2d 870 (Fed. Cir. 1993) .................................................................................... 3

*Northwestern Mutual Life Insurance Co. v. Babayan*,
  430 F.3d 121 (3d Cir. 2005) ....................................................................................... 2

*Novartis Pharm. Copr. v. Abbott Laboratoriess*,
  375 F.3d 1328 (Fed. Cir. 2004) .................................................................................. 4

*P.N. v. Clementon Board Of Education*,
  442 F.3d 848 (3d Cir. 2006) ....................................................................................... 2

*Permutit Co. v. Graver Corp*,
  284 U.S. 52 (1931) ....................................................................................................... 3

*Slagle v. County of Clarion*,
  435 F.3d 262 (3d Cir. 2006) ....................................................................................... 2

*Standard Oil Co. v. American Cyanamid Co.*,
  774 F.2d 448 (Fed. Cir. 1995) ................................................................................. 3, 4

*Telemac Cellular Corp. v. Topp Telecom, Inc.*,
   247 F.3d 1316 (Fed.Cir. 2001)......................................................................................4

*Union Pac. Resources V. Chesapeake Energy Corp.*,
   236 F.3d 684 (Fed. Cir. 2001).......................................................................................4

## OTHER AUTHORITIES

35 U.S.C. § 112..........................................................................................................*passim*

Fed. R. Civ. P. 56(b)........................................................................................................1, 3

Pursuant to Fed.R.Civ.P. 56(b), Defendants Tatung Company, Tatung Company of America Inc., Chunghwa Picture Tubes, Ltd. and ViewSonic Corporation (collectively "CPT") hereby moves this Court for summary judgment of invalidity of Claims 3-6, 14-17, 21-24 and 32-35 of Plaintiff L.G. Philip LCD Co., Ltd.'s ("LPL") U.S. Patent No. 5,019,002 (the "'002 patent,'" Ex. A) because the claim term "pickup pad" is neither defined nor described in the specification. Defendants respectfully submit that the motion should be considered at this time because the need for the motion was not apparent until after CPT received the Court's claim construction order and opinion on the afternoon of June 13, 2006. The scheduling order deadline for fully briefing Summary Judgment Motions was the very next day, June 14, 2006. This was insufficient time for CPT to analyze the issues presented and prepare a motion and opening brief by June 14, 2006. Additionally, it was only on June 30, 2006 that CPT had the opportunity to depose LPL's expert, Dr. Elliot Schlam, to determine whether he could provide any definitive definition of this term in light of the Court's *Markman* ruling rejecting LPL's construction. He could not. In fact, he offered a multitude of definitions of the term pick-up pad, only confirming that one of ordinary skill in the art would have no means of understanding the bounds of the claim term even when the claims are read in light of the patent specification and file history. His new definitions are so broad that they render the term pick-up pad meaningless, with no connection to the specification or intended purpose of the claimed invention. Thus, the term "pickup pad" has no definite meaning rendering the claims invalid for failure to satisfy the definiteness requirement of 35 U.S.C. section 112, second paragraph.

This motion is proper because indefiniteness is a question of law and there are no genuine issues of material fact in dispute.

1

## INTRODUCTION

On June 13, 2006, this Court issued a Memorandum Opinion and Order setting out its construction of the disputed claim terms of the '002 patent. In that Order, the court declined to construe the term "pickup pad" but noted that the term has no usual meaning to one of ordinary skill in the art. (*Markman* Op., p. 15) Furthermore, the Court rejected both parties' proposed constructions. More specifically, the Court rejected LPL's proposed construction that a pickup pad is used to electrically connect the back plane to the front plane, noting that there is no support in the patent specification or claims describing any such electrical connection. *Id.* The court explained that the patent "teach[es] only the electrical connection of the pickup pad with other elements on the back plane." *Id.*

In declining to construe the term, the Court noted that "all of the significant attributes of the 'pickup pad' mentioned in the specification are also specifically claimed." (*Markman* Op. at p. 16). Accordingly, the Court concluded that no further construction of the term was necessary. However, claims 17, 24 and 35 do not specifically claim **any** attributes of the "pick-up pad." Claim 17 recites the following:

> The method as defined in claim **10** including forming a
> plurality of pick-up pads, each one on a separate corner
> of the display.

Claim 24 recites the following:

> The back plane as defined in claim **21** including a plurality
> of pick-up pads, each one formed on a separate corner of the display.

2

Claim 35[1] recites the following:

> The backplane as defined in claim **28** including a plurality of pick-up pads, each one formed on a separate corner of the display.

Moreover, the lack of definition has allowed LPL's expert to construe the term so broadly, it is rendered meaningless. At his deposition on June 30, 2006, LPL's expert, Dr. Schlam, offered multiple definitions of the term pickup pad and then finally admitted that he could not provide any "closed-end definition" for that term. Schlam Transcript at p. 67-74 (Ex. B.) His testimony makes clear that the term "pickup pad" is fatally indefinite and thus invalid.

## LEGAL PRINCIPLES

### I. STANDARD FOR SUMMARY JUDGMENT

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file" show that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Slagle v. County of Clarion*, 435 F.3d 262, 264-65 (3d Cir. 2006); *Northwestern Mut. Life Ins. Co. v. Babayan*, 430 F.3d 121, 128 (3d Cir. 2005); *Chimie v. PPG Indus., Inc.*, 402 F.3d 1371, 1376 (Fed. Cir. 2005). On a motion for summary judgment, the Court "must view the underlying facts and all reasonable inferences therefrom in the light most favorable to the party opposing the motion." *P.N. v. Clementon Bd. Of Educ.*, 442 F.3d 848, 852 (3d Cir. 2006); *Kay Berry, Inc. v. Taylor Gifts, Inc.*, 421 F.3d 199, 203 (3d Cir. 2005). Where a trial is unnecessary because no reasonable jury could resolve an issue in favor of the non-moving party, summary judgment should be granted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49, (1986). The party opposing summary judgment, however, may not rest on mere allegations but must set forth

---

[1] Though LPL's pleadings assert that Defendants infringe claim 35, LPL's expert, Dr. Schlam, offered no opinion as to infringement of claim 35, and LPL is apparently dropping this allegation.

specific facts showing that a genuine issue of material fact exists. *Maguire v. Hughes Aircraft Corp.*, 912 F.2d 67, 72 (3d Cir. 1990). The mere existence of some alleged factual dispute between the parties do not defeat an otherwise properly supported motion for summary judgment; the requirement is that there are no genuine issue of material fact. *Anderson*, 477 U.S. at 247-48.

## II.     THE LAW OF INDEFINITESS

The definiteness requirement of 35 U.S.C. § 112, is set forth in the second paragraph, which states:

> The specification shall conclude with one or more claims *particularly pointing out and distinctly claiming* the subject matter which the applicant regards as his invention. (Emphasis added).

35 U.S.C. § 112 ¶ 2. Compliance with the definiteness requirement of 35 U.S.C. § 112, ¶ 2 is a question of law. *Miles Labs., Inc. v. Shandon, Inc.*, 997 F.2d 870, 874 (Fed. Cir. 1993).

35 U.S.C. § 112 requires the patentee to "inform the public during the life of the patent of the limits of the monopoly asserted, so that it may be known which features may be safely used or manufactured without a license and which may not." *Permutit Co. v. Graver Corp*, 284 U.S. 52, 60 (1931) (footnote omitted). In order to comply with the definiteness requirement, the patent claims must have "a clear and definite meaning when construed in the light of the complete patent document." *Standard Oil Co. v. Am. Cyanamid Co.*, 774 F.2d 448, 452 (Fed. Cir. 1985). The test for definiteness is "whether one skilled in the art would understand the bounds of the claim when read in light of the specification." *Miles Labs.*, 997 F.2d at 875. *Id.* When a claim contains a vague term or limitation that is not defined in the patent and is not meaningful to those of skill in the art, it is properly declared invalid. *Amgen, Inc. v. Chugai Pharm. Co.*, 927 F.2d 1200, 1218 (Fed. Cir. 1991); *Standard Oil*, 774 F.2d at 453.

4

# ARGUMENT

## III. THE CLAIM TERM "PICKUP PAD" IS INDEFINITE UNDER 35 U.S.C. § 112, SECOND PARAGRAPH BECAUSE IT DOES NOT HAVE A CLEAR AND DEFINITE MEANING

The terms used in the claims bear a presumption that they mean what they say and have the ordinary meaning that would be attributed to those words by a person skilled in the relevant art. *CCS Fitness, Inc. v. Brunswick Corp.*, 288 F.3d 1359, 1366 (Fed. Cir. 2002). Under section 112, second paragraph, the requirement to "distinctly" claim means that the claim must have a meaning discernable to one of ordinary skill in the art when construed according to correct claim construction principles. *Union Pac. Res. v. Chesapeake Energy Corp.*, 236 F.3d 684, 692 (Fed. Cir. 2001). In these instances, a person of ordinary skill in the art can only discern the meaning of the term based on the intrinsic evidence. *Telemac Cellular Corp. v. Topp Telecom, Inc.*, 247 F.3d 1316, 1326 (Fed. Cir. 2001). In other words, if the disputed claim term is a term with no previous meaning to those of ordinary skill in the art, its meaning must be found elsewhere in the patent. *Novartis Pharm. Corp v Abbott Labs*, 375 F.3d 1328, 1334 (Fed. Cir. 2004). When a claim remains insolubly ambiguous without a discernable meaning after reasonable attempts at construction, a court must declare it indefinite. *Exxon Research & Eng'g Co. v. United States*, 265 F.3d 1371, 1375 (Fed. Cir. 2001).

The Court has ruled (and the parties agree) that the term "pickup pad" has no usual meaning to one of ordinary skill in the art. (*Markman* Op. at 15) Thus, one skilled in the art must look elsewhere to determine its meaning. The Court has directed that the best that can be done with "pickup pad" is to define the term with respect to the attributes specifically claimed. As claims 17, 24 and 35 do not claim any attributes of the pickup pad, this still leaves the term ambiguous and indefinite, as the patent provides no real guidance as to the term's meaning. The

specification simply describes a "backplane pickup contact pad 216" that "includes a corner 128 for aligning the back plane with the front plane" and describes a shunt pathway from the pickup pad to the outer ESD guard ring via a shunt switching element and a resistance. ('002 patent, Ex. A, col. 8, 18-30).

Tellingly, neither party is able to assign any definite meaning to "pickup pad." The Court rejected the proposed definitions of both sides. (*Markman* Op. at 15)

REDACTED

REDACTED

6

REDACTED

Moreover, the claimed "attributes" of the "pickup pad" do not provide any support for understanding this term. For instance, claim 3 requires that the pickup pad be coupled to a resistance via a shunt switching device. However, what the resistance is connected to remains undefined. Hence, none of the claimed attributes of "pickup pad" lends any clarity or guidance as to how one of ordinary skill in the art would interrupt the term "pickup pad" aside from the added "attributes." One of ordinary skill is still left with the undefined claim term "pickup pad."

Because it is not possible for one of ordinary skill in the art to determine the "bounds" of the term "pickup pad" in light of the patent specification, claims 3-6, 14-17, 21-24 and 32-35 are indefinite and/or insolubly ambiguous, and therefore, invalid pursuant to 35 U.S.C. section 112, second paragraph

## CONCLUSION

Because it is not possible for one of ordinary skill in the art to determine the "bounds" of the term "pickup pad" in light of the patent specification, claims 3-6, 14-17, 21-24 and 32-35 are indefinite and insolubly ambiguous, and therefore, invalid pursuant to 35 U.S.C. section 112, second paragraph. Thus, the Court should grant Defendants' motion for partial summary judgment of invalidity of these claims under 35 U.S.C. Section 112, second paragraph.

OF COUNSEL:

Teresa M. Corbin
Glenn W. Rhodes
Howrey LLP
525 Market Street, Suite 3600
San Francisco, California 94105
(415) 848-4900

Julie S. Gabler
Howrey LLP
550 South Hope Street, Suite 1100
Los Angeles, California 90071
(213) 892-1800

Dated: July 6, 2006

Robert W. Whetzel (#2288)
whetzel@rlf.com
Steven J. Fineman (#4025)
fineman@rlf.com
Matthew W. King (#4566)
king@rlf.com
Richards, Layton & Finger
One Rodney Square, P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700
Attorneys for Defendants/Counterclaimants
Tatung Company, Tatung Company of America, Chunghwa Picture Tubes, Ltd. and ViewSonic Corporation

8

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 6, 2006, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing, and hand delivered to the following:

>Richard D. Kirk
>The Bayard Firm
>222 Delaware Avenue, Suite 900
>P.O. Box 25130
>Wilmington, DE 19899

I hereby certify that on July 6, 2006, I sent the foregoing document by Electronic Mail, to the following non-registered participants:

>Gaspare J. Bono
>Matthew T. Bailey
>Andrew J. Park
>Adrian Mollo
>McKenna Long & Aldridge LLP
>1900 K Street, NW
>Washington, DC 20006

Steven J. Fineman (#4025)
fineman@rlf.com
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 12, 2006, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing, and hand delivered to the following:

> Richard D. Kirk
> The Bayard Firm
> 222 Delaware Avenue, Suite 900
> P.O. Box 25130
> Wilmington, DE 19899

I hereby certify that on July 12, 2006, I sent the foregoing document by Federal Express, to the following non-registered participants:

> Gaspare J. Bono
> Matthew T. Bailey
> Andrew J. Park
> Adrian Mollo
> McKenna Long & Aldridge LLP
> 1900 K Street, NW
> Washington, DC 20006

> /s/ Matthew W. King
> Matthew W. King (#4566)
> king@rlf.com
> Richards, Layton & Finger
> One Rodney Square
> P.O. Box 551
> Wilmington, DE 19899

RLF1-2917974-1