IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG. PHILIPS LCD CO., LTD., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TATUNG COMPANY; ) <br> TATUNG COMPANY OF AMERICA, INC.; ) <br> CHUNGHWA PICTURE TUBES, LTD.; ) <br> AND VIEWSONIC CORPORATION, ) <br> ) <br> Defendants. ) | C.A. No. 05-292 (JJF) <br><br> REDACTED - PUBLIC VERSION |

**DEFENDANTS' MOTION *IN LIMINE* (No. 10) TO EXCLUDE
EXPERT OPINION NOT DISCLOSED IN EXPERT REPORTS**

Defendants, Chunghwa Picture Tubes, Ltd., Tatung Company, Tatung Company of America and ViewSonic Corporation (collectively, "CPT") respectfully move *in limine* to preclude Plaintiff LG.Philips LCD Co., Ltd. ("LPL") from introducing at trial expert opinion testimony from LPL's experts Arthur H. Cobb and Elliott Schlam that has not been fully disclosed in his expert report and/or his deposition ("Undisclosed Opinions").

LPL did not have any testifying damages expert working on this case until perhaps as late as mid-May and no earlier than May 5. It is no wonder that less than three weeks before trial, Mr. Cobb testified that he was still developing opinions in this case and would likely offer opinions at trial that were not in his June 2 expert report. These "new" opinions were not final, and for the most part, would be based on anticipated evidence that Mr. Cobb had not seen, making meaningful examination practically impossible. Ironically, the evidence Mr. Cobb expects to be most crucial has been available to LPL all along, and if there is any reason Mr. Cobb has not yet reached his final opinions, it is because LPL had not allowed its expert to start work earlier. In addition to Undisclosed Opinions concerning damages associated with CPT,

LPL expert witnesses also failed to disclose any opinion testimony at all regarding alleged infringement by, or damages associated with, Viewsonic, Tatung, and Tatung USA. Instead, LPL will likely attempt to piggyback infringement and damages arguments on the expert testimony of Dr. Schlam and/or Mr. Cobb, which concerns *only* Chunghwa Picture Tubes.

LPL should not be permitted to gain an unfair advantage by revealing "new" final opinions at trial, rather than in mandatory Rule 26(a)(2)(B) reports. In any trial, undue prejudice results if experts issue "preliminary" reports when final reports are due, come unprepared to depositions, or only disclose their actual opinions at the last minute. This is especially true under an expedited trial schedule, where parties do not have time or resources to retake daylong depositions, much less construct trial strategies on the eve of opening statements. CPT, after all, provided *complete and timely* expert reports to LPL. CPT had a right to know LPL's damages theories no later than June 2, 2006, the date affirmative expert reports, including Mr. Cobb's and Dr. Schlam's reports, were due.

Any attempt to offer Undisclosed Opinions is a blatant violation of the Federal Rules of Civil Procedure and should not be condoned. The only fair course is to follow the requirements of Rules 26 and 37 and hold Mr. Cobb to the opinions disclosed in his June 2 reports.

### A.   Mr. Cobb Intends To Offer Opinions Beyond His Expert Report Based On Evidence Available All Along.

Mr. Cobb's deposition was taken June 29, 2006.

**REDACTED**

REDACTED

After having labeled his June 2 report as "preliminary," Mr. Cobb elected not to use the intervening 27 days prior to his June 29 deposition to do any further work toward finalizing his opinions. Instead, he indicated that he intended to work on finalizing his opinions after the deposition and that he believed many of them might change prior to or even during trial

REDACTED

---

[1] A 5% rate is inconsistent with his model disclosed in his expert report, which was based on a 3-5% rate. See Report of Cobb & Associates, Ltd., dated June 2, 2006 at 25-26, 29 (attached hereto as Ex. B).

**REDACTED**

Consequently, he was not in a position during the deposition to disclose what his ultimate opinions will be, much less be cross examined on what he might base them on in the future.

**REDACTED**

Mr. Cobb's decisions to present preliminary opinions in his June 2, 2006 report, and to not supplement those opinions before his June 29, 2006 deposition, were completely within his control. Mr. Cobb tried to explain the "preliminary" nature of his report was due, in part, because discovery was not completed. *Id.* at 10:23-11:1. However, all the evidence that Mr. Cobb anticipates affecting his opinions were reasonably available to LPL. For example, the only

deposition Mr. Cobb identified that had not yet been taken that might change or augment his opinions was Mr. Ho Lee. *Id.* at 14:4-14. Mr. Lee is an employee of LGE, the parent company of LPL, and was at no time unavailable to LPL or Mr. Cobb. *Id.* at 14:15-16, 14:21-25. Mr. Cobb had no explanation for why he did not talk with Mr. Lee prior to completing his June 2nd report. *Id.* at 14:17-20.

Similarly, other evidence Mr. Cobb anticipated might affect his opinions was likewise available, or was only unavailable because of inaction by LPL's counsel and Mr. Cobb himself. Mr. Cobb indicated that his opinions concerning yield rate might change due to anticipated discussions with LPL engineers. *Id.* at 12:8-22. Clearly, LPL could have made its employees available to its own expert. Nonetheless, in the entire time Mr. Cobb worked on this case, he only talked directly with two LPL employees – Jason Cho and John Kim – in one telephone call lasting less than one hour. *Id.* at 46:19-47:13. Mr. Cobb initially asked LPL's counsel to identify such employees, and counsel directed Mr. Cobb to Cho and Kim, but not to these new engineers. *Id.* at 49:14-50:16. During this call, he did not ask whether there were any other employees who could offer information concerning yield rate. *Id.* Now Mr. Cobb intends to supplement key bases of his opinions simply because LPL did not provide this information to him earlier.

Ironically, it is LPL who has suggested to Mr. Cobb that he should sponsor an even higher yield rate at trial ("substantially in excess of 8%") than he used in the damages model included in his June 2 report. *See id. at* 47:14-22.

REDACTED

This is hardly a justification for remaking one's opinions on the eve of trial.

Another new damages model Mr. Cobb might offer – namely, that CPT became aware of infringement beginning in February 2002 – has nothing to do with new evidence, but rather is simply that he has not found evidence to support his previous calculations. *See id.* at 15:1-7.

REDACTED

Aside from the Ho Lee deposition, the only identified material that was not available to Mr. Cobb were two annual reports dating from 2004 and 2005. These were not available because LPL's counsel had not provided them. *Id.* at 22:5-13.

REDACTED

REDACTED Furthermore, Mr. Cobb seemed unconcerned by the fact he could not give more definitive testimony about his future opinions. *See id.* In fact, taking last-minute depositions appears to be a common practice for Mr. Cobb. *See id.* at 266:19-25.

REDACTED

This is true of the most important opinions Mr. Cobb will likely offer to the jury. CPT was entitled to know what LPL's claims of damages are – not a "preliminary report" that is subject to change without notice. This is unfair to CPT, in violation of the Federal Rules of Civil Procedure, and should not be permitted in this case.

**B.     LPL Has Offered No Expert Opinions Concerning Infringement or Damages By Viewsonic, Tatung, and Tatung USA.**

LPL's expert witnesses have not disclosed any opinions concerning infringement by Viewsonic, Tatung, and Tatung USA or damages associated with sales of their products.



REDACTED

Although Dr. Schlam offers this bald conclusion, no where in his report does he discuss how it was reached with regards to Tatung Co., Tatung Co. of America and Viewsonic. There is no indication of what evidence Dr. Schlam bases his opinion on, or what methodologies he used. Dr. Schlam has failed to offer a shred of evidence to support this statement and should consequently be excluded from providing such unsubstantiated opinions at trial.

Similarly, Mr. Cobb offers neither opinions nor bases on damages associated with Tatung Co., Tatung Co. of America or Viewsonic.

REDACTED

Consistent with this assignment, Mr. Cobb offered no analysis or opinions regarding damages that any Tatung, Tatung USA or Viewsonic would owe if the court were to find infringement on a valid patent. Simply put, damages models designed for CPT are worthless for entities that occupy different placing in product development and manufacturing chain, have different customers, and different market shares. Mr. Cobb has disclosed no opinion to suggest otherwise.

### C. The Rule 26(a)(2)(B) Report Is Not A Formality; *All* Expert Opinions Must Be Disclosed Or They Are Not Admissible.

Under Rules 26 and 37, an expert may not extend his direct testimony beyond his opinions and the bases disclosed in his Rule 26(a)(2)(B) report. *See Atmel Corp. v. Information Storage Devices, Ltd.*, 189 F.R.D. 410, 411 (N.D. Cal. 1999) (permitting an expert to testify only in a manner consistent with his opinions as expressed in his expert report and supplemental report). Rule 26 requires that an expert expected to testify at trial provide a report that *shall* "contain a complete statement of all opinions to be expressed and the basis and reasons therefore…" Fed. R. Civ. P. 26(a)(2)(B). Expert reports must be "detailed and complete"

because their purpose is "to avoid the disclosure of 'sketchy and vague' expert information." *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co.*, 73 F.3d 546, 571 (5th Cir. 1996) (citing 1993 Advisory Comm. Notes to Fed. R. Civ. P. 26(a)(2)).

Rule 26(a)(2) "imposes an additional duty to disclose information concerning expert testimony sufficiently in advance of trial that opposing parties have a reasonable opportunity to prepare for effective cross-examination and perhaps arrange for expert testimony from other witnesses." Fed. R. Civ. P. 26(a)(2), 1993 Advisory Comm. Notes. Expert testimony is generally "complex and difficult for the layperson to readily understand" and, therefore, the opponent "must be given sufficient time to overcome those obstacles." *Malachinski v. C.I.R.*, 268 F.3d 497, 505 (7th Cir. 2001); *Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000) ("Expert witness discovery rules are designed to aid the court in its fact-finding mission by allowing both sides to prepare their cases adequately and efficiently and to prevent the tactic of surprise from affecting the outcome of the case.").

When an expert's testimony exceeds the scope of the opinion set forth in his Rule 26(a)(2)(B) report, that testimony can be excluded. "A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1)…is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any…information not so disclosed." Fed. R. Civ. P. 37(c)(1); *Pell v. E.I. Dupont De Nemours & Co.*, 231 F.R.D. 186, 194 (D. Del. 2005) (finding disclosure insufficient where expert report failed to "contain a complete statement of all opinions to be expressed and the basis and reasons therefore as required by Rule 26(a)(2)(B)."); *Graziani v. Star C. Trucking, Inc.*, No. 94-7124, 1996 WL 79975, *9-10 (E.D. Pa. Feb. 22, 1996) (a district court may exclude an opinion if expert fails to

disclose the basis and "then springs the opinion and its basis on opposing counsel on the eve of trial").[2]

Accordingly, the Federal Rules of Civil Procedure do not permit an expert in direct examination to rely on more that what he has disclosed in his Rule 26(a)(2)(B) report. *Atmel*, 189 F.R.D. at 416 (observing that "[t]o allow now [the expert] to testify on direct examination to matters deliberately ignored in his Rule 26(a)(2)(B) report would simply encourage litigants to evade the expert-disclosure rules"). This includes any new work the expert may have done after the close of discovery and before trial. *See id.* at 411.

Similarly, allowing an expert to introduce new opinions on the eve of trial (or at trial) by supplementing its report under Rule 26(e) is also improper. That rule permits a party to correct an incomplete or incorrect disclosure or where there is newly discovered information. *Baldwin Graphic Sys. v. Siebert, Inc.*, 2005 U.S. Dist. LEXIS 10692, *7 (N.D. Ill. 2005) (striking opinions offered in patent expert's rebuttal report). The rule was intended to benefit the opposing party by placing the duty on proffering party to supplement with complete responses in a timely fashion, and does not establish a right to lengthen discovery deadlines. *Id.* Here, Mr. Cobb was unable to identify any evidence that would change his opinions that was not reasonably available to him before June 2, 2006, if not the date of his deposition (June 29, 2006). He should not be permitted to end-run around disclosure requirements that apply to all other experts simply by introducing his new opinions through Rule 26(e).

---

[2] "This automatic sanction provides a strong inducement for disclosure of material that the disclosing party would expect to use as evidence..." Fed. R. Civ. P. 26(a)(2), 1993 Advisory Comm. Notes; *see also Tarlton v. Cumberland County Correctional Facility*, 192 F.R.D. 165, 169 (D.N.J. 2000) (noting the self-executing nature of Rule 37(c)(1), *i.e.*, there is no need for a litigant to make a motion to invoke the possible sanctions of the Rule).

CPT has played by the rules and ensured that its expert witnesses, including its damages expert, fully disclosed their opinions and were prepared to give a meaningful deposition. Consequently, LPL was able to use its time and resources as the discovery rules intended: to develop its case strategy in light of what CPT will present at trial. CPT has likewise prepared based on the disclosures made in LPL's expert reports, but now these disclosures turn out to be a moving target. Allowing LPL to offer new opinions at trial – or forcing CPT to start from scratch by taking Mr. Cobb's deposition anew – would deny CPT the benefit of its diligence and reward LPL for its dilatory and evasive conduct. Given the expedited nature of this trial, the importance of damages testimony, the complexity of LPL's damages claims and the magnitude of the stakes involved, fairness requires that Mr. Cobb and Dr. Schlam be precluded from offering expert opinion testimony at trial that was not disclosed in their June 2 reports or their depositions. Fairness further requires that Mr. Cobb and Dr. Schlam be precluded from offering new bases for any opinions previously expressed that were not disclosed in his June 2 report or his June 29 deposition.

## II.  CONCLUSION

For the foregoing reasons, CPT respectfully requests that this Court to order that Mr. Cobb and Dr. Schlam be precluded from offering expert opinion testimony at trial that was not disclosed in their reports or depositions. Fairness further requires that Mr. Cobb and Dr. Schlam be precluded from offering new bases for any opinions previously expressed that were not disclosed in their reports or depositions.

Of Counsel:
Teresa M. Corbin
Glenn W. Rhodes
Howrey LLP
525 Market Street, Suite 3600
San Francisco, CA 94105

Robert W. Whetzel (#2288)
whetzel@rlf.com
Steven J. Fineman (#4025)
fineman@rlf.com
Matthew W. King (#4566)
king@rlf.com

(415) 848-4900

Julie S. Gabler
Howrey LLP
550 South Hope Street, Suite 1100
Los Angeles, CA 90071
(213) 892-1800

Dated: July 5, 2006

Richards, Layton & Finger
One Rodney Square, P.O. Box 551
Wilmington, DE 19899
(302) 651-7700
Attorneys for Defendants/Counterclaimants
Tatung Company, Tatung Company of
America, Chunghwa Picture Tubes, Ltd. and
ViewSonic Corporation

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 6, 2006, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing, and hand delivered to the following:

> Richard D. Kirk
> The Bayard Firm
> 222 Delaware Avenue, Suite 900
> P.O. Box 25130
> Wilmington, DE 19899

I hereby certify that on July 6, 2006, I sent the foregoing document by Electronic Mail, to the following non-registered participants:

> Gaspare J. Bono
> Matthew T. Bailey
> Andrew J. Park
> Adrian Mollo
> McKenna Long & Aldridge LLP
> 1900 K Street, NW
> Washington, DC 20006

> Matthew W. King (#4566)
> king@rlf.com
> Richards, Layton & Finger
> One Rodney Square
> P.O. Box 551
> Wilmington, DE 19899

RLF1-2917974-1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 12, 2006, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing, and hand delivered to the following:

> Richard D. Kirk
> The Bayard Firm
> 222 Delaware Avenue, Suite 900
> P.O. Box 25130
> Wilmington, DE 19899

I hereby certify that on July 12, 2006, I sent the foregoing document by Federal Express, to the following non-registered participants:

> Gaspare J. Bono
> Matthew T. Bailey
> Andrew J. Park
> Adrian Mollo
> McKenna Long & Aldridge LLP
> 1900 K Street, NW
> Washington, DC 20006

Matthew W. King (#4566)
king@rlf.com
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899