IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG. PHILIPS LCD CO., LTD., ) | |
| ) | |
| Plaintiff, ) | C.A. No. 05-292 (JJF) |
| ) | |
| v. ) | |
| ) | REDACTED – PUBLIC VERSION |
| TATUNG COMPANY; ) | |
| TATUNG COMPANY OF AMERICA, ) | |
| INC.; ) | |
| CHUNGHWA PICTURE TUBES, LTD.; ) | |
| AND VIEWSONIC CORPORATION, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' MOTION IN LIMINE (No. 9) TO EXCLUDE
ANY EVIDENCE OFFERED TO PROVE AN INVENTION DATE
EARLIER THAN THE FILING DATE OF U.S. PATENT NO. 5,019,002**

As stated in CPT's Motion in Limine (No. 6), three months after the discovery cut-off, and more than 10 days after CPT served its expert report on invalidity, LPL produced a set of documents, bearing Honeywell Production numbers, purporting to show an invention date earlier than the filing date of U.S. Patent No. 5,019,002 ("the '002 patent").[1] *See* CPT's Motion in Limine (No. 6), p. 2 (the documents at issue are attached to this Motion as Ex. A). Under this Court's Order of February 8, 2006, and also pursuant to Fed. R. Civ. P. 37(c), these late-produced documents and any testimony concerning them should be excluded from the trial. *Id.*

---

[1] These documents had originally appeared in Honeywell's privilege log provided on February 6, 2006. Though the documents were allegedly in the possession of Honeywell, including the original hand written notes of the patent prosecution lawyer, they appear to have come from the files of the outside patent counsel. These are files which were under the control of LPL as the record owner and pursuant to the Purchase and Sales Agreement transferring the ownership of the 002 patent from Honeywell to LGE. *See* LPL II 01307 (Ex. F) at p. 7.1 The Agreement makes clear that LGE will be taking over responsibility for prosecution of the patents and Honeywell was obligated to provide support concerning prosecution efforts, including but not limited to technical support inventor assistance. LPL has no excuse for not producing these documents long ago.

Without these inadmissible documents, LPL has nothing but the inventor testimony to prove a date of conception and reduction to practice earlier than the filing date of the '002 patent.

**REDACTED**

LPL's expert, who opined about the date of Mr. Holmberg's claimed invention in his rebuttal expert report, also relied on nothing but Mr. Holmberg's deposition testimony and Exhibit A, *i.e.*, the inadmissible documents recently produced. Expert Report of Dr. Elliott Schlam Regarding Validity of U.S. Patent No. 5,019,002 (Ex. C), p. 8, ¶ 27. Thus, LPL's entire case on the issue of invention date is the inventor's testimony and inadmissible documents.

LPL's case on invention date will be a waste of time and is prejudicial to CPT. As a matter of law, inventor testimony alone, without corroborating objective evidence, is insufficient to prove conception. *Gambro Lundia AB v. Baxter Healthcare Corp.*, 110 F.3d 1573, 1576 (Fed. Cir. 1997). Thus, without any corroborating objective evidence, testimony by Mr. Holmberg is not legally sufficient to prove any invention date earlier than the filing date of the patent. Thus, it would be a waste of this Court's time to allow LPL to present such a case. It also would be prejudicial to Defendants if LPL is allowed to introduce at trial uncorroborated inventor testimony and conclusory remarks by its expert witness on invention date, because it serves no purpose other than confusing and misleading the jury. *See Applied Materials, Inc. v. Advanced Semiconductor Materials Am., Inc.*, No. C92-20643, 1995 U.S. Dist. LEXIS 22335, *5 (N.D. Cal. 1995) (proof of

conception "is not independently corroborated and should not be admitted.").

The prejudice to Defendants also comes from LPL's failure to respond to discovery on the invention date issue. For example, LPL has failed to properly respond to CPT's contention interrogatory on the issue of conception and reduction to practice. For that reason alone it should be precluded from offering any evidence on these issues. *See Thorn EMI N. Am., Inc. v. Intel Corp.*, 936 F. Supp. 1186, 1191 (D. Del. 1996) ("The court will prevent a party from raising a claim or defense at trial that was not adequately described in a response to a contention interrogatory or in the Joint Pre-Trial Order").

CPT's Interrogatory No. 1 is a contention interrogatory that requires LPL to describe all the events and communications related to the conception and/or reduction to practice of the '002 patent. LPL's Supplemental Responses and Objections to Defendants First and Second Sets of Interrogatories (Ex. D), p. 2. In its amended responses and objections dated February 28, 2002, LPL did not provide any substantive response to Interrogatory No. 1. Instead, LPL chose to rely on its document production under Rule 34(d), while in fact LPL produced no documents bearing on this issue. *Id.* at 2-3. Thus, CPT never even knew LPL had any claim or defense based on the conception and reduction to practice of the '002 patent until very recently. LPL should be precluded from introducing evidence on conception and reduction to practice because it failed to adequately describe its contentions in its response to CPT's Interrogatory No. 1.

The automatic exclusion provision of Rule 37 also supports preclusion of LPL's evidence on invention date. *See* Fed. R. Civ. P. 37(c)(1); *Engleson v. Little Falls Area Chamber of Commerce*, 210 F.R.D. 667, 672 (D. Minn. 2002) (excluding expert opinion testimony because of late disclosure of expert report under Rules 16(f) and 37(c)(1)).

3

Rule 37 requires preclusion of evidence not properly disclosed under Rule 26(a), 26(e)(1), or 26(e)(2), if it was withheld without substantial justification and it is harmful to the opposing party. Fed. R. Civ. P. 37(c)(1). Rule 26(a) covers, among others, interrogatory responses and depositions. Fed. R. Civ. P. 26(a)(5). Rule 26(e)(2) further requires amendment of a prior response to an interrogatory, request for production or request for admission "if the party learns that the response is in some material respect incomplete or incorrect."

LPL has never disclosed any claim or defense for conception or reduction to practice in its interrogatory responses. Ex. D, pp. 2-3. Even now, less than two weeks before trial, LPL has not provided any amended answer to CPT's Interrogatory No. 1 to explicitly set forth its contentions on conception and reduction to practice.[2] LPL has no justifications for its failure to make a proper disclosure because it has been litigating the '002 patent since 1999. *See LPL v. NEC*, 1:99-cv-00726-RRM (D. Del.). LPL's nondisclosure has significantly hindered CPT's trial preparation because CPT never learned of LPL's contention on conception and reduction to practice until June 15, 2006, during the deposition of Scott Holmberg. LPL thus should be precluded from presenting this late produced evidence at trial and should be further precluded from offering expert opinion on this issue.

LPL was equally evasive during its Rule 30(b)(6) deposition (June 9, 2006) on the topic of conception and reduction to practice. Young Woo Cho, LPL's designee on conception and reduction to practice, could not offer any information regarding the date of conception and reduction to practice. Cho Dep. Tr. (Ex. E) 53:10-56:22. LPL has

---

[2] Any such supplemental response would be untimely under the Court's order that interrogatory responses could not be timely supplemented after February 28, 2002.

4

either not been diligent in meeting its discovery duties or intended all along to ambush Defendants before trial. In either case, LPL should be precluded from introducing evidence or expert opinion at trial on the invention date issue.

The only purported disclosure by LPL on invention date is found in Dr. Schlam's rebuttal report dated June 16, 2002. Ex. C, p. 8, ¶ 27. On this issue, however, Dr. Schlam did no more than offer the conclusory opinion that the '002 invention predates a certain prior art reference. *Id.* Dr. Schlam's report cannot cure LPL's defective disclosures under Rules 26(a)(1) and 26(e)(1). Further, the only basis for Dr. Schlam's statement on conception was Mr. Holmberg's deposition testimony and the late-produced, inadmissible documents (i.e., Ex. A). *Id.*

Therefore, LPL should be precluded from offering any evidence at trial to prove a date of invention other than the filing date of the '002 patent.

Of Counsel:
Christine A. Dudzik
Thomas W. Jenkins
Howrey LLP
321 North Clark Street, Suite 3400
Chicago, IL 60610
(312) 595-1239

Julie S. Gabler
Howrey LLP
550 South Hope Street, Suite 1100
Los Angeles, CA 90071
(213) 892-1800

Teresa M. Corbin
Glenn W. Rhodes
Howrey LLP
525 Market Street, Suite 3600
San Francisco, CA 94105
(415) 848-4900

Dated: July 5, 2006

/s/ Robert W. Whetzel

Robert W. Whetzel (#2288)
whetzel@rlf.com
Steven J. Fineman (#4025)
fineman@rlf.com
Matthew W. King (#4566)
king@rlf.com
Richards, Layton & Finger
One Rodney Square, P.O. Box 551
Wilmington, DE 19899
(302) 651-7700
Attorneys for Defendants/Counterclaimants Tatung Company, Tatung Company of America, Chunghwa Picture Tubes, Ltd, and Viewsonic Corporation

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 6, 2006, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing, and hand delivered to the following:

>Richard D. Kirk
>The Bayard Firm
>222 Delaware Avenue, Suite 900
>P.O. Box 25130
>Wilmington, DE 19899

I hereby certify that on July 6, 2006, I sent the foregoing document by Electronic Mail, to the following non-registered participants:

>Gaspare J. Bono
>Matthew T. Bailey
>Andrew J. Park
>Adrian Mollo
>McKenna Long & Aldridge LLP
>1900 K Street, NW
>Washington, DC 20006

>[signature]
>Matthew W. King (#4566)
>king@rlf.com
>Richards, Layton & Finger
>One Rodney Square
>P.O. Box 551
>Wilmington, DE 19899

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 12, 2006, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing, and hand delivered to the following:

>Richard D. Kirk
>The Bayard Firm
>222 Delaware Avenue, Suite 900
>P.O. Box 25130
>Wilmington, DE 19899

I hereby certify that on July 12, 2006, I sent the foregoing document by Federal Express, to the following non-registered participants:

>Gaspare J. Bono
>Matthew T. Bailey
>Andrew J. Park
>Adrian Mollo
>McKenna Long & Aldridge LLP
>1900 K Street, NW
>Washington, DC 20006

>/s/ Matthew W. King
>Matthew W. King (#4566)
>king@rlf.com
>Richards, Layton & Finger
>One Rodney Square
>P.O. Box 551
>Wilmington, DE 19899

RLF1-2917974-1