IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG. PHILIPS LCD CO., LTD., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C. A. No. 05-292 (JJF) |
| | ) |
| TATUNG COMPANY; | ) DEMAND FOR JURY TRIAL |
| TATUNG COMPANY OF AMERICA, INC.; | ) |
| CHUNGHWA PICTURE TUBES, LTD.; | ) |
| AND VIEWSONIC CORPORATION, | ) |
| | ) **REDACTED - PUBLIC VERSION** |
| Defendants. | ) |

### DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OF NONINFRINGEMENT UNDER 35 U.S.C. SECTION 271(a)

Pursuant to Fed.R.Civ.P. 56(b), Defendants Tatung Company ("Tatung"), Tatung Company of America Inc., ("Tatung America"), Chunghwa Picture Tubes, Ltd. ("CPT") and ViewSonic Corporation ("ViewSonic") (collectively, "Defendants") hereby move this Court for summary judgment of noninfringement under 35 U.S.C. § 271(a) regarding all asserted claims of U.S. Patent No. 5,019,002 (the '002 patent"), which are method claims. Plaintiff LG.Philips LCD Co., Ltd. ("LPL") identified direct infringement pursuant to U.S.C. § 271(a) in its portion of the Joint Proposed Pretrial Order submitted to the Court on July 5, 2006. (Joint Pretrial Order at p. 24). It is undisputed that none of the accused LCD panels is manufactured in the United States, and thus, there can be no infringement under § 271(a), which does not apply to methods performed outside the U.S.

Because the only section of the Patent Statute that applies to methods performed outside the United States is 35 U.S.C. § 271(g), Defendants asked Plaintiff to withdraw its allegations of

infringement under § 271(a) at the July 7, 2006 Pre-Trial Conference. On July 8, 2006, LPL notified Defendants that it would not do so.

## BACKGROUND FACTS

LPL asserts only method claims of its '002 patent against Defendants in this case and accuses only CPT LCD displays of being made by those methods. *See* Plaintiffs' Proposed Verdict Form submitted to the Court on July 5, 2005, pp. 1-6. Claim 1, which claims "[a] method of manufacturing active matrix display backplanes and displays therefrom, comprising..." certain specified manufacturing steps, is representative of these claims.[1]

There is no dispute that the accused CPT LCD modules are made outside the United States. CPT's manufacturing facilities are located in Taiwan, Mainland China, and Malaysia. (*See* Declaration of Belle Chang ("Chang Decl."), ¶ 5).

Furthermore, it is undisputed that Tatung, Tatung America, and ViewSonic do not manufacture the accused CPT LCD displays; rather, they incorporate LCD displays manufactured by CPT into their products, i.e., notebooks, monitors, TV's etc. (Tr. of July 28,

---

[1] Claim 1 of the '002 patent recites as follows:

A method of manufacturing active matrix display backplanes and displays therefrom, comprising:

    providing a substrate;
    forming a pattern of pixels on said substrate;
    forming a plurality of row and column intersecting pixel activation lines, interconnecting substantially all of said row lines to one another and substantially all of said column lines to one another;
    forming an outer electrostatic discharge guard ring on said substrate coupled to said interconnected row and column lines via a resistance to provide protection from electrostatic discharges between said row and column activation lines during manufacture of the displays; and
    removing said outer guard ring and row and column interconnections prior to completion of the display.

2005 Deposition of Robert Caudillo at 60:20-25; Tr. of May 31, 2006 Deposition of Oliver Shih at 89:4-22; Tr. of June 23, 2006 Deposition of Mike Lee at 31:13-18).[2]

## STANDARD FOR SUMMARY JUDGMENT

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file" show that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Slagle v. County of Clarion*, 435 F.3d 262, 264-65 (3d Cir. 2006); *Northwestern Mut. Life Ins. Co. v. Babayan*, 530 F.3d 121, 128 (3d Cir. 2005); *Chimie v. PPG Indus., Inc.*, 402 F.3d 1371, 1376 (Fed. Cir. 2005).

Where a trial is unnecessary because no reasonable jury could resolve an issue in favor of the non-moving party, summary judgment should be granted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). The party opposing summary judgment may not rest on mere allegations but must set forth specific facts showing that a genuine issue of material fact exists. *Maguiere v. Hughes Aircraft Corp*, 912 F.2d 67, 72 (3d Cir. 1990). The mere existence of some alleged factual dispute between the parties do not defeat an otherwise properly supported motion for summary judgment. *Anderson*, 477 U.S. at 247-48. The burden on the moving party may be discharged by showing that there is an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 316, 325 (1986). When the nonmovent bears the burden of proof, in contrast to those in which the movant bears the burden, the movant need not "produce evidence" showing the absence of a genuine issue of material fact in order to properly support its summary judgment motion. *Id.*

---

[2] Attached to the declaration of Teresa M. Corbin, filed contemporaneously herewith, as Exs. 1, 2, and 3 respectively.

## ARGUMENT

Section 271(a) sets forth the requirements for infringement of a patent by activities in the United States:

> Except as otherwise provided in this title, whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefore, infringes the patent.

35 U.S.C. §271(a).

It is well-established that the reach of section 271(a) is limited to processes and methods that occur within the United States. *Rotec Indus. v. Mitsubishi Corp.*, 215 F.3d 1246, 1251 (Fed. Cir. 2000). "[A] process cannot be used 'within' the United States as required by section 271(a) unless each of the steps is performed within this country." *NTP, Inc. v. Research In Motion, Ltd.*, 418 F.3d 1282, 1317-1318 (Fed. Cir. 2005) (finding no infringement under section 271(a)) where one step of a claimed method was performed in Canada).

Here, the accused method is performed entirely outside the United States. (*See* Chang Decl., ¶¶ 5-7) LPL has not pointed, as it cannot, to any evidence that any of the claimed method steps occur in the United States. As such, LPL cannot, as a matter of law, carry its burden to establish evidence of infringement under 271(a).

Granting summary judgment of noninfringement under § 271(a) will not preclude LPL from seeking relief in this case. In fact, LPL has already included in this case claims of infringement under § 271(g), which recites as follows:

> Whoever without authority imports into the United States or offers to sell, sells, or uses within the United States a product which is made by a process patented in the United States shall be liable as an infringer if the importation, offer to sell, sale, or use of the product occurs during the term of such process patent. In an action for infringement of a process patent, no remedy may be granted for infringement on account of the noncommercial use or retail sale of a product unless there is no adequate remedy under this title for infringement on account of the importation or

other use, offer to sell, or sale of that product. A product which is made by a patented process will, for purposes of this title, not be considered to be so made after –

> (1) it is materially changed by subsequent processes; or
> (2) it becomes a trivial and nonessential component of another product.

35 U.S.C. §271(g). *See* Joint Pretrial Order, pp. 3, 9-10. Section 271(g), which applies to accused methods performed outside the United States, is the only appropriate statutory authority for LPL's claims in this case. *See NTP,* 418 F.3d at 1318.

## CONCLUSION

For the foregoing reasons, the Court should grant Defendants motion for summary judgment of noninfringment under 35 U.S.C. § 271(a).

OF COUNSEL:

Teresa M. Corbin
Glenn W. Rhodes
Howrey LLP
525 Market Street, Suite 3600
San Francisco, California 94105
(415) 848-4900

Julie S. Gabler
Howrey LLP
550 South Hope Street, Suite 1100
Los Angeles, California 90071
(213) 892-1800

Dated: July 10, 2006

Robert W. Whetzel (#2288)
whetzel@rlf.com
Steven J. Fineman (#4025)
fineman@rlf.com
Matthew W. King (#4566)
king@rlf.com
Richards, Layton & Finger
One Rodney Square, P.O. Box 551
Wilmington, DE 19899
(302) 651-7700
Attorneys for Defendants/Counterclaimants Tatung Company, Tatung Company of America, Chunghwa Picture Tubes, Ltd, and Viewsonic Corporation

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 10, 2006, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing, and hand delivered to the following:

>Richard D. Kirk
>The Bayard Firm
>222 Delaware Avenue, Suite 900
>P.O. Box 25130
>Wilmington, DE 19899

I hereby certify that on July 10, 2006, I sent the foregoing document by Electronic Mail, to the following non-registered participants:

>Gaspare J. Bono
>Matthew T. Bailey
>Andrew J. Park
>Adrian Mollo
>McKenna Long & Aldridge LLP
>1900 K Street, NW
>Washington, DC 20006

Steven J. Fineman (#4025)
fineman@rlf.com
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

1

RLF1-3033887-1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 12, 2006, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing, and hand delivered to the following:

> Richard D. Kirk
> The Bayard Firm
> 222 Delaware Avenue, Suite 900
> P.O. Box 25130
> Wilmington, DE 19899

I hereby certify that on July 12, 2006, I sent the foregoing document by Federal Express, to the following non-registered participants:

> Gaspare J. Bono
> Matthew T. Bailey
> Andrew J. Park
> Adrian Mollo
> McKenna Long & Aldridge LLP
> 1900 K Street, NW
> Washington, DC 20006

/s/ Matthew W. King
Matthew W. King (#4566)
king@rlf.com
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

RLF1-2917974-1