# THE BAYARD FIRM
A T T O R N E Y S

222 DELAWARE AVENUE, SUITE 900
P O BOX 25130
WILMINGTON, DE 19899
ZIP CODE FOR DELIVERIES 19801

MERITAS LAW FIRMS WORLDWIDE
www.bayardfirm.com
302-655-5000
(FAX) 302-658-6395
WRITER'S DIRECT ACCESS

**FILED ELECTRONICALLY**

(302) 429-4208
rkirk@bayardfirm.com

July 12, 2006

The Honorable Joseph J. Farnan, Jr.
United States District Court
844 North King Street
Wilmington, DE 19801

RE: *LG.Philips LCD Co., Ltd. v. Tatung Company of Amercia, et al.*
<u>C.A. No. 05-292-JJF</u>

Dear Judge Farnan:

As permitted by the Court at the evidentiary hearing in this matter held this morning, I am submitting this summary letter on behalf of plaintiff LG.Philips LCD Co., Ltd. ("LPL").

While there may be some discrete differences in Mandarin Chinese spoken by a witness from mainland China as opposed to Taiwan, defendants have not pointed to any terms in this case where that is an issue, and a skilled interpreter can handle those distinctions and still provide an accurate interpretation regardless of origin of the interpreter. The only term that has ever been raised by CPT as being in dispute is "di Kang," and the testimony by both LPL and defendants established that that term can properly be interpreted as "resistance." A ruling that only an interpreter from Taiwan can interpret for defendants' Taiwanese witnesses speaking Mandarin Chinese would call into question the numerous depositions in this case that have been taken where there were virtually no objections to the interpretations (other than relating to the one term "di Kang") and the court certifications issued by other states to Mandarin Chinese interpreters.

At the pretrial conference, the Court specifically stated that the defendants must "first demonstrate that there is a broad not a one term specific, language dispute." Defendants have failed in their burden. The present issue appears to have been brought forward by defendants solely to distort the translation of the one term ,"di Kang," because that term when defined as resistance (as it appropriately should be according to 8 different dictionaries and two translations) may be damaging to CPT's case. (See LPL

629764v1

THE BAYARD FIRM

The Honorable Joseph J. Farnan, Jr.
July 12, 2006
Page 2

Exs. 1, 4-6, 11-12.) Indeed, defendant CPT's own translation of a document in this case provides a translation of "resistance" for "di Kang." (See Ex. 12, yellow translation sheets by CPT's counsel translating di Kang as resistance at CPT-D 10327; see also Ex. 11, LPL's written translation which also defined di Kang as resistance.) CPT's own 30(b)(6) witness also admits that the Chinese characters mean "guard resistance", but that "it serves the function and design of isolation and protection." (Ex. 8: He May 24, 2006 Tr. at 186.)

An interpreter can only interpret the spoken word and it is up to CPT's counsel to elicit the "function and design" on cross-examination. See U.S. v. Gonzalez, 319 F.3d 291, 296 (7th Cir. 2003) ("translation is sufficiently accurate if it reasonably conveys the intent or the idea of the thought spoken"). In Gonzalez, the court stated that the party that argues for a more nuanced interpretation of a word or phrase that can have multiple meanings is not entitled to have a second or alternate translation presented to the jury. Rather, it is proper for the court to allow counsel to elicit clarifying testimony regarding the translation from the witness. Id.

Further, the fact that many of CPT's own check interpreters were from Mainland China and not from Taiwan disproves their argument. If Chinese language interpretation was such an issue in this case, CPT would have raised this much earlier than the week before trial, it wouldn't have had check interpreters from mainland China, and this very issue would have arisen before in any of the many cases in which interpreter Teresa Wong has handled the interpretation of Mandarin Chinese for Taiwanese witnesses. Simply put, CPT has waived any argument they have by their actions in this case.

The only fair way to proceed is to have LPL choose the Chinese interpreter and the defendants should choose the check interpreter. Similarly, the defendants can choose the Korean interpreter, and LPL should choose the check interpreter. A different ruling would allow CPT to influence and control the interpreters. (See LPL Ex. 16, excerpt of deposition of Mr. Kuan.) This was proven during the deposition of Mr. Kuan when CPT's counsel whispered something to the check interpreter and then refused LPL's counsel's request to permit the check interpreter to state what was said. CPT's basis was that the check interpreter represented her client and the conversation was attorney-client privileged and work product privileged. (Id. at Ex. 16 at p. 92.)

Despite the terms being raised not being in issue in this case, the exercise undertaken at the hearing by Mimi Lain, certified Mandarin interpreter, proves that an interpreter can accurately translate Mandarin Chinese if she is skilled and experienced regardless of her origin. Teresa Wong is well known as an interpreter. She has more experience interpreting Mandarin Chinese for Taiwanese witnesses than any other interpreter in the United States. CPT's own counsel has previously hired her for interpretation of Taiwanese witnesses. Accordingly, the Court should deny CPT's motion and permit Ms. Wong to interpret at the trial of this matter.

629764v1

THE BAYARD FIRM

The Honorable Joseph J. Farnan, Jr.
July 12, 2006
Page 3

Respectfully submitted,

*[signature]*

Richard D. Kirk (#0922)

:rdk

cc: Clerk of the Court
All counsel as shown on attached certificate

629764v1

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on July 12, 2006, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Robert W. Whetzel, Esq.
Matthew W. King, Esq.
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

The undersigned counsel further certifies that copies of the foregoing document were sent on July 12, 2006 by email and by hand to the above counsel and by email and first class mail to the following non-registered participants:

| | |
|---|---|
| Christine A. Dudzik, Esq. | Teresa M. Corbin, Esq. |
| Thomas W. Jenkins, Esq. | Glenn W. Rhodes, Esq. |
| Howrey LLP | Julie Gabler, Esq. |
| 321 North Clark Street | Howrey LLP |
| Suite 3400 | 525 Market Street |
| Chicago, IL 60610 | Suite 3600 |
| | San Francisco, CA 94105 |

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk

602380v1