RICHARDS, LAYTON & FINGER
A PROFESSIONAL ASSOCIATION
ONE RODNEY SQUARE
920 NORTH KING STREET
WILMINGTON, DELAWARE 19801
(302) 651-7700
FAX: (302) 651-7701
WWW.RLF.COM

ROBERT W. WHETZEL
DIRECTOR

DIRECT DIAL NUMBER
302-651-7634
WHETZEL@RLF.COM

July 14, 2006

**BY E-FILE AND HAND DELIVERY**
The Honorable Joseph J. Farnan, Jr.
United States District Court
District of Delaware
844 King Street
Wilmington, DE 19801

      Re: *LG. Philips LCD Co., Ltd. v. Tatung Company et. al.*,
           C.A. No. 05-292 (JJF)

Dear Judge Farnan:

      We respectfully write on behalf of defendants Chunghwa Picture Tubes, Ltd.; Tatung Company; Tatung Company of America, Inc. and Viewsonic Corporation and request that Your Honor put an end to plaintiff's violation of the Court's pre-trial directive concerning designation of deposition testimony and trial exhibits, some of which plaintiff never produced to defendants before this weekend. The Court's intervention is required to avoid a serious miscarriage of justice and prevent plaintiff from depriving CPT of due process and fair opportunity to prepare for trial.

**1. Plaintiff must be precluded from placing late produced documents on its trial exhibit list.**

      Plaintiff's trial exhibit list improperly seeks to include numerous exhibits that existed, but plaintiff failed to produce, until after the discovery cut off and that cannot be used as exhibits in this trial. The Court directed the parties at a hearing on July 7, 2006 that they cannot identify as trial exhibits any documents that were not produced in this case before the February 21, 2006 production deadline. (*See* D.I. 295, Defendant's Motion *In Limine* (No. 6) to Preclude LPL From Using Any document In its Favor At Trial That It Produced After The February 21 Document Production Cut-Off.) Nonetheless, plaintiff's trial exhibit list served on Saturday, July 15, 2006 included numerous documents that plaintiff did not produce until *after* the February 21 production cut off in violation of the Court's clear directive. These documents consist of four certified copies of patent documents, documents that LPL produced on May 16 and June 21 after the February 21 production cut off, and photos of LCD panels that plaintiff *had never previously produced to defendants before this past weekend*. Plaintiff's late produced trial exhibits are as follows:

The Honorable Joseph J. Farnan, Jr.
July 17, 2006
Page 2

- Plaintiff's Exhibit Nos. 28, 29, 30, and 31. These are photos of CPT products that plaintiff never produced in this case. The first time CPT was aware of these documents, much less that they would be used in this case, was when they appeared on LPL's trial exhibit list at 5:30pm this past Saturday evening.

- Plaintiff's Exhibit Nos. 42 and 85. These are financial statements of LPL and CPT that were available in 2004. LPL did not produce them in this case until May 16 and June 21, 2006, respectively.

- Plaintiff's Exhibit No. 86. This is a financial presentation dated February 3, 2005. LPL did not produce this document until June 21, 2006.

- Plaintiff's Exhibit No. 87. This exhibit consists of four articles that LPL apparently found and printed from the CPT website. Plaintiff did not produce these documents until June 21, 2006.

- Plaintiff's Exhibit No. 127. This exhibit consists of two documents January 2, 2002, and January 3, 2006. These were not produced until June 21, 2006.

CPT respectfully requests that the Court preclude Plaintiff's Trial Exhibit Nos. 1, 2, 3, 28, 29, 30, 31, 42, 85, 86, 87, and 126.

### 2. Plaintiff should be prevented from adding to or modifying the contents of its trial exhibit list after the Saturday, July 15, 2005 5:00 pm deadline established by the Court.

The trial in this action is scheduled to begin today. The Court established a clear procedure under which LPL was required to produce its trial exhibit list, trial exhibits and witness list to defendants no later than 5:00 pm on Saturday, July 15, 2006. Plaintiff failed to comply with this directive and, instead, produced its proposed trial exhibits late on Saturday, and then supplemented throughout the weekend with new exhibits, revisions to existing exhibits, and updates to its trial exhibit list. All the while, CPT was attempting to review and respond to LPL's voluminous exhibit list in its original form.

In disregard of the Court's Order, LPL produced its witness list and a *draft* of its trial exhibit list after the 5:00 pm deadline on Saturday, July 15, 2006. Plaintiff's first installment of its draft trial exhibit list arrived at 5:30 p.m. and thereafter plaintiff supplemented its exhibit list at 10:45 am Sunday morning, less than 24 hours before trial. Next, plaintiff delivered revised versions of Exhibit Nos. 18 and 19, moved 39 documents from Exhibit 18 to Exhibit 19, and added 2 brand new documents to Exhibit 19. Plaintiff thereafter sent a second email to defendants advising that more changes were on the way – this time LPL sent an "updated" exhibit list, making substantive changes to Exhibits 20, 21, and 22 to reduce those to a single module each. (*See* Adrian Mollo's July 15, 2006 email attached as Ex. A.) Finally, at 4:30 p.m.

RLF1-3037674-1

The Honorable Joseph J. Farnan, Jr.
July 17, 2006
Page 3

the day before trial, LPL removed 15 pages from one exhibit and added it to the end of another. *At 1:16 a.m. this morning*, LPL sent yet another request indicated that it "accidentally" omitted certificates of translation for four exhibits. (*See* Adrian Mollo's July 17, 2006 1:16 a.m. email attached as Ex. B.) And, most recently, at 3:00 a.m. this morning, hours before the start of trial, LPL added three new exhibits. (*See* Adrian Mollo's July 17, 2006 3:00 a.m. email attached as Ex. C.)

There is no legitimate excuse for this conduct and it is seriously prejudicing defendants' effort to marshall the evidence and prepare for trial. Defendants have not agreed to *any* of these untimely supplements. Rather, they have invested considerable effort reviewing and responding to the exhibits produced Saturday night under the Court's directive. Defendants are unable to prepare for trial faced with LPL's late designation of trial exhibits and repeated revisions of its trial exhibit list. CPT respectfully requests the Court enforce the Saturday deadline and hold plaintiff to the exhibits contained on its exhibit list that defendants received as of the Saturday, July 15 5:30 p.m. deadline established by the Court. All of plaintiff's proposed different trial exhibits identified after this time should not be countenanced.

3. **Plaintiff should be prevented from designating more than 500 trial exhibits via its attempted end run around the Court's directive that the parties are limited to 150 exhibits by reshuffling of exhibits.**

LPL has abused the Court's 150 exhibit limit, deliberately frustrating CPT's trial preparation efforts on the eve of trial and giving LPL the option to pick and choose which exhibits it will use at trial. The Court instructed the parties to limit their trial exhibits to a maximum of 150 exhibits. Rather than assign one exhibit number to each exhibit, LPL circumvented this directive by lumping dozens of technical specifications together into a single exhibit. For example, LPL purports to count as a single trial exhibit, Exhibit 19, what are in truth *nearly seventy exhibits*. Any one of these documents may end up being the subject of testimony in this jury trial. Defendants' counsel estimates that by a proper counting, plaintiff's exhibit list currently surpasses *400 documents*.

LPL knows these are not reasonably considered single exhibits. In its initial exhibit list, LPL counted these as individual documents, and now has combined them only to avoid making cuts to reach the 150 limit. It is also obvious LPL's documents do not belong together because one exhibit contains dozens of bates ranges, showing that these documents were cherry picked and reshuffled into a purportedly single exhibit. LPL even supplemented late to modify three of its exhibits so that specific modules could be exhibited individually rather than amalgamated into a single exhibit.

LPL's liberality with the Court's 150 exhibit limit has made pretrial disclosure of exhibit lists meaningless. LPL could not possibly use all 400+ exhibits given the length of the trial, so there is no reason to place them on the list in the first place. By doing so, LPL hides from CPT the documents it will actually use, and still gives itself additional time and flexibility to take this

case in whole new directions it would not have otherwise go in. These kinds of camouflage tactics render any pretrial disclosure useless for trial preparation purposes.

If a 150 exhibit limit is to have any effect of reducing the scope of the evidence and focusing the trial, it must not be so easily ignored. It is <u>unreasonable</u> to call a combination of five or ten or *69* documents "one exhibit." CPT has already been harmed by losing two days immediately before trial.

CPT respectfully asks the Court to exclude any exhibit that unreasonably combines multiple documents together. These are Plaintiff's Exhibit Nos. 2, 12, 13, 18, 19, 20, 21, 22, 29, 30, 36, 46, 47, 48, 49, 72, 73, 75, 79, 87, 88, 89, 90, 93, 94, 95, 96, 100, 101, 103, 104, 109, 111, 118, 119, 120, 121, 124, 127, 128, and 130. Alternatively, the Court should limit them to first actual 150, which would cut their list at Plaintiff's Exhibit No. 24.

### 4. Plaintiff cannot offer exhibits and testimony referencing other patent infringement claims against defendants given LPL's motion to exclude defendants from using such evidence at trial.

LPL identified as exhibits letters and PowerPoint slides that discuss patents not in suit. *See* Plaintiff's Exhibits ("PTX") 46 and 47. The Court should exclude these exhibits for three reasons.

First, PTX 45 and 46 reference several patents not in suit and thus, are precluded under the Court's *in limine* ruling excluding Evidence or References at Trial of Patents Not in Suit and Collateral Litigation. PTX 46 is a series of letters exchanged between LPL and CPT that by and large discuss patents not in suit. One letter in particular encloses a table of 447 patents, only one of which is the '002 patent. *See* PTX 46 (CPT007591-7593). PTX 47 is a June 11, 2002 presentation that makes no mention of the '002 patent. Instead, this exhibit only describes other patents not in suit, specifically: U.S. Patent Nos. 4,624,737; 5,825,449; 6,373,537; 5,926,237; 6,002,457; 5,835,139.

Second, allowing these exhibits into evidence will be prejudicial to CPT. Unless CPT is allowed to introduce the evidence identified in its opposition to Plaintiff's MIL, it would be grossly unfair to allow LPL to exclude evidence of patents not in suit as a shield to CPT's affirmative case for fees and defense to willful infringement but then to permit LPL to use this evidence to support its actual notice showing. LPL asked this Court to exclude "evidence or references at trial regarding any patent not in suit." *See* D.I. 318 (Plaintiff's Motion *In Limine* To Preclude Evidence Or References At Trial Regarding Patents Not In Suit And Collateral Litigation) ("MIL") at 1. LPL argued that "evidence related to other patents is irrelevant to this case, would confuse the jury, and would prejudice LPL, changing this trial from a one-patent case to a multiple patent case at the eleventh hour." MIL at 1. LPL now seeks to admit these letters, likely in an attempt to show that it provided actual notice to CPT. CPT warned of that on the point of actual notice, LPL itself could not avoid discussion of other patents. *See* D.I. 324 (Plaintiff's Answering Brief In Opposition To Defendants' Motion for Partial Summary

The Honorable Joseph J. Farnan, Jr.
July 17, 2006
Page 5

Judgment On Damages) at 4, 6 (representing that "LPL discussed the '002 Patent as well as *others*," and presented detailed claim charts regarding certain *other* LPL patents") (emphasis added). LPL sought exclusion of all other patents and should be forced to live with the court order it sought to obtain.

### 5. Plaintiff should be excluded from offering as a trial exhibit its expert's report, Schlam, which is hearsay and should be excluded.

Plaintiff's expert report (Exhibit 36) is inadmissible as it addresses a question of law, rather than fact, and therefore encroaches the domain of the judge, who is "the sole arbiter of the law and its applicability." *Simmons Foods, Inc. v. Capital City Bank*, 58 Fed. Appx. 450, 453 (10th Cir. 2003). Moreover, while FRE 703 permits an expert to testify based on material not admitted into evidence, it does not permit such materials to be admitted. *Westfed Holdings, Inc. v. U.S.*, 55 Fed. Cl. 544, 569 (Fed. Cl. 2003), *rev'd on other grounds*, 407 F.3d 1352 (Fed. Cir. 2005). Such reports are hearsay and must be excluded under FRE 801. In addition, Plaintiff's Exhibit No. 36 includes 16 documents under a single exhibit designation, and should be excluded as excessive under the Court's 150-exhibit limit.

Plaintiff's Exhibit No. 130 should be excluded from trial for three reasons. First, LPL has compiled three distinct documents as one exhibit in violation of the Court's direction. As noted above, LPL's strategy to leave all evidentiary options open, while also hiding from CPT which documents will, in fact, be used, merits exclusion. Second, each of the three documents are hearsay, and LPL has not introduced evidence to establish that these documents fall into an exception to the hearsay rule, and Mr. Holmberg, to whom one of the documents is addressed, failed to authenticate or lay a foundation for its admission as substantive evidence. Third, although the Court has stated that documents from a party's own files are deemed authenticated, this is neither a CPT nor an LPL document. Rather, this is a third-party document for which no foundation has been provided.

### 6. Plaintiff Should Not Be Permitted To Play Substantial Segments of Deposition Testimony Of Witnesses Who Will Testify Live At Trial.

LPL intends to play deposition excerpts of five witnesses who will testify live in this trial. Playing this testimony in LPL's affirmative case will severely prejudice CPT. LPL will be able to consume significant amounts of CPT's allotted time with counter-designation testimony that would otherwise be covered in direct, live testimony in Defendant's case. In addition, the jury will be deprived of the opportunity to observe the demeanor of the witnesses in person.

The Court has broad discretion to admit or exclude deposition testimony. *See Lear v. Equitable Life Assurance Soc'y*, 798 F.2d 1128, 1135 (8th Cir. 1986) (trial court did not abuse discretion when it allowed insured to offer into evidence parts of insurer's employee's deposition without notice to insurer because employee was unable to be subpoenaed).

The Honorable Joseph J. Farnan, Jr.
July 17, 2006
Page 6

The Federal Rules have a strong preference for live testimony when, like here, it is available. *See* 7-32 Moore's Federal Practice - Civil § 32.21 ("[M]any trial judges require that a deposed witness testify live, if available, and precluding a party from reading the deposition testimony of an available adverse party witness is at worst harmless error, and not grounds for reversal."); *Dhyne v. Meiners Thriftway, Inc.*, 184 F.3d 983, 989-990 (8th Cir. 1999) (many judges feel it is better if jury can observe witness firsthand to judge demeanor). *See also* FRCP 32(a)(3) (allowing testimony in other circumstances only after "due regard to the importance of presenting the testimony of witnesses orally in open court, to allow the deposition to be used").

CPT respectfully requests that the Court exclude use of deposition testimony of witnesses who appear live. In the alternative, for any witness who is testifying live, CPT requests that any counter-designations for witnesses testifying live not be deducted from CPT's trial time.

### 7. Plaintiff's Substantial and Lengthy Designations of Deposition Transcripts for Trial Should Not Be Permitted.

LPL has designated over three hours and forty-five minutes of deposition testimony for adverse witnesses, Mr. Shih, Mr. Kuan, and Mr. Tsai, alone. (Plaintiff's Witness List attached as Ex. D). LPL designated significant testimony from *ten other* witnesses, many of whom will testify live at trial (*e.g.* CPT's experts Dr. Howard and Dr. Wagner, and CPT corporate representative Belle Chang).[1] These oppressive designation tactics are apparent from a quick glance at plaintiff's designations of Mr. Tsai (Ex. E), Mr. Kuan (Ex. F), and Mr. Shih (Ex. G). When CPT raised this issue, the Court noted such tactics would not be tolerated:

> There's two separate processes of work [] and they're going to collide on July 15th for the plaintiff, and for you on July 17th. If it doesn't collide, call me.

Ex. H (Transcript of July 7, 2006 Hearing) at 107:17-23.

LPL's tactics frustrates CPT's efforts to counter-designate witness testimony pursuant to Federal Rule of Evidence 106. In the last hours before trial CPT still does not know whether LPL intends to play the entire portions of the designated transcripts, or will at the last minute choose a subset of this testimony (or perhaps not use it all together). As a result CPT was forced to fully designate counter testimony assuming that LPL would play the designations as indicated.

---

[1] Inexplicably, LPL also designated single lines of deposition testimony, where it would have been natural to group the designations. For example, LPL used four separate designations to identify a single continuous excerpt of Mr. Kuan's testimony. There are many examples of listing a single excerpt as multiple citations, just as there are many examples of listing multiple documents as a single exhibit.

The Honorable Joseph J. Farnan, Jr.
July 17, 2006
Page 7

Had CPT not sufficiently designated, the jury would have been left with a false impression of defendants' witnesses that may be difficult to overcome.

Defendants have no choice other than to raise this issue again with the Court because LPL did not comply with the exchange agreement. If the Court finds, as it should, that LPL cannot designate deposition testimony of witnesses who will testify live at trial, then this issue becomes moot as to most witnesses. For the remaining witnesses, however, there is a disconnect between LPL's witness list, and its designations, requiring the Court to "make sure a collision occurs." (*Id.* at 108:1-2).

First, Mr. Kuan and Mr. Shih will testify in person during defendants' case in chief. Defendants respectfully request that the Court preclude plaintiff from playing their depositions to the jury during plaintiff's case in chief and hold that LPL cannot designate testimony for witnesses that will testify live. LPL further respectfully requests this Court to order useful deposition designations. Thus, CPT respectfully requests that the Court exclude use of deposition testimony of witnesses who appear live, or in the alternative, any counter-designations for witnesses testifying live should not be deducted from CPT's allotted time. CPT requests that for witnesses who will only appear by deposition, LPL be required to play their entire deposition designation. Allowing LPL to modify its designations at the last minute, after producing such oppressive affirmative designations, will only encourage more undue burden, prejudice, and unnecessary work for defendants.

Second, plaintiff re-designated substantial portions of the deposition of defendants' witness, Ms. Belle Chang, the night before trial. This is improper and violates the Court's directive that plaintiff was to supply deposition designations by Saturday, July 15. LPL re-designated Belle Chang's entire deposition at 10:30 pm on Sunday night, notwithstanding the fact that CPT already counter-designated the fully cited deposition LPL provided the night before. LPL explained this was a "technical problem that [LPL] discovered this evening" and was therefore "correcting some errors." (*See* Tim Holloran July 16, 2006 9:25 pm email attached as Ex. I.) However, an examination of the original designations shows that full questions and answers were designated the first time. Even if in error, LPL has no right to supplement well after the deadline to disclose testimony and within hours of opening statements. Furthermore, CPT has designated sections of Ms. Chang's deposition that specifically discuss and/or suggest that CPT allegedly infringed on other LPL patents. For example, in LPL's original designations, LPL cited:

> Q   At the June 2002 meeting, did LPL specify CPT products that LPL believed infringed certain LPL patents?
> A   During that meeting, LPL had presented six to seven claim charts.
> Q   Did those charts reflect CPT products that LPL believed infringed LPL patents?
> A   Those claim charts were a comparison presented by LPL between the CPT products and their patent. I

RLF1-3037674-1

The Honorable Joseph J. Farnan, Jr.
July 17, 2006
Page 8

don't know if LPL believed that CPT had infringed their patents just based on these claim charts.

Ex. J (B. Chang Depo. Tr.) at 116:2-11. LPL cited additional sections in the re-designated portions of Ms. Chang's deposition. See id. at 91:19-25, 92:1-14, 105:1-19, 125:11-18. As discussed above, the Court has excluded all references to other litigation, and therefore should exclude such references from LPL's deposition designations.

### 8. LPL Should Not Be Permitted To Use Deposition Designations Concerning The '121 Patent And Other Matters Excluded By The Court.

LPL affirmatively cited deposition testimony of Pat Chang that refers the alleged infringement of the '121 patent. Ex. K (P. Chang Depo. Tr.) at 94:3-10. LPL has affirmatively withdrawn claims associated with this patent, and the Court has ordered that all evidence related to other litigation be excluded. This testimony is directly related to other litigation and is, therefore, inadmissible. Furthermore, the jury may be prejudicially influenced by the specter of allegations of infringement of patents other than the '002, if LPL is permitted to introduce such evidence. One the door is open, CPT will be entitled to introduce rehabilitative evidence to show that such allegations are completely unfounded. After LPL has the Court to exclude such evidence offered by CPT, it should not now be permitted to use the same evidence offensively.

### 9. Defendants' object to the designations of the deposition testimony of Webster Howard and Scott Holmberg.

Based on the witness schedule provided by LPL on July 15, 2006, it appears that LPL may present the deposition testimony of Mr. Howard and Mr. Holmberg as early as today. Defendants hereby object to the designated deposition testimony for the reasons indicated in Exhibit L attached hereto. Defendants reserve their right to submit, and intend to serve, counter-designations for Mr. Howard, Mr. Holmberg, and all other deposition testimony designated by LPL, by 5:00 p.m. on July 17, 2006, per the Court's Order.

Defendants respectfully request the Court's intervention as explained in this letter to prevent substantial prejudice resulting from plaintiff's impermissible tactics and conduct at this late stage immediately before trial.

Respectfully submitted,

Robert W. Whetzel (#2288)

RWW/lll
cc:  Richard D. Kirk, Esquire w/ enclosure (By Electronic Filing and Hand Delivery)
     Gaspare J. Bono, Esquire w/ enclosure (By E-mail)

RLF1-3037674-1