UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG.PHILIPS LCD CO., LTD., | |
| | |
| Plaintiff, | |
| | |
| v. | Civil Action No. 05-292 (JJF) |
| | |
| TATUNG COMPANY; TATUNG COMPANY OF AMERICA, INC.; CHUNGHWA PICTURE TUBES, LTD.; AND VIEWSONIC CORPORATION, | |
| | |
| Defendants. | |

**JOINT PROPOSED JURY INSTRUCTIONS**

July 19, 2006

630273v1

TABLE OF CONTENTS

Page

1. INTRODUCTION ............................................................................................... 1

   1.1 JURORS' DUTIES................................................................................... 2

   1.2 BURDENS OF PROOF ......................................................................... 3

   1.3 EVIDENCE DEFINED ......................................................................... 5

   1.4 CONSIDERATION OF EVIDENCE ................................................... 6

   1.5 DIRECT AND CIRCUMSTANTIAL EVIDENCE ............................ 7

   1.6 CREDIBILITY OF WITNESSES ....................................................... 8

   1.7 NUMBER OF WITNESSES ................................................................ 9

   1.8 EXPERT WITNESSES ...................................................................... 10

   1.9 STIPULATED FACTS ....................................................................... 11

2. THE PARTIES AND THEIR CONTENTIONS ............................................. 12

   2.1 THE PARTIES.................................................................................... 12

   2.2 LPL'S CONTENTIONS ..................................................................... 13

   2.3 DEFENDANTS' CONTENTIONS .................................................... 14

   2.4 SUMMARY OF THE ISSUES........................................................... 15

      2.4.1 LPL'S PROPOSED INSTRUCTION ON "SUMMARY
          OF THE ISSUES".................................................................. 15

      2.4.2 DEFENDANTS' PROPOSED INSTRUCTION ON
          "SUMMARY OF THE ISSUES" ......................................... 17

3. INFRINGEMENT.............................................................................................. 19

   3.1 CLAIM INFRINGEMENT................................................................. 19

   3.2 CONSTRUCTION OF CLAIMS ....................................................... 20

   3.3 DEPENDENT AND INDEPENDENT CLAIMS ............................... 21

      3.3.1 LPL'S PROPOSED INSTRUCTION ON "DEPENDENT
          AND INDEPENDENT CLAIMS" ........................................ 21

      3.3.2 DEFENDANTS' PROPOSED INSTRUCTION ON
          "DEPENDENT AND INDEPENDENT CLAIMS" ............... 22

   3.4 PATENT INFRINGEMENT -- GENERALLY.................................. 23

      3.4.1 LPL'S PROPOSED INSTRUCTION ON "PATENT
          INFRINGEMENT -- GENERALLY" ................................... 23

3.4.2 DEFENDANTS' PROPOSED INSTRUCTION ON "PATENT INFRINGEMENT -- GENERALLY" ................................... 24

3.5 DIRECT INFRINGEMENT -- KNOWLEDGE OF PATENT OR INTENT TO INFRINGE IS IMMATERIAL ....................................... 25

3.5.1 LPL'S PROPOSED INSTRUCTION ON "DIRECT INFRINGEMENT -- KNOWLEDGE OF PATENT OR INTENT TO INFRINGE IS IMMATERIAL" ........................................ 25

3.5.2 DEFENDANTS' PROPOSED INSTRUCTION ON "DIRECT INFRINGEMENT -- KNOWLEDGE OF PATENT OR INTENT TO INFRINGE IS IMMATERIAL" ................................................... 26

3.6 INDUCING PATENT INFRINGEMENT .......................................... 27

3.6.1 LPL'S PROPOSED INSTRUCTION ON "INDUCING PATENT INFRINGEMENT" ...................................................... 27

3.6.2 DEFENDANTS' PROPOSED INSTRUCTION ON "INDUCING PATENT INFRINGEMENT" ........................................... 28

3.7 LITERAL INFRINGEMENT .................................................................. 29

3.8 DOCTRINE OF EQUIVALENTS .................................................... 30

3.8.1 LPL'S PROPOSED INSTRUCTION ON "DOCTRINE OF EQUIVALENTS" ................................................................. 30

3.8.2 DEFENDANTS' PROPOSED INSTRUCTION ON "DOCTRINE OF EQUIVALENTS" ......................................... 32

3.9 SITUATIONS WHERE RESORT TO DOCTRINE OF EQUIVALENTS  IS NOT PERMITTED ............................................. 33

3.9.1 LPL'S PROPOSED INSTRUCTION ON "SITUATIONS WHERE RESORT TO DOCTRINE OF EQUIVALENTS IS NOT PERMITTED" .............................................................. 33

3.9.2 DEFENDANTS' PROPOSED INSTRUCTION ON "SITUATIONS WHERE RESORT TO DOCTRINE OF EQUIVALENTS  IS NOT PERMITTED" ........................... 35

3.10 OPEN ENDED OR "COMPRISING" CLAIMS ................................ 36

3.11 WILLFUL INFRINGEMENT ............................................................ 37

3.11.1 LPL'S PROPOSED INSTRUCTION ON "WILLFUL INFRINGEMENT" ................................................................ 37

3.11.2 DEFENDANTS' PROPOSED INSTRUCTION ON "WILLFUL INFRINGEMENT" ............................................. 38

4. VALIDITY DEFENSES ............................................................................ 39

4.1 SUMMARY OF INVALIDITY DEFENSE ..................................... 39

4.2    PRIOR ART DEFINED..................................................................... 40

4.3    ANTICIPATION .............................................................................. 41

        (a)    LPL'S PROPOSED INSTRUCTION ON
           "ANTICIPATION".................................................... 41

        (b)    DEFENDANTS' PROPOSED INSTRUCTION ON
           "ANTICIPATION".................................................... 43

    4.3.2    PRINTED PUBLICATIONS........................................... 45

        (a)    LPL'S PROPOSED INSTRUCTION ON
           "PRINTED PUBLICATIONS" .................................. 45

        (b)    DEFENDANTS' PROPOSED INSTRUCTION ON
           "PRINTED PUBLICATION" .................................... 47

4.4    OBVIOUSNESS ............................................................................... 49

        (a)    LPL'S PROPOSED INSTRUCTION ON
           "OBVIOUSNESS" .................................................... 50

        (b)    DEFENDANTS' PROPOSED INSTRUCTION ON
           "OBVIOUSNESS" .................................................... 51

    4.4.1    SCOPE AND CONTENT OF THE PRIOR ART ................................. 52

        (a)    LPL'S PROPOSED INSTRUCTION
           REGARDING "SCOPE AND CONTENT OF THE
           PRIOR ART" ............................................................ 52

        (b)    DEFENDANTS' PROPOSED INSTRUCTION
           REGARDING "SCOPE AND CONTENT OF THE
           PRIOR ART" ............................................................ 53

    4.4.2    ANALOGOUS ART................................................................ 54

        (a)    LPL'S PROPOSED INSTRUCTION ON
           "ANALOGOUS ART" .............................................. 54

    4.4.3    DIFFERENCES OVER THE PRIOR ART............................................. 55

    4.4.4    LEVEL OF ORDINARY SKILL .......................................... 56

    4.4.5    OBJECTIVE CRITERIA CONCERNING
        OBVIOUSNESS .......................................................... 57

        (a)    LPL'S PROPOSED INSTRUCTION ON
           "FACTORS INDICATING NONOBVIOUSNESS" ................. 58

        (b)    DEFENDANTS' PROPOSED INSTRUCTION ON
           "OBJECTIVE CRITERIA CONCERNING
           OBVIOUSNESS" .................................................... 60

    4.4.6    MOTIVATION TO COMBINE .......................................... 61

    4.4.7    HINDSIGHT................................................................... 62

(a)   LPL'S PROPOSED INSTRUCTION ON "OBVIOUSNESS – HINDSIGHT"............................................ 62

4.4.8   TEACHING AWAY OF PRIOR ART..................................................... 63

(a)   LPL'S PROPOSED INSTRUCTION ON "TEACHING AWAY OF PRIOR ART" ................................... 63

4.4.9   OBVIOUS TO TRY ...................................................................... 64

(a)   LPL'S PROPOSED INSTRUCTION ON "OBVIOUS TO TRY"................................................ 64

4.4.10 INDEPENDENT INVENTION BY OTHERS....................................... 65

4.5   WRITTEN DESCRIPTION................................................................. 66

4.5.1   DEFENDANTS' PROPOSED INSTRUCTION ON "WRITTEN DESCRIPTION" ................................. 66

4.6   ENABLEMENT ............................................................................. 67

4.6.1   DEFENDANTS' PROPOSED INSTRUCTION ON "ENABLEMENT"............................................. 67

4.7   DEFINITENESS ............................................................................ 68

4.7.1   DEFENDANTS' PROPOSED INSTRUCTION ON "DEFINITENESS" ............................................ 68

5.   DAMAGES.......................................................................................... 69

5.1   COMPENSATORY DAMAGES IN GENERAL ............................................. 69

5.1.1   LPL'S PROPOSED INSTRUCTION ON "COMPENSATORY DAMAGES IN GENERAL"................................ 69

5.1.2   DEFENDANTS' PROPOSED INSTRUCTION ON "DAMAGES -- GENERALLY"............................................ 71

5.2   FORESEEABILITY ......................................................................... 72

(a)   LPL'S PROPOSED INSTRUCTION ON "FORESEEABILITY"................................................ 72

5.3   REASONABLE CERTAINTY ............................................................... 73

5.3.1   LPL'S PROPOSED INSTRUCTION ON "REASONABLE CERTAINTY" ........................................ 73

5.4   ENTIRE MARKET VALUE RULE ......................................................... 74

5.4.1   LPL'S PROPOSED INSTRUCTION ON "ENTIRE MARKET VALUE RULE".................................. 74

5.5   REASONABLE ROYALTY AS A MEASURE OF DAMAGES ..................... 75

5.5.1   LPL'S PROPOSED INSTRUCTION ON "REASONABLE ROYALTY AS A MEASURE OF DAMAGES".................. 75

        5.5.2   DEFENDANTS' PROPOSED INSTRUCTION ON
                "REASONABLE ROYALTY AS A MEASURE OF
                DAMAGES" .................................................................... 77

    5.6   FACTORS FOR DETERMINING REASONABLE ROYALTY ..................... 78

        5.6.1   LPL'S PROPOSED INSTRUCTION ON "FACTORS
                FOR DETERMINING REASONABLE ROYALTY" ........................... 78

        5.6.2   DEFENDANTS' PROPOSED INSTRUCTION ON
                "FACTORS FOR DETERMINING REASONABLE
                ROYALTY" ...................................................................... 80

    5.7   COST SAVINGS AS A BASIS FOR REASONABLE ROYALTY ................. 82

        5.7.1   LPL'S PROPOSED INSTRUCTION ON "COST
                SAVINGS AS A BASIS FOR REASONABLE
                ROYALTY" ...................................................................... 82

    5.8   THE DATE DAMAGES BEGIN ....................................................... 84

        5.8.1   DEFENDANTS' PROPOSED INSTRUCTION ON
                "DEFINITENESS" ............................................................. 84

    5.9   CLOSING STATEMENT - DAMAGES ............................................. 85

    5.10  CURATIVE INSTRUCTION ........................................................... 86

6.  EXCEPTIONAL CASE ............................................................................. 87

    6.1   DEFENDANTS PROPOSED INSTRUCTION ON
          "EXCEPTIONAL CASE" ............................................................... 87

7.  LACHES ................................................................................................ 88

    7.1   LPL'S PROPOSED INSTRUCTION ON "LACHES" ............................... 88

8.  DELIBERATION AND VERDICT ............................................................... 90

    8.1   INTRODUCTION ........................................................................ 90

    8.2   UNANIMOUS VERDICT ................................................................ 91

    8.3   DUTY TO DELIBERATE ............................................................... 93

    8.4   COURT HAS NO OPINION ........................................................... 94

1.      **INTRODUCTION**

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

I will start by explaining your duties and the general rules that apply in every civil case.

Then I will explain some rules that you must use in evaluating particular testimony and evidence.

Then I will explain the positions of the parties and the law you will apply in this case.

And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.  You will have a written copy of these instructions with you in the jury room for your reference during your deliberations. You will also have a verdict form, which will list the interrogatories, or questions, that you must answer to decide this case.

Please listen very carefully to everything I say.

Source

Uniform Jury Instructions for Patent Cases In The United States District Court For The District Of Delaware (1993).

## 1.1    JURORS' DUTIES

You have two main duties as jurors.  The first one is to decide what the facts are from the evidence that you saw and heard here in court.  Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if, by a preponderance of the evidence, the defendants are liable.  It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them.  This includes the instructions that I gave you before and during the trial, and these instructions.  All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly.  Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

<u>Source</u>

Uniform Jury Instructions for Patent Cases In The United States District Court For The District Of Delaware (1993).

1.2     **BURDENS OF PROOF**

This is a civil case in which the Plaintiff LG.Philips LCD Co. (which I will refer to as "LPL"), is seeking damages from 4 Defendants, companies named Chunghwa Picture Tubes, Ltd. (which I will refer to as "CPT"), Tatung Company (which I will refer to as "Tatung"), Tatung Company of America, Inc. (which I will refer to as "Tatung America"), and ViewSonic Corporation (which I will refer to as "ViewSonic") for patent infringement.

LPL has the burden of proving patent infringement by what is called a preponderance of the evidence. That means LPL has to produce evidence which, when considered in light of all of the facts, leads you to believe that what LPL claims is more likely true than not. To put it differently, if you were to put LPL's and the Defendants' evidence on the opposite sides of a scale, the evidence supporting LPL's claims would have to make the scales tip somewhat on its side.

LPL also contends that the Defendants' infringement of its patent was willful. To prove that their infringement was willful, LPL must come forward with clear and convincing evidence that the Defendants willfully infringed. Clear and convincing evidence is evidence that produces an abiding conviction that the truth of a factual contention is highly probable. Proof by clear and convincing evidence is thus a higher burden than proof by a preponderance of the evidence.

In this case, the Defendants CPT, Tatung, Tatung America, and ViewSonic are urging that LPL's patent is invalid. A patent, however, is presumed to be valid. Accordingly, the Defendants have the burden of proving that the Patent-In-Suit is invalid by clear and convincing evidence. As I just mentioned, clear and convincing evidence is evidence that produces an abiding conviction that the truth of a factual contention is highly probable. Proof by clear and convincing evidence is thus a higher burden than proof by a preponderance of the evidence.

Those of you who are familiar with criminal cases will have heard the term "proof beyond a reasonable doubt."  That burden does not apply in a civil case and you should, therefore, put it out of your mind in considering whether or not LPL or Defendants have met their burden of proof.

<u>Source</u>

Uniform Jury Instructions for Patent Cases In The United States District Court For The District Of Delaware (1993).

### 1.3     EVIDENCE DEFINED

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, the stipulations that the lawyers agreed to, and the facts that I have judicially noticed.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. Any of my comments and questions are not evidence.

During the trial I may have not let you hear the answers to some of the questions that the lawyers asked. I also may have ruled that you could not see some of the exhibits that the lawyers wanted you to see. And sometimes I may have ordered you to disregard things that you saw or heard, or I may have struck things from the record. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

Source

Uniform Jury Instructions for Patent Cases In The United States District Court For The District Of Delaware (1993).

### 1.4    CONSIDERATION OF EVIDENCE

You should use your common sense in weighing the evidence.  Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves.  If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

Source

Uniform Jury Instructions for Patent Cases In The United States District Court For The District Of Delaware (1993).

## 1.5    DIRECT AND CIRCUMSTANTIAL EVIDENCE

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, nor does it say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

Source

Uniform Jury Instructions for Patent Cases In The United States District Court For The District Of Delaware (1993).

**1.6     CREDIBILITY OF WITNESSES**

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely about some important fact, or, whether there was evidence that at some other time the witness said [or did] something, [or failed to say or do something] that was different from the testimony he gave at the trial.

You should remember that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth.  People may tend to forget some things or remember other things inaccurately.  If a witness has made a misstatement, you must consider whether it was simply an innocent lapse of memory or an intentional falsehood, and that may depend upon whether it concerns an important fact or an unimportant detail.

<u>Source</u>

Uniform Jury Instructions for Patent Cases In The United States District Court For The District Of Delaware (1993).

### 1.7     NUMBER OF WITNESSES

One more point about the witnesses.  Sometimes jurors wonder if the number of witnesses who testified makes any difference.

Do not make any decisions based only on the number of witnesses who testified.  What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.  Concentrate on that, not the numbers.

Source

Uniform Jury Instructions for Patent Cases In The United States District Court For The District Of Delaware (1993).

## 1.8    EXPERT WITNESSES

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field - he is called an expert witness - is permitted to state his opinion on those technical matters.  However, you are not required to accept that opinion.  As with any other witness, it is up to you to decide whether to rely upon it.

<u>Source</u>

Uniform Jury Instructions for Patent Cases In The United States District Court For The District Of Delaware (1993).

**1.9    STIPULATED FACTS**

LPL, CPT, Tatung, Tatung America, and ViewSonic have stipulated – that is, they have agreed – that certain facts are as counsel have read into the record.  You should, therefore, treat those facts as having been proved.

2.    **THE PARTIES AND THEIR CONTENTIONS**

   2.1    **THE PARTIES**

   Plaintiff LG.Philips LCD Co., Ltd. is a Korean company with its principal place of business in Korea.

   Defendant Chunghwa Picture Tubes, Ltd. is a Taiwanese corporation with its principal place of business in Taiwan.  Defendant Tatung Company is a Taiwanese corporation with its principal place of business in Taiwan.  Defendant Tatung Company of America is a California corporation with its principal place of business in California.

   Defendant ViewSonic Corporation is a California corporation with its principal place of business in California.

   LPL owns U.S. Letters Patent 5,019,002, entitled "Method of Manufacturing Flat Panel Backplanes including Electrostatic Discharge Prevention and Displays Made Thereby," which I will refer to as the '002 Patent or as the Patent-In-Suit.

## 2.2     LPL'S CONTENTIONS

LPL contends that liquid crystal display modules, or "LCD Modules," manufactured by CPT were made using the techniques and process claimed in LPL's '002 Patent.

LPL further contends that CPT then sells these infringing LCD Modules to Defendants Tatung, Tatung America, and ViewSonic for use in the LCD monitors and televisions that those Defendants then use, sell, offer for sale throughout, and import into the United States.  As such, LPL contends that CPT, Tatung, Tatung America, and ViewSonic infringe the '002 Patent by using, selling, importing, and offering to sell these infringing LCD products throughout the United States.

LPL further contends that CPT, Tatung, Tatung America, and ViewSonic have actively induced third parties to infringe the '002 Patent, by actively and knowingly aiding and abetting those third parties to use, sell, import, and offer for sale these infringing LCD products throughout the United States.  Those third parties include companies that manufacture and sell LCD products (such as LCD televisions, LCD monitors, and notebook computers) that contain a CPT LCD module.  These third parties include U.S. companies such as Hewlett Packard and Dell.

LPL also contends that CPT, Tatung, Tatung America, and ViewSonic were aware of the '002 Patent, and its relevance to their activities, but did not exercise due care and investigate whether their activities infringe any valid claim of the '002 Patent.  As such, LPL contends that each Defendant's infringement of the '002 Patent was willful.

LPL seeks from you, the jury, i) an award of damages in the form of a reasonable royalty, and ii) a declaration that each Defendant's infringement of the '002 Patent was willful.

### 2.3    DEFENDANTS' CONTENTIONS

CPT, Tatung, Tatung America and ViewSonic (collectively the "Defendants") contend that they do not infringe the '002 Patent.  The Defendants further contend that there can be no infringement because the '002 Patent is invalid.  Defendants also contend that even if infringement is found, the '002 patent must be invalid both because Defendants practice the prior art and because the '002 patent is anticipated and rendered obvious by the prior art.  The Defendants also contend that LPL has failed to show the use, offer to sell or sale within the US, or importation into the US of all of the products for which LPL is claiming damages.  The Defendants also contend that LPL has failed to establish the amount of a reasonable royalty. The Defendants also contend that there was no willful infringement.  If liability were to be found, the Defendants contend that the amount of any payment should be less than that requested by LPL. Defendants also contend that LPL did not fulfill its obligation of notifying defendants of the patent until it filed suit on May 13, 2005, and thus, there can be no damages collected for sales made before that date.

**2.4     SUMMARY OF THE ISSUES**

The Parties could not agree upon the language for the instruction regarding "SUMMARY OF THE ISSUES."  Following are each of LPL's and Defendants' respective forms of this jury instruction.

2.4.1    LPL'S PROPOSED INSTRUCTION ON "SUMMARY OF THE ISSUES"

LPL must demonstrate by a preponderance of the evidence that CPT's LCD Modules were made using a process claimed in the '002 Patent.

There are certain CPT LCD Modules that LPL alleges infringe the '002 Patent, and these LCD Modules can be sorted into 2 categories of CPT LCD Modules, specifically those modules that contain outer guard rings those that contain outer and inner guard rings.

The first issue for you, the jury, is to determine whether each Defendant has infringed the '002 Patent, either or both directly or indirectly by actively inducing another to infringe.

CPT's LCD modules infringe the '002 Patent if they are manufactured using a process protected by one or more claims in the '002 Patent.  Consequently, CPT, Tatung, Tatung America, and ViewSonic are liable for direct infringement of the '002 Patent if LPL proved by a preponderance of the evidence that they used, sold, offered for sale, or imported in or to the United States any infringing CPT LCD module or any LCD display product (*e.g.*, any LCD computer monitor or LCD television).

Defendants are also liable if they actively induced infringement of the '002 Patent.  CPT, Tatung, Tatung America, and ViewSonic are liable for actively inducing infringement of the '002 Patent if LPL proved by a preponderance of the evidence that they actively induced any of their customers or any other company to use, sell, import, or offer for sale infringing products in

the Unites States, including completed LCD display products, *e.g.*, laptop computers, LCD computer monitors, or LCD televisions that contain an infringing LCD module.

If you decide that any or all of the Defendants directly infringe or actively induce infringement of one or more of the valid claims of the '002 Patent, you must also decide the following:

If you decide one or more of the Defendants have infringed the '002 Patent, either directly or by inducing a third party to infringe, you must decide whether the Defendants have established by clear and convincing evidence that each infringed claim of the '002 Patent is invalid.

Whether LPL has established by clear and convincing evidence that CPT's, Tatung's, Tatung America's, and ViewSonic's infringement of the '002 Patent was willful; and

What amount of damages LPL has proven by a preponderance of the evidence.

2.4.2   DEFENDANTS' PROPOSED INSTRUCTION ON "SUMMARY OF THE ISSUES"

LPL must demonstrate by a preponderance of the evidence that CPT's LCD Modules were made using a process claimed in the '002 patent.

There are certain CPT LCD Modules that LPL alleges infringe the '002 patent, and these modules can be sorted into 2 categories: those with outer guard rings and those with both inner and outer guard rings.  I will refer to these modules as the "accused products."

The first issue for you, the jury, is to determine whether LPL has proven by a preponderance of the evidence that these accused products were manufactured using a process that meets every limitation as set out in the claims.

If you decide one or more of them were, which means those products infringe the '002 patent, you must decide whether the Defendants have established by clear and convincing evidence that the '002 patent is invalid.  Invalidity is a defense to patent infringement.  There can be no liability for infringement of an invalid patent because a finding of invalidity bars the patent owner from exercising the right to exclude the public from practicing the invention.

If you decide that the accused products infringe the '002 Patent, and that the '002 Patent is not invalid, you must also decide the following:

Whether CPT, Tatung, Tatung America, and ViewSonic are liable for direct infringement of the '002 Patent, by using, selling, importing into, or offering for sale, throughout the United States, the accused LCD products, whether those accused products are sold separately or as part of a completed LCD display product (*e.g.*, LCD monitor, television);

Whether CPT, Tatung, Tatung America, and ViewSonic have actively induced their customers to use, sell, import, or offer for sale accused products in the Unites States, whether the accused products are sold separately or as part of a completed LCD display product (*e.g*., LCD monitor, television);

Whether LPL has established by clear and convincing evidence that CPT's, Tatung's, Tatung America's, and ViewSonic's infringement of the '002 Patent was willful; and what amount of damages LPL has proven by a preponderance of the evidence.

**3.**     **INFRINGEMENT**

**3.1     CLAIM INFRINGEMENT**

Before you can decide whether an accused product or process infringes LPL's patent, you will have to understand the patent "claims." The patent claims are the numbered paragraphs at the end of the patent. The patent claims involved here are claims 1 and 8, beginning at column 8, line 65 of the patent which is Plaintiff's Exhibit 1 in evidence.  The claims are "word pictures" intended to define, in words, the boundaries of the invention described and illustrated in the patent. Only the claims of the patent can be infringed. Neither the specification, which is the written description of the invention, nor the drawings of a patent can be infringed. Each of the claims must be considered individually, and to show patent infringement, LPL need only establish that one claim has been infringed.

Source

Uniform Jury Instructions for Patent Cases In The United States District Court For The District Of Delaware (1993).