4.3.2    <u>PRINTED PUBLICATIONS</u>

The Parties could not agree upon the language for the instruction regarding "PRINTED PUBLICATIONS."  Following are each of LPL's and Defendants' respective forms of this jury instruction.

(a)    LPL'S PROPOSED INSTRUCTION ON "PRINTED PUBLICATIONS"

Defendants contend that claims 1 of the '002 patent was anticipated because the invention defined in that claim was described in a printed publication before Mr. Holmberg invented the invention.

A general rule in patent law is that the date of invention of the patentee for purposes of anticipation is presumed to be the date of filing of a complete application in the Patent and Trademark Office disclosing the invention. The patentee may avoid anticipation under some circumstances by establishing a pre-filing date of invention. The inventor's testimony as to date of invention must be sufficiently corroborated by independent evidence.

A printed publication must be reasonably accessible to those members of the public who would be interested in its contents.  It is not necessary that the printed publication be available to every member of the public.  An issued patent is a printed publication.  A published patent application is a printed publication as of its publication date.

For a printed publication to anticipate a patent claim, it must, when read by a person of ordinary skill in the art, expressly or inherently disclose each element step of the claimed invention method to the reader.  The disclosure must be complete enough to enable one of ordinary skill in the art to practice the invention without undue experimentation. In determining whether the disclosure is enabling, you should take into account what would have been within the knowledge of a person of ordinary skill in the art at the time the invention of the '002 patent, and you may consider evidence that sheds light on the knowledge such a person would have had.

<u>Source</u>

American Intellectual Property Law Association's Model Patent Jury Instructions, at § 6.0 (2005)

(b)    DEFENDANTS' PROPOSED INSTRUCTION ON "PRINTED PUBLICATION"

Defendants contend that claim 1 of the '002 Patent was anticipated because the invention defined in that claim was described in a printed publication before the invention of the '002 patent was invented.

Under the patent laws, the date of invention is generally the date that the patent application was filed.  The patentee may avoid anticipation and/or obviousness under some circumstances by establishing a pre-filing date of invention.

To prove a pre-filing date of invention, LPL has the burden of proving, by clear and convincing evidence, that the invention was both conceived before the filing date and thereafter diligently reduced to practice.  Uncorroborated testimony of an inventor is insufficient to establish a pre-filing date of invention.  The inventor's testimony as to date of invention must be sufficiently corroborated by documentation or contemporaneous written materials which describe the invention or the testimony of a disinterested person.  A printed publication must be reasonably accessible to those members of the public who would be interested in its contents.  It is not necessary that the printed publication be available to every member of the public.  An issued patent is a printed publication.  A published patent application is a printed publication as of its publication date.

For a printed publication to anticipate a patent claim, it must, when read by a person of ordinary skill in the art, expressly or inherently disclose each step of the claimed method to the reader.  The disclosure must be complete enough to enable one of ordinary skill in the art to practice the invention without undue experimentation.  In determining whether the disclosure is enabling, you should take into account what would have been within the knowledge of a person of ordinary skill in the art at the time the invention of the '002 patent was made, and you may consider evidence that sheds light on the knowledge such a person would have had.

<u>Source</u>

AIPLA Model Instructions, Version 1.1, February 2006; *American Standard Inc. v. Pfizer Inc.*, 722 F. Supp. 86 (D. Del. 1989); *Grefco, Inc. v. Kewanee Indus., Inc.*, 499 F.Supp. 844 (D. Del. 1980).

**4.4    OBVIOUSNESS**

The Parties could not agree upon the language for the instruction regarding

"OBVIOUSNESS."  Following are each of LPL's and Defendants' respective forms of this jury

instruction.

(a)    LPL'S PROPOSED INSTRUCTION ON "OBVIOUSNESS"

Defendants contend that claim 8 of the '002 patent is invalid because the claimed subject

matter would have been obvious to one of ordinary skill in the art at the time the invention was

made.  Defendants bear the burden of proving this defense by clear and convincing evidence.

To find anticipation, it is required that every one of the elements of the claimed invention

be found in a single item of prior art; however, for obviousness, a person of ordinary skill in the

art may combine two or more items of prior art.  Therefore, you must consider the prior art

reference(s) and evaluate obviousness from the perspective of one of ordinary skill in the art at

the time the invention was filed (not from the perspective of a layman or a genius in the art).

Before determining whether or not Defendants have established obviousness of the

claimed invention, you must determine the following factual matters, each of which must be

established by clear and convincing evidence:

1.    The scope and content of the prior art relied upon by Defendants;

2.    The difference or differences, if any, between each claim of the '002 patent and

the prior art; and

3.    The level of ordinary skill in the art at the time the invention of the '002 patent

was made.

4.    Objective factors indicating non-obviousness, including: (a) Commercial Success;

(b) Long-Felt Need; (c) Failure of Others; (d) Copying; (e) Unexpected Results; and (f)

Acceptance of Licenses.

Against this background of facts, you will then make your conclusion whether or not the claimed subject matter would have been obvious to a person of ordinary skill in the art of LCD technology at the time the invention was made.

Source

American Intellectual Property Law Association's Model Patent Jury Instructions, at § 7.0 (2005)

(b)     **DEFENDANTS' PROPOSED INSTRUCTION ON "OBVIOUSNESS"**

In order to be patentable an invention must not be obvious to a person of ordinary skill in the art at the time the invention was made. The issue is not whether the claimed invention would be obvious to you as a layman, to me as a judge, or to a genius in the art, but whether it would have been obvious to one of ordinary skill in the art at the time it was made. Defendants contend that all asserted claims of the '002 Patent are invalid as obvious.

In determining obviousness or non-obviousness of the claimed subject matter of the patent, the following steps should be taken by you:

1.     You should determine the scope and content of the prior art relied upon by the party alleging invalidity of the '002 Patent;

2.     You should then identify the difference, if any, between each claim of the '002 Patent and the prior art; and

3.     Determine the level of ordinary skill in the pertinent art at the time the invention of the '002 patent was made.

Against this background, you will then make your decision that the claimed subject matter would have been either obvious or unobvious to a person of ordinary skill in the pertinent art.  You should also consider such objective considerations as commercial success, long felt but unresolved need, failure of others to solve the problem, acquiescence in the patent by others, and whether the same or similar inventions were made independently by others prior to or at about the same time as the invention of the '002 Patent.

<u>Source</u>

Uniform Jury Instructions for Patent Cases In The United States District Court For The District Of Delaware (1993).

### 4.4.1   SCOPE AND CONTENT OF THE PRIOR ART

The Parties could not agree upon the language for the instruction regarding "SCOPE AND CONTENT OF THE PRIOR ART."  Following are each of LPL's and Defendants' respective forms of this jury instruction.

(a)    LPL'S PROPOSED INSTRUCTION REGARDING "SCOPE AND CONTENT OF THE PRIOR ART"

As I just instructed you, in arriving at your decision on the issue of whether or not the claimed invention is obvious to one of ordinary skill in the art, you must first determine the scope and content of the prior art.  This means that you must determine what prior art is reasonably pertinent to the particular problem with which the inventor was faced. The prior art relied upon by Defendants consists of  prior patents and prior publications anywhere in the world that issued before the date of invention.

Source

Uniform Jury Instructions for Patent Cases In The United States District Court For The District Of Delaware (1993)

(b)      DEFENDANTS' PROPOSED INSTRUCTION REGARDING "SCOPE AND CONTENT OF THE PRIOR ART"

As I just instructed you, in arriving at your decision on the issue of whether or not the claimed invention is obvious to one of ordinary skill in the art, you must first determine the scope and content of the prior art. This means that you must determine what prior art is reasonably pertinent to the particular problem with which the inventor was faced. The prior art includes the following:

1.      Prior patents anywhere in the world that issued before the date of invention;

2.      Prior publications having a publication date before July 12, 1987;

3.      U.S. Patents that have a filing date prior to July 12, 1988;

4.      Anything in public use or on sale in the United States before July 12, 1988;

5.      Anything that was publicly known or used by others in this country before the date of invention of the Patent In Suit; and

6.      Anything that was made or built or any process that was used in this country by another person before the date of invention of the Patent In Suit, where the thing made or built or the process used was not abandoned, suppressed or concealed.

<u>Source</u>

Uniform Jury Instructions for Patent Cases In The United States District Court For The District Of Delaware (1993).

### 4.4.2  ANALOGOUS ART

The Defendants do not believe that an instruction on "Analogous Art" should be included.  LPL submits the following instruction on Analogous Art.

(a)    LPL'S PROPOSED INSTRUCTION ON "ANALOGOUS ART"

An item of prior art is analogous if it comes from the same field in which LPL was working, even if it does not concern the problem LPL was addressing.  An item of prior art is also analogous even if it was not from the same field in which LPL was working, so long as it was reasonably pertinent to the particular problem that the '002 Patent was trying to solve.

If you determine that the alleged analogous art is not analogous art, then you should ignore it in deciding whether the claimed invention would have been obvious.

Source

American Intellectual Property Law Association's Model Patent Jury Instructions, at § 7.2 (2005)

### 4.4.3   DIFFERENCES OVER THE PRIOR ART

The next factor that you must consider is the differences, if any, between the prior art and the claimed invention.  Although it is proper for you to note any differences between the claimed invention and the prior art, it is improper to consider the invention as only the differences because the test is whether the claimed method as a whole would have been obvious over all of the prior art.  Each claim must be considered in its entirety.

Source

Uniform Jury Instructions for Patent Cases In The United States District Court For The District Of Delaware (1993).

### 4.4.4   LEVEL OF ORDINARY SKILL

Next, you are to determine the level of ordinary skill in the art to which the claimed invention pertains at the time the claimed invention was made.  Factors to be considered in determining the level of ordinary skill in the pertinent art include the educational level of the inventor, the types of problems encountered in the art, the prior art patents and publications, the activities of others and prior art solutions to the problems encountered by the inventor, the sophistication of the technology and the education of others working in the field.

Source

Uniform Jury Instructions for Patent Cases In The United States District Court For The District Of Delaware (1993).

### 4.4.5  OBJECTIVE CRITERIA CONCERNING OBVIOUSNESS

The Parties could not agree upon the language for the instruction regarding

"OBJECTIVE CRITERIA CONCERNING OBVIOUSNESS."  Following are each of LPL's and

Defendants' respective forms of this jury instruction.

(a)  LPL'S PROPOSED INSTRUCTION ON "FACTORS INDICATING NONOBVIOUSNESS"

Before deciding the issue of obviousness, you must consider certain factors which, if

established, weigh in favor of finding that the invention would not have been obvious.  No factor

alone is dispositive, and you must considered the obviousness or nonobviousness of the

invention as a whole.

**Commercial Success**

One of the factors you should consider is whether LPL has shown any commercial

success of products covered by the '002 patent due to the merits of the invention.  To prove this,

LPL would have to provide evidence to satisfy you that there is a causal connection between the

commercial success of the products and the claimed invention, which would tend to indicate that

the invention would not have been obvious.

However, if you conclude that commercial success of the product is due to advertising,

promotion, salesmanship or the like, or to features of the product other than those claimed in the

Patent in Suit, rather than to the claimed invention, then the fact that the product enjoyed

commercial success is not related to whether the invention would have been nonobvious.

**Long-Felt Need**

One of the factors you should consider is whether or not LPL has shown a long felt need

in the art which was satisfied by the invention of the '002 patent, which would tend to indicate

that the invention would not have been obvious.  However, if you were to conclude that there

was no long-felt need in LCD technology or that the long-felt need was satisfied due to advances in unrelated technology, then LPL would not have carried its burden of proof on this factor.

### Failure of Others

One of the factors you should consider is whether LPL has shown that others had tried, but failed to solve the problem solved by the invention of the '002 patent, which would tend to indicate that the invention would not have been obvious. To prove this, LPL must show that it was the merits of the invention that allowed the inventors of the '002 patent to succeed. If advances in unrelated technology allowed the inventor to succeed, then LPL would not have carried his burden of proof on this factor.

### Copying

One of the factors you should consider is whether or not LPL has shown copying by others of the invention claimed in the '002 patent. If you were to find that others copied the invention because of its merits, this would tend to indicate that the invention would not have been obvious.

### Unexpected Results

One of the factors you should consider is whether or not LPL has shown unexpected superior results achieved by the invention claimed in the '002 patent. To prove this, LPL must show that it was the patented invention that caused the unexpected results, which would tend to indicate that the invention would not have been obvious. If there were not unexpected superior results or if the unexpected results were due to a feature unrelated to the invention, then LPL would not have carried its burden of proof on this factor.

**Acceptance of Licenses**

One of the factors you should consider is whether or not LPL has shown that others have accepted licenses under '002 patent because of the merits of the claimed invention.  If others accepted licenses due to factors such as the cost of litigation or the low cost of the license, then it has not been established that the acceptance of licenses was due to the merits of the invention itself. If you were to find that others took licenses as a result of the merits of the claimed invention, however, this would tend to indicate that the invention would not have been obvious.

*Source*

American Intellectual Property Law Association's Model Patent Jury Instructions, at § 7.7 (2005)

(b)     DEFENDANTS' PROPOSED INSTRUCTION ON "OBJECTIVE CRITERIA CONCERNING OBVIOUSNESS"

In making your decision as to the obviousness or unobviousness of the claimed invention, you must consider the following objective evidence which may tend to show unobviousness of the claims at issue:

1. Commercial success or lack of commercial success of products manufactured by the method covered by the patents in suit;

2. A long felt need in the art which was satisfied by the invention of the Patent in Suit;

3. The failure of others to make the invention;

4. Copying of the invention by others in the field;

5. Unexpected results achieved by the invention;

6. Praise of the invention by the infringer or others in the field;

7. The taking of licenses under the patent by others.

However, there must be a connection between the evidence showing any of these factors and the claimed invention if this evidence is to be given weight by you in arriving at your conclusion on the obviousness issue. For example, if commercial success is due to advertising, promotion, salesmanship or the like, or is due to manufacturing steps other than those claimed in the Patent in Suit, then any commercial success may have no relation to the issue of obviousness.

It is inappropriate to disregard any proper evidence relating to the issue of obviousness. Although some parts of the evidence may weigh more heavily than others, your decision of obviousness or non-obviousness should be held in abeyance, until all of the evidence has been introduced.

Source

Uniform Jury Instructions for Patent Cases In The United States District Court For The District Of Delaware (1993).

### 4.4.6   MOTIVATION TO COMBINE

Once the prior art is assembled and considered, you should determine whether the prior art, considered as a whole, suggests the claimed invention.  Prior art references may be combined to show obviousness if there is some motivation or suggestion to combine the references and if the combination would be reasonably likely to achieve the goal of the invention.  The suggestion or motivation to combine and the expectation of success must be found in either: the prior art itself, the knowledge of persons of ordinary skill in the art, or, in some cases, the nature of the problem to be solved.


Source

Draft Uniform Jury Instructions For Patent Cases In The United States District Court For The District Of Delaware (2003)

4.4.7   <u>HINDSIGHT</u>

The Defendants do not believe that an instruction on "HINDSIGHT" should be included. LPL submits the following instruction on "HINDSIGHT".

(a)    LPL'S PROPOSED INSTRUCTION ON "OBVIOUSNESS – HINDSIGHT"

The question of nonobviousness is simple to ask, but difficult to answer. A person of ordinary skill in the art is presumed to have knowledge of the relevant prior art at the time of the patentee's invention. If you find the available prior art shows each of the elements of the claims in suit, you must determine whether it would then have been obvious to a person of ordinary skill in the art to combine or coordinate these elements in the same manner as the claims in suit. The difficulty that attaches to all honest attempts to answer this question can be attributed to the strong temptation to rely on hindsight while undertaking this evaluation. It is wrong to use the Patent in Suit as a guide through the maze of prior art references, combining the right references in the right way so as to achieve the result of the claims in suit.

<u>Source</u>

Uniform Jury Instructions for Patent Cases In The United States District Court For The District Of Delaware 4.8.5 (1993).

### 4.4.8   TEACHING AWAY OF PRIOR ART

The Defendants do not believe that an instruction on "TEACHING AWAY OF PRIOR ART"  should be included.  LPL submits the following instruction on "TEACHING AWAY OF PRIOR ART".

(a)    LPL'S PROPOSED INSTRUCTION ON "TEACHING AWAY OF PRIOR ART"

If the patentee proceeds contrary to accepted wisdom of prior art, this is strong evidence of non-obviousness.  W.L. Gore & Associates, Inc. v. Garlock, Inc., 721 F.2d 1540, 220 U.S.P.Q. 303 (Fed. Cir. 1983), cert. denied, 469 U.S. 851 (1984).

Source

Uniform Jury Instructions for Patent Cases In The United States District Court For The District Of Delaware 4.8.5 (1993).

4.4.9   OBVIOUS TO TRY

The Defendants do not believe that an instruction on "OBVIOUS TO TRY" should be included. LPL submits the following instruction on "OBVIOUS TO TRY".

(a)     LPL'S PROPOSED INSTRUCTION ON "OBVIOUS TO TRY"

In deciding whether the prior art suggests the methods recited in the claims of the '002 patent, you are instructed that if the prior art merely discloses that it would have been obvious to explore a new technology or general approach that seemed to be a promising field of experimentation, this would not constitute a suggestion of the claimed method. Similarly, if the prior art merely discloses numerous possible combinations but gives no direction as to which of those of many choices is likely to be successful, this does not constitute a suggestion of the claimed method.

Source

American Intellectual Property Law Association's Model Patent Jury Instructions, at § 7.6 (2005)

## 4.4.10  INDEPENDENT INVENTION BY OTHERS

In reaching your determination on the issue of obviousness, you should consider whether the subject matter of the invention was also invented independently by other persons, either before the inventor of the Patent In Suit or at about the same time. Just as the failure of others to make the invention can be evidence of unobviousness, independent making of the invention by persons other than the inventor prior to or about the same time can be evidence that the invention would have been obvious.

The simultaneous or near simultaneous invention by two or more persons working independently may or may not be an indication of obviousness when considered in light of all the circumstances.

Source

Uniform Jury Instructions for Patent Cases In The United States District Court For The District Of Delaware (1993).

### 4.5     WRITTEN DESCRIPTION

LPL does not believe that an instruction on "WRITTEN DESCRIPTION" should be included.  Defendants submit the following instruction on "WRITTEN DESCRIPTION".

#### 4.5.1     DEFENDANTS' PROPOSED INSTRUCTION ON "WRITTEN DESCRIPTION"

A patent must contain a written description of the method claimed in the patent.  To satisfy the written description requirement, the patent must describe each and every step or limitation of a patent claim, although the exact words found in the claim need not be used.  The written description requirement is satisfied if a person of ordinary skill in the field, reading the patent application as originally filed, would recognize that the patent application described the invention as finally claimed in the patent.

Defendants contend that the claims of the patent are invalid for failure to satisfy the written description requirement.  Defendants bear the burden of establishing lack of written description by clear and convincing evidence.

If you find that Defendants have proved that it is highly probable that the patent does not contain a written description of the invention covered by any of these claims, then you must find that the claim is invalid.

Source

AIPLA Model Instructions, Version 1.1, February 2006

**4.6     ENABLEMENT**

LPL does not believe that an instruction on "ENABLEMENT" should be included.

Defendants submit the following instruction on "ENABLEMENT".

### 4.6.1    DEFENDANTS' PROPOSED INSTRUCTION ON "ENABLEMENT"

The Patent Laws also require that the disclosure or written description portion of a patent be sufficiently detailed to enable those skilled in the art to practice the invention. The purpose of this requirement is to ensure that the public, in exchange for the patent rights given to the inventor, obtains from the inventor a full disclosure of how to carry out the invention.

If the inventors failed to provide an enabling disclosure, the patent is invalid. However, because descriptions in patents are addressed to those skilled in the art to which the invention pertains, an applicant for a patent need not expressly set forth in his specification subject matter which is commonly understood by persons skilled in the art.

The enablement defense does not require an intent to withhold; all that is required is a failure to teach how to practice the process. In other words, if a person of ordinary skill in the art could not carry out the process without undue experimentation, the patent is invalid.

A specification need not contain a working example if the invention is otherwise disclosed in such a manner matter that one skilled in the art to which the invention pertains will be able to practice it without an undue amount of experimentation.

Source

Uniform Jury Instructions for Patent Cases In The United States District Court For The District Of Delaware (1993).

**4.7     DEFINITENESS**

LPL does not believe that an instruction on "DEFINITENESS" should be included.

Defendants submit the following instruction on "DEFINITENESS".

### 4.7.1   DEFENDANTS' PROPOSED INSTRUCTION ON "DEFINITENESS"

I will next discuss in more detail the standards by which the legal adequacy of a patent specification, both disclosure and claims, will be judged.

As previously mentioned the Patent Laws require the claims of a patent to be sufficiently definite that one skilled in the art can determine the precise limits of the claimed invention. If a claim is found to be indefinite the claim is invalid.

The amount of detail required to be included in claims depends on the particular invention and the prior art, and is not to be evaluated in the abstract but in conjunction with the disclosure. If the claims, read in light of the disclosure, reasonably apprise those skilled in the art of the proper scope of the invention, and if the language is as precise as the subject matter permits, then the claims are not indefinite.

Simply because some claim language may not be precise does not automatically render a claim invalid. When a word or phrase of degree such as "substantially equal to" is used, we must determine whether the patent disclosure provides some standard for measuring that degree. One must then determine whether one of ordinary skill in the art would understand what is covered when the claim is read in light of the disclosure. Even if one needed to experiment so as to determine the limits of the claims of the patent, that would not necessarily be a basis for holding the claims invalid.

Source

Uniform Jury Instructions for Patent Cases In The United States District Court For The District Of Delaware (1993).

5.    **DAMAGES**

    5.1    **COMPENSATORY DAMAGES IN GENERAL**

The Parties could not agree upon the language for the instruction regarding "COMPENSATORY DAMAGES IN GENERAL." Following are each of LPL's and Defendants' respective forms of this jury instruction.

    5.1.1    LPL'S PROPOSED INSTRUCTION ON "COMPENSATORY DAMAGES IN GENERAL"

If, after considering all of the evidence and the law as I have stated it, you are convinced that the patent is not infringed, invalid, or unenforceable, your verdict should be for Defendants and you need go no further in your deliberations. On the other hand, if you decide that the Patent-in-Suit is valid and enforceable, and that one or more of claim 1 or claim 8 of the Patent have been infringed by one or more of the Defendants, you must then turn to the issue of damages.

The Patent laws provide that in the case of infringement of a valid patent claim, the owner of the patent shall be awarded damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer. Damages are compensation for all losses suffered as a result of the infringement.

It is not relevant to the question of damages whether Defendants benefited from, realized profits from or even lost money as a result of the acts of infringement. The only issue is the amount necessary to adequately compensate LPL for Defendants' infringement. Adequate compensation should return LPL to the position it would have occupied had there been no infringement. You must consider the amount of injury suffered by LPL without regard to Defendants' gains or losses from the infringement.