IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| LG. PHILIPS LCD CO., LTD., | ) ) ) ) | |
| Plaintiff, | ) ) | C.A. No. 05-292 (JJF) |
| v. | ) ) ) | |
| TATUNG COMPANY, TATUNG COMPANY OF AMERICA, INC., CHUNGHWA PICTURE TUBES, LTD., AND VIEWSONIC CORPORATION, | ) ) ) ) ) | |
| Defendants. | ) ) ) | |

## DEFENDANTS' PROPOSED VERDICT FORM

OF COUNSEL:
Teresa M. Corbin
Glenn W. Rhodes
Howrey LLP
525 Market Street, Suite 3600
San Francisco, California 94105
(415) 848-4900

Julie S. Gabler
Howrey LLP
550 South Hope Street, Suite 1100
Los Angeles, California 90071
(213) 892-1800

Dated:  July 19, 2006

Robert W. Whetzel (#2288)
whetzel@rlf.com
Steven J. Fineman (#4025)
fineman@rlf.com
Matthew W. King (#4566)
king@rlf.com
Richards, Layton & Finger
One Rodney Square, P.O. Box 551
Wilmington, DE  19899
(302) 651-7700
Attorneys for Defendants/Counterclaimants
Tatung Company, Tatung Company of
America, Chunghwa Picture Tubes, Ltd, and
Viewsonic Corporation

## I.    INFRINGEMENT

*Note*:
Question 1 and 2 relate to literal infringement and infringement under the doctrine of equivalents, respectively, of CPT LCD modules using only outer guard rings.

Questions 3 and 4 relate to literal infringement and infringement under the doctrine of equivalents, respectively of CPT LCD modules using both inner and outer guard rings.

## QUESTION 1:

Do you find that LPL has proven by a preponderance of the evidence that CPT's LCD modules using outer guard rings literally infringe the '002 patent?  Please answer "Yes" or "No" for each step.

| Claim | Element | Is there infringement? (write "Yes" or "No") |
|---|---|---|
| 1 | A method of manufacturing active matrix display backplanes and displays therefrom, comprising: | |
| | • providing a substrate; | |
| | • forming a pattern of pixels on said substrate; | |
| | • forming a plurality of row and column intersecting pixel activation lines, interconnecting substantially all of said row lines to one another and substantially all of said column lines to one another; | |
| | • forming an outer electrostatic discharge guard ring on said substrate coupled to said interconnected row and column lines via a resistance to provide protection from electrostatic discharges between said row and column activation lines during manufacture of the displays; and | |
| | • removing said outer guard ring and row and column interconnections prior to completion of the display. | |
| | | |

- 2 -

**QUESTION 2:**

Do you find that LPL has proven by a preponderance of the evidence that CPT's LCD modules <u>using outer guard rings</u> infringe Claim 1 or Claim 8 under the doctrine of equivalents?

For each claim step listed below, answer whether you find that the methods used to manufacture CPT's LCD modules perform substantially the same function, in substantially the same way to produce substantially the same result.

| Claim | Element | Same function (yes or no) | Same way (yes or no) | Same result (yes or no) |
|---|---|---|---|---|
| 1 | A method of manufacturing active matrix display backplanes and displays therefrom, comprising: | | | |
| | • providing a substrate; | | | |
| | • forming a pattern of pixels on said substrate; | | | |
| | • forming a plurality of row and column intersecting pixel activation lines, interconnecting substantially all of said row lines to one another and substantially all of said column lines to one another; | | | |
| | • forming an outer electrostatic discharge guard ring on said substrate coupled to said interconnected row and column lines via a resistance to provide protection from electrostatic discharges between said row and column activation lines during manufacture of the displays; and | | | |
| | • removing said outer guard ring and row and column interconnections prior to completion of the display. | | | |
| | | | | |

- 3 -

**QUESTION 3:**

Do you find that LPL has proven by a preponderance of the evidence that CPT's LCD modules using both inner and outer guard rings literally infringe the '002 patent?  Please answer "Yes" or "No" for each step.

| Claim | Claims Steps | Is there infringement? (write "Yes" or "No") |
|---|---|---|
| 1 | A method of manufacturing active matrix display backplanes and displays therefrom, comprising: | |
| | • providing a substrate; | |
| | • forming a pattern of pixels on said substrate; | |
| | • forming a plurality of row and column intersecting pixel activation lines, interconnecting substantially all of said row lines to one another and substantially all of said column lines to one another; | |
| | • forming an outer electrostatic discharge guard ring on said substrate coupled to said interconnected row and column lines via a resistance to provide protection from electrostatic discharges between said row and column activation lines during manufacture of the displays; and | |
| | • removing said outer guard ring and row and column interconnections prior to completion of the display. | |
| | | |
| 8 | The method as defined in claim 1 including forming an inner electrostatic discharge guard ring on said substrate coupled to said row and column lines via shunt switching elements to provide protection from electrostatic discharges between said row and column activation lines during manufacture of the displays and thereafter. | |

- 4 -

**QUESTION 4:**

Do you find that LPL has proven by a preponderance of the evidence that CPT's LCD modules using both inner and outer guard rings infringe Claim 1 or Claim 8 under the doctrine of equivalents?

For each claim step listed below, answer whether you find that the methods used to manufacture CPT's LCD modules perform substantially the same function, in substantially the same way to produce substantially the same result.

| Claim | Element | Same function (yes or no) | Same way (yes or no) | Same result (yes or no) |
|-------|---------|---------------------------|----------------------|-------------------------|
| 1 | A method of manufacturing active matrix display backplanes and displays therefrom, comprising: | | | |
| | • providing a substrate; | | | |
| | • forming a pattern of pixels on said substrate; | | | |
| | • forming a plurality of row and column intersecting pixel activation lines, interconnecting substantially all of said row lines to one another and substantially all of said column lines to one another; | | | |
| | • forming an outer electrostatic discharge guard ring on said substrate coupled to said interconnected row and column lines via a resistance to provide protection from electrostatic discharges between said row and column activation lines during manufacture of the displays; and | | | |
| | • removing said outer guard ring and row and column interconnections prior to completion of the display. | | | |
| | | | | |
| 8 | The method as defined in claim 1 including forming an inner electrostatic discharge guard ring on said substrate coupled to said row and column lines via shunt switching elements to provide protection from electrostatic discharges between said row and column activation lines during manufacture of the displays and thereafter. | | | |

IF YOU HAVE FOUND INFRINGEMENT FOR EVERY STEP OF ANY CLAIM IN

ANY OF QUESTIONS 1 THROUGH 4, THEN PROCEED TO QUESTION NO. 5.

OTHERWISE, PLEASE SKIP TO QUESTION NO. 13

**QUESTION 5:**

Do you find by a preponderance of the evidence that CPT imports into the United States or offers

to sell, sells, or uses within the United States any of the accused CPT LCD Modules made by a

process claimed in the '002 patent?

Yes____                         No____

**QUESTION 6:**

Do you find by a preponderance of the evidence that CPT has actively induced Tatung Co.,

Tatung Co. of America, or ViewSonic Corp. to import into the United States or offer to sell, sell,

or use within the United States, any of the accused CPT LCD Modules made by a process

claimed in the '002 patent?

Yes____                         No____

**QUESTION 7:**

Do you find by a preponderance of the evidence that Tatung Co. imports into the United States

or offers to sell, sells, or uses within the United States, any of the accused CPT LCD Modules

made by a process claimed in the '002 patent?

Yes____                         No____

**QUESTION 8:**

Do you find by a preponderance of the evidence that Tatung Co. has actively induced CPT,

Tataung Co. of America, or ViewSonic Corp. to import into the United States or offer to sell,

sell, or use within the United States, any of the accused CPT LCD Modules made by a process claimed in the '002 patent?

Yes____          No____

**QUESTION 9:**

Do you find by a preponderance of the evidence that Tatung Co. of America imports into the United States or offers to sell, sells, or uses within the United States, any of the accused CPT LCD Modules made by a process claimed in the '002 patent?

Yes____          No____

**QUESTION 10:**

Do you find by a preponderance of the evidence that Tatung Co. of America has actively induced CPT, Tatung, or ViewSonic Corp. to import into the United States or offer to sell, sell, or use within the United States, any of the accused CPT LCD Modules made by a process claimed in the '002 patent?

Yes____          No____

**QUESTION 11:**

Do you find by a preponderance of the evidence that ViewSonic Corp. imports into the United States or offers to sell, sells, or uses within the United States, any of the accused CPT LCD Modules made by a process claimed in the '002 patent?

Yes____          No____

RLF1-3038843-1

**QUESTION 12:**

Do you find by a preponderance of the evidence that ViewSonic Corp. has actively induced CPT, Tatung Co., or Tatung Co. of America to import into the United States or offer to sell, sell, or use within the United States, any of the accused CPT LCD Modules made by a process claimed in the '002 patent?

Yes___          No___

PROCEED TO QUESTIONS 13-15.

## II.    INVALIDITY

**QUESTION 13**

Do you find that LPL has proven by clear and convincing evidence that Scott Holmberg conceived of the invention claimed in Claim 1 and Claim 8 of the '002 patent prior to the filing date of the patent, July 12, 1988?

Yes___            No___

If yes, what date of conception has LPL proven by clear and convincing evidence?

_____

**QUESTION 14:**

Have the Defendants proven by clear and convincing evidence that any of the claims of the '002 patent are invalid by anticipation?

Claim 1                        Yes___        No___

Claim 8                        Yes___        No___

**QUESTION 15:**

Have the Defendants proven by clear and convincing evidence that any of the claims of the '002 patent are invalid for obviousness?

Claim 1                        Yes___        No___

Claim 8                        Yes___        No___

IF YOU HAVE FOUND CLAIM 1 OR CLAIM 8 VALID AND INFRINGED,
PROCEED TO QUESTION 16.

OTHERWISE, GO TO QUESTION 19.

## III.    DAMAGES

**QUESTION 16**

Pursuant to the court's instruction on actual notice, please mark the date you find that LPL has proven by a preponderance of the evidence that LPL affirmatively provided Defendants with actual notice that they allegedly infringed the '002 patent.

February 8, 2002:      Yes___      No___

May 13, 2005:      Yes      No___

**QUESTION 17:**

Based on the date selected in QUESTION 16 – without any considerations of willfulness or prejudgment interest, which is a separate issue for the judge –  if you find that LPL has proven by a preponderance of the evidence that Defendants infringe a valid claim of the '002 patent, what sum of money would fairly and adequately compensate LPL?

Answer: _____

**QUESTION 18:**

Do you find that LPL has proven by clear and convincing evidence that any Defendant's infringement of the claims of the patent in suit was willful?  Answer "yes" or "no" for each defendant below:

Chunghwa Picture Tubes          Yes___          No___

Tatung Company          Yes___          No___

Tatung Co. of America          Yes___          No___

ViewSonic Corporation          Yes___          No___

## IV.    EXCEPTIONAL CASE

**QUESTION 19:**

If you have found that there is no infringement of any valid claim, is this an exceptional case that merits awarding the Defendants their attorneys' fees?

Answer: _____

THE JURY FOREPERSON SHOULD THEN SIGN AND DATE THE VERDICT FORM AND RETURN IT TO THE SECURITY OFFICER.

Signed this ___ day of July, 2006

_____
Jury Foreperson

- 12 -

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 19, 2006, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, which will send notification of such filing to, and also hand delivered same to:

> Richard D. Kirk, Esquire
> The Bayard Firm
> 222 Delaware Avenue, Suite 900
> Wilmington, DE 19899

I HEREBY CERTIFY that on July 19, 2006, I sent the foregoing document by Electronic Mail to the following non-registered participants:

> Gaspare J. Bono, Esquire
> Matthew T. Bailey, Esquire
> Andrew J. Park, Esquire
> Adrian Mollo, Esquire
> McKenna Long & Aldrige LLP
> 1900 K Street, NW
> Washington, DC 20006

> Steven J. Fineman (#4025)
> fineman@rlf.com
> Richards, Layton & Finger
> One Rodney Square
> PO Box 551
> Wilmington, DE 19899