# RICHARDS, LAYTON & FINGER
A PROFESSIONAL ASSOCIATION
ONE RODNEY SQUARE
920 NORTH KING STREET
WILMINGTON, DELAWARE 19801
(302) 651-7700
FAX: (302) 651-7701
WWW.RLF.COM

ROBERT W WHETZEL
DIRECTOR

DIRECT DIAL NUMBER
302-651-7634
WHETZEL@RLF.COM

July 20, 2006

**BY E-FILE AND HAND DELIVERY**
The Honorable Joseph J. Farnan, Jr.
United States District Court
District of Delaware
844 King Street
Wilmington, DE 19801

Re: *LG. Philips LCD Co., Ltd. v. Tatung Company et. al.,*
C.A. No. 05-292 (JJF)

Dear Judge Farnan:

This letter is submitted in response to the Court's rulings on certain deposition testimony counter-designations proposed by CPT. LPL objected to the proposed counter-designations, and the Court has sustained the objection. CPT respectfully requests an opportunity to explain the basis for the counter-designations, and submits that the testimony in question is within the scope of FRE 106 and Fed. R. Civ. P. 32(a)(4).

On June 23, 2006, LPL took the deposition of Mike Lee, a vice president of Tatung Company of America. LPL has designated <u>fragments</u> of three questions asked in Tatung America witness Mike Lee's deposition. To avoid the inevitable confusion that would result from cutting parts of questions, Defendants counter-designated the remainder of each of the three questions.

One of the questions in dispute, which is representative of the disputed group,[1] reads as follows:

Q. Other than anything done by attorneys or legal departments, has Tatung America done any analysis or investigation regarding the validity of any claims in the '002 patent?

---

[1] The dispute over the other two questions asked of Mr. Lee is the same – in all the questions in dispute, LPL attempts to cut the words "other than anything done by attorneys or legal departments" from the questions. Copies of the relevant transcript pages are enclosed.

RLF1-3039367-1

The Honorable Joseph J. Farnan, Jr.
July 20, 2006
Page 2

A. No.

Instead of designating the whole question to be played for the jury, LPL designated only the second portion of the question, cutting the words "other than anything done by attorneys or legal departments." Thus, the question, as designated, reads as follows:

> Q. Has Tatung America done any analysis or investigation regarding the validity of any claims in the '002 patent?

LPL's designation of only part of the question fundamentally changes its meaning. The answer given in the deposition, which LPL also designated, is "no." That answer is accurate and correct when given in response to the question as it was actually asked. However, the answer becomes inaccurate and incorrect if the question is recast as LPL designated it.

LPL objects that including the entire question would be an improper reference to advice of counsel, which the Court has excluded from the case. Defendants disagree. In fact, the question is specifically worded to _avoid_ any discussion of opinions of counsel. The difficulty is that without the words "other than anything done by attorneys or legal departments," the question necessarily requests information about what was done by attorneys or at their direction. Thus, excluding the language at the beginning of the questions poses a greater risk of violating the Court's exclusion of any reference to opinions of counsel than including the language.

If the Court believes that this question -- and the other two similar questions -- as actually asked in Mr. Lee's deposition cannot be played in front of the jury, the solution should be to exclude the entire questions and answers. CPT respectfully submits that the questions should be played for the jury in their entirety or not at all.

Finally, on a related note, LPL has also made a similar designation of a partial question in the deposition transcript of Belle Chang, manager of the legal department in CPT's Legal and Intellectual Property Division. There, LPL cut the words "Independent of any advice of counsel" from the following question:

> Q. Independent of any advice of counsel, did CPT internally conduct any investigation of its products related to the '002 patent after receiving the February 8, 2002 letter? (Chang dep. at 105:10-13, attached).

CPT likewise respectfully submits that this question should be played for the jury in its entirety or not at all.

RLF1-3039367-1

The Honorable Joseph J. Farnan, Jr.
July 20, 2006
Page 3

                Respectfully submitted,

                Robert W. Whetzel (#2288)

MXK
cc: Richard D. Kirk, Esquire w/ enclosure (By Electronic Filing and Hand Delivery)
   Gaspare J. Bono, Esquire w/ enclosure (By E-mail)

RLF1-3039367-1