IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG. PHILIPS LCD CO., LTD., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TATUNG COMPANY; ) <br> TATUNG COMPANY OF AMERICA, INC.; ) <br> CHUNGHWA PICTURE TUBES, LTD.; ) <br> AND VIEWSONIC CORPORATION, ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. 05-292 (JJF) <br><br> DEMAND FOR JURY TRIAL <br><br> REDACTED - PUBLIC VERSION |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE*
TO PRECLUDE DEFENDANTS FROM OFFERING OR REFERRING
AT TRIAL TO DOCUMENTS PRODUCED BY DEFENDANTS
AFTER THE FEBRUARY 21, 2006 DISCOVERY DEADLINE**

LPL seeks to exclude evidence (the "Chip-on-Glass Analysis") that was properly produced in the California litigation notwithstanding the fact that this Court has stated that such evidence may be used if there has been no abuse of the Court's order and if both parties have engaged in the practice of using California discovery produced after the Delaware discovery cutoff.[1] As explained below, LPL has freely used discovery produced in the California litigation after the discovery deadline in this litigation. Moreover, the Chip-on-Glass Analysis[2] was

---

[1] LPL seeks to exclude the Chip-on-Glass Analysis of CPT, as well as additional documents produced by CPT consisting of "technical papers and articles from industry conferences." LPL's MIL re Documents Produced After 2/21/06 ("MIL re Docs.") at 2. In light of the recently-imposed limit of 150 exhibits as well as for concerns of minimizing the length of trial, the use of these exhibits has become impractical, and LPL's motion effectively rendered moot. CPT agrees that documents Bates Nos. CPT-D 39549-45094 will not be used at trial.

[2] A copy of the Chip-on-Glass Analysis is attached as Exhibit A.

*properly and promptly* produced in the California case as part of routine litigation in that case. LPL has had a full opportunity to cross-examine CPT's expert on this document, and has suffered no prejudice. Until now, using such documents has been LPL's practice — even when those documents were produced after the discovery cutoff — and LPL should not be permitted to change the rules simply because it has no further use of California discovery.

LPL seeks to sanction CPT by excluding highly-probative evidence that Chip-on-Glass technology is a cost effective alternative to LPL's '002 technology. But despite the punitive nature of such sanctions, LPL brings this motion only because the evidence is damaging to LPL's case, not because CPT has done anything to warrant sanctions.

Finally, LPL's motion should be denied for another reason: While LPL asks that the Court exclude *all* documents produced after the discovery cutoff in this case, it identifies only (1) the Chip-on-Glass Analysis and (2) certain technical articles. LPL presents no argument why any other specific document should be excluded. The Court should not issue such broad relief in the absence of specific objections to identified documents.[3]

For these reasons, the Court should deny this motion *in limine* in its entirety.

## I. The Chip-on-Glass Analysis May Be Used Pursuant To Court Order And The Parties' Practice.

During the pretrial conference, the Court recognized that the Court's January 23, 2006 order ("Court Order") may apply after the discovery cutoff in Delaware, stating that "what's in

---

[3] While LPL captioned its motion to exclude all documents produced after the discovery cutoff in this case, it has only discussed the Chip-on-Glass Analysis and the technical articles. Without notice as to what documents LPL specifically seeks to exclude, the Court cannot determine whether the circumstances warrant exclusion. For instance, as noted in Section I.B., LPL itself relies on documents produced after the discovery cutoff. Also, LPL concedes that there was nothing improper about reproducing the documents relied upon by Mr. Wagner in a tabbed and bound format after the Delaware discovery cutoff. *See* MIL re Docs. at 2 n.3. For this reason alone, the Court should not grant LPL the relief it seeks.

2

RLF1-3036209-1

the California case is available here." Ex. B (7/7/06 Hr. Tr.) at 101:9-10. However, the Court also cautioned that abuse of the Court Order may be grounds for exclusion:

> THE COURT: If there's a flush of updating, then I might consider [LPL's] argument. But if it's routine and both parties are engaged in it, then I won't consider that argument.

*Id.* at 101:21-24. There has been no such "flush of updating", and both parties have used California discovery produced after the discovery cut-off in this case.[4]

  A.   *LPL Relies On California Discovery Produced After The Delaware Cutoff.*

The parties stipulated, and the Court ordered, that "[a]ll discovery produced or provided in the other pending cases *may be used in this case...*" Ex. C (1/23/06 Stipulation and Order re Use of Discovery Obtained in Other Proceedings) at 3 (emphasis added). Since this stipulation was approved by the Court, parties on both sides have made use of documents produced in the California litigation, *even when the documents were produced after the discovery cutoff in this case.*[5]

---

[4] In its moving brief, LPL failed to address the existence or applicability of the Court Order, even though the Court has already made clear at the pretrial conference that the Court Order may apply to documents produced after discovery cutoff. *See* Ex. B (7/7/06 Hr. Tr.) at 98:8-104:1. Presumably, LPL intended to save its arguments on the application of the Court Order for its reply brief. Given the shortened briefing schedule, such a strategy prevents the non-moving party a written response on the dispositive issues, and generally such tactics should not be encouraged.

[5] LPL asserts that the discovery cutoff in this case is February 27, 2006. However, the final discovery cutoff for documents was extended to March 17, 2006. Ex. D (3/1/06 Hr. Tr.) at 4:12-6:14.

For instance, LPL's expert, Mr. Arthur Cobb relied on California discovery produced after the Delaware discovery cutoff in his expert report. Ex. E (6/2/06 Cobb Report) at 34.[6] Mr. Cobb relies on:

- Chunghwa Picture Tubes Ltd.'s Supplemental Responses to LG.Philips LCD Co. Ltd.'s First Set of Interrogatories (Nos. 2, 5, 6, and 9), produced in CV-02-6775 (C.D. Cal) on **May 26, 2006**. Ex. F.

- Chunghwa Picture Tubes Ltd.'s Supplemental Responses to LG.Philips LCD Co. Ltd.'s First Set of Interrogatories (Nos. 1 and 3), produced in CV-02-6775 (C.D. Cal) on **May 10, 2006**. Ex. G.

- Chunghwa Picture Tubes Ltd.'s Objections and Supplemental Responses to LG.Philips LCD Co. Ltd.'s Second Set of Interrogatories (Nos. 11-12), produced in CV-02-6775 (C.D. Cal) on **May 26, 2006**. Ex. H.

- Defendant Tatung Company of America's Seventh Set of Supplemental Responses to Plaintiff LG.Philips LCD Co. Ltd.'s First Set of Interrogatories, produced in CV-02-6775 (C.D. Cal) on **May 24, 2006**. Ex. I.

- Counterclaimant Chunghwa Picture Tubes Ltd.'s Objections and Supplemental Responses to Counterclaim Defendant LG.Philips LCD Co. Ltd.'s Second Set of Interrogatories (No. 9), produced in CV-02-6775 (C.D. Cal) on **May 10, 2006**. Ex. J.

In addition to discovery responses, Mr. Cobb also relied on documents produced in that litigation. In particular, Mr. Cobb cited sales data ("Sales Analysis") attached to CPT's interrogatory responses dated May 10, 2006. Ex. E (6/2/06 Cobb Report) at 24. Coincidentally, the Sales Analysis on which Mr. Cobb relies looks strikingly similar to the Chip-on-Glass Analysis on which Mr. Wagner relies. *Compare* Ex. A *with* Ex. K (Exhibit M attached to CPT's Supp. Resp. to LPL's 1st Int'rogs.).

Clearly, if LPL supplied its expert witness with discovery from the California litigation produced well past the discovery cutoff in the Delaware case, it also intended for the witness to use that discovery in this case. And that's exactly what Mr. Cobb did. *See also* Ex. L (LPL's

---

[6] For the convenience of the Court, only relevant excerpts of exhibits have been attached.

Amended Disclosures dated 5/9/06) at 4 (citing generally documents produced in "other cases" as documents that may be used to support its case); Ex. M (LPL's Amended Disclosures dated 6/5/06) at 4 (same).

Apparently, LPL has no objection to the use of a document produced in the California litigation after the Delaware discovery cutoff as long as its own expert also relies on that document. While LPL objected to use of the Chip-on-Glass Analysis, LPL has raised no objection to Mr. Wagner's use of the Sales Analysis. *See* Ex. N (6/15/06 Wagner Report) at 29 n.98. Thus, not only has LPL previously permitted the use of documents produced in the California litigation after the Delaware discovery cutoff, it has repeatedly taken advantage of the Court Order in the very way that it now claims is improper.

    B.    *The Chip-on-Glass Analysis Was Properly Produced In The California Litigation.*

CPT's production of the Chip-on-Glass Analysis was routine and was not an attempt to circumvent the Delaware discovery cutoff. A simple test makes this clear: Had the Delaware litigation not existed, would CPT still have produced the Chip-on-Glass Analysis as it did in the California litigation?

The answer is **yes**.

Mr. Michael Wagner, CPT's expert damages witness in the Delaware case, is also an expert witness for Tatung in the California case. Defendants in that case, like this one, will raise a Chip-on-Glass technology defense in response to LPL's damages claims there.

**REDACTED**

As a result of this investigation, those employees produced the Chip-on-Glass Analysis, which Mr. Wagner received in the first

week of June. *Id.* at 138: 4-8. CPT promptly produced the document to LPL on June 9, 2006. Ex. P (6/9/06 Letter from D. Coplen to A. Roth). This document was also disclosed as a basis for Mr. Wagner's opinion in his June 15, 2006 report (Ex. N (6/15/06 Wagner Report) at 31 n.107), and Mr. Wagner was deposed at length about this understanding of the document. Ex. O (6/30/06 Wagner Depo. Tr.) at 137:11-140:17, 234:15-235:20, 238:13-242:22.

In its motion, LPL made no attempt to show either bad faith or abuse of the Court Order – nor could it. First, the Chip-on-Glass Analysis was discovered in the routine course of litigation by a witness who, while simultaneously involved in both cases, was not acting outside the scope of his assignment in the California litigation. Second, the document was promptly produced once it came to counsel's attention. Third, it is highly relevant to the California litigation; this is not a random document that has no business in that case. Fourth, there was no flurry of last minute documents "dumped" in the California litigation. In short, LPL cannot complain that the Court Order was used in any unusual, much less unfair, manner.

C.    *Despite LPL's Objections, It Has Suffered No Prejudice.*

LPL claims that, because the Chip-on-Glass Analysis was not produced earlier, it will suffer prejudice.[7] First, there is nothing complicated about the Chip-on-Glass Analysis – it is a one-page power-point slide that simply compares costs of production using various manufacturing technologies. Ex. A. Even if this document required more than a few minutes to comprehend, CPT produced it in time for any analysis or translation. CPT originally produced the document in the California litigation June 9, 2006, produced it a second time in this litigation

---

[7] LPL claims that it first learned of the Chip-on-Glass Analysis at the Mr. Wagner's June 30, 2006 deposition. MIL re Docs. at 3. This is the fault of LPL, not CPT.

on June 22, 2006[8] (Ex. Q, 6/22/06 letter from E. Doi to C. Christenson) and then produced it once again in bound, tabbed form. In addition, Wagner's opinions on Chip-on-Glass technology and his reliance on this document were fully disclosed in his June 15, 2006 expert report. Ex. N (Wagner Report) at 31 and n.107.

While LPL claims that it was handicapped during depositions, this is not the case. During Mr. Wagner's deposition, LPL thoroughly questioned Mr. Wagner about his understanding of the document and how it impacted his opinions. Ex. O (6/30/06 Wagner Depo. Tr.) at 137:11-140:17, 234:15-235:20, 238:13-242:22. Furthermore, this evidence cannot be any surprise to LPL; the fact that Chip-on-Glass technology is a cost effective alternative to '002 technology is supported by Mr. Wagner's conversations with Mr. Howard, a fact also disclosed in Mr. Wagner's expert report, as well as by conversations with CPT employees. *Id.* at 132:20-133:2; Ex. N (Wagner Report) at 31. Thus, LPL cannot complain that it now faces an issue for which is has not prepared.

D.  *Exclusion Of The Chip-on-Glass Analysis Will Result In Severe Prejudice To CPT.*

This motion to exclude the Chip-on-Glass Analysis is about more than the exclusion of one exhibit.

REDACTED

. This is an important, objective distinction in methodologies between these experts, which may be helpful to a jury weighing competing opinions.

---

[8] Note, that this production included the CPT Bates stamp citation that was used in Mr. Wagner's report to identify the document.

7

## II. LPL Cites No Rule Or Case To Support Exclusion Under These Circumstances.

The determination of whether to exclude evidence is committed to the Court's discretion. *Pfizer Inc. v. Ranbaxy Labs., Ltd.*, C.A. No. 03-209-JJF, 2005 U.S. Dist. LEXIS 34901 (D. Del. Dec. 22, 2005); *Newman v. GHS Osteopathic*, 60 F.3d 153, 156 (3d Cir. 1995) (finding "no abuse of discretion" where the non-moving party's failure to produce the information requested in discovery was "harmless"). Exclusion under Rule 37(c)(1) is warranted where documents are not properly produced *and* opposing party suffered harm. Fed. R. Civ. P. 37(c)(1). As discussed above, the Chip-on-Glass Analysis was properly produced and no harm was suffered. Thus, sanctions under Rule 37(c)(1) are not warranted.

Instead, LPL argues that this evidence should be excluded simply because the Court previously excluded late documents *LPL* produced. This comparison is inappropriate. LPL did not produce its documents in the regular course of litigation in a related case. Had LPL properly made such a production in a related case, then those documents in this case might have been used in this case. Rather, LPL produced those documents well past the discovery cutoff without any legitimate explanation for its obvious delay. This is a clear violation of discovery rules and cannot be excused. LPL asks for fair treatment but it looks only at the end result. Rather, fairness requires applying the rule that is appropriate to the circumstances. The appropriate rule here is to allow the parties to use documents in this case that were produced in a related litigation consistent with this Court's January 23, 2006 order. That rule does not warrant exclusion.

## III. Conclusion

For all the foregoing reasons, this Court should deny LPL's Motion in Limine in its entirety.

Of Counsel:

Julie S. Gabler
Howrey LLP
550 South Hope Street, Suite 1100
Los Angeles, CA 90071
(213) 892-1800

Glenn W. Rhodes
Teresa M. Corbin
Howrey LLP
525 Market Street, Suite 3600
San Francisco, California 94105
(415) 848-4900

Dated: July 12, 2006

/s/ Robert W. Whetzel
Robert W. Whetzel (#2288)
whetzel@rlf.com
Steven J. Fineman (#4025)
fineman@rlf.com
Matthew W. King (#4566)
king@rlf.com
Richards, Layton & Finger
One Rodney Square, P.O. Box 551
Wilmington, DE 19899
(302) 651-7700

Attorney for Defendants/Counterclaimants
Tatung Company, Tatung Company of
America, Chunghwa Picture Tubes, Ltd. and
ViewSonic Corporation

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 12, 2006, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing, and hand delivered to the following:

>Richard D. Kirk
>The Bayard Firm
>222 Delaware Avenue, Suite 900
>P.O. Box 25130
>Wilmington, DE 19899

I hereby certify that on July 12, 2006, I sent the foregoing document by Electronic Mail, to the following non-registered participants:

>Gaspare J. Bono
>Matthew T. Bailey
>Andrew J. Park
>Adrian Mollo
>McKenna Long & Aldridge LLP
>1900 K Street, NW
>Washington, DC 20006

>Steven J. Fineman (#4025)
>fineman@rlf.com
>Richards, Layton & Finger
>One Rodney Square
>P.O. Box 551
>Wilmington, DE 19899

RLF1-2917974-1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 20, 2006, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing, and hand delivered to the following:

> Richard D. Kirk
> The Bayard Firm
> 222 Delaware Avenue, Suite 900
> P.O. Box 25130
> Wilmington, DE 19899

I hereby certify that on July 20, 2006, I sent the foregoing document by Federal Express, to the following non-registered participants:

> Gaspare J. Bono
> Matthew T. Bailey
> Andrew J. Park
> Adrian Mollo
> McKenna Long & Aldridge LLP
> 1900 K Street, NW
> Washington, DC 20006

> /s/ Matthew W. King
> Matthew W. King (#4566)
> King@rlf.com
> Richards, Layton & Finger
> One Rodney Square
> P.O. Box 551
> Wilmington, DE 19899
> (302) 651-7700

RLF1-2917974-1