EXHIBIT A

REDACTED

EXHIBIT B

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

LG PHILIPS LCD CO., LTD., )
          )
     Plaintiff,  ) C.A. No. 05-292-JJF
          )
v.         )
          )
TATUNG COMPANY, TATUNG  )
COMPANY OF AMERICA, INC., )
CHUNGHWA PICTURE TUBES  )
LTD., and VIEWSONIC    )
CORPORATION,       )
          )
     Defendant.  )

Friday, July 7, 2006
2:01 p.m.
Courtroom 4B

844 King Street
Wilmington, Delaware

BEFORE: THE HONORABLE JOSEPH J. FARNAN, JR.
United States District Court Judge

APPEARANCES:

THE BAYARD FIRM
BY: RICHARD D. KIRK, ESQ.

-and-

McKENNA, LONG & ALDRIDGE, LLP
BY: GASPARE J. BONO, ESQ.
BY: CASS W. CHRISTENSON, ESQ.
BY: ADRIAN P.J. MOLLO, ESQ.

Counsel for the Plaintiff

98

1   they came far after the deadline for document

2   production?

3          THE COURT:  That would be the

4   consistent ruling.

5          MR. CHRISTENSON:  Yes.

6          THE COURT:  Unless there's something

7   extraordinary.

8          MR. CHRISTENSON:  And similarly,

9   there's another exhibit I can think of, which was

10  a document.  When I deposed their damages expert,

11  he pointed me to a study that he was relying on.

12  It's a one-page document produced by CPT, I think

13  in the California case within the past ten days

14  or so.

15         And, again, I would assume those

16  types of documents that were untimely produced

17  will not be part of this case at trial.

18         THE COURT:  Unless there's something

19  extraordinary.

20         MR. CHRISTENSON:  Thank you.

21         MS. GABLER:  Your Honor, if I could

22  address those.  The boxes of documents are a

23  reproduction with tab numbers of something that

24  had been produced earlier in their pack in an

99

1    expert report. And they have been produced

2    within 24, 48 hours of the expert, you know, the

3    report itself.

4           And then the pack went in boxes

5    separately. And then at his report, the expert

6    pointed out at his deposition, the expert pointed

7    out that he refers in his report to some of those

8    documents by tab number, you know, Volume 2, Tab

9    3.

10          And when we had produced it to them,

11   those tabs weren't adequately in those boxes. So

12   we reproduced it. But it's not new documents.

13          THE COURT: So it's once produced.

14   Now, it's more?

15          MS. GABLER: Produced with the tabs.

16   They were produced in order before, but now it

17   says, you know, there's a page that says Tab 3A.

18          MR. CHRISTENSON: Ms. Gabler may not

19   be familiar with all the documents. That's one

20   of the three boxes that I received. There are

21   two additional boxes.

22          THE COURT: You know, again, there

23   are deadlines and the consistent ruling would be

24   if it hasn't been produced in some form before

100

1    the deadline, reproduction won't cure that

2    non-production if it was produced.  The

3    reproduction is very gracious and --

4          MR. CHRISTENSON:  Sure.  I would

5    agree.

6          THE COURT:  What else can I say?

7          MR. CHRISTENSON:  Yes, sir.

8          MS. GABLER:  Okay.  Now, in relation

9    to the second issue he raised there about

10   documents produced in the California case, there

11   is an order in this case that everything produced

12   in that litigation is deemed admitted here.  And

13   there have been any number of things that one or

14   both sides have relied upon, including, for

15   example, interrogatory responses that were

16   updated in the California case after the

17   interrogatory cutoff in this case, and after the

18   document production cutoff in these cases, in

19   this case that both damages experts relied upon

20   in their reports.

21         So, now Mr. Christenson is trying to

22   call out one particular document that our expert

23   relied on and his did not that also was produced

24   in the California case, but where there was no

101

1   cutoff discussed in terms of when parties could

2   stop relying on things that were produced in that

3   California litigation.  That's been a very

4   open-ended -- you know, that order in this case

5   was open-ended.  And it didn't say and that cuts

6   off at "X" number of days before trial.

7          THE COURT:  If both sides needed --

8   it doesn't sound like there's going to be any

9   objection.  There is an order that says what's in

10   the California case is available here.

11         So --

12         MR. CHRISTENSON:  But, Your Honor, I

13   assume the Court didn't intend the order to do

14   the end run around the deadline in this case by

15   late producing things in California.

16         MS. GABLER:  Your Honor, I mean, if

17   there was some showing that we had intentionally

18   withheld something in this case and produced it

19   late in California, then counsel may have a point

20   in that.

21         THE COURT:  If there's a flush of

22   updating, then I might consider that argument.

23   But if it's routine and both parties are engaged

24   in it, then I won't consider that argument.

102

1      So you'd have to give me some

2   specifics. Otherwise, we're just having a

3   conversation here without the entertainment.

4      MS. GABLER: Right. Discovery in

5   that case is just not closed, so there are all

6   kinds of things that all parties in the

7   California litigation are continuing to produce

8   in that case.

9      And, I mean, in fact, in specific

10  the 30(b)6 depositions on damages in that

11  California case, even though it's been pending

12  much longer than this case, have not even taken

13  place yet. So there's all kinds of things that

14  are continuing to happen in that case in the

15  ordinary course, not because anybody withheld

16  anything for any length of time.

17     THE COURT: There's no 30(b)6

18  deposition in California coming to this case

19  after today.

20     MS. GABLER: Right. And those

21  depositions aren't taking place until after the

22  trial in this matter or during the trial, that

23  kind of time period. But in terms of documents

24  that have been timely produced, there's

103

1   absolutely no showing.

2          THE COURT:  Before today if there's

3   something that's been timely produced in routine

4   fashion and both sides have done it, you know, if

5   there's some specific objection to something that

6   gets on the exhibit list with the 150 exhibits,

7   I'll take a look at the specific objection.

8          Other than that, again, we're just

9   having conversation, and there's no

10  entertainment.

11         MR. CHRISTENSON:  Your Honor, the

12  one issue I can certainly frame right now

13  specifically is that there is a one-page study on

14  which their damages expert is relying that I

15  learned about at his deposition.  That is a

16  document that I think was produced within the

17  last ten days in California.

18         THE COURT:  Well, then you want to

19  be granted leave to file a motion in limine which

20  I'll give you.  And you should get it filed by

21  Monday and a response by Wednesday.  I'll take a

22  look at it --

23         MR. CHRISTENSON:  Thank you.

24         THE COURT:  -- on that specific

104

1   document.  All right.

2          Is there anything else that you rise

3   for?

4          MS. GABLER:  Yes.  Two more small

5   issues.

6          The first one goes back to the

7   designations for transcript, whether video or in

8   writing, that people are not appearing live.  The

9   parties have been in the process of exchanging

10  depo designations and agreed upon a schedule for

11  that.

12         When we received plaintiff's opening

13  designations, well a few days ago at the end of

14  last week, beginning of this week, there are

15  several instances where they designated entire

16  transcripts.  Now, obviously, there's no real way

17  for us to do any kind of meaningful cross

18  designation or objection to those transcripts.

19         So we're basically asking that

20  plaintiffs be ordered to actually adequately

21  identify --

22         THE COURT:  Well, --

23         MS. GABLER:  -- portions of the

24  transcript that they're going to use.

EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| LG.PHILIPS LCD CO., LTD., | |
| Plaintiff/Counterclaim Defendant, | |
| v. | Civil Action No. 05-292 (JJF) |
| TATUNG COMPANY;<br>TATUNG COMPANY OF AMERICA, INC.;<br>CHUNGHWA PICTURE TUBES, LTD.;<br>AND VIEWSONIC CORPORATION, | |
| Defendants/Counterclaim Plaintiffs. | |

## STIPULATION AND ORDER REGARDING USE OF DISCOVERY OBTAINED IN OTHER PROCEEDINGS

**WHEREAS** LG.Philips LCD Co., Ltd. ("LPL") filed a complaint on May 13, 2005 and a motion for preliminary injunction on November 1, 2005 in the above captioned case, Civil Action No. 05-292 (JJF), in the United States District Court for the District of Delaware, alleging infringement of United States Patent Nos. 6,738,121 ("the '121 Patent") and 5,019,002 ("the '002 Patent");

**WHEREAS** Tatung Company, Tatung Company of America, Inc., Chunghwa Picture Tubes Ltd., and ViewSonic Corporation (collectively "Defendants") filed on November 8, 2005, a Motion for Extension of Time to File and Serve Defendants' Answering Brief In Response to Plaintiff's Motion for Preliminary Injunction;

**WHEREAS** on Thursday, December 8, 2005, LPL withdrew its motion for preliminary injunction, Defendants withdrew their motion for extension, and this Court set an expedited discovery schedule and scheduled trial of LPL's complaint and Defendants' counterclaims for July 17, 2006;

**WHEREAS** LPL and the Defendants are parties to arbitration proceedings in New York, specifically *CPT v. LG Parties*, Case No. 50 T 133 00379 04, and litigation proceedings in the Central District of California and in this District, which are respectively captioned *LG.Philips LCD Co., Ltd. v. Tatung Co. of America, et al.*, Consolidated Cases CV 02-6775 CBM (JTLx), CV 03-2866 CBM (JTLx), CV 03-2884 CBM (JTLx), CV 03-2885 CBM (JTLx), CV 03-2886 CBM (JTLx) (C.D. Cal.), *Chunghwa Picture Tubes v. LG Electronics, Inc. and LG.Philips LCD Co., Ltd.*, Case No. CV05-0189 CBM (JTLx) (C.D. Cal.), and *LG.Philips LCD Co., Ltd. v. Tatung Co., et al.*, Case No. CV04-343 (JJF) (D. Del.) (hereinafter the "other pending cases");

**WHEREAS** extensive discovery has already been sought and provided in the California cases (regarding, *inter alia*, design information, sales data, and product specifications for Defendants' LCD products), and the Protective Order in those California cases (a copy of which is attached as *Exhibit A*) provides in pertinent part that "Each party and all persons bound by the terms of this Order shall use any information or document governed by this Order only in connection with the prosecution or defense of the above captioned action, . . . except *by consent of all of the parties* or order of the Court" (*Exhibit A* at Para. 1(a) (emphasis added));

**WHEREAS** similarly extensive discovery has also been sought and is in the process of being produced in *LG.Philips LCD Co., Ltd. v. Tatung Co., et al.*, Case No. CV04-343 (JJF) (D. Del.), and the Protective Order entered in that case (a copy of which is attached as *Exhibit B*) provides in pertinent part that "Each party and all persons bound by the terms of this Protective Order shall use any information or document governed by this Protective Order only in connection with the prosecution or defense of this action and

for no other purpose, except *by consent of the parties* or order of the Court" (*Exhibit B* at Para. 3.1 (emphasis added));**WHEREAS** the parties agree, in order to promote efficiency and a timely resolution of this case, and in accordance with the terms and conditions of a CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER to be agreed upon by the parties and entered by this Court, that the discovery produced in the other pending cases may be used in this case; now therefore,

    **IT IS HEREBY STIPULATED AND AGREED**, subject to the approval and order of the Court:

    1.    All discovery produced or provided in the other pending cases may be used in this case, Civil Action No. 05-292 (JJF);

    2.    All discovery produced or provided in this case that was not previously produced or provided in the other pending cases shall only be used in connection with the prosecution or defense of the above captioned case, except by consent of all of the parties or order of the Court;

    3.    The discovery from the other pending cases will be governed by a CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER to be entered in this case that will provide the same confidential treatment as is afforded by the Protective Order entered in the other pending cases, and any discovery designated as "Confidential" or "Confidential Attorneys Only" in the other pending cases will be treated as "Confidential" or "Confidential Attorneys Only" in this case;

    4.    Where the designation of documents as "Confidential" or "Confidential Attorneys Only" from the other pending cases is inconsistent with the definitions as set

forth in the CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER in this

case, the parties shall make a good faith effort to meet and confer to adjust the

designations and may challenge "Confidential" or "Confidential Attorneys Only"

designations from the other pending cases according to the CONFIDENTIALITY

STIPULATION AND PROTECTIVE ORDER of this case.


THE BAYARD FIRM

Richard D. Kirk (#0922)
rkirk@bayardfirm.com
222 Delaware Avenue, Suite 900
Wilmington, DE 19899-5130
(302) 655-5000
*Attorneys for Plaintiff*
*LG.Philips LCD Co., Ltd.*


Date: January 23, 2006


RICHARDS, LAYTON & FINGER

Robert W. Whetzel (#2288)
whetzel@rlf.com
One Rodney Square, P.O. Box 551
Wilmington, DE 19899
(302) 651-7700
*Attorneys for Defendants Tatung*
*Co., Tatung Company of*
*America, Inc., Chunghwa Picture*
*Tubes, Ltd., and ViewSonic Corp.*


Date: January 23, 2006


SO ORDERED this ____ day of _____, 2006.


_____
United States District Judge

EXHIBIT D

1

```
         IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF DELAWARE


LG. PHILIPS LCD CO. LTD.,          :
                                   :
         Plaintiff,                :
                                   : Civil Action
                                   : No. 05-292
    v.                             :
TATUNG COMPANY, TATUNG COMPANY OF  :
AMERICA, INC., CHUNGHWA PICTURE    :
TUBES LTD., and VIEWSONIC          :
CORPORATION,                       :
                                   :
         Defendants.               :
-  -  -  -  -  -  -  -  -  -  -  -  -  -  -  -  -  -


              Wednesday, March 1, 2006
              12:30 p.m.
              Courtroom 4B

              844 King Street
              Wilmington, Delaware

BEFORE:   THE HONORABLE JOSEPH J. FARNAN, JR.
          United States District Court Judge


APPEARANCES:




              THE BAYARD FIRM
              BY:  RICHARD D. KIRK, ESQ.

                 -and-

              McKENNA LONG & ALDRIDGE
              BY:  GASPARE J. BONO, ESQ.
              BY:  CASS W. CHRISTENSON, ESQ.


                    Counsel for the Plaintiff
```

4

1   discovery requests largely with regard to the

2   question of damages.

3           I'm going to stay for a short

4   period of time all damages discovery and with

5   regard to defendants' claims on the questions

6   that relate to validity, which are the questions

7   of commercial success and questions related to

8   the on sale issue, and questions related to the

9   prosecution, questions related to the public use

10  matter, all of the requests are going to on

11  those issues be granted for discovery.

12          And the plaintiff will have until

13  March -- it's a Friday, March 17, 2006 to

14  respond to that order.  And the order is being

15  issued pursuant to Rule 37, but with no

16  sanctions at this time.

17          And if there is any dispute

18  concerning the order, there will be a hearing on

19  March -- this is a Wednesday, March 29th at 4:00

20  o'clock, at which time defendants will have an

21  opportunity -- and I'll set a time allocation if

22  the hearing becomes necessary, it will be

23  certain hours allocated to the prosecution of

24  the contempt, and certain time allocated to the

| | |
|---|---|
| 1 | defense of the contempt will have an opportunity |
| 2 | to present its evidence that the Rule 37 order |
| 3 | on matters of invalidity as cited in the |
| 4 | defendants' letter in conjunction with this |
| 5 | hearing, February 28, 2006 letter, haven't been |
| 6 | complied with. |
| 7 | Now, with regard to defendants' |
| 8 | request for documents related to declaration of |
| 9 | William K. Bohanan, the application is denied. |
| 10 | Now, with regard to plaintiff, the |
| 11 | request for the mother glass samples is granted |
| 12 | as requested on page four of plaintiff's letter. |
| 13 | Specifically it's granted that defendants |
| 14 | produce one, mother glass samples for each of |
| 15 | CPT's LCD products, and two, the nineteen |
| 16 | product samples that have been withheld. |
| 17 | Again, that order is pursuant to |
| 18 | Rule 37 and the production shall occur by March |
| 19 | 17, 2006.  If it isn't produced, there will be a |
| 20 | hearing at which plaintiff can present its |
| 21 | evidence.  The hearing will be held on March the |
| 22 | 30th, I'm trying to reduce your stress of |
| 23 | travel, so you'll be here in the afternoon on |
| 24 | the 29th, so I'm going to bring you on the |

1    *morning of the 30th at 9:30 a.m.*

2              And again, if that hearing is

3    necessary, I'll allocate time.  In each case, I

4    should interpose this, letters or what we'll

5    call prehearing briefing presenting the proposed

6    evidence and the *noncompliance facts will be due*

7    on Friday, March the 24th, 2006.

8              Again, the damages information or

9    discovery requested is separated and I'll deal

10   with that separately.

11             The plaintiff's request for its

12   captioned Critical Discovery Related to Products

13   and Technical Issues is granted and ordered to

14   be produced by the March 17th, 2006 date.

15             However, on this order, the

16   defendant can rather than respond by March 17th,

17   can before March 17th set forth detailed

18   objections to each -- what do you call those

19   dots?  Bullets.  Bullets -- to the bullet items,

20   you know, you just use the language after each

21   bullet as a caption and defendant can file

22   instead detailed objections to the requests and

23   then I'll consider those and then enter a

24   further order either granting or denying, and I

# EXHIBIT E

# REDACTED