EXHIBIT K

# REDACTED

EXHIBIT L

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| LG.PHILIPS LCD CO., LTD., | : | |
| Plaintiff/Counterclaim Defendant, | : | |
| v. | : | Civil Action No. 05-292 (JJF) |
| TATUNG COMPANY;<br>TATUNG COMPANY OF AMERICA, INC.;<br>CHUNGHWA PICTURE TUBES, LTD.;<br>AND VIEWSONIC CORPORATION, | : | |
| Defendants/Counterclaim Plaintiffs. | : | |

## PLAINTIFF'S AMENDED INITIAL DISCLOSURES PURSUANT TO RULE 26(a)(1)

Plaintiff LG.Philips LCD Co., Ltd. ("LPL"), by its undersigned counsel, makes the following amended initial disclosures, pursuant to Fed. R. Civ. P. 26(a)(1) and Local Rule 16.2. LPL makes these disclosures based on information now reasonably available to it, and reserves the right to supplement these disclosures if necessary.

### A.    PERSONS WITH KNOWLEDGE

At this time, LPL believes the following individuals are likely to have discoverable information that LPL may use to support its claims.[1] The following list is limited to those persons that LPL is specifically aware of at the present time. In addition, employees and former employees of each of the Defendants, and third parties, may have knowledge supporting LPL's claims, the specific nature and identity of which is not yet known to LPL, but which may relate to at least the design, assembly, production, function, use, sale and marketing of Defendants'

---

[1] LPL recently filed its notice withdrawing without prejudice its claims related to the '121 patent, mooting all claims, counterclaims, and defenses in this case concerning the '121 patent. Accordingly, these amended disclosures relate solely to LPL's claims concerning the '002 patent. LPL reserves its rights and remedies regarding the '121 patent, and reserves the right to make any necessary amendments to these disclosures.

In addition, the following persons are likely to have discoverable information that LPL may use to support its claims:

Chunghwa Picture Tubes, Ltd. employees and representatives

Tatung Co. employees and representatives

Tatung Company of America, Inc. employees and representatives

ViewSonic Corp. employees and representatives

Defendants' affiliates, distributors, suppliers, and/or customers (including, for example, retailers that sell or have sold infringing products)

## B.    DESCRIPTION OF DOCUMENTS

At this time, LPL believes that the following categories of documents and things in possession of LPL or its retained counsel may be used to support LPL's claims and defenses. In making these Initial Disclosures, LPL does not waive applicable privileges or protections from disclosure, including the attorney-client privilege or work product doctrine, nor the right to designate confidential materials for appropriate protection under the protective order entered in this case. To the extent these documents are confidential, such documents are produced subject to the protective order.

- United States Patent No. 5,019,002 ("the '002 Patent"), entitled "Method of Manufacturing Flat Panel Backplanes Including Electrostatic Discharge Prevention And Displays Made Thereby," issued on May 28, 1991;

- The prosecution history files of the United States Patent and Trademark Office for the '002 Patent;

- The references cited in the prosecution history files of the United States Patent and Trademark Office for the '002 Patent;

- Technical documents and specifications published by Defendants;

- Documents and information regarding identification and/or manufacturing of infringing products made, imported, sold, and/or offered for sale by Defendants, directly or indirectly;

3

- Documents related to the marketing, offering for sale, and selling of infringing products, directly or indirectly;

- Correspondence between LPL and Defendants regarding the '002 Patent.

- Documents exchanged and obtained in discovery in this case or other cases for which the parties have stipulated that discovery in those cases may be used in this case (for example, the consolidated cases LG.Philips LCD Co., Ltd. v. Tatung Co. of America, et al., Case Nos. CV 02-6775 CBM (JTLx), CV 03-2866 CBM (JTLx), CV 03-2884 CBM (JTLx), CV 03-2885 CBM (JTLx), CV 03-2886 CBM (JTLx) (C.D. Cal.).)

- Mask work files and Motherglass samples

## C.    COMPUTATION OF DAMAGES

LPL has experienced, and continues to suffer, economic and irreparable harm as a result of Defendants' individual and collective infringement of the '002 Patent.

Pursuant to 35 U.S.C. § 284, LPL is seeking damages for Defendants' infringement of the '002 Patent, in the amount equal to, at a minimum, a reasonable royalty, together with pre- and post-judgment interest and costs as fixed by the Court. *See also*, LPL's Supplemental Answers to Defendants' Interrogatories dated February 28, 2006. LPL will also seek increased damages and attorneys' fees, as appropriate, because by continuing to use, make, offer for sale, and sell infringing devices. Defendants are engaged in willful and deliberate infringement which justifies increased damages and which may qualify this as an exceptional case supporting recovery of attorney's fees pursuant to 35 U.S.C. § 285.

Any computation of damages, including a reasonable royalty, is dependent in part on discovery and disclosures to be received from Defendants. LPL cannot provide a complete calculation of damages at this time. LPL reserves the right to modify its damages theories and calculations or to seek damages under different theories as appropriate in view of information to be discovered in this case and in view of anticipated expert opinions on the subject of damages.

4

**D.     INSURANCE AGREEMENTS**

LPL is aware of no insurance agreements pertinent to this litigation.

LPL expressly reserves the right to supplement these initial disclosures.

THE BAYARD FIRM

Richard D. Kirk (#922)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE  19899-5130
(302) 429-4208

*Counsel for Plaintiff*
*LG.PHILIPS LC'D CO., LTD.*

OF COUNSEL:
Gaspare J. Bono
Cass W. Christenson
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006
(202) 496-7500

Dated: May 9, 2006

DC:50408418.1

5

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on May 9, 2006, he electronically filed the

foregoing document with the Clerk of the Court using CM/ECF, which will send

automatic notification of the filing to the following:

Robert W. Whetzel, Esq.
Matthew W. King, Esq.
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899


The undersigned counsel further certifies that copies of the foregoing document

were sent on May 9, 2006 by email and by hand to the above counsel and by email and

first class mail to the following non-registered participants:

| | |
|---|---|
| Christine A. Dudzik, Esq. | Teresa M. Corbin, Esq. |
| Thomas W. Jenkins, Esq. | Glenn W. Rhodes, Esq. |
| Howrey LLP | Julie Gabler, Esq. |
| 321 North Clark Street | Howrey LLP |
| Suite 3400 | 525 Market Street |
| Chicago, IL 60610 | Suite 3600 |
| | San Francisco, CA 94105 |


/s/ Richard D. Kirk (rk0922)
Richard D. Kirk

602380v1

# EXHIBIT M

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

LG.PHILIPS LCD CO., LTD.,

        Plaintiff/Counterclaim Defendant,

        v.

TATUNG COMPANY;
TATUNG COMPANY OF AMERICA, INC.;
CHUNGHWA PICTURE TUBES, LTD.;
AND VIEWSONIC CORPORATION,

        Defendants/Counterclaim Plaintiffs.

Civil Action No. 05-292 (JJF)

### PLAINTIFF'S AMENDED INITIAL DISCLOSURES PURSUANT TO RULE 26(a)(1)

Plaintiff LG.Philips LCD Co., Ltd. ("LPL"), by its undersigned counsel, makes the following amended initial disclosures, pursuant to Fed. R. Civ. P. 26(a)(1) and Local Rule 16.2. LPL makes these disclosures based on information now reasonably available to it, and reserves the right to supplement these disclosures if necessary.

### A.    PERSONS WITH KNOWLEDGE

At this time, LPL believes the following individuals are likely to have discoverable information that LPL may use to support its claims.[1]  The following list is limited to those persons that LPL is specifically aware of at the present time.  In addition, employees and former employees of each of the Defendants, and third parties, may have knowledge supporting LPL's claims, the specific nature and identity of which is not yet known to LPL, but which may relate to at least the design, assembly, production, function, use, sale and marketing of Defendants'

---

[1] On May 1, 2006, LPL withdrew without prejudice its claims related to the '121 patent, mooting all claims, counterclaims, and defenses in this case concerning the '121 patent. (D.I. Nos. 179, 180.) Accordingly, these amended disclosures relate solely to LPL's claims concerning the '002 patent. LPL reserves its rights and remedies regarding the '121 patent, and reserves the right to make any necessary amendments to these disclosures.

Knowledgeable regarding subjects including the '002 patent, infringement, and validity.

Arthur Cobb (Expert Witness)
4010 IDS Center
Minneapolis, MN 55402
Knowledgeable regarding subjects including damages and reasonable royalties for infringement.

In addition, the following persons are likely to have discoverable information that LPL may use to support its claims:

. Chunghwa Picture Tubes, Ltd. employees and representatives

Tatung Co. employees and representatives

Tatung Company of America, Inc. employees and representatives

ViewSonic Corp. employees and representatives

Defendants' affiliates, distributors, suppliers, and/or customers (including, for example, retailers that sell or have sold infringing products)

## B.    DESCRIPTION OF DOCUMENTS

At this time, LPL believes that the following categories of documents and things in possession of LPL or its retained counsel may be used to support LPL's claims and defenses. In making these Initial Disclosures, LPL does not waive applicable privileges or protections from disclosure, including the attorney-client privilege or work product doctrine, nor the right to designate confidential materials for appropriate protection under the protective order entered in this case. To the extent these documents are confidential, such documents are produced subject to the protective order.

- United States Patent No. 5,019,002 ("the '002 Patent"), entitled "Method of Manufacturing Flat Panel Backplanes Including Electrostatic Discharge Prevention And Displays Made Thereby," issued on May 28, 1991;

- The prosecution history files of the United States Patent and Trademark Office for the '002 Patent;

627126v1

3

- The references cited in the prosecution history files of the United States Patent and Trademark Office for the '002 Patent;

- Technical documents and specifications published by Defendants;

- Documents and information regarding identification and/or manufacturing of infringing products made, imported, sold, and/or offered for sale by Defendants, directly or indirectly;

- Documents related to the marketing, offering for sale, and selling of infringing products, directly or indirectly;

- Correspondence between LPL and Defendants regarding the '002 Patent.

- Documents exchanged and obtained in discovery in this case or other cases for which the parties have stipulated that discovery in those cases may be used in this case (for example, the consolidated cases LG.Philips LCD Co., Ltd. v. Tatung Co. of America, et al., Case Nos. CV 02-6775 CBM (JTLx), CV 03-2866 CBM (JTLx), CV 03-2884 CBM (JTLx), CV 03-2885 CBM (JTLx), CV 03-2886 CBM (JTLx) (C.D. Cal.).)

- Mask work files and Motherglass samples

## C.     COMPUTATION OF DAMAGES

LPL has experienced, and continues to suffer, economic and irreparable harm as a result of Defendants' individual and collective infringement of the '002 Patent.

Pursuant to 35 U.S.C. § 284, LPL is seeking damages for Defendants' infringement of the '002 Patent, in the amount equal to, at a minimum, a reasonable royalty, together with pre- and post-judgment interest and costs as fixed by the Court. *See also*, LPL's Supplemental Answers to Defendants' Interrogatories dated February 28, 2006. LPL will also seek increased damages and attorneys' fees, as appropriate, because by continuing to use, make, offer for sale, and sell infringing devices, Defendants are engaged in willful and deliberate infringement which justifies increased damages and which may qualify this as an exceptional case supporting recovery of attorney's fees pursuant to 35 U.S.C. § 285.

Any computation of damages, including a reasonable royalty, is dependent in part on discovery and disclosures to be received from Defendants. LPL cannot provide a complete calculation of damages at this time. LPL reserves the right to modify its damages theories and calculations or to seek damages under different theories as appropriate in view of information to be discovered in this case and in view of anticipated expert opinions on the subject of damages. LPL's damages analysis is further addressed in the expert report of Arthur Cobb, dated June 2, 2006, which LPL incorporates herein by reference.

### D.    INSURANCE AGREEMENTS

LPL is aware of no insurance agreements pertinent to this litigation.

LPL expressly reserves the right to supplement these initial disclosures.

June 5, 2006                              THE BAYARD FIRM

                                         /s/ Richard D. Kirk (rk0922)
                                         Richard D. Kirk (#0922)
                                         222 Delaware Avenue, Suite 900
                                         P.O. Box 25130
                                         Wilmington, DE 19899-5130
                                         rkirk@bayardfirm.com
                                         (302) 655-5000

                                         *Counsel for Plaintiff*
                                         *LG.PHILIPS LCD CO., LTD.*

OF COUNSEL:
Gaspare J. Bono
Cass W. Christenson
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006
(202) 496-7500

627126v1

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

LG.PHILIPS LCD CO., LTD.,

        Plaintiff/Counterclaim Defendant,

        v.

TATUNG COMPANY,
TATUNG COMPANY OF AMERICA, INC.;
CHUNGHWA PICTURE TUBES, LTD.;
AND VIEWSONIC CORPORATION,

        Defendants/Counterclaim Plaintiffs.

Civil Action No. 05-292 (JJF)

## NOTICE OF SERVICE

PLEASE TAKE NOTICE that, on June 5, 2006, copies of PLAINTIFF'S AMENDED

INITIAL DISCLOSURES PURSUANT TO RULE 26(a)(1) and this NOTICE OF SERVICE

were served as shown:

**BY EMAIL AND BY HAND**

Robert W. Whetzel, Esq.
Matthew W. King, Esq.
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

**BY EMAIL AND BY U.S. MAIL**

Christine A. Dudzik, Esq.
Thomas W. Jenkins, Esq.
Howrey LLP
321 North Clark Street
Suite 3400
Chicago, IL  60610

Teresa M. Corbin, Esq.
Glenn W. Rhodes, Esq.
Julie Gabler, Esq.
Howrey LLP
525 Market Street
Suite 3600
San Francisco, CA  94105

627128v1

June 5, 2006

THE BAYARD FIRM

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk (#0922)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899-5130
rkirk@bayardfirm.com
(302) 655-5000

Counsel for Plaintiff
LG.PHILIPS LCD CO., LTD.

OF COUNSEL:

Gaspare J. Bono
Matthew T. Bailey
Andrew J. Park
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, D.C. 20006
(202) 496-7500

627128v1

EXHIBIT N

REDACTED

# EXHIBIT O

REDACTED

EXHIBIT P



550 South Hope Street
Suite 1100
Los Angeles, CA 90071-2627
T 213.892.1800
F 213.892.2300
www.howrey.com

June 9, 2006

DIRECT DIAL 213.892.2502

**VIA FEDERAL EXPRESS**

Anthony C. Roth, Esq.
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, N.W.
Washington, DC 20004

      Re:    *LG. Philips LCD Co., Ltd. v. Tatung Co. of America, et al.*
               Case No. CV-02-6775 CBM (JTLx)

Dear Mr. Roth:

      Enclosed are additional documents which have been bates labeled CPT 288287 to CPT 288353. These documents are produced in accordance with the agreement of the parties to supplement their prior discovery responses. Please note that all of these documents are labeled "Confidential Attorneys Only."

                      Yours truly,

                      David A. Coplen
                      Litigation Case Manager

DAC:cs
Enclosures

cc: M. Krietzman (w/encls.)

From:    Origin ID:    (213)892-2502
David Coplen
Howrey Simon Arnold White
550 S. Hope St. - #1100

Los Angeles, CA 90071



Ship Date: 09JUN06
ActWgt: 2 LB
System#: 8294799/INET2400
Account#: S *********

REF: 01450.0002.000000



Delivery Address Bar Code

SHIP TO:    (202)739-5882          BILL SENDER
**Anthony Roth**
**Morgan Lewis & Bockius, LLP**
**1111 Pennsylvania Avenue, N.W.**

**Washington, D.C., DC 20004**



**STANDARD OVERNIGHT**                                   **MON**
                                                        Deliver By:
TRK#   **7919  6697  3962**    FORM        12JUN06
                              0201
                                              **IAD**      A1

**20004**    -DC-US

## XC NHKA

Shipping Label: Your shipment is complete

1.  Use the 'Print' feature from your browser to send this page to your laser or inkjet printer.

2.  Fold the printed page along the horizontal line.

3.  Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.**

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com. FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $500, e.g. jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

# EXHIBIT Q

Direct Dial 312.595.1239
File 01450.0012.000000

June 22, 2006

<u>VIA MESSENGER</u>

Cass W. Christenson, Esq.
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006

      Re:    *LG. Philips LCD Co., Ltd. v. Tatung Company et al.*
               Civil Action No. 05-292 (JJF)

Dear Cass:

      Enclosed are documents numbered WAG 00001-003077.

               Sincerely,

               Elsa Doi
               Paralegal

Encl.