EXHIBIT J

D.F. 4/24/c3.

1   JEFFREY N. BROWN (SBN 105520)
    WILFREDO HERNANDEZ, JR. (SBN 200917)
2   MORGAN, LEWIS & BOCKIUS LLP
    300 South Grand Avenue
3   Twenty-Second Floor
    Los Angeles, CA  90071-3132
4   Tel: (213) 612-2500
    Fax: (213) 612-2501
5
    ANN A. BYUN (SBN 161593)
6   MORGAN, LEWIS & BOCKIUS LLP
    1701 Market Street
7   Philadelphia, PA  19103
    Tel: (215) 963-5000
8   Fax: (215) 963-5299

9   Attorneys for Plaintiff and
    Counterclaim Defendant
10  LG. PHILIPS LCD CO., LTD.

11

12              UNITED STATES DISTRICT COURT

13            CENTRAL DISTRICT OF CALIFORNIA

14                    05 - 2885   JFW   (SHx)

15  LG.PHILIPS LCD CO., LTD.,        Case No.

16            Plaintiff,             COMPLAINT FOR PATENT
                                     INFRINGEMENT
17       vs.
                                     [DEMAND FOR JURY TRIAL]
18  TPV TECHNOLOGY, LTD., and
    ENVISION PERIPHERALS, INC.,
19
            Defendants.
20

21       Plaintiff LG.Philips LCD Co., Ltd. ("LPL"), by its

22  undersigned attorneys, complains of Defendants and alleges as

23  follows:

24            JURISDICTION AND VENUE

25       1.   This is an action for patent infringement, arising

26  under the patent laws of the United States, Title 35 of the

27  United States Code, § 1, et seq. This Court has jurisdiction

28

1-LA/561489.1

ENTERED ON ICMS

APR 25 2003

CV

1   over the subject matter of this action pursuant to Title 28 of
2   the United States Code, §§ 1331 and 1338(a).
3       2.    Venue is proper in this judicial district under Title
4   28 of the United States Code, §§ 1391(b), 1391(c), 1391(d) and
5   1400(b).

6                              **PARTIES**

7       3.    Plaintiff LPL is a corporation organized under the laws
8   of the Republic of Korea having a place of business located in
9   Seoul, Korea.

10      4.    Plaintiff LPL is informed and believes, and on that
11  basis alleges that Defendant Envision Peripherals, Inc.
12  ("Envision") is a corporation existing under the laws of the
13  State of California having a place of business located at 47490
14  Seabridge Dr., Fremont, CA 94538.

15      5.    LPL is informed and believes, and on that basis
16  alleges, that Defendant TPV Technology, Ltd. ("TPV") is a
17  corporation existing under the laws of Bermuda, having a place of
18  business located in Hong Kong, and is the parent company of
19  Envision.

20      6.    LPL is informed and believes, and on that basis
21  alleges, that Envision is responsible for sales of TPV products
22  in the United States, including this district.

23                      **LPL'S PATENTS-IN-SUIT**

24      7.    LPL is the owner by assignment of all rights, title and
25  interest in and to United States Patent No. 4,624,737 ("the '737
26  patent"), issued on November 25, 1986, entitled "Process for
27  Producing Thin-Film Transistor."

28

8.  LPL is the owner by assignment of all rights, title and interest in and to United States Patent No. 5,825,449 ("the '449 patent"), issued on October 20, 1998, entitled "Liquid Crystal Display Device and Method of Manufacturing the Same."

9.  LPL is the owner by assignment of all rights, title and interest in and to United States Patent No. 6,373,537 ("the '537 patent"), issued on April 16, 2002, entitled "Computer Having Liquid Crystal Display Between Frames Attached at the Edges."

10.  LPL is the owner by assignment of all rights, title and interest in and to United States Patent No. 6,002,457 ("the '457 patent"), issued on December 14, 1999, entitled "Computer Having Liquid Crystal Display."

11.  LPL is the owner by assignment of all rights, title and interest in and to United States Patent No. 5,926,237 ("the '237 patent"), issued on July 20, 1999, entitled "Computer Having Liquid Crystal Display."

## DEFENDANTS' INFRINGEMENT OF LPL'S PATENTS

12.  LPL is informed and believes, and on that basis alleges, that Chunghwa Picture Tubes, Ltd. ("CPT") manufactures liquid crystal display ("LCD") panels that infringe LPL's patents as set forth in a related case No. CV-02-6775 CBM (JTLx).  LPL is informed and believes, and on that basis alleges, that at least TPV incorporates those LCD panels into computer products, such as monitors.  LPL is informed and believes, and on that basis alleges, that at least Envision, TPV's sales and distribution subsidiary, imports into and sells in the United States, including within this judicial district, computer products that

1  include such CPT LCD panels, including monitors sold under the

2  brand name AOC.

3      13.  LPL is informed and believes, and on that basis

4  .alleges, that TPV, Envision and CPT are working in concert to

5  import and sell in the United States infringing LCD panels

6  (and/or products with infringing LCD panels incorporated

7  therein).

8              **FIRST CLAIM FOR RELIEF**

9          (INFRINGEMENT OF THE '737 PATENT)

10     14.  LPL incorporates by this reference paragraphs 1 through

11  13 above, as though fully set forth herein.

12     15.  Defendants have infringed and are infringing the '737

13  patent by making, using, selling, offering for sale and/or

14  importing into the United States products manufactured by a

15  process covered by one or more claims of the '737 patent, by

16  actively inducing and encouraging others to do so and/or by

17  contributing to such infringement.

18     16.  Defendants have infringed and are infringing the '737

19  patent with knowledge of LPL's patent rights and without a

20  reasonable basis for believing that its conduct is lawful.

21  Defendants' acts of infringement have been willful, deliberate,

22  and in reckless disregard of LPL's patent rights, and will

23  continue unless enjoined by this Court.

24     17.  By reason of the foregoing, LPL has been damaged and

25  will continue to sustain damages in an amount to be determined at

26  trial and has suffered and will continue to suffer irreparable

27  loss and injury.

28

1-LA/681468.1                    4

## SECOND CLAIM FOR RELIEF

### (INFRINGEMENT OF THE '449 PATENT)

18.   LPL incorporates by this reference paragraphs 1 through 13 above, as though fully set forth herein.

19.   Defendants have infringed and are infringing the '449 patent by making, using, selling, offering for sale and/or importing into the United States products covered by one or more claims of the '449 patent, by making, using, selling, offering for sale and/or importing into the U.S. products manufactured by a process covered by one or more claims of the '449 patent, by actively inducing and encouraging others to do so and/or by contributing to such infringement.

20.   Defendants have infringed and are infringing the '449 patent with knowledge of LPL's patent rights and without a reasonable basis for believing that its conduct is lawful. Defendants' acts of infringement have been willful, deliberate, and in reckless disregard of LPL's patent rights, and will continue unless enjoined by this Court.

21.   By reason of the foregoing, LPL has been damaged and will continue to sustain damages in an amount to be determined at trial and has suffered and will continue to suffer irreparable loss and injury.

### THIRD CLAIM FOR RELIEF

### (INFRINGEMENT OF THE '537 PATENT)

22.   LPL incorporates by this reference paragraphs 1 through 13 above, as though fully set forth herein.

23.   Defendants have infringed and are infringing the '537 patent by making, using, selling, offering for sale and/or

1-LA/581485.1                          5

1  importing into the United States products covered by one or more
2  claims of the '537 patent, by actively inducing and encouraging
3  others to do so and/or by contributing to such infringement.

4      24. Defendants have infringed and are infringing the '537
5  patent with knowledge of LPL's patent rights and without a
6  reasonable basis for believing that its conduct is lawful.
7  Defendants' acts of infringement have been willful, deliberate,
8  and in reckless disregard of LPL's patent rights, and will
9  continue unless enjoined by this Court.

10      25. By reason of the foregoing, LPL has been damaged and
11  will continue to sustain damages in an amount to be determined at
12  trial and has suffered and will continue to suffer irreparable
13  loss and injury.

14  ## FOURTH CLAIM FOR RELIEF
15  ### (INFRINGEMENT OF THE '457 PATENT)

16      26. LPL incorporates by this reference paragraphs 1 through
17  13 above, as though fully set forth herein.

18      27. Defendants have infringed and are infringing the '457
19  patent by making, using, selling, offering for sale and/or
20  importing into the United States products covered by one or more
21  claims of the '457 patent, by actively inducing and encouraging
22  others to do so and/or by contributing to such infringement.

23      28. Defendants have infringed and are infringing the '457
24  patent with knowledge of LPL's patent rights and without a
25  reasonable basis for believing that its conduct is lawful.
26  Defendants' acts of infringement have been willful, deliberate,
27  and in reckless disregard of LPL's patent rights, and will
28  continue unless enjoined by this Court.

1-LA/681488.1                            6

29.  By reason of the foregoing, LPL has been damaged and will continue to sustain damages in an amount to be determined at trial and has suffered and will continue to suffer irreparable loss and injury.

### FIFTH CLAIM FOR RELIEF

#### (INFRINGEMENT OF THE '237 PATENT)

30.  LPL incorporates by this reference paragraphs 1 through 13 above, as though fully set forth herein.

31.  Defendants have infringed and are infringing the '237 patent by making, using, selling, offering for sale and/or importing into the U.S. products manufactured by a process covered by one or more claims of the '237 patent, by actively inducing and encouraging others to do so and/or by contributing to such infringement.

32.  Defendants have infringed and are infringing the '237 patent with knowledge of LPL's patent rights and without a reasonable basis for believing that its conduct is lawful. Defendants' acts of infringement have been willful, deliberate, and in reckless disregard of LPL's patent rights, and will continue unless enjoined by this Court.

33.  By reason of the foregoing, LPL has been damaged and will continue to sustain damages in an amount to be determined at trial and has suffered and will continue to suffer irreparable loss and injury.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff LPL prays for relief against Defendants Envision and TPV as follows:

1    1.    For a judgment that Defendants have infringed LPL's
2  United States Patent Nos. 4,624,737, 5,825,449, 6,373,537,
3  6,002,457, and 5,926,237;
4    2.    For preliminary and permanent injunctive relief against
5  Defendants' further infringement of LPL's United States patents;
6    3.    For an award of damages for Defendants' infringement of
7  LPL's patents, together with interest, costs and disbursements as
8  fixed by this Court under Title 35 of the United States Code §
9  284;
10    4.    For a determination that Defendants' infringement is
11  willful, and an award of trebled damages under Title 35 of the
12  United States Code § 284, for infringement of LPL's patents;
13    5.    For a determination that this is an exceptional case
14  within the meaning of Title 35 of the United States Code § 285
15  and an assessment of LPL's reasonable attorneys' fees; and
16    6.    For such other and further relief as the Court deems
17  just and proper.
18  Dated: April 24, 2003

                                MORGAN, LEWIS & BOCKIUS LLP

19
20                              By _____
21                                 Jeffrey N. Brown
                                   Attorneys for Plaintiff
22                                 LG PHILIPS LCD CO., LTD.
23
24
25
26
27
28

## JURY TRIAL DEMAND

Plaintiff LG.Philips LCD Co., Ltd. hereby demands a trial by jury on all issues properly triable by jury.

Dated: April 24, 2003

MORGAN, LEWIS & BOCKIUS LLP

By _____
Jeffrey N. Brown
Attorneys for Plaintiff
LG.PHILIPS LCD CO., LTD.

1-LA/681488.1

9

1  JEFFREY N. BROWN (SBN 105520)
   WILFREDO HERNANDEZ, JR. (SBN 200917)
2  MORGAN, LEWIS & BOCKIUS LLP
   300 South Grand Avenue
3  Twenty-Second Floor
   Los Angeles, CA  90071-3132
4  Tel: (213) 612-2500
   Fax: (213) 612-2501
5
   ANN A. BYUN (SBN 161593)
6  MORGAN, LEWIS & BOCKIUS LLP
   1701 Market Street
7  Philadelphia, PA  19103
   Tel: (215) 963-5000
8  Fax: (215) 963-5299

9  Attorneys for Plaintiff and
   Counterclaim Defendant
10 LG. PHILIPS LCD CO., LTD.

11

12              UNITED STATES DISTRICT COURT

13            CENTRAL DISTRICT OF CALIFORNIA

14

15  LG.PHILIPS LCD CO., LTD.,          Case No. CV 03 - 2866 DDP

16                  Plaintiff,         COMPLAINT FOR PATENT
                                       INFRINGEMENT
17           vs.
                                       [DEMAND FOR JURY TRIAL]
18  JEAN COMPANY LTD.,

19                  Defendant.

20

21       Plaintiff LG.Philips LCD Co., Ltd. ("LPL"), by its

22  undersigned attorneys, complains of Defendant and alleges as

23  follows:

24                    JURISDICTION AND VENUE

25       1.    This is an action for patent infringement, arising

26  under the patent laws of the United States, Title 35 of the

27  United States Code, § 1, et seq. [ENTERED ON ICMS] jurisdiction

28

ENTERED ON ICMS

APR 24 2003

CV

1  over the subject matter of this action pursuant to Title 28 of

2  the United States Code, §§ 1331 and 1338(a).

3    2.    Venue is proper in this judicial district under Title

4  28 of the United States Code, §§ 1391(b), 1391(c), 1391(d) and

5  1400(b).

6                        **PARTIES**

7    3.  · Plaintiff LPL is a corporation organized under the laws

8  of the Republic of Korea having a place of business located in

9  Seoul, Korea.

10   4.    LPL is informed and believes, and on that basis

11  alleges, that Defendant Jean Company Ltd. ("Jean") is a

12  corporation existing under the laws Taiwan and maintains global

13  service centers throughout the world, including the United States

14  and this judicial district. LPL is informed and believes, and on

15  that basis alleges, that one of Jean's global service centers is

16  JAS Electronics, Inc., located at 1215 Bixby Drive, City of

17  Industry, California.

18                  **LPL'S PATENTS-IN-SUIT**

19   5.    LPL is the owner by assignment of all rights, title and

20  interest in and to United States Patent No. 4,624,737 ("the '737

21  patent"), issued on November 25, 1986, entitled "Process for

22  Producing Thin-Film Transistor."

23   6.    LPL is the owner by assignment of all rights, title and

24  interest in and to United States Patent No. 5,825,449 ("the '449

25  patent"), issued on October 20, 1998, entitled "Liquid Crystal

26  Display Device and Method of Manufacturing the Same."

27   7.    LPL is the owner by assignment of all rights, title and

28  interest in and to United States Patent No. 6,373,537 ("the '537

1-LA/681504.1

2

1    patent"), issued on April 16, 2002, entitled "Computer Having

2    Liquid Crystal Display Between Frames Attached at the Edges."

3        8.    LPL is the owner by assignment of all rights, title and

4    interest in and to United States Patent No. 6,002,457 ("the '457

5    patent"), issued on December 14, 1999, entitled "Computer Having

6    Liquid Crystal Display."

7        9.    LPL is the owner by assignment of all rights, title and

8    interest in and to United States Patent No. 5,926,237 ("the '237

9    patent"), issued on July 20, 1999, entitled "Computer Having

10   Liquid Crystal Display."

11                **DEFENDANT'S INFRINGEMENT OF LPL'S PATENTS**

12       10.   LPL is informed and believes, and on that basis

13   alleges, that Chunghwa Picture Tubes, Ltd. ("CPT") manufactures

14   liquid crystal display ("LCD") panels that infringe LPL's patents

15   as set forth in a related case No. CV-02-6775 CBM (JTLx). LPL is

16   informed and believes, and on that basis alleges, that Defendant

17   Jean incorporates those LCD panels into computer products, such

18   as monitors.  LPL is informed and believes, and on that basis

19   alleges, that Jean imports into and sells in the United States,

20   including within this judicial district, computer products that

21   include such CPT LCD panels.

22       11.   LPL is informed and believes, and on that basis

23   alleges, that Jean and CPT are working in concert to import and

24   sell in the United States infringing LCD panels (and/or products

25   with infringing LCD panels incorporated therein).

26

27

28

1-LA/681504.1

3

**FIRST CLAIM FOR RELIEF**

**(INFRINGEMENT OF THE '737 PATENT)**

12.   LPL incorporates by this reference paragraphs 1 through 11 above, as though fully set forth herein.

13.   Jean has infringed and is infringing the '737 patent by making, using, selling, offering for sale and/or importing into the United States products manufactured by a process covered by one or more claims of the '737 patent, by actively inducing and encouraging others to do so and/or by contributing to such infringement.

14.   Jean has infringed and is infringing the '737 patent with knowledge of LPL's patent rights and without a reasonable basis for believing that its conduct is lawful. Jean's acts of infringement have been willful, deliberate, and in reckless disregard of LPL's patent rights, and will continue unless enjoined by this Court.

15.   By reason of the foregoing, LPL has been damaged and will continue to sustain damages in an amount to be determined at trial and has suffered and will continue to suffer irreparable loss and injury.

**SECOND CLAIM FOR RELIEF**

**(INFRINGEMENT OF THE '449 PATENT)**

16.   LPL incorporates by this reference paragraphs 1 through 11 above, as though fully set forth herein.

17.   Jean has infringed and is infringing the '449 patent by making, using, selling, offering for sale and/or importing into the United States products covered by one or more claims of the '449 patent, by making, using, selling, offering for sale and/or

1-LA/681504.1

4

1  importing into the U.S. products manufactured by a process
2  covered by one or more claims of the '449 patent, by actively
3  inducing and encouraging others to do so and/or by contributing
4  to such infringement.

5      18.   Jean has infringed and is infringing the '449 patent
6  with knowledge of LPL's patent rights and without a reasonable
7  basis for believing that its conduct is lawful.   Jean's acts of
8  infringement have been willful, deliberate, and in reckless
9  disregard of LPL's patent rights, and will continue unless
10 enjoined by this Court.

11     19.   By reason of the foregoing, LPL has been damaged and
12 will continue to sustain damages in an amount to be determined at
13 trial and has suffered and will continue to suffer irreparable
14 loss and injury.

15              **THIRD CLAIM FOR RELIEF**
16          **(INFRINGEMENT OF THE '537 PATENT)**

17     20.   LPL incorporates by this reference paragraphs 1 through
18 11 above, as though fully set forth herein.

19     21.   Jean has infringed and is infringing the '537 patent by
20 making, using, selling, offering for sale and/or importing into
21 the United States products covered by one or more claims of the
22 '537 patent, by actively inducing and encouraging others to do so
23 and/or by contributing to such infringement.

24     22.   Jean has infringed and is infringing the '537 patent
25 with knowledge of LPL's patent rights and without a reasonable
26 basis for believing that its conduct is lawful.   Jean's acts of
27 infringement have been willful, deliberate, and in reckless
28

1 | disregard of LPL's patent rights, and will continue unless
2 | enjoined by this Court.

3 |     23.  By reason of the foregoing, LPL has been damaged and
4 | will continue to sustain damages in an amount to be determined at
5 | trial and has suffered and will continue to suffer irreparable
6 | loss and injury.

7 | **FOURTH CLAIM FOR RELIEF**

8 | **(INFRINGEMENT OF THE '457 PATENT)**

9 |     24.  LPL incorporates by this reference paragraphs 1 through
10 | 11 above, as though fully set forth herein.

11 |     25.  Jean has infringed and is infringing the '457 patent by
12 | making, using, selling, offering for sale and/or importing into
13 | the United States products covered by one or more claims of the
14 | '457 patent, by actively inducing and encouraging others to do so
15 | and/or by contributing to such infringement.

16 |     26.  Jean has infringed and is infringing the '457 patent
17 | with knowledge of LPL's patent rights and without a reasonable
18 | basis for believing that its conduct is lawful.  Jean's acts of
19 | infringement have been willful, deliberate, and in reckless
20 | disregard of LPL's patent rights, and will continue unless
21 | enjoined by this Court.

22 |     27.  By reason of the foregoing, LPL has been damaged and
23 | will continue to sustain damages in an amount to be determined at
24 | trial and has suffered and will continue to suffer irreparable
25 | loss and injury.

26

27

28

1-LA/681504.1

6

## FIFTH CLAIM FOR RELIEF

### (INFRINGEMENT OF THE '237 PATENT)

28.  LPL incorporates by this reference paragraphs 1 through 11 above, as though fully set forth herein.

29.  Jean has infringed and is infringing the '237 patent by making, using, selling, offering for sale and/or importing into the U.S. products manufactured by a process covered by one or more claims of the '237 patent, by actively inducing and encouraging others to do so and/or by contributing to such infringement.

30.  Jean has infringed and is infringing the '237 patent with knowledge of LPL's patent rights and without a reasonable basis for believing that its conduct is lawful.  Jean's acts of infringement have been willful, deliberate, and in reckless disregard of LPL's patent rights, and will continue unless enjoined by this Court.

31.  By reason of the foregoing, LPL has been damaged and will continue to sustain damages in an amount to be determined at trial and has suffered and will continue to suffer irreparable loss and injury.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff LPL prays for relief against Defendant Jean as follows:

1.  For a judgment that Jean has infringed LPL's United States Patent Nos. 4,624,737, 5,825,449, 6,373,537, 6,002,457, and 5,926,237;

2.  For preliminary and permanent injunctive relief against Jean's further infringement of LPL's United States patents;

1-LA/681504.1

7

1    3.   For an award of damages for Jean's infringement of

2 LPL's patents, together with interest, costs and disbursements as

3 fixed by this Court under Title 35 of the United States Code §

4 284;

5    4.   For a determination that Jean's infringement is

6 willful, and an award of trebled damages under Title 35 of the

7 United States Code § 284, for infringement of LPL's patents;

8    5.   For a determination that this is an exceptional case

9 within the meaning of Title 35 of the United States Code § 285

10 and an assessment of LPL's reasonable attorneys' fees; and

11    6.   For such other and further relief as the Court deems

12 just and proper.

13 Dated: April 24, 2003       MORGAN, LEWIS & BOCKIUS LLP

15                By

16                   Jeffrey N. Brown
                      Attorneys for Plaintiff
                      LG.PHILIPS LCD CO., LTD.

1-LA/681504.1

8

1

## JURY TRIAL DEMAND

2      Plaintiff LG.Philips LCD Co., Ltd. hereby demands a trial by

3   jury on all issues properly triable by jury.

4

5   Dated: April 24, 2003        MORGAN, LEWIS & BOCKIUS LLP

6

7                    By _____

8                       Jeffrey W. Brown
                    Attorneys for Plaintiff

9                       LG.PHILIPS LCD CO., LTD.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  JEFFREY N. BROWN (SBN 105520)
   WILFREDO HERNANDEZ, JR. (SBN 200917)
2  MORGAN, LEWIS & BOCKIUS LLP
   300 South Grand Avenue
3  Twenty-Second Floor
   Los Angeles, CA  90071-3132
4  Tel: (213) 612-2500
   Fax: (213) 612-2501
5
   ANN A. BYUN (SBN 161593)
6  MORGAN, LEWIS & BOCKIUS LLP
   1701 Market Street
7  Philadelphia, PA  19103
   Tel: (215) 963-5000
8  Fax: (215) 963-5299

9  Attorneys for Plaintiff and
   Counterclaim Defendant
10 LG. PHILIPS LCD CO., LTD.

11

12                UNITED STATES DISTRICT COURT

13              CENTRAL DISTRICT OF CALIFORNIA

14                        CV 03-2884 WJR (MANx)

15 LG.PHILIPS LCD CO., LTD.,        Case No.

16                 Plaintiff,       COMPLAINT FOR PATENT
                                    INFRINGEMENT
17        vs.
                                    [DEMAND FOR JURY TRIAL]
18 LITE-ON TECHNOLOGY
   CORPORATION and LITE-ON
19 TECHNOLOGY INTERNATIONAL
   INCORPORATED,
20
                   Defendants.
21

22     Plaintiff LG.Philips LCD Co., Ltd. ("LPL"), by its

23 undersigned attorneys, complains of Defendants and alleges as

24 follows:                                      APR 25 2002

25              JURISDICTION AND VENUE

26     1.   This is an action for patent infringement, arising

27 under the patent laws of the United States, Title 35 of the

28 United States Code, § 1, et seq.  This court has jurisdiction

1-LA/681510.1

1    over the subject matter of this action pursuant to Title 28 of

2    the United States Code, §§ 1331 and 1338(a).

3        2.    Venue is proper in this judicial district under Title

4    28 of the United States Code, §§ 1391(b), 1391(c), 1391(d) and

5    1400(b).

6                            **PARTIES**

7        3.    Plaintiff LPL is a corporation organized under the laws

8    of the Republic of Korea having a place of business located in

9    Seoul, Korea.

10        4.    Plaintiff LPL is informed and believes, and on that

11    basis alleges that Defendant Lite-On Technology International

12    Incorporated ("Lite-On USA") is a corporation existing under the

13    laws of the State of California having a place of business

14    located at 6262 Katella Avenue, Cypress, California.  LPL is

15    informed and believes, and on that basis alleges, that Lite-On

16    USA is responsible for sales of Lite-On products in the United

17    States, including this district.

18        5.    LPL is informed and believes, and on that basis

19    alleges, that Defendant Lite-On Technology Corporation ("Lite-

20    On") is a corporation existing under the laws of Taiwan and is

21    the parent company of Lite-On USA.

22                    **LPL'S PATENTS-IN-SUIT**

23        6.    LPL is the owner by assignment of all rights, title and

24    interest in and to United States Patent No. 4,624,737 ("the '737

25    patent"), issued on November 25, 1986, entitled "Process for

26    Producing Thin-Film Transistor."

27        7.    LPL is the owner by assignment of all rights, title and

28    interest in and to United States Patent No. 5,825,449 ("the '449

1-LA/681510.1                         2

1  patent"), issued on October 20, 1998, entitled "Liquid Crystal
2  Display Device and Method of Manufacturing the Same."
3      8.   LPL is the owner by assignment of all rights, title and
4  interest in and to United States Patent No. 6,373,537 ("the '537
5  patent"), issued on April 16, 2002, entitled "Computer Having
6  Liquid Crystal Display Between Frames Attached at the Edges."
7      9.   LPL is the owner by assignment of all rights, title and
8  interest in and to United States Patent No. 6,002,457 ("the '457
9  patent"), issued on December 14, 1999, entitled "Computer Having
10 Liquid Crystal Display."
11     10.  LPL is the owner by assignment of all rights, title and
12 interest in and to United States Patent No. 5,926,237 ("the '237
13 patent"), issued on July 20, 1999, entitled "Computer Having
14 Liquid Crystal Display."
15              DEFENDANTS' INFRINGEMENT OF LPL'S PATENTS
16     11.  LPL is informed and believes, and on that basis
17 alleges, that Chunghwa Picture Tubes, Ltd. ("CPT") manufactures
18 liquid crystal display ("LCD") panels that infringe LPL's patents
19 as set forth in a related case No. CV-02-6775 CBM (JTLx). LPL is
20 informed and believes, and on that basis alleges, that at least
21 Lite-On incorporates those LCD panels into computer products,
22 such as monitors.  LPL is informed and believes, and on that
23 basis alleges, that at least Lite-On USA, Lite-On's sales and
24 distribution subsidiary, imports into and sells in the United
25 States, including within this judicial district, computer
26 products that include such CPT LCD panels.
27     12.  LPL is informed and believes, and on that basis
28 alleges, that Lite-On, Lite-On USA and CPT are working in concert

1-LA/681510.1                        3

1    to import and sell in the United States infringing LCD panels

2    (and/or products with infringing LCD panels incorporated

3    therein).

### FIRST CLAIM FOR RELIEF

#### (INFRINGEMENT OF THE '737 PATENT)

4

5

6        13.  LPL incorporates by this reference paragraphs 1 through

7    12 above, as though fully set forth herein.

8        14.  Defendants have infringed and are infringing the '737

9    patent by making, using, selling, offering for sale and/or

10   importing into the United States products manufactured by a

11   process covered by one or more claims of the '737 patent, by

12   actively inducing and encouraging others to do so and/or by

13   contributing to such infringement.

14       15.  Defendants have infringed and are infringing the '737

15   patent with knowledge of LPL's patent rights and without a

16   reasonable basis for believing that Defendants' conduct is

17   lawful.  Defendants' acts of infringement have been willful,

18   deliberate, and in reckless disregard of LPL's patent rights, and

19   will continue unless enjoined by this Court.

20       16.  By reason of the foregoing, LPL has been damaged and

21   will continue to sustain damages in an amount to be determined at

22   trial and has suffered and will continue to suffer irreparable

23   loss and injury.

### SECOND CLAIM FOR RELIEF

#### (INFRINGEMENT OF THE '449 PATENT)

24

25

26       17.  LPL incorporates by this reference paragraphs 1 through

27   12 above, as though fully set forth herein.

28

18.  Defendants have infringed and are infringing the '449 patent by making, using, selling, offering for sale and/or importing into the United States products covered by one or more claims of the '449 patent, by making, using, selling, offering for sale and/or importing into the U.S. products manufactured by a process covered by one or more claims of the '449 patent, by actively inducing and encouraging others to do so and/or by contributing to such infringement.

19.  Defendants have infringed and are infringing the '449 patent with knowledge of LPL's patent rights and without a reasonable basis for believing that Defendants' conduct is lawful.  Defendants' acts of infringement have been willful, deliberate, and in reckless disregard of LPL's patent rights, and will continue unless enjoined by this Court.

20.  By reason of the foregoing, LPL has been damaged and will continue to sustain damages in an amount to be determined at trial and has suffered and will continue to suffer irreparable loss and injury.

### THIRD CLAIM FOR RELIEF

#### (INFRINGEMENT OF THE '537 PATENT)

21.  LPL incorporates by this reference paragraphs 1 through 12 above, as though fully set forth herein.

22.  Defendants have infringed and are infringing the '537 patent by making, using, selling, offering for sale and/or importing into the United States products covered by one or more claims of the '537 patent, by actively inducing and encouraging others to do so and/or by contributing to such infringement.

23. Defendants have infringed and are infringing the '537 patent with knowledge of LPL's patent rights and without a reasonable basis for believing that Defendants' conduct is lawful. Defendants' acts of infringement have been willful, deliberate, and in reckless disregard of LPL's patent rights, and will continue unless enjoined by this Court.

24. By reason of the foregoing, LPL has been damaged and will continue to sustain damages in an amount to be determined at trial and has suffered and will continue to suffer irreparable loss and injury.

## FOURTH CLAIM FOR RELIEF

### (INFRINGEMENT OF THE '457 PATENT)

25. LPL incorporates by this reference paragraphs 1 through 12 above, as though fully set forth herein.

26. Defendants have infringed and are infringing the '457 patent by making, using, selling, offering for sale and/or importing into the United States products covered by one or more claims of the '457 patent, by actively inducing and encouraging others to do so and/or by contributing to such infringement.

27. Defendants have infringed and are infringing the '457 patent with knowledge of LPL's patent rights and without a reasonable basis for believing that Defendants' conduct is lawful. Defendants' acts of infringement have been willful, deliberate, and in reckless disregard of LPL's patent rights, and will continue unless enjoined by this Court.

28. By reason of the foregoing, LPL has been damaged and will continue to sustain damages in an amount to be determined at

1    trial and has suffered and will continue to suffer irreparable

2    loss and injury.

3                    FIFTH CLAIM FOR RELIEF

4                 (INFRINGEMENT OF THE '237 PATENT)

5        29.   LPL incorporates by this reference paragraphs 1 through

6    12 above, as though fully set forth herein.

7        30.   Defendants have infringed and are infringing the '237

8    patent by making, using, selling, offering for sale and/or

9    importing into the U.S. products manufactured by a process

10   covered by one or more claims of the '237 patent, by actively

11   inducing and encouraging others to do so and/or by contributing

12   to such infringement.

13       31.   Defendants have infringed and are infringing the '237

14   patent with knowledge of LPL's patent rights and without a

15   reasonable basis for believing that Defendants conduct is lawful.

16   Defendants' acts of infringement have been willful, deliberate,

17   and in reckless disregard of LPL's patent rights, and will

18   continue unless enjoined by this Court.

19       32.   By reason of the foregoing, LPL has been damaged and

20   will continue to sustain damages in an amount to be determined at

21   trial and has suffered and will continue to suffer irreparable

22   loss and injury.

23                    PRAYER FOR RELIEF

24       WHEREFORE, Plaintiff LPL prays for relief against Defendants

25   Lite-On and Lite-On USA as follows:

26       1.   For a judgment that Defendants have infringed LPL's

27   United States Patent Nos. 4,624,737, 5,825,449, 6,373,537,

28   6,002,457, and 5,926,237;

1      2.   For preliminary and permanent injunctive relief against

2  Defendants' further infringement of LPL's United States patents;

3      3.   For an award of damages for Defendants' infringement of

4  LPL's patents, together with interest, costs and disbursements as

5  fixed by this Court under Title 35 of the United States Code §

6  284;

7      4.   For a determination that Defendants' infringement is

8  willful, and an award of trebled damages under Title 35 of the

9  United States Code § 284, for infringement of LPL's patents;

10      5.   For a determination that this is an exceptional case

11  within the meaning of Title 35 of the United States Code § 285

12  and an assessment of LPL's reasonable attorneys' fees; and

13      6.   For such other and further relief as the Court deems

14  just and proper.

15  Dated: April 24, 2003          MORGAN, LEWIS & BOCKIUS LLP

16

17                        By

18                          Jeffrey N. Brown
                            Attorneys for Plaintiff
                            LG.PHILIPS LCD CO., LTD.

19

20

21

22

23

24

25

26

27

28

## JURY TRIAL DEMAND

Plaintiff LG.Philips LCD Co., Ltd. hereby demands a trial by jury on all issues properly triable by jury.

Dated: April 24, 2003

MORGAN, LEWIS & BOCKIUS LLP

By _____
Jeffrey N. Brown
Attorneys for Plaintiff
LG.PHILIPS LCD CO., LTD.

1-LA/681510.1

9

EXHIBIT K

CB&LOEB-LLP                          (THU) 12. 17' 98 15:34.  15:33/NO. 3562040591 P

## LOEB&LOEB LLP
A LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

ATTORNEYS AT LAW
10100 SANTA MONICA BOULEVARD
Suite 2200
LOS ANGELES, CA  90067-4164

TELEPHONE  310-282-2000
FACSIMILE  310-282-2192

## *FACSIMILE TRANSMITTAL*

This transmission is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us at the above address via the U.S. Postal Service. Thank you.

**DATE:** December 17, 1998          **TIME:**

Please deliver these ___4___ pages (which includes this cover letter)...

**To:** Examiner T. Ton          **Facsimile:** (703) 308-7724
Art Unit 2871                     **Voice:** (703) 305-3489
U.S. Patent and Trademark Office

**FROM:** Song K. Jung
Personal ID:    80846              **Direct Dial:** 310-282-2338
Client/Re:      8733D-6658         **Facsimile:** 310-282-2192

**NOTE:** If transmission is not complete, please call our operator at 310-282-2103.

**MESSAGE TO ADDRESSEE:**

## URGENT

## PLEASE DELIVER TO EXAMINER T. TON
## IN ART UNIT 2871

01/06/1999 BSTANLEY 00000004 121529   09145257
01 FC:144      110.00 CH

7101B.1
8733D7007
12/17/1998

LPL 0002266

EXHIBIT K PAGE 177

FROM LOEB&LOEB-LLP                    (THU) 12. 17' 98 15:34, ~ 15:33/NO. 3562040591 P  2

PATENT
8733D-665¤

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In re application of: | Art Unit: 2871 |
| Hee Young Yun, et al. | Examiner: T. Ton |
| Serial No: 09/145,357 | |
| Filed: September 1, 1998 | |
| For: COMPUTER HAVING LIQUID CRYSTAL DISPLAY BETWEEN FRAMES ATTACHED AT THE EDGES | |

**TERMINAL DISCLAIMER TO OBVIATE A DOUBLE PATENTING REJECTION (37 C.F.R. § 1.321(c))**

Asst. Commissioner for Patents
Washington, D.C. 20231

Dear Sir:

**IDENTIFICATION OF PERSON MAKING THIS DISCLAIMER**

I, Jonathan Y. Kang, represent that I am

☐  an applicant

☐  an assignee

☒  a representative authorized to sign on behalf of the assignee identified below owning all of the interest in this application.

The assignee is:

| | |
|---|---|
| Name of assignee | LG Electronics Inc. |
| Address of assignee | 20, Yoido-dong, Yongdungpo-ku, Seoul, Korea |
| Title of disclaimer authorized to sign on behalf of assignee | Attorney of record |

**RECORDAL OF ASSIGNMENT IN PATENT OFFICE**

☒  The assignment was recorded on
    Reel No.      8927
    Frame No(s).   0672

☐  Authorization for recordal of the assignment is separately attached.

**RECEIVED**

DEC 2 2 1998

OFFICE OF THE SPECIAL
PROGRAMS EXAMINER

714489.1
8733D665¤
12/17/1998

EXHIBIT K PAGE 178                    LPL 0002267

FROM LOEB&LOEB-LLP                              (THU) 12. 17' 98  15:34.  ¯ 15:33/NO. 3562040591 P  3

PATENT
8733D-6658

## EXTENT OF INTEREST

The extent of my (our) interest is in

**RECEIVED**

☒    the whole of this invention

DEC ·  ·  1998

☐    a sectional interest in this invention as follows:

OFFICE OF THE SPECIAL
PROGRAMS EXAMINER

## DISCLAIMER

LG Electronics Inc. hereby disclaims the terminal part of a patent granted on the above-identified application, which would extend beyond the expiration date of the full statutory term of:

☒    United States Patent No. _5,835,139_ as presently shortened by any terminal disclaimer

☐    any patent granted on application Serial No. ___,

and hereby agree that any patent so granted on the above-identified application shall be enforceable only for and during such period that the legal title to said patent shall be the same as the legal title to

☒    United States Patent No. _5,835,139_

☐    any patent granted on application Serial No. ___,

this agreement to run with any patent granted on the above-identified application and to be binding upon the grantor, its successors or assigns.

LG Electronics Inc. does not disclaim any terminal part of any patent granted on the above-identified application prior to the expiration date of the full statutory term of

☒    United States Patent No. _5,835,139_ as presently shortened by any terminal disclaimer

☐    any patent granted on application serial No. ___,

in the event that it later expires for failure to pay a maintenance fee, is held unenforceable, is found invalid, is statutorily disclaimed in whole or terminally disclaimed under 37 C.F.R. § 1.321(a), has all claims cancelled by a reexamination certificate, or is otherwise terminated prior to expiration of its statutory term as presently shortened by any terminal disclaimer, except for the separation of legal title stated above.

## FEE STATUS
### (37 C.F.R. § 1.20(d))

☒    Other than small entity

**RECEIVED**

☐    Small entity

DEC · · 1998

☐    verified statement attached

☐    verified statement filed ____

OFFICE OF THE SPECIAL
PROGRAMS EXAMINER

71680.1
8733D6658
12/17/1998

2

EXHIBIT K  PAGE 179                    LPL 0002270

FROM LOEB&LOEB-LLP                                    (THU) 12. 17' 98 15:35.˜˜ 15:33/NO. 356204055¦ P  ¿

PATENT
8733D-665#

## FEE PAYMENT

☒  Attached is a check in the sum of $ 110.00 .

☒  If it should be determined that for any reason either an insufficient fee or an excessive fee has been paid, please charge any insufficiency or credit any overpayment necessary to ensure consideration of the information disclosure statement for the above-identified application to Deposit Account No. 12-1820. A copy of this petition is enclosed.

⬚  Charge Account No. 12-1820 the sum of $ 110.00 .   A duplicate of this disclaimer is attached.

Undersigned further declares that the evidentiary documents establishing ownership by the assignee have been reviewed and certifies that to the best of assignee's knowledge and belief, title is in the assignee seeking to take this action.

Undersigned further declares that all statements made herein of his own knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United States Code, and that such willful false statements may jeopardize the validity of the application or any patent issuing thereon.

Respectfully submitted,
LOEB & LOEB LLP

Date: December 17, 1998

By: _____
Jonathan Y. Kamp
Registration No. 38,199
Attorney for Applicant(s)

Loeb & Loeb LLP
10100 Santa Monica Blvd., 22nd Floor
Los Angeles, California 90067-4164
Telephone: (310) 282-2000
Facsimile: (310) 282-2192

71699.1
8733D-665#
12/17/1998

3

LPL 0002268

EXHIBIT K PAGE 180

PATENT
8733D-7000

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In re application of: | Art Unit:   2871 |
| Hee Young Yun, et al. | Examiner:   T. Ton |
| Serial No:   09/178,832 | |
| Filed:   October 26, 1998 | |
| For:   COMPUTER HAVING LIQUID CRYSTAL DISPLAY BETWEEN FRAMES ATTACHED AT THE EDGES | |

<u>TERMINAL DISCLAIMER TO OBVIATE A
DOUBLE PATENTING REJECTION
(37 C.F.R. § 1.321(a))</u>



I hereby certify that this paper and every paper referred to therein is being transmitted via facsimile to Examiner T. Ton at the Assistant Commissioner for Patents at (703) 308-5041 on

February 13, 1999
Date of Deposit

Song K. Jung
Name

_____   2/12/99
Signature         Date

Asst. Commissioner for Patents
Washington, D.C. 20231

Dear Sir:

### IDENTIFICATION OF PERSON MAKING THIS DISCLAIMER

I, Song K. Jung, represent that I am

☐   an applicant

☐   an assignee

☒   a representative authorized to sign on behalf of the assignee identified below owning all of the interest in this application.

The assignee is:

Name of assignee        LG Electronics Inc.

Address of assignee        20, Yoido-dong, Yongdungpo-ku, Seoul, Korea

Title of disclaimant authorized
to sign on behalf of assignee    Attorney of record

### RECORDAL OF ASSIGNMENT IN PATENT OFFICE

☒   The assignment was recorded on
    Reel No.        8927
    Frame No(s).        0672

☐   Authorization for recordal of the assignment is separately attached.

## RECEIVED

### FEB 1 7 1999

TECHNOLOGY CENTER 2800
SPECIAL PROGRAM CENTER

10ES60.1
8733D6648
02/12/1999

1

FROM LOEB&LOEB-LLP

EXHIBIT N PAGE 187                    LPL 0002353

PATENT
8733D-7000

## EXTENT OF INTEREST

The extent of my (our) interest is in

☒  the whole of this invention

☐  a sectional interest in this invention as follows:

## DISCLAIMER

LG Electronics Inc. hereby disclaims the terminal part of a patent granted on the above-identified application, which would extend beyond the expiration date of the full statutory term of:

☒  United States Patent No. _5,835,139_ as presently shortened by any terminal disclaimer

☐  any patent granted on application Serial No. ___

and hereby agree that any patent so granted on the above-identified application shall be enforceable only for and during such period that the legal title to said patent shall be the same as the legal title to

☒  United States Patent No. _5,835,139_

☐  any patent granted on application Serial No. ___

this agreement to run with any patent granted on the above-identified application and to be binding upon the grantor, its successors or assigns.

LG Electronics Inc. does not disclaim any terminal part of any patent granted on the above-identified application prior to the expiration date of the full statutory term of

☒  United States Patent No. _5,835,139_ as presently shortened by any terminal disclaimer

☐  any patent granted on application serial No. ___

in the event that it later: expires for failure to pay a maintenance fee, is held unenforceable, is found invalid, is statutorily disclaimed in whole or terminally disclaimed under 37 C.F.R. § 1.321(a), has all claims cancelled by a reexamination certificate, or is otherwise terminated prior to expiration of its statutory term as presently shortened by any terminal disclaimer, except for the separation of legal title stated above.

## FEE STATUS
### (37 C.F.R. § 1.20(d))

☒  Other than small entity

☐  Small entity

　　☐  verified statement attached

　　☐  verified statement filed ___

2

(FRI)02. 12. 99  14:32/ST. 14:30/NO. 3562040125 P 5

FROM LOEB&LOEB-LLP

LPL 0002354

EXHIBIT N PAGE 188

PATENT
8733D-7000

## FEE PAYMENT

☐ Attached is a check in the sum of $_____.

☒ If it should be determined that for any reason either an insufficient fee or an excessive fee has been paid, please charge any insufficiency or credit any overpayment necessary to ensure consideration of the information disclosure statement for the above-identified application to Deposit Account No. 12-1820. A copy of this petition is enclosed.

☒ Charge Account No. 12-1820 the sum of $_110.00_. A duplicate of this disclaimer is attached.

Undersigned further declares that the evidentiary documents establishing ownership by the assignee have been reviewed and certifies that to the best of assignee's knowledge and belief, title is in the assignee seeking to take this action.

Undersigned further declares that all statements made herein of his own knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United States Code, and that such willful false statements may jeopardize the validity of the application or any patent issuing thereon.

Respectfully submitted,
LOEB & LOEB LLP

Date: February 12, 1999                   By: _____
                                              Song K. Jung
Loeb & Loeb LLP                               Registration No. 35,210
10100 Santa Monica Blvd., 22nd Floor          Attorney for Applicant(s)
Los Angeles, California 90067-4164
Telephone: (310) 282-2000
Facsimile: (310) 282-2192

100260.2
8733D8658
02/12/1999

3

PATENT
8733D-7003

.2/5/99
Copies d
Machia.

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re application of:                           Art Unit:    2871

Hee Young Yun, et al.                           Examiner:    T. Ton

Serial No:     09/178,711

Filed:         October 26, 1998

For:           COMPUTER HAVING LIQUID
               CRYSTAL DISPLAY BETWEEN
               FRAMES ATTACHED AT THE EDGES

TERMINAL DISCLAIMER TO OBVIATE A
DOUBLE PATENTING REJECTION
(37 C.F.R. §1.321(c))

Asst. Commissioner for Patents
Washington, D.C. 20231

Dear Sir:

I hereby certify that this paper and
every paper referred to therein is
being transmitted via facsimile to
Examiner T. Ton at the Assistant
Commissioner for Patents at
(703) 308-6841 on

February 12, 1998
Date of Deposit
Seong K. Jung
Name

2/12/98

## IDENTIFICATION OF PERSON MAKING THIS DISCLAIMER

I, Song K. Jung, represent that I am

☐   an applicant

☐   an assignee

☒   a representative authorized to sign on behalf of the assignee identified below
    owning all of the interest in this application.

The assignee is:

Name of assignee                LG Electronics Inc.

Address of assignee             20, Yoido-dong, Yongdungpo-ku, Seoul, Korea

Title of disclaimant authorized
to sign on behalf of assignee   Attorney of record

## RECORDAL OF ASSIGNMENT IN PATENT OFFICE

☒   The assignment was recorded on
    Reel No.        8927

    Frame No(s).    0672

☐   Authorization for recordal of the assignment is separately attached.

**RECEIVED**

FEB 17 1999

TECHNOLOGY CENTER 2800
SPECIAL PROGRAM CENTER

8733D-7003
1.19991
S  5  P  ۴1024006253 .ON/۲2:۴1 (IЯ1) 86 21 12 02 (FRI)

FROM LOEB&LOEB—LLP

LPL 0002471

EXHIBIT H PAGE 184

PATENT
8733D-7003

## EXTENT OF INTEREST

The extent of my (our) interest is in

☒  the whole of this invention

☐  a sectional interest in this invention as follows:

## DISCLAIMER

LG Electronics Inc. hereby disclaims the terminal part of a patent granted on the above-identified application, which would extend beyond the expiration date of the full statutory term of:

☒  United States Patent No. _5,835,139_ as presently shortened by any terminal disclaimer

☐  any patent granted on application Serial No. ___,

and hereby agree that any patent so granted on the above-identified application shall be enforceable only for and during such period that the legal title to said patent shall be the same as the legal title to

☒  United States Patent No. _5,835,139_

☐  any patent granted on application Serial No. ___,

this agreement to run with any patent granted on the above-identified application and to be binding upon the grantor, its successors or assigns.

LG Electronics Inc. does not disclaim any terminal part of any patent granted on the above-identified application prior to the expiration date of the full statutory term of

☒  United States Patent No. _5,835,139_ as presently shortened by any terminal disclaimer

☐  any patent granted on application serial No. ___,

in the event that it later: expires for failure to pay a maintenance fee, is held unenforceable, is found invalid, is statutorily disclaimed in whole or terminally disclaimed under 37 C.F.R. § 1.321(a), has all claims cancelled by a reexamination certificate, or is otherwise terminated prior to expiration of its statutory term as presently shortened by any terminal disclaimer, except for the separation of legal title stated above.

## FEE STATUS
(37 C.F.R. § 1.20(d))

☒  Other than small entity

☐  Small entity

☐  verified statement attached

☐  verified statement filed ___

2

(FRI) 02. 12. 99 14:29/ST. 14:27/NO. 3562040124 P 6

FROM LOEBE'2OEB-TIP

LPL 0002472

EXHIBIT H PAGE 185

PATENT
8733D-7003

## FEE PAYMENT

☐  Attached is a check in the sum of $_____.

☒  If it should be determined that for any reason either an insufficient fee or an excessive fee has been paid, please charge any insufficiency or credit any overpayment necessary to ensure consideration of the information disclosure statement for the above-identified application to Deposit Account No. 12-1820. A copy of this petition is enclosed.

☒  Charge Account No. 12-1820 the sum of $ 110.00 . A duplicate of this disclaimer is attached.

Undersigned further declares that the evidentiary documents establishing ownership by the assignee have been reviewed and certifies that to the best of assignee's knowledge and belief, title is in the assignee seeking to take this action.

Undersigned further declares that all statements made herein of his own knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United States Code, and that such willful false statements may jeopardize the validity of the application or any patent issuing thereon.

Respectfully submitted,
LOEB & LOEB LLP

Date: February 12, 1999

By: _____
Song K. Jung
Registration No. 35,210
Attorney for Applicant(s)

Loeb & Loeb LLP
10100 Santa Monica Blvd., 22nd Floor
Los Angeles, California 90067-4164
Telephone: (310) 282-2000
Facsimile: (310) 282-2192

LPL 0002473

NOV 30 2000 15:02 FR LONG ALDRIDGE & NORMA202 624 1299 TO *487330719-70330 P.03

I hereby certify that this paper is being facsimile transmitted to the
U.S. Patent and Trademark Office on the date shown below

Signature: _____
              Attorney

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

IN RE APPLICATION OF:  Hee Young YUN, et al.          GROUP ART UNIT: 2871

DOCKET NO. 8733.059.20

SERIAL NO:  09/326,540                               EXAMINER:  T. Ton

FILED:  June 7, 1999

FOR:  Computer Having Liquid Crystal Display Between Frames Attached at the Edges

### TERMINAL DISCLAIMER

ASSISTANT COMMISSIONER FOR PATENTS
WASHINGTON, D.C. 20231

SIR:

Now comes the undersigned, Attorney of Record in the present application, who avers as follows:

LG. Philips LCD Co., Ltd. is the owner of the entire right, title and interest in and to the invention claimed and disclosed in the above-captioned patent application by virtue of assignment.

LG. Philips LCD Co., Ltd. hereby disclaims the terminal part of any patent granted on the above-captioned application, which would extend beyond the expiration date of the full statutory term as presently shortened by any terminal disclaimer of Patent No. 5,835,129, and hereby agrees that any patent so granted on said above-captioned application shall be enforceable only for and during such period that the legal title to said patent shall be the same as the legal title to United States Patent No. 5,835,129, this agreement to run with any patent granted on the above-captioned application and to be binding upon the grantee, its successors or assigns.

LG. Philips LCD Co., Ltd. does not disclaim any terminal part of any patent granted on the above-captioned application that would extend to the full statutory term as presently shortened by any terminal disclaimer of Patent No. 5,835,129 in the event that it later expires for failure to pay a maintenance fee, is held unenforceable, is found invalid, is statutorily disclaimed in whole or terminally disclaimed under 37 C.F.R. 1.321(a), has all claims cancelled by a reexamination certificate, or is otherwise terminated prior to the expiration of its statutory term as presently shortened by any terminal disclaimer, except for the separation of legal title stated above.

Please charge the required fee of $110.00 to our Deposit Account No. 50-0911, referencing our Docket No. 8733.059.20.

Respectfully Submitted,

LONG ALDRIDGE & NORMAN LLP

November 30, 2000
Date Signed

Song K. Jung
Registration No.    35,210

64918.1

** TOTAL PAGE.03 **

## EXHIBIT X PAGE 241

LPL 0002568

## INFORM··· TERMINAL DISCLAIMER MEMO

DATE: _02 Dec 07_     SERIAL NO.: _09/336540_

TO: _Ex T. Ton_     ART UNIT.: _2871_

FROM: Deborah Perry-Leeper     TD FILED: _30 Nov. 07_
Paralegal Specialist
Office of the Special
Programs Examiner     [ ] Rule 60 Continuation
Group 2800     [ ] FWC     _____
     [ ] CIP     Examiner Initials/date

Instructions: The Terminal Disclaimer accompanying this application has been reviewed and the results identified below. Please use the appropriate Form Paragraph(s) to notify the applicant of the PTO decision regarding the "TD."

[ ] - The TD is Accepted and has been recorded (see 14.23).

[X] - **TECHNICAL SUPPORT**: The TD fee of $ _110⁶⁰_ needs to be charged to Deposit Account: _50-0911_

[ ] - The TD is Defective and has not been accepted for the following reason(s):

[ ] - The recording fee of $_____ has not been paid/applied and [nor does] there is no [ appear to be] general fee authorization to charge the deposit account (see MPEP 14.25);

[ ] - It lacks the enforceable only during the common ownership clause (Rule 37 CFR 1.321(c)) (See MPEP 14.27, 14.27.1).

[ ] - It is directed to a particular claim or claims and not a terminal portion of the term of the entire patent to be granted (see MPEP 14.26, 14.26.2, 1490);

[ ] - It is not signed. (MPEP 14.26, 14.26.3);

[ ] - The serial no. of the application (or the patent no.) which forms the basis for the double patenting rejection is missing or incorrect (see MPEP 14.32);

[ ] - The serial no. of this pending application (or the number of the patent in reexam. and/or reissue cases ) being disclaimed is missing or incorrect (see MPEP 14.26, 14.26.4 or 14.26.5);

[ ] - The period disclaimed is incorrect or not specified (see MPEP 14.27, 14.27.2 or 14.27.3); and

[ ] - This pending application and the patented (pending) application (which forms the basis of the double patenting rejection) are not commonly owned.

Terminal Disclaimers Submitted/Signed by the Assignee

[ ] - No 3.73(b) statement was provided.

[ ] - 3.73(b) statement is defective because:

[ ] - The person who signed the TD failed to state his/her capacity to sign for the business entity (see MPEP 14.28);

[ ] - The person who signed the TD is not recognized as an Officer of the Assignee (MPEP 14.29);

[ ] - There is insufficient evidence of the chain of title from the inventor to the assignee — no reel and frame number specified as to where such evidence is recorded in the PTO (37 CFR 3.73(b)); and

[ ] - There is no statement identifying that the evidentiary document(s) has been reviewed and to the best of the assignee's knowledge and belief title is in the name of the assignee seeking to take action (1140 OG 72).

[ ] - A revised TD can be filed to overcome the above objections - no additional T.D. fee is required.

# DO NOT PROVIDE THIS MEMO TO APPLICANT,
# MUST BE RETURNED TO SPRE UNIT

EXHIBIT X PAGE 242

LPL 0002571