IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG. PHILIPS LCD CO., LTD.,<br><br>      Plaintiff,<br><br>v.<br><br>TATUNG COMPANY;<br>TATUNG COMPANY OF AMERICA, INC.;<br>CHUNGHWA PICTURE TUBES, LTD.;<br>AND VIEWSONIC CORPORATION,<br><br>      Defendants. | )<br>)<br>)  C. A. No. 05-292 (JJF)<br>)<br>)<br>)<br>)<br>)  REDACTED - PUBLIC VERSION<br>)<br>)<br>)<br>)<br>) |

### DEFENDANT CHUNGHWA PICTURE TUBES, LTD.'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT UNDER 35 U.S.C. SECTION 271(a)

Of Counsel:

Christine A. Dudzik
Thomas W. Jenkins
Howrey LLP
321 North Clark Street, Suite 3400
Chicago, IL 60610
(312) 595-1239

Julie S. Gabler
Howrey LLP
550 South Hope Street, Suite 1100
Los Angeles, CA 90071
(213) 892-1800

Teresa M. Corbin
Glenn W. Rhodes
Howrey LLP
525 Market Street, Suite 3600
San Francisco, CA 94105
(415) 848-4900

Dated: July 13, 2006

Robert W. Whetzel (#2288)
whetzel@rlf.com
Steven J. Fineman (#4025)
fineman@rlf.com
Matthew W. King (#4566)
king@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square, P.O. Box 551
Wilmington, DE 19899
(302) 651-7700
Attorneys for Defendants/Counterclaimants
Tatung Company, Tatung Company of America, Chunghwa Picture Tubes, Ltd. and ViewSonic Corporation

## TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES ................................................................................................................ ii

I.   SECTION 271(a) IS LIMITED TO ACTIVITIES WITHIN
     THE UNITED STATES ........................................................................................................... 2

II.  SECTION 271(g) APPLIES TO IMPORTATION
     OF PRODUCTS MADE BY A PATENTED PROCESS ....................................................... 3

# TABLE OF AUTHORITIES

## CASES

*Ajinomoto Co., Inc. v. Archer-Daniels-Midland Co.*,
   228 F.3d 1338 (Fed. Cir. 2000) .................................................................................4

*Eli Lilly and Co. v. America Cyanamid Co.*,
   82 F.3d 1568 (Fed. Cir. 1996) ...................................................................................4

*Kinik Co. v. International Trade Committee*,
   362 F.3d 1359 (Fed. Cir. 2004) .................................................................................4

*NTP, Inc. v. Research in Motion, Ltd.*,
   418 F.3d 1282 (Fed. Cir. 2005) .................................................................................3

*Pellegrini v. Analog Devices, Inc.*,
   375 F.3d 1113 (Fed. Cir. 2004) .................................................................................3

*Rotec Industrial v. Mitsubishi Corp.*,
   215 F.3d 1246 (Fed. Cir. 2000) ..........................................................................1, 2, 3

## STATUTES

35 U.S.C. § 271(a) .............................................................................................................2, 3, 4

35 U.S.C. § 271(g) .............................................................................................................2, 3, 4

RLF1-3037110-1

The asserted claims of the '002 patent are all process claims. To infringe a process claim under Section 271(a), all of the patented steps of the process must occur within the United States. *Rotec Indus. v. Mitsubishi Corp.*, 215 F.3d 1246, 1251 (Fed. Cir. 2000). In this case, it is undisputed that CPT manufactures its allegedly infringing LCD products entirely outside of the United States. Therefore, the Court should enter summary judgment on LPL's claim of infringement under Section 271(a).

In its Answering Brief, LPL continues to assert infringement allegations under Section 271(a) on the grounds that, although CPT does not "use" the process as defined in Section 271(a), it does "offer to sell" and "sell" its "manufacturing capabilities which include the patented process in the United States" by allegedly marketing its products in the United States. Under LPL's argument, Section 271(a) would cover the exact situation which Congress specifically created Section 271(g) to address, specifically, liability for selling a product in the United States made by an allegedly infringing process performed outside the United States. Tellingly, LPL has not cited even one case finding Section 271(a) infringement under these circumstances. The issue for the Court, therefore, is one of pure statutory interpretation: Does Section 271(a) cover situations identical to that described in Section 271(g)? The answer must be no.

## I. SECTION 271(A) IS LIMITED TO ACTIVITIES WITHIN THE UNITED STATES

Section 271(a) of title 35 sets forth the requirements for a claim of direct infringement of a patent. It provides:

> Except as otherwise provided in this title, whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent. 35 U.S.C. § 271(a).

The territorial reach of a patent right is limited, so that section 271(a) is only actionable against patent infringement that occurs within the United States. *See Pellegrini v. Analog Devices, Inc.*,

1

375 F.3d 1113, 1117 (Fed. Cir. 2004). As the court in *Rotec Indus., Inc. v. Mitsubishi Corp.*, 215 F.3d 1246, 1251 (Fed. Cir. 2000) stated, "extraterritorial activities... are irrelevant to the case before us, because 'the right conferred by a patent under our law is confined to the United States and its territories, and infringement of this right cannot be predicated on acts wholly done in a foreign country.'"

The legislative history surrounding Section 271(a) indicates that it was Congress' intent to limit liability for infringement of process patents under 271(a) to the use of the process in the United States. *See generally, NTP, Inc. v. Research in Motion, Ltd.*, 418 F.3d 1282, 1319 (Fed. Cir. 2005) ("Congress has consistently expressed the view that it understands infringement of method claims under section 271(a) to be limited to use."); *Id.* at 1320 ("The indication we have from Congress on infringement by selling or offering to sell method claims shows that it believes the beachhead is narrow.") Here it is clear that CPT's manufacturing process occurs outside the United States, and therefore Section 271(a) does not apply.

LPL's criticism of CPT for failing to cite any case authority that holds that products made using a patented process and sold in the United States do not infringe under section 271(a) is misplaced. That is because the statutory authority for products sold in the United States made by a patented process outside the United States is covered by Section 271(g), not (a).

## II. SECTION 271(G) APPLIES TO IMPORTATION OF PRODUCTS MADE BY A PATENTED PROCESS

Section 271(g) specifically addresses the foreign use of a patented process to manufacture a product that is subsequently imported into the United States. That statute provides:

> (g) Whoever without authority imports into the United States or offers to sell, sells, or uses within the United States a product which is made by a process patented in the United States shall be liable as an infringer, if the importation, offer to sell, sale, or use of the product occurs during the term of such process patent...
> 35 U.S.C. § 271(g).

Prior to the enactment of the Process Patent Amendments Act of 1988, "a patentee holding a process patent could sue for infringement if others used the process in this country, but

2

RLF1-3037110-1

had no cause of action if such persons used the patented process abroad to manufacture products, and then imported, used or sold the products in this country." *Eli Lilly and Co. v. Am. Cyanamid Co.*, 82 F.3d 1568, 1571 (Fed. Cir. 1996). "By enacting the Process Patent Amendments Act, the principal portion of which is codified as 35 U.S.C. § 271(g), Congress changed the law by making it an act of infringement to import into the United States, or to sell or use within the United States 'a product which is made by a process patented in the United States . . . if the importation, sale, or use of the product occurs during the term of such process patent.'" *Id.* at 1572. The purpose of Section 271(g) was to close this loophole and bring United States law into conformity with that of other nations. *Ajinomoto Co., Inc. v. Archer-Daniels-Midland Co.*, 228 F.3d 1338 1347 (Fed. Cir. 2000). Section 271(g) was intended to provide patent owners the new right to sue for damages and seek an injunction in federal district court when someone, without authorization, uses or sells in the United States, or imports into the United States a product made by their patented process. *Kinik Co. v. Int'l Trade Comm.*, 362 F.3d 1359, 1362 (Fed. Cir. 2004). Previously, the only available remedy was through an exclusion action under the Tariff Act. *Id.*

However, in promulgating Section 271(g) Congress set out two important limitations on finding infringement under this section. "... A product which is made by a patented process will, for purposes of this title, not be considered to be so made after— (1) it is materially changed by subsequent processes; or (2) it becomes a trivial and nonessential component of another product." 35 U.S.C. § 271(g). Under LPL's rationale, Section 271(g) would now be superfluous because CPT's allegedly infringing act of manufacturing its LCD products outside the United States would be covered by 271(a). In fact, Plaintiff argues, without support, that the "sale," "offer for sale" and "importation" portions of Section 271(a) are even broader than Section 271(g) in that they permit a finding of infringement for the sale, offer for sale or importation of a product made by a patented process outside of the United States without regard to the important limitations set forth in Section 271(g). LPL's argument cannot be correct.

The appropriate statutory authority for LPL's claims in this case is Section 271(g), and not the tortured interpretation of Section 271(a) that LPL asserts. Therefore, Defendants

3

respectfully submit that the Court should grant their motion for summary judgment of non-infringement.

/s/ Robert W. Whetzel

Robert W. Whetzel (#2288)
whetzel@rlf.com
Steven J. Fineman (#4025)
fineman@rlf.com
Matthew W. King (#4566)
king@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square, P.O. Box 551
Wilmington, DE 19899
(302) 651-7700
Attorneys for Defendants/Counterclaimants
Tatung Company, Tatung Company of
America, Chunghwa Picture Tubes, Ltd. and
ViewSonic Corporation

Of Counsel:

Christine A. Dudzik
Thomas W. Jenkins
Howrey LLP
321 North Clark Street, Suite 3400
Chicago, IL 60610
(312) 595-1239

Julie S. Gabler
Howrey LLP
550 South Hope Street, Suite 1100
Los Angeles, CA 90071
(213) 892-1800

Teresa M. Corbin
Glenn W. Rhodes
Howrey LLP
525 Market Street, Suite 3600
San Francisco, CA 94105
(415) 848-4900

Dated: July 13, 2006

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 13, 2006, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing, and hand delivered to the following:

> Richard D. Kirk
> The Bayard Firm
> 222 Delaware Avenue, Suite 900
> P.O. Box 25130
> Wilmington, DE 19899

I hereby certify that on July 13, 2006, I sent the foregoing document by Electronic Mail, to the following non-registered participants:

> Gaspare J. Bono
> Matthew T. Bailey
> Andrew J. Park
> Adrian Mollo
> McKenna Long & Aldridge LLP
> 1900 K Street, NW
> Washington, DC 20006

> Steven J. Fineman (#4025)
> Fineman@rlf.com
> Richards, Layton & Finger
> One Rodney Square
> P.O. Box 551
> Wilmington, DE 19899
> (302) 651-7700

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 20, 2006, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing, and hand delivered to the following:

> Richard D. Kirk
> The Bayard Firm
> 222 Delaware Avenue, Suite 900
> P.O. Box 25130
> Wilmington, DE 19899

I hereby certify that on July 20, 2006, I sent the foregoing document by Federal Express, to the following non-registered participants:

> Gaspare J. Bono
> Matthew T. Bailey
> Andrew J. Park
> Adrian Mollo
> McKenna Long & Aldridge LLP
> 1900 K Street, NW
> Washington, DC 20006

/s/ Matthew L. King
Matthew W. King (#4566)
King@rlf.com
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
(302) 651-7700

RLF1-2917974-1