## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

LG. PHILIPS LCD CO., LTD.,      )
              )
     Plaintiff,       )    C. A. No. 05-292 (JJF)
              )
    v.          )
              )
TATUNG COMPANY;      )    **REDACTED - PUBLIC VERSION**
TATUNG COMPANY OF AMERICA, INC.;   )
CHUNGHWA PICTURE TUBES, LTD.;    )
AND VIEWSONIC CORPORATION,    )
              )
     Defendants.     )
              )

## DEFENDANTS' REPLY IN SUPPORT OF ITS MOTION FOR
## PARTIAL SUMMARY JUDGMENT ON DAMAGES UNDER 35 U.S.C. § 287

Of Counsel:

Christine A. Dudzik
Thomas W. Jenkins
Howrey LLP
321 North Clark Street, Suite 3400
Chicago, IL 60610
(312) 595-1239

Julie S. Gabler
Howrey LLP
550 South Hope Street, Suite 1100
Los Angeles, CA 90071
(213) 892-1800

Teresa M. Corbin
Glenn W. Rhodes
Howrey LLP
525 Market Street, Suite 3600
San Francisco, CA 94105
(415) 848-4900

Dated: July 13, 2006

Robert W. Whetzel (#2288)
whetzel@rlf.com
Steven J. Fineman (#4025)
fineman@rlf.com
Matthew W. King (#4566)
king@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square, P.O. Box 551
Wilmington, DE 19899
(302) 651-7700
Attorneys for Defendants/Counterclaimants
Tatung Company, Tatung Company of
America, Chunghwa Picture Tubes, Ltd. and
ViewSonic Corporation

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. i

I.   LPL HAS NOT ESTABLISHED ANY GENUINE ISSUE FOR TRIAL ..........................1
     A. The Ho Lee Declaration Does Not Cure LPL's Failure to Provide Actual Notice
        Under 35 U.S.C. § 287............................................................................................. 2
     B. Subsequent Correspondence Between CPT and LPL Demonstrate The Lack of
        Actual Knowledge By CPT of Its Alleged Infringement of the '002 Patent................ 5

II.  THE MATERIAL FACTS OVER WHICH THERE CAN BE NO GENUINE
     ISSUE .......................................................................................................................7
     A. The February 8, 2002 Letter .................................................................................. 7
     B. The February 27, 2002 Letter ................................................................................ 9
     C. The June 2002 Meeting........................................................................................ 10
     D. The July 22, 2002 Letter ...................................................................................... 10
     E. The July 30, 2002 Letter ...................................................................................... 11
     F. The Filing of the Lawsuit Against CPT in 2002 ..................................................... 11

III. THE CASES CITED BY LPL ARE FACTUALLY DISTINGUISHABLE ....................11
     A. LPL Has Failed to Provide Actual Constructive Notice of the '002 Patent .............. 11
     B. LPL's Case Law Support For Its Claim of Actual Notice Does Not Support
        The Facts Here ..................................................................................................... 13

IV.  LPL HAS FAILED TO ESTABLISH THAT THE LETTERS FROM LPL TO
     DEFENDANTS VIEWSONIC, TATUNG AND TATUNG USA PROVIDED
     ACTUAL NOTICE PURSUANT TO 35 USC § 287(A). ..............................................14

V.   CONCLUSION............................................................................................................17

# TABLE OF AUTHORITIES

## CASES

*ABB Automation Inc. v. Schlumberger Resource Mgt. Svc., Inc.,*
  254 F. Supp. 2d 479 (D. Del. 2002)..........................................................................4

*America Medical System, Inc. v. Medical Engineering Corp.,*
  6 F.3d 1523 (Fed. Cir. 1993)...........................................................................12, 15

*Amsted Industrial Inc. v. Buckeye Steel Castings Co.,*
  24 F.3d 178 (Fed. Cir. 1993).................................................................7, 13, 14, 15

*Aoki Tech. Lab., Inc. v. FMT Corp., Inc.,*
  2000 WL 33667069 (D. N. H. 2000) ......................................................................1

*Articulate System, Inc. v. Apple Computer, Inc.,*
  53 F. Supp. 2d 78 (D. Mass. 1999) .......................................................................13

*Baer v. Chase,*
  392 F.3d 609 (3d Cir. 2004)....................................................................................3

*Celotex Corp. v. Catrell,*
  477 U.S. 317 (1986)................................................................................................2

*In re Citix Corporation, Inc.,*
  448 F.3d 672 (3d Cir. 2006)................................................................................1, 3

*GTE Wireless, Inc. v. Qualcomm, Inc.,*
  192 F.R.D. 284 (S.D. Cal. 2000) ............................................................................4

*Gart v. Logitech, Inc.,*
  254 F.3d 1334 (Fed. Cir. 2001).......................................................................13, 15

*Glover v. Department of Correction,*
  No. 3:02 CV 1953, 2005 WL 3113209 (D. Del. Nov. 16, 2005)..............................4

*Hanson v. Alpine Valley Ski Area, Inc.,*
  718 F.2d 1075 (Fed. Cir. 1983)............................................................................11

*Hoover Co. v. Bissell Inc.,*
  38 F. Supp. 2d 517 (N.D. Oh. 1999).................................................................1, 12

*Hoover Universal Inc. v. Graham Packaging Corp.,*
  1997 WL 413600, 44 U.S.P.Q. 2d 1596 (C.D. Cal. 1997) ...................................6, 9

*International Nickel Co. v. Ford Motor Co.,*
    166 F. Supp. 551 (S.D.N.Y. 1958) ........................................................................8

*Lemelson v. Fisher Price Corp.,*
    545 F. Supp. 973 (S.D.N.Y. 1982) .......................................................................8

*M-S Cash Drawer Corp. v. Block & Co., Inc.,*
    1992 WL 521765, 26 U.S.P.Q. 2d 1472 (C.D. Cal. 1992) .....................................6, 8

*Maguire v. Hughes Aircraft Corp.,*
    912 F.2d 67 (3d Cir. 1990)......................................................................................2

*Mosel Vitelic Corp. v. Micron Tech., Inc.,*
    2000 WL 1728351 (D. Del. 2000) .......................................................................12

*Nike, Inc. v. Wal-Mart Stores, Inc.,*
    138 F.3d 1437 (Fed. Cir. 1998).............................................................................2

*Philips Electric North America Corp. v. Contec Corp.,*
    312 F. Supp. 2d 649 (D. Del. 2004)......................................................................11

*Remington Arms Co. v. Modern Muzzleloading, Inc.,*
    No. 2:97CV00660, 1999 WL 281341 (M.D.N.C. Feb. 9, 1999) .........................1, 13

*SRI International, Inc. v. Advanced Tech. Laboratoriess, Inc.,*
    127 F.3d 1462 (Fed. Cir. 1997)..........................................................................7, 13

*Tenneco Automobile Operating Co., Inc. v. Visteon Corp.,*
    375 F. Supp. 2d 360 (D. Del. 2005)....................................................................1, 12

*W.L. Gore & Associates Inc. v. International Medical Prosthetics Research Associates Inc.,*
    1990 WL 180490  16 U.S.P.Q. 2d 1241 (D. Ariz. 1990) .......................................14

## STATUTES

35 U.S.C. § 287.............................................................................................1, 2, 8, 12, 16

Mr. Ho Lee's sudden and contradictory recollection, *four days after his deposition in this action* and two weeks before trial, does not create any issue of fact sufficient to deny Defendants' Motion for Partial Summary Judgment on Damages under 35 U.S.C. § 287. The key question before this Court is whether LPL affirmatively notified CPT in February 2002 of a specific product that allegedly infringed the '002 patent. The answer is no. The following remain undisputed: (1) LPL never sent *any* letter directly accusing CPT of infringement of the '002 patent; (2) LPL never sent any letter to CPT to identify *any* product that allegedly infringed the '002 patent; (3) LPL never produced any notes or documents from the June 2002 meeting that reference the '002 patent, in any way; and (4) LPL has never produced any claim chart comparing '002 patent claims to specific CPT products. LPL has raised no *genuine* issue of material fact that would allow any reasonable fact finder to find in its favor on this issue. Summary judgment is therefore appropriate.[1]

## I.    LPL HAS NOT ESTABLISHED ANY GENUINE ISSUE FOR TRIAL

Faced with undisputed evidence that LPL did not provide sufficient notice to Defendants under 35 U.S.C. § 287(a), LPL provides new testimony from Mr. Ho Lee that directly contradicts his deposition testimony. LPL offers one affidavit that directly contradicts the affiant's testimony. Under the "sham affidavit" doctrine, this declaration must be disregarded. *In re Citix Corporation, Inc.*, 448 F.3d 672, 679 (3d Cir. 2006).

---

[1] LPL cites several situations wherein summary judgment is denied under 35 U.S.C. 287. In *every* case cited by LPL on this issue, the patent holder identified *specific products* made by the accused infringer. *Tenneco Auto. Operating Co., Inc. v. Visteon Corp.*, 375 F.Supp.2d 360, 365 (D. Del. 2005); *Aoki Tech. Lab., Inc. v. FMT Corp., Inc.* No. Civ 96-42, 2000 WL 33667069 at *2 (D. N.H. 2000); *Hoover Co. v. Bissell Inc.*, 38 F. Supp.2d 517, 523 (N.D. Oh. 1999); *Remington Arms Co. v. Modern Muzzleloading, Inc.*, No. 2:97CV00660, 1999 WL 281341 at *11 (M.D.N.C. Feb. 9, 1999). These are cases easily distinguishable over the present case where LPL failed to identify *any product* that allegedly infringes the '002 patent during its 2002 correspondence with CPT.

LPL's answering brief, and supporting Declaration of Ho Lee, does not identify any additional evidence sufficient to raise a genuine issue of fact regarding notice under 35 U.S.C. section 287(a). At trial, LPL bears the burden to prove compliance with 35 U.S.C. Section 287. *Nike, Inc. v. Wal-Mart Stores, Inc.*, 138 F.3d 1437, 1446 (Fed. Cir. 1998). To avoid summary judgment at this stage, LPL must demonstrate that there are, in fact, genuine disputes of material fact. *Maguire v. Hughes Aircraft Corp.*, 912 F.2d 67, 72 (3d Cir. 1990). Because LPL bears the burden of proof at trial, and because LPL has not demonstrated any genuine issues of material fact, Federal Rule of Civil Procedure 56(c) mandates the entry of summary judgment in Defendants' favor. *Celotex Corp. v. Catrell*, 477 U.S. 317, 322 (1986).

### A. The Ho Lee Declaration Does Not Cure LPL's Failure to Provide Actual Notice Under 35 U.S.C. § 287.

It is undisputed that LPL has never sent any letter to CPT that either (1) accuses CPT of infringement of the '002 patent; or (2) identifies any CPT product that allegedly infringes the '002 patent. All letters attached to the Declaration of Ho Lee confirm this point because Mr. Lee has failed to identify any letter from LPL that meets the actual notice requirements of the patent statutes.

REDACTED

Declaration of Suzanne B. Drennon In Support of Defendants' Reply In Support of Its Motion for Partial Summary Judgment on Damages Under 35 U.S.C. § 287 (herein, "Drennon Decl."), Ex. 4 at 100:1-4. Mr. Lee responded

REDACTED

It is

undisputed that LPL never sent any letter to CPT identifying any module that LPL alleged infringed the '002 patent.

Despite Mr. Lee's ignorance during his deposition on July 3, 2006, *four days later*, in response to Defendants' summary judgment motion,

REDACTED

No documents were provided to corroborate this statement.

The Third Circuit characterizes such contradictory testimony as a "sham affidavit." *In re Citix Corporation, Inc.*, 448 F.3d 672, 679 (3d Cir. 2006). The "sham affidavit" doctrine "generally 'refers to the trial court's practice of disregarding an offsetting affidavit that is submitted in opposition to a motion for summary judgment when the affidavit contradicts the prior deposition testimony.'" *Id.* (quoting *Baer v. Chase*, 392 F.3d 609, 624 (3d Cir. 2004)). That is precisely what has happened here.

It is undisputed that LPL did not provide any claim charts, or other documentation regarding the '002 patent, at the June 2002 meeting.

REDACTED

Drennon Decl., Ex. 9 at 20:12-14 (emphasis added).[2] Mr. Lee's declaration testimony must, therefore, also be disregarded under the "sham affidavit" doctrine because it not only contradicts Mr. Lee's prior testimony, it also contradicts Mr. Cho's independent recollection of events. *In re Citix Corporation, Inc.*, 448 at 679.

Mr. Lee's self-serving testimony is also insufficient to fend off summary judgment because it does not provide specific details of the alleged actual notice missing from the February letters. *See GTE Wireless, Inc. v. Qualcomm, Inc.*, 192 F.R.D. 284 at 289 (S.D. Cal. 2000). There, the court held that the accused infringer could not prevail on summary judgment because the patent holder's declaration failed to provide the specific details of the alleged actual notice. *See also Glover v. Dep't of Correction*, No. 3:02 CV 1953, 2005 WL 3113209 at *1 (D. Del. Nov. 16, 2005) ("A party may not create a genuine issue of material fact by presenting contradictory or unsupported statements"); and *ABB Automation Inc. v. Schlumberger Resource Mgt. Svc.*, Inc., 254 F. Supp. 2d 479, 482 (D. Del. 2002) (court granted summary judgment where nonmoving party provided only conclusory statements in its attempt to raise a genuine issue of fact). Mr. Lee fails to state with whom he allegedly talked with at CPT. He also fails to state what was even discussed at the meeting regarding the '002 patent. Instead, all Mr. Lee is able to say with respect to the June meeting, is that the '002 patent was discussed. Without more, Mr. Lee's eleventh hour declaration does not provide the necessary detail to establish that CPT was on notice that its manufacturing process used for specific products infringed the '002 patent.

This testimony is also squarely contradicted by the infringement claim charts Mr. Lee acknowledges were presented at the meeting. Drennon Decl., Ex. 4 at 118-120. He offers no

---

[2] Plaintiff claims that "Mr. Cho was never asked whether LPL had discussed CPT's infringement of the '002 Patent with CPT's during the June 2002 meeting." (LPL's Answering Brief at 6, n. 3). Mr. Cho's own testimony flatly contradicts this point.

explanation why the '002 patent was not part of the infringement claim charts presented at the meeting, instead he fails to include these charts as part of his declaration altogether. This omission is telling. Curiously, despite LPL's statement that it "carefully documented" its infringement claim in its July 30th letter, Mr. Lee now claims in his declaration that the claim charts covered only "some of the patents." (Lee Decl., ¶ 9).

As an attempt to claim that LPL's offer to license somehow placed CPT on actual notice of infringement of the '002 patent,

# REDACTED

The draft licensing agreement, however, contains no reference to the '002 patent. In fact, it makes no mention to any specific patent whatsoever, but states that it covers all LPL patents "which are now wholly owned or may hereafter during the term of this Agreement be wholly owned" by LPL or by its Licensees.[3] Drennon Decl., Ex. 8 at ¶ 1.4-1.5. The draft license agreement, therefore, clearly does not satisfy the test for providing actual notice, since it did not inform CPT that it was allegedly infringing a specific patent by producing a specific product.

## B. Subsequent Correspondence Between CPT and LPL Demonstrate The Lack of Actual Knowledge By CPT of Its Alleged Infringement of the '002 Patent

LPL's failure to inform CPT of its alleged infringement of the '002 patent as to put it on notice of any alleged potential infringement sufficient for purposes of § 287 is further bolstered by CPT's July 22 letter to LPL. Even after receipt of LPL's February letters and following the June meeting, CPT was still unclear of LPL's claims of infringement. Drennon Decl., Ex. 5.

---

[3] In response to a direct request by CPT to identify the patents that were subject to the draft license agreement after the June meeting, LPL provided a list of 447 different patents to CPT, on various different technologies. Drennon Decl., Ex. 6. Such a broad and expansive list of patents cannot seriously be argued to be sufficient to put CPT on notice of a specific charge of infringement under § 287.

("With respect to the Claim Charts you provided for us, we need more time for our technical personnel surveying. Still more, we have questions to be clarified about the Claim Charts also.").

LPL's July 30th response to CPT's July 22, 2002 letter failed to address CPT's lack of actual notice of its potential infringement of the '002 patent. After confirming that the only patents discussed at the June meeting were those listed in the claims charts, the only specific reference LPL makes of the '002 patent was when it attached, in response to CPT's request, a list of the 447 patents it has available for license. Merely listing over several hundred patents available for license without specifying which ones CPT's products allegedly infringe is not sufficient to satisfy the notice requirement.

In its Answering Brief, LPL attempts to establish notice by pointing to CPT's alleged activities. It cursorily concludes, for example, that CPT completed an in-depth study comparing the '002 patent to its own products *before* May 13, 2005 (the filing of this complaint) solely from the statement that CPT was aware of the '002 patent in May 2005. LPL does not, however, show how this could be true. Awareness of the patent in *May 2005* does not imply an in-depth study of the patent before *May 13, 2005* (the filing date of this lawsuit). Moreover, even if CPT had conducted a study, it would not change the fact that the requisite notice was not given. *See Hoover Universal Inc. v. Graham Packaging Corp.*, 1997 WL 413600, 44 USPQ2d 1596, 1601-02 (C.D. Cal. 1997) ("Even if [the accused infringer] had admitted infringement, it would not establish that the requisite notice had been given.").

Similarly, LPL points to CPT's May 2006 disclosure about products allegedly using guard ring technology as evidencing notice of LPL's allegations. However, CPT's discovery responses cannot in any way relieve LPL of its obligation to provide express notice. In other

words, CPT's knowledge of its own products has no bearing on this analysis. It cannot establish

notice by LPL when none was given at the outset. *See M-S Cash Drawer Corp. v. Block & Co.*,

1992 WL 521765, 26 U.S.P.Q.2d  (C.D. Cal. 1992) ("The statutory requirement of 'notice' is

unambiguous. There can be no recovery for the period before the defendant is expressly notified

by the particular patentee that it is infringing a particular patent.") (citations omitted).

## II.    THE MATERIAL FACTS OVER WHICH THERE CAN BE NO GENUINE ISSUE

The Federal Circuit has clearly defined actual notice as occurring "when the patentee

affirmatively communicates to the alleged infringer a *specific charge of infringement* by a

*specified accused product* or device." *Amsted Indus. Inc. v. Buckeye Steel Castings Co.*, 24 F.3d

178, 187 (Fed. Cir. 1993) (emphasis added); *SRI Int'l, Inc. v. Advanced Tech. Labs., Inc.*, 127

F.3d 1462, 1470 (Fed. Cir. 1997) ("[t]he actual notice requirement of § 287(a) is satisfied when

the recipient is informed of the identity of the patent and the activity that is believed to be an

infringement, accompanied by a proposal to abate the infringement, whether by license or

otherwise"). Here, the undisputed facts show that LPL failed to notify CPT of any specific CPT

products or manufacturing process that were specifically infringing the '002 patent.  LPL's

Answering Brief does not raise any material issue of fact that can preclude summary judgment.

### A.  The February 8, 2002 Letter

Contrary to LPL's assertions, there can be no genuine dispute that LPL's February 8,

2002 letter to CPT is insufficient on its face to give CPT actual notice of infringement of the

'002 patent.[4]  The letter merely informs of the availability of a license for an inadequately

described "portfolio of patents." Drennon Decl., Ex. 1.  In the letter, LPL states:

# REDACTED

> "As examples, you may wish to review U.S. Patent Nos. 4,624,737;
> 5,019,002; 5,856,816, 4,885,616; 5,825,449; 5,835,139; 5,926,237;
> 6,002,457. We believe that these patents, *although only exemplary*, cover
> a wide ranging. A portfolio of patents including *these exemplary patents*
> is currently available for license from LG. Philips." (*Id.*) (emphasis
> added)

The '002 patent is just one "exemplary" patent. No allegation (or mention) of infringement was made. In fact, the words "infringe," "infringer," or "infringement" never once appear in the letter. Nor were any specific CPT products or manufacturing processes identified. Cases have clearly held that the mere awareness of patents, without more, is insufficient for purposes of notice under Section 287(a). *See M-S Cash Drawer Corp. v. Block & Co., Inc.* 1992 WL 521765, 26 USPQ2d 1472, 1474-74 (C.D. Cal. 1992) (Even if the patentee showed the defendant copies of his patent, he "never notified Defendants of the alleged infringement."); *Lemelson v. Fisher Price Corp.*, 545 F. Supp. 973, 977 (S.D.N.Y. 1982) (quoting *International Nickel Co. v. Ford Motor Co.*, 166 F. Supp. 551, 567 (S.D.N.Y. 1958)).

LPL's February 8, 2002 letter does not satisfy the requirements of 35 U.S.C. § 287. It does not establish any relevance of the listed patents. Nor does it assert that the patents were relevant to CPT's products. Rather, LPL's letter provides an open-ended option to discuss the purported relevance of the identified patents to specific products (without mentioning any products). In particular, the letter states:

> "*Should* your company *wish* to discuss the above-identified products or *the
> relevance of the LGP patent portfolio to any specific products of your
> company*, we would be happy to visit your company on any one day
> between March 14 and March 15." *Id.* (emphasis added)

# REDACTED

As there is no mention of any *specific charge of infringement* by any *specified accused product* or device, there can be no material dispute that LPL's February 8, 2002 letter cannot constitute actual notice to CPT.

### B. The February 27, 2002 Letter

Because the February 8th letter is deficient on its face to provide actual notice under § 287(a), LPL seeks to supplement it by pointing to its February 27th letter to CPT. However, LPL mischaracterizes the import of the February 27, 2002 letter which does not allege infringement of any specific patents. Instead, the letter refers back to the February 8th letter and states that it requests a meeting to discuss the "issue of patent infringement" and the "unauthorized use of technology owned by LG. Philips LCD Co., Ltd." Drennon Decl., Ex. 2. As with the February 8, 2002 letter, this letter does not identify the LPL patents at issue, nor the specific infringing CPT products or manufacturing processes alleged to infringe. It merely refers back to the February 8th letter and its portfolio of patents.

LPL contends that "read together," its two February letters put CPT on notice that CPT's product lines infringe LPL's "wide ranging" patents. It also contends that CPT's stated willingness to meet to discuss products "in the LCD arena" shows knowledge of LPL's alleged claims. However, LPL's mere mention of an entire product line – coupled with CPT's March 5, 2002 willingness to discuss its products – cannot in any way show specific knowledge of specific products or asserted patents. Importantly, notice of the alleged infringement must come from the patentee, not the alleged infringer. Thus, CPT's letter, which demonstrated only its own willingness to meet with LPL, cannot provide the requisite notice for LPL under the statute. *See Hoover Universal Inc. v. Graham Packaging Corp.*, 1997 WL 413600, 44 U.S.P.Q.2d 1596, 1601-02 (C.D. Cal. 1997) (letter from accused infringer objecting to patentee's allegations of infringement directed toward potential customers does not constitute notice).

### C. The June 2002 Meeting

Subsequently, a meeting took place between LPL and CPT in June, 2002 to discuss LPL's earlier letters. The substance of the meeting is fully documented in the LPL infringement claim charts provided at the meeting, an exhibit not cited by LPL in its brief. Drennon Decl., Ex. 3, Ex. 4 at 118:22-120:8. LPL referred to infringement claim charts but did not provide a copy of the charts in its brief. This claim chart clearly refers to five of the eight exemplary patents listed in the February 8th letter, (4,624,737, 5,825,449, 5,926,237, 6,002,457 and 5,835,139) and one additional patent not mentioned in the February 8th letter (6,373,537). The chart sets out an infringement analysis against three specifically identified CPT products. The fact that LPL provided "detailed claim charts" for these other patents but failed to produce any notes let alone a separate claim chart suggesting *any* analysis comparing the '002 patent with CPT's products is telling. Thus, the only documentation of LPL's infringement allegations at the June 2002 meeting confirms that the '002 patent was not part of LPL's presentation.[5]

### D. The July 22, 2002 Letter

Shortly after the meeting, CPT sent a letter to LPL on July 22, 2002 acknowledging that infringement claim charts were presented at the meeting. Drennon Decl., Ex. 5 ("With respect to the Claim Charts you provided for us . . . ."). This letter also confirms that CPT did not know what patents were included in the license agreement discussed at the meeting because they requested LPL provide them with a "Patent List" so that CPT could estimate the value to them. *Id.* This letter was not cited in LPL's Answering Brief because it confirms that infringement

---

[5] In its Answering Brief, LPL states that "*[p]rior to the June 2002 meeting*, LPL purchased CPT LCD products and examined them for infringement." LPL Answering Brief at 6 (emphasis added). Tellingly, LPL does not indicate that it purchased products or conducted any analysis of the '002 patent and CPT products prior to sending the February 2002 letters.

claim charts, not mentioning the '002 patent, were presented at the June 2002 meeting and that CPT did not know what patents were covered in LPL's offer of a license.

### E. The July 30, 2002 Letter

LPL's subsequent July 30, 2002 letter confirms the infringement issues discussed at the June 2002 meeting were limited to those patents cited in the infringement claim charts. In that letter, LPL states that its "infringement claims" were "carefully documented" against CPT's products. Drennon Decl., Ex. 6. They go on to state that "CPT has had ample opportunity to study our patents and the *materials illustrating* its infringement . . . . If CPT requires clarification of the *infringement claim charts*, it should forward its questions immediately." *Id.* Thus, it is clear that as of July 30, 2002, the patents that CPT was being accused of infringing were those included in the claim charts used at the June settlement meeting, which did not include the '002 patent.

### F. The Filing of the Lawsuit Against CPT in 2002

Confirming that LPL had no intention of giving actual notice of infringement of the '002 patent to CPT, on August 29, 2002, LPL filed an infringement action against CPT in the Central District of California alleging infringement of six patents, five of which were listed on LPL's June, 2002 infringement claim charts. Drennon Decl., Ex. 7. It was not until 2 ½ years later on May 13, 2005, that LPL filed this case against CPT alleging infringement of the '002 patent. Now, LPL contends it is entitled to damages as far back as February 2002 under § 287(a).

## III.    THE CASES CITED BY LPL ARE FACTUALLY DISTINGUISHABLE

### A. LPL Has Failed to Provide Actual Constructive Notice of the '002 Patent

LPL cites *Hanson* arguing that the Federal Circuit has declined to apply the marking statute when a patentee has asserted only method claims. LPL's reliance on this case is misleading and improper. In *Hanson*, only method claims were asserted because, unlike in this

case, the patent *only contained method claims*. LPL fails to provide *Hanson* in its complete

context wherein it is stated that "the notice requirement of this statute does not apply where the

patent is directed to a process or method." *Hanson v. Alpine Valley Ski Area, Inc.* 718 F.2d

1075, 1083 (Fed. Cir. 1983). In the present case, the '002 patent contains *both method and*

*product* claims. The law is clear that where a patent contains both apparatus and method claims,

the marking requirements of § 287 apply to the extent that there is a tangible item to mark.

*Philips Elec. North America Corp. v. Contec Corp.*, 312 F. Supp. 2d 649, 651-652 (D. Del.

2004). Allowing the owner of a patent with product and method claims to avoid the marking

requirements of § 287 by selectively asserting only method claims is not supported by the case

law and would render the code section irrelevant.[6]

  As this Court in *Mosel Vitelic Corp. v. Micron Tech., Inc.* has held:

> The Federal Circuit could not have made this point any more clear when it
> made the following statement in *American Medical Systems*, here the
> patent contains both apparatus and method claims,…to the extent that
> there is a tangible item to mark by which notice of the asserted method
> claims can be given, a party is obligated to do so if it intends to avail itself
> of the constructive notice provisions of [S]ection 287(a). 6 F.3d at 1538-
> 39. *Mosel Vitelic*, 2000 WL 1728351 at *2 (D. Del. 2000).

  Here the '002 patent contains both process and apparatus claims. LPL is not excused

from its obligation to mark its product under § 287 because it is *asserting* only method claims.

Thus, in order for LPL to avail itself of damages reaching back to 2002, it must prove that CPT

received actual notice of its infringement under the '002 patent.

---

[6] In *Hanson*, the accused infringer incorrectly argued that the patent has both method and
apparatus claims when, in fact, it did not. *Id.* at 1083. The patent has only method claims and the Federal
Circuit based its ruling on the fact that only method claims were infringed AND that the patent is for a
process. *Id.* LPL is relying on the defendant's incorrect and baseless argument.

**B. LPL's Case Law Support For Its Claim of Actual Notice Does Not Support The Facts Here**

LPL cites to a handful of cases in an attempt to state that it provided sufficient notice to CPT of its alleged infringement of the '002 patent. However, these cases cited by LPL are all factually distinguishable from the present matter. Unlike in this case where LPL failed to specifically inform CPT of the patent at issue, in the majority of these cases, the patent holders clearly and specifically informed the accused infringers of the patent at issue as well as the potentially infringing products. For example, in *Tenneco Automotive Operating Co. Inc. v. Visteon Corp.*, 375 F. Supp. 2d 360, 365 (D. Del. 2005), the court held that a letter given to the alleged infringer met the standard of notice for patent infringement because it alleged that two of the accused infringer's products infringed the patent at issue.

Similarly, in *Hoover Co. v. Bissell*, the court, in rejecting a motion for summary judgment to limit damages pursuant to § 287, found the patent holder satisfied the notice requirement when it submitted two letters to the accused infringer that specifically referenced the infringed patent and the infringing product. *See also Remington Arms Co. v. Modern Muzzleloading, Inc.*, No. 2:97CV00660, 1999 WL 281341 * 11-12 (M.D.N.C. Feb. 9, 1999) (court found patent holder satisfied the notice requirement where the letter it gave alleged infringer clearly and specifically notified infringer that its conduct may be infringing upon the patent at issue); *Articulate Sys., Inc. v. Apple Computer, Inc.*, 53 F. Supp. 2d 78, 81-82 (D. Mass. 1999) (court found notice requirement satisfied where patent holder specifically referred to the patent at issue and the potentially infringing product during a meeting with one of the executives of accused infringer).

In none of the cases cited by LPL do the courts find the patent holder satisfied the actual notice requirement of § 287 where the patent holder failed to inform the alleged infringer of the

13

patent at issue. At a minimum, the patent holder must affirmatively make the alleged infringer aware of the specific patent at issue to satisfy the notice requirement. *See Gart v. Logitech, Inc.,* 254 F.3d 1334, 1346 (Fed. Cir. 2001) (actual notice is satisfied when the recipient is notified with "sufficient specificity")*; SRI Int'l, Inc. v. Advanced Tech. Labs., Inc.*, 127 F.3d 1462, 1470 (Fed. Cir. 1997).

## IV.    LPL HAS FAILED TO ESTABLISH THAT THE LETTERS FROM LPL TO DEFENDANTS VIEWSONIC, TATUNG AND TATUNG USA PROVIDED ACTUAL NOTICE PURSUANT TO 35 USC § 287(A).

Lastly, LPL argues that it provided actual notice to Defendants ViewSonic, Tatung and Tatung Co. of America (Defendants) through letters it sent to ViewSonic and Tatung on August 12, 2002. Ho Lee Decl., Ex. 8, Ex. 9. However, similar to the letters submitted to CPT, LPL's letters to ViewSonic and Tatung fail to provide sufficient notice of infringement to satisfy the actual notice requirement under § 287. *See Amsted Indus. Inc. v. Buckeye Steel Castings Co.,* 24 F.3d 178, 187 (Fed. Cir. 1993). In fact, the focus of the letters is on CPT's potential infringement and not that of the recipients'. Both letters merely inform Defendants that "LPL has collected evidence that [CPT] is infringing LPL's patents, and has presented that evidence to CPT." The letters fail to state with any specificity which patents LPL claims are infringed. Further, these letters fail to refer to any specific ViewSonic or Tatung products, merely referring to "CPT-manufactured LCD panels." Mere awareness of claims against CPT cannot satisfy LPL's notice requirement for the other defendants. *See W.L. Gore & Associates Inc. v. International Medical Prosthetics Research Associates Inc.*, 1990 WL 180490 16 USPQ2d 1241, 1261 (D. Ariz. 1990) ("Mere knowledge by an [accused] infringer of the patent, or even of suits against others, is not a substitute for notice under the statute. Proof of an affirmative notice of the infringement is required."). This language falls far short of the level of specificity required to constitute actual notice of infringement. *See Gart,* 354 F.3d at 1346.

In addition, these letters to Defendants, which are identical in nature, merely inform them of CPT's potential infringement and states that LPL "encourages [Defendants] to seek a non-infringing source of LCD panels." Ho Lee Decl., Ex. 8, Ex. 9. LPL fails to make any demands for the cessation of any potential infringing activity on behalf of Defendants. Such letters do not satisfy the actual notice requirement under § 287(a). *Amsted Indus. Inc.*, 24 F.3d at 187 (court held patent holder's notification to people in the industry making them aware of its patents and generally advising them not to infringe does not satisfy the actual notice requirement as a matter of law).

LPL further argues that notice to CPT is notice to Defendants. Notwithstanding LPL's failure to sufficiently provide actual notice to CPT, in order to satisfy the actual notice requirement under § 287(a) the communication must be made by the *patentee* to the infringer. *See Amsted Indus. Inc.*, 24 F.3d at 187 (focus of the statutory inquiry is on the acts of the patent holder and not on the knowledge of the accused infringer; "[i]t is irrelevant . . . whether the defendant knew of the patent or knew of his own infringement"); *Am. Med. Sys., Inc. v. Medical Eng'g Corp.*, 6 F.3d 1523, 1537, n. 18 (Fed. Cir. 1993) ("The notice of infringement must therefore come from the patentee, not the infringer").

Here, CPT is not an agent of ViewSonic, Tatung, or Tatung USA. Any purported relationship between CPT and the other Defendants is not relevant for the analysis under Section 287(a). The fact that CPT sells to others does not dispense of LPL's requirement for notice on each alleged infringer (regardless of LPL's statement that CPT is the real party in interest in this case and LPL's admitted targeting of CPT). *See* LPL Answering Brief at 18. Thus, there is no connection which would allow this Court to impute notice from CPT to Defendants. Thus,

summary judgment in favor of these three defendants on this issue is warranted as well as a matter of law.

## V.    **CONCLUSION**

For the foregoing reasons, CPT's Motion for Partial Summary Judgment on Damages

Under 35 U.S.C. §287(a) should be granted.

Robert W. Whetzel (#2288)
whetzel@rlf.com
Steven J. Fineman (#4025)
fineman@rlf.com
Matthew W. King (#4566)
king@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square, P.O. Box 551
Wilmington, DE  19899
(302) 651-7700
Attorneys for Defendants/Counterclaimants
Tatung Company, Tatung Company of
America, Chunghwa Picture Tubes, Ltd. and
ViewSonic Corporation

Of Counsel:

Christine A. Dudzik
Thomas W. Jenkins
Howrey LLP
321 North Clark Street, Suite 3400
Chicago, IL  60610
(312) 595-1239

Julie S. Gabler
Howrey LLP
550 South Hope Street, Suite 1100
Los Angeles, CA  90071
(213) 892-1800

Teresa M. Corbin
Glenn W. Rhodes
Howrey LLP
525 Market Street, Suite 3600
San Francisco, CA  94105
(415) 848-4900

Dated:  July 13, 2006

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 13, 2006, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing, and hand delivered to the following:

> Richard D. Kirk
> The Bayard Firm
> 222 Delaware Avenue, Suite 900
> P.O. Box 25130
> Wilmington, DE 19899

I hereby certify that on July 13, 2006, I sent the foregoing document by Electronic Mail, to the following non-registered participants:

> Gaspare J. Bono
> Matthew T. Bailey
> Andrew J. Park
> Adrian Mollo
> McKenna Long & Aldridge LLP
> 1900 K Street, NW
> Washington, DC 20006

> Steven J. Fineman (#4025)
> Fineman@rlf.com
> Richards, Layton & Finger
> One Rodney Square
> P.O. Box 551
> Wilmington, DE 19899
> (302) 651-7700

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 20, 2006, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing, and hand delivered to the following:

> Richard D. Kirk
> The Bayard Firm
> 222 Delaware Avenue, Suite 900
> P.O. Box 25130
> Wilmington, DE 19899

I hereby certify that on July 20, 2006, I sent the foregoing document by Federal Express, to the following non-registered participants:

> Gaspare J. Bono
> Matthew T. Bailey
> Andrew J. Park
> Adrian Mollo
> McKenna Long & Aldridge LLP
> 1900 K Street, NW
> Washington, DC 20006

> Matthew W. King (#4566)
> King@rlf.com
> Richards, Layton & Finger
> One Rodney Square
> P.O. Box 551
> Wilmington, DE 19899
> (302) 651-7700