**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| LG. PHILIPS LCD CO., LTD., | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 05-292 (JJF) |
| | ) | |
| v. | ) | |
| | ) | **REDACTED - PUBLIC VERSION** |
| TATUNG COMPANY; | ) | |
| TATUNG COMPANY OF AMERICA, INC.; | ) | |
| CHUNGHWA PICTURE TUBES, LTD.; | ) | |
| AND VIEWSONIC CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' MOTION TO RESTRICT ACCESS TO TRIAL DURING THE PRESENTATION OF CERTAIN CONFIDENTIAL INFORMATION AND FOR AN ORDER SEALING CORRESPONDING PORTIONS OF THE TRIAL TRANSCRIPT

Defendants Chunghwa Picture Tubes, Ltd., Tatung Company, Tatung Company of America, Inc. and Viewsonic Corporation ("Defendants") respectfully move this Court for an order restricting access to trial during the presentation of certain confidential information and for an order sealing corresponding portions of the trial transcript. In support of their motion, Defendants state as follows:

## BACKGROUND

Throughout the course of the present litigation, the parties have engaged in extensive written discovery. Certain documents produced by Defendants reflect highly confidential and sensitive business information, including but not limited to, documents that reflect closely guarded trade secrets and financial information (hereinafter "Confidential Information"). The parties also engaged in deposition practice where testimony about this confidential information was elicited.

Prior to exchanging such confidential information, the parties executed and filed with the Court a Confidentiality Stipulation and Protective Order (the "Confidentiality Order") that

provided a mechanism for protecting the confidentiality of the Confidential Information while complying with their respective discovery obligations. The Confidentiality Order provides that a party may designate documents and testimony as either "Confidential" or "Confidential Attorneys Only" (collectively, "Confidentiality Designations") and may attach Confidentiality Designations to documents upon making a good faith determination that such documents contain non-public, confidential, proprietary or commercially sensitive information. Confidentiality Order ¶ 1. On January 24, 2006, the Court entered an Order approving the Confidentiality Order.

Through the Confidentiality Order, it was established that the use of Confidential Information in pretrial proceedings (including depositions and hearings) would not compromise the protections afforded by the Confidentiality Order, which provides in pertinent part as follows:

> In the event that any Confidential or Confidential Attorneys Only material is used in any pretrial proceeding in connection with the above captioned action, it shall not lose its Confidential or Confidential Attorneys Only status through such use, and the parties shall take all steps reasonably required to protect its confidentiality during such use.

Confidentiality Order ¶ 13. Anticipating the need for similar protection of Confidential Information at trial, the Confidentiality Order also provides that "[d]isclosure and use of Confidential or Confidential Attorneys Only material at trial and in subsequent proceedings shall be governed by the terms of an order to be entered by the Court." Confidentiality Order ¶ 13.

On July 15, 2006, Plaintiff provided Defendants with a copy of its trial exhibit list reflecting those documents that Plaintiff intends to use at trial. Plaintiff's indicated they may use up to 85 exhibits that include Defendants' confidential documents, including Defendants' mask

2

files and financial information.[1]  Given the inevitable use of these documents at trial, and the

serious harm that would be suffered by Defendants if such Confidential Information became

public, Defendants seek an order from the Court limiting access to trial and an order sealing

corresponding portions of the transcript for those times when Defendants' Confidential

Information is displayed or discussed.

## ARGUMENT

**A.     The Court Should Restrict Access To Court Proceedings To Protect Confidential Information.**

It is well-settled that the general presumption in favor of open proceedings should, in

appropriate circumstances, give way to the right to protect trade secrets and other highly

sensitive commercial information.  *See Nixon v. Warner Communications, Inc.*, 435 U.S. 589,

598 (1978) (holding that courts may deny public access to protect "business information that

might harm a litigant's competitive standing"); *see also Federal Sav. & Loan Ins. Corp. v. Blain*,

808 F.2d 395, 399 (5th Cir. 1987) (noting that there are "well -- recognized situations in which

the [power to seal the record of judicial proceedings] may and should be used").  For example, in

*Standard & Poors Corp. v. Commodity Exch., Inc.*, 541 F. Supp. 1273, 1274 (S.D.N.Y. 1982),

the court protected confidences and trade secrets which were discussed in a closed session before

the Court.  As the Court explained:

> S&P made a reasonable claim of the existence of certain business
> confidences and was entitled to the benefit of any doubt thereof in

---

[1] Defendant-produced documents marked "Attorney's Eyes Only" are Plaintiff's Exhibit Nos. 17, 18,  19, 41, 44, 45, 46,  49, 50,  51,  52, 53, 54, 55, 56, 57, 58, 59, 60, 61,  62,  63,  64, 68, 69, 70, 72, 73, 74, 75, 76,  77, 78, 79,  80, 81,  82, 83, 89, 90, 91, 92, 94, 95, 96, 97, 98, 99, 100, 101, 107, 110, 111, 112, 113, 114, 115, 116, 117, 118, 120, 121, 124, 125, 126, 130, 131, 132, and 133.  Defendant-produced documents marked "Confidential" are Plaintiff's Exhibit Nos. 14, 15,16, 37, 38, 39, 40, 71, 84, 102, 103, and 123.  Plaintiff's Exhibit No. 36 was designated "Confidential/Attorney's Eyes Only," Exhibit No. 108 is designated "Highly Confidential," and Exhibit No. 109 is designated "Highly Confidential/Attorney's Eyes Only."

3

> this situation; the overriding interest to be found in business conferences -- protected by law as trade secrets -- required a temporary reasonably restricted access to the courtroom of members of the public. Plaintiff was entitled to the safeguard of its business confidences and trade secrets.

*Id.* at 1275. *See also Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984) (noting that a trial court may close a hearing or seal a transcript to protect "a party's interest in confidential commercial information, such as a trade secret, where there is a sufficient threat of irreparable harm"); *In re National Broad. Co.*, 653 F.2d 609, 613 (D.C. Cir. 1981) ("It is equally clear, however, that the right to inspect and copy judicial records is not absolute .... The public has in the past been excluded, temporarily or permanently, from court proceedings or the records of court proceedings to protect private as well as public interest").

In *Nixon*, the Supreme Court specifically concluded that "[e]very court has supervisory power over its own records and files" and therefore may deny access to such records "where court files might become a vehicle for improper purposes." *Nixon*, 435 U.S. at 598; *Leucadia, Inc. v. Applied Extrusion Technologies, Inc.*, 998 F.2d 157, 166 (3d Cir. 1993). The Supreme Court also recognized that "the common-law right of inspection has bowed before the power of a court to insure that its records are not used ... as sources of business information that may harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598. Thus, the question of whether the presumption of openness may be overcome is one dependent upon "the relevant facts and circumstances of the particular case." *Id.* at 599. As the Third Circuit has observed, a court may refuse the public access to court documents or proceedings if the public's right of access is outweighed by privacy interests. *Publicker*, 733 F.2d at 1071. Specifically, "[t]he party seeking the closure of a hearing or the dealing of a transcript bears the burden of showing that the material is the kind of information that courts will protect and that there is good cause for the

RLF1-3037697-1

order to issue." *Id.* Indeed, "[g]ood cause is established on a showing that disclosure will work

a clearly defined and serious injury to the party seeking closure." *Id.* Here, Defendants' need to

protect their Confidential Information satisfies this standard.

**B.    Defendants Will Suffer Serious Harm If Their Confidential Information Is Made Public**

Defendants do not seek to block the public's access to the entire trial of the present action

-- Defendants only seek to limit the public's access to those specific times during trial when

certain Confidential Information is being displayed or discussed.  If such relief is not granted,

each of Defendants' competitors will have access to Defendants' design, manufacturing and

technical trade secrets as well as financial information that would place Defendants at a severe

competitive disadvantage.  Conversely, if the Court were to grant the present motion, the public

would still have access to a vast majority of the trial.

As described more fully in the declaration of Heather H. Fan filed contemporaneously

herewith, Exhibit Nos. 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 129 constitute Defendants' mask files

which are comprised of design documents detailing the structure and processes used to

manufacture LCD panels.  Specifically, mask files are drawing files that are used to create photo-

masks, which are then used in the manufacturing process.  Under normal circumstances, mask

files accurately reflect the shapes of devices on an LCD panel.  This Confidential Information is

highly sensitive and is closely guarded within Defendants.  The public disclosure of this

proprietary information could be catastrophic to Defendants.

Similarly, Defendants would suffer serious injury and competitive disadvantage if its

financial information was disclosed publicly. *See Tavoulareas v. Piro*, 93 F.R.D. 24, 29 (D.D.C.

1981) (holding that public disclosure of sensitive corporate documents such as those dealing with

strategy and long-range corporate planning would cause company competitive harm sufficient to

5

warrant imposition of a protective order); *Duracell, Inc. v. SW Consultants, Inc.*, 126 F.R.D. 576, 578-79 (N.D.Ga. 1989) (company's financial information and marketing strategy are the types of confidential commercial information Rule 26(c)(7) protects). The Plaintiff's trial exhibits contain pricing, profit margins, customers, sales units and other highly confidential financial information.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant its motion and restrict access to trial during the presentation of certain Confidential Information and seal corresponding portions of the trial transcripts.

Robert W. Whetzel (#2288)

| | |
|---|---|
| Of Counsel:<br>Teresa M. Corbin<br>Glenn W. Rhodes<br>Howrey LLP<br>525 Market Street, Suite 3600<br>San Francisco, CA 94105<br>(415) 848-4900<br><br>Julie S. Gabler<br>Howrey LLP<br>550 South Hope Street, Suite 1100<br>Los Angeles, CA 90071<br>(213) 892-1800 | whetzel@rlf.com<br>Steven J. Fineman (#4025)<br>fineman@rlf.com<br>Matthew W. King (#4566)<br>king@rlf.com<br>Richards, Layton & Finger<br>One Rodney Square, P.O. Box 551<br>Wilmington, DE 19899<br>(302) 651-7700<br>Attorneys for Defendants/Counterclaimants<br>Tatung Company, Tatung Company of<br>America, Chunghwa Picture Tubes, Ltd. and<br>ViewSonic Corporation |

Dated: July 17, 2006

6

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 17, 2006, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing, and hand delivered to the following:

> Richard D. Kirk
> The Bayard Firm
> 222 Delaware Avenue, Suite 900
> P.O. Box 25130
> Wilmington, DE 19899

I hereby certify that on July 17, 2006, I sent the foregoing document by Electronic Mail, to the following non-registered participants:

> Gaspare J. Bono
> Matthew T. Bailey
> Andrew J. Park
> Adrian Mollo
> McKenna Long & Aldridge LLP
> 1900 K Street, NW
> Washington, DC 20006

Matthew W. King (#4566)
Kine@rlf.com
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
(302) 651-7700

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 20, 2006, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing, and hand delivered to the following:

> Richard D. Kirk
> The Bayard Firm
> 222 Delaware Avenue, Suite 900
> P.O. Box 25130
> Wilmington, DE 19899

I hereby certify that on July 20, 2006, I sent the foregoing document by Federal Express, to the following non-registered participants:

> Gaspare J. Bono
> Matthew T. Bailey
> Andrew J. Park
> Adrian Mollo
> McKenna Long & Aldridge LLP
> 1900 K Street, NW
> Washington, DC 20006

> Matthew W. King (#4566)
> King@rlf.com
> Richards, Layton & Finger
> One Rodney Square
> P.O. Box 551
> Wilmington, DE 19899
> (302) 651-7700

RLF1-2917974-1