# THE BAYARD FIRM
## A T T O R N E Y S

222 DELAWARE AVENUE, SUITE 900
P.O. BOX 25130
WILMINGTON, DE 19899
ZIP CODE FOR DELIVERIES: 19801

███ MERITAS LAW FIRMS WORLDWIDE
www.bayardfirm.com
302-655-5000
(FAX) 302-658-6395
WRITER'S DIRECT ACCESS

ELECTRONICALLY FILED

(302) 429-4208
rkirk@bayardfirm.com

July 21, 2006

The Honorable Joseph J. Farnan, Jr.
United States District Court
844 North King Street
Wilmington, DE 19801

     RE:    *LG.Philips LCD Co., Ltd. v. Tatung Company of Amercia, et al.*
               C.A. No. 05-292-JJF

Dear Judge Farnan:

     I write on behalf of plaintiff LG.Philips LCD Co., Ltd. ("LG.Philips"). Without prejudice to its right to challenge others of Defendants' proposed jury instructions or Defendants' proposed special verdict questions, LG.Philips seeks the Court's guidance with respect to the "exceptional case" issue under 35 U.S.C. § 285. Defendants seek to present that issue to the jury; LG.Philips submits it is a question for the Court, not the jury. At issue are Defendants' proposed jury instruction 6.1 and Defendants' proposed special verdict question 19.

     Defendants request the following instruction 6.1:

> One of your duties as jurors is to decide whether this is an "exceptional case." This case is "exceptional" if you find that LPL knew, or should have known with reasonable investigation, that this lawsuit was baseless. Thus, if you find that LPL sued the Defendants in spite of the fact that it knew (or should have known) the patent was invalid or not infringed, the case is exceptional. The law allows you to compensate the Defendants for their attorneys' fees in an exceptional case.

THE BAYARD FIRM

In a similar vein, Defendants propose the following question on their special verdict form:

QUESTION 19:

If you have found that there is no infringement of any valid claim, is this an exceptional case that merits awarding the Defendants their attorneys' fees?

LG.Philips submits that the question of exceptionality is a matter for the Court and is not a jury question. In order for a party to recover attorneys' fees in a patent case, three things must happen. Preliminarily, of course, the party must prevail in the litigation. 35 U.S.C. § 285. Then, the Court undertakes a two part investigation: It must first determine, by clear and convincing evidence, that the case is "exceptional." *Brasseler, U.S.A. I, L.P. v. Stryker Sales Corporation*, 267 F.3d 1370, 1378 (Fed.Cir. 2001); *Reactive Metals and Alloys Corporation v. ESM, Incorporated*, 769 F.2d 1578, 1582 (Fed.Cir. 1985). Not every case is exceptional. Then the Court must determine, in the exercise of its sound discretion, whether to award fees. *Reactive Metals,* 769 F.2d at 1582. Not every exceptional case merits an award of fees.

Defendants evidently contend that the first determination under § 285, i.e., whether the case is exceptional, is a finding of fact to be made by the jury. LG.Philips agrees that it is a finding of fact, but submits that the case law teaches that the question of exceptionality is a matter for the Court to find, not the jury. *Brasseler,supra,* 267 F.3d at 1378 (whether case is 'exceptional' is a question of fact reviewable for 'clear error'); *Beckman Instruments, Inc. v. LKB Produkter AB*, 892 F.2d 1547, 1551 (Fed.Cir. 1989)(finding of fact reviewable under 'clearly erroneous' standard).

Indeed, because of its procedural posture, *Swofford v. B & W, Inc.*, 34 F.R.D. 15 (S.D. Tex. 1963) , aff'd 336 F.2d 406 (5th Cir. 1964) perfectly illustrates the point. There, plaintiff sued for patent infringement and defendant counterclaimed for a declaratory judgment of invalidity and non-infringement. Neither side initially demanded a jury trial. Eight months into the case, plaintiff filed an amended complaint, adding two new defendants but not changing the theory of the case, but also demanded a jury. In granting plaintiff a jury trial by reason of that amended complaint, the trial court discussed "which, if any, of the issues framed by the pleadings are properly triable by jury." 34 F.R.D. at 17. Among other things, the Court said,

> **Those portions of the plaintiffs' prayer which concern** costs, **attorneys' fees**, and treble damages may be disposed of summarily, for they **are never within the province of the jury.** Costs are the concern of the clerk and the judge, and what discretion exists is that of the judge. Federal Rule of Civil Procedure 54(d); 28 U.S.C.A. § § 1920, 1928

630526v1

THE BAYARD FIRM

> (1950). **The matter of the awarding of attorneys' fees to the prevailing party is solely within the sound discretion of the trial judge**, 35 U.S.C.A. § 285 (1954), as is the matter of the granting of increased damages, up to three times the amount found by the jury. 35 U.S.C.A. § 284 (1954).

34 F.R.D. at 19 (emphasis added).

Both parties took interlocutory appeals. Defendant appealed from the decision to allow plaintiff any jury trial once having waived the demand. Plaintiff appealed from the decision that attorneys' fees were not triable to a jury. On appeal, the Fifth Circuit (before the establishment of the Federal Circuit) affirmed the trial court in all respects. As to the attorneys' fees issue, the appellate court said, "exemplary damages and **attorneys' fees are not money claims triable by jury**, although they are awarded in 'legal' actions." 336 F.2d at 413 (emphasis added).

Significantly, in support of their proposed instruction 6.1, Defendants do not cite to this Court's Uniform Jury Instructions for Patent Cases In The United States District Court For The District Of Delaware (1993), nor to the proposed revision to those Uniform Jury Instructions submitted in 2004, nor to the AIPLA Model Patent Jury Instructions (2005). They do not cite to those sources because none of those sources contains a jury instruction on "exceptional case." LG.Philps submits there are no pattern instructions on the subject because the law is so clear that it is not a jury issue.

Rather, in support of proposed instruction 6.1, Defendants cite four cases for the proposition that exceptionality is an issue that should be presented to the jury. None of those cases supports that proposition. Two of Defendants' cases, *Stephens v. Tech Int'l, Inc.*, 393 F.3d 1269 (Fed. Cir. 2004), and *Realtek Semiconductor Corp. v. Marvell Semiconductor, Inc.*, 2005 WL 3634617 (N.D. Cal. 2005), involved dismissal before trial. Neither involved a trial at all, let alone a jury trial. The other two cases, *Evident Corp. v. Church & Dwight Co.*, 399 F.3d 1310, 1316 (Fed. Cir. 2005), and *Hughes v. Novi American, Inc.*, 724 F.2d 122, 125 (Fed. Cir. 1984), involved a finding of exceptionality by the court after a bench trial. Since they involved bench trials, the question of jury involvement was not present.

Accordingly, since Defendants' proposed jury instruction 6.1 is not supported by Defendants' citation of authority, and is contradicted by settled law, LG.Philips

THE BAYARD FIRM

respectfully requests that the Court omit it.[1]

With respect to the proposed special verdict form and question 19, LG.Philips never submitted and never agreed to submit the question of exceptionality to the jury. Both sides submitted competing versions of the special verdict form.

For the same reasons set forth above with respect to Defendants' proposed instruction 6.1, LG.Philips opposes submitting Defendants' proposed question 19 to the jury in the special verdict form. Defendants have cited no authority to support the submission of exceptionality to the jury. As shown above, the law to the contrary is clear. LG.Philips respectfully requests that the Court likewise omit Defendants proposed special interrogatory 19.

Respectfully submitted,

Richard D. Kirk (#0922)

:rdk
cc:     Clerk of the Court
        All counsel as shown on attached certificate

---

[1]   Quite apart from the fact that this issue should not be submitted to the jury in the first instance, Defendants' proposed instruction 6.1 completely misstates the law in at least three different respects: It fails to mention the clear and convincing evidence standard; it fails to capture the test for exceptionality set forth by this Court in *Multi-Tech Inc. v. Components Inc.*, 708 F.Supp. 615 (D.Del. 1989); and it tells the jury that **it,** not the Court, awards fees. In the event the Court finds, contrary to the authority set forth above, that the issue of "exceptional case" should be sent to the jury, LG.Philips requests to be heard further on the language of any such jury instruction and special verdict question.

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on July 21, 2006, he electronically filed

the foregoing document with the Clerk of the Court using CM/ECF, which will send

automatic notification of the filing to the following:

Robert W. Whetzel, Esq.
Matthew W. King, Esq.
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899


The undersigned counsel further certifies that copies of the foregoing document

were sent on July 21, 2006 by email and by hand to the above counsel and by email and

first class mail to the following non-registered participants:

| | |
|---|---|
| Christine A. Dudzik, Esq. | Teresa M. Corbin, Esq. |
| Thomas W. Jenkins, Esq. | Glenn W. Rhodes, Esq. |
| Howrey LLP | Julie Gabler, Esq. |
| 321 North Clark Street | Howrey LLP |
| Suite 3400 | 525 Market Street |
| Chicago, IL  60610 | Suite 3600 |
| | San Francisco, CA  94105 |

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk

602380v1