IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG. PHILIPS LCD CO., LTD., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 05-292 (JJF) |
| | ) |
| TATUNG COMPANY; | ) **DEMAND FOR JURY TRIAL** |
| TATUNG COMPANY OF AMERICA, INC.; | ) |
| CHUNGHWA PICTURE TUBES, LTD.; | ) |
| AND VIEWSONIC CORPORATION, | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW

Under Fed. R. Civ. P. 50(a), judgment as a matter of law is appropriate if a party has been fully heard on an issue and "there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." *See, e.g., Bullen v. Chaffinch*, Civ. A.02-1315-JJF, 2004 WL 2106381, at *2 (D. Del. Sept. 17, 2004); *Novartis Pharm. Corp. v. Abbott Labs.*, 375 F.3d 1328, 1332 (Fed. Cir. 2004) (affirming JMOL of non-infringement). Where "the record is critically deficient of the minimum quantum of evidence in support of the verdict," judgment as a matter of law is appropriate. *Bullen*, 2004 WL 2106381, at*2 (*citing Johnson v. Campbell*, 332 F.3d 199, 204 (3d Cir. 2003).

Pursuant to Fed. R. Civ. P. 50(a), Defendants Chunghwa Picture Tubes, Ltd., Tatung Company, Tatung Company of America, and ViewSonic Corporation (collectively, "Defendants"), respectfully move for judgment as a matter of law at the close of Plaintiff LG. Phillips LCD Co. Ltd.'s ("LPL") case-in-chief that (1) Defendants do not literally infringe either claim 1 or claim 8 of the '002 patent, because LPL has not provided sufficient evidence to meet its burden of proof, and, therefore, no reasonable jury could find that CPT's manufacturing

processes meet the claim limitations of the '002 patent; (2) Defendants do not infringe either claim 1 or claim 8 of the '002 patent under the doctrine of equivalents, because LPL has not provided sufficient evidence to meet its burden of proof, and, therefore, no reasonable jury could find that CPT's manufacturing processes equivalently meet the claim limitations of the '002 patent; (3) none of the Defendants have induced the infringement of either claim 1 or claim 8 of the '002 patent, because LPL has not provided sufficient evidence to meet its burden of proof, and, therefore, no reasonable jury could find that any of the Defendants have induced infringement of the '002 patent; (4) the Defendants have not willfully infringed either claim 1 or claim 8 of the '002 patent, because LPL has not provided sufficient evidence to meet its burden of proof, and, therefore, no reasonable jury could find that any of the Defendants willfully infringed a claim of the '002 patent; (5) LPL is not entitled to any damages, because LPL's evidentiary showing to establish damages, including its damages expert report, does not meet with the required legal standards for the reasons set forth in Defendants' Motion To Exclude Expert Opinion Offered By LPL's Report Of Cobb & Associates, Ltd. (D.I. 306), incorporated herein by reference, and otherwise; (6) in any event, LPL is not entitled to any damages prior to the filing of the lawsuit, because LPL has admitted it did not mark its products and has provided no evidence that it affirmatively provided CPT with actual notice of alleged infringement of the '002 patent, for the reasons explained in Defendants' Motion for Partial Summary Judgment On Damages Under 35 U.S.C. § 287 (D.I. 219), incorporated by reference herein, and otherwise; (7) LPL is not entitled to a date of invention prior to the filing date of the patent, because LPL has not provided any corroborated evidence that the inventions claimed in either Claim 1 or Claim 8 were conceived prior to the filing date, as explained in Defendants' Motion in *Limine* No. 9 (D.I. 289), incorporated by reference herein, and otherwise; and (8) LPL is not entitled to an

injunction, because LPL has failed to provide any evidence that Defendants' alleged infringement has caused irreparable harm.

Pursuant to the Court's statements on July 7, 2006, at the final pre-trial conference, Defendants will fully brief these issues if necessary after the trial and in accordance with a briefing schedule set by the Court. *See* Ex. A, Pre-Trial Transcript, July 7, 2006, at pp. 39-40.

OF COUNSEL:
Teresa M. Corbin
Glenn W. Rhodes
Howrey LLP
525 Market Street, Suite 3600
San Francisco, California 94105
(415) 848-4900

Julie S. Gabler
Howrey LLP
550 South Hope Street, Suite 1100
Los Angeles, California 90071
(213) 892-1800

Dated: July 21, 2006

Robert W. Whetzel (#2288)
whetzel@rlf.com
Steven J. Fineman (#4025)
fineman@rlf.com
Matthew W. King (#4566)
king@rlf.com
Richards, Layton & Finger
One Rodney Square, P.O. Box 551
Wilmington, DE 19899
(302) 651-7700
Attorneys for Defendants/Counterclaimants Tatung Company, Tatung Company of America, Chunghwa Picture Tubes, Ltd, and Viewsonic Corporation

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 21, 2006, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, which will send notification of such filing to, and also hand delivered same to:

> Richard D. Kirk, Esquire
> The Bayard Firm
> 222 Delaware Avenue, Suite 900
> Wilmington, DE 19899

I HEREBY CERTIFY that on July 21, 2006, I caused the foregoing document to be hand delivered to the following non-registered participants:

> Gaspare J. Bono, Esquire
> McKenna Long & Aldrige LLP
> 1900 K Street, NW
> Washington, DC 20006

/s/ Steven J. Fineman
Steven J. Fineman (#4025)
fineman@rlf.com
Richards, Layton & Finger
One Rodney Square
PO Box 551
Wilmington, DE 19899

RLF1-3030396-1