# THE BAYARD FIRM
A T T O R N E Y S

222 DELAWARE AVENUE, SUITE 900
P.O. BOX 25130
WILMINGTON, DE 19899
ZIP CODE FOR DELIVERIES: 19801

MERITAS LAW FIRMS WORLDWIDE

www.bayardfirm.com
302-655-5000
(FAX) 302-658-6395
WRITER'S DIRECT ACCESS

(302) 429-4208
rkirk@bayardfirm.com

ELECTRONICALLY FILED

July 24, 2006

The Honorable Joseph J. Farnan, Jr.
United States District Court
844 North King Street
Wilmington, DE 19801

   RE: *LG.Philips LCD Co., Ltd. v. Tatung Company of Amercia, et al.*
      C.A. No. 05-292-JJF

Dear Judge Farnan:

  On behalf of Plaintiff LG.Philips LCD Co., Ltd., ("LPL"), I write to propose a curative jury instruction in response to Defendants' improper reference at trial during Belle Chang's testimony on July 21.

  Regarding the California actions, Ms. Chang testified that "that case has a total of six patents with regard to four patents, because in 2002, when LPL filed the lawsuit, and four of them were ruled invalid and unenforceable. So in 2005, by September, the judge in the California Court ruled against the lawsuit of these four patents." This testimony unfairly prejudiced LPL by confusing the jury. LPL specifically worked to avoid this very problem as soon as it learned that CPT intended to raise the California litigation and patents in this trial. The Court granted LPL's *motion in limine*. On Monday, July 17, the Court subsequently ruled that Defendants may advise the jury "that there is litigation in California and that the parties had an ongoing dispute from 2002 through the present, and that the California matter is not resolved," for the narrow and limited purpose of explaining references to other patents in certain correspondence between LPL and CPT. (Trial Tr. July 17, 2006 at 19.)

  Despite this history of warnings and rulings, the Defendants have prejudiced LPL by eliciting false testimony that patents in California were deemed invalid. In reality, LPL has refiled its patent claims as permitted by that Court and LPL's claims are awaiting trial. LPL respectfully requests that the Court give the enclosed curative instruction to the jury to ensure that the jury does not improperly consider the merits of the California case when deciding the merits of this case.

630700v1

THE BAYARD FIRM

The Honorable Joseph J. Farnan, Jr.
July 24, 2006
Page 2

Further, the Defendants' exhibit list contains at least 11 exhibits that Defendants may intend to use that would improperly inject collateral patents and litigation into this case. In order to prevent any prejudice to LPL's case by Defendants' improper reference to other patents and collateral proceedings, LPL asks that this Court preclude Defendants from introducing the following exhibits into evidence. Without prejudice to its right to challenge other of Defendants' proposed trial exhibits, LPL objects to Defendants' proposed trial exhibits numbered 14 through 16, 32 through 35, 51 through 52, and 88. All of these exhibits reference collateral litigation concerning patents or claims that are not currently in suit. The Court has previously ruled that such exhibits will not be admitted. (D.I. 368.) Defendants should not be permitted to violate the Court's prior ruling on this issue.

The exhibits listed above fall into three categories. The first group relates to the '121 Patent and claims of the '002 Patent that are no longer in suit. It includes the following documents:

| | |
|---|---|
| ·DTX 086 | Complaint for Patent Infringement dated May 13, 2005 (C.A. 05-292); |
| ·DTX 051 | Letter dated July 14, 2006 from R. Kirk to the Honorable Joseph J. Farnan, Jr. regarding LPL's covenant not to sue for violation of certain claims of the '002 Patent; and |
| ·DTX 052 | a duplicate of DTX 051. |

In its July 13, 2006 Order, the Court granted LPL's *motion in limine* to bar Defendants from referring the '121 Patent as improper and prejudicial, inasmuch as the '121 Patent claims have been properly withdrawn. The same rationale applies for claims of the '002 Patent that have been withdrawn. LPL disputes Defendants' contentions regarding infringement and validity of these '002 claims, but withdrew them to facilitate and streamline presentation of this case. Allowing Defendants to present these previously asserted claims to the jury would be as irrelevant and prejudicial as allowing them to reference the withdrawn '121 Patent. Neither the '121 Patent nor the unasserted claims of the '002 Patent are a part of this trial. Defendants should not be permitted to suggest that the claims of the '002 Patent that are at issue lack merit simply because LPL has withdrawn other distinct claims.

LPL also objects to all exhibits relating to litigation involving third party NEC, including correspondence regarding LPL's engagement of Scott Holmberg, the inventor of the '002 Patent, in connection with that matter. Defendants' proposed exhibits that relate to the NEC litigation include:

| | |
|---|---|
| ·DTX 014 | Letter dated August 21, 1998 from Song Jung of Loeb & Loeb to S. Holmberg; |

THE BAYARD FIRM

The Honorable Joseph J. Farnan, Jr.
July 24, 2006
Page 3

 ·DTX 015  Letter dated August 21, 1998 from Song Jung of Loeb & Loeb to S. Holmberg; and

 ·DTX 016  Letter from Song Jung of Loeb & Loeb to S. Holmberg.

LPL's motion in limine explained that documents related to the NEC litigation – which concluded five years ago, in 2001 – is irrelevant, would confuse the jury, and would prejudice LPL. The Court's July 13 Order granted LPL's motion Defendants are thus prohibited from introducing such evidence at trial.

 A third category of objectionable proposed exhibits includes an order from and a series of Terminal Disclaimers relating to the patents at suit in the California actions. LPL objects to the following exhibits:

 ·DTX 020  (C.A. No. 02-6775) Amended Order re: Chunghwa Picture Tubes, Ltd.'s Motion for Summary Judgment to Dismiss Side-Mount Patent Infringement Claims for Lack of Standing;

 ·DTX 032  Serial No. 09/145,357 Terminal Disclaimer;

 ·DTX 033  Serial No. 09/178,711 Terminal Disclaimer;

 ·DTX 034  Serial No. 09/178,832 Terminal Disclaimer;

 ·DTX 035  Serial No. 09/326,540 Terminal Disclaimer;

LPL's *motion in limine* explained that documents related to the California litigation should be excluded for the same reason that the Court has excluded documents from the NEC litigation. The patents at issue in those cases are not at issue in this litigation. They are presently in dispute, and the parties are awaiting trial. Evidence relating to the California litigation is extraneous to this action and risks confusing the jury. The Court granted LPL's *motion in limine* and should therefore prohibit these exhibits or other related evidence at trial.

         Respectfully submitted,

         Richard D. Kirk (#0922)

:rdk
cc: Clerk of the Court
   All counsel as shown on attached certificate

630700v1

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on July 24, 2006, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Robert W. Whetzel, Esq.
Matthew W. King, Esq.
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

The undersigned counsel further certifies that copies of the foregoing document were sent on July 24, 2006 by email and by hand to the above counsel and by email and first class mail to the following non-registered participants:

| | |
|---|---|
| Christine A. Dudzik, Esq.<br>Thomas W. Jenkins, Esq.<br>Howrey LLP<br>321 North Clark Street<br>Suite 3400<br>Chicago, IL  60610 | Teresa M. Corbin, Esq.<br>Glenn W. Rhodes, Esq.<br>Julie Gabler, Esq.<br>Howrey LLP<br>525 Market Street<br>Suite 3600<br>San Francisco, CA  94105 |

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk

602380v1