# EXHIBIT A

# HOWREY LLP

550 South Hope St.
Suite 1100
Los Angeles, CA 90071
T 213.892.1800
F 213.892.2300
www.howrey.com

July 23, 2006

Direct Dial 213.892.1854

VIA EMAIL

Adrian P.J. Mollo, Esq.
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006

Re:   *LG. Philips LCD Co., Ltd. v. Tatung Company et al.*
      Civil Action No. 05-292 (JJF)

Dear Mr. Mollo:

On Monday, July 24, defendants plan to play at trial during their case in chief a video excerpt of the June 15 and 29, 2006 deposition of Mr. Holmberg, who is the inventor of the '002 patent and also LPL's paid consultant in this litigation.

### 1. Defendants Object to LPL's Request to Play Video Excerpt of Holmberg Deposition Page 257, Lines 3-5 during Defendants' Case in Chief.

LPL requests that defendants play page 257, lines 3-5 of the Holmberg deposition at the same time that defendants play other excerpts of the Holmberg deposition during defendants' case in chief under Rule of Evidence 106. Defendants consent to all excerpts of Mr. Holmberg's deposition that LPL has requested that we play during defendants' case in chief with the exception of one excerpt: Defendants object to playing Holmberg page 257, lines 3-5. LPL claims that page 257, lines 3-5 is needed to permit the jury to understand defendants' designation of page 256:5-257:2 of the Holmberg deposition. (*A copy of Mr. Mollo's July 20, 11:14 p.m. email with attachment is Exhibit A to this letter.*) This is incorrect and defendants object for two reasons.

First, this is unwarranted under Rule 106 to make a complete record. The Holmberg testimony that defendants will show the jury relates to Mr. Holmberg's claim that he achieved a certain manufacturing yield on a product. LPL is offering to add testimony in which he was asked what period of time this occurred and he gave a non-responsive answer that he was using both inner and outer guard rings at the time that appear on page 257, lines 3-5. It is not needed to understand the testimony that CPT designated and therefore improper and is irrelevant and not subject to inclusion under FRE 106. LPL already had its turn and played excerpts of the Holmberg deposition during LPL's case in chief — plaintiff could have played this clip during its own case if it wanted to do so. It didn't and shouldn't try to play this excerpt now as part of defendants' case in chief.

Mollo
July 23, 2006
Page 2

Second, LPL is requesting to show this excerpt of Mr. Holmberg's deposition — page 257, lines 3-5 — in which he states that he had both an inner and outer guard ring on his array in first quarter of 1998 and LPL will later argue that this excerpt corroborates Mr. Holmberg's alleged date of invention prior to the patent application filing date. CPT objects to this because it is uncorroborated testimony of the inventor of the patent in suit that LPL will argue proves the date that he conceived of the invention. This is legally immaterial absent independent corroborating evidence; LPL cannot prove the date of invention absent independent corroborating evidence. But, there is no independent corroborating evidence beyond the inventor's testimony, all of which CPT has objected to admission into evidence. This is highly prejudicial evidence and it would be reversible error for the Court to permit the jury to consider this uncorroborated inventor testimony of the date of his alleged invention. *See Medichem v. Rolabo*, 437 F.3d 1157 (Fed. Cir. 2006).

### 2. Defendants' Response to LPL's Objections to Excerpts of Holmberg.

LPL has lodged evidentiary objections to excerpts of the Holmberg deposition transcript that defendants plan to play for the jury. (*A copy of Mr. Mollo's July 20, 11:14 p.m. email with attachment, which is Exhibit A to this letter, lists LPL's objections.*) We have attached defendants' list of responses to plaintiff's evidentiary objections as Exhibit B to this letter.

\*   \*   \*   \*   \*   \*

Please advise us of your earliest convenience if you plan to stand on any of these objections and present them to Judge Farnan in court on Monday morning. We look forward to hearing from you.

Sincerely,

William Seldeen

# Exhibit A

## Doi, Elsa

**From:** Doi, Elsa
**Sent:** Thursday, July 20, 2006 11:21 PM
**To:** .CPT-DELAWARE
**Subject:** FW: CPT (DE): Holmberg counter-designations

**Importance:** High

**Attachments:** Revised Plaintiff's Counter-designations for Holmberg.pdf



Revised Plaintiff's
Counter-de...

-----Original Message-----
From: Mollo, Adrian [mailto:amollo@mckennalong.com]
Sent: Thursday, July 20, 2006 11:14 PM
To: Yovits, Steven
Cc: Doi, Elsa; Fan, Heather
Subject: RE: CPT (DE): Holmberg counter-designations

D <<Revised Plaintiff's Counter-designations for Holmberg.pdf>> ear
Steve:

Earlier I sent you an incorrect set of our counter designations for Mr.
Holmberg.  I apologize for any inconvenience, and attached please find the final
designations.  This set of designations actually has several fewer designations.  Please
make sure to use only the designations in this corrected file, and please delete the
previous set of counter-designations, so as to avoid any inadvertent error.

Regards,
Adrian

Adrian Mollo, Esq.
McKenna Long & Aldridge LLP
(202) 496-7441
amollo@mckennalong.com


-----Original Message-----
From: Mollo, Adrian
Sent: Thursday, July 20, 2006 9:14 PM
To: Yovits, Steven
Cc: Doi, Elsa; 'Fan, Heather'
Subject: CPT (DE): Holmberg counter-designations

Dear Steve:

Attached please find LPL's counter-designations for Mr. Holmberg.

Regards,
Adrian

Adrian Mollo, Esq.
McKenna Long & Aldridge LLP
(202) 496-7441
amollo@mckennalong.com


CONFIDENTIALITY NOTICE:

1

This e-mail and any attachments contain information from the law firm of McKenna Long & Aldridge LLP, and are intended solely for the use of the named recipient or recipients. This e-mail may contain privileged attorney/client communications or work product. Any dissemination of this e-mail by anyone other than an intended recipient is strictly prohibited. If you are not a named recipient, you are prohibited from any further viewing of the e-mail or any attachments or from making any use of the e-mail or attachments. If you believe you have received this e-mail in error, notify the sender immediately and permanently delete the e-mail, any attachments, and all copies thereof from any drives or storage media and destroy any printouts of the e-mail or attachments.

## REVISED PLAINTIFF'S COUNTER-DESIGNATIONS & OBJECTIONS

**DEPONENT'S NAME: SCOTT HOLMBERG**

| DEFENDANTS' DESIGNATIONS (S. HOLMBERG) | PLAINTIFF'S COUNTER-DESIGNATIONS | OBJECTIONS |
|---|---|---|
| 5:1-5:12 | | |
| 7:6-7:7 | | |
| 8:12-8:19 | | |
| 10:7-11:9 | | FRE 401<br>FRE 403 |
| 11:16-11:19 | | FRE 401<br>FRE 403 |
| 24:10-24:12 | | |
| 24:18-24:23 | | |
| 24:25-25:10 | | |
| 32:21-33:10 | 31:2-32:8 | |
| 33:12-33:24 | | |
| 34:1-34:7 | | |
| 39:23-39:25 | | |
| 40:2-42:1 | | |
| 44:25-46:5 | | |
| 46:12-46:16 | | |
| 55:1-55:11 | | |
| 64:14-64:22 | | FRE 401<br>FRE 403 |
| 19 70:24-71:8 | | |
| 69:23-71:3 | | As to 70:25-71:3 and 71:6-71:8, FRE 701 |
| 71:6-71:8 | | FRE 701 |
| 72:2-72:10 | | FRE 403 |
| 72:18-72:23 | | |
| 72:25-73:4 | | |
| 81:9-81:16 | | |
| 81:19-81:24 | | |
| 82:1-83:10 | | |
| 83:14 (Answer only) | | |
| 98:6-100:2 | 97:20-22; 98:4 | |
| 100:10-14 | | |
| 100:16-101:14 | | |
| 101:23-25 | | |
| 104:4-11 | | |

| | | |
|---|---|---|
| 111:21-114:1 | | |
| 112:4-112:18 | | |
| 112:20-113:14 | | |
| 113:17-113:19 | | |
| 113:21-114:1 | 114:4-115:5 | |
| 115:7-115:22 | | |
| 115:24-115:25 | | |
| 116:4-116:17 | | |
| 116:22-117:22 | | |
| 118:1-118:5 | | |
| 118:11-119:8 | | |
| 119:11-119:16 | | |
| 120:1-120:11 | | |
| 120:14-120:14 | | |
| 120:17-120:24 | | |
| 121:2-121:8 | | |
| 121:11-121:12 | | |
| 121:14-121:14 | | |
| 121:16-121:23 | | |
| 121:25-122:2 | | |
| 123:2-123:10 | | |
| 123:13-124:9 | | |
| 129:21-130:11 | | |
| 130:13-130:24 | | |
| 131:2-133:5 | | |
| 131:8-133:24 | | |
| 134:1-134:18 | | |
| 166:7-21 | 165:6-166:6 | |
| 166:24-167:2 | | |
| 172:10-172:13 | | |
| 172:15-173:14 | | |
| 173:15:173:15 | | |
| 173:18-175-5 | | |
| 174:7-174:11 | | |
| 174:19-175:4 | | |
| 175:6-175:9 | | |
| 175:11-175:11 | | |
| 175:16-175:19 | | |
| 177:25-178:3 | | |
| 178:5-178:19 | | |
| 178:23-179:9 | | FRE 401<br>FRE 403 |
| 179:20-180:9 | | FRE 401<br>FRE 403 |
| 181:14-20 | | FRE 401 |

|  |  | FRE 403 |
|---|---|---|
| 182:1-3 |  | FRE 401<br>FRE 403 |
| 183:23-25 |  | FRE 401<br>FRE 403 |
| 184:19-185:13 |  | FRE 401<br>FRE 403 |
| 185:25-186:5 |  | FRE 401<br>FRE 403 |
| 189:20-190:1 |  | FRE 401<br>FRE 403 |
| 190:13-190:18 |  | FRE 401<br>FRE 403 |
| 190:24-191:8 |  | FRE 401<br>FRE 403 |
| 193:9-19 |  | FRE 401<br>FRE 403 |
| 194:1-4 |  | FRE 401<br>FRE 403 |
| 194:9-25 |  | FRE 401<br>FRE 403 |
| 196:6-10 |  | FRE 401<br>FRE 403 |
| 198:1-3 |  | FRE 401<br>FRE 403 |
| 199:20-201:3 |  |  |
| 201:16-201:20 |  |  |
| 201:25-202:2 |  |  |
| 202:7-202:9 |  |  |
| 202:12-210:12 |  |  |
| 228:21-229:1 |  |  |
| 238:7-13 |  |  |
| 239:12-20 |  |  |
| 240:1-3 |  |  |
| 248:8-17 |  |  |
| 252:21-253:2 |  |  |
| 256:5-257:2 | 257:3-5 |  |
| 272:9-17 |  |  |
| 280:10-13 |  |  |
| 282:11-283:16 |  | As to 283:10-16,<br>FRE 401<br>FRE 403 |
| 288:9-291:9 |  | FRE 401<br>FRE 403 |
| 302:22-303:10 | 301:23-302:15 |  |

| | | |
|---|---|---|
| 330:11-331:19 | | FRE 401<br>FRE 403 |
| 339:6-23 | | FRE 401<br>FRE 403 |
| 353:18-354:3 | | |
| 355:10-355:13 | | |
| 357:11-357:22 | | |
| 358:6-361:6 | | |

# Exhibit B

# CPT's Response To LPL's Objections To Holmberg Designations

| Defendants Have Designated The Following Deposition Excerpt of Holmberg Deposition | LPL's Evidentiary Objection | Defendants' Response to LPL's Evidentiary Objection |
|---|---|---|
| 10:7-11:9 | FRE 401, 403 | **Improper objection**<br>Evidence of Holmberg meetings with McKenna firm is relevant to showing credibility and bias of witness. The inventor is a paid consultant for LPL in this case. Jury needs to know this. This excerpt is intended to show that Mr. Holmberg, who is a fact witness (not an expert) was being $350 per hour by LPL for his deposition preparation and deposition time. Goes to his credibility and motive. Shows each hour he had 350 reasons to sway his testimony in LPL's favor. |
| 11:16-11:19 | FRE 401, 403 | **Improper objection**<br>Evidence of Holmberg meetings with McKenna firm is relevant to showing credibility and bias of witness. The inventor is a paid consultant for LPL in this case. Jury needs to know this. This excerpt is intended to show that Mr. Holmberg, who is a fact witness (not an expert) was being $350 per hour by LPL for his deposition preparation and deposition time. Goes to his credibility and motive. Shows each hour he had 350 reasons to sway his testimony in LPL's favor. |
| 64:14-22 | FRE 401, 403 | **Improper objection**<br>Evidence of Holmberg meetings with McKenna firm is relevant to showing credibility and bias of witness. The inventor is a paid consultant for LPL in this case. Jury needs to know this. This excerpt is intended to show that Mr. Holmberg, who is a fact witness (not an expert) was being $350 per hour by LPL for his deposition preparation and deposition time. Goes to his credibility and motive. Shows each hour he had 350 reasons to sway his testimony in LPL's favor. |

| Defendants Have Designated The Following Deposition Excerpt of Holmberg Deposition | LPL's Evidentiary Objection | Defendants' Response to LPL's Evidentiary Objection |
|---|---|---|
| 69:23-71:3<br>71:6-71:8 | FRE 701<br>(as to 70:25-71:3, 71:6-71:8) | **Improper objection**<br>Holmberg is the inventor of the '002 patent and also consultant to LPL is qualified to offer such opinions. LPL objects to the following designation from the deposition of Scott Holmberg on the ground that it is opinion testimony by a lay witness, in violation of Federal Rule of Evidence 701:<br><br>Q: *Do you believe* that it would be obvious to one of ordinary skill in 1988 who wanted to eliminate all EST problems to short all the gate lines and all the source lines together?<br><br>A. *I would say maybe* -- you know, that could be an assumption that was made, that shorting everything out would, you know, improve the problem.<br><br>[Holmberg Tr. 70:25-71:3; 71:6-71:9].<br><br>1) Waiver. LPL counsel represented Holmberg at that deposition. Failed to make an objection at deposition that this calls for an expert opinion. LPL objected at deposition that this calls for "legal conclusion" and to form, no objection made that this calls for expert opinion.<br>2) Inventor was testifying about what was <u>known</u> and not known in the field at the time of his invention. These are facts. This testimony is highly relevant to issue of whether the '002 invention was patentable at the time.<br>3) The question does not call for an expert opinion and the answer does not give one and defendants are not offering it into evidence as an expert opinion. FRE 701 is inapplicable entirely. Question asks for inventor's knowledge and belief: "Do you believe that it would be obvious to one of ordinary skill in 1988 who wanted to eliminate all EST problems to short all the gate lines and all the source lines together?"<br>4) LPL can make no showing of prejudice.<br>This response is continued in next box below: |

DM-8369061

2

| Defendants Have Designated The Following Deposition Excerpt of Holmberg Deposition | LPL's Evidentiary Objection | Defendants' Response to LPL's Evidentiary Objection |
|---|---|---|
| | | In addition, defendants answer LPL's objection by arguing that, as the inventor of the '002 technology, Mr. Holmberg has "sufficient and relevant specialized knowledge [and] experience" to offer his opinion. *Wilburn v. Maritrans GP, Inc.*, 139 F.3d 350, 356 (3d Cir. 1998) (citation omitted).<br><br>The Federal Circuit applies its own law with respect to issues of substantive patent law, and certain unique procedural issues, but applies the law of the circuit in which the district court sits for non-patent issues. *Union Pac. Resources Co. v. Chesapeake Energy Corp.*, 236 F.3d 684, 693 (Fed. Cir. 2001) (applying Fifth Circuit standard that allows lay witnesses to express opinions that require specialized knowledge.) The Federal Circuit will, therefore, apply the law of the Third Circuit to this evidentiary issue.<br><br>The Third Circuit has adopted a "liberal construction" of Rule 701. *Wilburn*, 139 F.3d at 356. "The *essential difference* between [Rule 701 and Rule 702 testimony] . . . is that a *qualified expert may answer hypothetical questions.*" *Id.* (quoting *Teen-Ed, Inc. v. Kimball Int'l, Inc.*, 620 F.2d 399, 404 (3d Cir. 1980)) (emphasis added). A lay witness can offer an opinion similar to an expert witness, "so long as the trial judge determines that the witness possesses sufficient and relevant specialized knowledge or experience to offer the opinion." *Id.* (quoting *Asplundh Mfg. Div. v. Benton Harbor Eng'g.*, 57 F.3d 1190, 1190 (3d Cir. 1995).<br><br>While there do not appear to be any Third Circuit cases applying Rule 701 to an inventor's testimony, the Seventh Circuit also allows a lay witness to offer specialized knowledge. *Braun Corp. v. Maxon Lift Corp.*, 282 F.Supp.2d 931, 933-34 (N.D. Ill. 2003). **In *Braun Corp.*, an inventor offered an opinion regarding his invention in support of plaintiff's motion for summary judgment. Defendants moved to strike to the inventor's opinion as improper under Rule 701 and the district court denied the motion.** "In its most basic form, Rule 701 allows lay opinion testimony that is based on the witnesses' personal perception." *Id.* at 933. In *Braun*, the inventor's extensive personal knowledge in the wheelchair lift field gave him specialized knowledge to support his testimony about his patented invention and defendant's product and how it works. *Id.* at 933-34. In addition, the inventor was involved in his field for sixteen years and was an inventor of the patent-in-suit. *Id* at 934. Similarly, here, Mr. Holmberg has extensive personal knowledge in the ESD field that gives him specialized knowledge to support his testimony about the '002 patent. For this reason, the Court should overrule LPL's objection. |

DM-8369061

3

| Defendants Have Designated The Following Deposition Excerpt of Holmberg Deposition | LPL's Evidentiary Objection | Defendants' Response to LPL's Evidentiary Objection |
|---|---|---|
| 72:2-72:10 | FRE 403 | **Improper objection** <br> The citation is relevant to obviousness. |
| 178:23-179:9 <br> 179:20-180:9 <br> 181:14-20 <br> 182:1-3 <br> 183:23-25 <br> 184:19-185:13 <br> 185:25-186:5 <br> 189:20-190:1 | FRE 401, 403 | **Improper objection** <br> Evidence of Holmberg consulting for LPL and its counsel is relevant to showing credibility and bias of witness. The inventor is a paid consultant for LPL in this case. Jury needs to know this. This excerpt is intended to show that Mr. Holmberg, who is a fact witness (not an expert) was being $350 per hour by LPL for his deposition preparation and deposition time. Goes to his credibility and motive. |
| 193:9-19 <br> 194:1-4 <br> 194:9-25 <br> 196:6-10 <br> 198:1-3 | FRE 401, 403 | **Improper objection** <br> Evidence of payments from McKenna firm is relevant to showing credibility and bias of witness. |
| 282:11-283:16 | FRE 401, 402 (as to 283:10-16) | **Improper objection** <br> Holmberg's company Alphasil's business failure relevant to show invention was not commercially successful – legally recognized factor for secondary considerations of non-obviousness of the '002 patent under 35 USC 103. Not unduly prejudicial. |
| 288:9-291:19 | FRE 401, 403 | **Improper objection** <br> Testimony shows that Holmberg either didn't care he infringed on his own patent, or didn't consider outer guard rings in a particular application to infringe. Tends to prove that inventor knew '002 patent was not enforceable. Relevant to damages to show Hyundai did not seek a license to '002 patent. |
| 330:11-331:19 | FRE 401, 403 | **Improper objection** <br> Evidence of payments from McKenna is relevant to showing credibility and bias of witness. |
| 339:6-23 | FRE 401, 403 | **Improper objection** <br> Evidence of payments from McKenna is relevant to showing credibility and bias of witness. |