# RICHARDS, LAYTON & FINGER

A PROFESSIONAL ASSOCIATION
ONE RODNEY SQUARE
920 NORTH KING STREET
WILMINGTON, DELAWARE 19801
(302) 651-7700
FAX (302) 651-7701
WWW.RLF.COM

ROBERT W. WHETZEL
DIRECTOR

DIRECT DIAL NUMBER
302-651-7634
WHETZEL@RLF.COM

July 26, 2006

**BY E-FILE AND HAND DELIVERY**
The Honorable Joseph J. Farnan, Jr.
United States District Court
District of Delaware
844 King Street
Wilmington, DE   19801

> Re:  *LG. Philips LCD Co., Ltd. v. Tatung Company et. al.,*
> C.A. No. 05-292 (JJF)

Dear Judge Farnan:

We write further to our letter of July 24, 2006 to respectfully request that the Court instruct the jury that it may take an adverse inference from LPL's failure to call certain employees (including Young Woo Cho, Joo Sup Kim and John Kim) to testify.

During trial on July 21, 2006, LPL elicited testimony from its damages expert, Arthur Cobb, that he relied upon discussions with John Kim and Jason Cho regarding manufacturing yield increases relating to the '002 patent. Trial Tr. at 1032-34. During cross examination, Mr. Cobb conceded that the only evidence cited in support of his June 2, 2006 expert report and his June 29, 2006 expert deposition on this issue was a single telephone call with Messers. Kim and Cho. Trial Tr. at 1133. Mr. Cobb then testified that, after he was deposed, he allegedly consulted with certain previously undisclosed engineers (J.J. Kim and Tsung I.L. Park). *Id.* at 1134-35; 1146-47.

Given that each of the above-described witnesses are within LPL's control, and were available to testify, Defendants would be severely prejudiced if the jury was not instructed that they are may draw an adverse inference from LPL's failure to call these witnesses. In this regard, Defendants have proposed the following jury instruction:

> If a party fails to call a person as a witness who has knowledge
> about the facts in issue, and who is reasonably available to the
> party, and who is not equally available to the other party, then you
> may infer that the testimony of that person is unfavorable to the
> party who could have called the witness and did not.

RLF1-3041122-2

The Honorable Joseph J. Farnan, Jr.
July 26, 2006
Page 2

3 Fed. Jury Prac. & Instr. § 104.25 (5th ed.). This type of jury instruction is common, and various formulations can be found in several different treatises. *See e.g.*, *Reid's Branson Instructions to Juries* § 70-71; *Modern Federal Jury Instructions* (*Civil*), Instruction 75-3.

It is well-settled in this Circuit that it is necessary and appropriate for the Court to give such a jury instruction. In *Cromling v. Pittsburgh & L.E.R. Co.*, 327 F.2d 142 (3d Cir. 1963) the Third Circuit considered the appropriateness of a jury instruction in the context of a party's failure to call a witness to testify. *Cromling*, 327 F.2d at 148. The lower court had given the following jury instruction:

> . . . that is, the failure to call a witness, and the rule is clear, but it is like many rules of law, the interpretation is for the jury. The rule is that counsel for one party or the other has argued to you that one of the other parties has failed to call a witness -- I think that he has talked about Dr. Gadd and inspectors and so on -- the rule of law is that where a party litigant without explanation fails to call witnesses who are available and who have knowledge of the material facts, the inference may be drawn or can be drawn that the testimony would be unfavorable if they were called. That is a rule that the jury may apply depending on what you find the facts to be in this case. If evidence which might properly be in the case is in the control of one party litigant or the other is not produced and he doesn't explain his failure to do so, the jury may draw an inference that it would have been unfavorable to said party. Whether or not either one of these rules should be applied depends on what you find the facts to be.

*Cromling,* 327 F.2d at 148. In holding that the above-referenced jury instruction was proper, the Court held that "[t]he weight to be given to the absence of a witness is primarily one for the jury to determine by a common sense appraisal. Conversely, the power of the court to disallow argument by counsel and to refuse a jury charge on what are essentially negative inferences should be strictly limited to those instances where the testimony is clearly cumulative." *Id.* at 149 (citation omitted). The Federal Circuit has also noted that in certain instances, like here where a party has failed to call a witness, an adverse inference is appropriate. *See Knorr-Bremse Systeme Fuer Nutzfahrzeuge GMBH v. Dana Corp.*, 383 F.3d 1337, 1345 (Fed. Cir. 2004).

The jury instruction that Defendants suggest does not require the jury to make an adverse inference, but instead, instructs the jury that it may draw such an inference. Through the testimony of Mr. Cobb, LPL has injected the credibility and reliability of the missing witnesses into the case. But for the liberal scope of F.R.E. 703, this testimony would be inadmissible hearsay; indeed, if it were in written form, the document itself would not be admissible. Under the circumstances, the jury should be instructed as to the proper treatment to be given such evidence.

The Honorable Joseph J. Farnan, Jr.
July 26, 2006
Page 3


     If Your Honor has any questions regarding this matter, undersigned counsel remain available at the Court's convenience.

                        Respectfully,

                        Robert W. Whetzel (#2288)

RWW/lll

cc:   Richard D. Kirk, Esquire (By Electronic Filing and Hand Delivery)
       Gaspare J. Bono, Esquire (By Electronic Mail and Hand Delivery)