## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

LG. PHILIPS LCD CO., LTD.,                    )
                                              )
                   Plaintiff,                 )        C.A. No. 05-292 (JJF)
                                              )
         v.                                   )        **DEMAND FOR JURY TRIAL**
                                              )
TATUNG COMPANY;                               )
TATUNG COMPANY OF AMERICA, INC.;              )
CHUNGHWA PICTURE TUBES, LTD.;                 )
AND VIEWSONIC CORPORATION,                    )
                                              )
                   Defendants.                )

## DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER
## OF LAW AT THE CLOSE OF ALL EVIDENCE

OF COUNSEL:

Teresa M. Corbin
Glenn W. Rhodes
Howrey LLP
525 Market Street, Suite 3600
San Francisco, California 94105
(415) 848-4900

Julie S. Gabler
Howrey LLP
550 South Hope Street, Suite 1100
Los Angeles, California 90071
(213) 892-1800


Dated: July 26, 2006

Robert W. Whetzel (#2288)
whetzel@rlf.com
Steven J. Fineman (#4025)
fineman@rlf.com
Matthew W. King (#4566)
king@rlf.com
Richards, Layton & Finger
One Rodney Square, P.O. Box 551
Wilmington, DE 19899
(302) 651-7700
Attorneys for Defendants/Counterclaimants
Tatung Company, Tatung Company of
America, Chunghwa Picture Tubes, Ltd, and
Viewsonic Corporation

# TABLE OF CONTENTS

ARGUMENT ...................................................................................................3

    A.    THERE IS NO BASIS TO FIND DEFENDANTS LIABLE FOR
        LITERAL INFRINGEMENT ...........................................................3

        1.    Legal Standard Of Proof For Literal Infringement .......................3

        2.    No CPT Process Meets Each Element Of The Asserted
              Claims ....................................................................................4

    B.    THERE IS NO BASIS TO FIND DEFENDANTS LIABLE FOR
        INFRINGEMENT UNDER THE DOCTRINE OF
        EQUIVALENTS ............................................................................7

        1.    Legal Standard Of Proof For Infringement Under the
              Doctrine of Equivalents ...........................................................7

        2.    No CPT Product Meets Each Element Of The Asserted
              Claims Under The Doctrine Of Equivalents ..................................8

    C.    THERE IS NO BASIS TO FIND DEFENDANTS LIABLE FOR
        INDUCEMENT TO INFRINGE ....................................................11

        1.    Legal Standard Of Proof For Inducement ..................................11

        2.    No Defendant Has Induced Infringement Of The '002
              Patent ..................................................................................12

    D.    THERE IS NO BASIS TO FIND DEFENDANTS LIABLE FOR
        WILLFUL INFRINGEMENT ........................................................12

        1.    Legal Standard Of Proof For Willful Infringement .....................12

        2.    LPL Has Offered No Evidence That Defendants Acted In
              Willful Disregard Of The '002 Patent ........................................13

    E.    THERE IS NO BASIS TO FIND THAT LPL'S DATE OF
        INVENTION IS PRIOR TO THE FILING DATE OF THE '002
        PATENT APPLICATION ..............................................................14

        1.    Legal Standard For Finding A Date Of Invention Prior To
              The Filing Date. ....................................................................14

i

2. LPL Has Not Offered Any Evidence That The '002 Patent's Date Of Invention Is Prior To Its Filing Date Of July 12, 1988 .................................................................................... 15

F. DEFENDANTS ARE ENTITLED TO JUDGMENT AS A MATTER OF LAW ON DAMAGES ................................................ 16

1. Defendants Are Entitled To Judgment As A Matter Of Law On Damages .......................................................................... 16

2. LPL Has Not Claimed Any Damages From Tatung Company, Tatung Company of America or Viewsonic Corporation ........................................................................... 19

3. LPL Is Not Entitled To Any Damages Prior To Filing This Lawsuit ................................................................................ 19

G. DEFENDANTS HAVE FAILED TO PRESENT LEGALLY SUFFICIENT EVIDENCE TO OBTAIN INJUNCTIVE RELIEF ...................... 21

1. Legal Standard ................................................................... 21

2. LPL Has Offered No Evidence To Support An Award Of Injunctive Relief ................................................................ 21

H. DEFENDANTS HAVE SHOWN BY CLEAR AND CONVINCING EVIDENCE THAT CLAIM 1 AND CLAIM 8 OF THE '002 PATENT ARE INVALID ................................................ 22

1. Legal Standards For Invalidity .......................................... 22

2. Claims 1 and 8 Of The '002 Patent Are Invalid ............... 24

CONCLUSION ............................................................................... 26

# TABLE OF AUTHORITIES

## CASES

*American Medical System, Inc., v. Medical Engineering Corp.,*
6 F.3d 1523 (Fed. Cir. 1993)..................................................................................16

*American Standard Inc. v. Pfizer Inc.,*
722 F. Supp. 86 (D. Del. 1989).............................................................................13

*Amsted Industrial Inc. v. Buckeye Steel Casings Co.,*
24 F.3d 178 (Fed. Cir. 1994).............................................................................11, 17

*Bayer AG v. Elan Pharm. Research Corp.,*
212 F.3d 1241 (Fed. Cir. 2000)...............................................................................2

*Bott v. Four Star Corp.,*
807 F.2d 1567 (Fed. Cir. 1986)..............................................................................11

*Bullen v. Chaffinch,* Civ. A.02-1315-JJF,
2004 WL 2106381 (D. Del. Sep. 17, 2004)..............................................................2

*Chimie v. PPG Industrial, Inc.,*
402 F.3d 1371 (Fed.Cir.2005)................................................................................19

*Chiron Corp. v. Genentech, Inc.,*
363 F.3d 1247 (Fed. Cir. 2004)..............................................................................20

*Cybiotronics, Ltd. v. Golden Source Electronics, Ltd.,*
130 F. Supp. 2d 1152 (C.D. Cal. 2001) ...................................................................3

*Datamize, LLC v. Plumtree Software, Inc.,*
417 F.3d 1342 (Fed. Cir. 2005)..............................................................................19

*Desper Products, Inc. v. Qsound Laboratoriess Inc.,*
157 F.3d 1325 (Fed. Cir. 1998)...............................................................................2

*Electro Medical System, S.A.,*
34 F.3d at 1056 ....................................................................................................11

*Freedman Seating Co. v. America Seating Co.,*
420 F.3d 1350 (Fed. Cir. 2005)................................................................................6

*Graver Tank & Manufacturing Co. v. Linde Air Products Co.,*
339 U.S. 605 (1950)................................................................................................6

*Honeywell International, Inc. v. International Trade Commission*,
    341 F.3d 1332 (Fed.Cir.2003)..................................................................................................19

*In re Hyatt*,
    708 F.2d 712 (Fed.Cir.1983)....................................................................................................20

*Jeneric/Pentron, Inc. v. Dillon Company, Inc.*,
    205 F.3d 1377 (Fed. Cir. 2000)..................................................................................................3

*Lindemann Maschienfabrik GmbH v. American Hoist & Derrick Co.*,
    895 F.2d 1403 (Fed. Cir. 1990)................................................................................................15

*Lockheed Martin Corp. v. Space Systems/Loral, Inc.*,
    324 F.3d 1308 (Fed. Cir. 2003)..................................................................................................6

*Medichem, S.A. v. Rolabo, S.L.*,
    437 F.3d 1157 (Fed. Cir. 2006)................................................................................................13

*Novartis Pharm. V. Abbott Laboratoriess*,
    375 F.3d 1328 (Fed. Cir. 2004)..................................................................................................2

*Pall Corp. v. Micron Separations, Inc.*,
    66 F.3d 1211 (Fed. Cir. 1995)...........................................................................................11, 12

*Polaroid Corp. v. Eastman Kodak Co.*,
    641 F. Supp. 828 (D.Mass.1985).............................................................................................13

*Read Corp.*,
    970 F.2d at 826-28....................................................................................................................11

*Refac Electronics v. R.H. Macy & Co.*,
    9 U.S.P.Q. 2d 1497 (D.N.J. 1988)...........................................................................................13

*United Carbon Co. v. Binney & Smith Co.*,
    317 U.S. 228 (1942).................................................................................................................19

*University of Rochester v. G.D. Searle & Co., Inc.*,
    375 F.3d 1303 (Fed. Cir. 2004)................................................................................................20

*Upsher-Smith Laboratoriess, Inc. v. Pamlab, L.L.C.*,
    412 F.3d 1319 (Fed. Cir. 2005)................................................................................................19

*Vas-Cath, Inc. v. Mahurkar*,
    936 F.2d 1555 (Fed. Cir. 1991)................................................................................................20

*Warner-Jenkinson Co. v. Hilton Davis Chemical Co.*,
    520 U.S. 17 (1997)..............................................................................................................6

*Water Technologies Corp. v. Calco, Ltd.*,
    850 F.2d 660 (Fed. Cir. 1988)..........................................................................................10

*In re Wright*,
    999 F.2d 1557 (Fed.Cir.1993)..........................................................................................20

## STATUTES

35 U.S.C. § 102(a) ......................................................................................................19, 21

35 U.S.C. §103 ....................................................................................................................21

35 U.S.C. §112 ..............................................................................................1, 19, 20, 21

35 U.S.C. § 271(a) ........................................................................................................3, 10

35 U.S.C. § 271(b) ..............................................................................................................10

35 U.S.C. § 271(g) ..............................................................................................................10

35 U.S.C. § 287....................................................................................................................17

35 U.S.C.A. § 112................................................................................................................20

Fed. R. Civ. P. 50(a) ......................................................................................................1, 2

Pursuant to Fed. R. Civ. P. 50(a), Defendants Chunghwa Picture Tubes, Ltd., Tatung Company, Tatung Company of America, and ViewSonic Corporation (collectively, "Defendants"), respectfully move for judgment as a matter of law at the close of all evidence that Defendants do not (1) literally infringe, (2) infringe under the doctrine of equivalents, (3) induce infringement, or (4) willfully infringe, Claim 1 or claim 8 of the '002 patent.

Defendants seek judgment as a matter of law that Claims 1 and 8 of the '002 patent are anticipated, obvious, indefinite, not enabled, and are not entitled to a date of invention prior to the filing date of the patent. Defendants further seek a judgment as a matter of law that the '002 patent fails to provide an adequate written description under 35 U.S.C. §112. For these reasons, Defendants seek judgment as a matter of law that Claims 1 and 8 are invalid.

Defendants further seek judgment as a matter of law on the issue of damages, including (a) that LPL is not entitled to any damages because LPL's evidentiary showing to establish damages does not meet with the required legal standards; (b) that, in any event, LPL is not entitled to damages prior to the filing of the lawsuit, because LPL has admitted it did not mark its products and has provided no evidence that it affirmatively provided CPT with actual notice of alleged infringement of the '002 patent; and (c) that LPL has failed to present any claim for damages against Tatung Company, Tatung Company of America or Viewsonic Corporation.[1]

---

[1] Defendants will also seek judgment as a matter of law LPL is not entitled to an injunction, if there is a finding of infringement, because LPL has (1) failed to provide any evidence that Defendants' alleged infringement has caused irreparable harm; (2) that remedies available at law, such as monetary damages are inadequate to compensate for any injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted, or (4) that the public interest would not be disserved by a permanent injunction.

Under Fed. R. Civ. P. 50(a), judgment as a matter of law is appropriate if "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." *See, e.g., Bullen v. Chaffinch*, Civ. A.02-1315-JJF, 2004 WL 2106381, at *2 (D. Del. Sep. 17, 2004); *Novartis Pharm. V. Abbott Labs.*, 375 F.3d 1328, 1332 (Fed. Cir. 2004) (affirming JMOL of non-infringement). "Where the record is critically deficient of the minimum quantum of evidence in support of the verdict," judgment as a matter of law is appropriate. *Bullen*, 2004 WL 2106381, *2 (*citing Johnson v. Campbell*, 332 F.3d 199, 204 (3rd Cir. 2003).

## ARGUMENT

### A.    THERE IS NO BASIS TO FIND DEFENDANTS LIABLE FOR LITERAL INFRINGEMENT

#### 1.    Legal Standard Of Proof For Literal Infringement

In order to literally infringe a method claim, the accused process must literally meet each and every one of the claim limitations. *Desper Products, Inc. v. Qsound Labs Inc.*, 157 F.3d 1325 (Fed. Cir. 1998). "If any claim limitation is absent from the accused device, there is no infringement as a matter of law." *Bayer AG v. Elan Pharm. Research Corp.*, 212 F.3d 1241, 1247 (Fed. Cir. 2000), *cert denied*, 531 U.S. 933 (2000).

On July 13, 2006, this Court granted Defendants' motion for summary judgment of noninfringement under 35 U.S.C. § 271(a). (D.I. 320). As a result of this ruling, LPL is limited to relief from infringement it can prove under § 271(g), which provides no remedy against foreign manufacturers whose infringing acts do not occur within the United States. *Cybiotronics, Ltd. v. Golden Source Electronics, Ltd.*, 130 F. Supp. 2d 1152, 1175 (C.D. Cal. 2001).

LPL has asserted Claim 1, which is an independent claim, and Claim 8, which is dependent on Claim 1. One cannot infringe dependent claims that depend from an independent claim that is not infringed. *Jeneric/Pentron, Inc. v. Dillon Company, Inc.*, 205 F.3d 1377, 1384 (Fed. Cir. 2000). Therefore, if CPT's manufacturing processes do not infringe Claim 1, it does not infringe Claim 8 either.

### 2. No CPT Process Meets Each Element Of The Asserted Claims

LPL has failed to provide any evidence that any CPT manufacturing process meets all of the claim limitations of the asserted claims of the '002 patent (Claim 1 and Claim 8), as discussed in Dr. Webster Howard's trial testimony, incorporated herein by reference. LPL has failed to provide legally sufficient evidentiary basis for a reasonable jury to find literal infringement for at least the following reasons:

(1) LPL has failed to provide a legally sufficient evidentiary basis for a reasonable jury to find that any defendant committed an infringing act within the United States, or imported any product manufactured by the patented process into the United States.

(2) LPL has failed to provide a legally sufficient evidentiary basis for a reasonable jury to find that any CPT manufacturing process meets the requirement that "substantially all" row and column intersecting pixel activation lines be interconnected to one another as required by Claim 1. CPT does not connect either the lines or the columns to one another. To the contrary, as described in the trial testimony, in CPT's manufacturing processes, diodes are used to isolate the individual row and column lines from one another, thereby ensuring that none of the row or column lines are

interconnected to one another. Therefore, no reasonable jury could find that CPT's manufacturing processes meet the requirements of Claim 1.

(3)    LPL has failed to provide a legally sufficient evidentiary basis for a reasonable jury to find that, in its manufacturing processes, CPT uses a "conductor" to interconnect any row or column line to any other row or column line. This Court has construed Claim 1 to require that the "interconnecting" be accomplished using a "conductor" material. As described in the trial testimony, in CPT's manufacturing processes, a diode made of a *semiconductor* material is used to couple the gate and source lines individually (not collectively as required by Claim 1) to the outer guard ring. The semiconductor material allows the diode to isolate the individual gate and source lines from each other, which would not be possible if a conductor material were used instead. Therefore, no reasonable jury could find that the outer guard rings used in CPT's manufacturing processes use a "conductor" to "interconnect" any lines or columns to one another as required by Claim 1.

(4)    LPL has failed to provide a legally sufficient evidentiary basis for a reasonable jury to find that CPT's manufacturing processes meet the requirements of Claim 1. CPT's manufacturing processes do not couple an outer electrostatic discharge guard ring to interconnected row and column lines via a resistance as required by Claim 1. Rather, as explained in the trial testimony, in CPT's manufacturing processes, the gate and source lines are coupled individually (not collectively as required by Claim 1) to the outer guard ring via diode pairs. Therefore, no reasonable jury could find that CPT's manufacturing processes meet the requirements of Claim 1.

(5)    LPL has failed to provide evidence from which a reasonable jury could find that a diode is a "resistance" as that term is used in the patent and has been construed by this Court. This Court's June 13, 2006 Claim Construction Order construed the term "resistance" as "a circuit component that has a specified resistance to the flow of electric current and is used to minimize the current surge from an electrostatic discharge." LPL has not provided legally sufficient evidence to show that the diodes used in CPT's products have the requisite "specified resistance." To the contrary, as explained in the trial testimony, the resistance of a diode goes from an unspecified very low resistance to an unspecified very high resistance and changes resistance at a rate that can be measured in nanoseconds. The diodes, therefore, have an unspecified resistance, and no reasonable jury could conclude that the diodes used in CPT's manufacturing processes meet the "resistance" limitation as that limitation has been construed by this Court. Further, LPL has not provided legally sufficient evidence to show that the diodes used by CPT operate to "minimize the current surge from an electrostatic discharge." To the contrary, as further explained in the trial testimony, the diodes used by CPT have an unspecified but very low resistance during electrostatic discharge. This maximizes the current flow. Therefore, no reasonable jury could find that the diodes used by CPT in its manufacturing processes operate to "minimize the current surge from an electrostatic discharge" as required by the Court's construction of this claim.

(6)    LPL has failed to provide evidence from which a reasonable jury could find that CPT's process includes the two separate and sequential steps of "forming a plurality of row and column intersecting pixel activation lines, interconnecting substantially all of said row lines to one another and substantially all of said column lines

to one another" and "forming an outer electrostatic discharge guard ring on said substrate coupled to said interconnected row and column lines via a resistance to provide protection from electrostatic discharges between said row and column activation lines during manufacture of the displays." According to the patent, the step of forming the interconnects is to take place separately from and prior to the step of forming the outer electrostatic discharge ring. CPT's process has one step of forming an outer guard ring, but has no separate step of forming interconnects. Therefore, since a step is absent in the accused process, there can be no literal infringement. Further, even if there were arguably a step of forming interconnects there would be no literal infringement because the steps do not occur in the order that is required by the claim language. Therefore, no reasonable jury could find either that CPT performs each and every one of the steps required by Claim 1 of the '002 Patent or that each and every one of the steps is performed in the required sequence.

(7)    Because LPL has failed to present sufficient evidence to show literal infringement of Claim 1, as explained above, CPT cannot be found to infringe any claim that depends from Claim 1, including Claim 8.

## B.    THERE IS NO BASIS TO FIND DEFENDANTS LIABLE FOR INFRINGEMENT UNDER THE DOCTRINE OF EQUIVALENTS

### 1.    Legal Standard Of Proof For Infringement Under the Doctrine of Equivalents

Under the doctrine of equivalents, the plaintiff bears the burden to prove that a claim limitation not met literally is satisfied by an element of the accused product on the grounds that the differences between the two are "insubstantial" to one of ordinary skill in the art. *Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 40 (1997); *Graver Tank & Mfg. Co. v. Linde Air Prods Co.*, 339 U.S. 605, 608 (1950). The

insubstantial differences inquiry may be guided by determining whether the element in the accused device "performs substantially the same function in substantially the same way to obtain the same result" as the claim limitation. Id. at 39-40; *Lockheed Martin Corp. v. Space Systems/Loral, Inc.*, 324 F.3d 1308, 1321 (Fed. Cir. 2003). Each element contained in a patent claim is deemed material to defining the scope of the patented invention, and thus the doctrine of equivalents cannot be applied if doing so would vitiate an entire claim limitation. *Warner-Jenkinson Co.* at 29; *Freedman Seating Co. v. Am. Seating Co.*, 420 F.3d 1350, 1362 (Fed. Cir. 2005).

### 2. No CPT Product Meets Each Element Of The Asserted Claims Under The Doctrine Of Equivalents

LPL has failed to provide any evidence that the accused products meet all of the claim limitations of the asserted claims of the '002 patent (Claim 1 and Claim 8), under the doctrine of equivalents. LPL has failed to provide legally sufficient evidentiary basis for a reasonable jury to find infringement under the doctrine of equivalents for at least the following reasons:

(1) LPL has failed to provide a legally sufficient evidentiary basis for a reasonable jury to find that any part of CPT's manufacturing processes is substantially equivalent to the required step of interconnecting substantially all of the row and column lines to one another. The evidence put forth at trial conclusively demonstrates that CPT does not connect either the rows or the columns to each other. Rather, in CPT's manufacturing processes, diodes are used to isolate the individual row and column lines from each other, thereby ensuring that none of the row or column lines are interconnected to each other.

(2) LPL has failed to provide a legally sufficient evidentiary basis for a reasonable jury to find that CPT's manufacturing processes perform any function substantially equivalent to the testing function enabled by Claim 1, whereby all of the row and column lines can be tested individually rather than collectively. To the contrary, the evidence put forth at trial conclusively demonstrates that CPT uses a testing method that automatically tests each individual gate and source line, and that it is impossible to achieve Claim 1's collective testing function with CPT's individual line couplings, because the diodes between the lines block signal spread from line to line.

(3) LPL has failed to provide a legally sufficient evidentiary basis for a reasonable jury to find that CPT's manufacturing processes operate in substantially the same way or achieve substantially the same results as the patented process. The patented process allows testing of all of the row and column lines collectively rather than individually. The evidence put forth at trial conclusively demonstrates that CPT uses a testing method that automatically tests each individual gate and source line, and that it is impossible to achieve Claim 1's collective testing function with CPT's individual line couplings, because the diodes between the lines block signal spread from line to line.

(4) LPL has failed to provide a legally sufficient evidentiary basis for a reasonable jury to find that, in its manufacturing processes, CPT uses the equivalent of a "conductor" to interconnect any row or column line to any other row or column line. This Court has construed Claim 1 to require that the "interconnecting" be accomplished using a "conductor" material. As explained in the trial testimony, in CPT's manufacturing processes, a diode made of a semiconductor material is used to couple the gate and source lines individually (not collectively as required by Claim 1) to the outer

guard ring. No reasonable jury could find that the semiconductor material is the equivalent of a conductor material.

(5)    LPL has failed to provide evidence from which a reasonable jury could find any CPT manufacturing process uses the equivalent of a "resistance" as that term is used in the patent and has been construed by this Court. The diodes used in CPT's manufacturing process do not have the requisite "specified resistance." Therefore, no reasonable jury could find that those diodes are the equivalent of the "resistance" required by Claim 1. Further, LPL has not provided legally sufficient evidence to show that the diodes used by CPT operate to "minimize the current surge from an electrostatic discharge." Therefore, no reasonable jury could find that the diodes used by CPT in its manufacturing processes are the equivalent of the "resistance" required by Claim 1.

(6)    LPL has failed to provide evidence from which a reasonable jury could find that CPT's process includes the equivalent of the two separate and sequential steps of "forming a plurality of row and column intersecting pixel activation lines, interconnecting substantially all of said row lines to one another and substantially all of said column lines to one another" and "forming an outer electrostatic discharge guard ring on said substrate coupled to said interconnected row and column lines via a resistance to provide protection from electrostatic discharges between said row and column activation lines during manufacture of the displays". According to the patent, the step of forming the interconnects is to take place separately from and prior to the step of forming the outer electrostatic discharge ring. CPT's process has one step of forming an outer guard ring, but has no separate step of forming interconnects. The doctrine of equivalents cannot be used to eliminate the claimed step. Therefore, no reasonable jury could find

that CPT's manufacturing processes include steps that are equivalent to the steps required by Claim1 of the '002 patent.

(7)    LPL has failed to provide a legally sufficient evidentiary basis from which a reasonable jury could find infringement under the doctrine of equivalents because LPL's proposed expanded scope of Claim 1 would necessarily cover a prior art. Specifically, as described in the trial testimony, CPT's design is identical to the prior art technology taught by *Okawa* in that they both use bidirectional diodes to connect individual gate (or source) lines to the outer guard ring.  If "interconnecting" were construed to cover CPT's diode couplings to the other ring, as LPL proposes, it would not only contradict this Court's claim construction order, it would also impermissibly cover *Okawa's* diode couplings to the outer ring.

(8)    Because LPL has failed to present sufficient evidence to show infringement of Claim 1 under the doctrine of equivalents, as explained above, CPT cannot be found to infringe any claim that depends from Claim 1, including Claim 8, under the doctrine of equivalents.

## C.    THERE IS NO BASIS TO FIND DEFENDANTS LIABLE FOR INDUCEMENT TO INFRINGE

### 1.    Legal Standard Of Proof For Inducement

A person actively induces infringement in violation of 35 U.S.C. § 271(b) by actively and knowingly aiding and abetting another's direct infringement.  *See Water Technologies Corp. v. Calco, Ltd.*, 850 F.2d 660, 667 (Fed. Cir. 1988).  35 U.S.C. § 271(g) is not a form of direct infringement, and CPT is not aware of any court that has found a defendant liable for inducement where § 271(g) was used to meet the requirement of an underlying direct infringement.

On July 13, 2006, this Court granted Defendants' motion for summary judgment of noninfringement under 35 U.S.C. § 271(a).  (D.I. 320).  Under this ruling, LPL is limited to relief from infringement it can prove under Section 271(g).  Because Section 271(g) infringement is not direct infringement, the consequence of this ruling is that no Defendant can be held liable for inducement.

### 2.     No Defendant Has Induced Infringement Of The '002 Patent

LPL has failed to provide legally sufficient evidentiary basis for a reasonable jury to find that any Defendant induced infringement of the '002 patent for at least the following reasons:

(1)   On July 13, 2006, this Court granted Defendants' motion for summary judgment of noninfringement under 35 U.S.C. § 271(a).   Therefore, there is no legally sufficient evidentiary basis for a reasonable jury to find that there has been a direct infringement, as required to support a claim of inducement.

(2) Even if this Court were to rule that liability could arise for inducement of § 271(g) infringement, LPL has failed to present any legally sufficient evidentiary basis for a reasonable jury to find that any direct infringement under § 271(g) took place.

(3) Further, LPL has failed to present any legally sufficient evidentiary basis for a reasonable jury to find that any Defendant actively and knowingly aided and abetted another's direct infringement under § 271(b).

### D.     THERE IS NO BASIS TO FIND DEFENDANTS LIABLE FOR WILLFUL INFRINGEMENT

#### 1.     Legal Standard Of Proof For Willful Infringement

Willfulness must be established by clear and convincing evidence.  *Pall Corp. v. Micron Separations, Inc.*, 66 F.3d 1211, 1221 (Fed. Cir. 1995); *Electro Med. Sys., S.A.*,

34 F.3d at 1056; *Amsted Indus. Inc. v. Buckeye Steel Casings Co.*, 24 F.3d 178, 181 (Fed. Cir. 1994). In *Bott v. Four Star Corp.*, 807 F.2d 1567, 1572 (Fed. Cir. 1986), overruled on other grounds by *A.C. Aukerman Co. v. R.L. Chaides Const. Co.*, 960 F.2d 1020 (Fed. Cir. 1992)), the Federal Circuit discussed a few of the factors which may be considered in a willfulness determination, namely: (1) whether the infringer deliberately copied the ideas or design of another; (2) whether the infringer, with knowledge of the other's patent protection, investigated the scope of the patent and formed a good-faith belief that the patent was invalid or that it was not infringed; and (3) the infringer's behavior as a party to the litigation. *Read Corp.*, 970 F.2d at 826-28 (citing *Bott*, 807 F.2d at 1572). The above *Bott* factors are by no means exhaustive, and additional factors which may be considered are: (4) a defendant's size and financial condition; (5) the closeness of the case; (6) the duration of the defendant's misconduct; (7) remedial action by the defendant; (8) the defendant's motivation for harm; and (9) whether the defendant attempted to conceal its misconduct. *Read Corp.*, 970 F.2d at 826-28.

## 2. LPL Has Offered No Evidence That Defendants Acted In Willful Disregard Of The '002 Patent

LPL has failed to provide any evidence that any Defendant willfully infringed the asserted claims of the '002 patent. LPL has failed to provide legally sufficient evidentiary basis for a reasonable jury to find that any Defendant willfully infringed any claim of the '002 patent for at least the following reasons:

(1)    LPL did not provide actual notice of alleged infringement of the '002 patent to CPT until the filing of this lawsuit, as explained more fully in Defendants' Motion for Partial Summary Judgment On Damages Under 35 U.S.C. § 287 (D.I. 219), incorporated by reference herein.

(2)    Mr. Ho Lee's trial and deposition testimony further support the fact that LPL did not provide actual notice of infringement of the '002 patent to CPT prior to the filing of this lawsuit.

(3)    LPL has provided no evidence that Defendants Viewsonic Corp., Tatung Co., or Tatung Company of America, had notice of the '002 patent prior to the filing of this lawsuit.

(4)    LPL has not provided any evidence that any of the Defendants acted in disregard of the '002 patent with no reasonable basis to believe it had a right to do the acts in question. *Pall Corp.*, 66 F.3d at 1221.

(5)    LPL has not provided any evidence that CPT deliberately copied LPL's patented invention.    Rather, the evidence shows that CPT legally purchased its technology from ADI of Japan.

**E.    THERE IS NO BASIS TO FIND THAT LPL'S DATE OF INVENTION IS PRIOR TO THE FILING DATE OF THE '002 PATENT APPLICATION**

**1.    Legal Standard For Finding A Date Of Invention Prior To The Filing Date.**

Under the patent laws, the date of invention is generally the date that the patent application was filed. This is also referred to as a "constructive reduction to practice." In this case, that date is July 12, 1998. Ordinarily, art dated before the application filing date is prior art to the patent claims.

In order to receive an effective date earlier than the filing date of the '002 patent, LPL must prove "by clear and unequivocal evidence, that the invention was both conceived and reduced to practice before the application date." *American Standard Inc. v. Pfizer Inc.* 722 F.Supp. 86, 109 (D. Del. 1989); Polaroid *Corp. v. Eastman Kodak Co.*, 641 F.Supp. 828, 862 (D.Mass.1985), *aff'd*, 789 F.2d 1556 (Fed.Cir.1986).

In addition, the law requires corroboration of pre-filing date conception and diligence. *Id.* Uncorroborated testimony of an inventor is insufficient to establish a pre-filing date of invention. *Id. Medichem, S.A. v. Rolabo, S.L.*, 437 F.3d 1157, 1170-71 (Fed. Cir. 2006) (The requirement of independent knowledge remains key to the corroboration inquiry."); *Refac* Electronics *v. R.H. Macy & Co.*, 9 USPQ.2d 1497, 1502 (D.N.J. 1988), *aff'd*, 871 F.2d 1097 (Fed. Cir. 1989) (unpublished) (the patentee's assertion of a pre-filing date of invention "is not supported by any documentation or contemporaneous written materials which describe [the invention]"). The inventor's testimony as to date of invention must be sufficiently corroborated by documentation or contemporaneous written materials which describe the invention or the testimony of a disinterested person. *Medichem*, 437 F.3d at 1170-71; *American Standard*, 722 F.Supp. at 109.

### 2.    LPL Has Not Offered Any Evidence That The '002 Patent's Date Of Invention Is Prior To Its Filing Date Of July 12, 1988.

For the reasons set forth in Defendants' Motion in Limine (No. 9), incorporated herein by reference, and otherwise, LPL is not entitled to a date of invention prior to the patent filing date. LPL has failed to provide a legally sufficient evidentiary basis for a reasonable jury to find an earlier date of invention. The only testimony allegedly supporting an earlier date of conception comes from the inventor, Mr. Scott Holmberg. Mr. Holmberg's testimony does not establish a date that he conceived of the inventions claimed in Claims 1 or 8 of the '002 patent. Nor does the testimony of LPL's expert establish an earlier date of conception, if there is any such testimony that was permitted on this topic. In addition, Mr. Holmberg is the inventor and he is a paid consultant engaged by LPL in this action and is therefore, an interested party. Mr. Holmberg's

testimony is wholly uncorroborated by any independent testimony or contemporaneous written materials which describe the invention. Under such circumstances, no reasonable jury could find that LPL has shown, by clear and convincing evidence, that the invention claimed in the '002 patent was conceived prior to the filing date. Accordingly, Defendants respectfully move the Court for judgment as a matter of law that LPL is not entitled to a date of invention prior to the patent filing date.

F.    **DEFENDANTS ARE ENTITLED TO JUDGMENT AS A MATTER OF LAW ON DAMAGES**

1.    **Defendants Are Entitled To Judgment As A Matter Of Law On Damages**

For the reasons set forth in Defendants' Motion To Exclude Expert Opinion Offered By LPL's Report Of Cobb & Associates, Ltd., The Non-Obviousness Opinion Offered In The Expert Report Of Dr. Elliott Schlam Regarding Validity Of U.S. Patent No. 5,019,002, And Any Proffered Subsequent Testimony (D.I. 306), incorporated herein by reference, LPL's damages presentation does not provide any evidentiary basis for a reasonable jury to award any damages against CPT, ViewSonic, Tatung, or Tatung USA. Dr. Schlam relies solely upon Mr. Cobb's opinions to conclude that the '002 patent is a commercial success, and therefore non-obvious. Consequently, no reasonable jury could conclude that the '002 patent is non-obvious.

As a threshold matter, LPL's damage expert, Arthur Cobb, admitted at trial that he did not ask the jury to award any damages against ViewSonic, Tatung, or Tatung USA. (Trial Tr. 1138:5-13). Mr. Cobb is LPL's only damage expert. For this reason, LPL has failed to provide any evidentiary basis for a reasonable jury to award any damage amount against ViewSonic, Tatung, or Tatung USA.

LPL also has not provided an evidentiary basis for a reasonable jury to award any damages against CPT.   Damages awards must be established by evidence, not speculation.  *Lindemann Maschienfabrik GmbH v. American Hoist & Derrick Co.*, 895 F.2d 1403, 1406 (Fed. Cir. 1990).  As established in D.I. 306, and reinforced by the following trial testimony, Mr. Cobb has constructed a damages model based solely on unreliable hearsay and speculation.

- Mr. Cobb did not talk to Mr. Ho Lee, LPL's *only fact witness at trial*, before submitting his expert opinion. (Trial Tr. at 1110:7-9).

- Mr. Cobb's entire opinion on yield rates depends on the multi-layered hearsay testimony of two LPL engineers.  (*Id.* at 1109:22-1110:6; *id.* at 1110:21-1111:1).

- Mr. Cobb does not know if the yield rate has changed in any way since 1995.  (*Id.* at 1125:22-1126:1 ("I don't know.   I haven't done any investigation on that.")).

- Mr. Cobb has never seen any documents showing LPL's actual yield for *any period of time, for any product*. (*Id.* at 1114:18-22).

- Mr. Cobb has not seen any evidence that LPL had a belief in the yield rates attributable to the '002 patent before they filed this lawsuit against CPT. (*Id.* at 1135:24-1136:5).

- Because there were not any documents, Mr. Lee had to rely on the opinions of Mr. Cho, and Mr. Kim, expressed in one phone call. (*Id.* at 1126:9-14).

- Mr. Cobb did not take any notes during his single phone call with Mr. Kim and Mr. Cho. (*Id.* at 1114:8-17).

- Mr. Cobb admitted that LPL Has not engaged in a "before and after" analysis to determine whether the '002 technology has had any effect, positive, negative, or neutral, on yield. (Trial Tr. at 1115:6-1116:16; *Id.* at 1117:8-1118:2).

- Despite the fact that LPL has not engaged in any "before or after" analysis, Mr. Cobb estimates that CPT would need to spend *one-hundred million dollars*, twice Mr. Cobb's damages model, to establish LPL's burden of proof on methodology. (*Id.* at 1129:4-1130:18).

Furthermore, on the eve of trial, LPL stated that it only intended to bring this case on Claim 1 and Claim 8 of the '002 Patent. At trial, Mr. Cobb testified that he removed *21 products* from his damages model because LPL was bringing its case only on these two claims. (*Id.* at 1094:20-1095:2). At trial, Mr. Cobb admitted that there are actually *48 total products* that are not accused of infringing Claim 1 or Claim 8. (*Id.* at 1094:15-19). Mr. Cobb's damage opinion, therefore, includes *27 products* that he admits do not infringe Claim 1 or Claim 8. Because Mr. Cobb's opinion seeks damages for non-infringing products, no reasonable jury can, therefore award damages against defendants based on the validity of only Claim 1 and Claim 8.

As evidenced above, LPL's testimony at trial only reinforced the fact that its damages analysis is untested, unreliable, and unfounded. LPL further reinforced that Mr. Cobb's asserted increase in yield is not based on any identified scientific methodology.

For these reasons, no reasonable jury could find that LPL established any evidentiary basis to award damages against CPT, ViewSonic, Tatung, or Tatung USA.

### 2.    LPL Has Not Claimed Any Damages From Tatung Company, Tatung Company of America or Viewsonic Corporation

LPL has failed to present any testimony claiming any damages as a result of alleged infringement of Tatung Company, Tatung Company of America, or Viewsonic Corporation. LPL's expert, Mr. Arthur Cobb testified that he did not present any damage model to the jury to be awarded against Viewsonic, Tatung Company or Tatung Company of America. (Cobb Tr. 1138:5-13). Therefore, Defendants request judgment as a matter of law that LPL is not entitled to any damages as a result of any infringement by Tatung Company , Tatung Company of America and/or Viewsonic Corporation.

### 3.    LPL Is Not Entitled To Any Damages Prior To Filing This Lawsuit

For the reasons set forth in Defendants' Motion for Partial Summary Judgment On Damages Under 35 U.S.C. § 287 (D.I. 219), incorporated by reference herein, and as further supported by the trial testimony, LPL's alleged notice date does not meet with the required legal standards.

Under § 287(a), a patentee is entitled to damages from the time when it either (1) began marking its product in compliance with § 287(a) or (2) when it **actually notified** the accused infringer of its infringement. *American Med. Sys., Inc., v. Med. Eng'g. Corp.*, 6 F.3d 1523, 1537 (Fed. Cir. 1993), *cert. denied*, 114 S.Ct. 1647 (1994). LPL admits that it did not mark its product. *See* LPL's Answer to Interrogatory No. 15. Therefore, to get damages prior to the filing of the lawsuit, LPL must show that it provided actual notice to Defendants.

Actual notice requires: (1) "*a specific charge of infringement*" (2) "*specified accused product* or device." *Amsted Industries, Inc. v. Buckeye Steel Coatings Co.*, 24 F.3d 178, 187 (Fed. Cir. 1994).

As shown in Defendants' Motion for Summary Judgment (D.I. 219), Defendants have not provided any evidence from which a reasonable jury could conclude that LPL provided actual notice prior to this lawsuit. This was further shown by the trial testimony of Mr. Ho Lee. Mr. Lee admitted that the February 8, 2002 letter does not offer a specific charge of infringement. (Trial Tr. 651:2-8). ("[W]e are simply saying that we are willing to offer licenses for all our technology.")

Mr. Lee also admitted that the February 8 and February 27, 2002 letters do not identify any specific CPT products and do not set out any specific claims that are alleged to be infringed. (Trial Tr. 655: 14-21) ("Q. All right. But you will agree that there's no specific CPT products identified in either one of those letters; right? A. That's correct. Q. An there are no specific claims in any of those patents set out in those letters; right? A. That's correct.").

Mr. Lee's testimony further establishes that the February 2002 letters and the June 2002 meeting provide neither (1) a specific charge or infringement, or (2) a specific accused product or device. Accordingly, Defendants should be granted judgment as a matter of law that LPL is not entitled to any damages prior to the filing of this lawsuit, pursuant to 35 U.S.C. § 287.

## G. DEFENDANTS HAVE FAILED TO PRESENT LEGALLY SUFFICIENT EVIDENCE TO OBTAIN INJUNCTIVE RELIEF

### 1. Legal Standard

Even if the patent were found to be valid and infringed, LPL would not be entitled to injunctive relief. In order to obtain injunctive relief for patent infringement, the plaintiff must show (1) that it has suffered an irreparable injury, (2) that remedies available at law, such as monetary damages are inadequate to compensate for that injury, (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted, and (4) that the public interest would not be disserved by a permanent injunction." *Ebay, Inc. v. MercExchange,* LLC, 126 S.Ct. 1837, 1839 (2006). Plaintiffs bear the burden of proof on this issue. *See Z4 Technologies, Inc. v. Microsoft Corp.*, Case No. 6:06-CV-142 (E.D. Tex., June 14, 2006) (unpublished), a copy of which is attached to this motion at Exhibit A.

### 2. LPL Has Offered No Evidence To Support An Award Of Injunctive    Relief

For the reasons set forth below, LPL is not entitled to obtain injunctive relief in these proceedings.

(1)    LPL has failed to present legally sufficient evidence to support a finding that it has suffered an irreparable injury.

(2)    LPL has failed to present legally sufficient evidence to support a finding that remedies available at law, such as monetary damages are inadequate to compensate for that injury,

(3)    LPL has failed to present legally sufficient evidence to support a finding that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted,

(4)     LPL has failed to present legally sufficient evidence to support a finding

that the public interest would not be disserved by a permanent injunction.

## H.    DEFENDANTS HAVE SHOWN BY CLEAR AND CONVINCING EVIDENCE THAT CLAIM 1 AND CLAIM 8 OF THE '002 PATENT ARE INVALID

### 1.    Legal Standards For Invalidity

Although a patent is presumed valid, this presumption may be overcome as a

matter of law on a showing of clear and convincing evidence that the patent is invalid

because the limitations of the asserted claims are disclosed in the prior art. *See Upsher-*

*Smith Labs., Inc. v. Pamlab, L.L.C.*, 412 F.3d 1319, 1322-23 (Fed. Cir. 2005) (affirming

summary judgment of invalidity for anticipation where the defendant presented a *prima*

*facie* case of anticipation and the court properly placed the burden on the plaintiff to

present rebuttal evidence). A printed publication is prior art to a claimed invention if it

was published prior to the date of invention. *See* 35 U.S.C. § 102(a).

A patent can also be found to be invalid for being indefinite. Every patent's

specification must "conclude with one or more claims particularly pointing out and

distinctly claiming the subject matter which the applicant regards as his invention." 35

U.S.C. § 112, ¶ 2 (2000); *Datamize, LLC v. Plumtree Software, Inc.*, 417 F.3d 1342,

1347-48 (Fed. Cir. 2005). Because the claims perform the fundamental function of

delineating the scope of the invention, *Chimie v. PPG Indus., Inc.*, 402 F.3d 1371, 1379

(Fed.Cir.2005), the purpose of the definiteness requirement is to ensure that the claims

delineate the scope of the invention using language that adequately notifies the public of

the patentee's right to exclude, *Honeywell Int'l, Inc. v. Int'l Trade Comm'n*, 341 F.3d

1332, 1338 (Fed.Cir.2003). According to the Supreme Court, "[t]he statutory

requirement of particularity and distinctness in claims is met only when [the claims]

clearly distinguish what is claimed from what went before in the art and clearly circumscribe what is foreclosed from future enterprise." *United Carbon Co. v. Binney & Smith Co.*, 317 U.S. 228, 236, 63 S.Ct. 165, 87 L.Ed. 232 (1942).

A patent must also comply with the written description requirement. 35 U.S.C. § 112. The written description requirement is set forth in the first paragraph of 35 USC §112, which states that the "specification shall contain a written description of the invention". To satisfy this requirement, the specification must describe the claimed invention in sufficient detail that one skilled in the art can reasonably conclude that the applicant had possession of the claimed invention at the time the application was filed. *University of Rochester v. G.D. Searle & Co.*, Inc., 375 F.3d 1303 (Fed. Cir. 2004); *Chiron Corp. v. Genentech, Inc.*, 363 F.3d 1247 (Fed. Cir. C.A.Fed. 2004); *Vas-Cath, Inc. v. Mahurkar*, 936 F.2d 1555, 1563 (Fed. Cir. 1991). The written disclosure must describe the claimed invention with all its limitations. It is insufficient for the purpose of the written description requirement that disclosure, when combined with knowledge and the art, would lead one to speculate as to modifications that the inventor might have envisioned, but failed to disclose. *In re Jones*, 10 Fed. Appx. 822 (Fed. Cir. 2001).

A patent must also provide an enabling description pursuant to 35 U.S.C. § 112. In determining the sufficiency of the specification as an enabling description, the key question is whether the specification sets forth enough information to enable persons skilled in the art to reproduce or replicate the invention without undue experimentation. 35 U.S.C.A. § 112. The specification satisfies the enablement requirement only if one skilled in the art, after reading the disclosure, could practice the invention claimed in the '002 patent without undue experimentation. *Chiron Corp.*, 363 F.3d at 1253. Moreover,

the prior application must enable one of ordinary skill in the art to practice "the full scope of the claimed invention." *Id.*; *In re Wright*, 999 F.2d 1557, 1561 (Fed.Cir.1993). Thus, "[t]he enabling disclosure of the specification [must] be commensurate in scope with the claim under consideration." *In re Hyatt*, 708 F.2d 712, 714 (Fed.Cir.1983). Whether an application enables the claims of a patent is determined as of the filing date of such application. *See Chiron Corp.*, 363 F.3d at 1253.

### 2.    Claims 1 and 8 Of The '002 Patent Are Invalid

As discussed in Dr. Webster Howard's trial testimony, (incorporated by reference herein), the '002 patent is anticipated or rendered obvious in view of the prior art references to Kawamura, Okawa, Oritsuke, and/or Yudasaka.

Given the disclosures of the prior art and Dr. Howard's trial testimony, no reasonable view of the facts can support LPL's position that the claims of the '002 patent are not invalid as anticipated and/or obvious. In light of the foregoing, Defendants respectfully request judgment as a matter of law that Claims 1 and 8 of the '002 patent are anticipated by the prior art references of Kawamura and/or Okawa under 35 U.S.C. §102(a). Furthermore, Defendants respectfully request judgment as a matter of law that Claims 1 and 8 of the '002 patent are invalid as obvious over Kawamura and/or Okawa, each by itself or in combination with each other, or in light of Oritsuke and/or Yudasaka, under 35 U.S.C. §103.

The '002 patent is further invalid under the indefinite, written description and enablement requirements of 35 U.S.C. §112. A person of ordinary skill in the art would not understand the scope of the claim limitations, including, without limitation, the claim

limitations "resistance" and "interconnecting substantially all of said row lines to one another and substantially all of said column lines to one another."

Further, no reasonable jury could conclude, from the evidence and trial testimony, that the specification of the '002 patent describes the claimed invention in sufficient detail such that one skilled in the art could reasonably conclude that the applicant had possession of the claimed invention at the time of his patent application.

Further, a person of ordinary skill in the art would not, from reading the specification, be enabled to make and use the invention claimed in Claims 1 and/or 8 without undue experimentation, including, without limitation, the claim limitations of "resistance" or "interconnecting substantially all of said row lines to one another and substantially all of said column lines to one another."  Therefore, Defendants request judgment as a matter of law that Claims 1 and 8 of the '002 patent are invalid.

## CONCLUSION

For the foregoing reasons, Defendants' motion for judgment as a matter of law should be granted.

OF COUNSEL:
Christine A. Dudzik
Thomas W. Jenkins
HOWREY LLP
321 North Clark Street, Suite 3400
Chicago, Illinois 60610
(312) 595-1239

Teresa M. Corbin
Glenn W. Rhodes
HOWREY LLP
525 Market Street, Suite 3600
San Francisco, CA 94105
415.848.4900

Robert W. Whetzel (#2288)
whetzel@rlf.com
Steven J. Fineman (#4025)
fineman@rlf.com
Matthew W. King (#4566)
king@rlf.com
RICHARDS, LAYTON & FINGER
One Rodney Square, P.O. Box 551
Wilmington, DE 19899
(302) 651-7700

Attorneys for Defendants/Counterclaimants
Chunghwa Picture Tubes, Ltd.; Tatung
Company; Tatung Company of America, Inc.;
and Viewsonic Corporation

Dated: July 26, 2006

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 26, 2006, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing, and hand delivered to the following:

> Richard D. Kirk
> The Bayard Firm
> 222 Delaware Avenue, Suite 900
> P.O. Box 25130
> Wilmington, DE 19899

I hereby certify that on July 26, 2006, I sent the foregoing document by Electronic Mail, to the following non-registered participants:

> Gaspare J. Bono
> Matthew T. Bailey
> Andrew J. Park
> Adrian Mollo
> McKenna Long & Aldridge LLP
> 1900 K Street, NW
> Washington, DC 20006

> Robert W. Whetzel (#2288)
> Whetzel@rlf.com
> Richards, Layton & Finger
> One Rodney Square
> P.O. Box 551
> Wilmington, DE 19899
> (302) 651-7700