IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG. PHILIPS LCD CO., LTD., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TATUNG COMPANY; ) <br> TATUNG COMPANY OF AMERICA, INC.; ) <br> CHUNGHWA PICTURE TUBES, LTD.; ) <br> AND VIEWSONIC CORPORATION, ) <br> ) <br> Defendants. ) | C.A. No. 05-292 (JJF) <br><br> **DEMAND FOR JURY TRIAL** <br><br> **CONFIDENTIAL** <br> **- FILED UNDER SEAL -** |

### DECLARATION OF KAY C.Y. CHIU IN SUPPORT OF DEFENDANTS' MOTION TO RESTRICT ACCESS TO TRIAL DURING THE PRESENTATION OF CERTAIN CONFIDENTIAL INFORMATION AND FOR AN ORDER SEALING CORRESPONDING PORTIONS OF THE TRIAL TRANSCRIPT

OF COUNSEL:

Teresa M. Corbin
Glenn W. Rhodes
Howrey LLP
525 Market Street, Suite 3600
San Francisco, California 94105
(415) 848-4900

Julie S. Gabler
Howrey LLP
550 South Hope Street, Suite 1100
Los Angeles, California 90071
(213) 892-1800

Robert W. Whetzel (#2288)
whetzel@rlf.com
Steven J. Fineman (#4025)
fineman@rlf.com
Matthew W. King (#4566)
king@rlf.com
Richards, Layton & Finger
One Rodney Square, P.O. Box 551
Wilmington, DE 19899
(302) 651-7700
Attorneys for Defendants/Counterclaimants Tatung Company, Tatung Company of America, Chunghwa Picture Tubes, Ltd, and Viewsonic Corporation

Dated: July 20, 2006

RLF1-3038350-1

I, Kay C. Y. Chiu, declare and state as follows:

1. I am Executive Vice President of Chunghwa Picture Tubes, Ltd ("CPT") TFT Business Unit, and I work in the company's Taoyuan facility in Taiwan. I submit this declaration in support of Defendants' motion to close the courtroom for a portion of the proceedings. I make this declaration based upon personal knowledge of the facts stated herein and could and would testify to the same if called upon to do so.

2. I attended National Taiwan Institute of Technology and have a bachelor's degree in Electrical and Electronics Engineering. I have been employed by CPT since 1986.

3. Based on my experience and responsibilities as Executive Vice President, I am knowledgeable about CPT's proprietary financial information related to its LCD products, including sales, costs, revenues, and profits. I will describe the nature of the information that CPT seeks to protect from public disclosure; the steps that CPT takes to maintain the confidentiality of this information; and the harm that CPT will suffer if this information is made public.

4. The highly sensitive financial information of CPT, which LPL intends to use during trial includes Plaintiff's Trial Exhibit ("PTX") Nos. 80-84 which contain data on CPT sales from 1999 to 2005 by module and customer. These sales data include revenue, quantity, and price. Exhibits 87 and 88 contain the same information from 2006 and have data up until April 30, 2006. The documents contained in these exhibits contain highly confidential information not otherwise available to the public.

5. The LCD panel market, like other consumer electronics markets, is a highly competitive, low margin industry. CPT's financial records show competitive pricing of CPT's component suppliers and the pricing information of CPT's products sold to original equipment manufacturers (OEMs).

6. I am knowledgeable about the steps that CPT takes to maintain the confidentiality of its financial information. CPT takes significant measures to maintain the secrecy of and to prevent

- 1 -

disclosure of its financial information related to its LCD devices. Within CPT, the financial information is secured at all times through limited-access, password-protected databases. Only a limited number of employees within CPT's Financial Department and Sales Department are granted access to this information.

7. LPL is a competitor of CPT in the area of TFT-LCD panels. Such information on a competitor and module-specific level is considered the most confidential information that CPT has. Competitors pay thousands of dollars per year to learn what products a competitor is selling and to whom. Not even the DisplaySearch data, that will be discussed at this trial and that was acquired after thousands of dollars of investment, contain the level of detail that these reports contain. For example, other LCD panel manufacturers, including LPL, could use CPT's pricing information to under bid CPT, use customer lists to target specific customers, or use warranty and return information to discredit CPT's products.

8. Not only are the data confidential, but they are from the last 7 years and include data up until April of 2006. These data are current and if produced in a public forum could not only jeopardize CPT's relationships with its customers but it could jeopardize CPT's entire TFT-LCD business.

9. If produced publicly, LPL, not to mention other competitors, would be able to isolate CPT's customer needs on a model and quantity specific level. Those competitors would be able to know what CPT is charging for its modules and what potential customers are paying for CPT's products.

10. Furthermore, CPT's primary business model includes selling directly to OEMs rather than to brand-name companies. OEMs demand that the prices they pay for CPT's panels remain confidential. Brand-name companies, who buy from OEMs, often try to find out the prices OEMs pay, so that they can pressure OEM's margins. This pricing pressure invariably is passed on to CPT.

11. In addition, CPT's suppliers will also be able to take advantage of the disclosure of CPT's prices, volumes and sales trends to negotiate higher prices for CPT's inputs. Thus, disclosure of CPT's highly confidential financial information greatly affects both its upstream and downstream business.

12. Not only would the sharing of such data impact CPT's business, it could negatively affect the market for TFT-LCD modules because it would essentially offer a benchmark upon which all competitors would know how to price products.

13. Such availability to tacit collusion could be problematic to the public consumption of these modules.

14. For these reasons, it is critical to CPT's competitive viability to maintain the confidentiality of its customer lists, prices, warranty and returns, and recent sales trends.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct. This declaration is executed on this 19th day of July, 2006 in Wilmington, Delaware.

DATED: 19, July, 2006              Respectfully submitted,

                                   By: _____Kary_____

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 20, 2006, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing, and hand delivered to the following:

> Richard D. Kirk
> The Bayard Firm
> 222 Delaware Avenue, Suite 900
> P.O. Box 25130
> Wilmington, DE 19899

I hereby certify that on July 20, 2006, I sent the foregoing document by Electronic Mail, to the following non-registered participants:

> Gaspare J. Bono
> Matthew T. Bailey
> Andrew J. Park
> Adrian Mollo
> McKenna Long & Aldridge LLP
> 1900 K Street, NW
> Washington, DC 20006

> Steven J. Fineman (#4025)
> Fineman@rlf.com
> Richards, Layton & Finger
> One Rodney Square
> P.O. Box 551
> Wilmington, DE 19899
> (302) 651-7700

RLF1-2917974-1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 11, 2006, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing, and hand delivered to the following:

> Richard D. Kirk
> The Bayard Firm
> 222 Delaware Avenue, Suite 900
> P.O. Box 25130
> Wilmington, DE 19899

I hereby certify that on August 11, 2006, I sent the foregoing document by Electronic Mail, to the following non-registered participants:

> Gaspare J. Bono
> Matthew T. Bailey
> Andrew J. Park
> Adrian Mollo
> McKenna Long & Aldridge LLP
> 1900 K Street, NW
> Washington, DC 20006

Matthew W. King (#4566)
King@rlf.com
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
(302) 651-7700

RLF1-2917974-1