## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LG. PHILIPS LCD CO., LTD., | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 05-292 (JJF) |
| | ) | |
| v. | ) | **DEMAND FOR JURY TRIAL** |
| | ) | |
| TATUNG COMPANY; TATUNG | ) | |
| COMPANY OF AMERICA, INC.; | ) | **CONFIDENTIAL** |
| CHUNGHWA PICTURE TUBES, LTD.; | ) | -- FILED UNDER SEAL - |
| AND VIEWSONIC CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO ENLARGE TIME TO FILE MOTION FOR SUMMARY JUDGMENT AND RESPONSE TO PLAINTIFF'S MOTION TO STRIKE

OF COUNSEL:
Christine A. Dudzik
Thomas W. Jenkins
Howrey LLP
321 North Clark Street, Suite 3400
Chicago, Illinois 60610
(312) 595-1239

Teresa M. Corbin
Glenn W. Rhodes
Howrey LLP
525 Market Street, Suite 3600
San Francisco, CA 94105
(415) 848-4900

Dated:  June 28, 2006

Robert W. Whetzel (#2288)
whetzel@rlf.com
Steven J. Fineman (#4025)
fineman@rlf.com
Matthew W. King (#4566)
king@rlf.com
Richards, Layton & Finger
One Rodney Square, P.O. Box 551
Wilmington, DE  19899
(302) 651-7700
Attorneys for Defendants/Counterclaimants
Tatung Company, Tatung Company of
America, Chunghwa Picture Tubes, Ltd, and
Viewsonic Corporation

## I.    INTRODUCTION

Plaintiff has not provided any basis to deny Defendants' request to enlarge the time period for Defendants to move for partial summary judgment, nor has Plaintiff identified any prejudice that it would suffer if the Court were to grant such a motion. To the contrary, Plaintiff's opposition underscores the need to address the issue raised by Defendants' motion for summary judgment in advance of trial -- the issue requires the application of law to fact -- but does not require fact finding.

Plaintiff does not deny the following: (i) Defendants' motion for summary judgment was filed less than two weeks after Plaintiff provided its damages expert report seeking pre-filing damages; (ii) Plaintiff failed to respond completely to a specific discovery request directed to Plaintiff's contention as to when infringement damages began to accrue; (iii) Plaintiff did not disclose its damages contentions in its initial disclosures; (iv) Plaintiff did not include its damages contentions in its May 9, 2006 amended initial disclosures; (v) Plaintiff set forth its damages contentions in The Report of Cobb & Associates, Ltd. on June 2, 2006; and (vi) Plaintiff will not be prejudiced by responding to Defendants' motion for summary judgment. Instead, Plaintiff argues, without support, that Plaintiff's motion to enlarge was not filed timely, and that Defendants' motion for summary judgment is futile. Neither of these arguments have any merit.

### A.    Defendants' Motion To Enlarge Was Filed Timely

Plaintiff does not take issue with Defendants having demonstrated good cause under Rule 6(a) of the Federal Rules of Civil Procedure to enlarge the time to file their motion for summary judgment. This motion was filed prior to the deadline for case dispositive motion briefing and was timely. *See* D.I. 62. As a result, the Court should apply the cause standard set forth in Rule 6(a) as opposed to the excusable neglect standard under Rule 6(b).

1

Plaintiff argues that Defendants were obligated to file their motion to enlarge time prior to May 24, 2006, but in support of this argument, Plaintiff asserts that "Defendants had reason to know LPL's view on when damages accrue at least by June 2, 2006."[1]    This argument is contradicted by Plaintiff's refusal to provide this information in response to Defendants' interrogatory seeking this very information.    In Plaintiff's response, they stated that they would provide more detailed information "at the appropriate time" and purported to reserve the right to supplement "when, and if additional information becomes available, or otherwise." (*See* Plaintiff's Supplemental Response to Interrogatory No. 20, Exhibit A).    Plaintiff seems to contend that Defendants should have moved for summary judgment on Plaintiff's damages theory before Plaintiff disclosed its theory.    Plaintiff's position does not withstand scrutiny. Defendants moved at the first reasonable opportunity after Plaintiff disclosed its damages contentions.

**B.    Defendants' Motion For Summary Judgment Is Not Futile**

In an effort to avoid responding to Defendants' motion for summary judgment, Plaintiff asserts that it would file a counter statement describing "genuine issues of material fact" if required to respond to Defendants' motion for summary judgment.[2]  D.I. 235 at 2.  Plaintiff then presupposes that such a submission is tantamount to a judicial determination that a dispute of material fact exists.  *Id.*  Plaintiff's efforts to create a fact dispute where one does not exist, and its misapprehension of the standard for summary judgment, do not warrant striking Defendants' motion for summary judgment.

---

[1]  In a footnote, Plaintiff states that "LPL contends that Defendants knew much earlier than [June 2, 2006] ...", but Plaintiff does not offer any support for this contention.

[2]  Plaintiff's response to Defendants' motion for summary judgment was due on or before June 27, 2006, yet no response was filed.

2

RLF1-3029322-1

Plaintiff asserts that "Defendants contend in the Summary Judgment Motion that prior correspondence does not amount to sufficient notice of the patent; LPL will contend that it does ... [t]hat difference is a classic 'genuine issue of material fact.'" D.I. 235 at 2. Plaintiff's position is inapposite to jurisprudence from this Court where partial summary judgment limiting damages was granted when the Court considered similar correspondence between parties. *Philips Electronics North America Corp. v. Contec Corp.*, 312 F. Supp. 2d 649, 652 (D. Del. 2004). The issue presented is whether Plaintiff provided actual or constructive notice of infringement of the '002 patent prior to the filing of the present lawsuit. Both parties agree that there was correspondence between the parties. The contents of these letters are not disputed. Thus, the only dispute is over the legal effect of the correspondence. This is a classic example of a dispute over the application of law to undisputed facts that should be resolved on summary judgment.

## II.     CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's Motion to Strike, extend the deadline to file motions for summary judgment through and including June 14, 2006 and order briefing on such motions to be completed pursuant to Delaware District Court Local Rule 7.1.2.

RLF1-3029322-1

OF COUNSEL:
Christine A. Dudzik
Thomas W. Jenkins
Howrey LLP
321 North Clark Street, Suite 3400
Chicago, Illinois 60610
(312) 595-1239

Teresa M. Corbin
Glenn W. Rhodes
Howrey LLP
525 Market Street, Suite 3600
San Francisco, CA  94105
(415) 848-4900

Dated:  June 28, 2006

Robert W. Whetzel (#2288)
whetzel@rlf.com
Steven J. Fineman (#4025)
fineman@rlf.com
Matthew W. King (#4566)
king@rlf.com
Richards, Layton & Finger
One Rodney Square, P.O. Box 551
Wilmington, DE  19899
(302) 651-7700
Attorneys for Defendants/Counterclaimants
Tatung Company, Tatung Company of
America, Chunghwa Picture Tubes, Ltd, and
Viewsonic Corporation

4

RLF1-3029322-1

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

LG PHILIPS LCD CO., LTD.,

Plaintiff,

v.

TATUNG COMPANY;
TATUNG COMPANY OF AMERICA, INC.;
CHUNGHWA PICTURE TUBES, LTD.;
AND VIEWSONIC CORPORATION,

Defendants.

Civil Action No. 05-292 (JJF)

## PLAINTIFF'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST AND SECOND SETS OF INTERROGATORIES

Plaintiff LG Philips LCD Co., Ltd. ("LPL"), by counsel and pursuant to Fed. R. Civ. P.

33, hereby supplements certain answers to Defendants Tatung Company ("Tatung"), Tatung

Company of America, Inc. ("Tatung America"), Chunghwa Picture Tubes, Ltd. ("CPT"), and

ViewSonic Corporation ("ViewSonic") (collectively referred to herein as "Defendants") First Set

of Interrogatories and Second Set of Interrogatories.

## PRELIMINARY STATEMENT AND INCORPORATION OF OBJECTIONS

1.    LPL makes the supplemental objections and answers herein (collectively

"Answers") based solely on its current knowledge, understanding, and belief as to the facts and

the information available to it as of the date of the Answers. Additional discovery and

investigation may lead to additions to, changes in, or modifications of these Answers. LPL

reserves the right to produce subsequently discovered information and to introduce such

subsequently discovered information at the time of any hearing or trial in this action.

618911v1

awaiting discovery from defendants. Subject to and without waiving these objections and the general objections, and based upon the information presently available, LPL states as follows:

LPL seeks all damages and relief to which it is entitled, including, but not limited to, compensatory damages, enhanced damages, interest, costs, and attorneys' fees  LPL is aware of sales of several infringing products imported, made, sold, and offered for sale by defendants, and/or by others whose infringing conduct was induced or contributed to by defendants, for all of which defendants are liable  Best Buy stores, for example, have purchased and sold infringing Tatung L17AMTN monitors  Similarly, the other defendants have made, imported, used, offered for sale, sold, and/or induced and contributed to infringing conduct by others  Upon information and belief, for example, CPT supplies infringing LCD modules used by Tatung and others to make LCD products for ViewSonic and others that are knowingly imported, used, offered for sale, and sold in substantial quantities in the U.S. LPL will provide more detailed information regarding infringing products and damages at the appropriate time and based on further discovery, possibly including, for example, in expert reports  LPL reserves the right to supplement this Interrogatory answer, if appropriate, when and if additional information becomes available, or otherwise.

## INTERROGATORY NO. 20

For each of the patents-in-suit, identify the first date on which LPL alleges infringement damages against each of the Defendants began to accrue.

## OBJECTIONS AND ANSWER

LPL objects to this interrogatory to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine  Also, LPL objects to this interrogatory as seeking information on damages that is premature and unavailable, including because LPL is

618911v1

awaiting discovery from defendants. LPL also objects to the term "accrue" to the extent this Interrogatory calls for a legal conclusion. Subject to and without waiving these objections and the general objections, and based upon the information presently available, LPL states as follows:

As discussed above, LPL is aware of sales of several infringing products imported, made, sold, and offered for sale by defendants, and/or by others whose infringing conduct was induced or contributed to by defendants, for all of which defendants are liable. Upon information and belief, for example, Best Buy sold infringing Tatung L17AMTN monitors as of May 2004 and CompUSA sold infringing ViewSonic VE710s monitors as of April 2005. LPL does not yet know the earliest dates on which Defendants infringed the Patents-in-Suit. LPL will provide more detailed information regarding infringing products and damages at the appropriate time and based on further discovery, possibly including, for example, in expert reports. LPL reserves the right to supplement this Interrogatory answer, if appropriate, when and if additional information becomes available, or otherwise.

## INTERROGATORY NO. 21

State whether LPL contends that LCD panels/displays or monitors made by parties other than CPT and incorporated into any Defendants LCD products constitute an infringement, literally or under the doctrine of equivalents, under the patents-in-suit. If the answer is yes, please identify all such products and state the basis of LPL's infringement allegations on a claim by claim basis.

## SUPPLEMENTAL OBJECTIONS AND ANSWER

LPL objects to this interrogatory to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine. LPL further objects to this interrogatory

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 28, 2006, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, which will send notification of such filing to, and also hand delivered same to:

Richard D. Kirk, Esquire
The Bayard Firm
222 Delaware Avenue, Suite 900
Wilmington, DE 19899

I HEREBY CERTIFY that on June 28, 2006, I sent the foregoing document by Electronic Mail to the following non-registered participants:

Gaspare J. Bono, Esquire
Matthew T. Bailey, Esquire
Andrew J. Park, Esquire
Adrian Mollo, Esquire
McKenna Long & Aldrige LLP
1900 K Street, NW
Washington, DC 20006

Steven J. Fineman (#4025)
fineman@rlf.com
Richards, Layton & Finger
One Rodney Square
PO Box 551
Wilmington, DE 19899

RLF1-3030396-1

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 11, 2006, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing, and hand delivered to the following:

> Richard D. Kirk
> The Bayard Firm
> 222 Delaware Avenue, Suite 900
> P.O. Box 25130
> Wilmington, DE 19899

I hereby certify that on August 11, 2006, I sent the foregoing document by Electronic Mail, to the following non-registered participants:

> Gaspare J. Bono
> Matthew T. Bailey
> Andrew J. Park
> Adrian Mollo
> McKenna Long & Aldridge LLP
> 1900 K Street, NW
> Washington, DC 20006

> Matthew W. King (#4566)
> King@rlf.com
> Richards, Layton & Finger
> One Rodney Square
> P.O. Box 551
> Wilmington, DE 19899
> (302) 651-7700

RLF1-2917974-1