## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG.PHILIPS LCD CO., LTD., <br><br> Plaintiff/Counterclaim Defendant, <br><br> v. <br><br> TATUNG COMPANY; <br> TATUNG COMPANY OF AMERICA, INC.; <br> CHUNGHWA PICTURE TUBES, LTD.; <br> AND VIEWSONIC CORPORATION, <br><br> Defendants/Counterclaim Plaintiffs. | Civil Action No. 05-292 (JJF) <br><br> **REDACTED** |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* (No. 1)
PRECLUDING LPL FROM MAKING REFERENCE TO THE TERMS
"U.S. BRANDS" OR "U.S. CUSTOMERS"**

THE BAYARD FIRM
Richard D. Kirk (#922)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE  19899-5130
(302) 429-4208

Counsel for Plaintiff
LG.PHILIPS LCD CO., LTD.

OF COUNSEL:
Gaspare J. Bono
Matthew T. Bailey
Cass W. Christenson
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006
(202) 496-7500 (Telephone)
(202) 496-7756 (Facsimile)

June 30, 2006

Plaintiff LG.Philips LCD Co., Ltd. ("LPL"), hereby opposes Defendants' Motion *in Limine* (No. 1) Precluding LPL from Making Reference to the Terms 'U.S. Brands' or 'U.S. Customers' (the "Motion"). The Court should deny Defendants' Motion in all respects.

## I.    DEFENDANTS' MOTIONS *IN LIMINE* IMPROPERLY SEEK LEGAL RULINGS ON BROAD ISSUES AND FAIL TO SHOW UNDUE PREJUDICE

Defendants have filed seven (7) motions in limine on broad subjects. Pretrial motions to exclude evidence lack trial context and are rarely granted. *See In re Diet Drugs Prods. Liab. Litig.*, 369 F.3d 293, 314 (3d Cir. 2004) (pretrial exclusion under FRE 403 "is an extreme measure"); *In re Paoli R.R. Yard PCB Litig.*, 916 F.2d 829, 859 (3d Cir. 1990). Defendants' motions improperly seek to undercut LPL's ability to argue and present its case, instead of presenting narrow evidentiary issues. *See TVT Records v. Island Def Jam Music Group*, 250 F. Supp. 2d 341, 344 (S.D.N.Y. 2003) (motions in limine should not be used "as preemptive weapons . . . to strike in shotgun fashion at whole topics," effectively requiring "a form of advance trial of substantive" issues). Further, Defendants' motions fail to establish any undue prejudice. *See Ansell v. Green Acres Contracting Co.*, 347 F.3d 515, 525 (3d Cir. 2003) (explaining that "[p]rejudice does not simply mean damage to the opponent's cause[,]" otherwise, "most relevant evidence would be deemed prejudicial.") (quoting *Goodman v. Pa. Turnpike Comm'n*, 293 F.3d 655, 670 (3d Cir. 2002)).

This Motion, like Defendants' other motions in limine, broadly and impermissibly seeks to foreclose LPL from presenting relevant and admissible evidence, and should be denied. Defendants' own witnesses and documents refer to "U.S. brands" and "U.S. customers."

## II.    CPT EXPLOITS THE U.S. MARKET BY

CPT makes liquid crystal display ("LCD") modules in Asia that it supplies

**REDACTED**

Despite CPT's denial that its products are used and sold in the U.S.,

to exploit the U.S. market for LCD products.  Further, as courts have recognized, CPT's relationships and dealings with U.S. companies like

and others is highly probative regarding LPL's allegation that CPT actively induces these and other U.S. companies to infringe LPL's patent in the U.S.  *See, e.g., 02 Micro Int'l Ltd. v. Sumida Corp.*, No. 2:03-CV-07, 2006 WL 981987, at *2 (E.D. Tex. Apr. 12, 2006) (holding Taiwanese module manufacturer liable for inducement of infringement because, *inter alia*, the module maker "sought to meet Dell's specifications to exploit the domestic market," "personally met with Dell representatives in Austin," "provided information to Dell regarding the accused components," and "knowingly committed acts designed to influence Dell's decision to import laptops containing [the defendant's] modules into the United States . . . ."); *see also MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1379-80 (Fed. Cir. 2005). Thus, CPT's argument that its actions taken outside the U.S. are irrelevant is unpersuasive and wrong as a matter of law.  CPT supplies thousands of infringing modules for products sold in the U.S. and, not surprisingly,

REDACTED

REDACTED

Defendants' own deposition testimony belies any contention that the terms "U.S. brands" or "U.S. customers" are prejudicial or confusing.[2]

**IV.**

---

[2] To the extent that Defendants believe these are "global" brands, rather than "U.S." brands, Defendants can make that argument to the jury.

**REDACTED**

CPT cannot complain of supposed prejudice and confusion when LPL uses the same terminology.  LPL is entitled to introduce this evidence at trial, which is directly relevant to CPT's liability for inducing infringement in the U.S.  *See, e.g., MEMC*, 420 F.3d at 1379-80; *02 Micro*, 2006 WL 981987, at **2-3; *Corning Inc. v. SRU Biosystems*, 400 F. Supp. 2d 653, 665 (D. Del. 2005); *Translogic Tech., Inc. v. Hitachi, Ltd.*, 404 F. Supp. 2d 1250, 1252-53 (D. Or. 2005).

## V.    **CONCLUSION**

Accordingly, for all the foregoing reasons, Defendants' Motion should be denied.

---

[3] In a companion motion in limine (no. 7) (D.I. 233), Defendants attempt to preclude LPL from even referring to CPT's business relationships                    at trial.  As set forth in LPL's opposition to that motion, CPT has no basis to exclude such relevant evidence.  LPL's opposition to that motion is closely related to, and provides additional support for, LPL's opposition the instant motion in limine (no. 1).

**REDACTED**

June 30, 2006                              THE BAYARD FIRM


                                          /s/ Richard D. Kirk  (rk0922)
                                          Richard D. Kirk (#922)
                                          222 Delaware Avenue, Suite 900
                                          P.O. Box 25130
                                          Wilmington, DE  19899-5130
                                          (302) 655-5000
                                          rkirk@bayard.firm.com

                                          Counsel for Plaintiff
                                          LG.PHILIPS LCD CO., LTD.

OF COUNSEL:
Gaspare J. Bono
Matthew T. Bailey
Cass W. Christenson
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006
(202) 496-7500

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on June 30, 2006, he electronically filed

the foregoing document with the Clerk of the Court using CM/ECF, which will send

automatic notification of the filing to the following:

Robert W. Whetzel, Esq.
Matthew W. King, Esq.
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

The undersigned counsel further certifies that copies of the foregoing document

were sent on June 30, 2006 by email and by hand to the above counsel and by email and

first class mail to the following non-registered participants:

Christine A. Dudzik, Esq.              Teresa M. Corbin, Esq.
Thomas W. Jenkins, Esq.               Glenn W. Rhodes, Esq.
Howrey LLP                            Julie Gabler, Esq.
321 North Clark Street                Howrey LLP
Suite 3400                            525 Market Street
Chicago, IL  60610                    Suite 3600
                                      San Francisco, CA  94105

                          /s/ Richard D. Kirk (rk0922)
                          Richard D. Kirk

602380v1

Exhibit 1

# CONFIDENTIAL DOCUMENT

These pages have been removed because they contain confidential information subject to the Protective Order.

Exhibit 2

# CONFIDENTIAL DOCUMENT

These pages have been removed because they contain confidential information subject to the Protective Order.

Exhibit 3

# CONFIDENTIAL DOCUMENT

These pages have been removed because they contain confidential information subject to the Protective Order.

Exhibit 4

# CONFIDENTIAL DOCUMENT

These pages have been removed because they contain
confidential information subject to the Protective Order.

Exhibit 5

# CONFIDENTIAL DOCUMENT

These pages have been removed because they contain
confidential information subject to the Protective Order.

Exhibit 6

# CONFIDENTIAL DOCUMENT

These pages have been removed because they contain
confidential information subject to the Protective Order.

Exhibit 7

# CONFIDENTIAL DOCUMENT

These pages have been removed because they contain confidential information subject to the Protective Order.

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on August 18, 2006, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Robert W. Whetzel, Esq.
Matthew W. King, Esq.
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

The undersigned counsel further certifies that copies of the foregoing document were sent on August 18, 2006 by email and by hand to the above counsel and by email and first class mail to the following non-registered participants:

Christine A. Dudzik, Esq.
Thomas W. Jenkins, Esq.
Howrey LLP
321 North Clark Street
Suite 3400
Chicago, IL  60610

Teresa M. Corbin, Esq.
Glenn W. Rhodes, Esq.
Julie Gabler, Esq.
Howrey LLP
525 Market Street
Suite 3600
San Francisco, CA  94105

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk