## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

LG.PHILIPS LCD CO., LTD.,

        Plaintiff/Counterclaim Defendant,

    v.

TATUNG COMPANY;
TATUNG COMPANY OF AMERICA, INC.;
CHUNGHWA PICTURE TUBES, LTD.;
AND VIEWSONIC CORPORATION,

        Defendants/Counterclaim Plaintiffs.

Civil Action No. 05-292 (JJF)

**REDACTED**

## PLAINTIFF'S MOTION TO COMPEL CPT TO PROVIDE GUARD RING INFORMATION AS ORDERED ON MAY 1, 2006

THE BAYARD FIRM
Richard D. Kirk (#922)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE  19899-5130
(302) 429-4208

Counsel for Plaintiff
LG.PHILIPS LCD CO., LTD.

OF COUNSEL:
Gaspare J. Bono
Matthew T. Bailey
Cass W. Christenson
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006
(202) 496-7500 (Telephone)
(202) 496-7756 (Facsimile)

June 23, 2006

Plaintiff LG.Philips LCD Co., Ltd. ("LPL"), pursuant to the Discovery Dispute procedures in the Scheduling Order, Fed. R. Civ. P. 37, and Local Rule 37.1, hereby moves for an expedited order compelling Defendant Chunghwa Picture Tubes Ltd. ("CPT") to comply with the Court's Order of May 1, 2006, requiring CPT to identify which of its products use guard rings. CPT provided only very general and incomplete information, which will result in substantial and unnecessary disputes at trial. CPT should confirm which modules use inner guard rings, which use outer guard rings, and which use both guard rings, so that the parties can avoid unnecessary disputes at trial. On May 31, 2006, CPT *agreed* to provide this information. Now, however, CPT refuses to do so.

I.      **LPL SEEKS CPT'S PRODUCT INFORMATION TO SIMPLIFY THE TRIAL**

Trial will begin on July 17, 2006. The Pretrial conference is scheduled for July 6, 2006. During discovery, CPT produced multiple, complex                related to numerous CPT modules, while refusing to match                with the modules. CPT also refused to identify which of its module products used guard rings as called for in the '002 patent that is the subject of the trial. The '002 patent includes claims involving the use of inner guard rings, claims involving the use of outer guard rings, and claims involving the use of both inner and outer guard rings. The jury needs to understand which CPT modules involve which types of guard rings.

Because of the importance of this issue, and the need to understand which CPT products are made regarding each of these three categories (inner guard rings, outer guard rings, and both), LPL repeatedly asked CPT to clarify which products fall into each category. LPL sought this information to prepare for trial and to attempt to identify representative products and claims for trial. CPT refused to provide this information. After a hearing to address this issue and other discovery disputes, the Court ruled that CPT had to provide "a list, in English, of which LCD modules and products are manufactured using electrostatic discharge guard rings." Order of

628639v1

1

**REDACTED**

May 1, 2006 (the "Court's Order") (Ex. 1). On May 9, CPT provided a partial list

                                        *See* CPT's Disclosure

Pursuant to Court Order Dated May 1, 2006 (Ex. 2).

CPT's disclosure does not indicate which products use inner guard rings, which products use outer guard rings, and which products are made using both guard rings. Specifically, CPT's Disclosure                                                        without stating whether the "Guard Ring" was an inner ring, an outer ring, or a combination of inner and outer guard rings. LPL has attempted to obtain this information during depositions of CPT's witnesses, but the witnesses have provided only partial information.

As a result, LPL has requested that CPT provide a revised list showing which products are made using inner guard rings, outer guard rings, and both guard rings. *See* Letter from Gaspare Bono to Christine Dudzik at 2 (May 31, 2006) (Ex. 5). ***On the same day, CPT's counsel promptly agreed to provide this information to LPL.*** *See* Letter from Christine Dudzik to Gaspare Bono at 1 (May 31, 2006) (representing that CPT would "amend it [sic] disclosure and identify the location of the guard rings.") (Ex. 6).

After CPT failed to provide this information, LPL asked CPT when this information would be provided. *See* E-mail from Cass Christenson to Christine Dudzik (June 14, 2006) (Ex. 7). CPT then changed its position and refused to provide any additional information. *See* E-mail from Steven Yovits to Cass Christenson (June 14, 2006) (Ex. 8). CPT stated that because LPL's expert had been able to piece together an understanding as to which types of guard rings relate to products, CPT now refuses to confirm this information. *See id.*

**REDACTED**

CPT should be ordered to provide this information immediately. Without this information from CPT, LPL may have to provide substantial additional testimony or other evidence at trial to prove which CPT products use which guard rings. CPT may then dispute some or all of this evidence and argue a completely different set of facts concerning which products use which guard rings. Accordingly, CPT is posturing for unnecessary evidentiary disputes and delay before the jury. Jury confusion and delay is not in the interest of justice or any party.

CPT knows exactly what type of guard rings are used to make each of its products. No burden would be imposed for CPT to provide this information in a format that could be relied on at trial. CPT agreed to provide this information, and then unreasonably disregarded its agreement and refused to provide this information. LPL should have received this information long ago, when the Court ordered CPT to explain which of its products use guard rings. LPL also should have been able to use this information in depositions.

Without this information, LPL has no basis on which to work with CPT to identify appropriate groupings of representative products for trial. In addition, CPT's refusal to identify which products use outer, inner, and both guard rings creates a needless dispute that will complicate and delay the trial and force the jury to resolve issues that should not be in dispute. CPT can and should provide this information promptly, in compliance with the May 1 Order and its prior agreement.

## II.   CONCLUSION

For all the foregoing reasons, LPL respectfully requests this Court to: (1) order CPT to file a sworn and amended disclosure, to which it will be bound at trial, specifying for each product whether that product is made using an inner guard ring, outer guard ring, or both inner

and outer guard rings; and (2) award sanctions or such other relief as the Court deems appropriate.

THE BAYARD FIRM

/s/ Richard D. Kirk (rk0922)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE  19899-5130
(302) 655-5000
rkirk@bayardfirm.com
Counsel for Plaintiff
LG.PHILIPS LCD CO., LTD.

OF COUNSEL:
Gaspare J. Bono
Matthew T. Bailey
Cass W. Christenson
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006
(202) 496-7500

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| LG.PHILIPS LCD CO., LTD.,<br><br>　　　　　　　Plaintiff/Counterclaim Defendant,<br><br>　　v.<br><br>TATUNG COMPANY;<br>TATUNG COMPANY OF AMERICA, INC.;<br>CHUNGHWA PICTURE TUBES, LTD.;<br>AND VIEWSONIC CORPORATION,<br><br>　　　　　　　Defendants/Counterclaim Plaintiffs. | Civil Action No. 05-292 (JJF) |

### LOCAL RULE 7.1.1 STATEMENT IN SUPPORT OF
### PLAINTIFF'S MOTION TO COMPEL

The undersigned attorney for plaintiff, LG.Philips LCD Co., Ltd. ("LPL") hereby states,

pursuant to Local Rule 7.1.1, that LPL's attorneys have made reasonable efforts to reach

agreement with opposing counsel on the matters set forth in the within Motion to Compel,

including telephone conversations and written correspondence.

June 23, 2006

THE BAYARD FIRM

Richard D. Kirk (rk0922)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE  19899-5130
(302) 655-5000
rkirk@bayardfirm.com
Counsel for plaintiff,
LG.Philips LCD Co., Ltd.

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

LG. PHILIPS LCD CO. LTD,           :
                                   :
          Plaintiff,               :
                                   :
     v.                            :   Civil Action No. 05-292-JJF
                                   :
TATUNG COMPANY, TATUNG COMPANY     :
OF AMERICA, INC., CHUNGWHA         :
PICTURE TUBES LTD., and           :
VIEWSONIC CORP.,                   :
                                   :
          Defendants.              :

                    O R D E R

     WHEREAS, the Court conducted a discovery hearing in

this matter on Tuesday, April 25, 2006, and heard argument from

the parties concerning certain open discovery issues;

     WHEREAS, The Court finds that Plaintiff is entitled to

the information described below, and further, that Defendants are

capable of producing the information and will not incur any undue

prejudice;

     NOW THEREFORE, IT IS HEREBY ORDERED that Defendants

shall provide Plaintiff with the following information no later

than **Wednesday, May 10, 2006**:

     (1) A list, in English, showing which liquid crystal

display modules and products use which types of tape carrier

packages;

     (2) A list, in English, of which LCD modules and

products are manufactured using electrostatic discharge guard

rings;

(3) An index regarding all of Defendants' mask works files that shows which files relate to which products.

May ___, 2006
DATE

_____
UNITED STATES DISTRICT JUDGE

Exhibit 2

# CONFIDENTIAL DOCUMENT

These pages have been removed because they contain confidential information subject to the Protective Order.

Exhibit 3

# CONFIDENTIAL DOCUMENT

These pages have been removed because they contain confidential information subject to the Protective Order.

Exhibit 4

# CONFIDENTIAL DOCUMENT

These pages have been removed because they contain confidential information subject to the Protective Order.

# EXHIBIT 5

Atlanta

Denver

Los Angeles

Philadelphia

# McKenna Long
# &Aldridge LLP
### Attorneys at Law

1900 K Street, NW • Washington, DC 20006
202.496.7500 • Fax: 202.496.7756
www.mckennalong.com

San Diego

San Francisco

Washington, DC

Brussels

GASPARE J BONO
(202) 496-7211

EMAIL ADDRESS
gbono@mckennalong.com

May 31, 2006

**BY E-MAIL**

Christine A. Dudzik, Esq.
Howrey Simon LLP
321 North Clark Street, Suite 3400
Chicago, IL 60610

Re:    LG Philips LCD Co., Ltd. v. Tatung Co., et al. (C.A. No. 05-292 JJF)

Dear Christine:

I am writing to you because, based upon the actions of CPT and its counsel at the depositions over the past two weeks, CPT seems to be conducting an intentional effort to thwart LPL's full discovery into CPT's products and its use of ESD guard rings. First, during the 30(b)(6) deposition on LPL's noticed topics 4-6, CPT's witness was obviously unprepared to testify. In fact,

Despite our letter of May 8, 2006 that specifically explained the noticed topics, Mr. He was unable to testify as to:

1.    the operation or performance parameters of ESD guard ring structures;

2.    functional and performance considerations or tradeoffs leading to the selection of an ESD guard ring design including components within that design;

3.    specifications and procedures for manufacturing ESD guard rings;

4.    specifications and procedures for removing the ESD guard ring; and

5.    the identification of ESD guard ring structures removed.

Noting the lack of witness preparation, we requested during Mr. He's deposition that CPT immediately provide a witness to testify as to these issues. In response, CPT's counsel, Mr. Li,

**REDACTED**

Christine A. Dudzik, Esq.
May 31, 2006
Page 2

stated that he would take the issue under advisement. However, almost a week has passed and CPT has not identified a witness, let alone when they would be made available. There is no legitimate excuse for CPT's failure to provide a prepared witness on these clearly relevant, noticed topics. Given the case schedule, it is also unreasonable for CPT to delay further in providing a witness. We expect that CPT will immediately identify responsive witness(es) and their availability, or we will seek a preclusion order.

Next, CPT's Disclosure Pursuant to Court Order Dated May 1, 2006, avoids both the spirit and letter of the Order. It is clear that both inner and outer guard rings are relevant. LPL requested that CPT identify which of its products include guard rings--whether inner, outer or both. While the Order required CPT to list products that use guard "rings," CPT in its disclosure                              This change appears to be for no purpose other than to confuse the issue. LPL is entitled to know which of CPT's products use one ring and which use two. As such, CPT must promptly identify which of its products include an inner guard ring, which of its products include an outer guard ring, and which of its products include both guard rings.

Sincerely,

Gaspare J. Bono

GJB:ea

Enclosures
cc:     By e-mail:
        Steven Yovits, Esq.
        Cass W. Christenson, Esq.
        Julie Gabler, Esq.
        Matthew W. King, Esq.
        Richard D. Kirk, Esq.

REDACTED

# EXHIBIT 6

# HOWREY LLP

321 North Clark Street
Suite 3400
Chicago, IL 60610
www.howrey.com

Christine A. Dudzik
Partner
T 312 595 2254
F 312 595 2250
dudzikc@howrey.com
File 01450.0012

May 31, 2006

Gaspare J Bono
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006

Re:     *LG.Philips LCD Co. v. Tatung Co. et al., C.V. No. 05-292-JJF*

Dear Gap:

This is in response to your May 31, 2006 letter regarding CPT's 30(b)(6) depositions. We disagree with your characterizations regarding whether CPT's witnesses were prepared to testify on noticed topics 4-6. Those topics were objected to as being exceedingly broad and you were asked several times to clarify the topics so that we could adequately prepare a witness. See, Yovits May 10, 2206 letter to Christenson. LPL did not comply with that request. Nevertheless, in the spirit of cooperation, we are prepared to offer another witness on topics 1-5 listed in your letter and reasonably related topics as soon as next week, even though LPL has already exceeded the number of hours of CPT 30(b)(6) allotted for by the court. We will identify the witness and confirm a date as soon as possible once we have confirmation from the client. However, because this issue overlaps the issues raised in your Second Motion to Compel, we request again that you withdraw that motion immediately.

With respect to your claim that CPT has not complied with the spirit and letter of the court's order of May 1, 2006, we firmly disagree and take exception to your allegations. You have had CPT's list for weeks and have never lodged an objection that it was incomplete. That list is extremely detailed and identifies CPT products and guard rings as the court ordered. CPT has produced all the information you need to obtain the new information you now request for the first time. Additionally, you are certainly entitled to ask these questions at CPT depositions, which you have not sought to do. However, in order to avoid any further disputes on this subject matter, CPT will amend it disclosure and identify the location of the guard rings. That amended disclosure is not easily done and CPT will provide that information as soon as possible.

Sincerely,

*Christine A. Dudzik*

Christine A. Dudzik

CAD:cd

AMSTERDAM  BRUSSELS  CHICAGO  EAST PALO ALTO  HOUSTON  IRVINE  LONDON
LOS ANGELES  NORTHERN VIRGINIA  PARIS  SALT LAKE CITY  SAN FRANCISCO  TAIPEI  WASHINGTON, DC

# EXHIBIT 7

**Christenson, Cass**

| | |
|---|---|
| **From:** | Christenson, Cass |
| **Sent:** | Wednesday, June 14, 2006 1:07 PM |
| **To:** | Dudzik, Christine |
| **Cc:** | 'Yovits, Steven'; Bono, Gaspare |
| **Subject:** | FW: LPLv CPT |

**Attachments:** Scanned_.pdf



Scanned_.pdf (51
KB)

Dear Christine:  When we discussed discovery issues yesterday, you agreed to
respond by today to my inquiry about when we will receive the revised list with additional
guard ring information including the guard ring location for each listed product.
Curiously, you led me to believe that you were unsure who had discussed this issue from
your side, even though you wrote the attached letter.  You also indicated that CPT might
reconsider its agreement to provide this information, to which I responded that we need to
know immediately if that is the case so that we can raise the issue with the Court.  I
would like to avoid filing a motion, but I need your confirmation today that we will
receive a complete revised list this week.  We need this week the information you agreed
to provide in the attached letter concerning which products use inner guard rings, outer
guard rings, and both. We appreciate your cooperation. Best regards, Cass

-----Original Message-----
From: Dudzik, Christine [mailto:DudzikC@howrey.com]
Sent: Wednesday, May 31, 2006 10:28 PM
To: Bono, Gaspare; King, Matthew W.; rkirk@bayardfirm.com
Subject: LPLv CPT

 Dear Gap
Attached is our letter of May 31, 2006.

Christine A. Dudzik

HOWREY LLP
321 N. Clark Street
Suite 3400
Chicago, Illinois  60610
(312) 595-2254

This transmission contains information that is confidential and/or legally privileged.  It
is intended for use only by the person to whom it was directed.  If you have received this
email in error, please notify the sender immediately or delete this message entirely.

-----------------------------------------------------------------------------------
-------
This email and any attachments contain information from the law firm of Howrey LLP, which
may be confidential and/or privileged.
The information is intended to be for the use of the individual or entity named on this
email.
If you are not the intended recipient, be aware that any disclosure, copying, distribution
or use of the contents of this email is prohibited.
If you receive this email in error, please notify us by reply email immediately so that we
can arrange for the retrieval of the original documents at no cost to you.

1

# EXHIBIT 8

**Christenson, Cass**

**From:**     Yovits, Steven [YovitsS@howrey com]
**Sent:**     Wednesday, June 14, 2006 5:49 PM
**To:**        Christenson, Cass
**Subject:** Product list

Dear Cass:

Our offer to provide a product list with guard ring information was based on your representation that LPL did not have the information it needed to make its own list. Having seen Mr. Schlam's expert report, however, we see that your representation was not accurate. Exhibit 5 of the report demonstrates that LPL has all the information it needs and has done all the work necessary to create the type of list you have been asking for. This proves that the position defendants have taken all along -- that all the necessary information has been produced -- is the correct one. It is unclear why you continue to press us to supply a list It appears that you want to use this list as an inappropriate vehicle to obtain admissions from defendants

Regards,
Steve

**Steven Yovits**
**Howrey LLP**
**321 N. Clark St.**
**Suite 3400**
**Chicago, IL 60610**
**Telephone:  (312) 846-5630**
**Fax:  (312) 893-2187**
**e-mail:  yovitss@howrey.com**

---------------------------------------------------------------------------------------------------
This email and any attachments contain information from the law firm of Howrey LLP, which may be cc
The information is intended to be for the use of the individual or entity named on this email.
If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the con
If you receive this email in error, please notify us by reply email immediately so that we can arrange for

6/21/2006

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on June 23, 2006, he electronically filed

the foregoing document with the Clerk of the Court using CM/ECF, which will send

automatic notification of the filing to the following:

Robert W. Whetzel, Esq.
Matthew W. King, Esq.
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899


The undersigned counsel further certifies that copies of the foregoing document

were sent on June 23, 2006 by email and by hand to the above counsel and by email and

first class mail to the following non-registered participants:

Christine A. Dudzik, Esq.          Teresa M. Corbin, Esq.
Thomas W. Jenkins, Esq.            Glenn W. Rhodes, Esq.
Howrey LLP                         Julie Gabler, Esq.
321 North Clark Street             Howrey LLP
Suite 3400                         525 Market Street
Chicago, IL  60610                 Suite 3600
                                   San Francisco, CA  94105


/s/ Richard D. Kirk (rk0922)
Richard D. Kirk

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on August 18, 2006, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Robert W. Whetzel, Esq.
Matthew W. King, Esq.
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

The undersigned counsel further certifies that copies of the foregoing document were sent on August 18, 2006 by email and by hand to the above counsel and by email and first class mail to the following non-registered participants:

Christine A. Dudzik, Esq.
Thomas W. Jenkins, Esq.
Howrey LLP
321 North Clark Street
Suite 3400
Chicago, IL  60610

Teresa M. Corbin, Esq.
Glenn W. Rhodes, Esq.
Julie Gabler, Esq.
Howrey LLP
525 Market Street
Suite 3600
San Francisco, CA  94105

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk

602380v1