# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

LG.PHILIPS LCD CO., LTD.,

               Plaintiff/Counterclaim Defendant,

    v.

TATUNG COMPANY;
TATUNG COMPANY OF AMERICA, INC.;
CHUNGHWA PICTURE TUBES, LTD.;
AND VIEWSONIC CORPORATION,

               Defendants/Counterclaim Plaintiffs.

Civil Action No. 05-292 (JJF)

**REDACTED**

## PLAINTIFF'S MOTION TO COMPEL DISCOVERY REGARDING CPT'S COMPLIANCE WITH U.S. REGULATORY AND SAFETY REQUIREMENTS

THE BAYARD FIRM
Richard D. Kirk (#922)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE  19899-5130
(302) 429-4208

Counsel for Plaintiff
LG.PHILIPS LCD CO., LTD.

OF COUNSEL:
Gaspare J. Bono
Matthew T. Bailey
Cass W. Christenson
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006
(202) 496-7500 (Telephone)
(202) 496-7756 (Facsimile)

June 23, 2006

Plaintiff LG.Philips LCD Co., Ltd. ("LPL"), pursuant to the Discovery Dispute procedures in the Scheduling Order, Fed. R. Civ. P. 37, and Local Rule 37.1, hereby moves for an expedited order compelling Defendant Chunghwa Picture Tubes, Ltd. ("CPT") to produce documents and provide Rule 30(b)(6) testimony regarding CPT's compliance with U.S. regulatory and safety requirements that apply to CPT's products.

## I.    LPL URGENTLY NEEDS DISCOVERY CONCERNING CPT'S COMPLIANCE WITH U.S. REGULATORY AND SAFETY REQUIREMENTS

As set forth in LPL's previous motions to compel, this case is on an expedited schedule, and trial will begin on July 17, 2006. With trial now less than one (1) month away, time is of the essence and LPL needs to complete all discovery.

CPT makes liquid crystal display ("LCD") modules in Asia that it supplies for major original equipment manufacturers ("OEMs") (including Defendant Tatung) and major U.S. companies (including Defendant ViewSonic). Despite overwhelming evidence that CPT knowingly and actively supplies infringing LCD modules for LCD monitors, televisions, and other products that are sold throughout the U.S. by Dell, HP, ViewSonic, Apple, and other U.S. companies,

Yet, CPT repeatedly has refused to provide discovery concerning the extent to which CPT designs, makes, and sells products to comply with applicable U.S. regulations and safety requirements. *See, e.g.*, Letter from Steven Yovits to Cass Christenson at 2 (June 14, 2006) (stating that CPT "will not provide a witness to testify on 'compliance with U.S. regulations,'" and that "we are at an impasse on that issue") (Ex. 2); *see also* CPT's Responses to Plaintiff's First Set of Requests for Production of Documents and Things at 31-32 (Jan. 12, 2006) (refusing to produce documents responsive to Request Nos. 62 and 63, which sought U.S. regulatory approval and/or

REDACTED

compliance documents) (Ex. 3); CPT's Objections to Plaintiff's Notice of Rule 30(b)(6)

Deposition at 16 (Jan. 13, 2006) (refusing to provide a witness on Topic No. 29, which sought

testimony related to U.S. regulatory approval and compliance) (Ex. 4).[1]

CPT is the only Defendant that has yet to confirm the existence of U.S. requirements for

LCD products.  The other Defendants in this case, ViewSonic, Tatung, and Tatung America,

have provided discovery concerning applicable U.S. requirements.

CPT supplies modules to ViewSonic,

Tatung, and Tatung America for the U.S. market.  A CPT witness, moreover, admitted that

---

[1] LPL previously raised the issue of Defendants' refusal to provide discovery regarding U.S. regulatory compliance, but the Court has not ruled on that issue.  *See, e.g.*, Letter from Richard Kirk to the Court at 4 (Feb. 7, 2006) (Ex. 5).

**REDACTED**

The discovery sought by LPL is highly relevant to CPT's active inducement of infringement in the U.S., and its intentional exploitation of the U.S. market for LCD products using CPT modules. CPT's witnesses have testified that CPT does not know

LPL is entitled to challenge this position at trial, and to present evidence showing that CPT designs and makes products specifically to be used and sold in the U.S. Simply put, why would CPT work to ensure that its LCD products comply with U.S. regulatory requirements unless CPT knows that its products enter the U.S. market? Given CPT's insistence that it does not intentionally target the U.S. market, it is prejudicial and unfair for CPT to refuse to produce discovery showing that its LCD modules are destined for the U.S.

CPT does not deny that it knowingly complies with U.S. requirements that apply to its products. CPT also does not deny the existence of documents reflecting CPT's knowledge of and compliance with U.S. regulations and safety requirements. CPT simply refuses to provide that discovery to LPL.

**REDACTED**

## II.    CONCLUSION

Accordingly, for all the foregoing reasons, LPL respectfully requests that the Court order CPT to (1) produce documents responsive to LPL's document requests 62 and 63, concerning compliance with regulatory and safety requirements that apply in the U.S., and a Rule 30(b)(6) designee to testify in Washington, D.C., or another location in the U.S., concerning topic 29; and (2) award sanctions or such other relief that the Court deems appropriate.

THE BAYARD FIRM

/s/ Richard D. Kirk (rk0922)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE  19899-5130
(302) 655-5000
rkirk@bayardfirm.com
Counsel for Plaintiff
LG.PHILIPS LCD CO., LTD.

OF COUNSEL:
Gaspare J. Bono
Matthew T. Bailey
Cass W. Christenson
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006
(202) 496-7500

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG.PHILIPS LCD CO., LTD., <br><br> Plaintiff/Counterclaim Defendant, <br><br> v. <br><br> TATUNG COMPANY; <br> TATUNG COMPANY OF AMERICA, INC.; <br> CHUNGHWA PICTURE TUBES, LTD.; <br> AND VIEWSONIC CORPORATION, <br><br> Defendants/Counterclaim Plaintiffs. | Civil Action No. 05-292 (JJF) |

**LOCAL RULE 7.1.1 STATEMENT IN SUPPORT OF
PLAINTIFF'S MOTION TO COMPEL**

The undersigned attorney for plaintiff, LG.Philips LCD Co., Ltd. ("LPL") hereby states,
pursuant to Local Rule 7.1.1, that LPL's attorneys have made reasonable efforts to reach
agreement with opposing counsel on the matters set forth in the within Motion to Compel,
including telephone conversations and written correspondence.

June 23, 2006

THE BAYARD FIRM

Richard D. Kirk (rk0922)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE  19899-5130
(302) 655-5000
rkirk@bayardfirm.com
Counsel for plaintiff,
LG.Philips LCD Co., Ltd.

638628v1

# Exhibit 1

# CONFIDENTIAL DOCUMENT

These pages have been removed because they contain
confidential information subject to the Protective Order.

# EXHIBIT 2

# HOWREY LLP

321 North Clark Street
Suite 3400
Chicago, IL 60610
www.howrey.com

STEVEN YOVITS
DIRECT DIAL: 312.846.5630
FAX: 312.893.2187
EMAIL: YOVITSS@HOWREY.COM

June 14, 2006

Cass W. Christenson, Esq.
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006

Re:  *LG Philips LCD Co., Ltd. V. Tatung Co., et al.* (C.A. No. 05-292 JJF)

Dear Cass:

Thank you for speaking with Christine Dudzik and me yesterday. This letter summarizes our discussion.

### 1. **ViewSonic**

On the call, we stated that ViewSonic has now produced all the information LPL has been seeking. You responded that you would review Bonnie Uphold's deposition transcript and let us know whether you agree.

In addition, we agreed to let you know what technology the                    concerns and whether it covers any LCD product. Bonnie Uphold's deposition transcript of June 13, 2006 covers            and I assume you do not need any further information on it at this point.

Finally, we agreed to confirm that ViewSonic does not have
                                other than what it has already produced. I have now confirmed this.

### 2. **CPT**

You identified a portion of John Tsai's deposition (pp. 149-57) in which you said that

                                We agreed to produce such documents (for any LCD products) if they exist. We will do our best to produce any existing documents this week.

We stated that we believe information regarding steps taken by defendants as a result of learning about the '002 patent is privileged and that we do not intend to waive that privilege at this time. You disagreed and stated that you believe some of the information is not privileged.

AMSTERDAM  BRUSSELS  CHICAGO  EAST PALO ALTO  HOUSTON  IRVINE  LONDON
LOS ANGELES  NORTHERN VIRGINIA  PARIS  SALT LAKE CITY  SAN FRANCISCO  TAIPEI  WASHINGTON, DC
DM_US\8332243.v1

REDACTED

Cass W. Christenson, Esq.
June 14, 2006
Page 2

We stated that we will not provide a witness to testify on "compliance with U.S. regulations." We agreed that we are at an impasse on that issue.

We also stated that we will not provide additional information about the document at CPT-D 2488 *et seq.* We explained that Ms. Fan invited you to examine Mr. Kuan about the information in the document during the deposition but you declined. You disagreed and said that you did examine the witness but did not get satisfactory answers.

We stated that CPT will produce documents provided to potential investors, if they exist. We will do our best to produce any existing documents this week.

Finally, we stated that CPT will produce

We will do our best to produce the documents this week if they relate to LCD technology.

### 3. Sales summaries

We stated that ViewSonic has produced the sales summaries that LPL has been seeking. You reserved comment until after you have a chance to review Bonnie Uphold's deposition transcript. We further stated that the other defendants will not create summaries of sales information for LPL. We said that the existing documents, which contain the information needed for you to create sales summaries, have been produced. You disagreed that the documents that have been produced contain the information LPL needs.

### 4. Tatung

We agreed to look into the letter you sent us on June 12, 2006 and speak to you about the issues it contains at our next meet and confer.

### 5. Issues from my letter of June 13, 2006

You agreed to look into the letter I sent you on June 13, 2006 and speak to us about the issues it contains at our next meet and confer.

### 6. Nisha Mody

You agreed to look into the issue regarding Nisha Mody and speak to us about it at our next meet and confer.

DM_US\8332243 v1

REDACTED

Cass W. Christenson, Esq.
June 14, 2006
Page 3

### 7. Other issues for next meet and confer

You agreed that you would confer with Gap Bono and speak to us at our next meet and confer regarding Mr. Bono's statement that LPL need not provide witnesses regarding topics to which LPL has objected.

You were unable to commit to a time for our next meet and confer, but we agreed to have it as soon as possible. We will wait to hear from you regarding a suggested time.

Very truly yours,

Steven Yovits

# EXHIBIT 3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LG. PHILIPS LCD CO., LTD., | ) | |
| | ) | |
| Plaintiff, | ) | C. A. No. 05-292 (JJF) |
| | ) | |
| v. | ) | |
| | ) | |
| TATUNG COMPANY; | ) | |
| TATUNG COMPANY OF AMERICA, INC.; | ) | |
| CHUNGHWA PICTURE TUBES, LTD.; | ) | |
| AND VIEWSONIC CORPORATION, | ) | |
| | ) | |
| Defendants. | | |

## DEFENDANT CHUNGHWA PICTURE TUBES, LTD. RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTIONOF DOCUMENTS AND THINGS

Defendant, Chunghwa Picture Tubes, Ltd. ("CPT"), by its attorneys responds to Plaintiff

LG. Philips LCD Co., Ltd.'s requests for production of documents as follows:

### PRELIMINARY STATEMENT

1.     CPT makes the objections and responses herein (collectively "Responses") based

solely on its current knowledge, understanding, and belief as to the facts and the information

available to it as of the date of the Responses. Additional discovery and investigation may lead

to additions to, changes in, or modifications of these Responses. CPT reserves the right to

produce subsequently discovered information and to introduce such subsequently discovered

information at the time of any hearing or trial in this action.

2.     By agreeing to produce any relevant and non-privileged categories of documents

or things in its possession, custody, or control, CPT represents not that any such documents or

**RESPONSE TO REQUEST NO. 60:**

CPT objects to this request in that it seeks information and documents protected by the attorney-client privilege and/or work product immunity. Subject to the foregoing and its Preliminary Statement and General Objections, CPT will produce relevant, non-privileged documents responsive to this request.

**REQUEST NO. 61:**

All documents and products on which you rely to support any contention that any claims of the Patents-in-Suit are invalid.

**RESPONSE TO REQUEST NO. 61:**

CPT objects to this request in that it seeks information and documents protected by the attorney-client privilege and/or work product immunity. Subject to the foregoing and its Preliminary Statement and General Objections, CPT will produce relevant, non-privileged documents responsive to this request.

**REQUEST NO. 62:**

All documents that you submitted to, filed with, and/or received from any U.S. government agency or employee concerning the possible or actual importation, distribution, use, and/or sale in or to the U.S. of LCD display modules or LCD display panels since May 13, 1999.

**RESPONSE TO REQUEST NO. 62:**

CPT objects to this request in that it is overly broad and unduly burdensome and seeks documents not relevant to the issues in this litigation or not reasonably calculated to lead to the

discovery of admissible evidence. Subject to the foregoing Preliminary Statement and General

Objections, no documents will be produced.

## REQUEST NO. 63:

Documents sufficient to determine whether each type and model of LCD display module and LCD display panel made by or for you since May 13, 1999, could be lawfully imported, sold, and/or used in the U.S., including, for example, documents reflecting any U.S. regulatory approval and/or compliance.

## RESPONSE TO REQUEST NO. 63:

CPT objects to this request in that it is overly broad and seeks documents not relevant to

the issues in this litigation or not reasonably calculated to lead to the discovery of admissible

evidence. Subject to the foregoing and its Preliminary Statement and General Objections, no

documents will be produced.

## REQUEST NO. 64:

All correspondence and documents reflecting communications between or among Tatung Co., Tatung Company of America, Inc., Chunghwa Picture Tubes, Ltd. and/or ViewSonic Corp. regarding any LCD display products, LCD display modules, or LCD display panels imported, sold, and/or marketed in or to the U. S. since May 13, 1999.

## RESPONSE TO REQUEST NO. 64:

CPT objects to this request in that it seeks information and documents protected by the

attorney-client privilege and/or work product immunity. CPT objects to this request in that it is

overly broad and seeks documents not relevant to the issues in this litigation or not reasonably

calculated to lead to the discovery of admissible evidence. Subject to the foregoing and its

Preliminary Statement and General Objections, CPT has or will produce relevant, non-privileged

documents regarding the subject matter of the patents-in-suit.

32

# EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LG. PHILIPS LCD CO., LTD., | ) | |
| | ) | |
| Plaintiff, | ) | C. A. No. 05-292 (JJF) |
| | ) | |
| v. | ) | |
| | ) | |
| TATUNG COMPANY; | ) | |
| TATUNG COMPANY OF AMERICA, INC.; | ) | |
| CHUNGHWA PICTURE TUBES, LTD.; | ) | |
| AND VIEWSONIC CORPORATION, | ) | |
| | | |
| Defendants. | | |

**DEFENDANT CHUNGHWA PICTURE TUBES, LTD.'S
OBJECTIONS TO PLAINTIFF'S NOTICE OF RULE 30(b)(6) DEPOSITION**

**GENERAL OBJECTIONS**

1.      CPT objects to the time and location of the deposition noticed in Plaintiff's Notice of Rule 30(b)(6) deposition of Chunghwa Picture Tubes, Ltd.  CPT will work with Plaintiff to schedule a mutually agreeable time and place for the deposition of its witnesses.

2.      CPT objects to the deposition topics to the extent that certain Topics seek information that is protected from disclosure by the attorney-client privilege, the work product doctrine, or by any other applicable privilege or discovery immunity.

**SPECIFIC OBJECTIONS AND RESPONSES**

**Topic No. 1:**

Each type of LCD display module made, used, sold, and/or offered for sale, by or for you, each month since May 13, 1999.

**Topic No. 29:**

Whether each type of LCD display module and LCD display panel made, sold, or offered for sale, by or for you, since May 13, 1999, could be lawfully imported and/or sold in the United States since May 13, 1999, including, for example, documents reflecting any United States regulatory approval and/or compliance.

**Objection and Response:**

CPT objects to this topic as overly broad and unduly burdensome. CPT further objects to this topic because it is vague and ambiguous and does not describe with reasonable particularity the matters on which examination is requested. CPT further objects to this topic to the extent it seeks testimony that is protected by the attorney client privilege or work product immunity. CPT further objects to this topic to the extent it seeks legal conclusions. Without further clarification of the topic requested, CPT is unable to provide a witness to testify regarding Topic No. 29.

Respectfully submitted,

Dated: January 13, 2006

Christine A. Dudzik
Thomas W. Jenkins
Howrey LLP
321 North Clark Street, Suite 3400
Chicago, Illinois 60610
(312) 595-1239

Teresa M. Corbin
Glenn W. Rhodes
Howrey LLP
525 Market Street, Suite 3600
San Francisco, CA 94105
415.848.4900

Attorneys for Defendants/Counterclaimants
Chunghwa Picture Tubes, Ltd.; Tatung
Company; Tatung Company of America,
Inc.; and Viewsonic Corporation.

16

# EXHIBIT 5

# THE BAYARD FIRM
### A   T   T   O   R   N   E   Y   S

222 Delaware Avenue, Suite 900
PO Box 25130
Wilmington, DE 19899
Zip Code For Deliveries 19801

www.bayardfirm.com
302-655-5000
(FAX) 302-658-6395

Writer's Direct Access

(302) 429-4208
rkirk@bayardfirm.com

FILED ELECTRONICALLY

February 7, 2006

The Honorable Joseph J. Farnan, Jr.
United States District Court
844 North King Street
Wilmington, DE  19801

     RE:   *LG Philips LCD Co., Ltd. v. Tatung Company of Amercia, et al.*
             C.A. No. 05-292-JJF

Dear Judge Farnan:

In advance of tomorrow's discovery conference, Plaintiff LG Philips LCD Co., Ltd. ("LPL") respectfully submits this letter to update the Court on the status of this case, including discovery.

### Brief Background and Progress of the Case

LPL brought this action for patent infringement against Defendants Tatung Company ("Tatung"), Tatung Company of America, Inc. ("Tatung America"), Chunghwa Picture Tubes, Ltd. ("CPT"), and ViewSonic Corporation ("ViewSonic") (collectively, "Defendants"). LPL contends that Defendants have infringed two patents owned by LPL, U.S. Patent No. 6,738,121 ("the '121 Patent") and U.S. Patent No. 5,019,002 ("the '002 Patent") (collectively, the "Patents-in-Suit"). The Patents-in-Suit relate to the design and manufacture of liquid crystal display ("LCD") modules used in flat panel display products such as LCD computer monitors and LCD televisions.

This case is proceeding on an expedited schedule. Trial will begin on July 17, 2006, and the parties remain in discussions regarding whether to have a bench or jury trial. The parties have served and responded to multiple sets of document requests and interrogatories. Additionally, the parties have noticed Rule 30(b)(6) and fact witness depositions, which will begin later this month.

Regarding the *Markman* hearing set for March 6, 2006, the parties have reached agreement on a schedule for the exchange of claim terms, definitions, and briefs in advance of the hearing. The parties will present their proposal to the Court for approval.

609392v1

THE BAYARD FIRM

The Honorable Joseph J. Farnan, Jr.
February 7, 2006
Page 2

### Discovery Issues Resolved by the Parties

Counsel have met and conferred by phone several times to discuss discovery and case management issues. The parties have reached agreement in several areas and agreed to take other issues under consideration. As a result of counsel's cooperation, for example, the parties have achieved the following:

- submitting a joint protective order and proposed scheduling order;
- agreeing that voluminous discovery exchanged in a pending case in California can be used in this case;
- promptly responding to numerous interrogatories and document requests without extensions of time;
- identifying designees for Rule 30(b)(6) topics and any need for interpreters;
- exchanging proposed deposition dates and working to negotiate a schedule that meets the March 17 fact deposition deadline;
- agreeing to bring 30(b)(6) witnesses to the U.S. for depositions (plaintiff in Washington, D.C. and defendants in Los Angeles);
- attempting to make fact witnesses within each party's control available for deposition in the U.S.;
- agreeing to produce documents to each other received in response to third party subpoenas;
- agreeing on a proposed process and schedule for *Markman* briefing that meets the March 1 briefing deadline;
- agreeing to defer expert discovery until after fact discovery; and
- attempting to identify appropriate representative products and patent claims for trial.

### Representative Products and Claims

At the Scheduling Conference on December 8, 2005, the Court indicated that the parties should work to identify representative products and claims for trial. Shortly thereafter, LPL requested product information and samples from Defendants as a necessary first step toward achieving that goal. Regarding the '121 Patent, Defendants have stated that they will provide a listing of all modules by size and application; identify which modules contain Tape Carrier Packages; and identify which type of Tape Carrier Package is used in which module.

Defendants recently produced documents which we are told include, in Chinese, some of the information requested regarding the modules and Tape Carrier Packages relevant to the '121 Patent. However, the listing with information has not yet been provided by Defendants as to products and Tape Carrier Packages.

609392v1

THE BAYARD FIRM

The Honorable Joseph J. Farnan, Jr.
February 7, 2006
Page 3

In addition, Defendants have not yet produced information to identify representative products regarding the '002 Patent. Defendants' counsel has indicated that further information, as well as physical product samples, will be produced. To identify representative products and claims, LPL needs and has requested, at a minimum, the following information:

- physical product samples to assess which products may be representative;

- a list, in English, of which LCD modules and products use which types of Tape Carrier Packages (the '121 Patent relates to a Tape Carrier Package);

- a list, in English, of which LCD modules and products are manufactured using electrostatic discharge ("ESD") guard rings (the '002 Patent relates to ESD guard rings); and

- product information, including, for example, information on the manufacturing process for the motherglass used to make LCD panels (this relates to the '002 Patent).

When LPL receives this information, LPL will work with Defendants to determine representative products and claims.

**Discovery Issues for the Court to Address**

**A.    Document Requests and Production**

Both sides have made initial document productions, with additional documents to be produced. LPL has produced some documents, but other documents that may be responsive to some of Defendants' requests have not yet been produced as they are in foreign languages and need to be reviewed by personnel fluent in the relevant language to determine whether they are responsive, non-privileged, and should be produced. This process is time consuming. LPL has worked diligently, including weekends, and will continue to do so to produce responsive, non-privileged documents on a rolling basis as quickly as possible. LPL will be able to produce additional documents no later than Friday, February 10, and will continue to produce documents as they are obtained from the client and reviewed.

With respect to Defendants' document production, LPL recently received Defendants' documents, and the documents are being reviewed. This review process is time consuming and cumbersome because many of the produced documents are in a foreign language. This makes it difficult to determine what information has been provided by Defendants, and what information has not. Defendants have also indicated that they will not produce certain requested documents. The parties have had several discussions regarding document objections, and Defendants have taken some objections under consideration. For example, LPL believes it is entitled to, and that Defendants should be required to produce, documents reflecting Defendants' methodology or basis

THE BAYARD FIRM

The Honorable Joseph J. Farnan, Jr.
February 7, 2006
Page 4

used, during the relevant time period, to negotiate or calculate royalty rates for patents or subject matter comparable to the Patents-in-Suit. *See* Defendant CPT's Responses to Plaintiff's First Set of Requests for Production of Documents and Things at Request & Response No. 51 (Ex. 1).[1] These matters may need to be discussed with the Court.

**B.     Interrogatories and Answers**

Defendants have requested that LPL answer interrogatories related to which specific claims LPL contends are infringed, and how Defendants' products infringe these claims. LPL is awaiting Defendants' product information and samples so that LPL can identify the appropriate set of products and claims for trial. After LPL receives the necessary information, LPL will be able to supplement its interrogatory answers.

In addition, Defendants informed us that, rather than providing Rule 30(b)(6) witnesses to testify regarding the basis for Defendants' contentions on patent infringement, validity, enforceability, and prior art, Defendants have instead elected to provide interrogatory answers on these topics. Defendants also suggest these topics should be the subject of expert depositions. LPL agrees with Defendants' position that this information should initially be provided pursuant to interrogatories, and then should be the subject of expert depositions, so long as this applies equally to all parties. LPL agrees to supplement its interrogatory answers to provide its position on these subjects so as to streamline the deposition process, as we understand Defendants are proposing.

**C.     Rule 30(b)(6) Depositions**

Defendants have initially indicated that no witness will be designated on several topics noticed for deposition by LPL under Rule 30(b)(6). For example, LPL seeks testimony regarding: (a) Defendants' conduct after learning of the Patents-in-Suit, regarding their duty of due care (*see* Defendant CPT's Objections to Plaintiff's Notice of Rule 30(b)(6) Deposition at Topic & Objection Nos. 10, 11 (Ex. 2)[2]); (b) Defendants' agreements and relationships with customers and brands that purchase, sell, distribute, or import Defendants' relevant products (*see id.* at Topic & Objection Nos. 16, 21); and (c) Defendants' compliance with U.S. laws and regulations applicable to the design, manufacture, importation, and sale of Defendants' relevant products (*see id.* at Topic & Objection No. 29). Defendants have also informed us that they are reconsidering some of the topics to which they initially objected. We may need to discuss with the Court the scope of the topics that will be addressed by Defendants' Rule 30(b)(6) designees.

---

[1] LPL's document requests propounded to each of the four Defendants, and Defendants' responses, are substantially the same. For the Court's convenience, LPL refers to CPT's discovery responses and objections, although LPL seeks corresponding discovery from all Defendants. For example, document request no. 44 to CPT corresponds to request no. 48 to Tatung, Tatung America, and ViewSonic.

[2] With respect to Topics 10 and 11, Defendants have agreed to designate a witness, but only "to testify regarding CPT's first awareness of the Patents-in-Suit." LPL does not agree with the limitation Defendants apparently have placed on this topic, and seeks testimony on the topic as framed by LPL.

THE BAYARD FIRM

The Honorable Joseph J. Farnan, Jr.
February 7, 2006
Page 5

Respectfully submitted,

/s/ Richard D. Kirk (rk0922)

RDK/slh
cc:    Clerk of the Court (by hand)
       All counsel as shown on the attached certificate

609392v1

Exhibit 6

# CONFIDENTIAL DOCUMENT

These pages have been removed because they contain
confidential information subject to the Protective Order.

# Exhibit 7

# CONFIDENTIAL DOCUMENT

These pages have been removed because they contain
confidential information subject to the Protective Order.

# Exhibit 8

# CONFIDENTIAL DOCUMENT

These pages have been removed because they contain confidential information subject to the Protective Order.

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on June 23, 2006, he electronically filed

the foregoing document with the Clerk of the Court using CM/ECF, which will send

automatic notification of the filing to the following:

Robert W. Whetzel, Esq.
Matthew W. King, Esq.
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899


The undersigned counsel further certifies that copies of the foregoing document

were sent on June 23, 2006 by email and by hand to the above counsel and by email and

first class mail to the following non-registered participants:

Christine A. Dudzik, Esq.              Teresa M. Corbin, Esq.
Thomas W. Jenkins, Esq.              Glenn W. Rhodes, Esq.
Howrey LLP                                 Julie Gabler, Esq.
321 North Clark Street                   Howrey LLP
Suite 3400                                   525 Market Street
Chicago, IL  60610                        Suite 3600
                                                San Francisco, CA  94105


/s/ Richard D. Kirk (rk0922)
Richard D. Kirk

602380v1

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on August 18, 2006, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Robert W. Whetzel, Esq.
Matthew W. King, Esq.
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

The undersigned counsel further certifies that copies of the foregoing document were sent on August 18, 2006 by email and by hand to the above counsel and by email and first class mail to the following non-registered participants:

Christine A. Dudzik, Esq.
Thomas W. Jenkins, Esq.
Howrey LLP
321 North Clark Street
Suite 3400
Chicago, IL  60610

Teresa M. Corbin, Esq.
Glenn W. Rhodes, Esq.
Julie Gabler, Esq.
Howrey LLP
525 Market Street
Suite 3600
San Francisco, CA  94105

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk

602380v1