## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

LG.PHILIPS LCD CO., LTD.,

                   Plaintiff/Counterclaim Defendant,

     v.

TATUNG COMPANY;
TATUNG COMPANY OF AMERICA, INC.;
CHUNGHWA PICTURE TUBES, LTD.;
AND VIEWSONIC CORPORATION,

          Defendants/Counterclaim Plaintiffs.

Civil Action No. 05-292 (JJF)

**REDACTED**

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* (NO. 7) TO PRECLUDE LPL FROM SOLICITING OR OFFERING ANY TESTIMONY, EVIDENCE, OR ARGUMENT RELATING TO ANY BUSINESS RELATIONSHIP BETWEEN CPT AND ANY OTHER COMPANY

THE BAYARD FIRM
Richard D. Kirk (#922)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE  19899-5130
(302) 429-4208

Counsel for Plaintiff
LG.PHILIPS LCD CO., LTD.

OF COUNSEL:
Gaspare J. Bono
Matthew T. Bailey
Cass W. Christenson
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006
(202) 496-7500 (Telephone)
(202) 496-7756 (Facsimile)
June 30, 2006

Plaintiff LG.Philips LCD Co., Ltd. ("LPL"), hereby opposes Defendants' Motion in Limine (No. 7) seeking to preclude LPL from Soliciting or Offering any Testimony, Evidence, or Argument Relating to any Business Relationship Between CPT and any other Company (the "Motion"). Defendants' Motion attempts to preclude LPL from offering evidence that is relevant and significant concerning Defendants' liability for direct infringement and actively inducing infringement. The Court should deny the Motion in all respects.

## I.  DEFENDANTS' MOTIONS *IN LIMINE* IMPROPERLY SEEK LEGAL RULINGS ON BROAD ISSUES AND FAIL TO SHOW UNDUE PREJUDICE

Defendants have filed seven (7) motions in limine on broad subjects. Pretrial motions to exclude evidence lack trial context and are rarely granted. *See In re Diet Drugs Prods. Liab. Litig.*, 369 F.3d 293, 314 (3d Cir. 2004) (pretrial exclusion under FRE 403 "is an extreme measure"); *In re Paoli R.R. Yard PCB Litig.*, 916 F.2d 829, 859 (3d Cir. 1990). Defendants' motions improperly seek to undercut LPL's ability to argue and present its case, instead of presenting narrow evidentiary issues. *See TVT Records v. Island Def Jam Music Group*, 250 F. Supp. 2d 341, 344 (S.D.N.Y. 2003) (motions in limine should not be used "as preemptive weapons . . . to strike in shotgun fashion at whole topics," effectively requiring "a form of advance trial of substantive" issues). Further, Defendants' motions fail to establish any undue prejudice. *See Ansell v. Green Acres Contracting Co.*, 347 F.3d 515, 525 (3d Cir. 2003) (explaining that "[p]rejudice does not simply mean damage to the opponent's cause[,]" otherwise, "most relevant evidence would be deemed prejudicial.") (quoting *Goodman v. Pa. Turnpike Comm'n*, 293 F.3d 655, 670 (3d Cir. 2002)). This Motion, like Defendants' other motions in

limine, broadly and impermissibly seeks to foreclose LPL from presenting relevant and admissible evidence, and should be denied.

## II.  CPT'S STRATEGIC ALLIANCES WITH DEFENDANTS AND U.S. CUSTOMERS TO EXPLOIT THE U.S. MARKET WITH INFRINGING LCD PRODUCTS

Chunghwa Picture Tubes, Ltd. ("CPT") has business relationships with Defendants Tatung Co. ("Tatung"), Tatung Company of America, Inc. ("Tatung America"), and ViewSonic Corp. ("ViewSonic"). In turn, Tatung, Tatung America, and ViewSonic sell LCD products with CPT modules, such as monitors and televisions, to various U.S. customers.[1] These strategic relationships are used to exploit and serve the U.S. market with infringing products.

CPT makes LCD modules for popular consumer products, including laptop computers, LCD monitors, and LCD televisions.

---

[1]

2

Tatung, based in Taiwan, is the corporate parent of CPT and Tatung America.

Tatung markets itself as a global company that offers customers advantages arising from its vertical integration and overseas subsidiaries,

3

**REDACTED**

including Tatung America and other subsidiaries in the U.S.[2]

_____

[2]

[3]

*(footnote continued on next page)*

**REDACTED**

### III. EVIDENCE OF ACTIVE INDUCEMENT IS ADMISSIBLE AND IS NOT LIMITED TO CONDUCT THAT ORIGINATES OR OCCURS WITHIN THE U.S.

As this Court has explained, actively inducing another to infringe subjects the inducing party to liability. *See Corning Inc. v. SRU Biosystems*, 400 F. Supp. 2d 653, 665 (D. Del. 2005) (citing 35 U.S.C. § 271(b)). CPT is guilty of inducement when it "actively and knowingly" aids and abets another party to infringe directly.[4] *Id.* (citing *Hewlett-Packard Co. v. Bausch & Lomb Inc.*, 909 F.2d 1464, 1469 (Fed. Cir. 1990)). Liability for inducement requires proof that CPT intended to induce infringement.

_____

*(footnote continued from previous page)*

[4] As the Federal Circuit has recently observed, some precedent requires only a showing of intent to induce the conduct that infringes, while other precedent could be read to require a showing of intent to induce infringement. Because CPT knowingly and actively induced direct infringement after CPT was aware of the '002 patent, this distinction is academic and the intent element is satisfied under either standard. *See MEMC Elec. Materials Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1379 n.4 (Fed. Cir. 2005); *see also SEB, S.A. v. Montgomery Ward & Co.*, 412 F. Supp. 2d 336, 344 (S.D.N.Y. 2006).

REDACTED

Significantly, however, this intent "may be proven by circumstantial evidence" as well as direct evidence. *Id.* The evidence that Defendants seek to exclude directly and circumstantially shows direct infringement in the U.S. and active inducement of that infringement by CPT and others.

Defendants all agree that the U.S. is a major market for LCD products.

The jury is entitled to know about CPT's extensive efforts to establish and maintain relationships with U.S. customers and companies and to supply infringing modules for products sold in the U.S.

The U.S. Court of Appeals for the Federal Circuit has confirmed recently that foreign companies cannot escape liability for conduct outside of the U.S. that actively induces direct infringement in the U.S. *See MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1379-80 (Fed. Cir. 2005). Further, this Court

6

**REDACTED**

has recognized that infringers may act in concert to commit the tort of patent infringement in the same way that other torts can be committed in concert. *See Rohm & Haas Co. v. Mobil Oil Corp.*, 718 F. Supp. 274, 331-32 (D. Del. 1989). Recently, courts have concluded that, like CPT in this case, foreign companies are liable for infringement when they directly encourage companies to import and sell infringing products in the U.S. *See, e.g., 02 Micro Int'l Ltd. v. Sumida Corp.*, No. 2:03-CV-07, 2006 WL 981987, at **2-3 (E.D. Tex. Apr. 2, 2006); *Translogic Tech., Inc. v. Hitachi, Ltd.*, 404 F. Supp. 2d 1250, 1252-53 (D. Or. 2005) ("A reasonable jury could infer from the evidence that Hitachi, Ltd. sold infringing microprocessors to Sega Japan and encouraged Sega Japan to use the infringing microprocessors in Dream Cast products that Hitachi, Ltd., know would be imported into the United States, and that Sega Japan did import the Dream Cast products into the United States."). Evidence of liability may include, for example, the following types of conduct undertaken by CPT and others in this case:

- Communications with U.S. Companies, such as Dell, giving rise to the inference that defendant "knew its modules would be imported into the United States" and that defendant "sought to meet Dell's specifications to exploit the domestic market" such that defendant's components would be used in Dell products and "sold everywhere Dell sells – including the United States";

- Dell was considered the actual buyer of defendant's components used by Dell suppliers;

- Defendant's representative personally met with Dell personnel in Texas;

7

- Defendant sold directly to a company that sells to Dell, and met with Dell to increase sales to Dell's supplier, even though Dell was not a "direct customer";

- Defendant directly communicated with Dell and supplied information to Dell regarding accused components.

As in the above case, *02 Micro*, a reasonable jury should conclude that CPT "knowingly committed acts designed to influence" Dell and other companies "to import laptops" and other products using infringing CPT modules into the U.S. "and, in any event, intended for its modules to be incorporated into Dell laptops to exploit the U.S. market." 2006 WL 981987 at *2.[5]

CPT has actively and directly encouraged other companies to purchase infringing modules for products to be imported and sold in the U.S. CPT has continued to induce such infringement in the U.S. since it learned of the '002 patent. CPT and the other Defendants are part of a supply and distribution network that imports and sells infringing LCD products in and to the U.S. regularly. LPL should be permitted to introduce at trial all of the relevant evidence regarding CPT's concerted efforts to exploit the U.S. market and supply the U.S. market with products using infringing CPT modules. *See Ansell*, 347 F.3d at 523 ("Evidence is relevant if it makes 'the existence of any fact that is of consequence to the determination

---

[5] CPT's argument about extraterritoriality is unavailing. CPT cannot avoid liability merely because sales originate outside the U.S. The inducement statute, § 271(b), "does not include the same territorial limitations of the contributory infringement statute" and CPT is liable if it knowingly acted to induce importation or infringing products. *02 Micro*, 2006 WL 981987 at *2; *see also SEB, S.A. v. Montgomery Ward & Co.*, 412 F. Supp. 2d 336, 343 (S.D.N.Y. 2006).

REDACTED

of the action more probable or less probable than it would be without the evidence.'")

(quoting Fed. R. Evid. 401).

**IV.    CONCLUSION**

Accordingly, for all the foregoing reasons, Defendants' Motion should be denied.

June 30, 2006

THE BAYARD FIRM

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk (#922)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899-5130
(302) 655-5000
rkirk@bayardfirm.com

Counsel for Plaintiff
LG.PHILIPS LCD CO., LTD.

OF COUNSEL:
Gaspare J. Bono
Matthew T. Bailey
Cass W. Christenson
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006
(202) 496-7500

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on June 30, 2006, he electronically filed

the foregoing document with the Clerk of the Court using CM/ECF, which will send

automatic notification of the filing to the following:

Robert W. Whetzel, Esq.
Matthew W. King, Esq.
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899


The undersigned counsel further certifies that copies of the foregoing document

were sent on June 30, 2006 by email and by hand to the above counsel and by email and

first class mail to the following non-registered participants:

Christine A. Dudzik, Esq.          Teresa M. Corbin, Esq.
Thomas W. Jenkins, Esq.            Glenn W. Rhodes, Esq.
Howrey LLP                         Julie Gabler, Esq.
321 North Clark Street             Howrey LLP
Suite 3400                         525 Market Street
Chicago, IL  60610                 Suite 3600
                                   San Francisco, CA  94105


                          /s/ Richard D. Kirk (rk0922)
                          Richard D. Kirk

Exhibit 1

# CONFIDENTIAL DOCUMENT

These pages have been removed because they contain
confidential information subject to the Protective Order.

Exhibit 2

# CONFIDENTIAL DOCUMENT

These pages have been removed because they contain
confidential information subject to the Protective Order.

Exhibit 3

# CONFIDENTIAL DOCUMENT

These pages have been removed because they contain confidential information subject to the Protective Order.

Exhibit 4

# CONFIDENTIAL DOCUMENT

These pages have been removed because they contain confidential information subject to the Protective Order.

Exhibit 5

# CONFIDENTIAL DOCUMENT

These pages have been removed because they contain confidential information subject to the Protective Order.

Exhibit 6

# CONFIDENTIAL DOCUMENT

These pages have been removed because they contain confidential information subject to the Protective Order.

Exhibit 7

# CONFIDENTIAL DOCUMENT

These pages have been removed because they contain confidential information subject to the Protective Order.

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on August 18, 2006, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Robert W. Whetzel, Esq.
Matthew W. King, Esq.
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

The undersigned counsel further certifies that copies of the foregoing document were sent on August 18, 2006 by email and by hand to the above counsel and by email and first class mail to the following non-registered participants:

Christine A. Dudzik, Esq.
Thomas W. Jenkins, Esq.
Howrey LLP
321 North Clark Street
Suite 3400
Chicago, IL  60610

Teresa M. Corbin, Esq.
Glenn W. Rhodes, Esq.
Julie Gabler, Esq.
Howrey LLP
525 Market Street
Suite 3600
San Francisco, CA  94105

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk

602380v1