IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG.PHILIPS LCD CO., LTD.,<br><br>　　　　　Plaintiff/Counterclaim Defendant,<br><br>　v.<br><br>TATUNG COMPANY;<br>TATUNG COMPANY OF AMERICA, INC.;<br>CHUNGHWA PICTURE TUBES, LTD.;<br>AND VIEWSONIC CORPORATION,<br><br>　　　　　Defendants/Counterclaim Plaintiffs. | Civil Action No. 05-292 (JJF)<br><br>**REDACTED** |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* (No. 2)
TO EXCLUDE ARGUMENT AND EVIDENCE RELATING TO DEFENDANTS'
OPINIONS OF COUNSEL**

　　　　　　　　　　　　　　　　　　　　　　　THE BAYARD FIRM
　　　　　　　　　　　　　　　　　　　　　　　Richard D. Kirk (#922)
　　　　　　　　　　　　　　　　　　　　　　　222 Delaware Avenue, Suite 900
　　　　　　　　　　　　　　　　　　　　　　　P.O. Box 25130
　　　　　　　　　　　　　　　　　　　　　　　Wilmington, DE 19899-5130
　　　　　　　　　　　　　　　　　　　　　　　(302) 429-4208

　　　　　　　　　　　　　　　　　　　　　　　Counsel for Plaintiff
　　　　　　　　　　　　　　　　　　　　　　　LG.PHILIPS LCD CO., LTD.

OF COUNSEL:
Gaspare J. Bono
Matthew T. Bailey
Cass W. Christenson
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006
(202) 496-7500 (Telephone)
(202) 496-7756 (Facsimile)

June 30, 2006

Plaintiff LG.Philips LCD Co., Ltd. ("LPL"), hereby opposes Defendants' Motion *in Limine* (No. 2) to Exclude Argument and Evidence Relating to Defendants' Opinions of Counsel (the "Motion"). Contrary to Defendants' assertions, LPL does not seek to draw an adverse inference based on Defendants' assertion of privilege over their opinions of counsel. However, because Defendants are not relying on advice of counsel in this case, and because Defendants have blocked LPL's attempts to discover any facts related to opinions of counsel or actions taken at the instruction of counsel, Defendants also must not be allowed to offer any argument or evidence related to their opinions of counsel. The Court should deny Defendants' Motion and should further preclude Defendants from attempting to discuss or rely at trial on any legal opinions or advice.

## I. DEFENDANTS' MOTIONS *IN LIMINE* IMPROPERLY SEEK LEGAL RULINGS ON BROAD ISSUES AND FAIL TO SHOW UNDUE PREJUDICE

Defendants have filed seven (7) motions in limine on broad subjects. Pretrial motions to exclude evidence lack trial context and are rarely granted. *See In re Diet Drugs Prods. Liab. Litig.*, 369 F.3d 293, 314 (3d Cir. 2004) (pretrial exclusion under FRE 403 "is an extreme measure"); *In re Paoli R.R. Yard PCB Litig.*, 916 F.2d 829, 859 (3d Cir. 1990). Defendants' motions improperly seek to undercut LPL's ability to argue and present its case, instead of presenting narrow evidentiary issues. *See TVT Records v. Island Def Jam Music Group*, 250 F. Supp. 2d 341, 344 (S.D.N.Y. 2003) (motions in limine should not be used "as preemptive weapons . . . to strike in shotgun fashion at whole topics," effectively requiring "a form of advance trial of substantive" issues). Further, Defendants' motions fail to establish any undue prejudice. *See Ansell v. Green Acres Contracting Co.*, 347 F.3d 515, 525 (3d Cir. 2003) (explaining that "[p]rejudice does not simply mean damage to the opponent's cause[,]" otherwise, "most relevant

2

evidence would be deemed prejudicial.") (quoting *Goodman v. Pa. Turnpike Comm'n*, 293 F.3d 655, 670 (3d Cir. 2002)). This Motion, like Defendants' other motions in limine, lacks merit and should be denied.

## II. DEFENDANTS ARE NOT RELYING ON ADVICE OF COUNSEL AND HAVE BLOCKED LPL'S ATTEMPTS TO DISCOVER ANY FACTS RELATED TO OPINIONS OF COUNSEL

As stated in Defendants' Motion,

If Defendants were relying on advice of counsel, as a defense to willfulness, for example, the attorney-client privilege would be waived and LPL would be entitled to all relevant discovery. *See, e.g., In re EchoStar Communications Corp.*, 448 F.3d 1294, 1299 (Fed. Cir. 2006). However, Defendants have represented to the Court that they "do not intend to waive privilege to support their arguments in this case." (Response to Plaintiff's Motion to Compel Deposition Testimony and For Sanctions at 4 (D.I. 206).)

During discovery, moreover, Defendants have

**REDACTED**

Defendants have not identified any discoverable or admissible fact to support due care or oppose LPL's allegations of willfulness. *See, e.g.*, Ex. 1, B. Chang Dep. at 105; Ex. 2, Wang Dep. at 272-73; Ex. 3, P. Chang Dep. at 95-100; Ex. 4, Lee Dep. at 162-64. LPL is entitled to present evidence to the jury to prove willfulness, including the lack of evidence regarding due care, without seeking any adverse inference instruction. Otherwise, Defendants would improperly get an inference that they exercised due care based on legal advice not relied on at trial and as to which Defendants have blocked all discovery.

### III. SINCE DEFENDANTS ARE NOT RELYING ON ADVICE OF COUNSEL, ANY OPINIONS AND ADVICE OF COUNSEL ARE IRRELEVANT AT TRIAL

Contrary to Defendants' assertions, LPL does not seek to draw an adverse inference based on CPT's assertion of privilege over its opinions of counsel. *Cf. Knorr-Bremse Systeme Fuer Nutzfahrzeuge GMBH v. Dana Corp.*, 383 F.3d 1337, 1344 (Fed. Cir. 2004). However, given Defendants' election to keep their opinions of counsel out of this case, *the Court must not allow Defendants to draw any positive inference based on such opinions.*

To the extent the Court agrees with Defendants that, given Defendants' assertion of privilege, LPL may not offer argument or evidence regarding Defendants' opinions of

---

[1] Because of improper instructions not to answer, LPL has filed its pending motion to compel (D.I. 198), seeking testimony on the obstructed topics and sanctions.

**REDACTED**

counsel, that limitation must apply equally to Defendants – not only to LPL.[2] It would be highly prejudicial and unfair to LPL if Defendants were allowed to use privilege as a shield to block LPL's discovery related to any opinions of counsel, and then refer to legal advice at trial – *in any way* – as a sword to argue due care. For example, Defendants must not be allowed to refer to, or reference in any way, any opinion of counsel as a defense to willfulness.

In their Motion, Defendants take the position that,

CPT's opinions of counsel are indeed irrelevant, and it would be grossly unfair to LPL if CPT were allowed to offer any argument or evidence related to such opinions at trial, which would have the improper effect of causing the jury to draw positive inferences of due care. In similar circumstances, this Court precluded an infringer, who had asserted privilege over certain attorney communications, from introducing legally irrelevant evidence of the attorney's involvement in pre-litigation correspondence because: "the true value to [the infringer] of this evidence is that it will permit [the infringer] to give the jury a subtle 'wink wink,' in the hope that the jury will draw the improper inference that the patent attorney's involvement demonstrates [the infringer's] lack of intent." *Software AG v. BEA Sys., Inc.*, No. Civ.A.03-739 GMS, 2005 WL

---

[2] Or, the Court may simply deny Defendants' Motion outright and instruct the jury that no adverse inference is warranted by Defendants' refusal to produce their opinions of counsel. *Cf. IMX, Inc v. Lendingtree, LLC*, No. Civ. 03-1067-SLR, 2006 WL 38918, at *1 (D. Del. Jan. 6, 2006) ("The fact that no opinion of counsel on the issue of infringement was acquired by defendant may be considered by the trier of fact in its willful infringement analysis, but no inference may be drawn to suggest that such an opinion, had it been acquired, would have been unfavorable to defendant.").

5

REDACTED

859266, at *2 (D. Del. Apr. 8, 2005). Likewise, Defendants must not be allowed any improper inferences here.

## IV. CONCLUSION

Accordingly, for all the foregoing reasons, Defendants' Motion should be denied, and, further, the Court should preclude Defendants from attempting to discuss or rely at trial on any legal opinions or advice.

THE BAYARD FIRM

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk (#922)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899-5130
(302) 655-5000
rkirk@bayardfirm.com

Counsel for Plaintiff
LG.PHILIPS LCD CO., LTD.

OF COUNSEL:
Gaspare J. Bono
Matthew T. Bailey
Cass W. Christenson
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006
(202) 496-7500

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on June 30, 2006, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Robert W. Whetzel, Esq.
Matthew W. King, Esq.
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

The undersigned counsel further certifies that copies of the foregoing document were sent on June 30, 2006 by email and by hand to the above counsel and by email and first class mail to the following non-registered participants:

| | |
|---|---|
| Christine A. Dudzik, Esq. | Teresa M. Corbin, Esq. |
| Thomas W. Jenkins, Esq. | Glenn W. Rhodes, Esq. |
| Howrey LLP | Julie Gabler, Esq. |
| 321 North Clark Street | Howrey LLP |
| Suite 3400 | 525 Market Street |
| Chicago, IL 60610 | Suite 3600 |
| | San Francisco, CA 94105 |

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk

602380v1

# Exhibit 1

# CONFIDENTIAL DOCUMENT

These pages have been removed because they contain confidential information subject to the Protective Order.

# Exhibit 2

# CONFIDENTIAL DOCUMENT

These pages have been removed because they contain confidential information subject to the Protective Order.

# Exhibit 3

# CONFIDENTIAL DOCUMENT

These pages have been removed because they contain confidential information subject to the Protective Order.

# Exhibit 4

# CONFIDENTIAL DOCUMENT

These pages have been removed because they contain confidential information subject to the Protective Order.

# CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on August 18, 2006, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Robert W. Whetzel, Esq.
Matthew W. King, Esq.
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

The undersigned counsel further certifies that copies of the foregoing document were sent on August 18, 2006 by email and by hand to the above counsel and by email and first class mail to the following non-registered participants:

| | |
|---|---|
| Christine A. Dudzik, Esq. | Teresa M. Corbin, Esq. |
| Thomas W. Jenkins, Esq. | Glenn W. Rhodes, Esq. |
| Howrey LLP | Julie Gabler, Esq. |
| 321 North Clark Street | Howrey LLP |
| Suite 3400 | 525 Market Street |
| Chicago, IL 60610 | Suite 3600 |
| | San Francisco, CA 94105 |

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk