UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG.PHILIPS LCD CO., LTD.,<br><br>Plaintiff,<br><br>v.<br><br>TATUNG COMPANY; TATUNG COMPANY OF AMERICA, INC.; CHUNGHWA PICTURE TUBES, LTD.; AND VIEWSONIC CORPORATION,<br><br>Defendants. | Civil Action No. 05-292 (JJF)<br><br>**<u>REDACTED</u>** |

**PLAINTIFF LG.PHILIPS LCD COMPANY, LTD.'S ANSWERING BRIEF
IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
OF NONINFRINGEMENT UNDER 35 U.S.C. § 271(a)**

THE BAYARD FIRM
Richard D. Kirk (#922)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899-5130
(302) 429-4208
rkirk@bayardfirm.com
Counsel For Plaintiff,
LG.PHILIPS LCD CO., LTD.

OF COUNSEL:
Gaspare J. Bono
Matthew T. Bailey
Cass W. Christenson
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006
(202) 496-7500 (Telephone)
(202) 496-7756 (Facsimile)

July 12, 2006

## **TABLE OF CONTENTS**

**Page**

I. NATURE AND STAGE OF THE PROCEEDINGS ................................................. 1

II. SUMMARY OF THE ARGUMENT ........................................................................ 1

III. COUNTER-STATEMENT OF FACTS .................................................................... 2

IV. ARGUMENT .............................................................................................................. 4

    A. Legal Standards ............................................................................................... 4

        1. Summary Judgment ............................................................................ 4

        2. Offers to Sell Under § 271(a) ............................................................ 5

    B. Defendants' Motion Fails to Address All Relevant Provisions of § 271(a) ............................................................................................................. 6

    C. CPT Offers to Sell the Patented Method in the United States in Violation of § 271(a) ...................................................................................... 7

V. CONCLUSION .......................................................................................................... 9

# TABLE OF AUTHORITIES

**Page**

## CASES

*3D Sys., Inc., v. Aarotech Labs., Inc.,*
  160 F.3d 1373, 1379 (Fed. Cir. 1998) ................................................................ 6, 9

*IMX, Inc. v. Lendingtree, LLC,*
  405 F. Supp. 2d 479, 483-84 (D. Del. 2005) ...................................................... 5, 8

*LG.Philips LCD Co., Ltd. v. Tatung Co.,*
  -- F. Supp. 2d --, 2006 WL 1627858, *1 (D. Del. June 13, 2006) ........................ 2

*MEMC Elec. Materials, Inc., v. Mitsubishi Materials Silicon Corp.,*
  420 F.3d 1369, 1373 (Fed. Cir. 2005) ............................................................. 5, 6, 9

*NTP, Inc. v. Research in Motion, LTD.,*
  418 F.3d 1282, 1318-1320 (Fed. Cir. 2005) ...................................................... 5, 6

*Padcom, Inc. v. Netmotion Wireless, Inc.,*
  418 F. Supp. 2d 589, 593 (D. Del. 2006) ............................................................. 5

*Reeves v. Sanderson Plumbing Prods., Inc.,*
  430 U.S. 133, 150 (2000) ...................................................................................... 5

## STATUTES

35 U.S.C. § 271(a) ................................................................................... *passim*

35 U.S.C. § 271(g) ................................................................................... 6, 7, 8

## RULES

Fed. R. Civ. P. 56(c) .................................................................................... 4

I.     **NATURE AND STAGE OF THE PROCEEDINGS**

This is a patent infringement case. Plaintiff LG.Philips LCD Company, Ltd. ("LPL") is asserting infringement of U.S. Patent No. 5,019,002, entitled "Method of Manufacturing Flat Panel Backplanes including Electrostatic Discharge Prevention and Displays Made Thereby" ("the '002 Patent" or the "Patent-in-Suit"). The Defendants are Chunghwa Picture Tubes, Ltd. ("CPT"); Tatung Company ("Tatung") and Tatung Company of America, Inc. ("Tatung America"); and ViewSonic Corporation ("ViewSonic") (collectively "Defendants"). CPT makes liquid crystal display ("LCD") products that it supplies to Tatung, Tatung America, ViewSonic, and other customers that import, make and/or sell LCD products in the United States.

Discovery is closed. The Pretrial Conference was held on July 7, 2006, and Defendants filed their Motion for Summary Judgment of Noninfringement Under 35 U.S.C. § 271(a) on July 10, 2006 ("Defendants' Motion") (D.I. 320). A jury trial will begin on July 17, 2006.

II.    **SUMMARY OF THE ARGUMENT**

1.     Defendants have failed to meet their burden of establishing that no genuine issue of material fact exists as to Defendants' infringement under § 271(a) because Defendants' Motion fails to address all of the relevant provisions of § 271(a). By focusing solely on the section's "use" prohibition, Defendants make no showing whatsoever with respect to the section's "offers to sell" and "sells" prohibitions. Defendants should not be permitted to foreclose an entire means of redress without first establishing that no genuine issue of material fact exists as to *each provision* of the statute that applies to Defendants' actions. As Defendants have failed to make any such showing, their Motion should be denied.

629856v1

2. Drawing all reasonable inferences in LPL's favor, a genuine issue of material fact exists as to whether CPT offers for sale the patented method in the United States.

CPT is actually offering to sell its manufacturing capabilities, which include the patented method. CPT makes these offers to U.S. customers in the United States in violation of § 271(a). Thus, genuine issues of material fact exist as to CPT's liability for infringement under § 271(a), and Defendants' Motion should be denied.

### III. COUNTER-STATEMENT OF FACTS

Broadly stated, the relevant claims of the '002 Patent relate to "flat panel, display screens and methods of manufacturing them that include electrostatic discharge guard rings to protect the active elements of the display from electrostatic discharge during and after manufacturing." *LG.Philips LCD Co., Ltd. v. Tatung Co.*, -- F. Supp. 2d --, 2006 WL 1627858, *1 (D. Del. June 13, 2006); *see also* D.I. 325, Ex. 1, U.S. Patent No. 5,019,002; D.I. 325, Ex. 2, Howard Tr. at 7-8, 102. These patented methods are particularly significant because they reduce the number of defects that appear in LCD modules as a result of the manufacturing process. This reduction in the number of defective modules increases yield rates and allows manufacturers to more fully and reliably realize their manufacturing capacity.

CPT manufactures its LCD products using the methods claimed in the '002 Patent. Significantly, CPT has disclosed

–that it makes using the patented technology. (*See* D.I. 325, Ex. 3.) CPT's modules are then used by Tatung, Tatung America, ViewSonic, and other CPT customers to make LCD monitors, LCD televisions and other LCD products.

CPT's ability to manufacture LCD modules

The record further indicates that CPT offers                              to its

U.S. customers in the United States. The testimony of Chien Ming Kuan, a manager in

---

[1] Unless otherwise indicated, all exhibits cited are attached to the Declaration of Gaspare J. Bono, filed contemporaneously with this memorandum.

629856v1

- 3 -

**REDACTED**

CPT's ability to manufacture LCD modules

The record further indicates that CPT offers to its U.S. customers in the United States. The testimony of Chien Ming Kuan, a manager in

---

[1] Unless otherwise indicated, all exhibits cited are attached to the Declaration of Gaspare J. Bono, filed contemporaneously with this memorandum.

CPT's Sales Department and Rule 30(b)(6) witness for CPT, shows that

## IV. ARGUMENT

Contrary to Defendants' assertions, genuine issues of material fact exist as to Defendants' direct infringement of the Patent-in-Suit under § 271(a). First, Defendants' Motion fails to address the "offers to sell" and "sells" provisions of § 271(a) as those provisions apply to the Patent-in-Suit. Second, the record shows that CPT utilizes the patented technology to

CPT offers to sell its manufacturing capabilities, and by definition the patented method, in violation of § 271(a). Consequently, LPL respectfully requests this Court to deny Defendants' Motion.

### A. Legal Standards

#### 1. Summary Judgment

Rule 56(c) of the Federal Rules of Civil Procedure entitles the moving party to judgment as a matter of law where "there are no genuine issues of material fact." Fed. R. Civ. P. 56(c). If the moving party satisfies its prima facie case for summary judgment, the burden shifts to the non-moving party to present evidence indicating a genuine issue

REDACTED

for trial. *MEMC Elec. Materials, Inc., v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1373 (Fed. Cir. 2005).

When considering a motion for summary judgment, the court "will 'view the underlying facts and all reasonable inferences therefrom in the light most favorable to the party opposing the motion.'" *IMX, Inc. v. Lendingtree, LLC*, 405 F. Supp. 2d 479, 483-84 (D. Del. 2005) (quoting *Pa. Coal Ass'n v. Babbitt*, 63 F.3d 231, 236 (3d Cir.1995)). The court should not, however, make credibility determinations or weigh the evidence. *Reeves v. Sanderson Plumbing Prods., Inc.*, 430 U.S. 133, 150 (2000). Instead, the court must deny summary judgment where facts that are "material" and disputes that are "genuine" would allow a rational person to conclude that the issue is in dispute. *See Padcom, Inc. v. Netmotion Wireless, Inc.*, 418 F. Supp. 2d 589, 593 (D. Del. 2006). Under these standards, the Court should deny Defendants' Motion.

### 2. Offers to Sell Under § 271(a)

An entity directly infringes a patent under § 271(a) when it "without authority makes, uses, offers to sell, or sells *any patented invention*, within the United States or imports into the United States any patented invention during the term of the patent therefore." 35 U.S.C. § 271(a) (emphasis added). Significantly, *§ 271(a) does not distinguish between method and apparatus claims*; accordingly, the statute imposes liability where an entity makes, uses, offers to sell, or sells a patented method in the

United States.[2] "Offers to sell" under § 271(a) occur where an entity "communicate[s] a 'manifestation of willingness to enter into a bargain, so made as to justify another person in understanding that his assent to that bargain is invited and will conclude it.'" *MEMC Elec.*, 420 F.3d at 1376 (quoting *Rotec Indus. v. Mitsubishi Corp.*, 215 F.2d 1246, 1257 (Fed. Cir. 2000)). Communications may rightfully be considered as offers to sell when they include, for example, "a description of the allegedly infringing merchandise and the price at which it can be purchased." *3D Sys., Inc., v. Aarotech Labs., Inc.*, 160 F.3d 1373, 1379 (Fed. Cir. 1998).

### B. Defendants' Motion Fails to Address All Relevant Provisions of § 271(a)

Defendants have utterly failed to meet their burden of establishing that no genuine issue of material fact exists as to Defendants' infringement under § 271(a). By their Motion, Defendants seek to preclude LPL from obtaining *any relief whatsoever* under § 271(a), yet Defendants' argument focuses *solely* on the issue of whether the Patent-in-Suit is practiced within the United States, ignoring completely the section's prohibitions

---

[2] Although the legislative history of § 271(a) may suggest that Congress perhaps believed that infringement of method claims under § 271(a) was limited to "use," Congress inserted no such limitation in the text of the statute itself. *Compare NTP, Inc. v. Research in Motion, LTD.*, 418 F.3d 1282, 1318-1320 (Fed. Cir. 2005) (discussing legislative history of § 271(a)) *with* 35 U.S.C. § 271(a). Given Congress' awareness of the issue, it is significant that Congress chose not to make any distinction between method and apparatus claims with respect to the application of § 271(a). Nor has the Federal Circuit limited the scope of § 271(a) in the context of method claims. *See NTP*, 418 F.3d at 1320-21. In *NTP*, the court for the first time faced the question of whether the prohibitions against "offers to sell" and "sells" apply to method claims "even though the contemplated performance of that method would not be wholly within the United States." *Id.* at 1318. Although the court found that the method claims at issue could not have been infringed by the accused infringer's offers to sell or sales under the facts of that case, the court clearly stated that it "need not and [did] not hold that method claims may not be infringed under the 'sells' and 'offers to sell' prongs of section 271(a)." *Id.* at 1320-21.

against, *inter alia*, offers to sell and sales of patented inventions.[3] (*See* D.I. 320, at 4-5.) Defendants should not be permitted to foreclose an entire means of redress without first establishing that no genuine issue of material fact exists as to *each provision* of the statute that applies to Defendants' actions. Because Defendants have made no such showing, their Motion should be denied.

Additionally, the evidence supporting LPL's infringement claims under § 271(a) also supports its infringement claims under § 271(g); therefore, granting Defendants' Motion would in no way serve to streamline the trial process because the same quantity of testimony would still be presented at trial. For these reasons, LPL respectfully requests this Court to deny Defendants' Motion.

### C.  CPT Offers to Sell the Patented Method in the United States in Violation of § 271(a)

The evidence and testimony in the record thus far demonstrate that a genuine issue of material fact exists as to whether CPT offers for sale the patented method in the United States. Accordingly, summary judgment is not appropriate and Defendants' Motion should be denied.

---

[3] Defendants make the claim that § 271(a) "does not apply to methods *performed* outside the U.S." and that "the only section of the Patent Statute that applies to methods *performed* outside of the United States is 35 U.S.C. § 271(g)." (D.I. 320, at 1 (emphasis added).) Presumably, Defendants make these statements solely with respect to the "use" prohibition in § 271(a). To the extent, however, that Defendants intended to suggest that liability for infringing a method claim cannot arise under the "sells" and "offers to sell" prohibitions in § 271(a), such a suggestion should be disregarded. Defendants do not cite to a single case for the proposition that products made using a patented process and sold in the United States do not infringe under § 271(a), nor has LPL found any such controlling authority.

629856v1

- 7 -

Drawing all reasonable inferences in LPL's favor, *see IMX*, 405 F. Supp. 2d at 483-84, the evidence shows that CPT offers

*CPT offers to sell its manufacturing capabilities, which include the patented technology.*[4] Such a conclusion is especially reasonable given the importance

Specifically, without

CPT simply could not offer to sell, and sell, its     manufacturing capabilities, as the evidence demonstrates it has in this case.

The evidence further indicates that CPT offers to sell in the United States. As discussed *supra*,

128.) As such discussions communicate CPT's willingness to enter into a bargain, the

---

[4] Defendants' efforts to limit LPL's infringement claim to § 271(g) ignores the text of the statute. By its own terms, § 271(g) protects a patentee's interests only with respect to any *products* that are manufactured using a patented method. See 35 U.S.C. § 271(g). Section 271(a), however, protects a patentee's interest in both patented products *and* methods. See 35 U.S.C. § 271(a).

REDACTED

discussions constitute "offers to sell" under § 271(a). *See MEMC Elec.*, 420 F.3d at 1376; *see also 3D Sys., Inc.*, 160 F.3d at 1379.

Thus, genuine issues of material fact exist as to CPT's infringement under § 271(a), and LPL therefore respectfully requests that this Court deny Defendants' Motion.

### V.     CONCLUSION

For all of the foregoing reasons, the Court should deny Defendants' Motion for Summary Judgment of Noninfringement Under 35 U.S.C. § 271(a).

July 12, 2006                                                THE BAYARD FIRM

s/ Richard D. Kirk (rk0922)
222 Delaware Avenue, 9th Floor
P.O. Box 25130
Wilmington, DE 19899-5130
(302) 655-5000
rkirk@bayardfirm.com
Counsel for Plaintiff,
LG.PHILIPS LCD CO., LTD.

OF COUNSEL:
Gaspare J. Bono
Matthew T. Bailey
Cass W. Christenson
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006
(202) 496-7500

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on July 12, 2006, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Robert W. Whetzel, Esq.
Matthew W. King, Esq.
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

The undersigned counsel further certifies that copies of the foregoing document were sent on July 12, 2006 by email and by hand to the above counsel and by email and first class mail to the following non-registered participants:

Christine A. Dudzik, Esq.
Thomas W. Jenkins, Esq.
Howrey LLP
321 North Clark Street
Suite 3400
Chicago, IL 60610

Teresa M. Corbin, Esq.
Glenn W. Rhodes, Esq.
Julie Gabler, Esq.
Howrey LLP
525 Market Street
Suite 3600
San Francisco, CA 94105

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on August 18, 2006, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Robert W. Whetzel, Esq.
Matthew W. King, Esq.
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

The undersigned counsel further certifies that copies of the foregoing document were sent on August 18, 2006 by email and by hand to the above counsel and by email and first class mail to the following non-registered participants:

| | |
|---|---|
| Christine A. Dudzik, Esq.<br>Thomas W. Jenkins, Esq.<br>Howrey LLP<br>321 North Clark Street<br>Suite 3400<br>Chicago, IL  60610 | Teresa M. Corbin, Esq.<br>Glenn W. Rhodes, Esq.<br>Julie Gabler, Esq.<br>Howrey LLP<br>525 Market Street<br>Suite 3600<br>San Francisco, CA  94105 |

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk

602380v1