IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG.PHILIPS LCD CO., LTD.,<br><br>Plaintiff/Counterclaim Defendant,<br><br>v.<br><br>TATUNG COMPANY;<br>TATUNG COMPANY OF AMERICA, INC.;<br>CHUNGHWA PICTURE TUBES, LTD.;<br>AND VIEWSONIC CORPORATION,<br><br>Defendants/Counterclaim Plaintiffs. | Civil Action No. 05-292 (JJF)<br><br>**REDACTED** |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* (No. 5) SEEKING TO PRECLUDE LPL'S REFERENCE TO THE WORD "DiKANG" AS RESISTANCE**

THE BAYARD FIRM
Richard D. Kirk (#922)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899-5130
(302) 429-4208

Counsel for Plaintiff
LG.PHILIPS LCD CO., LTD.

OF COUNSEL:
Gaspare J. Bono
Matthew T. Bailey
Cass W. Christenson
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006
(202) 496-7500 (Telephone)
(202) 496-7756 (Facsimile)

June 30, 2006

Plaintiff LG.Philips LCD Co., Ltd. ("LPL"), hereby opposes Defendants' Motion in Limine (No. 5) seeking to "Preclude LPL's Reference to the Word 'DiKang' as Resistance" (the "Motion"). Defendants' Motion is without merit and should be denied. "DiKang" is a Chinese word that means resistance according to unbiased interpreters and

## I. DEFENDANTS' MOTIONS *IN LIMINE* IMPROPERLY SEEK LEGAL RULINGS ON BROAD ISSUES AND FAIL TO SHOW UNDUE PREJUDICE

Defendants have filed seven (7) motions in limine on broad subjects. Pretrial motions to exclude evidence lack trial context and are rarely granted. *See In re Diet Drugs Prods. Liab. Litig.*, 369 F.3d 293, 314 (3d Cir. 2004) (pretrial exclusion under FRE 403 "is an extreme measure"); *In re Paoli R.R. Yard PCB Litig.*, 916 F.2d 829, 859 (3d Cir. 1990). Defendants' motions improperly seek to undercut LPL's ability to argue and present its case, instead of presenting narrow evidentiary issues. *See TVT Records v. Island Def Jam Music Group*, 250 F. Supp. 2d 341, 344 (S.D.N.Y. 2003) (motions in limine should not be used "as preemptive weapons . . . to strike in shotgun fashion at whole topics," effectively requiring "a form of advance trial of substantive" issues). Further, Defendants' motions fail to establish any undue prejudice. *See Ansell v. Green Acres Contracting Co.*, 347 F.3d 515, 525 (3d Cir. 2003) (explaining that "[p]rejudice does not simply mean damage to the opponent's cause[,]" otherwise, "most relevant evidence would be deemed prejudicial.") (quoting *Goodman v. Pa. Turnpike Comm'n*, 293 F.3d 655, 670 (3d Cir. 2002)). This Motion broadly and impermissibly seeks to foreclose LPL from using the proper translation of the term "DiKang," and should be denied.

REDACTED

## II. THE PROPER TRANSLATION OF "DiKANG," AS USED BY IS RESISTANCE

LPL, unlike Defendants, did not suggest or influence the translation of the term "DiKang," and merely uses the unbiased translation obtained from

LPL has obtained numerous independent translations of

always resulting with the translation of "DiKang" as resistance. Specifically, the attached certified translation of                                             repeatedly translates "DiKang" to mean resistance. *See* Ex. 1,

Given the certification, LPL plainly was not involved in the translation process and has not in any way "taken advantage of the translation process," as Defendants incorrectly assert. Rather, it is Defendants that are clearly trying to use the translation process to distort the meaning of the term "DiKang."

The deposition testimony also supports translating "DiKang" to mean resistance.

Any word, including in English, may have different meanings depending on the context in which the word is used. However, that does not permit Defendants to select the definition of a word that they happen to prefer and force interpreters and LPL to adopt the meaning Defendants prefer, regardless of the specific context. Defendants cannot, for example, select that the term drain refers to a sink drain rather than a transistor drain. We know that the term drain in the context of                              refers to a transistor drain,

**REDACTED**

just like the term "DiKang" in the context of        refers to resistance. Defendants cannot dictate the meaning or interpretation of words at trial.

### III. THE BIASED TRANSLATION OF "DIKANG" AS ISOLATION WAS IMPROPERLY INTRODUCED BY DEFENDANTS' COUNSEL

As noted in Defendants' Motion, LPL only agreed to use the term isolation as a translation of "DiKang" during the deposition of Mr. He because CPT's Counsel threatened to terminate the deposition if LPL did not agree to Defendants' proposed translation for purposes of that deposition. LPL has not, and does not, agree to the translation of "DiKang" as isolation for all purposes at trial. In fact, the translation of "DiKang as isolation was suggested by Defendants' Counsel during Mr. He's deposition:

Clearly, the translation of isolation relies not on an unbiased translator, but the improperly offered translation by Defendants' Counsel. Counsel continued this practice throughout deposition and objected when the translator did not comply with his proposed translation.

4

**REDACTED**

CPT, not LPL, chose to use the term "DiKang"          and cannot now use the translation process to select a more favorable translation to avoid the term resistance. Plainly, in the context used by CPT, the term "DiKang" is regularly and correctly translated as resistance.

### IV. USE OF THE ABSTRACT TERM "DiKANG" AT TRIAL WOULD BE CONFUSING AND IS UNNECESSARY

It would be improper to use the abstract Chinese term "DiKang" throughout trial. One point of presentations and testimony is to explain the technology and how it works. Continuously using the word "DiKang," an unfamiliar term with no meaning to the jury, would be confusing. The technology itself is complicated; introducing abstract Chinese terms would only make it worse. Further, it is unnecessary since independent, unbiased translations have been obtained and interpreters will be present at trial. CPT uses the term "DiKang" to refer to resistance          and the term "DiKang" was translated as resistance during depositions.

### V. CONCLUSION

Defendants should not be permitted to avoid the term resistance and substitute their own translation or use an abstract Chinese term throughout trial. As shown by the certified translation and deposition translations, the unbiased translation of CPT's term "DiKang" is resistance. Accordingly, for all the foregoing reasons, Defendants' Motion should be denied.

**REDACTED**

June 30, 2006                                          THE BAYARD FIRM

                                                       /s/ Richard D. Kirk (rk0922)
                                                       Richard D. Kirk (#922)
                                                       222 Delaware Avenue, Suite 900
                                                       P.O. Box 25130
                                                       Wilmington, DE 19899-5130
                                                       (302) 655-5000
                                                       rkirk@bayardfirm.com

                                                       Counsel for Plaintiff
                                                       LG.PHILIPS LCD CO., LTD.

OF COUNSEL:
Gaspare J. Bono
Matthew T. Bailey
Cass W. Christenson
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006
(202) 496-7500

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on June 30, 2006, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Robert W. Whetzel, Esq.
Matthew W. King, Esq.
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

The undersigned counsel further certifies that copies of the foregoing document were sent on June 30, 2006 by email and by hand to the above counsel and by email and first class mail to the following non-registered participants:

Christine A. Dudzik, Esq.
Thomas W. Jenkins, Esq.
Howrey LLP
321 North Clark Street
Suite 3400
Chicago, IL 60610

Teresa M. Corbin, Esq.
Glenn W. Rhodes, Esq.
Julie Gabler, Esq.
Howrey LLP
525 Market Street
Suite 3600
San Francisco, CA 94105

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk

602380v1

# Exhibit 1

# CONFIDENTIAL DOCUMENT

These pages have been removed because they contain confidential information subject to the Protective Order.

# Exhibit 2

# CONFIDENTIAL DOCUMENT

These pages have been removed because they contain confidential information subject to the Protective Order.

# Exhibit 3

# CONFIDENTIAL DOCUMENT

These pages have been removed because they contain confidential information subject to the Protective Order.

# Exhibit 4

Case 1:05-cv-00292-JJF    Document 431    Filed 08/18/2006    Page 14 of 16

# CONFIDENTIAL DOCUMENT

These pages have been removed because they contain confidential information subject to the Protective Order.

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on August 18, 2006, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Robert W. Whetzel, Esq.
Matthew W. King, Esq.
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

The undersigned counsel further certifies that copies of the foregoing document were sent on August 18, 2006 by email and by hand to the above counsel and by email and first class mail to the following non-registered participants:

| | |
|---|---|
| Christine A. Dudzik, Esq.<br>Thomas W. Jenkins, Esq.<br>Howrey LLP<br>321 North Clark Street<br>Suite 3400<br>Chicago, IL  60610 | Teresa M. Corbin, Esq.<br>Glenn W. Rhodes, Esq.<br>Julie Gabler, Esq.<br>Howrey LLP<br>525 Market Street<br>Suite 3600<br>San Francisco, CA  94105 |

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk

602380v1