# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

LG.PHILIPS LCD CO., LTD.,

                Plaintiff/Counterclaim Defendant,

      v.

TATUNG COMPANY;
TATUNG COMPANY OF AMERICA, INC.;
CHUNGHWA PICTURE TUBES, LTD.;
AND VIEWSONIC CORPORATION,

                Defendants/Counterclaim Plaintiffs.

Civil Action No. 05-292 (JJF)

**REDACTED**

---

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* (No. 4) TO PRECLUDE LPL FROM SOLICITING OR OFFERING ANY TESTIMONY, EVIDENCE, OR ARGUMENT RELATING TO THE RELATIVE VALUE OF ANY PATENT, INCLUDING THE '002 PATENT, IN THE PATENT PACKAGE SOLD BY HONEYWELL TO LPL**

THE BAYARD FIRM
Richard D. Kirk (#922)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE  19899-5130
(302) 429-4208
Counsel for Plaintiff
LG.PHILIPS LCD CO., LTD.

OF COUNSEL:
Gaspare J. Bono
Matthew T. Bailey
Cass W. Christenson
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006
(202) 496-7500 (Telephone)
(202) 496-7756 (Facsimile)

June 30, 2006

Plaintiff LG.Philips LCD Co., Ltd. ("LPL"), hereby opposes Defendants' Motion in Limine (No. 4) seeking to preclude LPL from Soliciting or Offering any Testimony, Evidence, or Argument Relating to the Relative Value of any Patent, Including the '002 Patent, in the Patent Package Sold by Honeywell to LPL (the "Motion"). Defendants' Motion would prevent LPL from introducing relevant and admissible evidence concerning the value of the '002 Patent and the amount of damages to which LPL is entitled. The '002 Patent is much more valuable than the purchase price, and the Court should deny the Motion in all respects.

## I.    DEFENDANTS' MOTIONS *IN LIMINE* IMPROPERLY SEEK LEGAL RULINGS ON BROAD ISSUES AND FAIL TO SHOW UNDUE PREJUDICE

Defendants have filed seven (7) motions in limine on broad subjects. Pretrial motions to exclude evidence lack trial context and are rarely granted. *See In re Diet Drugs Prods. Liab. Litig.*, 369 F.3d 293, 314 (3d Cir. 2004) (pretrial exclusion under FRE 403 "is an extreme measure"); *In re Paoli R.R. Yard PCB Litig.*, 916 F.2d 829, 859 (3d Cir. 1990). Defendants' motions improperly seek to undercut LPL's ability to argue and present its case, instead of presenting narrow evidentiary issues. *See TVT Records v. Island Def Jam Music Group*, 250 F. Supp. 2d 341, 344 (S.D.N.Y. 2003) (motions in limine should not be used "as preemptive weapons . . . to strike in shotgun fashion at whole topics," effectively requiring "a form of advance trial of substantive" issues). Further, Defendants' motions fail to establish any undue prejudice. *See Ansell v. Green Acres Contracting Co.*, 347 F.3d 515, 525 (3d Cir. 2003) (explaining that "[p]rejudice does not simply mean damage to the opponent's cause[,]" otherwise, "most relevant evidence would be deemed prejudicial.") (quoting *Goodman v. Pa. Turnpike Comm'n*, 293 F.3d 655, 670 (3d Cir. 2002)). This Motion, like Defendants' other motions in

limine, broadly and impermissibly seeks to foreclose LPL from presenting relevant and admissible evidence, and should be denied.

## II.  LPL IS ENTITLED TO OFFER EVIDENCE ON THE VALUE OF THE '002 PATENT, INCLUDING AS TO YIELD RATE AND DAMAGES

Defendants' focus on the "relevant value" of the '002 Patent expressed in purchase price terms is misplaced.  Defendants note that LPL purchased the '002 Patent in a group that also included other patents. (Defs.' Mot. at 2 (D.I. 230).)  LPL, however, does not intend to show that the '002 Patent's value is measured in terms of the purchase price.  The value of the '002 Patent far exceeds the purchase price,

[1] LPL will establish at trial, through fact witnesses, expert testimony, and other evidence, that the '002 Patent has tremendous value and warrants substantial damages far in excess of the purchase price that LPL paid to Honeywell, a company that                                                                                          . As LPL's Rule 30(b)(6) designee, Mr. Cho, testified in deposition, the manufacturing methods of the '002 Patent                                                                         by increasing product yield rates:

---

[1] Defendants incorrectly contend that LPL has failed to produce documents reflecting LPL's purchase of patents from Honeywell.  To the contrary, LPL produced such documents in its initial document production in this case in February.  LPL produced copies of the Purchase and Sale Agreement (*see* LPLII 1304-13).

REDACTED

LPL purchased the '002 Patent recognizing the significance of the patent. Indeed,

LPL is entitled to show at trial that the '002 Patent is extremely valuable. The importance and value of the '002 technology is directly relevant at trial for several reasons. This evidence supports LPL's claims, for example, regarding damages.

LPL's witnesses have confirmed that using the '002 Patent significantly improves the yield rate when manufacturing LCDs. *See* Ex. 1, Cho Dep. at 47-52.

LPL's damages expert, moreover, has calculated the royalty value of such yield rate benefits, in the range of                        *See* Ex. 4, Report of Cobb & Assocs., Ltd. at 32. The value of the '002 Patent is a critical issue and LPL is entitled to

---

[2] Defendants' damages expert cites LPL's testimony concerning the relative significance of the '002 Patent in his report. *See* Ex. 5, Expert Report of Michael J. Wagner at 8.

3

**REDACTED**

present evidence of value to the jury.  The Court should deny any attempt by Defendants to limit LPL's ability to show the value of the '002 Patent at trial.

## III.    CONCLUSION

Accordingly, for all the foregoing reasons, Defendants' Motion should be denied.

June 30, 2006                                THE BAYARD FIRM


                                            /s/ Richard D. Kirk (rk0922)
                                            Richard D. Kirk (#922)
                                            222 Delaware Avenue, Suite 900
                                            P.O. Box 25130
                                            Wilmington, DE  19899-5130
                                            (302) 655-5000
                                            rkirk@bayardfirm.com

                                            Counsel for Plaintiff
                                            LG.PHILIPS LCD CO., LTD.

OF COUNSEL:
Gaspare J. Bono
Matthew T. Bailey
Cass W. Christenson
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006
(202) 496-7500

# CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on June 30, 2006, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Robert W. Whetzel, Esq.
Matthew W. King, Esq.
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

The undersigned counsel further certifies that copies of the foregoing document were sent on June 30, 2006 by email and by hand to the above counsel and by email and first class mail to the following non-registered participants:

Christine A. Dudzik, Esq.
Thomas W. Jenkins, Esq.
Howrey LLP
321 North Clark Street
Suite 3400
Chicago, IL  60610

Teresa M. Corbin, Esq.
Glenn W. Rhodes, Esq.
Julie Gabler, Esq.
Howrey LLP
525 Market Street
Suite 3600
San Francisco, CA  94105

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk

602380v1

# Exhibit 1

# CONFIDENTIAL DOCUMENT

These pages have been removed because they contain
confidential information subject to the Protective Order.

Exhibit 2

# CONFIDENTIAL DOCUMENT

These pages have been removed because they contain confidential information subject to the Protective Order.

Exhibit 3

# CONFIDENTIAL DOCUMENT

These pages have been removed because they contain confidential information subject to the Protective Order.

Exhibit 4

# CONFIDENTIAL DOCUMENT

These pages have been removed because they contain confidential information subject to the Protective Order.

Exhibit 5

# CONFIDENTIAL DOCUMENT

These pages have been removed because they contain confidential information subject to the Protective Order.

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on August 18, 2006, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Robert W. Whetzel, Esq.
Matthew W. King, Esq.
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

The undersigned counsel further certifies that copies of the foregoing document were sent on August 18, 2006 by email and by hand to the above counsel and by email and first class mail to the following non-registered participants:

Christine A. Dudzik, Esq.
Thomas W. Jenkins, Esq.
Howrey LLP
321 North Clark Street
Suite 3400
Chicago, IL 60610

Teresa M. Corbin, Esq.
Glenn W. Rhodes, Esq.
Julie Gabler, Esq.
Howrey LLP
525 Market Street
Suite 3600
San Francisco, CA 94105

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk

602380v1