222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899
Zip Code For Deliveries 19801

# THE BAYARD FIRM
### A T T O R N E Y S

MERITAS LAW FIRMS WORLDWIDE
www.bayardfirm.com
302-655-5000
(FAX) 302-658-6395
WRITER'S DIRECT ACCESS

ELECTRONICALLY FILED

(302) 429-4208
rkirk@bayardfirm.com

July 24, 2006

The Honorable Joseph J. Farnan, Jr.
United States District Court
844 North King Street
Wilmington, DE 19801

RE:  *LG.Philips LCD Co., Ltd. v. Tatung Company of Amercia, et al.*
     C.A. No. 05-292-JJF

Dear Judge Farnan:

On behalf of Plaintiff LG.Philips LCD Co., Ltd, ("LPL"), I write to request the Court's intervention to prevent Defendants from presenting new expert opinions that go outside the scope of their expert's report on invalidity.

As a general rule, an expert may not offer opinions that exceed the material disclosed in his expert report. *See, e.g., Air Turbine Technology, Inc. v. Atlas Copco AB*, 410 F.3d 701 (Fed. Cir. 2005). Furthermore, during the July 7, 2006 pretrial conference in this case, Your Honor observed that:

> If either party solicits testimony from an expert in the form of opinion or otherwise, that goes outside of what the reports and the disclosures were, that can be briefed post-trial. And depending -- normally it's filed by a party who is not prevailing.

> If I find there's been a violation of the rule and the pretrial order, I'll simply order a new trial with the losing side on that motion paying for the first trial, and incidental costs to that first trial, including attorneys' fees.

> So you have to be very careful in presenting opinion testimony that you don't go outside the expert report, because you could be vulnerable to the post-trial procedure

630700v1

THE BAYARD FIRM

The Honorable Joseph J. Farnan, Jr.
July 24, 2006
Page 2

of losing the verdict and being faced with the cost. And I
assume it's substantial just looking around the room here.

July 7, 2006 Pretrial Hearing Transcript at p. 8.

Although Your Honor has indicated that questions regarding the proper scope of
expert testimony are best resolved following trial, LPL respectfully submits that the
following issue, which is simple and discrete, may be best addressed prior to Defendants'
submission of their case on the defense of invalidity.

In his expert report on invalidity, Dr. Webster Howard argued that claim 1 of the
'002 Patent is invalid as anticipated and that claim 8 of the '002 Patent is invalid as
obvious. (*See Exhibit A*, the Invalidity Report of Dr. Webster Howard.) Dr. Howard did
not argue, however, that claim 1 is obvious or that claim 8 is anticipated. Nevertheless,
Defendants proposed verdict form (as filed on July 19), and presumably Dr. Howard's
upcoming trial testimony, offer obviousness as a defense on claim 1 and anticipation as a
defense on claim 8.

As Dr. Howard may not offer opinions or defenses beyond those already
articulated in his expert report, LPL asks that the Court limit Defendants' invalidity
defenses to those already presented in Dr. Howard's expert reports. Specifically, LPL
asks that Dr. Howard be proscribed from offering opinions on any obviousness defense
on claim 1 or anticipation defense on claim 8 of the '002 Patent. Such an instruction will
fairly limit the Defendants to the scope of their present reports and will help avoid juror
confusion.

Respectfully submitted,

Richard D. Kirk (#0922)

:rdk
cc:    Clerk of the Court
       All counsel as shown on attached certificate

630700v1

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on July 24, 2006, he electronically filed

the foregoing document with the Clerk of the Court using CM/ECF, which will send

automatic notification of the filing to the following:

Robert W. Whetzel, Esq.
Matthew W. King, Esq.
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899


The undersigned counsel further certifies that copies of the foregoing document

were sent on July 24, 2006 by email and by hand to the above counsel and by email and

first class mail to the following non-registered participants:

Christine A. Dudzik, Esq.                     Teresa M. Corbin, Esq.
Thomas W. Jenkins, Esq.                       Glenn W. Rhodes, Esq.
Howrey LLP                                    Julie Gabler, Esq.
321 North Clark Street                        Howrey LLP
Suite 3400                                    525 Market Street
Chicago, IL 60610                             Suite 3600
                                              San Francisco, CA 94105


/s/ Richard D. Kirk (rk0922)
Richard D. Kirk

602380v1

# Exhibit A

# CONFIDENTIAL DOCUMENT

These pages have been removed because they contain confidential information subject to the Protective Order.

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on August 31, 2006, he electronically filed

the foregoing document with the Clerk of the Court using CM/ECF, which will send

automatic notification of the filing to the following:

Robert W. Whetzel, Esq.
Matthew W. King, Esq.
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899


The undersigned counsel further certifies that copies of the foregoing document

were sent on August 31, 2006 by email and by hand to the above counsel and by email

and first class mail to the following non-registered participants:

| | |
|---|---|
| Christine A. Dudzik, Esq. | Teresa M. Corbin, Esq. |
| Thomas W. Jenkins, Esq. | Glenn W. Rhodes, Esq. |
| Howrey LLP | Julie Gabler, Esq. |
| 321 North Clark Street | Howrey LLP |
| Suite 3400 | 525 Market Street |
| Chicago, IL  60610 | Suite 3600 |
| | San Francisco, CA  94105 |


/s/ Richard D. Kirk (rk0922)
Richard D. Kirk

602380v1