# THE BAYARD FIRM
A T T O R N E Y S

222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899
Zip Code For Deliveries: 19801

Meritas Law Firms Worldwide
www.bayardfirm.com
302-655-5000
(Fax) 302-658-6395

Writer's Direct Access

(302) 429-4208
rkirk@bayardfirm.com

FILED UNDER SEAL

July 24, 2006

REDACTED PUBLIC VERSION

The Honorable Joseph J. Farnan, Jr.
United States District Court
844 North King Street
Wilmington, DE 19801

RE: *LG.Philips LCD Co., Ltd. v. Tatung Company of Amercia, et al.*
C.A. No. 05-292-JJF

Dear Judge Farnan:

On behalf of Plaintiff LG.Philips LCD Co., Ltd, ("LPL"), I write to request the Court's intervention to prevent Defendants from rearguing claim construction during its direct examination of its expert witness, Dr. Webster Howard.

Beginning late Saturday afternoon, Defendants began sending LPL drafts of the demonstratives they plan to use with Dr. Howard, their expert witness on infringement and validity.[1] Although Defendants continue to revise their demonstratives throughout the day and evening, one consistent theme remains in all drafts -- the Defendants plan to reargue claim construction to the jury. More precisely, a large portion of Defendants' direct examination of Dr. Howard is directed to how the terms "resistance" and "interconnecting" should be interpreted and applied in connection with the '002 Patent, even though those terms were already defined in the Court's claim construction order. (D.I. 218.)

The Defendants may not use trial to reargue or present new theories of claim construction. Claim construction is an issue of law. *See Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 970-71 (Fed. Cir. 1995) (en banc), *aff'd*, 517 U.S. 370, 116 S. Ct. 1384, 134 L. Ed.2d 577 (1996). Although a district court is not required to

---

[1] A copy of Dr. Howard's draft demonstratives are attached as Exhibit A. LPL has prepared this letter based on a draft of Defendants' demonstrative for Dr. Howard. As of 1 a.m. Monday morning, the Defendants' have yet to provide LPL with the final version of Dr. Howard's demonstratives. Consequently, the slide numbers used in Dr. Howard's final demonstrative may change from the numbering used in the draft attached as Exhibit A.

THE BAYARD FIRM

The Honorable Joseph J. Farnan, Jr.
July 24, 2006
Page 2

adhere to a specific timeline in making its claim construction rulings, "in a case tried to a jury, the court has the power and obligation to construe as a matter of law the meaning of language used in the patent claim" and "should not give such task to the jury as a factual matter." *Markman*, 52 F.3d at 978-79; *see also NTP, Inc. v. Research in Motion, Ltd.*, 418 F.3d 1282, 1306 (Fed. Cir. 2005).

In this case, this Court held a *Markman* hearing on March 20, 2006, where the parties presented their claim constructions and the Court, in light of the totality of the evidence presented, issued a joint claim construction ruling binding both parties. LPL and the Defendants are bound to abide by this Court's claim construction ruling in presenting and arguing the factual issues regarding infringement to the jury during trial. To argue claim construction arguments to the jury during trial is in complete disregard of the binding Federal Circuit case law. *See Cytologix Corp. v. Ventana Medical*, 424 F.3d 1168, 1172 (Fed. Cir. 2005).

Nevertheless, this is exactly what the Defendants plan to do through their direct examination of Dr. Webster Howard. At numerous places throughout their demonstratives, Defendants argue that one must read the testing function of U.S. Patent 4,820,222 into the claims of the '002 Patent. (See Exhibit A at slides 36 through 47, see also slides 27, 68, 70, and 121.) Defendants plan to argue to the jury that "[o]ne must read the '222 section of the '002 patent to learn the true meaning of 'Interconnecting' as it is used by the '002 patent." (Exhibit A at slide 39.)

The Defendants should not be allowed to reargue the meaning of the term "interconnecting" to the jury. It is improper to read the functionality requirement of the '222 patent into the meaning of the term "interconnecting" in claim 1. Although the Defendants argued the '222 patent during the claim construction hearing (D.I. 156 at 19), the Court chose to define "interconnecting" as "electrically connecting with conductors." The Court's order contains no functionality requirement for the term "interconnecting." Instead, Defendants seek to reinterpret "interconnecting" in order to create a "straw man" to facilitate their non-infringement arguments. However, "[t]he risk of confusing the jury is high when experts opine on claim construction before the jury even when, as here, the district court makes it clear to the jury that the district court's claim constructions control." *Cytologix Corp.*, 424 F.3d at 1173.

In addition, the Defendants are planning to use Dr. Howard's direct examination to reargue their definition of "resistance." Slides 80 through 95 indicate that the Defendants plan to argue that "resistance" as used in claim 1 is exclusive of the term "shunt switching element" as used in claim 8 and elsewhere in the '002 Patent. As indicated above, the parties may not revisit claim construction once the Court has issued its ruling. *Cytologix Corp.*, 424 F.3d at 1173. Furthermore, arguments by an expert on claim construction to a jury are improper under *Markman v. Westview Instruments, Inc.* Here the Court has already issued its claim construction order construing the term "resistance." Any argument before the jury concerning that term which would lead to a

THE BAYARD FIRM

The Honorable Joseph J. Farnan, Jr.
July 24, 2006
Page 3

construction different from that of the Court is impermissible and would only result in confusion.

Therefore, in light of this Court' claim construction ruling and binding Federal Circuit case law, Defendants should be precluded from presenting any further evidence on any claim constructions not consistent with this Court's claim construction ruling, including but not limited to slide numbers 27, 36 through 47, 68, 70, 80 through 95, and 121.

Respectfully submitted,

*/s/ Richard D. Kirk*
Richard D. Kirk (#0922)

:rdk
cc:  Clerk of the Court
     All counsel as shown on attached certificate

630698v1

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on July 24, 2006, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Robert W. Whetzel, Esq.
Matthew W. King, Esq.
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

The undersigned counsel further certifies that copies of the foregoing document were sent on July 24, 2006 by email and by hand to the above counsel and by email and first class mail to the following non-registered participants:

Christine A. Dudzik, Esq.
Thomas W. Jenkins, Esq.
Howrey LLP
321 North Clark Street
Suite 3400
Chicago, IL 60610

Teresa M. Corbin, Esq.
Glenn W. Rhodes, Esq.
Julie Gabler, Esq.
Howrey LLP
525 Market Street
Suite 3600
San Francisco, CA 94105

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk

602380v1

# Exhibit A

# CONFIDENTIAL DOCUMENT

These pages have been removed because they contain confidential information subject to the Protective Order.

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on August 31, 2006, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Robert W. Whetzel, Esq.
Matthew W. King, Esq.
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

The undersigned counsel further certifies that copies of the foregoing document were sent on August 31, 2006 by email and by hand to the above counsel and by email and first class mail to the following non-registered participants:

| | |
|---|---|
| Christine A. Dudzik, Esq. | Teresa M. Corbin, Esq. |
| Thomas W. Jenkins, Esq. | Glenn W. Rhodes, Esq. |
| Howrey LLP | Julie Gabler, Esq. |
| 321 North Clark Street | Howrey LLP |
| Suite 3400 | 525 Market Street |
| Chicago, IL  60610 | Suite 3600 |
| | San Francisco, CA  94105 |

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk

602380v1