IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG.PHILIPS LCD CO., LTD., <br><br> Plaintiff/Counterclaim Defendant, <br><br> v. <br><br> TATUNG COMPANY; <br> TATUNG COMPANY OF AMERICA, INC.; <br> CHUNGHWA PICTURE TUBES, LTD.; <br> AND VIEWSONIC CORPORATION, <br><br> Defendants/Counterclaim Plaintiffs. | Civil Action No. 05-292 (JJF) <br><br> **REDACTED-PUBLIC VERSION** |

**PLAINTIFF'S ANSWER IN OPPOSITION TO DEFENDANTS' MOTION TO
COMPEL LG.PHILIPS LCD CO., LTD. TO PRODUCE A WITNESS TO
TESTIFY ON CERTAIN DESIGNATED TOPICS**

THE BAYARD FIRM
Richard D. Kirk (#922)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899-5130
(302) 429-4208

Counsel for Plaintiff
LG.PHILIPS LCD CO., LTD.

OF COUNSEL:
Gaspare J. Bono
Matthew T. Bailey
Cass W. Christenson
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006
(202) 496-7500 (Telephone)
(202) 496-7756 (Facsimile)

June 30, 2006

Plaintiff LG.Philips LCD Co., Ltd. ("LPL") opposes "Defendants' Motion to Compel LG.Philips LCD Co., Ltd. to Produce a Witness to Testify on Certain Designated Topics" (the "Motion"). Defendants' Motion is unwarranted and should be denied in all respects.

## I.   BACKGROUND

### A.   Defendants' New, Last-Minute Deposition Topics

Defendants' selective omission of the relevant history is telling. Shortly before beginning depositions, the parties agreed to exchange clarifications of deposition topics to focus issues and avoid disputes. *See* Ex. 1, 5/9/06 Letter from C. Christenson to S. Yovits at 1. Accordingly, LPL clarified the topics it had previously noticed. *See id.* Defendants, on the other hand, who had previously noticed fourteen (14) topics, served an Amended Notice containing twenty-one (21) newly drafted and broad 30(b)(6) topics. *See* Ex. 2 (copies of Defendants' Rule 30(b)(6) notices).

The topics at issue in Defendants' Motion (2, 5, and 17), had not been noticed or discussed with LPL's counsel prior to Defendants' Amended Notice, which was served on May 8, 2006, shortly before depositions began. Accordingly, LPL promptly objected the next day. *See* Ex. 1, 5/9/06 Letter from C. Christenson to S. Yovits at 1. LPL specifically objected to new topics 2, 5, 17, and 20 because they would require substantial travel and preparation for witnesses from Korea, which is not feasible given the expedited schedule, and because the topics were irrelevant, overbroad, and vague. *Id.*; *see also* Ex. 3, Plaintiff's Objections to Defendants' Amended Notice of Rule 30(b)(6) Deposition ("LPL's Objections").

LPL agreed to provide a witness for all but four (4) of Defendants' twenty-one (21) topics. CPT has objected and refused to produce a witness for at least seven (7) topics noticed by LPL. *See* Ex. 4, Defendant CPT's Objections to Plaintiff's Notice of Rule 30(b)(6)

Deposition (refusing to provide a witness on topics 1, 13, 14, 16, 18, 21, and 29). And, CPT has never moved for a protective order in connection with its refusal to provide witnesses.

Despite LPL's objections, Defendants obtained testimony regarding most of the disputed topics. *See, e.g.*, Ex. 5, Deposition of LPL (Yongwoo Cho) at 36-40, 117-18 (LPL's use of the '002 Patent in its products [related to topic 2]); *id.* at 102-13 (the NEC litigation [related to topic 5]); Ex. 6, Deposition of LPL (Joo-Sup Kim) at 109-10 (LPL's use of the '002 Patent in its products); *id.* at 10-12, 66-67 (the NEC litigation). Indeed, Defendants now agree that topic 20, for which LPL did not expressly designate a witness, "has been adequately covered" during depositions of LPL's witnesses. (Def. Mot. at 1 (D.I. 245).) Thus, LPL's witnesses provided testimony regarding the disputed topics even though not expressly designated to do so.

### B. Defendants' Abandonment of the Meet and Confer Process

On June 8, during a deposition, Defendants' counsel, Mr. Yovits, requested a meet and confer regarding discovery issues. *See* Ex. 7, 6/17/06 E-mail from C. Christenson to S. Yovits. On the same day, as soon as the deposition ended, LPL's counsel offered to meet and confer, but Mr. Yovits refused and stated he needed time to prepare. *Id.* Mr. Yovits postponed the discussion until June 13. *Id.*

During the June 13 meet and confer, *Defendants' counsel suggested and agreed* that they would send a letter specifying, with respect to each of the four (4) disputed topics (numbers 2, 5, 17, and 20), what information Defendants sought and why. *Id.* It was further agreed that LPL's counsel would then consider each request so that the parties could further discuss and attempt to resolve the remaining issues. *Id.*[1]

---

[1] Indeed, LPL's counsel has addressed several issues when raised. *See, e.g.*, Ex. 8, 6/21/06 Letter from C. Christenson to S. Yovits at 1 (answering questions by Defendants' counsel regarding Mr. Cho's deposition).

2

Defendants never sent the letter as agreed. Instead, on June 16, 2006, Defendants disregarded the June 13 agreement and falsely accused LPL's counsel of refusing to meet and confer. *See* Ex. 9, 6/16/06 Letter from S. Yovits to C. Christenson. Immediately upon receipt of that letter, LPL's counsel called Defendants' counsel to discuss the issue, but Defendants' counsel was not available. *See* Ex. 7, 6/17/06 E-mail from C. Christenson to S. Yovits. Defendants' counsel responded with another letter again falsely accusing LPL's counsel of failing to meet and confer in disregard of prior discussions. *See* Ex. 10, 6/18/06 Letter from S. Yovits to C. Christenson at 1. Despite Defendants' unfounded accusations, LPL's counsel again asked Defendants to "please let us know what information you are seeking concerning each of the three disputed deposition topics so that we can have a dialogue." Ex. 11, 6/22/06 Letter from C. Christenson to S. Yovits at 1-2. Defendants refused and filed their Motion.

## II.  LPL'S OBJECTIONS ARE APPROPRIATE

Defendants only set forth a conveniently abridged version of topic 2 in their Motion. As propounded, however, topic 2 is incredibly broad and relates to all, or virtually all, of LPL's products. *See* Ex. 3, LPL's Objections at 3-4. The topic is also vague, unclear, and was never raised prior to Defendants' Amended Notice. Further, this topic is improper in light of the parties' prior agreement that contentions regarding patent validity and enforceability would not be the subject of depositions. Defendants sought to circumvent that agreement with their overly broad, new topic seeking LPL's contentions and claim constructions.[2]

Topic 5, likewise, seeks an incredibly broad range of information regarding two previous litigations between LPL and NEC (the "NEC cases"). *See id.* 5-6. The NEC cases involve

---

[2] To the extent Defendants seek testimony regarding how LPL uses the '002 Patent, that testimony has been provided. *See, e.g.*, Ex. 5, Cho Dep. at 36-40, 117-18; Ex. 6, J-S. Kim Dep. at 109-10.

3

different parties and issues, do not tend to prove or disprove any fact of consequence in this case (*see* Fed. R. Evid. 401, 402), and are beyond the proper scope of discovery. Topic 5 also targets and intrudes upon privileged communications and work product. In any event, moreover, LPL's witnesses testified regarding the NEC cases.[3] *See, e.g.*, Ex. 5, Cho Dep. at 102-13; Ex. 6, J-S. Kim Dep. at 10-12, 66-67.

Defendants' topic 17 seeks testimony regarding non-infringing alternatives to the '002 Patent. *See* Ex. 3, LPL's Objections at 11. Non-infringing alternatives are relevant to lost profits damages. *See Fiskars, Inc. v. Hunt Mfg. Co.*, 279 F.3d 1378, 1380 n.2 (Fed. Cir. 2002); *Rite-Hite Corp. v. Kelley Co., Inc.*, 56 F.3d 1538, 1545 (Fed. Cir. 1995). LPL, however, is not seeking lost profit damages. Thus, this topic is vague, overly broad, and irrelevant.

### III. CONCLUSION

Accordingly, for all the foregoing reasons, Defendants Motion should be denied.

June 30, 2006                                    THE BAYARD FIRM

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk (#922)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899-5130
(302) 655-5000
rkirk@bayardfirm.com

Counsel for Plaintiff
LG.PHILIPS LCD CO., LTD.

---

[3] There is no basis for additional witnesses to travel from Korea, on the eve of trial, to testify about the long-resolved NEC cases.

4

OF COUNSEL:
Gaspare J. Bono
Matthew T. Bailey
Cass W. Christenson
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006
(202) 496-7500

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on June 30, 2006, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Robert W. Whetzel, Esq.
Matthew W. King, Esq.
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

The undersigned counsel further certifies that copies of the foregoing document were sent on June 30, 2006 by email and by hand to the above counsel and by email and first class mail to the following non-registered participants:

| | |
|---|---|
| Christine A. Dudzik, Esq. | Teresa M. Corbin, Esq. |
| Thomas W. Jenkins, Esq. | Glenn W. Rhodes, Esq. |
| Howrey LLP | Julie Gabler, Esq. |
| 321 North Clark Street | Howrey LLP |
| Suite 3400 | 525 Market Street |
| Chicago, IL 60610 | Suite 3600 |
| | San Francisco, CA 94105 |

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk

602380v1

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on August 31, 2006, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Robert W. Whetzel, Esq.
Matthew W. King, Esq.
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

The undersigned counsel further certifies that copies of the foregoing document were sent on August 31, 2006 by email and by hand to the above counsel and by email and first class mail to the following non-registered participants:

| | |
|---|---|
| Christine A. Dudzik, Esq. | Teresa M. Corbin, Esq. |
| Thomas W. Jenkins, Esq. | Glenn W. Rhodes, Esq. |
| Howrey LLP | Julie Gabler, Esq. |
| 321 North Clark Street | Howrey LLP |
| Suite 3400 | 525 Market Street |
| Chicago, IL  60610 | Suite 3600 |
| | San Francisco, CA  94105 |

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk

602380v1

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on August 31, 2006, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Robert W. Whetzel, Esq.
Matthew W. King, Esq.
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

The undersigned counsel further certifies that copies of the foregoing document were sent on August 31, 2006 by email and by hand to the above counsel and by email and first class mail to the following non-registered participants:

| | |
|---|---|
| Christine A. Dudzik, Esq.<br>Thomas W. Jenkins, Esq.<br>Howrey LLP<br>321 North Clark Street<br>Suite 3400<br>Chicago, IL  60610 | Teresa M. Corbin, Esq.<br>Glenn W. Rhodes, Esq.<br>Julie Gabler, Esq.<br>Howrey LLP<br>525 Market Street<br>Suite 3600<br>San Francisco, CA  94105 |

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk

602380v1