# Exhibit 1

# McKenna Long
## & Aldridge LLP
### Attorneys at Law

1900 K Street, NW • Washington, DC 20006
202.496.7500 • Fax: 202.496.7756
www.mckennalong.com

Atlanta

Denver

Los Angeles

Philadelphia

San Diego

San Francisco

Washington, DC

Brussels

CASS W. CHRISTENSON
(202) 496-7218

EMAIL ADDRESS
cchristenson@mckennalong.com

May 9, 2006

BY E-MAIL

Steven Yovits, Esq.
Howrey LLP
321 North Clark Street, Suite 3400
Chicago, IL. 60610

    Re:   *LG Philips LCD Co., Ltd. v Tatung Co., et al*; CA No. 05-292 (JJF)

Dear Steve:

    I write to respond to Defendants' Amended Notice of Deposition of Plaintiff Under FRCP 30(b)(6), which we received by email on May 8 (the "Amended Notice"). Last week, Julie Gabler and you suggested that we should exchange clarifications of topics to focus the issues and avoid disputes at depositions because, as Julie mentioned specifically, LPL's withdrawal of its '121 patent claims narrows the scope of the depositions. Defendants served their Rule 30(b)(6) deposition notice of LPL, with ten (10) topics, on January 18, 2006. Defendants served a Supplemental Notice of Rule 30(b)(6) Deposition, with Topics 11-13, on January 30, 2006, and another Supplemental Notice, with the same Topics, on February 3, 2006. Like several other issues in Defendants' original Rule 30(b)(6) topics, topics 11-13 relate to the '121 patent issues and are now moot. On February 10, 2006, Defendants served a Second Supplemental Notice of Rule 30(b)(6) Deposition, with Topic 14.

    As agreed, yesterday I sent to you a letter providing clarification to facilitate the depositions. Defendants' Amended Notice, in contrast, purports to require depositions to begin on May 15 in California on twenty-one (21) newly drafted Rule 30(b)(6) topics. The inclusion of new topics was a surprise, as no one at your firm ever suggested any intention of adding new topics prior to serving the Amended Notice on May 8. In addition, these topics are very broad and, in some cases, are vague and ambiguous. LPL particularly objects to topics 2, 5, 17 and 20. New topics 2, 5, 17, and 20 would require scheduling additional witnesses and/or substantial additional preparation that is not feasible under our existing schedule. In addition, these topics appear to lack relevance and raise legal issues beyond the scope of Rule 30(b)(6). Further, while many topics are overly broad and ambiguous, these topics are so broad and vague as to be improper. While reserving LPL's objections to the remaining topics, however, Youngwoo Cho (topics 1, 3, 4, 8, 16, 18, 21) and Jong Hwan Kim (topics 6 (concerning LPL's sales summaries), 7, 9, 10, 11, 12, 13, 14, 15, 19) will be provided for deposition as to available information

Julie S. Gabler, Esq.
Steven Yovits, Esq
May 9, 2006
Page 2

regarding these topics. Please identify immediately Defendants' 30(b)(6) designees, including full names (English and Chinese) and topic designations.

Today we would need to make any necessary arrangements for support personnel, translation, travel, etc., so that we can begin with CPT's and LPL's depositions next week. Last week, I asked whether you would consider switching the previously agreed deposition locations (LPL in Washington and Defendants in California), so that LPL's witnesses would be deposed in California and Defendants' witnesses would be deposed at our Washington, D.C. office. As your Amended Notice now calls for LPL's witnesses to appear in California, we understand that you have agreed to our proposal to switch locations and Defendants' depositions will be at our Washington offices. If this is incorrect then please inform us immediately (and we will, of course, be producing LPL's witnesses in Washington as agreed previously) so that we can attempt to avoid substantial costs and expenses for which we may need to seek recovery from Defendants. Your immediate cooperation and response is appreciated.

Very truly yours,

Cass W. Christenson

CWC:ea
cc:    Julie S. Gabler, Esq
       Christine A. Dudzik, Esq.
       Matthew W. King, Esq.
       Richard D. Kirk, Esq.
       Gaspare J. Bono, Esq.

# Exhibit 2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

LG. PHILIPS LCD CO., LTD.,                )
                                          )
                Plaintiff,                )    C. A. No. 05-292 (JJF)
                                          )
        v.                                )
                                          )
TATUNG COMPANY;                           )
TATUNG COMPANY OF AMERICA, INC.;          )
CHUNGHWA PICTURE TUBES, LTD.;             )
AND VIEWSONIC CORPORATION,                )
                                          )
                Defendants.

## NOTICE OF RULE 30(b)(6) DEPOSITION
## OF LG.PHILIPS LCD CO., LTD.

**TO:**

Richard D. Kirk                          Gaspare J. Bono
The Bayard Firm                          McKenna Long & Aldridge LLP
222 Delaware Avenue, Suite 900           1900 K Street, N.W.
P.O. Box 25130                           Washington, D.C. 20006
Wilmington, DE 19899-5130

        PLEASE TAKE NOTICE that Defendants Chunghwa Picture Tubes, LTD., Tatung Co.

of America, Tatung Company, and Viewsonic Corporation will take the deposition of Plaintiff

LG.Philips LCD Co., Ltd. ("LPL"), pursuant to Fed. R. Civ. P. 30(b)(6), beginning on Monday,

February 20, 2006, at 9:00 a.m.  The deposition will take place at Howrey LLP, 321 N. Clark St.,

Ste. 3400, Chicago, IL 60610.   The deposition will be taken before a notary public or court

reporter, duly authorized to administer oaths and transcribe the testimony of the deponent(s).

The deposition will be videotaped and will continue from day to day until complete or adjourned

if authorized by the Court or stipulated by the parties. The subjects covered in the deposition will include (but are not limited to) the subjects listed on Attachment A of this notice.

Pursuant to Fed. R. Civ. P. 30(b)(6), LPL is required to designate one or more persons to testify at the deposition as to the matters known or reasonably available to LPL.

January 18, 2006

*Christine A. Dudzik*

Christine A. Dudzik
Thomas W. Jenkins
Howrey LLP
321 North Clark Street, Suite 3400
Chicago, Illinois 60610
(312) 595-1239

Teresa M. Corbin
Glenn W. Rhodes
Howrey LLP
525 Market Street, Suite 3600
San Francisco, CA 94105
415.848.4900

Attorneys for Defendants/Counterclaimants
Chunghwa Picture Tubes, Ltd.; Tatung
Company; Tatung Company of America,
Inc.; and Viewsonic Corporation.

**ATTACHMENT A**

**DEFINITIONS**

For purposes of this Attachment, you should use the following definitions for the terms used herein. These definitions of terms are for purposes of discovery only, and not to be construed as limiting or reflecting Defendants' position in this case regarding claim construction or any other issue. Defendants specifically reserve the right to use different terms, or to assert different meanings, for all purposes in this case (including, for example, with respect to claim construction, infringement analysis, and validity analysis).

1. "LPL" as used herein, means LG.Philips LCD Co., Ltd. and all persons or entities acting or purporting to act on LPL's behalf, and any of LPL's affiliates.

2. "Defendants" refers to the Defendants in the above-captioned lawsuit as well as its affiliates.

3. "Plaintiff" refers to the Plaintiff in the above-captioned lawsuit as well as its affiliates.

4. "The '121 Patent" means United States Patent No. 6,738,121, entitled "Tape carrier package with dummy bending part and liquid crystal display employing the same," attached as Exhibit A to the Plaintiff's Complaint in Civil Action No. 05-292 (JIF).

5. "The '002 Patent" means United States Patent No. 5,019,002, entitled "Method of manufacturing flat panel backplanes including electrostatic discharge prevention and displays made thereby," attached as Exhibit B to the Plaintiff's Complaint in Civil Action No. 05-292 (JJF).

6. "Patents-in-Suit" refers either individually or collectively to United States Patent No. 6,738,121 and United States Patent No. 5,019,002.

7. "Any" means each and every.

8. The connectives "and,""or," and "and/or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these interrogatories (or, if applicable, document requests) all information that might otherwise be construed to be outside of their scope.

9. "Communication" means, without limitation, every manner or means of statement, utterance, notation, disclaimer, transfer or exchange of information between two or more persons of any nature whatsoever, by or to whomever, whether oral or written or whether face-to-face, by telephone, email, mail, personal delivery or otherwise, including but not limited to, e-mails, letters, correspondence, conversations, memoranda, dialogue, discussions, meetings, interviews, consultations, agreements and other understandings.

10. "Relate to,""relating to," means in any way directly or indirectly, in whole or in part, discussing, referring to, regarding, constituting, concerning, about, pertaining to, relating to, reflecting, considering, underlying, modifying, amending, confirming, mentioning, endorsing, evidencing, summarizing, memorializing, describing, discussing, analyzing, evaluating, representing, supporting, qualifying, terminating, revoking, canceling, or negating.

11. "Document" means all types of documents and things embraced within Federal Rule of Civil Procedure 34 and includes, without limitation, any writing and each original, or a copy in the absence of the original, and every copy bearing notes or markings not present on the original or copy, of the following items, however produced or reproduced, namely: books, accounting records of any nature whatsoever, agreements, communications, correspondence, facsimiles, telegrams, emails, cable, telexes, memoranda, recordings, studies, summaries or records of telephone conversations, summaries or records of

personal conversations or interviews, diaries, letters, forecasts, statistical statements, graphs, laboratory or engineering reports and records, notebooks, charts, plans, sketches, drawings, video tapes, films, slides, information bearing photographic products of any nature whatsoever, photo-records, microfilms, tape recordings, minutes or records of meetings or conferences, expressions or statements of policy, lists of persons attending meetings or conferences, reports or summaries of interviews, reports or summaries of investigations, opinions or reports of consultants, patent studies, or opinions of counsel, records, reports or summaries of negotiations, sales literature of any nature whatsoever, brochures, catalogues, catalogue sheets, pamphlets, periodicals, advertisements, circulars or trade letters, press releases, trade releases, publicity releases, new product releases, reprints, drafts of any documents, working papers, indices, original or preliminary notes, computer printouts, floppy disks, hard drives, CD-ROMs, magnetic tapes and other data compilations from which information can be obtained or translated, if necessary by the defendant through detection devices into reasonably usable form. The term document also refers to any tangible object other than a document as described above, and includes objects of every kind and nature such as, but not limited to, prototypes, models, and specimens.

12. "Identify" used in respect to a company or corporate entity means to set forth:

    A.  the full name of the company;

    B.  the full name of the division or office involved, if applicable; and

    C.  the address of the company and of the division or office involved, if applicable.

13. "Identify" used in respect to a document or thing means:

    A. to provide a brief description of such document or thing, including date, author, recipients, type, and content or substance;

    B. to identify the custodian of the document or thing;

    C. to identify the place where the document or thing may be inspected; and

    D. if a copy of the document has been supplied to Plaintiff, to so state and specifically identify the copy supplied by reference to production numbers or other identifying information.

14. "Identify" used with respect to a natural person means to state:

    A. the full name;

    B. the present or last known business and residence addresses;

    C. the last known employer or job affiliation; and

    D. the last known occupation and business position or title held.

15. As to present or former government employees, state the government employer for each position held, the starting and ending date for each position, and the job description and title for each position held. Also, state the person's responsibilities with regard to any contract specified in the interrogatory.

16. "LCD display module" means the module including an LCD display panel, a backlight unit, driver ICs, and any related components.

17. "LCD display panel" means two substrates with liquid crystal material between the substrates.

18. "LCD display product" means any device that contains an LCD display module. An LCD computer monitor, LCD television, laptop computer, and any telephone or other portable

or handheld product incorporating an LCD display module are examples of LCD display products. This includes all such devices, regardless of brand name.

19. "Person" means any natural person, firm, association, partnership, corporation, or other form of legal entity.

20. "Prior art" has the same meaning as in U.S. patent law, including in 35 U.S.C. § 102 and 103, and applicable case law.

21. "Sale" has the same meaning as in 35 U.S.C. § 271 and applicable case law.

22. The use of the singular form of any word includes the plural and vice versa.

## TOPICS TO BE ADDRESSED AT THE DEPOSITION

1.  The details and circumstances surrounding LPL's acquisition of the '002 patent.

2.  The earliest offer for sale and/or sale by LPL, or others of a LCD panel, display or monitor incorporating a TCP as claimed in the '121 patent.

3.  The basis for LPL's contentions in the complaint that the Defendants meet each and every limitation of at least one claim of the '002 and '121 patents either literally or equivalently, including, but not limited to, the identification of each product investigated or analyzed, documents related to LPL's investigation, and the identification of each patent claim and claim limitation found in each of Defendants' allegedly infringing products.

4.  The prosecution of the '121 patent, including but not limited to, the prior art, the preparation of patentability opinions, the contents included in the prosecution history, and any other communications with the United States Patent and Trademark Office regarding the technology disclosed in the '121 patent.

5.   The validity and/or enforceability of the patents in suit.

6.   The research and development leading up to the conception and reduction to practice of the subject matter disclosed and claimed in the '121 patent.

7.   The date that LPL first became aware of Defendants' products that allegedly infringe the patents in suit, including, but not limited to, identification of the person employed by LPL who first learned of Defendants' allegedly infringing products, explaining the manner in which that person learned of the allegedly infringing products, and identifying all documents that reflect when and how LPL learned of the allegedly infringing products.

8.   Licenses, royalties and/or technology transfer agreements for LCD display products, modules or panels for the patents in suit or comparable products, as well as any policies, practices, or relevant factors LPL has used when negotiating potential license agreements.

9.   LPL's claim in the complaint that it has been and will continue to be injured by Defendants' past and continuing infringement of the patents in suit and is without adequate remedy at law and the detailed factual basis of that injury.

10.   The efforts LPL took to gather and search for information and documents responsive to the Interrogatories and Request for Production of Documents and Things, propounded to LPL by Defendants, including the locations for responsive information and documents, the persons interviewed regarding the responsiveness of such information and documents, and the manner in which LPL searched for electronic information, documents or records.

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that on January 18, 2006 copies of the foregoing document were served via email and U.S. first class mail to the following:

Richard D. Kirk
The Bayard Firm
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899-5130
Facsimile: (302) 658-6395

Gaspare J. Bono
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006
Facsimile: (202) 496-7756


Christine A. Dudzik

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

LG. PHILIPS LCD CO., LTD.,    )
           )
   Plaintiff,     )  C. A. No. 05-292 (JJF)
           )
   v.       )
           )
TATUNG COMPANY;     )
TATUNG COMPANY OF AMERICA, INC.; )
CHUNGHWA PICTURE TUBES, LTD.;  )
AND VIEWSONIC CORPORATION,  )
           )
   Defendants.

### SUPPLEMENTAL NOTICE OF RULE 30(b)(6) DEPOSITION
### OF LG.PHILIPS LCD CO., LTD.

**TO:**

Richard D. Kirk      Gaspare J. Bono
The Bayard Firm      McKenna Long & Aldridge LLP
222 Delaware Avenue, Suite 900  1900 K Street, N.W.
P.O. Box 25130      Washington, D.C. 20006
Wilmington, DE 19899-5130

   PLEASE TAKE NOTICE that Defendants Chunghwa Picture Tubes, LTD., Tatung Co.

of America, Tatung Company, and Viewsonic Corporation will take the deposition of Plaintiff

LG.Philips LCD Co., Ltd. ("LPL"), pursuant to Fed. R. Civ. P. 30(b)(6), beginning on Monday,

February 27, 2006, at 9:00 a.m.  The deposition will take place at a location to be mutually

agreed on by the parties.  The deposition will be taken before a notary public or court reporter,

duly authorized to administer oaths and transcribe the testimony of the deponent(s).  The

deposition will be videotaped and will continue from day to day until complete or adjourned if

DM_US\8307256.v1

authorized by the Court or stipulated by the parties. The subjects covered in the deposition will include the subjects listed on Attachment A of this notice.

Pursuant to Fed. R. Civ. P. 30(b)(6), LPL is required to designate one or more persons to testify at the deposition as to the matters known or reasonably available to LPL.

January 30, 2006

*Christine A. Dudzik*

Christine A. Dudzik
Thomas W. Jenkins
Howrey LLP
321 North Clark Street, Suite 3400
Chicago, Illinois 60610
(312) 595-1239

Teresa M. Corbin
Glenn W. Rhodes
Howrey LLP
525 Market Street, Suite 3600
San Francisco, CA 94105
415.848.4900

Attorneys for Defendants/Counterclaimants
Chunghwa Picture Tubes, Ltd.; Tatung
Company; Tatung Company of America,
Inc.; and Viewsonic Corporation.

## ATTACHMENT A

### DEFINITIONS

A.  For purposes of this Notice, Plaintiff should refer to the definitions set out in Defendants'

First Set of Interrogatories (Nos. 1-20), which definitions and meanings are incorporated

herein by reference.

### TOPICS TO BE ADDRESSED AT THE DEPOSITION

11.   All LPL patents, patent applications, and prosecution histories, that relate to tape

carrier packages, including any research and development that supports such patents,

patent applications and prosecution histories.

12.   The circumstances surrounding the drafting and filing of Korean Patent Application

No. 10-1999-0065035 (Publication No. Tuk 2001-0065166), including the research

and development leading up to the conception and/or reduction to practice of the

subject matter disclosed in said application.

13.   The inventorship of the '121 patent and the Korean Patent Application No. 10-1999-

0065035 (Publication No. Tuk 2001-0065166).

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that on January 30, 2006 copies of the foregoing document were served via email and facsimile to the following:

Richard D. Kirk
The Bayard Firm
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899-5130
Facsimile: (302) 658-6395

Gaspare J. Bono
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006
Facsimile: (202) 496-7756

_____
Christine A. Dudzik

DM_US\8307256.v1                                                    4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

LG. PHILIPS LCD CO., LTD.,          )
                                    )
          Plaintiff,                )      C. A. No. 05-292 (JJF)
                                    )
     v.                             )
                                    )
TATUNG COMPANY;                     )
TATUNG COMPANY OF AMERICA, INC.;    )
CHUNGHWA PICTURE TUBES, LTD.;       )
AND VIEWSONIC CORPORATION,          )
                                    )

          Defendants.

SECOND SUPPLEMENTAL NOTICE OF RULE 30(b)(6) DEPOSITION
OF LG.PHILIPS LCD CO., LTD.

**TO:**

Richard D. Kirk                    Gaspare J. Bono
The Bayard Firm                    McKenna Long & Aldridge LLP
222 Delaware Avenue, Suite 900     1900 K Street, N.W.
P.O. Box 25130                     Washington, D.C. 20006
Wilmington, DE 19899-5130

     PLEASE TAKE NOTICE that Defendants Chunghwa Picture Tubes, LTD., Tatung Co.

of America, Tatung Company, and Viewsonic Corporation will take the deposition of Plaintiff

LG.Philips LCD Co., Ltd. ("LPL"), pursuant to Fed. R. Civ. P. 30(b)(6) at a time not yet

designated. The deposition will take place at a location to be mutually agreed on by the parties.

The deposition will be taken before a notary public or court reporter, duly authorized to

administer oaths and transcribe the testimony of the deponent(s). The deposition will be

videotaped and will continue from day to day until complete or adjourned if authorized by the

RLF1-2979463-1

Court or stipulated by the parties. The subjects covered in the deposition will include the subjects listed on Attachment A of this notice.

Pursuant to Fed. R. Civ. P. 30(b)(6), LPL is required to designate one or more persons to testify at the deposition as to the matters known or reasonably available to LPL.

Robert W. Whetzel (#2288)
whetzel@rlf.com
Matthew W. King (#4566)
king@rlf.com
Richards, Layton & Finger
One Rodney Square, P.O. Box 551
Wilmington, DE 19899
(302) 651-7700
Attorneys for Defendants/Counterclaimants
Tatung Company, Tatung Company of
America, Chunghwa Picture Tubes, Ltd, and
Viewsonic Corporation

Of Counsel:

Christine A. Dudzik
Thomas W. Jenkins
Howrey LLP
321 North Clark Street, Suite 3400
Chicago, Illinois 60610
(312) 595-1239

Dated: February 10, 2006

2

### ATTACHMENT A

### DEFINITIONS

A. For purposes of this Notice, Plaintiff should refer to the definitions set out in Defendants'
First Set of Interrogatories (Nos. 1-20), which definitions and meanings are incorporated
herein by reference.

### TOPICS TO BE ADDRESSED AT THE DEPOSITION

14.    The research and development leading up to the conception and reduction to
practice of the subject matter disclosed and claimed in the '002 patent and any
due diligence performed leading up to, and including, the acquisition of the '002
patent from Honeywell.

3

RLF1-2979463-1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 10, 2006, I electronically filed the foregoing

document with the Clerk of Court using CM/ECF which will send notification of such filing, and

e-mailed and hand delivered to the following:

>    Richard D. Kirk
>    The Bayard Firm
>    222 Delaware Avenue, Suite 900
>    P.O. Box 25130
>    Wilmington, DE 19899

I hereby certify that on February 10, 2006, I sent the foregoing document by e-mail and

federal express, next business day delivery, to the following non-registered participants:

>    Gaspare J. Bono
>    Matthew T. Bailey
>    Andrew J. Park
>    Adrian Mollo
>    McKenna Long & Aldridge LLP
>    1900 K Street, NW
>    Washington, DC 20006

>    Matthew W. King (#4566)
>    king@rlf.com
>    Richards, Layton & Finger
>    One Rodney Square
>    P.O. Box 551
>    Wilmington, DE 19899

RLF1-2917974-1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

LG. PHILIPS LCD CO., LTD.,                )
                                          )
            Plaintiff,                    )       C.A. No. 05-292 (JJF)
                                          )
      v.                                  )
                                          )
TATUNG COMPANY;                           )
TATUNG COMPANY OF AMERICA, INC.;          )
CHUNGHWA PICTURE TUBES, LTD.;             )
AND VIEWSONIC CORPORATION,                )
                                          )
            Defendants.                   )


**DEFENDANTS' AMENDED NOTICE OF DEPOSITION OF
PLAINTIFF UNDER FRCP 30(b)(6)**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendants Chunghwa Picture Tubes, Ltd., Tatung Company, Tatung Company of America, Inc., and Viewsonic Corporation (collectively "CPT") will take the deposition upon oral examination of Plaintiff LG Philips LCD Co., Ltd. ("LPL") on the topics set forth in Attachment A.

The deposition will take place at the following address:
Howrey LLP
550 S. Hope St.
Suite 1100
Los Angeles, CA 90071

The deposition will commence on May 15, 2006, at 9:00 a.m., or at such other time as mutually agreed upon. The deposition will be conducted before a Notary Public or some other officer authorized to administer an oath. Testimony will be recorded by stenographic and/or videographic (audio and visual) means. Testimony may also be recorded by real-time transcription means (e.g., Livenote).

Dated: May 8, 2006

Howrey LLP

By: _____
Steven Yovits
Howrey LLP
Attorneys for Defendants/Counterclaimants
Chunghwa Picture Tubes, Ltd.; Tatung
Company; Tatung Company of America,
Inc.; and Viewsonic Corporation.

Robert W. Whetzel (#2288)
whetzel@rlf.com
Matthew W. King (#4566)
king@rlf.com
Richards, Layton & Finger
One Rodney Square, P.O. Box 551
Wilmington, DE  19899
(302) 651-7700

Christine A. Dudzik
Steven Yovits
Howrey LLP
321 North Clark Street, Suite 3400
Chicago, Illinois 60610
(312) 595-1239


Julie S. Gabler
Howrey LLP
550 South Hope Street, Suite 1100
Los Angeles, CA 90071
(213) 892-1800

Glenn W. Rhodes
J. James Li
Howrey LLP
525 Market Street, Suite 3600
San Francisco, California  94105
(415) 848-4900

Attachment A

Deposition Topics

1.  All events and documents evidencing or in any way relating to the conception and
    reduction to practice of U.S. Pat. 5,019,002 ("the '002 patent"), including but not
    limited to investigations or due diligence analyses by LPL regarding the
    conception and reduction to practice of the '002 patent.

2.  All forms of implementations of the '002 patent in LPL's products, including,
    without limitation, the engineering designs and specifications for the
    embodiments of "the outer electrostatic discharge guard ring," "inner electrostatic
    discharge guard ring," "resistance," "interconnecting," "switching element,"
    "pickup pad," and "corner pad," as those terms are used by the '002 patent.

3.  The engineering and commercial values of the implementation of the '002 patent
    by LPL's products, including but not limited to, any engineering or manufacturing
    advantages, cost savings, quality improvement, and/or sales enhancement of LPL
    products provided by the technologies claimed by the '002 patent.

4.  LPL's purchase of the '002 patent from Honeywell, Inc., including, but not
    limited to, issues regarding when, how, and why LPL made the purchase, people
    who participated in the negotiation and due diligence for the purchase on behalf
    of LPL, and the contractual terms for the purchase, including but not limited to
    the amount paid for the patent.

5.  LPL's litigations against NEC in the United States District Court, District of
    Delaware (Case No. 1:99-cv-00726-RRM) and in the Northern District of
    California (Case No. 3:98-cv-03624-MMC) ("the NEC cases")  The topic

includes, but is not limited to, the asserted claims of the '002 patent in the NEC cases, NEC's invalidity claims against the '002 patent, NEC's and LPL's expert reports regarding invalidity and infringement, and the terms of the settlement between LPL and NEC.

6. The construction and derivation of LPL's financial data.

7. The relationship between LPL and its related entities (including but not limited to LG. Philips America, Inc.).

8. Identification of the LPL modules that practice the '002 patent.

9. The bases for LPL's contentions that it has been harmed and has suffered damages.

10. All information about the licenses LPL has successfully or unsuccessfully negotiated or offered for any patent portfolios including the '002 patent.

11. The market for products practicing or embodying the '002 patent including those manufactured or sold by LPL or any other entity.

12. All valuations ever conducted of the '002 patent.

13. The profits (net and gross) associated with LPL's products practicing the '002 patent as opposed to ones not practicing the '002 patent.

14. The commercial relationship between LPL and any or all of CPT, Tatung, Tatung USA, and Viewsonic.

15. LPL's licensing policy and its historical licensing policy.

16. The fiscal contribution of the patented invention to the accused products and to any of LPL's products that embody the invention.

17. The non-infringing alternatives to the '002 patent or the lack of non-infringing alternatives.

18. The costs of developing or procuring the '002 patent.

19. The financial, business, and marketing documents kept by LPL and the process of producing financial, business and marketing documents.

20. All communications involving the sale, marketing, or business involving the 002 patent.

21. All notice letters or warnings that LPL ever sent out to any other entities or individuals regarding the '002 patent.

## CERTIFICATE OF SERVICE

I, Steven Yovits, an attorney, hereby certify that I have served a copy of the foregoing **DEFENDANTS' AMENDED NOTICE OF DEPOSITION OF PALINTIFF UNDER FRCP 30(b)(6)** on the following individual by electronic mail on May 8, 2006:

> Cass W. Christenson, Esq.
> McKenna Long & Aldridge LLP
> 1900 K Street, N.W.
> Washington, D.C. 20006

Steven Yovits

DM_US\8343544 v1