# Exhibit 3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

L.G.PHILIPS LCD CO., LTD.,

    Plaintiff,

        v.

TATUNG COMPANY;
TATUNG COMPANY OF AMERICA, INC.;
CHUNGHWA PICTURE TUBES, LTD.;
AND VIEWSONIC CORPORATION,

    Defendants.

Civil Action No. 05-292 (JJF)

**PLAINTIFF'S OBJECTIONS TO DEFENDANTS' AMENDED
<u>NOTICE OF RULE 30(b)(6) DEPOSITION</u>**

    Plaintiff LG.Philips LCD Co., Ltd. ("LPL"), by its undersigned counsel, hereby objects to

the Amended Notice of Rule 30(b)(6) Deposition dated May 8, 2006 (the "Notice") served by

Defendants Tatung Company, Tatung Company of America, Inc., Chunghwa Picture Tubes,

Ltd., and ViewSonic Corporation (collectively, "Defendants").

<u>**GENERAL OBJECTIONS**</u>

    These General Objections apply to each of the Topics identified in Defendants' Notice

and are hereby incorporated into each of LPL's Specific Objections and Responses set forth

below.

    1.     LPL objects to the date and location of the deposition in the Notice. LPL has

confirmed mutually agreeable dates for the deposition of LPL's witnesses in Washington, D.C.

    2.     LPL objects to the length and scope of the deposition to the extent inconsistent

with the time and scope limits set forth in the Court's Scheduling Order, the Federal Rules of

Civil Procedure, and/or the Local Rules of the Court.

3.    LPL objects to the Topics in the Notice to the extent certain Topics may seek information protected by the attorney-client privilege, work product doctrine, or any other applicable protection from discovery.

4.    LPL objects to the Topics in the Notice to the extent they do not describe with reasonable particularity the matters on which examination is requested.

5.    LPL objects to the Topics in the Notice to the extent they are vague, ambiguous, overly broad, or unduly burdensome.

6.    LPL objects to the Topics in the Notice to the extent they seek information not relevant to the claims and defenses in this case and/or are not reasonably calculated to lead to the discovery of admissible evidence.

7.    LPL objects to the Topics in the Notice to the extent they seek discovery of trade secrets or other confidential research, development, or commercial information. LPL will only produce such information in accordance with the Protective Order entered in this action. To the extent any Topic entails the disclosure or production of confidential information of third parties that is in LPL's possession, LPL will attempt to obtain the consent of such third party prior to disclosure or production. If LPL cannot obtain such consent, LPL will not disclose or produce the information.

8.    LPL objects to the lack of Definitions in the Notice, and, to the extent applicable, LPL reincorporates and reasserts herein any and all Objections to Defendants' Definitions that LPL has asserted in LPL's objections and responses to Defendants' definitions in previous Deposition Notices, Document Requests, and Interrogatories in this case.

9.    LPL objects to the extent that Defendants seek discovery related to the '121 patent, which is no longer the subject of LPL's claims in this case, and is no longer a proper subject for discovery.

10.    LPL notes that it is responding to the Notice based solely on its current knowledge, understanding, and belief as to the facts and information available to it as of the undersigned date.  Additional investigation, discovery from Defendants, and/or experts upon which LPL may rely may produce additional, relevant information.  Accordingly, LPL reserves the right to amend or supplement its Objections.

## SPECIFIC OBJECTIONS AND RESPONSES

### Topic No. 1:

All events and documents evidencing or in any way relating to the conception and reduction to practice of U.S. Pat. 5,019,002 ("the '002 patent"), including but not limited to investigations or due diligence analyses by LPL regarding the conception and reduction to practice of the '002 patent.

### Objection and Response:

LPL objects to this Topic as vague, overly broad, unduly burdensome, and does not describe with reasonable particularity the matters on which examination is requested.  For example, it is unclear what might be deemed every "event" and "document" "in any way relating to" conception and reduction to practice.  LPL further objects to this Topic to the extent it seeks information protected by the attorney-client privilege or work product doctrine.  Subject to LPL's General and Specific Objections, LPL will provide a witness to testify on this Topic.

### Topic No. 2:

All forms of implementations of the '002 patent in LPL's products, including, without limitation, the engineering designs and specifications for the embodiments of "the outer

6270451

electrostatic discharge guard ring," "inner electrostatic discharge guard ring, "resistance," "interconnecting," "switching element," "pickup pad," and "corner pad," as those terms are used by the '002 patent.

**Objection and Response:**

LPL objects to this Topic as beyond the scope of permissible discovery and not reasonably calculated to lead to the discovery of admissible evidence, including because LPL's products are not at issue. LPL also objects to this Topic because it is vague, overly broad, unduly burdensome, and does not describe with reasonable particularity the matters on which examination is requested. For example, it is unclear what is meant by "all forms of implementations" and the Topic uses terms for which the meanings are in dispute and the subject of *Markman* briefing. LPL further objects to this Topic to the extent it seeks information protected by the attorney-client privilege or work product doctrine. For the foregoing reasons, and as stated in counsel's May 9, 2006 letter, LPL is not able to designate a witness to testify on this Topic.

**Topic No. 3:**

The engineering and commercial values of the implementation of the '002 patent by LPL's products, including but not limited to, any engineering or manufacturing advantages, cost savings, quality improvement, and/or sales enhancement of LPL products provided by the technologies claimed by the '002 patent.

**Objection and Response:**

LPL objects to this Topic because it is vague, overly broad, unduly burdensome, and does not describe with reasonable particularity the matters on which examination is requested. For example, it is unclear what is meant by "engineering and commercial values of the implementation." LPL further objects to this Topic to the extent it seeks information protected

by the attorney-client privilege or work product doctrine. Subject to LPL's General and Specific

Objections, LPL will provide a witness to testify on this Topic.

### Topic No. 4:

LPL's purchase of the '002 patent from Honeywell, Inc., including, but not limited to, issues regarding when, how, and why LPL made the purchase, people who participated in the negotiation and due diligence for the purchase on behalf of LPL, and the contractual terms for the purchase, including but not limited to the amount paid for the patent.

### Objection and Response:

LPL objects to this Topic because it is vague, overly broad, unduly burdensome, and does

not describe with reasonable particularity the matters on which examination is requested. For

example, it is unclear what information is sought regarding unspecified "contractual terms" other

than payment amount. LPL further objects to this Topic to the extent it seeks information

protected by the attorney-client privilege or work product doctrine. Subject to LPL's General

and Specific Objections, LPL will provide a witness to testify on this Topic.

### Topic No. 5:

LPL's litigations against NEC in the United States District Court, District of Delaware (Case No. 1:99-cv-00726-RRM) and in the Northern District of California (Case No. 3:98-cv-03624-MMC) ("the NEC cases"). The topic includes, but is not limited to, the asserted claims of the '002 patent in the NEC cases, NEC's invalidity claims against the '002 patent, NEC's and LPL's expert reports regarding invalidity and infringement, and the terms of the settlement between LPL and NEC.

### Objection and Response:

LPL objects to this Topic as beyond the scope of permissible discovery and not

reasonably calculated to lead to the discovery of admissible evidence. LPL further objects to this

Topic because it is vague, overly broad, unduly burdensome, and does not describe with

reasonable particularity the matters on which examination is requested. For example, it is unclear what information is sought regarding these "litigations", which are prior proceedings unrelated to this case and outside of the scope of discovery in this case. LPL further objects to this Topic to the extent it seeks information protected by the attorney-client privilege or work product doctrine. For the foregoing reasons, and as stated in counsel's May 9, 2006 letter, LPL is not able to designate a witness to testify on this Topic.

**Topic No. 6:**

The construction and derivation of LPL's financial data.

**Objection and Response:**

LPL objects to this Topic because it is vague, overly broad, unduly burdensome, and does not describe with reasonable particularity the matters on which examination is requested. For example, it is unclear what is meant by "construction and derivation" and it is unclear which "financial data" is the subject of this Topic. LPL further objects to this Topic to the extent it seeks information protected by the attorney-client privilege or work product doctrine. Subject to LPL's General and Specific Objections, LPL will provide a witness to testify on this Topic.

**Topic No. 7:**

The relationship between LPL and its related entities (including but not limited to LG.Philips America, Inc.).

**Objection and Response:**

LPL objects to this Topic because it is vague, overly broad, unduly burdensome, and does not describe with reasonable particularity the matters on which examination is requested. For example, it is unclear what is meant by "related entities" or what information is sought

627045v1

6

concerning LPL's "relationship" with such "entities." LPL further objects to this Topic to the extent it seeks information relevant to the '121 patent, which is no longer part of this case. LPL also objects to the extent that this topic seeks information protected by the attorney-client privilege or work product doctrine. Subject to LPL's General and Specific Objections, LPL will provide a witness to testify on this Topic.

**Topic No. 8:**

Identification of the LPL modules that practice the '002 patent.

**Objection and Response:**

LPL objects to this Topic because it is vague, overly broad, unduly burdensome, and does not describe with reasonable particularity the matters on which examination is requested. For example, it is unclear what is meant by "practice the '002 patent" or whether this Topic related to any or all apparatus and/or method claims. LPL further objects to this Topic to the extent it seeks information protected by the attorney-client privilege or work product doctrine. Subject to LPL's General and Specific Objections, LPL will provide a witness to testify on this Topic.

**Topic No. 9:**

The bases for LPL's contentions that it has been harmed and has suffered damages.

**Objection and Response:**

LPL objects to this Topic because it is vague, overly broad, unduly burdensome, and does not describe with reasonable particularity the matters on which examination is requested. For example, it is unclear to which "bases" or "contentions" this Topic relates, other than the damages referenced in Mr. Cobb's expert report, which is the subject of expert discovery. LPL

further objects to this Topic to the extent it seeks information protected by the attorney-client privilege or work product doctrine. Subject to LPL's General and Specific Objections, LPL will provide a witness to testify on this Topic.

**Topic No. 10:**

All information about the licenses LPL has successfully or unsuccessfully negotiated or offered for any patent portfolios including the '002 patent.

**Objection and Response:**

LPL objects to this Topic because it is vague, overly broad, unduly burdensome, and does not describe with reasonable particularity the matters on which examination is requested. For example, it is unclear what "information" is sought and what is meant by "successfully or unsuccessfully negotiated". LPL further objects to this Topic to the extent it seeks information protected by the attorney-client privilege or work product doctrine. Subject to LPL's General and Specific Objections, LPL will provide a witness to testify on this Topic.

**Topic No. 11:**

The market for products practicing or embodying the '002 patent including those manufactured or sold by LPL or any other entity.

**Objection and Response:**

LPL objects to this Topic because it is vague, overly broad, unduly burdensome, and does not describe with reasonable particularity the matters on which examination is requested. For example, it is unclear what is meant by the "market" or what is meant by "practicing or embodying the '002 patent" (including whether this is intended to refer to any or all method and/or apparatus claims in the patent). LPL further objects to this Topic to the extent it seeks

627845.1

information protected by the attorney-client privilege or work product doctrine. Subject to LPL's General and Specific Objections, LPL will provide a witness to testify on this Topic.

**Topic No. 12:**

All valuations ever conducted of the '002 patent.

**Objection and Response:**

LPL objects to this Topic because it is vague, overly broad, unduly burdensome, and does not describe with reasonable particularity the matters on which examination is requested. For example, it is unclear what is meant by "valuations" of the '002 patent. LPL further objects to this Topic to the extent it seeks information protected by the attorney-client privilege or work product doctrine. Subject to LPL's General and Specific Objections, LPL will provide a witness to testify on this Topic.

**Topic No. 13:**

The profits (net and gross) associated with LPL's products practicing the '002 patent as opposed to ones not practicing the '002 patent.

**Objection and Response:**

LPL objects to this Topic because it is vague, overly broad, unduly burdensome, and does not describe with reasonable particularity the matters on which examination is requested. For example, it is unclear what is meant by "products practicing the '002 patent" or whether this is intended to relate to any or all method or apparatus claims in the patent. LPL further objects to this Topic to the extent it seeks information protected by the attorney-client privilege or work product doctrine. Subject to LPL's General and Specific Objections, LPL will provide a witness to testify on this Topic.

62704561

9

**Topic No. 14:**

The commercial relationship between LPL and any or all of CPT, Tatung, Tatung USA, and ViewSonic.

**Objection and Response:**

LPL objects to this Topic because it is vague, overly broad, unduly burdensome, and does not describe with reasonable particularity the matters on which examination is requested. For example, it is unclear what is meant by "commercial relationship" between LPL and each Defendant. LPL further objects to this Topic to the extent it seeks information protected by the attorney-client privilege or work product doctrine. Subject to LPL's General and Specific Objections, LPL will provide a witness to testify on this Topic.

**Topic No. 15:**

LPL's licensing policy and its historical licensing policy.

**Objection and Response:**

LPL objects to this Topic because it is vague, overly broad, unduly burdensome, and does not describe with reasonable particularity the matters on which examination is requested. For example, it is unclear what is meant by "licensing policy" or "historical licensing policy" at LPL. LPL further objects to this Topic to the extent it seeks information protected by the attorney-client privilege or work product doctrine. Subject to LPL's General and Specific Objections, LPL will provide a witness to testify on this Topic.

**Topic No. 16:**

The fiscal contribution of the patented invention to the accused products and to any of LPL's products that embody the invention.

**Objection and Response:**

LPL objects to this Topic because it is vague, overly broad, unduly burdensome, and does not describe with reasonable particularity the matters on which examination is requested. For example, it is unclear what is meant by "fiscal contribution of the patented invention" and the Topic does not sufficiently identify which products are included within this Topic. LPL further objects to this Topic to the extent it seeks information protected by the attorney-client privilege or work product doctrine. Subject to LPL's General and Specific Objections, LPL will provide a witness to testify on this Topic.

**Topic No. 17:**

The non-infringing alternatives to the '002 patent or the lack of non-infringing alternatives.

**Objection and Response:**

LPL objects to this Topic as beyond the scope of permissible discovery and not reasonably calculated to lead to the discovery of admissible evidence. LPL further objects to this Topic because it is vague, overly broad, unduly burdensome, and does not describe with reasonable particularity the matters on which examination is requested. For example, it is unclear whether this Topic is intended to address specific alternatives, or what information is sought concerning any or all "non-infringing alternatives." LPL further objects to this Topic to the extent it seeks information protected by the attorney-client privilege or work product

62764511

11

doctrine. For the foregoing reasons, and as stated in counsel's May 9, 2006 letter, LPL is not able to designate a witness to testify on this Topic.

### Topic No. 18:

The costs of developing or procuring the '002 patent.

### Objection and Response:

LPL objects to this Topic because it is vague, overly broad, unduly burdensome, and does not describe with reasonable particularity the matters on which examination is requested. For example, it is unclear what is meant by "costs of developing or procuring" the patent. LPL purchased the '002 Patent, and certain "costs" are unknown to LPL. LPL also objects to this Topic as it appears to seek information that is not reasonably calculated to lead to admissible evidence, insofar as such "costs" are not relevant to any claim or defense. LPL further objects to this Topic to the extent it seeks information protected by the attorney-client privilege or work product doctrine. Subject to LPL's General and Specific Objections, LPL will provide a witness to testify on this Topic.

### Topic No. 19:

The financial, business, and marketing documents kept by LPL and the process of producing financial, business and marketing documents.

### Objection and Response:

LPL objects to this Topic because it is vague, overly broad, unduly burdensome, and does not describe with reasonable particularity the matters on which examination is requested. For example, it is unclear what specific "financial, business, and marketing documents" are intended to be addressed in this Topic. LPL further objects to this Topic to the extent it seeks information

627045.1

12

protected by the attorney-client privilege or work product doctrine. Subject to LPL's General and Specific Objections, LPL will provide a witness to testify on this Topic.

### Topic No. 20:

All communications involving the sale, marketing, or business involving the '002 patent.

### Objection and Response:

LPL objects to this Topic as beyond the scope of permissible discovery and not reasonably calculated to lead to the discovery of admissible evidence. LPL further objects to this Topic because it is vague, overly broad, unduly burdensome, and does not describe with reasonable particularity the matters on which examination is requested. For example, the reference to "sale, marketing, or business involving the '002 patent" is unintelligible; LPL does not transact sales, marketing, or business of the '002 patent. Accordingly, communications related to such "sale, marketing, or business" are non-existent and cannot be the subject of testimony by LPL. LPL further objects to this Topic to the extent it seeks information protected by the attorney-client privilege or work product doctrine. For the foregoing reasons, and as stated in counsel's May 9, 2006 letter, LPL is not able to designate a witness to testify on this Topic.

### Topic No. 21:

All notice letters or warnings that LPL ever sent out to any other entities or individuals regarding the '002 patent.

**Objection and Response:**

LPL objects to this Topic because it is vague, overly broad, unduly burdensome, and does not describe with reasonable particularity the matters on which examination is requested. For example, it is unclear what specific "notice letters or warnings" are intended to be addressed in this Topic, nor can LPL determine what information is sought concerning any such "notice letters or warnings". LPL further objects to this Topic to the extent it seeks information protected by the attorney-client privilege or work product doctrine. Subject to LPL's General and Specific Objections, LPL will provide a witness to testify on this Topic.

June 5, 2006                                    THE BAYARD FIRM

                                                /s/ Richard D. Kirk (rk0922)
                                                222 Delaware Avenue, Suite 900
                                                P.O. Box 25130
                                                Wilmington, DE 19899-2306
                                                (302) 655-5000
                                                rkirk@bayardfirm.com

                                                Attorney For Plaintiff
                                                LG.PHILIPS LCD CO , LTD.

OF COUNSEL:

Gaspare J. Bono
Matthew T. Bailey
Cass W. Christenson
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006
(202) 496-7500

617045v1