**Exhibit 7**

**Christenson, Cass**

| | |
|---|---|
| **From:** | Christenson, Cass |
| **Sent:** | Saturday, June 17, 2006 12:58 PM |
| **To:** | 'Yovits, Steven'; Bono, Gaspare |
| **Cc:** | Dudzik, Christine |
| **Subject:** | Response to Your June 16 Letter Regarding Deposition Topics for LPL |

Dear Steve:

Your June 16 letter is another example of the defendants' bad faith discovery conduct in this matter. The same day that you requested a meet and confer on discovery issues (June 8), I offered to meet with you immediately, that same day, while were together in LA. You refused to meet because you were "not prepared" to discuss the issues. Therefore, at your request, we scheduled a teleconference for June 13. During that call, with respect to the four (out of 21) deposition topics for which a witness was not designated by LPL, you and Christine Dudzik stated several times that your were going to send me something that specified, with respect to each of the four disputed topics, what information you seek. I agreed to then consider your specific requests and discuss them with you. You cannot now refuse to engage in any meet and confer, nor can you attempt to accuse me of failing to meet and confer. Please comply your agreement and send me specific information that you believe is needed concerning each topic. We will then respond to see whether we can resolve your concerns. I called you just now to discuss this, but you were not available. I am copying Christine on this email as well, which I regret is necessary given your letter.

Best regards,
Cass

-----Original Message-----
From: Yovits, Steven [mailto:YovitsS@howrey.com]
Sent: Friday, June 16, 2006 7:53 PM
To: Christenson, Cass; Bono, Gaspare
Subject: Letter

Dear Cass:

Please see attached letter.

Regards,
Steve

--------------------------------------------------------------------------------
-------
This email and any attachments contain information from the law firm of Howrey LLP, which may be confidential and/or privileged.
The information is intended to be for the use of the individual or entity named on this email.
If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this email is prohibited.
If you receive this email in error, please notify us by reply email immediately so that we can arrange for the retrieval of the original documents at no cost to you.

**Exhibit 8**

# McKenna Long
# & Aldridge LLP
Attorneys at Law

Atlanta

Denver

Los Angeles

Philadelphia

San Diego

San Francisco

Washington, DC

Brussels

1900 K Street, NW • Washington, DC 20006
202.496.7500 • Fax: 202.496.7756
www.mckennalong.com

CASS W. CHRISTENSON
(202) 496-7218

EMAIL ADDRESS
cchristenson@mckennalong.com

June 21, 2006

BY E-MAIL

Steven Yovits, Esq.
Howrey LLP
321 North Clark Street, Suite 3400
Chicago, IL 60610

Re:   *LG.Philips LCD Co., Ltd. v. Tatung Co., et al.*; CA No. 05-292 (JJF)

Dear Steve:

I write to respond to your June 18 letter and June 19 letter concerning LPL's depositions and related issues.

### 1. Mr. Cho's Deposition

Your inaccurate accusations and mischaracterizations are unproductive and unappreciated. Nonetheless, we remain willing to resolve with you any valid questions concerning LPL's deposition testimony. We have asked you for clarifications of issues that Defendants' witnesses could not explain, to which you have sometimes provided answers and sometimes not provided answers. Here are the answers to the questions that you have raised concerning Mr. Cho's deposition:

1.

2.                    **REDACTED**

3.

4.

Steven Yovits, Esq.
June 21, 2006
Page 2

If you have any additional questions regarding LPL's sales summaries, please let us know and we will do our best to answer your questions or provide clarification. There is no reason to bring a witness from Korea to clarify these minor questions.

I do not understand your request to "show me the deposition notices for the individual witnesses you have deposed." Long ago, we noticed all of the depositions of the individuals identified as persons with knowledge by defendants. Subsequently, the defendants identified numerous additional persons with knowledge. We could notice all of their depositions because you refused to allow us to depose any more than four individuals per defendant (and you even ignored our own agreement on that and sought to limit our depositions contrary to the agreement).

I do not understand your reference to "delay tactics" or your accusation that I have refused to discuss issues with you. You first raised any concerns on June 13. Since that time, I have been attempting to resolve these issues with you, and will continue to do so, as stated above.

2. Objectionable Topics for LPL's Deposition

When we discussed the four disputed deposition topics on June 13, you agreed more than once to send me in writing an explanation of what information you believe that you need concerning each of the four topics. Curiously, you then refused to provide this clarification and accused me of refusing to discuss this issue. If you want to try to resolve this issue, and are willing to do what you agreed to do, please send me the clarification so that we can discuss the issues per our agreement. If you refuse to communicate with us on this issue, we will not be able to resolve it.

Your June 18 letter is riddled with inaccuracies. We have not refused to meet and confer about anything. I offered to confer with you in person on June 8 after we completed a deposition. You refused and stated that you needed to prepare and we could talk on June 13 by phone. I talked to you on June 13 for at least an hour regarding many issues. During our call, you and Christine stated that you would let me know what information you believe that you need on the four disputed topics. Instead, you keep refusing to provide clarification and threaten to file motions. In your June 18 letter, you "set aside topic 20," so apparently we now only need to discuss three disputed topics. LPL's witnesses answered some questions on the three disputed topics, and you have yet to explain what else you believe that you need. Instead, you cite case law in your letter. Again, we look forward to your explanation of what specific information you would like us to provide regarding the disputed topics. We agreed that you would provide that information and then we would discuss it with you. Please keep your end of the agreement, as will we.

3. LPL's Position Regarding Disputed Topics

Your June 19 letter refers to this issue, but simply threatens us with judicial recourse unless we provide some unspecified cooperation. We have cooperated fully and will continue to do so. Your unwarranted threats are unproductive.

Steven Yovits, Esq.
June 21, 2006
Page 3

### 4. Mr. Kim's Deposition

As far as I know, in none of our many meet and confer discussions or discovery conferences has any defendant ever complained about royalty reports not being produced. Again, as I reminded you in my prior letter, I am not aware of such reports being produced by defendants. Indeed, we learned of several licenses and related agreements for the first time during depositions, and had to request several times those documents. You have still withheld some licenses, even if related to LCD products, on the dubious theory that the licenses do not relate to what you refer to LCD technology. Please let us know whether you are proposing a mutual exchange of all royalty reports from both sides, and, if so, when would you propose that we exchange such documents. I continue not to understand, and request an explanation again, of why you believe such documents are relevant. So far, you have ignored my request. And, you go so far as to demand not only the documents, but a witness from Korea to discuss them, with no explanation of how this helps anyone.

### 5. Documents Identified by Cobb & Associates

We have produced to you the documents referenced in Mr. Cobb's report. There was no prejudice to you regarding those documents. Please let me know when we will receive the documents concerning defendants' expert witnesses? We need them this week.

Very truly yours,

Cass W. Christenson

Cass W. Christenson  by EA

CWC:ea

cc:     (by e-mail)
        Julie S. Gabler, Esq.
        Christine A. Dudzik, Esq.
        Matthew W. King, Esq.
        Richard D. Kirk, Esq.
        Gaspare J. Bono, Esq.

# Exhibit 9

# HOWREY LLP

321 North Clark Street
Suite 3400
Chicago, IL 60610
www.howrey.com

STEVEN YOVITS
DIRECT DIAL: 312.846.5630
FAX: 312.893.2187
EMAIL: YOVITSS@HOWREY.COM

June 16, 2006

Cass W. Christenson, Esq.
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006

Re:    *LG Philips LCD Co., Ltd. V. Tatung Co., et al.* (C.A. No. 05-292 JJF)

Dear Cass:

In an e-mail of June 5, 2006, I asked you to meet and confer regarding the 30(b)(6) deposition topics for which you said LPL would not provide a witness. Again on June 13, 2006, during our telephone conversation, I asked you to meet and confer regarding these topics. You promised to get back to me quickly with a date when you would be prepared to meet and confer. It is now June 16, and you still have not agreed to meet and confer on this issue. This is consistent with your usual practice in this case of refusing to meet and confer on issues, and it is unacceptable. At this point, we consider our obligation under Local Rule 7.1.1 to be discharged.

Very truly yours,

Steven Yovits

AMSTERDAM  BRUSSELS  CHICAGO  EAST PALO ALTO  HOUSTON  IRVINE  LONDON
LOS ANGELES  NORTHERN VIRGINIA  PARIS  SALT LAKE CITY  SAN FRANCISCO  TAIPEI  WASHINGTON, DC

DM_US\8332243.v1

**Exhibit 10**

# HOWREY LLP

321 North Clark Street
Suite 3400
Chicago, IL 60610
www.howrey.com

STEVEN YOVITS
DIRECT DIAL: 312.846.5630
FAX: 312.893.2187
EMAIL: YOVITSS@HOWREY.COM

June 18, 2006

Cass W. Christenson, Esq.
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006

Re:    *LG Philips LCD Co., Ltd. V. Tatung Co., et al.* (C.A. No. 05-292 JJF)

Dear Cass:

      This responds to your e-mail of June 17, 2006. I disagree with the characterizations made in your e-mail. We have been asking you for two weeks to meet and confer regarding the topics for which LPL has refused to provide 30(b)(6) testimony. Your refusal of our request to meet and confer, combined with the fact that LPL has filed two motions to compel after refusing to meet and confer with defendants, makes it clear that LPL has adopted a strategy of refusing to meet and confer for some perceived gain. It is unfortunate that only the threat of an imminent motion to compel will motivate you to comply with Local Rule 7.1.1 by speaking with us.

      LPL has refused to provide witnesses regarding topics 2, 5, 17 and 20 of defendants' amended notice of deposition. We are willing to set aside topic 20 for the time being (though we reserve the right to address this once we have had the opportunity to assess what is missing from LPL's other 30(b)(6) depositions). However, it is clear that there is an immediate need for testimony on topics 2, 5 and 17. These topics are highly relevant. Topic 2, which deals with LPL's implementations of the '002 patent, is highly relevant to the damages analysis. *See, e.g.,* *Micro Chemical, Inc. v. Lextron, Inc.*, 318 F.3d 1119, 1124 (Fed. Cir. 2003). We need an LPL witness to testify regarding the ways in which LPL has implemented the supposed invention of the '002 patent. Topic 5, which deals with LPL's prior litigation involving the '002 patent, is also a highly relevant topic. *See, e.g., SanDisk Corp. v. Memorex Products, Inc.*, 415 F.3d 1278, 1290-91 (Fed. Cir. 2005). We need an LPL witness to testify regarding NEC's invalidity and non-infringement defenses, LPL's arguments against these defenses and the positions taken by the experts in the case. And it is axiomatic that topic 17, relating to non-infringing alternatives, is critical to the damages analysis. *See, e.g, Cordis Corp. v. Boston Scientific Corp.*, 2006 WL 760717 at *2 (D. Del. 2006). Defendants are entitled to know about the non-infringing alternatives of which LPL is aware.

      Time is growing short, and we cannot wait any longer than Monday, June 19 to meet and confer. Please let us know immediately what time you are available to speak on Monday. It has

Cass W. Christenson, Esq.
June 18, 2006
Page 2

also been almost a week since we asked you to meet and confer regarding deficiencies in Mr. Cho's deposition, Mr. Kim's deposition and LPL's document production relating to the Cobb & Associates report. We need to meet and confer on that on Monday as well. And finally, it has been almost a week since you promised to confer with Mr. Bono regarding the position that he took during Mr. Cho's deposition -- that it is not necessary to provide witnesses on topics to which the parties have objected. We need to meet and confer with you on Monday regarding that as well.

Very truly yours,

Steven Yovits

**Exhibit 11**

# McKenna Long
# &Aldridge LLP
#### Attorneys at Law

Atlanta

Denver

Los Angeles

Philadelphia

1900 K Street, NW • Washington, DC 20006
202.496.7500 • Fax: 202.496.7756
www.mckennalong.com

San Diego

San Francisco

Washington, DC

Brussels

CASS W. CHRISTENSON
(202) 496-7218

EMAIL ADDRESS
cchristenson@mckennalong.com

June 22, 2006

BY E-MAIL

Steven Yovits, Esq.
Howrey LLP
321 North Clark Street, Suite 3400
Chicago, IL 60610

Re:   *LG.Philips LCD Co., Ltd. v. Tatung Co., et al.*; CA No. 05-292 (JJF)

Dear Steve:

I write to respond to your June 21, 2006 letter.

We have provided properly prepared Rule 30(b)(6) witnesses. My June 21 letter answered all of the questions from Mr. Cho's deposition that we believed you were concerned about, and your June 21 response did not specify any other information that you seek. The preparation of LPL's designees is in stark contrast to the lack of preparation of Defendants' designees, who have been unable to answer many basic questions. Further, the Tatung America designee whom we deposed yesterday testified on only three topics, instead of the many topics for which you had designated him when we agreed on this week's schedule. On June 20, the day before the deposition, I was informed that Tatung America had not prepared a witness on all but three topics, that Tatung America could not produce another witness in place of the original designee on the agreed schedule, that Tatung America could not produce an individual to testify as a fact witness to avoid further delay, and that Tatung America did not know whom it would designate or when. We have made every effort to work around these problems caused by your lack of preparation, but we will not come back to L.A. from Washington to continue depositions that should have been completed during this trip.

You incorrectly contend that we expect you to move to compel on disputed deposition topics. As I keep telling you, we are prepared to address any specific questions or information that you truly need, if you simply explain what you need. You have insisted that we specify the issues that we want you to resolve, and we have done so. Your refusal to reciprocate is unfortunate, and prevents us from understanding or addressing your concerns. Again, please let us know what information you

Steven Yovits, Esq.
June 22, 2006
Page 2

are seeking concerning each of the three disputed deposition topics so that we can have a dialogue. You agreed to do so, and I do not understand your refusal to provide this explanation as agreed.

We regret that you were unwilling to provide any discovery from CPT concerning its compliance with U.S. regulatory and safety requirements. We agree that we are at an impasse. This issue is ripe for the Court.

You have not responded to my attempts to understand your position regarding royalty reports. Do you contend that both sides should exchange such reports? We do not see how they are relevant to any issue for trial, but please let me know how you believe they are relevant and whether you believe they should be exchanged by both sides, so we can further consider this issue. We will not agree to a unilateral production based only on unsupported demands and your conclusory assertion that the reports are "unquestionably highly relevant" – what disputed fact would such reports tend to prove or refute?

During depositions, we continue to learn about documents that should have been produced by Defendants long ago. In Mr. Tsou's June 20 deposition, we requested several documents to use in this week's depositions, but we have not received them, nor even a response at all to our requests. See Tsou, rough tr., at 68, 92. We need these documents today for tomorrow's deposition.

In addition, we are still waiting to receive all of the documents that U.S. companies have provided to CPT concerning                          In your June 14 letter, you agreed to produce them. Instead, on June 15, you produced                          unrelated     **REDACTED** to the documents that you agreed to produce. Please produce all of the                          documents that CPT has received from U.S. companies this week, or we will have no choice but to file an appropriate motion. Our request includes, but is not limited to, the documents that CPT's witness specifically identified. See Tsai Tr. At 156-57. CPT's ongoing denial that its products are used and sold in the U.S. is direct evidence of willfulness, and these documents will prove that CPT knows of and intends to exploit the U.S. market.

Very truly yours,

Cass W. Christenson

Cass W. Christenson  *by: [initials]*

CWC:ea
cc:     (by e-mail)
        Julie S. Gabler, Esq.
        Christine A. Dudzik, Esq.
        Matthew W. King, Esq.
        Richard D. Kirk, Esq.
        Gaspare J. Bono, Esq.