# THE BAYARD FIRM
A T T O R N E Y S

222 DELAWARE AVENUE, SUITE 900
P.O. BOX 25130
WILMINGTON, DE 19899
ZIP CODE FOR DELIVERIES: 19801

MERITAS LAW FIRMS WORLDWIDE

www.bayardfirm.com
302-655-5000
(FAX) 302-658-6395
WRITER'S DIRECT ACCESS

ELECTRONICALLY FILED
ORIGINAL BY HAND

(302) 429-4208
rkirk@bayardfirm.com

September 11, 2006

The Honorable Joseph J. Farnan, Jr.
United States District Court
844 North King Street
Wilmington, DE 19801

      RE:    *LG.Philips LCD Co., Ltd. v. Tatung Company of Amercia, et al.*
               C.A. No. 05-292-JJF

Dear Judge Farnan:

      Plaintiff LG.Philips LCD Co., Ltd. ("LPL") respectfully responds to defendants' letter request (D.I. 441) for an enlargement of the time within which defendants shall file answering briefs in opposition to LPL's Motion for Entry of Final Judgment, Including Enhanced Damages, Attorneys' Fees and Expenses, and Pre-Judgment Interest (D.I. 437) and Motion for Permanent Injunction (D.I. 439). Under the Local Rules, defendants' answering briefs are due on September 18, 2006. Defendants have requested an extension until October 2, 2006.

      However, this request is about more than eleven extra days. To LPL, the problem with this requested extension is that it does not address the question of defendants' own contemplated post-trial motions. Since no final judgment has yet been entered, defendants evidently take the position that their post-trial motions are not yet due. If no final judgment is entered until LPL's post-trial motions have been decided, then defendants' post-trial motions will not be resolved until well into 2007. That would be contrary to the Court's expectation for this expedited trial.

      At the hearing on November 16, 2005, the Court gave the parties the choice of litigating LPL's motion for preliminary injunction or proceeding to trial on an expedited schedule, which would entail final judgment and resolution of post-trial motions "<u>by September 2006.</u>" *See* Transcript from Nov. 16, 2005 hearing at 36:5-19 (Ex. 1). As set forth in the Court's subsequent Order, the parties had "two options" – they could "[c]ontinue with the Motion for Preliminary Injunction," or "[p]roceed to a full disposition with trial in nine (9) months. Trial would commence in approximately June

630700v1

THE BAYARD FIRM

The Honorable Joseph J. Farnan, Jr.
September 11, 2006
Page 2

2006, and <u>all post-trial matters would be resolved by September 2006.</u>" D.I. 32 (Ex. 2). The parties <u>jointly</u> elected the latter option. *See* Nov. 21, 2005 letter from Richard Kirk to the Court (informing the Court of the parties' agreement regarding an expedited trial) (Ex. 3).

When Mr. Whetzel, counsel for defendants, approached me this week about this requested extension, I responded with a proposal that addressed defendants' request for additional time but also addressed LPL's concern about getting to final judgment. Specifically, I proposed that the parties jointly request the Court to enter final judgment on the jury verdict, in accordance with the clear intent of Fed.R.Civ.P. 58(a)(2)(B). That final judgment would be without prejudice to LPL's pending motions to enhance damages, award fees, award prejudgment interest, and enter a permanent injunction; those motions would all apply to that final judgment. It would also be without prejudice to defendants anticipated post-trial motions. It would simply reflect the jury's verdict, as contemplated by Fed.R.Civ.P. 58(a)(2)(B).

Entry of final judgment now would set a deadline for defendants to file post-trial motions under Fed.R.Civ.P. 50, 59, 60 and 62. That way, briefing on defendants' post-trial motions could proceed now on the same basic schedule as on LPL's post-trial motions. Inasmuch as the jury returned its verdict more than six weeks ago, defendants have had ample time to recover from the trial and to research and write their post-trial motions and briefs. Putting them "on the clock" now would not prejudice them in any way.

Accordingly, LPL's response to defendants' request for additional time is that it may be granted, but only if the Court enters judgment on the jury verdict in accordance with Fed.R.Civ.P. 58(a)(2)(B) so that briefing on all post-trial motions may proceed expeditiously.

Respectfully submitted,

Richard D. Kirk (#0922)

:rdk
cc:   Clerk of the Court
      All counsel as shown on attached certificate

630700v1