IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG.PHILIPS LCD CO., LTD., <br><br> Plaintiff/Counterclaim Defendant, <br><br> v. <br><br> TATUNG COMPANY; <br> TATUNG COMPANY OF AMERICA, INC.; <br> CHUNGHWA PICTURE TUBES, LTD.; <br> AND VIEWSONIC CORPORATION, <br><br> Defendants/Counterclaim Plaintiffs. | Civil Action No. 05-292 (JJF) <br><br> **REDACTED PUBLIC VERSION** |

## PLAINTIFF LPL'S MOTION FOR PERMANENT INJUNCTION

Plaintiff LG.Philips LCD Co., Ltd. ("LPL") hereby moves this Court, based on the jury's verdict of willful infringement, for entry of a permanent injunction against Defendants Chunghwa Picture Tubes, Ltd. ("CPT"), Tatung Company ("Tatung"), Tatung Company of America, Inc. ("Tatung America"), and ViewSonic Corporation ("ViewSonic") (collectively, "Defendants"). Specifically, LPL requests that the Court enter an injunction in the form attached as an exhibit to this Motion, as further discussed in LPL's Memorandum of Law in Support of this Motion. *See* Exhibit 1 hereto. An injunction is needed to prevent any further unauthorized and infringing use, sale, offer for sale, or importation in or to the United States of Defendants' infringing products, including by Defendants and their direct and indirect customers. In addition, CPT should label all infringing products (and related marketing materials and company literature), and Defendants should communicate with third parties, including direct and indirect customers, to warn against the improper use, sale, offer for sale, or importation in or to the United States of Defendants' infringing products.

The reasons in support of this Motion are set forth in LPL's supporting Memorandum of Law filed with this Motion. As set forth in LPL's supporting memorandum, LPL is suffering irreparable injury, LPL has no adequate remedy at law, the balance of hardships favors LPL, and the public interest will be served by entry of a permanent injunction in this case. Accordingly, LPL respectfully requests that the Court grant this Motion, enter the proposed form of injunction without delay, and grant such further relief as the Court deems appropriate.

September 1, 2006

THE BAYARD FIRM

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk (#922)
Ashley B. Stitzer (#3891)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE  19899-5130
(302) 655-5000
rkirk@bayardfirm.com

Attorneys for Plaintiff
LG.PHILIPS LCD CO., LTD.

OF COUNSEL:
Gaspare J. Bono
Matthew T. Bailey
Cass W. Christenson
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006
(202) 496-7500 (Telephone)

# EXHIBIT 1

# REDACTED VERSION

Case 1:05-cv-00292-JJF   Document 447   Filed 09/15/2006   Page 3 of 11

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG.PHILIPS LCD CO., LTD., <br><br> Plaintiff/Counterclaim Defendant, <br><br> v. <br><br> TATUNG COMPANY; <br> TATUNG COMPANY OF AMERICA, INC.; <br> CHUNGHWA PICTURE TUBES, LTD.; <br> AND VIEWSONIC CORPORATION, <br><br> Defendants/Counterclaim Plaintiffs. | Civil Action No. 05-292 (JJF) |

### PERMANENT INJUNCTION ORDER

WHEREAS Plaintiff LG.Philips LCD Co., Ltd. ("LPL") has moved for an Order, pursuant to 35 U.S.C. § 283 and Fed. R. Civ. P. 65(d), that Defendants Chunghwa Picture Tubes, Ltd. ("CPT"), Tatung Company ("Tatung"), Tatung Company of America, Inc. ("Tatung America"), and ViewSonic Corporation ("ViewSonic") (collectively, "Defendants") be permanently enjoined from further infringing U.S. Patent No. 5,019,002 ("the '002 Patent");

WHEREAS the Court granted LPL's Motion for Permanent Injunction (D.I. ___);

WHEREAS the Court finds and concludes as follows:

1. The jury in this case returned a verdict finding that Defendants' liquid crystal display ("LCD") products infringe claims 1 and 8 of the '002 Patent, and that each Defendant actively induced others to infringe the '002 Patent;

2. The jury in this case returned a verdict finding that the '002 Patent is not invalid;

3. The jury in this case returned a verdict finding that the Defendants' infringement was willful; and

4. A permanent injunction is necessary and appropriate in this case based on consideration of the relevant facts and circumstances, including the traditional injunction factors discussed in *eBay, Inc. v. MercExchange L.L.C.*, 126 S. Ct. 1837 (2006);

NOW THEREFORE, IT IS HEREBY ORDERED that:

1. Defendants, their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, shall be permanently enjoined, during the term of the '002 Patent, from infringing, either directly, by contribution, or by inducement, the '002 Patent, and from making, using, selling, offering to sell, or importing into the United States the products adjudged to have infringed the '002 Patent, including the following CPT products (shown below and reflected in PTX 34), any versions or variants of those products which are not more than colorably different (hereafter "CPT's infringing products"), and any LCD monitors, LCD televisions, or other products incorporating, using, or containing any such infringing CPT products (hereafter "LCD products"):

4

2.      Defendants shall inform their direct and indirect customers, and all other third parties that previously or currently use, sell, offer to sell, or import in or to the U.S. any of CPT's infringing products, or any LCD products that incorporate, use, or contain CPT's infringing products, by providing a copy of this Order, that CPT's infringing products, and any LCD products incorporating, using, or containing CPT's infringing products, cannot be lawfully used, imported, offered for sale, or sold in or to the United States.

3.      CPT shall label prominently all of CPT's infringing products identified above, and any versions or variants that are not more than colorably different (and related marketing materials and company literature), as follows: "Not for Sale in, Use in, or Importation into the United States."

4.      Defendants shall take immediate steps to comply with this Order, and shall fully comply within seven (7) days of the date of entry of this Order. Defendants shall submit to the Court proof of their compliance with this Order promptly thereafter.

5

_____                    _____
Date                                      United States District Judge

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on September 1, 2006, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Robert W. Whetzel, Esq.
Matthew W. King, Esq.
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

The undersigned counsel further certifies that copies of the foregoing document were sent on September 1, 2006 by email and by hand to the above counsel and by email and first class mail to the following non-registered participants:

Christine A. Dudzik, Esq.
Thomas W. Jenkins, Esq.
Howrey LLP
321 North Clark Street
Suite 3400
Chicago, IL 60610

Teresa M. Corbin, Esq.
Glenn W. Rhodes, Esq.
Julie Gabler, Esq.
Howrey LLP
525 Market Street
Suite 3600
San Francisco, CA 94105

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk

602380v1

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on September 15, 2006, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Robert W. Whetzel, Esq.
Matthew W. King, Esq.
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

The undersigned counsel further certifies that copies of the foregoing document were sent on September 15, 2006 by email and by hand to the above counsel and by email and first class mail to the following non-registered participants:

| | |
|---|---|
| Christine A. Dudzik, Esq.<br>Thomas W. Jenkins, Esq.<br>Howrey LLP<br>321 North Clark Street<br>Suite 3400<br>Chicago, IL  60610 | Teresa M. Corbin, Esq.<br>Glenn W. Rhodes, Esq.<br>Julie Gabler, Esq.<br>Howrey LLP<br>525 Market Street<br>Suite 3600<br>San Francisco, CA  94105 |

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk

602380v1