## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

LG.PHILIPS LCD CO., LTD.,

           Plaintiff/Counterclaim Defendant,

    v.

TATUNG COMPANY;
TATUNG COMPANY OF AMERICA, INC.;
CHUNGHWA PICTURE TUBES, LTD.;
AND VIEWSONIC CORPORATION,

           Defendants/Counterclaim Plaintiffs.

Civil Action No. 05-292 (JJF)

**REDACTED PUBLIC VERSION**

## PLAINTIFF LPL'S MEMORANDUM OF LAW
## IN SUPPORT OF MOTION FOR ENTRY OF FINAL JUDGMENT,
## INCLUDING ENHANCED DAMAGES, ATTORNEYS' FEES AND EXPENSES,
## AND PRE-JUDGMENT INTEREST

THE BAYARD FIRM
Richard D. Kirk (#922)
Ashley B.Stitzer (#3891)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE  19899-5130
(302) 655-5000
rkirk@bayardfirm.com
Counsel For Plaintiff,
LG.PHILIPS LCD CO., LTD.

OF COUNSEL:
Gaspare J. Bono
Matthew T. Bailey
Cass W. Christenson
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006
(202) 496-7500

September 1, 2006

# TABLE OF CONTENTS

**Page**

I.      NATURE AND STAGE OF THE PROCEEDINGS ........................................................ 1

II.     SUMMARY OF ARGUMENT .................................................................................. 2

III.    THE COURT SHOULD ENTER FINAL JUDGMENT IN LPL'S FAVOR .................. 3

IV.     THE COURT SHOULD ENHANCE LPL'S DAMAGES DUE TO
        DEFENDANTS' WILLFUL INFRINGEMENT AND OTHER FACTORS .................... 3

        A.      Enhanced Damages Are Appropriate To Deter and Punish Defendants'
                Willful Infringement ........................................................................................ 4

        B.      CPT's Deliberate Copying Supports Enhanced Damages ..................................... 5

        C.      CPT's Lack of Due Care Supports Enhanced Damages ........................................ 7

        D.      CPT's Litigation Misconduct Supports Enhanced Damages ................................. 9

        E.      CPT's Size and Financial Condition Support Enhanced Damages ..................... 13

        F.      The Overwhelming Verdict Supports Enhanced Damages ................................. 15

        G.      CPT's Ongoing Infringement and Lack of Remedial Action Support
                Enhanced Damages ........................................................................................ 15

        H.      CPT'S Motivation for Harm Supports Enhanced Damages ............................... 16

        I.      CPT's Attempts To Conceal Liability Support Enhanced Damages ................... 17

V.      THIS IS AN EXCEPTIONAL CASE WARRANTING AN AWARD OF
        ATTORNEYS' FEES AND EXPENSES ...................................................................... 20

        A.      The Court Should Award LPL Attorneys' Fees Under Section 285 ................... 21

        B.      The Court Should Award LPL Expenses Under Section 285 ............................. 23

**TABLE OF CONTENTS**
(continued)

**Page**

VI.    LPL SHOULD RECOVER PRE-JUDGMENT INTEREST SINCE
       MARCH 1, 2002, CALCULATED AT THE PRIME RATE .......................................... 24

VII.   CONCLUSION................................................................................................................ 26

# TABLE OF AUTHORITIES

**Page**

## Cases

*Advanced Med. Optics, Inc. v. Alcon Labs., Inc.*, No. Civ. A. 03-1095-KAJ,
2005 WL 3454283(D. Del. Dec. 16, 2005).......................................................... 4, 20

*Amsted Indus., Inc. v. Buckeye Steel Castings Co.*, 24 F.3d 178 (Fed. Cir. 1994) ........................ 7

*Applera Corp. v. Micromass UK Ltd.*, 204 F. Supp. 2d 724 (D. Del. 2002) ................................ 25

*Bennett v. Department of Navy,* 699 F.2d 1140 (Fed. Cir. 1983) .................................................. 21

*C.R. Bard, Inc. v. United States Surgical Corp.,* 258 F. Supp. 2d 355 (D. Del. 2003)................. 20

*Central Soya Co. v. Geo. A. Hormel & Co.,* 723 F.2d 1573 (Fed. Cir. 1983) ........................ 21, 23

*General Motors Corp. v. Devex Corp.*, 461 U.S. 648 (1983)....................................................... 24

*Gillette Co. v. S.C. Johnson & Son, Inc.,* 15 U.S.P.Q.2d 1795 (D. Mass. 1990).......................... 20

*Honeywell Int'l, Inc. v. Hamilton Sundstrand Corp.,* 166 F. Supp. 2d 1008 (D. Del. 2001)........ 24

*IPPV Enters., LLC v. Echostar Communications Corp.*, No. Civ A 99-577-KAJ,
2003 WL 723260 (D. Del. Feb. 27, 2003)................................................................ 24

*Johns Hopkins Univ. v. CellPro*, 978 F. Supp. 184 (D. Del. 1997)............................................. 12

*Joy Techs., Inc. v. Flakt, Inc.,* 954 F. Supp. 796 (D. Del. 1996) ............................................. 4, 24

*Lucent Techs., Inc. v. Newbridge Networks Corp.,* 168 F. Supp. 2d 269
(D. Del. 2001) ............................................................................................... passim

*Markman v. Westview Instruments, Inc.*, 52 F.3d 967 (Fed. Cir. 1995) .......................................... 5

*Mars, Inc. v. Conlux USA Corp.,* 818 F. Supp. 707, 720-21 (D. Del. 1993) ............................... 25

*Mathis v. Spears,* 857 F.2d 749 (Fed. Cir. 1988)........................................................................ 21

*Maxwell v. Angel-Etts of Ca.*, No. CV9910516DT (AJWX), 2001 WL 34133507
(C.D. Cal. July 9, 2001).................................................................................... 12

*Mobil Oil Corp. v. Amoco Chem. Corp.,* 915 F. Supp. 1333 (D. Del. 1995) ............................... 24

*Multi-Tech, Inc. v. Components, Inc.,* 708 F. Supp. 615 (D. Del. 1989)...................................... 22

*nCUBE Corp. v. SeaChange Int'l, Inc.*, 313 F. Supp. 2d 361 (D. Del. 2004)........................ passim

*nCUBE Corp. v. SeaChange Int'l, Inc.*, 436 F.3d 1317 (Fed. Cir. 2006) ................................... 4, 7

*Nikko Materials USA, Inc. v. R.E. Serv. Co.*, No. C03-2549 SBA,
    2006 WL 118438 (N.D. Cal. Jan. 13, 2006) ........................................................................ 21

*Power Lift, Inc. v. Lang Tools, Inc.*, 774 F.2d 478 (Fed. Cir. 1985) ........................................... 23

*Read Corp. v. Portec, Inc.*, 970 F.2d 816, 827 (Fed. Cir. 1992)...................................................... 5

*S.C. Johnson & Son, Inc. v. Carter-Wallace, Inc.*, 781 F.2d 198 (Fed. Cir. 1986) ...................... 20

*Scripps Clinic & Research Foundation v. Baxter Travenol Labs., Inc.*,
    Civ. A. No. 87-140-CMW, 1990 WL 146385 (D. Del. July 31, 1990) ............................. 20, 21

*Scott Paper Co. v. Moore Business Forms*, 604 F. Supp. 835 (D. Del. 1984) ....................... 21, 22

*SRI Int'l, Inc. v. Advanced Tech. Labs., Inc.*, 127 F.3d 1462 (Fed. Cir. 1997) ............................... 4

*Tristrata Tech., Inc. v. Mary Kay, Inc.*, 423 F. Supp. 2d 456 (D. Del. 2006).............................. 24

*Union Oil Co. of Ca. v. Chevron U.S.A., Inc.*, 34 F. Supp. 2d 1222 (C.D. Cal. 1998)................. 23

**Statutes**

28 U.S.C. § 1920.......................................................................................................... 21, 23

28 U.S.C. § 1961.............................................................................................................. 24

35 U.S.C. § 284........................................................................................................ 3, 4, 24

35 U.S.C. § 285.................................................................................................. 4, 20, 21, 23

**Rules**

Fed. R. Civ. P. 58 ............................................................................................................. 3

Fed. R. Civ. P. 54 ........................................................................................................... 22

Local Rule 54.1 ............................................................................................................... 23

**Miscellaneous**

Moore's Federal Practice & Procedure, Civil 3d § 54.154 (3d ed. 2006) ..................................... 22

Plaintiff LG.Philips LCD Co., Ltd. ("LPL") respectfully submits this Memorandum of Law in Support of LPL's Motion for Entry of Judgment, Including Enhanced Damages, Attorneys' Fees and Expenses, and Pre-Judgment Interest. The jury returned a verdict in favor of LPL and against all Defendants on July 27, 2006. LPL requests that the Court enter judgment on the verdict against Defendants Chunghwa Picture Tubes, Ltd. ("CPT"), Tatung Company ("Tatung"), Tatung Company of America, Inc. ("Tatung America"), and ViewSonic Corporation ("ViewSonic") (collectively, "Defendants"), and award enhanced damages, attorneys' fees and expenses, and pre-judgment interest.

## I.    NATURE AND STAGE OF THE PROCEEDINGS

In its complaint, LPL alleged that Defendants directly and indirectly infringed U.S. Patents No. 5,019,002 ("the '002 Patent") and No. 6,738,121 ("the '121 Patent"). *See* D.I. 1. In general, the '002 Patent, entitled "Method of Manufacturing Flat Panel Backplanes including Electrostatic Discharge Prevention and Displays Made Thereby," involves technology that protects against damage from electrostatic discharge during and after the manufacture of flat panel displays called thin-film-transistor liquid crystal displays ("TFT-LCDs" or "LCDs"). The '002 Patent improves manufacturing yield rates and thus reduces manufacturing costs. The parties agreed to an expedited schedule for trial and the Court scheduled trial on an expedited basis.

Depositions began on May 18, 2006, and continued through June 2006. The Court conducted a Pre-trial Conference on July 7, 2006. Defendants declined to stipulate as to representative products or representative patent claims and the Court instructed LPL to determine how to focus its trial presentation within the time limits to be established for trial. On July 13, 2006, the Court issued its Trial Management Order limiting each side to a total of twenty-one (21) hours for opening statements and to present its case at trial. *See* D.I. 364. On July 14, 2006,

LPL provided Defendants with a Covenant Not To Sue on all claims of the '002 Patent except for claims 1 and 8, focusing the trial on those two claims. *See* D.I. 370, 407.

Trial was conducted before a jury from July 17, 2006 through July 27, 2006. On July 27, the jury returned a verdict in favor of LPL, finding that each Defendant infringed both claims 1 and 8 directly, indirectly, and willfully. *See* D.I. 405. The jury also rejected Defendants' validity challenges to both claims. *See id.* The jury awarded LPL the full amount of damages that LPL sought at trial, $52,477,000.00. *Id.* On August 3, LPL provided Defendants with a Covenant Not To Sue regarding the '121 Patent, mooting all remaining issues concerning the '121 Patent.[1] *See* D.I. 418. A final judgment on the verdict has not been entered.

## II.  SUMMARY OF ARGUMENT

1.    The Court should enter final judgment on the jury's verdict, awarding LPL damages and other relief, including enhanced damages, attorneys' fees and expenses, and pre-judgment interest.

2.    LPL is entitled to enhanced damages against CPT in the amount of $157,431,000.00, which is three times the amount of the jury award, or such other amount that the Court deems appropriate. The jury concluded that each Defendant willfully infringed the '002 Patent. The evidence shows that the Defendants failed to act with reasonable care and have infringed in disregard of LPL's patent rights. In addition, the Defendants have engaged in misconduct related to this case, including falsely denying facts in an attempt to avoid liability.

---

[1] During discovery, disputes had arisen concerning various issues, including the Defendants' contentions that the '121 Patent was subject to an "on-sale bar" defense. LPL disputed those contentions, and the Court gave LPL the option of avoiding further protracted and disputed discovery on the '121 Patent by dropping that patent from the case. On May 1, 2006, LPL elected to drop the '121 Patent. *See* D.I. 180.

3.      In addition, and for the same reasons that the Court should enhance the damages, the judgment should award LPL its attorneys' fees and expenses against all Defendants, jointly and severally. The Defendants are willfully infringing the '002 Patent and this is an exceptional case. Currently, and subject to updated and detailed submissions, LPL estimates that its attorneys' fees amount to approximately $5,475,000.00, and its expenses amount to approximately $1,350,000.00.

4.      The judgment also should award pre-judgment interest in the amount of $5,666,000.00 through August 29, 2006, with an additional $13,135.13 per day from August 30, 2006, until entry of judgment. Pre-judgment interest is routinely awarded to patent holders. LPL requests interest at the prime rate, compounded quarterly, which is a recognized and appropriate rate that this Court has used in many cases.

## III.     THE COURT SHOULD ENTER FINAL JUDGMENT IN LPL'S FAVOR

The Court should promptly enter final judgment in LPL's favor consistent with the jury's verdict. The jury returned a Special Verdict that entitles LPL to judgment pursuant to Rule 58, which provides that "the court must promptly approve the form of judgment, which the clerk must promptly enter." Fed. R. Civ. P. 58(a)(2)(B)(i). LPL respectfully requests, therefore, that the Court enter final judgment, set forth on a separate document, as soon as possible. *See* Fed. R. Civ. P. 58(d) ("A party may request that judgment be set forth on a separate document as required by Rule 58(a)(1).").

## IV.     THE COURT SHOULD ENHANCE LPL'S DAMAGES DUE TO DEFENDANTS' WILLFUL INFRINGEMENT AND OTHER FACTORS

The Court's final judgment should include the full amount awarded to LPL by the jury, $52,477,000.00. In addition, and based on Defendants' willful infringement, the Court should award LPL enhanced damages, attorneys' fees and expenses, and interest. *See* 35 U.S.C. §§ 284,

285. LPL seeks enhanced damages of three times the amount awarded by the jury, in the amount of $157,431,000.00.

### A.    Enhanced Damages Are Appropriate To Deter and Punish Defendants' Willful Infringement

The jury concluded that each Defendant willfully infringed the '002 Patent. *See* D.I. 405 at Question No. 9. "It is well-settled that a willful infringer is exposed to enhanced damages." *nCUBE Corp. v. SeaChange Int'l, Inc.*, 313 F. Supp. 2d 361, 387 (D. Del. 2004), *aff'd.*, 436 F.3d 1317 (Fed. Cir. 2006). Enhanced damages punish culpable misconduct associated with willful infringement, recognizing that "a person having knowledge of an adverse patent has an affirmative duty to exercise due care to avoid infringement . . . ." *SRI Int'l, Inc. v. Advanced Tech. Labs., Inc.*, 127 F.3d 1462, 1464 (Fed. Cir. 1997). The damages may be increased up to three times the amount awarded by the jury. *See* 35 U.S.C. § 284. This Court often has awarded enhanced damages in cases of willful infringement. *See, e.g., Advanced Med. Optics, Inc. v. Alcon Labs., Inc.*, No. Civ. A. 03-1095-KAJ, 2005 WL 3454283, at *10 (D. Del. Dec. 16, 2005) (trebled damages)[2]; *nCUBE Corp.*, 313 F. Supp. 2d at 387 (doubled damages); *Lucent Techs., Inc. v. Newbridge Networks Corp.*, 168 F. Supp. 2d 269, 274 (D. Del. 2001) (doubled damages); *Joy Techs., Inc. v. Flakt, Inc.*, 954 F. Supp. 796, 808-09 (D. Del. 1996) (doubled damages). To determine the extent to which damages should be enhanced, the Court considers "the egregiousness of the defendant's conduct based on all the facts and circumstances." *Lucent Techs., Inc.*, 168 F. Supp. 2d at 274.

The totality of circumstances shows that enhanced damages are appropriate to deter and punish CPT's willful misconduct. The evidence establishes several recognized factors that

---

[2] Copies of all unpublished opinions cited herein are attached as Ex. 3.

support enhanced damages. These factors, discussed individually below, include: (1) CPT's copying of the '002 Patent; (2) CPT's failure to investigate the scope of the '002 Patent or establish reliance on a good faith belief as to invalidity or non-infringement; (3) CPT's misconduct as a party in the litigation; (4) CPT's size and financial condition; (5) the lack of closeness of the case; (6) the duration of CPT's misconduct; (7) lack of any remedial action by CPT; (8) CPT's motivation for harm; and (9) CPT's attempts to conceal misconduct. *See* *nCUBE Corp.*, 313 F. Supp. 2d at 387 (citing *Read Corp. v. Portec, Inc.*, 970 F.2d 816, 827 (Fed. Cir. 1992), *abrogated on other grounds*, *Markman v. Westview Instruments, Inc.*, 52 F.3d 967 (Fed. Cir. 1995)).

## B.    CPT's Deliberate Copying Supports Enhanced Damages

The evidence at trial strongly suggests that CPT deliberately made use of the '002 guard ring technology. The jury specifically concluded that CPT had actual notice of the '002 Patent on February 27, 2002, when LPL sent a second letter to CPT regarding LPL's belief that CPT infringed the '002 Patent and other patents. *See* D.I. 405 at Question No. 12; *see also* PTX 142 (LPL's Feb. 27, 2002 letter to CPT); Tr. 608:23-609:17 (Ho Lee testifying regarding LPL's Feb. 27, 2002 letter to CPT).

REDACTED MATTER

This circumstantial evidence of deliberate copying supports the willfulness verdict and warrants enhanced damages.

REDACTED MATTER

This evidence further suggests intentional copying.

REDACTED MATTER

Significantly, CPT never provided a single witness to testify that CPT did not copy the '002 guard ring technology.  Rather, CPT argued unconvincingly that it was "obvious" to add a second guard ring.

REDACTED MATTER

REDACTED MATTER

This evidence, and the jury's corresponding finding of willfulness, strongly support

enhanced damages. *See nCUBE Corp.*, 313 F. Supp. 2d at 388.

### C.    CPT's Lack of Due Care Supports Enhanced Damages

"It is well settled that a potential infringer having actual notice of another's patent rights

has an affirmative duty of due care." *Lucent Techs., Inc.*, 168 F. Supp. 2d at 274 (quoting

*Amsted Indus., Inc. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 181 (Fed. Cir. 1994)); *see also*

*nCUBE Corp. v. Seachange Int'l, Inc.*, 436 F.3d 1317, 1324 (Fed. Cir. 2006) ("Actual notice of

another's patent rights triggers an affirmative duty of due care to avoid infringement."). Once

notified of infringement, CPT had a duty to investigate the '002 Patent. *See Lucent Techs., Inc.*,

168 F. Supp. 2d at 275.

REDACTED MATTER

REDACTED MATTER[3]

At the pretrial conference, CPT confirmed that CPT had no intention of referring to any legal advice or opinions at trial. *See* D.I. 333 (Transcript from Pretrial Conference) at 76:18-78:21. The Court granted CPT's motion. *See id.* at 7:7; D.I. 329 (Order memorializing Court's rulings at pretrial conference).

REDACTED MATTER

---

[3] Footnote redacted.

CPT's inaction and lack of due care weighs in favor of enhanced damages. *See Lucent Techs., Inc.*, 168 F. Supp. 2d at 274 ("In particular, the Court finds that Newbridge, upon notice of its alleged infringing activity failed to investigate the scope of the patent.").

### D.    CPT's Litigation Misconduct Supports Enhanced Damages

CPT's conduct in this litigation was calculated to delay trial and inflict substantial additional expense on LPL. For example, despite the agreed upon July 17 trial date, CPT refused to produce any witnesses for depositions until May 18, 2006. LPL thus was forced to depose one or more witnesses each day for most days between May 18 and June 23.[4] Compounding the problem, on May 9, just before depositions, CPT amended its initial disclosures to identify many new persons who purportedly might be witnesses for CPT. When LPL attempted to discuss with CPT which of these witnesses might testify at trial and should be deposed, CPT refused repeatedly to shed any light. At the same time, CPT limited the number of witnesses that LPL could depose based on the parties agreement that had been reached before CPT identified its many new potential witnesses.[5]

In addition, LPL faced improper conduct during depositions

REDACTED MATTER

---

[4] After agreeing to an expedited trial, CPT repeatedly requested postponement of the trial date, ignoring its own agreement and the Court's consistent statements that the date was firm. At one point, CPT argued that the Court had "imposed" the date on the parties. The Court had to remind CPT of its own agreement to an expedited trial in this case. *See* D.I. 197 (Memorandum Order dated May 16, 2006).

[5] CPT's Supplemental Initial Disclosures identified ten (10) new witnesses not identified in CPT's original Initial Disclosures: Shen Hui-zhong, Liu Wen-Xiong, Liu Mong-qi, Chen Liang-Dao, Yang Shih-Zong, Chen Guang-Lang, Jhong Siang-Guei, Kuan Chien-Ming, Pei-chen Chang, and Hsiang-Kuei Chung. *See* Ex. 4 (CPT's Initial Disclosures and Supplemental Initial Disclosures). Three of these witnesses testified at trial.

REDACTED MATTER

Defendants presumably employed this strategy to make it more difficult for LOL's counsel and damages expert to calculate the sales and damages owed to LPL.

Defendants' Rule 30(b)(6) deposition witnesses, moreover, repeatedly and falsely denied facts that supported LPL's claims.

REDACTED MATTER

REDACTED MATTER

CPT's false denials were introduced at trial and directly support the jury's finding of willfulness.[6] *See Maxwell v. Angel-Etts of Ca.*, No. CV9910516DT (AJWX), 2001 WL 34133507, at *25 (C.D. Cal. July 9, 2001), *aff'd*, 53 Fed. Appx. 561 (Fed. Cir. 2002); *Johns Hopkins Univ. v. CellPro*, 978 F. Supp. 184, 195 (D. Del. 1997).

CPT's refusal to cooperate included even which translator to use at trial. CPT objected to using Teresa Wong, a certified and reputable interpreter with experience in several patent cases involving Taiwanese and Mandarin Chinese dialect. CPT objected even though Ms. Wong was used extensively in depositions without objection in this case. Further, CPT's counsel, the Howrey firm, has stipulated to Ms. Wong and her colleagues' service in other patent cases. Nonetheless, CPT forced LPL to litigate the interpreter issue at an evidentiary hearing shortly before trial. Before the hearing, LPL had proposed as a compromise that LPL would select the primary Mandarin interpreter and CPT could select the check interpreter. Ultimately, after the expense and burden of a hearing, the Court adopted this same approach that LPL had proposed to CPT in the first place. *See* D.I. 363 (Court's Order regarding interpreters at trial).

CPT also filed a baseless motion in limine, which the Court denied,

REDACTED MATTER

---

[6] REDACTED MATTER. LPL had to oppose these meritless motions, which the Court denied. *See* D.I. 333 (Transcript from Pretrial Conference) at 7:1-13; D.I. 329 (Order memorializing Court's rulings at pretrial conference).

CPT filed this motion for purely strategic purposes.

REDACTED MATTER

On the eve of trial, CPT attempted to identify new trial witnesses that were not timely disclosed. *See* D.I. 328 (Letter to the Court from LPL regarding trial witnesses disclosed for the first time on July 6, 2006). LPL never had an opportunity to seek depositions or other discovery concerning these surprise witnesses, and would have been unfairly prejudiced by their late disclosure and testimony. LPL promptly objected and the Court prohibited the witnesses from testifying at trial. *See* D.I. 368 (Order granting LPL's request to preclude testimony).

During trial, CPT's misconduct continued. CPT violated the Court's pretrial ruling in limine prohibiting references to collateral patent litigation in California between LPL and CPT. *See* D.I. 368 (granting LPL's motion in limine to preclude evidence or references at trial regarding patents not in suit and collateral litigation).

REDACTED MATTER

Defendants' repeated misconduct in the litigation of this case further weighs in favor of enhanced damages.

### E.     CPT's Size and Financial Condition Support Enhanced Damages

CPT's size and financial condition further support enhanced damages in this case. CPT is a major international company with total assets of approximately $5.8 billion as of March 31,

2005, and more than twenty thousand employees. *See* PTX 67 (CPT Offering Memorandum) at CPT-D 38862 (listing CPT's total assets); *see also id.* at CPT-D 38940 ("As of March 31, 2005, [CPT] had 7,978 employees in Taiwan and approximately 14,191 employees in [CPT's] overseas facilities.").

REDACTED MATTER[7]

In CPT's public response to the verdict, moreover, CPT makes clear that the damages awarded are financially insignificant to CPT. Ally Chen, CPT's spokesperson, expressly stated that damages of $52,477,000 will "ha[ve] no material effect on our business operations." *Chunghwa Picture Tubes to appeal LG.Philips verdict*, The China Post, July 29, 2006 (Ex. 2). Accordingly, CPT's size and financial condition reflect that CPT easily can pay enhanced damages. *See nCUBE Corp.*, 313 F. Supp. 2d at 390 ("The Court finds that [defendant] will not be materially impacted by an award of enhanced damages.").

---

[7] Footnote redacted.

**F.**     **The Overwhelming Verdict Supports Enhanced Damages**

The verdict in this case confirms that the outcome was not a "close call."  Rather, the jury

needed only a few hours to determine that CPT and each of the other Defendants directly

infringed both asserted claims, induced others to infringe both asserted claims, and infringed

willfully.  *See* D.I. 405 (Special Verdict Form).  The jury further awarded the entire amount of

damages requested by LPL as a reasonable royalty.  *Id.*  The jury rejected both of the invalidity

challenges made by Defendants.  *Id.*  The jury's conclusions are well-supported in the record and

weigh in favor of enhanced damages.

**G.**     **CPT's Ongoing Infringement and Lack of Remedial Action Support
Enhanced Damages**

REDACTED MATTER

As reflected in the jury's verdict awarding damages for CPT's infringing products in the

U.S. since 2002, CPT has been infringing the '002 Patent continuously for several years.  CPT

also introduced no evidence at trial concerning any remedial action.  CPT's failure to curtail its

infringement and lack of any remedial action weigh in favor of enhanced damages.  *See nCUBE*

*Corp.*, 313 F. Supp. 2d at 390; *Lucent Techs., Inc.*, 168 F. Supp. 2d at 275 (factors supporting enhanced damages included "the prolonged nature of" infringement, "failure to discontinue its infringement" after suit, and "failure to take remedial action").

**H.     CPT'S Motivation for Harm Supports Enhanced Damages**

CPT's competitive motivation for harm also supports enhanced damages.

REDACTED MATTER

CPT's own prospectus describes LPL as one of CPT's "main competitors."  PTX 67 at CPT-D 38937.

REDACTED MATTER

In this competitive context, CPT had tremendous incentive to infringe.

REDACTED MATTER[8]

---

[8] Footnote redacted.

REDACTED MATTER


CPT's strong motivation to infringe and gain an unfair competitive advantage in the marketplace weighs in favor of enhanced damages. *See nCUBE Corp.*, 313 F. Supp. 2d at 390.

### I.    **CPT's Attempts To Conceal Liability Support Enhanced Damages**

CPT and other Defendants attempted to conceal their misconduct to avoid liability in this case.  In deposition testimony introduced at trial,

REDACTED MATTER

Through persistent efforts and other witnesses and documents, however, LPL confirmed that CPT:[9]


REDACTED MATTER


LPL also had to overcome numerous conflicts in testimony and gaps in evidence based on Defendants' discovery conduct.

REDACTED MATTER

_____

[9] Remarkably,  REDACTED MATTER

REDACTED MATTER

Defendants' efforts to conceal and deny facts, for the purpose of avoiding liability, weighs in favor of enhanced damages.

## V.    THIS IS AN EXCEPTIONAL CASE WARRANTING AN AWARD OF ATTORNEYS' FEES AND EXPENSES

Because of Defendants' willful infringement and misconduct, the Court should award

LPL attorneys' fees and expenses in addition to enhanced damages. *See* 35 U.S.C. § 285. As

this Court has observed, fees and costs are commonly awarded in willful infringement cases. *See*

*Advanced Med. Optics, Inc.*, 2005 WL 3454283, at *10. "In fact, a trial court must explain why

fees were not awarded 'in the face of its express finding of willful infringement.'" *Id.* (quoting

*S.C. Johnson & Son, Inc. v. Carter-Wallace, Inc.*, 781 F.2d 198, 201 (Fed. Cir. 1986)); *see also*

*C.R. Bard, Inc. v. United States Surgical Corp.*, 258 F. Supp. 2d 355, 359 (D. Del. 2003)

("'[D]istrict courts have tended to award attorney fees when willful infringement has been

proven, and . . . [the Federal Circuit] has uniformly upheld such awards.'") (citation omitted).

When deciding whether to award attorneys' fees, the Court may consider the same factors

that are relevant when analyzing an enhanced damages award. *See nCUBE Corp.*, 313 F. Supp.

2d at 391. "Willful infringement alone is sufficient to justify a finding that a case is exceptional"

under section 285. *Id.* This Court has awarded attorneys' fees in cases where, as here, the

infringer failed to investigate and a jury determined infringement to be willful. *See Lucent*

*Techs., Inc.*, 168 F. Supp. 2d at 276; *see also nCUBE Corp.*, 313 F. Supp. 2d at 391.

Fairness dictates awarding fees to LPL -- it is "only fair to allocate to the infringer the

costs which the patent holder has to incur to seek redress." *Lucent Techs., Inc.*, 168 F. Supp. 2d

at 276 (quoting *Gillette Co. v. S.C. Johnson & Son, Inc.*, 15 U.S.P.Q.2d 1795, 1799 (D. Mass.),

*aff'd*, 919 F.2d 720 (Fed. Cir. 1990)). To make LPL whole, the Court also should award

reasonably incurred expenses and costs. *See Scripps Clinic & Research Foundation v. Baxter*

*Travenol Labs., Inc.*, Civ. A. No. 87-140-CMW, 1990 WL 146385, at * 1 (D. Del. July 31, 1990)

("In addition to attorney fees, an award under § 285 should include expenses; that is, those sums

that the prevailing party incurred in preparation for the suit."); *Scott Paper Co. v. Moore Business Forms*, 604 F. Supp. 835, 838 (D. Del. 1984) ("the Federal Circuit has concluded that an award of attorney fees under Section 285 should include expenses incurred during prosecution of the lawsuit").  Awarding such expenses is consistent with the intent of section 285 "to compensate the prevailing party for its monetary outlays" in litigating the case.  *Scripps Clinic & Research Foundation*, 1990 WL 146385, at *1 (citing *Central Soya Co. v. Geo. A. Hormel & Co.*, 723 F.2d 1573, 1578 (Fed. Cir. 1983)).  The court may, therefore, award "not only the recovery of attorney fees, but also the recovery of all reasonable expenses incurred in prosecuting the entire action:"

> Thus, upon finding a case exceptional, an award of all reasonable and necessary expenses related to the litigation is properly within the scope of 35 U.S.C. § 285. [citation omitted]  Such fees include all expenses that are not covered by the attorneys' hourly rates, routinely paid by counsel and billed to the client, and that are not expenses incurred for the convenience of counsel.  *See, e.g., Bennett v. Department of Navy*, 699 F.2d 1140, 1145 (Fed. Cir. 1983).  These expenses may include costs ordinarily not recoverable under 28 U.S.C. §1920 and Rule 54(d) of the Federal Rules of Civil Procedure, fees associated with non-attorneys such as paralegals, law clerks, and secretaries, and lodging expenses of counsel and witnesses.  *Mathis v. Spears*, 857 F.2d 749, 757-59 (Fed. Cir. 1988).

*Nikko Materials USA, Inc. v. R.E. Serv. Co.*, No. C 03-2549 SBA, 2006 WL 118438, at *5 (N.D. Cal. Jan. 13, 2006).

## A.    The Court Should Award LPL Attorneys' Fees Under Section 285

Because this is an exceptional case, and Defendants willfully infringed, LPL should recover its attorneys' fees incurred in this case.  In support of its request for attorneys' fees, LPL respectfully refers the Court to the evidence and circumstances discussed above in support of LPL's request for enhanced damages.  The totality of circumstances establishes that it would be fair and appropriate for LPL to recover its fees and expenses incurred to enforce its patent rights.

LPL recognizes that the recommended practice when seeking attorneys' fees is to obtain a ruling of entitlement to fees before litigating the amount of fees to be awarded. *See, e.g.*, 10 Moore's Federal Practice & Procedure, Civil 3d § 54.154 at 54-229 (3d ed. 2006) ("A fee movant need not, and indeed should not, submit copious evidentiary materials designed to prove . . . the amount of the fee. Those evidentiary materials should be submitted only as directed by the court."); Fed. R. Civ. P. 54, 1993 Advisory Committee Note ("The rule does not require that the [Rule 54(d)] motion be supported at the time of filing with the evidentiary material bearing on the fees" and such material should be submitted "according to such schedule as the court may direct."). This Court has followed this approach in other cases. *See, e.g., Lucent Techs., Inc.*, 168 F. Supp. 2d at 277 (establishing schedule for additional submissions regarding damages and attorneys' fees); *Multi-Tech, Inc. v. Components, Inc.*, 708 F. Supp. 615, 623 (D. Del. 1989) (directing parties to establish a schedule for submissions on the amount of fees to be awarded).

Currently, pursuant to Fed. R. Civ. P. 54(d)(2)(B), LPL estimates that its fees amount to approximately $5,475,000.00.[10] Assuming that the Court awards attorneys' fees, LPL will calculate more specifically the amount of fees incurred and will submit this calculation to the Court. LPL also requests that the Court grant future fees incurred by LPL, including, but not limited to, any fees to establish the amount of fees to be awarded. *See Scott Paper Co.*, 604 F. Supp. at 838 (allowing "the fee for the reasonable time expended in preparing the elaborate fee application and briefs filed herein") (citing *Central Soya Co. v. Geo. A. Hormel & Co.*, 723 F.2d 1573, 1578 (Fed. Cir. 1983)).

---

[10] This estimate includes some time that has not yet been finalized and billed to LPL. In addition, this estimate does not represent a final total, and LPL is continuing to incur attorneys' fees in this matter. LPL will provide an updated and specific total when it submits a more detailed fee petition in accordance with the Court's instructions.

The jury concluded that each Defendant engaged in willful infringement and LPL seeks

fees against each Defendant, jointly and severally.  *See generally, Power Lift, Inc. v. Lang Tools,*

*Inc.*, 774 F.2d 478, 482 (Fed. Cir. 1985); *Union Oil Co. of Ca. v. Chevron U.S.A., Inc.*, 34 F.

Supp. 2d 1222, 1226 (C.D. Cal. 1998).  LPL respectfully requests that the Court make its

determination that LPL is entitled to fees.  LPL also requests that the Court establish a schedule

for further submissions regarding the amount of fees to be awarded, including for the submission

of relevant documentation and calculations.

### B.    The Court Should Award LPL Expenses Under Section 285

Because this is an exceptional case, and Defendants willfully infringed, LPL also should

recover its expenses and disbursements incurred in this case.  In support of its request for

expenses, LPL respectfully refers the Court to the evidence and circumstances discussed above

in support of LPL's request for enhanced damages.  Currently, LPL estimates that its expenses

and disbursements amount to approximately $1,350,000.00.[11]  LPL seeks expenses against each

Defendant, jointly and severally.  *See, e.g., Power Lift*, 774 F.2d at 482.  As with its request for

attorneys' fees, LPL requests permission to submit more detailed information regarding the

specific categories and amounts of costs that LPL seeks, if necessary.

---

[11] To the extent that LPL subsequently identifies additional costs not reflected in this estimate, LPL will list and summarize those costs in a subsequent submission to the Court, and in accordance with the Court's instructions.  In addition, the total costs and expenses incurred for this case includes costs that are or may be taxable under 28 U.S.C. § 1920, for which LPL reserves the right to submit an appropriate Bill of Costs in the future, if necessary.  *See* Local Rule 54.1.

**VI.    LPL SHOULD RECOVER PRE-JUDGMENT INTEREST SINCE
MARCH 1, 2002, CALCULATED AT THE PRIME RATE**

LPL is entitled to post-judgment interest, which is automatically provided for by statute.

*See* 28 U.S.C. § 1961.  LPL also should receive pre-judgment interest, which is routinely

awarded in patent cases, and is needed to compensate LPL for the time value of royalty

payments that CPT should have been making for years.  *See nCUBE Corp.*, 313 F. Supp. 2d at

392.  Absent unusual circumstances, which are not present here, prejudgment interest should be

awarded.  *See* 35 U.S.C. § 284; *see also Tristrata Tech., Inc. v. Mary Kay, Inc.*, 423 F. Supp. 2d

456, 471 (D. Del. 2006) (citing *General Motors Corp. v. Devex Corp.*, 461 U.S. 648, 657

(1983)).  The Court has discretion in selecting the rate of interest appropriate to compensate

LPL.  *See Joy Techs., Inc.*, 954 F. Supp. at 808.  LPL respectfully submits that the Court should

award pre-judgment interest using the prime rate, compounded quarterly.

Interest should be calculated from March 1, 2002, given the jury's finding that CPT had

notice of the '002 Patent in February 2002.[12]  Accordingly, LPL has lost the time value of

royalty payments that CPT should have been making.  The prime rate is commonly used by this

Court for pre-judgment interest awards in patent cases to compensate patent holders for the delay

in payment.  *See, e.g.*, *Tristrata Tech., Inc.*, 423 F. Supp. 2d at 472 ("prejudgment interest should

be calculated at the prime rate compounded quarterly"); *Mobil Oil Corp. v. Amoco Chem. Corp.*,

---

[12] LPL is entitled to prejudgment interest since at least March 1, 2002.  Prejudgment interest should be awarded
running from the date of first infringement.  *See IPPV Enters., LLC v. Echostar Communications Corp.*, No. Civ. A
99-577-KAJ, 2003 WL 723260, at *2 n.6 (D. Del. Feb. 27, 2003) ("An award of prejudgment interest typically
'extends from the date of infringement to the date of judgment.'" (quoting *Honeywell Int'l, Inc. v. Hamilton
Sundstrand Corp.*, 166 F. Supp. 2d 1008, 1041 (D. Del. 2001)).

REDACTED MATTER  Because damages first accrued after notice of the '002 Patent in February 2002, LPL is
entitled to pre-judgment interest since at least March 1, 2002.

915 F. Supp. 1333, 1372 (D. Del. 1995) (prime rate best compensates patent holder for loss of use of royalty payments over time); *Mars, Inc. v. Conlux USA Corp.*, 818 F. Supp. 707, 720-21 (D. Del. 1993), *aff'd*, 16 F.3d 421 (Fed. Cir. 1993) (prime rate, rather than Treasury Bill rate, best serves purpose of compensating patent holder); *see also Applera Corp. v. Micromass UK Ltd.*, 204 F. Supp. 2d 724, 783 (D. Del. 2002) (concluding that "prejudgment interest, based on the prime rate and calculated quarterly, is reasonable"); *Lucent Techs., Inc.*, 168 F. Supp. 2d at 276-77 ("the parties have agreed that Lucent is entitled to prejudgment interest calculated at the applicable prime rate compounded quarterly").  Using this rate, LPL is entitled to prejudgment interest calculated from March 1, 2002 through the date of entry of judgment.  As of August 29, 2006, LPL is entitled to prejudgment interest in the amount of $5,666,000.00.  *See* Ex. 5.  After August 29, prejudgment interest is accruing at the rate of an additional $13,135.00 per day until entry of judgment.  *See id.*

VII.   **CONCLUSION**

Accordingly, for all the foregoing reasons, LPL respectfully requests that the Court: (1) enter judgment in LPL's favor; (2) award LPL enhanced damages against CPT; (3) award LPL attorneys' fees and expenses against CPT, Tatung, Tatung America, and ViewSonic, jointly and severally; and (4) award LPL pre-judgment interest. LPL also is entitled to post-judgment interest. LPL respectfully requests a schedule for submission of a more detailed petition of fees and expenses, and any further relief as the Court deems just and proper.

September 15, 2006

THE BAYARD FIRM

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk (#922)
Ashley B.Stitzer (#3891)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE  19899-5130
(302) 655-5000
rkirk@bayardfirm.com
Counsel for Plaintiff
LG.PHILIPS LCD CO., LTD.

OF COUNSEL:
Gaspare J. Bono
Matthew T. Bailey
Cass W. Christenson
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006
(202) 496-7500

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on September 1, 2006, he electronically

filed the foregoing document with the Clerk of the Court using CM/ECF, which will send

automatic notification of the filing to the following:

Robert W. Whetzel, Esq.
Matthew W. King, Esq.
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899


The undersigned counsel further certifies that copies of the foregoing document

were sent on September 1, 2006 by email and by hand to the above counsel and by email

and first class mail to the following non-registered participants:

Christine A. Dudzik, Esq.
Thomas W. Jenkins, Esq.
Howrey LLP
321 North Clark Street
Suite 3400
Chicago, IL 60610

Teresa M. Corbin, Esq.
Glenn W. Rhodes, Esq.
Julie Gabler, Esq.
Howrey LLP
525 Market Street
Suite 3600
San Francisco, CA 94105


/s/ Richard D. Kirk (rk0922)
Richard D. Kirk

602380v1