# EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG. PHILIPS LCD CO., LTD., | ) |
| | ) |
| Plaintiff, | ) C.A. No. 05-292 (JJF) |
| | ) |
| v. | ) **DEMAND FOR JURY TRIAL** |
| | ) |
| | ) **INITIAL DISCLOSURES FOR** |
| TATUNG COMPANY, | ) **DEFENDANT CHUNGHWA** |
| TATUNG COMPANY OF AMERICA, INC., | ) **PICTURE TUBES, LTD.** |
| CHUNGHWA PICTURE TUBES, LTD., | ) |
| AND VIEWSONIC CORPORATION, | ) |
| | ) |
| Defendants. | ) |

Pursuant to Federal Rule of Civil Procedure 26(a)(1), defendant and counterclaimant Chunghwa Picture Tubes, Ltd. ("CPT") hereby provides its initial disclosure of information to plaintiff LG. Philips LCD Co., Ltd. ("LGL").

CPT bases this initial disclosure on its current knowledge, understanding and belief as to the facts and information available as of the date of this initial disclosure. CPT has not completed its investigation of the facts in this case. Additional discovery and investigation may require CPT to supplement or modify this initial disclosure. Pursuant to Federal Rule of Civil Procedure 26(e), CPT reserves the right to modify or supplement the information produced in this initial disclosure. CPT further reserves the right to use and introduce such supplemental information or subsequently produced documents at the trial of this action.

## I.    INDIVIDUALS LIKELY TO HAVE DISCOVERABLE INFORMATION

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A), CPT hereby discloses the individuals likely to have discoverable information that CPT may use to support its claims or defenses. CPT reserves the right to supplement the following list after further discovery and

investigation. CPT in no manner waives any privilege under state or federal law by disclosing any of the names below.

**A.**     **Information relating to CPT's LCD technology and products accused in the complaint as it relates to the Tape Carrier Package used in CPT LCD displays**

1.     Yu Hong-dian
Chungwa Picture Tubes Ltd.
1127 Hopin Road
Padeh City, Taoyuan
Taiwan 334, R.O.C.

2.     Zhu Wen-guo
Chungwa Picture Tubes Ltd.
1127 Hopin Road
Padeh City, Taoyuan
Taiwan 334, R.O.C.

**B.**     **Information relating to CPT's LCD technology and products accused in the complaint as it relates to Electrostatic Discharge ("ESD") guard rings used in CPT LCD displays**

1.     Zhu Hong-ren
Chungwa Picture Tubes Ltd.
1127 Hopin Road
Padeh City, Taoyuan
Taiwan 334, R.O.C.

2.     Zhang Ming-Xuan
Chungwa Picture Tubes Ltd.
1127 Hopin Road
Padeh City, Taoyuan
Taiwan 334, R.O.C.

3.     He Chien-Kuo
Chungwa Picture Tubes Ltd.
1127 Hopin Road
Padeh City, Taoyuan
Taiwan 334, R.O.C.

**C.**     **Information relating to the sales, marketing, and/or distribution of CPT's LCD products accused in the complaint**

1.    Tsai Chen-Chou
       Chungwa Picture Tubes Ltd.
       1127 Hopin Road
       Padeh City, Taoyuan
       Taiwan 334, R.O.C.

### D.    Employees and personnel of plaintiff, LG. Philips Co., Ltd.

Employees and personnel of plaintiff will have discoverable information relating to LGL's patent infringement claims and CPT's counterclaims.

### E.    Employees and personnel of defendants Tatung Co. of America and Tatung Company

Employees and personnel of defendants Tatung Co. of America and Tatung Company will have discoverable information relating to the manufacture, use, offer for sale, sale and/or importation of their products incorporating CPT's LCD technology and products accused in the complaint.

### F.    Employees and personnel of Quanta Computer, Inc.

Employees and personnel of Quanta Computer, Inc., No. 188, Wen Hwa 2nd Rd., Kuei Shan Hsiang, Tao Yuan Shien, Taiwan, R.O.C., may have discoverable information relating to CPT LCD panels or modules accused in the complaint, and LGL's patent infringement claims and defendant's counterclaims.

### G.    Employees and personnel of other companies supplying CPT with products or components used in CPT LCD panels

Employees and personnel of the following may have discoverable information relating to the Driver Integrated Circuit and TCP used in CPT LCD panels or products accused in the complaint.

1.  Magnachip Semiconductor, Ltd.
     Agent: Lebro Industrial Co., Ltd.
     11F-1, No. 185, Sung Chiang Rd., Taipei, Taiwan 104

- 4 -

2.  Samsung Electronics Co., Ltd.
    Agent: Yosun Industrial Corp.
    9F, No. 489, Tiding Ave., Sec.2, Nei Hu, Taipei, Taiwan, R.O.C.

3.  OSmart ASIC Technology, Inc.
    3F, No. 68, Chou-Tze St., Nei Hu District, Taipei 114, Taiwan, R.O.C.

4.  Topro Technology, Inc.
    2F, No. 26, Lane 583, Ruiguang Rd., Neihu District, Taipei 114, Taiwan, R.O.C.

5.  Himax Technologies, Inc.
    5F, No. 289, Sec. 2, Guangfu Road, Hsin-Chu, Taiwan 300, R.O.C.

6.  Novatek Microelectronics Corp.
    2F, No. 13, Innovation Rd. I, Hsinchu Science Park, Hsinchu 300, Taiwan, R.O.C.

7.  OKI Semiconductor Taiwan Inc.
    2F, No. 375, Sung-Chiang Road, Taipei, Taiwan

8.  Myson Century, Inc.
    No. 2, Industry E. Rd. III, Science-Based Industrial Park, Hsinchu, Taiwan, R.O.C.

9.  Eureka Microelectronics, Inc.
    6F, No. 12, Innovation Rd. I, Science-Based Industrial Park, Hsinchu, Taiwan, R.O.C.

10. Winbond Electronics Corp.
    No. 4, Creation Rd. 3, Science-Based Industrial Park, Hsinchu 300, Taiwan, R.O.C.

**H.    Employees and personnel of other companies with prior art**

Employees and personnel of other, yet-to-be-identified companies with prior art may have discoverable information relating to the validity and enforceability of the patents-in-suit, LGL's patent infringement claims and CPT's counterclaims.

- 5 -

### I.    Employees and personnel of Viewsonic Corporation
381 Brea Canyon Road
Walnut, CA

Employees and personnel of Viewsonic Corporation may have discoverable information relating to the sales and marketing of Viewsonic products incorporating CPT LCD technology regarding the patents-in-suit in the United States.

### J.    The Patents In Suit

The individual applicants named as inventors in the patents-in-suit, the attorneys and/or agents who prosecuted the patent-in-suit may have information concerning the patent-in-suit, the description of the alleged invention claimed therein, the prior art, the patent application, the alleged inventorship, validity, enforceability, and/or infringement thereof, corresponding foreign patents and patent applications, related U.S. and foreign proceedings, and other pertinent information.

Employees, officers, or directors (present and former) of LG. Philips LCD., Ltd. and Honeywell, Inc. may have information concerning the patents-in-suit, their validity, enforceability and infringement thereof, the prior art, prior conception of the subject matter claimed in the patents-in-suit, and other relevant information concerning the subject matter disclosed in the patents-in-suit.

### II.    DOCUMENTS, DATA COMPILATIONS AND TANGIBLE THINGS

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(B), CPT hereby describes the categories of documents, data compilations and/or tangible things that CPT may use to support its claims or defenses that are in the possession, custody or control of CPT. CPT reserves the right to supplement the following disclosure after further discovery and investigation.

Moreover, CPT does not waive any objection or any claim of privilege, whether expressly asserted or not, by producing any document. The inadvertent identification or production of a document shall not constitute a waiver of any attorney-client privilege or work product doctrine as to that document or any other document. CPT expressly reserves the right to

- 6 -

object to the introduction at trial or any other use of any privileged document that may be inadvertently produced.

1.    Documents concerning the research, design, development and manufacturing of the CPT LCD panels or modules accused in the complaint.

2.    Documents concerning sales figures, costs, and expenses for CPT's LCD panels or modules accused in the complaint.

3.    Documents concerning the marketing of CPT LCD panels or modules accused in the complaint.

4.    ~~Documents concerning CPT's customers and distributors of its LCD panels or~~ modules accused in the complaint.

5.    Documents concerning CPT suppliers of parts used in its LCD panels or modules accused in the complaint.

6.    Documents concerning prior art patents, publications or other prior uses of the technology described in the patents-in-suit.

### III.    COMPUTATION OF DAMAGES INCURRED BY CPT

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(C), CPT seeks payment of costs, attorney's fees, and expenses incurred in connection with the defense of this litigation under 35 U.S.C. § 285. All required documents necessary in computation of such costs, fees, and expenses are not available as of this date, but will be produced at the appropriate stage of this litigation, at which time CPT will make available for inspection the documents or other evidentiary material, non-privileged or protected from disclosure, on which a computation of damages will be based.

### IV.    INSURANCE AGREEMENTS

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(D), CPT is presently unaware of any insurance policy that would be applicable to this suit under which any person on an

- 7 -

insurance business may be liable to satisfy part or all of a judgment which may be entered in the action.

Respectfully submitted,

Dated: December 16, 2005

*Christine A. Dudzik*

Christine A. Dudzik
Thomas W. Jenkins
Howrey LLP
321 North Clark Street, Suite 3400
Chicago, Illinois 60610
(312) 595-1239

Teresa M. Corbin
Glenn W. Rhodes
Howrey LLP
525 Market Street, Suite 3600
San Francisco, CA 94105
415.848.4900

Attorneys for Defendants/Counterclaimants
Chunghwa Picture Tubes, Ltd.; Tatung
Company; Tatung Company of America,
Inc.; and Viewsonic Corporation.

LOCAL COUNSEL:

Robert W. Whetzel (#2288)
whetzel@rlf.com
Matthew W. King (#4566)
king@rlf.com
Richards, Layton & Finger
One Rodney Square, P.O. Box 551
Wilmington, DE 19899
(302) 651-7700

## CERTIFICATE OF SERVICE

I hereby certify that copies of the foregoing INITIAL DISCLOSURES OF

DEFENDANT CHUNGHWA PICTURE TUBES, LTD. were served via email and U.S. first

class mail this 16th day of December, 2005 upon each of the parties listed below:

Richard D. Kirk                          Gaspare J. Bono
The Bayard Firm                          McKenna Long & Aldridge LLP
222 Delaware Avenue, Suite 900           1900 K Street, N.W.
P.O. Box 25130                           Washington, D.C. 20006
Wilmington, DE 19899-5130                Facsimile: (202) 496-7756
Facsimile: (302) 658-6395

_Christine A. Dudzik_
Christine A. Dudzik

DM_US\8289930.v1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG. PHILIPS LCD CO., LTD., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| TATUNG COMPANY, | ) |
| TATUNG COMPANY OF AMERICA, INC., | ) |
| CHUNGHWA PICTURE TUBES, LTD., | ) |
| AND VIEWSONIC CORPORATION, | ) |
| | ) |
| Defendants. | ) |

C.A. No. 05-292 (JJF)

**DEMAND FOR JURY TRIAL**

**SUPPLEMENTAL INITIAL
DISCLOSURES FOR
DEFENDANT CHUNGHWA
PICTURE TUBES, LTD.**

Pursuant to Federal Rule of Civil Procedure 26(a)(1), defendant and counterclaimant Chunghwa Picture Tubes, Ltd. ("CPT") hereby provides its Supplemental Initial Disclosures to plaintiff LG. Philips LCD Co., Ltd. ("LPL").

CPT bases these Supplemental Initial Disclosures on its current knowledge, understanding and belief as to the facts and information available as of the date of this disclosure. CPT has not completed its investigation of the facts in this case. Additional discovery and investigation may require CPT to further supplement or modify this disclosure. Pursuant to Federal Rule of Civil Procedure 26(e), CPT reserves the right to further modify or supplement the information produced in this disclosure. CPT further reserves the right to use and introduce such supplemental information or subsequently produced documents at the trial of this action.

## I.    INDIVIDUALS LIKELY TO HAVE DISCOVERABLE INFORMATION

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A), CPT hereby discloses the individuals likely to have discoverable information that CPT may use to support its claims or defenses. CPT reserves the right to supplement the following list after further discovery and

- 2 -

investigation.  CPT in no manner waives any privilege under state or federal law by disclosing any of the names below.

A.  **Information relating to CPT's LCD technology and products accused in the complaint as it relates to Electrostatic Discharge ("ESD") guard rings used in CPT LCD displays**

1.  Zhu Hong-ren
    Chunghwa Picture Tubes Ltd.
    1127 Hopin Road
    Padeh City, Taoyuan
    Taiwan 334, R.O.C.

2.  He Chien-Kuo
    Chunghwa Picture Tubes Ltd.
    1127 Hopin Road
    Padeh City, Taoyuan
    Taiwan 334, R.O.C.

3.  Shen Hui-zhong
    Chunghwa Picture Tubes Ltd.
    1127 Hopin Road
    Padeh City, Taoyuan
    Taiwan 334, R.O.C.

4.  Liu Wen-Xiong
    Chunghwa Picture Tubes Ltd.
    1127 Hopin Road
    Padeh City, Taoyuan
    Taiwan 334, R.O.C.

5.  Liu Mong-qi
    Chunghwa Picture Tubes Ltd.
    1127 Hopin Road
    Padeh City, Taoyuan
    Taiwan 334, R.O.C.

6.  Chen Liang-Dao
    Chunghwa Picture Tubes Ltd.
    1127 Hopin Road
    Padeh City, Taoyuan
    Taiwan 334, R.O.C.

7.  Yang Shih-Zong
    Chunghwa Picture Tubes Ltd.
    1127 Hopin Road
    Padeh City, Taoyuan

- 3 -

Taiwan 334, R.O.C.

8.     Chen Guang-Lang
       Chunghwa Picture Tubes Ltd.
       1127 Hopin Road
       Padeh City, Taoyuan
       Taiwan 334, R.O.C.

9.     Jhong Siang-Guei
       Chunghwa Picture Tubes Ltd.
       1127 Hopin Road
       Padeh City, Taoyuan
       Taiwan 334, R.O.C.


**B.     Information relating to the sales, marketing, and/or distribution of CPT's LCD products accused in the complaint**

       Kuan Chien-Ming
       Chunghwa Picture Tubes Ltd.
       1127 Hopin Road
       Padeh City, Taoyuan
       Taiwan 334, R.O.C.

**C.     Information relating to CPT's first learning of the patent-in-suit and any action taken at that time**

       Pei-chen Chang
       Chunghwa Picture Tubes Ltd.
       1127 Hopin Road
       Padeh City, Taoyuan
       Taiwan 334, R.O.C.


       Hsiang-Kuei Chung
       Chunghwa Picture Tubes Ltd.
       1127 Hopin Road
       Padeh City, Taoyuan
       Taiwan 334, R.O.C.

- 4 -

### D.    Inventors and employees and personnel of plaintiff, LG. Philips Co., Ltd.

The inventors of the patent-in-suit and employees and personnel of plaintiff will have discoverable information relating to LPL's patent infringement claims and CPT's counterclaims as well as damages.

### E.    Employees and personnel of defendants Tatung Co. of America and Tatung Company

Employees and personnel of defendants Tatung Co. of America and Tatung Company will have discoverable information relating to the manufacture, use, offer for sale, sale and/or importation of their products incorporating CPT's LCD technology and products accused in the complaint.

### F.    Employees and personnel of Quanta Computer, Inc.

Employees and personnel of Quanta Computer, Inc., No. 188, Wen Hwa 2nd Rd., Kuei Shan Hsiang, Tao Yuan Shien, Taiwan, R.O.C., may have discoverable information relating to CPT LCD panels or modules accused in the complaint, and LPL's patent infringement claims and defendant's counterclaims.

### G.    Employees and personnel of other companies with prior art

Employees and personnel of the following companies may have discoverable information relating to the validity and enforceability of the patents-in-suit, LPL's patent infringement claims and CPT's counterclaims. Discovery is ongoing and CPT reserves the right to further supplement this list as additional parties with prior art become known to CPT as a result of discovery:

1. Honeywell International Inc.
   101 Columbia Road
   Morristown, NJ 07962
   (973) 455-2000

- 5 -

H.   **Employees and personnel of Viewsonic Corporation**
381 Brea Canyon Road
Walnut, CA

Employees and personnel of Viewsonic Corporation may have discoverable information relating to the sales and marketing of Viewsonic products incorporating CPT LCD technology regarding the patent-in-suit in the United States.

I.   **The Patent In Suit**

The inventor of the patent-in-suit and the attorneys and/or agents who prosecuted the patent-in-suit may have information concerning the patent-in-suit, the description of the alleged invention claimed therein, the prior art, the patent application, the alleged inventorship, validity, enforceability, and/or infringement thereof, corresponding foreign patents and patent applications, related U.S. and foreign proceedings, and other pertinent information.

Employees, officers, or directors (present and former) of LPL and Honeywell, Inc. may have information concerning the patent-in-suit, its validity, enforceability and infringement thereof, the prior art, prior conception of the subject matter claimed in the patent-in-suit, and other relevant information concerning the subject matter disclosed in the patent-in-suit as well as damages.

II.   **DOCUMENTS, DATA COMPILATIONS AND TANGIBLE THINGS**

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(B), CPT hereby describes the categories of documents, data compilations and/or tangible things that CPT may use to support its claims or defenses that are in the possession, custody or control of CPT. CPT reserves the right to supplement the following disclosure after further discovery and investigation.

Moreover, CPT does not waive any objection or any claim of privilege, whether expressly asserted or not, by producing any document. The inadvertent identification or production of a document shall not constitute a waiver of any attorney-client privilege or work product doctrine as to that document or any other document. CPT expressly reserves the right to

- 6 -

object to the introduction at trial or any other use of any privileged document that may be inadvertently produced.

1.   Documents concerning the research, design, development and manufacturing of the CPT LCD panels or modules accused in the complaint.

2.   Documents concerning sales figures, costs, and expenses for CPT's LCD panels or modules accused in the complaint.

3.   Documents concerning the marketing of CPT LCD panels or modules accused in the complaint.

4.   Documents concerning CPT's customers and distributors of its LCD panels or modules accused in the complaint.

5.   Documents concerning CPT suppliers of parts used in its LCD panels or modules accused in the complaint.

6.   Documents concerning prior art patents, publications or other prior uses of the technology described in the patent-in-suit.

7.   Documents concerning LCD panels or modules or components thereof that embody some or all of the elements of the claims of the patent-in-suit produced by LPL or LG Corp. (or its subsidiaries and affiliates, including, but not limited to LG Electronics).

## III.    COMPUTATION OF DAMAGES INCURRED BY CPT

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(C), CPT seeks payment of costs, attorney's fees, and expenses (including consultant and expert fees as well as other expenses) incurred in connection with the defense of this litigation under 35 U.S.C. § 285. All required documents necessary in computation of such costs, fees, and expenses are not available as of this date, but will be produced at the appropriate stage of this litigation, at which time CPT will make available for inspection the documents or other evidentiary material, non-privileged or protected from disclosure, on which a computation of damages will be based.

- 7 -

## IV.    INSURANCE AGREEMENTS

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(D), CPT is presently unaware of any insurance policy that would be applicable to this suit under which any person on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action.

Respectfully submitted,

Dated: May 9, 2006

Christine A. Dudzik
Thomas W. Jenkins
Steven Yovits
Howrey LLP
321 North Clark Street, Suite 3400
Chicago, Illinois 60610
(312) 595-1239

Teresa M. Corbin
Glenn W. Rhodes
Howrey LLP
525 Market Street, Suite 3600
San Francisco, CA 94105
415.848.4900

Attorneys for Defendants/Counterclaimants
Chunghwa Picture Tubes, Ltd.; Tatung
Company; Tatung Company of America,
Inc.; and Viewsonic Corporation.

LOCAL COUNSEL:

Robert W. Whetzel (#2288)
whetzel@rlf.com
Matthew W. King (#4566)
king@rlf.com
Richards, Layton & Finger
One Rodney Square, P.O. Box 551
Wilmington, DE 19899
(302) 651-7700

## CERTIFICATE OF SERVICE

I hereby certify that copies of the foregoing SUPPLEMENTAL INITIAL

DISCLOSURES OF DEFENDANT CHUNGHWA PICTURE TUBES, LTD. were served via

email and U.S. first class mail this 9th day of May, 2006 upon each of the parties listed below:

Richard D. Kirk
The Bayard Firm
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899-5130
Facsimile: (302) 658-6395

Cass W. Christenson
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006
Facsimile: (202) 496-7756

_____
Steven Yovits

# EXHIBIT 5

# REDACTED VERSION

## Prejudgment Interest Summary

| | Mar - Dec 2002 | 2003 | 2004 | 2005 | Jan - June 2006 | Total |
|---|---|---|---|---|---|---|
| Royalty Amounts | $ 5,075,000 | 9,344,000 | 13,702,000 | 16,139,000 | 8,187,000 | 52,447,000 |
| Prejudgment Interest (1) | 1,129,524 | 1,624,524 | 1,823,342 | 1,000,979 | 87,631 | 5,666,000 |

(1) Prejudgment interest was calculated using prime interest rates as set by the Board of Governors of the Federal Reserve System, compounded quarterly, through August 29, 2006. The total amount of prejudgment interest due as of August 29, 2006, is set forth below the corresponding royalty amount.

Prejudgment interest was calculated assuming that royalties for each calendar quarter (March 31, June 30, September 30, and December 31) would be reported, and applicable royalties would be due and paid, no later than 60 days after the end of the respective calendar quarter. (For example, royalties for the quarter ended March 31 would be reported and due 60 days after March 31, or on or before May 30. Prejudgment interest for the quarter ended March 31, therefore, was calculated beginning on May 31.)

Prejudgment interest accrues at a daily rate of $13,135.13 after August 29, 2006, based on a prime interest rate of 8.25%.