IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG.PHILIPS LCD CO., LTD.,<br><br>       Plaintiff/Counterclaim Defendant,<br><br>v.<br><br>TATUNG COMPANY;<br>TATUNG COMPANY OF AMERICA, INC.;<br>CHUNGHWA PICTURE TUBES, LTD.;<br>AND VIEWSONIC CORPORATION,<br><br>       Defendants/Counterclaim Plaintiffs. | Civil Action No. 05-292 (JJF) |

**PLAINTIFF LG.PHILIPS LCD CO., LTD.'S OPPOSITION TO
DEFENDANTS' MOTION FOR LEAVE TO EXCEED PAGE LIMITATIONS**

Plaintiff LG.Philips LCD Co., Ltd. ("LPL") opposes Defendants' request to enlarge the page limits applicable to their renewed motion for judgment as a matter of law (D.I. 451) on the following grounds:

1.      The page limits set by the Local Rules are designed to cover most cases. This case is no more complicated than other eight day patent trials.[1] Defendants have made no showing, other than the bare assertion in the motion, why their renewed motion for judgment as a matter of law "cannot be presented fairly in 40 pages."[2] In fact, Defendants have already begun briefing many of their post-trial arguments in their brief opposing LPL's motion for final judgment (D.I. 450). In their 40 page answering brief, Defendants raise several arguments that they intend to make in their post-trial motions, including arguments regarding infringement,

---

[1] Defendants say the trial "spanned the course of nine trial days," but in fact the ninth day only included part of the closing argument and instructions. Although Defendants requested a trial of approximately three weeks, it was actually set for approximately 7 trial days.

[2] Defendants' Motion for Judgment as a Matter of Law at the Close of All the Evidence (D.I. 403), the very motion they are renewing, contained just 26 pages.

validity, damages, willfulness, and alleged trial misconduct. Defendants specifically admitted that they intend to raise all or some of these same issues in their post-trial motions. See Defendants' Answering Br. (D.I. 450) at p. 13 n.2 (confirming that their brief "set forth in summary fashion some of the issues that will be more fully addressed in Defendants' post-trial motions"). Defendants' inclusion of their post-trial arguments in their brief opposing LPL's post-trial motions suggests that it should not be necessary to enlarge the page limits for their post-trial motions.

2. By way of comparison, LPL supported its own Motion for Entry of Final Judgment, Including Enhanced Damages, Attorneys' Fees and Expenses, and Pre-Judgment Interest (D.I. 437), which also "raised substantive issues," with an opening brief of just 26 pages (D.I. 438). (It was that 26 page brief which Defendants countered with a 40 page response.) LPL submits that adherence to the default page limits will allow all counsel and the Court to focus on the core issues and arguments. That has been a consistent theme in this expedited proceeding.

3. Significantly, Defendants say (in footnote 1 to their motion) that they **also** intend to file "post-trial **motions** pursuant to Rule 59 and otherwise." While they say they do not intend to request extensions of page limits for "such **motions**," what is left unsaid is that the Court and LPL will presumably soon be facing 40 page opening briefs for each of what evidently will be several different motions "under Rule 59 and otherwise," **in addition** to the requested 60 page opening brief for their renewed motion for judgment as a matter of law.

4. The Court has entered a briefing schedule (D.I. 445) designed to get to a final decision on all post-trial motions expeditiously. The schedule reflects the normal time allowed under the Local Rules for answering briefs and replies (10 days, 5 days). LPL submits that

2

Case 1:05-cv-00292-JJF    Document 453    Filed 10/03/2006    Page 3 of 4

allowing Defendants to file an overly-long opening brief on its renewed motion for judgment as a matter of law, together with one or more additional opening briefs "under Rule 59 and otherwise," would unnecessarily burden the Court and LPL on this tight briefing schedule.

     5.    In the alternative, LPL suggests that the Court consider requiring Defendants to file a single post-trial motion, consolidating their Rule 50 and Rule 59 motions (as permitted by those Rules), with a single opening brief and single reply brief having reasonable page limits established by the Court (say 50 pages for opening and 25 for reply).

For the foregoing reasons, LPL respectfully requests the Court to deny Defendants' motion, leaving the parties with the normal limits set by the Local Rules, or, alternatively, to require Defendants to file a single, consolidated post-trial motion under Rules 50 and 59 with a reasonable page limit set by the Court.

October 3, 2006

THE BAYARD FIRM

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk (#922)
Ashley B. Stitzer (#3891)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899-5130
(302) 655-5000
rkirk@bayardfirm.com
Counsel for Plaintiff
LG.PHILIPS LCD CO., LTD.

OF COUNSEL:
Gaspare J. Bono
Matthew T. Bailey
Cass W. Christenson
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006
(202) 496-7500

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on October 3, 2006, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Robert W. Whetzel, Esq.
Matthew W. King, Esq.
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

The undersigned counsel further certifies that copies of the foregoing document were sent on October 3, 2006 by email and by hand to the above counsel and by email and first class mail to the following non-registered participants:

| | |
|---|---|
| Christine A. Dudzik, Esq. | Teresa M. Corbin, Esq. |
| Thomas W. Jenkins, Esq. | Glenn W. Rhodes, Esq. |
| Howrey LLP | Julie Gabler, Esq. |
| 321 North Clark Street | Howrey LLP |
| Suite 3400 | 525 Market Street |
| Chicago, IL  60610 | Suite 3600 |
| | San Francisco, CA  94105 |

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk

602380v1