## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

LG.PHILIPS LCD CO., LTD.,

                Plaintiff/Counterclaim Defendant,

        v.

TATUNG COMPANY;
TATUNG COMPANY OF AMERICA, INC.;
CHUNGHWA PICTURE TUBES, LTD.;
AND VIEWSONIC CORPORATION,

             Defendants/Counterclaim Plaintiffs.

Civil Action No. 05-292 (JJF)

REDACTED VERSION

**PLAINTIFF LPL'S REPLY MEMORANDUM IN SUPPORT
OF MOTION FOR FINAL JUDGMENT, INCLUDING ENHANCED DAMAGES,
ATTORNEYS' FEES AND EXPENSES, AND PRE-JUDGMENT INTEREST**

REDACTED

THE BAYARD FIRM
Richard D. Kirk (#922)
Ashley B. Stitzer (#3891)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899-5130
(302) 655-5000
rkirk@bayardfirm.com
Counsel For Plaintiff,
LG.PHILIPS LCD CO., LTD.

OF COUNSEL:
Gaspare J. Bono
Matthew T. Bailey
R. Tyler Goodwyn
Cass W. Christenson
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006
(202) 496-7500

October 2, 2006

**TABLE OF CONTENTS**

Page

I.    DEFENDANTS SHOW NO REASON TO DELAY ENTRY OF JUDGMENT,
      AND DELAY IS CONTRARY TO THE EXPEDITED SCHEDULE FOR THIS
      CASE ........................................................................................................................ 1

II.   THE EVIDENCE AND VERDICT OVERWHELMINGLY FAVOR LPL,
      UNDERMINING CPT'S ARGUMENT THAT THIS WAS A "CLOSE CASE" ............ 2

      A.    The Doctrine of Equivalents Does Not Make this a "Close Case" or
            Render Any Claims of the '002 Patent Invalid .................................................. 2

      B.    The Jury, Based on Substantial Evidence, Properly Rejected Defendants'
            Arguments Concerning Claim Terms and Infringement ...................................... 3

III.  DEFENDANTS FAIL TO SHOW ANY BASIS TO DISTURB THE JURY'S
      PROPER CALCULATION OF COMPENSATORY DAMAGES .................................. 4

      A.    The Defendants' Notice Arguments Fail Both Factually and Legally ................ 5

            1.    The Jury Correctly Found that LPL Gave CPT Notice in 2002 ............... 5

            2.    Notice to Defendants Other than CPT Has No Bearing on Damages......... 6

            3.    Notice Is Not Required for Method Claims Under Section 287(a) ........... 7

            4.    CPT's Duty of Due Care Arose As Soon as CPT Learned of the
                  '002 Patent, Regardless of the Date of Notice Under Section
                  287(a) ...................................................................................................... 8

      B.    The Final Judgment Should Reflect the Entire Verdict, and All Defendants
            are Jointly and Severally Liable for Attorneys' Fees ........................................ 8

IV.   COMPELLING EVIDENCE SUPPORTS ENHANCED DAMAGES, AND CPT
      SHOULD BE PUNISHED FOR ITS WILLFUL INFRINGEMENT ............................ 10

      A     CPT Fails To Rebut the Substantial Evidence of Deliberate Copying ............ 10

      B.    Defendants Admittedly Did Not Take Affirmative Steps To Avoid
            Infringing and Offered No Evidence of Due Care ............................................ 13

      C.    CPT Fails To Show that it Cannot Pay Enhanced Damages ............................ 14

      D.    CPT's "Close Case" Argument Does Not Withstand Scrutiny ......................... 15

      E.    Defendants' Infringement Continued and Increased After LPL Filed Its
            Lawsuit To Enforce the '002 Patent ............................................................... 15

      F.    Defendants Admit Their Failure To Undertake Remedial Action .................... 16

      G     CPT's Competitive Relationship Establishes Its Motivation To Harm LPL........ 16

      H.    CPT's Misconduct and Concealment Further Support Enhancement .............. 16

V.    THE RECORD LIKEWISE SUPPORTS AWARDING LPL ATTORNEYS'
      FEES ...................................................................................................................... 18

**TABLE OF CONTENTS**
(continued)

Page

|   | A. | The Evidence Shows that this is an Exceptional Case | 18 |
|   | B. | Defendants Fail To Show A Basis Not To Award Fees and Expenses, as is Customary in Willful Infringement Cases | 18 |
| VI. | | PRE-JUDGMENT INTEREST SHOULD BE AWARDED AT THE PRIME RATE COMPOUNDED QUARTERLY | 19 |
|   | A. | Defendants Fail To Establish Any Undue or Prejudicial Delay | 19 |
|   | B. | The Prime Rate and Compounding Best Compensate LPL for Past Royalties | 19 |
| VII. | | CONCLUSION | 20 |

## TABLE OF AUTHORITIES

Page

Cases

*Advanced Display Sys., Inc. v. Kent State Univ.*, Nos. 3-96-CV-1480-BD, et al.,
2002 WL 1489555 (N.D. Tex. July 10, 2002) ................................................................ 6

*Advanced Med. Optics, Inc. v. Alcon Labs , Inc.*, No. Civ. A. 03-1095-KAJ,
2005 WL 3454283 (D. Del. Dec. 16, 2005) ........................................................ 8, 10, 14

*Afros S.P.A v. Krauss-Maffei Corp*, 671 F. Supp. 1402 (D. Del. 1987) ........................ 11

*American Med. Sys , Inc. v. Medical Eng'g. Corp.*, 6 F.3d 1523 (Fed. Cir. 1993) .................... 7

*Aoki Tech Lab , Inc. v. FMT Corp , Inc.*, No. Civ 96-42-JD, 2000 WL 33667069
(D.N.H. Apr. 24, 2000) ....................................................................................... 6

*Articulate Sys , Inc. v. Apple Computer, Inc.*, 53 F. Supp. 2d 78 (D. Mass.1999) ................... 6

*Avia Group Int'l, Inc v. L.A. Gear California, Inc.*, 853 F.2d 1557 (Fed. Cir. 1988) ................ 15

*Ceeco Mach. Mfg , Ltd v. Intercole, Inc.*, 817 F. Supp. 979 (D. Mass. 1992) ............... 5, 6

*Century Wrecker Corp v. E R Buske Mfg. Co.*, 913 F. Supp. 1256 (N.D. Iowa 1996) ............. 11

*Coca-Cola Co. v. Pepsico, Inc.*, No. CIVA 102-CV-2887-RWS, 2004 WL 4910334
(N.D. Ga. Sept. 29, 2004) .................................................................................. 8

*Comark Commmc'ns, Inc v. Harris Corp.*, No. Civ.A.95-2123, 1997 WL 431000
(E.D. Pa. July 17, 1997) ..................................................................................... 11

*Critikon, Inc. v. Becton Dickinson Vascular Access*, 120 F.3d 1253 (Fed. Cir. 1997) ................ 12

*Crystal Semiconductor Corp v. Tritech Microelectronics, Int'l, Inc.*, 246 F.3d 1336
(Fed. Cir. 2001) .............................................................................................. 6

*E.I du Pont de Nemours & Co. v. Phillips Petroleum Co*, 849 F.2d 1430 (Fed. Cir. 1988) .......... 3

*Gart v. Logitech, Inc.*, 254 F.3d 1334 (Fed. Cir. 2001) ............................................... 5

*Golight, Inc v. Wal-Mart Stores, Inc.*, 355 F.3d 1327 (Fed. Cir. 2004) ............... 13, 15, 18

*Goodwall Constr Co v. Beers Constr Co.*, 991 F.2d 751 (Fed. Cir. 1993) ...................... 11

*Hanson v Alpine Valley Ski Area, Inc.*, 718 F.2d 1075 (Fed. Cir.1983) ............................................ 7

*IMX, Inc. v Lendingtree, LLC*, Civ. No. 03-1067-SLR, 2006 WL 38918
(D. Del. Jan. 6, 2006) ............................................................................................................... 13

*In re Elonex Phase II Power Mgmt. Litig.*, No. C.A. 01-082 GMS et al., 2002 WL 433614
(D. Del. Mar. 20, 2002) ............................................................................................................. 7

*Jurgens v CBK, Ltd.*, 80 F.3d 1566 (Fed. Cir. 1996) ..................................................................... 18

*Liquid Dynamics Corp. v. Vaughan Co , Inc.*, 449 F.3d 1209 (Fed. Cir. 2006) ..................... 10, 12

*Lisle Corp v A J Mfg Co.*, No. 02 C 7024, 2004 WL 765872 (N.D. Ill. Apr. 7, 2004) .......... 19

*Mendenhall v Barber-Greene Co.*, No. 80C6747, 1990 WL 156519 (N.D. Ill. Oct. 5, 1990) .... 20

*nCUBE Corp v. SeaChange Int'l, Inc.*, 313 F. Supp. 2d 361 (D. Del. 2004) .................................. 16

*Philips Elec N Am. Corp v Contec Corp.*, 312 F. Supp. 2d 649 (D. Del. 2004) ............................. 8

*Power Lift, Inc v. Lang Tools, Inc.*, 774 F.2d 478 (Fed. Cir. 1985) .............................................. 9

*SRI Int'l, Inc v Advanced Tech Labs , Inc.*, 127 F.3d 1462 (Fed. Cir. 1997) ................... 4, 10, 13

*Stryker Corp. v. Intermedics Orthopedics, Inc.*, 96 F.3d 1409 (Fed. Cir. 1996) ............................ 8

*Studiengesellschaft Kohle m b H v Dart Indus , Inc*, 862 F.2d 1564 (Fed. Cir. 1988) .............. 19

*TA Instruments, Inc v The Perkin-Elmer Corp.*, 277 F. Supp. 2d 367 (D. Del. 2003) ................. 4

*Tenneco Auto Operating Co , Inc. v. Visteon Corp.*, 375 F Supp. 2d 360 (D. Del. 2005) ........... 5

*Tracinda Corp v. DaimlerChrysler AG*, 362 F. Supp. 2d 487 (D. Del. 2005) ............................... 4

*Tristrata Tech , Inc v ICN Pharms , Inc.*, 314 F. Supp. 2d 356 (D. Del 2004) ............................ 12

*Union Oil Co of Ca v. Chevron U.S.A , Inc.*, 34 F. Supp. 2d 1222 (C.D. Cal. 1998) ................. 9

*United States ex rel. Choice v Brierley*, 460 F.2d 68 (3d Cir. 1972) .............................................. 4

*United States v Walker*, 421 F.2d 1298 (3d Cir. 1970) ..................................................................... 4

**Statutes and Rules**

35 U.S.C. § 287 ............................................................................................................................ 7, 8

Fed. R. Civ. P. 50......................................................................................................... 1

Fed. R. Civ. P. 58....................................................................................................... 1, 2

Fed. R. Civ. P. 59......................................................................................................... 1

Fed. R. Evid. 602 ......................................................................................................... 6

**Other Authorities**

11 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane,
   *Federal Practice & Procedure* § 2781 (2d ed. 1995)................................................ 1

Plaintiff LG Philips LCD Co., Ltd. ("LPL") respectfully submits this reply memorandum in support of LPL's Motion for Entry of Judgment, Including Enhanced Damages, Attorneys' Fees and Expenses, and Pre-Judgment Interest against Defendants Chunghwa Picture Tubes, Ltd. ("CPT"), Tatung Company ("Tatung"), Tatung Company of America, Inc. ("Tatung America"), and ViewSonic Corporation ("ViewSonic") (collectively, "Defendants"). The nine person jury unanimously concluded that each Defendant directly, indirectly, and willfully infringes U.S. Patent No. 5,019,002 ("the '002 Patent") and that the '002 Patent is not invalid. The parties agreed to an expedited schedule for this case, allowing for final judgment to be entered promptly in favor of the prevailing party, and the Court should not delay entering the final judgment. The evidence of willful infringement by all Defendants was substantial and overwhelming, making an award of treble damages and attorneys' fees fair and appropriate.

## I.    DEFENDANTS SHOW NO REASON TO DELAY ENTRY OF JUDGMENT, AND DELAY IS CONTRARY TO THE EXPEDITED SCHEDULE FOR THIS CASE

Rule 58 "always has contemplated early entry of judgment and . . . is 'designed to encourage all reasonable speed in formulating and entering the judgment when the case has been decided.'" 11 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice & Procedure* § 2781 (2d ed. 1995) (quoting Advisory Committee Note to 1963 amendment). The Court should reject Defendants' proposal to delay indefinitely the entry of final judgment. Defendants' mere reference to motions that they intend to file -- and could have filed weeks ago -- is no basis for further delay. The rules expressly contemplate entry of judgment *before* the filing of post-trial motions. *See* Fed R. Civ. P. 50(b) & 59(b) (setting deadline for motions as ten days after entry of final judgment). The jury's verdict is legally and factually supported and nothing in Defendants' Opposition brief establishes any basis to disregard the verdict.

Promptly entering the judgment is particularly appropriate considering that the parties

agreed to an expedited schedule for trial and judgment. As pointed out in LPL's recent letter to

the Court (D.I. 442), in November 2005, the Court gave the parties the option of proceeding to a

"full disposition with trial in nine (9) months," and resolution of all post-trial matters "by

September 2006." D.I. 32. The parties agreed to this option. *See* D.I. 33. Consistent with the

Court's and the parties' intentions, the Court should promptly enter judgment on the jury's

verdict as contemplated by Fed. R. Civ. P. 58, rather after post-trial motions are fully briefed,

argued, and decided.

## II.    THE EVIDENCE AND VERDICT OVERWHELMINGLY FAVOR LPL, UNDERMINING CPT'S ARGUMENT THAT THIS WAS A "CLOSE CASE"

### A.    The Doctrine of Equivalents Does Not Make this a "Close Case" or Render Any Claims of the '002 Patent Invalid

The jury's verdict that Defendants directly and willfully infringed the asserted claims of

the '002 patent forecloses the notion that this case was close on the merits. Defendants'

opposition incorrectly assumes that the doctrine of equivalents makes this a "close case"

regarding infringement. The jury determined that each Defendant *willfully* infringes. This

finding of willfulness necessarily means that this was not a close case -- by definition, the jury

found clear and convincing evidence that Defendants acted culpably and without a reasonable or

good faith basis. CPT, moreover, fails to cite a single case for the proposition that direct

infringement involving the doctrine of equivalents reflects a "close call."

Furthermore, the doctrine of equivalents does not support Defendants' argument

regarding invalidity. Defendants' conclusory argument that if CPT infringes "then the '002

Patent must be invalid because CPT is practicing the prior art" is incorrect. D.I. 450 at 29. The

jury heard detailed evidence and argument on this issue and properly concluded that Defendants

failed to establish invalidity as to either claim 1 or claim 8,             REDACTED

2

REDACTED

**B.    The Jury, Based on Substantial Evidence, Properly Rejected Defendants'
Arguments Concerning Claim Terms and Infringement**

The Court also should reject Defendants' argument that the term "interconnecting"
should be read to include a functional limitation of allowing "two-point testing of the entire
display." D.I. 450 at 28. Defendants' insistence that "interconnecting" requires a testing
function seeks impermissibly to interject a limitation into the claim and must fail. The Federal
Circuit has repeatedly warned that limitations from the specification are not to be read into the
claims. *See, e.g., E.I. du Pont de Nemours & Co. v. Phillips Petroleum Co.*, 849 F.2d 1430, 1433
(Fed. Cir. 1988).

In addition, Defendants' testing function argument ignores substantial evidence

REDACTED                              Indeed, it is not

requirement simply is not there   The jury's verdict is supported by, and consistent with, the
evidence at trial.

Further, the Court should decline Defendants' invitation to disregard the verdict by
redefining "resistance," based on the Court's discussion with Dr. Howard. *See* D.I. 450 at 1, 5,
14, and 29. Contrary to the Defendants' conclusions, the Court's discussion does not reflect any
error in the Court's claim construction. Rather, Defendants are, once again, attempting to
impermissibly interject a limitation. The jury, moreover, properly applied the Court's
construction based on the evidence and concluded that CPT's products infringe the '002 Patent.

### III.  DEFENDANTS FAIL TO SHOW ANY BASIS TO DISTURB THE JURY'S PROPER CALCULATION OF COMPENSATORY DAMAGES

As with infringement, CPT's conclusory arguments regarding notice and the testimony of

LPL's damages expert, Mr. Cobb, fail to forestall the entry of judgment. Mr. Cobb's testimony

concerning a reasonable royalty was consistent with his expert report and deposition.

REDACTED

CPT cannot now complain about issues that

CPT's own counsel brought before the jury.[1]

CPT's notice arguments are equally unpersuasive. Notice is a question of fact and the

jury properly deemed notice effective as of February 27, 2002. "Although there are numerous

possible variations in form and content, the purpose of the actual notice requirement is met when

the recipient is notified, with sufficient specificity, that the patent holder believes that the

recipient of the notice may be an infringer." *SRI Int'l, Inc. v Advanced Tech Labs, Inc*, 127

F.3d 1462, 1470 (Fed. Cir. 1997). Actual notice occurs, therefore, when "the recipient is

informed of the identity of the patent and the activity that is believed to be an infringement,

accompanied by a proposal to abate the infringement, whether by license or otherwise." *Id.*

---

[1] Having elicited this information through its own counsel, CPT cannot complain that LPL did anything inappropriate. *See, e.g., TA Instruments, Inc v. The Perkin-Elmer Corp.*, 277 F. Supp. 2d 367, 377-78 (D REDACTED Del. 2003); *Tracinda Corp. v. DaimlerChrysler AG*, 362 F. Supp. 2d 487, 513 (D. Del. 2005).

When opposing counsel opens the door to an issue during cross-examination, the witness may be re-directed on the same subject. *See, e g., United States ex rel. Choice v Brierley*, 460 F.2d 68, 72 n.5 (3d Cir. 1972); *United States v. Walker*, 421 F.2d 1298, 1299-1300 (3d Cir. 1970).

Notice does not need to expressly charge infringement or threaten a lawsuit. *See id.*; *Ceeco*

*Mach. Mfg., Ltd. v. Intercole, Inc.*, 817 F. Supp. 979, 987 (D. Mass. 1992).

    **A.**    **The Defendants' Notice Arguments Fail Both Factually and Legally**

        1.    The Jury Correctly Found that LPL Gave CPT Notice in 2002

LPL gave notice of the '002 Patent in 2002, even though such notice presumably was not

required concerning the method claims at issue. The jury's verdict is supported by unrebutted

evidence showing that LPL took several affirmative steps to notify CPT of the '002 Patent. First,

on February 8, 2002, LPL sent a letter to CPT specifically informing CPT of the '002 Patent and

other patents for which CPT needed to discuss licensing terms with LPL. *See* PTX 46. After

CPT failed to respond, LPL sent another letter on February 27, further confirming that LPL

objected to CPT's infringement of LPL's patents identified in the February 8 letter, including the

'002 Patent. *See* PTX 142; Tr. at 608:23-609:17. The jury thus properly concluded that CPT

was on notice of the '002 Patent as of February 27, 2002.

CPT's emphasis on the need to identify specific product model numbers in LPL's

correspondence is misplaced. Even assuming that notice is required for method claims, there

was no need to specify every infringing product individually. As the evidence showed, CPT

makes dozens of infringing products using the same manufacturing methods. CPT was made

aware that LPL was asserting that products made using the '002 methods were accused of

infringing. Notice depends on all facts and circumstances, and need not specifically list each

individual accused product. *See, e.g., Gart v. Logitech, Inc.*, 254 F.3d 1334, 1347 (Fed. Cir.

2001); *Tenneco Auto. Operating Co., Inc. v. Visteon Corp.*, 375 F. Supp. 2d 360, 365 (D. Del.

2005).

In addition, LPL attended a June 2002 meeting at CPT's offices in Taiwan. *See* Tr. at

613:3-14. At that meeting, LPL made a detailed presentation explaining how CPT's products

infringed the '002 Patent. Mr. Ho Lee specifically testified that the '002 Patent was discussed

during this meeting, and that LPL accused specific CPT products of infringing the '002 Patent.[2]

*See id.* at 613:15-614:10; 615:19-617:14; 618:24-620:3; *see also* PTX 47. *No witness*

*contradicted this testimony.*[3]  Accordingly, the sole evidence is that LPL had notified CPT that

its products infringed the '002 Patent in 2002.

　　　　　　2.　　Notice to Defendants Other than CPT Has No Bearing on Damages

　　　　CPT argues that the final judgment and damages should apply only to CPT, but then

inconsistently argues that the final judgment needs to account for the notice dates and damages

periods regarding Tatung, Tatung America, and ViewSonic. Because CPT induced all of the

infringing sales by the other Defendants, notice to CPT in 2002 entitles LPL to recover for all

post-2002 infringing sales and imports by Tatung, Tatung America, and Viewsonic. *See Crystal*

*Semiconductor Corp. v. Tritech Microelectronics, Int'l, Inc.*, 246 F.3d 1336, 1361 (Fed. Cir.

2001) ("A party that induces or contributes to infringement is jointly and severally liable with the

direct infringer for all general damages."); *see also Advanced Display Sys., Inc. v. Kent State*

*Univ.*, Nos. 3-96-CV-1480-BD, et al., 2002 WL 1489555, at *9 (N.D. Tex. July 10, 2002).

---

[2] The law does not require notice to be in writing and oral communications can convey notice. *See, e.g.*, *Aoki Tech. Lab., Inc. v. FMT Corp., Inc.*, No. Civ 96-42-JD, 2000 WL 33667069, at *2 (D.N.H. Apr. 24, 2000); *Articulate Sys., Inc. v. Apple Computer, Inc.*, 53 F. Supp. 2d 78, 82-83 (D. Mass. 1999); *Ceeco Mach. Mfg., Ltd v. Intercole, Inc.*, 817 F. Supp. 979, 985 (D. Mass. 1992).

REDACTED

any products that it believed infringed the '002 patent" before May 2005, therefore, is incorrect and
unsupported by any evidence.

REDACTED

Accordingly, the date that Tatung, Tatung America, and ViewSonic received notice will not impact the final judgment or the amount of damages.

Additionally, the evidence shows that LPL notified Tatung and Viewsonic of the infringement no later than August 2002, long before filing suit. *See* Tr. at 622:18-624:7; PTX 48; PTX 49. Even without such express notice to these Defendants, the evidence supports imputing notice to ViewSonic, Tatung, and Tatung America based on LPL's earlier notice to CPT. "Notice to an agent with authority to receive notices of infringement may be sufficient under Section 287(a)." *In re Elonex Phase II Power Mgmt. Litig.*, No. C.A. 01-082 GMS et al., 2002 WL 433614, at *3 (D. Del. Mar. 20, 2002). The corporate and business relationships among Tatung, Tatung America, Viewsonic, and CPT, and other evidence, support finding that CPT had authority to receive notice in this case.[4] In these circumstances, notice to CPT should be sufficient to begin the damages period as to all Defendants in the supply chain.

      3.    Notice Is Not Required for Method Claims Under Section 287(a)

Because LPL asserted only method claims, the marking requirement in 35 U.S.C. § 287(a) should not apply, mooting Defendants' arguments regarding notice and damages. The Federal Circuit has declined to apply the marking statute when a patentee asserted only method claims.[5] *See Hanson v. Alpine Valley Ski Area, Inc.*, 718 F.2d 1075, 1082-83 (Fed. Cir. 1983).

---

[4] The evidence showed, for example, that: (1) CPT shares a corporate family relationship with Tatung (parent) and Tatung America (sister) (*see* PTX 105 at T-D 11);

REDACTED

  ; and (4) CPT, as the manufacturer, is the entity that would enter into a license with LPL, and the other Defendants would seek to rely on any such license for all covered CPT products.

[5] A post-*Hanson* decision of the Federal Circuit applying the marking requirement to method claims is distinguishable, moreover, because both method and apparatus claims were asserted in that case. *See American Med. Sys., Inc. v. Medical Eng'g. Corp.*, 6 F.3d 1523, 1538-39 (Fed. Cir. 1993).

Recently, moreover, at least one trial court also has declined to apply the statute to method claims. *See Coca-Cola Co. v. Pepsico, Inc.*, No. CIVA 102-CV-2887-RWS, 2004 WL 4910334, at *32-33 (N.D. Ga. Sept. 29, 2004); *but see, e.g., Philips Elec. N. Am. Corp. v. Contec Corp.*, 312 F. Supp. 2d 649 (D. Del. 2004).

4.     CPT's Duty of Due Care Arose As Soon as CPT Learned of the '002
Patent, Regardless of the Date of Notice Under Section 287(a)

Defendants also confuse the issue of notice for damages purposes with the duty of due care and willfulness. Defendants' argument that infringement was not willful if Section 287(a) notice occurred after February 27 fails because: (1) Defendants received actual notice in 2002 and then disregarded LPL's patent rights for years; and (2) the duty of due care arose as soon as Defendants had actual knowledge of the '002 Patent, which indisputably occurred in 2002, regardless of Defendants' technical legal arguments regarding the sufficiency of notice. The duty of due care arises as soon as an infringer learns of a patent from any source, directly or indirectly. *See Stryker Corp. v. Intermedics Orthopedics, Inc.*, 96 F.3d 1409, 1415-16 (Fed. Cir. 1996); *Advanced Med. Optics, Inc. v. Alcon Labs., Inc.*, No. Civ. A. 03-1095, 2005 WL 3454283, at *7 n.3 (D. Del. Dec. 16, 2005). CPT's arguments regarding the sufficiency of notice, therefore, are irrelevant concerning the finding of willful infringement.

**B.     The Final Judgment Should Reflect the Entire Verdict, and All Defendants are Jointly and Severally Liable for Attorneys' Fees**

Defendants' attempt to limit the judgment to CPT, and no other Defendants, fails as a matter of law. The jury specifically found that all Defendants jointly infringed, induced infringement, and infringed willfully. *See* D.I. 405 (Special Verdict Form). The final judgment should reflect Defendants' joint and willful infringement, as found by the jury.

Specifically, the judgment should confirm that each and every Defendant directly infringed the '002 Patent, that each and every Defendant induced infringement of the '002

8

Patent, and that each and every Defendant willfully infringed the '002 Patent. The judgment also should reflect that the jury concluded that the asserted claims are not invalid.

The full amount of damages in the verdict should be awarded against CPT, including any enhanced damages awarded by the Court, as well as pre-judgment interest. The judgment also should include an award of attorneys' fees and expenses against each and every Defendant, jointly and severally, based on each Defendant's misconduct and willful infringement, as found by the jury. *See, e.g., Power Lift, Inc. v Lang Tools, Inc.*, 774 F.2d 478, 482 (Fed. Cir. 1985); *Union Oil Co of Ca v. Chevron U.S.A., Inc.*, 34 F. Supp. 2d 1222, 1226 (C.D. Cal. 1998). The jury's findings were well-supported by the overwhelming evidence

REDACTED

:.[6] The jury's verdict confirms Defendants' joint culpability in funneling CPT modules into the U.S. market.

Defendants' brief misconstrues certain comments at trial by LPL's counsel, arguing that final judgment should be entered only against CPT, not all Defendants. *See* D.I. 450 at 16. In

---

REDACTED

9

response to a question by Defendants' counsel about the proposed verdict form, LPL's counsel agreed that the jury should determine CPT's total infringing module sales (rather than apportioning infringing sales among Defendants). *See* Tr. at 1924:15-1926:11. LPL's counsel did not say, and did not mean to imply, that LPL did not intend for the final judgment to enforce the jury's verdict. Consistent with the law and the jury's verdict, the final judgment entered by the Court should reflect each of the jury's findings regarding all of the Defendants.

## IV.    COMPELLING EVIDENCE SUPPORTS ENHANCED DAMAGES AND CPT SHOULD BE PUNISHED FOR ITS WILLFUL INFRINGEMENT

The jury's finding that all Defendants willfully infringed weighs heavily in favor of enhanced damages. The Federal Circuit has explained that willful infringement is a question of fact that often implicates "questions of intent, belief, and credibility." *SRI Int'l, Inc. v Advanced Tech Labs., Inc.*, 127 F.3d 1462, 1465 (Fed. Cir. 1997). As this Court has recently noted, therefore, "[w]here a jury has found willful infringement, a district court must . . . take care to avoid second guessing the jury or contradicting its findings." *Advanced Med. Optics, Inc*, 2005 WL 3454283, at *9.

### A.    CPT Fails To Rebut the Substantial Evidence of Deliberate Copying

As explained in LPL's opening brief, the evidence showed that CPT began implementing the '002 double-guard ring technology shortly after notice of the patent. This evidence of deliberate copying supports the willfulness finding and enhanced damages. *See Advanced Med Optics, Inc*, 2005 WL 3454283, at *9. CPT's argument that the evidence is too circumstantial, moreover, is unconvincing. *See* D.I. 450 at 19. "The drawing of inferences, particularly in respect of an intent-implicating question such as willfulness, is peculiarly within the province of the fact finder that observed the witnesses." *Liquid Dynamics Corp v Vaughan Co, Inc.*, 449 F.3d 1209, 1225 (Fed. Cir. 2006). Thus, it is entirely appropriate for the jury to infer deliberate

10

copying based on circumstantial evidence. The Federal Circuit, this Court, and other courts

recognize that circumstantial evidence is probative of copying and willfulness. *See, e g.,*

*Goodwall Constr. Co. v Beers Constr Co.*, 991 F.2d 751, 758 (Fed. Cir. 1993); *Afros S.P.A. v.*

*Krauss-Maffei Corp.*, 671 F. Supp. 1402, 1438 (D. Del. 1987); *see also Comark Commmc'ns,*

*Inc v. Harris Corp.*, No. Civ. A. 95-2123, 1997 WL 431000, at *11 (E.D. Pa. July 17, 1997);

*Century Wrecker Corp. v E R Buske Mfg Co.*, 913 F. Supp. 1256, 1286-87 (N D. Iowa 1996).

     LPL presented ample evidence of copying. The evidence showed that CPT was notified

of the '002 Patent in February 2002. *See* PTX 46 (Feb. 8, 2002 letter); PTX 142 (Feb. 27, 2002

letter); Tr. 608:23-609:17.

REDACTED

     Around that same time, on June 11, 2002, LPL and CPT met at CPT's offices in Taiwan.

*Id.* at 612:21-613:11. During that meeting, LPL again accused CPT of infringing the '002

Patent, *id.* at 613:15-614:10, and made a detailed presentation demonstrating how the use of

guard rings in specific CPT products infringed LPL's '002 technology, *id.* at 617:2-14 & 618:24-

620:3 (LPL's Ho Lee).

REDACTED

11



This is substantial and compelling evidence of copying and willfulness. *See Liquid Dynamics Corp.*, 449 F.3d at 1225-26 (affirming trebled damages where there were "several pieces of evidence" that "the jury may have relied upon to infer copying"); *Critikon, Inc v Becton Dickinson Vascular Access, Inc* , 120 F.3d 1253, 1260 (Fed. Cir. 1997) (finding willful infringement where "[i]t must be more than coincidence that Becton Dickinson managed to commercialize its design by adopting features disclosed in the [patents-in-suit] soon after it became aware of their existence").[7] Indeed, the conclusion that CPT copied the '002 technology is all the more reasonable since *CPT did not provide a single witness to testify that CPT did not copy the '002 guard ring technology.* Likewise, CPT's brief cites no testimony or exhibit to rebut LPL's allegations of copying. *See* D.I. 450 at 18-19. This factor, therefore, strongly supports enhanced damages.

---

[7] Defendants' reliance on *Tristrata Tech., Inc v ICN Pharms , Inc.*, 314 F. Supp. 2d 356 (D. Del. 2004), is unpersuasive. In that case, there was no conclusive proof of copying based on a training manual "standing alone," or the mere fact that defendant developed the accused products after receiving notice of the patents-in-suit *Id* at 361. Here, in contrast, LPL presented the jury with a detailed timeline, supported by substantial testimonial and documentary evidence, to demonstrate CPT's copying.

**B.    Defendants Admittedly Did Not Take Affirmative Steps To Avoid Infringing and Offered No Evidence of Due Care**

The Defendants' collective and individual lack of due care was uncontroverted at trial.



Given the Defendants' admissions, and the

complete absence of evidence showing due care, the jury necessarily found that Defendants acted

willfully:

> Although various criteria have been stated for determining "willful infringement," which is the term designating behavior for which enhanced damages may be assessed, the primary consideration is whether the infringer, acting in good faith and upon due inquiry, had sound reason to believe that it had the right to act in the manner that was found to be infringing.

*SRI Int'l, Inc*, 127 F.3d at 1464.

CPT is simply incorrect, therefore, in arguing that LPL seeks to draw an adverse

inference based on CPT's refusal to disclose opinions of counsel in this case. *See* D.I. 450 at 19-

21.[8]  CPT's lack of due care is conclusively established by the evidence. *See, e.g., Golight, Inc*

---

[8] Indeed, in light of the Court's pretrial ruling on Defendants' motion in limine, LPL scrupulously avoided any references at trial to any legal advice. Nonetheless, CPT's failure to cite or rely on legal advice is not necessarily irrelevant after the *Knorr-Bremse* decision. *See IMX, Inc. v. Lendingtree, LLC*, Civ. No. 03-1067-SLR, 2006 WL 38918, at *1 (D. Del. Jan. 6, 2006) ("The fact that no opinion of counsel on the issue of infringement was acquired by defendant may be considered by the trier of fact in its willful infringement analysis, but no inference may be drawn" suggesting an opinion would have been unfavorable).

*v. Wal-Mart Stores, Inc.*, 355 F.3d 1327, 1339 (Fed. Cir. 2004) ("There is no admissible evidence in this case that Wal-Mart took appropriate action after receiving the cease and desist letter to establish a reasonable belief that its actions were not infringing [.]"); *Advanced Med Optics, Inc*, 2005 WL 3454283, at *9 (finding that infringer's "lack of an appropriate investigation" supported enhanced damages award).

CPT's unconvincing response is that CPT was "led . . . to the logical conclusion that LPL did not believe that CPT infringed the '002 Patent, or did not intend to enforce the '002 Patent." D.I. 450 at 21. CPT's argument lacks any supporting evidence proffered at trial by CPT or cited in CPT's brief. *See id.* at 19-21. CPT did not produce a single witness at trial with first-hand knowledge regarding LPL's June 2002 meeting with CPT.      REDACTED

CPT's argument also ignores the evidence that LPL expressly accused CPT of infringing the '002 Patent, attempted to discuss a license, and warned CPT that it would enforce the patent if necessary. *See* Tr. at 605:11-606:5; 608:23-609:17; 611:4-612:2; 613:15-614:10; 615:19-REDACTED 617:14; 618:24-622:17; *see also* PTX 46; PTX 142; PTX 145; PTX 47;

## C.    CPT Fails To Show that it Cannot Pay Enhanced Damages

CPT does not argue, or cite evidence showing, that it cannot pay enhanced damages in this case. CPT merely suggests, in the vaguest terms, that CPT has enjoyed "increasingly narrow profit margins" in recent years. D.I. 450 at 27. CPT has publicly stated, however, that damages in this case will have "no material effect" on its business operations. *See* D.I. 438 at 14 & Ex. 2.

REDACTED

14

REDACTED

CPT is certainly capable of paying treble damages in this case.

**D.    CPT's "Close Case" Argument Does Not Withstand Scrutiny**

CPT contends, without citing authority, that, "[b]y its nature, a finding of infringement

under the doctrine of equivalents represents a determination by the jury that the case was a close

case." D.I. 450 at 28. As discussed in § II *supra*, however, this argument is inconsistent with the

verdict. The jury concluded that each Defendant *willfully* infringes, based on the evidence,

overwhelmingly rejecting Defendants' position and finding in favor of LPL in this case.

**E.    Defendants' Infringement Continued and Increased After LPL Filed Its
Lawsuit To Enforce the '002 Patent**

Again citing no authority, CPT argues that it could not have "engaged in bad faith

infringement" because LPL decided "to wait to prosecute its claims under the '002 Patent." D.I.

450 at 30. CPT's attempt to somehow excuse its course of misconduct based on the timing of

LPL's lawsuit is unpersuasive.                    REDACTED


                                                                     . Defendants'

conscious disregard for LPL's patent rights, including after LPL sued to enforce the patent,

shows willfulness. *See, e.g., Golight, Inc*, 355 F.3d at 1339 ("there is evidence that Wal-Mart

continued to sell off its remaining inventory even after it had learned of its possible

infringement," demonstrating disregard for patent rights); *Avia Group Int'l, Inc. v. L.A. Gear

California, Inc*, 853 F.2d 1557, 1566 (Fed. Cir. 1988) (affirming willfulness and observing that

"LAG continued to sell the infringing shoes . . . even after this suit for infringement was filed").

**F.    Defendants Admit Their Failure To Undertake Remedial Action**

Defendants expressly admit their failure to take "any remedial action." D.I. 450 at 30.

Defendants' only argument regarding this factor is that LPL did not "enforce its rights under the

'002 patent until May 2005." *Id.* As discussed above, however, this argument is disingenuous

because Defendants did nothing to change their conduct after LPL filed suit in this case.

**G.    CPT's Competitive Relationship Establishes Its Motivation To Harm LPL**

The evidence undermines CPT's attempt to downplay its competitive relationship with

LPL.

REDACTED

This competitive relationship necessarily supports a

motivation to harm and further supports enhanced damages. *See nCUBE Corp v SeaChange*

*Int'l, Inc.*, 313 F. Supp. 2d 361, 390 (D. Del. 2004), *aff'd*, 436 F.3d 1317 (Fed. Cir. 2006).

**H.    CPT's Misconduct and Concealment Further Support Enhancement**

CPT attempts to excuse some instances of inaccurate testimony under oath by

Defendants' Rule 30(b)(6) designees based on purported "significant language and cultural

differences -- the witnesses were native speakers of Chinese with little or no understanding of

English." D.I. 450 at 31-32. This argument is specious, considering that every deposition of a

foreign-language witness was attended by two translators -- a main translator retained by the

deposing party and a check translator retained by the party producing the witness. Every

question was translated into, and every answer was given in, the witness' native language.

The record in this case is replete with instances where Defendants' witnesses failed to

disclose known facts. In addition, several of Defendants' witnesses contradicted each other

REDACTED

under oath.

16

REDACTED

Even now, in its opposition brief,

CPT incorrectly insists that it "does not know anything about where a particular unit

incorporating a CPT panel is sold." D.I. 450 at 25.

REDACTED

. CPT's denials are belied by the actual

record.

Similarly, LPL has pointed out other examples of misconduct by CPT and other

Defendants during this case that make this case exceptional.[9]  *See* D.I. 438 at 5-19.  CPT

responds by suggesting that the '121 Patent is invalid, which is a hotly contested issue.  LPL

dropped its claims on the '121 Patent, at the Court's invitation, expressly to avoid further

contentious discovery that threatened to delay the expedited schedule for this case.[10]  The Court

should disregard CPT's inaccurate and irrelevant attacks on LPL regarding the '121 Patent.

---

[9] ̄ ̄ ̄

REDACTED

. This

joint misconduct supports a joint award of attorneys' fees and expenses against all Defendants.

[10] LPL's concerns were proved well-founded when, even after LPL dropped the '121 Patent from the
case, Defendants continued to seek discovery on the '121 Patent and to postpone the trial.  *See* D.I. 195.

## V.    THE RECORD LIKEWISE SUPPORTS AWARDING LPL ATTORNEYS' FEES

### A.    The Evidence Shows that this is an Exceptional Case

The Federal Circuit has expressly rejected the notion that more egregious conduct than

willful infringement is required for a case to be exceptional. *See Golight, Inc.*, 355 F.3d at 1340.

In addition, the evidence regarding the enhanced damages factors also applies when deciding that

a case is exceptional and when awarding attorneys' fees. As a general rule, "attorneys fees under

section 285 may be justified by any valid basis for awarding increased damages under section

284." *Jurgens v. CBK, Ltd*, 80 F.3d 1566, 1573 n.4 (Fed. Cir. 1996). Indeed, in this case, an

award of attorneys' fees is supported on several grounds, including the willfulness finding *and*

the evidence regarding each of the enhanced damages factors. Specifically, LPL has cited all of

the evidence and factors that support enhanced damages as additional support to award fees as

well. *See* D.I. 438 at 5-19. CPT is incorrect, therefore, in arguing that LPL relies solely on the

willfulness finding to support a fee award under section 285. *See* D.I. 450 at 33.

### B.    Defendants Fail To Show A Basis Not To Award Fees and Expenses, as is Customary in Willful Infringement Cases

In an attempt to avoid attorneys' fees, CPT asks the Court to *assume* that the verdict of

willfulness should be overturned. Such an assumption, however, ignores that CPT not only

failed to exercise due care, but copied the '002 invention and engaged in other misconduct. CPT

merely observes that willfulness does not *always* require awarding fees. Crucially, however,

CPT does not provide any basis or rationale for not awarding fees in this case, as is customary in

willful infringement cases, even without the additional misconduct present in this case.

Accordingly, based on the evidence, all Defendants should be jointly and severally liable for

LPL's attorneys' fees and expenses, in an amount to be determined by the Court.

VI.    **PRE-JUDGMENT INTEREST SHOULD BE AWARDED AT THE PRIME RATE COMPOUNDED QUARTERLY**

    A.    **Defendants Fail To Establish Any Undue or Prejudicial Delay**

    The Defendants' delay argument is defective and fails to overcome the presumption in favor of awarding pre-judgment interest, as is routine in patent cases. First, Defendants rely on the mere passage of time before LPL filed this lawsuit, compared to an earlier lawsuit filed in 2002. This argument fails, however, because the California case filed in 2002 relates to other patents and LPL has no duty to sue on all patents in one proceeding. LPL also attempted repeatedly to negotiate a license with CPT before filing this lawsuit, but CPT stalled and then eventually refused LPL's overtures. Defendants cannot show any undue delay on these facts.

    Further, a showing of prejudice is required to discount or deny interest, and undue delay alone is insufficient. *See Lisle Corp v A J Mfg. Co* , No. 02 C 7024, 2004 WL 765872, at *1 (N.D. Ill. Apr. 7, 2004). Because Defendants fail to explain how or why they have suffered any prejudice, the Court should reject the undue delay argument and award pre-judgment interest. *See id.* CPT could have avoided the payment of interest by agreeing to a license long ago, as proposed by LPL, rather than forcing LPL to file suit to enforce its patent rights.

    B.    **The Prime Rate and Compounding Best Compensate LPL for Past Royalties**

    Defendants suggest that the Court should award interest at a rate based on the Treasury Bill, rather than the prime rate requested by LPL. As set forth in LPL's opening brief, this Court commonly awards interest at the prime rate. The Court has broad discretion to award interest at the prime rate, and the law does not require any special evidentiary showing by LPL to justify use of the prime rate. *See Studiengesellschaft Kohle m b H. v Dart Indus., Inc* , 862 F.2d 1564, 1579-80 (Fed. Cir. 1988). This amount is best calculated to compensate LPL, which is the purpose of awarding interest. Similarly, courts recognize that compounding interest is

appropriate to compensate a patent holder, and the Court should reject Defendants' suggestion to award simple, non-compounded interest.[11]

## VII.    **CONCLUSION**

For the foregoing reasons, LPL respectfully requests that the Court grant LPL's motion, enter final judgment against all Defendants, including treble damages, fees and expenses, and pre-judgment interest, and grant any further relief that the Court deems proper.

October 2, 2006

THE BAYARD FIRM

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk (#922)
Ashley B. STitzer (#3891)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE  19899-5130
(302) 655-5000
rkirk@bayardfirm.com
Counsel for Plaintiff
LG.PHILIPS LCD CO., LTD.

OF COUNSEL:
Gaspare J. Bono
Matthew T. Bailey
R. Tyler Goodwyn
Cass W. Christenson
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006
(202) 496-7500

---

[11] Indeed, courts have compounded interest monthly, whereas LPL seeks only quarterly compounding. *See, e.g., Mendenhall v. Barber-Greene Co.*, No. 80 C 6747, 1990 WL 156519, at *3 (N.D. Ill. Oct. 5, 1990) ("Interest should be compounded monthly in order fully to compensate for delay."). In addition, LPL has properly calculated interest based on CPT's own quarterly sales figures. *See id.* (approving "method of allocating sales to quarters according to the time in which they were made" as "reasonable")

# Exhibit 1

# CONFIDENTIAL DOCUMENT

These pages have been removed because they contain
confidential information subject to the Protective Order.

Exhibit 2

# CONFIDENTIAL DOCUMENT

These pages have been removed because they contain confidential information subject to the Protective Order.

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on October 5, 2006, he electronically filed

the foregoing document with the Clerk of the Court using CM/ECF, which will send

automatic notification of the filing to the following:

Robert W. Whetzel, Esq.
Matthew W. King, Esq.
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899


The undersigned counsel further certifies that copies of the foregoing document

were sent on October 5, 2006 by email and by hand to the above counsel and by email

and first class mail to the following non-registered participants:

Christine A. Dudzik, Esq.          Teresa M. Corbin, Esq.
Thomas W. Jenkins, Esq.           Glenn W. Rhodes, Esq.
Howrey LLP                        Julie Gabler, Esq.
321 North Clark Street            Howrey LLP
Suite 3400                        525 Market Street
Chicago, IL  60610                Suite 3600
                                  San Francisco, CA  94105


/s/ Richard D. Kirk (rk0922)
Richard D. Kirk