# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| LG.PHILIPS LCD CO., LTD.,<br><br>    Plaintiff/Counterclaim Defendant,<br><br>    v.<br><br>TATUNG COMPANY;<br>TATUNG COMPANY OF AMERICA, INC.;<br>CHUNGHWA PICTURE TUBES, LTD.;<br>AND VIEWSONIC CORPORATION,<br><br>    Defendants/Counterclaim Plaintiffs. | Civil Action No. 05-292 (JJF) |

**PLAINTIFF LG.PHILIPS LCD CO., LTD'S
INITIAL DISCLOSURES PURSUANT TO RULE 26(a)(1)**

Plaintiff LG.Philips LCD Co., Ltd. ("LPL"), by its undersigned counsel, makes the following initial disclosures, pursuant to Fed. R. Civ. P. 26(a)(1) and Local Rule 16.2. LPL makes these Initial Disclosures based on information now reasonably available to it, and reserves the right to supplement these disclosures if necessary.

**A.    PERSONS WITH KNOWLEDGE**

At this time, LPL believes the following individuals are likely to have discoverable information that LPL may use to support its claims. The following list is limited to those persons that LPL is specifically aware of at the present time. In addition, employees and former employees of each of the Defendants, and third parties, may have knowledge supporting LPL's claims, the specific nature and identity of which is not yet known to LPL, but which may relate to at least the design, assembly, production, function, use, sale and marketing of Defendants' products and components thereof. The undersigned counsel listed below represents or expects to represent all of the listed witnesses for the purposes of LPL's claims against the Defendants.

Defendants' counsel should direct any communication to the following witnesses through the undersigned counsel.

> Dr. Scott H. Holmberg
> LightSmith, Inc.
> Knowledgeable regarding subjects including the conception and reduction to practice of United States Patent No. 5,019,002

> Sai Chang Yun
> LG.Philips LCD Co., Ltd.
> Republic of Korea
> Knowledge regarding subjects including the conception and reduction to practice of United States Patent No. 6,738,121

> William Bohannon
> Expert on Infringement and Validity

In addition, the following persons are likely to have discoverable information that LPL may use to support its claims:

> Chunghwa Picture Tubes, Ltd. employees and representatives

> Tatung Co. employees and representatives

> Tatung Company of America, Inc. employees and representatives

> ViewSonic Corp. employees and representatives

> Defendants' affiliates, distributors, suppliers, and/or customers (including, for example, retailers that sell or have sold infringing products)

> LPL may also identify additional experts, to be disclosed at the appropriate time.

## B.    DESCRIPTION OF DOCUMENTS

At this time, LPL believes that the following categories of documents and things in possession of LPL or its retained counsel may be used to support LPL's claims and defenses. In making these Initial Disclosures, LPL does not waive applicable privileges or protections from disclosure, including the attorney-client privilege or work product doctrine, nor the right to designate confidential materials for appropriate protection under the Court's Local Rules and any

611624v1

2

future protective order entered in this case. To the extent these documents are designated as confidential (or were previously designated as confidential under the temporary protective order entered in this case), such documents will be produced only as consistent with and subject to such designations and applicable protections.

- United States Patent No. 6,738,121 ("the '121 Patent"), entitled "Tape Carrier Package With Dummy Bending Part And Liquid Crystal Display Employing The Same," issued on May 18, 2004;

- United States Patent No. 5,019,002 ("the '002 Patent"), entitled "Method of Manufacturing Flat Panel Backplanes Including Electrostatic Discharge Prevention And Displays Made Thereby," issued on May 28, 1991;

- The prosecution history files of the United States Patent and Trademark Office for the '121 and '002 Patents (the "Patents in Suit");

- The references cited in the prosecution history files of the United States Patent and Trademark Office for the Patents in Suit;

- Technical documents and specifications published by Defendants;

- Documents and information regarding identification and/or manufacturing of infringing products made, imported, sold, and/or offered for sale by Defendants, directly or indirectly;

- Documents related to the marketing, offering for sale, and selling of infringing products, directly or indirectly; and/or

- Correspondence between LPL and Defendants regarding the Patents in Suit.

- Documents exchanged and obtained in discovery in the consolidated cases LG.Philips LCD Co., Ltd. v. Tatung Co. of America, et al., Case Nos. CV 02-6775 CBM (JTLx), CV 03-2866 CBM (JTLx), CV 03-2884 CBM (JTLx), CV 03-2885 CBM (JTLx), CV 03-2886 CBM (JTLx) (C.D. Cal.).

The preceding categories of documents and things are available for inspection and copying at the law offices of McKenna Long & Aldridge LLP, 1900 K Street, N.W., Washington, D.C. 20006 during regular business hours, upon reasonable advance notice and subject to agreement of counsel.

## C.    COMPUTATION OF DAMAGES

LPL has experienced, and continues to suffer, economic and irreparable harm as a result of Defendants' individual and collective infringement of the Patents in Suit.  Pursuant to 35 U.S.C. § 282, on November 1, 2005, LPL filed a motion for preliminary injunction, seeking injunctive relief from Defendants' continued infringement.

Pursuant to 35 U.S.C. § 284, LPL is seeking damages for Defendants' infringement of the Patents in Suit, in the amount equal to, at a minimum, a reasonable royalty, together with pre- and post-judgment interest and costs as fixed by the Court.  LPL will also seek increased damages and attorneys' fees, as appropriate, because by continuing to use, make, offer for sale, and sell infringing devices, Defendants are engaged in willful and deliberate infringement which justifies increased damages and which may qualify this as an exceptional case supporting recovery of attorney's fees pursuant to 35 U.S.C. § 285.

Any computation of damages, including a reasonable royalty, lost profits or other additional sums, is dependent in part on discovery and disclosures to be received from Defendants.  LPL cannot provide a complete calculation of damages at this time.  LPL reserves the right to modify its damages theories and calculations or to seek damages under different theories as appropriate in view of information to be discovered in this case and in view of anticipated expert opinions on the subject of damages.

## D.    INSURANCE AGREEMENTS

LPL is aware of no insurance agreements pertinent to this litigation.

611624v1

LPL expressly reserves the right to supplement these initial disclosures.

December 16, 2005                              THE BAYARD FIRM

                                              /s/ Richard D. Kirk (rk0922)
                                              222 Delaware Avenue, Suite 900
                                              P.O. Box 25130
                                              Wilmington, DE  19899-5130
                                              (302) 429-4208

                                              *Counsel for Plaintiff*
                                              *LG.PHILIPS LCD CO., LTD.*

OF COUNSEL:
Gaspare J. Bono
Cass W. Christenson
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006
(202) 496-7500

611624v1

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

LG.PHILIPS LCD CO., LTD.,

      Plaintiff/Counterclaim Defendant,

      v.

TATUNG COMPANY;
TATUNG COMPANY OF AMERICA, INC.;
CHUNGHWA PICTURE TUBES, LTD.;
AND VIEWSONIC CORPORATION,

      Defendants/Counterclaim Plaintiffs.

Civil Action No. 05-292 (JJF)

## PLAINTIFF'S AMENDED INITIAL DISCLOSURES PURSUANT TO RULE 26(a)(1)

Plaintiff LG.Philips LCD Co., Ltd. ("LPL"), by its undersigned counsel, makes the following amended initial disclosures, pursuant to Fed. R. Civ. P. 26(a)(1) and Local Rule 16.2. LPL makes these disclosures based on information now reasonably available to it, and reserves the right to supplement these disclosures if necessary.

### A.    PERSONS WITH KNOWLEDGE

At this time, LPL believes the following individuals are likely to have discoverable information that LPL may use to support its claims.[1] The following list is limited to those persons that LPL is specifically aware of at the present time. In addition, employees and former employees of each of the Defendants, and third parties, may have knowledge supporting LPL's claims, the specific nature and identity of which is not yet known to LPL, but which may relate to at least the design, assembly, production, function, use, sale and marketing of Defendants'

---

[1] LPL recently filed its notice withdrawing without prejudice its claims related to the '121 patent, mooting all claims, counterclaims, and defenses in this case concerning the '121 patent. Accordingly, these amended disclosures relate solely to LPL's claims concerning the '002 patent. LPL reserves its rights and remedies regarding the '121 patent, and reserves the right to make any necessary amendments to these disclosures.

products and components thereof. The undersigned counsel listed below represents or expects to represent all of the listed witnesses for the purposes of LPL's claims against the Defendants. Defendants' counsel should direct any communication to the following witnesses through the undersigned counsel.

Mr. Joo-Sup Kim
Senior Manager, Head of Intellectual Property Center
LPL
Knowledgeable regarding subjects including LPL's business, the LCD industry, LPL's intellectual property, licensing, reasonable royalties, and damages issues.

Mr. Young-Woo Cho
Manager, Intellectual Property Team
LPL
Knowledgeable regarding subjects including the '002 patent, infringement, and validity.

Mr. Jong Hwan Kim
Senior Manager, Intellectual Property Team
LPL
Knowledgeable regarding subjects including the LPL's business, the LCD industry, LPL's intellectual property, licensing, reasonable royalties, and damages issues

Dr. Scott H. Holmberg
LightSmith, Inc.
3106 Las Palmas Ave.
Escondido, CA 92025
Knowledgeable regarding subjects including the conception and reduction to practice of United States Patent No. 5,019,002

Dr. Elliot Schlam (Expert Witness)
Elliott Schlam Associates
4 Mahorns Drive
Ocean, NJ 07712-3323
Knowledgeable regarding subjects including the '002 patent, infringement, and validity.

Arthur Cobb (Expert Witness)
4010 IDS Center
Minneapolis, MN 55402
Knowledgeable regarding subjects including damages and reasonable royalties for infringement.

2

In addition, the following persons are likely to have discoverable information that LPL may use to support its claims:

Chunghwa Picture Tubes, Ltd. employees and representatives

Tatung Co. employees and representatives

Tatung Company of America, Inc. employees and representatives

ViewSonic Corp. employees and representatives

Defendants' affiliates, distributors, suppliers, and/or customers (including, for example, retailers that sell or have sold infringing products)

## B.    DESCRIPTION OF DOCUMENTS

At this time, LPL believes that the following categories of documents and things in possession of LPL or its retained counsel may be used to support LPL's claims and defenses. In making these Initial Disclosures, LPL does not waive applicable privileges or protections from disclosure, including the attorney-client privilege or work product doctrine, nor the right to designate confidential materials for appropriate protection under the protective order entered in this case. To the extent these documents are confidential, such documents are produced subject to the protective order.

- United States Patent No. 5,019,002 ("the '002 Patent"), entitled "Method of Manufacturing Flat Panel Backplanes Including Electrostatic Discharge Prevention And Displays Made Thereby," issued on May 28, 1991;

- The prosecution history files of the United States Patent and Trademark Office for the '002 Patent;

- The references cited in the prosecution history files of the United States Patent and Trademark Office for the '002 Patent;

- Technical documents and specifications published by Defendants;

- Documents and information regarding identification and/or manufacturing of infringing products made, imported, sold, and/or offered for sale by Defendants, directly or indirectly;

- Documents related to the marketing, offering for sale, and selling of infringing products, directly or indirectly;

- Correspondence between LPL and Defendants regarding the '002 Patent.

- Documents exchanged and obtained in discovery in this case or other cases for which the parties have stipulated that discovery in those cases may be used in this case (for example, the consolidated cases LG.Philips LCD Co., Ltd. v. Tatung Co. of America, et al., Case Nos. CV 02-6775 CBM (JTLx), CV 03-2866 CBM (JTLx), CV 03-2884 CBM (JTLx), CV 03-2885 CBM (JTLx), CV 03-2886 CBM (JTLx) (C.D. Cal.).)

- Mask work files and Motherglass samples

## C.    COMPUTATION OF DAMAGES

LPL has experienced, and continues to suffer, economic and irreparable harm as a result of Defendants' individual and collective infringement of the '002 Patent.

Pursuant to 35 U.S.C. § 284, LPL is seeking damages for Defendants' infringement of the '002 Patent, in the amount equal to, at a minimum, a reasonable royalty, together with pre- and post-judgment interest and costs as fixed by the Court. *See also*, LPL's Supplemental Answers to Defendants' Interrogatories dated February 28, 2006. LPL will also seek increased damages and attorneys' fees, as appropriate, because by continuing to use, make, offer for sale, and sell infringing devices, Defendants are engaged in willful and deliberate infringement which justifies increased damages and which may qualify this as an exceptional case supporting recovery of attorney's fees pursuant to 35 U.S.C. § 285.

Any computation of damages, including a reasonable royalty, is dependent in part on discovery and disclosures to be received from Defendants. LPL cannot provide a complete calculation of damages at this time. LPL reserves the right to modify its damages theories and calculations or to seek damages under different theories as appropriate in view of information to be discovered in this case and in view of anticipated expert opinions on the subject of damages.

4

**D.     INSURANCE AGREEMENTS**

LPL is aware of no insurance agreements pertinent to this litigation.

LPL expressly reserves the right to supplement these initial disclosures.

THE BAYARD FIRM

Richard D. Kirk (#922)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE  19899-5130
(302) 429-4208

*Counsel for Plaintiff*
*LG.PHILIPS LCD CO., LTD.*

OF COUNSEL:
Gaspare J. Bono
Cass W. Christenson
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006
(202) 496-7500

Dated: May 9, 2006

DC:50408418.1

5

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on May 9, 2006, he electronically filed the

foregoing document with the Clerk of the Court using CM/ECF, which will send

automatic notification of the filing to the following:

Robert W. Whetzel, Esq.
Matthew W. King, Esq.
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

The undersigned counsel further certifies that copies of the foregoing document

were sent on May 9, 2006 by email and by hand to the above counsel and by email and

first class mail to the following non-registered participants:

Christine A. Dudzik, Esq.
Thomas W. Jenkins, Esq.
Howrey LLP
321 North Clark Street
Suite 3400
Chicago, IL 60610

Teresa M. Corbin, Esq.
Glenn W. Rhodes, Esq.
Julie Gabler, Esq.
Howrey LLP
525 Market Street
Suite 3600
San Francisco, CA 94105

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk

602380v1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

LG.PHILIPS LCD CO., LTD.,

           Plaintiff/Counterclaim Defendant,

           v.

TATUNG COMPANY;
TATUNG COMPANY OF AMERICA, INC.;
CHUNGHWA PICTURE TUBES, LTD.;
AND VIEWSONIC CORPORATION,

           Defendants/Counterclaim Plaintiffs.

Civil Action No. 05-292 (JJF)

## PLAINTIFF'S AMENDED INITIAL DISCLOSURES PURSUANT TO RULE 26(a)(1)

Plaintiff LG.Philips LCD Co., Ltd. ("LPL"), by its undersigned counsel, makes the following amended initial disclosures, pursuant to Fed. R. Civ. P. 26(a)(1) and Local Rule 16.2. LPL makes these disclosures based on information now reasonably available to it, and reserves the right to supplement these disclosures if necessary.

### A.   PERSONS WITH KNOWLEDGE

At this time, LPL believes the following individuals are likely to have discoverable information that LPL may use to support its claims.[1] The following list is limited to those persons that LPL is specifically aware of at the present time. In addition, employees and former employees of each of the Defendants, and third parties, may have knowledge supporting LPL's claims, the specific nature and identity of which is not yet known to LPL, but which may relate to at least the design, assembly, production, function, use, sale and marketing of Defendants'

---

[1] On May 1, 2006, LPL withdrew without prejudice its claims related to the '121 patent, mooting all claims, counterclaims, and defenses in this case concerning the '121 patent. (D.I. Nos. 179, 180.) Accordingly, these amended disclosures relate solely to LPL's claims concerning the '002 patent. LPL reserves its rights and remedies regarding the '121 patent, and reserves the right to make any necessary amendments to these disclosures.

products and components thereof. The undersigned counsel listed below represents or expects to represent all of the listed witnesses for the purposes of LPL's claims against the Defendants. Defendants' counsel should direct any communication to the following witnesses through the undersigned counsel.

Mr. Joo-Sup Kim
Senior Manager, Head of Intellectual Property Center
LPL
Knowledgeable regarding subjects including LPL's business, the LCD industry, LPL's intellectual property, licensing, reasonable royalties, and damages issues.

Mr. Young-Woo Cho
Manager, Intellectual Property Team
LPL
Knowledgeable regarding subjects including the '002 patent, infringement, and validity.

Mr. Jong Hwan Kim
Senior Manager, Intellectual Property Team
LPL
Knowledgeable regarding subjects including the LPL's business, the LCD industry, LPL's intellectual property, licensing, reasonable royalties, and damages issues

Mr. Ho Lee
Senior Manager, Intellectual Property Center
LG Electronics Inc.
LG Twin Towers
20, Yeouido-dong
Yeongdeungpo-gu
Seoul 150-721 KOREA
Knowledgeable regarding subjects including the LPL's business, the LCD industry, LPL's intellectual property, licensing, reasonable royalties, and damages issues

Mr. Scott H. Holmberg
LightSmith, Inc.
3106 Las Palmas Ave.
Escondido, CA 92025
Knowledgeable regarding subjects including the conception and reduction to practice of United States Patent No. 5,019,002

Dr. Elliot Schlam (Expert Witness)
Elliott Schlam Associates
4 Mahorns Drive
Ocean, NJ 07712-3323

627126v1

2

Knowledgeable regarding subjects including the '002 patent, infringement, and validity.

Arthur Cobb (Expert Witness)
4010 IDS Center
Minneapolis, MN 55402
Knowledgeable regarding subjects including damages and reasonable royalties for infringement.

In addition, the following persons are likely to have discoverable information that LPL may use to support its claims:

. Chunghwa Picture Tubes, Ltd. employees and representatives

Tatung Co. employees and representatives

Tatung Company of America, Inc. employees and representatives

ViewSonic Corp. employees and representatives

Defendants' affiliates, distributors, suppliers, and/or customers (including, for example, retailers that sell or have sold infringing products)

## B.    DESCRIPTION OF DOCUMENTS

At this time, LPL believes that the following categories of documents and things in possession of LPL or its retained counsel may be used to support LPL's claims and defenses. In making these Initial Disclosures, LPL does not waive applicable privileges or protections from disclosure, including the attorney-client privilege or work product doctrine, nor the right to designate confidential materials for appropriate protection under the protective order entered in this case. To the extent these documents are confidential, such documents are produced subject to the protective order.

- United States Patent No. 5,019,002 ("the '002 Patent"), entitled "Method of Manufacturing Flat Panel Backplanes Including Electrostatic Discharge Prevention And Displays Made Thereby," issued on May 28, 1991;

- The prosecution history files of the United States Patent and Trademark Office for the '002 Patent;

627120v1

3

- The references cited in the prosecution history files of the United States Patent and Trademark Office for the '002 Patent;

- Technical documents and specifications published by Defendants;

- Documents and information regarding identification and/or manufacturing of infringing products made, imported, sold, and/or offered for sale by Defendants, directly or indirectly;

- Documents related to the marketing, offering for sale, and selling of infringing products, directly or indirectly;

- Correspondence between LPL and Defendants regarding the '002 Patent.

- Documents exchanged and obtained in discovery in this case or other cases for which the parties have stipulated that discovery in those cases may be used in this case (for example, the consolidated cases LG.Philips LCD Co., Ltd. v. Tatung Co. of America, et al., Case Nos. CV 02-6775 CBM (JTLx), CV 03-2866 CBM (JTLx), CV 03-2884 CBM (JTLx), CV 03-2885 CBM (JTLx), CV 03-2886 CBM (JTLx) (C.D. Cal.).)

- Mask work files and Motherglass samples

## C.    COMPUTATION OF DAMAGES

LPL has experienced, and continues to suffer, economic and irreparable harm as a result of Defendants' individual and collective infringement of the '002 Patent.

Pursuant to 35 U.S.C. § 284, LPL is seeking damages for Defendants' infringement of the '002 Patent, in the amount equal to, at a minimum, a reasonable royalty, together with pre- and post-judgment interest and costs as fixed by the Court. *See also*, LPL's Supplemental Answers to Defendants' Interrogatories dated February 28, 2006. LPL will also seek increased damages and attorneys' fees, as appropriate, because by continuing to use, make, offer for sale, and sell infringing devices, Defendants are engaged in willful and deliberate infringement which justifies increased damages and which may qualify this as an exceptional case supporting recovery of attorney's fees pursuant to 35 U.S.C. § 285.

627136v1

4

Any computation of damages, including a reasonable royalty, is dependent in part on discovery and disclosures to be received from Defendants. LPL cannot provide a complete calculation of damages at this time. LPL reserves the right to modify its damages theories and calculations or to seek damages under different theories as appropriate in view of information to be discovered in this case and in view of anticipated expert opinions on the subject of damages. LPL's damages analysis is further addressed in the expert report of Arthur Cobb, dated June 2, 2006, which LPL incorporates herein by reference.

### D.    INSURANCE AGREEMENTS

LPL is aware of no insurance agreements pertinent to this litigation.

LPL expressly reserves the right to supplement these initial disclosures.

June 5, 2006                              THE BAYARD FIRM

                                         /s/ Richard D. Kirk (rk0922)
                                         Richard D. Kirk (#0922)
                                         222 Delaware Avenue, Suite 900
                                         P.O. Box 25130
                                         Wilmington, DE 19899-5130
                                         rkirk@bayardfirm.com
                                         (302) 655-5000

                                         *Counsel for Plaintiff*
                                         *LG.PHILIPS LCD CO., LTD.*

OF COUNSEL:
Gaspare J. Bono
Cass W. Christenson
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006
(202) 496-7500

627126v1

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

LG.PHILIPS LCD CO., LTD.,

        Plaintiff/Counterclaim Defendant,

        v.

TATUNG COMPANY,
TATUNG COMPANY OF AMERICA, INC.;
CHUNGHWA PICTURE TUBES, LTD.;
AND VIEWSONIC CORPORATION,

        Defendants/Counterclaim Plaintiffs.

Civil Action No. 05-292 (JJF)

### NOTICE OF SERVICE

PLEASE TAKE NOTICE that, on June 5, 2006, copies of PLAINTIFF'S AMENDED

INITIAL DISCLOSURES PURSUANT TO RULE 26(a)(1) and this NOTICE OF SERVICE

were served as shown:

**BY EMAIL AND BY HAND**

Robert W. Whetzel, Esq.
Matthew W. King, Esq.
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

**BY EMAIL AND BY U.S. MAIL**

Christine A. Dudzik, Esq.
Thomas W. Jenkins, Esq.
Howrey LLP
321 North Clark Street
Suite 3400
Chicago, IL 60610

Teresa M. Corbin, Esq.
Glenn W. Rhodes, Esq.
Julie Gabler, Esq.
Howrey LLP
525 Market Street
Suite 3600
San Francisco, CA 94105

627128v1

June 5, 2006

THE BAYARD FIRM

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk (#0922)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899-5130
rkirk@bayardfirm.com
(302) 655-5000

Counsel for Plaintiff
LG.PHILIPS LCD CO., LTD.

OF COUNSEL:

Gaspare J. Bono
Matthew T. Bailey
Andrew J. Park
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, D.C. 20006
(202) 496-7500

627128v1