# Exhibit 1

# CONFIDENTIAL DOCUMENT

These pages have been removed because they contain
confidential information subject to the Protective Order.

# EXHIBIT 2

OFFERING MEMORANDUM



## 23,000,000 Global Depositary Shares

# Chunghwa Picture Tubes, Ltd.

*(incorporated as a company limited by shares in Taiwan, Republic of China)*

## Representing 575,000,000 common shares
## US$11.02 per GDS

We are selling 575,000,000 of our new common shares, in the form of global depositary shares, or GDSs. Each GDS represents the right to receive 25 of our common shares. We have granted Citigroup and ABN AMRO Rothschild, the joint global coordinators, an option, exercisable at any time, in whole or in part, from the date of this offering memorandum to the date immediately prior to the closing of this offering, to purchase from us up to an additional 125,000,000 of our new common shares, in the form of GDSs.

Our common shares are listed on the Taiwan Stock Exchange. On June 21, 2005, the last reported sale price of our common shares on the Taiwan Stock Exchange was NT$14.70, equivalent to US$0.47 per share, based on an exchange rate of NT$31.46 to US$1.00. Our outstanding international GDSs are listed on the Luxembourg Stock Exchange and are quoted on the International Order Book of the London Stock Exchange. On June 15, 2005, the closing price of the GDSs on the International Order Book was US$11.30 per GDS. We do not have any outstanding Rule 144A GDSs. We have applied to list the GDSs being offered on the Luxembourg Stock Exchange. We expect the GDSs offered in reliance on Rule 144A to be eligible for trading in the Private Offerings, Resales and Trading through Automated Linkages Market, also known as the PORTAL Market.

Investing in the GDSs involves risks. See "Risk Factors" beginning on page 16.

Neither the GDSs nor the underlying common shares have been or will be registered under the U.S. Securities Act of 1933, as amended, or any state securities laws and are being offered and sold only to "qualified institutional buyers," as defined under Rule 144A under the U.S. Securities Act, and outside the United States and the Republic of China to non-U.S. persons in accordance with Regulation S under the U.S. Securities Act. For a description of restrictions on transfers of the GDSs, see "Transfer Restrictions" and "Plan of Distribution."

Subject to certain restrictions described in this offering memorandum, it is expected that you will be entitled to withdraw interests in certificates of payment represented by the GDSs on or about the fifth ROC business day following the closing date of the offering. See "Description of Global Depositary Shares." The GDSs offered in this offering in reliance on Regulation S will initially be issued as a temporary class of GDSs and will not be fungible with our outstanding International GDSs. They will become fungible with our outstanding International GDSs approximately 42 days from the closing date of this offering (which period includes the expiration of a 40-day restricted period, during which contractual transfer and withdrawal restrictions are imposed to prevent transfers or withdrawals in violation of U.S. securities laws). See "Description of Global Depositary Shares."

|  | Per GDS | Total |
|---|---|---|
| Offering Price | US$11.02 | US$253,460,000 |
| Underwriting Commission | US$0.22 | US$5,069,200 |
| Proceeds to Us (before expenses) | US$10.80 | US$248,390,800 |

The initial purchasers are offering the GDSs subject to various conditions. The initial purchasers expect to deliver the GDSs in book-entry form through The Depository Trust Company to purchasers on or about June 24, 2005, which will be the third business day following the date of pricing. See "Plan of Distribution."

Joint Global Coordinators and Joint Global Bookrunners

# Citigroup          # ABN AMRO Rothschild

Co-Managers

**Fubon Securities Co., Ltd**          **Grand Cathay Securities Corporation**          **Yuanta Core Pacific Securities (HK) Co. Ltd.**

June 21, 2005

Plaintiff's Trial Exhibit 0067

CPT-D 038841

surveillance for fixed periods. ISO certification is required by certain European countries in connection with the sales of industrial products in those countries. ISO certification also provides independent verification to our customers as to the quality control in our production processes.

Quality and reliability are emphasized in the manufacture of our products, which undergo stringent quality inspection and testing procedures. Our quality control procedures are carried out at three stages of the manufacturing process: in-coming quality control with respect to raw materials and components; in-process quality control, which is introduced at a series of control points in the manufacturing process; and out-going quality control, which focuses on packaging and delivery to customers.

With respect to raw materials and components, the in-coming quality control is usually in the form of advance discussion between us and our suppliers regarding standards and specifications, together with a periodic review of the suppliers' quality systems to ensure the quality of the raw materials supplied. We perform a periodic review of the quality and timely delivery of our raw material supply. Certain raw materials also undergo random sample checking upon delivery to our facilities.

**Competition**

Due to the capital intensive nature of the display devices industry and the high production volumes required to achieve economies of scale, the international market for display devices is characterized by competition among a relatively small number of major international producers. We compete principally with a small number of manufacturers from Japan, Taiwan, Korea and Europe, on the basis of product quality, price, customer relationships and geographic location.

**TFT-LCD**

Our main competitors for TFT-LCD panels include LG.Philips LCD Co., Ltd., Samsung Electronics Co., Ltd., AU Optronics Corp., Chi Mei Optoelectronics Corp., Quanta Computer Inc, Sharp Corporation and HannStar Display Corporation. These seven producers, combined with us, accounted for 90% of global sales of TFT-LCD panels in the first quarter of 2005 according to DisplaySearch.

**CRT**

We compete with the Korean producers Samsung SDI Co., Ltd. and LG.Philips Displays with respect to CRT products, particularly in the CDT segment. These two producers, combined with us, accounted for over 90% of global production of CDT products in 2004 according to DisplaySearch.

**PDP**

Our main competitors for PDPs include Samsung SDI Co., Ltd., LG Electronics Inc., Matsushita Electric Industrial Co., Ltd. (Panasonic), Fujitsu Hitachi Plasma Display Limited, Pioneer Corporation and NEC Corporation.

**Trademarks, Patents and Licenses**

As of March 31, 2005, we held 335 patents in respect of our products, in and outside the ROC. We believe that it is important to develop and patent our designs and special features in our products. We may be able to license some of our more important patents in the future. We intend to pay license royalties to obtain rights to use patents and other intellectual property if disputes arise.

CPT-D 038937

# EXHIBIT 3

 **LG.PHILIPS** LCD

LG Philips LCD
533,Hogae-dong, Dongan-gu, Anyang-shi,
Kyongki-do, 430-080  R.O.Korea
TEL : 82-31-450-7443 FAX: 82-31-429-4588

*VIA FACSIMILE*

To : **Cheng-Yuan. Lin**
     **President**                                                              February 8, 2002
     **Chunghwa Picture Tubes.,LTD**
     **1127 Hopin Rd., Padeh City, Taoyuan, Taiwan, R.O.C**
     Fax : 886-3-377-3189
     Tel : 886-3-367-5151

Dear Mr. President

LG.Philips LCD Co., Ltd. ("LG.Philips") is an industry leader in the liquid crystal display
(LCD) technology.  One reason for this is the amount of investment that LG.Philips has
made to develop the necessary technology to manufacture the highest quality LCD
products.  LG.Philips is proud of the accomplishments made in the technology behind
our LCD products.

LG.Philips has also placed high priority on worldwide intellectual property, which is
synonymous with high technology.  It is our belief that the LCD technology patents
owned by LG.Philips are wide-ranging and valuable.  As examples, you may wish to
review U.S. Patent Nos. 4,624,737; 5019002; 5856816; 4885616; 5825449; 5,835,139;
5,926,237; 6,002,457. We believe that these patents, although only exemplary, cover a
wide ranging.  A portfolio of patents including these exemplary patents is currently
available for license from LG.Philips.

Should your company wish to discuss the above-identified patents or the relevance of
the LGP patent portfolio to any specific products of your company, we would be happy
to visit your company on any one day between March 14 and March 15.

I look forward to receiving either your response to my suggestion or your suggestion,
desirably no later than February 26, 2002.

Sincerely yours,

Jeong-Hwan Lee
Vice President
Intellectual Property Center
Tel : 82-31-450-7479
Fax : 82-31-429-4588
jhlee@lgphilips-lcd.com

**Plaintiff's Trial
Exhibit 0046**

LPL0000217

# EXHIBIT 4



**LG Philips LCD**
533,Hogae-dong, Dongan-gu, Anyang-shi,
Kyongki-do, 430-080   R.O.Korea
TEL : 82-31-450-7443 FAX: 82-31-429-4588

*VIA FACSIMILE*

**To : Cheng-Yuan. Lin**
     **President**                                          February 27, 2002
     **Chunghwa Picture Tubes.,LTD**
     **1127 Hopin Rd., Padeh City, Taoyuan, Taiwan, R.O.C**
     Fax : 886-3-377-3189
     Tel : 886-3-367-5151

Dear Mr. President

On February 8, we wrote you and asked for a meeting to discuss the unauthorized use
of technology owned by LG.Philips LCD Co., Ltd. ("LGP") by Chungwa Picture Tubes,
Inc. ("CPT"). In that letter, we asked for a meeting to discuss this issue of patent
infringement with CPT. CPT has not responded to our letter.

We are concerned that CPT's lack of a response indicates a lack of interest on the part
of CPT to attempt to resolve this issue through amicable negotiations. We will be in
Taiwan in March and would be available to meet with CPT on March 14 or 15. Please
let us know if CPT has any interest in discussing this matter with LGP.

Please recognize that LGP will take legal action to protect its property rights, as
necessary, in the event amicable negotiations cannot resolve this matter. We hope to
hear from CPT soon so that we can confirm a meeting date to discuss this serious issue,
desirably no later than March 1, 2002.

Sincerely yours,

Jeong-Hwan Lee
Vice President
Intellectual Property Center
Tel : 82-31-450-7479
Fax : 82-31-429-4588
jhlee@lgphilips-lcd.com

**Plaintiff's Trial
Exhibit 0142**

LPL0000216

# EXHIBIT 5

# CONFIDENTIAL DOCUMENT

These pages have been removed because they contain
confidential information subject to the Protective Order.

# EXHIBIT 6

# CONFIDENTIAL DOCUMENT

These pages have been removed because they contain
confidential information subject to the Protective Order.

# EXHIBIT 7

# CONFIDENTIAL DOCUMENT

These pages have been removed because they contain confidential information subject to the Protective Order.

# EXHIBIT 8

# CONFIDENTIAL DOCUMENT

These pages have been removed because they contain
confidential information subject to the Protective Order.

# EXHIBIT 9

# CONFIDENTIAL DOCUMENT

These pages have been removed because they contain
confidential information subject to the Protective Order.

# EXHIBIT 10

 **LG.PHILIPS LCD**

LG Philips LCD
533,Hogae-dong, Dongan-gu, Anyang-shi,
Kyongki-do, 430-080  R.O.Korea
TEL : 82-31-450-7450 FAX: 82-31-429-4588

*VIA FACSIMILE*

August 12, 2002

To : Mr. Wen-Yen K. Lin
Vice President
Tatung Co.
22, Chungshan N.Rd., Sec 3, Taipei
Fax : 886-2-2594-0234

Re:  LG.Philips LCD Co. Ltd.'s Patents

Dear Mr.Wen-Yen K. Lin:

LG.Philips LCD Co. Ltd. ("LPL") is a world-leader in LCD research and development and
owns a large patent portfolio directed to LCD technology.  LPL has collected evidence that
Chunghwa Picture Tubes, Ltd. ("CPT") is infringing LPL's patents, and has presented that
evidence to CPT. CPT's only response to LPL's infringement allegations has been to
interpose delay; CPT has not responded substantively to LPL's allegations.

It has come to our attention that Tatung Co. employs CPT-manufactured LCD panels in at
least its monitor products, and that is the reason for our letter.  LPL views CPT's
infringement as a serious matter.  LPL believes that this infringement issue should be
resolved by the manufacturer of the infringing panels, namely, CPT. However, the sale of
products containing the infringing panels in the United States, or aiding or encouraging
such sales, is itself an act of patent infringement, and LPL reserves its rights to obtain all
relief to which it is entitled to redress that illegal conduct.  LPL encourages Tatung Co. to
seek a non-infringing source of LCD panels.

If Tatung Co. would like to discuss this matter with us, please contact the undersigned.
Alternatively, Tatung Co. can have its outside counsel contact our outside counsel as
follows:

Nathan W. McCutcheon
MORGAN LEWIS & BOCKIUS LLP
1111 Pennsylvania Ave., N.W.
Washington, DC 20004

We hope that this issue can be resolved amicably.

Very truly yours,

Jeong-Hwan Lee

Vice President
Intellectual Property Center
LG.Philips LCD

Plaintiff's Trial
Exhibit 0048

LPL 25668

# EXHIBIT 11



**LG Philips LCD**
**533,Hogae-dong, Dongan-gu, Anyang-shi,**
**Kyongki-do, 430-080  R.O.Korea**
**TEL : 82-31-450-7450 FAX: 82-31-429-4588**

*VIA FACSIMILE*

**August 12, 2002**

To : **Mr. James Chu**
    **President**
    **ViewSonic Co.**
    381 Brea Canyon Rd, Walnut, CA 91789, U.S.A
    Fax : 1-909-468-5838

        Re:  LG.Philips LCD Co. Ltd.'s Patents

Dear Mr. President:

LG.Philips LCD Co. Ltd. ("LPL") is a world-leader in LCD research and development and owns a large patent portfolio directed to LCD technology.  LPL has collected evidence that Chunghwa Picture Tubes, Ltd. ("CPT") is infringing LPL's patents, and has presented that evidence to CPT. CPT's only response to LPL's infringement allegations has been to interpose delay; CPT has not responded substantively to LPL's allegations.

It has come to our attention that ViewSonic Co. employs CPT-manufactured LCD panels in at least its monitor products, and that is the reason for our letter.  LPL views CPT's infringement as a serious matter.  LPL believes that this infringement issue should be resolved by the manufacturer of the infringing panels, namely, CPT. However, the sale of products containing the infringing panels in the United States, or aiding or encouraging such sales, is itself an act of patent infringement, and LPL reserves its rights to obtain all relief to which it is entitled to redress that illegal conduct.  LPL encourages ViewSonic Co. to seek a non-infringing source of LCD panels.

If ViewSonic Co. would like to discuss this matter with us, please contact the undersigned. Alternatively, ViewSonic Co. can have its outside counsel contact our outside counsel as follows:

Nathan W. McCutcheon
MORGAN LEWIS & BOCKIUS LLP
1111 Pennsylvania Ave., N.W.
Washington, DC 20004

We hope that this issue can be resolved amicably.

Very truly yours,

Jeong-Hwan Lee

Vice President
Intellectual Property Center
LG.Philips LCD

**Plaintiff's Trial**
**Exhibit 0049**

LPL0000237