## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG.PHILIPS LCD CO., LTD., <br><br> Plaintiff/Counterclaim Defendant, <br><br> v. <br><br> TATUNG COMPANY; <br> TATUNG COMPANY OF AMERICA, INC.; <br> CHUNGHWA PICTURE TUBES, LTD.; <br> AND VIEWSONIC CORPORATION, <br><br> Defendants/Counterclaim Plaintiffs. | Civil Action No. 05-292 (JJF) <br><br> **REDACTED** |

### PLAINTIFF'S MOTION *IN LIMINE* TO PRECLUDE DEFENDANTS FROM OFFERING OR REFERRING AT TRIAL TO DOCUMENTS PRODUCED BY DEFENDANTS AFTER THE FEBRUARY 21, 2006 DISCOVERY DEADLINE

Richard D. Kirk (#922)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899-5130
(302) 429-4208

Counsel for Plaintiff
LG.PHILIPS LCD CO., LTD.

OF COUNSEL:
Gaspare J. Bono
Matthew T. Bailey
Cass W. Christenson
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006
(202) 496-7500 (Telephone)
(202) 496-7756 (Facsimile)

July 10, 2006

As permitted by the Court at the pretrial conference on July 7, 2006, plaintiff LG.Philips LCD Co., Ltd. ("LPL"), submits this Motion in Limine to preclude Defendants Chunghwa Picture Tubes, Ltd. ("CPT"), Tatung Co. ("Tatung"), Tatung Company of America, Inc. ("Tatung America"), and ViewSonic Corp. ("ViewSonic") from offering in evidence or referring at trial to any documents that any Defendant produced after the February 21, 2006 deadline for document production in this case. Defendants have produced many documents after the February 21, 2006 deadline. As an example, as explained to the Court during the July 7 Pretrial Conference, Defendants recently produced a document purporting to reflect

that CPT provided to its damages expert, Michael Wagner                                    in June 2006.[1] A copy of                      is attached as Ex. 1. As another example, on July 5, 2006, CPT produced in this case thousands of pages of technical papers. The Court recently granted Defendants' Motion *in Limine* precluding use of documents produced after February 21, and, likewise, the Court should preclude Defendants from introducing or referring at trial to the COG document and other documents not timely produced.

I.    **DEFENDANTS SHOULD NOT BE PERMITTED TO INTRODUCE OR REFER TO DOCUMENTS THAT THEY PRODUCED AFTER THE DISCOVERY DEADLINE IN THIS CASE, AS THE COURT HAS RULED REPEATEDLY**

The Court repeatedly has enforced its February 21, 2006 document production deadline and ruled that no party may use a document that the party failed to produce before the deadline.

---

[1]

REDACTED

The Court originally made this ruling at the February 8, 2006 discovery hearing.[2]  The Court has consistently reaffirmed this ruling against the Defendants.  At the March 1 discovery hearing, for example, the Court granted LPL's request to quash Defendants' untimely subpoenas and to exclude from the case any documents produced by Defendants after February 21.  *See* March 1 Hearing Tr. at 3, Ex. 2.  Recently, the Court granted Defendants' Motion *in Limine* (No. 6) To Preclude LPL from Using any Document in its Favor at Trial that it Produced after the February 21 Document Production Cut-Off.  *See* D.I. 295 (Defendants' corrected motion); Pretrial Conference Tr. at 7 ("Docket Item 295, which, in essence, amends Docket Item 232, is granted.").  Defendants, therefore, cannot now avoid the February 21, 2006 deadline.

Defendants have produced many documents after the deadline that Defendants may intend to rely on at trial, contrary to the Court's rulings.  On July 5, 2006, for example, Defendants first produced two boxes with thousands of pages of documents that appear to include technical papers and articles from industry conferences.[3]  *See* Ex. 3, June 29, 2006 letter

---

[2] As Defendants' motion in limine No. 6 states, the Court ruled on February 8 "that only documents produced by the cut-off date of February 21 are considered 'in this case' and that documents produced after February 21 are 'not in the case . . . We are all clear [that] [a]ny document that's in this case is the 21st [and] [n]othing will be in this case after that . . . .they just won't be in the case.'"  D.I. 232 at 1.

[3] LPL's counsel alerted the Court to this untimely production during the July 7 Pretrial Conference.  CPT's counsel responded that the document production reflected a reproduction of previously produced damages expert report documents.  As LPL's counsel explained at the Pretrial Conference, however, only one of the three boxes sent with the June 29 letter includes copies of expert report volumes.  The other two boxes produced with the June 29 letter, which we did not receive until July 5, contained technical papers and documents, bates nos. CPT-D 39549-45094.  This was an untimely production, not a :reproduction of documents previously produced.

from Doi to Christenson, referring to production of CPT-D 39549-45094 and WAG 5141-6200.[4] These technical documents cannot possibly be analyzed, addressed, and countered by LPL in time for the July 17 trial, and LPL is prejudiced by the lack of fair notice or discovery as to these documents.

In addition, at the June 30, 2006, deposition of Mr. Wagner, CPT's damages expert, LPL learned that CPT had recently produced                                      *See* Wagner Dep. Tr. at 136-140, 234-42, Ex. 4.  Mr. Wagner admitted that he had not seen

                                                                                      These documents were produced long after the February 21 deadline and should not be permitted into evidence or referred to at trial.  LPL had no opportunity to discuss these documents with CPT's deposition witnesses.  In addition,

---

[4] This letter is dated June 29, but was not received by LPL's counsel until July 5, when CPT produced the documents referenced in the letter.  The letter is dated one day before LPL deposed CPT's damages expert, Mr. Wagner.  At his deposition, Mr. Wagner agreed that LPL should have received a complete copy of his multi-volume report before his June 30 deposition, instead of after the deposition as occurred.

REDACTED

II.    **CONCLUSION**

Accordingly, for all the foregoing reasons, the Court should grant Plaintiff's Motion in Limine and preclude Defendants from offering or referring at trial to any documents produced by Defendants after the February 21, 2006 discovery deadline, including, for example, bates nos. WAG 003017 and CPT-D 39549-45094.

THE BAYARD FIRM


/s/ Richard D. Kirk (rk0922)
Richard D. Kirk
Ashley B. Stitzer
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE  19899-5130
(302) 655-5000

Counsel for Plaintiff
LG.PHILIPS LCD CO., LTD.

OF COUNSEL:
Gaspare J. Bono
Matthew T. Bailey
Cass W. Christenson
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006
(202) 496-7500

629621v1                                    4

# Exhibit 1

# CONFIDENTIAL DOCUMENT

These pages have been removed because they contain
confidential information subject to the Protective Order.

Exhibit 2

*LG Philips LCD Co., LTD   v.*
*Tatung Company, et al.*

*Hearing*
*March 1, 2006*

*Hawkins Reporting Service*
*715 N King Street*
*Suite 3*
*Wilmington, DE  United States of America  19801*
*(302) 658-6697*

Original File 310GLG~1.TXT, 25 Pages
Min-U-Script® File ID: 1075217556

**Word Index included with this Min-U-Script®**

LG Philips LCD Co., LTD   v.
Tatung Company, et al.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE
LG. PHILIPS LCD CO. LTD.         :
      Plaintiff,                 :
                                 : Civil Action
                                 : No. 05-292
v.                               :
TATUNG COMPANY. TATUNG COMPANY OF :
AMERICA, INC., CHUNGHWA PICTURE  :
TUBES LTD., and VIEWSONIC        :
CORPORATION.                     :
      Defendants                 :
         Wednesday, March 1, 2006
         12:30 p.m.
         Courtroom 4B
         844 King Street
         Wilmington, Delaware
BEFORE: THE HONORABLE JOSEPH J. FARNAN, JR.
         United States District Court Judge
APPEARANCES:
      THE BAYARD FIRM
      BY: RICHARD D. KIRK, ESQ.
         -and-
      McKENNA LONG & ALDRIDGE
      BY: GASPARE J. BONO, ESQ.
      CASS W. CHRISTENSON, ESQ.
         Counsel for the Plaintiff
                                 2
APPEARANCES CONTINUED:
      RICHARDS, LAYTON & FINGER
      BY: ROBERT W WHETZEL, ESQ.
         -and-
      HOWREY, LLP
      BY: JULIE E. GABLER, ESQ.
         Counsel for the Defendant
                                 3

[1] THE COURT: All right. Be seated, [2] please.

[3] Good afternoon.

[4] MR. BONO: Good afternoon.

[5] MS. GABLER: Good afternoon.

[6] THE COURT: I have taken a look at [7] the letters that were filed and we're going to [8] have to work through this quickly because I'm in [9] the middle of a trial.

[10] What I'm going to do is give you [11] some rulings and some remedies, and then in the [12] time frame I'll give you, you'll have the [13] opportunity to try to work out your differences [14] on a short time frame, but if you don't, we'll [15] have you back for the hearings.

[16] Now, what I'm going to do first is [17] any subpoena issued by any party for documents [18] that is — that was issued after February 21, [19] 2006 is quashed. And any requests for [20] production or any document provided after [21] February 21 is excluded.

[22] With regard to — we'll turn first [23] the letter from defendants, which essentially [24] when I read through it has a lot to do with

Page 4

[1] discovery requests largely with regard to the [2] question of damages.

[3] I'm going to stay for a short [4] period of time all damages discovery and with [5] regard to defendants' claims on the questions [6] that relate to validity, which are the questions [7] of commercial

success and questions related to [8] the on sale issue, and questions related to the [9] prosecution, questions related to the public use [10] matter, all of the requests are going to on [11] those issues be granted for discovery.

[12] And the plaintiff will have until [13] March — it's a Friday, March 17, 2006 to [14] respond to that order. And the order is being [15] issued pursuant to Rule 37, but with no [16] sanctions at this time.

[17] And if there is any dispute [18] concerning the order, there will be a hearing on [19] March — this is a Wednesday, March 29th at 4:00 [20] o'clock, at which time defendants will have an [21] opportunity — and I'll set a time allocation if [22] the hearing becomes necessary, it will be [23] certain hours allocated to the prosecution of [24] the contempt, and certain time allocated to the

Page 5

[1] defense of the contempt will have an opportunity [2] to present its evidence that the Rule 37 order [3] on matters of invalidity as cited in the [4] defendants' letter in conjunction with this [5] hearing, February 28, 2006 letter, haven't [6] been [6] complied with.

[7] Now, with regard to defendants' [8] request for documents related to declaration of [9] William K. Bohanan, the application is denied.

[10] Now, with regard to plaintiff, the [11] request for the mother glass samples is granted [12] as requested on page four of plaintiff's letter. [13] Specifically it's granted that defendants [14] produce one, mother glass samples for each of [15] CPT's LCD products, and two, the nineteen [16] product samples that have been withheld.

[17] Again, that order is pursuant to [18] Rule 37 and the production shall occur by March [19] 17, 2006. If it isn't produced, there will be a [20] hearing at which plaintiff can present its [21] evidence. The hearing will be held on March the [22] 30th, I'm trying to reduce your stress of [23] travel, so you'll be here in the afternoon on [24] the 29th, so I'm going to bring you on the

Page 6

[1] morning of the 30th at 9:30 a.m.

[2] And again, if that hearing is [3] necessary, I'll allocate time. In each case, I [4] should interpose this, letters or what we'll [5] call prehearing briefing presenting the proposed [6] evidence and the noncompliance facts will be due [7] on Friday, March the 24th, 2006.

[8] Again, the damages information or [9] discovery requested is separated and I'll deal [10] with that separately.

[11] The plaintiff's request for its [12]

captioned Critical Discovery Related to Products [13] and Technical Issues is granted and ordered to [14] be produced by the March 17th, 2006 date.

[15] However, on this order, the [16] defendant can rather than respond by March 17th, [17] can before March 17th set forth detailed [18] objections to each — what do you call those [19] dots? Bullets. Bullets — to the bullet items, [20] you know, you just use the language after each [21] bullet as a caption and defendant can file [22] instead detailed objections to the requests and [23] then I'll consider those and then enter a [24] further order either granting or denying, and I

Page 7

[1] really think what I'm trying to do there is give [2] you more time to talk about that.

[3] Some of the items that are [4] detailed there appear to me simply to be [5] discoverable, I don't know why they haven't been [6] given over, and others appear to just be pushing [7] against the wall, and it's a three-layer brick [8] wall, but I don't know enough from the papers I [9] have to make a final decision, but we'll put [10] that process in place and one way or the other [11] we'll get it resolved. It's kind of on the same [12] time frame as these other issues.

[13] And I think that takes cares of [14] what I'm interested in resolving that was [15] presented in the letters. And I'll give each an [16] opportunity to comment or ask me a question, and [17] you're already jumping out of your seat.

[18] MR. BONO: I just have two [19] clarifications, Your Honor. If they do file [20] objections, would we have an opportunity to [21] respond to them before Your Honor rules?

[22] THE COURT: I'm going to read [23] their objections first and then I'll tell you [24] what we're going to do, we're either going to go

Page 8

[1] to a hearing on those objections or we're going [2] to get together again.

[3] MR. BONO: Very good.

[4] THE COURT: But I want to give you [5] all a chance to talk more and if you can't [6] work [6] it out, I want to see in detail what their [7] objections are to those requests and then I'll [8] decide, you know, whether we ought to go [9] immediately to a hearing or we ought to have [10] something further such as, you know, more [11] exposition on the matter.

[12] MR. BONO: Very well. Your Honor, [13] just a clarification, Your Honor has granted our [14] request for the mother glass on each product, [15] and to clarify, there are two mother glasses for [16] each

Exhibit 3

# HOWREY LLP

321 North Clark Street
Suite 3400
Chicago, IL 60610-4717
T 312 595 1239
F 312 595 2250
www.howrey.com

Direct Dial 312 595.1037
File 01450 0012.000000

June 29, 2006

<u>VIA MESSENGER</u>

Cass W. Christenson, Esq.
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006

Re: *LG Philips LCD Co , Ltd. v. Tatung Company et al.*
       Civil Action No. 05-292 (JJF)

Dear Mr. Christenson:

Enclosed please find documents numbered CPT-D 39549-45094 which constitute DTX 257- 269, 331 and 934-946.

Also enclosed are documents numbered WAG 5141-6200.

Sincerely,

Elsa M. Doi
Paralegal

Encl.

cc: Richard D. Kirk, Esq. (via messenger)

AMSTERDAM  BRUSSELS  CHICAGO  EAST PALO ALTO  HOUSTON  IRVINE  LONDON
LOS ANGELES  NORTHERN VIRGINIA  PARIS  SALT LAKE CITY  SAN FRANCISCO  TAIPEI  WASHINGTON. DC

Exhibit 4

# CONFIDENTIAL DOCUMENT

These pages have been removed because they contain confidential information subject to the Protective Order.

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on July 10, 2006, he electronically filed

the foregoing document with the Clerk of the Court using CM/ECF, which will send

automatic notification of the filing to the following:

Robert W. Whetzel, Esq.
Matthew W. King, Esq.
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

The undersigned counsel further certifies that copies of the foregoing document

were sent on July 10, 2006 by email and by hand to the above counsel and by email and

first class mail to the following non-registered participants:

| | |
|---|---|
| Christine A. Dudzik, Esq. | Teresa M. Corbin, Esq. |
| Thomas W. Jenkins, Esq. | Glenn W. Rhodes, Esq. |
| Howrey LLP | Julie Gabler, Esq. |
| 321 North Clark Street | Howrey LLP |
| Suite 3400 | 525 Market Street |
| Chicago, IL 60610 | Suite 3600 |
| | San Francisco, CA 94105 |

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk