UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

L.G.PHILIPS LCD CO., LTD.,

Plaintiff,

v.

TATUNG COMPANY; TATUNG
COMPANY OF AMERICA, INC.;
CHUNGHWA PICTURE TUBES, LTD.;
AND VIEWSONIC CORPORATION,

Defendants.

Civil Action No. 05-292 (JJF)

**REDACTED**

---

**PLAINTIFF LG.PHILIPS LCD COMPANY, LTD.'S
ANSWERING BRIEF IN OPPOSITION TO DEFENDANTS' MOTION FOR
PARTIAL SUMMARY JUDGMENT ON DAMAGES UNDER 35 U.S.C. § 287**

THE BAYARD FIRM
Richard D. Kirk
Ashley B. Stitzer
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE  19899-5130
(302) 655-5000
rkirk@bayardfirm.com
Counsel For Plaintiff,
LG.PHILIPS LCD CO., LTD.

OF COUNSEL:
Gaspare J. Bono
Matthew T. Bailey
Cass W. Christenson
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006
(202) 496-7500

July 10, 2006

# TABLE OF CONTENTS

Page

I.  NATURE AND STAGE OF THE PROCEEDINGS ............................................. 1

II. SUMMARY OF THE ARGUMENT ....................................................... 1

III. COUNTER-STATEMENT OF FACTS ................................................... 3

   A.  CPT Makes Dozens of Products Using Guard Rings Technology
       Taught by the '002 Patent ..................................................... 3

   B.  LPL's February 2002 Correspondence Notifying CPT of the '002
       Patent ....................................................................... 4

   C.  The June 2002 Meeting Further Notifying CPT of Its Infringement
       of the '002 Patent ........................................................... 5

   D.  CPT Admits That it Had Actual Notice of the '002 Patent Prior to
       this Lawsuit ................................................................. 8

   E.  LPL Notified Tatung, Tatung America, and Viewsonic in August
       2002 ......................................................................... 9

IV. ARGUMENT ......................................................................... 10

   A.  Legal Standards ............................................................... 10

       1.  Defendants Cannot Show that No Genuine Issues of
           Material Fact Exist ..................................................... 10

       2.  Compliance with the Actual Notice Provisions of 35 USC
           § 287(a) is a Question of Fact ......................................... 11

   B.  LPL's Communications Constitute Actual Notice to Defendants ........... 14

       1.  LPL's February 2002 Letters to CPT Constitute Actual
           Notice Under 35 U.S.C. § 287 (a) ..................................... 14

       2.  LPL Supplemented its Actual Notice to CPT in the June
           2002 Meeting .......................................................... 16

       3.  LPL's August 12, 2002 Letters to Tatung and Viewsonic
           Constitute Actual Notice Under 35 U.S.C. § 287 (a) .................. 18

V.  CONCLUSION ....................................................................... 19

## TABLE OF AUTHORITIES

### CASES

*Am. Med. Sys., Inc. v. Med. Eng'g Corp.*, 6 F.3d 1523 (Fed. Cir. 1993) ................................................................................................ 11

*Amsted Indus., Inc. v. Buckeye Steel Castings Co.*, 24 F.3d 178 (Fed. Cir. 1994) ........................................................................................ 15

*Aoki Tech. Lab., Inc.*, No. Civ 96-42, 2000 WL 33667069 ....................................... 12, 13

*Articulate Sys., Inc. v. Apple Computer, Inc.*, 53 F. Supp. 2d 78 (D. Mass. 1999) ................................................................................. 13, 16

*Ceeco Mach. Mfg., Ltd. v. Intercole, Inc.*, 817 F. Supp. 979 (D. Mass. 1992) ................................................................................. 13, 16

*Coca-Cola Co. v. Pepsico, Inc.*, No. 02 Civ. 2887 (N.D. Ga. Sept. 29, 2004) ................................................................................... 2, 12

*Gart v. Logitech, Inc.*, 254 F.3d 1334 (Fed. Cir. 2001) ................................... 2, 12, 13, 17

*Hanson v. Alpine Valley Ski Area, Inc.*, 718 F.2d 1075 (Fed. Cir. 1983) ........................................................................................ 2, 12

*Honeywell Int'l Inc. v. Hamilton Sundstrand Corp.*, No. Civ.A. 99-309, 2001 WL66345 (D. Del. Jan. 4, 2001) ................................................ 12

*Hoover Co. v. Bissell Inc.*, 38 F. Supp. 2d 519 (N.D. Oh. 1999) ...................................... 12

LG.Philips LCD Co., Ltd. v. Tatung Co., -- F. Supp. 2d --, 2006 WL 1627858, *1 (D. Del. June 13, 2006) ........................................................ 3

*Mosel Vitelic Corp. v. Micron Tech., Inc.*, No. CIV.A. 98-449, 2000 WL1728351. (D. Del. Feb. 25, 2000.) ..................................................... 12

*Padcom, Inc. v. Netmotion Wireless, Inc.*, 418 F. Supp. 2d 589 (D. Del. 2006) ................................................................................... 11

*Philips Elec. N. Am. Corp. v. Contec Corp.*, 312 F. Supp. 2d 649 (D. Del. 2004) .............................................................................. 2, 12, 15

*Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133 (2000) .................................. 11

*Remington Arms Co. v. Modern Muzzleloading, Inc.*, No. 2:97CV00660, 1999 WL 281341 (M.D.N.C. Feb. 9, 1999) ................................. 12, 13

*Soverain Software LLC v. Amazon.com, Inc.*, 383 F. Supp.2d 904
(E.D. Tex. 2005) ................................................................................. 16, 17

*SRI Int'l, Inc. v. Advanced Tech. Labs., Inc.*, 127 F.3d 1462 (Fed.
Cir. 1997) ................................................................................. 2, 12, 14

*Tenneco Auto. Operating Co., Inc. v. Visteon Corp.*, 375 F. Supp.
2d 360 (D. Del. 2005) ................................................................ passim

## **STATUTES**

35 U.S.C. § 287 ................................................................................ passim

## **RULES**

Fed. R. Civ. P. 56(c) ........................................................................ 1, 10

## I.     NATURE AND STAGE OF THE PROCEEDINGS

This is a patent infringement case. Plaintiff LG.Philips LCD Company, Ltd. ("LPL") is asserting infringement of United States Patent 5,019,002, entitled "Method of Manufacturing Flat Panel Backplanes including Electrostatic Discharge Prevention and Displays Made Thereby" ("the '002 Patent" or the "Patent in Suit"). The Defendants are Chunghwa Picture Tubes, Ltd. ("CPT"); Tatung Company ("Tatung") and Tatung Company of America, Inc. ("Tatung America"); and Viewsonic Corporation ("Viewsonic"). CPT makes LCD products that it supplies to Tatung, Tatung America, and Viewsonic, and other customers that import, make and/or sell LCD products in the United States.

Discovery is closed. The Court's Scheduling Order directed the parties to file dispositive motions so that briefing would be completed no later than June 14, 2006. (D.I. 62.) On June 13, 2006, Defendants filed their Motion for Partial Summary Judgment on Damages Under 35 U.S.C. § 287 (the "Motion"). (D.I. 219.) Over LPL's objections, the Court granted the Defendants' request to enlarge the time for briefing the Motion and directed LPL to submit this answering brief by July 10, 2006. (D.I. 284.)

The Pretrial Conference was held on July 7, 2006, and a jury trial will begin on July 17, 2006.

## II.     SUMMARY OF THE ARGUMENT

1.     Defendants are not entitled to summary judgment unless they demonstrate that there are no genuine issues of material fact and that they are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Tenneco Auto. Operating Co., Inc. v. Visteon Corp.*, 375 F. Supp. 2d 360, 363 (D. Del. 2005) (Robinson, C. J.). The marking statute should not apply here because LPL is asserting only the method claims of the '002 Patent. *See,*

*e.g., Hanson v. Alpine Valley Ski Area, Inc.*, 718 F.2d 1075, 1076 (Fed. Cir. 1983); *Coca-Cola Co. v. Pepsico, Inc.*, No. 02 Civ. 2887 pp. 73-81 (N.D. Ga. Sept. 29, 2004) (copy attached); *but see Philips Elec. N. Am. Corp. v. Contec Corp.*, 312 F. Supp. 2d 649 (D. Del. 2004). Accordingly, Defendants are not entitled to judgment as a matter of law.

  2. Even if the statute does apply, LPL gave actual notice to CPT in 2002. The statute permits the patentee to provide either actual or constructive notice of its rights. *See* 35 U.S.C. § 287(a); *Gart v. Logitech, Inc.*, 254 F.3d 1334, 1345 (Fed. Cir. 2001) (citing *SRI Int'l, Inc. v. Advanced Tech. Labs, Inc.*, 127 F.3d 1462, 1470 (Fed. Cir. 1997)). The sufficiency of notice under 35 U.S.C. § 287 is a question of fact. *Tenneco Auto. Operating Co., Inc.*, 375 F. Supp. 2d at 365 (citing *Maxwell v. J. Baker, Inc.*, 86 F.3d 1098, 1111 (Fed. Cir. 1996)). Courts consider all relevant facts in determining the sufficiency of notice. *SRI Int'l, Inc. v. Advanced Tech. Labs., Inc.*, 127 F.3d 1462, 1469 (Fed. Cir. 1997). LPL gave CPT actual notice of the '002 Patent in 2002, in both written correspondence and during an in-person meeting. The deposition testimony of CPT's Rule 30(b)(6) designee regarding its notice of the '002 Patent confirms that CPT was aware of the '002 Patent well before this litigation began. The evidence also demonstrates that CPT provided notice of the '002 Patent to Defendants Tatung, Tatung America, and Viewsonic. The Court should find that notice was given in 2002, or, at a minimum, deny Defendants' Motion for Partial Summary Judgment on Damages Under 35 U.S.C. § 287 so that the issue can be resolved at trial.

## III.    COUNTER-STATEMENT OF FACTS

### A.    CPT Makes Dozens of Products Using Guard Rings Technology Taught by the '002 Patent

Broadly stated, the relevant claims of the '002 Patent relate to "flat panel, display screens and methods of manufacturing them that include electrostatic discharge guard rings to protect the active elements of the display from electrostatic discharge during and after manufacturing." *LG.Philips LCD Co., Ltd. v. Tatung Co.*, -- F. Supp. 2d --, 2006 WL 1627858, *1 (D. Del. June 13, 2006). (Declaration of Gaspare J. Bono in Support of Plaintiff LG. Philips LCD Company, Ltd.'s Answering Brief in Opposition to Defendants' Motion for Partial Summary Judgment on Damages Under 35 U.S.C. § 287 (the "Bono Decl."), Ex. 1, U.S. Patent No. 5,019,002; Ex. 2, Depo. of Webster E. Howard, Ph.D. at 7-8, 102.)[1]

CPT uses this technology when it manufactures its LCD products. According to CPT's own technical expert, Dr. Webster Howard, CPT's LCD products generally fall into the three guard ring categories covered by the '002 Patent: an outer guard ring, an inner guard ring, or both outer and inner guard rings. (Bono Decl. Ex. 2 at 102.) In its disclosure pursuant to the Court's May 1, 2006 order, CPT listed 57 LCD modules that CPT makes using guard ring technology, corresponding to more than 150 separate CPT products. (Bono Decl. Ex. 3.) CPT's modules are then used by Tatung, Tatung America, and Viewsonic, and other CPT customers to make LCD monitors, LCD televisions and other products.

---

[1] The Declaration of Gaspare J. Bono in Support of Plaintiff LG.Philips LCD Company, Ltd.'s Answering Brief in Opposition to Defendants' Motion for Partial Summary Judgment on Damages Under 35 U.S.C. § 287 (the "Bono Decl.") was filed contemporaneously with this Memorandum. The Declaration authenticates each of the exhibits cited in this brief.

**B.**     **LPL's February 2002 Correspondence Notifying CPT of the '002 Patent**

There is a lengthy record of correspondence between LPL and CPT notifying CPT that its CPT's LCD products infringe the '002 Patent.

First, on February 8, 2002, LPL sent a letter to CPT's President, Cheng-Yuan Lin. (Declaration of Ho Lee, ¶¶ 3-4, Ex. 1 ("Lee Decl.").)[2] The letter was prepared by Ho Lee, who was in charge of LPL's patent licensing programs, and signed by Jeong Hwan Lee (J.H. Lee), who was the Vice President of LPL's Intellectual Property Center. (*Id.* ¶¶ 1-4.) The February 8, 2002 letter notified CPT that LPL would consider licensing the '002 Patent, as well as others, to CPT. (*Id.* ¶¶4-5, Ex. 1.) In addition, the letter indicated that LPL was prepared to provide further details relating specific CPT LCD products to LPL's patents, including the '002 Patent:

> Should your company wish to discuss the above-identified
> patents or the relevance of the LGP patent portfolio to any
> specific products of your company, we would be happy to
> visit your company on any one day between March 14 and
> March 15.

(*Id.*) LPL intended for this letter to give notice of LPL's patent rights, and requested CPT to respond by February 26, 2002 so that the communications might proceed. (*Id.*)

When LPL received no response from CPT, Mr. Lee prepared a follow-up letter. This second letter, dated February 27, 2002, was again signed by Mr. J.H. Lee and sent to CPT's President. (*Id.* ¶ 6, Ex. 2.) In the February 27, 2002 letter, LPL specifically stated that CPT was infringing the patents LPL had identified on February 8, which included the

---

[2] The Declaration of Ho Lee, dated July 7, 2006, was filed contemporaneously with this Memorandum.

'002 Patent. (*Id.*) The February 27 letter warned CPT that LPL would initiate legal

action if the parties could not negotiate an amicable resolution:

> [o]n February 8, we wrote you and asked for a meeting to
> discuss **the unauthorized use of technology owned** by
> LG.Philips LCD Co., Ltd ... by Chungwa Picture Tubes,
> Inc.... In that letter, we asked for a meeting to discuss **this
> issue of patent infringement** with CPT. CPT has not
> responded to our letter. Please recognize that LGP will
> take **legal action to protect its property rights,** as
> necessary, in the event amicable negotiations cannot
> resolve this matter.

(*Id.*, emphasis added.) Thus, LPL directed CPT's attention to the '002 Patent and its

significance to CPT's LCD technology, specifically LCD products that CPT

manufactured employing guard ring technology protected by the '002 Patent.

### C. The June 2002 Meeting Further Notifying CPT of Its Infringement of the '002 Patent

In response to LPL's February 2002 letters, Mr. Hsiang-Kuei Chung, Vice

President of CPT's TFT Business Unit, agreed to a meeting between CPT and LPL on

March 15, 2002. (*Id.* ¶ 7, Ex. 3.) CPT wanted to meet in order to "avoid any

misunderstandings" with LPL "in the LCD arena." (*Id.*)

CPT subsequently advised LPL that it was unable to meet on March 15. (*Id.* ¶ 8.)

Over the next two months, LPL made repeated efforts to discuss CPT's unauthorized use

of LPL's technology, including the '002 Patent, but CPT did not respond. (*Id.* ¶ 8, Ex.

4.) On May 8, 2002, LPL made yet another attempt to meet with CPT to discuss CPT's

infringement of LPL's patents, including the '002 Patent:

> [LPL is] somewhat mystified by CPT's failure to address
> this serious issue of **patent infringement** between
> LG.Philips LCD Co., Ltd. and CPT. This letter is our final
> attempt to resolve this patent dispute with CPT in an
> amicable way.

(*Id.* ¶ 8, Ex. 5 (emphasis added).)  On May 10, 2002, CPT agreed to have its designated representatives meet with LPL the following month.  (*Id.* ¶ 8, Ex. 6.)

In June 2002, Mr. Lee and other LPL representatives met with CPT in Taiwan. At the June 2002 meeting, LPL reiterated that it believed CPT's LCD products infringed the '002 Patent (and others), and LPL provided a proposal to abate that infringement by license.  (*Id.* ¶ 9.)

At the June 2002 meeting, Mr. Lee also presented CPT with representative examples of CPT products that infringed the '002 Patent, as well as LPL's other patents. (Lee Decl. ¶ 9.)  LPL identified at least CPT models CLAA150XA03, CLAA141XC01,

---

3

REDACTED

and CLAA141XF01 as infringing LPL's patents, including the '002 Patent. (*Id*.) Mr.

Lee is certain that at the June 2002 meeting, he told CPT's representatives that their LCD

products, including these specific examples provided, infringed the '002 patent.[4] (*Id*.;

Bono Decl., Ex. 5 at 100.)

CPT should not now be heard

to dispute Mr. Lee's testimony.[5]

During the June 2002 meeting, LPL provided a draft patent license agreement to

CPT for discussion purposes. (*Id*.) After the meeting, the parties continued

communications regarding CPT's infringement. However, LPL soon realized that CPT

was unwilling to negotiate a license, and was primarily interested in delaying further

action under the guise of needing additional time to study LPL's claims. (Lee Decl. ¶ 9.)

On July 30, 2002, LPL again requested CPT's response to LPL's position:

[4]

[5]

It is unfair for CPT to

both assert such facts and block discovery on such facts. CPT's repeated deposition misconduct,
including                                                                              , were the
subject of two Motions to Compel and for Sanctions filed by LPL on May 25 and 26. (D.I. 198,
199.) Those Motions are currently pending.

629683v1

- 7 -

REDACTED

CPT never responded to this communication.  (*Id.* ¶ 10.)

**D.**    **CPT Admits That it Had Actual Notice of the '002 Patent Prior to this Lawsuit**

REDACTED

(*Id.*)  CPT improperly refused LPL discovery into this issue.  One fact, however, is clear;

**E.     LPL Notified Tatung, Tatung America, and Viewsonic in August 2002**

When CPT failed to respond to LPL's July 30, 2002 letter requesting a substantive response to LPL's claims of patent infringement, Mr. Lee arranged for LPL to send notice letters to Tatung and Viewsonic on August 12, 2002.  (Lee Decl. ¶ 11.)  In the August 12, 2002 letters, LPL warned Tatung and Viewsonic of the evidence demonstrating that CPT's products infringe the LPL LCD patents previously asserted against CPT.  (Bono Decl., Exs. 8-9.)  LPL specifically notified Tatung and Viewsonic that the LCD products they purchase from CPT are infringing, and advised them to seek non-infringing sources.  (*Id.*)  LPL also proposed resolving the infringement by amicable means.  (*Id.*)

REDACTED

## IV.     ARGUMENT

The evidence demonstrates that LPL provided actual notice to Defendants that CPT's products infringed the '002 Patent, and that Tatung and Viewsonic infringed by using CPT's modules in their own products. In light of this evidence, summary judgment is inappropriate because Defendants cannot satisfy their burden of proving that no genuine issue of material fact exists. In addition, it is fundamentally unfair for Defendants to seek summary judgment against LPL when CPT refused in depositions to answer questions concerning its notice of the '002 Patent.

### A.     Legal Standards

#### 1.     Defendants Cannot Show that No Genuine Issues of Material Fact Exist

Under Rule 56(c) of the Federal Rules of Civil Procedure, a moving party is entitled to summary judgment only when the movant has shown that "there [are] no genuine issues of material fact." Fed. R. Civ. P. 56(c). "A court shall grant summary judgment only 'if the pleadings, depositions, answers to interrogatories, and admissions

REDACTED

on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Tenneco Auto. Operating Co., Inc.*, 375 F. Supp. 2d at 363 (quoting Fed. R. Civ. P. 56(c)).

In this context, "'Facts that could alter the outcome are 'material,' and disputes are 'genuine' if evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct.'" *Id.* (quoting *Horowitz v. Fed. Kemper Life Assurance Co.*, 57 F.3d 300, 302 n.1 (3d Cir. 1995)). Courts "'view the underlying facts and all reasonable inferences therefrom in the light most favorable to the party opposing the motion.'" *Id.* (quoting *Pa. Coal Ass'n v. Babbitt*, 63 F.3d 231, 236 (3d Cir. 1995). Courts do not, however, make credibility determinations or weigh the evidence. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). Instead, whenever a rational person could conclude a factual issue is in dispute, courts will deny summary judgment. *See Padcom, Inc. v. Netmotion Wireless, Inc.*, 418 F. Supp. 2d 589, 593 (D. Del. 2006) (Robinson, D.J.). Under these standards, the Court should deny Defendants' Motion.

2.    **Compliance with the Actual Notice Provisions of 35 USC § 287(a) is a Question of Fact**

Because LPL is asserting only method claims the marking requirement in 35 U.S.C. § 287(a) (1994) should not be applied here, and if the marking requirement does not apply, the Defendants' Motion should be denied as a matter of law.[7]

---

[7] Defendants rely in part on *American Medical Systems, Inc. v. Medical Engineering Corporation* [*Am. Med. Sys., Inc. v. Med. Eng'g Corp.*], 6 F.3d 1523, 1538 (Fed. Cir. 1993) to support their assertion that the marking statute applies here. However, the case is distinguishable because the patentee was asserting both the method and the apparatus claims of its patent. *Id.* at 1538-39.

*(footnote continued on next page)*

Assuming that it applies even when only method claims are asserted, the governing statute allows recovery of patent infringement damages from the earliest date that a patentee provides either constructive or actual notice of its patent rights. The statute "permits either constructive notice, which is accomplished by marking the article with the patent number, or actual notice. The requirement of actual notice is designed to assure that the accused infringer knew of the adverse patent and the alleged infringement during the period in which its liability accrues." *Gart*, 254 F.3d at 1345 (citing *SRI Int'l, Inc. v. Advanced Tech. Labs, Inc.*, 127 F.3d 1462, 1470 (Fed. Cir. 1997)).

Compliance with 35 U.S.C. § 287(a) is a question of fact. *Tenneco Auto. Op. Co., Inc.*, 375 F. Supp. 2d at 365 (citing *Maxwell v. J. Baker, Inc.*, 86 F.3d 1098, 1111 (Fed. Cir. 1996)). Because determining whether sufficient actual notice has been provided requires a fact-intensive analysis, courts regularly deny summary judgment under 35 U.S.C. § 287. *See, e.g., Tenneco Auto. Op. Co. Inc.*, 375 F. Supp. 2d at 365 (denying a motion for partial summary judgment under 35 U.S.C. § 287(a)); *Aoki Tech. Lab., Inc. v. FMT Corp., Inc.*, No. Civ 96-42, 2000 WL 33667069 at *2 (D.N.H. Apr. 24, 2000) (same) (copy attached); *Hoover Co. v. Bissell Inc.*, 38 F. Supp. 2d 519 (N.D. Oh. 1999) (same); *Remington Arms Co. v. Modern Muzzleloading, Inc.*, No. 2:97CV00660, 1999 WL 281341 at *12 (M.D.N.C. Feb. 9, 1999) (same) (copy attached).

---

*(footnote continued from previous page)*

The Federal Circuit has declined to apply the marking statute when a patentee asserted only method claims, and at least one recent trial court decision also has declined to apply the statute under such circumstances. *Hanson v. Alpine Valley Ski Area, Inc.*, 718 F.2d 1075, 1076 (Fed. Cir.1983); *Coca-Cola Co.*, No. 02 Civ. 2887 pp. 73-8 (N.D. Ga. Sept. 29, 2004) (copy attached); *but see Philips Elec. N. Am. Corp. v. Contec Corp.*, 312 F. Supp. 2d 649 (D. Del. 2004) (Jordan, D.J.); *Honeywell Int'l Inc. v. Hamilton Sundstrand Corp.*, No. Civ.A. 99-309, 2001 WL66345 (D. Del. Jan. 4, 2001) (copy attached); *Mosel Vitelic Corp. v. Micron Tech., Inc.*, No. CIV.A. 98-449, 2000 WL1728351. (D. Del. Feb. 25, 2000.) (copy attached).

The "crucial inquiry under the notice statute is ... whether the plaintiff has acted affirmatively to notify his adversary of the essential information:  that the plaintiff had a patent on a given item and that the defendant is infringing that patent." *Ceeco Mach. Mfg., Ltd. v. Intercole, Inc.*, 817 F. Supp. 979, 986 (D. Mass. 1992).  Of particular importance, there is no requirement that notice be contained in a single communication. *Gart*, 254 F.3d at 1347; *see also Remington Arms Co.,* No. 2:97CV00660, 1999 WL 281341 at *12 ("the court finds that when viewed together, the two letters raise disputable issues of fact as to whether they constitute sufficient notice of a charge of infringement.").  Where, as here, parties have exchanged several pieces of correspondence, courts consider the totality of all communications. *Id.*

Actual notice also need not be written.  Notice can be, and frequently is, provided orally. *See, e.g., Aoki Tech. Lab., Inc.*, No. Civ 96-42, 2000 WL 33667069 at *2 (denying summary judgment where affidavit showed patentee had provided actual notice of infringement, and that defendant had acknowledged awareness of the patent); *Articulate Sys., Inc. v. Apple Computer, Inc.*, 53 F. Supp. 2d 78, 82-83 (D. Mass. 1999) (denying summary judgment where plaintiff's representative testified that he and a colleague provided notice during a dinner conversation with defendant's representatives); *Ceeco Mach. Mfg., Ltd.*, 817 F. Supp. at 985 (concluding that a sales representative's statements that a particular product infringed his company's patents provided actual notice to defendant).  Courts thus consider all relevant facts to determine sufficiency of notice:

> there are numerous possible variations in form and content,
> [of notice to be given, and] the purpose of the actual notice
> requirement is met when the recipient is notified, with
> sufficient specificity, that the patent holder believes that the

> recipient of the notice may be an infringer. Thus, the actual
> notice requirement of § 287(a) is satisfied when the
> recipient is informed of the identity of the patent and the
> activity that is believed to be an infringement, accompanied
> by a proposal to abate the infringement, whether by license
> or otherwise.

*SRI Int'l, Inc.*, 127 F.3d at 1470.

### B.    LPL's Communications Constitute Actual Notice to Defendants

The pleadings and depositions in this case, together with the affidavit of Mr. Lee,

establish that LPL provided actual notice to Defendants in 2002. *Tenneco Auto.*

*Operating Co., Inc.*, 375 F. Supp. 2d at 363. The evidence shows that LPL's

communications affirmatively informed Defendants of the identity of the '002 Patent,

accused CPT's LCD products of infringing the '002 Patent, and proposed a method of

abating the infringement by license. The law requires nothing more. *SRI Int'l, Inc. v.*

*Advanced Tech. Labs., Inc.*, 127 F.3d 1462,1469 (Fed Cir. 1997).

### 1.    LPL's February 2002 Letters to CPT Constitute Actual Notice Under 35 U.S.C. § 287 (a)

Defendants cannot dispute that LPL's February 8, 2002 letter affirmatively

notified CPT of the existence of the '002 Patent and proposed that CPT take a license to

cover its LCD products. (Lee Decl. Ex. 1.)

Defendants also concede that the contents of the February letters "are not

disputed." (Motion at 8.) Thus, they cannot disagree that LPL's February 27, 2006

asserts that CPT is making "unauthorized use" of LPL's LCD technology, and asserted an

issue of "patent infringement." (Lee Decl. Ex. 2.)

Defendants argue only that LPL's two February 2002 letters do not clearly charge

infringement by a particular product or device. (Motion at 10.) However, in this case,

629683v1

- 14 -

REDACTED

LPL asserts that the processes CPT uses to manufacture its LCD products infringe the '002 Patent. Read together, LPL's February 2002 letters put CPT on notice that CPT's LCD product lines infringe LPL's "wide-ranging" LCD patents, including the '002 Patent. (Lee Decl. ¶ 7.) Defendants' reliance on *Philips Electronics North American Corp. v. Contec Corp.*, 312 F. Supp. 2d 649 (D. Del. 2004) (Jordan, D. J.) is misplaced. The case is not, as Defendants claim, "identical" to these facts. To the contrary, it differs significantly. In *Philips*, the patentee attempted to establish notice by relying in part on a letter the defendant received from a third party. *Id.* at 652-53. The court concluded that the third party letter could not constitute actual notice because it was not an affirmative communication from the patentee. *Id.* The *Philips* defendant received the second letter directly from the patentee, but that letter did not fairly suggest infringement. *Id.* at 652. LPL, in contrast, had multiple communications and specifically accused CPT of infringing the '002 Patent. (Lee Decl. ¶¶ 5-9 .)

Moreover, CPT's response to LPL's February 2002 letters confirms that it shared LPL's understanding. (*Id.* at Ex. 3.) CPT's response referred to both of LPL's February letters, and stated CPT's willingness to meet to discuss products "in the LCD arena." (*Id.*) With this statement, CPT acknowledged that it understood LPL had asserted infringement regarding CPT's LCD products.[8] (*Id.*)

---

[8] Relying on *Amsted Industries, Inc. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 187 (Fed. Cir. 1994), Defendants claim that CPT's understanding of its own infringement is irrelevant. (Motion at 7.) However, the case is inapplicable here. In *Amsted*, the Court was concerned with whether a patentee could rely on knowledge that the defendant held *at the time it received the patentee's correspondence*. *Id.* at 186. CPT's response is significant not because it demonstrates some prior knowledge by CPT, but rather because it demonstrates that CPT understood LPL's claims *as expressed in* the February 2002 letters. (Lee Decl. at Ex. 3.)

### 2.    LPL Supplemented its Actual Notice to CPT in the June 2002 Meeting

After months of delay by CPT, LPL and CPT met in June 2002. (Lee Decl. ¶¶ 8-9.) LPL had analyzed CPT products prior to the meeting, and Mr. Lee informed CPT that its LCD products infringed the '002 Patent, including, as examples, CPT products models CLAA150XA03, CLAA141XC01, and CLAA141XF01. (Bono Decl. Ex. 4 at 100.) The June 2002 meeting thus provided additional actual notice of CPT's infringement, particularly when considered in combination with the parties' correspondence over the course of the months preceding it. *See, e.g., Articulate Sys., Inc.*, 53 F. Supp. 2d at 82-83 (denying summary judgment where plaintiff provided actual notice during a meeting); *Ceeco Mach. Mfg., Ltd.*, 817 F. Supp. at 985 (statements by sales representative over a series of meetings with defendant constituted actual notice).

*Soverain Software LLC v. Amazon.com, Inc.*, 383 F. Supp.2d 904 (E.D. Tex. 2005) is not to the contrary. In that case, the Court granted partial summary judgment because there was no evidence that the patentee had alleged patent infringement by particular products. *Id.* at 910. Although the patentee had met with the defendant to discuss a possible license, there was no testimony that it had accused the defendant's product of infringement during the meeting. *Id.* The court concluded that "[w]ithout more, a meeting regarding a licensing agreement does not raise an issue as to whether a patentee gave actual notice of alleged infringement." *Id.* at 911. In this case, the evidence unquestionably shows "more" than a licensing meeting. *In addition* to discussing a possible license, LPL notified CPT of the '002 Patent, asserted that CPT's LCD products infringed the patent, and provided specific examples of accused products at a meeting. (Bono Decl. Ex. 5 at 100; Lee Decl. ¶¶ 5-9.) Unlike the patentee in

*Soverain*, therefore, LPL has demonstrated that it gave CPT actual notice of the alleged infringement.

Moreover, when Mr. Lee identified models CLAA150XA03, CLAA141XC01, and CLAA141XF01 as specific examples of CPT's infringing products, he never in any way limited the accused products to these three models. (Lee Decl. ¶ 9.) By putting CPT on notice that these particular products infringed, LPL put CPT on notice that all of the LCD products it manufactures using the same *methods* also infringe the '002 Patent. Where a patentee provides a general notice of infringement regarding a class of products, and provides examples of particular infringing products, the infringer is on notice of products within the same product class. *Gart*, 254 F.3d at 1347 (concluding that a letter that only explicitly gave actual notice of infringement by defendant's "Trackman Marble" product  was nevertheless sufficient to give actual notice as to the defendant's "Trackman Marble +" and "Trackman Marble FX products,"); *Tenneco Auto. Op. Co., Inc.*, 375 F. Supp. 2d  at 365 (concluding that a letter notifying defendant of actual infringement by its U152 catalytic converters, and of possible infringement by other unspecified products, was sufficient to provide actual notice as to all products, specified and unspecified).  CPT's May 2006 disclosure confirms that CPT uses guard ring technology to manufacture all three models that LPL cited during the June 2002 meeting, and fifty-four additional modules made using the same methods.  (Bono Decl. Ex. 3.) Accordingly, a reasonable juror could conclude that CPT was on notice that *all* of the LCD products CPT makes using the same guard ring technology - including all of the remaining products identified in CPT's May 2006 disclosure - also infringe the '002 Patent.

629583v1

- 17 -

### 3. LPL's August 12, 2002 Letters to Tatung and Viewsonic Constitute Actual Notice Under 35 U.S.C. § 287 (a)

After giving CPT actual notice that its LCD products infringed the '002 Patent, LPL waited months for a substantive response. When no response was forthcoming, LPL notified Tatung and Viewsonic of the infringement in its August 12, 2002 letters. (Lee Decl. Exs. 8-9.)

(*See* Bono Decl. Ex. 9 at 74-80; Ex. 10 at 18-19; Ex. 11 at 92, 101-05.)

Further, CPT is the real party in interest in this case,

In these circumstances, notice to CPT should be sufficient to begin the damages period as to all Defendants in the supply chain.

In addition, because CPT induced the other Defendants to infringe, notice to CPT in 2002 entitles LPL to recover for all post-2002 infringing sales and imports by Defendants Tatung, Tatung America, and Viewsonic. Accordingly, granting partial summary judgment as to Defendants other than CPT would not impact the trial as to damages. LPL is still entitled to recover damages for the period since its 2002 notice to CPT.

REDACTED

## V.    <u>CONCLUSION</u>

For all of the foregoing reasons, the Court should deny Defendants' Motion for

Partial Summary Judgment on Damages Under 35 U.S.C. § 287 with respect to each

Defendant.

July 10, 2006                                       THE BAYARD FIRM

                                                   s/ Richard D. Kirk (rk0922)
                                                   Richard D. Kirk
                                                   Ashley B. Stitzer
                                                   222 Delaware Avenue, 9th Floor
                                                   P.O. Box 25130
                                                   Wilmington, DE 19899-5130
                                                   (302) 655-5000
                                                   rkirk@bayardfirm.com
                                                   Counsel for Plaintiff,
                                                   LG.PHILIPS LCD CO., LTD.

OF COUNSEL:
Gaspare J. Bono
Matthew T. Bailey
Cass W. Christenson
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006
(202) 496-7500

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on July 10, 2006, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Robert W. Whetzel, Esq.
Matthew W. King, Esq.
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

The undersigned counsel further certifies that copies of the foregoing document were sent on July 10, 2006 by email and by hand to the above counsel and by email and first class mail to the following non-registered participants:

Christine A. Dudzik, Esq.
Thomas W. Jenkins, Esq.
Howrey LLP
321 North Clark Street
Suite 3400
Chicago, IL 60610

Teresa M. Corbin, Esq.
Glenn W. Rhodes, Esq.
Julie Gabler, Esq.
Howrey LLP
525 Market Street
Suite 3600
San Francisco, CA 94105

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk