# THE BAYARD FIRM
A T T O R N E Y S

222 DELAWARE AVENUE, SUITE 900
P.O. BOX 25130
WILMINGTON, DE 19899
ZIP CODE FOR DELIVERIES: 19801

MERITAS LAW FIRMS WORLDWIDE

www.bayardfirm.com
302-655-5000
(FAX) 302-658-6395

WRITER'S DIRECT ACCESS

(302) 429-4208
rkirk@bayardfirm.com

ELECTRONICALLY FILED
BY HAND AND BY EMAIL

June 29, 2007

The Honorable Joseph J. Farnan, Jr.
United States District Judge
District of Delaware
844 King Street
Wilmington, DE 19801

      Re:    *LG.Philips LCD Co., Ltd. v. Tatung Co.*, et al., Case No. 05-292 (JJF)

Dear Judge Farnan:

      I write on behalf of Plaintiff LG.Philips LCD Co., Ltd. ("LPL") to object to the June 26, 2007 letter brief (D.I. 492) filed by Defendants Chunghwa Picture Tubes, Ltd., Tatung Company, Tatung Company of America, Inc., and ViewSonic Corporation. Defendants improperly seek to supplement their post-trial briefing, and the letter should be disregarded as it incorrectly presumes a change in the legal standard for inducement, mischaracterizes applicable law and facts, is untimely, and contradicts local rule 7.1.2.

      Although Defendants submitted a lengthy discussion of *DSU Medical Corp. v. JMS Co., Ltd.*, 471 F.3d 1293 (Fed. Cir. 2006), their letter failed to recognize that there has not been a change in legal standards. In fact, as explicitly stated by Chief Judge Michel and Judge Mayer in their concurring opinion:

> DSU misreads *Hewlett-Pickard* as if we had said "proof of actual intent to cause the acts which constitute the infringement is a necessary *and sufficient* prerequisite to finding active inducement," but we did not. There is no actual conflict between *Hewlett-Packard* and *Manville* and, thus, no need for intervention by the full court.

                                           \* \* \*

> [W]e write to make clear that we do not set forth a new standard here as to what satisfies the "knowledge of the patent" requirement in cases brought under 35 U.S.C. § 271(b).

      Furthermore, Defendants incorrectly suggest that the evidence only partially supports the jury's verdict of induced infringement. Substantial evidence to the contrary was presented at trial and, on July 27, 2006, the jury returned a verdict in this case confirming that Defendants

661607-1

**THE BAYARD FIRM**

directly, indirectly, and willfully infringe LPL's patent and should pay a reasonable royalty for past damages in the amount of $52,477,000.00. The parties' post-trial motions are fully briefed and pending. Defendants' June 26, 2007 letter brief now attempts to argue for a completely new damages calculation contrary to the facts, law, and evidence in this case.

Moreover, the Court should disregard Defendants' letter as it improperly asserts an issue not previously presented in Defendants' post-trial motions, and is contrary to Local Rule 7.1.2.(c). Defendants' letter attempts to argue (contrary to overwhelming evidence at trial) that the evidence at trial only supports CPT's inducement liability for some of the damages that the jury awarded. This is a new issue that Defendants failed to raise in their post-trial motions. Having failed to make such an argument in their opening post-trial briefing, Defendants have waived any challenge to the jury's verdict concerning inducement. *See Boston Scientific Scimed, Inc. v. Cordis Corp.*, 434 F. Supp. 2d 308, 314 (D. Del. 2006) (improper to raise legal issues that could have been, but were not, raised in opening briefs).

Defendants' new argument is also untimely, as it comes *more than eight months* after Defendants filed their post-trial motions and *more than six months* after the Federal Circuit's December 13, 2006 decision in *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293 (Fed. Cir. 2006). Moreover, Defendants were well aware of the *DSU Medical* case as they specifically addressed it in January 2007 post-trial briefing against LPL in California. Given Defendants' failure to make any inducement arguments in their post-trial briefs, and failure to raise these issues earlier, the Court should disregard Defendants' letter.

Even if Defendants had not waived any inducement challenge, their letter is specifically prohibited by Local Rule 7.1.2.(c). Defendants' letter includes ten pages of single-spaced argument (equivalent to a 20 page, double-spaced brief), complete with headings, citations to the trial transcript, argument concerning what the evidence purportedly showed or failed to show, and an "attachment C" that suggests how damages should be re-calculated contrary to the jury's verdict. Defendants' attempt to re-brief the evidence at trial is prohibited by this Court's local rules. *See* L.R. 7.1.2.(c).

Local Rule 7.1.2.(c) expressly states that supplemental authority may be called to the Court's attention, but that such new authority may be only "briefly discuss[ed]." The rule makes clear that supplemental *briefing* of positions is *prohibited*: "No additional briefs, affidavits, or other papers in support of or in opposition" to pending motions "shall be filed without prior approval of the Court." L.R. 7.1.2.(c). As this Court has previously commented, Rule 7.1.2.(c) means what it says and restricts argument to only a *brief* description of a recently decided case. *See Arasteh v. MBNA America Bank*, 146 F. Supp. 2d 476, 480 n.2 (D. Del. 2001). *"Lengthy attorney argument regarding the meaning of cases and restatement of issues highlighted in the briefing is not allowed without specific leave of court." Id.* (emphasis added). Defendants' additional argument on the applicable facts and law of the case, therefore, is a violation of the rule. *See id.* Because Defendants reargued the facts and law of the case without seeking or obtaining leave of Court, the Defendants' letter is improper and contrary to Local Rule 7.1.2.(c).

Further, LPL disputes Defendants' incorrect arguments and mischaracterizations of the law and evidence. The Court's jury instructions on the inducement and damages issues, for example, correctly state the law and are consistent with the instructions affirmed by the Federal

661607-1

THE BAYARD FIRM

The Honorable Joseph J. Farnan
June 29, 2007
Page 3

Circuit in the *DSU Medical Corp.* case. *See* 471 F.3d at 1305; Trial Tr. at 2238-39. The jury's verdict is consistent with the law and evidence, including *DSU Medical Corp.*, and Defendants misconstrue the Federal Circuit's decision. Indeed, Defendants' arguments are inconsistent with the testimony of their own damages expert.

Respectfully submitted,

Richard D. Kirk (rk0922)

cc: Counsel as shown on the attached certificate

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on June 29, 2007, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Robert W. Whetzel, Esq.
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

The undersigned counsel further certifies that copies of the foregoing document were sent on June 29, 2007 by email and by hand to the above counsel and by email and first class mail to the following non-registered participants:

| | |
|---|---|
| Christine A. Dudzik, Esq. | Teresa M. Corbin, Esq. |
| Thomas W. Jenkins, Esq. | Glenn W. Rhodes, Esq. |
| Howrey LLP | Julie Gabler, Esq. |
| 321 North Clark Street | Howrey LLP |
| Suite 3400 | 525 Market Street |
| Chicago, IL 60610 | Suite 3600 |
| | San Francisco, CA 94105 |

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk

602380v1